FILINGFEEDUE

# U.S. District Court
## District of New Mexico – Version 4.0.3 (Albuquerque)
## CIVIL DOCKET FOR CASE #: 1:10–mc–00020–RB–ACT
### *Internal Use Only*

| | |
|---|---|
| Lyman v. Pfizer Inc. | Date Filed: 08/04/2010 |
| Assigned to: District Judge Robert C. Brack | Jury Demand: None |
| Referred to: Magistrate Judge Alan C. Torgerson | Nature of Suit: 890 Other Statutory Actions |
| Case in other court:  Massachusetts, 04–64704 | Jurisdiction: Federal Question |
| Cause: 28:1331 Fed. Question | |

**Plaintiff**

**Gary Lyman**                                    represented by   **Michael S Feldman**
                                                                    Jacoby &Meyers, LLP
                                                                    1279 Route 300
                                                                    Newburgh, NY 12551
                                                                    1–800–890–3090 x5138
                                                                    Fax: 845–352–9529
                                                                    Email: mfeldman@jmlawyer.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pfizer Inc.**                                   represented by   **Stephen E Oertle**
                                                                    Wheeler Trigg O'Donnell LLP
                                                                    1801 California St
                                                                    Suite 3600
                                                                    Denver, CO 80202
                                                                    303–244–1959
                                                                    Email: oertle@wtotrial.com
                                                                    *ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Darren Mancuso**                                represented by   **Candace J Cavanaugh**
*Non–party Witness*                                                 Butt Thornton &Baehr PC
                                                                    4101 Indian School Rd. NE
                                                                    Suite 300S
                                                                    Albuquerque, NM 87110
                                                                    (505) 884–0777
                                                                    Fax: 505–889–8870
                                                                    Email: cjcavanaugh@btblaw.com
                                                                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| | | | |

| 08/04/2010 | 1 | 3 | *** FILED IN ERROR *** NOTICE to Take Foreign Deposition from Darren Mancuso., filed by Darren Mancuso. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhhibit 2, # 3 Exhibit Exhibit 3)(Cavanaugh, Candace) Modified text on 8/5/2010 (gr). (Entered: 08/04/2010) |
|---|---|---|---|
| 08/04/2010 | 2 | 14 | NOTICE to Take Foreign Deposition from Darren Mancuso., filed by Darren Mancuso.(Cavanaugh, Candace) (Entered: 08/04/2010) |
| 08/05/2010 | 3 | 15 | MOTION to Quash *Subpoena Duces Tecum* by Darren Mancuso. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(Cavanaugh, Candace) (Entered: 08/05/2010) |
| 08/05/2010 | | | U.S. District Judge Robert C. Brack is assigned. (jm) (Entered: 08/05/2010) |
| 08/05/2010 | | | [COURT ONLY] (Court only) ***Staff notes: $39 Filing Fee; VM/LM to Janice with Butt Thornton &Baehr PC regarding fee due and judge assignment (jm) (Entered: 08/05/2010) |
| 08/05/2010 | | | [COURT ONLY] (Court only) ***Staff notes Per the request of Judge Brack, Darren Mancuso, D.O.'s Motion to Quash Subpoena Duces Tecum (Doc. 3), filed on August 5, 2010, to be referred to a magistrate judge. J. Montoya informed chambers that matter had been randomly assigned to Judge Torgerson. Per J. Roberts, an order of reference is not needed for Judge Torgerson to address this discovery motion. (aml) (Entered: 08/05/2010) |
| 08/05/2010 | 4 | 26 | MINUTE ORDER reassigning Magistrate Judge Alan C. Torgerson. District Judge Robert C. Brack no longer assigned to case. (ah) (Entered: 08/05/2010) |
| 08/05/2010 | 5 | 27 | PFIZER'S RESPONSE Requesting Motion to Quash subpoena be transferred to MDL Court in District of Massachusetts 3 (mlg) (Entered: 08/05/2010) |
| 08/05/2010 | 6 | 43 | ORAL ORDER transferring motion to quash the subpoena duces tecum to the District of Masschusettes for ruling pursuant to 28 U.S.C. §1407(b) by Magistrate Judge Alan C. Torgerson; Re 5 Response and 3 MOTION to Quash (mlg) [THIS IS A TEXT–ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/05/2010) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY LYMAN,

        Plaintiff,

vs.

                                           No.  04-CV-6704-PBS
                                        District of Massachusetts

PFIZER, INC., *et. al.*,

        Defendants.

## DARREN MANCUSO, D.O.'S MOTION TO QUASH
## SUBPOENA DUCES TECUM

        COMES NOW non-party witness Darren Mancuso, D.O., through his

attorneys, Butt Thornton & Baehr PC, and pursuant to Fed. R. Civ. P. 45(c) moves this

Court to quash the subpoena duces tecum of Defendant Pfizer, Inc., requiring the

deposition of Dr. Mancuso on August 9, 2010, and award reasonable attorney fees

expended in drafting this motion.  As grounds for this motion, Dr. Mancuso states as

follows:

## STATEMENT OF FACTS

        1.      On July 28, 2010, counsel for Defendant Pfizer, in a matter entitled

*Gary Lyman v. Pfizer Inc., et. al.*, Civil Action No. 04-CV-6704-PBS, currently pending

in the District of Massachusetts, issued a Rule 45 subpoena to non-party witness Dr.

Mancuso to appear for a deposition duces tecum on August 9, 2010, in Albuquerque,

New Mexico.  The subpoena to Dr. Mancuso did not tender the fee for one day's

attendance and the mileage allowed by law.  (*See* Subpoena to Testify at a Deposition in

a Civil Action, *a copy of which is attached as Exhibit 1.*)

2.      On August 3, 2010, counsel for Dr. Mancuso received notice of the deposition.

3.      On August 3, 2010 at 5:02 p.m., counsel left a voice mail message for Pfizer's counsel notifying him that counsel had just received notice of the deposition and that she was unavailable.

4.      On August 4, 2010, counsel for Dr. Mancuso informed counsel for Defendant Pfizer and counsel for Plaintiff that neither she nor two other qualified attorneys in her law firm could attend Dr. Mancuso's deposition because each of the three would be out of state on other, previously scheduled depositions.  (*See* email exchange among counsel for Dr. Mancuso, Defendant Pfizer, and Plaintiff, *a copy of which is attached as Exhibit 2*.)

5.      Further, counsel for Dr. Mancuso asked counsel for Plaintiff and Defendant Pfizer to vacate and reschedule the deposition so Dr. Mancuso could have his counsel present.  Counsel for Plaintiff refused, while counsel for Defendant Pfizer took no position on the request, but indicated telephonically he would be willing to work with counsel. (See email from counsel for Plaintiff, *a copy of which is attached as Exhibit 3*.)

## LEGAL STANDARDS

Rule 45(c)(1) of the Federal Rules of Civil Procedure requires the party or attorney who issues a subpoena to take reasonable steps to avoid causing the person receiving the subpoena undue burden or expense.  This duty is mandatory, as is the duty imposed on the issuing court to "enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." Fed. R. Civ. P. 45(c)(1).

To further the goal of reducing undue burden or expense on those subject to a subpoena, the Federal Rules require advance payment of the subpoenaed witness's time and travel. Specifically, the Rules require the party or attorney issuing a subpoena to "tender the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). In addition, the party or attorney issuing a subpoena must give the subpoena's recipient a reasonable time to comply. When a reasonable time to comply has not been provided, the court is required to quash or modify the offending subpoena. Fed. R. Civ. P. 45(c)(3).

## ARGUMENT

This Court should quash the subpoena duces tecum requiring the deposition of Dr. Mancuso on August 9, 2010, because Defendant Pfizer did not tender the fee for one day's attendance and the mileage allowed by law, in violation of Rule 45(b)(1), nor did Defendant Pfizer provide Dr. Mancuso a reasonable time to comply with the subpoena. Defendant Pfizer subpoenaed Dr. Mancuso just twelve (12) days before his deposition. (Statement of Facts, ¶ 1.) In addition, Defendant Pfizer's subpoena duces tecum required Dr. Mancuso to find and produce five categories of documents, four of which are quite broad in scope and burdensome. (*Id.; see also* Exhibit A to Exhibit 1.)

Furthermore, Dr. Mancuso wishes to be represented by counsel at his deposition. Counsel for Dr. Mancuso has just been retained and only learned of the subpoena duces tecum on August 3, 2010, just six days before the deposition is scheduled. (Statement of Facts, ¶ 2.) Because of previously scheduled depositions being taken out of state, neither counsel for Dr. Mancuso nor two other qualified attorneys in

Case 1:04-cv-10981-PBS Document 2011-3 Filed 08/06/10 Page 6 of 43

her law firm, who could represent Dr. Mancuso's interests, are available on August 9, 2010. (Statement of Facts, ¶ 3.) Counsel has had no opportunity to meet with her client nor review the pertinent medical records. Neither counsel nor her client have even seen the filed complaint in the underlying lawsuit. Despite these conflicts, Plaintiff's counsel is adamantly opposed to rescheduling Dr. Mancuso's deposition; Pfizer's counsel will not reschedule unless Plaintiff's counsel consents. (Statement of Facts, ¶ 4.) Accordingly, because of Defendant Pfizer's rush to take Dr. Mancuso's deposition (aided by the intransigence of Plaintiff's counsel), Dr. Mancuso will suffer undue burden and hardship requiring sanction by this Court.

WHEREFORE, non-party witness Darren Mancuso, D.O., moves this Court to quash the subpoena duces tecum of Defendant Pfizer, Inc. requiring the deposition of Dr. Mancuso on August 9, 2010; award reasonable attorney fees expended in drafting this motion, and for any further relief this Court deems just.

Respectfully submitted,

BUTT THORNTON & BAEHR PC

Candace J. Cavanaugh
Attorneys for Darren Mancuso, D.O.
P.O. Box 3170
Albuquerque, NM 87190-3170
Telephone: (505) 884-0777

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of New Mexico

| | | |
|---|---|---|
| Gary Lyman | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   04-CV-6704-PBS |
| Pfizer, Inc., et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Massachusetts   ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Dr. Darren Mancuso

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: University of New Mexico Children's Psychiatric Hospital–Conference Room in Main Building 1001 Yale Blvd., Albuquerque, NM 87106 | Date and Time: 08/09/2010 9:00 am |
|---|---|

The deposition will be recorded by this method:   Certified Court Reporter and Videographer

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

All items listed in Exhibit A to this Subpoena.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   07/28/2010

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*          Pfizer, Inc.
_____ , who issues or requests this subpoena, are:
Stephen E. Oertle, Esq., Wheeler Trigg O'Donnell LLP, 1801 California Street, Suite 3600, Denver, CO 80202 (303) 244-1959; oertle@wtotrial.com



## EXHIBIT A

The deponent shall make the following documents and things available for the purposes of inspection and copying:

1. The deponent's curriculum vitae.

2. All documents, records, correspondence, and other materials reviewed by the deponent in preparation for this deposition.

3. All documents, records, correspondence, and other materials in the deponent's possession relating to the care and treatment of Plaintiff.

4. All documents, records, correspondence, or other materials which the deponent received from or sent to Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

5. All documents, including any notes, memoranda, recordings, or other materials related to any conversation (whether in person, telephonic, or otherwise) with Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

## Candace Cavanaugh

| | |
|---|---|
| **From:** | Candace Cavanaugh |
| **Sent:** | Wednesday, August 04, 2010 1:20 PM |
| **To:** | 'Saxon, Sean'; Michael Feldman; Oertle, Stephen |
| **Cc:** | Kelly Casey; Kenneth Fromson; Michele Fay |
| **Subject:** | RE: Lyman - Amended Subpoena to Dr. Mancuso |

Mr. Feldman,

We are requesting the vacation and rescheduling of the deposition of Dr. Mancuso. We only received notice yesterday, August 3, 2010 of this deposition for August 9, 2010. I am unavailable to attend with my client, Dr. Mancuso. I am in depositions in California for 3 days over the 9th of August. I did ask the other two attorneys in the firm, who could have covered, but they are both in different parts of the country taking their own depositions. I apologize for the inconvenience, but Dr. Mancuso requests representation and he is entitled to that. We are happy to work with you and other counsel to reschedule.

If you cannot or will not agree, I will have to file a Motion to Quash. Again, I would rather work something else out to just reschedule the matter. Please advise.

Thank you.
Sincerely,
Candace J. Cavanaugh



### Candace J. Cavanaugh
#### Attorney
**Butt Thornton & Baehr PC, 4101 Indian School Rd. N.E., Suite 300S, Albuquerque, New Mexico 87110**
**v: (505) 884-0777 f: (505) 889-8870**

*CONFIDENTIALITY NOTICE: This message is confidential and intended only for the use of the individual or entity to whom it is addressed. It may contain confidential attorney/privileged information which is legally protected by law from disclosure. You are notified that if you are not the intended recipient, then reading or disclosing this communication is prohibited. If you have received this communication in error, please immediately notify us by return e-mail*

**ALFA** INTERNATIONAL
THE GLOBAL LEGAL NETWORK

---

**From:** Saxon, Sean [mailto:saxon@wtotrial.com]
**Sent:** Wednesday, August 04, 2010 12:36 PM
**To:** Michael Feldman; Oertle, Stephen; Candace Cavanaugh
**Cc:** Kelly Casey; Kenneth Fromson; Michele Fay
**Subject:** RE: Lyman - Amended Subpoena to Dr. Mancuso

Mr. Feldman - I have not asked you to consent to the adjournment of the deposition, nor have I told Dr. Mancuso's attorney, Ms. Cavanaugh (who is copied here), that we would consent to an adjournment. I am simply letting you know that Ms. Cavanaugh has requested an adjournment. I suggest you speak with her (505-884-0777) if you need any further information. - Sean Saxon

---

**From:** Michael Feldman [mailto:MFeldman@jmlawyer.com]
**Sent:** Wednesday, August 04, 2010 12:31 PM
**To:** Saxon, Sean
**Cc:** 'Kelly Casey'; Kenneth Fromson; Michael Feldman; Michele Fay
**Subject:** RE: Lyman - Amended Subpoena to Dr. Mancuso

2

Page 2 of 3

Case 1:04-cv-10981-PBS Document 2011-32 Filed 09/06/10 Page 10 of 43
Case 1:10-mc-00020-RB-ACT Document 1-32 Filed 08/04/10 Page 2 of 3

Mr. Saxon
Attachment is not opening.
I booked a flight from New York to Albuquerque and cannot consent to the adjournment of Dr. Mancuso's
deposition scheduled for Monday.

Michael Feldman


**Michael S. Feldman, Esq.**
Partner
**Jacoby & Meyers, LLP**
(Mailing address)
1279 Route 300
Newburgh, New York 12551
1-877-JMLAWYER
1-800-890-3090 x 5138
mfeldman@jmlawyer.com
fax 845-352-9529

---

**From:** Saxon, Sean [mailto:saxon@wtotrial.com]
**Sent:** Wednesday, August 04, 2010 2:08 PM
**To:** Michael Feldman
**Cc:** Oertle, Stephen
**Subject:** RE: Lyman - Amended Subpoena to Dr. Mancuso

Is the attachment not opening? Or, is it that you can't open it because you are on your mobile device?

Anyway, the doctor's new lawyer has asked to continue the date because she has a conflict.

---

**From:** Michael Feldman [mailto:MFeldman@jmlawyer.com]
**Sent:** Wednesday, August 04, 2010 12:00 PM
**To:** Saxon, Sean
**Subject:** RE: Lyman - Amended Subpoena to Dr. Mancuso

Mr. Saxon:
I am unable to open your attachment  Is Doctor Mancuso's Deposition scheduled for  August 9th  being adjourned?

Michael Feldman


**Michael S. Feldman, Esq.**
Partner
**Jacoby & Meyers, LLP**
(Mailing address)
1279 Route 300
Newburgh, New York 12551
1-877-JMLAWYER
1-800-890-3090 x 5138
mfeldman@jmlawyer.com
fax 845-352-9529

---

**From:** Saxon, Sean [mailto:saxon@wtotrial.com]
**Sent:** Wednesday, August 04, 2010 1:54 PM
**To:** cjcavanaugh@btblaw.com
**Cc:** Oertle, Stephen; Michael Feldman
**Subject:** Lyman - Amended Subpoena to Dr. Mancuso

Ms. Cavanaugh-

8/4/2010

Attached please find an amended subpoena for Dr. Mancuso's August 9th deposition, as well as a cover letter confirming Dr. Mancuso's consent to accept service of the subpoena by mail.

I have copied Michael Feldman, counsel for Plaintiff, on this email so you can communicate with him directly about re-scheduling Dr. Mancuso's deposition. Mr. Feldman's office number is 800-890-3090 x 5138.

Please let me know that you received this message.

Thanks,

Sean

Sean G. Saxon
Of Counsel
303.244.1842

---

This Email has been scanned for all viruses by PAETEC Email Scanning Services, utilizing MessageLabs proprietary SkyScan infrastructure. For more information on a proactive anti-virus service working around the clock, around the globe, visit http://www.paetec.com.

---

**Confidentiality Notice**
**This email and the information contained herein and attachments hereto are legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this email is not the intended recipient, you are hereby notified that any forwarding, dissemination, distribution or copying of this email and/or its attachments, or the taking of any action in reliance on the contents thereof is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply email, delete the email and any attachments and destroy all copies of the original message. Thank you.**

---

This Email has been scanned for all viruses by PAETEC Email Scanning Services, utilizing MessageLabs proprietary SkyScan infrastructure. For more information on a proactive anti-virus service working around the clock, around the globe, visit http://www.paetec.com.

---

**Confidentiality Notice**
**This email and the information contained herein and attachments hereto are legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this email is not the intended recipient, you are hereby notified that any forwarding, dissemination, distribution or copying of this email and/or its attachments, or the taking of any action in reliance on the contents thereof is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply email, delete the email and any attachments and destroy all copies of the original message. Thank you.**

8/4/2010

## Candace Cavanaugh

| | |
|---|---|
| **From:** | Michael Feldman [MFeldman@jmlawyer.com] |
| **Sent:** | Wednesday, August 04, 2010 1:35 PM |
| **To:** | Candace Cavanaugh; Kenneth Fromson; Michele Fay; Kelly Casey; Michael Feldman |
| **Subject:** | Re: Lyman - Amended Subpoena to Dr. Mancuso |
| **Attachments:** | image001.jpg; image002.jpg; BTBLogo; ATT00001.htm; ALFALogo; ATT00002.htm |

Candice:
I am not in a position to consent to adjourn deposition of Dr Mancuso.
Defense counsel advised me of this deposition quite some time ago.
I have non refundable tickets
For flight to  Albuquerque
From New York
My understanding is that Dr
Mancuso knew of this deposition a while ago.
I am booked solid thru September
12th which is the courts deadline for depositions.
Unfortunately I cannot consent

Michael Feldman


Michael S. Feldman, Esq.
Partner
Jacoby & Meyers, LLP
1279 Route 300
P.O. Box 1111
Newburgh, New York 12551
800-890-3090 x5138

Sent from my iPhone
(please excuze typos)

CONFIDENTIAL NOTICE: This electronic message is intended to be viewed only by the individual or
entity to whom it is addressed.  It may contain confidential information that is privileged, confidential
and exempt from disclosure.  Any dissemination, distribution or copying of this communication, with
any and all attachments, is strictly prohibited.
If you have received this communication in error, please immediately notify me by telephone at (800)
890 3090 x 5138 or by reply email and delete this message. Do not copy or distribute it to anyone other
than the intended recipient. Thank you.

On Aug 4, 2010, at 3:19 PM, "Candace Cavanaugh" <cjcavanaugh@btblaw.com> wrote:

> Mr. Feldman,
>
> We are requesting the vacation and rescheduling of the deposition of Dr. Mancuso.  We only
> received notice yesterday, August 3, 2010 of this deposition for August 9, 2010.  I am unavailable to
> attend with my client, Dr. Mancuso.  I am in depositions in California for 3 days over the 9th of
> August.  I did ask the other two attorneys in the firm, who could have covered, but they are both in

8/4/2010

Case 4:10-mc-00020-RS-ACT Document 33 Filed 08/04/10 Page 2 of 2

different parts of the country taking their own depositions. I apologize for the inconvenience, but Dr. Mancuso requests representation and he is entitled to that. We are happy to work with you and other counsel to reschedule.

If you cannot or will not agree, I will have to file a Motion to Quash. Again, I would rather work something else out to just reschedule the matter. Please advise.

Thank you.
Sincerely,
Candace J. Cavanaugh

---

**Confidentiality Notice**
**This email and the information contained herein and attachments hereto are legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this email is not the intended recipient, you are hereby notified that any forwarding, dissemination, distribution or copying of this email and/or its attachments, or the taking of any action in reliance on the contents thereof is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply email, delete the email and any attachments and destroy all copies of the original message.
Thank you.**

8/4/2010

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY LYMAN,

        Plaintiff,

vs.                                    No.  04-CV-6704-PBS
                                     District of Massachusetts

PFIZER, INC., *et. al.*,

        Defendants.

**DARREN MANCUSO, D.O.'S NOTICE OF NONAPPEARANCE**

        COMES NOW non-party witness Darren Mancuso, D.O., through his

attorneys, Butt Thornton & Baehr PC, and serves notice on Defendant Pfizer, Inc., that he

will not appear at his deposition scheduled for August 9, 2010.  The reason for his

nonappearance is that Dr. Mancuso wishes to be represented by the counsel of his

choosing.  Counsel is unavailable on August 9, 2010.

                      BUTT THORNTON & BAEHR PC

                      _____

                      Candace J. Cavanaugh
                      Attorneys for Darren Mancuso, D.O.
                      P.O. Box 3170
                      Albuquerque, NM  87190-3170
                      Telephone:  (505) 884-0777

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY LYMAN,

        Plaintiff,

vs.

                                 No.  04-CV-6704-PBS
                                 District of Massachusetts

PFIZER, INC., *et. al.*,

        Defendants.

## DARREN MANCUSO, D.O.'S MOTION TO QUASH SUBPOENA DUCES TECUM

        COMES NOW non-party witness Darren Mancuso, D.O., through his attorneys, Butt Thornton & Baehr PC, and pursuant to Fed. R. Civ. P. 45(c) moves this Court to quash the subpoena duces tecum of Defendant Pfizer, Inc., requiring the deposition of Dr. Mancuso on August 9, 2010, and award reasonable attorney fees expended in drafting this motion.  As grounds for this motion, Dr. Mancuso states as follows:

### STATEMENT OF FACTS

        1.     On July 28, 2010, counsel for Defendant Pfizer, in a matter entitled *Gary Lyman v. Pfizer Inc., et. al.*, Civil Action No. 04-CV-6704-PBS, currently pending in the District of Massachusetts, issued a Rule 45 subpoena to non-party witness Dr. Mancuso to appear for a deposition duces tecum on August 9, 2010, in Albuquerque, New Mexico.  The subpoena to Dr. Mancuso did not tender the fee for one day's attendance and the mileage allowed by law.  (*See* Subpoena to Testify at a Deposition in a Civil Action, *a copy of which is attached as Exhibit 1.*)

2.      On August 3, 2010, counsel for Dr. Mancuso received notice of the deposition.

3.      On August 3, 2010 at 5:02 p.m., counsel left a voice mail message for Pfizer's counsel notifying him that counsel had just received notice of the deposition and that she was unavailable.

4.      On August 4, 2010, counsel for Dr. Mancuso informed counsel for Defendant Pfizer and counsel for Plaintiff that neither she nor two other qualified attorneys in her law firm could attend Dr. Mancuso's deposition because each of the three would be out of state on other, previously scheduled depositions.  (*See* email exchange among counsel for Dr. Mancuso, Defendant Pfizer, and Plaintiff, *a copy of which is attached as Exhibit 2*.)

5.      Further, counsel for Dr. Mancuso asked counsel for Plaintiff and Defendant Pfizer to vacate and reschedule the deposition so Dr. Mancuso could have his counsel present.  Counsel for Plaintiff refused, while counsel for Defendant Pfizer took no position on the request, but indicated telephonically he would be willing to work with counsel.  (See email from counsel for Plaintiff, *a copy of which is attached as Exhibit 3*.)

## LEGAL STANDARDS

Rule 45(c)(1) of the Federal Rules of Civil Procedure requires the party or attorney who issues a subpoena to take reasonable steps to avoid causing the person receiving the subpoena undue burden or expense.  This duty is mandatory, as is the duty imposed on the issuing court to "enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply."  Fed. R. Civ. P. 45(c)(1).

To further the goal of reducing undue burden or expense on those subject to a subpoena, the Federal Rules require advance payment of the subpoenaed witness's time and travel. Specifically, the Rules require the party or attorney issuing a subpoena to "tender the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). In addition, the party or attorney issuing a subpoena must give the subpoena's recipient a reasonable time to comply. When a reasonable time to comply has not been provided, the court is required to quash or modify the offending subpoena. Fed. R. Civ. P. 45(c)(3).

## ARGUMENT

This Court should quash the subpoena duces tecum requiring the deposition of Dr. Mancuso on August 9, 2010, because Defendant Pfizer did not tender the fee for one day's attendance and the mileage allowed by law, in violation of Rule 45(b)(1), nor did Defendant Pfizer provide Dr. Mancuso a reasonable time to comply with the subpoena. Defendant Pfizer subpoenaed Dr. Mancuso just twelve (12) days before his deposition. (Statement of Facts, ¶ 1.) In addition, Defendant Pfizer's subpoena duces tecum required Dr. Mancuso to find and produce five categories of documents, four of which are quite broad in scope and burdensome. (*Id.; see also* Exhibit A to Exhibit 1.)

Furthermore, Dr. Mancuso wishes to be represented by counsel at his deposition. Counsel for Dr. Mancuso has just been retained and only learned of the subpoena duces tecum on August 3, 2010, just six days before the deposition is scheduled. (Statement of Facts, ¶ 2.) Because of previously scheduled depositions being taken out of state, neither counsel for Dr. Mancuso nor two other qualified attorneys in

her law firm, who could represent Dr. Mancuso's interests, are available on August 9, 2010. (Statement of Facts, ¶ 3.) Counsel has had no opportunity to meet with her client nor review the pertinent medical records. Neither counsel nor her client have even seen the filed complaint in the underlying lawsuit. Despite these conflicts, Plaintiff's counsel is adamantly opposed to rescheduling Dr. Mancuso's deposition; Pfizer's counsel will not reschedule unless Plaintiff's counsel consents. (Statement of Facts, ¶ 4.) Accordingly, because of Defendant Pfizer's rush to take Dr. Mancuso's deposition (aided by the intransigence of Plaintiff's counsel), Dr. Mancuso will suffer undue burden and hardship requiring sanction by this Court.

WHEREFORE, non-party witness Darren Mancuso, D.O., moves this Court to quash the subpoena duces tecum of Defendant Pfizer, Inc. requiring the deposition of Dr. Mancuso on August 9, 2010; award reasonable attorney fees expended in drafting this motion, and for any further relief this Court deems just.

Respectfully submitted,

BUTT THORNTON & BAEHR PC

Candace J. Cavanaugh
Attorneys for Darren Mancuso, D.O.
P.O. Box 3170
Albuquerque, NM  87190-3170
Telephone:  (505) 884-0777

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

| | | |
|---|---|---|
| Gary Lyman | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 04-CV-6704-PBS |
| Pfizer, Inc., et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Massachusetts ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Dr. Darren Mancuso

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: University of New Mexico Children's Psychiatric Hospital–Conference Room in Main Building 1001 Yale Blvd., Albuquerque, NM 87106 | Date and Time: 08/09/2010 9:00 am |
|---|---|

The deposition will be recorded by this method: __Certified Court Reporter and Videographer__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

All items listed in Exhibit A to this Subpoena.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __07/28/2010__

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | _____ |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ____Pfizer, Inc.____
_____ , who issues or requests this subpoena, are:
Stephen E. Oertle, Esq., Wheeler Trigg O'Donnell LLP, 1801 California Street, Suite 3600, Denver, CO 80202
(303) 244-1959; oertle@wtotrial.com



## EXHIBIT A

The deponent shall make the following documents and things available for the purposes

of inspection and copying:

1.  The deponent's curriculum vitae.

2.  All documents, records, correspondence, and other materials reviewed by the deponent in preparation for this deposition.

3.  All documents, records, correspondence, and other materials in the deponent's possession relating to the care and treatment of Plaintiff.

4.  All documents, records, correspondence, or other materials which the deponent received from or sent to Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

5.  All documents, including any notes, memoranda, recordings, or other materials related to any conversation (whether in person, telephonic, or otherwise) with Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

## Candace Cavanaugh

| | |
|---|---|
| **From:** | Candace Cavanaugh |
| **Sent:** | Wednesday, August 04, 2010 1:20 PM |
| **To:** | 'Saxon, Sean'; Michael Feldman; Oertle, Stephen |
| **Cc:** | Kelly Casey; Kenneth Fromson; Michele Fay |
| **Subject:** | RE: Lyman - Amended Subpoena to Dr. Mancuso |

Mr. Feldman,

We are requesting the vacation and rescheduling of the deposition of Dr. Mancuso. We only received notice yesterday, August 3, 2010 of this deposition for August 9, 2010. I am unavailable to attend with my client, Dr. Mancuso. I am in depositions in California for 3 days over the 9th of August. I did ask the other two attorneys in the firm, who could have covered, but they are both in different parts of the country taking their own depositions. I apologize for the inconvenience, but Dr. Mancuso requests representation and he is entitled to that. We are happy to work with you and other counsel to reschedule.

If you cannot or will not agree, I will have to file a Motion to Quash. Again, I would rather work something else out to just reschedule the matter. Please advise.

Thank you.
Sincerely,
Candace J. Cavanaugh



### Candace J. Cavanaugh
#### Attorney
**Butt Thornton & Baehr PC, 4101 Indian School Rd. N.E., Suite 300S, Albuquerque, New Mexico 87110**
**v: (505) 884-0777 f: (505) 889-8870**

*CONFIDENTIALITY NOTICE: This message is confidential and intended only for the use of the individual or entity to whom it is addressed. It may contain confidential attorney/privileged information which is legally protected by law from disclosure. You are notified that if you are not the intended recipient, then reading or disclosing this communication is prohibited. If you have received this communication in error, please immediately notify us by return e-mail*

ALFA INTERNATIONAL
THE GLOBAL LEGAL NETWORK

---

**From:** Saxon, Sean [mailto:saxon@wtotrial.com]
**Sent:** Wednesday, August 04, 2010 12:36 PM
**To:** Michael Feldman; Oertle, Stephen; Candace Cavanaugh
**Cc:** Kelly Casey; Kenneth Fromson; Michele Fay
**Subject:** RE: Lyman - Amended Subpoena to Dr. Mancuso

Mr. Feldman - I have not asked you to consent to the adjournment of the deposition, nor have I told Dr. Mancuso's attorney, Ms. Cavanaugh (who is copied here), that we would consent to an adjournment. I am simply letting you know that Ms. Cavanaugh has requested an adjournment. I suggest you speak with her (505-884-0777) if you need any further information. - Sean Saxon

---

**From:** Michael Feldman [mailto:MFeldman@jmlawyer.com]
**Sent:** Wednesday, August 04, 2010 12:31 PM
**To:** Saxon, Sean
**Cc:** 'Kelly Casey'; Kenneth Fromson; Michael Feldman; Michele Fay
**Subject:** RE: Lyman - Amended Subpoena to Dr. Mancuso

8/4/2010

2

Page 2 of 3
Case 1:04-cv-10981-PBS Document 3011-3 Filed 09/06/10 Page 22 of 43
Case 1:10-mc-00020-RB-ACT Document 3-2 Filed 08/05/10 Page 2 of 3

Mr. Saxon
Attachment is not opening.
I booked a flight from New York to Albuquerque and cannot consent to the adjournment of Dr. Mancuso's deposition scheduled for Monday.

Michael Feldman


**Michael S. Feldman, Esq.**
Partner
**Jacoby & Meyers, LLP**
(Mailing address)
1279 Route 300
Newburgh, New York 12551
1-877-JMLAWYER
1-800-890-3090 x 5138
mfeldman@jmlawyer.com
fax 845-352-9529

---

**From:** Saxon, Sean [mailto:saxon@wtotrial.com]
**Sent:** Wednesday, August 04, 2010 2:08 PM
**To:** Michael Feldman
**Cc:** Oertle, Stephen
**Subject:** RE: Lyman - Amended Subpoena to Dr. Mancuso

Is the attachment not opening? Or, is it that you can't open it because you are on your mobile device?

Anyway, the doctor's new lawyer has asked to continue the date because she has a conflict.

---

**From:** Michael Feldman [mailto:MFeldman@jmlawyer.com]
**Sent:** Wednesday, August 04, 2010 12:00 PM
**To:** Saxon, Sean
**Subject:** RE: Lyman - Amended Subpoena to Dr. Mancuso

Mr. Saxon:
I am unable to open your attachment  Is Doctor Mancuso's Deposition scheduled for  August 9th  being adjourned?

Michael Feldman


**Michael S. Feldman, Esq.**
Partner
**Jacoby & Meyers, LLP**
(Mailing address)
1279 Route 300
Newburgh, New York 12551
1-877-JMLAWYER
1-800-890-3090 x 5138
mfeldman@jmlawyer.com
fax 845-352-9529

---

**From:** Saxon, Sean [mailto:saxon@wtotrial.com]
**Sent:** Wednesday, August 04, 2010 1:54 PM
**To:** cjcavanaugh@btblaw.com
**Cc:** Oertle, Stephen; Michael Feldman
**Subject:** Lyman - Amended Subpoena to Dr. Mancuso

Ms. Cavanaugh-

8/4/2010

Attached please find an amended subpoena for Dr. Mancuso's August 9th deposition, as well as a cover letter confirming Dr. Mancuso's consent to accept service of the subpoena by mail.

I have copied Michael Feldman, counsel for Plaintiff, on this email so you can communicate with him directly about re-scheduling Dr. Mancuso's deposition. Mr. Feldman's office number is 800-890-3090 x 5138.

Please let me know that you received this message.

Thanks,

Sean

Sean G. Saxon
Of Counsel
303.244.1842

This Email has been scanned for all viruses by PAETEC Email Scanning Services, utilizing MessageLabs proprietary SkyScan infrastructure. For more information on a proactive anti-virus service working around the clock, around the globe, visit http://www.paetec.com.

**Confidentiality Notice**
**This email and the information contained herein and attachments hereto are legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this email is not the intended recipient, you are hereby notified that any forwarding, dissemination, distribution or copying of this email and/or its attachments, or the taking of any action in reliance on the contents thereof is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply email, delete the email and any attachments and destroy all copies of the original message. Thank you.**

This Email has been scanned for all viruses by PAETEC Email Scanning Services, utilizing MessageLabs proprietary SkyScan infrastructure. For more information on a proactive anti-virus service working around the clock, around the globe, visit http://www.paetec.com.

**Confidentiality Notice**
**This email and the information contained herein and attachments hereto are legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this email is not the intended recipient, you are hereby notified that any forwarding, dissemination, distribution or copying of this email and/or its attachments, or the taking of any action in reliance on the contents thereof is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply email, delete the email and any attachments and destroy all copies of the original message. Thank you.**

Page 1 of 2

Case 1:04-cv-10981-PBS  Document 3011-3  Filed 09/06/10  Page 24 of 43
Case 1:10-mc-00020-RB-ACT  Document 3-3  Filed 08/05/10  Page 1 of 2

## Candace Cavanaugh

| | |
|---|---|
| **From:** | Michael Feldman [MFeldman@jmlawyer.com] |
| **Sent:** | Wednesday, August 04, 2010 1:35 PM |
| **To:** | Candace Cavanaugh; Kenneth Fromson; Michele Fay; Kelly Casey; Michael Feldman |
| **Subject:** | Re: Lyman - Amended Subpoena to Dr. Mancuso |
| **Attachments:** | image001.jpg; image002.jpg; BTBLogo; ATT00001.htm; ALFALogo; ATT00002.htm |

Candice:
I am not in a position to consent to adjourn deposition of Dr Mancuso.
Defense counsel advised me of this deposition quite some time ago.
I have non refundable tickets
For flight to  Albuquerque
From New York
My understanding is that Dr
Mancuso knew of this deposition a while ago.
I am booked solid thru September
12th which is the courts deadline for depositions.
Unfortunately I cannot consent

Michael Feldman


Michael S. Feldman, Esq.
Partner
Jacoby & Meyers, LLP
1279 Route 300
P.O. Box 1111
Newburgh, New York 12551
800-890-3090 x5138

Sent from my iPhone
(please excuze typos)

CONFIDENTIAL NOTICE: This electronic message is intended to be viewed only by the individual or
entity to whom it is addressed.  It may contain confidential information that is privileged, confidential
and exempt from disclosure.  Any dissemination, distribution or copying of this communication, with
any and all attachments, is strictly prohibited.
If you have received this communication in error, please immediately notify me by telephone at (800)
890 3090 x 5138 or by reply email and delete this message. Do not copy or distribute it to anyone other
than the intended recipient. Thank you.

On Aug 4, 2010, at 3:19 PM, "Candace Cavanaugh" <cjcavanaugh@btblaw.com> wrote:

> Mr. Feldman,
>
> We are requesting the vacation and rescheduling of the deposition of Dr. Mancuso.  We only
> received notice yesterday, August 3, 2010 of this deposition for August 9, 2010.  I am unavailable to
> attend with my client, Dr. Mancuso.  I am in depositions in California for 3 days over the 9th of
> August.  I did ask the other two attorneys in the firm, who could have covered, but they are both in

8/4/2010

different parts of the country taking their own depositions.  I apologize for the inconvenience, but Dr. Mancuso requests representation and he is entitled to that.  We are happy to work with you and other counsel to reschedule.

If you cannot or will not agree, I will have to file a Motion to Quash.  Again, I would rather work something else out to just reschedule the matter.  Please advise.

Thank you.
Sincerely,
Candace J. Cavanaugh

---

**Confidentiality Notice**
**This email and the information contained herein and attachments hereto are legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this email is not the intended recipient, you are hereby notified that any forwarding, dissemination, distribution or copying of this email and/or its attachments, or the taking of any action in reliance on the contents thereof is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply email, delete the email and any attachments and destroy all copies of the original message.**
**Thank you.**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

Gary Lyman,

      Plaintiff(s),

vs.                                          CASE NO:10mc20-RB

Pfizer, Inc. Et al.,

      Defendant(s).

## <u>MINUTE ORDER</u>

Please be advised that the above-captioned case has been reassigned to U.S.

Magistrate Judge Alan C. Torgerson.

In accordance with D.N.M.LR-Civ. 10.1 'the first page of each paper must have the case file number and initials of the assigned Judges.' **Failure to include the initials of the newly-assigned judge may result in untimely receipt of pleadings and subsequent delay of rulings by the newly-assigned judge.**

Kindly reflect this change when submitting further pleadings for this case.

CASE NUMBER **10mc20-ACT.**

-----------------------------
Clerk of the Court

26

**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AUG 0 5 2010

MATTHEW J. DYKMAN
CLERK

GARY LYMAN,

Plaintiff,

vs.                                              No. 1:10-mc-00020-RB

PFIZER, INC., *et al.,*

Defendants.

## PFIZER'S RESPONSE REQUESTING MOTION TO QUASH SUBPOENA BE TRANSFERRED TO MDL COURT IN DISTRICT OF MASSACHUSETTS

Defendant Pfizer Inc ("Pfizer") submits this response to the motion to quash the subpoena *duces tecum* served on non-party witness Dr. Darren Mancuso, D.O., requiring Dr. Mancuso's attendance at a deposition on August 9, 2010. In support of its response Pfizer states:

### BACKGROUND

1.     The underlying litigation involves a claim of personal injury and wrongful death brought on by Plaintiff Gary Lyman on behalf of the estate of his deceased son, Joshua Lyman. The case is currently pending in the United States District Court for the District of Massachusetts, as part of *In re Neurontin Marketing, Sales Practices and Products Liability Litigation,* MDL Docket No. 1629.

2.     The parties have been instructed by the MDL Court to conclude all "Phase I" discovery before September 15, 2010, in approximately 100 cases, including the *Lyman* case. Phase I discovery includes the deposition of any prescribing doctor. Dr. Mancuso has been identified as a "prescribing doctor." Dr. Mancuso is a simply a fact witness.

3.      Pfizer and Finklestein & Partners, LLP, the law firm representing many of the individual Plaintiffs, have worked cooperatively over the last several months to schedule and coordinate the depositions of scores of prescribing doctors across the country.

4.      Pfizer and Finklestein have agreed to pay prescribing doctors up to $250 an hour for their time rather than the statutory $40.00 witness fee provided in Fed. R. Civ. P. 45. The deposing attorneys either bring blank checks to the deposition, or ask the prescribing doctors to send an invoice for payment. This is the first deposition where the prescribing doctor has elected to receive the $40.00 witness fee, and a check has been sent by Federal Express this afternoon for early delivery to Dr. Mancuso's office.

5.      On or about July 2, 2010, counsel for Pfizer contacted Dr. Mancuso to request his deposition. Dr. Mancuso did not ask to have his counsel present. (Indeed, because the prescribing doctors are not named as parties, I am only aware of one other instance where a prescribing doctor has elected to have counsel present.) Dr. Mancuso stated that he would be available for a deposition on August 9, 2010. He also asked for the deposition to be held in his office. (See Exhibit A.) Dr. Mancuso also agreed to accept service of the subpoena by mail

6.      On July 9, 2010, counsel for Pfizer mailed the deposition subpoena to Dr. Mancuso. (*Id.*)

7.      On July 28, 2010, counsel for Pfizer noticed that he had inadvertently issued the subpoena from the District of Arizona, the Plaintiff's home state and the location of all the other fact witnesses in the case. On that day, counsel for Pfizer re-served an amended subpoena that is identical to the July 9, 2010 subpoena in every respect except it is issued from the District of New Mexico. (Exhibit B.)

2

8.     On August 4, 2010, counsel for Pfizer was contacted by the newly retained counsel for Dr. Mancuso who advised that she has a scheduling conflict with the date agreed to by the witness over a month ago.

9.     Pfizer advised counsel for Dr. Mancuso that we would be willing to work with her to arrange another date, but that because of the tight schedule mandated by the MDL Court, it may be difficult to find an alternative date.  Furthermore, Pfizer advised counsel for Dr. Mancuso that Plaintiff would likely not agree to having the deposition rescheduled as he is traveling across the country.

## ARGUMENT

This subpoena was issued in case pending in multidistrict litigation and pursuant to 28 U.S.C. § 1407(b), the MDL Court has the power to rule on the motion to quash the subpoena. *See In re: Clients and Former Clients of Baron & Budd, P.C.*, 478 F.3d 670, 671 (5th Cir. 2007) (affirming Texas district court's order "based on the overwhelming weight of authority" transferring motions to quash to MDL Court in Pennsylvania even though subpoenas had "issued" from Southern District of Texas (emphasis added).) ("*In re Baron & Budd.*")

As noted by the Fifth Circuit, section 1407 provides that the transferee judge—here the District of Massachusetts—may "exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in coordinated or consolidated pretrial proceedings." *In re Baron & Budd*, 478 F.3d at 671 (collecting cases).  This power includes the power to rule on motions to quash subpoenas. *Id.* (*quoting* 9 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 45.50[4], at 45-75 to 45-77 "In multidistrict litigation the court in charge of the consolidated proceedings has the power to rule on a motion to quash subpoenas"; 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2459 (2006) "The court in charge of consolidated proceedings has power to rule on a motion to quash subpoenas").

3

Accordingly, this Court should transfer the motion to quash the subpoena to the District

of Massachusetts.

Dated:  August 5, 2010

s/Sean G. Saxon

Sean G. Saxon, Esq.
Stephen E. Oertle, Esq.
Wheeler Trigg O'Donnell LLP
1801 California St., Suite 3600
Denver, Colorado  80202
Telephone:  (303) 244-1800
Facsimile:  (303) 244-1879
Email:  saxon@wtotrial.com
Email:  oertle@wtotrial.com

and

Mark S. Cheffo, Esq.
Catherine B. Stevens, Esq.
Skadden, Arps, Slate,
    Meagher & Flom LLP
Four Times Square
New York, New York  10036
Telephone:  (212) 735-3000

Attorneys for Defendants Pfizer Inc
and Warner-Lambert Company LLC

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5 day of August, 2010, I caused to be served a true and correct copy of the foregoing by email to:


Candace J. Cavanaugh
Butt Thornton & Baehr PC
P.O. Box 3170
Albuquerque, NM  87190-3170
Telephone:  (505) 884-0777
Email:  cjcavanaugh@btblaw.com

Attorneys for Darren Mancuso, D.O.


Ken Fromson, Esq.
Finkelstein & Partners, LLP
1279 Route 300, PO Box 1111
Newburgh, New York  12551
(845) 562-0203
Email: kfromson@lawampm.com


Michael Feldman, Esq.
Jacoby & Myers, LLP
1279 Route 300
Newburgh, New York 12551
mfeldman@jmlawyer.com

Attorneys for Plaintiff


Sean G. Saxon

 **WheelerTriggO'Donnell LLP**

Stephen E. Oertle
303.244.1959
oertle@wtotrial.com

July 28, 2010

**BY EMAIL**

Dr. Darren Mancuso
13200 Silver Peak Place NE
Albuquerque, New Mexico 87111

Re: *Lyman v. Pfizer Inc.*

Dear Dr. Mancuso:

Enclosed please find an amended subpoena regarding your deposition in the case of Lyman v. Pfizer. You will note that the only change that has been made in the amended subpoena is in the caption. No other subpoena changes have been made. Thank you for previously agreeing to provide a deposition in this matter on Monday, August 9, 2010, at 9:00 AM. Thank you also for previously agreeing to waive service of process and accept the enclosed amended subpoena by email.

Please feel free to contact me if you have any questions or concerns regarding your deposition.

Best regards,

Stephen E. Oertle

SEO:sdt
Enclosures

cc: Michael Feldman (by email)
Kenneth Fromson (by email)
Sean Saxon (email)

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

| | | |
|---|---|---|
| Gary Lyman | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   04-CV-6704-PBS |
| Pfizer, Inc., et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | District of Massachusetts        ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Dr. Darren Mancuso

☑ _Testimony:_  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: University of New Mexico Children's Psychiatric Hospital—Conference Room in Main Building 1001 Yale Blvd., Albuquerque, NM 87106 | Date and Time: 08/09/2010 9:00 am |
|---|---|

The deposition will be recorded by this method:   Certified Court Reporter and Videographer

☑ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

All items listed in Exhibit A to this Subpoena.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    07/28/2010

CLERK OF COURT

_____          OR          _____
_Signature of Clerk or Deputy Clerk_                              _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_          Pfizer, Inc.
_____ , who issues or requests this subpoena, are:

Stephen E. Oertle, Esq., Wheeler Trigg O'Donnell LLP, 1801 California Street, Suite 3600, Denver, CO 80202 (303) 244-1959; oertle@wtotrial.com

# EXHIBIT A

The deponent shall make the following documents and things available for the purposes of inspection and copying:

1.      The deponent's curriculum vitae.

2.      All documents, records, correspondence, and other materials reviewed by the deponent in preparation for this deposition.

3.      All documents, records, correspondence, and other materials in the deponent's possession relating to the care and treatment of Plaintiff.

4.      All documents, records, correspondence, or other materials which the deponent received from or sent to Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

5.      All documents, including any notes, memoranda, recordings, or other materials related to any conversation (whether in person, telephonic, or otherwise) with Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

 WheelerTriggO'Donnell LLP

Stephen E. Oertle
303.244.1959
oertle@wtotrial.com

July 8, 2010

**BY FEDERAL EXPRESS**

Dr. Darren Mancuso
13200 Silver Peak Place NE
Albuquerque, New Mexico 87111

     Re:    *Lyman v. Pfizer Inc.*

Dear Dr. Mancuso:

    Thank you for agreeing to provide a deposition in the matter of *Lyman v. Pfizer Inc* on Monday, August 9, 2010, at 9:00 PM. Thank you also for agreeing to waive service of process and accept the enclosed subpoena by Federal Express.

    Please feel free to contact me if you have any questions or concerns regarding your deposition.

               Best regards,

               Stephen E. Oertle

SEO:sir
Enclosures

cc:    Michael Feldman (by email)
       Kenneth Fromson (by email)
       Sean Saxon (email)

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| Gary Lyman | ) |
| *Plaintiff* | ) |
| v. | ) |
| Pfizer, Inc., et al. | ) |
| *Defendant* | ) |

Civil Action No.   04-CV-6704-PBS

(If the action is pending in another district, state where:
District of Massachusetts )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Dr. Darren Mancuso

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: University of New Mexico Children's Psychiatric Hospital--Conference Room in Main Building 1001 Yale Blvd., Albuquerque, NM 87106 | Date and Time: 08/09/2010 9:00 am |
|---|---|

The deposition will be recorded by this method:  Certified Court Reporter and Videographer

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

   All items listed in Exhibit A to this Subpoena.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  07/08/2010

CLERK OF COURT

_____          OR          _____
  Signature of Clerk or Deputy Clerk                              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*          Pfizer, Inc.
_____, who issues or requests this subpoena, are:
Stephen E. Oertle, Esq., Wheeler Trigg O'Donnell LLP, 1801 California Street, Suite 3600, Denver, CO 80202
(303) 244-1959; oertle@wtotrial.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

The deponent shall make the following documents and things available for the purposes

of inspection and copying:

1.   The deponent's curriculum vitae.

2.   All documents, records, correspondence, and other materials reviewed by the deponent in preparation for this deposition.

3.   All documents, records, correspondence, and other materials in the deponent's possession relating to the care and treatment of Plaintiff.

4.   All documents, records, correspondence, or other materials which the deponent received from or sent to Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

5.   All documents, including any notes, memoranda, recordings, or other materials related to any conversation (whether in person, telephonic, or otherwise) with Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

NEURONTIN MARKETING,             :   MDL Docket No. 1629
    SALES PRACTICES AND      :
    PRODUCTS LIABILITY LITIGATION  :   Master File No. 04-10981

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

                                             :   Judge Patti B. Saris
THIS DOCUMENT RELATES TO:        :
                                             :   Magistrate Judge Leo T.
*Gary Lyman v. Pfizer Inc., et al.*       :   Sorokin
Case No. 04-CV-6704-PBS         :
                                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

### NOTICE OF VIDEOTAPED
### DEPOSITION DUCES TECUM OF DR. DARREN MANCUSO

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil

Procedure, Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively "Pfizer"), by

and through their counsel, will take the testimony by deposition upon oral examination, before a

person authorized to administer oaths, of Dr. Darren Mancuso. The deposition will be taken in

accordance with the Federal Rules of Civil Procedure on August 9, 2010 at 9:00 a.m. The

deposition will be held at a conference room in the main building at the University of New

Mexico Children's Psychiatric Hospital, 1001 Yale Blvd., Albuquerque, New Mexico 87106.

The deposition will be recorded by stenographic means and videotaped by Veritext, L.L.C.,

1 Penn Plaza, Suite 1706, New York, New York 10119.

You are invited to attend and to participate in the manner provided for in the Federal

Rules of Civil Procedure.

39

The deponent, Dr. Darren Mancuso is to produce the following documents at his deposition: the records, documents and tangible items set forth in the attached Exhibit A.

Dated: July 8, 2010

_____
Andrew C.S. Efaw, Esq.
Stephen E. Oertle, Esq.
Wheeler Trigg O'Donnell LLP
1801 California St., Suite 3600
Denver, Colorado 80202
Telephone: (303) 244-1800
Facsimile: (303) 244-1879
E-mail: efaw@wtotrial.com
E-mail: oertle@wtotrial.com

- and-

Mark S. Cheffo, Esq.
Catherine B. Stevens, Esq.
Skadden, Arps, Slate,
    Meagher & Flom LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000

Attorneys for Defendants Pfizer Inc
and Warner-Lambert Company LLC

2

## CERTIFICATE OF SERVICE

The undersigned certifies that on this ⟨2⟩ day of July, 2010, I caused to be served a copy

of the foregoing Notice of Videotaped Deposition Duces Tecum of Dr. Darren Mancuso by e-

mail to:

      Ken Fromson, Esq.
      Finkelstein & Partners, LLP
      1279 Route 300, PO Box 1111
      Newburgh, New York  12551
      (845) 562-0203
      E-Mail: kfromson@lawampm.com
      Attorneys for Plaintiff

      Michael Feldman, Esq.
      Jacoby & Myers, LLP
      1279 Route 300
      Newburgh, New York  12551
      mfeldman@jmlawyer.com

## EXHIBIT A

The deponent shall make the following documents and things available for the purposes

of inspection and copying:

1.   The deponent's curriculum vitae.

2.   All documents, records, correspondence, and other materials reviewed by the deponent in
     preparation for this deposition.

3.   All documents, records, correspondence, and other materials in the deponent's possession
     relating to the care and treatment of Plaintiff.

4.   All documents, records, correspondence, or other materials which the deponent received
     from or sent to Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives
     in connection with the above-captioned matter or any litigation involving Neurontin.

5.   All documents, including any notes, memoranda, recordings, or other materials related to
     any conversation (whether in person, telephonic, or otherwise) with Plaintiff's counsel, or
     any of Plaintiff's experts, agents and representatives in connection with the above-
     captioned matter or any litigation involving Neurontin.

```
MIME-Version:1.0
From:cmecfbb@nmcourt.fed.us
To:cmecfto@nmcourt.fed.us
Bcc:
--Case Participants: Candace J Cavanaugh (cjcavanaugh@btblaw.com, dabaca@btblaw.com,
sscavell@btblaw.com), Michael S Feldman (mfeldman@jmlawyer.com), Stephen E Oertle
(oertle@wtotrial.com)
--Non Case Participants:
--No Notice Sent:

Message-Id:3247163@nmcourt.fed.us
Subject:Activity in Case 1:10-mc-00020-ACT Lyman v. Pfizer Inc. Order
```
Content–Type: text/html

## U.S. District Court

## District of New Mexico – Version 4.0.3

## Notice of Electronic Filing

The following transaction was entered on 8/5/2010 at 5:19 PM MDT and filed on 8/5/2010

| | |
|---|---|
| **Case Name:** | Lyman v. Pfizer Inc. |
| **Case Number:** | 1:10–mc–00020–ACT |
| **Filer:** | |
| **Document Number:** | 6(No document attached) |

**Docket Text:**
**ORAL ORDER transferring motion to quash the subpoena duces tecum to the District of Masschusettes for ruling pursuant to 28 U.S.C. §1407(b) by Magistrate Judge Alan C. Torgerson; Re [5] Response and [3] MOTION to Quash (mlg)**
**[THIS IS A TEXT–ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.]**


**1:10–mc–00020–ACT Notice has been electronically mailed to:**

Candace J Cavanaugh cjcavanaugh@btblaw.com, dabaca@btblaw.com, sscavell@btblaw.com

Stephen E Oertle oertle@wtotrial.com

Michael S Feldman mfeldman@jmlawyer.com

**1:10–mc–00020–ACT Notice has been delivered by fax to:**


**1:10–mc–00020–ACT Notice has been delivered by USPS to:**