FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 05 2010

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY LYMAN,

    Plaintiff,

vs.                                        No. 1:10-mc-00020-RB

PFIZER, INC., *et al.*,

    Defendants.

## PFIZER'S RESPONSE REQUESTING MOTION TO QUASH SUBPOENA BE TRANSFERRED TO MDL COURT IN DISTRICT OF MASSACHUSETTS

Defendant Pfizer Inc ("Pfizer") submits this response to the motion to quash the subpoena *duces tecum* served on non-party witness Dr. Darren Mancuso, D.O., requiring Dr. Mancuso's attendance at a deposition on August 9, 2010. In support of its response Pfizer states:

### BACKGROUND

1. The underlying litigation involves a claim of personal injury and wrongful death brought on by Plaintiff Gary Lyman on behalf of the estate of his deceased son, Joshua Lyman. The case is currently pending in the United States District Court for the District of Massachusetts, as part of *In re Neurontin Marketing, Sales Practices and Products Liability Litigation,* MDL Docket No. 1629.

2. The parties have been instructed by the MDL Court to conclude all "Phase I" discovery before September 15, 2010, in approximately 100 cases, including the *Lyman* case. Phase I discovery includes the deposition of any prescribing doctor. Dr. Mancuso has been identified as a "prescribing doctor." Dr. Mancuso is a simply a fact witness.

27

3. Pfizer and Finklestein & Partners, LLP, the law firm representing many of the individual Plaintiffs, have worked cooperatively over the last several months to schedule and coordinate the depositions of scores of prescribing doctors across the country.

4. Pfizer and Finklestein have agreed to pay prescribing doctors up to $250 an hour for their time rather than the statutory $40.00 witness fee provided in Fed. R. Civ. P. 45. The deposing attorneys either bring blank checks to the deposition, or ask the prescribing doctors to send an invoice for payment. This is the first deposition where the prescribing doctor has elected to receive the $40.00 witness fee, and a check has been sent by Federal Express this afternoon for early delivery to Dr. Mancuso's office.

5. On or about July 2, 2010, counsel for Pfizer contacted Dr. Mancuso to request his deposition. Dr. Mancuso did not ask to have his counsel present. (Indeed, because the prescribing doctors are not named as parties, I am only aware of one other instance where a prescribing doctor has elected to have counsel present.) Dr. Mancuso stated that he would be available for a deposition on August 9, 2010. He also asked for the deposition to be held in his office. (See Exhibit A.) Dr. Mancuso also agreed to accept service of the subpoena by mail

6. On July 9, 2010, counsel for Pfizer mailed the deposition subpoena to Dr. Mancuso. (*Id.*)

7. On July 28, 2010, counsel for Pfizer noticed that he had inadvertently issued the subpoena from the District of Arizona, the Plaintiff's home state and the location of all the other fact witnesses in the case. On that day, counsel for Pfizer re-served an amended subpoena that is identical to the July 9, 2010 subpoena in every respect except it is issued from the District of New Mexico. (Exhibit B.)

2

28

8.  On August 4, 2010, counsel for Pfizer was contacted by the newly retained counsel for Dr. Mancuso who advised that she has a scheduling conflict with the date agreed to by the witness over a month ago.

9.  Pfizer advised counsel for Dr. Mancuso that we would be willing to work with her to arrange another date, but that because of the tight schedule mandated by the MDL Court, it may be difficult to find an alternative date. Furthermore, Pfizer advised counsel for Dr. Mancuso that Plaintiff would likely not agree to having the deposition rescheduled as he is traveling across the country.

## ARGUMENT

This subpoena was issued in case pending in multidistrict litigation and pursuant to 28 U.S.C. § 1407(b), the MDL Court has the power to rule on the motion to quash the subpoena. *See In re: Clients and Former Clients of Baron & Budd, P.C.*, 478 F.3d 670, 671 (5th Cir. 2007) (affirming Texas district court's order "based on the overwhelming weight of authority" transferring motions to quash to MDL Court in Pennsylvania even though subpoenas had "issued" from Southern District of Texas (emphasis added).) ("*In re Baron & Budd*.")

As noted by the Fifth Circuit, section 1407 provides that the transferee judge—here the District of Massachusetts—may "exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in coordinated or consolidated pretrial proceedings." *In re Baron & Budd*, 478 F.3d at 671 (collecting cases). This power includes the power to rule on motions to quash subpoenas. *Id.* (*quoting* 9 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 45.50[4], at 45-75 to 45-77 "In multidistrict litigation the court in charge of the consolidated proceedings has the power to rule on a motion to quash subpoenas"; 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2459 (2006) "The court in charge of consolidated proceedings has power to rule on a motion to quash subpoenas").

3

Accordingly, this Court should transfer the motion to quash the subpoena to the District of Massachusetts.

Dated: August 5, 2010

        s/Sean G. Saxon
        Sean G. Saxon, Esq.
        Stephen E. Oertle, Esq.
        Wheeler Trigg O'Donnell LLP
        1801 California St., Suite 3600
        Denver, Colorado 80202
        Telephone: (303) 244-1800
        Facsimile: (303) 244-1879
        Email: saxon@wtotrial.com
        Email: oertle@wtotrial.com

        and

        Mark S. Cheffo, Esq.
        Catherine B. Stevens, Esq.
        Skadden, Arps, Slate,
           Meagher & Flom LLP
        Four Times Square
        New York, New York 10036
        Telephone: (212) 735-3000

        Attorneys for Defendants Pfizer Inc
        and Warner-Lambert Company LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5 day of August, 2010, I caused to be served a true and correct copy of the foregoing by email to:

Candace J. Cavanaugh
Butt Thornton & Baehr PC
P.O. Box 3170
Albuquerque, NM 87190-3170
Telephone: (505) 884-0777
Email: cjcavanaugh@btblaw.com

Attorneys for Darren Mancuso, D.O.

Ken Fromson, Esq.
Finkelstein & Partners, LLP
1279 Route 300, PO Box 1111
Newburgh, New York 12551
(845) 562-0203
Email: kfromson@lawampm.com

Michael Feldman, Esq.
Jacoby & Myers, LLP
1279 Route 300
Newburgh, New York 12551
mfeldman@jmlawyer.com

Attorneys for Plaintiff

Sean G. Saxon



# WheelerTrigg O'Donnell LLP

Stephen E. Oertle
303.244.1959
oertle@wtotrial.com

July 28, 2010

**BY EMAIL**

Dr. Darren Mancuso
13200 Silver Peak Place NE
Albuquerque, New Mexico 87111

Re: *Lyman v. Pfizer Inc.*

Dear Dr. Mancuso:

Enclosed please find an amended subpoena regarding your deposition in the case of Lyman v. Pfizer. You will note that the only change that has been made in the amended subpoena is in the caption. No other subpoena changes have been made. Thank you for previously agreeing to provide a deposition in this matter on Monday, August 9, 2010, at 9:00 AM. Thank you also for previously agreeing to waive service of process and accept the enclosed amended subpoena by email.

Please feel free to contact me if you have any questions or concerns regarding your deposition.

Best regards,

Stephen E. Oertle

SEO:sdt
Enclosures

cc: Michael Feldman (by email)
Kenneth Fromson (by email)
Sean Saxon (email)

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Mexico

| Gary Lyman | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 04-CV-6704-PBS |
| Pfizer, Inc., et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Massachusetts  ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Dr. Darren Mancuso

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: University of New Mexico Children's Psychiatric Hospital—Conference Room in Main Building 1001 Yale Blvd., Albuquerque, NM 87106 | Date and Time: 08/09/2010 9:00 am |
|---|---|

The deposition will be recorded by this method: __Certified Court Reporter and Videographer__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

All items listed in Exhibit A to this Subpoena.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __07/28/2010__

CLERK OF COURT

OR _____[signature]_____

_____  _____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Pfizer, Inc.__
_____, who issues or requests this subpoena, are:
Stephen E. Oertle, Esq., Wheeler Trigg O'Donnell LLP, 1801 California Street, Suite 3600, Denver, CO 80202
(303) 244-1959; oertle@wtotrial.com

33

## EXHIBIT A

The deponent shall make the following documents and things available for the purposes of inspection and copying:

1. The deponent's curriculum vitae.

2. All documents, records, correspondence, and other materials reviewed by the deponent in preparation for this deposition.

3. All documents, records, correspondence, and other materials in the deponent's possession relating to the care and treatment of Plaintiff.

4. All documents, records, correspondence, or other materials which the deponent received from or sent to Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

5. All documents, including any notes, memoranda, recordings, or other materials related to any conversation (whether in person, telephonic, or otherwise) with Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

 **Wheeler Trigg O'Donnell** LLP

Stephen E. Oertle
303.244.1959
oertle@wtotrial.com

July 8, 2010

**BY FEDERAL EXPRESS**

Dr. Darren Mancuso
13200 Silver Peak Place NE
Albuquerque, New Mexico 87111

    Re:    *Lyman v. Pfizer Inc.*

Dear Dr. Mancuso:

    Thank you for agreeing to provide a deposition in the matter of *Lyman v. Pfizer Inc* on Monday, August 9, 2010, at 9:00 PM. Thank you also for agreeing to waive service of process and accept the enclosed subpoena by Federal Express.

    Please feel free to contact me if you have any questions or concerns regarding your deposition.

                Best regards,

                Stephen E. Oertle

SEO:sir
Enclosures

    cc:    Michael Feldman (by email)
            Kenneth Fromson (by email)
            Sean Saxon (email)

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Arizona

| Gary Lyman | ) |
| :---: | :--- |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  04-CV-6704-PBS |
| Pfizer, Inc., et al. | ) |
|  | ) (If the action is pending in another district, state where: |
| *Defendant* | )       District of Massachusetts        ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Dr. Darren Mancuso

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: University of New Mexico Children's Psychiatric Hospital--Conference Room in Main Building 1001 Yale Blvd., Albuquerque, NM 87106 | Date and Time: 08/09/2010 9:00 am |
| :--- | :--- |

The deposition will be recorded by this method:   Certified Court Reporter and Videographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

   All items listed in Exhibit A to this Subpoena.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   07/08/2010

          CLERK OF COURT                                       OR    /s/ signature

_____                    _____
*Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*         Pfizer, Inc.
                                                                    , who issues or requests this subpoena, are:
Stephen E. Oertle, Esq., Wheeler Trigg O'Donnell LLP, 1801 California Street, Suite 3600, Denver, CO 80202
(303) 244-1959; oertle@wtotrial.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

The deponent shall make the following documents and things available for the purposes of inspection and copying:

1.  The deponent's curriculum vitae.

2.  All documents, records, correspondence, and other materials reviewed by the deponent in preparation for this deposition.

3.  All documents, records, correspondence, and other materials in the deponent's possession relating to the care and treatment of Plaintiff.

4.  All documents, records, correspondence, or other materials which the deponent received from or sent to Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

5.  All documents, including any notes, memoranda, recordings, or other materials related to any conversation (whether in person, telephonic, or otherwise) with Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

NEURONTIN MARKETING,
    SALES PRACTICES AND
    PRODUCTS LIABILITY LITIGATION

: MDL Docket No. 1629

: Master File No. 04-10981

THIS DOCUMENT RELATES TO:

: Judge Patti B. Saris

*Gary Lyman v. Pfizer Inc., et al.*
Case No. 04-CV-6704-PBS

: Magistrate Judge Leo T. Sorokin

---

### NOTICE OF VIDEOTAPED DEPOSITION DUCES TECUM OF DR. DARREN MANCUSO

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively "Pfizer"), by and through their counsel, will take the testimony by deposition upon oral examination, before a person authorized to administer oaths, of Dr. Darren Mancuso. The deposition will be taken in accordance with the Federal Rules of Civil Procedure on August 9, 2010 at 9:00 a.m. The deposition will be held at a conference room in the main building at the University of New Mexico Children's Psychiatric Hospital, 1001 Yale Blvd., Albuquerque, New Mexico 87106. The deposition will be recorded by stenographic means and videotaped by Veritext, L.L.C., 1 Penn Plaza, Suite 1706, New York, New York 10119.

You are invited to attend and to participate in the manner provided for in the Federal Rules of Civil Procedure.

The deponent, Dr. Darren Mancuso is to produce the following documents at his deposition: the records, documents and tangible items set forth in the attached Exhibit A.

Dated: July 8, 2010

*/s/ Andrew C.S. Efaw/*

Andrew C.S. Efaw, Esq.
Stephen E. Oertle, Esq.
Wheeler Trigg O'Donnell LLP
1801 California St., Suite 3600
Denver, Colorado 80202
Telephone: (303) 244-1800
Facsimile: (303) 244-1879
E-mail: efaw@wtotrial.com
E-mail: oertle@wtotrial.com

- and-

Mark S. Cheffo, Esq.
Catherine B. Stevens, Esq.
Skadden, Arps, Slate,
   Meagher & Flom LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000

Attorneys for Defendants Pfizer Inc
and Warner-Lambert Company LLC

2

Case 1:04-cv-10981-PBS Document 3012 Filed 08/06/10 Page 15 of 17
Case 1:10-mc-00020-RBA Document 5 Filed 08/05/10 Page 15 of 16

41

## CERTIFICATE OF SERVICE

The undersigned certifies that on this ___ day of July, 2010, I caused to be served a copy of the foregoing Notice of Videotaped Deposition Duces Tecum of Dr. Darren Mancuso by e-mail to:

Ken Fromson, Esq.
Finkelstein & Partners, LLP
1279 Route 300, PO Box 1111
Newburgh, New York 12551
(845) 562-0203
E-Mail: kfromson@lawampm.com
Attorneys for Plaintiff

Michael Feldman, Esq.
Jacoby & Myers, LLP
1279 Route 300
Newburgh, New York 12551
mfeldman@jmlawyer.com

## EXHIBIT A

The deponent shall make the following documents and things available for the purposes of inspection and copying:

1. The deponent's curriculum vitae.

2. All documents, records, correspondence, and other materials reviewed by the deponent in preparation for this deposition.

3. All documents, records, correspondence, and other materials in the deponent's possession relating to the care and treatment of Plaintiff.

4. All documents, records, correspondence, or other materials which the deponent received from or sent to Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

5. All documents, including any notes, memoranda, recordings, or other materials related to any conversation (whether in person, telephonic, or otherwise) with Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

```
MIME-Version:1.0
From:cmecfbb@nmcourt.fed.us
To:cmecfto@nmcourt.fed.us
Bcc:
--Case Participants: Candace J Cavanaugh (cjcavanaugh@btblaw.com, dabaca@btblaw.com,
sscavell@btblaw.com), Michael S Feldman (mfeldman@jmlawyer.com), Stephen E Oertle
(oertle@wtotrial.com)
--Non Case Participants:
--No Notice Sent:

Message-Id:3247163@nmcourt.fed.us
Subject:Activity in Case 1:10-mc-00020-ACT Lyman v. Pfizer Inc. Order
```
Content−Type: text/html

## U.S. District Court

### District of New Mexico − Version 4.0.3

### Notice of Electronic Filing

The following transaction was entered on 8/5/2010 at 5:19 PM MDT and filed on 8/5/2010

**Case Name:** Lyman v. Pfizer Inc.
**Case Number:** 1:10−mc−00020−ACT
**Filer:**
**Document Number:** 6(No document attached)

**Docket Text:**
**ORAL ORDER transferring motion to quash the subpoena duces tecum to the District of Masschusettes for ruling pursuant to 28 U.S.C. §1407(b) by Magistrate Judge Alan C. Torgerson; Re [5] Response and [3] MOTION to Quash (mlg)**
**[THIS IS A TEXT−ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.]**

**1:10−mc−00020−ACT Notice has been electronically mailed to:**

Candace J Cavanaugh cjcavanaugh@btblaw.com, dabaca@btblaw.com, sscavell@btblaw.com

Stephen E Oertle oertle@wtotrial.com

Michael S Feldman mfeldman@jmlawyer.com

**1:10−mc−00020−ACT Notice has been delivered by fax to:**

**1:10−mc−00020−ACT Notice has been delivered by USPS to:**