UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) MDL Docket No. 1629 ) ) Judge Patti B. Saris ) Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO: | ) ) Civil Action No. 04-10981 |

*Jessie Allen, et al.* **v.** *Pfizer, Inc., Case No. 1:07cv11795 PBS* )
*Est. of Leroy Andereson, et al v. Pfizer, Case No. 1:0835-PBS*
*Mary Cooper, et al v. Pfizer, Inc. Case No. 1:05cv10834-PBS*)
_____)

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION TO DISMISS FOR FAILURE TO COMPLY WITH JULY 12, 2010 ORDER**

COMES NOW, Plaintiffs herein, by and through the undersigned attorney, and submit their MEMORANDUM IN SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION TO DISMISS FOR FAILURE TO COMPLY WITH JULY 12, 2010 ORDER, as follows:

Defendant's Motion to Dismiss breaks down into two (2) parts:

(1) That Plaintiffs Donald Conn, Aleice Garrett, Theodore Crystian, Faith Ford, Ellaweise Lacy, Shirley Drennan, Patricia McDeath, and Laperial Melvin did not timely submit their medical authorizations and medical provider list to Defendant;

and

(2) That 47 Plaintiffs have not submitted medical authorizations;

**Plaintiffs Donald Conn, Aleice Garrett, Theodore Crystian, Faith Ford, Ellaweise Lacy, Shirley Drennan, Patricia McBeath, and Laperial Melvin**

Plaintiffs, Donald Conn, Aleice Garrett, Faith Ford, Ellaweise Lacy, Shirley Drennan, and Laperial Melvin submitted their medical authorizations to Defendant

1

via overnight mail on Friday, July 23, 2010 as acknowledged by Defendant in its Motion. Defendant's attorney was informed by Plaintiff's attorney in correspondence prior to July 23, 2010 and by email on July 23, 2010 that additional medical authorizations had been deposited for overnight delivery. This fact is likewise acknowledged by Defendant in its Motion. At no time did the Defendant indicate that the July 23, 2010 overnight delivery of the medical authorizations would be a problem nor did the Defendant request email delivery of the medical authorizations on July 23, 2010 or even that email delivery was acceptable.[1] These medical authorizations were sent via overnight mail on July 23, 2010 in the same manner as many of the previous 250 medical authorizations had been sent to Defendant. If Plaintiffs knew that email delivery of the medical authorizations would have been acceptable Plaintiffs would have emailed the medical authorizations on July 23, 2010 as opposed to overnighting same on July 23, 2010. These medical authorizations should have been received by Defendant on or about Monday, July 26, 2010, the next business day.

Plaintiffs' attorney was not in possession of these medical authorizations until Friday, July 23, 2010 and overnighted same to Defendant on July 23, 2010. The Defendant sustained no prejudice as a result of the medical authorizations being overnighted on July 23, 2010. Defendant, upon receipt of Plaintiff's email on July 23, 2010, could have indicated or requested an email of the medical authorizations and the same would have been sent via email on July 23, 2010.

Plaintiff, Estate of Theodore Crystian, actually mailed its medical authorization to Defendant on 7/21/2010. However the medical authorization was executed by

---

[1] Schwartz's Plaintiffs submitted medical authorizations via email.

Patricia B. Ashmore without showing her relationship as the personal representative of the Estate of Theodore Crystian.  Therefore the Plaintiff resubmitted the medical authorization on 7/23/2010 indicating that Patricia B. Ashmore was the personal representative of the Estate of Theodore Crystian, Deceased.  Patricia B. Ashmore, individually, is not a plaintiff in this litigation.

Plaintiff Patricia McBeath's medical authorization was not among the medical authorizations submitted via overnight mail on July 23, 2010.

These Plaintiffs have actively participated in discovery in this case in the following respects:

a. **Plaintiff's Initial Disclosures to Defendant**: (Donald Conn, Aleice Garrett, Faith Ford, Ellaweise Lacy, Shirley Drennan, Patricia McBeath and Laperial Melvin);

b. **Plaintiff's Answer to Defendant's First Set of Interrogatories:** (Donald Conn,  Faith Ford, Shirley Drennan, and Laperial Melvin);

c. **Plaintiff's Response to Defendant's Request for Production of Documents:** (Donald Conn, Faith Ford,  Shirley Drennan, and Laperial Melvin);

d. **Plaintiff's Medical Providers List:** (Donald Conn, Aleice Garrett, Faith Ford, Ellaweise Lacy, Shirley Drennan, Patricia McBeath and Laperial Melvin);

e. **Plaintiff's Interrogatories to Defendant:**  (Donald Conn, Shirley Drennan,  and Laperial Melvin);

f. **Plaintiff's Request for Production of Documents to Defendant:** (Donald Conn, Shirley Drennan,  and Laperial Melvin);

g. **Provided medical records to Defendant's prior counsels, Pamela Macer, Esq. and Angela Seaton, Esq.:** (Aleice Garrett, Faith Ford, Ellaweise Lacy, Shirley Drennan, Patricia McBeath and Laperial Melvin);

Boone Law Firm as previously indicated that it will move to withdraw from Faith Ford.

Boone Law Firm will also move to withdraw from Plaintiff Patricia McBeath.

In summary, Plaintiffs, Donald Conn, Aleice Garrett, Theodore Crystian, Faith Ford, Ellaweise Lacy, Shirley Drennan, Patricia McBeath, and Laperial Melvin have not failed to participate in discovery, but in fact have propounded and responded to discovery in addition to supplying medical providers lists and medical records to Defendant. The Defendant is not prejudiced by Plaintiff's delivery of the medical authorizations via overnight mail on July 23, 2010, particularly when the Defendant received the authorizations the next business day. The Defendant admittedly was informed that the medical authorizations were coming by overnight mail and voiced no objection thereto. Accordingly the Motion to Dismiss should be denied.

## 47 Plaintiff Without Medical Authorizations

Boone Law Firm will move to withdraw from all 47 of these Plaintiffs because 30 of these Plaintiffs have not returned medical authorizations to Boone Law Firm after three (3) separate mailings and other requests for the medical authorizations. Boone Law Firm has not received any mail back from the U. S.

Postal Service indicating that the mail to these 30 Plaintiffs was undeliverable. These Plaintiffs are, as follows:

| | | | |
|---|---|---|---|
| Adams, Nathan | 07cv11795 | Sashfras, Shirley | 07cv11795 |
| Edmonds, Mary Jane | 07cv11795 | Shields, Pam | 07cv11795 |
| Edwards, Parlee | 07cv11795 | Singletary, Fletcher | 07cv11795 |
| Ellis, Samuel W. | 07cv11795 | Theodore, Jennifer | 07cv11795 |
| Gibson, Andrew Frederick | 07cv11795 | Thomas, Chester | 07cv11795 |
| Hernandez, Ernest | 07cv11795 | Thomas, Dixie | 07cv11795 |
| Hollingsworth, Karen | 07cv11795 | Tutor, Benjamin | 07cv11795 |
| Jackson, Mattie D. | 07cv11795 | Warfield, Connie | 07cv11795 |
| Johnson, Cheryl | 07cv11795 | Wildee, Waterine | 07cv11795 |
| Johnson, Margaret | 07cv11795 | Wilson, Lakesha | 07cv11795 |
| McCardle, Casey | 07cv11795 | | |
| McClendon, Charlie | 07cv11795 | | |
| McCullar, Grady | 07cv11795 | | |
| Meeks, Virgine | 07cv11795 | | |
| Mitchell, Prince | 07cv11795 | | |
| Norwood, Mary | 07cv11795 | | |
| Patton, Curtis | 07cv11795 | | |
| Poindexter, Annie | 07cv11795 | | |
| Rice, Rodger | 05cv10834 | | |
| Rose, Mary | 07cv11795 | | |

Boone Law Firm will move to withdraw from the remaining 17 Plaintiffs because they have apparently moved, but have failed to provide new addresses or new phone numbers to Boone Law Firm.  All written correspondence to these Plaintiffs since June 2010 has been returned to Boone Law Firm as undeliverable. The phone numbers on file for these Plaintiffs is either disconnected or no longer belongs to these Plaintiffs.  The applicable 17 Plaintiffs are, as follows:

| | | | |
|---|---|---|---|
| Castella, Mary | 07cv11795 | Parks, Helen | 07cv11795 |
| Christman, Kathy | 07cv11795 | Pierce, Donna | 07cv11795 |
| Gilmer, Walter | 07cv11795 | Robinson, Tara | 07cv11795 |
| Hammarstrom, Eric | 07cv11795 | Smiley, Tony B. | 07cv11795 |
| Hasselbach, Lavurne | 07cv11795 | Smith, Lillie | 07cv11795 |
| Lawson, Robert | 07cv11795 | Tollison, Lanelle | 07cv11795 |
| Martinson, Doretha | 07cv11795 | Washington, Rosa | 07cv11795 |
| McGowan, Lorraine | 07cv11795 | White, Clifton | 07cv11795 |
| Morrison, Sara | 07cv11795 | | |

Boone Law Firm's move to withdraw from these Plaintiffs has no indication as to the merit of the respective cases.

Boone Law Firm expects to have moved to withdraw from each of these cases on or before August 16, 2010 and to have filed an amended "Boone Chart" by same date unless this Court orders otherwise.

In summary, it is requested that this Court denies Defendant's Motion to Dismiss so as to give these Plaintiffs an opportunity to show to the Court their reasons, if any, for noncompliance, but that this Court allows Boone Law Firm

until August 16, 2010 to file motions to withdraw from the 49 Plaintiffs aforementioned herein to be withdrawn from by Boone Law Firm.

Respectfully Submitted,

**BY:** **/s/ Levi Boone, III**
Levi Boone, III, MSB #3686
**BOONE LAW FIRM, P.A**.
401 West Sunflower Avenue
Post Office Box 1772
Cleveland, MS 38732
TEL: 662-843-7946
FAX: 662-843-7950

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 7, 2010.

/s/ Levi Boone, III
Levi Boone, III, Esq., MSB# 3686