UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) | Magistrate Judge Leo T. Sorokin |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer" or "Defendants"), respectfully submit this notice of supplemental authorities to inform the Court of two recent rulings.

(1) *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2100, ECF No. 44 (S.D. Ill. Aug. 5, 2010). In this case, third-party payors ("TPPs") sought to recover from the manufacturer amounts paid for the oral contraceptive YAZ. The plaintiffs alleged that the defendants "wrongfully promoted YAZ as safe and effective for unapproved off-label uses and concealed or omitted facts pertaining to YAZ's safety profile." *Id.* at 2-3. The court first analyzed proximate cause as to the plaintiffs' RICO claims, in light of the Supreme Court's holdings in *Hemi Group v. City of New York*, 130 S. Ct. 983 (2010); *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006); and *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258 (1992). *See In re Yasmin*, ECF No. 44 at 10-12, 19-20. Dismissing the case on the grounds that the plaintiffs had failed to sufficiently allege proximate cause, the court explained:

> In the instant case, multiple steps separate the alleged wrongful conduct (the fraudulent advertising campaign and/or the alleged bribery) and the alleged injuries (paying "too much" for "too many") YAZ prescriptions, including patient preference, the independent judgment of the prescribing physician, and the reimbursement decision rendered by the third party payor and its benefits manager. Thus, the causal link necessarily involves the decision making process of the patient, the prescribing physician, and the third party payor. This demonstrates the attenuation in Plaintiffs' civil RICO claims.

> Further, the attenuated connection between the alleged RICO violations and Plaintiffs' alleged injury presents serious questions with regard to the ascertainment of damages. To assess damages, the Court would have to delve into the specifics of each physician patient relationship to determine what damages were caused by Bayer's alleged fraudulent conduct, as opposed to what damages were caused by the physician's independent medical judgment. After all, a physician is permitted to use prescription medication to treat conditions other than those stated on the labeling approved by the FDA when, in his or her best medical judgment, use of the drug will benefit the patient. . . . Attempting to ascertain damages in this scenario, would result in the type of speculative damages analysis the direct proximate cause requirement is intended to prevent.

*Id.* at 17-19 (citations omitted). For the same reason, the court found that the plaintiffs failed to sufficiently allege proximate cause to support their state law misrepresentation claims. *See id.* at 21-22. As discussed in Defendants' Proposed Conclusions of Law (2808-2), there is insufficient evidence in this case that physicians would not have prescribed Neurontin in Plaintiffs' "but for" world. Nor is there evidence that any physician would have prescribed an alternative drug that was at the time cheaper, and would have been more effective, than Neurontin. (2808-2 at 10, 14-15.) A copy of *In re Yasmin* is attached hereto as Exhibit A.

(2) *Siegel v. Shell Oil Co.*, ___ F.3d ___, 2010 WL 2977315 (7th Cir. July 30, 2010). In this case, the Seventh Circuit recently affirmed summary judgment dismissal of claims by a consumer seeking to recover under Illinois' consumer fraud statute for allegedly inflated gas prices. Finding that the plaintiff failed to prove injury or causation, the Seventh Circuit noted the plaintiff continued to purchase the defendants' product even after he filed suit. *See id.* at *4. *Siegel* provides additional support for the arguments made in Defendants' Proposed Conclusions of Law (2808-2) at pages 7 through 9 and Defendants' Response to Plaintiffs' Proposed Conclusions of Law (2816) at pages 8 through 10. As discussed therein, even after filing suit in this lawsuit, Plaintiffs continued to recommend Neurontin as a treatment for off-label conditions, including neuropathic pain, and took no action to restrict formulary access to Neurontin.[1] A

---

[1] On August 9, 2010, Neurontin and gabapentin continued to be the only drugs listed under "Drugs for managing Pain Originating From a Nerve" in the Kaiser website Drug Encyclopedia. See https://members.kaiserpermanente.org/kpweb/drugency/conditiondrugsearch.do?conditionId=5425&name=Pain+Originating+From+a+Nerve&type=condition. In addition, the Kaiser website article on Neurontin continues to state, under "Other uses": "This section contains uses of this drug that are not listed in the approved professional labeling

copy of *Siegel* is attached hereto as Exhibit B.

## CONCLUSION

Defendants respectfully submit that the decisions discussed herein provide additional support for the Proposed Conclusions of Law they have submitted regarding Plaintiffs' UCL claims.

Dated: August 10, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:   /s/ Mark S. Cheffo
      Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Email: Mark.Cheffo@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:   /s/ Raoul D. Kennedy
      Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel: (415) 984-6400
Email: Raoul.Kennedy@skadden.com

---

for the drug but that may be prescribed by your health care professional. Use this drug for a condition that is listed in this section only if it has been so prescribed by your health care professional. Gabapentin may also be used to treat other nerve pain conditions (e.g., diabetic neuropathy, peripheral neuropathy, trigeminal neuralgia)." *See* https://members.kaiserpermanente.org/kpweb/drugency/drugdetails.do?drugID=242690.

3

|  |  |
|---|---|
| CERTIFICATE OF SERVICE<br><br>I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on August 10, 2010.<br><br>/s/ Mark S. Cheffo<br>Mark S. Cheffo | WHEELER TRIGG O'DONNELL LLP<br><br>By:  /s/ James E. Hooper<br>     James E. Hooper<br><br>1801 California Street<br>Suite 3600<br>Denver, CO 80202-2617<br>Tel: (303) 244-1800<br>Email: hooper@wtotrial.com<br><br>*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC* |