UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING, SALES ) <br> PRACTICES, AND PRODUCTS LIABILITY ) <br> LITIGATION ) <br> ) <br> ) <br> THIS ORDER RELATES TO: ) <br> ) <br> BOONE AND SCHWARTZ ) <br> PRODUCTS LIABILITY ACTIONS ) <br> ) | MDL Docket No. 1629 <br> Master File No. 04-10981 <br><br> Judge Patti B. Saris <br> Mag. Judge Leo T. Sorokin |

REPORT AND RECOMMENDATION
ON MOTIONS TO DISMISS FOR BREACH OF DISCOVERY ORDERS

August 11, 2010

SOROKIN, M.J.

     A.    Motion to Dismiss - Boone Cases

On July 12, 2010, the Court noted that seventy-five Plaintiffs represented by the Boone law firm had failed to provide medical authorizations to the Defendants in violation of the Court's discovery orders, and that seven additional Plaintiffs had not provided information on whether or not they had produced such information.  See Docket # 2886.  Accordingly, the Court ordered that these cases would face dismissal unless such authorizations were produced by July 23, 2010.  This Order was the culmination of a long period of discovery, repeated warnings to Attorney Boone, and substantial opportunity to produce the discovery.  See, e.g., Docket # 2839.

On July 24, 2010, Defendants moved to dismiss (Docket #2984) the cases of forty-seven Plaintiffs for whom medical authorizations were not provided and eight more Plaintiffs for whom, at the deadline, Attorney Boone had indicated that medical authorizations were en route.

In the response to the Motion, Attorney Boone states that the medical authorizations were sent to Defendants, for these eight Plaintiffs, by overnight mail on July 23, 2010. Accordingly, I recommend that the Court DENY the Motion to Dismiss regarding all of these eight Plaintiffs (listed at Docket #2984, page 3).

Regarding the forty-seven Plaintiffs who had failed to produce medical authorizations, I recommend that the Court DISMISS the claims of these Plaintiffs. Attorney Boone concedes that he has failed to produce the authorizations from each of these Plaintiffs, Docket #3014, and explains that despite his repeated attempts, these Plaintiffs have not responded to his inquiries.[1] While Attorney Boone suggests that he be permitted to withdraw and the Court allow these Plaintiffs to proceed pro se, this suggestion misses the mark. In order for these Plaintiffs' cases to proceed they must participate in the discovery process and do so according to the deadlines established by the Court. These forty-seven Plaintiffs have failed on both counts, despite numerous opportunities over a long period of time. Moreover, the medical authorizations are an important piece of discovery necessary for other subsequent phases of the discovery, e.g. the gathering of the medical records and preparation for the depositions of the Plaintiffs and prescribing physicians. Dismissal is an available sanction, see Samos Imex Corp v. Nextel Communications, 194 F.3d 301, 305 (1st Cir. 1999), and, in the circumstances of each of these forty-seven cases, is the appropriate sanction. Accordingly, I recommend that the Court DISMISS the claims of the forty-seven Plaintiffs listed in Defendants' Motion, Docket #2984 at page 2.

---

[1] Indeed, for many or all of these Plaintiffs, Attorney Boone appears to lack current contact information.

B.  Motion to Dismiss - Schwartz Cases

On July 14, 2010, the Court noted that sixty-two Plaintiffs represented by the Schwartz law firm had failed to provide medical authorizations to the Defendants in violation of the Court's discovery orders. See Docket # 2890. Accordingly, the Court ordered that these cases would face dismissal unless such authorizations were produced by July 26, 2010. This Order was the culmination of a long period of discovery and substantial opportunity to produce the discovery. See, e.g., Docket # 2839.

On July 27, 2010, Defendants moved to dismiss ( Docket #2988) the cases of twenty-six Plaintiffs represented by the Schwartz law firm for failure to comply with the Court's discovery orders by failing to produce medical authorizations.  Plaintiffs assert that, in fact, authorizations for all but eight Plaintiffs were provided by the July 26, 2010 deadline. Docket #3019. Regarding these Plaintiffs, I recommend that the Court DENY the Motion to Dismiss.

Regarding the eight Plaintiffs that have not produced the medical authorizations, I recommend that the Court ALLOW the motion to dismiss. The orderly progress of discovery in this MDL requires that the parties participate in the discovery process and comply with the deadlines established by the Court.  These eight Plaintiffs have failed on both counts. Moreover, the medical authorizations are an important piece of discovery necessary for other subsequent phases of the discovery, e.g. the gathering of the medical records and preparation for the depositions of the Plaintiffs and prescribing physicians. Dismissal is an available sanction, see Samos Imex Corp v. Nextel Communications, 194 F.3d 301, 305 (1st Cir. 1999), and, in the circumstances of each of these eight cases, is the appropriate sanction. Accordingly, I

3

recommend that the Court DISMISS the claims of the following eight Plaintiffs, unless each such Plaintiff files, during the fourteen day objection period, a notice of voluntary dismissal (a possibility suggested by counsel's response to the motion):

| | |
|---|---|
| Alesha Brown | 09cv10912-PBS |
| Anne Bruce | 06cv11024-PBS |
| Garry Clemons | 06cv11023-PBS |
| Coleen Craig | 06cv10912-PBS |
| Nikko Gonzalez | 06cv11023-PBS |
| Mario Laspina | 06cv10912-PBS |
| Darren Marlow | 06cv11024-PBS |
| Lonnie Payne | 06cv10912-PBS. |

Accordingly, I recommend that the Court ALLOW IN PART AND DENY IN PART the Motion to Dismiss (Docket #2988).

CONCLUSION

For the foregoing reasons, I recommend that the Court:

1. ALLOW the Motion to Dismiss (#2984) by dismissing the claims of the forty-seven Plaintiffs listed in Defendants' Motion Docket #2984 at page 2 and DENY the Motion in All Other Respects;

2. ALLOW the Motion to Dismiss (#2988) by dismissing the claims of the eight Plaintiffs listed above and DENY the Motion in All Other Respects.[2]

/s/ Leo T. Sorokin
LEO T. SOROKIN
United States Magistrate Judge

---

[2] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).