UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>KAISER FOUNDATION HEALTH PLAN, ET AL V. PFIZER, INC., ET AL, 04 CV 10739 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

## STIPULATION REGARDING STAY OF EXECUTION

Plaintiffs, Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals ("Kaiser") and Defendants Pfizer Inc and Warner-Lambert Company LLC ("Pfizer") (collectively, with Kaiser, "the Parties"), hereby stipulate as follows:

1. Except as provided in paragraph 6, Kaiser agrees that it will not attempt to execute on any judgment entered in the above-captioned action until all appeals have been exhausted and will not oppose Pfizer's motion for stay of execution without bond or other security.

2. In the event of any of the following three events, Kaiser, in its complete and sole discretion, can demand that Pfizer post a bond in an amount to be determined by Kaiser, but not to exceed 110 percent of the judgment:

    (a) Pfizer Inc's market capitalization drops below 80 billion dollars (U.S.), or

    (b) Pfizer Inc publicly announces that a change in control (as defined in paragraph 4) has occurred or may occur, or

    (c) any one of Pfizer Inc's long term ratings drops to BBB+ (Standard and Poor's Ratings Services), Baa1 (Moody's) or BBB+ (Fitch, Inc.).

3. Any demand made by Kaiser pursuant to paragraph 2 shall be in writing and transmitted to Christopher L. Gaenzle, Pfizer Inc., 235 East 42nd Street, New York, NY 10017 by hand delivery or Federal Express overnight delivery.

4. "Change in control" means either of the following events: (1) Merger between Pfizer and another corporation, or (2) acquisition of more than 50 percent of Pfizer's common (voting) stock by another corporation.

5. Pfizer agrees that it will post a bond in the amount demanded by Kaiser pursuant to paragraph 2 within 30 days after receipt of such demand. Pfizer reserves the right to contest Kaiser's assertion that the events stated in paragraph 2 have occurred, but agrees that it will not oppose Kaiser's demand for bond on any other grounds. In the event that Kaiser demands a bond pursuant to paragraph 2, Pfizer agrees that, should the judgment be reversed on appeal, it will not ask that the cost of such bond to be taxed as court costs.

6. Kaiser agrees that it will not attempt to execute on any judgment prior to the exhaustion of all appeals in this matter unless it makes demand for bond pursuant to paragraph 2 and Pfizer fails to post such bond within the time provided by paragraph 5.

Dated: August 12, 2010

Respectfully submitted,

By: /s/ Linda P. Nussbaum
Linda P. Nussbaum

Linda P. Nussbaum
John D. Radice
NUSSBAUM LLP
88 Pine Street, 14th Floor
New York, New York 10005

*Attorneys for Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals*

*Of Counsel*

Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

Thomas Greene
GREENE, LLP
33 Broad Street, 5th Floor
Boston, MA 02109

*Attorneys for Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals*

By: */s/ Mark S. Cheffo*
    Mark S. Cheffo

Mark S. Cheffo
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

Raoul D. Kennedy
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center
San Francisco, CA 94111

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on August 12, 2010.

*/s/ Mark S. Cheffo*
Mark S. Cheffo