UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
: MDL Docket No. 1629
In re: NEURONTIN MARKETING, :
SALES PRACTICES AND : Master File No. 04-10981
PRODUCTS LIABILITY LITIGATION :
: Judge Patti B. Saris
------------------------------------------------------------x
: Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO: :
:
PRODUCTS LIABILITY ACTIONS :
:
------------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF PRODUCTS LIABILITY
PLAINTIFFS' MOTION ON CONSENT FOR EXTENSION
OF SEPTEMBER 14, 2010 DISCOVERY SCHEDULE DEADLINE**

Products Liability Plaintiffs submit this Memorandum in support of their motion for a sixty (60) day extension of the September 14, 2010 discovery schedule deadline for all products liability cases.

**BACKGROUND**

On September 17, 2009, by electronic order, this Court ordered that the parties complete by September 14, 2010, the following discovery for the cases remaining in this MDL, excluding the Boone and Schwartz cases: depositions of the Plaintiffs, depositions of the prescribing physicians and depositions of the sales representatives. *See* ECF Doc. # 2079. The parties to this litigation have made good faith efforts to complete this discovery in all of the products liability actions in this litigation and are continuing to do so. Unfortunately, due to logistics and the sheer volume of individuals to be deposed, the parties will be unable to complete the ordered discovery within the deadline established by this Court. The parties have conferred and agree in principle with the necessity of relief from the Court as it pertains to the current discovery

deadline.  Plaintiffs request a sixty (60) day extension of the September 14, 2010 discovery deadline to November 13, 2010.

## ARGUMENT

A District Judge exercises broad discretion when supervising the discovery process. *Arzuaga-Perello v. Shell Co. (Puerto Rico).,* No. 98-1834, 1999 U.S. App. LEXIS 2162, at *2 (1st Cir. Feb. 4, 1999); *Cruden v. Bank of New York,* 957 F.2d 961, 972 (2d Cir. 1992).  The First Circuit has stated that it will intervene concerning the trial court's discretion '"…only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party"' *Arzuaga-Perello*, at *2 (citing to *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 91 (1st Cir. 1996)).  Pursuant to Fed. R. Civ. P. 26(b)(1), Plaintiffs are entitled to "discovery regarding any nonprivileged matter that is relevant to an party's claim or defense."  Moore's Federal Rules Pamphlet 2009.  Courts have generally followed the premise that "the broad mandates of Fed. R. Civ. P. 26 demand that the scope of discovery be liberally construed so as to provide both parties with information essential to proper litigation on all the facts."  *M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc*., 103 F.R.D. 635, 637 (D. Mass. 1984) (citing to *Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Auth.,* 79 F.R.D. 72 (D.P.R. 1978).

As noted *supra,* although the parties to this litigation have continued to coordinate in good faith to complete the Court-ordered discovery, it appears that they will be unable to meet the Court's deadline in light of the discovery that still remains outstanding.  Thus far, the parties have made great strides towards the goal of completing this discovery and have in fact conducted depositions all over the country, and continue to schedule depositions, even after the current deadline, with the intention of completing initial discovery as soon as is practical.  A chart which

includes a listing of physician and sales representative depositions that have been conducted, scheduled or remain outstanding and custodial files yet to be produced to Plaintiffs is attached hereto as Exhibit A.

Moreover, as a result of the discovery completed, the parties have been discovering additional information as a result of conducting depositions that has led to post-deposition discovery demands.  The parties have been coordinating in reference to the provision of supplemental responses to previous Rule 26 disclosures when necessary.  In particular, it is not uncommon for Plaintiffs and Defendants to discover additional information from an individual Plaintiff at the time of his or her deposition, including information that was previously subject to Defendants' template discovery demands.  Consequently, Plaintiffs are presently in the process of supplementing disclosures.  The parties require a sixty (60) day extension of the discovery deadline to November 13, 2010, in order to obtain all of the information essential to the prosecution and/or defense of these actions.

Alternatively, should the Court be inclined NOT to extend the initial discovery phase, but instead is intent on remanding cases back to the courts of original jurisdiction, the parties request recognition by the Court that such a decision does not equate to a waiver of either party's right to complete such outstanding initial discovery after remand.

Dated: August 13, 2010					Respectfully submitted,

						*Members of Products Liability*
						*Plaintiffs' Steering Committee*


					By:	**/s/ Andrew G. Finkelstein**
						Andrew G. Finkelstein, Esquire
						Finkelstein & Partners, LLP
						1279 Route 300, P.O. Box 1111
						Newburgh, NY  12551

By:   /s/ Jack W. London
Jack W. London, Esquire
Law Offices of Jack W. London
   & Associates
3701 Bee Cave Rd., Suit 200
Austin, TX  78746

## CERTIFICATION OF GOOD FAITH

I hereby certify that I have conferred in good faith with counsel for Defendants on numerous occasions concerning the issues presented in the foregoing motion, and Defendants consent to this motion.

Dated:  August 13, 2010

/s/ Kenneth B. Fromson
Kenneth B. Fromson, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on August 13, 2010.

/s/ Andrew G. Finkelstein
Andrew G. Finkelstein, Esquire