UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:  NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THIS DOCUMENT RELATES TO:

*Briggs v. Pfizer Inc., et al.*,
1:07-cv-10327-PBS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' UNOPPOSED MOTION TO AMEND ANSWER**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") respectfully submit this memorandum in support of their motion to amend their Answer pursuant to Federal Rule of Civil Procedure 15(a)(2).

**ARGUMENT**

Plaintiff brought this wrongful death action to recover for her husband's death, which she alleged was related to his use of the prescription medicine Neurontin. The events surrounding Plaintiff's decedent's suicide occurred in North Carolina, and he was a domiciliary of North Carolina at the time of his death.

Defendants now seek leave to amend their Answer to include explicitly the defense of contributory negligence pursuant to North Carolina General Statutes section 99B-4 and North Carolina common law. Their most-recent Answer[1] contains affirmative defenses of misuse of the product, contribution, the learned intermediary doctrine, comparative assumption of risk, and comparative negligence. (Am. Ans. [2287] at Aff. Defenses 6, 9, 16, 18.) These pleadings alone are sufficient to put Plaintiff on notice of the affirmative defense of contributory negligence

---

[1] This is Defendants' first motion to amend their answer in this case. Plaintiff filed an Amended Complaint in this action on December 7, 2009, and Defendants filed an Answer to that Amended Complaint on December 24, 2009. (Am. Compl. [2199], Am. Ans. [2287]).

under North Carolina law.  *See Coleman v. Ramada Hotel Operating Co.*, 933 F.2d 470, 475 (7th Cir. 1991) (holding that a defendant's failure to plead assumption of risk in the answer did not result in waiver where contributory negligence was pled because "there exists substantial overlap between the two doctrines" and they "are inextricably intertwined"); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  Still, Defendants – in an abundance of caution – request that this Court allow them to amend their answer in order to plead that doctrine more explicitly under section 99B-4.

Federal Rule of Civil Procedure 15(a)(2) provides that the district courts should freely grant parties leave to amend their pleadings prior to trial.  Permission to amend the pleadings should be "freely given" in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, . . . futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Considering that none of these concerns apply in the present circumstances, the Court should grant Defendants' motion to amend.

The proposed amendment would result in no prejudice to the Plaintiff or delay in these proceedings.  Considering that Defendants' current Answer sets forth the affirmative defenses of comparative negligence, product misuse, and assumption of risk, Plaintiff cannot legitimately claim prejudice resulting from the amendment because (1) plaintiffs were put on notice that any negligence by the decedent would be relied upon by defendants to reduce its own liability,[2] and (2) the same evidence used to establish comparative negligence, product misuse, and assumption of risk would be used to establish contributory negligence.  *See Coleman*, 933 F.2d at 475

---

[2] The substantive difference between contributory negligence and comparative fault is that contributory negligence completely bars recovery pursuant to North Carolina law.  *See Smith v. Fiber Controls Corp.*, 300 N.C. 669, 672 (1980) ("In a product liability action founded on negligence, 'there is no doubt that . . . [plaintiff's] contributory negligence will bar his recovery to the same extent as in any other negligence case.'" (citations omitted)).  Defendants believe that their prior pleadings were sufficient to raise defenses based upon the fault of the decedent, but seek this amendment out of an abundance of caution.

(holding that plaintiff suffered no prejudice from the failure to plead one affirmative defense where another affirmative defense that was actually pled "would elicit the same discovery").

Furthermore, there has been no undue delay, and there is good cause for the amendment. The parties are still conducting discovery in this case, and no trial date has been set. Recently, Plaintiff testified in her deposition that the decedent, a licensed physician, self-medicated himself with Neurontin without a prescription and may have otherwise used such medicine improperly. This testimony squarely implicates the contributory negligence defense. Consequently, in an abundance of caution, the Court should permit the Defendants to amend their Answer to include the explicit form of this defense under section 99B-4 and the common law of North Carolina. *See Bryan v. Adams*, 116 N.C. App. 448 (1994) ("G.S. § 99B-4 of the Products Liability Act . . . codifies contributory negligence as a bar in products liability actions[.]"); *see also Nicholson v. American Safety Util. Corp.*, 346 N.C. 767, 773 (1997) (holding that "all of the circumstances during the plaintiff's use of the product must be considered [in determining plaintiff's contributory negligence], not just plaintiff's conduct with respect to the product itself").

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court grant Defendants' motion for leave to file their Amended Answer, attached hereto as Exhibit A, which includes explicitly the affirmative defense of contributory negligence.

Dated: August 17, 2010               Respectfully submitted,

                                     SKADDEN, ARPS, SLATE,
                                       MEAGHER & FLOM LLP

                                     By:   /s/ Mark S. Cheffo
                                           Mark S. Cheffo

                                     Four Times Square
                                     New York, NY 10036
                                     Tel:  (212) 735-3000

3

ROPES & GRAY LLP

By: /s/ Ana M. Francisco
Ana M. Francisco
BBO #564346

One International Place
Boston, MA  02110
Tel:  (617) 951-7000
Email:  ana.francisco@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on August 17, 2010.

/s/ Ana. M. Francisco
Ana M. Francisco

4