- 1 -

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris |

- 1 -

889291.1

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals ("Kaiser") respectfully submit this notice of supplemental authority in support of its Proposed Conclusions of Law, submitted on April 29, 2010 (Dkt. No. 2806).[1]

## AUTHORITY

1. *Gutierrez v. Wells Fargo Bank, N.A.*, --- F. Supp. 2d ----, 2010 WL 3155934 (N.D. Cal. Aug. 10, 2010), attached as Exhibit A. Following a bench trial, the Court found that Wells Fargo had violated Section 17200 of California's Business & Professions Code ("Unfair Competition Law," or "UCL") through its use of a "bookkeeping device" designed to maximize the overdraft fees it could impose on its customers.[2]

The *Gutierrez* court clearly sets forth what is required to show a violation of the UCL, and supports the conclusion that that Pfizer's conduct violated the UCL. As the Court explained, the UCL requires the plaintiff to show that "members of the public are likely to be deceived" by a defendant's statement. *Id*. at *47. Otherwise accurate statements violate the "fraudulent" prong of the UCL where they are "couched in such a manner that is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information . . ." *Id*. Defendants' omissions and distortions of the scientific record on Neurontin fit squarely within the purview of the UCL, as the *Gutierrez* court confirms.

The *Gutierrez* court also reaffirmed the long line of authority holding that a defendant may not benefit from purported uncertainty as to the precise amount of damages to avoid liability, as Pfizer seeks to do here. (See Dkt. No. 2808-2, at 15-17; Dkt. No. 2816, at 18-19.) The *Gutierrez* court stated that exact precision is not necessary when calculating the amount

---

[1] Kaiser has heretofore refrained from submitting such notices, and is aware that it previously requested the Court to order that no party file notices absent a new, binding, and dispositive decision. (*See* Dkt. No. 2868.) Because the Court did not address this request, and in the interest of fairness, particularly given that Pfizer has submitted four such notices, albeit none of them addressing a Section 17200 case, Kaiser makes this short submission.

[2] Not a single one of the four notices of supplemental authority submitted by Pfizer involved a UCL claim, on which the parties' proposed conclusions of law have been submitted.

- 2 -

889291.1

of restitution because "[i]t would not be equitable to allow the [defendant] to extract hundreds of millions of dollars through unfair and fraudulent business practices and then use the supposed inadequacies of its own record-keeping system to shield itself from restitution." *Id.* at 59, n.28.

Finally, the *Gutierrez* court also confirmed that a party who has suffered losses as a result of a defendant's "deceptive omissions and marketing materials" has standing to bring claims under the UCL. *Id.* at 55.

## CONCLUSION

Kaiser respectfully submits that the foregoing authorities provide further support for its Proposed Conclusions of Law.


Dated:  August 17, 2010                                Respectfully submitted,


                                                       By:    */s/ Thomas M. Sobol*
                                                              Thomas M. Sobol

                                                       Thomas M. Sobol
                                                       HAGENS BERMAN SOBOL
                                                         SHAPIRO LLP
                                                       55 Cambridge Parkway, Suite 301
                                                       Cambridge, MA 02142

                                                       *Of Counsel*


*Attorneys for Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals*

Linda P. Nussbaum
NUSSBAUM LLP
88 Pine Street, 14th Floor
New York, NY 10005

889291.1

*Of Counsel*

Thomas M. Greene
GREENE LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Barry Himmelstein
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Don Barrett
DON BARRETT, P.A.
P.O. Box 987
404 Court Square North
Lexington, MS 39095

- 5 -

**CERTIFICATE OF SERVICE**

        I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on August 17, 2010.

*/s/ Thomas M. Sobol*
Thomas M. Sobol

- 5 -

889291.1