UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
: MDL Docket No. 1629
In re: NEURONTIN MARKETING, :
SALES PRACTICES AND : Master File No. 04-10981
PRODUCTS LIABILITY LITIGATION :
: Judge Patti B. Saris
------------------------------------------------------------x
: Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO: :
:
PRODUCTS LIABILITY ACTIONS :
:
------------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF PRODUCTS LIABILITY
PLAINTIFFS' MOTION ON CONSENT FOR A CASE
MANAGEMENT ORDER ESTABLISHING A DISCOVERY SCHEDULE
REGARDING THE GENERIC GABAPENTIN DEFENDANTS**

Products Liability Plaintiffs submit this Memorandum in support of their motion, made with the consent of defense counsel, for a Case Management Order establishing a discovery schedule regarding actions related to Gabapentin (the generic, bioequivalent to Neurontin®).

**BACKGROUND**

On December 21, 2009, Plaintiffs and Defendants Teva Pharmaceuticals, USA, Inc., Ivax Pharmaceuticals, Inc., Actavis, Inc., Actavis Elizabeth, LLC, Purepac Pharmaceuticals Co., Eon Labs, Inc., Sandoz, Inc., and Novartis Pharmaceuticals, submitted to this Court a Joint Proposal on Discovery Schedule With Respect to "Generic Defendants". ECF Doc. # 2258. It does not appear that this Court has ever so-ordered this proposed joint schedule. Therefore, Plaintiffs, on consent of counsel for the generic gabapentin defendants, hereby move for the issuance of a discovery schedule in the MDL coordinating discovery regarding the generic gabapentin defendants with the schedule recently established in the New York State Neurontin Coordinated

Litigation.  *See* Joint Order on Discovery Schedule With Respect to Generic Defendants, signed by the Honorable Marcy S. Friedman, J.S.C., on August 18, 2010, attached hereto as Exhibit A. Pursuant to that Order, discovery regarding the generic defendants will proceed as follows:

| | |
|---|---|
| Fact discovery closes | 12/14/10 |
| Plaintiffs' general Liability expert Reports (excludes case-specific expert reports) | 1/28/11 |
| Deposition of Plaintiffs' general liability experts | 2/28/11 |
| Defendants' general liability expert reports (Excludes case-specific expert reports) | 3/28/11 |
| Deposition of Defendants' general liability experts | 4/28/11 |
| Dispositive motions | 5/27/11 |
| Oppositions to dispositive motions | 6/17/11 |
| Replies to dispositive motions | 6/24/11 |

Justice Friedman's Order also includes a footnote that sets forth the parties' intention "to submit this Order for consideration by the United States District Court, District of Massachusetts, MDL 1629, so as to coordinate this discovery schedule with the MDL." Exhibit A at 1, n.1.

## **ARGUMENT**

A District Judge exercises broad discretion when supervising the discovery process. *Arzuaga-Perello v. Shell Co. (Puerto Rico).,* No. 98-1834, 1999 U.S. App. LEXIS 2162, at *2 (1st Cir. Feb. 4, 1999); *Cruden v. Bank of New York,* 957 F.2d 961, 972 (2d Cir. 1992).  The First Circuit has stated that it will intervene concerning the trial court's discretion "'…only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party'" *Arzuaga-Perello*, at *2

(citing to *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 91 (1st Cir. 1996)).  Pursuant to Fed. R. Civ. P. 26(b)(1), Plaintiffs are entitled to "discovery regarding any nonprivileged matter that is relevant to an party's claim or defense."  Moore's Federal Rules Pamphlet 2009.  Courts have generally followed the premise that "the broad mandates of Fed. R. Civ. P. 26 demand that the scope of discovery be liberally construed so as to provide both parties with information essential to proper litigation on all the facts."  *M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc.*, 103 F.R.D. 635, 637 (D. Mass. 1984) (citing to *Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Auth.,* 79 F.R.D. 72 (D.P.R. 1978)).

For the reasons discussed above, Plaintiffs, with the consent of the generic gabapentin defendants, hereby respectfully request that this Court issue an order coordinating the discovery of the generic gabapentin defendants in this MDL with the discovery schedule that was recently established by the New York State Neurontin Coordinated Litigation.

Dated: August 24, 2010                            Respectfully submitted,

*Members of Products Liability
Plaintiffs' Steering Committee*

By:     **/s/ Andrew G. Finkelstein**
         Andrew G. Finkelstein, Esquire
         Finkelstein & Partners, LLP
         1279 Route 300, P.O. Box 1111
         Newburgh, NY  12551

By:     **/s/ Jack W. London**
         Jack W. London, Esquire
         Law Offices of Jack W. London
            & Associates
         3701 Bee Cave Rd., Suite 200
         Austin, TX  78746

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on August 24, 2010.

                                             **/s/ Andrew G. Finkelstein**
                                             Andrew G. Finkelstein, Esquire