UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------x

In re: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

MDL Docket No. 1629

Master File No. 04-10981

---------------------------------------------x

Judge Patti B. Saris

THIS DOCUMENT RELATES TO:

ALL SCHWARTZ PRODUCT LIABILITY ACTIONS

Magistrate Judge Leo T. Sorokin

---------------------------------------------x

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH AUGUST 4, 2010 ORDER

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this memorandum in support of their Motion to Dismiss for Failure to Comply with August 4, 2010 Order. (*See* August 4, 2010 Electronic Order allowing [2897] Defendants' Motion to Compel Responses to Discovery ("August 4, 2010 Order").) The claims that are the subject of this motion are listed in Defendants' Motion to Dismiss.

### ARGUMENT

Pursuant to Discovery Order Nos. 2 and 6, Plaintiffs Cynthia Myers and Robert Angel, represented by the Law Offices of Newton B. Schwartz (the "Schwartz Plaintiffs"), were required to serve responses to Pfizer's template discovery and other discovery materials long ago. [372; 550]. Despite initially filing suit many years ago, Defendants' requests for the Schwartz Plaintiffs' responses,[3] the designation of these Schwartz Plaintiffs as those subject to the Court's November 2010 deadline for completion of initial core discovery, and this Court's August 4, 2010 Electronic Order allowing Defendants' motion to compel discovery, Defendants still have yet to receive certain discovery from the Schwartz Plaintiffs. Due to these failures, the claims of these Schwartz Plaintiffs should be dismissed.

---

[3] Defendants' discovery deficiency letters to the Schwartz Plaintiffs are attached as Exhibit A. All exhibits are attached to the accompanying Declaration of Catherine B. Stevens.

On July 16, 2010, Defendants moved to compel certain outstanding and overdue discovery from the Schwartz Plaintiffs subject to the Court's November 2010 initial discovery deadline. (*See* Defendants' Motion to Compel Responses to Discovery [2897].) Plaintiffs did not oppose Defendants' motion, and the Court thereafter issued its August 4, 2010 Order allowing Defendants' motion, and ordering "that the responsive discovery shall be provided by August 13, 2010, or the plaintiffs failing to do so shall face dismissal of their cases." (August 4, 2010 Order.)

While the Law Offices of Newton B. Schwartz did provide some outstanding discovery for certain Plaintiffs prior to the Court's August 13, 2010, deadline, certain discovery remains incomplete. Specifically, Plaintiff Cynthia Myers has failed to provide any responses to template interrogatories or requests for production, initial disclosures pursuant to Rule 26, or a provider list. Additionally, while Plaintiff Robert Angel has produced a provider list, he has failed to provide any responses to template interrogatories or requests for production, or any initial disclosures pursuant to Rule 26. Further, Plaintiff Angel's medical provider list only identifies 2 providers total – well below what would be expected based on materials provided in similar cases by other Plaintiffs. (*See, e.g.,* Ex. B, Angel Provider List.) As a consequence, Defendants lack the fundamental discovery necessary to take the depositions of these 2 Schwartz Plaintiffs or of their prescribing physicians.

The Schwartz Plaintiffs were put on notice of the consequences of their failure to comply with Magistrate Judge Sorokin's Order August 4, 2010 Order, which noted that Plaintiffs failing to produce the required discovery "shall face dismissal of their cases." (August 4, 2010 Order.) Neither of these Schwartz Plaintiffs made a motion for extension of the August 13, 2010, deadline established by this Court's August 4, 2010 Order or has even attempted to demonstrate good cause for their failure to comply. Such discovery deficiencies at this point are unacceptable.

At this late date, the lawsuits at issue remain at the very inception of the discovery process, and these Schwartz Plaintiffs have failed to provide to Defendants the most basic

disclosures required to initiate discovery. These Schwartz Plaintiffs have been given every opportunity to comply with their threshold discovery obligations and the orders of this Court. Their claims should be dismissed with prejudice.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the claims of the Schwartz Plaintiffs identified in Defendants' motion to dismiss be dismissed with prejudice.

Dated: August 30, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
    Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

ROPES & GRAY LLP

By: /s/ Ana M. Francisco
    Ana M. Francisco
    BBO #564346

One International Place
Boston, MA 02110
Tel: (617) 951-7000
Email: ana.francisco@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on August 30, 2010.

/s/ Ana. M. Francisco
Ana M. Francisco

3