UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

On September 13, 2010, Defendants filed a Notice of Supplemental Authority (Docket No. 3064) related to Defendants' Proposed Findings of Fact and Conclusions of Law (Docket No. 2816) and Defendants' Response to Plaintiffs' Proposed Conclusions of Law (Docket No. 2808), informing the Court of two purportedly on-point decisions: *In re Zyprexa Prods. Liab. Litig*. (*UFCW Local 1776 v. Eli Lilly and Co.),* 2010 U.S. App. LEXIS 18959 (2d Cir. Sept. 10, 2010) ("*Zyprexa*") and *Loreto v. Proctor & Gamble Co*., No. 09-cv-815, 2010 WL 3471752 (S.D. Ohio Sept. 3, 2010) ("*Loreto*"). Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals ("Plaintiffs" or "Kaiser") now briefly respond.

A.     **Kaiser Has Satisfied The Standard Announced In** *Zyprexa*

    1.     **Kaiser Directly Relied on Pfizer's Misrepresentations**

In this Court's summary judgment opinion for the coordinated payor plaintiffs, the Court determined that "the Coordinated Plaintiffs cannot rely solely on Dr. Rosenthal's report as the silver bullet to establish causation." Memorandum and Order ("Order"), January 8, 2010, Docket No. 2309 at 27. Instead, the Court determined "a TPP must demonstrate that it relied on a misrepresentation or omission," and "must present evidence that they were directly harmed by misrepresentations or omissions relied on by the TPP." Order at 27, 28. The Court then assessed the factual record developed by all three TPPs, and concluded that "Kaiser *has* provided sufficient evidence of causation." Order at 28 (emphasis added). At trial, Kaiser witnesses testified that they relied on Pfizer's misrepresentations about efficacy in making formulary decisions and that the number of Neurontin prescriptions declined dramatically in the wake of Kaiser's reeducation campaign. The jury confirmed that Kaiser relied on Pfizer's misrepresentations and consequently that Kaiser suffered an injury.

The *Zyprexa* court required nothing more than what this Court had already required and what Kaiser proved at trial: direct reliance on the defendant's misrepresentations and corresponding injury. *Zyprexa* at 26, 27 (stating "[c]rucially, the TPPs do not allege that *they* relied on Lilly's misrepresentations."). Put differently, Kaiser *has* satisfied the requirements imposed by the *Zyprexa* Panel.

    2.     **Kaiser Asserts A Quantity Theory, Not An "Excess Price" Theory of Recovery**

Kaiser is seeking to recover under a quantity theory: as a result of Pfizer's fraud, Kaiser paid for too many Neurontin prescriptions. The *Zyprexa* and *Neurontin* cases have proceeded under two very different theories. At heart, the *Zyprexa* plaintiffs alleged that Zyprexa is a

powerful medication with serious, then-unknown-to-plaintiffs, side effects and that defendant's claims concerning Zyprexa's superiority to other treatments were misleading, all of which diminish the value of the drug.  By contrast, Kaiser here has not sought recovery based on Neurontin's side effects – or a diminution in value of the drug because of them – and instead has alleged and, as the jury found, proven that Neurontin is ineffective for certain indications for which Defendants extensively marketed it.

The district court certified the *Zyprexa* class under an excess price theory; that is, plaintiffs alleged they paid too much for each Zyprexa prescription.  *Zyprexa* at 17-19.  To the extent the *Zyprexa* court made comments about the *Zyprexa* planitiffs' abandoned quantity theory[1] (*id.* at 28-33), their remarks actually *support* an individual payor's ability to recover: "while [a quantity theory] cannot support class certification, it is not clear that the theory is not viable with respect to individual claims by some TPPs or other purchasers." *Id*. at 33.  Indeed, the *Zyprexa* court remanded the quantity theory for further proceedings.  *Id.*[2]

In making remarks about the viability of a quantity theory, the *Zyprexa* court faulted plaintiffs for failing to provide evidence about possible alternative drugs that may have been prescribed instead of Zyprexa.  *Id*. at 31.  In recognition of this Court's similar concern (*see* Order at 32-34) Kaiser presented information about "cheaper more optimal" alternatives to the jury.[3]

---

[1] The *Zyprexa* court addressed plaintiffs' long-abandoned quanitity theory without the benefit of briefing from the parties or any analysis by the district court.

[2] Defendants' assertion that the outcome of the proceedings on remand is a foregone conclusion (based on the district court's remarks in another matter) is rank speculation that has no place in a Notice of Supplemental Authority.  *See* Notice at 6-7.

[3] On September 24, 2010, the *Zyprexa* plaintiffs filed a Petition for Panel Rehearing and Rehearing En Banc. *See* Petition for Panel Reheaing and Rehearing En Banc ("Petition"), attached as Exhibit A.  The Petition asserts that the Panel's decision conflicts with both Supreme Court and Second Circuit precedent by requiring the plaintiffs to prove direct reliance on the fraudulent misrepresentations that form the basis of the plaintiffs' RICO claims.  The Petition points out, *inter alia*, that the Zyprexa panel did not even cite to the Second Circuit's earlier and controlling decision in *Desiano v. Warner-Lambert Co*., 326 F.3d 339, 349 (2d Cir. 2003), a decision addressed in this Court's

B.     *Loreto* Does Not Address California's Unfair Competition Law

In bringing the attention of the Court to a case from the Southern District of Ohio not addressing California's Unfair Competition Law ("UCL"), Pfizer argues, again, that Kaiser's UCL claims arising out of the unlawful prong of the UCL, are preempted. Pfizer remains incorrect.

The *Loreto* court dismissed claims arising out of Proctor & Gamble's marketing of over-the-counter products containing vitamin C an attempt to enforce the FDCA through a private right of action. The only UCL case that the *Loreto* court cited was *In re Epogen & Aranesp Off-Label Mktg. & Sales Pracs. Litig.*, 590 F. Supp. 2d 1282 (S.D. Cal. 2008) (appeal pending). As Kaiser has previously explained, the *Epogen* case expressly disclaimed that it was making a preemption holding, but was instead simply stating that the plaintiffs had failed to make sufficient allegations of deceptive misrepresentations.[4] Neither the *Loreto* nor the *Epogen* courts addressed a claim arising from the "unlawful" prong of the UCL, which provides for "borrowing" of violations of other statutes, including the FDCA, to establish liability. *See* Kaiser's Proposed Conclusions of Law (Dkt. No. 2808, ¶¶ 12-18). Instead, the *Loreto* court, like the *Epogen* case that it relied on, was focused on fraud claims rather than the "unlawful" prong of the UCL, which would be easily satisfied with a criminal guilty plea, which neither court had before it, either. Neither case supports Pfizer's novel preemption theory.

Pfizer next uses a piece of the *Loreto* opinion to rehash its assertions about Neurontin's efficacy and Kaiser's injuries, but even a cursory review of the factual record in that case reveals it has no applicability here at all. In *Loreto*, the Court concluded that the plaintiffs' entire theory of misrepresentations hinged on a Warning Letter from the FDA which the Court pointed out

---

Order. Because Kaiser has satisfied the requirements imposed by the *Zyprexa* court, the outcome of the rehearing petition could only strengthen Kaiser's claims.

[4] *See* Kaiser's Proposed Conclusions of Law (Dkt. No. 2808), ¶¶ 16-17.

contained equivocal statements about vitamin C's efficacy. Although Pfizer continues to assert that Neurontin was effective for the indications at issue here, it has pointed to no equivalent statements from the FDA here or in its Proposed Findings of Fact that indicated the FDA was considering a broader label for Neurontin. *Loreto* thus only reinforces the ample record Kaiser has developed of Neurontin's inefficacy.

Neither *Zyprexa* nor *Loreto* change the ultimate conclusion that Kaiser has proved violations of the UCL and RICO, as the jury found.

Dated:  October 4, 2010               Respectfully submitted,

                                      By:    */s/ Linda P. Nussbaum*
                                             Linda P. Nussbaum

                                      Linda P. Nussbaum
                                      John D. Radice
                                      GRANT & EISENHOFER, P.A.
                                      485 Lexington Avenue
                                      New York, NY 10017

                                      *Attorneys for Plaintiffs Kaiser Foundation
                                      Health Plan, Inc. and Kaiser Foundation
                                      Hospitals*

*Of Counsel*

Thomas M. Greene
GREENE LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL
  SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

Don Barrett
DON BARRETT, P.A.
P.O. Box 987
404 Court Square North
Lexington, MS 39095

Barry Himmelstein
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339