UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>CLASS ACTION | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

895881.1

Class Plaintiffs[1] respectfully submit this notice of supplemental authority in support of their Motion for Reconsideration of Order Denying Renewed Motion for Class Certification (Dkt. No. 1796).

Last week, in *Lee v. Carter-Reed Co., L.L.C., et al.*, 2010 N.J. LEXIS 951 (N.J. Sept. 30, 2010) (attached as Exhibit A), the New Jersey Supreme Court reversed the lower courts' denial of class certification in a case raising claims, as here, under the New Jersey Consumer Fraud Act ("NJCFA"), and also as here, alleging that the defendants made false and misleading claims about the efficacy of its product, a dietary supplement called Relacore.  The plaintiff sought refund of the purchase price of Relacore, which she alleged "offers none of the benefits advertised by [defendant] Carter Reed, that no sound scientific evidence supports Carter Reed's representations about Relacore, and that Carter Reed's entire marketing scheme is nothing more than a web of lies."  *Id.* at *43.

After emphasizing that the NJCFA, which is to be "construed liberally," does not require reliance to prove causation, *id.* at *41, the Court addressed the lower court's finding that individualized inquiries would be required of each class member about, for example, why he or she had bought the product and which messages he or she had seen.  *Id.* at *24-25.  The New Jersey Supreme Court rejected this view, pointing out that where the product is alleged to be worthless, "it would make little difference whether a class member purchased the product because of one false promise . . . or through third persons who themselves were deceived by the overall marketing scheme.  If the entire marketing scheme was based on the fictional benefits that Relacore offered, then whether the class member enjoyed good or impaired health or took

---

[1] Louisiana Health Service Indemnity Company dba BlueCross/BlueShield of Louisiana, ASEA/AFSCME Local 52 Health Benefits Trust, Harden Manufacturing Corporation, Gary L.Varnam, and Jan Frank Wityk (collectively, "Plaintiffs" or "Class Plaintiffs").

other medication would hardly matter." *Id.* at *49-50. Further, although the defendants argued, through one of their experts, that no class should be certified because individuals make decisions to purchase a product based on a host of individual determinations, *id.* at *21-22, the Court rejected the argument that a defendant should benefit from employing multiple means of deception: "A corporate defendant engaged in a marketing scheme founded on a multiplicity of deceptions should not be in a better position in fending off a motion for class certification than a defendant engaged in a sole marketing deception." *Id.* at *50. The Court concluded that where the product is alleged to be worthless, reliance on the defendants' misrepresentations may be presumed. *See id.* at *51 ("When all the representations about the product are baseless, a trier of fact may infer the causal relationship between the unlawful practice -- the multiple deceptions -- and the ascertainable losses, the purchases of the worthless product.").

As Plaintiffs have shown, and as the Court recognized in its order on the renewed motion for class certification, Defendants were aware that Neurontin "was no better than a placebo in treating bipolar/mood disorder." *In re Neurontin Marketing, Sales Pracs. & Prods. Liab. Litig.*, 257 F.R.D. 315, 331 (D. Mass. 2009). The Court also noted the "reasonable conclusion that no plausible, non-fraudulent reason existed for defendants to detail psychiatrists." *Id.* Neurontin falls squarely in the category of worthless products like Relacore in the *Lee* case, as both the class certification record and the Kaiser trial demonstrated.

As Plaintiffs have previously pointed out, the overwhelming evidence of Neurontin's inefficacy for treating bipolar order distinguishes this case from recent pharmaceutical decisions – including the *Zyprexa* decision which was the subject of Pfizer's most recent Notice of Supplemental Authority [3067] – in which the drugs at issue were accepted to be efficacious for at least some patients. According to these courts, this fact introduced individualized

determinations at the physician level as to whether the defendant pharmaceutical companies' misrepresentations and omissions had a causal relationship on the decision to prescribe the drug. *See UFCW Local 1776 v. Eli Lilly & Co.*, No. 09-0222, 2010 WL 35616183, at *13-14 (2d Cir. Sept. 10, 2010). No such balancing is necessary here. As such, this Court's predominance analysis as to causation can proceed as the New Jersey Supreme Court's did in *Lee*, without regard to the artificial individual factors that Pfizer has attempted to introduce. Further, this Court has recognized that New Jersey's predominance requirement "parallels the federal rule." *In re Neurontin*, 257 F.R.D. at 332. Indeed, New Jersey's class action statute, quoted in the *Lee* decision, *see Lee*, 2010 N.J. LEXIS 951, at *35, parallels Federal Rule of Civil Procedure 23.

For these reasons, Class Plaintiffs respectfully submit that the *Relacore* decision provides further support for its motion for reconsideration.

Dated: October 6, 2010                                       Respectfully Submitted,

By:   */s/ Thomas Greene*
      Thomas Greene
      Greene LLP
      33 Broad Street, 5th Floor
      Boston, MA 02109

By:   */s/ Barry Himmelstein*
      Barry Himmelstein
      Lieff Cabraser Heimann &
        Bernstein, LLP
      Embarcadero Center West
      275 Battery Street, 30th Floor
      San Francisco, CA 94111-3339

By:   /s/ Thomas M. Sobol
      Thomas M. Sobol
      Hagens Berman Sobol Shapiro LLP
      One Main Street, 4th Floor
      Cambridge, MA  02142
      Boston, MA 02110

-4-

By: */s/ Don Barrett*
Don Barrett
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, MS 39095

By: */s/ Daniel Becnel*
Daniel Becnel, Jr.
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

By: */s/ James Dugan*
James Dugan
Dugan & Browne
650 Poydras St., Suite 2150
New Orleans, LA 70130

*Members of the Class Plaintiffs'
Steering Committee*

895881.1

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 6, 2009.

*/s/  Thomas Greene*
Thomas Greene
