UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x
In re:   NEURONTIN MARKETING, SALES
         PRACTICES AND PRODUCTS
         LIABILITY LITIGATION
------------------------------------------------x
THIS DOCUMENT RELATES TO:

*Feyer v. Pfizer Inc, et al.*
Case No. 1:05-cv-11035-PBS

------------------------------------------------x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

**PROPOSED DOCUMENT**

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIMS OF PLAINTIFF SHANAN FEYER AND FOR OTHER APPROPRIATE RELIEF

Defendants Pfizer Inc and Warner-Lambert Company LLC (together, "Pfizer" or "Defendants") respectfully submit this reply memorandum in support of their Motion to Dismiss Claims of Plaintiff Shanan Feyer and for Other Appropriate Relief.

### PRELIMINARY STATEMENT

Over five years ago, Plaintiff submitted an altered version of her husband's suicide note in support of her case. Three lines had been removed from this key document. Conspicuously, the portion excised negatively impacts Plaintiff's case – a portion in which her husband indicated that he committed suicide because Plaintiff told him that she was leaving him and that she wanted him out of her life. On the eve of Plaintiff's deposition and after nearly six years of pending litigation, Pfizer's attorneys first obtained an accurate copy of the deceased's suicide note from the local sheriff's department. Plaintiff does not deny that the document, which she submitted with her Initial Disclosures and referenced in her discovery responses, was altered. Instead, after her deposition, she blames the alteration on her deceased mother. These undisputed circumstances – that Plaintiff submitted an altered copy of the note, that the excised portion was detrimental to her case, that careful steps had been taken to conceal the fact that an alteration had been made, and that the alteration only came to light through the actions of a disinterested third-party – establish a strong inference that Plaintiff or someone on her behalf

falsified a key document with the intent to deceive.

The documents Plaintiff now submits in rebuttal do not undermine the strong inference that she should be held responsible for fraud on the court. In her Opposition Memorandum, Plaintiff presents four categories of evidence: (1) an affidavit from Kristin Hill containing inadmissible hearsay; (2) an affidavit from Dianne Schread – *noting that she owned a typesetting business during the time that she had access to the suicide note* – that actually supports the conclusion that Plaintiff or someone on her behalf altered the note; (3) a signed HIPAA release, which was not required to obtain, and does not even pertain to, the police records that ultimately revealed the falsity of the note Plaintiff submitted; and (4) her own denial. Only the latter of these four categories of evidence is both admissible and pertinent to Plaintiff's argument. As several courts have recognized, however, a self-serving denial does not overcome the strong inference that Plaintiff was responsible for the altered document that she submitted in support of her case. Furthermore, Plaintiff's argument that Pfizer has not suffered prejudice because of her fraud is both wrong (considering the critical importance of this key document and the mature stage of this litigation) and immaterial (because fraud on the court should be sanctioned regardless of prejudice to any party). Thus, this Court should find that Plaintiff has committed fraud on the court and impose dismissal as the appropriate sanction.

## ARGUMENT

### I. Plaintiff Has Presented No Admissible Evidence That Would Overcome The Strong Inference That She Or Someone On Her Behalf Altered The Suicide Note

The undisputed facts and admissible evidence clearly lead to the conclusion that Plaintiff or someone on her behalf altered Mr. Feyer's suicide note with the intent to deceive. Contrary to Plaintiff's contention in her Opposition Memorandum that the concerns raised by Pfizer are "purely speculative," (Pl.'s Opp. [3076] at 10), the underlying motion is actually grounded in a common-sense inference based upon circumstantial evidence. As one court explained in a factually similar case, there arises a "strong indication" that a plaintiff committed fraud on the court where (1) she submitted an altered document in support of her case even though she later

proclaimed a lack of knowledge as to its falsity, (2) a third-party with no interest in the litigation produced an unaltered copy, and (3) the document was altered in a manner favoring the plaintiff's claims in the litigation. *Scholastic, Inc. v. Stouffer*, 221 F. Supp. 2d 425, 444 (S.D.N.Y. 2002). The same strong inference of fraud on the court applies in this case, and the evidence now submitted by Plaintiff does not change these fundamental circumstances.

First, Plaintiff presents the affidavit of Kristin Hill, who is a self-proclaimed and newly identified "close friend" of Plaintiff's family.[1] (Hill Aff. [3079] at ¶ 2.) In addition to the credibility problems with Ms. Hill's affidavit,[2] the conversation described therein cannot be admitted into evidence as it constitutes hearsay subject to no exception. The out-of-court statements allegedly made by Plaintiff's mother to Ms. Hill would be offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Even though Plaintiff's mother is unavailable to testify, none of the exceptions for either declarant-available or declarant-unavailable hearsay apply. *See* Fed. R. Evid. 803, 804. In fact, given the way in which these hearsay statements suddenly surfaced, this seems to be a classic situation involving inherently untrustworthy hearsay, which the fundamental rule of evidence was designed to exclude. Because the hearsay portions of Ms. Hill's affidavit cannot be submitted into evidence, the Court should disregard this document altogether when determining whether Plaintiff committed fraud on the court. *See, e.g.*, *S.E.C. v. Ficken*, 546 F.3d 45, 53 (1st Cir. 2008) (refusing to consider hearsay that would not be admissible as evidence at trial); *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.

---

[1] According to Ms. Hill, Plaintiff called her in August 2010 and asked her to remember if she had a conversation with Patsy Randolph, Plaintiff's mother, about altering her son-in-law's suicide note. (Hill Aff. [3079] at ¶ 5.) According to her affidavit, Ms. Hill claimed that Plaintiff's mother, before her death, confessed to altering her son-in-law's suicide note. (*Id.* at ¶ 4.) In fact, Ms. Hill was even able to provide a direct quote from this conversation that she remembered having with Ms. Randolph nearly seven years ago. (*See id.* ("I recall that one comment was 'now Shanan had her wish come true that he was dead.'").)

[2] For example, if Ms. Hill is close to Plaintiff's family, she should have known about this litigation concerning the cause of Plaintiff's husband's death. Yet she waited almost *six years* after this litigation was filed to tell Plaintiff that a key document submitted in support of her case had been altered. Furthermore, Plaintiff only recently disclosed Ms. Hill as a potential witness pursuant to Rule 26 in the past few weeks. These surrounding circumstances magnify the inherent untrustworthiness of the hearsay offered by Ms. Hill.

1990) (holding that "absent a showing of admissibility – and none was forthcoming here – appellant may not rely on rank hearsay").

Second, Plaintiff also submits the affidavit of her mother-in-law Dianne Schread, but this affiant's testimony actually supports the conclusion that Plaintiff or someone on her behalf altered her husband's suicide note.  In her affidavit, Ms. Schread, after noting that she owned a typesetting business during the time that she had access to the suicide note, swears that she received the falsified copy of the suicide note from Plaintiff herself.  (Schread Aff. at ¶ 4; *see also* Pl.'s Opp. at 2 ("Diane [sic] Schread states that the note was given to her by Shanan Feyer . . . .").)  Furthermore, Plaintiff, several months later, requested that Ms. Schread forward that altered copy to her lawyers to support her case.  At best, Ms. Schread's affidavit shows that the note Plaintiff directed Ms. Schread send to her attorneys was altered at the time Plaintiff gave it to Ms. Schread.  This fact – that the document was in Plaintiff's possession on the first occasion anyone other than Plaintiff saw the doctored version – supports the notion that she or someone close to her was involved in altering the document.

Third, Plaintiff references the irrelevant fact that she signed a HIPAA release.  (Pl.'s Ex. A [3077-1].)  While she claims that this somehow demonstrates good faith, the form that she points to does not pertain to or reference police records.  (*See id.*)  Only the letter from her attorneys mentions the sheriff's department.  (*Id.*)  In fact, Pfizer did not need her authorization to retrieve the Coffee County Sheriff's Department records.  These records are obtainable without Plaintiff's authorization in accordance with the Tennessee Public Records Act.  *See* Tenn. Code Ann. § 10-7-503.  The form Plaintiff attached to her opposition is a mere distraction and is completely irrelevant to the present circumstances.  The notion that Plaintiff somehow assisted Pfizer's attorneys in discovering her fraud, therefore, is simply false.

Finally, Plaintiff's denial – both now and at her deposition – does not preclude a finding that fraud on the court occurred.  A party need not confess to committing fraud on the court before such conduct can be sanctioned.  In fact, in many cases where courts have imposed sanctions for falsifying documents, the party responsible persists in denying personal

responsibility for any wrongful conduct. *See, e.g.*, *Plasse v. Tyco Electronics Corp.*, 448 F. Supp. 2d 302, 308 (D. Mass. 2006) (dismissing plaintiff's claims for fraud on the court, despite plaintiff's denial "that he fabricated the Deposition Resume prior to the second day of his deposition"); *Shangold v. The Walt Disney Co.*, No. 03 Civ. 9522, 2006 WL 71672, at *3 (S.D.N.Y. Jan. 12, 2006) ("Nevertheless, confronted with overwhelming evidence that T1a was fabricated for this litigation, [plaintiffs] persist with only self-serving *ipse dixits* that they created T1a in 1995."); *Scholastic*, 221 F. Supp. 2d at 442 ("[Plaintiff] does not contest the inescapable conclusion that the drawings were altered. She claims, however to have no knowledge regarding the alteration . . . ."). Considering that her self-serving denial does not negate the inference that she was responsible or should have known about the altered suicide note that she presented in discovery, the undisputed facts and admissible evidence clearly support that conclusion.

## II.     Plaintiff's Production Of The Altered Suicide Note Constitutes Fraud On The Court, Which Justifies The Sanction Of Dismissal

The First Circuit has unequivocally stated that altering a key document should be considered "a near-classic example" of fraud on the court and that dismissal constitutes the appropriate sanction. *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989).[3] Other courts likewise maintain that "dismissal is warranted where a plaintiff vigorously prosecutes a suit based upon a document he fabricated." *Plasse*, 448 F. Supp. 2d at 308. Yet, citing inapposite case law, Plaintiff argues that, because the falsity of the key document she submitted has been discovered before trial, the Court should basically declare "no harm, no foul."[4] This

---

[3] Plaintiff attempts to distinguish *Aoude* by claiming that dismissal for fraud on the court in that case was only appropriate because the *Aoude* plaintiff admitted to altering the document. (Pl.'s Opp. at 10.) With regard to the issue of what conduct rising to the level of fraud on the court, however, Plaintiff's argument is nonsensical. By Plaintiff's logic, submitting a falsified document constitutes fraud on the court, but submitting a falsified document *and* committing perjury to cover it up would not. Furthermore, the *Plasse* court, citing to *Aoude*, also considered document alteration to be fraud on the court, despite the fact that the plaintiff in that case denied any wrongdoing. 448 F. Supp. 2d at 308.

[4] Plaintiff's argument essentially amounts to a Catch-22: She argues that, if the falsification of the document is discovered, then the responsible party should not be sanctioned because there is no prejudice due to the fact that the parties know about the falsity of the document. But, if the falsification of the document is not discovered, the responsible party cannot be sanctioned because she would have gotten away with it.

argument fails for two independent reasons.  First, Pfizer has in fact incurred prejudice because this revelation came to light years into this litigation.  Second, fraud on the court warrants sanctions regardless of prejudice suffered by any party.  *See Cerruti 1881 S.A. v. Cerruti Inc.*, 169 F.R.D. 573, 583 (S.D.N.Y. 1996) (rejecting an attempt to "invoke the playing field principle of no harm, no foul" to avoid sanctions for fraud on the court).

Plaintiff's assertion – that Defendant has not suffered prejudice from her misconduct – cannot be credited.  As Pfizer formed its discovery strategy, it relied on the content of Mr. Feyer's suicide note, which turns out to have been altered.  This document was one of the few pieces of evidence that Plaintiff produced with her Initial Disclosures.  (*See* Pl.'s Rule 26 Disclosures & Attachment [3072-5].)  Pfizer's ability to prepare in advance for the critical deposition of Plaintiff was clearly impacted by relying on the altered note, since the unaltered note was not located until the day before the deposition.  The portions missing from the suicide note support defenses and bring to light critical facts that would not have surfaced otherwise.  For example, Plaintiff initially denied in her deposition that she told her husband that she wanted to leave him until she was later confronted with contradictory statements in his suicide note. (*Compare* Feyer Dep. [3072-3] at 162:17-163:1; 209:24-214:20, *with id.* at 231:16-232:7).  *See also Plasse*, 448 F. Supp. 2d at 310 (finding that the fact – that plaintiff's deposition testimony was inconsistent with documents he attempted to conceal – supports a finding of fraud on the court).  Considering that Pfizer prepared to defend this case with altered evidence, it has suffered prejudice.[5]

Furthermore, regardless of Plaintiff's misplaced prejudice argument,[6] the Court should

---

[5] Plaintiff's ripeness argument is likewise without merit.  Pfizer's attorneys confronted Plaintiff with the altered document at her deposition and allowed her an opportunity to explain.  She could not. Plaintiff's attorneys were also consulted on multiple occasions prior to the filing of this motion.

[6] Plaintiff cites *Edwards, LLC v. Fiddes & Son*, 427 F.3d 129 (1st Cir. 2005) and *United States v. Fox Street*, 480 F.3d 38 (1st Cir. 2007), in support of her argument that her misconduct has not interfered with Pfizer's ability to prepare for and litigate at trial.  Those cases are inapplicable to the present circumstances for multiple reasons.  For one, the alleged misconduct in both *Edwards* and *Fox Street* did not establish fraud on the court.  In fact, the *Edwards* court clearly stated that "[w]hatever the precise quality or quantity of misconduct needed to constitute 'fraud on the court,' it is not remotely present in

still impose dismissal for her attempt to base her case on this falsified document. Where fraud on the court has been committed, prejudice to the judicial system should be assumed. *See Aoude*, 892 F.2d at 1119 ("The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud." quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944)). There is no requirement that the opposing party show prejudice as a prerequisite to sanctions for fraud on the court. *See Plasse*, 448 F. Supp. 2d at 310-11 (dismissing plaintiff's claims for committing fraud on the court without discussing whether plaintiff's misconduct actually caused prejudice to the opposing party). Plaintiff's argument that Pfizer has not suffered prejudice from the alteration of the document is simply an attempt to avoid the consequences of her actions.

Not only does Plaintiff's conduct qualify as fraud on the court, the case law indicates that dismissal is the appropriate sanction. As the First Circuit noted, "we find it surpassingly difficult to conceive of a more appropriate use of a court's inherent power than to protect the sanctity of the judicial process – to combat those who would dare to practice unmitigated fraud upon the court itself." *Aoude*, 892 F.2d at 1119. Furthermore, dismissal is particularly appropriate as sanction in the MDL context for improper discovery conduct. *In re: Guidant Corp. Inmplantable Defibrillator Prod. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007). As the Ninth Circuit explained, "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just

---

this case . . . ." 427 F.3d at 132. In contrast, Plaintiff in this case was responsible for altering a key document, which the First Circuit considers "a near-classic example" of fraud on the court. *Aoude*, 892 F.2d at 1118; *see also Plasse*, 448 F. Supp. 2d at 308. Furthermore, the appellants in both *Edwards* and *Fox Street* sought relief from judgments under Federal Rule of Evidence 60(b), and relief under that rule, which does not apply in this case, has certain independent requirements. Even if the *Edwards* and *Fox Street* courts had found fraud on the court, which they did not, the next issue would have been whether prejudice to the appellant would have justified setting aside the judgment under Rule 60(b), not whether sanctions were warranted against a party who perpetrated fraud on the court. The former situation requires a showing "that the fraud 'substantially interfered with [the movant's] ability fully and fairly to prepare for, and proceed at, trial.'" *Edwards*, 427 F.3d at 134 (citations omitted); *see also Fox Street*, 480 F.3d at 45-46 ("[A]ppellant faces formidable hurdles in pursuing a 60(b)(6) claim." (citations omitted)). The latter situation, which applies here, requires no such showing of prejudice.

7

and efficient conduct of the actions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1222 (9th Cir. 2006). Given these special considerations, there should be no question that Plaintiff's claims should be dismissed as a sanction for her improper discovery conduct.

## CONCLUSION

For the reasons stated herein and in the original memorandum in support of this motion, Defendants respectfully request that the Court dismiss Plaintiff's claims as a sanction for fraud on the court. In the alternative or additionally, Pfizer requests that the Court conduct a hearing in order to assess the credibility of witnesses and make factual findings related to fraud on the court. This Court can and should dismiss Plaintiff's claims based on the record alone, but it also has discretion to order a hearing. *See, e.g.*, *Plasse*, 448 F. Supp. 2d at 305-06 (noting that the court conducted a hearing on defendant's initial motion to dismiss plaintiff's claims based on fraud on the court). If the Court concludes that assessing the demeanor of relevant witnesses first-hand would aid its determination, Pfizer submits that ordering a hearing would be the next appropriate procedural step. Lastly, Defendants respectfully request that the Court consider a referral of this motion to the proper authorities, and impose any other sanctions, including costs and fees, it finds appropriate.

Dated: October 6, 2010                    Respectfully submitted,

                                        SKADDEN, ARPS, SLATE, MEAGHER
                                               &FLOM LLP

                                        By:    /s/ Mark S. Cheffo
                                                Mark S. Cheffo

                                        Four Times Square
                                        New York, NY 10036
                                        Tel:  (212) 735-3000
                                        Mark.Cheffo@skadden.com

                ROPES & GRAY LLP

                By:    /s/ Ana M. Francisco  
                         Ana M. Francisco  
                         BBO # 564346

                One International Place  
                Boston, MA  02110  
                Tel:  (617) 951-7000  
                Ana.Francisco@ropesgray.com

                *Attorneys for Defendants Pfizer Inc and*  
                *Warner-Lambert Company LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 6, 2010.

                /s/ Ana. M. Francisco  
                Ana M. Francisco