# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
IN RE NEURONTIN MARKETING        )
AND SALES PRACTICES LITIGATION   ) MDL NO. 1629
                                 )
                                 )
THIS DOCUMENT RELATES TO:        ) CIVIL ACTION NO. 04-10981-PBS
                                 )
SHEARER V. PFIZER, INC. et al.   )
Civil Action No. 07-11428-PBS    )
                                 )

ORDER

November 18, 2009

Saris, U.S.D.J.

After review and submissions, I **DENY** the objection [Docket No. 2146] to the Magistrate Judge's Order denying Pfizer's motion to restrict plaintiff's alleged improper communications with treating physicians. I also decline to impose sanctions against Dr. David Egilman. The Magistrate Judge's ruling on both issues was neither clearly erroneous nor contrary to law.

Pfizer argues that sanctions are appropriate for three primary reasons. First, they argue that Dr. Egilman's letter is a transparent attempt to bias a fact witness against Pfizer by providing copies of Pfizer's criminal convictions. Second, they contend that disclosing only part of an email chain was misleading. Finally, they argue that the email was itself a confidential document.

As Pfizer acknowledges, counsel are permitted to hire agents or investigators to contact potential witnesses. However, there are certain ethical and legal restrictions on these contacts. Most notably, pursuant to 18 U.S.C. § 1512, witness tampering is a federal crime. Section 1512(b) provides: "[w]hoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to ... (1) influence, delay or prevent the testimony of any person in an official proceeding" commits a federal crime.

Plaintiffs dispute the contention that the email was confidential because it was disclosed in public filings in the Neurontin Sales and Marketing case. I have reviewed the document and find there was no good cause for sealing it as confidential in the first place. Nevertheless, counsel are responsible for ensuring that their agents do not violate protective orders. Any challenges to confidentiality due to issues such as waiver should be determined by the Court.

Having reviewed the record, I do not find that Dr. Egilman crossed the line into witness tampering, although his conduct was troubling. Arguably, his production of the email chain in a way that favored plaintiff's case while omitting the sections favorable to Pfizer's position was materially misleading. Moreover, there was no basis for producing the conviction other than to poison the well. I have concern about the litigation

2

tactics utilized by both sides with respect to potential witnesses: the attempted intimidation of Dr. Franklin by an investigator for Pfizer before the last trial and the more recent efforts to influence a witness's testimony by Dr. Egilman. Accordingly, I order the parties: (a) to pick one lead trial counsel to supervise investigators and other agents who will interview potential witnesses; (b) to instruct that supervising attorney to review with their investigators and agents the provisions of the witness tampering statute and other relevant ethical restrictions; (c) to review all written materials presented to prospective witnesses; and (d) to file a certification with the Court that they will do so within 14 calendar days.

/s/ Patti B. Saris

PATTI B. SARIS
UNITED STATES DISTRICT JUDGE