# Exhibit I

```
                                                                    1
 1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS
 2
 3
 4    IN RE:                              )
                                          ) CA No. 04-10981-PBS
 5    NEURONTIN MARKETING, SALES PRACTICES,) Pages 1 - 107
      AND PRODUCTS LIABILITY LITIGATION    )
 6
 7
 8
 9              FINAL PRETRIAL CONFERENCE - DAY ONE
10              BEFORE THE HONORABLE PATTI B. SARIS
                   UNITED STATES DISTRICT JUDGE
11
12
13
14
                                  United States District Court
15                                1 Courthouse Way, Courtroom 19
                                  Boston, Massachusetts
16                                July 20, 2009, 9:15 a.m.
17
18
19
20
21
22
                         LEE A. MARZILLI
23                    OFFICIAL COURT REPORTER
                     United States District Court
24                   1 Courthouse Way, Room 7200
                          Boston, MA  02210
25                          (617)345-6787
```

15

1  profit motive, why you would have an intent not to disclose
2  certain things, as well as the extent of the information
3  that you had available, you knew that it was being marketed
4  off-label.
5      MR. CHEFFO: But, see, the issue --
6      THE COURT: Denied, denied. Okay, now, that
7  having been said, you only have a certain number of hours.
8  You can't spend your life on the national marketing
9  campaign. The number of hours is going to circumscribe how
10 much time you can spend on it.
11     MR. FINKELSTEIN: We're well aware of that, your
12 Honor, and we were waiting till today to understand what
13 our --
14     THE COURT: So Franklin will probably come first.
15     MR. FINKELSTEIN: Yes.
16     THE COURT: Let me just go through defendant
17 first, since you're -- the motion with respect to the guilty
18 plea, that's admissible. Why isn't that corporate intent?
19     MR. CHEFFO: Well, your Honor, the issue here is
20 not whether there was -- well, first of all, we look at the
21 doctors who were deposed in this specific case, and none of
22 them talked about it, but they had an opportunity to depose
23 the doctors, and Crognale and Goldman testified. There was
24 no testimony that they relied on marketing, advertising,
25 CME. I mean, the plea talks about conduct back in, as your

1    THE COURT: Well, I disagree with that. I think
2  it's relevant to the corporate intent, why it is that they
3  might not have wanted to have disclosed certain information,
4  because it was such a profitable drug, and it was being
5  marketed and it was so profitable, not dampening the sales,
6  their understanding of how widespread it was used across so
7  many indications. I mean, it's relevant on so many issues.
8  My concern is more along the lines of the time frame. It
9  can't just be what happened when I first got the case in the
10 mid-'90s. It's got to be brought through the 2000s, and do
11 I have a proffer that's going to happen?
12    MR. FINKELSTEIN: Absolutely, your Honor.
13    MR. CHEFFO: Your Honor, and I will sit down if
14 you tell me you're done with this, but, you know, when the
15 hear the number 240 million, 430, it's going to be such an
16 incredible prejudicial distraction that the jury is going to
17 think that this is about marketing and conduct. They're
18 going to lose sight of the fact that it's dealing with
19 general and specific causation and Mrs. Bulger.
20    THE COURT: I don't think -- I was actually
21 thinking of making, just to make sure that that's right, of
22 not just having a general verdict form, actually, and making
23 people walk through the different steps, just because of
24 that. They're going to have to answer the causation issue.
25 And as I was thinking about the case, I mean, they've got a