UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
: MDL Docket No. 1629
In re: NEURONTIN MARKETING, :
SALES PRACTICES AND : Master File No. 04-10981
PRODUCTS LIABILITY LITIGATION :
: Judge Patti B. Saris
---------------------------------------------------------------x
: Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO: :
:
*Barlow v. Pfizer Inc., et al.* :
*Case No. 1:05-cv-11501-PBS* :
:
---------------------------------------------------------------x

**DECLARATION OF KENNETH B. FROMSON IN SUPPORT OF PRODUCTS LIABILITY PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR AN ORDER PROHIBITING IMPROPER TACTICS DURING FACT WITNESS DEPOSITIONS AND IMPOSING SANCTIONS**

I, Kenneth B. Fromson, declare and state as follows:

1.   I am a partner with the law firm of Finkelstein & Partners, LLP, attorneys for the majority of the Products Liability Plaintiffs in this matter.

2.   This declaration is submitted in opposition to the emergency motion by Defendants Pfizer Inc. and Warner-Lambert Company LLC for an order prohibiting improper tactics during fact witness depositions and imposing sanctions in the *Barlow* case. D. Mass. Case No. 05-11501.

3.   As Mr. Morrow's counsel, I discussed with Pfizer counsel prior to their filing of the instant application, the fact that the document in question, the "Draft Affidavit", was never utilized to influence the witness's deposition testimony or to have the witness-prescriber sign an affidavit.

4. Plaintiff's counsel at Finkelstein & Partners, LLP, coordinated with the witness-prescriber's attorney, Steven Kruger, on the scheduling of the prescriber's deposition, the fees, as well as the limited time afforded by the prescriber for the deposition.

5. Plaintiff's counsel sought to confer over issues in the case and provided the prescriber's counsel with the "Declaration".  Plaintiff's counsel never asked for the document to be signed or considered for signature by the witness and trusted that the witness-prescriber's attorney would use appropriate due diligence in providing representation to the witness. Plaintiff's counsel provided the prescriber's counsel with the document for the purposes of providing the prescriber's attorney with information concerning the issues Plaintiff sought to inquire about at the deposition, and the document was offered as a professional courtesy so that the prescriber's attorney would be apprised of the issues to be addressed, if time permitted at the deposition.  *See* e-mail from Sharon Scanlan attached herewith as Exhibit 1.

6. Additionally, Plaintiff's counsel in *Morrow,* in the spirit of full disclosure, marked the document as an exhibit during the witness-prescriber's deposition and confirmed that the document had been provided directly to the witness-prescriber's attorney.

7. On behalf of the Products Liability Plaintiffs, I conferred with the prescriber's attorney, Mr. Kruger, about of the "Declaration" with him and as an exhibit at the deposition, and at no time did Mr. Kruger indicate there was any specter of impropriety or that witness testimony was influenced by the document.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  October 22, 2010

                                       **/s/ Kenneth B. Fromson**
                                       Kenneth B. Fromson
                                       Finkelstein & Partners, LLP
                                       1279 Route 300, P.O. Box 1111
                                       Newburgh, NY  12551
                                       (800) 634-1212

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on October 22, 2010

Dated:  October 22, 2010

                                       **/s/ Kenneth B. Fromson**
                                       Kenneth B. Fromson