UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------------------x
In re:  NEURONTIN MARKETING, SALES PRACTICES,    :  MDL Docket No. 1629
        AND PRODUCTS LIABILITY LITIGATION        :
                                                 :  Master File No. 04-10981
                                                 :
------------------------------------------------ x  Judge Patti B. Saris
THIS DOCUMENT RELATES TO:                        :
                                                 :  Magistrate Judge Leo T.
HARDEN MANUFACTURING CORPORATION;                :  Sorokin
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,      :
dba BLUECROSS/BLUESHIELD OF LOUISIANA;           :
INTERNATIONAL UNION OF OPERATING ENGINEERS,      :
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL     :
52 HEALTH BENEFITS TRUST; GERALD SMITH; and      :
LORRAINE KOPA, on behalf of themselves and all others :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT :
COMPANY.                                         :
                                                 :
                                                 :
------------------------------------------------ x
THE GUARDIAN LIFE INSURANCE COMPANY OF           :
AMERICA v. PFIZER INC., 04 CV 10739 (PBS)        :
and                                              :
                                                 :
AETNA, INC. v. PFIZER INC., 04 CV 10958 (PBS)    :
------------------------------------------------ x
```

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer" or "Defendants"), respectfully submit this notice of supplemental authority to inform the Court of the Ninth Circuit's recent opinion in *United Food & Commercial Workers Central Pennsylvania & Regional Health & Welfare Fund v. Amgen, Inc.* ("*Amgen*"), No. 09-56118, 2010 WL 4128490 (9th Cir. Oct. 21, 2010).

The plaintiffs in *Amgen* were third-party payors ("TPPs") who asserted fraudulent marketing claims under RICO and California's Unfair Competition Law ("UCL") and sought to recover damages based on amounts they had paid for their insureds' off-label prescriptions of the defendant's pharmaceutical products. On grounds equally applicable here, the Ninth Circuit affirmed the district court's dismissal of the complaint with prejudice. *See id.* at *1-2. The court

held, *inter alia*, that "the complaint failed to plead a cognizable theory of proximate causation that links Amgen's alleged misconduct to Appellant's alleged injury." *Id.* at *1. The *Amgen* plaintiffs'

> attenuated causal chain . . . involved at least four independent links, namely, (1) the [United States Pharmacopeia-Drug Information's] listing of Aranesp for [the off-label uses], (2) Medicare's decision to cover Aranesp for [these uses], (3) third-party payors' decision to cover Aranesp [and Epogen] for [these uses], and (4) doctors' decisions to prescribe Aranesp and Epogen for these uses. This causal theory is too attenuated to satisfy the Supreme Court's proximate causation requirement in the RICO context.

*Id.* (citing *Hemi Group v. City of New York*, 130 S. Ct. 983, 989 (2010)).

With respect to the Class Plaintiffs,[1] this holding supports the entry of summary judgment and the denial of reconsideration regarding class certification. The consumer Class Plaintiffs' theory of causation depends entirely on the actions of third parties, *i.e.*, prescribing doctors. Likewise, the TPP Class Plaintiffs have conceded that they did not rely in any manner on the alleged fraudulent marketing and that their causation theory instead depends on the actions of third and fourth parties, *i.e.*, prescribing doctors and patients. (*See* Class Pls. Mot. Recons. Order Denying Renewed Mot. Class Cert. [1796] at 16.) Moreover, despite the TPP Class Plaintiffs' disavowal of any direct reliance theory, the actions of each P&T Committee for each TPP or its pharmacy benefit manager are still part of the attenuated causal chain because they must be considered to determine what (if anything) each TPP would have done differently in the but-for world had allegedly suppressed Neurontin studies been made public.

The *Kaiser* Plaintiffs' theory of causation is even more attenuated than in *Amgen* because it depends on the actions of third, fourth, and even fifth parties, including: eight regional P&T Committees, all of which are non-parties that are free to make their own formulary decisions and issue their own prescription guidelines; individual prescribing doctors, who exercise independent

---

[1] As used herein, "Class Plaintiffs" refers collectively to third-party payor plaintiffs Louisiana Health Service Indemnity Company dba BlueCross/BlueShield of Louisiana, ASEA/AFSCME Local 52 Health Benefits Trust, and Harden Manufacturing Corporation, and to consumer plaintiffs Jan Wityk, Gary Varnam, Gerald Smith, Lorraine Kopa, Carolyn Hollaway, and Jeanne Ramsey.

medical judgment in selecting medications; and individual patients, whom Plaintiffs encourage to be active participants in their own medical treatment, and whose positive experiences with Neurontin are an important consideration for their prescribing doctors.

The Ninth Circuit's *Amgen* decision also supports Pfizer's proposed conclusions of law regarding the *Kaiser* Plaintiffs' UCL claims. The Ninth Circuit held that the *Amgen* plaintiffs' UCL claim suffered from the same defects as their RICO claim, *i.e.*, they "did not explain why Amgen's conduct was fraudulent . . . or allege an adequate theory of causation or reliance." *Id.* (citing *In re Tobacco II Cases*, 207 P.3d 20 (Cal. 2009). The Ninth Circuit made clear that, "[b]ecause the complaint sounded in fraud, all of its allegations are subject to Rule 9(b)'s pleading requirements. . . . Consequently, the district court properly dismissed the complaint in its entirety, including its UCL 'unlawful' and 'unfair' claims." *Id.* (citations omitted). This holding directly supports Pfizer's argument that the *Kaiser* Plaintiffs must prove reliance and causation under each prong of the UCL[2] and that the *Kaiser* Plaintiffs cannot recover under the UCL's "unlawful" or "unfair" prongs for non-fraudulent off-label promotion.[3]

Following *UFCW Local 1776 v. Eli Lilly & Co.*, No. 09-0222-cv, 2010 WL 3516183 (2d Cir. Sept. 10, 2010), *Amgen* is the second Circuit Court decision in as many months to resolve pharmaceutical marketing claims in a manner consistent with Pfizer's position and contrary to Plaintiffs' position.

## CONCLUSION

For all the reasons set forth above, Defendants respectfully submit that *United Food & Commercial Workers Central Pennsylvania & Regional Health & Welfare Fund v. Amgen, Inc.* ("*Amgen*"), No. 09-56118, 2010 WL 4128490 (9th Cir. Oct. 21, 2010), provides additional support for: Defendants' proposed conclusions of law regarding the *Kaiser* Plaintiffs' UCL

---

[2] (*See* Defs' Proposed Conclusions of Law [2808-2] at § III; Defs' Resp. to Pls' Proposed Conclusions of Law [2816] at § III.)

[3] (*See* Defs' Proposed Conclusions of Law [2808-2] at § VI; Defs' Resp. to Pls' Proposed Conclusions of Law [2816] at § IV.)

claims; Defendants' motion for summary judgment regarding the Class Plaintiffs' claims; and Defendants' opposition to the Class Plaintiffs' motion for reconsideration of this Court's denial of class certification.

Dated: October 25, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By: /s/ Mark S. Cheffo
    Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Mark.Cheffo@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By: /s/ Raoul D. Kennedy
    Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel: (415) 984-6400
Email: Raoul.Kennedy@skadden.com

WHEELER TRIGG O'DONNELL LLP

By: /s/ James E. Hooper
    James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel: (303) 244-1800
Email: hooper@wtotrial.com
*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

---

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 25, 2010.

/s/ Mark S. Cheffo
Mark S. Cheffo

---