UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO:<br><br>LILIA FELICI<br>M-05386 Southern District of Texas,<br>McAllen Division | Civil Action No. 04-10981 |

### PLAINTIFF'S OBJECTIONS TO DEFENDANTS' *DUCES TECUM*

COMES NOW Plaintiff **LILIA FELICI**, by and through her attorneys of record, and files this her Objections to Defendants' *Duces Tecum* and in support thereof would respectively show as follows:

I.

Defendants have noticed Plaintiff for a deposition on November 11, 2010. A true and correct copy of the deposition notice with a *duces tecum* is attached hereto and incorporated herein as Exhibit 1 for all purposes.

II.

Plaintiff objects to the specific requests contained in the *duces tecum* as follows:

1. All documents, records, correspondence, and other materials reviewed by the deponent in preparation for this deposition.

Objection:

Plaintiff objects to this request insofar as it can be construed to require Plaintiff to produce matters exempt from discovery pursuant to Rules 26(b)(3),(4), Federal Rules of Civil Procedure, including attorney work product, the identity, mental impressions and opinions of a purely consulting expert, party communications made

subsequent to the occurrence upon which the suit is based and in anticipation of the prosecution of the claims made a part of the pending litigation, and any matter protected by the attorney/client privilege.

Plaintiff objects to producing documents already produced by the parties in the discovery process to date on the grounds Defendants have equal access to such documents and it constitutes an undue burden and expense.

2. All documents, books, records, films, videotapes, photographs, diaries, calendars, reports, memoranda, and papers in the deponent's custody and possession related to: (i) the claims set forth in Plaintiff's Complaint; (ii) the injuries allegedly sustained by Lilia Felici; (iii) any medical records for Lilia Felici; and (iv) any communications with any healthcare professional about Neurontin.

Objection:

Plaintiff objects to this request on the grounds that it is vague and overbroad and fails to set forth the items to be inspected by individual item or category with reasonable particularity as required by Rule 34, Federal Rules of Civil Procedure. Furthermore, this request is worded in such fashion as to render impossible a response that does not require a conclusion as to the legal effect of any particular document and such a response would necessarily disclose the work product of Plaintiff's attorney.

Plaintiff further objects to this request insofar as it can be construed to require Plaintiff to produce matters exempt from discovery pursuant to Rules 26(b)(3),(4), Federal Rules of Civil Procedure, including attorney work product, the identity, mental impressions and opinions of a purely consulting expert, party communications made subsequent to the occurrence upon which the suit is based and in anticipation of the prosecution of the claims made a part of the pending litigation, and any matter protected by the attorney/client privilege.

Plaintiff objects to this request because the scope of the request for medical records is not confined to the subject matter of the case and otherwise overbroad. Requests for discovery must be reasonably tailored to include only matters relevant to the case and limited to time, place, and subject matter.

Plaintiff objects to producing documents already produced by the parties in the discovery process to date on the grounds Defendants have equal access to such documents and it constitutes an undue burden and expense.

3. All documents, records, correspondence, or other materials in the deponent's possession relation to Neurontin.

Objection:

Plaintiff objects to this request on the grounds that it is vague and overbroad and fails to set forth the items to be inspected by individual item or category with reasonable particularity as required by Rule 34, Federal Rules of Civil Procedure. Furthermore, this request is worded in such fashion as to render impossible a response that does not require a conclusion as to the legal effect of any particular document and such a response would necessarily disclose the work product of Plaintiff's attorney.

Plaintiff further objects to this request insofar as it can be construed to require Plaintiff to produce matters exempt from discovery pursuant to Rules 26(b)(3),(4), Federal Rules of Civil Procedure, including attorney work product, the identity, mental impressions and opinions of a purely consulting expert, party communications made subsequent to the occurrence upon which the suit is based and in anticipation of the prosecution of the claims made a part of the pending litigation, and any matter protected by the attorney/client privilege.

Plaintiff objects to producing documents already produced by the parties in the discovery process to date on the grounds Defendants have equal access to such documents and it constitutes an undue burden and expense.

4. All documents, records, correspondence, or other materials in the deponent's possession relating to Pfizer.

Objection:

Plaintiff objects to this request on the grounds that it is vague and overbroad and fails to set forth the items to be inspected by individual item or category with reasonable particularity as required by Rule 34, Federal Rules of Civil Procedure. Furthermore, this request is worded in such fashion as to render impossible a response that does not require a conclusion as to the legal effect of any particular

document and such a response would necessarily disclose the work product of Plaintiff attorney.

Plaintiff further objects to this request insofar as it can be construed to require Plaintiff to produce matters exempt from discovery pursuant to Rules 26(b)(3),(4), Federal Rules of Civil Procedure, including attorney work product, the identity, mental impressions and opinions of a purely consulting expert, party communications made subsequent to the occurrence upon which the suit is based and in anticipation of the prosecution of the claims made a part of the pending litigation, and any matter protected by the attorney/client privilege.

Plaintiff objects to producing documents already produced by the parties in the discovery process to date on the grounds Defendants have equal access to such documents and it constitutes an undue burden and expense.

Respectfully submitted,

**GARCIA & KARAM, L.L.P.**
820 South Main
McAllen, Texas 78501
956-630-2882 (telephone)
956-630-5393 (facsimile)

By:   /s/ Ricardo A. Garcia
RICARDO A. GARCIA
State Bar No. 07643200
Federal ID No. 1095
AIZAR J. KARAM, JR.
State Bar No. 00796860
LINO H. OCHOA
State Bar No. 00797168
Federal ID No. 272425
PAUL A. GAYTAN
State Bar No. 24007233
Federal ID No. 23940

**ATTORNEYS FOR PLAINTIFF
LILIA FELICI**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been sent via facsimile and first class mail to the following counsel of record on the 9th day of November, 2010.

Mark Cheffo, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036-6522

Ken Ferguson
Lark A. Campbell
Jeff Lilley
Clark, Thomas & Winters
A Professional Corporation
300 West 6th Street, Suite 1500
Austin, Texas 78701


Counsel for Defendants

                                                /s/ Ricardo A. Garcia
                                                  Ricardo A. Garcia

# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x

In re: NEURONTIN MARKETING,
SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

MDL Docket No. 1629

Master File No. 04-10981

------------------------------------------------x

THIS DOCUMENT RELATES TO:

*Lilia Felici v. Pfizer Inc., et al.*
Case No. M-05386 Southern District of Texas,
McAllen Division

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

------------------------------------------------x

## NOTICE OF VIDEOTAPED
## DEPOSITION DUCES TECUM OF LILIA FELICI

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively "Pfizer"), by and through their counsel, will take the testimony by deposition upon oral examination, before a person authorized to administer oaths, of Lilia Felici. The deposition will be taken in accordance with the Federal Rules of Civil Procedure on November 11, 2010, at 9:30 a.m. The deposition will be held at the offices of Garcia & Karam, L.L.P., 820 South Main, McAllen, Texas 78501. The deposition will be recorded by stenographic means and videotaped by Veritext, L.L.C., 1 Penn Plaza, Suite 1706, New York, New York, 10119.

You are invited to attend and to participate in the manner provided for in the Federal Rules of Civil Procedure.

The deponent, Lilia Felici, is to produce the following documents at her deposition: the records, documents and tangible items set forth in the attached Exhibit A.

Dated: November 9, 2010

*Kenneth J. Ferguson w/ permission*
Kenneth J. Ferguson          *L. Campbell*
Lark A. Campbell
CLARK, THOMAS & WINTERS, PC
300 West Sixth Street
15th Floor
Austin, Texas 78701
Telephone: (512) 472-8800

- and -

Jeffrey R. Lilly
CLARK, THOMAS & WINTERS, PC
3000 Weslayan
Suite 350
Houston, Texas 77027
Telephone: (713) 621-0200

- and -

Mark S. Cheffo
Catherine B. Stevens
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000

*Attorneys for Defendants Pfizer Inc
and Warner-Lambert Company LLC*

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the following interested parties in the manner described below, on the 9th day of November, 2010:

### *VIA FACSIMILE & U.S. FIRST CLASS MAIL*

Jack W. London
The Law Offices of Jack W. London
3701 Bee Cave Road, Suite 200
Austin, Texas 78746

Rick Garcia
Garcia and Karam
820 South Main
McAllen, TX  78501

**ATTORNEYS FOR PLAINTIFF**

*/s/ Kenneth J. Ferguson by permission*
*L. Campbell*

# EXHIBIT A

The deponent shall make the following documents and things available for the purposes of inspection and copying:

1. All documents,[1] records, correspondence, and other materials reviewed by the deponent in preparation for this deposition.

2. All documents, books, records, films, videotapes, photographs, diaries, calendars, reports, memoranda, and papers in the deponent's custody and possession related to: (i) the claims set forth in Plaintiff's Complaint; (ii) the injuries allegedly sustained by Lilia Felici; (iii) any medical records for Lilia Felici; and (iv) any communications with any healthcare professional about Neurontin.

3. All documents, records, correspondence, or other materials in the deponent's possession relating to Neurontin.

4. All documents, records, correspondence, or other materials in the deponent's possession relating to Pfizer.

---

[1] As used herein in Exhibit A, the term "document" includes electronic versions such as word processing documents, emails, and instant messages.