UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS)<br><br>AETNA, INC. v. PFIZER INC., 04 CV 10958 (PBS) | |

**DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") respectfully move this Court, pursuant to Federal Rule of Civil Procedure 58(a), for entry of a separate judgment as to Plaintiffs The Guardian Life Insurance Company ("The Guardian") and Aetna, Inc. ("Aetna").

1. On January 8, 2010, this Court granted Pfizer's motion for summary judgment as to The Guardian and Aetna. (Mem. & Order [2309].) Pursuant to Federal Rule of Civil Procedure 58(a), which provides that "[e]very judgment and amended judgment must be set out in a separate document," Pfizer seeks entry of judgment in the form attached hereto as Exhibit A.

2. On October 21, 2010, The Guardian filed a Stipulation of Dismissal [3102] dismissing its claims with prejudice and agreeing that it will not appeal this Court's January 8, 2010 ruling. Pursuant to such stipulation, The Guardian and Pfizer agreed to bear their own costs.

3. Pfizer asks that costs be taxed against Plaintiff Aetna. Aetna has advised counsel for Pfizer that it objects to taxation of costs at this time.

4. For the reasons set forth in Defendants' Motion for Entry of Separate and Final Judgment and supporting memorandum [2461, 2462], Pfizer respectfully submits that the claims

of The Guardian and Aetna are completely distinct from those asserted by Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals and no just reason for delay exists with respect to dismissal of the claims asserted by The Guardian and Aetna in accordance with this Court's summary judgment ruling.  Accordingly, Pfizer asks that the judgment be designated as a separate and final judgment pursuant to Federal Rule of Civil Procedure 54(b).  Aetna has advised counsel for Pfizer that it objects to this request for the reasons stated in its prior response [2514].

WHEREFORE, Defendants respectfully request that the Court enter separate judgment pursuant to Federal Rule of Civil Procedure 58(a) and that the judgment be designated as a final judgment pursuant to Federal Rule of Civil Procedure 54(b).

Dated: November 16, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:     /s/ Mark S. Cheffo
        Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

-and-

ROPES & GRAY LLP

By: /s/ Ana M. Francisco
    Ana M. Francisco
    BBO #564346

Prudential Tower
800 Boylston Street
Boston, MA  02199-3600
Tel:  (617) 951-7000
Email:  ana.francisco@ropesgray.com

*Attorneys for Defendants Pfizer Inc and*
*Warner-Lambert Company LLC*

## CERTIFICATE OF CONSULTATION

I certify that counsel for Aetna and Pfizer have conferred in a good faith attempt to narrow or resolve the issue presented by this motion but have been unable to do so.

/s/ Katherine Armstrong
Katherine Armstrong

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on November 16, 2010.

/s/ Ana M. Francisco
Ana M. Francisco