UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION) | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: | Master File No. 04-10981-PBS |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., et al., 04 CV 10739 (PBS) and | Judge Patti B. Saris |
| AETNA, INC. v. PFIZER INC., et al., 04 CV 10958 (PBS) | |

**OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT**

Plaintiff Aetna, Inc. ("Aetna") respectfully submits this opposition to Defendants Pfizer Inc. and Warner-Lambert Company LLC's (collectively "Pfizer" or "Defendants") Motion for Entry of Judgment (Dkt. #3125) and states:

1.  On February 3, 2010, Defendants filed a Motion for Entry of A Separate and Final Judgment (Dkt. #2461) and supporting memorandum (Dkt. # 2462) asking the Court for the same relief it seeks in this motion. Conspicuously, Defendants' February 3 motion did not ask that costs be taxed against Aetna.

2.  On February 17, 2010, Plaintiffs Aetna and Guardian filed their Memorandum of Law in Opposition to Defendants' Motion for Entry of a Separate and Final Judgment (Dkt. #2514), opposing entry of a partial judgment until such time as the claims of all parties have been adjudicated. Aetna argued that such a procedure would avoid the "costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket" as set forth in

*Speigel v. Trustees of Tufts College*, 843 F.2d 38, 42 (1st Cir. 1998) (citing *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).

3. On Monday, November 15, counsel for Defendants advised us by email that: "The Court has asked us to submit a form of judgment by tomorrow" and attached a proposed form of judgment, asking for comment. Aetna still contends that no separate final judgment should issue.

4. While Aetna continues to oppose entry of a piecemeal judgment on the same grounds of inefficiency and duplicity, if it is the Court's intention to enter separate judgments concerning its co-plaintiffs, Aetna's objection is limited to inclusion of the language "As to the action brought by Aetna, Inc., costs are taxed against the Plaintiff, Aetna, Inc." in Defendants' proposed form of Judgment.

5. Taxation of costs for a prevailing party is discretionary, not mandatory. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987) ("Rule 54(d) generally grants a federal court discretion to refuse tax costs in favor of the prevailing party."). Aetna opposes taxation of costs in this case. Consistent with rule and practice in the District of Massachusetts, Pfizer's request for taxation of costs should be made by submitting a bill of costs on the proper form (AO 133) to the Clerk following entry of judgment, so that Aetna has its opportunity to review the proposed bill and object through a Motion for Disallowance. *See Taxation of Cost, Procedures for filing Bill of Cost,* attached hereto as Exhibit "A."

As more fully set forth in Aetna's opposition papers (Dkt. #2514) filed when Defendants first sought this relief in February, Defendants have not met their heavy burden to establish that the normal rule governing entry of an early and separate judgment should be discarded in this case. The Court should enter one final judgment so that the parties may take one appeal

therefrom.  Entering judgment now against fewer than all parties raises significant judicial economy concerns without any countervailing substantial showing of compelling need.

Defendants' motion to enter a separate judgment for Aetna should be denied.  The question of whether costs should be taxed should await the Clerk's determination and any determination by the Court of any issues raised in any ensuing Motion for Disallowance.

DATED:  November 17, 2010

**LOWEY DANNENBERG COHEN & HART, P.C.**

By  /s/ Gerald Lawrence
  Richard W. Cohen
  Peter D. St. Phillip, Jr.
  Gerald Lawrence
One North Broadway, Suite 509
White Plains, NY 10601-2310
(914) 997-0500

## CERTIFICATION OF SERVICE

I certify the foregoing document has been filed and served via the ECF system on this date, November 17, 2010.

By  /s/ Gerald Lawrence
  Gerald Lawrence