# Taxation of Costs

## Procedures for Filing the Bill of Costs

Under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, a prevailing party may request the Courtroom Deputy Clerk to tax allowable costs in a civil action as part of a judgment or decree.  This procedure is begun by filing a **Bill of Costs**, which must be filed on form AO 133, available in the Clerk's office.

### *When is a party the "prevailing party"?*

> A party in whose favor a judgment is entered is the prevailing party, regardless of whether that party sustains the entire complaint or only a portion thereof.[1]  Thus, the plaintiff is the prevailing party when judgment is rendered in her favor.  The defendant is the prevailing party when the proceeding is terminated by court-ordered dismissal or judgment in favor of the defendant.  Note, however, that when the case is dismissed or remanded for lack of jurisdiction, costs can only be allowed on order of the Judge.[2]  In addition, under Fed. R. Civ. P. 68, a plaintiff who rejects a settlement offer that is more than the judgment eventually obtained by the plaintiff is liable to the defendant for costs incurred after the offer was made.[3]

### *What must be filed?*

> The original of the Bill of Costs shall be filed with the Clerk, with copies served on adverse parties.  All costs sought must be itemized and documented in order to allow the adverse party a fair chance to object.[4]  An affidavit of the party or counsel must accompany the Bill of Costs verifying that (i) the items claimed in the Bill of Costs are correct, (ii) the costs have been necessarily incurred in the case, and (iii) the services for which fees have been charged were actually and necessarily performed.[5]

### *When must the Bill of Costs be filed?*

> The Bill of Costs must be filed within fifteen (15) days of the earlier of (i) the expiration of the time allowed for appeal of the final judgment or decree, or (ii) receipt by the Clerk of the Mandate of the Court of Appeals.[6]

*Can costs be taxed in settled cases?*

> If parties have specified an allocation of costs in their agreement to settle a case, that allocation is controlling.[7] If their agreement does not specify how costs are to be allocated, the determination will depend on which party is "prevailing." Ordinarily, this determination will require the party seeking costs to make an application for review by a District Judge or Magistrate Judge.

## Objections to the Bill of Costs

*How does the adverse party object to the Bill of Costs?*

> If an adverse party objects to the Bill of Costs or any item claimed by a prevailing party, that party must state their objection(s) in a **Motion for Disallowance** with supporting documents. The Motion must be made within ten (10) days after the filing of the Bill of Costs. The prevailing party may file a response to the objection, so long as it is within five (5) days of the filing of the Motion for Disallowance.[8]

*How is the objection resolved?*

> The need for a hearing on costs will be determined by the Courtroom Deputy Clerk. Unless a hearing is ordered, a ruling will be made within a reasonable period by the Courtroom Deputy Clerk. Within five (5) days of receipt of that Clerk's ruling on costs, a party may request review by a District Judge or Magistrate Judge.[9]

*What are common objections that should not be given weight?*

> Adverse parties raise four common arguments against the taxation of costs that should not be given weight. First, it is often claimed that the losing party's lawsuit addressed important social issues, and that if costs are awarded, other parties seeking to pursue important public policy goals will be frightened away from litigation.[10] Second, parties sometimes view the "good faith" nature of their lawsuit as somehow excluding them from the duty to pay costs.[11] Third, parties often claim that their financial status should exempt them from taxation responsibilities, either because they are less wealthy than the prevailing party or because they are indigent.[12] Finally, it is sometimes claimed that the

prevailing party should be denied all or a part of their costs because they only prevailed on a portion of their claims, or they only received injunctive or other non-monetary relief.[13] None of these arguments are acceptable objections to the award of costs.

### *What are common objections that can be considered?*

Acceptable reasons for denying all or part of requested costs include the prevailing party's failure to file the Bill of Costs within the fifteen day time period,[14] and the failure to provide sufficient, legible itemization of costs, along with supporting documentation.[15] Costs may also be denied where the prevailing party has engaged in misconduct during the litigation process,[16] but this determination must be made by a District Judge or Magistrate Judge.

## Taxable Costs

It is important to note that only those costs specifically mentioned in 28 U.S.C. § 1920 are taxable.[17] Thus, the Courtroom Deputy Clerk must deny all other costs requested, even if the opposing party has failed to make an objection.[18] The following costs are taxable to the extent described:

### *Fees of the Clerk.*

Taxable.[19]

### *Fees of the Marshal.*

Taxable, even if conducted by private process servers.[20]

### *Fees of the Court Reporter.*

Taxable for all or any part of the transcript necessarily obtained for use in the case.[21] This includes trial transcripts and transcripts of depositions taken for use at trial.[22] Video depositions are not taxable without prior permission of the Court.[23] Daily or expedited transcript costs will not be taxable unless requested in a motion filed prior to commencement of trial.[24]

### *Fees for witnesses.*

Taxable, if the testimony of the witness was relevant and

material to an issue in the case,[25] for the following items: witness fees (at $40 per day); mileage (at $.3250 per mile) and/or travel by common carrier, tolls, and parking, if the witness testifies; and subsistence (at $238.00 per day for the Boston area) if the witness testifies and it is not practical for the witness to return to his or her residence from day to day.[26] Fees for witnesses who are parties to the litigation are not taxable.[27] However, witness fees for employees of a corporate party are allowable so long as the employees are not real parties in interest.[28]

### *Fees for exemplification.*

Taxable if necessarily obtained for use in the case.[29] Exemplification is the making of an official and certified copy of a document or transcript that is used as evidence. Examples of items that may be exemplified include docket sheets, complaints, medical reports, police reports, weather reports, land records, and criminal records.

### *Fees for printing and copying.*

Photocopying costs are taxable only to the extent that the copies were used as exhibits, were furnished to the Court or opposing counsel, or were otherwise necessary for maintenance of the action.[30] Thus, taxable items can include copies of trial transcripts,[31] deposition transcripts used at trial,[32] copies of exhibits where originals are not available, briefs, excerpts of the record, etc.[33] Counsel must include a statement that the cost is no higher than what is generally charged for reproduction in the local area, and that no more copies than what was actually necessary were reproduced.[34] Copies for the convenience of counsel and not for use at trial are not taxable.[35] The reasonable expense of preparing items such as charts, photographs, motion pictures and similar visual aids is taxable when the exhibits have been received in evidence and have been of aid to the Court.[36] The costs of maps, charts and models (including computer generated models) that are deemed to be beyond the needs of the case are not taxable.[37]

### *Docket fees*.

Taxable according to the rates set forth in 28 U.S.C. § 1923.

*Compensation of court-appointed experts.*

> Taxable only if the expert is court-appointed. If an expert witness is not court-appointed, expenditures are taxable only to the extent that ordinary witness expenditures would be (see above).[38]

*Compensation of interpreters and costs of special interpretation services.*

> Fees, expenses and costs of interpreters are taxable if their services or the product of their services (i.e., translated depositions) are used at trial.[39] Fees for translation of documents received in evidence, used as part of the proceeding or otherwise reasonably necessary for trial preparation are taxable. Current rates for a certified and professionally qualified interpreter are $305.00 for a full day, $165 for a half day, and $45 per hour for overtime. The rate for a language skilled (non-certified) interpreter is $145 for a full day, $80 for a half day, and $25 per hour for overtime.[40]

## Special Proceedings

When the action has had proceedings in courts other than the District Court, or is a special type of proceeding in the District Court, the following rules apply:

*Bankruptcy appeals.*

> A Bill of Costs on a bankruptcy appeal to the District Court must be filed within fifteen (15) days of the entered date of the order deciding the bankruptcy appeal. Note that if judgment is affirmed or reversed in part, or is vacated, costs cannot be taxed unless the judgment signed by the Court specifically awards costs to a party.[41] The following are taxable as costs, in addition to other taxable items: costs incurred in the production of copies of briefs, the appendices, and the record and in the preparation and transmission of the record, the cost of the Reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal and the fee for filing the notice of appeal.[42]

*Suits in admiralty.*

>Costs incurred in posting a bond may be taxable if deemed a reasonable expense.[43] The prevailing party must have obtained the lowest available rate.[44]

*The Court of Appeals.*

>Any costs allowed and entered as an order by the Court of Appeals (usually costs associated with appellate printing or production of briefs) shall be added to costs taxed by the District Court.[45] In addition, allowable costs to be entered by the Courtroom Deputy Clerk of the District Court include the costs of preparing and transmitting the record and transcripts, obtaining supersedeas bonds and other required bonds, and fees of the appellate clerks.[46]

*The United States Supreme Court.*

>Taxable costs are limited to fees of the Clerk and costs of printing the joint appendix. When costs are allowed by the Supreme Court, an itemization of the costs will be inserted in the body of the mandate sent to the court below.[47]

*State courts.*

>For removed cases, any costs incurred in state court prior to removal are taxable in federal court, so long as the costs were taxable under state law.[48] An affidavit of costs incurred while proceeding in state court must accompany the Bill of Costs.

## Items Specifically Not Taxable

Two non-taxable items deserve special mention.

*Attorney's fees.*

>Any party seeking attorney's fees must file an appropriate motion with the District Judge or Magistrate Judge.[49]

*Special Master fees.*

> Any party seeking Special Master fees must file a motion with the District Judge or Magistrate Judge.[50]

## Status of Certain Special Parties

*Intervenors.*

> Intervenors in agency actions are generally treated like any other prevailing or losing party.[51]

*The United States.*

> Costs may be taxed against the United States or any of its agencies or officials if the United States is a losing party.[52] The United States may recover filing fees when it prevails in a civil action.[53]

*State governments.*

> State governments, agencies and officials may be taxed with costs.[54]

(taxation.wpd - 12/28/00)

## Sources

1. See Roberts v. Madigan, 921 F.2d 1047, 1058 (10th Cir. 1990) (awarding full costs to party that prevailed on the majority of claims and issues); see also 10 Wright & Miller: Federal Prac. & Proc. § 2667 n. 16 (1998) (collecting sources).

2. See 28 U.S.C. § 1919.

3. See Crossman v. Marcoccio, 806 F.2d 329 (1st Cir. 1986).

4. See Harceg v. Brown, 536 F. Supp. 125 (N.D. Ill. 1982).

5. See 28 U.S.C. § 1924.

6. No statute or federal rule governs what constitutes a timely filing and thus individual courts vary in their treatment of the question. In lieu of a local rule, it has been held that bills of costs must be filed within a reasonable time after the conclusion of litigation. See, e.g., Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F.2d 219 (7th Cir. 1988). While the District of Massachusetts does not have a formalized local rule, the procedure described above has come to represent the practice of the District.

7. See Frigiquip Corp. v. Parker-Hannifin Corp., 75 F.R.D. 605 (W.D. Okla. 1977).

8. Like the fifteen day time period for filing the Bill of Costs, this procedure for filing objections is a matter of local practice, permissible within the Federal Rules. See Kallay v. Community National Life Insurance Co., 52 F.R.D. 139 (D. Okl. 1971) (local rule may set time limit for filing bill of costs).

9. See Fed. R. Civ. P. 54(d)(1).

10. See, e.g., Smith v. Southeastern Pennsylvania Transportation Authority, 47 F.3d 97 (3d Cir. 1995).

11. See, e.g., Popeil Brothers, Inc. v. Schick Electric, Inc., 516 F.2d 772 (7th Cir. 1975).

12. See, e.g., Papas v. Hanlon, 849 F.2d 702 (1st Cir. 1988) (requiring in forma pauperis litigant to pay prevailing defendants for stenographer's fees in no-show depositions); Halasz v. University of New England, 821 F. Supp. 40 (D. Me. 1993) (student's plausible arguments and general lack of funds did not preclude award of costs to university).

13. See, e.g., Roberts, 921 F.2d 1047.

14. Because the District's fifteen day time period appears to be an informal practice, rather than a formalized local rule, some allowance should be made for litigants who file late but claim, in good faith, that they were not aware of the time restriction. See In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litigation, 994 F.2d 956 (1st Cir. 1993) (district court cannot deny costs without providing opportunity to seek ordinary costs).

15. See Proffitt v. Municipal Authority of the Borogough of Morrisville, 716 F. Supp. 845 (E.D. Pa. 1989) (clerk may not tax unexplained costs).

16. See Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985).

17. See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 442, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) ("The Court has the discretion to deny any of the costs on this list but may not grant the prevailing party fees for expenses that do not appear [in § 1920]"); Rodriguez-Garcia v. Davila, 904 F.2d 90, 100 (1st Cir. 1990) ("An award of costs must be carefully tailored to the items [in § 1920]").

18. See Andrews v. Suzuki Motor Co., Ltd., 161 F.R.D. 383 (S.D. Ind. 1995).

19. See 28 U.S.C. § 1920(1).

20. See Bass v. Spitz, 522 F. Supp. 1343 (E.D. Mich. 1981); Morris v. Carnathan, 63 F.R.D. 374 (N.D. Miss. 1974).

21. See Walters v. President and Fellows of Harvard College, 692 F. Supp. 1440 (D. Mass. 1988) (successful litigant could recover only those costs associated with taking and transcribing depositions that were used or introduced as evidence at trial).

22. See Emerson v. National Cylinder Gas Co., 147 F. Supp. 543 (D. Mass. 1957), affirmed, 251 F.2d 152 (1st Cir. 1958) (costs of depositions taken for preparation and discovery, rather than for use at trial, not recoverable).

23. Miller v. National R.R. Passenger Corp., 157 F.R.D. 145 (D. Mass. 1994).

24. See Virginia Panel Corp. v. Mac Panel Co., 887 F. Supp. 880 (W.D. Va. 1995) ("The cost of daily copies of trial transcripts is recoverable if the daily transcript is indispensable, rather than merely for the convenience of the attorneys.") (citing Farmer v. Arabian American Oil Co., 379 U.S. 227, 233-34, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964)).

25. See 10 Wright & Miller: Federal Prac. & Proc. § 2678 n. 8 (1998) (collecting sources).

26. See 28 U.S.C. § 1821.

27. See Bee v. Greaves, 910 F.2d 686 (10th Cir. 1990); Heverly v. Lewis, 99 F.R.D. 135 (D. Nev. 1983).

28. See Todd Shipyards Corp. v. Turbine Services, Inc., 592 F. Supp, 380 (E.D. La. 1984); Morrison v. Alleluia Cushion Co., 73 F.R.D. 70 (N.D. Miss. 1976); Sperry Rand Corp. v. A-T-O, Inc., 58 F.R.D. 132 (E.D. Va. 1973).

29. See 28 U.S.C. § 1920(4); Commerce Oil Refining Corp. v. Miner, 198 F. Supp. 895 (D. R.I. 1961)

30. See Board of Directors, Water's Edge v. Anden Group, 135 F.R.D. 129 (E.D. Va. 1991).

31. Under 28 U.S.C. § 1920(2), prevailing parties are entitled to the fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case. "Courts generally consider a transcript 'necessarily obtained' when it was necessary to counsel's effective performance and proper handling of the case ... or when requested by the court.... The words 'use in the case' signify that the transcript must have a direct relationship to the determination and result of the trial." Dopp v. HTP Corp., 755 F. Supp. 491, 502 (D. Puerto Rico 1991), vacated on other grounds, 947 F.2d 506 (1st Cir. 1991).

32. "[I]f depositions are either introduced in evidence or used at trial, their costs should be taxable to the losing party." Templeman v. Chris Craft Corp., 770 F.2d 245, 248 (1st Cir. 1985), cert. denied, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985).

33. "Under section 1920(4), Plaintiffs are entitled to the fees for their copies which were necessarily obtained for use in the case. Copies are recoverable when they are reasonably necessary to the maintenance of the action." Rodriguez-Garcia v. Davila, 904 F.2d 90, 100 (1st Cir. 1990).

34. See 28 U.S.C. § 1924.

35. See Perlman v. Feldmann, 116 F. Supp. 102 (D. Conn. 1953) (additional copies of depositions obtained because prevailing parties were represented by two law firms were for the convenience of counsel and therefore not taxable).

36. See H. C. Baxter & Bro. v. Great Atlantic & Pacific Tea Co., 44 F.R.D. 49 (D. Me. 1968).

37. See Emerson, 147 F. Supp. 543 (successful defendants only allowed 25 percent of expenses for elaborate and detailed charts which went beyond needs of the occasion); Paul N. Howard Co., v. Puerto Rico Aqueduct and Sewer Authority, 110 F.R.D. 78 (D. Puerto Rico 1986) (costs for graphs and exhibits disallowed where not indispensable to court's understanding).

38. As the Supreme Court in Crawford Fitting expressed, "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of 1821(b), absent contract or explicit statutory authority to the contrary." Crawford Fitting Co., 482 U.S. 437, 439, 107 S.Ct. 2494, 96 L.Ed.2d 385.

39. See 28 U.S.C. § 1920(6); East Boston Ecumenical Community Council, Inc. v. Mastrorillo, 124 F.R.D. 14 (D. Mass. 1989) (costs of having interpreters present at deposition would be recoverable by defendants if they prevailed at trial).

40. See 28 U.S.C. § 1818.

41. See Fed. R. Bankr. P. 8014.

42. See id.

43. See Copperweld Steel Co. v. Demag-Mannesmann-Bohler, 624 F.2d 7 (3d Cir. 1980).

44. See Keystone Shipping Co. v. S. S. Monfiore, 275 F. Supp. 606 (S.D. Tex. 1967); American Hawaiian Ventures, Inc. v. M. V. J. Latuharhary, 257 F. Supp. 622 (D. N.J. 1966).

45. See Fed. R. App. P. 39(c).

46. See Fed. R. App. P. 39(e).

47. See Sup. Ct. R. 43(3).

48. See Simeone v. First Bank National Association, 971 F.2d 103 (8th Cir. 1992) (state law governs award of costs for proceedings that take place in state court).

49. See De Thomas v. Delta S. S. Lines, Inc., 58 F.R.D. 335 (D. Puerto Rico 1973) (attorneys' fees not included in statutory definition of taxable costs).

50. See Mallonee v. Fahey, 117 F. Supp. 259 (S. D. Cal. 1953) (special master fees were required to be fixed and assessed by the court, rather than the clerk acting under her statutory authorization).

51. See 10 Wright & Miller: Federal Prac. & Proc. § 2667 n. 23 (1998) (collecting sources).

52. See 28 U.S.C. § 2412(a).

53. See Federal Courts Administration Act of 1992 (P.L. 102-572).

54. The Eleventh Amendment has been held not to bar such assessments. See Gay Student Services v. Texas A & M University, 612 F.2d 160 (5th Cir. 1980); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976).