# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
:
In re:  NEURONTIN MARKETING,               :  MDL Docket No. 1629
    SALES PRACTICES AND                    :
    PRODUCTS LIABILITY LITIGATION          :  Master File No. 04-10981
                                           :
------------------------------------------------------------x  Judge Patti B. Saris
                                           :
THIS DOCUMENT RELATES TO:                  :  Magistrate Judge Leo T. Sorokin
                                           :
ROBIN STERN BRIGGS                         :
As Administrator of Estate of,             :
DOUGLAS MERRILL BRIGGS,                    :
Deceased,                                  :
                                           :
            Plaintiff,                     :
                                           :
        v.                                 :
                                           :
PFIZER INC.,                               :
PARKE-DAVIS, a Division of                 :
Warner-Lambert Company and                 :
Warner-Lambert Company LLC,                :
WARNER-LAMBERT COMPANY,                    :
WARNER-LAMBERT COMPANY LLC,                :
and TEVA PHARMACEUTICALS                   :
USA, INC.,                                 :
                                           :
            Defendants.                    :
                                           :
------------------------------------------------------------x

### MEMORANDUM OF LAW IN SUPPORT OF
### <u>TEVA PHARMACEUTICAL USA, INC.'S UNOPPOSED</u>
### <u>MOTION TO AMEND ANSWER</u>

Teva Pharmaceuticals USA, Inc., ("Teva") by its attorneys, Goodwin Procter LLP, respectfully submits this memorandum in support of its motion to amend its Answer pursuant to Federal Rule of Civil Procedure 15(a)(2).

LIBNY/4977228.1

**ARGUMENT**

Plaintiff brought this wrongful death action to recover for her husband's death, which she alleged was related to his use of Neurontin and its generic version, Gabapentin. The events surrounding the decedent's suicide occurred in North Carolina, and he was a domiciliary of North Carolina and a North Carolina licensed medical professional at the time of his death.

Teva now seeks leave to amend its Answer to include explicitly the defense of contributory negligence pursuant to North Carolina General Statutes section 99B-4 and North Carolina common law. Teva's most recent Answer[1] contains affirmative defenses of misuse of the product, contribution, comparative assumption of risk, comparative negligence, and the learned intermediary doctrine (Amended Complaint, at Aff. Defenses 4, 6, 8 – 11, and 20). These pleadings alone are sufficient to put Plaintiff on notice of the affirmative defense of contributory negligence under North Carolina law. *See Coleman v. Ramada Hotel Operating Co.,* 933 F.2d 470, 475 (7th Cir. 1991) (holding that a defendant's failure to plead assumption of risk in the answer did not result in waiver where contributory negligence was pled because "there exists substantial overlap between the two doctrines" and they "are inextricably intertwined"). Still, Defendants – in an abundance of caution – request that this Court allow them to amend their answer in order to plead that doctrine more explicitly under section 99B-4.

Federal Rule of Civil Procedure 15(a)(2) provides that the district courts should freely grant parties leave to amend their pleadings prior to trial. Permission to amend the pleadings should be "freely given" in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, . . . futility of

---

[1] This is Teva's first motion to amend its answer in this case. Plaintiff filed an Amended Complaint in this action on December 7, 2009, and Teva filed an Answer to that Amended Complaint on December 24, 2009.

amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Considering that none of these concerns apply in the present circumstances, the Court should grant Teva's motion to amend.

The proposed amendment would result in no prejudice to the Plaintiff or delay in these proceedings.  Considering that Teva's current Answer sets forth the affirmative defenses of comparative negligence, product misuse, and assumption of risk, Plaintiff cannot legitimately claim prejudice resulting from the amendment because (1) Plaintiff was put in notice that any negligence by decedent would be relied upon by Teva to reduce its own liability,[2] and (2) the same evidence used to establish comparative negligence, product misuse, and assumption if risk would be used to establish contributory negligence.  *See Coleman*, 933 F.2d at 475 (holding that plaintiff suffered no prejudice from the failure to plead one affirmative defense where another affirmative defense that was actually pled "would elicit the same discovery").

Furthermore, there has been no undue delay, and there is good cause for the amendment. The parties are still conducting discovery in this case, and no trial date has been set.  Recently, Plaintiff testified in her deposition that the decedent, a licensed physician, self-medicated himself with Gabapentin without a prescription and may have otherwise used such medicine improperly. And, one of Plaintiff's decedent's prescribing physicians, Dr. Christian George Wolff, testified during his deposition that he did not write or authorize decedent's prescription of Gabapentin (Deposition of Dr. Wolf, Oct. 28, 2010, at 23:2-7).  Consequently, in an abundance of caution, the Court should permit Teva to amend its Answer to include the explicit form of this defense under section 99B-4 and the common law of North Carolina.  *See Bryan v. Adams*, 116 N.C.

---

[2] The substantive difference between contributory negligence and comparative fault is that contributory negligence completely bars recovery pursuant to North Carolina law.  *See Smith v. Fiber Controls Corp.*, 300 N.C. 669, 672 (1980) ("In a product liability action founded on negligence, 'there is no doubt that . . . [plaintiff's] contributory negligence will bar his recover to the same extent as in any other negligence case.'" (citation omitted)).  Defendants believe that their prior pleadings were sufficient to raise defenses based upon the fault of the decedent, but seek this amendment out of an abundance of caution.

3

App. 448 (1994) ("G.S. § 99B-4 of the Product Liability Act . . . codifies contributory negligence as a bar in products liability actions[.]"); *see also Nicholson v. American Safety Util. Corp.*, 346 N.C. 767, 773 (1997) (holding that "all of the circumstances during the plaintiff's use of the product must be considered [in determining plaintiff's contributory negligence], not just plaintiff's conduct with respect to the product itself").

## CONCLUSION

For all the foregoing reasons, Teva respectfully requests that this Court grant Teva's motion for leave to file its Amended Answer, attached hereto as Exhibit A, which includes explicitly the affirmative defense of contributory negligence.

Dated:  December 1, 2010                    Respectfully submitted,

TEVA PHARMACEUTICALS USA, INC.

By its attorneys,

/s/ Chad W. Higgins                            .
U. Gwyn Williams (BBO # 565181)
Chad W. Higgins (BBO # 668924)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000
gwilliams@goodwinprocter.com
chiggins@goodwinprocter.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1, I certify that counsel for Plaintiff and for Teva Pharmaceuticals, USA, Inc. have conferred in good faith and stipulated that Teva Pharmaceuticals, USA, Inc. may amend its Answer to the Complaint. A conference call took place on November 30, 2010.

s/ Chad W. Higgins

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) pursuant to Case Management Order #3 on December 1, 2010.

s/ Chad W. Higgins

LIBNY/4977228.1