UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

|  |  |  |
|---|---|---|
| IN RE NEURONTIN MARKETING, SALES | ) | |
| PRACTICES, AND PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | MDL Docket No. 1629 |
| | ) | Master File No. 04-10981 |
| | ) | |
| THIS ORDER RELATES TO: | ) | Judge Patti B. Saris |
| | ) | Mag. Judge Leo T. Sorokin |
| ALL PRODUCTS LIABILITY ACTIONS | ) | |
| | ) | |

REVISED SCHEDULING ORDER FOR ALL PRODUCTS LIABILITY CASES

December 6, 2010

SARIS, D.J.
SOROKIN, M.J.

The Court makes the following ORDERS regarding the scheduling of the products

liability cases pending in this MDL in order to bring this MDL to conclusion.

1.  The approximately forty cases listed in Docket #3129 as ready for transfer back to the

originating district will be transferred forthwith pursuant to a separate order of this Court.

Counsel shall file a list of all such cases ready for transfer by **December 10, 2010** along with a

proposed transfer order**.**

2.  By **December 10, 2010**, counsel shall also file a separate list of all of the cases that

have been dismissed or closed.  If counsel believe any transfer order of the Court is required

regarding these cases, they shall file a proposed order by this date.

3.  By **December 10, 2010**, defendants shall serve the attached pro se discovery upon any

pro se plaintiff they contend has failed to produce the template.  Regarding those pro se plaintiffs

the Defendants contend made non-compliant or inadequate discovery responses, Defendants may

file motions to compel by **December 20, 2010.**  A failure to comply with any order compelling further disclosure may result in sanctions and/or dismissal of the case for failure to comply with the Court's Orders, failure to prosecute and/or as a sanction.  Upon completion of the template discovery, the Court intends to transfer all the pro se cases back to the court in which the cases were filed as this will facilitate resolution of the cases and facilitate the ability of the court and the pro plaintiff's to adjudicate the claims.  By January 24, 2011, defendants shall submit a proposed transfer order along with a list of the pro se cases subject to transfer and a separate motion to dismiss, if applicable, as described in the attached order.

4.  For those products liability cases for which no discovery schedule has yet been established the Court establishes the following schedule.

a.  The parties shall complete template discovery by January 31, 2011.

b.  Upon the conclusion of the period for template discovery, the Court intends to transfer these cases back to the district in which the cases were filed for depositions and individual summary judgment motions.

c.  By February 4, 2011, defense counsel shall file a proposed transfer order and a list of the cases subject to transfer.

5.  For the Boone Law Firm cases, defendants indicate that much of the template discovery is incomplete or unsatisfactory, in response Attorney Boone contends his plaintiffs have produced all that they know or possess.  Insofar as Attorney Boone has failed to comply with discovery deadlines by failing to produce any discovery, Defendants may file a motion to dismiss for lack of prosecution and/or failure to obey the Court's orders.  Insofar as the responses are unsatisfactory or incomplete, Defendants may file a motion to compel.  Attorney Boone is

cautioned, however, that the failure to produce all the discovery ordered by the Court in response to such motion to comply, within the time allotted by the Court, may result in dismissal as a sanction under Rule 37, and/or for violation of the Court's Orders or failure to prosecute. Defendants shall file any such motion setting forth the alleged non-compliance and requesting appropriate relief by **December 20, 2010** with response by Attorney Boone due **January 4, 2011** and a reply, not to exceed five pages, due **January 11, 2011.** [1] .

6.  Regarding the Schwartz Law Firm cases, the Court remains concerned that template paper discovery may not be complete because the submissions to the Court state that is the status regarding the Schwartz cases within the first wave of 130 cases.  Accordingly, Defendants may file the same motions regarding these cases as they may file in the Boone cases.  The Court also cautions Attorney Schwartz as it has Attorney Boone as paragraph 5's admonitions apply fully to the Schwartz cases as well.

7.  Depositions in the Boone Law Firm cases and Schwartz law firm cases shall proceed at the pace of fifteen days per month respectively.  If either side seeks relief from this requirement they shall file a motion with the Court.

8.  The Motion to Reinstate the Martinez case (Docket #3010) is DENIED WITHOUT PREJUDICE.  If plaintiff's counsel believe they can complete all of the template discovery by

---

[1] Previously the Court established a rolling schedule requiring the Boone and Schwartz law firms to produce the template discovery in cases in waves twice a month from July, 2010 until January, 2011.  The Court's review of the status reports, however, indicates that counsel believe they have produced all of the template discovery. In addition, the number of parties these firms represent has declined since the Court established the schedule, because of the dismissal by some plaintiffs of their claims.  Thus, the entire period for template discovery is no longer necessary. Accordingly, to the extent this order is a revision of the schedule, the revision is both reasonable and warranted under the circumstances.

December 31, 2010, they may refile the motion and so note at which point the Court will consider the motion.

9.   The schedule for the gabapentin defendants, established on September 17, 2010 when the Court allowed docket #3046, remains unchanged.  However, the Court understands that individual discovery in any cases against a gapabentin defendant has already occurred or is occurring pursuant to one of the schedules noted above.  If this is incorrect, counsel shall inform the Court, by **December 10, 2010,** of the list of such cases and the status of template discovery in these cases.

10.   By **December 10, 2010**, the parties shall advise the Court of any other matters requiring resolution prior to the conclusion of this MDL.

11.   The Court will hold a status conference on February 11, 2011 at 2:00 p.m. in Courtroom # 19 on the 7th Floor.

                                              SO ORDERED.

                                              /s/ Patti B. Saris
                                              Patti B. Saris
                                              UNITED STATES DISTRICT JUDGE

                                              /s/ Leo T. Sorokin
                                              LEO T. SOROKIN
                                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| IN RE NEURONTIN MARKETING, SALES | ) | |
| PRACTICES, AND PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | MDL Docket No. 1629 |
| _____ | ) | Master File No. 04-10981 |
| | ) | |
| THIS ORDER RELATES TO: | ) | Judge Patti B. Saris |
| | ) | Mag. Judge Leo T. Sorokin |
| ALL PRO SE PRODUCTS LIABILITY ACTIONS | ) | |
| _____ | ) | |

ORDER TO PRO SE PLAINTIFFS TO COMPLY AND NOTICE OF POSSIBLE DISMISSAL

December 6, 2010

SARIS, D.J.
SOROKIN, M.J.

In a prior Order, the Court required the defendants to serve upon each pro se plaintiff the template discovery requests, by September 30, 2010, and further required each plaintiff to produce to the other side the template discovery responses by November 30, 2010.  The defendants in this case contend that you have failed to comply with this deadline by failing to produce the discovery required.

In light of these claims, the Court is giving you until **January 10, 2011** to comply with the discovery order.  **If you fail to produce all of your template discovery by January 10, 2011, the Court will dismiss your case for failure to prosecute and/or violation of the Court's Orders**.

If you fail to comply with this Order by January 10, 2011, Defendants may file, by January 24, 2011, a motion to dismiss your case.  If you disagree with the defendants, you may submit to

1

the Court a response or opposition to the defendants motion by February 7, 2011.  The Court will then rule upon the motion.

SO ORDERED.


/s/ Patti B. Saris
Patti B. Saris
UNITED STATES DISTRICT JUDGE

/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

2