*Court's Copy*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------- x

IN RE: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCT LIABILITY
LITIGATION

MDL Docket No. 1629

Judge Patti B. Saris
Magistrate Judge Leo T. Sorokin

------------------------------------------------------------------- x

THIS DOCUMENT RELATES TO:

*Edwards v. Pfizer Inc,*
Case No. 05-CV-11701-PBS

Civil Action No. 04-10981

------------------------------------------------------------------- x

## TEMPLATE REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS DIRECTED TO PRODUCTS PLAINTIFFS

Pursuant to the Federal Rules of Civil Procedure and the orders of Magistrate

Judge Sorokin and this Court, Defendants Pfizer Inc and Warner-Lambert Company LLC

(collectively, "Defendants" or "Pfizer") hereby serve Defendants' Template Request for

Production of Documents and Things Directed to Products Plaintiffs.

## DEFINITIONS

1.      As used herein, the terms "plaintiff", "you" and "your" shall refer to the

plaintiff or plaintiffs of each individual action consolidated in the above-captioned MDL

proceeding, the person allegedly harmed by his/her ingestion of the prescription

medication Neurontin, and their agents and/or attorneys acting in their capacities for

plaintiff.

2.      As used herein, the term "Complaint" shall refer to each individual

Complaint filed on behalf of plaintiff in the above captioned matter.

3.      As used herein, the term "document" means any writing (whether printed

typed, photocopied, handwritten, recorded, stored, or produced, or reproduced by any

other process), drafts and final version, and all originals as well as copies that differ from

originals in any respect (including, but not limited to, differences due to handwritten notes, editing interlineations, blind copies or any other alterations), or any other computation of information that is in the possession, custody or control of you or your attorneys or agents, and includes, without limitation, any and all: appointment books, articles, brochures, bulletins, calendars, charts, communications (intra-office, inter-office, external and other), computer memory and printouts, correspondence, desk-pads, diaries, drafts, electronic mail messages, forecasts, graphs, letters, memoranda, microfiche, microfilm, minutes of meetings, newspaper clippings, notebooks, notes, periodicals, projections, recording, records, reports, statements, studies, summaries, tapes, telecopies, telegrams, telephone messages, videotapes and voice mail messages.

4.     The term "communication" means any transfer of information, whether external or internal, by any written, oral, electronic or other means including, but not limited to, meetings, discussions, telephone conversations, voice mail, contracts, letters, memoranda, electronic mail, correspondence, reports, statements, consultations and negotiations.

5.     The terms "concerning" or "relating to" mean directly or indirectly, referring to, reflecting, describing, evidencing, memorializing or constituting.

6.     "Identify", when used with respect to a person, means to give the person's full name, present or last known home address and business address and home and business telephone numbers, e-mail address, the present or last known position and business affiliation of the person, and the position and business affiliation of the person at the time of his actions in connection with the matters alleged in each action.

2

7.     "Identify", when used with respect to a document or a writing, means to give the type of document or writing (e.g., letter, memorandum, telegram, chart, report), date, file and/or identifying symbol, its subject matter, the total number of pages thereof, its present location and custodian (or its disposition if no location or custodian is specified), and to identify the author, addressee and each recipient of such document.

8.     "Identify", when used with respect to a communication, means to state the date and place where the communication occurred, the type of communication (e.g., letter telegram, conference, telephone call), the identity of each person who made, received or otherwise observed, heard or witnessed such communication, the general subject matter thereof, and identity of each document referring or relating to such communication.

9.     The term "health care provider" includes physicians, medical doctors, chiropractors, internists, osteopaths, psychologists, psychiatrists, therapists, counselors, social works, nurses, pharmacists, social workers, or any individual who provided any care, treatment, diagnosis, test, therapy, counseling or advice.

10.    The term "private payor" includes any non-government entity or program that reimburses you or provides you with prescription drug benefits or health care services, including but not limited to health insurance companies, Medigap insurers, health maintenance organizations, preferred provider organizations, self-insurance plans, health plans, insurance indemnity plans, union, and welfare and benefit funds.

11.    The terms "and" and "or" shall be to be construed disjunctive or conjunctively as necessary to bring within the scope of the response all information that would be excluded if such words were not so construed.

3

12.     The term "each" includes "all" and "every". Whenever a request calls for documents with respect to "each" one particular type of occurrence, communication or other matter of which more than one exists, identify separately, and in chronological order, each instance of the occurrences, communications or other matters referred to, and provided for each such instance all of the documents called for immediately following such identification.

13.     The use of the plural shall include the singular and the use of the singular shall include the plural.

14.     The word "including" means "including without limitation."

15.     The use of the masculine gender includes the feminine gender.

## INSTRUCTIONS

1.      These requests are intended to cover all documents in your possession or subject to your custody or control, including documents in the possession, custody or control of your agents or attorneys acting in their capacities for you. These requests are also intended to cover any and all documents you are authorized to retrieve.

2.      Each request for a document contemplates production of the document in its entirety, without abbreviation or expurgation.

3.      If any requested documents cannot be produced in full, please produce them to the extent possible, specifying each reason for your inability to produce the remainder thereof and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

4

4.     If any document is no longer in your possession, custody, or control and cannot be retrieved by you, please identify the document in detail and state with specificity the location(s) of the document.

5.     Unless otherwise indicated, responses shall include any documents relating to each Plaintiff for a period of twenty years preceding the date of this request.

6.     If any document responsive to this request was formerly in your possession, custody, or control and has been lost or destroyed, please identify that document with reasonable particularity, specifying (if lost) the circumstances under which the document was lost or (if destroyed) the date of destruction, manner of destruction, reason for destruction, the person who authorized destruction, and the person who destroyed the document and stating whatever information, knowledge, or belief you have concerning its contents.

7.     These requests are of continuing effect, and to the extent that any time after the production of documents called for by this request, you become aware of or acquire additional documents responsive to this request, such documents shall be produced promptly.

8.     All documents requested are to be produced if they are in Plaintiff's custody, possession or control, and are available or accessible to them.

9.     If Plaintiffs claim that any document to be produced is privileged or constitutes attorney work product, Plaintiffs are requested to submit a written statement that: a) identifies the person with knowledge of the information or the author of the document and, if applicable, the persons with whom the information was shared or to whom the document was sent; b) specifies the date on which the document was prepared

5

or transmitted; c) describes the nature of the document (e.g., letter, interoffice memorandum, telegram, notes, etc.), the subject matter of the document, the number of pages of the document with attachments, if any, and its present custodian; d) states briefly the factual basis for the privilege asserted; and e) provides the number of document requests to which such information or documents is responsive.

10.     If any of the documents or communications requested herein have been destroyed, Plaintiffs are requested to submit a written statement that: a) identifies the person who prepared or authored the documents and, if applicable, the persons to whom the documents were sent; b) specifies the date on which the documents were prepared or transmitted; c) describes the nature of the documents (e.g., letter, interoffice memorandum, telegram, notes, etc.), the subject matter, and the total number of pages thereof; and d) states the date upon which the documents were destroyed and the reason they were destroyed.

11.     Documents shall be produced as they are or have been kept in the ordinary course, including the original file folder and label or other similar identification devices.

12.     To the extent that you view any document request as vague or imprecise, counsel for Defendants offers to confer with Plaintiffs' counsel as to the intended scope of such document request prior to your response hereto.

## REQUESTS

### REQUEST NO. 1:
All medical records, surgical records, mental/ emotional health records, x-rays, radiographic films, pathology materials, including but not limited to slides and other tissue samples, or any other records or materials related to any diagnostic or treatment tests or procedures, financial records, bills, invoices, writings, notes or memoranda relating to all of the Plaintiff's physical, medical or mental/emotional conditions, illnesses or disabilities, including but not limited to those of doctors, nurses, practitioners,

6

hospitals, clinics, institutions or other health care providers or third party private or governmental health or accident insurers, without regard to whether it is the Plaintiff's contention that such physical, medical or mental conditions, illnesses, or disabilities were caused in any way by the defendants or any agent or employee of the defendants:

(a)   for a period of 20 years before and up to the date of the first occurrence alleged in the Complaint.

(b)   for a period of time commencing on the date of the first occurrence alleged in the Complaint up to and including the present date.

**RESPONSE TO REQUEST NO. 1:** Plaintiff, Keith Edwards, 211-800, is and has been at all time relevant to this cause of action, an inmate, presently incarcerated in the custody and control of the Ohio Dept. of Rehabilitation and Corrections, at the Richland, Correctional Institution, 1001 Olivesburg Rd., P.O. Box 8107, Mansfield, Ohio 44901. Defendant therefore must contact Mr. Brian Cain, Health Care Administrator, at this address.

**REQUEST NO. 2:**
Plaintiff's state and federal tax returns from January 1, 1995 through the date of this notice.

**RESPONSE TO REQUEST NO. 2:** Plaintiff, Keith Edwards has never filed a tax return during his incarceration, October 20, 1988 to Date...

**REQUEST NO. 3:**
Any document relating to any medical or accident insurance which Plaintiff had in effect from January 1, 1995 through the date of this notice.

**RESPONSE TO REQUEST NO. 3:** As a ward of the State, Plaintiff, Keith Edwards, is under the medical care of the Ohio Dept. of Rehabilitatio and Corrections.

**REQUEST NO. 4:**
Each bottle and label in Plaintiff's possession, custody or control of any product, drug or device referred to in the Complaint or other drug (whether prescription or otherwise) taken by Plaintiff during the pertinent time of the matters alleged in the Complaint.

**RESPONSE TO REQUEST NO. 4**: Refer to response to request No. 1 and No. 3.

**REQUEST NO. 5:**

     Each and every prescription or record thereof which shows that Neurontin® ("Neurontin") was prescribed to Plaintiff.

**RESPONSE TO REQUEST NO. 5**: Refer to respnse to request No. 1 and No. 3.

**REQUEST NO. 6:**

     Any and all calendars or diaries prepared by Plaintiff covering any portion of the pertinent time of the matters alleged in the Complaint.

**RESPONSE TO REQUEST NO. 6**: Refer to respnse to request No. 1 and No. 3.

**REQUEST NO. 7:**

     Copies of all newspaper, magazine or medical journal articles which discuss, refer or relate to the use of Neurontin and the risk of suicide ideation.

**RESPONSE TO REQUEST NO. 7:**    None

**REQUEST NO. 8:**

     Copies of any and all promotional or marketing materials or other documents regarding the use of Neurontin in the treatment of the condition for which Plaintiff was

8

prescribed Neurontin or at higher dosages than recommended on the label, that Plaintiff alleges were improperly provided by defendants to Plaintiff's physician.

**RESPONSE TO REQUEST NO. 8: Refer to response to request No. 1 and No. 3.**

**REQUEST NO. 9:**
Copies of each and every medical article, treatise, research study, publication, or other document regarding the use of Neurontin for the treatment of Plaintiff's condition that was reviewed or relied upon by Plaintiff's physician in formulating the clinical judgment to prescribe Neurontin to Plaintiff.

**RESPONSE TO REQUEST NO. 9: Refer to response to request No. 1 and No. 3.**

**REQUEST NO. 10:**
All documents relating to any statements obtained by the Plaintiff from any person having, or purporting to have, knowledge or information pertaining to Neurontin.

**RESPONSE TO REQUEST NO. 10: Copies of a four page report from the Department of Justice, hereto attached.**

**REQUEST NO. 11:**
All documents relating to any opinion by any person with an M.D., Ph.D., D.O., M.P.H., D. Sc., M.D., pharmacy degree or by any similarly trained or educated health care professional or scientist concerning Neurontin.

**RESPONSE TO REQUEST NO. 11:** None

**REQUEST NO. 12:**
All documents relating to any communication by any person, including your attorneys, to or from the Food and Drug Administration ("FDA"), including but not limited to online, phoned, mailed or faxed communications to the FDA's MedWatch program, regarding Neurontin, including the dates of any such communications.

**RESPONSE TO REQUEST NO. 12: None Available.**

**REQUEST NO. 13:**
All documents relating to any communication posted on any Internet web site or message board, including, but not limited to, www.legalnewswatch.com, concerning Neurontin, Pfizer, Warner-Lambert, or Parke-Davis.

**RESPONSE TO REQUEST NO. 13:** None Available.

**REQUEST NO. 14:**
All documents relating to any communication by any person about reporting adverse reactions to Neurontin to the FDA or to Pfizer.

**RESPONSE TO REQUEST NO. 14:**   None Available.

**REQUEST NO. 15:**
All documents relating to any advertisements, including but not limited to print, television, and radio media, concerning reporting adverse reactions to Neurontin to Pfizer, to the FDA, or to other regulatory bodies, or concerning, bringing a lawsuit relating to Neurontin.

**RESPONSE TO REQUEST NO. 15: None Available.**

**REQUEST NO. 16:**
All documents that record, describe, or refer to any incidence, diagnosis, or history of mental illness in any of Plaintiff's natural grandparents, natural parents, natural aunts and uncles, or natural siblings.

**RESPONSE TO REQUEST NO. 16: None Available.**

**REQUEST NO. 17:**
All documents that record, describe, or refer to any drug or medication of any kind that was prescribed for, administered to, obtained by, provided to, or made available to Plaintiff at any time during the three years immediately preceding the injurious event alleged in the complaint.

**RESPONSE TO REQUEST NO. 17: Refer to response to request No. 1 and No.3.**

**REQUEST NO. 18:**

All documents that state, describe, or refer to any benefit, efficacy, physical or chemical property, indication, contraindication, "side effect," adverse reaction, warning, precaution, or recommendation of or for Neurontin that Plaintiff read or viewed before Plaintiffs suicide / suicide attempt.

**RESPONSE TO REQUEST NO. 18:** ~~Xion~~ **None Available**

**REQUEST NO. 19:**

All documents that state, describe, discuss, mention, evaluate, determine, or refer to any event, occurrence, effect, substance or condition that any person has suspected, investigated, evaluated, considered, accepted, rejected, or discussed as a hypothetical, potential, possible, probable, contributing, or actual cause of or reason for any suicidal thought, attempt, or act by Plaintiff at any time during his /her life.

**RESPONSE TO REQUEST NO. 19:** **None Available.**

**REQUEST NO. 20:**

All documents proposing, recommending, or in anyway suggesting that Pfizer should add to or change the warnings and Definitions provided to physicians or consumers about Neurontin.

**RESPONSE TO REQUEST NO. 20:**   None Available.

**REQUEST NO. 21:**
All documents in which Plaintiff or any other person described or referred to Plaintiff's use of Neurontin, described or referred to any adverse event or "side effect" experienced by Plaintiff as a result of ingesting Neurontin, or described or referred to any injury, damage, or harm that resulted from Plaintiff's ingesting Neurontin.

**RESPONSE TO REQUEST NO. 21:**   Plaintiff makes claimto having beee inappropriately prescribed and administered the drug Neurontin for pain, specifically with regards to Plaintiff's diagnosis of neuropathy of the lower legs and feet, and other ailments related to Diabetes, HIV,and Hep C.  Administered By Ohio Dept. of Rehab. and Corr. thru Richland Corr. Inst. / Dr. Williams.

**REQUEST NO. 22:**
All documents in which Plaintiff or any other person described or referred to Plaintiff's use of any medication other than Neurontin, described or referred to any adverse event or "side effect" experienced by Plaintiff as a result of ingesting any medication other than Neurontin, or described or referred to any injury, damage, or harm that resulted from Plaintiff's ingesting any medication other than Neurontin.

**RESPONSE TO REQUEST NO. 22:** Refer to response to request No. 1 and No. 3

**REQUEST NO. 23:**

     All documents that describe or refer to any legal proceeding (whether civil, criminal, or administrative, including, but not limited to, any criminal indictment or conviction, petition for protective order, petition for restraining order, commitment proceeding, divorce proceeding, separation proceeding, juvenile court proceeding, or guardianship proceeding) in which Plaintiff has ever been named a party, a deponent, a testifying witness, an affiant, or a declarant under penalty of perjury.

**RESPONSE TO REQUEST NO. 23:** Refer to response to request No. 1 and No. 3

**REQUEST NO. 24:**

     All documents that describe or refer to any counseling, recommendation for counseling, arrest, prosecution, conviction, or treatment of Plaintiff for any use of, possession of, addiction to, intoxication with, or abuse of any form of alcohol, controlled substance, mind-altering substance, illegal drug, or medication.

**RESPONSE TO REQUEST NO. 24:** Refer to response to request No. 1 and No. 3.

**REQUEST NO. 25:**

     All documents that describe, refer to, were filed in, or were produced by or provided to you in connection with, any claim or suit for personal injury or disability filed by Plaintiff, including, but not limited to, all documents that identify the court in which each such claim or suit was filed, the nature and extent of the injuries for which

damages were sought, the identities of all parties to each such claim or suit, and the disposition of each such claim or suit.

**RESPONSE TO REQUEST NO. 25:** Refer to response to request No.1 and No. 3.

**REQUEST NO. 26:**

All documents that describe, record, or refer to any misdemeanor, felony, juvenile offense, act of violence, civil assault, civil battery, act of cruelty, spousal abuse, child abuse, fighting, suicide attempt, or disturbance of the peace in which Plaintiff ever. has been or was involved, or for which Plaintiff ever has been or was accused, sued, arrested, prosecuted, investigated, convicted, enjoined, or subjected to restraint by court order.

**RESPONSE TO REQUEST NO. 26:** Refer to response to request No. 1 and No. 3

**REQUEST NO. 27:**

All documents showing that Plaintiff was suspected of, charged with, or convicted of committing any violation of any criminal or juvenile law, code, or statute, including, but not limited to, all records revealing the nature of each such offense, the name of the court in which each such matter or proceeding was filed or prosecuted, each judgment or plea entered in connection with each such offense, the sentence or other punishment imposed for each such offense, the name and address of each institution in which Plaintiff was confined or referred for treatment or counseling in connection with each such offense, or the name and last known address of any probation, parole, or juvenile officer assigned to any such case.

**RESPONSE TO REQUEST NO. 27**: Refer to response to request No. 1and No. 3.

**REQUEST NO. 28:**

    All documents that describe, record, or refer to any investigation, prosecution, claim, charge, report, accusation, disciplinary action, or incident of any kind in which any person asserted that Plaintiff committed, or was injured as a result of, any misdemeanor, felony, act of violence, civil assault, civil battery, act of cruelty, spousal abuse, child abuse, fight, suicide attempt, or disturbance of the peace.

**RESPONSE TO REQUEST NO. 28**: Refer to response to requessex request No. 1 and No. 3.

**REQUEST NO. 29:**

    All documents in which you or any other person described or referred in any way to the subject incidents or any aspect of them in any manner or for any purpose.

**RESPONSE TO REQUEST NO. 29**: Refer to response to request No. 1 and No. 3.

**REQUEST NO. 30:**

    All documents in which you or any other person stated or opined that Plaintiff had, or seemed to have, manifested anger, aggressiveness, suicidal expression, suicidal thought, suicidal behavior, violent expression, violent thought, or violent behavior at any time.

**RESPONSE TO REQUEST NO. 30:** `Refer to response to request No. 1 and No.3.`

**REQUEST NO. 31:**
    All documents in which you or any other person described or referred to any behavioral problem, disciplinary problem, social problem, adjustment problem, stress, anger problem, or interpersonal problem that you ever experienced, or that any person ever believed, reported, or suggested you experienced, at any time.

**RESPONSE TO REQUEST NO. 31:** `Refer to response to request No. 1 and No. 3.`

**REQUEST NO. 32:**
    All documents constituting, reporting, summarizing, or referring to any medical test, psychological test, psychiatric test, intelligence test, mental health test, or standardized test of any kind ever taken by or administered to Plaintiff.

**RESPONSE TO REQUEST NO. 32:** `Refer Refer to response to request No. 1 and No. 3`

**REQUEST NO. 33:**
    All documents that state, record, list, or refer to any fee, expense, cost, or item of pecuniary expense or loss of any kind for which you seek to recover compensatory

damages in this action, including medical, legal, counseling, administrative, travel, and other costs, damages, or expenses.

**RESPONSE TO REQUEST NO. 33:** Refer to response to request No. 1 and No.3.

**REQUEST NO. 34:**

All documents, including, but not limited to, correspondence between Plaintiff and any of his / her family members or friends, that mention or refer in any way to any depression, grief, unhappiness, anxiety, suicidal thought, suicidal expression, hostility, troubled behavior, anger, fear, hyperactivity, agitation, violent act, threat, restlessness, need for help, or helplessness by or on the part of Plaintiff.

**RESPONSE TO REQUEST NO. 34:** Disclosure upon depositions

**REQUEST NO. 35:**

All documents written or prepared by Plaintiff that mention, discuss, or refer to any thought, expression, or act of suicide, including, but not limited to, any suicide note connected with the subject incidents.

**RESPONSE TO REQUEST NO. 35**: Refer to response to request No. 1and No. 3.

**REQUEST NO. 36:**
All documents that refer or pertain to any investigation of any incident or matter referred to in the Complaint, including any investigation of any aspect of the subject incident by any law enforcement organization, governmental agency, or insurance company.

**RESPONSE TO REQUEST NO. 36:**
Refer to response to request to No. 1 and 3.

**REQUEST NO. 37:**
All medical or scientific writings in which any person purports to have found, determined, or confirmed a causal relationship between Neurontin and any specific incident of suicide or attempted suicide.

**RESPONSE TO REQUEST NO. 37:**
Refer to response to request to No. 1 and No. 3.

**REQUEST NO. 38:**
All medical or scientific writings in which any person purports to have found, determined, or confirmed a causal relationship between Neurontin and suicidal ideation.

**RESPONSE TO REQUEST NO. 38:**
Refer to response to request to No. 1 and No. 3.

**REQUEST NO. 39:**
All medical or scientific writings in which any person purports to have found a causal relationship between Neurontin and any specific incident of suicide or attempted suicide by a person with no prior history of attempted suicide or suicidal ideation.

**RESPONSE TO REQUEST NO. 39:**
Refer to response to request No. 1 and No. 3.

**REQUEST NO. 40:**
All medical or scientific writings in which any person purports to have found a causal relationship between any anti-epileptic drug ("AED") and any specific incident of suicide or attempted suicide.

**RESPONSE TO REQUEST NO. 40:**
Refer to response to request No. 1 and No. 3.

**REQUEST NO. 41:**
    All medical or scientific writings in which any person purports to have found a causal relationship between any AED and any specific incident of suicide or attempted suicide by a person with no prior history of attempted suicide or suicidal ideation.

**RESPONSE TO REQUEST NO. 41:**
Refer to response to request No. 1 and No. 3.

**REQUEST NO. 42:**
    All notes, reports, recommendations, memoranda, and other documents in which any person, including, but not limited to, school administrators, counselors, providers, friends, relatives, and law enforcement personnel, described, warned about, opined on, or in any way referred to any actual, observed, or possible behavioral problem, deportment problem, psychological or psychiatric problem, mental problem, mental illness, alcohol problem, or substance-abuse problem of or with respect to Plaintiff.

**RESPONSE TO REQUEST NO. 42:**
XXXXXX Refer to response to request No. 1 and No. 3.

**REQUEST NO. 43:**
    Please produce complete copies of the following documents:

21

a.     Any petition or complaint to compromise any claim against any person or organization, arising out of the allegations that form the basis of this lawsuit, and all supporting papers submitted in conjunction with any such petition or complaint;

b.     Any release executed by you or any person authorized to act in your behalf in connection with the allegations that form the basis of this lawsuit;

c.     Any covenant not to sue, stipulation of dismissal or compromise, or similar document executed by you, any attorney representing you or any personal representative or guardian acting on your behalf, in connection with the allegations that form the basis of this lawsuit;

d.     Any Order authorizing the compromise of any claim against any person, entity or organization arising out of the allegations that form the basis of this lawsuit; and

e.     Any Order with respect to the distribution of the proceeds of any compromise of any claim against any person or organization, arising out of the allegations that form the basis of this lawsuit.

**RESPONSE TO REQUEST NO. 43:**

Refer to response to request No. 1 and No. 3.

**REQUEST NO. 44:**

Please produce a copy of each informed consent form or consent to treatment form Plaintiff/Decedent signed in connection with treatment by a health care professional and/or institution who prescribed him/her Neurontin®.

**RESPONSE TO REQUEST NO. 44:**

Refer to response to request No. 1 ansd No. 3.

**REQUEST NO. 45:**

Please produce any and all photographs, X-rays, drawings, slides, movies, videotapes, or other visual reproduction of any type in your possession, the possession of your attorneys, or any other person acting on your behalf, relating to the allegations that form the basis of this lawsuit, alleged injuries, or any other facts associated with any of the claims in this suit, whether or not the item is expected to be introduced into evidence at trial.

22

**RESPONSE TO REQUEST NO. 45:**

Refer to response to request No. 1 and No. 3.

**REQUEST NO. 46:**

Please produce all documents concerning any oral or written communications between Defendants, or their agents, servants, or employees and the health care professional(s) who prescribed Neurontin® for Plaintiff/Decedent.

**RESPONSE TO REQUEST NO. 46:**

Refer to response to request No. 1 and No. 3.

**REQUEST NO. 47:**

Please produce all documents that refer or relate to any communication (whether oral or written) between you, or a person acting on your or Plaintiff behalf, and any health care professionals and/or institutions by whom or at which Plaintiff was seen, evaluated, or treated concerning Neurontin®, or any act, omission, or conduct of Defendants, including, without limitation, any notes, correspondence or recordings of such communications.

**RESPONSE TO REQUEST NO. 47:**

Refer to response to request No. 1 and No.3.

**REQUEST NO. 48:**

Please produce all reports prepared in whole or in part by each expert retained by you in connection with each of the subject matters about which the expert is expected to testify.

**RESPONSE TO REQUEST NO. 48:**

Refer to response to request No. 1 and No. 3.

**REQUEST NO. 49:**

Please produce all documents and tangible things, including all tangible reports, draft reports, physical models, compilations of data, and other materials prepared in whole or in part by your expert witness(es) or for your expert witness(es) in anticipation of the experts' trial and deposition testimony in this case.

**RESPONSE TO REQUEST NO. 49:**

Refer to response to request No. 1 and No. 3.

**REQUEST NO. 50:**

Please produce all records in Plaintiff's possession, custody or control that relate to suicide, suicide attempt, other psychiatric conditions and/or any other alleged condition that is the subject of Plaintiff's lawsuit.

**RESPONSE TO REQUEST NO. 50:**
Refer to response to request No. 1 and No. 3.

**REQUEST NO. 51:**
Please produce signed original HIPAA-compliant authorizations so that defendants may ensure that complete productions have been made. By requesting an authorization, defendants do not intend to relieve Plaintiff of their obligation to produce any documents in your possession, custody or control, including medical records.

Respectfully Submitted,

Keith Edwards, Pro Se
Richland Corr. Inst.
211-800 3A-101
P.O. Box 8107
Mansfield, Ohio 44990I
(419) 526-2100

Dated: September 30, 2010

Sent to:

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: _____
Catherine B. Stevens

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

*Attorneys for Defendants Pfizer Inc and*
*Warner-Lambert Company LLC*