*Court's Copy*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------- x

IN RE: NEURONTIN MARKETING, SALES          MDL Docket No. 1629
PRACTICES AND PRODUCT LIABILITY
LITIGATION                                 Judge Patti B. Saris
                                           Magistrate Judge Leo T. Sorokin

------------------------------------------------------------------- x

THIS DOCUMENT RELATES TO:

*Edwards v. Pfizer Inc,*                    Civil Action No. 04-10981
Case No. 05-CV-11701-PBS

------------------------------------------------------------------- x

### TEMPLATE INTERROGATORIES
### DIRECTED TO PRODUCTS PLAINTIFFS

Pursuant to the Federal Rules of Civil Procedure and the orders of Magistrate

Judge Sorokin and this Court, Defendants Pfizer Inc and Warner-Lambert Company LLC

(collectively, "Defendants" or "Pfizer") hereby serve Defendants' Template

Interrogatories Directed to Products Plaintiffs.

### DEFINITIONS

1.      As used herein, the terms "plaintiff", "you" and "your" shall refer to the

plaintiff or plaintiffs of each individual action consolidated in the above-captioned MDL

proceeding, the person allegedly harmed by his/her ingestion of the prescription

medication Neurontin, and their agents and/or attorneys acting in their capacities for

plaintiff.

2.      As used herein, the term "Complaint" shall refer to each individual

Complaint filed on behalf of plaintiff in the above captioned matter.

3.      As used herein, the term "document" means any writing (whether printed

typed, photocopied, handwritten, recorded, stored, or produced, or reproduced by any

other process), drafts and final version, and all originals as well as copies that differ from

originals in any respect (including, but not limited to, differences due to handwritten notes, editing interlineations, blind copies or any other alterations), or any other computation of information that is in the possession, custody or control of you or your attorneys or agents, and includes, without limitation, any and all: appointment books, articles, brochures, bulletins, calendars, charts, communications (intra-office, inter-office, external and other), computer memory and printouts, correspondence, desk-pads, diaries, drafts, electronic mail messages, forecasts, graphs, letters, memoranda, microfiche, microfilm, minutes of meetings, newspaper clippings, notebooks, notes, periodicals, projections, recording, records, reports, statements, studies, summaries, tapes, telecopies, telegrams, telephone messages, videotapes and voice mail messages.

4.      The term "communication" means any transfer of information, whether external or internal, by any written, oral, electronic or other means including, but not limited to, meetings, discussions, telephone conversations, voice mail, contracts, letters, memoranda, electronic mail, correspondence, reports, statements, consultations and negotiations.

5.      The terms "concerning" or "relating to" mean directly or indirectly, referring to, reflecting, describing, evidencing, memorializing or constituting.

6.      "Identify", when used with respect to a person, means to give the person's full name, present or last known home address and business address and home and business telephone numbers, e-mail address, the present or last known position and business affiliation of the person, and the position and business affiliation of the person at the time of his actions in connection with the matters alleged in each action.

2

7.    "Identify", when used with respect to a document or a writing, means to give the type of document or writing (e.g., letter, memorandum, telegram, chart, report), date, file and/or identifying symbol, its subject matter, the total number of pages thereof, its present location and custodian (or its disposition if no location or custodian is specified), and to identify the author, addressee and each recipient of such document.

8.    "Identify", when used with respect to a communication, means to state the date and place where the communication occurred, the type of communication (e.g., letter telegram, conference, telephone call), the identity of each person who made, received or otherwise observed, heard or witnessed such communication, the general subject matter thereof, and identity of each document referring or relating to such communication.

9.    The terms "and" and "or" shall be to be construed disjunctive or conjunctively as necessary to bring within the scope of the response all information that would be excluded if such words were not so construed.

10.    The term "each" includes "all" and "every". Whenever a request calls for documents with respect to "each" one particular type of occurrence, communication or other matter of which more than one exists, identify separately, and in chronological order, each instance of the occurrences, communications or other matters referred to, and provided for each such instance all of the documents called for immediately following such identification.

11.    The use of the plural shall include the singular and the use of the singular shall include the plural.

12.    The word "including" means "including without limitation".

13.    The use of the masculine gender includes the feminine gender.

3

## INSTRUCTIONS

1.      Answer each Interrogatory separately. When an Interrogatory has several parts, answer each part separately.

2.      If any Interrogatory cannot be answered in full, answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge or belief you do have concerning the unanswered portion.

3.      If an objection is made to an Interrogatory, or any portion thereof, specify the precise ground of the objection and respond to that portion of the Interrogatory to which there is no objection.

4.      If all or any part of any Interrogatory is objected to on the grounds that it seeks privileged information or all or any part of any response thereto is withheld under any claim of privilege (including work product), for each such objection or claim Plaintiff shall identify the nature of the privilege that is being claimed, and provide as to each communication for which the privilege is invoked sufficient information to enable defendants to assess the applicability of the asserted privilege or protection. Such information shall include (i) the name of the person(s) making the communication and the names of the person(s) present while the communication was made (or the recipients of the communication) and, where not apparent, the relationship of the person(s) present to the person making the communication; (ii) the date and place of the communication; (iii) the type of communication (e.g., letter, conversation, voice mail message, electronic mail, etc.); and (iv) the general subject matter of the communication.

4

5.     Information requested in these interrogatories shall include information within the knowledge or possession of any of Plaintiff's agents and any other entity directly or indirectly subject to Plaintiff's control in any way whatsoever.

6.     To the extent that you view any Interrogatory as vague or imprecise, counsel for defendants offers to confer with counsel for Plaintiff as to the intended scope of such Interrogatory prior to your response hereto.

7.     These interrogatories are of continuing effect, and if at any time after the responses are submitted, you discover, obtain or otherwise become aware of additional information responsive to any of these interrogatories, such information is to be furnished promptly.

8.     These interrogatories are intended to cover all information and/or documents in your possession or subject to your custody or control. This request is also intended to cover any and all documents you are authorized to retrieve.

## INTERROGATORIES

## INTERROGATORY NO. 1:

Please state each Plaintiff's date of birth, present address, social security number, full name and any other names that he/she has used or was known by, including the inclusive dates during which he or she was known by such other names, and if married at any time, for each marriage state the name and address of each Plaintiff's spouse, the date and place of the marriage, the date, place and manner of the termination of the marriage including the name and location of the Court entering the divorce (if applicable), and the name, sex and birth date of each child from the marriage. If any Plaintiff has a child(ren) outside of marriage or through adoption, please also state the name, sex and birth date of each child(ren).

## RESPONSE TO INTERROGATORY NO. 1:

Keith Prentice Edwards, D.O.B. 8/11/53, Common Law Married by and thru affidavit to the State, 1984, to: Patricia Scott, 1268 E. 125th Steet, Apt. No. 2, Cleveland, Ohio 44112, Plaintiff's child: Tondelayo Ladd, female, D.O.B. 2/27/70, by Denise Jackson.
5

## INTERROGATORY NO. 2:

Please list in chronological order all residences at which each Plaintiff lived for a period of more than thirty (30) days, including the date each residency was commenced and terminated and any individuals with whom he or she resided at such address(es) and the relationship to the Plaintiff

## RESPONSE TO INTERROGATORY NO. 2:

Patricia Scott, 1268 E. 125th Street, Apt. 2, 1984 to Date, I resided there until October 20,1988 at which time a was incarserated unde the Ohio Dept. of Rehabilitation and Corrections to date.

## INTERROGATORY NO. 3:

Identify the name and address of each of Plaintiff's employers for the twenty years preceding commencement of this suit, the inclusive dates of each, the nature of his or her work with each employer, and the reason for the termination of the employment. Also identify Plaintiff's supervisors, bosses, co-workers and any other employees that he worked closely with for each of his prior places of employment.

## RESPONSE TO INTERROGATORY NO. 3:

Ohio Dept. of Rehabilitation and Corrections

## INTERROGATORY NO. 4:

Please identify the ten persons that Plaintiff was closest to over the last ten years of his/her life, including but not limited to, siblings, boyfriends/girlfriends, roommates, etc. and include the relevant time period involved and the nature of the relationship with these individuals.

### RESPONSE TO INTERROGATORY NO. 4:

Patricia Scott, Common-Law Wife, Far past Ten Years
Deleres Bugg, Sister, Far Past Ten BX Years
Tondelayo Ladd, Daughter, Far Past Ten Years

## INTERROGATORY NO. 5:

Please state what Plaintiff liked to do in his/her spare time and identify, including dates of membership, all social, fraternal, religious, business and/or service organizations to which he/she has ever belonged.

### RESPONSE TO INTERROGATORY NO. 5:

Chess

## INTERROGATORY NO. 6:

Please state whether Plaintiff ever consumed alcoholic beverages, and if so the amount, frequency and type of beverage consumed, and state whether Plaintiff ever took any illegal drugs ("street drugs") and/or prescriptions drugs that were not originally prescribed to him/her, and if so, state the name of the prescription or the drug and the dosage and the frequency of his/her use and if Plaintiff ever sought any type of treatment or counseling for any issue related to his alcohol use or his/her use of prescription or illegal drugs, identify the health-care professional involved, the nature of the treatment, the dates of the treatment, the location of the treatment and the outcome of the treatment.

### RESPONSE TO INTERROGATORY NO. 6:

Plaintiff was a user of alcohol, marajuana and cocain before October 20, 1988. Has been drug free every since.
Have received drug treatment  through counseling and Out-patient (Intensive drug care), Relapse Prevention,  Substance Abuse Aftercare, and a host of other interrelated criminal thinking and behavior programs. from 1994 to date. at Trumbull Correctional Inst. 1994 to 2001 and at Richland Correctional Inst. from 2001 to date.
Outcome of treatment: No Relapse,; No positive urinalysis.

### INTERROGATORY NO. 7:

Identify each person known to Plaintiff or Plaintiffs counsel who has knowledge of any facts relevant to this case, specifying as to each person the nature and extent of the personal knowledge that you claim they have concerning the facts of this case.

### RESPONSE TO INTERROGATORY NO. 7:

Not applicable

### INTERROGATORY NO. 8:

Identify and list all bank, savings or credit union accounts that were maintained by Plaintiff, or upon which he/she had power to draw, during the five years prior to his/her suicide attempt or death, listing with respect to each such account: the identity of the institution where the account is/was maintained and the account number; the name(s) in which it is/was maintained; the inclusive dates said account was maintained; and the identity of the person who has (or last had) possession of any of the statements and/or canceled checks relating to said account.

### RESPONSE TO INTERROGATORY NO. 8:

Not Applicable

**INTERROGATORY NO. 9:**

Please list any and all debts owed by or on behalf of Plaintiff at the time of his suicide attempt or death, and for each such debt, state the amount, date incurred, creditor and identity of any document relating to any such debt.

**RESPONSE TO INTERROGATORY NO. 9:**

Not Applicable

**INTERROGATORY NO. 10:**

If at any time Plaintiff ever consulted a psychiatrist, psychologist, therapist, counselor, or other mental health professional of any sort, including but not limited to, an individual with a social work degree, school counselors, counselors at work, counselors at church, etc., or if Plaintiff underwent psychiatric or psychological examination or treatment of any kind, please state the name, address and specialty of the person performing the consultation or treatment, the name and location of the facility where it took place, the nature of the therapy received and the dates the therapy was received.

**RESPONSE TO INTERROGATORY NO. 10:**

Psychological counseling during administration of Interferon and exacerbation of of the conditions of HIV and the Hep C.

## INTERROGATORY NO. 11:

Please describe any instances of psychiatric or mental illness, suicide, attempted suicide, homicide or other violent behavior by Plaintiff or any of Plaintiff's family members including, but not limited to, his parents, siblings, grandparents, aunts, uncles, and cousins and, for each such instance, identify the person; the person's relationship to Plaintiff; the nature of the person's illness or behavior and identify the individuals that might have knowledge of these incidents.

## RESPONSE TO INTERROGATORY NO. 11:

## INTERROGATORY NO. 12:

Identify every health-care professional or facility that provided any type of consultation or care whatsoever to Plaintiff (whether mental or physical) over the last twenty years and identify the location where such consultation and/or treatment was rendered. Also state whether Plaintiff at any time was treated in any manner or suffered any illness, disease, injury, condition or affliction (either medical or psychiatric). If so, state for each such illness, injury, disease, or affliction, the name of the illness, injury, disease or affliction; the date and circumstances of each such injury, illness, disease, or affliction; the name and address of each physician, surgeon, nurse, or other person who attended or treated him/her; the dates of such treatment; the name and address of each hospital or clinic where he/she was confined, treated or examined; the dates he/she was confined, treated, or examined in each such hospital or clinic; and names and addresses of witnesses with knowledge of any of the above and the treatment rendered.

10

**RESPONSE TO INTERROGATORY NO. 12:**

Ohio Dept. of RehabilitaTION AND Corrections, Richland Corr. Inst.
Medical facility, and Ohio State University Hospital by and thru
Ohio Dept. of Rehab. and Corr. Hemroids, colonosape, HIV, HEP C,
Diabetes.

**INTERROGATORY NO. 13:**

State whether Plaintiff was ever charged with, or convicted of committing any
violation of any criminal or juvenile law, code, or statute and for each state the nature of
each such offense, the name of the court in which each such matter or proceeding was
filed or prosecuted, each judgment or plea entered in connection with each such offense,
the sentence or other punishment imposed for each such offense, the name and address of
each institution in which Plaintiff was confined or referred for treatment or counseling in
connection with each such offense, and/or the name and the last known address of any
probation, parole, or juvenile officer assigned to any such case.

**RESPONSE TO INTERROGATORY NO. 13:**

Yes, currently incarcerated.

11

**INTERROGATORY NO. 14:**

State the name and addresses of witnesses with knowledge of any and all medications (whether prescription or not) or drugs (whether prescription or not) which Plaintiff took orally, by injection, through ingestion, by suppository or by external application at any time during a twenty-year period prior to his/her death. For each prescription, please also state the name of the prescribing health-care professional, the name of the prescription, the prescription dosage, each date that the prescription was prescribed, where the prescription was filled, the reason for the prescription and whether it was effective at treating the condition for which it was prescribed.

**RESPONSE TO INTERROGATORY NO. 14:**

Patricia Scott is aweare of my adminstration of the drug Neurontin and Interferon

**INTERROGATORY NO. 15:**

Identify by name, location and dates of attendance, the schools, educational institutions or other learning facilities attended by Plaintiff and for each identify any type of certificate, diploma or degree received and the graduation date from each school. If Plaintiff did not graduate or otherwise receive a certificate, diploma or degree for a certain educational institution, please state why.

**RESPONSE TO INTERROGATORY NO. 15:**

```
Fields High, Mansfield, Ohio, High School Diploma  1972
Ashland College,  Ashland, Ohio, 3 semesters 1972 - 1973
Computr Repair / Electronics 720 hr. certification 2000 Trumbull Corr. INst
Drafting AutoCad studies, Richland Corr. Inst. 2001 -2002
Drafting Apprenticeship, Richland Corr. Inst. 1798 hr. Inactive 2003-2004
Ashland University, Richland Corr. Inst., 2009 to date
```

**INTERROGATORY NO. 16:**

Please state whether Plaintiff or Plaintiffs counsel has or possesses knowledge of any written or oral statement made by Pfizer Inc. and/or Warner-Lambert Company LLC or their agents concerning this action or the subject matter of this action. If so, and if the statement is written, identify each statement by date(s) and author, the custodian, and, if oral, state by whom the statement was made, to whom it was made, the date(s) and substance thereof.

**RESPONSE TO INTERROGATORY NO. 16:**

```
Plaintiff is Pro se and is aware that Pfizer has pleaded guilty to
illegally marketing the drug Neurontin for usage other then what it
was approved for by the FDA.
```

**INTERROGATORY NO. 17:**

Please state whether Plaintiff ever had: (1) any communications with any individual at the Food and Drug Administration ("FDA") or (2) any communications with any individual at Pfizer Inc. or Warner-Lambert Company LLC or their affiliates or agents regarding Neurontin, including but limited to online, phone, mailed or faxed communications, and if so, please state the names and addresses of individuals who would have knowledge of the communication and state the substance of the communication.

**RESPONSE TO INTERROGATORY NO. 17:**

None

**INTERROGATORY NO. 18:**

Please identify all individuals, other than your attorney, who was consulted or participated in the preparation of the answers to these Interrogatories, and indicate the numbers of the specific Interrogatories for which each such person participated in preparing answers

**RESPONSE TO INTERROGATORY NO. 18:**

None

**INTERROGATORY NO. 19:**

Provide a computation of any category of damages claimed by Plaintiff.

**RESPONSE TO INTERROGATORY NO. 19:**

Neuropathy of the lower legs and feet
complications or exacerbation of illness of plaintiffs HIV, HEP C, and
Diabetes.

**INTERROGATORY NO. 20:**

Identify each person that you expect to testify at the trial of this action as an expert witness and, with respect to each such person, provide all information required by Federal Rule of Civil Procedure 26(a)(2).

**RESPONSE TO INTERROGATORY NO. 20:**

Plaintiff, Keith Edwards, at this time.

**INTERROGATORY NO. 21:**

Identify every item of tangible and/or documentary evidence which you may use at the time of trial to establish or prove any part of your case and which you may introduce into evidence for any purpose whatsoever at the time of trial. With respect to

each item of tangible evidence, identify any person who has custody of such item and the present location where such item may be inspected.

## RESPONSE TO INTERROGATORY NO. 21:

Will disclose upon reciept of discovery from Defendants

## INTERROGATORY NO. 22:

Please state the name and address of any individuals who may have had contact with Plaintiff, or would have knowledge of his/her behavior or mental state, in the 72 hours immediately preceding his/her suicide attempt or death.

## RESPONSE TO INTERROGATORY NO. 22:

Not Applicable

## INTERROGATORY NO. 23:

Please state whether Plaintiff ever posted, filed or reported information on any Internet websites or message boards regarding Neurontin, this litigation, Pfizer Inc., Warner-Lambert Company LLC, or the filing of adverse event reports relating to Neurontin and if so, please state the names and addresses of the individuals who would have knowledge of these postings and whether Plaintiff was ever contacted by anyone

regarding adverse events relating to Neurontin and if so, state the name and address of these individuals.

## RESPONSE TO INTERROGATORY NO. 23:

None

## INTERROGATORY NO. 24:

Identify each government payor or private payor (as defined above) that has provided medical, prescription, disability, accidental or life insurance on Plaintiff during the past 20 years, either individually or as a member of an insured family, including the group insurance coverage and coverage under policies of insurance issued to or on behalf of parents and/or spouses. For each such payor identified in response to this Interrogatory, state the name and address of the carrier, the name of the group coverage, the name of the primary insured individual under the policy, including the primary insured's Social Security number and/or membership number and the inclusive dates you were insured under the policy; and identify, if any, which polices provided for prescription benefits and which government payor or private payor policies provided prescription coverage to you at the time you were prescribed, dispensed, distributed or administered Neurontin.

Ohio Dept. of Rehabilitation and Corrections

17

**RESPONSE TO INTERROGATORY NO. 24:**

Ohio Dept. of Rehabilitation and Corr.

**INTERROGATORY NO. 25:**

Identify every person, law enforcement organization, governmental agency, and/or insurance company that was present at the scene of Plaintiff's suicide attempt or death and/or preformed any type of investigation regarding Plaintiff's suicide attempt or death, and state the purpose of the investigation, the type of investigation done, the content of the investigation, who did the investigation and the outcome of the investigation.

**RESPONSE TO INTERROGATORY NO. 25:**

Not Applicable

Keith Edwards, Pro Se
Richland Corr. Inst.
211-800   3A-101
P.O. Box 8107
Mansfield, Ohio 44901
(419) 526-2100

18

Dated: September 30, 2010

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: *Catherine Stevens*

Catherine B. Stevens

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

*Attorneys for Defendants Pfizer Inc and*
*Warner-Lambert Company LLC*

**This is to certify that a true copy of the foregoing has been sent to the above attorney via U.S. first class mail this 29th day of November, 2010.**

Keith Edwards

**Keith Edwards, Pro Se**