UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------x
:
In re: NEURONTIN MARKETING, SALES : MDL Docket No. 1629
PRACTICES AND PRODUCTS :
LIABILITY LITIGATION : Master File No. 04-10981
:
----------------------------------------x
: Judge Patti B. Saris
:
THIS DOCUMENT RELATES TO: :
: Magistrate Judge Leo T.
SCHWARTZ PRODUCT LIABILITY ACTIONS : Sorokin
:
----------------------------------------x

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO RESPOND TO DISCOVERY

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this memorandum in support of their Motion to Dismiss in accordance with this Court's December 6, 2010 Order and Federal Rule of Civil Procedure 37(b)(2)(A). This memorandum relates to the claims that are listed in Defendants' accompanying Motion to Dismiss.

### ARGUMENT

On June 9, 2010, Magistrate Judge Sorokin issued an order setting forth the time frame for the completion of initial discovery for Plaintiffs represented by the Law Offices of Newton B. Schwartz ("Schwartz Plaintiffs"). (*See* Further Scheduling Order Regarding All Products Cases [2839].) With regard to future template discovery responses, this Order directed, *inter alia*, that on July 15, 2010, and on the first and fifteenth of every month following that date, the Law Offices of Newton B. Schwartz shall produce such discovery responses for 15 Plaintiffs. (*Id.* at 5.) Despite this clear directive, the Law Offices of Newton B. Schwartz have failed to produce template discovery responses for their remaining 39 Schwartz Plaintiffs by the most recent discovery deadlines – October 1, 2010, October 15, 2010, November 1, 2010, and November 15,

2010.[1]  Moreover, counsel has failed to request from Defendants or the Court an extension of the applicable deadlines, or respond to multiple deficiency letters.

Beginning on October 1, 2010, and at points during the month of October, the Law Offices of Newton B. Schwartz produced template discovery responses for 14 Schwartz Plaintiffs, leaving 1 outstanding overdue set of template discovery responses for the October 1, 2010, deadline.  Since then, and despite the passing of three additional deadlines on October 15, 2010, November 1, 2010, and November 15, 2010, the Law Offices of Newton B. Schwartz have not produced *any* additional template discovery responses, notwithstanding their court-ordered obligations to produce template discovery responses for the remainder of their 39 Schwartz Plaintiffs.[2]

These cases have been pending for years, and Defendants have repeatedly requested discovery from the Schwartz Plaintiffs both orally and in writing.  For example, Pfizer's counsel sent correspondence to the Law Offices of Newton B. Schwartz about their clients' deficiencies on October 27, 2010, November 4, 2010, and November 18, 2010.  (*See* Ex. A, October 27, 2010, November 4, 2010, and November 18, 2010 letters from Catherine Stevens to Trey Stegall.)[3]  In their most recent letter, Defendants informed the Law Offices of Newton B. Schwartz that, if they did not produce the overdue discovery responses by November 22, 2010, Defendants would be forced to file a motion with the Court.  Defendants have not received any template discovery responses from the Schwartz Plaintiffs since sending that letter.

---

[1] On August 30, 2010, Pfizer filed a separate motion to dismiss specifically regarding Plaintiffs Cynthia Myers and Robert Angel [3052] because they failed to produce certain discovery prior to the Court's August 13, 2010 deadline, which it set in response to Defendants' motion to compel.  (*See* August 4, 2010 Electronic Order (stating "that the responsive discovery shall be provided by August 13, 2010, or the plaintiffs failing to do so shall face dismissal of their cases")).  No opposition has been filed with regard to that motion, and the Court has yet to rule on it.  Plaintiffs Myers and Angel are included in the list of Schwartz Plaintiffs that are the subject of this motion, and Pfizer incorporates its previous motion to dismiss herein by reference.

[2] While the Law Offices of Newton B. Schwartz did produce discovery responses for Plaintiff Ann Bruce during this period, her case was dismissed by the Court on August 31, 2010, [*see* 3065], making those responses irrelevant.

[3] All exhibits are attached to the accompanying Declaration of Mark S. Cheffo.

On December 6, 2010, this Court ordered that, where Plaintiffs "failed to comply with discovery deadlines by failing to produce any discovery, Defendants may file a motion to dismiss for lack of prosecution and/or failure to obey the Court's orders."  (Dec. 6, 2010, Scheduling Order [3141], at ¶ 5; *see also id.* at ¶ 6 (explaining that "paragraph 5's admonitions apply fully to the Schwartz cases as well").)  In the cases mentioned in Defendants' accompanying Motion to Dismiss, and as detailed in the attached chart, 39 Schwartz Plaintiffs have failed to provide any responses to template discovery or initial disclosures pursuant to Federal Rule of Procedure 26, and in some cases, have also failed to produce provider lists and authorizations for non-medical records.  (See Ex. B, Schwartz Plaintiff Discovery Chart.)  Thus, in accordance with the Court's December 6, 2010 Order, these Schwartz Plaintiffs' claims should be dismissed.

In addition to the specific language of the Court's December 6, 2010 Order, dismissal is also appropriate under the Federal Rules of Civil Procedure.  When plaintiffs fail to comply with a court order or fail to cooperate in discovery, their claims may be dismissed.  *See* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b); *see also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778, 2781 (1976) (per curiam) (observing that dismissal for failure to timely answer written interrogatories "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent").  In the First Circuit, it is well-settled that a plaintiff's failure to comply with a discovery order provides adequate grounds for ordering a dismissal with prejudice.  *See, e.g.*, *Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este*, 456 F.3d 272, 275 (1st Cir. 2006) ("[F]ederal courts possess wide-ranging power to sanction parties who repeatedly balk at complying with court-imposed deadlines . . . [including] case-management orders."); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus warrants dismissal).").

Dismissal is particularly appropriate in the MDL context, where the importance of case management is paramount. Courts have recognized that "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions." *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1222 (9th Cir. 2006). These unique considerations "may tip the balance" in favor of dismissal in the MDL context compared to "ordinary litigation on an ordinary docket." *Id.*; *see also In re: Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2008) ("MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders.").[4]

As this Court recognized in June 2008:

> The orderly management of this litigation requires the parties to heed the Court's orders and to pursue their claims in a diligent and timely fashion. . . . The Court is "free to enforce its discovery rules by ordering compliance, sanctions, or any other appropriate remedy." *Samos Imex Corp. v. Nextel Communications, Inc.*, 194 F.3d 301, 305 (1st Cir. 1999).

(Discovery Order No. 25 [1335] at 5.) Due to the Schwartz Plaintiffs' clear non-compliance with the Court's June 9, 2010 Order, and based on the Court's December 6, 2010 Order, Defendants respectfully request that this Court dismiss the claims of those Schwartz Plaintiffs identified in Defendants' accompanying Motion to Dismiss for their failure to comply with discovery orders.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the claims of the 39 Schwartz Plaintiffs identified in Defendants' Motion to Dismiss be dismissed with prejudice.

---

[4] MDL courts frequently dismiss the claims of plaintiffs who fail to give proper accord to discovery mandates. *See, e.g.*, *In re: Fosamax Prods. Liab. Litig.*, No. 1:08-cv-04901-JFK, 2009 WL 105502 (S.D.N.Y. Jan. 12, 2009); *In re: Baycol Prods. Litig.*, MDL No. 1431 (MJD/SRN), 2007 WL 2744459 (D. Minn. Sept. 17, 2007); *In re: Rezulin Prods. Liab. Litig.*, MDL No. 1348, No. 03-cv-1756, 2004 WL 1700618 (S.D.N.Y. July 27, 2004).

Dated: December 7, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By:   /s/ Mark S. Cheffo
      Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

ROPES & GRAY LLP

By:   /s/ Ana M. Francisco
      Ana M. Francisco
      BBO #564346

Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Email: ana.francisco@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on December 7, 2010.

/s/ Ana. M. Francisco
Ana M. Francisco