# Exhibit A



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

July 20, 2010

Dear Customer:

The following is the proof-of-delivery for tracking number **873172894726**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Mailroom |
| Signed for by: | M.CRAWFORD | Delivery location: | 4 TIMES SQ FL 24 |
| | | | NEW YORK, NY 10036 |
| Service type: | Priority Box | Delivery date: | Jul 20, 2010 09:58 |



## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 873172894726 | Ship date: | Jul 19, 2010 |
| | | Weight: | 5.0 lbs/2.3 kg |

Recipient:
CATHERINE B STEVENS MARK CHEFF
SKADDEN ARPS SLATE MEAGHER & F
FOUR TIMES SQUARE
10036 US

Shipper:
NEWTON SCHWARTZ
SCHWARTZ, NEWTON B SR
1911 SOUTHWEST FWY
770984803 US

Reference

NEURONTIN

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - x
        :      MDL Docket No. 1629

In re:  NEURONTIN MARKETING,
SALES PRACTICES AND PRODUCTS     :      Master File No. 04-10981
LIABILITY LITIGATION

        :      Judge Patti B. Saris

- - - - - - - - - - - - - - - - - - - - - - - - - x
        :

THIS DOCUMENT RELATES TO      Magistrate Judge Leo T.

      ESTATE OF TERESA HUFF      Sorokin
      JOSHUA MARTINEZ INDIVIDUALLY
      AND AS REPRESENTATIVE OF   :
      ESTATE OF TERESA HUFF

        :

*CHARLES D. GIRARD, SR.  et al. v. PFIZER INC. et al.,*
  06-11023-*PBS*

        :

- - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFF'S INITIAL DISCLOSURES PER FRCP RULE 26(a)(1)

To:   Mark Cheffo, Catherine B. Stevens, SKADDEN, ARPS, SLATE, MEAGHER & FLOM
     LLP, Attorneys for Defendants; Four Times Square, New York, NY 10036

     Plaintiff, Teresa Huff makes these initial disclosures as required by Federal Rule of Civil
Procedure Rule 26(a)(1).

### A.  Individuals with Discoverable Information

DECEDENT NAME/ALIAS/MAIDEN NAMES
Teresa Huff/Teresa Martinez (married name during time of marriage)/and Decedent
changed her name back to her maiden name, Teresa Huff, after her divorce.
DECEDENT DATE OF BIRTH: ▮▮▮▮▮
PLAINTIFF SOC SEC NO: ▮▮▮▮▮
DATE OF MARRIAGE:  In 1973
SPOUSES NAMES, ADDRESSES, DATES OF DIVORCE/SEPARATION
Michael Martinez (former spouse)
Address: 5229 Dexter Ct. NE, Rio Rancho, NM 87144-6303
Divorced in:  Will supplement when information is available.
PLACE OF MARRIAGE:  Long Beach, CA

COURT WHERE DIVORCED: Will supplement when information is available.
NAME, SEX, DOB of CHILDREN:
Shawna Wyrick, Female, DOB: ▓▓▓▓▓▓
Joshua Martinez, Male, DOB: ▓▓▓▓▓▓
Lisa Yardley, Female, DOB: ▓▓▓▓▓▓

In addition, Plaintiff also adopts her initial disclosure per FRCP Rule 10(c) from Plaintiff's discovery responses such as responses to interrogatory and request for production of documents and things, and any and all other pleadings or motions.

### B.  Relevant Documents, Electronically Stored Information & Tangible Things

Plaintiff adopts her answer per FRCP Rule 10(c) from Plaintiff's discovery responses such as responses to interrogatory and request for production of documents and things, and any and all other pleadings or motions.

### C. Information Related to Calculation of Damages

Plaintiff claims damages for wrongful death. The total amount and full extent of the Plaintiff's damages including insurer paid expenses has not yet been fully determined.  Plaintiff claims damages for past medical expenses, past lost earnings, conscious pain and suffering, loss of society to the children of the decedent, including instruction, moral training and superintendence of education.  Plaintiff reserves the right to claim any additional damages that may arise/or become known.

In addition, Plaintiff also adopts her initial disclosure per FRCP Rule 10(c) from Plaintiff's discovery responses such as responses to interrogatory and request for production of documents and things, and any and all other pleadings or motions.

### D.  Insurance

During the time Neurontin was prescribed, dispensed, distributed or administered the Plaintiff/Decedent's had Medicaid and Tenncare (310 Great Circle Rd., Nashville, TN 37243) as insurance.

In addition, Plaintiff also adopts her initial disclosure per FRCP Rule 10(c) from Plaintiff's discovery responses such as responses to interrogatory and request for production of documents and things, and any and all other pleadings or motions.

Dated: 7/19/2010

LAW OFFICES OF NEWTON B. SCHWARTZ, SR.

*James Stegall w/p MC*

JAMES A. STEGALL III
Attorney for Plaintiff
1911 Southwest Freeway
Houston, TX 77098

TO:
Mark Cheffo
Catherine B. Stevens
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Attorneys for Defendants
Four Times Square
New York, NY 10036

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :      MDL Docket No. 1629

In re:  NEURONTIN MARKETING,
SALES PRACTICES AND PRODUCTS                                  :      Master File No. 04-10981
LIABILITY LITIGATION
                                                              :      Judge Patti B. Saris


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
THIS DOCUMENT RELATES TO                                             Magistrate Judge Leo T.

        ESTATE OF TERESA HUFF                                        Sorokin
        JOSHUA MARTINEZ INDIVIDUALLY
        AND AS REPRESENTATIVE OF                              :
        ESTATE OF TERESA HUFF
                                                              :
*CHARLES D. GIRARD, SR. et al. v. PFIZER INC.et al.,*
 *06-11023-PBS*
                                                              :


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES

        Set forth below is Defendants' Template First Interrogatories, Products Liability
Plaintiffs' corresponding objections, Magistrate Leo T. Sorokin's directives set forth in
Discovery Order No. 2 dated June 19, 2006, pertaining thereto, and Individual Plaintiff's
responses.

### OBJECTIONS PERTAINING TO ALL INTERROGATORIES (GENERAL OBJECTIONS)

        1.      Plaintiff, by his/her attorneys, LAW OFFICES OF NEWTON B. SCHWARTZ,
SR., hereby responds and objects to Defendants' First Set of Interrogatories dated May 8, 2006.
These responses and objections are made without in any way waiving or intending to waive, but
on the contrary reserving and intending to reserve, the right to object on any additional ground at
any time to a demand for further response, and the right at anytime to revise, supplement,
correct, or add to these responses and objections.

        2.      Plaintiff objects to the definitions and instructions set forth in the Interrogatories
propounded by Defendants.  Plaintiffs object to the instructions on the ground that the relevant
provisions of the Federal Rules of Civil Procedure provide all instructions recognized under
Federal law with respect to answering or responding to Interrogatories.  Plaintiffs object to the
definitions because they are superfluous, overly broad, cause the scope of the discovery requests
to be expanded to such an extent that they exceed the scope of discovery and the number of

interrogatories permitted under the Federal Rules of Civil Procedure 26 and 33, and sweep within their scope information which would otherwise be privileged under all subparts of Federal Rules of Civil Procedure 26(b)(2), (3), (4) and the relevant provisions of Federal Rules of Evidence 501. In answers to these Interrogatories, all words have been defined pursuant to their common English definition.   These Interrogatories will be responded to pursuant to the instructions set forth by the Federal Rules of Civil Procedure.

3.     Plaintiff objects to the Interrogatories to the extent they seek witnesses and/or information that is protected from disclosure by various privileges or immunities, including attorney-client privilege, the work product doctrine, or any other legally recognized privilege and/or immunity.

4.     Plaintiff objects to the Interrogatories to the extent that they seek to impose discovery obligations on the Plaintiff broader than, or inconsistent with, those set forth in the Federal and Local Rules of Civil Procedure or any other applicable rules.

5.     Any statement by the Plaintiff to the effect that the Plaintiff will provide information responsive to any individual Interrogatory should not be construed to mean that any responsive information exists. The Plaintiff does not concede that any of the witnesses named in response to these Interrogatories have information that is relevant or material to the subject matter of this litigation, or reasonably calculated to lead to discovery of admissible evidence. The Plaintiff reserves the right to object to the admissibility at trial of any of the information provided in response to these Interrogatories.

6.     The Plaintiff objects to the Interrogatories to the extent they call for witnesses and/or information that is neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7.     The Plaintiff objects to the Interrogatories to the extent that they are not limited to a particular time period, but instead seek information for an unlimited, 20-year or 10-year time frame. As such, the Interrogatories are overly broad, unduly burdensome and seek information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

8.     The Plaintiff objects to the Interrogatories to the extent that they are vague, ambiguous, and/or incomprehensible, requiring the Plaintiff to engage in conjecture as to their meaning.

9.     All General Objections apply to each individual Interrogatory without reiteration in the response thereto.  Reference to a General Objection in a response, is not intended to be, and shall not be deemed to be, a waiver of applicability of that or any other General Objection to any Interrogatory.

10.     In providing these responses, the Plaintiff specifically does not intend to stipulate to the admissibility of any statement or subject matter contained or referenced to in any request or response.  Rather, the Plaintiff expressly reserves and does not waive all available objections as to competency, relevance, materiality, privilege and admissibility of this information for any purpose in any further proceeding in this action.

## DEFENDANTS' INSTRUCTIONS

1.     Answer each Interrogatory separately.  When an Interrogatory has several parts, answer each part separately.

2.     If any Interrogatory cannot be answered in full, answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge or belief you do have concerning the unanswered portion.

     3.     If an objection is made to an Interrogatory, or any portion thereof, specify the precise ground of the objection and respond to that portion of the Interrogatory to which there is no objection.

     4.     If all or any part of any Interrogatory is objected to on the grounds that it seeks privileged information or all or any part of any response thereto is withheld under any claim of privilege (including work product), for each such objection or claim Plaintiff shall identify the nature of the privilege that is being claimed, and provide as to each communication for which the privilege is invoked sufficient information to enable defendants to assess the applicability of the asserted privilege or protection.  Such information shall include (i) the name of the person(s) making the communication and the names of the person(s) present while the communication was made (or the recipients of the communication) and, where not apparent, the relationship of the person(s) present to the person making the communication; (ii) the date and place of the communication; (iii) the type of communication (e.g., letter, conversation, voice mail message, electronic mail, etc.); and (iv) the general subject matter of the communication.

     5.     Information requested in these interrogatories shall include information within the knowledge or possession of any of Plaintiff's agents and any other entity directly or indirectly subject to Plaintiff's control in any way whatsoever.

     6.     To the extent that you view any Interrogatory as vague or imprecise, counsel for defendants offers to confer with counsel for Plaintiff as to the intended scope of such Interrogatory prior to your response hereto.

     7.     These interrogatories are of continuing effect, and if at any time after the responses are submitted, you discover, obtain or otherwise become aware of additional information responsive to any of these interrogatories, such information is to be furnished promptly.

     8.     These interrogatories are intended to cover all information and/or documents in your possession or subject to your custody or control. This request is also intended to cover any and all documents you are authorized to retrieve.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1:

Please state each Plaintiff's date of birth, present address, social security number, full name and any other names that he/she has used or was known by, including the inclusive dates during which he or she was known by such other names, and if married at any time, for each marriage state the name and address of each Plaintiff's spouse, the date and place of the marriage, the date, place and manner of the termination of the marriage including the name and location of the Court entering the divorce (if applicable), and the name, sex and birth date of each child from the marriage. If any Plaintiff has a child(ren) outside of marriage or through adoption, please also state the name, sex and birth date of each child(ren).

### RESPONSE TO INTERROGATORY NO. 1:

To the best of the Plaintiff and Representative of the Estate of Plaintiff/Decedent's recollection, the responses are as follows:

DECEDENT NAME/ALIAS/MAIDEN NAMES

Teresa Huff/Teresa Martinez (married name during time of marriage)/and Decedent changed her name back to her maiden name, Teresa Huff, after her divorce.
DECEDENT DATE OF BIRTH: ▨
PLAINTIFF SOC SEC NO: ▨
DATE OF MARRIAGE:  In 1973
SPOUSES NAMES, ADDRESSES, DATES OF DIVORCE/SEPARATION
Michael Martinez (former spouse)
Address: 5229 Dexter Ct. NE, Rio Rancho, NM 87144-6303
Divorced in:  Will supplement when information is available.
PLACE OF MARRIAGE:  Long Beach, CA
COURT WHERE DIVORCED:  Will supplement when information is available.
NAME, SEX, DOB of CHILDREN:
Shawna Wyrick, Female, DOB: ▨
Joshua Martinez, Male, DOB: ▨
Lisa Yardley, Female, DOB: ▨

The representative of Plaintiff's estate will endeavor to produce the information sought by the request, and upon receipt of same, the representative of Plaintiff's estate will supplement the response that corresponds to said request.


**INTERROGATORY NO. 2:**
Please list in chronological order all residences at which each Plaintiff lived for a period of more than thirty (30) days, including the date each residency was commenced and terminated and any individuals with whom he or she resided at such address(es) and the relationship to the Plaintiff.

**RESPONSE TO INTERROGATORY NO. 2**
In addition to the General Objections, the Plaintiff objects to Interrogatory No. 2 on the ground that it seeks information that is overly broad in that the request is unreasonable, unduly burdensome and unlimited in time.  Plaintiff further objects to this request because it seeks, in part, irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence and that the burden or expense of the proposed discovery outweighs its likely benefit.

Without waiving the foregoing objections, Plaintiff agrees to provide the information requested for the ten-(10) year period immediately preceding the incident complained of.

Subject to and without waiving the General Objections, to the best of Plaintiff/Decedant's representative's recollection and/or knowledge, the Plaintiff/decedent resided at:

3131 Adam Street N.E., Albuquerque, NM 87110 from 4/2004 to 7/2004 with her son, Joshua Martinez

1127 Colonial Ave., Knoxville, TN 37917 from 1990 to 4/2004 with her daughter, Lisa Yardley

**INTERROGATORY NO. 3:**
Identify the name and address of each of Plaintiff's employers for the twenty years preceding commencement of this suit, the inclusive dates of each, the nature of his or her work with each employer, and the reason for the termination of the employment.  Also identify Plaintiff's supervisors, bosses, co-workers and any other employees that he worked closely with for each of his prior places of employment.

**RESPONSE TO INTERROGATORY NO. 3:**
In addition to the General Objections, the Plaintiff objects to Interrogatory No. 3 on the ground that it seeks information that is unduly burdensome, that the request for past employers for 20 years is not a reasonable time limit, and that the request to identify "supervisors, bosses, co-workers, and other employees that work closely" with Plaintiff is overly broad.  Plaintiff further objects to this request because it seeks, in part, irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence and that the burden or expense of the proposed discovery outweighs its likely benefit.

Without waiving the foregoing objections, Plaintiff agrees to identify the name and address of Plaintiff's employers, the inclusive dates of each period of employment, the nature of his or her work with each employer, the reason for the termination of the employment, and his/her immediate supervisors for the ten-(10) year period immediately preceding the incident complained of. In addition, pursuant to Discovery Order No. 2 dated 6/19/06, Plaintiff will exercise reasonable diligence to identify the names of up to three persons with whom they worked closely at each job.

Subject to and without waiving the General Objections, to the best of Plaintiff's recollection and/or knowledge the decedent was employed at:
G & C Service, 2000-2001, Knoxville, TN
Rescare, in 1990's, Knoxville, TN
Hillcrest Nursing Home, 1988-1990, Knoxville, TN

To the best of his recollection, the representative of Plaintiff/Decedent's Estate has no information responsive to the request for names of supervisors and people with whom decedent worked closely with at each job, nor the reasons for leaving each position.

**INTERROGATORY NO. 4:**
Please identify the ten persons that Plaintiff was closest to over the last ten years of his/her life, including but not limited to, siblings, boyfriends/girlfriends, roommates, etc. and include the relevant time period involved and the nature of the relationship with these individuals.

**RESPONSE TO INTERROGATORY NO. 4:**
In addition to the General Objections, Plaintiff objects to this Interrogatory because it assumes each Plaintiff would identify at least 10 persons that meet the criteria of "closest."

Without waiving the foregoing objections, the Representative of Plaintiff's Estate agrees to provide the available requested information up to a maximum of 10 persons to the best of his knowledge, they are listed below:

| Ten Closest People Last known address | Time Period | Nature of Relationship |
|---|---|---|
| 1. Joshua Martinez<br>   15 Vegas Road<br>   Los Lunas, NM 87031 | 1976-2004 | Son |
| 2. Evelyn Huff<br>   Now deceased | 1956-2003 | Mother |
| 3. Jennifer Martinez<br>   15 Vegas Road<br>   Los Lunas, NM 87031 | 2002-2004 | Daughter-in-law |
| 4. Lisa Yardley<br>   1127 Colonial Ave<br>   Knoxville, TN 37917 | 1979-2004 | Daughter |
| 5. Shawna Wyrick<br>   922 Jackson Cr.<br>   Ft. Lee, VA 23801 | 1973-2004 | Daughter |
| 6. Reynel Martinez<br>   P. O. Box 22956<br>   Santa Fe, NM 87502 | 1973-2004 | Brother-in-law |
| 7. Christopher Martinez | 1972-2004 | Nephew |

The Representative of Plaintiff's Estate will endeavor to produce the information sought by the request, and upon receipt of same, the Representative of Plaintiff's Estate will supplement the response that corresponds to said request.

**INTERROGATORY NO. 5:**
Please state what Plaintiff liked to do in his/her spare time and identify, including dates of membership, all social, fraternal, religious, business and/or service organizations to which he/she has ever belonged.

**RESPONSE TO INTERROGATORY NO. 5:**
In addition to the General Objections, the Plaintiff objects to Interrogatory No. 5 on the ground that it is unreasonable, unduly burdensome and is not reasonably limited in time. Plaintiff further objects to this request because seeks, in part, irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, the burden or expense of the proposed discovery outweighs its likely benefit.

Without waiving the foregoing objections, Plaintiff agrees to provide the requested information for the ten-(10) year period immediately preceding the incident complained of.

Subject to and without waiving the General Objections, to the best of the Representative of Plaintiff's Estate's recollection and/or knowledge the decedent was an integral part of her growing family spending time with her daughters and caring for her grand-daughter.

In addition, decedent spent her spare time reading the Bible.
Hobbies: crochet.

**INTERROGATORY NO. 6:**
Please state whether Plaintiff ever consumed alcoholic beverages, and if so the amount, frequency and type of beverage consumed, and state whether Plaintiff ever took any illegal drugs ("street drugs") and/or prescriptions drugs that were not originally prescribed to him/her, and if so, state the name of the prescription or the drug and the dosage and the frequency of his/her use and if Plaintiff ever sought any type of treatment or counseling for any issue related to his alcohol use or his/her use of prescription or illegal drugs, identify the health-care professional involved, the nature of the treatment, the dates of the treatment, the location of the treatment and the outcome of the treatment.

**RESPONSE TO INTERROGATORY NO. 6:**
In addition to the General Objections, Plaintiff objects to Interrogatory No. 6 because it is not reasonably limited in time or scope and seeks, in part, irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Plaintiff agrees to provide information as to treatment or counseling related to alcohol abuse or abuse of prescription or illegal drugs for the time period since five (5) years before Plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the incident alleged in the Complaint, whichever date is earlier. In addition, pursuant to Discovery Order No. 2 dated 6/19/06, Plaintiff will also respond regarding use, if any, of alcohol or illegal drugs or prescription drugs that were not originally prescribed to him/her.

Subject to and without waiving the General Objections, to the best of the Representative of Plaintiff's Estate's recollection and/or knowledge the decedent did not drink since she could not tolerate alcohol. The decedent was treated in the 1990's at DRD Knoxville Medical Clinic in Knoxville, TN for her use of prescription pain pills.

**INTERROGATORY NO. 7:**
Identify each person known to Plaintiff or Plaintiff's counsel who has knowledge of any facts relevant to this case, specifying as to each person the nature and extent of the personal knowledge that you claim they have concerning the facts of this case.

**RESPONSE TO INTERROGATORY NO. 7:**
In addition to the General Objections, the Plaintiff objects to Interrogatory No. 7 on the ground that it seeks information that is overly broad, ambiguous, unduly burdensome, oppressive and unlimited in time. Plaintiff further objects to this Interrogatory insofar as it can be construed

to require Plaintiff to produce matters exempt from discovery pursuant to Rules 26(b)(3) and (4) of the Federal Rules of Civil Procedure, including attorney work product, the identity, mental impressions and opinions of a purely consulting expert, party communications made subsequent to the occurrence upon which the suit is based and in anticipation of the defense of the claims made a part of the pending litigation, and any matter protected by the attorney-client privilege. Without waiving the foregoing objections, pursuant to Discovery Order No. 2 dated 6/19/06, Plaintiff will respond to the Interrogatory as propounded.

Subject to and without waiving the General Objections, to the best of the Representative of Plaintiff's Estate's recollection, during April-May 2004, the decedent had trouble sleeping. The decedent also had surgery during that time.  Lisa Yardley also has some recollection about the Plaintiff/Decedent's condition during the time when she lived with her.  Joshua Martinez also has recollection about Plaintiff/Decedent's condition in 2004, Decedent's suicide attempt and suicide.

Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1 of Defendants' Request for Documents and Things.

## INTERROGATORY NO. 8:

Identify and list all bank, savings or credit union accounts that were maintained by Plaintiff, or upon which he/she had power to draw, during the five years prior to his/her suicide attempt or death, listing with respect to each such account: the identity of the institution where the account is/was maintained and the account number; the name(s) in which it is/was maintained; the inclusive dates said account was maintained; and the identity of the person who has (or last had) possession of any of the statements and/or canceled checks relating to said account.

## RESPONSE TO INTERROGATORY NO. 8:

Subject to and without waiving the General Objections, Plaintiff objects to Interrogatory No. 8 on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence and invades Plaintiff's personal privacy rights.  The Plaintiff further objects to this request on the ground that it is not the most efficient discovery method to obtain the information requested.

Pursuant to Discovery Order No. 2 dated 6/19/06, Plaintiff will respond to the Interrogatory as propounded.

Subject to and without waiving the General Objections, to the best of the Representative of Plaintiff's Estate's recollection and/or knowledge decedent maintained an account at ORNL Federal Credit Union in Tennessee.  There are no records of these accounts at this time. Since decedent's passing, accounts have been closed and no records were kept.

## INTERROGATORY NO. 9:

Please list any and all debts owed by or on behalf of Plaintiff at the time of his suicide attempt or death, and for each such debt, state the amount, date incurred, creditor and identity of any document relating to any such debt.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence and invades Plaintiff's personal privacy rights. The Plaintiff further objects to this request on the ground that it is not the most efficient discovery method to obtain the information requested.

Pursuant to Discovery Order No. 2 dated 6/19/06, Plaintiff will respond to the Interrogatory as propounded.

Subject to and without waiving the General Objections, to the best of the Representative of Plaintiff's Estate's recollection and/or knowledge the decedent had no debts.

**INTERROGATORY NO. 10:**

If at any time Plaintiff ever consulted a psychiatrist, psychologist, therapist, counselor, or other mental health professional of any sort, including but not limited to, an individual with a social work degree, school counselors, counselors at work, counselors at church, etc., or if Plaintiff underwent psychiatric or psychological examination or treatment of any kind, please state the name, address and specialty of the person performing the consultation or treatment, the name and location of the facility where it took place, the nature of the therapy received and the dates the therapy was received.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 10 on the ground that it seeks information that is overly broad in that the request is unlimited in scope and time.

The Plaintiff further objects on the ground that Interrogatory No. 10 seeks information largely duplicative of that sought in Document Request No. 1 of Defendants' First Request for Production of Documents and Things, and that the Plaintiff has agreed to respond to Document Request No. 1 as set forth in Plaintiff's Response and Objections to Defendants' First Request for Production of Documents and Things, rendering this Interrogatory largely duplicative and unnecessary.

Subject to and without waiving the General Objections, to the best of the Representative of Plaintiff's Estate's recollection and/or knowledge, the Plaintiff/decedent consulted the following providers:

Consultation in 2004 at Kaseman Hospital (now Presbyterian Kaseman Hospital)
8300 Constitution Ave. NE
Albuquerque, NM 87110

Robert Kellogg, MD in 2004
1325 Wyoming Blvd. NE
Albuquerque, NM 87112

DRD Medical Clinic in 1990's
626 Bernard Avenue
Knoxville, TN 37921

Dr. Richard Bruce Heintz (now deceased) around the year 2000
Knoxville, TN

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff adopts his/her answer per FRCP Rule 10(c) and FRCP Rule 33(d). Plaintiff and Defendant bear substantially the same burden of deriving or ascertaining the answer from the medical and billing records. Defendant can obtain the answer to interrogatory No. 10 by examining the medical and billing records of Teresa Huff. An authorized Health Insurance Portability and Accountability Act form (HIPAA form) of Teresa Huff has also been submitted to the Defendant to obtain Teresa Huff's medical and billing records.

**INTERROGATORY NO. 11:**
Please describe any instances of psychiatric or mental illness, suicide, attempted suicide, homicide or other violent behavior by Plaintiff or any of Plaintiff's family members including, but not limited to, his parents, siblings, grandparents, aunts, uncles, and cousins and, for each such instance, identify the person; the person's relationship to Plaintiff; the nature of the person's illness or behavior and identify the individuals that might have knowledge of these incidents.

**RESPONSE TO INTERROGATORY NO. 11:**
In addition to the General Objections, the Plaintiff objects to Interrogatory No. 11 on the ground that it seeks information that is overly broad, ambiguous, unduly burdensome, oppressive and unlimited in time. Plaintiff further objects to this Interrogatory insofar as it relates to persons other than the Plaintiff in that the disclosure of the information sought would result in the invasion of privacy of the respective individuals. In addition the Plaintiff is not capable of determining "the individual who might have knowledge of these incidents" as set forth in the Interrogatory.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff will respond to this Interrogatory as it relates to the Plaintiff, and to the extent that it seeks instances of psychiatric or mental illness, suicide or attempted suicide by Plaintiff's family members.

Plaintiff/Decedent attempted suicide in early July, 2004 and Plaintiff/Decedent committed suicide on 7/21/2004. Joshua Martinez, Representative of Plaintiff/Decedent's Estate has knowledge of these incidents.

Subject to and without waiving the General Objections, to the best of the Representative of Plaintiff's Estate's recollection and/or knowledge there were no instances of psychiatric or mental illness, suicide, attempted suicide, homicide or other violent behavior by decedent or any of decedent's family members other than decedent's suicide attempt in early July 2004 and suicide on 7/21/2004.   Defendant is referred to records annexed to Plaintiff's Rule 26(a)(1) Disclosures and Plaintiff's response to Request No. 1.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff adopts his/her answer per FRCP Rule 10(c) and FRCP Rule 33(d).  Plaintiff and Defendant bear substantially the same burden of deriving or ascertaining the answer about the instances of psychiatric or mental illness, suicide, attempted suicide, homicide or other violent behavior by the Plaintiff from the medical and billing records.  Defendant can obtain the answer about the instances of psychiatric or mental illness, suicide, attempted suicide, homicide or other violent behavior by the Plaintiff by examining the medical and billing records of Teresa Huff.  An authorized Health Insurance Portability and Accountability Act form (HIPAA form) of Teresa Huff has also been submitted to the Defendant to obtain Teresa Huff's medical and billing records.

## INTERROGATORY NO. 12:
Identify every health-care professional or facility that provided any type of consultation or care whatsoever to Plaintiff (whether mental or physical) over the last twenty years and identify the location where such consultation and/or treatment was rendered.  Also state whether Plaintiff at any time was treated in any manner or suffered any illness, disease, injury, condition or affliction (either medical or psychiatric).  If so, state for each such illness, injury, disease, or affliction, the name of the illness, injury, disease or affliction; the date and circumstances of each such injury, illness, disease, or affliction; the name and address of each physician, surgeon, nurse, or other person who attended or treated him/her; the dates of such treatment; the name and address of each hospital or clinic where he/she was confined, treated or examined; the dates he/she was confined, treated, or examined in each such hospital or clinic; and names and addresses of witnesses with knowledge of any of the above and the treatment rendered.

## RESPONSE TO INTERROGATORY NO. 12:
In addition to the General Objections, the Plaintiff objects to Interrogatory No. 12 on the ground that it seeks information that is overly broad and burdensome and in that the request is unlimited in scope and time.  The Plaintiff further objects on the ground that Interrogatory No. 12 seeks information largely duplicative of that sought in Document Request No. 1 of Defendants' First Request for Production of Documents and Things, and that the Plaintiff has agreed to respond to Document Request No. 1 as set forth in Plaintiff's Response and Objections to Defendants' First Request for Production of Documents and Things, rendering this Interrogatory largely duplicative and unnecessary.

Subject to and without waiving the General Objections, to the best of Representative of Plaintiff's Estate's recollection and/or knowledge, the names and addresses of the medical providers by whom Plaintiff/decedent was treated is as follows:

Dr. Robert Kellogg (in 2004)
Presbyterian Behavioral Medicine
1325 Wyoming Blvd. NE
Albuquerque, NM 87112

Kaseman Hospital in 2004(now Presbyterian Kaseman Hospital)
8300 Constitution Ave NE
Albuquerque, NM 87110

R. Bruce Heintz, MD (now deceased), date range around 2000-2004
Knoxville, TN

Fort Sanders Regional Medical Center in 2003
1901 Clinch Ave.
Knoxville, TN 37919

St. Mary's Medical Center
900 E. Oak Hill Ave.
Knoxville, TN 37917

DRD Medical Clinic in 1990s
626 Bernard Avenue
Knoxville, TN 37921

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff adopts his/her answer per FRCP Rule 10(c) and FRCP Rule 33(d). Plaintiff and Defendant bear substantially the same burden of deriving or ascertaining the answer from the medical and billing records. Defendant can obtain the answer to interrogatory No. 12 by examining the medical and billing records of Teresa Huff. An authorized Health Insurance Portability and Accountability Act form (HIPAA form) of Teresa Huff has also been submitted to the Defendant to obtain Teresa Huff's medical and billing records.

The Representative of Plaintiff's Estate will endeavor to produce the information sought by the request, and upon receipt of same, the Representative of Plaintiff's Estate will supplement the response that corresponds to said request.

**INTERROGATORY NO. 13:**
State whether Plaintiff was ever charged with, or convicted of committing any violation of any criminal or juvenile law, code, or statute and for each state the nature of each such offense, the name of the court in which each such matter or proceeding was filed or prosecuted, each judgment or plea entered in connection with each such offense, the sentence or other punishment imposed for each such offense, the name and address of each institution in which Plaintiff was confined or referred for treatment or counseling in connection with each such

offense, and/or the name and the last known address of any probation, parole, or juvenile officer assigned to any such case.

## RESPONSE TO INTERROGATORY NO. 13:

Subject to and without waiving the General Objections, Plaintiff objects to Interrogatory No. 13 to the extent it exceeds the requirements of Rule 609 of the Federal Rules of Evidence on the grounds that it exceeds the scope of discovery, seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, and that the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the General Objections and the foregoing specific objections, pursuant to Discovery Order No. 2 dated 6/19/06, Plaintiff will respond to the Interrogatory as propounded except as to juvenile matters.

Subject to and without waiving the General Objections, to the best of recollection and/or knowledge of Representative of Plaintiff/Decedent's Estate, the Plaintiff/Decedent had been charged in Tennessee for which the Representative of Plaintiff's Estate has no recollection or documents in his possession, custody or control that enable him to state with greater specificity than as stated herein.

To the best of Representative of Plaintiff's Estate's recollection, the underlying facts relating to the Plaintiff/Decedent's criminal offenses pertained to forging prescription pain pills in Tennessee around 1994. There was no jail sentence and the decedent was ordered to undergo rehabilitation at DRD Medical Clinic around 1994-2001.

## INTERROGATORY NO. 14:

State the name and addresses of witnesses with knowledge of any and all medications (whether prescription or not) or drugs (whether prescription or not) which Plaintiff took orally, by injection, through ingestion, by suppository or by external application at any time during a twenty-year period prior to his/her death. For each prescription, please also state the name of the prescribing health-care professional, the name of the prescription, the prescription dosage, each date that the prescription was prescribed, where the prescription was filled, the reason for the prescription and whether it was effective at treating the condition for which it was prescribed.

## RESPONSE TO INTERROGATORY NO. 14:

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 14 on the ground that it seeks information that is overly broad in seeking information regarding medications taken by the Plaintiff "at any time during a twenty year period prior to his/her death." The Plaintiff further objects on the ground that the request for "the names and addresses of witnesses with knowledge of any and all medications" taken by the Plaintiff over the past 20 years is overly broad, unduly burdensome and not capable of being determined. The Plaintiff further objects on the ground that the request seeks information not relevant to this action. The Plaintiff further objects on the ground that Interrogatory No. 14 seeks information largely duplicative of that sought in Document Request No. 1 of Defendants' First Request for Production of Documents and Things since the names and addresses of the health-care professionals who prescribed medication to the Plaintiff will likely be contained in Plaintiff's

medical and hospital records, and that the Plaintiff has agreed to respond to Document Request No. 1 as set forth in Plaintiff's Response and Objections to Defendants' First Request for Production of Documents and Things, rendering this Interrogatory largely duplicative and unnecessary.

Subject to and without waiving the General Objections and the foregoing specific objections, Representative of Plaintiff's Estate will provide the name and address of the health-care professionals who prescribed medication to the Plaintiff, and, pursuant to Discovery Order No. 2, dated 6/19/06, Representative of Plaintiff's Estate will provide the date ranges for prescriptions of specific drugs, rather than the date of each and every prescription.

Joshua Martinez, has some knowledge.
15 Vegas Road, Los Luna, NM 87031

Lisa Yardley, has some knowledge
1127 Colonial Ave., Knoxville, TN 37917

The names and addresses of the health care professionals who prescribed medication to the Plaintiff are as follows:

| Prescribing Physician | Medication | Date Range |
|---|---|---|
| Dr. Robert Kellogg | Neurontin | 4/2004 to 7/2004 |
| 1325 Wyoming Blvd. NE | | |
| Albuquerque, NM 87112 | | |
| | Oxycodone | in 2004 |
| | Phenytoin sodium | in 2004 |
| | Haloperidol | in 2004 |
| | Clonidine | in 2004 |
| | Geodon | in 2004 |
| | Seroquel | in 2004 |
| | Lorazepam | in 2004 |
| | Zoloft | in 2004 |
| | Fosomax | in 2004 |

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff adopts her answer per FRCP Rule 10(c) and FRCP Rule 33(d). Plaintiff and Defendant bear substantially the same burden of deriving or ascertaining the answer from the medical and billing records. Defendant can obtain the answer to interrogatory No. 14 by examining the medical and billing records of Teresa Huff. An authorized Health Insurance Portability and Accountability Act form (HIPAA form) of Teresa Huff has also been submitted to the Defendant to obtain Teresa Huff's medical and billing records.

The Representative of Plaintiff's Estate will endeavor to produce the information sought by the request, and upon receipt of same, the Representative of Plaintiff's Estate will supplement the response that corresponds to said request.

**INTERROGATORY NO. 15:**
Identify by name, location and dates of attendance, the schools, educational institutions or other learning facilities attended by Plaintiff and for each identify any type of certificate, diploma or degree received and the graduation date from each school. If Plaintiff did not graduate or otherwise receive a certificate, diploma or degree for a certain educational institution, please state why.

**RESPONSE TO INTERROGATORY NO. 15:**
Subject to and without waiving the General Objections, to the best of Representative of Plaintiff's Estate's recollection and/or knowledge the Plaintiff/decedent attended Twentynine Palms High School.

Plaintiff/Decedent was licensed as an LPN and she probably received her training from St. Mary's Nursing School in Tennessee.

**INTERROGATORY NO. 16:**
Please state whether Plaintiff or Plaintiff's counsel has or possesses knowledge of any written or oral statement made by Pfizer Inc. and/or Warner-Lambert Company LLC or their agents concerning this action or the subject matter of this action. If so, and if the statement is written, identify each statement by date(s) and author, the custodian, and, if oral, state by whom the statement was made, to whom it was made, the date(s) and substance thereof.

**RESPONSE TO INTERROGATORY NO. 16:**
Subject to and without waiving the General Objections, Defendant is referred to records obtained from the United States of America vs. Warner- Lambert Company LLC litigation, including but not limited to, the global criminal and civil settlement agreement resolving Warner-Lambert's criminal and civil liability regarding the marketing of the drug Neurontin for uses not approved by the United States Food and Drug Administration, and records and deposition testimony obtained from the Defendant in the course of discovery, and, pursuant to Discovery Order No. 2 dated 6/19/06, Plaintiff will also respond regarding information other than that set forth in the records obtained from the litigation referred to in their objection.

Subject to and without waiving the General Objections, at the present moment Plaintiff does not possess any written or oral statement made by Pfizer Inc. and/or Warner-Lambert Company LLC or their agents concerning this action or the subject matter of this action. Representative of Plaintiff's Estate will supplement Plaintiff's response if in the future Plaintiff's Representative obtains any written or oral statement made by Pfizer Inc. and/or Warner-Lambert Company LLC or their agents including but not limited to any and all documents in related criminal and civil litigation.

**INTERROGATORY NO. 17:**
Please state whether Plaintiff ever had: (1) any communications with any individual at the Food and Drug Administration ("FDA") or (2) any communications with any individual at Pfizer Inc. or Warner-Lambert Company LLC or their affiliates or agents regarding Neurontin, including but limited to online, phone, mailed or faxed communications, and if so, please state

the names and addresses of individuals who would have knowledge of the communication and state the substance of the communication.

**RESPONSE TO INTERROGATORY NO. 17:**
In addition to the General Objections, the Plaintiff objects to Interrogatory No. 18 on the ground that to the extent Defendants would have been notified by the FDA of any such communications, such information is within the purview of the Defendants.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff will respond to this Interrogatory.

The Representative of Plaintiff/Decedent's Estate has no further information responsive to Interrogatory No. 17 and has no recollection and/or knowledge of the Plaintiff/Decedent having any further information responsive to Interrogatory No. 17.

**INTERROGATORY NO. 18:**
Please identify all individuals, other than your attorney, who was consulted or participated in the preparation of the answers to these Interrogatories, and indicate the numbers of the specific Interrogatories for which each such person participated in preparing answers.

**RESPONSE TO INTERROGATORY NO. 18:**
Subject to and without waiving the General Objections, the Representative of Plaintiff/Deceased's Estate, Joshua Martinez participated in preparation of the answers to these Interrogatories with the help of Lisa Yardley for interrogatories # 6, 7, 10, 12 and 24.

**INTERROGATORY NO. 19:**
Provide a computation of any category of damages claimed by Plaintiff.

**RESPONSE TO INTERROGATORY NO. 19:**
Subject to and without waiving the General Objections, Plaintiff objects to this Interrogatory in that it seeks information that is duplicative of the information required by Rule 26(a)(1). Notwithstanding said objections, Plaintiff responds as follows:

Plaintiff claims damages for wrongful death. The total amount and full extent of the Plaintiff's damages including insurer paid expenses has not yet been fully determined. Plaintiff claims damages for past medical expenses, past lost earnings, conscious pain and suffering, loss of society to the children of the decedent, including instruction, moral training and superintendence of education. Plaintiff reserves the right to claim any additional damages that may arise/or become known.

**INTERROGATORY NO. 20:**

Identify each person that you expect to testify at the trial of this action as an expert witness and, with respect to each such person, provide all information required by Federal Rule of Civil Procedure 26(a)(2).

**RESPONSE TO INTERROGATORY NO. 20:**

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 20 on the ground that it is premature at this stage in the litigation. Plaintiff will make her expert disclosures in accordance with the time frames and requisites set forth in the Federal Rules and in the scheduling order set by the Court.

**INTERROGATORY NO. 21:**

Identify every item of tangible and/or documentary evidence which you may use at the time of trial to establish or prove any part of your case and which you may introduce into evidence for any purpose whatsoever at the time of trial. With respect to each item of tangible evidence, identify any person who has custody of such item and the present location where such item may be inspected.

**RESPONSE TO INTERROGATORY NO. 21:**

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 21 on the ground that it is premature at this stage in the litigation. Plaintiff will make her pre-trial disclosures in accordance with the time frames and requisites set forth in the Federal Rules and in the scheduling order set by the Court.

**INTERROGATORY NO. 22:**

Please state the name and address of any individuals who may have had contact with Plaintiff, or would have knowledge of his/her behavior or mental state, in the 72 hours immediately preceding his/her suicide attempt or death.

**RESPONSE TO INTERROGATORY NO. 22:**

Subject to and without waiving the General Objections, Joshua Martinez at 15 Vegas Road, Los Lunas, NM 87031 had some knowledge of the decedent's behavior or mental state, in the 72 hours immediately preceding the suicide attempt and suicide.

**INTERROGATORY NO. 23:**

Please state whether Plaintiff ever posted, filed or reported information on any Internet websites or message boards regarding Neurontin, this litigation, Pfizer Inc., Warner-Lambert Company LLC, or the filing of adverse event reports relating to Neurontin and if so, please state the names and addresses of the individuals who would have knowledge of these postings and whether Plaintiff was ever contacted by anyone regarding adverse events relating to Neurontin and if so, state the name and address of these individuals.

**RESPONSE TO INTERROGATORY NO. 23:**

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 23 on the ground that it is overly broad and vague in that Defendant has not sufficiently defined the term "adverse events". Plaintiff further objects to this Interrogatory on the ground that it is unlimited in time and scope. Plaintiff further objects to this Interrogatory to the extent that it seeks "the names and addresses of the individuals who would have knowledge of these postings" since this information would not be known to the Plaintiff, but is within the purview of the Defendants.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff will respond to the Interrogatory.  The Representative of Plaintiff/Decedent's Estate has no further information responsive to Interrogatory No. 23 and has no recollection and/or knowledge of the decedent having any further information responsive to Interrogatory No. 23.

**INTERROGATORY NO. 24:**
Identify each government payor or private payor (as defined above) that has provided medical, prescription, disability, accidental or life insurance on Plaintiff during the past 20 years, either individually or as a member of an insured family, including the group insurance coverage and coverage under policies of insurance issued to or on behalf of parents and/or spouses.  For each such payor identified in response to this Interrogatory, state the name and address of the carrier, the name of the group coverage, the name of the primary insured individual under the policy, including the primary insured's Social Security number and/or membership number and the inclusive dates you were insured under the policy; and identify, if any, which polices provided for prescription benefits and which government payor or private payor policies provided prescription coverage to you at the time you were prescribed, dispensed, distributed or administered Neurontin.

**RESPONSE TO INTERROGATORY NO. 24:**
In addition to the General Objections, the Plaintiff objects to Interrogatory No. 24 on the ground that it is overly broad in seeking records "for a period of 20 years." The Plaintiff further objects to the request on the ground that it is unduly burdensome, oppressive and, to the extent that it seeks records concerning any and all medical treatment of any kind and is remote in time, irrelevant to this action. The Plaintiff further objects to this request to the extent that it seeks records that are not in the possession of the Plaintiff.

Subject to and without waiving the aforementioned objections, pursuant to Discovery Order No. 2, dated 6/19/06, Plaintiff will provide the requested information to the best of Representative of Plaintiff's Estate's recollection and/or knowledge during the time Neurontin was prescribed, dispensed, distributed or administered the Plaintiff/Decedent's had Medicaid and Tenncare (310 Great Circle Rd., Nashville, TN 37243) as insurance.

**INTERROGATORY NO. 25:**
Identify every person, law enforcement organization, governmental agency, and/or insurance company that was present at the scene of Plaintiff's suicide attempt or death and/or preformed any type of investigation regarding Plaintiff's suicide attempt or death, and state the

purpose of the investigation, the type of investigation done, the content of the investigation, who did the investigation and the outcome of the investigation.

**RESPONSE TO INTERROGATORY NO. 25:**

Subject to and without waiving the General Objections, to the best of Representative of Plaintiff/Decedent's Estate's recollection and/or knowledge, in early July 2004, the Plaintiff/Decedent made a suicide attempt. Joshua Martinez, discovered that Plaintiff/Decedent was disoriented and drove her to the hospital and sought medical help. On July 21, 2004, Plaintiff/Decedent committed suicide. Joshua Martinez called 911 after he found Plaintiff/Decedent unresponsive. EMS responded and arrived at the scene. An autopsy was conducted by the Office of The Medical Investigator at The University of New Mexico Health Sciences Center by Russell Alexander, MD and Ross E. Zumwalt, MD. The immediate cause of death was Oxycodone intoxication.

Dated: July 19, 2010

LAW OFFICES OF NEWTON B. SCHWARTZ, SR.

*James Stegall w/p MC*

JAMES A. STEGALL III
Attorneys for Plaintiff
1911 Southwest Freeway
Houston, TX 77098

TO:
Mark Cheffo
Catherine B. Stevens
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Attorneys for Defendants
Four Times Square
New York, NY 10036

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :        MDL Docket No. 1629

In re:  NEURONTIN MARKETING,
SALES PRACTICES AND PRODUCTS      :       Master File No. 04-10981
LIABILITY LITIGATION

                                    :       Judge Patti B. Saris

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :

THIS DOCUMENT RELATES TO             Magistrate Judge Leo T.
                                    :

        ESTATE OF TERESA HUFF           Sorokin
JOSHUA MARTINEZ INDIVIDUALLY AND AS
REPRESENTATIVE OF  ESTATE OF TERESA HUFF
                                    :

*CHARLES D. GIRARD, SR.  et al. v. PFIZER INC.et al.,*
06-11023-*PBS*                               :

                                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST
## REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

      Set forth below is Defendants' First Request for Production of Documents and Things, as well as Product Plaintiffs' corresponding objections and the above referenced individual Plaintiff's responses that incorporate  Magistrate Leo T. Sorokin's  directives  set forth in Discovery Order No. 2 dated June 19, 2006.

## DEFENDANTS' INSTRUCTIONS

1.      These requests are intended to cover all documents in your possession or subject to your custody or control, including documents in the possession, custody or control of your agents or attorneys acting in their capacities for you. These requests are also intended to cover any and all documents you are authorized to retrieve.

2.      Each request for a document contemplates production of the document in its entirety, without abbreviation or expurgation.

3.      If any requested documents cannot be produced in full, please produce them to the extent possible, specifying each reason for your inability to produce the remainder thereof and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

4.      If any document is no longer in your possession, custody, or control and cannot be retrieved by you, please identify the document in detail and state with specificity the location(s) of the document.

5.      Unless otherwise indicated, responses shall include any documents relating to each Plaintiff for a period of twenty years preceding the date of this request.

6.      If any document responsive to this request was formerly in your possession, custody, or control and has been lost or destroyed, please identify that document with reasonable particularity, specifying (if lost) the circumstances under which the document was lost or (if destroyed) the date of destruction, manner of destruction, reason for destruction, the person who authorized destruction, and the person who destroyed the document and stating whatever information, knowledge, or belief you have concerning its contents.

7.      These requests are of continuing effect, and to the extent that any time after the production of documents called for by this request, you become aware of or acquire additional documents responsive to this request, such documents shall be produced promptly.

8.      All documents requested are to be produced if they are in Plaintiff's custody, possession or control, and are available or accessible to them.

9.      If Plaintiffs claim that any document to be produced is privileged or constitutes attorney work product, Plaintiffs are requested to submit a written statement that:
      a.      identifies the person with knowledge of the information or the author of the document and, if applicable, the persons with whom the information was shared or to whom the document was sent;
      b.      specifies the date on which the document was prepared or transmitted;
      c.      describes the nature of the document (e.g., letter, interoffice memorandum, telegram, notes, etc.), the subject matter of the document, the number of pages of the document with attachments, if any, and its present custodian;
      d.      states briefly the factual basis for the privilege asserted; and
      e.      provides the number of document requests to which such information or documents is responsive.

10.     If any of the documents or communications requested herein have been destroyed, Plaintiffs are requested to submit a written statement that:
      a.      identifies the person who prepared or authored the documents and, if applicable, the persons to whom the documents were sent;
      b.      specifies the date on which the documents were prepared or transmitted;
      c.      describes the nature of the documents (e.g., letter, interoffice memorandum, telegram, notes, etc.), the subject matter, and the total number of pages thereof; and
      d.      states the date upon which the documents were destroyed and the reason they were destroyed.

11.     Documents shall be produced as they are or have been kept in the ordinary course, including the original file folder and label or other similar identification devices.

12.     To the extent that you view any document request as vague or imprecise, counsel for Defendants offers to confer with Plaintiffs' counsel as to the intended scope of such document request prior to your response hereto.

## OBJECTIONS PERTAINING TO ALL REQUESTS
## (GENERAL OBJECTIONS)

1.      Plaintiff, by his/her attorneys, hereby objects and responds to Defendants' First Request for Production of Documents and Things dated May 8, 2006.  These responses and objections are made without in any way waiving or intending to waive, but on the contrary reserving and intending to reserve, the right to object on any additional ground at any time to a demand for further response, and the right at any time to revise, supplement, correct, or add to these responses and objections.

2.      Plaintiff objects to the Requests to the extent they seek Production of documents protected from disclosure by various privileges or immunities, including attorney-client privilege, the work product doctrine, or any other legally recognized privilege and/or immunity. To the extent that such documents are inadvertently produced in response to the document requests, the production of such documents shall not constitute a waiver of the Plaintiff's right to assert the applicability of any privilege or immunity to the documents, and any such document will be subject to return on demand.

3.      Plaintiff objects to the Requests to the extent that they seek "all" documents that relate to the information sought in a particular request, on the ground that such requests fail to describe the document with reasonable particularity and therefore are overly broad and burdensome.

4.      Plaintiff objects to the Requests to the extent that they seek to impose discovery obligations on the broader than, or inconsistent with, those set forth in the Federal and Local Rules of Civil Procedure or any other applicable rules.

5.      Any use of the Definitions contained in the Request or the individual requests by the Plaintiff for the purposes of responding to the Request does not constitute a waiver of any objection.

6.      Any statement by the Plaintiff to the effect that the Plaintiff will produce documents responsive to any individual Request should not be construed to mean that any responsive documents exist.  The Plaintiff does not concede that any of the documents provided in response to these Requests are relevant or material to the subject matter of this litigation, or reasonably calculated to lead to discovery of admissible evidence.  The Plaintiff reserves the right to object to the admissibility at trial of any of the information provided in response to these Requests.

7.     The Plaintiff objects to the Requests to the extent they call for the production of documents that are neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.

8.     The Plaintiff objects to the Requests to the extent that they are not limited to a particular time period, but instead seek information for an unlimited, 20 year or 10 year time frame.  As such, the Requests are overly broad, unduly burdensome and seek the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

9.     The Plaintiff objects to the Requests to the extent that they are vague, ambiguous, and/or incomprehensible, requiring the [Plaintiffs] to engage in conjecture as to their meaning.

10.     All General Objections apply to each individual Request without reiteration in the response thereto.  Reference to a General Objection is a response is not intended to be, and shall not be deemed to be, a waiver of applicability of that or any other General Objection to any Request.

11.     In providing these responses, the Plaintiff specifically does not intend to stipulate to the admissibility of any statement or subject matter contained or referenced to in any request or response.  Rather, the Plaintiff expressly reserves and does not waive all available objections as to competency, relevance, materiality, privilege and admissibility of this information for any further proceeding in this action.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**
All medical records, surgical records, mental/ emotional health records, x-rays, radiographic films, pathology materials, including but not limited to slides and other tissue samples, or any other records or materials related to any diagnostic or treatment tests or procedures, financial records, bills, invoices, writings, notes or memoranda relating to all of the Plaintiff's physical, medical or mental/emotional conditions, illnesses or disabilities, including but not limited to those of doctors, nurses, practitioners, hospitals, clinics, institutions or other health care providers or third party private or governmental health or accident insurers, without regard to whether it is the Plaintiff's contention that such physical, medical or mental conditions, illnesses, or disabilities were caused in any way by the defendants or any agent or employee of the defendants:

(a)     for a period of 20 years before and up to the date of the first occurrence alleged in the Complaint.

(b)     for a period of time commencing on the date of the first occurrence alleged in the Complaint up to and including the present date.

**RESPONSE TO REQUEST NO. 1**
In addition to the General Objections, the Plaintiff objects to Request  No. 1 on the ground that it is overly broad in seeking records "for a period of 20 years." The Plaintiff further objects to the Request on the ground that it is unduly burdensome, oppressive and, to the extent

that it seeks records concerning any and all medical treatment of any kind and is remote in time, irrelevant to this action. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the objections, pursuant to Discovery Order No. 2 dated June 19, 2006, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and shall produce responsive documents within Plaintiff's custody, control and possession. Plaintiff shall exercise reasonable diligence to produce copies of all of the medical records currently in his/her possession, and he/she shall supplement the production as he/she receives medical records in the future. Plaintiff shall also produce a list identifying (1) his or her psychiatric medical providers for the twenty years preceding the date of the alleged incident; (2) his or her non-psychiatric medical providers for the ten/five year period defined in Plaintiffs' papers ; and (3) each medical provider (doctors, social workers, psychologists, hospitals, etc.) from whom he or she has sought medical records, regardless of whether the requested records have been received.

Plaintiff shall provide to Defendants appropriate medical release forms which allow Defendants to seek the records without time limitation. Plaintiff's counsel shall ensure that each release form is complete and in proper form. Plaintiff shall execute either multiple original duplicate release forms and/or multiple different release forms to the extent reasonably necessary.

Prescription records, to the extent they differ from medical records, shall be handled in the same way as medical records. In addition, Plaintiff shall identify the physicians who prescribed Neurontin to him/her, as well as the date range(s) of each prescription period.

Substance abuse treatment (or use) records, to the extent they differ from medical records, shall be handled in the same way as the medical records.

Subject to and without waiving the General Objections, to the best of Plaintiff's recollection and/or knowledge the Plaintiff was treated by the following psychiatric medical providers:

Consultation in 2004 at Kaseman Hospital (now Presbyterian Kaseman Hospital)
8300 Constitution Ave. NE
Albuquerque, NM 87110

Robert Kellogg, MD in 2004
1325 Wyoming Blvd. NE
Albuquerque, NM 87112

DRD Medical Clinic in 1990's
626 Bernard Avenue
Knoxville, TN 37921

Dr. Richard Bruce Heintz (now deceased) around the year 2000
Knoxville, TN

Subject to and without waiving the General Objections, to the best of Plaintiff's recollection and/or knowledge the Plaintiff was treated by the following non-psychiatric medical providers:

Dr. Robert Kellogg (in 2004)
Presbyterian Behavioral Medicine
1325 Wyoming Blvd. NE
Albuquerque, NM 87112

Kaseman Hospital in 2004(now Presbyterian Kaseman Hospital)
8300 Constitution Ave NE
Albuquerque, NM 87110

R. Bruce Heintz, MD (now deceased), date range around 2000-2004
Knoxville, TN

Fort Sanders Regional Medical Center in 2003
1901 Clinch Ave.
Knoxville, TN 37919

St. Mary's Medical Center
900 E. Oak Hill Ave.
Knoxville, TN 37917

DRD Medical Clinic in 1990's
626 Bernard Avenue
Knoxville, TN 37921

Plaintiff will endeavor to produce the information sought by the request, and upon receipt of same, Plaintiff will supplement the response that corresponds to said request. In addition, authorizations for same (HIPAA authorization) has been produced.

Subject to and without waiving the General Objections, to the best of Plaintiff's recollection and/or knowledge the Plaintiff was not treated by any substance abuse provider (DRD Medical Clinic, 626 Bernard Avenue, Knoxville, TN 37921.

Plaintiff lists above all medical providers for which medical records have been sought, regardless of whether the requested records have been received. Plaintiff will provide authorizations for medical providers not already served under Plaintiff's Rule 26(a)(1) Disclosures and upon receipt of medical records, Plaintiff will supplement the response that corresponds to said request.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff adopts her answer per FRCP Rule 10(c) and FRCP Rule 33(d). Plaintiff and Defendant bear substantially the same burden of deriving or ascertaining the answer from the medical and billing records. Defendant can obtain the answer to Request for Production No. 1

by examining the medical and billing records of Teresa Huff already provided to the Defendant. An authorized Health Insurance Portability and Accountability Act form (HIPAA form) of Teresa Huff has also been submitted to the Defendant to obtain Teresa Huff's medical and billing records.

## REQUEST NO. 2:

Plaintiff's state and federal tax returns from January 1, 1995 through the date of this notice.

## RESPONSE TO REQUEST NO. 2

In addition to the General Objections, the Plaintiff objects to Request No. 2 on the ground that it seeks the production of tax returns for the entire period from January 1, 1995 through the date of this notice. The Plaintiff further objects to Request No. 2 on the ground that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence and invades Plaintiff's personal privacy rights.

Subject to and without waiving the General Objections and the foregoing specific objections, the Plaintiff shall exercise reasonable diligence to identify responsive materials or sources, and, pursuant to Discovery Order No. 2 dated June 19, 2006, the Plaintiff will produce his/her individual tax returns filed during the time period from five years immediately preceding the injury complained of through the present. In the case of a jointly filed return, Plaintiff's counsel may redact the data not pertaining to the Plaintiff.

Subject to and without waiving the General Objections, the authorization has been produced.

## REQUEST NO. 3:

Any document relating to any medical or accident insurance which Plaintiff had in effect from January 1, 1995 through the date of this notice.

## RESPONSE TO REQUEST NO. 3

In addition to the General Objections, the Plaintiff objects to Request No. 3 on the ground that it is overly broad and unduly burdensome in that it seeks the production of documents relating to medical or accident insurance for the entire period from January 1, 1995 through the date of this notice.

Subject to and without waiving the General Objections and the foregoing specific objections, the Plaintiff will provide documents in his/her possession concerning any government payor or private payor that has provided medical, prescription, disability, accidental or life insurance on Plaintiff, either individually or as a member of an insured family, including the group insurance coverage and coverage under policies of insurance issued to or on behalf of parents and/or spouses during the five (5) year period immediately preceding the injury complained of.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request.

Plaintiff will provide authorization for medical insurance noted in Plaintiff's response to Interrogatory No. 24.

**REQUEST NO. 4:**

Each bottle and label in Plaintiff's possession, custody or control of any product, drug or device referred to in the Complaint or other drug (whether prescription or otherwise) taken by Plaintiff during the pertinent time of the matters alleged in the Complaint.

**RESPONSE TO REQUEST NO. 4**

In addition to the General Objections, the Plaintiff objects to Request No. 4 on the ground that it is overly broad, unduly burdensome, oppressive and vague in that it is unclear as to what is meant by "the pertinent time".

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff will provide photocopies of labels of the prescription or over-the-counter drugs that were in his/her possession as of the date of the incident complained of, to the extent that Plaintiff is currently in possession of same.  Plaintiff will make available for inspection, viewing and photographing of any Neurontin bottle, at a mutually convenient location, to the extent that Plaintiff, or Plaintiff's counsel, is currently in possession of same.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the product, drug or device responsive to this request.

Plaintiff will endeavor to produce the information sought by the request.  If the information becomes available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 5:**

Each and every prescription or record thereof which shows that Neurontin® ("Neurontin") was prescribed to Plaintiff.

**RESPONSE TO REQUEST NO. 5**

Subject to and without waiving the General Objections, Defendants are referred to records, if any, annexed to Plaintiff's Rule 26(a)(1) Disclosures and Plaintiff's response to Request No. 1.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff adopts her answer per FRCP Rule 10(c) and FRCP Rule 33(d).  Plaintiff and Defendant bear substantially the same burden of deriving or ascertaining the answer from the medical and billing records.  Defendant can obtain the answer to Request for Production No. 5 by examining the medical and billing records of Teresa Huff already provided to the Defendant. An authorized Health Insurance Portability and Accountability Act form (HIPAA form) of Teresa Huff has also been submitted to the Defendant to obtain Teresa Huff's medical and billing records.

**REQUEST NO 6:**

Any and all calendars or diaries prepared by Plaintiff covering any portion of the pertinent time of the matters alleged in the Complaint.

**RESPONSE TO REQUEST NO. 6**
        In addition to the General Objections, the Plaintiff objects to Request No. 6 on the ground that it is overly broad, unduly burdensome, oppressive and vague in that it is unclear as to what is meant by "the pertinent time". The Plaintiff further objects to the Request on the ground that, to the extent that any such calendars or diaries relate to matters other than those that are the subject of this litigation, the information sought is irrelevant.
        Subject to and without waiving the General Objections, and pursuant to Discovery Order No. 2 dated June 19, 2006, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and will produce the responsive documents called for by the request from January 1, 1994 to the date of the filing of Plaintiff's complaint.
        Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 7:**
        Copies of all newspaper, magazine or medical journal articles which discuss, refer or relate to the use of Neurontin and the risk of suicide ideation.

**RESPONSE TO REQUEST NO. 7**
        In addition to the General Objections, the Plaintiff objects to Request No. 7 on the ground that it is overly broad, unduly burdensome and oppressive and not limited in time. The Plaintiff further objects to the Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. Plaintiff further objects to this Request on the ground that the records requested are within the public domain and equally available to the Defendants. The Plaintiff further objects to this Request to the extent that it seeks materials that are not in the possession of the Plaintiff. The Plaintiff further objects to this Request on the ground that it is not the most efficient discovery method to obtain the information requested.
        Subject to and without waiving the General Objections and the foregoing specific objections, the Plaintiff will produce responsive documents in his/her possession, if any, or in the possession of counsel, if any, that do not constitute protected work product or are otherwise protected by privilege.
        Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 8:**
        Copies of any and all promotional or marketing materials or other documents regarding the use of Neurontin in the treatment of the condition for which Plaintiff was prescribed Neurontin or at higher dosages than recommended on the label, that Plaintiff alleges were improperly provided by defendants to Plaintiff's physician.

**RESPONSE TO REQUEST NO. 8**

In addition to the General Objections, the Plaintiff objects to Request No. 8 on the ground that it is overly broad, unduly burdensome, oppressive and not limited in time. The Plaintiff further objects to the Request on the ground that Plaintiff would not have personal knowledge of what materials were provided by the Defendants to the Plaintiff's physician and that this information is within the purview of the Defendants. The Plaintiff further objects to this Request to the extent that it seeks materials that are not in the possession of the Plaintiff. The Plaintiff further objects to this Request on the ground that it is not the most efficient discovery method to obtain the information requested.

Subject to and without waiving the General Objections and the foregoing specific objections, the Plaintiff will produce responsive documents in his/her possession, if any, or in the possession of counsel, if any, that do not constitute protected work product or are otherwise protected by privilege.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO 9:**

Copies of each and every medical article, treatise, research study, publication, or other document regarding the use of Neurontin for the treatment of Plaintiff's condition that was reviewed or relied upon by Plaintiff's physician in formulating the clinical judgment to prescribe Neurontin to Plaintiff.

**RESPONSE TO REQUEST NO. 9**

In addition to the General Objections, the Plaintiff objects to Request No. 9 on the ground that it is overly broad, unduly burdensome and oppressive and not limited in time. The Plaintiff further objects to the Request on the ground that Plaintiff would not have personal knowledge of what materials were reviewed or relied upon by the Plaintiff's physician in formulating the clinical judgment to prescribe Neurontin to Plaintiff. The Plaintiff further objects to this Request to the extent that it seeks materials that are not in the possession of the Plaintiff. The Plaintiff further objects to this Request on the ground that it is not the most efficient discovery method to obtain the information requested.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff will produce responsive documents in his/her possession, if any, or in the possession of counsel, if any, that do not constitute protected work product or are otherwise protected by privilege.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 10:**

All documents relating to any statements obtained by the Plaintiff from any person having, or purporting to have, knowledge or information pertaining to Neurontin.

**RESPONSE TO REQUEST NO. 10**

In addition to the General Objections, the Plaintiff objects to Request No. 10 on the ground that it is overly broad, unduly burdensome, oppressive and not limited in time. The Plaintiff further objects to the Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. Plaintiff further objects to this Request on the ground that, to the extent that such statements are contained in medical journals or other publications, the records requested are within the public domain and equally available to the Defendants.

Subject to and without waiving the General Objections and the foregoing specific objections, with respect to statements by the Defendants, Defendants are referred to the Information, Sentencing Memorandum and Plea in United States of America v. Warner-Lambert Company LLC, Criminal No. 04-10150 (RGS) and deposition testimony, affidavits, and discovery documents filed in United States of America v. Pfizer, Inc. and Parke-Davis, Division of Warner-Lambert Company, Civil Action No. 96-11651-PBS and in the course of discovery in this litigation. In addition, the Plaintiff will produce responsive documents in his/her possession, if any, or in the possession of counsel, if any, that do not constitute protected work product or are otherwise protected by privilege.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 11:**

All documents relating to any opinion by any person with an M.D., Ph.D., D.O., M.P.H., D. Sc., M.D., pharmacy degree or by any similarly trained or educated health care professional or scientist concerning Neurontin.

**RESPONSE TO REQUEST NO. 11**

In addition to the General Objections, the Plaintiff objects to Request No. 11 on the ground that it is overly broad, unduly burdensome, oppressive and not limited in time. The Plaintiff further objects to the Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. Plaintiff further objects to the Request on the ground that, to the extent that the information sought is contained in medical journals or other publications, such documents are in the public domain and are equally available to the Defendants. The Plaintiff further objects to this Request to the extent that it seeks materials that are not in the possession of the Plaintiff. The Plaintiff further objects to this Request on the ground that it is not the most efficient discovery method to obtain the information requested. The Plaintiff further objects to Request No. 11 on the ground that it is premature at this stage in the litigation. In addition, to the extent that Defendants are seeking expert opinions, Plaintiff objects to the disclosure of same at this time, as Plaintiff will make his/her expert disclosures in accordance with the time frames set forth in the Federal Rules and in the scheduling order set by the Court. To the extent that the requested documents are in the possession of the Defendants, the same are within the purview of the Defendants.

Subject to and without waiving the General Objections and the foregoing specific objections, the Plaintiff will produce responsive documents in his/her possession, if any, or in the possession of counsel, if any, that do not constitute protected work product or are otherwise protected by privilege.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request.  Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

## REQUEST NO 12:

All documents relating to any communication by any person, including your attorneys, to or from the Food and Drug Administration ("FDA"), including but not limited to online, phoned, mailed or faxed communications to the FDA's MedWatch program, regarding Neurontin, including the dates of any such communications.

## RESPONSE TO REQUEST NO. 12

In addition to the General Objections, the Plaintiff objects to Request No. 12 on the ground that it is overly broad, unduly burdensome, oppressive and not limited in time in seeking "all documents relating to any communication by any person . . . to or from the Food and Drug Administration ("FDA")".  The Plaintiff further objects to the Request on the ground that Plaintiff would not have knowledge of such communications, nor is he/she capable of locating and amassing same.  The Plaintiff further objects to this Request to the extent that is seeks materials that are not in the possession of the Plaintiff.  The Plaintiff further objects to this Request on the ground that it is not the most efficient discovery method to obtain the information requested.

Subject to and without waiving the General Objections, Defendants are referenced to records annexed to Product Liability Plaintiffs' exchange, dated  July 26, 2006.

## REQUEST NO. 13:

All documents relating to any communication posted on any Internet web site or message board, including, but not limited to, www.legalnewswatch.com, concerning Neurontin, Pfizer, Warner-Lambert, or Parke-Davis.

## RESPONSE TO REQUEST NO. 13

In addition to the General Objections, the Plaintiff objects to Request No. 13 on the ground that it is overly broad, unduly burdensome, oppressive and not limited in time in seeking "all documents relating to any communication posted on any internet web site message board." The Plaintiff further objects to the Request on the ground that, without undertaking an independent search, Plaintiff would not have knowledge of any communication posted on any Internet web site message board, including but not limited to www.legalnewswatch.com, concerning Neurontin, Pfizer, Warner-Lambert, or Parke-Davis, if any.  To the extent such documents exist, they are equally available to the Defendants.  The Plaintiff further objects to this Request on the ground that it is not the most efficient discovery method to obtain the information requested.

Subject to and without waiving the General Objections and the foregoing specific objections, the Plaintiff will produce responsive documents in his/her possession, if any, or in the

possession of counsel, if any, that do not constitute protected work product or are otherwise protected by privilege.

    Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 14:**

    All documents relating to any communication by any person about reporting adverse reactions to Neurontin to the FDA or to Pfizer.

**RESPONSE TO REQUEST NO. 14**

    In addition to the General Objections, the Plaintiff objects to Request No. 14 on the ground that it is overly broad, unduly burdensome and oppressive and not limited in time in seeking "any communication by any person about reporting adverse reactions to Neurontin to the FDA or to Pfizer." Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks materials that are not in the possession of the Plaintiff. The Plaintiff further objects to this Request on the ground that it is not the most efficient discovery method to obtain the information requested. The Plaintiff further objects to this Request on the ground that the information sought is within the purview of the Defendants.

    Subject to and without waiving the General Objections and the foregoing specific objections, the Plaintiff will produce responsive documents in her possession, if any, or in the possession of counsel, if any, that do not constitute protected work product or are otherwise protected by privilege. Defendants are referred to the response to Request No. 12.

**REQUEST NO. 15:**

    All documents relating to any advertisements, including but not limited to print, television, and radio media, concerning reporting adverse reactions to Neurontin to Pfizer, to the FDA, or to other regulatory bodies, or concerning bringing a lawsuit relating to Neurontin.

**RESPONSE TO REQUEST NO. 15**

    In addition to the General Objections, the Plaintiff objects to Request No. 15 on the ground that it is overly broad, unduly burdensome, oppressive and not limited in time. The Plaintiff further objects to the Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. Plaintiff further objects to this Request on the ground that the records requested are within the public domain and equally available to the Defendants. The Plaintiff further objects to this Request to the extent that it seeks materials that are not in the possession of the Plaintiff. The Plaintiff further objects to this Request on the ground that it is not the most efficient discovery method to obtain the information requested.

    Subject to and without waiving the General Objections and the foregoing specific objections, the Plaintiff will produce responsive documents in his/her possession, if any, or in the possession of counsel, if any, that do not constitute protected work product or are otherwise protected by privilege.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

## REQUEST NO. 16

All documents that record, describe, or refer to any incidence, diagnosis, or history of mental illness in any of Plaintiff's natural grandparents, natural parents, natural aunts and uncles, or natural siblings.

## RESPONSE TO REQUEST NO. 16

In addition to the General Objections, the Plaintiff objects to Request No. 16 on the ground that it seeks information that is overly broad, ambiguous, unduly burdensome, oppressive and unlimited in time. Plaintiff further objects to this Request in that the disclosure of the information sought would result in the invasion of privacy of the respective individuals. In addition, the Plaintiff has no authority to release such documents in that to do so would constitute a violation of HIPAA.

Pursuant to Discovery Order No. 2 dated June 19, 2006, Plaintiff will produce the responsive documents, if they have any such documents.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

## REQUEST NO. 17

All documents that record, describe, or refer to any drug or medication of any kind that was prescribed for, administered to, obtained by, provided to, or made available to Plaintiff at any time during the three years immediately preceding the injurious event alleged in the complaint.

## RESPONSE TO REQUEST NO. 17

In addition to the General Objections, the Plaintiff objects to Request No. 17 on the ground that it is duplicative of Request No. 1 in that the documents requested would be contained in Plaintiff's medical records. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request in the manner and protocol set forth in response to Request No. 1. Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff adopts her answer per FRCP Rule 10(c) and FRCP Rule 33(d). Plaintiff and Defendant bear substantially the same burden of deriving or ascertaining the answer from the medical and billing records. Defendant can obtain the answer to Request for Production No. 17 by examining the medical and billing records of Teresa Huff. An authorized Health Insurance

Portability and Accountability Act form (HIPAA form) of Teresa Huff has also been submitted to the Defendant to obtain Teresa Huff's medical and billing records.

**REQUEST NO 18:**

All documents that state, describe, or refer to any benefit, efficacy, physical or chemical property, indication, contraindication, "side effect," adverse reaction, warning, precaution, or recommendation of or for Neurontin that Plaintiff read or viewed before Plaintiff's suicide / suicide attempt.

**RESPONSE TO REQUEST NO. 18**

Subject to and without waiving the General Objections, Plaintiff will provide any materials responsive to this Request as are in the possession of the Plaintiff.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 19:**

All documents that state, describe, discuss, mention, evaluate, determine, or refer to any event, occurrence, effect, substance or condition that any person has suspected, investigated, evaluated, considered, accepted, rejected, or discussed as a hypothetical, potential, possible, probable, contributing, or actual cause of or reason for any suicidal thought, attempt, or act by Plaintiff at any time during his /her life.

**RESPONSE TO REQUEST NO. 19**

In addition to the General Objections, the Plaintiff objects to Request No. 19 on the ground that it is overly broad, ambiguous, unduly burdensome, oppressive and unlimited in time. Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request in the manner and protocol set forth in response to Request No. 1. Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1. In addition, pursuant to Discovery Order No. 2 dated June 19, 2006, responsive documents in the possession of medical providers or third parties shall be handled in the manner as set forth in response to Request No. 1.

**REQUEST NO. 20:**

All documents proposing, recommending, or in anyway suggesting that Pfizer should add to or change the warnings and Definitions provided to physicians or consumers about Neurontin.

**RESPONSE TO REQUEST NO. 20**

In addition to the General Objections, the Plaintiff objects to Request

No. 20 on the ground that it is premature at this stage in the litigation. In addition, to the extent that Defendants are seeking expert opinions, Plaintiff objects to the disclosure of same at this time, as Plaintiff will make his/her expert disclosures in accordance with the time frames set forth in the Federal Rules and in the scheduling order set by the Court. The Plaintiff further objects to the Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff. To the extent that the requested documents are in the possession of the Defendants, the same are within the purview of the Defendants.

Subject to and without waiving the General Objections and the foregoing specific objections, the Plaintiff will produce responsive documents in his/her possession, if any, or in the possession of counsel, if any, that do not constitute protected work product or are otherwise protected by privilege.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 21:**

All documents in which Plaintiff or any other person described or referred to Plaintiff's use of Neurontin, described or referred to any adverse event or "side effect" experienced by Plaintiff as a result of ingesting Neurontin, or described or referred to any injury, damage, or harm that resulted from Plaintiff's ingesting Neurontin.

**RESPONSE TO REQUEST NO. 21**

In addition to the General Objections, the Plaintiff objects to Request No. 21 on the ground that it seeks information that is overly broad, ambiguous, unduly burdensome, oppressive and unlimited in time. Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections and the foregoing specific objections, Defendants are referred to Plaintiff's records, if any, annexed to Plaintiff's Rule 26(a)(1) Disclosures and Plaintiff's response to Request No. 1. In addition, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and will produce the responsive documents called for by the Request, and, pursuant to Discovery Order No. 2 dated June 19, 2006, responsive documents in the possession of medical providers or third parties shall be handled in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 22:**

All documents in which Plaintiff or any other person described or referred to Plaintiff's use of any medication other than Neurontin, described or referred to any adverse event or "side effect" experienced by Plaintiff as a result of ingesting any medication other than Neurontin, or described or referred to any injury, damage, or harm that resulted from Plaintiff's ingesting any medication other than Neurontin.

**RESPONSE TO REQUEST NO. 22**

In addition to the General Objections, the Plaintiff objects to Request No. 22 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time. The Plaintiff further objects to the Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request in the manner and protocol set forth in response to Request No. 1. Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 23:**

All documents that describe or refer to any legal proceeding (whether civil, criminal, or administrative, including, but not limited to, any criminal indictment or conviction, petition for protective order, petition for restraining order, commitment proceeding, divorce proceeding, separation proceeding, juvenile court proceeding, or guardianship proceeding) in which Plaintiff has ever been named a party, a deponent, a testifying witness, an affiant, or a declarant under penalty of perjury.

**RESPONSE TO REQUEST NO. 23**

In addition to the General Objections, the Plaintiff objects to Request No. 23 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time. The Plaintiff further objects to the Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff. The Plaintiff further objects to the Request on the ground that to the degree that it requests information regarding legal proceedings concerning persons other than the Plaintiff, it is patently irrelevant to this proceeding. Plaintiff further objects to the Request insofar as it seeks documents regarding any criminal indictment and/or juvenile court proceeding.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources, and,

pursuant to Discovery Order No. 2 dated June 19, 2006, shall produce all documents responsive to the Request. Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1. In addition, pursuant to Discovery Order No. 2 dated June 19, 2006, documents in the possession of third parties shall be handled in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

## REQUEST NO. 24:

All documents that describe or refer to any counseling, recommendation for counseling, arrest, prosecution, conviction, or treatment of Plaintiff for any use of, possession of, addiction to, intoxication with, or abuse of any form of alcohol, controlled substance, mind-altering substance, illegal drug, or medication.

## RESPONSE TO REQUEST NO. 24

In addition to the General Objections, Plaintiff objects to Request No. 24 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous and not limited in time. Plaintiff further objects to the Request insofar as it seeks documents regarding arrest and prosecution.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request in the manner and. protocol set forth in response to Request No. 1. Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

## REQUEST NO. 25:

All documents that describe, refer to, were filed in, or were produced by or provided to you in connection with, any claim or suit for personal injury or disability filed by Plaintiff, including, but not limited to, all documents that identify the court in which each such claim or suit was filed, the nature and extent of the injuries for which damages were sought, the identities of all parties to each such claim or suit, and the disposition of each such claim or suit.

## RESPONSE TO REQUEST NO. 25

In addition to the General Objections, Plaintiff objects to Request No. 25 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request in the manner and

protocol set forth in response to Request No. 1.   Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1. Pursuant to Discovery Order No. 2 dated June 19, 2006, documents in the possession of third parties shall be handled in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request.  Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

## REQUEST NO. 26:

All documents that describe, record, or refer to any misdemeanor, felony, juvenile offense, act of violence, civil assault, civil battery, act of cruelty, spousal abuse, child abuse, fighting, suicide attempt, or disturbance of the peace in which Plaintiff ever has been or was involved, or for which Plaintiff ever has been or was accused, sued, arrested, prosecuted, investigated, convicted, enjoined, or subjected to restraint by court order.

## RESPONSE TO REQUEST NO. 26

In addition to the General Objections, Plaintiff objects to Request No. 26 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time.  The Plaintiff further objects to the Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same.  The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.  The Plaintiff further objects to the Request on the ground that to the degree that it requests information regarding legal proceedings concerning persons other than the Plaintiff, it is patently irrelevant to this proceeding.  Plaintiff further objects to the Request insofar as it seeks documents regarding any juvenile offense or wherein Plaintiff ever has been or was accused, arrested, prosecuted or investigated.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request in the manner and protocol set forth in response to Request No. 1.   Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1. Additionally, pursuant to Discovery Order No. 2 dated June 19, 2006, the following words are stricken from the request: 'misdemeanors', 'juvenile offenses', 'ever has been or was involved.'

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request.  Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

## REQUEST NO. 27:

All documents showing that Plaintiff was suspected of, charged with, or convicted of committing any violation of any criminal or juvenile law, code, or statute, including, but not limited to, all records revealing the nature of each such offense, the name of the court in which each such matter or proceeding was filed or prosecuted, each judgment or plea entered in

connection with each such offense, the sentence or other punishment imposed for each such offense, the name and address of each institution in which Plaintiff was confined or referred for treatment or counseling in connection with each such offense, or the name and last known address of any probation, parole, or juvenile officer assigned to any such case.

## RESPONSE TO REQUEST NO. 27

In addition to the General Objections, the Plaintiff objects to Request No. 27 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time. The Plaintiff further objects to the Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff. The Plaintiff further objects to the Request on the ground that to the degree that it requests information regarding legal proceedings concerning persons other than the Plaintiff, it is patently irrelevant to this proceeding. Plaintiff further objects to the Request insofar as it seeks documents regarding violation of any juvenile law, code or statute and the name and last known address of any juvenile officer, and insofar as it seeks documents wherein Plaintiff was suspected of, or charged with committing any violation.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request in the manner and protocol set forth in response to Request No. 1. Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1. Additionally, pursuant to Discovery Order No. 2 dated June 19, 2006, the five/ten year time period proposed by Plaintiffs is the temporal scope of the narrowed request, except as to convictions, and the reference to "juvenile law" is stricken from the request.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

## REQUEST NO. 28:

All documents that describe, record, or refer to any investigation, prosecution, claim, charge, report, accusation, disciplinary action, or incident of any kind in which any person asserted that Plaintiff committed, or was injured as a result of, any misdemeanor, felony, act of violence, civil assault, civil battery, act of cruelty, spousal abuse, child abuse, fight, suicide attempt, or disturbance of the peace.

## RESPONSE TO REQUEST NO. 28

In addition to the General Objections, the Plaintiff objects to Request No. 28 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time. The Plaintiff further objects to the Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff. Plaintiff further objects

to the Request insofar as it seeks documents regarding any investigation, prosecution, claim, charge, report, accusation.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request in the manner and protocol set forth in response to Request No. 1. Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1. Additionally, pursuant to Discovery Order No. 2 dated June 19, 2006, the word "misdemeanor" is stricken from the request, and the five/ten year time period proposed by Plaintiffs is the temporal scope of the narrowed request, except as to convictions and/or suicide attempts.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 29:**
All documents in which you or any other person described or referred in any way to the subject incidents or any aspect of them in any manner or for any purpose.

**RESPONSE TO REQUEST NO. 29**
In addition to the General Objections, the Plaintiff objects to Request No. 29 on the ground that it is overly broad, unduly burdensome, oppressive and duplicative of other Requests and Interrogatories. Plaintiff further objects to this Request on the ground that it is unlimited in time and scope. The Plaintiff further objects to this Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to the Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request in the manner and protocol set forth in response to Request No. 1. Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 30:**
All documents in which you or any other person stated or opined that Plaintiff had, or seemed to have, manifested anger, aggressiveness, suicidal expression, suicidal thought, suicidal behavior, violent expression, violent thought, or violent behavior at any time.

**RESPONSE TO REQUEST NO. 30**

In addition to the General Objections, the Plaintiff objects to Request No. 30 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time. Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to the Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request in the manner and protocol set forth in response to Request No. 1. Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 31:**

All documents in which you or any other person described or referred to any behavioral problem, disciplinary problem, social problem, adjustment problem, stress, anger problem, or interpersonal problem that you ever experienced, or that any person ever believed, reported, or suggested you experienced, at any time.

**RESPONSE TO REQUEST NO. 31**

In addition to the General Objections, the Plaintiff objects to Request No. 31 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time. Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request. Additionally, Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1. Pursuant to Discovery Order No. 2 dated June 19, 2006, documents in the possession of third parties shall be handled in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 32:**

All documents constituting, reporting, summarizing, or referring to any medical test, psychological test, psychiatric test, intelligence test, mental health test, or standardized test of any kind ever taken by or administered to Plaintiff.

**RESPONSE TO REQUEST NO. 32**

In addition to the General Objections, the Plaintiff objects to Request No. 32 on the ground that it is overly broad, unduly burdensome and not limited in time. The Plaintiff further objects to Request No. 32 in that it seeks information that is remote in time and is irrelevant.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request. Additionally, Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1. Pursuant to Discovery Order No. 2 dated June 19, 2006, documents in the possession of third parties shall be handled in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 33:**

All documents that state, record, list, or refer to any fee, expense, cost, or item of pecuniary expense or loss of any kind for which you seek to recover compensatory damages in this action, including medical, legal, counseling, administrative, travel, and other costs, damages, or expenses.

**RESPONSE TO REQUEST NO. 33**

Subject to and without waiving the General Objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff. Responsive documents shall be produced in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 34:**

All documents, including, but not limited to, correspondence between Plaintiff and any of his / her family members or friends, that mention or refer in any way to any depression, grief, unhappiness, anxiety, suicidal thought, suicidal expression, hostility, troubled behavior, anger, fear, hyperactivity, agitation, violent act, threat, restlessness, need for help, or helplessness by or on the part of Plaintiff.

**RESPONSE TO REQUEST NO. 34**

In addition to the General Objections, the Plaintiff objects to Request No. 34 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time. Subject to and without waiving the General Objections and the foregoing specific objection, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the

Plaintiff. Responsive documents shall be produced in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

## REQUEST NO 35:

All documents written or prepared by Plaintiff that mention, discuss, or refer to any thought, expression, or act of suicide, including, but not limited to, any suicide note connected with the subject incidents.

## RESPONSE TO REQUEST NO. 35

In addition to the General Objections, the Plaintiff objects to Request No. 35 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time. The Plaintiff further objects to Request No. 35 in that it is duplicative in part to Request No. 6.

Subject to and without waiving the General Objections and the foregoing specific objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff. Responsive documents shall be produced in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

## REQUEST NO. 36:

All documents that refer or pertain to any investigation of any incident or matter referred to in the Complaint, including any investigation of any aspect of the subject incident by any law enforcement organization, governmental agency, or insurance company.

## RESPONSE TO REQUEST NO. 36

In addition to the General Objections, the Plaintiff objects to Request No. 36, to the extent that Defendants are seeking any investigation by Plaintiff's counsel and/or agents thereof on the grounds that such investigation constitutes attorney work product. Plaintiff further objects to this Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections and the foregoing specific objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff. Responsive documents shall be produced in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to

this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

## REQUEST NO. 37:

All medical or scientific writings in which any person purports to have found, determined, or confirmed a causal relationship between Neurontin and any specific incident of suicide or attempted suicide.

## RESPONSE TO REQUEST NO. 37

In addition to the General Objections, the Plaintiff objects to Request No. 37 on the ground that it is premature at this stage in the litigation. In addition, the Plaintiff further objects to Request No. 37 on the ground that it is overly broad, unduly burdensome, oppressive, and not limited in time. Plaintiff further objects to this Request on the ground that, to the extent that such writings are contained in medical journals or other publications, the documents requested are within the public domain and equally available to the Defendants. Plaintiff further objects to this Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff. To the extent that the requested documents are in the possession of the Defendants, the same are within the purview of the Defendants.

Subject to and without waiving the General Objections and the foregoing specific objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff and which do not constitute protected work product or are otherwise protected by privilege.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

## REQUEST NO. 38:

All medical or scientific writings in which any person purports to have found, determined, or confirmed a causal relationship between Neurontin and suicidal ideation.

## RESPONSE TO REQUEST NO. 38

In addition to the General Objections, the Plaintiff objects to Request No. 38 on the ground that it is premature at this stage in the litigation. In addition, the Plaintiff further objects to Request No. 38 on the ground that it is overly broad, unduly burdensome, oppressive and not limited in time. Plaintiff further objects to this Request on the ground that, to the extent that such writings are contained in medical journals or other publications, the documents requested are within the public domain and equally available to the Defendants. Plaintiff further objects to this Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff. To the extent that the requested documents are in the possession of the Defendants, the same are within the purview of the Defendants.

Subject to and without waiving the General Objections and the foregoing specific objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff and which do not constitute protected work product or are otherwise protected by privilege.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 39:**

All medical or scientific writings in which any person purports to have found a causal relationship between Neurontin and any specific incident of suicide or attempted suicide by a person with no prior history of attempted suicide or suicidal ideation.

**RESPONSE:**

In addition to the General Objections, the Plaintiff objects to Request No. 39 on the ground that it is premature at this stage in the litigation. In addition, the Plaintiff further objects to Request No. 39 on the ground that it is on the ground that it is overly broad, unduly burdensome, oppressive and not limited in time. Plaintiff further objects to this Request on the ground that, to the extent that such writings are contained in medical journals or other publications, the documents requested are within the public domain and equally available to the Defendants. Plaintiff further objects to this Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff. To the extent that the requested documents are in the possession of the Defendants, the same are within the purview of the Defendants.

Subject to and without waiving the General Objections and the foregoing specific objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff and which do not constitute protected work product or are otherwise protected by privilege.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 40:**

All medical or scientific writings in which any person purports to have found a causal relationship between any anti-epileptic drug ("AED") and any specific incident of suicide or attempted suicide.

**RESPONSE TO REQUEST NO. 40**

In addition to the General Objections, the Plaintiff objects to Request No. 40 on the ground that it is premature at this stage in the litigation. In addition, the Plaintiff further objects to Request No. 40 on the ground that it is on the ground that it is overly broad, unduly burdensome, oppressive and not limited in time. Plaintiff further objects to this Request on the

ground that, to the extent that such writings are contained in medical journals or other publications, the documents requested are within the public domain and equally available to the Defendants. Plaintiff further objects to this Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff. To the extent that the requested documents are in the possession of the Defendants, the same are within the purview of the Defendants.

Subject to and without waiving the General Objections and the foregoing specific objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff and which do not constitute protected work product or are otherwise protected by privilege.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

## REQUEST NO. 41:

All medical or scientific writings in which any person purports to have found a causal relationship between any AED and any specific incident of suicide or attempted suicide by a person with no prior history of attempted suicide or suicidal ideation.

## RESPONSE TO REQUEST NO. 41

In addition to the General Objections, the Plaintiff objects to Request No. 41 on the ground that it is premature at this stage in the litigation. In addition, the Plaintiff further objects to Request No. 41 on the ground that it is on the ground that it is overly broad, unduly burdensome, oppressive and not limited in time. Plaintiff further objects to this Request on the ground that, to the extent that such writings are contained in medical journals or other publications, the documents requested are within the public domain and equally available to the Defendants. Plaintiff further objects to this Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff. To the extent that the requested documents are in the possession of the Defendants, the same are within the purview of the Defendants.

Subject to and without waiving the General Objections and the foregoing specific objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff and which do not constitute protected work product or are otherwise protected by privilege.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 42:**

All notes, reports, recommendations, memoranda, and other documents in which any person, including, but not limited to, school administrators, counselors, providers, friends, relatives, and law enforcement personnel, described, warned about, opined on, or in any way referred to any actual, observed, or possible behavioral problem, deportment problem, psychological or psychiatric problem, mental problem, mental illness, alcohol problem, or substance-abuse problem of or with respect to Plaintiff.

**RESPONSE TO REQUEST NO. 42**

In addition to the General Objections, the Plaintiff objects to Request No. 42 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time. Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request. Additionally, Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1. Pursuant to Discovery Order No. 2 dated June 19, 2006, documents in the possession of third parties shall be handled in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 43:**

Please produce complete copies of the following documents:

a. Any petition or complaint to compromise any claim against any person or organization, arising out of the allegations that form the basis of this lawsuit, and all supporting papers submitted in conjunction with any such petition or complaint;

b. Any release executed by you or any person authorized to act in your behalf in connection with the allegations that form the basis of this lawsuit;

c. Any covenant not to sue, stipulation of dismissal or compromise, or similar document executed by you, any attorney representing you or any personal representative or guardian acting on your behalf, in connection with the allegations that form the basis of this lawsuit;

d. Any Order authorizing the compromise of any claim against any person, entity or organization arising out of the allegations that form the basis of this lawsuit; and

e. Any Order with respect to the distribution of the proceeds of any compromise of any claim against any person or organization, arising out of the allegations that form the basis of this lawsuit.

**RESPONSE TO REQUEST NO. 43**

Subject to and without waiving the General Objections, Plaintiff will provide any such documents as are in the custody, control or possession of the Plaintiff.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

## REQUEST NO. 44:

Please produce a copy of each informed consent form or consent to treatment form Plaintiff/Decedent signed in connection with treatment by a health care professional and/or institution who prescribed him/her Neurontin®.

## RESPONSE TO REQUEST NO. 44:

Subject to and without waiving the General Objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request that are in the custody, control or possession of the Plaintiff. Additionally, Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff adopts her answer per FRCP Rule 10(c) and FRCP Rule 33(d). Plaintiff and Defendant bear substantially the same burden of deriving or ascertaining the answer from the medical and billing records. Defendant can obtain the answer to Request for Production No. 44 by examining the medical and billing records of Teresa Huff. An authorized Health Insurance Portability and Accountability Act form (HIPAA form) of Teresa Huff has also been submitted to the Defendant to obtain Teresa Huff's medical and billing records.

## REQUEST NO. 45:

Please produce any and all photographs, X-rays, drawings, slides, movies, videotapes, or other visual reproduction of any type in your possession, the possession of your attorneys, or any other person acting on your behalf, relating to the allegations that form the basis of this lawsuit, alleged injuries, or any other facts associated with any of the claims in this suit, whether or not the item is expected to be introduced into evidence at trial.

## RESPONSE TO REQUEST NO. 45

Subject to and without waiving the General Objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff and which do not constitute protected work product or are otherwise protected by privilege.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff adopts her answer per FRCP Rule 10(c) and FRCP Rule 33(d). Plaintiff and Defendant bear substantially the same burden of deriving or ascertaining the answer from the medical and billing records. Defendant can obtain the answer to Request for Production No. 45

by examining the medical and billing records of Teresa Huff already provided to the Defendant. An authorized Health Insurance Portability and Accountability Act form (HIPAA form) of Teresa Huff has also been submitted to the Defendant to obtain Teresa Huff's medical and billing records.

**REQUEST NO. 46:**

Please produce all documents concerning any oral or written communications between Defendants, or their agents, servants, or employees and the health care professional(s) who prescribed Neurontin® for Plaintiff/Decedent.

**RESPONSE TO REQUEST NO. 46**

In addition to the General Objections, the Plaintiff objects to Request No. 46 on the ground that it is overly broad, unduly burdensome and not limited in time. The Plaintiff further objects to Request No. 46 in that it seeks information that is remote in time. Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff. The Plaintiff further objects to this Request on the ground that Plaintiff would not have personal knowledge of what communications took place between the Defendants and the health care professional(s) who prescribed Neurontin for Plaintiff/Decedent and that this information is within the purview of the Defendants.

Subject to and without waiving the General Objections and the foregoing specific objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff. Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff. Responsive documents shall also be produced in the manner as set forth in response to Request No. 1.

Additionally, Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 47:**

Please produce all documents that refer or relate to any communication (whether oral or written) between you, or a person acting on your or Plaintiff behalf, and any health care professionals and/or institutions by whom or at which Plaintiff was seen, evaluated, or treated concerning Neurontin®, or any act, omission, or conduct of Defendants, including, without limitation, any notes, correspondence or recordings of such communications.

**RESPONSE TO REQUEST NO. 47**

In addition to the General Objections, the Plaintiff objects to Request No. 47 on the ground that it seeks information that is overly broad, ambiguous, unduly burdensome and oppressive. Plaintiff would not have knowledge of the existence of all such documents, nor is

he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections and the foregoing specific objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff . Responsive documents shall also be produced in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

## REQUEST NO. 48:

Please produce all reports prepared in whole or in part by each expert retained by you in connection with each of the subject matters about which the expert is expected to testify.

## RESPONSE TO REQUEST NO. 48

In addition to General Objections, the Plaintiff objects to Request No. 48 on the ground that it is premature. Plaintiff will make her expert disclosures in accordance with the time frames set forth in the Federal Rules and in the scheduling order set by the Court.

## REQUEST NO. 49:

Please produce all documents and tangible things, including all tangible reports, draft reports, physical models, compilations of data, and other materials prepared in whole or in part by your expert witness(es) or for your expert witness(es) in anticipation of the experts' trial and deposition testimony in this case.

## RESPONSE TO REQUEST NO. 49

In addition to General Objections, the Plaintiff objects to Request No. 49 on the ground that it is premature. Plaintiff will make her expert disclosures in accordance with the time frames set forth in the Federal Rules and in the scheduling order set by the Court.

## REQUEST NO. 50:

Please produce all records in Plaintiff's possession, custody or control that relate to suicide, suicide attempt, other psychiatric conditions and/or any other alleged condition that is the subject of Plaintiff's lawsuit.

## RESPONSE TO REQUEST NO. 50

In addition to the General Objections, the Plaintiff objects to Request No. 50 on the ground that it seeks information that is overly broad, ambiguous, unduly burdensome and oppressive. Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff. Plaintiff will exercise reasonable diligence to

provide any such documents as are in the custody, control or possession of the Plaintiff. Responsive documents shall also be produced in the manner as set forth in response to Request No. 1.

Additionally, Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request.  Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff adopts her answer per FRCP Rule 10(c) and FRCP Rule 33(d).  Plaintiff and Defendant bear substantially the same burden of deriving or ascertaining the answer from the medical and billing records.  Defendant can obtain the answer to Request for Production No. 50 by examining the medical and billing records of Teresa Huff.  An authorized Health Insurance Portability and Accountability Act form (HIPAA form) of Teresa Huff has also been submitted to the Defendant to obtain Teresa Huff's medical and billing records.

## REQUEST NO. 51:

Please produce signed original HIPAA-compliant authorizations so that defendants may ensure that complete productions have been made.  By requesting an authorization, defendants do not intend to relieve Plaintiff of their obligation to produce any documents in your possession, custody or control, including medical records.

## RESPONSE TO REQUEST NO. 51

Subject to and without waiving the General Objections and specific objections to specific requests herein, authorizations to obtain records responsive to these demands has been produced.

Dated: 7/19/2010

                              LAW OFFICES OF NEWTON B. SCHWARTZ, SR.

                              _James Stegall w/p MC_
                              JAMES A. STEGALL III
                              Attorney for Plaintiff
                              1911 Southwest Freeway
                              Houston, TX 77098

TO:
Mark Cheffo
Catherine Stevens
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036