EXHIBIT A

Howard S. Finkelstein, P.C. (NY)
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY)
Steven Lim (NY)
George A. Kohl, II (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)
Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright, R.N. (NY)
Kenneth B. Fromson (NY, NJ & PA)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)

James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ) *
Julio E. Urrutia (NY)
Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)

Debra J. Reisenman (NY)
John F. Dowd (NY & CT)
Michael T. McGarry (NY)

**Finkelstein & Partners LLP**
**THE INJURY ATTORNEYS**

Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Silvia Fermanian (NY)
Edward M. Steves (NY)
Marie M. DuSault (NY)
Melody A. Gregory (NY & CT)
Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)
Keith L. Altman (CA)
Michael M. Emminger (NY)

*Of Counsel*
Michael Feldman (NY & NJ)
Michael Finkelstein (NY)
Cynthia M. Maurer (NY & NJ)
Raye D. Futerfas (NJ)
Kenneth Cohen (NJ)
Linda Armatti-Epstein (NY)
David Akerib (NY)
Mark B. Hudoba (NY)
Kenneth G. Bartlett (CT & NJ)
Gustavo W. Alzugaray (NY)

Frances M. Bova, R.N. (NY & NJ)
Sharon A. Scanlan (NY & CT)
Robert E. Borrero (NY)
Marc S. Becker (NY)
Ari Kresch (NY & MI)
Jeffrey A. Brown, MD,MPH (NY,NJ&FL)
Dennis G. Ellis (NY)
Gail Koff, P.C. (NY)
Joel Bossom (NY)
Michael O. Gittelsohn (NY)
Antonio S. Grillo (NY & NJ)
Glenn W. Kelleher (NY)
Cristina L. Dulay (NY)

Stephanie O'Connor, R.N. (NY & NJ) *
Shareef Rabaa (NY & OH) *

* The Neurolaw Trial Group

REFER TO OUR FILE #: 200599 / 217183

June 2, 2010

Catherine Stevens, Esq.
Skadden, Arps, et al.
Four Times Square
New York, N.Y. 10036

Ryan Burns, Esq.
Rawle & Henderson, LLP
140 Broadway, 46th Floor
New York, N.Y. 10005

Steve Stadtmauer
Harris Beach
100 Wall Street
New York, N.Y. 10005

Megan Kinsey-Smith
McKenna Long & Aldredge, LLP
1900 K Street NW
Washington, D.C. 20006

Jonathan Price
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109

In re: Neurontin Marketing, Sales Practices
and Products Liability Litigation
MDL-1629
Master File No.: 04-10981

New York Neurontin Products Liability Litigation
Index No.: 765000/2006

Newburgh • Albany • Binghamton • Kingston • Middletown • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • Troy

1279 ROUTE 300, P.O. BOX 1111
NEWBURGH, NY 12551    Phone: (845) 562-0203   Fax: (845) 562-3492   www.lawampm.com    101 WHITNEY AVENUE
NEW HAVEN, CT 06510

*Please Send All Correspondence to the Address Indicated Above*



Page 2.

Dear Counselors:

    Enclosed please find Plaintiffs' Notice of Deposition of Generic Defendants in the above-referenced matters.

                                     Very truly yours,

                                       FINKELSTEIN & PARTNERS, LLP

                                       ELEANOR L. POLIMENI, ESQ.

Encl.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
In re: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY
LITIGATION                                                              MDL Docket No. 1629
------------------------------------------------------------x   Master File No. 04-10981
THIS DOCUMENT RELATES TO:
PRODUCTS LIABILITY LITIGATION                        Judge Patti B. Saris
                                                                              Magistrate Leo T. Sorokin

------------------------------------------------------------x
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
IN RE: NEWYORK NEURONTIN                                   Case Management
PRODUCTS LIABILITY LITIGATION                           Index No. 765000/2006
------------------------------------------------------------x   Hon. Marcy S. Friedman

## NOTICE OF DEPOSITION OF GENERIC DEFENDANTS

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal rules of Civil Procedure, Product Liability Plaintiffs, by and through their counsel, will take the depositions of the persons most knowledgeable on the topics set forth below, pertaining to Defendants Teva Pharmaceuticals, USA, Inc.; Ivax Pharmaceuticals, Inc.; Actavis, Inc.; Actavis Elizabeth LLC; Purepac Pharmaceuticals; Eon Labs, Inc.; Sandoz, Inc., Novartis Pharmaceuticals Corp. The testimony shall be recorded by sound-and-visual and by stenographic means, The parties are provided notice that such deposition may be used at the time of trial.

Said depositions will be conducted at Finkelstein & Partners/Jacoby & Meyers LLP, 222 Broadway, 18th Floor, New York, N.Y. 10038, unless otherwise agreed upon by the parties, as follows:

Teva Pharmaceuticals, USA, Inc., and Ivax: July 19-21, 2010
Eon, Sandoz, Novartis: August 30 – September 1, 2010
Actavis and Purepac defendants: September 8 – September 9, 2010

You are invited to attend and to participate in the manner provided for in the Federal Rules of Civil Procedure.

Dated: June 2, 2010
       Newburgh, NY

1

Kenneth B. Fromson
FINKELSTEIN & PARTNERS
*Attorneys for Products Liability Plaintiffs*
1279 Route 300, Box 1111
Newburgh, NY 12550
(845) 562-0203 x 2755

## General Topics and Issues for Testimony:

### Corporate Structure

Testimony on the identification and organization of divisions or departments of Defendants that deal with Gabapentin including but not limited to Research and Development; Clinical Research and Development; Scientific Affairs; Drug Safety; Safety Surveillance; Surveillance and Epidemiology; Regulatory Affairs; Labeling; Medical Affairs; Medical Communications; Sales and Marketing; and Public Relations

Testimony on the identification of employees within divisions or departments that deal with Gabapentin.

Testimony on the job descriptions and/or job responsibilities of employees within divisions or departments that deal with Gabapentin.

Testimony on the identification and/or location of documents and/or data that describe Defendants' corporate structure and/or organization of divisions or departments of Defendants that deal with Gabapentin.

Testimony on the identification and/or location of documents and/or data that describe job descriptions and/or job responsibilities of employees within divisions or departments that deal with Gabapentin

### Records Retention and Management

1. Testimony as to the following document retention policies and procedures and topics:

    a. Identify and describe in detail (as used by each department or division) standard operating procedures or polices regarding document retention, collection and management that would encompass documents relating to Gabapentin;
    b. Identify and describe in detail (as used by each department or division) the manner in which Defendants have actually retained, collected and managed documents relating to Gabapentin;
    c. To the extent not already encompassed by issue 1(a), identify and describe in detail (as used by each department or division) standard operating procedures or policies regarding document retention, collection and management that existed at the time of the Defendants original submission of its New Drug Application and/or Abbreviated New Drug Application for Gabapentin to the United States Food & Drug Administration.
    d. To the extent not already encompassed by issue 1(b), identify and describe in detail (as used by each department or division) the manner in which

3

      Defendants actually retained, collected and managed documents relating to Gabapentin that existed at the time of the Defendants original submission of its New Drug Application and/or Abbreviated New Drug Application for Gabapentin to the United States Food & Drug Administration;
  e. To the extent not already encompassed by issue 1(b), identify and describe in detail (as used by each department or division) the depository, if any, in which Defendants actually retain, collect and manage documents relating to Gabapentin;

2. The designated person or persons should be knowledgeable on the Defendants' design, implementation, and maintenance of computer systems and be prepared to discuss the following topics:
  a. Identify and describe in detail (as used by each department or division) computer or computer systems used by Defendants relating to Gabapentin;
  b. Identify and describe in detail software and database systems used by Defendants relating to Gabapentin;
  c. Identify and describe in detail backup procedures used by Defendants to preserve data relating to Gabapentin;
  d. Identify and describe in detail computer system upgrades installed by Defendants relating to Gabapentin;
  e. Identify and describe in detail the policies and procedures of Defendants for use of e-mail by employees or agents relating to Gabapentin;
  f. Identify and describe in detail computers, laptops and database or software programs used by sales representatives of Defendants to record information about Gabapentin;
3. Identify and describe in detail policies or procedures of Defendants to produce documents and electronic data in this litigation..

## Pharmacovigilance

Testimony as to Defendants' pharmacovigilance regarding Gabapentin to wit: the systematic detection, assessment, understanding, interpretation and prevention of adverse drug reactions;

Testimony as to Defendants' (1) safety signal identification, (2) pharmacoepidemiologic assessment and safety signal interpretation, and (3) pharmacovigilance plan development regarding Gabapentin;

Testimony as to Defendants' review of medical literature regarding adverse events reported with the use of Gabapentin and/or Neurontin and Defendants' assessment, interpretation and responsive action, if any;

4

Testimony as to Defendants' review, response, evaluation and action, if any, pertaining to correspondence from regulatory authorities;

Testimony as to Defendants' review of medical literature regarding mechanisms of action of Gabapentin and/or Neurontin;

The accuracy, and/or inaccuracy, of the statements and representations set forth in Defendants' Abbreviated New Drug Application, Safety Updates, Integrated Summaries of Safety, Annual Reports, Periodic Safety Update Reports (PSURs), Investigator Brochures, and Adverse Event Databases;

Testimony as to the design, goals, purposes, protocols and methodologies pertaining to the formation of Defendants' Abbreviated New Drug Application, ADR Quarterly Reports, Safety Updates, Integrated Summaries of Safety, Annual Reports, Periodic Safety Update Reports (PSURs), Investigator Brochures, Standard Response Documents, and Adverse Event Databases;

Follow-up investigation or further testing done with respect to reported adverse drug experiences;

Testimony regarding study data including raw data, final study data, computations, statistics or graphs generated regarding adverse drug experiences referenced in Defendants' ADR Quarterly Reports, Safety Updates, Integrated Summaries of Safety, Annual Reports, Periodic Safety Update Reports (PSURs), and Investigator Brochures;

The decision making process to determine whether an adverse event should or should not be added to any of Defendants' Gabapentin labeling, package insert and/or core data sheets, including the goals, purposes, protocols and methodologies for making such a decision;

Identification of the name, address, education, training, selection, job title and responsibility of Defendant employees who have participated in the decision to include or exclude language referencing an adverse event from Gabapentin labeling, package insert, and/or core data sheet;

Follow-up investigation or further testing done on any individual for whom an adverse event was reported.

### Clinical/Medical Communications

Testimony on all clinical communications from Defendants to physicians, public, patients, users or the media.

Testimony on the organization of the phone banks used by Defendants to answer oral clinical communication inquiries including the names, address and job title and job responsibilities for all employees involved with the phone banks, educational background of all employees as well as selection and training of such employees.

Testimony on the organization of all divisions or departments of Defendants which are responsible for responding in writing to any clinical communication inquiries (including all communication over using E-Mail or the internet) including the names, address and job title and job responsibilities for all employees involved, educational background of all employees as well as selection and training of such employees.

Testimony on the methods used to publish or disseminate Defendants' toll-free numbers, email addresses and contact information for all comments and inquiries to the public, media and the physicians

Testimony on the drafting, editing, reviewing, revising and creation of model or form responses to clinical communications both for standard response letters as well as proposed Question and Answer scripts for oral inquiries.

Testimony on Defendants' methods of preserving, storing, recording and inputting all of Defendants' responses to clinical communications including all databases used by Defendants to recall clinical communication inquiries and Defendants' responses.

Testimony on Defendants' analysis of clinical communication information to look for signals of adverse events, creation of statistical or overview information as well as publication of facts or figures which originate from clinical communications data.

Testimony on the development, review, edits and mailing of "Dear Doctor" letters by Defendants concerning Gabapentin.

### Regulatory Affairs

Testimony on the organization and internal structure of all divisions of Defendants where employees deal with the regulatory agencies concerning Gabapentin.

Testimony on the name, address, education, training, selection, job title and responsibility of Defendant employees whose job includes dealing with regulatory agencies concerning Gabapentin.

Testimony to identify written standard operating procedures pertaining to Defendants'

6

Regulatory Affairs.

Testimony on the policy and procedures of Defendants for recording all contact with the regulatory agencies concerning Gabapentin.

Testimony on the policy and procedures of Defendants for creating, editing, reviewing, revising and filing all materials, documents, studies or communication with regulatory agencies concerning Gabapentin.

Testimony on the preparation and attendance of Defendants at all Advisory Committee hearings held by the FDA, if any, concerning Gabapnetin and all issues involved in such hearings.

Testimony on all areas of safety and efficacy discussed between regulatory agencies and Defendants concerning Gabapentin.

Testimony on communication between the FDA and Defendants concerning Gabapentin advertisements, promotional materials or communications to the public or physicians.

Testimony on the organization and internal structure of divisions of Defendants where employees deal with Gabapentin labeling.

Testimony on the name, address, education, training, selection, job title and responsibility of all Defendant employees whose job includes dealing with Gabapentin labeling.

Testimony on the policy and procedures of Defendants for pursuing the implementation of language into the Gabapentin labeling, package insert, core data sheet, or summary of product characteristics.

Testimony on the policy and procedures of Defendants for creating, editing, reviewing, revising and filing all materials, documents, studies or communication with the FDA concerning Gabapentin.

## Sales & Marketing

Testimony on promotional / sales / marketing / advertising or informational communication from Defendants to trade classes, Group Purchasing Agents, distributors, retailers, pharmacies, wholesalers, hospitals and physicians including but not limited to:

Advertisements in medical journals or scientific treatises; Materials designed to be discussed with third parties by sales representatives; Materials designed to left at a third party's offices by sales representatives; Continuing Medical Education Programs; Medical conventions or conferences; Retaining third parties to lecture, write, comment or speak about Gabapentin.

7

Testimony on the review process used by Defendants to draft, edit, revise and approve promotional/sales/marketing/advertising or informational communication from Defendants to third parties concerning Gabapentin.

Testimony on the recruiting, selection process, contractual relationship and scheduling of physicians for participation in Defendants' speaker bureau programs.

Testimony on the monthly and annual budget for Defendants to promote, advertise or market Gabapentin.

Testimony on use of aggregate prescription data received from third parties (e.g., IMS Health, Inc.)

Testimony on the gross and net income generated by sales of Gabapentin since the date of its approval by the U.S. Food & Drug Administration.

Testimony on the gross and net income that Defendant(s) anticipated to be earned via sales of Gabapentin (determined or considerd prior to the submission of Defendants' Abbreviated New Drug Application) and the indications and/or uses for which Defendants anticipated Gabapentin would be prescribed.

### Adverse Event Reporting

Defendants' development of written procedures for the surveillance, receipt, evaluation, and reporting of postmarketing adverse drug experiences with Gabapentin to regulatory authorities.

Defendants' training of employees on how to intake, process, track or report any Adverse Event reported for Gabapentin.

Defendants' policies and procedures for the intake of Adverse Event reports for Gabapentin.

Defendants' policies and procedures for the processing of Adverse Event reports for Gabapentin.

Defendants' policies and procedures for the reporting of Adverse Event reports to the Food & Drug Administration or any other regulatory agency with respect to Gabapentin.

Use by any Defendant employees of any computer, computer system, database or software to process and maintain Adverse Event reports for Gabapentin.

Defendants' compliance with all state and federal regulations concerning the reporting of Adverse Event reports to the Food & Drug Administration or any other regulatory agency for Gabapentin.

8

Defendants' auditing of the Adverse Event tracking process to ensure compliance with FDA reporting regulations.

### March 2005 FDA Suicide Inquiry

Actions taken by the company as a result of the March 2005 inquiry from the FDA on the relationship between suicidality and anti-convulsant medications.

Dated: June 2, 2010

Respectfully submitted,
Finkelstein & Partners, LLP

_____
Kenneth B. Fromson, Esq.
1279 Route 300, Box 1111
Newburgh, NY 12551
(845)562-0203 x 2755
KFromson@lawampm.com

*On behalf of Product Liability Plaintiffs Steering Committee*

To:

Catherine Stevens
Skadden Arps Slate Meagher & Flom
Four Times Square
New York, NY 10036
Catherine.Stevens@Skadden.com

*Attorneys for Pfizer Defendants*

Megan Kinsey-Smith
McKenna Long & Eldridge
1900 K Street NW
Washington D.C. 20006
Mkinsey-smith@mckennalong.com

*Attorneys for Eon Labs, Sandoz, and Novartis Defendants*

9

Jonathon Price
Goodwin Proctor LLP
Exchange Place
53 State Street
Boston, MA 02109
Jprice@goodwinprocter.com

*Attorneys for Teva and Ivax Defendants*

Steven Stadtmauer
Harris Beach
100 Wall Street
New York, NY 10005

Megan Kinsey-Smith
McKenna Long & Eldridge
1900 K Street NW
Washington D.C. 20006
Mkinsey-smith@mckennalong.com

*Attorneys for Actavis, Inc., Actavis Elizabeth LLC, Purepac Pharmaceuticals*

## CERTIFICATION OF SERVICE

I certify that on this date I caused Plaintiffs' Notice of Deposition to be served by U.S. Mail upon the following individuals:

Catherine Stevens
Skadden Arps Slate Meagher & Flom
Four Times Square
New York, NY 10036
Catherine.Stevens@Skadden.com

*Attorneys for Pfizer Defendants*

Megan Kinsey-Smith
McKenna Long & Eldridge
1900 K Street NW
Washington D.C. 20006
Mkinsey-smith@mckennalong.com

*Attorneys for Eon Labs, Sandoz, and Novartis Defendants*

Jonathon Price
Goodwin Proctor LLP
Exchange Place
53 State Street
Boston, MA 02109
Jprice@goodwinprocter.com

*Attorneys for Teva and Ivax Defendants*

Steven Stadtmauer
Harris Beach
100 Wall Street
New York, NY 10005

Megan Kinsey-Smith
McKenna Long & Eldridge
1900 K Street NW
Washington D.C. 20006
Mkinsey-smith@mckennalong.com

*Attorneys for Actavis, Inc., Actavis Elizabeth LLC, Purepac Pharmaceuticals*

11

Thomas Sobol, Esq.
Hagens Berman, LLP
One Main Street, 4th Floor
Cambridge, MA 02142

*Liaison Counsel to MDL Sales & Marketing Plaintiffs*

Date:   June 2, 2010

       Newburgh, NY

_____
Kenneth B. Fromson
Finkelstein & Partners, LLP
1279 Route 300, P.O. box 1111
Newburgh, NY 12551

12