EXHIBIT F

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

--------------------------------------------------------------------X

| | | |
|---|---|---|
| IN RE: NEURONTIN MARKETING, | : | MDL Docket No. 1629 |
| SALES PRACTICES AND | : | |
| PRODUCTS LIABILITY LITIGATION | : | Master File No. 04-10981 |
| | : | |

--------------------------------------------------------------------X

| | | |
|---|---|---|
| THIS DOCUMENT RELATES TO: | : | Judge Patti B. Saris |
| | : | |
| Briggs v. Pfizer Inc., et. al. (No. 1:07-cv-10327) | : | Magistrate Judge Leo T. Sorokin |
| Drinkwine v. Pfizer Inc., et. al. (No. 1:09-cv-10836) | : | |
| Farris v. Pfizer Inc., et. al. (No. 1:06-cv-12063) | : | |
| Morrow v. Pfizer Inc., et. al. (No. 1:08-cv-11706) | : | |

--------------------------------------------------------------------X

**DEFENDANT TEVA PHARMACEUTICALS, USA, INC.'S
OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND DATA FROM "GENERIC DEFENDANTS"**

**COMES NOW,** Teva Pharmaceuticals USA, Inc. ("Teva"), one of the Defendants in the above-captioned litigation, and submits its Objections and Responses to Plaintiffs' First Requests for the Production of Documents and Data From "Generic Defendants".

These responses are made without waiver of, and with preservation of:

--    All questions as to competency, relevancy, materiality, necessity, privilege and admissibility of the response and the subject matter thereof as evidence for any purpose in any further proceedings in this action and in any other action.  The following responses (and any further responses to these Document Requests or to their subject matter) are made expressly without acknowledgment of materiality or necessity or relevance of the requested information in the prosecution of this action;

--    The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceedings in this action and in any other action;

--    The right to object on any ground at any time to a demand or request for a further response (including further production of documents) to these or any other

Document Requests or other discovery proceedings involving or relating to the subject matter of the Document Requests herein responded to; and

--      The right at any time to revise, correct, add to, supplement or clarify any of the responses contained herein.

The following responses (and any further responses to these Document Requests or to their subject matter) are made expressly without acknowledgment of materiality or relevance of these Document Requests or of the documents to be produced in response thereto, or that these Document Requests are in any way reasonably calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding the objections set forth herein, Teva responds as follows:

## GENERAL OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS

A.      Teva objects to each Request to the extent that it requests the production of documents which are vexatious and unduly burdensome to obtain, or unjustifiably and unreasonably requires that Teva do Plaintiffs' work.  ["Objection on the grounds of undue burden"]

B.      Teva objects to each Request to the extent that it requests the production of documents or the disclosure of information which have previously been provided by Teva or others to Plaintiffs or which are otherwise in the public domain.  Such documents or information are equally available to plaintiffs as they are to Teva.  Accordingly, to respond to said Request would impose an unnecessary and undue burden and expense on Teva.  ["Objection on the grounds of documents or information within Plaintiffs' possession"]

C.      Teva objects to each Request to the extent that it seeks the production of documents or the disclosure of information which are beyond the permissible scope of Rule 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), in that such documents are irrelevant

2

to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. ["Objection on the grounds of relevance"]

D.    Teva objects to each Request to the extent that it requests the production of documents or the disclosure of information incorporating or containing information which is protected by the attorney-client privilege, the work product privilege, or which is material prepared in anticipation of litigation within the meaning of the Fed. R. Civ. P., upon the grounds that privileged matter is exempt from discovery and trial preparation material may be discoverable only upon satisfaction of the prerequisites delineated in Fed. R. Civ. P 26(b)(3), which prerequisites have not been satisfied. ["Objection on the grounds of privilege"]

E.    Teva objects to each Request insofar as it requests that Teva respond on behalf of any entity or person other than Teva, or any entity or person over which Teva has no control and to the extent that it seeks documents or information from or with respect to entities or persons including Teva, which documents or information are not within the possession, custody or control of Teva. ["Objection of the grounds of control"]

F.    Teva objects to each Request which requests the production of documents or the disclosure of information which relate to any time period beyond the scope of the instant actions, as information concerning any earlier or later time period would be vexatious and burdensome to obtain, irrelevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence. ["Objection on the grounds of time period"]

G.    Teva objects to each Request to the extent that such request is vague, ambiguous, overbroad or otherwise lacks sufficient precision or particularity to permit formulation of a proper response. ["Objection on the grounds of vagueness"]

H.     Teva objects to each Request to the extent that such Request seeks the production of documents or the disclosure of information containing 1) confidential, private or personal information relating to Teva employees, or other confidential information that is protected under contractual, constitutional, statutory and/or common law rights of confidentiality or privacy; or 2) identifying or other protected information that may not be disclosed under the provisions of 21 C.F.R. § 20.63.  ["Objection on the grounds of confidential information"]

I.     Teva objects to each Request to the extent that such Request seeks the disclosure of information communicated or transmitted orally, to the extent that such information is not reflected in documents, upon the grounds that such information is unduly vexatious and burdensome to obtain, unreliable and not reasonably calculated to lead to the discovery of admissible evidence.  ["Objection on the grounds of oral inquiries"]

J.     Teva objects to each Request to the extent that such request seeks the disclosure at the present time of the identity of experts or other persons whom Teva has retained as medical or scientific consultants in connection with this litigation, whether for testimonial or advisory purposes, or of the substance of such persons' opinions and/or work product or work-in-progress including ongoing research, including but not limited to draft protocols, lab notes, preliminary analyses and preliminary drafts of reports, as such disclosure at this time is premature and/or outside of the scope of information which is discoverable under Fed. R. Civ. P. 26, is not mandated by applicable law, and further is unduly burdensome to Teva and its expert witnesses, and is neither relevant nor calculated to lead to the discovery of admissible evidence.  ["Objection on the grounds of expert disclosure"]

K.     Teva objects to each Request to the extent that it otherwise seeks disclosure of documents embodying or reflecting Teva's factual or legal contentions or otherwise seeks the

disclosure of documents beyond the permissible scope of discovery pursuant to the Federal Rules of Civil Procedure, the Local Civil Rules of the District of Massachusetts, or the Orders issued in this litigation. Teva also objects to each interrogatory to the extent it attempts to impose requirements other than or in addition to those set forth by the Federal Rules of Civil Procedure, the Local Civil Rules of the District of Massachusetts, or the directives of the Court. ["Objection on the grounds of impermissible discovery"]

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: Copies of all documents, materials or other sources of information in your possession, custody, or control that were used, read or referenced in order to prepare answers to the defendant's answers to Plaintiffs First Set of Interrogatories to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**: Teva objects to Request No. 1 and asserts General Objection G, *i. e.*, objection on the grounds of vagueness. Subject to and without waiver of said objection, Teva responds that it will produce all responsive documents, the production of which is not otherwise objectionable and/or subject to the objections set forth in the corresponding Interrogatory Responses.

**REQUEST FOR PRODUCTION NO. 2**: Copies of all insurance agreements, including excess policies of insurance under which any person or firm carrying an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment. (Request is specifically made for the entire actual policy and not merely a coverage declarations page).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**: Teva objects to Request No. 2 and asserts General Objection C, *i. e.*, objection on the grounds of relevance. Subject to and without waiver of said objection, Teva states that it will produce evidence of its applicable insurance coverage and agreements reflecting the limits of coverage and amount of self-insured retention.

**REQUEST FOR PRODUCTION NO. 3**: Copies of all statements obtained by the defendant or anyone on its behalf concerning this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:  Teva objects to Request No. 3 and

asserts General Objections B, D, I, J and K, *i. e.*, objections on the grounds of information within

Plaintiffs' possession, privilege, oral inquiries, expert disclosure and impermissible discovery.

Subject to and without waiver of said objections, Teva states that due to the preliminary nature of

discovery herein, it has not yet identified documents responsive to this Request, beyond

documents that it has already agreed to produce pursuant to these Requests.  Teva is cognizant of

its obligation pursuant to Fed. R. Civ. P. 26 to supplement this response, insofar as it determines

in the future that it is in possession, custody or control of responsive documents, and will comply

with such obligation.

**REQUEST FOR PRODUCTION NO. 4**:  Copies of all photographs, videotapes, audio tapes or
other forms of electronic recording, sketches, reproductions, charts or maps that were made in
connection with respect to anything that is relevant to the subject matter of plaintiffs' Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:  Teva objects to Request No. 4 and

asserts General Objections B, D, G, J and K, *i. e.*, objections on the grounds of information

within Plaintiffs' possession, privilege, vagueness, expert disclosure and impermissible

discovery.  Subject to and without waiver of said objections, Teva states that due to the

preliminary nature of discovery herein, it has not yet identified documents, data or materials

responsive to this Request, beyond that which it has already agreed to produce pursuant to these

Requests.  Teva is cognizant of its obligation pursuant to Fed. R. Civ. P. 26 to supplement this

response, insofar as it determines in the future that it is in possession, custody or control of

responsive  documents, and will comply with such obligation.

**REQUEST FOR PRODUCTION NO. 5**:  Copies of all license agreements and/or development
agreements with any person and/or entity relating in any way to NEURONTIN OR ITS
BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:  Teva objects to Request No. 5 and

asserts General Objections C, F and G, *i.e.*, objections on the grounds of relevance, vagueness

and time period.  Subject to and without waiver of said objections, Teva responds that it is not in possession, custody or control of any documents responsive to this Request, nor is it aware of the existence of any such documents.

**REQUEST FOR PRODUCTION NO. 6**:  Copies of all Abbreviated New Drug Applications ("ANDA") relating in any way to NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN , which were submitted to the Food and Drug Administration ("FDA"), including all drafts of such ANDAs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:  Teva will produce all non-privileged documents in its possession, custody and control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7**:  Copies of all documents and/or communications that the defendant sent to or received from the FDA relating in any way to NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:  Teva objects to Request No. 7 and asserts General Objections A, C, F, G and H, *i. e.*, objections on the grounds of undue burden, relevance, time period, vagueness and confidentiality.  Subject to and without waiver of said objections, Teva responds that it will produce all non-privileged, responsive documents in its possession, custody and control, consisting specifically of copies its Abbreviated New Drug Applications ("ANDA") for gabapentin, and supplements, Annual Reports and correspondence with the FDA relating thereto, and Teva's associated files of pre- and post-marketing correspondence with the FDA.

**REQUEST FOR PRODUCTION NO. 8**:  Copies of all documents relating in any way to all clinical trials conducted <u>by or on behalf of Defendants</u>, and/or relied upon by the defendant, either in whole or in part, relating in any way to NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:  Teva objects to Request No. 8 and asserts General Objections A, B, C, E, F, G and H, *i. e.,* objections on the grounds of undue burden, information within Plaintiffs' possession, relevance, control, time period, vagueness and confidential information.  Subject to and without waiver of said objections, Teva responds that,

as an ANDA applicant with respect to gabapentin, it was neither required nor expected to nor did

it conduct or cause to be conducted any clinical trials or other testing relating to the safety or

efficacy of gabapentin.  Accordingly, Teva is not in possession, custody or control of any

documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9**:  Copies of all documents relating in any way to all
clinical trials conducted by individuals or entities other than Defendants, regarding
NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN, about which Defendants had
knowledge prior to Defendants' submission of an ANDA for Gabapentin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:  See response to Request No. 8.

**REQUEST FOR PRODUCTION NO. 10**:  Copies of all documents relating in any way to all
tests, investigations, studies, evaluations and/or assessments all clinical trials, conducted by or on
behalf of Defendants, regarding NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN,
about which Defendants had knowledge prior to Defendants' submission of an ANDA for
Gabapentin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:  Teva objects to Request No. 10

and asserts General Objections A, B, C, E, F, G and H, *i. e.,* objections on the grounds of undue

burden, information within Plaintiffs' possession, relevance, control, time period, vagueness and

confidential information.  Subject to and without waiver of said objections, Teva responds that,

as an ANDA applicant with respect to gabapentin, it was neither required nor expected nor did it

conduct or cause to be conducted any clinical trials relating to the safety or efficacy of

gabapentin.  Teva further responds that to the extent it otherwise has documents responsive to

this Request, specifically, bioequivalency testing on gabapentin, conducted in connection with

and submitted to the FDA in support of Teva's gabapentin ANDA, such documents will be

produced.

**REQUEST FOR PRODUCTION NO. 11**:  Copies of all documents relating in any way to all
tests, investigations, studies, evaluations and/or assessments all clinical trials conducted by
individuals or entities other than Defendants, regarding NEURONTIN OR ITS
BIOEQUIVALENT GABAPENTIN, about which Defendants had knowledge prior to
Defendants' submission of an ANDA for Gabapentin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**: See response to Request No. 10.

**REQUEST FOR PRODUCTION NO. 12**: Copies of all documents relating in any way to all tests, investigations, studies, evaluations and/or assessments all clinical trials, conducted <u>by or on behalf of Defendants</u>, regarding NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN, about which Defendants had knowledge <u>after</u> Defendants' submission of an ANDA for Gabapentin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**: Teva objects to Request No. 12 and asserts General Objections A, B, C, E, F, G and H, *i. e.,* objections on the grounds of undue burden, information within Plaintiffs' possession, relevance, control, time period, vagueness and confidential information.  Subject to and without waiver of said objections, Teva responds that, upon information and belief, it is not in possession, custody or control of documents responsive to the Request.  Teva is cognizant of its obligation pursuant to Fed. R. Civ. P. 26 to supplement this response, insofar as it determines in the future that it is in possession, custody or control of other responsive documents, and will comply with such obligation.

**REQUEST FOR PRODUCTION NO. 13**: Copies of all documents relating in any way to all tests, investigations, studies, evaluations and/or assessments all clinical trials conducted by individuals or entities <u>other than Defendants</u>, regarding NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN, about which Defendants had knowledge <u>after</u> Defendants' submission of an ANDA for Gabapentin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**: See response to Request No. 12.

**REQUEST FOR PRODUCTION NO. 14**: Copies of all documents relating in any way to all tests, investigations, studies, evaluations and/or assessments that were <u>conducted by or on behalf of the defendant</u>, or by individuals or entities <u>other than Defendants</u>, and/or relied upon by the defendants, either in whole or in part, concerning the following:

    a      mechanism of action of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN;

    b      the safety of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN;

    c      the psychiatric and/or psychobiologic adverse effects of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**: See response to Request No. 8.

**REQUEST FOR PRODUCTION NO. 15**:  Copies of all documents relating in any way to all tests, investigations, studies, evaluations and/or assessments that were conducted <u>by or on behalf of Defendants</u>, or by individuals or entities <u>other than Defendants</u>, and/or relied upon by the defendants, either in whole or in part, regarding NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN 's ability and/or propensity to contribute to suicidality, depression, mood and/or behavioral disturbances.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**:  See response to Request No. 8.

**REQUEST FOR PRODUCTION NO. 16**:  Copies of all documents relating in any way to all tests, investigations, studies, evaluations and/or assessments that were conducted <u>by or on behalf of the defendant</u>, or by individuals or entities <u>other than Defendants</u>, and/or relied upon by the defendant, either in whole or in part, comparing the safety, in any way whatsoever, of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN to that of other drugs prescribed for the treatment of depression, bipolar disorder, anxiety, and/or mood or behavioral disturbances.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:  See response to Request No. 8.

**REQUEST FOR PRODUCTION NO. 17**:  Copies of all documents relating in any way to all tests, investigations, studies, evaluations and/or assessments that were conducted <u>by or on behalf of the defendants</u>, or by individuals or entities <u>other than Defendants</u>, and/or relied upon by the defendants, either in whole or in part, comparing the safety, in any way whatsoever, of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN to that of other drugs prescribed for the treatment of neuropathic pain.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:  See response to Request No. 8.

**REQUEST FOR PRODUCTION NO. 18**:  Copies of all documents relating in any way to all tests, investigations, studies, evaluations and/or assessments that were conducted <u>by or on behalf of the defendants</u>, or by individuals or entities <u>other than Defendants</u>, and/or relied upon by the defendants, either in whole or in part, comparing the safety, in any way whatsoever, of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN to that of other drugs prescribed for the treatment of nociceptive pain.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:  See response to Request No. 8.

**REQUEST FOR PRODUCTION NO. 19**:  Copies of all documents relating in any way to all tests, investigations, studies, evaluations and/or assessments that were conducted <u>by or on behalf the defendants</u>, or by individuals or entities <u>other than Defendants</u>, and/or relied upon by the defendants, either in whole or in part, demonstrating, suggesting, indicating, and/or supporting any contention and/or belief by the defendants that the use of NEURONTIN or its bioequivalent GABAPENTIN was associated with suicidality, depression, and/or worsening of depression, mood and/or behavioral disturbances, pychosis, agitation, aggression, hostility, anxiety, impulsivity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:  See response to Request No. 8.

**REQUEST FOR PRODUCTION NO. 20**:  Copies of all of the instructions, warnings, cautions, and product information literature possessed by Defendants and which have accompanied NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN at the time of sale in the *United States,* from the time it was first marketed up until the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:  Teva objects to Request No. 20

and asserts General Objections F and G, *i. e.*, objections on the grounds of time period and

vagueness.  Subject to and without waiver of said objections, Teva states that it will produce all

non-privileged documents in its possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21**:  Copies of all of the instructions, warnings, cautions and product information literature possessed by Defendants and which have accompanied NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN at the time of sale outside of the United States, from the time it was first marketed up until the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:  Teva objects to Request No. 21

and asserts General Objections C, E and F, *i.e.*, objections on the grounds of relevance, control

and time period.  Subject to and without waiving its foregoing objections, Teva states that it did

not sell or offer gabapentin for sale outside of the United States and, accordingly, is not in

possession, custody or control of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 22**:  Copies of all changes, revisions and/or modifications to any warning and/or instruction that accompanied GABAPENTIN, from the time it was first marketed up until the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:  Teva objects to Request No. 22

and asserts General Objections C, E and F, *i.e.*, objections on the grounds of relevance, control

and time period.  Subject to and without waiving its foregoing objections, Teva states that it will

produce all non-privileged documents in its possession, custody and control responsive to this

Request.

**REQUEST FOR PRODUCTION NO. 23**:  Copies of all documents and/or information received or obtained from any source that relate in any way to NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN and reports of suicidality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**: Teva objects to Request No. 23

and asserts General Objections B, C, E, F, G and H, *i. e.*, objections on the grounds of information within Plaintiffs' possession, relevance, control, time period, vagueness and confidential information. Subject to and without waiver of said objection, Teva responds that it has not to date identified any documents responsive to this Request, other than adverse event reports, which it will produce pursuant to Request No. 29, and product labeling, which it will produce pursuant to Request No. 20. Teva is cognizant of its obligation to supplement this response insofar as it subsequently identifies or discovers any additional responsive documents, and will comply with such obligation.

**REQUEST FOR PRODUCTION NO. 24**:  Copies of all documents and/or information received or obtained from any source that relate in any way to NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN and an association with suicidality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:  See response to Request No. 23.

**REQUEST FOR PRODUCTION NO. 25**:  Copies of all documents and/or information received or obtained from any source that relate in any way to suicidality and NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN, which were disclosed by Defendant to the FDA, or any other regulatory agency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:  See response to Request No. 23.

**REQUEST FOR PRODUCTION NO. 26**:  Copies of all documents and/or information received or obtained from any source that relate in any way to suicidality and NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN, which were disclosed by Defendants to the public, including but not limited to Plaintiffs' healthcare provider(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:  See response to Request No. 23.

**REQUEST FOR PRODUCTION NO. 27**:  Copies of all documents and/or information received or obtained from any source that relate in any way to suicidality and NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN, which were disclosed by Defendants to any U.S. governmental body.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:  See response to Request No. 23.

**REQUEST FOR PRODUCTION NO. 28**:  Copies of all communications of any kind that were between Defendants or anyone on its behalf, and any health care provider who treated Plaintiffs, relating in any way to the prescription, safety, risks, side effects, potential side effects, contraindications, and/or use of NEURONTIN or its bioequivalent GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:  Teva objects to Request No. 28

and asserts General Objections C, F, G and H, *i. e.*, objections on the grounds of relevance, time

period, vagueness and confidential information.  Subject to and without waiver of said

objections, Teva responds that its warnings and communications to the medical profession

regarding the use of gabapentin are embodied in its package inserts/outserts for gabapentin, as

revised from time to time, which documents will be produced.  Teva further states that it will

produce all other non-privileged documents in its possession, custody and control responsive to

such Requests, if any.

**REQUEST FOR PRODUCTION NO. 29**:  Copies of documents and the production of data
that relate in any way to all reports and/or complaints of adverse reactions, injuries, side effects,
problems, and/or adverse events relating in any way to NEURONTIN OR ITS
BIOEQUIVALENT GABAPENTIN that were received by Defendants at any time from any
source.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:  Teva objects to Request No. 29

and asserts General B, C, E, F, G and H, *i.e.*, objections on the grounds of documents within

Plaintiffs' possession, relevance, control, time period, vagueness and confidential information.

Subject to and without waiving its foregoing objections, Teva responds that it will produce

copies of all Medwatch and adverse event reports in its possession relating to its gabapentin

products.

**REQUEST FOR PRODUCTION NO. 30**:  Copies of documents and the production of data
that relate in any way to any reports and/or complaints of adverse reactions, injuries, side effects,
problems, and/or adverse events relating in any way to NEURONTIN OR ITS
BIOEQUIVALENT GABAPENTIN that were disclosed to sales representatives, if any,
employed by Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**:  Teva objects to Request No. 30

and asserts General Objections A, C, F and G, *i. e.*, objections on the grounds of undue burden,

relevance, time period and vagueness.  Subject to and without waiver of said objections, Teva

responds that it is not in possession, custody or control of any documents responsive to this

Request, nor is it aware of the existence of any such documents.

**REQUEST FOR PRODUCTION NO. 31**:  Copies of documents and the production of data that relate in any way to any reports and/or complaints of adverse reactions, injuries, side effects, problems, and/or adverse events relating in any way to NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN that were disclosed to the FDA, or any other regulatory agency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**:  See response to Request No. 29.

**REQUEST FOR PRODUCTION NO. 32**:  Copies of documents and the production of data that relate in any way to any reports and/or complaints of adverse reactions, injuries, side effects, problems, and/or adverse events relating in any way to NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN that were disclosed to the medical community, including but not limited to prescribing physicians.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**:  Teva objects to Request No. 32 and asserts General B, C, E, F and G, *i.e.*, objections on the grounds of documents within Plaintiffs' possession, relevance, control, time period and vagueness.  Subject to and without waiver of said objections, Teva responds that its warnings and communications to the medical profession regarding the use of gabapentin are embodied in its package inserts/outserts for gabapentin, as revised from time to time, which documents will be produced.

**REQUEST FOR PRODUCTION NO. 33**:  Copies of documents and the production of data that relate in any way to any reports and/or complaints of adverse reactions, injuries, side effects, problems, and/or adverse events relating in any way to NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN that were disclosed to consumers and/or prospective consumers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**:  Teva objects to Request No. 33 and asserts General Objections B, C, E, F and G, *i. e.*, objections on the grounds of information within Plaintiffs' possession, relevance, control, time period and vagueness.  Subject to and without waiver of said objections, Teva states that its package insert and other labeling for gabapentin is intended for and directed to physicians, health care professionals, health care providers, and/or pharmacists, not the consumer/patient.  Insofar as dispensing pharmacies provide any documents directly to their customers at the time gabapentin is dispensed, Teva has

no control over, or responsibility for, nor does it play any role in the preparation of, such

documents.  Accordingly, Teva is not in possession, custody or control of any documents

responsive to this Request.

**REQUEST FOR PRODUCTION NO. 34**:  Copies of documents and the production of data
that relate in any way to post-marketing surveillance that was conducted by or on behalf of
Defendants relating in any way to NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**:  See response to Request No. 29.

**REQUEST FOR PRODUCTION NO. 35**:  Copies of any and all depositions and/or trial
testimony given by the defendants, or anyone on its behalf, in any legal actions that have been
filed against the defendants for personal injuries and/or death in which it was alleged that such
injury and/or death occurred as a result of the use of NEURONTIN OR ITS BIOEQUIVALENT
GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**:  Teva objects to Request No. 35

and asserts General Objections A, B, E, F, G and J, *i. e.*, objections on the grounds of undue

burden, documents within Plaintiffs' possession, control, time period, vagueness and expert

disclosure.  Subject to and without waiver of said objections, Teva responds that it has never

offered depositions or trial testimony in a personal injury lawsuit relating to gabapentin, and,

accordingly, is not in possession, custody or control of any documents responsive to this

Request.

**REQUEST FOR PRODUCTION NO. 36**: Copies of all documents that relate in any way to all
direct-to-consumer advertising, promotional, marketing, sales and/or public relations efforts
and/or campaigns that were planned and/or implemented by or on behalf of the defendants
concerning NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN, whether in writing or
communicated by any other media and/or medium, including, but not limited to:

    a.    All documents that that relate in any way to the development of marketing
strategies and/or programs for the sale and/or distribution of NEURONTIN OR
ITS BIOEQUIVALENT GABAPENTIN;

    b.    All documents that relate in any way to the implementation of marketing
strategies and/or marketing programs in connection with NEURONTIN OR ITS
BIOEQUIVALENT GABAPENTIN;

    c.      All documents that describe all marketing strategies and/or programs concerning NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN;

    d.      All documents that that relate in any way to the intended "market" for NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN, including documents pertaining to sales targets, distribution and/or survey data;

    e.      All drafts of any advertising and/or promotional literature that relate in any way to NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN;

    f.      All documents that relate in any way to and/or reflect the pricing for NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN;

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**:  Teva objects to Request No. 36 and asserts General Objections B, C, E, F and G, *i. e.,* objections on the grounds of information within Plaintiffs' possession, relevance, control, time period and vagueness.  Subject to and without waiver of said objection, Teva responds that it has never conducted direct-to-consumer advertising of gabapentin, nor has it developed, supplied or publicized promotional materials as described in this Request.  Insofar as Teva is in possession, custody or control of marketing strategies or promotional plans for gabapentin, including market share analyses and sales projections, and documents reflective of the pricing of its gabapentin products, it will produce such documents.

**REQUEST FOR PRODUCTION NO. 37**:  Copies of all documents that were submitted to or received from any agency or organization from which the defendant was required to seek approval prior to being able to distribute, sell, develop, manufacture, market, promote, and/or supply NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN outside of the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**:  Teva objects to Request No. 37 and asserts General Objections C, E, F and H, *i.e.*, objections on the grounds of relevance, control, time period and confidentiality.  Subject to and without waiving its foregoing objections, Teva neither sells nor offers gabapentin for sale outside of the United States, and, accordingly, is not in possession, custody or control of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 38**:  Copies of all instructions and/or warnings that relate

in any way to any side-effects of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN outside of the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**:  See response to Request No. 37.

**REQUEST FOR PRODUCTION NO. 39**:  Copies of all documents relating to, referring to, and/or embodying proposed, completed, partially completed, and/or proposed but never begun <u>in vitro</u> studies or tests concerning the use and/or effects of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**:  See response to Request No. 8.

**REQUEST FOR PRODUCTION NO. 40**: Copies of all documents relating to, referring to, and/or embodying proposed, completed, partially completed, and/or proposed but never begun clinical investigations, studies or tests concerning the use and/or effects of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN on <u>animals</u> including but not limited to:

  a.     All contracts and/or agreements between the defendants and any person or entity who performed, participated, was to perform, or was to participate, or was in any way involved in any such clinical investigation, study and/or test;

  b.     All correspondence, memoranda, e-mails, and other documents, however so designated, reflecting communications between the defendants and any person or entity who performed, participated, was to perform, or was to participate, or was in any way involved in any such clinical investigation, study and/or test;

  c.     All documents relating to and/or including protocols, drafts of protocols, proposed protocols, including memoranda, notes and/or e-mails relating thereto, concerning or in any way related to any such clinical investigation, study and/or test;

  d.     All investigator(s) manuals and drafts thereof, including memoranda, notes and/or e-mails relating thereto, concerning or in any way related to any such clinical investigation, study and/or test; and

  e.     All forms or documents completed, reviewed and/or analyzed in connection with the performance and/or results of any such clinical investigation, study and/or test.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**:  See response to Request No. 8.

**REQUEST FOR PRODUCTION NO. 41**:  Copies of all documents relating to, referring to, and/or embodying proposed, completed, partially completed, and/or proposed but never begun clinical investigations, studies or tests concerning the use and/or effects of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN on <u>humans</u>, including but not limited to:

  a.     All contracts and/or agreements between the defendant and any person or entity who performed, or in any way participated or consulted in connection with any such clinical investigation, study and/or test;

b. All correspondence, memoranda, e-mails, and other documents, however so designated, reflecting communications between the defendant and any person or entity who performed, or in any way participated or consulted in connection with any such clinical investigation, study and/or test;

c. All protocols, drafts of protocols, including without limitation proposed protocols as well as all documents relating thereto, relating in any way to any such clinical investigation, study and/or test;

d. All investigator(s) manuals and drafts thereof, including memoranda, notes and/or e-mails relating thereto, concerning or in any way related to any such clinical investigation, study and/or test;

e. All forms or documents completed, reviewed and/or analyzed in connection with the performance and/or results of any such clinical investigation, study and/or test.

f. All forms, including without limitation consent forms, and other documents, however so designated, provided to patient participants in any such clinical investigation, study and/or test.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**: See response to Request No. 8.

**REQUEST FOR PRODUCTION NO. 42**: Copies of all documents that relate in any way to Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**: Teva objects to Request No. 42 and asserts General Objections A, B, D, G, J and K, *i. e.*, objections on the grounds of undue burden, information within Plaintiffs' possession, privilege, vagueness, expert disclosure and impermissible discovery. Subject to and without waiver of said objections, Teva responds that, upon information and belief, it is not in possession, custody or control of any documents specific to Plaintiffs, with the exception of pleadings in this ligation and adverse event reports. Such adverse event reports will be produced pursuant to Request No. 29.

**REQUEST FOR PRODUCTION NO. 43**: Copies of organizational charts for persons and/or entities involved in any way with the research, development, testing, manufacture, packaging, warning, labeling, and/or regulatory compliance for GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**: Teva objects to Request No. 43 and asserts General Objections A, C, F and G, *i.e.*, objections on the grounds of undue burden,

relevance, time period and vagueness.  Subject to and without waiver of said objections, Teva states that it will  produce current organizational charts for the Regulatory Affairs and Pharmacovigilance departments.  Teva will take under advisement Plaintiffs' requests for the production of organizational charts as to other specific departments.

**REQUEST FOR PRODUCTION NO. 44**:  Copies of all documents that were distributed to physicians that relate in any way to the research, study, prescription and/or use of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN, including without limitation

   a.    All warnings and instructions that relate in any way to the use of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN;

   b.    All published and unpublished medical articles that relate in any way to the use of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN;

   c.    All documents relating in any way to clinical trials of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN; and

   d.    All documents relating in any way to the side effects of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**:  See response to Request No. 28.

**REQUEST FOR PRODUCTION NO. 45**:  A copy of the defendant's "drug complaint", "drug reactions", "drug experience", "adverse reaction" files, and/or any other files, however so designated, relating in any way to the experiences of users of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**:  See response to Request No. 29.

**REQUEST FOR PRODUCTION NO. 46**:  A copy of the defendant's "drug complaint", "drug reactions", "drug experience", "adverse reaction" database, and/or any other database, however so designated, relating in any way to the experiences of users of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**:  See response to Request No. 29.

**REQUEST FOR PRODUCTION NO. 47**:  Data from databases relating in any way to reported adverse reactions of patients who used NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**:  See response to Request No. 29.

**REQUEST FOR PRODUCTION NO. 48**:  Copies of all documents that relate in any way to all field investigation reports relating in any way to side-effects caused, and/or believed to be

caused, and/or possibly caused at least in part by NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN, made by or on behalf of the defendants, its agents, servants and/or employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**: See response to Request No. 29.

**REQUEST FOR PRODUCTION NO. 49**:  Copies of all presentations, handbooks and/or abstracts that were authored and/or co-authored by any employee, agent and/or servant of the Defendant, relating in any way to the use, side-effects and/or risks of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN, including all documents relating in any way thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**:  Teva objects to Request No. 49 and asserts General Objections C, D, E, F and G, *i. e.*, objections on the grounds of relevance, privilege, control, time period and vagueness.  Subject to and without waiver of said objections, Teva responds that, upon information and belief, it is not in possession, custody or control of any documents responsive to this Request.  Teva is cognizant of its obligation pursuant to Fed. R. Civ. P. 26 to supplement this response, insofar as it determines in the future that it is in possession, custody or control of responsive documents, and will comply with such obligation.

**REQUEST FOR PRODUCTION NO. 50**:  Copies of all documents and/or communications that in any way reflect reported adverse reactions of patients who used NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**  See response to Request No. 29.

**REQUEST FOR PRODUCTION NO. 51**:  Copies of all documents, memoranda, e-mails, and other material, however so designated, which relate in any way to the side effects, possible side effects and/or anticipated side effects of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**:  Teva objects to Request No. 51 and asserts General Objections B, C, E, F and G, *i.e.*, objections on the grounds of documents within Plaintiffs' possession, relevance, control, time period and vagueness.  Subject to and without waiving its foregoing objections, Teva responds that it will produce all non-privileged documents in its possession, custody or control responsive to such Requests.

**REQUEST FOR PRODUCTION NO. 52**:  Copies of all documents relating in any way to pharmacogenetics, pharmacogenomics, pharmacodynamics, pharmacokinetics and any other

pharmacology based reaction and process relating to NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**:  Teva objects to Request No. 52 and asserts General Objections A, B, C, D, E, F and G, *i. e.*, objections on the grounds of undue burden, information within Plaintiffs' possession, relevance, privilege, control, time period and vagueness.  Subject to and without waiver of said objections, Teva responds that it has not identified any documents responsive to this Request, other than documents it has agreed to produce pursuant to other Requests, and published reports from publicly available scientific/medical literature.  Such published reports are equally available to Plaintiffs as to Teva. Teva is cognizant of its obligation pursuant to Fed. R. Civ. P. 26 to supplement this response, insofar as it determines in the future that it is in possession, custody or control of other responsive documents, and will comply with such obligation.

**REQUEST FOR PRODUCTION NO. 53**:  Data from all databases relating in any way to:

      a.      Laboratory in vitro studies relating in any way to NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN ;

      b.      Animal studies relating in any way to NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN ; and

      c.      Human trials relating in any way to NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**:  See response to Request No. 8.

**REQUEST FOR PRODUCTION NO. 54**:  Copies of all documents that in any way abstract, summarize, compile, analyze, and/or interpret any complaints, concerns and/or data concerning the use, safety, risks, and/or side effects of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**:  See response to Request No. 29.

**REQUEST FOR PRODUCTION NO. 55**:  Copies of all documents that relate in any way to all evaluations and/or assessments and/or analyses, performed by or on behalf of the defendants, relating in any way to the safety of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55**: See response to Request No. 29.

**REQUEST FOR PRODUCTION NO. 56**: Copies of all documents relating in any way to all evaluations and/or assessments and/or analyses, performed by or on behalf of the defendants, relating in any way to the risks of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**: See response to Request No. 29.

**REQUEST FOR PRODUCTION NO. 57**: Copies of all documents relating in any way to all evaluations and/or assessments and/or analyses, performed by or on behalf of the defendants, relating in any way to the side effects of NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57**: See response to Request No. 29.

**REQUEST FOR PRODUCTION NO. 58**: Copies of all documents that relate in any way to any Standard Operating Procedure ("SOP") and/or policy and procedure manuals relating in any way to Defendants pharmacovigilance group, if any, and its composition and responsibilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58**: Teva objects to Request No. 58 and asserts General Objections C, F and G, *i.e.*, objections on the grounds of relevance, time period and vagueness.  Subject to and without waiver of said objections, Teva responds that it will produce all non-privileged documents in its possession, custody and control responsive to such Requests.

**REQUEST FOR PRODUCTION NO. 59**: Copies of all documents that relate in any way to any SOP and/or policy and procedure manuals relating in any way to the content and format of labeling for NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59**: Teva objects to Request No. 59 and asserts General Objections C, F and G, *i.e.*, objections on the grounds of relevance, time period and vagueness.  Subject to and without waiver of said objections, Teva responds that it will produce all non-privileged documents in its possession, custody and control responsive to such Requests, if any.

**REQUEST FOR PRODUCTION NO. 60**: Copies of all documents that relate in any way to any SOP and/or policy and procedure manuals relating in any way to Dear Doctor and/or Health Advisory Letters that relate in any way to NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60**:  Teva objects to Request No. 60 and asserts General Objections C, F and G, *i.e.*, objections on the grounds of relevance, time period and vagueness.  Subject to and without waiver of said objections, Teva responds that, upon information and belief, it is not in possession, custody or control of any documents responsive to this Request.  Teva is cognizant of its obligation pursuant to Fed. R. Civ. P. 26 to supplement this response, insofar as it determines in the future that it is in possession, custody or control of other responsive documents, and will comply with such obligation.

**REQUEST FOR PRODUCTION NO. 61**:  Copies of all documents that relate in any way to any SOP and/or policy and procedure manuals that relate in any way to the content and/or format of package inserts, patient information sheets, and/or other information relating in any way to NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN that were intended for physicians and patients.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61**:  See response to Request No. 59.

**REQUEST FOR PRODUCTION NO. 62**:  Copies of all documents that relate in any way to any SOP and/or policy and procedure manuals that relate in any way to any post-marketing surveillance for NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62**:  See response to Request No. 58.

**REQUEST FOR PRODUCTION NO. 63**:  Copies of all documents that relate in any way to any SOP and/or policy and procedure manuals that relate in any way to any clinical and pre-clinical trials for NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63**:  See response to Request No. 8.

**REQUEST FOR PRODUCTION NO. 64**:  Copies of all documents that relate in any way to any SOP, policy and/or procedure that relate in any way to adverse event reporting, complaints, and/or concerns from physicians, health care facilities, sales persons and representatives, and/or consumers, and/or the reporting of such concerns within your company, and/or to the FDA, or any division thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64**:  See response to Request No. 58.

**REQUEST FOR PRODUCTION NO. 65**:  Copies of all documents that relate in any way to any minutes from meetings, summaries of the minutes of such meetings, and/or summaries of such meetings with any and all physicians and investigators involved with clinical and pre-clinical trials for NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65**: See response to Request No. 8.

**REQUEST FOR PRODUCTION NO. 66**:   Copies of all draft and/or final form Dear Doctor/Healthcare Provider Letters approved for dissemination to doctors and/or healthcare providers that relate in any way to NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66**:  Teva objects to Request No. 66

and asserts General Objections C, F and G, *i.e.*, objections on the grounds of relevance, time

period and vagueness.  Subject to and without waiver of said objections, Teva responds that it is

not in possession, custody or control of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 67**:   Copies of all draft and/or final form Dear Doctor/Healthcare Provider Letters submitted to the FDA that relate in any way to NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67**:  See response to Request No. 66.

**REQUEST FOR PRODUCTION NO. 68**:  Copies of all correspondence with the FDA that relate in any way to any NEURONTIN OR ITS BIOEQUIVALENT GABAPENTIN Dear Doctor/Healthcare Provider Letter, including, but not limited to any and all comments regarding such letters received from the FDA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68**:  See response to Request No. 66.

**REQUEST FOR PRODUCTION NO. 69**:  Produce documents sufficient to show Defendant's organizational structure of the group or groups responsible for GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69**:  See response to Request No. 43.

**REQUEST FOR PRODUCTION NO. 70**:  Produce all minutes (both official and internal) reflecting contacts with FDA regarding GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70**:  Teva objects to Request No. 70

and asserts General Objections C, F and G, *i.e.*, objections on the grounds of relevance, time

period and vagueness.  Subject to and without waiving its foregoing objections, Teva states that

it will produce all non-privileged documents in its possession, custody and control responsive to

this Request, if any.

**REQUEST FOR PRODUCTION NO. 71**:  Produce Defendant's Record-of-Contacts (ROC), which upon information and belief is available in electronic format that reflects Defendant's

contacts with FDA regarding GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71**: Teva objects to Request No. 71

and asserts General Objections C, E, F and G, *i.e.*, objections on the grounds of relevance,

control, time period and vagueness. Subject to and without waiving its foregoing objections,

Teva states that it will all produce non-privileged documents in its possession, custody and

control responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 72**: Produce Defendant's internal correspondence documents, including but not limited to email and attachments, if any, regarding anticonvulsants, including GABAPENTIN, and suicidality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72**: Teva objects to Request No. 72

and asserts General Objections C, D, F and G, *i. e.*, objections on the grounds of relevance,

privilege, time period and vagueness. Subject to and without waiving its foregoing objections,

Teva states that it will produce all non-privileged documents in its possession, custody and

control responsive to this Request, if any, relating to gabapentin.

**REQUEST FOR PRODUCTION NO. 73**: Produce documents which reflect any post marketing psychiatric or psychobiologic adverse events concerning GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73**: See response to Request No. 29.

**REQUEST FOR PRODUCTION NO. 74**: Produce documents sufficient to identify Defendant's post-marketing surveillance for NEURONTIN and/or GABAPENTIN, used alone or in combination with other drugs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74**: See response to Request No. 29.

**REQUEST FOR PRODUCTION NO. 75**: Produce documents to or from any source that identify potential psychiatric risks and/or adverse reactions potentially resulting from the use of NEURONTIN and/or GABAPENTIN, used alone or in combination with other drugs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75**: Teva objects to Request No. 75

and asserts General Objections A, B, C, D, E, F, G and J, *i. e.*, objections on the grounds of

undue burden, information within Plaintiffs' possession, relevance, privilege, control, time

period and vagueness and expert disclosure. Subject to and without waiver of said objections,

Teva responds that it will produce its adverse event reports, and related documents, relating to

the use of gabapentin, as well as the product labeling for its gabapentin products.

**REQUEST FOR PRODUCTION NO. 76**: All documents reflecting any internal discussion by Defendants employees concerning the potential psychiatric risks or adverse reactions in individuals which may have been associated with or caused by the use of NEURONTIN and/or GABAPENTIN, when used alone or in combination with other drugs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76**: See response to Request No. 75.

**REQUEST FOR PRODUCTION NO. 77**: A copy of each document sent to or received from the FDA regarding the potential psychiatric risks or adverse reactions in individuals potentially associated with or caused by the use of NEURONTIN and/or GABAPENTIN and/or Pregabalin when used alone or in combination with other drugs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77**: See response to Request No. 75.

**REQUEST FOR PRODUCTION NO. 78**: All medical literature pertaining to NEURONTIN, GABAPENTIN and/or anticonvulsants possessed by Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78**: Teva objects to Request No. 78

and asserts General Objections A, B, C, E, F and G, *i. e.*, objections on the grounds of undue

burden, information within Plaintiffs' possession, relevance, control, time period and vagueness.

Subject to and without waiver of said objections, Teva responds that this Request calls for

published reports from publicly available scientific/medical literature, which documents are

equally available to Plaintiffs as to Teva.

**REQUEST FOR PRODUCTION NO. 79**: Documents sufficient to show the organizational structure of the group or groups responsible for marketing GABAPENTIN, including the names of all sales representatives or detail representatives, if any, who called upon Plaintiffs prescribing healthcare provider for NEURONTIN and/or GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79**: See Response to Request No. 43.

Teva responds further that it did not and does not employ any sales representatives or detail

persons who call upon physicians, individual pharmacies or other healthcare providers regarding

gabapentin, and, accordingly, is not in possession, custody or control of any documents

responsive to that aspect of this Request.

**REQUEST FOR PRODUCTION NO. 80**:  Data from databases concerning GABAPENTIN: Adverse Events; Medical/Clinical Communications; Sales Call Tracking; IMS; Clinical Trial; Medical Literature.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80**:  Teva objects to Request No. 80

and asserts General Objections A, B, C, E, F and G, *i. e.*, objections on the grounds of undue

burden, information within Plaintiffs' possession, relevance, control, time period and vagueness.

Subject to and without waiver of said objections, Teva responds that to the extent it has

document responsive to this Request, upon information and belief, such documents are subsumed

within documents produced pursuant to Plaintiffs' other Requests.  Teva is cognizant of its

obligation pursuant to Fed. R. Civ. P. 26 to supplement this response, insofar as it determines in

the future that it is in possession, custody or control of other responsive documents, and will

comply with such obligation.

**REQUEST FOR PRODUCTION NO. 81**:  For each Defendant sales representative that called upon or had communication with the pharmacy that dispensed GABAPENTIN to Plaintiff, please identify and produce:

    a.     his/her custodial files, including all traditional "paper" documents, and computer files pertaining to GABAPENTIN;

    b.     any and all sales call notes or other documents that reflect or refer to any communications;

    c.     journal articles, slim jims, informational material or promotional information that the Defendant sales representative distributed to or discussed with said pharmacy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81**:  Teva objects to Request No. 81

and asserts General Objections C and E, *i. e.*, objections on the grounds of relevance and control.

Subject to and without waiver of said objections, Teva responds that it did not and does not

employ sales representatives that call on individual pharmacies or otherwise distribute any

promotional items to pharmacies relating to gabapentin, and accordingly, is not in possession,

custody or control of any documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 82**:  Produce all documents that describe the method whereby you receive, collate, analyze, report, follow-up, investigate and then disseminate or make available to members of the medical profession reports of precautions, adverse reactions, adverse events and contraindication to the use of Defendants' GABAPENTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82**:  Teva objects to Request No. 82

and asserts General Objections C, F and G, *i. e.*, objections on the grounds of relevance, time

period and vagueness.  Subject to and without waiver of said objections, Teva responds that its

warnings and communications to the medical profession regarding the use of gabapentin are

embodied in its package inserts/outserts for gabapentin, as revised from time to time, which

documents will be produced.

**REQUEST FOR PRODUCTION NO. 83**:  Produce documents identifying the name and address of any persons with personal knowledge of the matters alleged by the Plaintiffs in this proceeding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83**:  Teva objects to Request No. 83

and asserts General Objections B and J, *i. e.*, objections on the grounds of documents or

information within Plaintiffs possession and expert disclosure.  Subject to and without waiver of

said objections, Teva states that it has not yet identified witnesses who will or may testify on its

behalf in this action.  Teva reserves the right to identify specific fact witnesses in response to

duly promulgated Fed. R. Civ. P. 30(b)(6) deposition notices, and to identify its testifying expert

witnesses at the time appointed therefore.

**REQUEST FOR PRODUCTION NO. 84**:  Provide all Medwatch reports or adverse event reports in your possession with respect to GABAPENTIN and/or NEURONTIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84**:  See response to Request No. 29.

**REQUEST FOR PRODUCTION NO. 85**:  Provide all documentation in Defendants' possession, if any, demonstrating that the FDA reviewed and considered GABAPENTIN and/or NEURONTIN's association with suicidality, suicide, suicide attempt, suicide gesture, suicide ideation, depression, agitation, mood and behavioral disturbances.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85**:  Teva objects to Request No. 85 and asserts General Objections A, B, C, E, F, G, J and K, *i. e.*, objections on the grounds of undue burden, information within Plaintiffs' possession, relevance, control, time period, vagueness, expert disclosure and impermissible discovery.  Subject to and without waiver of said objection, Teva responds that it has not to date identified any documents responsive to this Request, other than adverse event reports, which it will produce pursuant to Request No. 29, and product labeling, which it will produce pursuant to Request No. 20.  Teva is cognizant of its obligation to supplement this response insofar as it subsequently identifies or discovers any additional responsive documents, and will comply with such obligation.

## CERTIFICATE OF SERVICE

I certify that on this date I caused Defendant Teva Pharmaceuticals USA, Inc.'s Objections and Responses to Plaintiffs' Requests for the Production of Documents and Data, to be served by electronic mail and U.S. Mail upon the following individuals:

Kenneth B. Fromson, Esquire
Keith Altman, Esquire
Finkelstein & Partners, LLP
1279 Route 300
P.O. Box 111
Newburgh, NY 12551
845-562-0203
Kfromson@lawampm.com
Kaltman@lawampmmt.com

***Attorneys for Plaintiffs***

Lisa M. Norrett, Esquire
McKenna, Long & Aldredge, LLP
1900 K Street, North West
Suite 100
Washington, DC 2006
202-496-7500
lnorrett@mckennalong.com

***Attorneys for Actavis, Inc., Actavis Elizabeth, LLC,***
***And Purepac Pharmaceutical Co.***

Charles E. Dorkey, III, Esquire
McKenna, Long & Aldredge, LLP
230 Park Avenue
New York, NY 10169
212-950-8330
cdorkey@mckennalong.com

***Attorneys for Eon Labs, Inc., Sandoz, Inc., and***
***Novartis Pharmaceuticals Corporation***

Date:  July 2, 2010                        /s/ U. Gwyn Williams
      Boston, MA                        U. Gwyn Williams
                                               Goodwin Procter LLP
                                               Exchange Place
                                               Boston, MA 02109-2881
                                               617.570.1000
                                               gwilliams@goodwinprocter.com