# EXHIBIT G

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIA BISHOP and KAREN BISHOP,

    Plaintiffs,

v.                        Case No. 8:02-cv-1533-T-30TBM

HOFFMAN-LA ROCHE, INC., et al.,

    Defendants.
                     /

**O R D E R**

THIS MATTER is before the court on the following motions:

(1) **Plaintiffs' Motion to Compel Better Responses from Defendants to Plaintiffs' Interrogatories** (Doc. 53) and Defendants' response in opposition (Doc. 64);

(2) **Plaintiffs' Motion to Compel Better Responses from Defendants to Plaintiffs' Request for Production** (Doc. 54) and Defendants' response in opposition (Doc. 64); and

(3) **United States Defendants' Motion to Compel Better Discovery Responses and Memorandum of Law in Support** (Docs. 79-80) and Plaintiffs' response in opposition (Doc. 90).

A hearing on these discovery matters was conducted on August 13, 2003.

    For reasons stated at the hearing, the court does not intend to address each and every specific interrogatory or discovery request cited in the Plaintiffs' pleadings. Instead, the court will attempt to establish the parameters of discovery for the areas addressed at the hearing.

)                                                        )

Beyond this, the court expects these experienced counsel to cooperate fully in satisfying each party's discovery obligations. A more particular order is entered regarding Defendants' motion to compel.

According to Plaintiffs, the parties have been unable to work through several broad categories of discovery. The initial dispute relates to Plaintiffs' concerns over the search protocol employed by the Defendants[1] in answering prior discovery requests. Plaintiffs complain that discovery produced to them in this case has not been consistent with discovery produced by Defendants in similar litigation elsewhere. This raises concerns over the completeness of Defendants' production and more particularly, over the effectiveness of the search protocol employed by Defendants to produce its discovery responses in this case. Plaintiffs next complain that they have been unable to obtain discovery related to Defendants' corporate structure and in particular, areas of responsibilities within the various entities and organizational charts for pertinent departments within these entities. Plaintiffs further complain that Defendants have not provided so-called foreign documents necessary and appropriate for discovery. Plaintiffs also complain that they have been prevented from adequate discovery related to the "science" of the Accutane product at issue in this case. To this end, Plaintiffs complain that they have been unable to explore the internal debate within Roche regarding Accutane as well as the internal discussions within Roche prompted by inquiries or criticisms from the FDA or Congress. The parties also dispute the temporal

---

[1] It appears from Plaintiffs' motions that the discovery was propounded to Hoffman-La Roche, Inc., and Roche Laboratories, Inc. The Defendants are commonly referred to as "Roche."

2

)                                                    )

scope of Plaintiff's discovery, as well as the appropriateness of Plaintiffs' inquiry into possible effects of Accutane on the central nervous system.

In response, the Defendants claim their discovery response in this case, coupled with the discovery responses in similar litigation (which is available to Plaintiffs' counsel), has been voluminous and is ongoing. Thus, they claim to have produced thousands of pages of documents either in hard-copy or by way of computer databases containing information relevant to this litigation and their product, Accutane. Defendants also suggest that they have proceeded with discovery production according to the thoughtful procedures and rulings of the state court in New Jersey, in the so-called *Palazzolo* litigation, and that Plaintiffs, through counsel, have received considerable discovery from that litigation as well. They contend that Plaintiffs have received their full complement of discovery related to the "science" of Accutane, and deny that additional discovery of any internal debate about the product is appropriate. They object to Plaintiffs efforts to discover the "flurry of activity" allegedly surrounding their responses to inquiries or criticisms of the FDA or Congress. Defendants essentially maintain that their duties to produce discovery in this case should be coextensive with their duties to report matters to the FDA. As for the temporal and geographic scope of discovery, Defendants have established the end of 2001 as the appropriate cut-off for its production. Defendants do not agree to voluntarily produce witnesses from any of their related companies in foreign countries or their subsidiaries and have asserted as to some discovery that they have no production obligations for documents in the custody or control of these foreign companies.

3

)                                                               )

Addressing these broad areas of dispute, the court concludes as follows. The Plaintiffs may pursue their inquiry into the adequacy of the Defendants' discovery responses by further inquiry into the adequacy of Defendants search protocol used to respond to prior discovery requests. Whether this inquiry is made by further conference with counsel, discovery obtained in other ongoing litigation, or through formal discovery process, such as by Rule 30(b)(6) depositions, this is an area Plaintiffs may explore.[2] Plaintiffs are also entitled to discover the legal relationship between the Defendant corporations[3] and their related or affiliated companies to the extent that any such company engages in or has engaged in activity related to the Accutane product. Thus, for any of these companies which have or had a role in the development, testing, manufacture, marketing, distribution, sales, or post sales activities such as surveillance and monitoring or government compliance activities for the product Accutane or its equivalent overseas, Plaintiffs may seek particularized information concerning the activities of these companies, its departments, and its pertinent personnel, to the extent that such discovery is relevant to their claims or the defenses in this case.[4] The Plaintiffs have the right to fully explore the "science" of Accutane insofar as the science is made relevant by

---

[2]This inquiry is justified by the seemingly inconsistent production of documents in various proceedings of this sort involving Accutane. For example, the production of so-called source documents in Illinois litigation but not previously produced in this litigation suggest that further inquiry by the Plaintiffs into Defendants' search parameters is warranted.

[3]The identity and relationship of the various Roche companies is addressed in a pending motion to dismiss. See (Doc. 73 at 3-4).

[4]Plaintiff may employ any method of discovery permitted under Rule 26 to obtain this information. It is suggested however that counsel confer on these matters first to narrow the scope of the inquiry and to avoid the waste of time and the clients' resources.

4

their claims in this litigation. At present, the pertinent science relates to the possible psychiatric or psychological effects of Accutane and does not include Plaintiffs' inquiry into complaints of central nervous system problems arising from the use of Accutane.

The mere fact that one or more of these pertinent companies or affiliates may reside in, or conduct business in a foreign country is, in and of itself, no defense to Plaintiffs' efforts to conduct relevant discovery. Thus, to the extent that Roche may engage, for instance in scientific activity or marketing activity or surveillance/monitoring activity through overseas entities, this is no bar to Plaintiffs' discovery efforts as permitted by Rule 26 and relevant case law. To the extent that Defendants have possession, custody, or control over relevant documents or information kept overseas, they should be produced regardless of where they are situated. Similarly, to the extent that Defendants are capable of responding to interrogatories related to their activities or the activities of related companies or affiliates overseas, they are obliged to respond fully to those interrogatories. Claims of privilege or confidentiality should be made with particularity as required by Rule 26.

Plaintiffs' suggestion that they must explore the "flurry of activity" surrounding prior inquiries or criticism by the FDA or Congress is overbroad. To the extent that Plaintiffs wish to explore the alleged dissenting views within the Roche companies on matters such as product safety (as in possible psychiatric side effects) or adequacy of warnings related to Accutane or the similar overseas products, they should fashion Rule 26 discovery expressly directed to such matters.

5

)                                                              )

Obviously, Defendants' suggestion that their discovery obligations in this case should be coextensive with their duties and obligations to report to the FDA is rejected as unduly restrictive of Plaintiffs' right to discovery under Rule 26. Furthermore, in the court's view, the temporal scope of Plaintiffs' discovery should extend at least through the end of June 2002 in order to incorporate the most recent label change made by the Defendants.

Regarding the Defendants Hoffman-La Roche, Inc.'s and Roche Laboratories, Inc.'s motion to compel, it appears from the hearing that the parties have agreed on a number of purportedly disputed matters. To the extent that the parties have agreed on the production of additional discovery, such production shall occur within thirty (30) days. As for areas still in dispute, defense counsel identifies the following as still unresolved: Defendants' inquiry into the decedent's e-mail, the tax returns of the Plaintiffs, the criminal and juvenile history of the Plaintiffs and the decedent, matters related to the psychiatric history of the Plaintiffs, and the setting of depositions. Additionally, Defendants identify a contention interrogatory inquiring as to what Plaintiffs suggest Defendants should have included in their public notices.

Plaintiffs' counsel indicates no opposition to Defendants' discovery of the decedent's e-mail for the period one year prior to his death. The parties should confer on this and agree on the process by which such discovery may best be obtained. To the extent that the Defendants seek tax returns for six years from Karen Johnson, the matter appears overbroad and not likely relevant to any claims or defenses of the parties. Accordingly, Plaintiffs need not provide such information without additional showing of relevance. With respect to *interrogatories* directed toward the criminal and juvenile offense history of the Plaintiffs and

)                                                    )

the decedent, the Defendants' motion is granted in part. Specific inquiries as to each shall be answered for that period of time extending back ten years. The motion is also granted as to Defendants' interrogatories inquiring into the mental and emotional health history of the Plaintiffs or the decedent (without time limitation). Further, to the extent that Plaintiffs have personal knowledge regarding the mental health history of the decedent's father, they should answer any applicable interrogatory. Beyond these disclosures, at present, I find the inquiry at interrogatory eleven regarding mental health histories of extended family members to be overbroad, and accordingly, Plaintiffs' objections are sustained.[5] Insofar as Defendants have propounded contention interrogatories which seek to inquire of what Plaintiffs suggest Defendants should have said or done regarding their notices concerning Accutane, the motion is denied without prejudice. After the point in time when Plaintiffs have revealed their experts, the matter may be revisited.

Also, as addressed at the hearing, parties should move forward in conducting depositions in this case. The pendency of a motion to dismiss related to some of the Defendants should not delay in any party's efforts to obtain discovery, whether by deposition or otherwise.

To the extent not granted, the motions are denied. Any production ordered herein is not intended to require any party to duplicate its prior productions. Where any party believes

---

[5]It is unclear to the court what has become of Defendants' discovery efforts in Massachusetts. As these events relate to any Plaintiff's mental health history, they appear relevant, and the court expects the parties to cooperate in this discovery. Claims of privilege should be addressed specifically as required by Rule 26.

that it has fully complied with discovery or already provided same, it should so notify the opposing parties.

Accordingly, it is **ORDERED** that **Plaintiffs' Motion to Compel Better Responses from Defendants to Plaintiffs' Interrogatories** (Doc. 53), **Plaintiffs' Motion to Compel Better Responses from Defendants to Plaintiffs' Request for Production** (Doc. 54), and **United States Defendants' Motion to Compel Better Discovery Responses** and **Memorandum of Law in Support** (Docs. 79-80) are **GRANTED in part** and **DENIED in part** as set forth herein.

**Done and Ordered** in Tampa, Florida, this 14th day of August 2003.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

8