UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x

In re: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

------------------------------------------------------------x

THIS DOCUMENT RELATES TO:

*Keith P. Edwards v. Pfizer Inc,*
Case No. 05-cv-11701

*Cynthia Ulett Lynch v. Pfizer Inc,*
Case No. 07-cv-11280

*Teresa Teater v. Pfizer Inc,*
Case No. 05-cv-12123

FAITH FORD
*Leroy Anderson, et al. v. Pfizer Inc, 05-cv-10835*

BETSY LINDLEY MILLER
*Jesse Allen, et. al. v. Pfizer Inc, 07-cv-11795*

------------------------------------------------------------x

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL COMPLETE DISCOVERY RESPONSES

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this memorandum in support of their Motion to Compel Plaintiffs Faith Renee Ford, Teresa Teater, Betsy Miller, Keith Edwards, and Cynthia Lynch ("*pro se* Plaintiffs" or "Plaintiffs") to provide full and complete responses to discovery in accordance with this Court's December 6, 2010 Order and Federal Rule of Civil Procedure 37(a).

### PRELIMINARY STATEMENT

Each Plaintiff subject to the underlying motion is currently proceeding *pro se*. While this litigation has been ongoing for many years, these Plaintiffs still have failed to fully comply with their discovery obligations. Their minimal discovery efforts fall far short of satisfying their obligations under the Federal Rules of Civil Procedure and orders of this Court. Thus, Pfizer has

been forced to seek an order compelling full and complete responsive materials from these Plaintiffs.

Plaintiffs Ford and Miller were previously represented by the Boone Law Firm, but that firm moved to withdraw on August 18, 2010. [3038; 3041]. They have since elected to pursue their claims without legal representation. Plaintiffs Teater, Edwards, and Lynch filed *pro se* complaints and have not been represented by counsel in this litigation. On August 11, 2010, this Court ordered that Defendants serve upon all *pro se* Plaintiffs

> (a) a copy of the template discovery to complete; (b) blank medical authorizations to be filled in by the pro se Plaintiff; (c) a blank form on which the pro se Plaintiff must list the name, address and contact information for each healthcare provider during the relevant period; (d) a document for listing the date of the alleged injury; and (e), if applicable, the death certificate and letters testamentary.

(Pro Se Products Cases Discovery Order [3026] at 1.) *Pro se* Plaintiffs were required to produce outstanding materials, if any, by November 30, 2010, and the Court noted that failure to meet this deadline "may result in the dismissal of a Plaintiff's case." (*See id.* at 2.) On September 30, 2010, Defendants sent any outstanding materials to the *pro se* Plaintiffs pursuant to the Court's order, and requested that they return the completed documents by November 30, 2010. (*See* Ex. A, letters to *pro se* Plaintiffs.)

Each of these Plaintiffs has provided to Pfizer some form of discovery responses, but these responses and materials are largely incomplete and inadequate. For instance, their medical provider lists (for those who have provided them) are far short of comprehensive, record production efforts are insufficient, and interrogatory answers are often non-responsive and pervasively incomplete. These deficiencies are explained in greater detail with regard to each individual case below.

On December 6, 2010, this Court issued the following ruling with regard to *pro se* Plaintiffs:

> By December 10, 2010, defendants shall serve the attached pro se discovery upon any pro se plaintiff they contend has failed to produce the template. Regarding those pro se plaintiffs the Defendants contend made non-compliant or inadequate

discovery responses, Defendants may file motions to compel by December 20, 2010. A failure to comply with any order compelling further disclosure may result in sanctions and/or dismissal of the case for failure to comply with the Court's Orders, failure to prosecute and/or as a sanction.

(Revised Scheduling Order For All Product Liability Cases [3141] at 1-2.)[1]  As such, in accordance with this Court's orders and Federal Rule of Civil Procedure 37(a), Pfizer now seeks to compel full and complete discovery from these Plaintiffs.

## ARGUMENT

The Federal Rules of Civil Procedure provide, "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" against a party who fails to answer an interrogatory pursuant to Rule 33 or produce materials requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). For the purposes of this Rule, incomplete responses are treated the same as failures to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). Furthermore, this Court recognized in June 2008:

> The orderly management of this litigation requires the parties to heed the Court's orders and to pursue their claims in a diligent and timely fashion. . . . The Court is "free to enforce its discovery rules by ordering compliance, sanctions, or any other appropriate remedy." *Samos Imex Corp. v. Nextel Communications, Inc.*, 194 F.3d 301, 305 (1st Cir. 1999).

(Discovery Order No. 25 [1335] at 5.)

Even though the *pro se* Plaintiffs provided some responses, these cases cannot proceed upon discovery responses that are incomplete. *See, e.g., Green v. Wells Fargo Home Mortgage, Inc.*, No. 4:07CV01055-WRW, 2008 WL 5423244, at *1 (E.D. Ark. Dec. 23, 2008) (granting motion to compel discovery where party responded to some but not all discovery requests); *John Doe HM v. City of Creve Coeur, Mo.*, No. 4:07CV00946 ERW, 2008 WL 4104558, at *1 (E.D. Mo. Aug. 29, 2008) (granting motion to compel where party untimely provided "wholly inadequate" discovery responses). Based on the materials provided, Pfizer lacks sufficient

---

[1] Given the Court's December 6, 2010 Order, this motion does not encompass those *pro se* Plaintiffs who have failed to produce template discovery, since those Plaintiffs have until January 10, 2010, to comply with their discovery obligations or face dismissal of their cases. (*See* Order to Pro Se Plaintiffs To Comply And Notice of Possible Dismissal [3141].)

information to prepare a defense, depose witnesses, and conduct further discovery. Thus, this Court should issue an order compelling these *pro se* Plaintiffs to provide full and complete responses to Defendants' discovery requests.

Plaintiffs' individual deficiencies, which the Court should order them to correct, are explained in detail below.

### A. Former Boone Plaintiffs

As noted above, Plaintiffs Ford and Miller were previously represented by the Boone Law Firm in this litigation. The Boone Law Firm moved to withdraw from representation on August 18, 2010, because of "irreconcilable differences," and because Plaintiffs had not kept their counsel "informed of [their] new address[es] nor [had they] timely returned and/or completed adequate medical provider list or accurate medical authorizations." [3039, 3042] The Boone Law Firm had served certain discovery on behalf of these Plaintiffs prior to its withdrawal, and for that reason, many of the global deficiencies outlined in Defendants' concurrently-filed motion to compel regarding Plaintiffs represented by the Boone Law Firm apply to Plaintiffs Ford and Miller as well. Defendants, therefore, incorporate the general deficiencies outlined in that motion here, and will not reargue them for the sake of efficiency.

#### 1. Faith Renee Ford

Ms. Ford failed to provide Defendants with a comprehensive list of medical providers to which they are entitled. Plaintiff's Interrogatory Responses only identify two medical providers for Ms. Ford over the last twenty years, and her medical records also appear inadequate. She has produced only 41 pages of documents to date, and has not produced any authorizations for non-medical records.

In addition, there are numerous deficiencies in Ms. Ford's Interrogatory responses, which include the following: Plaintiff did not confirm or deny whether she has ever been known by any other name, and failed to provide the address of her former spouse (*see* Ex. B, Faith Ford May 2, 2007 Resp. to Interrogs., Resp. No. 1); Plaintiff failed to provide the date each residency was commenced and terminated, and has inappropriately limited the relevant timeframe of her

response (*see id.* at No. 2); Plaintiff failed to identify the nature of her work at each of her jobs, the reason for her termination of employment with each employer, failed to identify any coworkers, and failed to provide the surname for one of her immediate supervisors (*see id.* at No. 3); Plaintiff failed to provide addresses for all but one of the ten persons she is closest to (*see id.* at No. 4); Plaintiff failed to provide any information as to organizations to which she belonged (*see id.* at No. 5); Plaintiff provided only objections without responses relating to her bank accounts or any debts she owed (*see id.* at Nos. 8, 9); Plaintiff failed to state the name or specialty of the healthcare provider performing her psychiatric treatment or the dates the therapy was received (*see id.* at No. 10); Plaintiff failed to identify the name of her paternal grandfather who committed suicide or the reasons for his suicide, and failed to provide details and dates regarding her own alleged attempts (*see id.* at No. 11); Plaintiff provided the names of only two healthcare professionals or facilities, but failed to provide the name and address of each person who attended to or treated her and the dates of such treatment, or the names and addresses of any witness with knowledge of her treatment (*see id.* at No. 12); Plaintiff failed to state the name and addresses of witnesses with knowledge of the prescription or other medications Plaintiff took, the prescribing professional, the name of the prescription, the prescription dosage, each date the prescription was prescribed, where the prescription was filled, the reason for the prescription and whether the prescription was effective at treating the condition for which it was prescribed, and – though she provided some prescription records – those records do not fully answer each of these questions (*see id.* at No. 14); Plaintiff failed to provide the dates of attendance for the one school she listed, failed to identify schools prior to high school, and failed to provide a reason for not graduating (*see id.* at No. 15); Plaintiff simply referred to general materials versus providing an individual response (*see id.* at No. 16); Plaintiff provided only an objection without a response relating to the computation of Plaintiff's damages, expert witnesses, documentary evidence, and insurance information (*see id.* at Nos. 19, 20, 21, 24); and Plaintiff failed to respond with specific information about responders or witnesses to any alleged suicide attempt or incident (*see id.* at No. 25).

### 2. Betsy Miller

The medical provider list for Ms. Miller only identifies one medical provider, which is obviously inadequate, and it further does not specify who prescribed Neurontin or provide the date ranges for which it was prescribed. In her Interrogatory response, Ms. Miller only identified one medical provider that is different from the medical provider mentioned in her medical provider list. Also, Defendants appear to be missing many medical records given that Ms. Ford has only produced 102 pages of documents to date, and has not produced any authorizations for non-medical records.

Ms. Miller provided no substantive response to the majority of Defendants' Interrogatories. For example, she wrote only "N/A," "to be supplemented," gave no response, or objected in response to Interrogatory Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 17, 19, 20, 21, 22, 23, 24, and 25. (*See* Ex. C, Betsy Miller Resp. to Interrogs.) Accordingly, she provided no information as to (for example) employment, any individual to whom she is close, leisurely activities, organizational membership, alcohol and drug use, anyone with relevant facts to this case, bank account and debt information, mental health treatment, family and personal history of mental illness, criminal history, education, communications with Pfizer or the FDA, or any witnesses with knowledge about her medications. In the few Interrogatories to which she provided some response, there were several deficiencies, including as follows: Plaintiff responded "to be supplemented" regarding the most basic request for information about her family life, did not confirm or deny whether she has even been known by any other name, and wrote "N/A" regarding the rest of the request, including whether she has ever been married or had children (*see id.* at No. 1); Plaintiff listed only one residence, failed to specify when she began living there, and failed to state whether any other individuals resided with her (*see id.* at No. 2); Plaintiff only identified one healthcare provider and failed to state what she was treated for, her dates of treatment, the name of any attending personnel, and the name and address of any witnesses (*see id.* at No. 12); and Plaintiff simply referred to general materials versus providing an individual response (*see id.* at No. 16).

### B. Teresa Teater

Plaintiff Teater has not provided a medical provider list. Medical records also appear to be missing, given that she has only produced approximately 120 pages of documents to date, with only 12 pages of those being medical and pharmacy records.

There are further numerous deficiencies in Ms. Teater's Interrogatory responses, which include the following: Plaintiff failed to provide an address for her former spouse, and information regarding their marriage (*see* Ex. D, Teresa Teater Resp. to Interrogs., Resp. No. 1); Plaintiff failed to provide a legible response, failed to provide complete addresses for certain entries, failed to provide the dates when each residency was commenced and terminated, and to state whether any other individuals resided at each location (*see id.* at No. 2); Plaintiff failed to legibly provide dates for each job, intelligible information as to the reasons for her employment termination, and any individuals who worked closely with her at each job or supervisors (*see id.* at No. 3); Plaintiff failed to include a single individual in response to a request for ten people whom she has been close to, stating that she has "no friends" (*see id.* at No. 4); Plaintiff failed to state whether she ever took prescription drugs that were not prescribed for her, or whether she ever sought treatment for alcohol or drug use (*see id.* at No. 6); Plaintiff failed to provide bank account numbers, the names under which they were maintained, the inclusive dates her accounts were maintained, and the identity of the person who had possession of any statements or checks relating to the accounts (*see id.* at No. 8); Plaintiff failed to provide the name, address, or specialty of any person from whom she procured psychiatric treatment, the nature of the therapy or the dates the therapy was received (*see id.* at No. 10); Plaintiff failed to provide any incidents of mental illness for herself (*see id.* at No. 11); Plaintiff failed to identify healthcare professionals who provided care to her during the relevant timeframe, referring only to a one week stay in a hospital for an unspecified reason at an unspecified location (*see id.* at No. 12); Plaintiff stated she does not know the answer to this request, which is inadequate and fails to provide the requested information about her use of prescription medications, including Neurontin (*see id.* at No. 14); Plaintiff solely identifies David Franklin's statements on NBC in response to

7

whether Plaintiff communicated with Defendants (*see id.* at No. 16); Plaintiff provided an unintelligible answer for her computation of damages – "5 yrs. of hell" and "10 yrs. of paper wrangeling [sic]. . ." that adds up to "15 yrs pain, suffering, putting up with Pfizer lies" (*see id.* at No. 19); Plaintiff failed to state the names and addresses of any individuals who would have knowledge of her internet postings, and failed to specify whether she was contacted by anyone regarding adverse events related to Neurontin (*see id.* at No. 23); Plaintiff wholly failed to identify government or private payors that provided her insurance during the applicable time period, or any insurance or carrier information whatsoever, instead claiming that the information was "provided . . . in Plaintiff signing Medicare Release" (*see id.* at No. 24).

    **D.**    **Keith Edwards**

Mr. Edwards has failed to produce a single medical record to date. In fact, he has provided almost no documentation of his claims at all. Further, the medical provider list for Mr. Edwards only identifies three medical providers, and he did not specify the date ranges for which Neurontin was prescribed, and has not produced any authorizations for non-medical records.

In addition, there are numerous deficiencies in Mr. Edwards's Interrogatory responses, which include the following: Plaintiff failed to provide his social security number, spouse's social security number, the date and place of marriage, and did not confirm or deny whether he has even been known by any other name (*see* Ex. E, Keith Edwards November 29, 2010 Resp. to Interrogs., Resp. No. 1); Plaintiff listed only one past residence, beginning in April of 1984, and stated that beginning in October 20, 1988, he was incarcerated, but failed to provide the name, location or address of the prison facility where he currently resides (*see id.* at No. 2); Plaintiff listed only three of the ten requested individuals he is close to and Plaintiff failed to provide an address for two of the three individuals (*see id.* at No. 4); Plaintiff failed to provide the "amount, frequency, and type of [alcoholic] beverage consumed," failed to provide the "dosage and frequency" of his use of marijuana and cocaine, failed to provide the name of any healthcare professional involved in his treatment, failed to be specific as to the type of treatment he underwent (referring to "a host of other interrelated criminal thinking and behavior programs"),

and failed to provide any addresses for the treatment facilities (*see id.* at No. 6); Plaintiff did not answer several Interrogatories, and only supplied an evasive response of "not applicable," which provides no information regarding (for example) persons who may have knowledge of the facts relevant to this case, bank accounts, or debts (*see id.* at Nos. 7, 8, 9, 22); Plaintiff failed to state the name, address, or specialty of any person who performed any psychiatric treatment, the name or location of any facility where he obtained such treatment, and the dates that any such treatment was received (*see id.* at No. 10); Plaintiff failed to specify the facility where he was treated, failed to provide the dates of any illness, failed to provide any names or addresses for any person who attended or treated him, failed to provide his dates of treatment, and failed to provide the names and addresses of any witness with knowledge of treatment (*see id.* at No. 12); Plaintiff responded "currently incarcerated" to a request for his criminal history, but failed to provide the nature of the offense he was charged with and presumably incarcerated for, the name of the court in which the proceeding was held, the sentence or punishment imposed for the offense, the name and address of the institution he is currently confined in, and the name and last known address of any probation or parole office assigned to his case (*see id.* at No. 13); Plaintiff failed to provide the name of the prescribing healthcare professional, the date each prescription was prescribed, the reason for the prescription, and whether it was effective at treating the condition for which it was prescribed (*see id.* at No. 14); Plaintiff failed to provide a computation of any category of damages claimed, instead listing his alleged injuries (*see id.* at No. 19); Plaintiff solely disclosed himself as a witness at trial (*see id.* at No. 20).

      E.      **Cynthia Lynch**

Plaintiff Lynch's medical provider list is clearly inadequate, as she listed the name of only one medical provider. Plaintiff has also only produced less than ten pages of medical and pharmacy records to date.

Further, There are numerous deficiencies in Ms. Lynch's Interrogatory responses, which include the following: Plaintiff failed to provide an address for Ivan Ulett (*see* Ex. F, Cynthia Lynch Resp. to Interrogs., Resp. No. 1); Plaintiff provided only street names and numbers for

residences, which are unhelpful without the state or city where she lived, only identified her "spouse" as a cohabitant, and only provided addresses from 1997 (*see id.* at No. 2); Plaintiff failed to provide full dates of employment, any reasons for termination, the nature of her work, any co-workers that she worked closely with, and the full names of supervisors, only provided the name of her employers and not addresses, wrote "self-employed" for five years but provided no explanation as to what that meant, and only provided employment through 2004 (*see id.* at No. 3); Plaintiff failed to provide addresses for the persons she is closest to (*see id.* at No. 4); Plaintiff failed to include information about membership in any organizations (*see id.* at No. 5); in response to questions about bank account and debt information, simply wrote the non-responsive answer "Plaintiff never attempted suicide" (*see id.* at No. 8, 9); Plaintiff failed to provide any information in response to the most critical questions about her mental health, medical treatment, medications, or government or private payors, and instead generally referred to unspecified records without identifying any in particular (*see id.* at Nos. 10, 12, 14, 24); Plaintiff unilaterally imposed a time limitation to this interrogatory, and vaguely refers to "incidents with checks" but fails to provide the requested information (*see id.* at No. 13); Plaintiff provided no responsive answer and simply stated that her answer was "incorporated into this document" (*see id.* at No. 15); Plaintiff claimed that she had communicated with individuals at the FDA and Defendants but failed to list any names and addresses – instead claiming they were "incorporated in these documents" (*see id.* at No. 17); Plaintiff failed to provide any computation of damages, stating that "Plaintiff claimed for damages are Fraudulent" and that while "plaintiff is aware of this information" she "cannot provide an exact computation" (*see id.* at No. 19).

## CONCLUSION

Because of the deficiencies in these *pro se* Plaintiffs' discovery responses, as explained above, Defendants respectfully request that the Court issue an order compelling Plaintiffs Faith Renee Ford, Teresa Teater, Betsy Miller, Keith Edwards, and Cynthia Lynch to provide full and complete responses in accordance with their discovery obligations.

Dated: December 20, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By:   /s/ Mark S. Cheffo
      Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

ROPES & GRAY LLP

By:   /s/ Ana M. Francisco
      Ana M. Francisco
      BBO #564346

Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Email: ana.francisco@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on December 20, 2010.

/s/ Ana. M. Francisco
Ana M. Francisco