# EXHIBIT B

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-3353
EMAIL ADDRESS
CATHERINE.STEVENS@SKADDEN.COM

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

August 4, 2010

BY E-MAIL & OVERNIGHT MAIL
Levi Boone, III
Boone Law Firm, P.A.
401 West Sunflower Avenue
P.O. Box 1772
Cleveland, MS 38732

RE: *Jesse Allen, et al. v. Pfizer, Inc.*, Case No. 07-cv-11795
*Leroy Anderson, et al. v. Pfizer, Inc.*, Case No. 05-cv-10835
*Mary Cooper, et al. v. Pfizer, Inc.*, Case No. 05-cv-10834

Dear Mr. Boone:

   I am writing to address discovery deficiencies concerning the following Plaintiffs subject to the Court's September 14, 2010, initial discovery deadline: Plaintiffs Shirley Drennan, Catherine Duvall, Faith Ford, Galinda Ford, Jerry Lowe, Betsy Miller, Jerry Price, Vanessa Scott, Jack Shoemaker, Louisia Smith, Bernice Thornton, Michael Trim, and Joyce Watson.

   On June 6, 2006, Pfizer served template discovery consisting of: (1) Defendants' First Set of Interrogatories Directed to Products Plaintiffs; and (2) Defendants' First Request for Production of Documents and Things Directed to Products Liability Plaintiffs. (Docket Nos. 333, 334.) On June 19, 2006, Magistrate Judge Sorokin issued an Order directing all Plaintiffs to provide responses to Pfizer's written discovery requests, as modified by the order. (Discovery Order No. 2, dated July 19, 2006, Docket No. 372 at 3-6.) Pursuant to Discovery Order Nos. 2 and 6, the Plaintiffs represented by your firm were required to serve responses to Pfizer's template discovery long ago, including providing valid authorizations and lists of medical providers. (Discovery Order No. 2; Discovery Order No. 6, Docket No.

Levi Boone
August 4, 2010
Page 2

550.) On June 9, 2010, Magistrate Judge Sorokin issued a further Order setting forth the timeframe for completion of initial discovery for these Plaintiffs, and providing until July 7, 2010, to provide the authorizations and provider lists as required by Docket No. 372. (Docket No. 2839.) Lastly, today, August 4, 2010, Magistrate Judge Sorokin granted Defendants' motion to compel the production of certain materials for these Plaintiffs by August 13, 2010.

While Defendants have received untimely responses for some of the above-referenced Plaintiffs represented by your firm, several deficiencies remain. For example, while Plaintiffs have provided certain medical authorizations, they have failed to provide Pfizer with any authorizations for: (1) tax records; (2) Social Security disability records; (3) employer/education records; (4) insurance records; and (5) military records (if applicable). (Discovery Order No. 2 at 3-5.) Further, the medical provider lists provided by these Plaintiffs are woefully inadequate. Several of the provider lists for these Plaintiffs only identify one or two medical providers, with the others only identifying a maximum of six providers. Based on Defendants' long history in this litigation, and our review of similar materials provided by other firms, we find it hard to believe that your Plaintiffs have only seen an average of four medical providers in the last 10-20 years. Additionally, the number of Plaintiff-produced records provided by these Plaintiffs remains insufficient. Based on what Defendants have received from other firms for similar cases over the course of this litigation, Plaintiffs are likely in the possession of additional records, both medical and otherwise, relevant to Plaintiffs' cases and covered by Discovery Order No. 2. With the exception of one Plaintiff, the above-referenced Plaintiffs have only provide an average of 42 pages per case. This is completely inconsistent with our experience in these cases.

In addition to being long overdue, these limited and deficient provider lists, authorizations, and records provided by Plaintiffs make it difficult for Defendants to collect the relevant records necessary to complete Plaintiffs' depositions, and those of their prescribers, before the September 2010 deadline. They also make it difficult for Defendants to comply with their own discovery obligations in these cases. This is particularly problematic given the approaching September deadline.

Please correct these deficiencies and provide any missing materials by August 13, 2010, as directed by Magistrate Judge Sorokin. Also, please provide deposition dates for each of these 13 plaintiffs so that they can take place prior to the September 14 discovery deadline. If you will be unable to do so for any reason,

Levi Boone
August 4, 2010
Page 3

please contact me immediately.  Defendants reserve the right to reschedule any deposition to the extent that we have received the materials necessary to proceed.

Sincerely,

*Catherine Sta*

Catherine B. Stevens

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-3353
EMAIL ADDRESS
CATHERINE.STEVENS@SKADDEN.COM

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

August 26, 2010

BY ELECTRONIC AND U.S. MAIL
Levi Boone, III
Boone Law Firm, P.A.
401 West Sunflower Road
P.O. Box 1772
Cleveland, MS 38732

RE:   Jack Shoemaker v. Pfizer

Dear Mr. Boone:

      I am writing to address Plaintiff Jack Shoemaker's Answer to Defendants' First Set of Interrogatories ("Responses"), which are incomplete and deficient in several key respects, as outlined below. Pfizer accordingly requests that Plaintiff immediately supplement his Responses and other discovery responses pursuant to the Federal Rules of Civil Procedure and the Court's Discovery Order No. 2, and other orders by the Court.

      First, Plaintiff's Responses are based off of an inherently defective form that your firm presumably provided to Plaintiff. Defendants generally object to the provision of a form to each Plaintiff, to the extent it varies from the information requested and or any orders of this Court. However, to the extent a form is utilized, Defendants note that there are several deficiencies. Specifically, missing from your form are many blanks that would allow Plaintiff to provide information that is requested from the Interrogatories. The absence of such blanks when you have provided them in other instances, or the presence too few blanks, implies to Plaintiff that certain information is not required. Examples of deficiencies are outlined below:

Levi Boone, III
August 26, 2010
Page 2

- Interrogatory No. 1 asks Plaintiff to state "any other names that [Plaintiff] has used or was known by, including the dates during which he . . . was known by such other names." Your form, however, fails to provide a blank for Plaintiff to provide such information.

- Interrogatory No. 3 asks Plaintiff to identify "the reason for the termination of the employment," but your form does not provide a blank for Plaintiff to provide such information.

- Interrogatory No. 3 also asks Plaintiff to "identify [his] supervisors, bosses, co-workings and any other employees that he worked closely with for each of his prior places of employment." Your form merely provides a blank for "Immediate Supervisors," which is underinclusive. (*See* Resp. No. 3.)

- Interrogatory No. 4 asks Plaintiff to identify "up to a maximum of 10 persons" to whom Plaintiff was closest to over the last ten years of his life. Your form, however, merely provides four blanks for Plaintiff to fill in, which erroneously implies that Plaintiff only has to disclose four prior relationships.

- Interrogatory No. 6 asks Plaintiff to state "the dosage and the frequency" of his use of illegal drugs and/or or prescription drugs that were not originally prescribed to him. Although your form provides blanks for Plaintiff to state whether he took any such substances, it does not provide any blanks for "the dosage and the frequency" of his use. (*See* Resp. No. 6.)

- Interrogatory No. 12 asks Plaintiff to identify "the date and circumstances of each . . . injury, illness, disease, or affliction" for which treatment was sought. Although your form provides blanks for Plaintiff to identify what he was treated for, it does not include any blanks for Plaintiff to identify the "date and circumstances" of his alleged harm.

Levi Boone, III
August 26, 2010
Page 3

- Interrogatory No. 13 asks Plaintiff to identify any "judgment or plea" that he entered into in connection with an offense. Your form, however, merely provides a blank for "Plea Entered."

- Interrogatory No. 13 also asks Plaintiff to provide the "address of each institution in which Plaintiff was confined or referred for treatment or counseling in connection with [an] offense" and "the name and the last known address of any probation, parole, or juvenile officer assigned to any such case." Your form, however, does not provide any blanks for such information.

- Interrogatory No. 14 asks Plaintiff to "state the name of the prescribing health-care professional," but your form does not provide any blanks for such information.

- Interrogatory No. 14 asks Plaintiff to identify "each date that the prescription was prescribed." Your form, however, merely asks for "Date Prescribed," which is underinclusive because it erroneously suggests that Plaintiff need only provide the initial or one date of his prescription.

Second, no fewer than eight of Plaintiff's Responses were left completely blank. (*See, e.g.*, Response Nos. 4, 6, 10, 11, 13, 22, 24, 25.) It is unacceptable that Plaintiff has left nearly one-third of Defendants' Interrogatories unanswered. This is especially true in light of the Court's Discovery Order No. 2, which gave specific instructions as to how to answer many of these particular Interrogatories. (*See, e.g.*, Disc. Order No. 2 [372] at 6 (referencing Interrogatories Nos. 6, 10, 13, 24).)

Third, many of the Responses Plaintiff did provide are incomplete, as outlined below:

- Interrogatory No. 1 asks Plaintiff to state "any other names that [Plaintiff] has used or was known by, including the dates during which he . . . was known by such other names." Plaintiff did not confirm or deny whether he was ever known by any other name. (*See*

Levi Boone, III
August 26, 2010
Page 4

> Resp. No. 1.) This is perhaps due to the inherent defect in your form as noted above.

- Interrogatory No. 1 also asks to Plaintiff to provide the "name, sex and birth date" of each child from his marriage and outside his marriage. In his Response, Plaintiff responded "N/A" for children outside the marriage. (Resp. No. 1.) However, Plaintiff offered no answer with respect to children from the marriage. (*See* Resp. No. 1.)

- Interrogatory No. 1 further asks Plaintiff to state his "present address." Although Plaintiff listed his street address, he failed to include the city, state, and zip code. (*See* Resp. No. 1.) Pfizer also notes that Plaintiff offered two different spellings of his street name. (*See* Resp. No. 1 (spelling street name as both "Glenwoods" and Glenwood").) The combination of these two errors renders it difficult for Pfizer to determine where Plaintiff and his spouse reside.

- Interrogatory No. 2 asks Plaintiff to provide the dates that he lived at his current and past residences. However, Plaintiff failed to provide both the street address of his residences and the dates that each residency was commenced and terminated.

- Interrogatory No. 12 asks Plaintiff to state the "date and circumstances" of certain harms for which he sought care or treatment from a health-care professional or facility, and the dates of such care or treatment. It also asks Plaintiff to specify the "name and address of each . . . person who attended or treated him" and the "names and addresses of witnesses with knowledge of . . . the treatment rendered." Plaintiff's Response did not, however, provide any of this information and is thus woefully inadequate. In addition, although Plaintiff provided the names of health care facilities and professionals, and the cities and counties that they are located in, Plaintiff failed to provide a street address for the facilities. This is also deficient.

Fourth, many of the cross-references to and within Plaintiff's Responses are inaccurate and otherwise unhelpful, rendering Plaintiff's Responses non-responsive. For example, Responses to Interrogatory Nos. 7 and 14 both rely in part on and refer to Plaintiff's Response to Interrogatory No. 4, but that Response

Levi Boone, III
August 26, 2010
Page 5

was left, as noted above, completely blank. As another example, Plaintiff objected to Interrogatory No. 19, which sought "a computation of any category of damages," on the ground that it was duplicative of the information required to be disclosed by Federal Rule of Civil Procedure 26(a)(1). Plaintiff's Initial Disclosure, however, "incorporate[d]" Plaintiff's "answers to interrogatory no. 10," (*see* Pl's Initial Disclosures at 1), which does not even pertain to damages.

Finally, many of Plaintiff's handwritten responses are illegible and contain misspellings, which leaves to Pfizer guess at what Plaintiff's Responses are. (*See, e.g.*, Pl's Resp. to Interrogatory Nos. 1, 2, 4, 12, 14.) Plaintiff must provide legible responses.

The numerous deficiencies in Plaintiff's Responses are compounded by the fact that Plaintiff's Initial Disclosures pursuant to Rule 26(a)(1) and Response to Defendants' Request for Production of Documents and Things both refer to and incorporate certain of Plaintiff's Answers to Defendants' Interrogatories. (Pl's Initial Disclosures at 1.) As a consequence, Plaintiff's Initial Disclosures and production are deficient, as well. For example, in his Response to Defendants' Request for Production, "Plaintiff[] incorporated [his] individual answer to Interrogatory No. 24," (Pl's Resp. to Defs' Request for Production at 7), but that Response, as noted above, was left completely blank. Similarly, in Plaintiff's Initial Disclosures, Plaintiff "incorporate[d] his . . . answers to interrogatories no. 4, 7, 10, 11, 12 and 14. (Pl's Initial Disclosures at 1.) But, as mentioned above, Response Nos. 4, 10, and 11 were completely blank, Response No. 12 is incomplete, and Responses No. 7 and 14 refer to other Response No. 4, which, again, is blank.

Furthermore, Plaintiff's discovery production is deficient because he has failed to produce his medical provider list and the necessary authorizations for (1) tax records; (2) Social Security disability records; (3) employer records; (4) education records; (5) insurance records; (6) military records (if applicable); (7) Medicaid records; and (8) Medicare records, which were all due by July 7, 2010. (*See* Further Scheduling Order Regarding All Products Cases [2839].)

In addition to being long overdue, Plaintiff's deficient discovery responses make it difficult for Pfizer to collect the relevant records necessary to complete Plaintiff's depositions, and those of his prescriber(s). They also make it difficult for Pfizer to comply with its own discovery obligations in this case. In light of these shortcomings, Pfizer requests that Plaintiff immediately supplement his Responses to Interrogatories, Initial Disclosures, Responses to Requests for

Levi Boone, III
August 26, 2010
Page 6


Production and provision of materials pursuant to Discovery Order No. 2 to provide any additional information not previously provided.

        In forthcoming correspondence, Pfizer will also provide details of other cases where similar concerns have arisen.

                              Sincerely,

                              Catherine Stevens

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-3353
EMAIL ADDRESS
CATHERINE.STEVENS@SKADDEN.COM

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

September 23, 2010

BY ELECTRONIC AND US MAIL
Levi Boone, III
Boone Law Firm, P.A.
401 West Sunflower Avenue
P.O. Box 1772
Cleveland, MS 38732

RE: *Jesse Allen, et al. v. Pfizer, Inc.*, Case No. 07-cv-11795
*Leroy Anderson, et al. v. Pfizer, Inc.*, Case No. 05-cv-10835
*Mary Cooper, et al. v. Pfizer, Inc.*, Case No. 05-cv-10834

Dear Mr. Boone:

I am writing to address discovery deficiencies concerning the following Plaintiffs subject to the Court's November 15, 2010, initial discovery deadline: Plaintiffs Shirley Drennan, Catherine Duvall, Jerry Lowe, Jerry Price, Vanessa Scott, Jack Shoemaker, Louisia Smith, Bernice Thornton, Michael Trim, and Joyce Watson. I first wrote to you regarding these deficiencies on August 4, 2010, but have received no response, and have further not received the vast majority of the outstanding materials addressed in my previous letter.

On June 6, 2006, Pfizer served template discovery consisting of: (1) Defendants' First Set of Interrogatories Directed to Products Plaintiffs; and (2) Defendants' First Request for Production of Documents and Things Directed to Products Liability Plaintiffs. (Docket Nos. 333, 334.) On June 19, 2006, Magistrate Judge Sorokin issued an Order directing all Plaintiffs to provide responses to Pfizer's written discovery requests, as modified by the order. (Discovery Order No. 2, dated July 19, 2006, Docket No. 372 at 3-6.) Pursuant to Discovery Order Nos. 2 and 6, the Plaintiffs represented by your firm were required to serve responses to Pfizer's

Levi Boone
September 23, 2010
Page 2

template discovery long ago, including providing valid authorizations and lists of medical providers. (Discovery Order No. 2; Discovery Order No. 6, Docket No. 550.) On June 9, 2010, Magistrate Judge Sorokin issued a further Order setting forth the timeframe for completion of initial discovery for these Plaintiffs, and providing until July 7, 2010, to provide the authorizations and provider lists as required by Docket No. 372. (Docket No. 2839.)[1] On August 4, 2010, Magistrate Judge Sorokin granted Defendants' motion to compel the production of certain materials for these Plaintiffs by August 13, 2010.

While Defendants have received untimely responses for the above-referenced Plaintiffs represented by your firm, several deficiencies remain. For example, while Plaintiffs have provided certain medical authorizations, they have failed to provide Pfizer with any authorizations for: (1) tax records; (2) Social Security disability records; (3) employer/education records; (4) insurance records; and (5) military records (if applicable). (*See* Discovery Order No. 2 at 3-5.) Defendants are completely missing medical provider lists for Plaintiffs Vanessa Scott, Jack Shoemaker, Bernice Thornton, and Michael Trim. Further, the medical provider lists that have been provided by Plaintiffs are woefully inadequate. Some of the provider lists for these Plaintiffs only identify two or three medical providers. In fact, the most physicians listed by any plaintiff is six. Based on Defendants' long history in this litigation, and our review of similar materials provided by other firms, we find it hard to believe that your Plaintiffs have only seen an average of four medical providers in the last 10-20 years.

Additionally, the number of Plaintiff-produced records provided by these Plaintiffs remains insufficient. Based on what Defendants have received from other firms for similar cases over the course of this litigation, Plaintiffs are likely in the possession of additional records, both medical and otherwise, relevant to Plaintiffs' cases and covered by Discovery Order No. 2. With the exception of one Plaintiff, the above-referenced Plaintiffs have only provide an average of 42 pages per case. This is completely inconsistent with our experience in these cases.

In addition to being long overdue, these limited and deficient provider lists, authorizations, and records provided by Plaintiffs make it difficult for Defendants to collect the relevant records necessary to complete Plaintiffs' depositions, and those of their prescribers, before the November 2010 deadline.

---

[1] On August 17, 2010, Magistrate Judge Sorokin granted an extension to complete initial discovery for these Plaintiffs, until November 15, 2010.

Levi Boone
September 23, 2010
Page 3

They also make it difficult for Defendants to comply with their own discovery obligations in these cases. This is particularly problematic given the approaching November deadline.

Please correct these deficiencies and provide any missing materials by September 27, 2010. Defendants reserve the right to reschedule any deposition to the extent that we have received the materials necessary to proceed.

Additionally, I have written to you at least five times to confirm that Plaintiffs Vanessa Scott, Jack Shoemaker, Louisia Smith, and Joyce Watson are available for their depositions on the dates listed in the notices sent to you on August 25, 2010. I have not yet received a response. You also have not yet indicated how you want to handle the death of your client, Bernice Thornton, which I have contacted you about several times. Please let me know by no later than September 27, 2010, whether these noticed depositions will move forward and your decision on the Thornton matter.

Sincerely,

Catherine B. Stevens