SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-3353
EMAIL ADDRESS
CATHERINE.STEVENS@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

October 1, 2010

BY ELECTRONIC AND U.S. MAIL
Levi Boone, III
Boone Law Firm, P.A.
401 West Sunflower Road
P.O. Box 1772
Cleveland, MS 38732

RE:   Vanessa Scott v. Pfizer

Dear Mr. Boone:

    I am writing to address Plaintiff Vanessa Scott's Answers to Defendants' First Set of Interrogatories ("Responses"), which are incomplete and deficient in several key respects, as outlined below. Pfizer accordingly requests that Plaintiff immediately supplement her Responses and other discovery responses pursuant to the Federal Rules of Civil Procedure and the Court's Discovery Order No. 2, [372], and other orders by the Court.

    First, Plaintiff's Responses are based off of an inherently defective form that your firm presumably provided to Plaintiff. Defendants generally object to the provision of a form to each Plaintiff, to the extent it varies from the information requested and or any orders of this Court. However, to the extent a form is utilized, Defendants note that there are several deficiencies. Specifically, missing from your form are many blanks that would allow Plaintiff to provide information that is requested from the Interrogatories. The absence of such blanks when you have provided them in other instances, or the presence too few blanks, implies to Plaintiff that certain information is not required. Examples of deficiencies are outlined below:

Levi Boone, III
October 1, 2010
Page 2

- Interrogatory No. 1 asks Plaintiff to state "any other names that [Plaintiff] has used or was known by, including the ... dates during which ... she was known by such other names." Your form, however, fails to provide a blank for Plaintiff to provide such information.

- Interrogatory No. 3 asks Plaintiff to identify "the reason for the termination of the employment," but your form does not provide a blank for Plaintiff to provide such information.

- Interrogatory No. 3 also asks Plaintiff to "identify [her] supervisors, bosses, co-workers and any other employees that [she] worked closely with for each of [her] prior places of employment." Your form merely provides a blank for "Immediate Supervisors," which is underinclusive. (*See* Resp. No. 3.)

- Interrogatory No. 4 asks Plaintiff to identify "up to a maximum of 10 persons" to whom Plaintiff was closest to over the last ten years of her life. Your form, however, merely provides four blanks for Plaintiff to fill in, which erroneously implies that Plaintiff only has to disclose four prior relationships.

- Interrogatory No. 6 asks Plaintiff to state "the dosage and the frequency" of her use of illegal drugs and/or or prescription drugs that were not originally prescribed to her. Although your form provides blanks for Plaintiff to state whether she took any such substances, it does not provide any blanks for "the dosage and the frequency" of her use. (*See* Resp. No. 6.)

- With respect to several interrogatories, including but not limited to Interrogatory Nos. 8, 9, and 16, you have provided no blanks at all for Plaintiff's response, and have included an objection. This inappropriately implies that Plaintiff is not required to answer these interrogatories, but that is squarely not the case. (*See* Discovery Order No. 2, at 6.)

- Interrogatory No. 12 asks Plaintiff to identify "the date and circumstances of each . . . injury, illness, disease, or affliction" for

Levi Boone, III
October 1, 2010
Page 3

- which treatment was sought. Although your form provides blanks for Plaintiff to identify what she was treated for, it does not include any blanks for Plaintiff to identify the "date and circumstances" of her alleged harm.

- Interrogatory No. 13 asks Plaintiff to identify any "judgment or plea" that she entered into in connection with an offense. Your form, however, merely provides a blank for "Plea Entered."

- Interrogatory No. 13 also asks Plaintiff to provide the "address of each institution in which Plaintiff was confined or referred for treatment or counseling in connection with [an] offense" and "the name and the last known address of any probation, parole, or juvenile officer assigned to any such case." Your form, however, does not provide any blanks for such information.

- Interrogatory No. 14 asks Plaintiff to "state the name of the prescribing health-care professional," but your form does not provide any blanks for such information.

- Interrogatory No. 14 asks Plaintiff to identify "each date that the prescription was prescribed." Your form, however, merely asks for "Date Prescribed," which is underinclusive because it erroneously suggests that Plaintiff need only provide the initial or one date of her prescription.

Second, Plaintiff responded to no fewer than eight of the Interrogatories by crossing out the spaces reserved for the answers. (*See, e.g.*, Response Nos. 5, 6, 7, 10, 11, 13, 24, 25.) Furthermore, several other of Plaintiff's Responses were left completely blank or have no response. (*See, e.g.*, Response Nos. 8, 9, 14, 16, 18, 22.) Additionally, one of the Plaintiff's Responses was answered "N/A." (*See, e.g.*, Response No. 17.) It is unacceptable that Plaintiff has left over one-half of Defendants' Interrogatories unanswered. This is especially true in light of the Court's Discovery Order No. 2, which gave specific instructions as to how to answer many of these particular Interrogatories. (*See, e.g.*, Disc. Order No. 2 at 6 (referencing Interrogatories Nos. 6, 7, 8, 9, 10, 13, 16, 24).)

Levi Boone, III
October 1, 2010
Page 4

Third, many of the Responses Plaintiff did provide are incomplete, as outlined below:

- Interrogatory No. 1 asks Plaintiff to state "any other names that [Plaintiff] has used or was known by, including the ... dates during which ... she was known by such other names." Plaintiff did not confirm or deny whether she was ever known by any other name. (*See* Resp. No. 1.) This is perhaps due to the inherent defect in your form as noted above.

- Interrogatory No. 1 further asks Plaintiff to state her "present address." Although Plaintiff listed her street address, she failed to include the city, state, and zip code. (*See* Resp. No. 1.)

- Interrogatory No. 1 also asks Plaintiff, if ever married, to provide "for each marriage ... the name and address of each Plaintiffs spouse, the date and place of the marriage, the date, place and manner of the termination of the marriage including the name and location of the Court entering the divorce (if applicable), and the name, sex and birth date of each child from the marriage." In her Response, Plaintiff responded by crossing out the spaces reserved for the answers to each of the aforementioned questions. (*See* Resp. No. 1.)

- Interrogatory No. 1 also asks Plaintiff to provide the "name, sex and birth date" of each child from outside her marriage. In her Response, Plaintiff responded "N/A" for children outside the marriage. (Resp. No. 1.)

- Interrogatory No. 2 asks Plaintiff to provide the dates that she lived at her current and past residences. However, Plaintiff failed to provide the city, state, and zip code of her only listed residence, and the dates of her residency there. (*See* Resp. No. 2.) Further, Plaintiff failed to provide any additional addresses.

- Interrogatory No. 2 also asks Plaintiff to list "any individuals with whom...she resided at such address[] and the relationship to the

Levi Boone, III
October 1, 2010
Page 5

- Plaintiff." Plaintiff's Response did not fully provide the required information. (*See* Resp. No. 2.)

- Interrogatory No. 3 asks Plaintiff to "[i]dentify the name and address" of her employers. Although Plaintiff wrote down the company names of the employers she omitted their addresses in each instance. (*See* Resp. No. 3.)

- Interrogatory No. 3 also asks Plaintiff to identify "the reason for the termination of the employment." Plaintiff did not provide a reason for the termination from her second listed employer. This is perhaps due to the inherent defect in your form as noted above. (*See* Resp. No. 3.)

- Interrogatory No. 3 further asks Plaintiff to "identify [her] supervisors, bosses, co-workers and any other employees that [she] worked closely with for each of [her] prior places of employment." Plaintiff only provided the partial name of her "[i]mmediate [s]upervisor[]" for her first listed employer. This is also probably due to a problem with your form as noted above. In addition, Plaintiff did not provide the name of her immediate supervisor for her second employer, Federal Express. (*See* Resp. No. 3.)

- Interrogatory No. 4 ask Plaintiff to "identify the ten persons that Plaintiff was closest to over the last ten years of [her] life." Plaintiff, however, solely provided two names – her mother and grandmother. Further, even though Plaintiff listed the street addresses for both, she failed to include the city, state, and zip code. (*See* Resp. No. 4.)

- Interrogatory No. 12 asks Plaintiff to state the "date and circumstances" of certain harms for which she sought care or treatment from a health-care professional or facility, and the dates of such care or treatment. It also asks Plaintiff to specify the "name and address of each … person who attended or treated him" and the "names and addresses of witnesses with knowledge of … the treatment rendered." Plaintiff's Response did not, however, provide any of this information and is thus woefully inadequate. In addition, although Plaintiff provided the names of three health care facilities

       and professionals, and the cities and states that they are located in, Plaintiff failed to provide a street address for the facilities and providers. Furthermore, Plaintiff only provided a street address in the only instance where a witness's name was included. This is also deficient. (*See* Resp. No. 12.)

- Interrogatory No. 15 asks Plaintiff to give the "location and dates of attendance" for the "educational institutions" that she attended and the "graduation date from each school." Plaintiff's Response did not provide the address for either of her two listed educational institutions. Also, Plaintiff did not provide either the graduation date nor the "dates of attendance" for her second institution. (*See* Resp. No. 15.) Lastly, Plaintiff did not provide educational institutions prior to high school.

       Fourth, many of the cross-references to and within Plaintiff's Responses are inaccurate and otherwise unhelpful, rendering Plaintiff's Responses non-responsive. For example, Responses to Interrogatory Nos. 7 and 14 both rely in part on and refer to Plaintiff's Responses to Interrogatory Nos. 4 and 12, but those Responses were, as noted above, incomplete. As another example, Plaintiff objected to Interrogatory No. 19, which sought "a computation of any category of damages," on the ground that it was duplicative of the information required to be disclosed by Federal Rule of Civil Procedure 26(a)(1). Plaintiff's Initial Disclosure, however, "incorporate[d]" Plaintiff's "answers to interrogatory no. 10," (*see* Pl's Initial Disclosures at 1), which does not even pertain to damages.

       The numerous deficiencies in Plaintiff's Responses are compounded by the fact that Plaintiff's Initial Disclosures pursuant to Rule 26(a)(1) and Response to Defendants' Request for Production of Documents and Things both refer to and incorporate certain of Plaintiff's Answers to Defendants' Interrogatories. (Pl's Initial Disclosures at 1.) As a consequence, Plaintiff's Initial Disclosures and production are deficient, as well. For example, in her Response to Defendants' Request for Production, "Plaintiff[] incorporate[d] [her] individual answer to Interrogatory No. 24," (Pl's Resp. to Defs' Req. for Prod. at 7), but in that Response, as noted above, the section reserved for the answer was completely crossed out. Similarly, in Plaintiff's Initial Disclosures, Plaintiff "incorporate[d] her answers to interrogatories nos. 4, 7, 10, 11, 12 and 14." (Pl's Initial Disclosures at 1.) But, as mentioned above, Response Nos. 4 and 12 are incomplete, Response Nos. 7, 10, and 11 had the areas reserved for the answers crossed out, Response No. 14 was left blank, and Response Nos. 7 and 14 refer to Response No. 4, which, again, is incomplete.

Furthermore, Plaintiff's discovery production is deficient because she has failed to produce her medical provider list and the necessary authorizations for (1) tax records; (2) Social Security disability records; (3) employer records; (4) education records; (5) insurance records; (6) military records (if applicable); (7) Medicaid records; and (8) Medicare records, which were all due by July 7, 2010. (*See* Further Scheduling Order Regarding All Products Cases [2839].)

In addition to being long overdue, Plaintiff's deficient discovery responses make it difficult for Pfizer to collect the relevant records necessary to complete Plaintiff's depositions – which is next week – and those of her prescriber(s). They also make it difficult for Pfizer to comply with its own discovery obligations in this case. In light of these shortcomings, Pfizer requests that Plaintiff immediately supplement her Responses to Interrogatories, Initial Disclosures, Responses to Requests for Production and provision of materials pursuant to Discovery Order No. 2 to provide any additional information not previously provided.

In forthcoming correspondence, Pfizer will also provide details of other cases where similar concerns have arisen.

Sincerely,

*Catherine*

Catherine Stevens