# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
212-735-3353
EMAIL ADDRESS
CATHERINE.STEVENS@SKADDEN.COM

October 22, 2010

BY ELECTRONIC AND U.S. MAIL
Levi Boone, III
Boone Law Firm, P.A.
401 West Sunflower Road
P.O. Box 1772
Cleveland, MS 38732

RE:   Joyce Watson v. Pfizer

Dear Mr. Boone:

I am writing to address Plaintiff Joyce Watson's October 1, 2010, Answers to Defendants' First Set of Interrogatories ("Responses"), which are incomplete and deficient in several key respects, as outlined below. Pfizer accordingly requests that Plaintiff immediately supplement her Responses and other discovery responses pursuant to the Federal Rules of Civil Procedure and the Court's Discovery Order No. 2, [372], and other orders by the Court. As you are aware, Ms. Watson's deposition is scheduled for next week. We are moving forward with the deposition because of the upcoming deadline in this case. However, we are lacking critical information identified below.

First, several of the Interrogatories as typed in Plaintiff's Responses vary from the Interrogatories as drafted by Pfizer, and modified by the parties' agreements and the Orders of the Court. Specifically, Defendants object to the addition of time limits to the Interrogatory text in the face of contrary rulings by the Court, which forces Plaintiff to provide incomplete information. Examples are outlined below:

Levi Boone, III
October 22, 2010
Page 2

- Interrogatory No. 13 asks Plaintiff about her criminal history. Plaintiff's addition of a time limitation following the Interrogatory text is improper especially as the Court has ruled "Plaintiffs shall respond to… Interrogatory [13] as propounded except as to juvenile matters." (*See* Discovery Order No. 2, at 6.)

- Interrogatory Nos. 10, 12, 14, & 24 should also not have any time period limitations worded into the Interrogatory text as the Court overruled them in each specific instance. (*See* Discovery Order No. 2, at 6.)

Second, many of the Responses Plaintiff provided are incomplete, as outlined below:

- Interrogatory No. 1: Plaintiff failed to provide a middle name, and did not confirm or deny whether she has even been known by any other name, whether she has ever been married, or whether she has ever had children. (*See* Oct. 1, 2010, Resp. No. 1.)

- Interrogatory No. 2: Plaintiff failed to provide any past residences, the dates that she lived at her current and past residences, and to list "any individuals with whom … she resided at such address[es]." (*See* Oct. 1, 2010, Resp. No. 2.)

- Interrogatory No. 3: Plaintiff's Response that she "has not worked in the past 10 years" is not an appropriate Response since the Interrogatory's time requirement applies to the "ten – (10) year period immediately preceding the incident" complained of and not to the period preceding the date of the Responses. (*See* Oct. 1, 2010, Resp. No. 3.)

- Interrogatory No. 4: Plaintiff only listed eight of the ten requested individuals without providing a time period for any of the relationships. Furthermore, Plaintiff did not provide a full address for Lu Gail and the nature of her relationship to Cora Stewart. Additionally, Plaintiff's October 1, 2010 Response to Interrogatory

Levi Boone, III
October 22, 2010
Page 3

- No. 4 omits "Kimberly L. Cats" who appears in the April 19, 2008, Response to Interrogatory No. 4 (*See* Oct. 1, 2010, Resp. No. 4.)

- Interrogatory No. 5: Plaintiff responds that she "goes to Church" but fails to provide the dates of membership or attendance – something that was provided in the April 19, 2008 Response to Interrogatory No. 5. Furthermore, Plaintiff does not mention the "PTA Headstart School" which was listed in her 2008 Response. (*See* Oct. 1, 2010, Resp. No. 5.)

- Interrogatory No. 7: Plaintiff's reference to other Interrogatories is improper, as Plaintiff was ordered to respond to this Interrogatory as written. Additionally, Plaintiff's reference to Response No. 11 is misplaced since no witnesses are identified therein. Plaintiff's reference to Response No. 12 is misleading and confusing since that Response refers to yet another document (which only identifies three medical providers and is therefore deficient). Plaintiff's reference to Response No. 14 is similarly unhelpful since that response refers back to Response Nos. 4 and 12 (both already referred to in this Response).

- Interrogatory Nos. 8 & 9: Plaintiff's sole provision of objections without a Response is improper. The Court's ruling clearly sets out that "[r]egarding Interrogatory Nos. 8 & 9, Plaintiffs shall respond to the interrogatory as propounded." (*See* Discovery Order No. 2, at 6.).

- Interrogatory No. 10: Plaintiff's Response of a single treater is deficient, and further, Plaintiff's Response incorrectly incorporates a time limit contrary to the Court's ruling, which rejected a time period limitation for this Interrogatory, as mentioned above. (*See* Oct. 1, 2010, Resp. No. 10.)

- Interrogatory No. 11: Plaintiff's response fails to provide any of the requested information as to Plaintiff's family members. (*See* Oct. 1, 2010, Resp. No. 11.)

Levi Boone, III
October 22, 2010
Page 4

- Interrogatory No. 12: This Interrogatory asks Plaintiff to state the "date and circumstances" that she sought care or treatment from a health-care professional or facility, and the dates of such care or treatment. It also asks Plaintiff to specify the "name and address of each …person who attended or treated [her]" and the "names and addresses of witnesses with knowledge of …the treatment rendered." In her Response, Plaintiff "incorporate[d] herein, word for word… the "Medical Providers List previously submitted." However, the one medical provider list page list is woefully inadequate since it contains only one doctor's name, and identifying information for three medical facilities, without providing any of the other information requested in the Interrogatory. Furthermore, almost all of the information provided by Plaintiff in her 2008 Response is conspicuously missing from her current Response. (*See* Oct. 1, 2010, Resp. No. 12.)

- Interrogatory No. 13: As noted above, Plaintiff's time limitation is improper. (*See* Oct. 1, 2010, Resp. No. 13.)

- Interrogatory No. 14: As noted above, Plaintiff's time limitation is improper. Further, Plaintiff's reference to Response No. 12 is misleading and confusing since that Response refers to yet another document (which only identifies three medical providers and is therefore deficient). (*See* Oct. 1, 2010, Resp. No. 14.)

- Interrogatory No. 15: Plaintiff's Response did not provide the requested information for her only listed educational institution. Furthermore, Plaintiff failed to provide educational institutions prior to and after high school – which was partially provided in her 2008 Response. (*See* Oct. 1, 2010, Resp. No. 15.)

- Interrogatory No. 16: Plaintiff's Response is deficient as it fails to provide a response as to her own knowledge, and merely refers generally to unidentified documents. (*See* Oct. 1, 2010, Resp. No. 16.)

- Interrogatory No. 22: Plaintiff's reference to Response No. 12 is misleading and confusing since that Response refers to yet another

Levi Boone, III
October 22, 2010
Page 5

>  document (which only identifies three medical providers and is therefore deficient). (*See* Oct. 1, 2010, Resp. No. 22.)

> - Interrogatory No. 24:  Plaintiff's Response of "Medicare & Medicaid" and an improper objection is woefully deficient, and omits key information requested in the Interrogatory. (*See* Oct. 1, 2010, Resp. No. 24.)

Third, as noted above, many of the cross-references to and within Plaintiff's Responses are inaccurate and otherwise unhelpful, rendering Plaintiff's Responses non-responsive.  For example, Responses to Interrogatory Nos. 7, 14, and 22 all rely in part on and refer to Plaintiff's Response to Interrogatory Nos. 4 and 12, but those Responses were left, as noted above, in an incomplete state.  Furthermore, Response to Interrogatory No. 20 relies on Plaintiff's Response to Interrogatory No. 7 (which refers to 4 other Responses) and the Medical Provider List, which, as previously mentioned, were woefully deficient.   In addition, Plaintiff's verification for her October 1, 2010, Interrogatories is missing.

The numerous deficiencies in Plaintiff's Responses are compounded by the fact that Plaintiff's Initial Disclosures pursuant to Rule 26(a)(1) and Responses to Defendants' Request for Production of Documents and Things both refer to and incorporate certain of Plaintiff's Answers to Defendants' Interrogatories. (Pl's Initial Disclosures at 1.)  As a consequence, Plaintiff's Initial Disclosures and production are deficient, as well.  For example, in her Response to Defendants' Request for Production, "Plaintiff[] incorporate[d] [her] individual answer to Interrogatory No. 24," (Pl's Resp. to Defs' Req. for Prod. at 4), but that Response, as noted above, was left incomplete.  Similarly, in Plaintiff's Initial Disclosures, Plaintiff "incorporate[d] her answers to Interrogatories no 4, 7, 10, 11, 12 and 14." (Pl's Initial Disclosures at 1.)  But, as mentioned above, those responses are all incomplete.

Lastly, Plaintiff's discovery production is deficient because she has failed to produce the necessary authorizations for (1) tax records; (2) Social Security disability records; (3) employer records; (4) education records; (5) insurance records; (6) military records (if applicable); (7) Medicaid records; and (8) Medicare records, which were all due by July 7, 2010. (*See* Further Scheduling Order Regarding All Products Cases [2839].)

Levi Boone, III
October 22, 2010
Page 6

      In addition to being long overdue, Plaintiff's deficient discovery responses make it difficult for Pfizer to collect the relevant records necessary to complete Plaintiff's depositions, and those of her prescriber(s). They also make it difficult for Pfizer to comply with its own discovery obligations in this case. In light of these shortcomings, Pfizer requests that Plaintiff immediately supplement her Responses to Interrogatories, Initial Disclosures, Responses to Requests for Production and provision of materials pursuant to Discovery Order No. 2 to provide any additional information not previously provided.

      In forthcoming correspondence, Pfizer will also provide details of other cases where similar concerns have arisen.

Sincerely,

Catherine Stevens

# Nissi, Nordo (NYC)

**From:** Stevens, Catherine B (NYC)
**Sent:** Friday, October 22, 2010 6:27 PM
**To:** Levi Boone, III; 'Myra Boone'
**Subject:** November depositions

Levi,

Magistrate Judge Sorokin's June 9, 2010, Further Scheduling Order Regarding All Products Cases [2839] ("the Order") requires the parties to file with the Court a list of depositions they intend to take the following month by October 25, 2010. The Order also requires the parties to take 15 days of depositions beginning November 1, 2010, in the Boone Law Firm cases.

Although the Court has instructed the parties to proceed on a case-by-case basis, the lack of medical records produced by the Plaintiffs represented by your firm makes this extremely difficult. For example, Defendants have received fewer than 100 pages of medical records from the following **63** Plaintiffs; Helen Meeks, Darlene Stampley, Holly Hammarstrom, Bennie Spencer, Cora L. Crumble, Martha Beckham, Linda M Hales, Monnie S. Turner, Debra Ann Johnson, Linda Harveston, Lena Johnson, Theodore Crystian, Marshall Dillon, Fannie Grinston, Robert Barnes, Ledora Benton, Ruby Jewel Crapps, Diane Lee, Hershel Jack Price, Ella Mae Toler, Bertha M. Thomas, Martha Thompson, Donald Conn, Sr., Lula Maria Harper Lott, Tommie H. Odom, Belinda Havard, Gregory Suber, Debra Neal, Dorian Taylor, Re'Shedia Young, Cassandra L. Benson, Lillie Beatrice Leggett Evans, Jannie Lucas, Shirley Ann Walters, Tommy Hardy, Doris Toy, Nikisha L. Johnson, Robert Johnson, Jannie Smith, Daisy Williams, Doris Johnson, Sean Self, Aaron Sims, Patricia McBeath, Jacquelyn A. Posey, Rosa Smith, Joann Walls, Rose M. Jones, Elizabeth Bland, Ethel Fleming, John R. Staten, William R. Hony, Clara M. Epps, Doyle E. Harrison, Jimmie L. Barbee, Janice Primer, Larry Vail, Narie Adams Givens, James Jeffcoat, Mary C. Cooper, Marie A. Barber, Andrew Smith, and Ronnie Smith.

Based on what Defendants have received from other firms for similar cases over the course of this litigation, Plaintiffs are likely in the possession of additional records, both medical and otherwise, relevant to Plaintiffs' cases and covered by Discovery Order No. 2.

Furthermore, your firm has only recently begun to produce all the necessary authorizations required to collect relevant records in these cases as ordered by this Court. (See Discovery Order No. 2 at 3-5.) In addition to being long overdue, these limited and deficient provider lists, authorizations, and records provided by Plaintiffs make it difficult for Defendants to collect the relevant records necessary to complete Plaintiffs' depositions, and those of their prescribers, within the Court-ordered deadlines. They also make it difficult for Defendants to comply with their own discovery obligations in these cases. This is particularly problematic given the approaching start of the deposition process.

In light of these circumstances, Defendants, therefore, propose that the parties begin by deposing 15 Plaintiffs in the month of November. Defendants hope that depositions of Plaintiffs will aid in their efforts to collect the relevant records needed to depose

prescribing physicians in the near future . Defendants have identified the following 15 Plaintiffs as those with the highest volume of records: Roy Carrol, Carlene Thomas, Laperial Melvin, Lashonda Skinner, Delories Powell, Elizabeth Marie Knight, Ethel Howard, Deborah Watson, James Hunter, Bobbie Bryson, Maybelle Newsome, Cecil Taylor, Debbie Sullivan, Terry Banks, and Jerrell M. Bearden.  Please let me know if you agree Defendants' proposal to commence the deposition process with the depositions of these 15 Plaintiffs by no later than 10:00 am Monday, October 25, 2010.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212 735-3353
DIRECT FAX
917-777-3353
EMAIL ADDRESS
CATHERINE.STEVENS@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

November 23, 2010

BY FEDERAL EXPRESS
Levi Boone
Boone Law Firm, P.A.
401 West Sunflower Avenue
P.O. Box 1772
Cleveland, MS 38732

RE:   In re: Neurontin Marketing, Sales Practices, and
      Products Liability Litigation MDL No. 1629

Dear Mr. Boone:

As you are aware, starting on November 1, 2010, and during each of the following four months (until the end of March 2011), Magistrate Judge Sorokin's June 9, 2010, Further Scheduling Order Regarding All Products Cases [2839] ("the Order") requires the parties to take fifteen days of depositions per month in the cases filed by the Boone Law Firm. On October 25, 2010, the parties filed with the Court a joint list of the depositions to take place in November 2010. [3110]. On October 29, 2010, Defendants provided a list of proposed deposition dates for those Plaintiffs to your firm, but those dates were never confirmed by your office. Therefore, none of the proposed depositions for November 2010 have taken place.

As noted in our previous letters of August 4, 2020, August 26, 2010, September 23, 2010, October 1, 2010, October 22, 2010, and October 27, 2010, the discovery responses and productions of documents and authorizations by Plaintiffs

Levi Boone
November 23, 2009
Page 2

represented by the Boone Law Firm have been unacceptable to date. This forces Defendants to enter a Plaintiff's deposition blindly, and with little information regarding each Plaintiff's case and relevant history in advance. It has been Defendants' experience in the cases where depositions of Plaintiffs have taken place, that there are simply not enough medical and other records for a productive and complete deposition to occur. Therefore, Defendants have had to keep each and every one of these depositions open, so that once additional medical and other relevant records are collected or produced, these depositions can be continued, and hopefully will provide a more comprehensive picture of each Plaintiff's history and claims.

For example, prior to the deposition of Louisia Smith, Plaintiff had only produced 5 pages of records, and had provided inadequate and incomplete discovery responses, as noted in our October 27, 2010, letter to your firm. As another example, Defendants deposed Joyce Watson with only 9 pages of records, and inadequate and incomplete discovery responses, as noted in our October 22, 2010, letter to your firm.

For Defendants to be forced to come to Cleveland, Mississippi, **twice** for each of your **230 Plaintiffs** in order to obtain a fair and complete deposition is simply unacceptable, particularly when Plaintiffs should have provided the relevant records and complete and adequate discovery responses years ago.

The same is true for depositions of prescribing physicians. As noted in our letters of August 4, 2010, and September 23, 2010, and our emails of August 12, 2010, and September 30, 2010, Defendants have had difficulty identifying and locating the prescribers for many Plaintiffs represented by the Boone Law Firm based on inadequate or incomplete discovery responses and provider lists. Further, given the few records produced by Plaintiffs, Defendants lack medical records from the majority of prescribers for Plaintiffs represented by the Boone Law Firm. It would be wholly unfair, and unproductive, for Defendants to be forced to proceed with depositions of prescribers for which medical records have not yet been obtained or produced. That prejudice is compounded when Defendants also lack other records sufficient to determine the relevant history of each Plaintiff prior to a prescriber's deposition.

On November 24, 2010, as required by the Order, Defendants intend to file with the Court a proposal for the fifteen days of December 2010 depositions for Plaintiffs represented by the Boone Law Firm. In this filing, Defendants' proposal will note the above-mentioned difficulties, and will request the Court's attention and guidance as to how to properly and fairly proceed at this point. A copy of our

Levi Boone
November 23, 2009
Page 3


proposed filing is enclosed. Please let us know if you would like to discuss the issues raised in this letter, or our proposed filing.

                Sincerely,

                Catherine B. Stevens


Enclosure