# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
212-735-3353
EMAIL ADDRESS
CATHERINE.STEVENS@SKADDEN.COM

October 27, 2010

BY ELECTRONIC AND U.S. MAIL
Levi Boone, III
Boone Law Firm, P.A.
401 West Sunflower Road
P.O. Box 1772
Cleveland, MS 38732

RE:   Louisia Smith v. Pfizer

Dear Mr. Boone:

I am writing to address Plaintiff Lousia Smith's Answer to Defendants' First Set of Interrogatories ("Responses"), which are incomplete and deficient in several key respects, as outlined below. Pfizer accordingly requests that Plaintiff immediately supplement her Responses and other discovery responses pursuant to the Federal Rules of Civil Procedure and the Court's Discovery Order No. 2, [372] and other orders by the Court.

First, Plaintiff's Responses are based off of an inherently defective form that your firm presumably provided to Plaintiff. Defendants generally object to the provision of a form to each Plaintiff, to the extent it varies from the information requested and or any orders of this Court. However, to the extent a form is utilized, Defendants note that there are several deficiencies. Specifically, missing from your form are many blanks that would allow Plaintiff to provide information that is requested from the Interrogatories. The absence of such blanks when you have provided them in other instances, or the presence too few blanks, implies to Plaintiff that certain information is not required. Examples of deficiencies are outlined below:

Levi Boone, III
October 27, 2010
Page 2

- Interrogatory No. 1 asks Plaintiff to state "any other names that [Plaintiff] has used or was known by, including the …dates during which she . . . was known by such other names." Your form, however, fails to provide a blank for Plaintiff to provide such information.

- Interrogatory No. 3 asks Plaintiff to identify "the reason for the termination of the employment," but your form does not provide a blank for Plaintiff to provide such information.

- Interrogatory No. 3 also asks Plaintiff to "identify [her] supervisors, bosses, co-workers and any other employees that [she] worked closely with for each of [her] prior places of employment." Your form merely provides a blank for "Immediate Supervisors," which is underinclusive. (*See* Resp. No. 3.)

- Interrogatory No. 4 asks Plaintiff to identify "up to a maximum of 10 persons" to whom Plaintiff was closest to over the last ten years of her life. Your form, however, merely provides one blank for Plaintiff to fill in, which erroneously implies that Plaintiff only has to disclose four prior relationships.

- Interrogatory No. 6 asks Plaintiff to state "the dosage and the frequency" of her use of illegal drugs and/or or prescription drugs that were not originally prescribed to her. Although your form provides blanks for Plaintiff to state whether she took any such substances, it does not provide any blanks for "the dosage and the frequency" of her use. (*See* Resp. No. 6.)

- With respect to several interrogatories, including but not limited to Interrogatory Nos. 8, 9, and 16, you have provided no blanks at all for Plaintiff's response, and have included an objection. This inappropriately implies that Plaintiff is not required to answer these interrogatories, but that is squarely not the case. (*See* Discovery order No. 2, at 6.)

Levi Boone, III
October 27, 2010
Page 3

- Interrogatory No. 12 asks Plaintiff to identify "the date and circumstances of each . . . injury, illness, disease, or affliction" for which treatment was sought. Although your form provides blanks for Plaintiff to identify what she was treated for, it does not include any blanks for Plaintiff to identify the "date and circumstances" of her alleged harm.

- Interrogatory No. 13 asks Plaintiff to identify any "judgment or plea" that she entered into in connection with an offense. Your form, however, merely provides a blank for "Plea Entered."

- Interrogatory No. 13 also asks Plaintiff to provide the "address of each institution in which Plaintiff was confined or referred for treatment or counseling in connection with [an] offense" and "the name and the last known address of any probation, parole, or juvenile officer assigned to any such case." Your form, however, does not provide any blanks for such information.

- Interrogatory No. 14 asks Plaintiff to "state the name of the prescribing health-care professional," but your form does not provide any blanks for such information.

- Interrogatory No. 14 asks Plaintiff to identify "each date that the prescription was prescribed." Your form, however, merely asks for "Date Prescribed," which is underinclusive because it erroneously suggests that Plaintiff need only provide the initial or one date of her prescription.

- Interrogatory Nos. 10, 12, 14, & 24 should also not have any time period limitations worded into the Interrogatory text as the Court overruled them in each specific instance. (*See* Discovery Order No. 2, at 6.)

Second, Plaintiff responded to no fewer than seven questions by writing "N/A" in the space reserved for the answers. (*See, e.g.*, Response Nos. 6, 10, 13, 17, 22, 23, 25). Furthermore, several other of Plaintiff's Responses were left completely blank. (*See, e.g.*, Response Nos. 3, 18.). It is unacceptable that Plaintiff

Levi Boone, III
October 27, 2010
Page 4

has left Defendants' Interrogatories unanswered. This is especially true in light of the Court's Discovery Order No. 2, which gave specific instructions as to how to answer many of these particular Interrogatories. (*See, e.g.*, Disc. Order No. 2 at 6 (referencing Interrogatories Nos. 6, 10, 13, 24).

Third, many of the Responses Plaintiff did provide are incomplete, as outlined below:

- Interrogatory No. 1 asks Plaintiff to state her "full name and any other names that [Plaintiff] has used or was known by, including the dates during which she . . . was known by such other names." Plaintiff did not provide a middle name. Plaintiff also did not confirm or deny whether she was ever known by any other name. (*See* Resp. No. 1.) This is perhaps due to the inherent defect in your form as noted above.

- Interrogatory No. 1 also asks Plaintiff, if ever married, to provide "for each marriage...the name and address" of each Plaintiffs spouse, the date and place of the marriage, the date, place and manner of the termination of the marriage including the name and location of the Court entering the divorce. (if applicable), and the sex, and birth date of each child from the marriage." In her Response, Plaintiff offered no answer or stated she could not remember with respect to this basic information regarding the marriage. (*See* Resp. No. 1.)

- Interrogatory No. 1 also asks Plaintiff to provide the "name, sex, and birth date" of each child from outside her marriage. In her Response, Plaintiff left the answer blank. (*See* Resp. No. 1.)

- Interrogatory No. 2 also asks Plaintiff to list "any individuals with whom…she resided at such address[] and the relationship to the Plaintiff." Plaintiff's Response did not fully provide the required information. (*See* Resp. No. 2.)

- Interrogatory No. 3 asks Plaintiff to "[i]dentify the name and address" of her employers. Plaintiff left the answer blank. (*See* Resp. No. 3.)

Levi Boone, III
October 27, 2010
Page 5

- Interrogatory No. 3 also asks Plaintiff to identify "the reason for the termination of the employment." Plaintiff left the answer blank. This is perhaps due to the inherent defect in your form as noted above. (*See* Resp. No. 3.)

- Interrogatory No. 3 further asks Plaintiff to "identify [her] supervisors, bosses, co-workers and any other employees that [she] worked closely with for each of [her] prior places of employment." Plaintiff left the answer blank This also may be due to a problem with your form as noted above. (*See* Resp. No. 3.)

- Interrogatory No. 4 asks Plaintiff to "identify the ten persons that Plaintiff was closest to over the last ten years of [her] life." Plaintiff answered that she "[d]oes not recall." (*See* Resp. No. 4.)

- Interrogatory No. 5 asks Plaintiff to "state what Plaintiff liked to do in [her] spare time and identify, including dates of membership, all social, fraternal, religious, business and/or service organizations to which [she] has ever belonged." In her Response, Plaintiff only provided the name of one organization. (*See* Resp. No. 5.) This is perhaps due to the inherent defect in your form as noted above.

- Interrogatory No. 7 asks Plaintiff to "[i]dentify each person known to Plaintiff or Plaintiff's counsel who has knowledge of any facts relevant to this case." Plaintiff again answered that she "[d]oes not recall." (*See* Resp. No 7).

- Interrogatory No. 10: Plaintiff's Response of "N/A" is deficient, and further, Plaintiff's Response incorrectly incorporates a time limit contrary to the Court's ruling, which rejected a time period limitation for this Interrogatory, as mentioned above. (*See* Resp. No. 10).

- Interrogatory No. 11 asks Plaintiff to "describe any instances of psychiatric or mental illness, suicide, attempted suicide, homicide or other violent behavior by Plaintiff or any of Plaintiff's family members." Plaintiff listed "[f]orgetfulness, [d]epression, [l]oss of

Levi Boone, III
October 27, 2010
Page 6

> [b]alance, [a]nxiety," but this Response fails to address all aspects of the Interrogatory.  (*See* Resp. No 11).

- Interrogatory No. 12 asks Plaintiff to state the "date and circumstances" of certain harms for which she sought care or treatment from a health-care professional or facility, and the dates of such care or treatment.  It also asks Plaintiff to specify the "name and address of each …person who attended or treated [her]" and the "names and addresses of witnesses with knowledge of . . . the treatment rendered."  Plaintiff's Response did not, however, provide any of this information and is thus woefully inadequate.  For example, Plaintiff did not identify the "date and circumstances" of each alleged illness or ailment, nor did she provide specific dates of treatment in any instance.  (*See* Resp. No. 12.)  Furthermore, Plaintiff's Response incorrectly incorporates a time limit contrary to the Court's ruling, which rejected a time period limitation for this Interrogatory, as mentioned above.

- Interrogatory No. 14 asks Plaintiff to "[s]tate the name and addresses of witnesses with knowledge of any and all medications…which Plaintiff took."  Plaintiff's Response does not include any names, or full addresses.  Furthermore, Plaintiff provided prescription records but no related information. (*See* Resp. No. 14.)  Plaintiff's Response incorrectly incorporates a time limit contrary to the Court's ruling, which rejected a time period limitation for this Interrogatory, as mentioned above.

- Interrogatory No. 15 asks Plaintiff to give the "location and dates of attendance" for the "educational institutions" that she attended and the "graduation date from each school."  Plaintiff's Response did not provide the address for the listed educational institution.  Also, Plaintiff did not provide either the graduation date nor the "dates of attendance" for her institution. (*See* Resp. No. 15.)  Lastly, Plaintiff did not provide educational institutions prior to high school.

- Interrogatory No. 18 asks Plaintiff to "identify all individuals…who [were] consulted or participated in the preparation of the answers to these Interrogatories, and [to] indicate the numbers of the specific Interrogatories for which each such person participated in preparing

Levi Boone, III
October 27, 2010
Page 7

        answers." Plaintiff's failed to answer this question. (*See* Resp. No. 18.)

- Interrogatory No. 22 asks Plaintiff to "state the name and address of any individuals who may have had contact with Plaintiff, or would have knowledge of [her] behavior or mental state, in the 72 hours immediately preceding [her] suicide attempt or death." Plaintiff simple wrote "N/A." Please clarify. (*See* Resp. No. 22.)

- Interrogatory No. 23 ask Plaintiff to "state whether Plaintiff ever posted, filed or reported information on any Internet websites or message boards regarding Neurontin, this litigation, Pfizer Inc., Warner-Lambert Company LLC, or the filing of adverse event reports relating to Neurontin." Plaintiff's Response of "N/A" is ambiguous. (*See* Resp. No. 23.)

- Interrogatory No. 24: Plaintiff's Response of "Plaintiff is not sure" is deficient, and further, Plaintiff's Response incorrectly incorporates a time limit contrary to the Court's ruling, which rejected a time period limitation for this Interrogatory, as mentioned above. (*See* Resp. No. 10).

        Fourth, many of the cross-references to and within Plaintiff's Responses are inaccurate and otherwise unhelpful, rendering Plaintiff's Responses non-responsive. For example, Response to Interrogatory No. 14 directs Defendants to "Plaintiffs prescription printout." This document, however, does not contain the information requested in Interrogatory No. 14. For example it does not specify "the reason for the prescription and whether it was effective at treating the condition." As another example, Plaintiff objected to Interrogatory No. 19, which sought "a computation of any category of damages," on the ground that it was duplicative of the information required to be disclosed by Federal Rule of Civil Procedure 26(a)(1). Plaintiff's Initial Disclosure, however, "incorporate[d]" Plaintiff's "answers to interrogatory no. 10," (*see* Pl's Initial Disclosures at 1), which does not even pertain to damages.

        Fifth, Plaintiff has only produced five pages of pharmacy records thus far in the litigation. Defendants have yet to receive copies of Plaintiffs tax returns,

Levi Boone, III
October 27, 2010
Page 8

and other relevant records. (*See* Document Request No. 2 and Disc. Order No. 2 [372] at 4.)

   The numerous deficiencies in Plaintiff's Responses are compounded by the fact that Plaintiff's Initial Disclosures pursuant to Rule 26(a)(1) and Response to Defendants' Request for Production of Documents and Things both refer to and incorporate certain of Plaintiff's Answers to Defendants' Interrogatories. (Pl's Initial Disclosures at 1.) As a consequence, Plaintiff's Initial Disclosures and production are deficient, as well. For example, in her Response to Defendants' Request for Production, "Plaintiff[] incorporate[d] [her] individual answer to Interrogatory No. 24," (Pl's Resp. to Defs' Req. for Prod. at No. 3), but Plaintiff answered that response with the statement "Plaintiff [i]s [n]ot [s]ure." Similarly, in Plaintiff's Initial Disclosures, Plaintiff "incorporate[d] her . . . answers to interrogatories no. 4, 7, 10, 11, 12 and 14. (Pl's Initial Disclosures at 1.) But, as mentioned above, Response Nos. 4, 7, and 10 were incomplete, and Responses No. 14 refers to incomplete pharmacy records.

   Furthermore, Plaintiff's discovery production is deficient because she has failed to produce the necessary authorizations for (1) tax records; (2) Social Security disability records; (3) employer records; (4) education records; (5) insurance records; (6) military records (if applicable); (7) Medicaid records; and (8) Medicare records, which were all due by July 7, 2010. (*See* Further Scheduling Order Regarding All Products Cases [2839].)

   In addition to being long overdue, Plaintiff's deficient discovery responses make it difficult for Pfizer to collect the relevant records necessary to complete Plaintiff's depositions, and those of her prescriber(s). They also make it difficult for Pfizer to comply with its own discovery obligations in this case. In light of these shortcomings, Pfizer requests that Plaintiff immediately supplement her Responses to Interrogatories, Initial Disclosures, Responses to Requests for Production and provision of materials pursuant to Discovery Order No. 2 to provide any additional information not previously provided. Despite Defendants' requests on August 12, 2010, and September 30, 2010, Plaintiff has filed to provide the full name and address of several prescribing physicians identified in pharmacy records. Defendants are proceeding with Plaintiff's deposition scheduled for October 28, 2010, but reserve the right to keep the deposition open due to Plaintiff's many failures to respond to discovery properly and completely.

Levi Boone, III
October 27, 2010
Page 9

Sincerely,

Catherine Stevens