# EXHIBIT D

**Nissi, Nordo (NYC)**

| | |
|---|---|
| **From:** | Stevens, Catherine B (NYC) |
| **Sent:** | Friday, December 03, 2010 7:23 PM |
| **To:** | 'Levi Boone, III' |
| **Cc:** | Cheffo, Mark S (NYC) |
| **Subject:** | RE: December depo dates |

Levi - We do not believe that it is feasible or appropriate to schedule two plaintiffs depositions per day.  Judge Sorokin made it very clear that he wants 15 days of depositions each month.   In our history of taking hundreds of plaintiffs depositions,  I don't recall an instance where we have ever taken two plaintiffs depositions per day.   The majority of cases with complete discovery will require at least a full day to complete.   In fact, the current CMO allows us to take two-full days of depositions per plaintiff.  If we schedule two plaintiff's depositions per day, we will likely not finish the deposition and will be required to make another trip to complete the deposition with the same plaintiff.    That solution is unacceptable.   We believe that the court required us to take 15 full days of depositions each month and we would like to get that process started in December.  If you disagree, please let us know and we will schedule a call with the court early next week.

And to follow-up on your second email, by double-track I mean having two depositions at the same time, with two sets of lawyers.

**From:** Levi Boone, III [mailto:LBoone@BooneLawFirm.com]
**Sent:** Friday, December 03, 2010 6:02 PM
**To:** Stevens, Catherine B (NYC)
**Subject:** RE: December depo dates

Catherine- Judge Sorokin clearly stated that he anticipated that 2 depos can be done per day in some of these cases.  If you have specific complaints about specific plaintiffs discovery please let me know and we will appropriately respond.  You have mischaracterized my comments to Judge Sorokin.  I informed the Judge that I answered template discovery and also supplemented some answers and that answers given to the discovery contained all available information that we had, but that the answers were not perfect.  Judge Sorokin replied that he did not expect perfection.  I will rearrange matters to make 12/17 and  12/20 available for a total of 10 days.  We got to do more than one plaintiff per day.  Reshuffle your proposed schedule of depos to show at least 2 plaintiffs for 5 days.
Now, I can not verify by days end if all of these plaintiffs are available. Deborah Watson has verified that she is available for December 7, 2010.  Christopher Kyles is available for December 9, 2010.  Debbie Sullivan has confirmed for 12/15., but I'm going to have to make some arrangement because I have depos scheduled in another case. We are trying to contact these plaintiffs on real short notice given your late afternoon request.  I will work over the weekend to call these plaintiffs and report to you on Monday.  I am not taking responsibility for your coming for depos wherein you claim the discovery is inadequate without you pointing out any inadequacy.  I will look at each of the plaintiff discovery over the weekend and will communicate with you on Monday.  I am available for evening depos (4:00 pm or after)  on most of the days you have proposed and again there is no reason that 2 depos can't be taken in a day.

Levi

**From:** Stevens, Catherine B [mailto:Catherine.Stevens@skadden.com]
**Sent:** Friday, December 03, 2010 1:44 PM
**To:** Levi Boone, III
**Subject:** RE: December depo dates

Levi - I have received your email and setting out your available dates for depositions in December.  Having only eight available days will not work, and is not consistent with the Court's plan for this month.  My notes from the hearing reflect that we were directed to take 15 days of depositions or 15 depositions, whichever is greater.  Plaintiffs cannot be scheduled for the same day, unless you can agree to double-track them.  I believe that Judge Sorokin made it very clear at the hearing that he wants us to have 15 days of depositions scheduled each and every month.  If we can take an extra deposition during the time we are there, like a limited prescriber, we get the benefit of completing more than 15 depositions.  Unless you seek relief from the Court, we need you to give us 15 days this month to depose witnesses.

With respect to the template discovery, you represented to the Court that you believe that you have complied with the discovery orders in your cases.  We strongly disagree based on our experience and review of your disclosure, but, based on your representations, we are prepared to move forward with 15 days of depositions of your plaintiffs during the month of December and then again in January.  If we can identify and schedule a prescribing physician that we could take during our trip to Mississippi, we would propose adding him or her to the early morning or evening schedule where feasible.  As noted, we are taking these depositions at this time based on your representation that you believe that you have complied with your discovery obligations.  We expect to be able to depose the witnesses once.  If we travel to Mississippi to take these depositions and learn that discovery in any of these cases is incomplete (for example, that a plaintiff did not disclose certain information requested in discovery, saw additional treaters or prescribers, or has relevant but unproduced records, documents, or things), we will seek the guidance of the Court and all appropriate sanctions and remedies.

We proposed the following depositions for the month of December:

- Deborah Watson - December 7
- Ethel Howard  - December 8
- Christpoher Kyle - December 9
- William Charlie Webb - December 13
- Terry Banks -December 14
- Debbie Sullivan - December 15
- Maybelle Newsom - December 16
- James Hunter - December 17
- Bobbie Bryson - December 20

12/20/2010

   Watson prescriber - December 21

   Roy Carrol - December 22

   Delories Powell - December 23

   Jerrell Bearden - December 28

   Lashonda Skinner - December 29

   Laperial Melvin - December 30

As you are well aware, we have selected the 15 plaintiffs with the most volume of medical records produced from your inventory of cases.  Please advise as soon as possible whether these dates will work for you and each plaintiff.  As the Court indicated, if you cannot do 15 days of depositions, please seek appropriate relief from the Court, so that all parties can figure out the best way to proceed.

Our records indicate that Elizabeth Marie Knight, one of your proposed December plaintiff depositions, is deceased.  Please advise on how you want to handle that case.

Additionally, you requested, for the first time this week, the depositions of 3 sales representatives from the cases with the November 15 initial discovery deadline.  As I indicated at the hearing, all three of these sales representatives are former Pfizer employees - none are in our custody and control.  We have tried to reach out to all three but have not been successful.   We are passing along our last known contact information for you.

   Mamie Signa
   1746 Lance Cv
   Greenville, MS 38701
   662-335-8786

   Missy Carter
   1834 Devine Street
   Jackson, MS
   601-969-0438

   Ryan Rintoul
   17558 Johnson St. NW
   Elk River, MN
   701-492 -2955


Please let us know if you reach these witnesses and schedule their depositions.  We would appreciate a deposition notice, including the time, location and court reporter that you have selected, at least two weeks in advance, if possible.   Also, please advise if you intend to videotape these depositions.  Please additionally advise if you intend to take any additional sales representatives from the November 15 deadline group.

As we need to make travel plans for the depositions scheduled next week quickly, could you

please let me know by the end of the day today whether this schedule is acceptable.  Thanks.

---

**From:** Levi Boone, III [mailto:LBoone@BooneLawFirm.com]
**Sent:** Thursday, December 02, 2010 5:17 PM
**To:** Stevens, Catherine B (NYC)
**Subject:** December depo dates

Catherine, I'm available for deposition on 12/7, 12/8, 12/9, 12/10, 12/16 (afternoon), 12/27, 12/28, and 12/30. We obviously will have to take at least 2 depos per day as suggested by Magistrate Sorokin to comply with the order of 15 depos per month.  I need to know asap as to the particular plaintiffs for each day so that I may notify same. I will be happy to discuss this matter with you.

Levi

---------------------------------------------------------------------------
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
=============================================================================