# EXHIBIT G

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
-----
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
-----
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
212-735-3353
EMAIL ADDRESS
CATHERINE.STEVENS@SKADDEN.COM

December 4, 2010

BY ELECTRONIC AND U.S. MAIL
Levi Boone, III
Boone Law Firm, P.A.
401 West Sunflower Road
P.O. Box 1772
Cleveland, MS 38732

RE:  Christopher Kyle v. Pfizer

Dear Mr. Boone:

      I am writing to address Plaintiff Christopher Kyle's September 3, 2010, Answers to Defendants' First Set of Interrogatories ("Responses"), which are incomplete and deficient in several key respects, as outlined below. Pfizer accordingly requests that Plaintiff immediately supplement his Responses and other discovery responses pursuant to the Federal Rules of Civil Procedure and the Court's Discovery Order No. 2, [372], and other orders by the Court. As you are aware, Mr. Kyle's deposition is scheduled for next week. We are moving forward with the deposition because of the Court's stated intention to move these cases forward and your representation to the Court that you have substantially complied with discovery. However, we are lacking critical information identified below.

      First, Plaintiff's Interrogatory Answers refer to Plaintiff's Medical Provider List. (*See e.g.*, Resp. No 12.) However, Plaintiff has disclosed only <u>one</u> medical provider in this provider list. No additional medical providers have been identified. As a result, Defendants lack many critical medical records essential to this case.

Levi Boone, III
October 22, 2010
Page 2

   Second, Plaintiff answered "to be supplemented" to six of the twenty-four Interrogatory Requests. (*See, e.g.*, Resp. No., 3, 5, 13, 15, 22, 24.) At this late stage of the litigation and with depositions scheduled for next week, "to be supplemented" answers are completely improper.

   Additionally, several of the Interrogatories as typed in Plaintiff's Responses vary from the Interrogatories as drafted by Pfizer, and modified by the parties' agreements and the Orders of the Court. Specifically, Defendants object to the addition of time limits to the Interrogatory text in the face of contrary rulings by the Court, which forces Plaintiff to provide incomplete information. For example, Interrogatory Nos. 10, 12, 14, & 24 should also not have any time period limitations worded into the Interrogatory text, as the Court overruled them in each specific instance. (*See* Discovery Order No. 2, at 6.)

   Many of the Responses Plaintiff provided are incomplete, as outlined below:

- Interrogatory No. 1: Plaintiff failed to provide a middle name, and did not confirm or deny whether he has even been known by any other name, whether he has ever been married, or whether he has ever had children. (*See* Resp. No. 1.)

- Interrogatory No. 2: Plaintiff failed to provide any past residences, the dates that he lived at his current and past residences, and to list "any individuals with whom … he resided at such address[es]." (*See* Resp. No. 2.)

- Interrogatory No. 3: Interrogatory No. 3 asks the "name and address of each of Plaintiff's employers for the twenty years preceding commencement of this suit" and for additional information about jobs held. Plaintiff's Response of "to be supplemented" is woefully inadequate at this late date in the litigation and with depositions scheduled for next week. (*See* Resp. No. 3.)

- Interrogatory No. 4: Interrogatory No. 4 asks for ten persons that Plaintiff is closest to. Plaintiff listed only an address, "509 Chestnut St. MS 38901" as a Response to this Interrogatory. Plaintiff did not

Levi Boone, III
October 22, 2010
Page 3

list a person, the relevant time period of any relationship or the nature of any relationship, as required by the Request. (*See* Resp. No. 4.)

- Interrogatory No. 5: Interrogatory No. 5 asks "what Plaintiff liked to do in his spare time." Plaintiff's Response of "to be supplemented" is woefully inadequate at this state of the litigation. (*See* Resp. No. 5.)

- Interrogatory No. 7: Plaintiff's reference to other Interrogatories is improper, as Plaintiff was ordered to respond to this Interrogatory as written. Additionally, Plaintiff's reference to Response No. 11 is misplaced since no witnesses are asked for or identified therein. Plaintiff's reference to Response No. 12 is misleading and confusing since that Response refers to yet another document (which only identifies one medical provider and is therefore deficient). Plaintiff's reference to Response No. 14 is similarly unhelpful since that response refers back to Response Nos. 4 and 12 (both already referred to in this Response).

- Interrogatory Nos. 8 & 9: Plaintiff's sole provision of objections without a Response is improper. The Court's ruling clearly sets out that "[r]egarding Interrogatory Nos. 8 & 9, Plaintiffs shall respond to the interrogatory as propounded." (*See* Discovery Order No. 2, at 6.).

- Interrogatory No. 10: Plaintiff's Response refers to Interrogatory No. 12, which again refers to the Medical Provider list. The Medical Provider List discloses one medical provider for Plaintiff and is clearly deficient. Further, Plaintiff's Response incorrectly incorporates a time limit contrary to the Court's ruling, which rejected a time period limitation for this Interrogatory, as mentioned above. (*See* Resp. No. 10.)

- Interrogatory No. 11: Plaintiff's response fails to provide any of the requested information as to Plaintiff's family members. (*See* Resp. No. 11.)

- Interrogatory No. 12: This Interrogatory asks Plaintiff to state the "date and circumstances" that he sought care or treatment from a

Levi Boone, III
October 22, 2010
Page 4

    health-care professional or facility, and the dates of such care or treatment. It also asks Plaintiff to specify the "name and address of each …person who attended or treated [him]" and the "names and addresses of witnesses with knowledge of …the treatment rendered." In his Response, Plaintiff "incorporate[d] herein, word for word… the "Medical Providers List previously submitted." However, the one doctor medical provider list is woefully inadequate since it contains only one doctor's name, without providing any of the other information requested in the Interrogatory. (*See* Resp. No. 12.)

- Interrogatory No. 13: Interrogatory No. 13 requests information about criminal convictions or pleas. As noted above, Plaintiff's Response of "to be supplemented" is inappropriate at this date. Also, as noted above, Plaintiff's time limitation is improper. (*See* Resp. No. 13.)

- Interrogatory No. 14: Interrogatory No. 14 requests "name and addresses of witnesses with knowledge of any and all medications . . . which Plaintiff took." It also asks for "the name of the health–care professional, the name of the prescription, the prescription dosage, each date that the prescription was prescribed, where the prescription was filled, the reason for the prescription and whether it was effective." Plaintiff's reference to Response No. 12 is misleading and confusing since that Response refers to yet another document (which only identifies one medical provider and is deficient). Plaintiff's reference to Response No. 4 is also confusing because Plaintiff identified no witnesses in Response No. 4. Additionally, as noted above, Plaintiff's self-placed time limitation is improper. (*See* Resp. No. 14.)

- Interrogatory No. 15: As noted above, Plaintiff's Response of "to be supplemented" is inappropriate at this time. (*See* Resp. No. 15.)

- Interrogatory No. 16: Plaintiff's Response is deficient as it fails to provide a response as to his own knowledge, and merely refers generally to unidentified documents. (*See* Resp. No. 16.)

Levi Boone, III
October 22, 2010
Page 5

- Interrogatory No. 22: As noted above, Plaintiff's Response of "to be supplemented" is inadequate at this date. (*See* Resp. No. 22.)

- Interrogatory No. 24: As noted above, Plaintiff's Response of "to be supplemented" is inadequate at this date. (*See* Resp. No. 24.)

As noted above, many of the cross-references to and within Plaintiff's Responses are inaccurate and otherwise unhelpful, rendering Plaintiff's Responses non-responsive. For example, Responses to Interrogatory Nos. 7, and 14 rely in part on and refer to Plaintiff's Response to Interrogatory Nos. 4 and 12, but those Responses were left, as noted above, in an incomplete state. Furthermore, Response to Interrogatory No. 20 relies on Plaintiff's Response to Interrogatory No. 7 (which refers to 4 other Responses) and the Medical Provider List, which, as previously mentioned, were woefully deficient. In addition, Plaintiff's verification for his September 3, 2010, Interrogatories is missing.

The numerous deficiencies in Plaintiff's Responses are compounded by the fact that Plaintiff's Initial Disclosures pursuant to Rule 26(a)(1) and Responses to Defendants' Request for Production of Documents and Things both refer to and incorporate certain of Plaintiff's Answers to Defendants' Interrogatories. (Pl's Initial Disclosures at 1.) As a consequence, Plaintiff's Initial Disclosures and production are deficient, as well. For example, in his Response to Defendants' Request for Production, "Plaintiff[] incorporate[d] [his] individual answer to Interrogatory No. 24," (Pl's Resp. to Defs' Req. for Prod. at 4), but that Response, as noted above, was "to be supplemented." Similarly, in Plaintiff's Initial Disclosures, Plaintiff "incorporate[d] his answers to Interrogatories no 4, 7, 10, 11, 12 and 14." (Pl's Initial Disclosures at 1.) But, as mentioned above, those responses are all incomplete.

Lastly, Plaintiff's discovery production is deficient because he has failed to produce the necessary authorizations for (1) tax records; (2) Social Security disability records; (3) employer records; (4) education records; (5) insurance records; (6) military records (if applicable); (7) Medicaid records; and (8) Medicare records, which were all due by July 7, 2010. (*See* Further Scheduling Order Regarding All Products Cases [2839].)

In addition to being long overdue, Plaintiff's deficient discovery responses make it difficult for Pfizer to collect the relevant records necessary to fully

prepare for depositions, and those of Plaintiff's prescriber(s). They also make it difficult for Pfizer to comply with its own discovery obligations in this case. In light of these shortcomings, Pfizer requests that Plaintiff immediately supplement his Responses to Interrogatories, Initial Disclosures, Responses to Requests for Production and provision of materials pursuant to Discovery Order No. 2 to provide any additional information not previously provided.

Sincerely,

Catherine Stevens