UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
|  | **MDL Docket No. 1629** |
| **NEURONTIN MARKETING,** |  |
| **SALES PRACTICES AND PRODUCTS** | : **Master File No. 04-10981** |
| **LIABILITY LITIGATION** |  |
|  | **Judge Patti B. Saris** |
|  | **Magistrate Judge Leo T. Sorokin** |
| **THIS DOCUMENT RELATES TO:** |  |
| **JESSIE ALLEN, et al vs.** |  |
| **PFIZER, INC, et al,** | **CASE NO. 1:05CV11795-PBS** |
| **MARY COOPER, ET AL VS** | **CASE NO. 1:05CV10834-PBS** |
| **PFIZER, INC, ET AL** |  |
| **LEROY ANDERSON, ET AL VS** | **CASE NO. 1:05CV10835-PBS** |
| PRODUCTS LIABILITY ACTION |  |

_____

PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO
ADEQUATELY RESPOND TO PLAINTIFFS' DISCOVERY
_____

Plaintiffs in the above respective referenced cases, through undersigned counsel, move the court to enter an order compelling Defendant to properly respond to Plaintiff s' discovery and for other relief for the following reasons:

1. This Court ordered the parties to complete core discovery. Plaintiffs listed in the above referenced matters served *Plaintiff 's Interrogatories* and *Plaintiff's Requests for Production of Documents and Things* on Defendants.

2. A copy of *Defendants' Response to Interrogatories And Objections to Plaintiff's Interrogatories* and *Defendants' Response and Objections to Requests for Production of Documents and Things on Defendants* relating to

Plaintiff Vanessa Deshon Scott is attached hereto as Exhibit "A" and "B" respectively, as examples of the deficient manner that the Defendants have responded to the discovery as to all Plaintiffs in these cases. Defendants responded to Plaintiff's Interrogatories and Plaintiff's Request for Production of Documents in exactly the same as to all Plaintiffs.

3. As shown on Exhibit "A" and "B", the Defendant has objected to <u>each</u> and <u>every</u> interrogatory. The Defendants have failed to provide any substantive response to any interrogatory or request for production.

4. Likewise the Defendants have objected to <u>each</u> and every <u>Request for Production of Document</u> and have failed to provide any documents to the Plaintiff s with the exception of 9 Plaintiffs, wherein the information provided relating to the 9 Plaintiffs is wholly inadequate and untimely as will be discussed.

5. The interrogatories and requests for production of documents propounded to Defendant seek relevant information to enable Plaintiffs to locate, subpoena, prepare for and take the sales representatives' depositions.

6. Defendants failed to provide even basic information to plaintiffs, including the following:

a. name, last known address of Defendant's medical liaison(s) sales representatives, territory manager, and district mangers, who had contact with Plaintiff's prescribing healthcare provider; *[Interrogatory No. 1]*

b. Any investigation or reprimand of Defendants' sales representatives, medical liaison and/or territory manager for marketing practices pertaining to Neurontin, either by Defendant or by any governmental agency; *[Interrogatory No. 2]*

    *c.* Whether Defendants retained or engaged Plaintiff's healthcare provider as a member of Defendants' speaker program, clinical investigator or consultant relating to Neurontin; [ *Interrogatory No. 3]*

    *d.* Sample data, such as the number of sample packets and dosages provided, and the identity of the person(s) providing the sample(s). *[Interrogatory No. 6]*

    e. Factual basis for each of the affirmative defenses set forth in Defendant's Answer to the Complaint; [*Interrogatory no. 9]*

    f. Whether Plaintiffs' Healthcare Provider were ever invited to CME, or promotional events relating to Neurontin;

    g. Whether Plaintiffs' Healthcare Provider were ever invited to CME, or promotional events relating to Neurontin;

    h. Whether Plaintiffs' Healthcare Provider were ever contacted by Defendants relating to Neurontin; [ *Interrogatory no. 7]*

7. Defendants' responded to each of these interrogatories with a litany of general objections 1,2,3,4,5,6,7,8,9,10,11, and 13 and with the specific objection that " *the interrogatory is unreasonably overbroad, unduly burdensome, vaguely not properly limited in time or scope, and based upon the allegations in Plaintiff is complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information"* and with a promise that Defendants will respond .

8. Likewise, the Defendants have failed to produce any documents in response to Plaintiffs' request for production of documents and things.

9. The documents requested are relevant to Plaintiff's preparation for the sales representative, for example, requested documents, include the following:

   a. Medical records, medical bills, medical evidence relating to Plaintiff in the possession of Defendant; *[Request No. 1]*

   b. "Dear Doctor" or "Dear Healthcare Provider" letter;

   c. Custodial files of sales representatives; *[Request No. 3]*

   d. Sample data provided to prescriber, *[Request No. 5]*

   e. Investigation or reprimand documents relating to his/her marketing of Neurontin, *[Request No. 1]*

   f. Field coach guides for sales representatives and medical liaisons;

   g. Documents relating to Defendants' gross and net sales of Neurontin for each year corresponding to when Plaintiff was prescribed Neurontin [Request No. 45]

   h. All sales call notes and sample data in an electronic and paper format;

   i. Records of Plaintiff's health care providers invited to conferences;

   j. Investigation of Plaintiff or Plaintiff's family;

   k. Communications with Plaintiffs' prescribing physicians.

   l. All leave-behind materials.

   m. The entire employment file for each of Defendants' sales representative;

10. The failure of Defendant to produce the requested discovery has obstructed and continues to obstruct Plaintiffs' ability to locate, arrange and prepare for the depositions of sales representatives.

11. Defendants' only effort to comply with Plaintiff's Request for Production of Documents was to produce information that was basically the name and last known address of sales representatives relating to only 8 plaintiffs that were subject to the November 15, 2010 deadline.  This information alone is inadequate without the custodial and employment file to enable Plaintiffs to locate, arrange and prepare for the depositions of sales representatives.

12. Plaintiffs' counsel emailed Defendant's counsel on August 10, 2010 requesting the required discovery relating to the sales representatives. Plaintiffs' attorney requested Defendants to comply with their obligation to provide sales representative material without the necessity of a motion to compel.  (See August 10, 2010 email marked as Exhibit "C")  No resolution has been reached following this email.

13.  Again on December 17, 2010, Plaintiffs' attorney informed Defendants' attorney that during the "meet and confer" phone conference that part of the discussion would involve Defendants' failure to adequately respond to Plaintiffs' discovery.  (See December 17, 2010 email marked as Exhibit "D". No resolution was reached during the "meet and confer" phone conference. WHEREFORE PREMISES CONSIDERED, Plaintiffs request that this Court enter an order compelling Defendants to respond adequately respond to Plaintiffs' discovery at a time certain and that the failure to do so that Defendants be denied the right to oppose Plaintiffs' liability claims for relief.

This the 20th day of December, 2010.

        Respectfully Submitted,

        **/s/ Levi Boone, III**
        Levi Boone, III, MSB #3686
        **BOONE LAW FIRM, P.A**.
        401 West Sunflower Avenue
        Post Office Box 1772
        Cleveland, MS 38732
        TEL: 662-843-7946
        FAX: 662-843-7950

## CERTIFICATE OF GOOD FAITH

I, hereby certify that I have conferred in good faith with counsel for Defendants concerning the issues presented in this motion and the parties have been unable to resolve the issues with the intervention of this Court.

THIS, the 20th day of December, 2010.

        /s/  Levi Boone, III
        Levi Boone, III

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served as required by Case Management Order Number 3 on the 20th day of December, 2010.

        /s/ Levi Boone, III
        Levi Boone, III