**Exhibit A**

DEFENDANTS' RESPONSE AND OBJECTIONS TO PLAINTIFF'S

INTERROGATORIES

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------------- x

| | |
|---|---|
| IN RE: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |

-------------------------------------------------------------------- x

THIS DOCUMENT RELATES TO:

| | |
|---|---|
| VANESSA DESHON SCOTT<br>*Jesse Allen, et al. v. Pfizer, Inc.,*<br>*Case No. 07-cv-11795* | Civil Action No. 04-10981 |

-------------------------------------------------------------------- x

### DEFENDANTS' RESPONSE AND OBJECTIONS
### TO PLAINTIFF'S INTERROGATORIES

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer" or "Defendants") hereby respond to Plaintiff's Interrogatories.

### PRELIMINARY STATEMENT

Plaintiffs may request from Defendants documents and information that are relevant to their claims or are likely to lead to the discovery of relevant information. The scope and breadth of appropriate discovery is determined by, among other things, the claims, defenses and salient facts involved. In this case, Judge Sorokin's July 24, 2009, Order requires that the parties complete initial discovery, limited to Plaintiff and prescriber-specific discovery, no later than September 15, 2010. However, certain of the discovery requests served by Plaintiff on Pfizer are overbroad in that, among other things, they go beyond the scope of discovery completed by Judge Sorokin's Order. Furthermore, Plaintiff has been providing authorizations for medical records that are needed to gather information about Plaintiff's medical condition(s) on a rolling basis. In addition, Pfizer's counsel also needs certain authorizations for the collection of education and employment records. Therefore, Pfizer reserves its right to limit or

otherwise modify its responses when Plaintiff provides appropriate authorizations and additional records can be gathered.

Pfizer's counsel remains willing to engage in discussions with Plaintiff's counsel related to appropriate discovery that is reasonably related to the claims in this case and properly tailored in scope in accordance with Judge Sorokin's order regarding initial discovery. Notwithstanding Pfizer's objections to overly broad or burdensome requests, it intends to cooperate with Plaintiff's counsel in producing and making available documents and information that are relevant to this action. Pfizer will continue to search to identify and make available responsive documents and information.

In responding to Plaintiff's Interrogatories (the "Responses"), Pfizer does not waive its right to challenge:

A.      All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in any subsequent proceeding or in the trial of this or any other action;

B.      The right to object to the use of any of these Responses, or the subject matter thereof, in any subsequent proceeding or in the trial of this or any other action; and

C.      The right to elicit appropriate evidence, beyond these Responses, regarding the subjects referred to in or in response to any discovery request.

## GENERAL OBJECTIONS

1.      Pfizer objects to each Interrogatory to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

2

2.      Pfizer objects to each Interrogatory to the extent it purports to impose any obligation greater than those provided by the applicable laws and rules governing the proper scope and extent of discovery.

3.      Pfizer objects generally to the Definitions/Instructions contained in Plaintiff's Interrogatories on the grounds that such Definitions/Instructions are vague and ambiguous, overly broad, unduly burdensome and oppressive, seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and seek information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges recognized by law. Pfizer further objects to the Definitions included in Plaintiff's Interrogatories to the extent that they seek to impose obligations, including a duty to supplement, beyond that which is required by the applicable rules of civil procedure.

4.      Pfizer objects to each Interrogatory to the extent it seeks the discovery of information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the consulting expert privilege, the self-critical analysis privilege, and/or any other privileges or immunities recognized by law ("Privileged Information"). Any undertakings to make information or documents available should be understood specifically to exclude Privileged Information.

5.      Pfizer objects to each Interrogatory to the extent it seeks information that would be of little or no relevance to the issues raised in this case, and/or is overly broad and would subject Pfizer to unreasonable, oppressive, and undue burden and expense.

3

6.      Pfizer objects to each Interrogatory which is not limited to the time period relevant to this action and as such is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

7.      Pfizer objects to each Interrogatory to the extent it is so broad, vague, ambiguous, or uncertain that it cannot determine the precise nature of the information sought and, therefore, cannot answer without an unreasonable risk of inadvertently providing a misleading, confusing, inaccurate, or incomplete response.

8.      Pfizer objects to each Interrogatory which calls for documents or information which have already been provided, produced and/or made available to Plaintiff.  Pfizer objects to each Interrogatory to the extent it seeks production of materials or provision of information called for by other Interrogatories or Requests.  Information that is responsive to more than one Interrogatory or Request will be provided, produced and/or made available by Pfizer only once; thus, any information provided, produced and/or made available by Pfizer is incorporated in response to each Interrogatory or Request to the extent it seeks such information.

9.      Because Pfizer has not yet located and identified all of the information and/or documents that might be responsive to Plaintiff's Interrogatories, Pfizer reserves the right to supplement its Responses and assert additional objections as appropriate.

10.     Pfizer objects to each Interrogatory to the extent it seeks the discovery of private or personal information relating to study participants, patients, reporters of alleged adverse events or Pfizer's employees that is protected under contractual, constitutional, statutory, and/or common law rights of confidentiality and privacy, without appropriate protections and entry of an order by the Court.

11.     Pfizer objects to each Interrogatory to the extent it seeks trade secret, proprietary, confidential, or commercially sensitive information without the application of the protective order entered in this action.

12.     Pfizer objects to each Interrogatory to the extent it contains express and/or implicit characterizations. A statement by Pfizer in a Response that it will provide information, or produce or make documents available does not mean that Pfizer adopts, admits or otherwise agrees whatsoever with any such characterizations.

13.     Pfizer objects to each Interrogatory that seeks advertising, marketing or promotional type materials or information as there is neither any allegation, nor any reliable evidence to suggest, that Plaintiff, Plaintiff's Decedent, or the prescribing physician(s) relied on any such materials.

Subject to and without waiver of any general or specific objection, Pfizer hereby incorporates by reference the General Objections set out above, into the response to Plaintiff's Interrogatories, whether referred to therein or not, and, subject to the terms of any protective order entered in this action, responds to Plaintiff's Interrogatories as follows:

## RESPONSE TO PLAINTIFF'S INTERROGATORIES

## INTERROGATORY NO. 1:

Identify the last known address of each of Defendants' medical liaison(s), sales representative(s) and/or territory manager(s), if any, who had contact with Plaintiff's prescribing healthcare providers, as well as said individuals district managers, and identify the current employment position, if any, of said medical liaisons, sales representatives and/or territory managers, and district managers.

**RESPONSE TO INTERROGATORY NO. 1:**

   <u>See</u> General Objections 1, 2, 5, 6, 7, 8, 9, 10, 11 and 13.  Pfizer further objects and states that Interrogatory No. 1 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, and subject to the protective order in this case, Pfizer states that it will identify the Medical Liaisons and sales representatives who had contact with the prescribing physician(s) in their professional capacities during the time period relevant to this action, and directs Plaintiff to Response to Request for Production of Documents and Other Things Nos. 3, 4, 5 and 11.  Any former or current employees, including sales representatives and/or Medical Liaisons, identified to Plaintiff may only be contacted through undersigned counsel of record for Pfizer.

**INTERROGATORY NO. 2:**

   With respect to Defendants' sales representative and/or territory manager, and medical liaison, if any, identified above, please state whether he/she has been investigated and/or reprimanded for his/her marketing practices pertaining to Neurontin, either by Defendants or by any governmental agency. If your answer is "yes," please state whether the investigation is complete and the results of the investigation and; identify and produce all documents which refer to the investigation or reprimand.

**RESPONSE TO INTERROGATORY NO. 2:**

   <u>See</u> General Objections 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Interrogatory No. 2 is unreasonably overbroad, unduly burdensome, vague,

not properly limited in time or scope, calculated solely to harass, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

## INTERROGATORY NO. 3:

If you have retained or engaged in any way any of Plaintiff's healthcare providers as a member of Defendants' speaker program, clinical investigator, preceptor, or consultant relating to Neurontin, either its approved indications or "off label" uses, then identify each such healthcare provider, the dates that the healthcare provider was retained or engaged, identify all materials prepared by you addressed to or for use by the healthcare provider, and state the total value of all compensation provided by you to the healthcare provider.

## RESPONSE TO INTERROGATORY NO. 3:

See General Objections 1, 2, 3, 4, 5, 6, 7, 9, 11, 12 and 13. Pfizer further objects and states that Interrogatory No. 3 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request for Production of Documents and Other Things No. 9.

## INTERROGATORY NO. 4:

Please state whether any of Plaintiff's prescribing healthcare providers were ever invited to attend and/or did in fact attend any consultant meetings, CMEs, or promotional events

7

sponsored by Defendants or any of them pertaining to Neurontin, and if your answer is "yes,"
please state the identity of the healthcare provider; the title, location and date of the
meetings/events attended, and the topic of the meetings/events.

**RESPONSE TO INTERROGATORY NO. 4:**

See General Objections 1, 2, 3, 5, 6, 7, 8, 9, 11 and 13.  Pfizer further objects and
states that Interrogatory No. 4 is unreasonably overbroad, unduly burdensome, vague, not
properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks
information that is neither relevant nor reasonably calculated to lead to the discovery of relevant
information.  Subject to and without waiver of any objection, Pfizer states that it is currently
unaware of any databases or other centralized files that identify physicians who attended
meetings or events related to Neurontin.  However, in the spirit of cooperation, subject to and
without waiver of any objection, see Response to Request for Production of Documents and
Other Things No. 10.

**INTERROGATORY NO. 5:**

Please state whether Defendants ever sent to Plaintiff's prescribing healthcare
provider a "Dear Doctor", "Dear Healthcare Provider", or "Standard Response" letter.

**RESPONSE TO INTERROGATORY NO. 5:**

See General Objections 1, 2, 3, 5, 6, 7, 8, 9, 11 and 13.  Pfizer further objects and
states that Interrogatory No. 5 is unreasonably overbroad, unduly burdensome, vague, not
properly limited in time or scope, seeks information that is already in Plaintiff's possession,

custody, or control, or that is equally available to Plaintiff, and based on the allegations in

Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead

to the discovery of relevant information.  Subject to and without waiver of any objection, Pfizer

states that responsive information and documents, if any, are contained within the medical

information databases ("Merlin/Pfoenix") that have previously been produced in the context of

Neurontin litigation.  Subject to and without waiver of any objection, and subject to the

application of the protective order, Plaintiff may access her version of the Merlin/Pfoenix

databases for use in this case.


**INTERROGATORY NO. 6:**

For each prescribing healthcare provider, please state whether Defendants or their

representatives ever provided the healthcare provider (or anyone in their practice) Neurontin

samples. If the answer is "yes," please state the following:

(i)      The number of sample packets provided and the dosages provided;

(ii)     The dates that they were shipped and/or provided;

(iii)    The identity of the person or persons who provided the samples.


**RESPONSE TO INTERROGATORY NO. 6:**

See General Objections 1, 2, 3, 5, 6, 7, 8, 9, 11 and 13.  Pfizer further objects and

states that Interrogatory No. 6 is unreasonably overbroad, unduly burdensome, vague, not

properly limited in time, seeks information that is already in Plaintiff's possession, custody, or

control, or that is equally available to Plaintiff, and based on the allegations in Plaintiff's

complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, <u>see</u> Response to Request for Production of Documents and Other Things Nos. 5 and 8.

## INTERROGATORY NO. 7:

Please state whether Plaintiff's prescribing healthcare provider ever contacted Defendants concerning Neurontin. If the answer is "yes," please identify the substance of the contact, including all information requested by each provider, all information provided by the provider to you, and the information provided by you in response.

## RESPONSE TO INTERROGATORY NO. 7:

<u>See</u> General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 13. Pfizer further objects and states that Interrogatory No. 7 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks information that is already in Plaintiff's possession, custody, or control, or that is equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, <u>see</u> Response to Request for Production of Documents and Other Things No. 13.

## INTERROGATORY NO. 8:

Have you been contacted by Plaintiff, any of her healthcare providers, or any other individual or entity on behalf of or concerning Plaintiff? If your answer is "yes," please provide the following information:

     (i)     name of the person(s) who contacted you;

     (ii)    the person(s) who were contacted, including their name, employment position with Defendants, or if no longer employed then their last known address and telephone number; and

     (iii)   describe the communication between any person or entity and you concerning the Plaintiff.

## RESPONSE TO INTERROGATORY NO. 8:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 11 and 13. Pfizer further objects and states that Interrogatory No. 8 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and seeks information that is already in Plaintiff's possession, custody, or control, or that is equally available to Plaintiff. Subject to and without waiver of any objection, see Response to Request for Production of Documents and Things No. 13.

## INTERROGATORY NO. 9:

Please provide a factual basis for each of the affirmative defenses set forth in Defendants' Answer to Plaintiff's Complaint.

## RESPONSE TO INTERROGATORY NO. 9:

Pfizer objects to Interrogatory No. 9 as premature. Pfizer further objects and states that Interrogatory No. 9 calls for information protected by the attorney-client and work product privilege. Pfizer will supplement this response, to the extent required by the Federal Rules of Civil Procedure or by any Scheduling Order entered by the Court in this case.

11

Dated: New York, New York
      July 9, 2010

                    SKADDEN, ARPS, SLATE,
                      MEAGHER & FLOM LLP

                    By: _Catherine Stevens_
                    Mark S. Cheffo
                    Catherine B. Stevens
                    Four Times Square
                    New York, New York 10036
                      Telephone:  (212) 735-3000

                    *Attorneys for Defendants Pfizer Inc*
                    *and Warner Lambert Company LLC*

To:    BOONE LAW FIRM, P.A.
        401 West Sunflower Avenue
        Post Office Box 1772
        Cleveland, MS 38732
        Telephone: (662) 843-7946

        *Attorney for Plaintiff*