UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
|  | **MDL Docket No. 1629** |
| **NEURONTIN MARKETING,** |  |
| **SALES PRACTICES AND PRODUCTS** | **: Master File No. 04-10981** |
| **LIABILITY LITIGATION** |  |
|  | **Judge Patti B. Saris** |
|  |  |
|  | **Magistrate Judge Leo T. Sorokin** |
| **THIS DOCUMENT RELATES TO:** |  |
|  |  |
| **JESSIE ALLEN, et al vs.** |  |
| **PFIZER, INC, et al,** | **CASE NO. 1:05CV11795-PBS** |
|  |  |
| **MARY COOPER, ET AL VS** | **CASE NO. 1:05CV10834-PBS** |
| **PFIZER, INC, ET AL** |  |
|  |  |
| **LEROY ANDERSON, ET AL VS** | **CASE NO. 1:05CV10835-PBS** |
|  |  |
| PRODUCTS LIABILITY ACTION |  |

_____

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
DEFENDANT TO RESPOND TO PLAINTIFFS' DISCOVERY

_____

Plaintiffs in the above respective referenced cases, through undersigned counsel, submit *Plaintiffs' Memorandum In Support of Motion to Compel Defendants to Adequately Respond to Plaintiffs' Discovery*, as follows:

### I. Statement of Facts

1. This Court ordered the parties to complete core discovery including discovery relating to the sales representatives who called on Plaintiffs' Neurontin-prescribing doctors. Plaintiffs' Neurontin prescribing doctors have been identified in *Plaintiffs' Answers to Defendants' Interrogatories* , *Plaintiffs'*

*Supplemental Answers to Defendants' Interrogatories*, and *Plaintiff's Medical Providers List*.

2. Plaintiffs served *Plaintiff 's Interrogatories* and *Plaintiff's Requests for Production of Documents and Things* on Defendants.

3. *Defendants' Response to Interrogatories And Objections to Plaintiff's Interrogatories* and *Defendants' Response and Objections to Requests for Production of Documents and Things on Defendants* relating to the Plaintiffs are wholly deficient as to all Plaintiffs in above referenced cases. As shown on Exhibit "A" and "B", to the Motion, the Defendant has objected to <u>each</u> and <u>every</u> interrogatory. The Defendants have failed to provide any substantive response to any interrogatory or request for production.

4. The Defendants have objected to <u>each</u> and <u>every</u> Request for Production of Document and have failed to provide any documents to the Plaintiff s with the exception of 9 Plaintiffs who were subject to November 15, 2010 discovery deadline.  However the information provided as to the 9 Plaintiffs was wholly inadequate and untimely.  The documents that were produced provided information that was basically the name and last known address of sales representatives.  This information alone was and is inadequate, without the custodial and employment file, to enable Plaintiffs to locate, arrange and prepare for the depositions of sales representatives.

5. Plaintiffs' counsel emailed Defendant's counsel on August 10, 2010 requesting the required discovery relating to the sales representatives. Plaintiffs' attorney requested Defendants to comply with their obligation to provide sales

representative material without the necessity of a motion to compel. (See August 10, 2010 email marked as Exhibit "C" to the Motion to Compel) No resolution has been reached following this email.

6. Again on December 17, 2010, Plaintiffs' attorney informed Defendants' attorney that during the "meet and confer" phone conference that part of the discussion would involve Defendants' failure to adequately respond to Plaintiffs' discovery. (See December 17, 2010 email marked as Exhibit "D" to the Motion to Compel) No resolution was reached during the "meet and confer" phone conference.

## II.  Discovery Sought by this Motion

7. Plaintiffs' interrogatories and requests for production of documents propounded to Defendant seek relevant information to enable Plaintiffs to locate, subpoena, prepare for and take the sales representatives' depositions. Defendants failed to provide even basic information to plaintiffs, including the following:

   a. name, last known address of Defendant's medical liaison(s) sales representatives, territory manager, and district mangers, who had contact with Plaintiff's prescribing healthcare provider; *[Interrogatory No. 1]*

   b. Any investigation or reprimand of Defendants' sales representatives, medical liaison and/or territory manager for marketing practices pertaining to Neurontin, either by Defendant or by any governmental agency; *[Interrogatory No. 2]*

   c. Whether Defendants retained or engaged Plaintiff's healthcare provider as a member of Defendants' speaker program, clinical investigator or consultant relating to Neurontin; [ *Interrogatory No. 3]*

    d. Sample data, such as the number of sample packets and dosages provided, and the identity of the person(s) providing the sample(s). *[Interrogatory No. 6]*

    e. Factual basis for each of the affirmative defenses set forth in Defendant's Answer to the Complaint; *[Interrogatory no. 9]*

    f. Whether Plaintiffs' Healthcare Provider were ever invited to CME, or promotional events relating to Neurontin;

    g. Whether Plaintiffs' Healthcare Provider were ever invited to CME, or promotional events relating to Neurontin;

    h. Whether Plaintiffs' Healthcare Provider were ever contacted by Defendants relating to Neurontin; [ *Interrogatory no. 7]*

8. The documents requested are relevant to Plaintiff's preparation for the sales representative, for example, requested documents, include the following:

    a. Medical records, medical bills, medical evidence relating to Plaintiff in the possession of Defendant; *[Request No. 1]*

    b. "Dear Doctor" or "Dear Healthcare Provider" letter;

    c. Custodial files of sales representatives; *[Request No. 3]*

    d. Sample data provided to prescriber, *[Request No. 5]*

    e. Investigation or reprimand documents relating to his/her marketing of Neurontin, *[Request No. 1]*

    f. Field coach guides for sales representatives and medical liaisons;

    g. Documents relating to Defendants' gross and net sales of Neurontin for each year corresponding to when Plaintiff was prescribed Neurontin [Request No. 45]

    h. All sales call notes and sample data in an electronic and paper format;

     i. Records of Plaintiff's health care providers invited to conferences;

     j. Investigation of Plaintiff or Plaintiff's family;

     k. Communications with Plaintiffs' prescribing physicians.

     l. All leave-behind materials.

     m. The entire employment file for each of Defendants' sales representative;

### III. Authorities

9. A Motion to Compel under Rule 37(a)3 is justified when a party fails, as here, to respond to interrogatories and requests for production of documents.

### IV. Conclusion

10. The failure of Defendant to produce the requested discovery has obstructed and continues to obstruct Plaintiffs' ability to locate, arrange and prepare for the depositions of sales representatives. Accordingly, Plaintiffs request that this Court enter an order compelling Defendants to respond adequately respond to Plaintiffs' discovery at a time certain and that the failure to do so that Defendants be denied the right to oppose Plaintiffs' liability claims for relief.

    This the 20th day of December, 2010.

                    Respectfully Submitted,

                    **/s/ Levi Boone, III**
                    Levi Boone, III, MSB #3686
                    **BOONE LAW FIRM, P.A**.
                    401 West Sunflower Avenue
                    Post Office Box 1772
                    Cleveland, MS 38732
                    TEL: 662-843-7946
                    FAX: 662-843-7950

## CERTIFICATE OF GOOD FAITH

I, hereby certify that I have conferred in good faith with counsel for Defendants concerning the issues presented in this motion and the parties have been unable to resolve the issues with the intervention of this Court.

THIS, the 20th day of December, 2010.

                    /s/  Levi Boone, III
                    Levi Boone, III

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served as required by Case Management Order Number 3 on the 20th day of December, 2010.

                    /s/ Levi Boone, III
                    Levi Boone, III