UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 <br><br> Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: <br><br> ALL BOONE PRODUCT LIABILITY ACTIONS | Judge Patti B. Saris <br><br> Magistrate Judge Leo T. Sorokin |

**MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL**

Defendants Pfizer Inc and Warner-Lambert Company LLC (together, "Pfizer" or "Defendants") respectfully submit this Memorandum in Opposition to the Motion to Compel filed by Plaintiffs represented by the Boone Law Firm ("Boone Plaintiffs" or "Plaintiffs"). Plaintiffs' motion should be denied because Defendants have complied with their discovery obligations to the extent reasonably practicable and continue to produce materials where possible and practicable on a rolling basis. To the extent that Defendants have not provided substantive responses, it is because Plaintiffs' discovery deficiencies have impeded Pfizer's ability to respond.

**PRELIMINARY STATEMENT**

As Defendants highlighted in detail in their Motion to Compel filed on December 20, 2010, the Boone Plaintiffs' discovery responses and productions have been so deficient that Pfizer lacks the basic information required to complete all of its own responses to case-specific discovery. To respond to many of Plaintiffs' requests, Pfizer needs the names of the Boone Plaintiffs' physicians that prescribed Neurontin,[1] those physicians' addresses and contact information, Plaintiffs' alleged dates of injury, and the timeframes during which they allegedly

---

[1] The term "prescribing physician" is meant to include any healthcare provider authorized to prescribe medication.

took Neurontin. Although Defendants have repeatedly explained to Mr. Boone that these disclosures are a necessary prerequisite to retrieving the majority of the materials requested in Plaintiffs' template discovery, he has still failed to provide this basic information. Pfizer has been able to search for and produce the requested materials for certain of the plaintiffs represented by other law firms because Pfizer was able to ascertain case-specific information, including the name of prescribing doctors, to enable its responses. Quite simply, Pfizer cannot obtain the case-specific information requested by the Boone Plaintiffs until it knows who prescribed Neurontin for each Plaintiff and either an alleged date of injury or a prescription timeframe. Where we have the information, Pfizer has, and will continue to comply. Yet, Plaintiffs have failed to disclose this prerequisite information – despite the template discovery requests from Defendants, deficiency letters, and explicit instructions from this Court. Under the circumstances, Pfizer has attempted to respond to the Boone Plaintiffs' template discovery requests to the extent reasonably practicable.

In the Boone Plaintiffs' cases subject to the November 15, 2010 deadline, Pfizer has responded to requests regarding prescribing physicians and sales representatives, not because the Boone Law Firm properly disclosed the prerequisite information, but rather because defense counsel traveled to Mississippi and took depositions of these Boone Plaintiffs, thus discovering this necessary information well after the template deadline had expired.

## ARGUMENT

### I. Plaintiffs' Discovery Failures Have Prevented Pfizer From Responding To Case-Specific Discovery In Most Cases

The vast majority of the case-specific template discovery requests underlying the Boone Plaintiffs' motion depend upon the identity of the Boone Plaintiffs' prescribing physicians and the timing of their individual Neurontin prescriptions or alleged injuries.[2] For instance, the

---

[2] The Boone Plaintiffs incorrectly assert that Pfizer has not responded to multiple discovery requests. Pfizer has answered interrogatories and requests for production related to "Dear Doctor" or "Dear Healthcare Provider letters," sample data, call notes, "leave behind" materials, and other materials. These materials have been produced over several years in this MDL. The Boone Plaintiffs are ignoring

template interrogatories and requests for production seek information about sample data or packets that were left with Plaintiffs' prescribing physicians. Yet the majority of the Boone Plaintiffs have not even disclosed the name of the healthcare provider that prescribed Neurontin. Additionally, Plaintiffs' interrogatories seek information about the relationship between the prescribing physician and Pfizer, and about the sales representatives, if any, that called upon the prescribing physician. The name of the prescribing physician and the date of Neurontin use is the starting point for collecting and producing this case-specific discovery. Other plaintiffs' attorneys have routinely provided this information.

For the Boone Plaintiffs that have served (albeit incomplete) lists of medical providers, the vast majority of those fail to specify which of the identified providers, if any, prescribed Neurontin, or the dates of Neurontin use. The majority of these lists are not helpful because they identify treating healthcare providers or facilities and fail to specify a Neurontin prescriber. The distinction between a medical provider and a prescribing physician is key in this context because the Boone Plaintiffs' template discovery requests apply only to prescribers of Neurontin – not all providers who may have administered any form of medical care.[3]

Presumably, the need for this information as a prerequisite for certain template discovery was a main reason this Court ordered all Plaintiffs to "***identify the physicians who prescribed Neurontin to them, as well as the date range(s) of each prescription period***." (Discovery Order

---

the hundreds of thousands of pages of documents and several databases that Pfizer has already produced in this litigation.

[3] The medical provider lists are supposed to consist of Plaintiffs' medical providers that fit the following criteria established by this Court: "(1) his or her psychiatric medical providers for the twenty years preceding the date of the alleged incident; (2) his or her non-psychiatric medical providers for the ten/five year period defined in Plaintiffs' papers; and (3) each medical provider (doctors, social workers, psychologists, hospitals, etc.) from whom he or she has sought medical records, regardless of whether the requested records have been received." (Discovery Order No. 2 [372], at 3.) The majority of the Boone Plaintiffs' medical provider lists, however, are ambiguous with regard to which providers prescribed Neurontin. It is not helpful – for these purposes – when Plaintiffs simply give the names of their prescribing physicians somewhere in a list of other healthcare providers without specifically identifying (in that list or elsewhere) which of those providers prescribed Neurontin. To identify the sales representatives who called on a prescriber, Pfizer needs to know the prescriber and the date of the prescription or injury to identify the correct representative, if any.

3

No. 2 [372], at 4 (emphasis added).)  Pfizer has also sought this information, as well as the alleged date of injury, in several of its discovery requests to the Boone Plaintiffs, and has sent the Boone Law Firm numerous deficiency letters, attempting to identify specific prescribing physicians.  (*See, e.g.*, Aug. 12 to Oct., 2010 C. Stevens correspondance [3179-20].)  The Boone Plaintiffs' failure to comply with the Court's Order and Pfizer's discovery requests has made it impracticable for Pfizer to produce certain materials in response to discovery requests that directly relate to prescribing physicians.  As this Court previously recognized, "a lot of [plaintiffs' discovery] requests ***turn on the timing . . . of the prescriptions or who issued the prescriptions***."  (June 15, 2006 Status Conference Tr. [3179-27] at 12:9-18 (emphasis added).)  Accordingly, without complete medical provider lists or other discovery identifying the healthcare provider who prescribed Neurontin, Pfizer cannot produce discovery directly related to those prescribing physicians.[4]

Furthermore, in terms of the Boone Plaintiffs' complaints regarding the requested custodial files, the first step in this process is to identify the prescribing physicians and relevant timeframes.  Only after this step can Pfizer determine the specific sales representatives that may have visited that physician, and then search that sales representative's relevant files for responsive documents.  Because the Boone Plaintiffs have failed to disclose that vital information, Pfizer cannot reasonably obtain certain materials responsive to template discovery requests.[5]

---

[4] For a minority of the Boone Plaintiffs, Pfizer has received "amended" medical provider lists. These lists purport to identify the prescribers in those cases.  For the cases in which the prescribing physicians were fully identified, and Pfizer was able to determine some date of alleged Neurontin use, Pfizer is currently searching for certain relevant discovery materials and should be able to produce certain relevant call notes in the next two weeks, with certain other materials being produced on a rolling basis. However, in several instances, the Boone Plaintiffs failed to provide enough information for the prescribing physician to be fully identified.  For example, some Boone Plaintiffs provided only the last name of the physician, and some simply provided the name of the healthcare facility where the prescription was written – neither of which are sufficient.

[5] The Boone Plaintiffs' motion also raises several issues that are beyond the scope of template discovery.  However, this Court's December 6, 2010 Scheduling Order was focused on discovery disputes regarding template discovery.  (*See* Dec. 6, 2010, Scheduling Order [3141].)  Thus, at this stage in the litigation, any motion to compel filed with this Court should focus on the parties' responses to the

## II.  There Is No Merit To Plaintiffs' Arguments Concerning Plaintiffs Subject To The November 15, 2010 Deadline[6]

Plaintiffs concede that Pfizer has provided information for sales representatives in the cases subject to the November 15, 2010 deadline. (*See* Mot. to Compel [3180], at 5.) This serves as an example of Pfizer's commitment to responding to discovery as best as possible under the circumstances. Pfizer's responses in these cases, however, are not attributable to adequate disclosures provided by the Boone Law Firm, but rather to the fact that Pfizer resorted to measures that would be impracticable on a larger scale. Because Pfizer actually deposed the Boone Plaintiffs in those cases, it was able to ascertain which physicians prescribed Neurontin, and when, by asking those Plaintiffs in person at their depositions about their Neurontin use.[7] With this critical information, Pfizer was then in a position to search for responsive materials related to the prescribers and sales representatives, and to produce certain responsive materials.[8]

Despite admittedly receiving Pfizer's responses in those cases, Plaintiffs now vaguely claim that those responses are somehow "inadequate and untimely." (*See id.* at 5.) To the extent

---

template discovery requests, which have been agreed upon and reviewed by this Court. (*See, e.g.*, Discovery Order No. 2 [372], at 6-8; Pls.' Template Discovery: RFPs [335].) Furthermore, many of Plaintiffs' requests that exceed the scope of template discovery are unduly burdensome, overbroad, and unreasonable on their face. For example, Plaintiffs have requested production of their own medical records from Defendants, but it would be extremely wasteful and redundant for Defendants to produce documents over which Plaintiffs already have control. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (stating that discovery should be limited where the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive"); *Greenberg v. United States*, 1990 U.S. Dist. LEXIS 12091, *8 (D. Mass. 1990) ("'Control' for purposes of the Rule is established where, although the party does not have physical possession of the requested documents, she has the legal right to obtain them."). Defendants have offered to provide the Boone Plaintiffs with access to medical records collected and stored by a third-party records collection vendor, but Plaintiffs will need to bear the costs, as has been customary in this litigation.

[6] With respect to the cases with the November discovery deadline, it is Pfizer's understanding that the Boone Law Firm will dismiss the Shoemaker and Thornton cases, and therefore productions in those cases are not addressed herein.

[7] Of course, Plaintiffs' own counsel should have already asked them these questions and, even assuming that he had, should have disclosed the answers Plaintiffs may have provided long ago.

[8] Even in these cases, Pfizer was generally unable to ascertain a date of alleged injury. As such, it was forced to use the last date of prescription to the extent available instead, when responding to discovery. This is simply an unreliable date limitation given the Boone Plaintiffs' limited and deficient responses and production of documents to date.

5

the responses could be considered untimely, it was because of Plaintiffs' failure to identify which physician prescribed Neurontin, those physicians' complete addresses and contact information, and the Boone Plaintiffs' alleged dates of injury, or their prescription timeframes – as well as the fact that Pfizer actually had to depose the Plaintiffs in order to obtain that basic prerequisite information. Those depositions occurred after or just before the deadline for template discovery. Pfizer cannot be blamed for a delay caused by the Boone Plaintiffs themselves.

With regard to their unsupported claim that the responses are somehow inadequate, the Boone Plaintiffs fail to explain how Pfizer's responses are allegedly deficient. For those November deadline cases where Pfizer has been able to determine the identity of and address for the relevant prescribing physician, and the timeframe of Neurontin use or date of injury, Pfizer has completed the vast majority of its production of materials in response to template discovery, and intends to produce the few additional outstanding materials possibly located in the future on a rolling basis. Though Pfizer has identified the sales representatives for these Boone Plaintiffs based on the information currently in its possession, no responsive custodial data has been located with regard to many of those representatives. The mere fact that no responsive documents were found or produced does not constitute a failure to respond to discovery. In fact, this Court has previously observed that searches of the custodial files might turn up no responsive documents. (*See* Order [2751] at 2 (stating that the responsive documents would be "***most likely either zero*** pages or perhaps 250 pages of discovery") (emphasis added).)[9]

In short, there is no merit to Plaintiffs' claim that Pfizer has not appropriately responded

---

[9] To the extent the Boone Plaintiffs argue that they are entitled to the entire custodial files of sales representatives as opposed to only the documents that are responsive, they are incorrect as a matter of law. Such a request would greatly exceed the scope of template discovery, encompassing wholly irrelevant information about other medications and irrelevant timeframes. With regard to sales representatives' custodial files, this Court ordered that discoverable documents would be limited to "documents pertaining to the safety and efficacy of Neurontin" and "the marketing of Neurontin to the plaintiff's prescribing physician." (Discovery Order No. 2, at 7.) There is an agreement between the parties in this MDL that limits what documents will be produced from the sales representatives' custodial files. (*See* Pls.' Template Discovery: RFPs [335], at 16.) Finally, such a request for all the files would be facially overbroad, wasteful, and unreasonable. Based on past experience in these and other cases, the vast bulk of documents are non-responsive.

6

to discovery in the cases subject to the November 15, 2010 deadline.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court deny the Boone Plaintiffs' Motion to Compel.

Dated: January 4, 2011                    Respectfully submitted,

                                          SKADDEN, ARPS, SLATE,
                                            MEAGHER & FLOM LLP

                                          By:     /s/ Mark S. Cheffo
                                                    Mark S. Cheffo

                                          Four Times Square
                                          New York, NY 10036
                                          Tel:  (212) 735-3000

                                          ROPES & GRAY LLP

                                          By:     /s/ Ana M. Francisco
                                                    Ana M. Francisco
                                                    BBO #564346

                                          Prudential Tower
                                          800 Boylston Street
                                          Boston, MA 02199-3600
                                          Tel:  (617) 951-7000
                                          Email:  ana.francisco@ropesgray.com

                                          *Attorneys for Defendants Pfizer Inc and*
                                          *Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 4, 2011.

                                                        /s/ Ana. M. Francisco
                                                        Ana M. Francisco