## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------------------x
In re:  NEURONTIN MARKETING, SALES      :      MDL DOCKET NO. 1629
        PRACTICES AND PRODUCTS          :
        LIABILITY LITIGATION            :      Master File No. 04-10981
                                        :
-----------------------------------------------------------------x
THIS DOCUMENT RELATES TO:               :      Judge Patti B. Saris
                                        :
ALL BOONE PRODUCT LIABILITY ACTIONS     :      Magistrate Judge Leo T.
-----------------------------------------------------------------x      Sorokin
```

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL COMPLETE DISCOVERY RESPONSES

The Plaintiffs represented by Boone Law Firm submit their Memorandum of Law in Opposition to Defendants' Motion to Complete Discovery Responses, as follows:

### Introduction

All Plaintiffs have responded to Defendants' discovery. Plaintiffs have supplemented their responses and continue to supplement their responses to Defendants' discovery.

All Plaintiffs have produced all medical records to Defendants that have come into their possession. Additionally all Plaintiffs have executed medical authorizations so as to allow Defendants to independently retrieve their records.

All Plaintiffs have provided medical provider lists.

### Argument

The question presented is whether Plaintiffs' responses and supplemental responses comply with Federal Rule of Civil Procedure 26.

Under Federal Rule of Civil Procedure 26(e) a party must supplement interrogatory responses "if the party learns that in some *material respect* the disclosure or response is incomplete or incorrect and if the additional or corrective information has not been otherwise been made known to the other parties during the discovery process or in writing;"

The alleged deficiencies complained of by the Defendants are generally minor in nature and do not make the responses incomplete or incorrect in any *material respect*.

The Plaintiffs respond to each of Defendants complaints, as follows:

## A. <u>Medical Provider List</u>

A Medical Provider List has been provided on behalf of each active plaintiff. All Plaintiffs who did not provide Medical Provider List and/or Medical Authorizations were subjected to either voluntarily dismissal by Boone Law Firm or withdrawal or were dismissed by the Court. Approximately 100 Boone Plaintiffs were dismissed in this manner for failure to provide Medical Provider List. The remaining Boone Plaintiffs have provided medical provider lists and have periodically supplemented the list.

The number of doctors listed on the medical provider list varies for each plaintiff. Plaintiffs have listed providers ranging from one to twenty to even fifty. For example, Plaintiff Jerry Lowe has 22 medical providers, Plaintiff Slyvia Longino has 15 medical providers, Plaintiff Serboya Delotta has 16 medical providers, Plaintiff Ruby Crapps has 6 medical providers, Plaintiff Mary Adams has 3 medical providers, and Plaintiff Cora L. Crumble has 5 medical providers. Other Plaintiffs have listed even more medical providers, such as Plaintiff Audrey Ward Berry who has 50 providers.

The identity of the prescribers of Neurontin is contained on the medical provider list itself  and/or *Plaintiffs Response to Defendants' Template Interrogatories* and/or in Plaintiffs' *Plaintiff's First Set of Interrogatories to Defendants* and/or pharmacy printout and/or prescriber medical records produced to Defendants in support of the Plaintiffs' attorney certification.

## B.  Medical Records

Consistent with Discovery Order No. 2 the Plaintiffs have produced copies of all of the medical records currently in their possession.  The medical records produced to Defendants include at minimal proof of use, prescriber's records and injury records, but other records are also included.  The records produced vary from Plainitiff to Plainitiff, but in some cases includes hundreds of pages.

Further each Plaintiff has executed a medical authorization so as to allow the Defendant to directly retrieve Plaintiffs' medical records.

Accordingly, Defendants are not prejudiced by any records that they claim Plaintiff s have not produced.

## C.  Other Authorizations

Plaintiffs have produced other authorizations to the Defendant and continue to produce same on a rolling basis and believe that most other authorizations have been submitted.

## D.  Blank or Evasive Responses

Plaintiffs have provided their best answer to Defendants' interrogatory to the best of their memory and belief at the time the answer is given.  Often Plaintiffs' answers are supplemented with more complete and additional

answers.  During depositions it is not surprising that even more details as to answer given are solicited.  The complaint of Defendants relating to Plaintiffs missing a prior address is hardly evasive and more akin to lapse of memory.

**E.  Improper and Confusing Cross-Referencing**

Cross-referencing is utilized to eliminate the necessity of repeating the same information that is applicable to different interrogatories.  Plaintiff will take care to ensure that future cross-referencing is improper.

f.  **Inapposite and Untimely Objection**

Despite Plaintiffs' objection Plaintiffs have generally answered all interrogatories.

g.  **Stock Answers to Individualized Question**

Defendants complain that some Plaintiffs have indicated the same injury, i.e. abnormal thinking and suicidal ideation.  Obviously, only a limited number of injuries have passed the *Daubert* test in this case and suicidal ideation is one of the few injuries that Daubert, so it should not be surprising that many Plaintiffs would have suicidal ideation as an injury.

h.  **time limitation**

The time limitation seemingly indicated in the Defendants' interrogatory is superfluous as the Plaintiffs are responding to the interrogatories without regarding to time limitation.

**Plaintiffs respond to specific complaints made by the Defendants as to other deficiencies, as follows:**

**A.  Cases where depositions have occurred:**

<u>**Shirley Drennan**</u>:  Defendants complain about address, name of her daughters, employment, mental illness, alcohol and medical providers.  On May 2, 2007, Plaintiff provided the following response:

<u>ANSWER TO INTERROGATORY NO. 2:</u>

Residency: **McLemore St., Greenwood, MS**
Date Commenced-Date Terminated:  **2 ½ - 3 years (~1999 – 2002)**
Occupants/Relationship to Plaintiff:  **Jimmy Morgan, brother, Melinda Moorman**, **daughter, Tim Moorman,**
**daughter.**
Residency: **32800 County Road 512, Lot 605, Sidon, MS  38954**
Date Commenced-Date Terminated: **2002 - present**
Occupants/Relationship to Plaintiff:  **Jimmy Morgan, brother**,

<u>INTERROGATORY NO. 3:</u>

Identify the name and address of each of Plaintiff's employers for the twenty years preceding commencement of this suit, the inclusive dates of each, the nature of his or her work with each employer, and the reason for the termination of the employment. Also identify Plaintiffs supervisors, bosses, co-workers and any other employees that he worked closely with for each of his prior places of employment [**ten-(10) year period immediately preceding the incident**].

<u>ANSWER TO INTERROGATORY NO. 3:</u>

Name/Address of Plaintiff's Employer:  **NA**
Dates of Employment:
Nature of Work:
Immediate Supervisors:

<u>INTERROGATORY NO. 4:</u>

Please identify the ten persons that Plaintiff was closest to over the last ten years of his/her life, including but not limited to, siblings, boyfriends/girlfriends, roommates, etc. and include the relevant time period involved and the nature of the relationship with these individuals [**provide the requested information up to a maximum of 10 persons**].
<u>ANSWER TO INTERROGATORY NO. 4:</u>

Name/Address:  **Melinda Moorman, Gore Springs, MS**
Relationship to Plaintiff**:  Daughter**
Time Period of Relationship:  **Daughter**


Name/Address:  **Jewel Hicks, Greenwood, MS**
Relationship to Plaintiff:  **Daughter**
Time Period of Relationship:  **Daughter**


Name/Address:  **Vickie Johnson, Carrollton, MS**
Relationship to Plaintiff:  **Sister**
Time Period of Relationship:  **Sister**


Name/Address:  **Jimmy Morgan lives with Plaintiff**
Relationship to Plaintiff:  **brother**
Time Period of Relationship**:  brother**

Name/Address:  **Sue Winstead, Greenwood, MS**
Relationship to Plaintiff:  **Friend**

**ANSWER TO INTERROGATORY NO. 6:**

   **Plaintiff stopped drinking in 2001.  She drank mostly every weekend about a six pack of beer.  Attend alcohol curriculum along with depression curriculum at St. Dominic Hospital, Jackson, MS in 2001.**

**INTERROGATORY NO. 11:**

Please describe any instances of psychiatric or mental illness, suicide, attempted suicide, homicide or other violent behavior by Plaintiff or any of Plaintiff's family members including, but not limited to, his parents, siblings, grandparents, aunts, uncles, and cousins and, for each such instance, identify the person; the person's relationship to Plaintiff the nature of the person's illness or behavior and identify the individuals that might have knowledge of these incidents.

**ANSWER TO INTERROGATORY NO. 11:**

   **Plaintiff shot herself in January 2001 while she was taking Neurontin that was prescribed by the psychiarist Dr. Hines for severe pain.  Plaintiff's dosages was consistently increased because Neurontin was not working for her pain.  Plaintiff had thoughts of suicide all the while she was taking Neurontin.  Plaintiff tried to commit suicide by overdose while on Neurontin.  Plaintiff has not had any thoughts of suicide after stop taking Neurontin.  Plaintiff was at Life Help in Greenwood, Mississippi. Plaintiff shot herself right above her breast on the left side attempting to shoot herself in the heart.**

   **Daughter, Melinda Moorman, currently lives in Gore Spring, Mississippi, but lived with Plaintiff in 2001.**
**ANSWER TO INTERROGATORY NO. 12:**

Health Care Professional/Facility: **Greenwood Leflore Hospital (Dr. Capel)**
Location:                          **1401 River Road, Greenwood, MS**
Treated for**:                     2001 Gunshot wound**
Dates of Treatment**:               about 3 days in 2001**
Attending Personnel/Address:
Witness/Address:


Health Care Professional/Facility: **St. Dominic Hospital**
Location:                          **Jackson, MS**
Treated for:                       **2001 Gunshot wound and depression**
Dates of Treatment:                 **three and one-half weeks in 2001**


Health Care Professional/Facility: **Jack Hollister, M.D.**
Location:                          **103 Dr.s Park, Starkville, MS**
Treated for:                       **back and depression**
Dates of Treatment:                 **for about 20 years**

**Plaintiff, Shirley Drennan, incorporates the prescription printout and/or Medical Records attached in response to Interrogatory No. 14 as a listing of additional healthcare professionals.**

   **ANSWER TO INTERROGATORY NO. 15:**

Name/Location**:      Itta Bena Elementary and High School, Itta Bena, MS**
Dates of Attendance:

Degree or Certificate/Date:  **4th Grade**
Reason Not Graduated:  **Mother and father separated.**

**Catherine Duvall:**  Defendants complain about Plaintiff's response relating to mental

illness, psychiatric treatment, person with knowledge of case, healthcare providers, etc.

On April 14, 2008 Plaintiff responded to these interrogatories, as follows:

**INTERROGATORY NO. 7:**

Identify each person known to Plaintiff or Plaintiff's counsel who has knowledge of any facts relevant to this case, specifying as to each person the nature and extent of the personal knowledge that you claim they have concerning the facts of this case.

**ANSWER TO INTERROGATORY NO. 7:**

Name: Dr. Hadidi, Dr. Charles Brock, Dr. Nathaniel Brown, Dr. Scott Nelson, Nature/Extent of Knowledge: prescribing doctors


Name: Betty Newson
Knowledge: Ms. Newson knew that Catherine Duvall was taking Neurontin and she had knowledge of t he side affects that Catherine Duvall experienced.


**INTERROGATORY NO. 10:**

If at any time Plaintiff ever consulted a psychiatrist, psychologist, therapist, counselor, or other mental health professional of any sort, including but not limited to, an individual with a social work degree, school counselors, counselors at work, counselors at church, etc., or if Plaintiff underwent psychiatric or psychological examination or treatment of any kind, please state the name, address and specialty of the person performing the consultation or treatment, the name and location of the facility where it took place, the nature of the therapy received and the dates the therapy was received [**treatment to the Plaintiff for the time period since five (5) years before Plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the incident alleged in the Complaint, whichever date is earlier**].

**ANSWER TO INTERROGATORY NO. 10:**

Name/Specialty: Dr. Hamlen/Psychiatry
Address Hwy 61, Cleveland, MS 38732
Name/Location of Facility: Mental Health Center
Nature of Therapy: Provided Counseling and medication
Date(s) of Therapy: 2004 -2007


Name/Specialty: Dr. Cook/Psychiatry
Address Hwy 61, Cleveland, MS 38732
Name/Location of Facility: Mental Health Center
Nature of Therapy: Provided Counseling and medication
Date(s) of Therapy: 2004 -2007

**INTERROGATORY NO. 11:**

Please describe any instances of psychiatric or mental illness, suicide, attempted suicide, homicide or other violent behavior by Plaintiff or any of Plaintiff's family members including, but not limited to, his parents, siblings,

grandparents, aunts, uncles, and cousins and, for each such instance, identify the person; the person's relationship to Plaintiff the nature of the person's illness or behavior and identify the individuals that might have knowledge of these incidents.

**ANSWER TO INTERROGATORY NO. 11:**
Name/Relationship to Plaintiff: Catherine Duvall
Nature of Illness or Behavior: Suicidal thoughts
Person w/Knowledge of Illness or Behavior: Kwanza Duvall, Betty Newson, Dr. Hadidi

Name/Relationship to Plaintiff: Catherine Duvall
Nature of Illness or Behavior: Depression
Person w/Knowledge of Illness or Behavior: Dr. Hadidi, Betty Newson, Dr. Nathaniel Brown, Dr. Charles Brock, Dr. Hamlen and Dr. Cook

**INTERROGATORY NO. 12:**
Identify every health-care professional or facility that provided any type of consultation or care whatsoever to Plaintiff (whether mental or physical) over the last twenty years and identify the location where such consultation and/or treatment was rendered. Also state whether Plaintiff at any time was treated in any manner or suffered any illness, disease, injury, condition or affliction (either medical or psychiatric). If so, state for each such illness, injury, disease, or affliction, the name of the illness, injury, disease or affliction; the date and circumstances of each such injury, illness, disease, or affliction; the name and address of each physician, surgeon, nurse, or other person who attended or treated hint/her; the dates of such treatment; the name and address of each hospital or clinic where he/she was confined, treated or examined; the dates he/she was confined, treated, or examined in each such hospital or clinic; and names and addresses of witnesses with knowledge of any of the above and the treatment rendered [**for the time period since five** ***(5) years before Plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the incident*** **alleged in the Complaint, whichever date is earlier**].

**ANSWER TO INTERROGATORY NO. 12:**
Health Care Professional/Facility: Delta Health Center

Location: Mound Bayou, MS 38762

Treated for: Chronic pain, depression, and other things

Dates of Treatment: Approximately 2004- 2006

Attending Personnel/Address: doesn't remember

Witness/Address: doesn't remember

Health Care Professional/Facility: Dr. Nathaniel Brown/Mid-Delta Family Practice

Location: Cleveland, MS

Treated for: Fibromyalgia and anxiety

Dates of Treatment: 2000 - 2005

Attending Personnel/Address:

Witness/Address:

Health Care Professional/Facility: Dr. Hadidi/Delta Neurology Clinic

Location: Clarksdale, MS

Treated for: Fibromyalgia

Dates of Treatment: Approximately 2004 - 2005

Attending Personnel/Address:

Witness/Address:

Health Care Professional/Facility: Dr. Charles Brock/Cleveland Medical Clinic

Location: Cleveland

Treated for: chronic pain, sinus, allergy
Dates of Treatment: Approximately 1990s - 2004
Attending Personnel/Address:
Witness/Address:

Health Care Professional/Facility: Dr. Scott Nelson
Location: Cleveland, MS
Treated for: chronic pain, sinus, allergy
Dates of Treatment: Approximately 1990s - 2007
Attending Personnel/Address:
Witness/Address:

Health Care Professional/Facility: Dr. Pittman/University Medical Center
Location: Jackson, MS
Treated for: thyroid surgery
Dates of Treatment: 2006
Attending Personnel/Address:
Witness/Address:

Health Care Professional/Facility: Dr. Luna
Location: Greenville, MS
Treated for: thyroids
Dates of Treatment: Approximately 2006 - Present
Attending Personnel/Address:
Witness/Address:

Health Care Professional/Facility: Dr. Miles/Bolivar Medical Center
Location: Cleveland, MS
Treated for: bladder
Dates of Treatment: Approximately 2006 - 2007
Attending Personnel/Address:
Witness/Address:

Health Care Professional/Facility: Dr. Peter McAuthor
Location: Cleveland, MS
Treated for: ear, nose, through specialist
Dates of Treatment: Approximately 2005 - 2006
Attending Personnel/Address:
Witness/Address:

Health Care Professional/Facility: Dr. Herzog
Location: Cleveland, MS
Treated for: high blood pressure and high heart rate
Dates of Treatment: Approximately 2004 - 2007
Attending Personnel/Address:
Witness/Address:

**<u>INTERROGATORY NO. 15</u>:**

Identify by name, location and dates of attendance, the schools, educational institutions or other learning facilities attended by Plaintiff and for each identify any type of certificate, diploma or degree received and the graduation date from each school. If Plaintiff did not graduate or otherwise receive a certificate, diploma or degree for a certain educational institution, please state why.

**ANSWER TO INTERROGATORY NO. 15:**
Name/Location: H.M. Nalora/Cleveland, MS
Dates of Attendance: Approximately 1956 - 1962
Degree or Certificate/Date: doesn't remember
Reason Not Graduated: Graduation wasn't held

Name/Location: East Side High School/Cleveland, MS 38732
Dates of Attendance: Approximately 1962- 1965
Degree or Certificate/Date: N/A
Reason Not Graduated: dropped out

Name/Location: Coahoma Junior College/Clarksdale, MS
Dates of Attendance: doesn't remember
Degree or Certificate/Date: GED/1974
Reason Not Graduated: N/A

**Jerry Lowe:**  Defendants complaint about medical providers. Plaintiff's

supplemental response included the following:

**SUPPLEMENTAL RESPONSE:  In addition to the Plaintiff's prescription printout and/or medical records**

**previously produced herein, the Plaintiff hereby supplements additional medical records as follows:**

**Dr. Anthony Pitts**
**University of Alabama Hospital**
**Spain Rehabilitation**
**1717 6th Avenue South**
**Birmingham, AL 35233**

**Dr. Dirk Rehder, Radiologist**
**University of Alabama Hospital**
**Spain Rehabilitation**
**1717 6th Avenue South**
**Birmingham, AL 35233**

**Dr. Robert C. Brunner**
**Assistant Professor**
**University of Alabama Hospital**
**Spain Rehabilitation**
**1717 6th Avenue South**
**Birmingham, AL 35233**

**Karion G. Waites, MSN, CRNP, CRRN**
**Nurse Practitioner**
**University of Alabama Hospital**
**Spain Rehabilitation**
**1717 6th Avenue South**
**Birmingham, AL 35233**

**<u>Jerry Price</u>:**    Defendants complain about interrogatories responses relating to residences, ten closest persons to Plaintiff, persons with knowledge, medical providers, debts, etc.  Plaintiff responded to these interrogatories, as follows:

<u>ANSWER TO INTERROGATORY NO. 2</u>:

Residency:   **239 Ina Street, Madison, MS 39110 for the past 21 years**

<u>INTERROGATORY NO. 4</u>:

Please identify the ten persons that Plaintiff was closest to over the last ten years of his/her life, including but not limited to, siblings, boyfriends/girlfriends, roommates, etc. and include the relevant time period involved and the nature of the relationship with these individuals [**provide the requested information up to a maximum of 10 persons**].

<u>ANSWER TO INTERROGATORY NO. 4</u>:
**Janet Scriver, co-workers,Carthage, MS,**
**Revel Dixon co-worker, Ridgeland, MS,**
**Laura Henderson-mother-in-law, Yazoo City, MS, (since 1988)**
**Clara Smith sister-in-law, Chicago, Ill, (since 1988)**
**Ledora Price-sister, Chicago, Ill., (since 1988)**
**Johnny Rowland, Sr.-neighbor, 242 Ina Street, Madison, MS 39110 (20 yrs)**
**Roger Luhman, Madison, MS (~20 yrs)**
**Johnnie Shelby, Madison, MS (~20 yrs)**
**Frank Dilliard-Friend Madison, MS (~20 yrs)**
**Rosie Price, 239 Ina Street, Madison, MS 39110  (wife-since marriage)**

<u>INTERROGATORY NO. 7</u>:

Identify each person known to Plaintiff or Plaintiff's counsel who has knowledge of any facts relevant to this case, specifying as to each person the nature and extent of the personal knowledge that you claim they have concerning the facts of this case.

<u>ANSWER TO INTERROGATORY NO. 7</u>:

**Janet Scriver, co-workers,Carthage, MS,**
**Revel Dixon co-worker, Ridgeland, MS,**
**Laura Henderson-mother-in-law, Yazoo City, MS, (since 1988)**
**Clara Smith sister-in-law, Chicago, Ill, (since 1988)**
**Ledora Price-sister, Chicago, Ill., (since 1988)**
**Johnny Rowland, Sr.-neighbor, 242 Ina Street, Madison, MS 39110 (20 yrs)**
**Roger Luhman, Madison, MS (~20 yrs)**
**Johnnie Shelby, Madison, MS (~20 yrs)**
**Frank Dilliard-Friend Madison, MS (~20 yrs)**
**Rosie Price, 239 Ina Street, Madison, MS 39110  (wife-since marriage)**
**Ann Meyers, MD, St. Dominic Building, Lakeland Drive, Jackson, MS;**
**Indra Verrisatty, MD, 12 Professional Parkway, Ridgeland, MS 39157;**
**Gerald Wallace, MD,  1421 North State St. suite 504 Jackson, MS 39202 (969-9050)**
**Deaver Collins, MD, Jackson, MS**
**David Steckler, MD, 1421 North State St. suite 504 Jackson, MS 39202 (969-9050)**
**Chris Estridge, MD, MS Sport Medicine and Orthopaedic Center, 1325 East Fortification St. Jackson, MS 39202**

**Rosie M. Price, 239 Ina Street, Madison, MS 39110**

### INTERROGATORY NO. 9:

Please list any and all debts owed by or on behalf of Plaintiff at the time of his suicide attempt or death, and for each such debt, state the amount, date incurred, creditor and identity of any document relating to any such debt.

**OBJECTION AS TO INTERROGATORY NO. 9:**

Plaintiff objects to this request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence and invades Plaintiff's personal privacy rights. The Plaintiff further objects to this request on the ground that it is not the most efficient discovery method to obtain the information requested.

**Answer:** **Home Mortgage with Bancorp South, Tupelo, MS which was current at all times.**

### INTERROGATORY NO. 12:

Identify every health-care professional or facility that provided any type of consultation or care whatsoever to Plaintiff (whether mental or physical) over the last twenty years and identify the location where such consultation and/or treatment was rendered. Also state whether Plaintiff at any time was treated in any manner or suffered any illness, disease, injury, condition or affliction (either medical or psychiatric). If so, state for each such illness, injury, disease, or affliction, the name of the illness, injury, disease or affliction; the date and circumstances of each such injury, illness, disease, or affliction; the name and address of each physician, surgeon, nurse, or other person who attended or treated hint/her; the dates of such treatment; the name and address of each hospital or clinic where he/she was confined, treated or examined; the dates he/she was confined, treated, or examined in each such hospital or clinic; and names and addresses of witnesses with knowledge of any of the above and the treatment rendered [**for the time period since five *(5)* years before Plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the incident alleged in the Complaint, whichever date is earlier**].

**ANSWER TO INTERROGATORY NO. 12:**
**Ann Meyers, MD, St. Dominic Building, Lakeland Drive, Jackson, MS;**
**Indra Verrisatty, MD, 12 Professional Parkway, Ridgeland, MS 39157;**
**Gerald Wallace, MD,  1421 North State St. suite 504 Jackson, MS 39202 (969-9050)**
**Deaver Collins, MD, Jackson, MS**
**David Steckler, MD, 1421 North State St. suite 504 Jackson, MS 39202 (969-9050)**
**Chris Estridge, MD, MS Sport Medicine and Orthopaedic Center, 1325 East Fortification St. Jackson, MS 39202**
**Rosie M. Price, 239 Ina Street, Madison, MS 39110 has knowledge of the treatment provided to Plaintiff.**

**<u>Vanessa Scott</u>. Defendants complain that Plaintiff only disclosed two (2) people that she is closest to in the past 10 years whereas interrogatory no. 4 requests the disclosure of 10 people.  The Plaintiff's interrogatory response reflects the answer provided by her at time the interrogatory answers were prepared.**

**LaShonda Skinner .**  Defendants complain about her responses relating to

conviction, employment, and inconsistent responses.

**Interrogatory No. 3:**

Identify the name and address of each of Plaintiff's employers for the twenty years preceding commencement of this suit, the inclusive dates of each, the nature of his or her work with each employer, and the reason for the termination of the employment. Also identify Plaintiffs supervisors, bosses, co-workers and any other employees that he worked closely with for each of his prior places of employment [**ten-(10) year period immediately preceding the incident**].

<u>SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 3:</u>

**Plaintiff worked at Durant City Of Light & Water Plant, 145 Ramsey Street, Durant, MS 39063 as assembly line worker from July 1997 until December 1997 when she was laid off.**

**Plaintiff worked at Choctaw Maid Farms, Inc., 3865 Highway 35 N, Carthage, MS 39051 from June 1998 to May 1999 as an assembly line worker until left and did return from maternity leave. Her supervisor was Veronica Ealey.**

**Plaintiff work at Fred's, 33674 Mississippi 12, Durant, MS 39063 from January 2002 to March 2002 as a cashier until she left and did not return after maternity leave. She recalls her supervisor by the name Ms. Summerall.**

**Ms. Skinner has not worked since then.**

**INTERROGATORY NO. 4:**

Please identify the ten persons that Plaintiff was closest to over the last ten years of his/her life, including but not limited to, siblings, boyfriends/girlfriends, roommates, etc. and include the relevant time period involved and the nature of the relationship with these individuals [**provide the requested information up to a maximum of 10 persons**].

<u>SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 4:</u>

**Dessie Kirkwood, mother, entire life**
**Kimberly Kirkwood, sister, entire life**
**Tamya March, daughter, 8 years**
**Tanisha Kirkwood, daughter, 11 years**
**Johnny Kirkwood, brother, entire life**
**Walter Skinner, brother, entire life**
**Lindale Skinner, brother, entire life**
**Jimmy Kirkwood, uncle, entire life**
**Ruthie Kirkwood, aunt, entire life**
**Bessie Skinner, cousin, entire life**

**INTERROGATORY NO. 12:**

Identify every health-care professional or facility that provided any type of consultation or care whatsoever to Plaintiff (whether mental or physical) over the last twenty years and identify the location where such consultation and/or treatment was rendered. Also state whether Plaintiff at any time was treated in any manner or suffered any illness, disease, injury, condition or affliction (either medical or psychiatric). If so, state for each such illness, injury, disease, or affliction, the name of the illness, injury, disease or affliction; the date and circumstances of each such injury, illness, disease, or affliction; the name and address of each physician, surgeon, nurse, or other person who attended or treated hint/her; the dates of such treatment; the name and address of each hospital or clinic where he/she was confined, treated or examined; the dates he/she was confined, treated, or examined in each such hospital or clinic; and names and addresses of witnesses with knowledge of any of the above and the treatment rendered [**for the time period since five (5) years before Plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the incident alleged in the Complaint, whichever date is earlier**].

<u>SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 12:</u>

**Durant Clinic, now closed - 1999 for pregnancy and 2003 for back problems**

**The Durant University Hospital - 1999 kidney infection**
**713 Northwest Avenue**
**Durant, MS 39063**

**Madison County Medical Center - Pregnancy in 1999 and 2002**
**1421 East Peace Street**
**Canton, Mississippi 39046**

**Mallory Community Health Center – Pregnancy care in 2002**
**17280 Mississippi 17**
**Lexington, MS 39095**

**Dr. Aubrey Lucas     - treatment for tendinitis in her wrist**
**River Oaks Hospital**
**1030 River Oaks Blvd**
**Jackson, MS 39208**

**Jackson Medical Mall   - treatment for depression in 2004 and back pain in 2003/4**
**350 W Woodrow Wilson Ave # 107**
**Jackson, MS 39213-7682**

**University Hospital-Lexington - Back x-rays 2003**
**239 Bowling Green Road**
**Lexington, MS 39095**

**Univ. of Mississippi Medical Center- Back surgery in October 2003 and May2004**
**2500 North State Street**
**Jackson, MS 39216**

**Witnesses:**
**Tony March, 153 Montgomery Street, Durant, MS 39063**
**Dessie Kirkwood, 282 Wade Road, West, MS 39192**

<u>**INTERROGATORY NO. 13:**</u>

State whether Plaintiff was ever charged with, or convicted of committing any violation of any criminal or juvenile law, code, or statute and for each state the nature of each such offense, the name of the court in which each such matter or proceeding was filed or prosecuted, each judgment or plea entered in connection with each such offense, the sentence or other punishment imposed for each such offense, the name and address of each institution in which Plaintiff was confined or referred for treatment or counseling in connection with each such offense, and/or the name and the last known address of any probation, parole, or juvenile officer assigned to any such case [**for the time period since five** *(5)* **years before Plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the incident alleged in the Complaint, whichever date is earlier**].

<u>**ANSWER TO INTERROGATORY NO. 13:**</u>
**No.**

    <u>**Louisa Smith:**</u> Defendants complain that the Plaintiff, 70 years old, responded that she could not recall the date of birth of her last three children or the name of her former husband.  Fortunately, Ms. Smith remembered her former husband's name at the deposition.

**Michael Trim :**  Defendants complain about Plaintiff's responses relating to health care providers, dates and place of marriages, 10 people closest to Plaintiff, and high school information.    Plaintiff responded to these interrogatories, as follows:

### INTERROGATORY NO. 1:

Please state each Plaintiff's date of birth, present address, social security number, full name and any other names that he/she has used or was known by, including the inclusive dates during which he or she was known by such other names, and if married at any time, for each marriage state the name and address of each Plaintiffs spouse, the date and place of the marriage, the date, place and manner of the termination of the marriage including the name and location of the Court entering the divorce (if applicable), and the name, sex and birth date of each child from the marriage. If any Plaintiff has a child(ren) outside of marriage or through adoption, please also state the name, sex and birth date of each child(ren).

**ANSWER TO INTERROGATORY NO. 1:**
Full name:  **Michael Trim**
Date of birth: XXXXXXXXXXXXXX *(intentionally deleted)*
Social security number:XXXXXXXXXX *(intentionally deleted)*
Current address: **250 Pine Tree Lane, Ridgeland, MS 39157**

Marriage Date/Location:        **May 18, 1979**
Spouse:                    **Jackie Trim**
Spouse's Address: **250 Pine Tree Lane, Ridgeland, MS 39157**
End of Marriage Date/Location (including Court): **Not applicable**.
Manner of End:  **Not applicable**
Child by Marriage/Sex: **Michael Wesley Trim (male)**
Date of Birth: *(intentionally deleted)*

Child of prior marriage:  **Child from previous marriage with Elen Martin and the child name Christie Trim Flynt,** Sex**: Female, Date of Birth:** *(intentionally deleted)*

### INTERROGATORY NO. 7:

Identify each person known to Plaintiff or Plaintiff's counsel who has knowledge of any facts relevant to this case, specifying as to each person the nature and extent of the personal knowledge that you claim they have concerning the facts of this case.

### INTERROGATORY NO. 4:

Please identify the ten persons that Plaintiff was closest to over the last ten years of his/her life, including but not limited to, siblings, boyfriends/girlfriends, roommates, etc. and include the relevant time period involved and the nature of the relationship with these individuals [**provide the requested information up to a maximum of 10 persons**].
**ANSWER TO INTERROGATORY NO. 4:**
Name/Address:  **Jackie Trim, 250 Pine Tree Lane, Ridgeland, MS 39157**
Relationship to Plaintiff:  **Wife**
Time Period of Relationship:  **marriage**

Name/Address:  **Michael Wesley Trim, 202 Pine Brook Road, Starkville, MS**
Relationship to Plaintiff:  son
Time Period of Relationship:  **lifetime**

**Regina Brock, Plaintiff's sister-in-law 240 Pine Tree Lane, Ridgeland, MS**

**Sammie Weir, Plaintiff's mother-in-law, 241 Pine Tree Lane, Ridgeland, MS**

**Rachel Arender, Marc Walling Road, Brandon, MS**

**Craig Brock, Plaintiff's brother-in-law, 240 Pine Tree Lane, Ridgeland, MS**

**ANSWER TO INTERROGATORY NO. 7:**

Name:  **R. Wayne Smith, MD, Mississippi State Hospital, P. O. Box 157-A, Whitfield, MS  39193**
Nature/Extent of Knowledge:  **The knowledge of Dr. Smith is contained in the medical chart of Michael G. Trim at the Mississippi State Hospital.  The medical chart is being produced herein and the same is incorporated word for word.  In summary, while taking Neurontin, Michael G. Trim attempted to commit suicide by cutting his wrist on or about November 9, 2000.**

Name/Address:  **Jackie Trim, 250 Pine Tree Lane, Ridgeland, MS 39157**
Nature/Extent of Knowledge:  **while taking Neurontin, Michael G. Trim attempted to commit suicide by cutting his wrist on or about November 9, 2000.**

Name/Address:  **Michael Wesley Trim, 202 Pine Brook Road, Starkville, MS**
Relationship to Plaintiff:  son
Time Period of Relationship:  **lifetime**

Nature/Extent of Knowledge:  **while taking Neurontin, Michael G. Trim attempted to commit suicide by cutting his wrist on or about November 9, 2000.**

**Regina Brock, Plaintiff's sister-in-law 240 Pine Tree Lane, Ridgeland, MS**

**Sammie Weir, Plaintiff's mother-in-law, 241 Pine Tree Lane, Ridgeland, MS**

**Rachel Arender, Marc Walling Road, Brandon, MS**

**Craig Brock, Plaintiff's brother-in-law, 240 Pine Tree Lane, Ridgeland, MS**

V. A. Medical Center                    (all medical problems)
1500 East Woodrow Wilson Drive
Jackson, MS  39216

University of MS Medical Center
2500 N. State Street
Jackson, MS  39216

Dr. Jeffrey T. Summers, M.D.  (peripheral neuropathy and neck and back pain)
MS Pain Management
1 Layfair Drive, Ste. 400
Jackson, MS  39232

Thomas Joiner, MD  (High blood pressure, neck and back)
1635 Raymond Road
Jackson, MS 39204

St Dominic Hospital

Jackson, MS

   Nature/Extent of Knowledge:  **while taking Neurontin, Michael G. Trim attempted to commit suicide by cutting his wrist on or about November 9, 2000.**

**INTERROGATORY NO. 15:**

Identify by name, location and dates of attendance, the schools, educational institutions or other learning facilities attended by Plaintiff and for each identify any type of certificate, diploma or degree received and the graduation date from each school. If Plaintiff did not graduate or otherwise receive a certificate, diploma or degree for a certain educational institution, please state why.

**ANSWER TO INTERROGATORY NO. 15:**
Name/Location:  **Central High School, Jackson, Mississippi**
Dates of Attendance:  **Graduated in 1971**
Degree or Certificate/Date:  **High School Education**
Reason Not Graduated: **NA**


**<u>Deborah Watson</u>**:  Defendants complain that despite Plaintiff's production of 300

pages of records, her medical information is deficient. Defendants complain that

Plaintiff's supplemental answers fail to correct critical missing information.  Plaintiff's

supplemental

**INTERROGATORY NO. 2:**

Please list in chronological order all residences at which each Plaintiff lived for a period of more than thirty *(30)* days, including the date each residency was commenced and terminated and any individuals with whom he or she resided at such address(es) and the relationship to the Plaintiff [**ten-(10) year period immediately preceding the incident**].

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 2:**
Residency:  **Plaintiff lived at 410 David Avenue, Mound Bayou, MS 38762 for past 22 years with her children Shenika Lashan Watson, Dghtr,**
    **Alicia Octavia Watson, dghtr, age 29, 410 David Avenue, Mound Bayou, MS 38762;  Anthony Jones, Jr., son, age 27, Robinsville, MS; Britany Vonshea Jones, dghter, age 21, Keingsley Estates, Shellby, MS;  Shenika Lashan Watson, Dghtr, age 31, moved in 2000 to Keingsley Estates, Shellby, MS; Anthony Jones, Jr., son, age 27, moved out in 2005 to Robinsville, MS; Britany Vonshea Jones, dghter, age 21, lives back and forth with Plaintiff and Shenika Lashan Watson at Keingsley Estates, Shellby, MS;**

**Past Address:  Fisher Home Apts, Mound Bayou, MS from 1981 – 1988 lived with Anthony Jones,** Sr., **Shenika Lashan Watson, Dghtr, Alicia Octavia Watson, dghtr, age 29, Anthony Jones, Jr.,**
**Past Address:  Old Mound Bayou Road, Mound Bayou, MS from birth until 1981 lived with mother, Linda Pollard and her grandmother Mary Morton Parker along with her siblings Troy Watson, Wayne Watson, Russell Pollard and Vanessa Pollard.**

**INTERROGATORY NO. 3:**

Identify the name and address of each of Plaintiff's employers for the twenty years preceding commencement of this suit, the inclusive dates of each, the nature of his or her work with each employer, and the reason for the termination of the employment. Also identify Plaintiffs supervisors, bosses, co-workers and any other employees that he worked closely with for each of his prior places of employment [**ten-(10) year period immediately preceding the incident**].

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 3:  __Plaintiff has not been employed in the past 10 years. Plaintiff last worked in 1983 as an aid at Cleveland Nursing and Rehabilitation Center, Highway 8 East, Cleveland, MS 38732. Plaintiff left work due to injuries from a motor vehicle accident.**

## INTERROGATORY NO. 4:

Please identify the ten persons that Plaintiff was closest to over the last ten years of his/her life, including but not limited to, siblings, boyfriends/girlfriends, roommates, etc. and include the relevant time period involved and the nature of the relationship with these individuals [**provide the requested information up to a maximum of 10 persons**].

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 4:**
**Linda Pollard, Mother, 302 Rayner Ave, Mound Bayou, MS known since 1962;**
**Deborah Robinson, Aunt, 155 Old Mound Bayou Road, Mound Bayou, MS known since 1962;**
**Glenda Morton, Aunt, 156 Old Mound Bayou Road, Mound Bayou, MS;**
**JoAnn Robinson, Aunt, 86 Old Mound Bayou Road., Mound Bayou, MS;**
**Para Pollard, Sister, Rayner Ave., Mound Bayou, MS has known Plaintiff all of their life;**
**Vannessa Pollard, Sister, Rayner Ave, Mound Bayou, MS, has known Plaintiff all of their life;**

**Alitia Watson, daughter, 410 David Avenue, Mound Bayou,** MS 38762, **has known Plaintiff all of their life;**

Larry Robinson, uncle, 155 Old Mound Bayou Rd., Mound Bayou, MS, **has known Plaintiff all of their life;**

Wendell Robinson, uncle, Highway 61 North, Mound Bayou, MS, **has known Plaintiff all of their life;**

## INTERROGATORY NO. 5:

Please state what Plaintiff liked to do in his/her spare time and identify, including dates of membership, all social, fraternal, religious, business and/or service organizations to which he/she has ever belonged [**ten-(10) year period immediately preceding the incident complained of**].

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 5:  Watch TV and read.  Plaintiff is a member of A Zion Missionary Baptist Church, 626 Moody Road, Mound Bayou, Mississippi**

## INTERROGATORY NO. 6:

Please state whether Plaintiff ever consumed alcoholic beverages, and if so the amount, frequency and type of beverage consumed, and state whether Plaintiff ever took any illegal drugs ("street drugs") and/or prescriptions drugs that were not originally prescribed to him/her, and if so, state the name of the prescription or the drug and the dosage and the frequency of his/her use and if Plaintiff ever sought any type of treatment or counseling for any issue related to his alcohol use or his/her use of prescription or illegal drugs, identify the health-care professional involved, the nature of the treatment, the dates of the treatment, the location of the treatment and the outcome of the treatment [**for the time period since five (5) years before Plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the incident alleged in the Complaint, whichever date is earlier**].

**ANSWER TO INTERROGATORY NO. 6:  No.**

## INTERROGATORY NO. 7:

Identify each person known to Plaintiff or Plaintiff's counsel who has knowledge of any facts relevant to this case, specifying as to each person the nature and extent of the personal knowledge that you claim they have concerning the facts of this case.

**ANSWER TO INTERROGATORY NO. 7:**

**Linda Pollard, Mother, 302 Rayner Ave, Mound Bayou, MS known since 1962.  She has knowledge of Plaintiff's rearing, childhood and adult life.;**
**Deborah Robinson, Aunt, 155 Old Mound Bayou Road, Mound Bayou, MS known since 1962;**
**Glenda Morton, Aunt, 156 Old Mound Bayou Road, Mound Bayou, MS;**
**JoAnn Robinson, Aunt, 86 Old Mound Bayou Road., Mound Bayou, MS;**

**Tara Pollard, Sister, Rayner Ave., Mound Bayou, MS has known Plaintiff all of their life;  She has information regarding Plaintiff's attempted suicide.  Plaintiff confessed to her the suicide attempt.**

**Vannessa Pollard, Sister, Rayner Ave, Mound Bayou, MS, has known Plaintiff all of their life;**

**Alitia Watson, daughter, 410 David Avenue, Mound Bayou,** MS 38762, **has known Plaintiff all of their life;**

Larry Robinson, uncle, 155 Old Mound Bayou Rd., Mound Bayou, MS, **has known Plaintiff all of their life.  Larry Robinson has information regarding Plaintiff's attempted suicide.   He assisting in removing the vehicle from the accident scene.  He spoke with Plaintiff following the attempted suicide.  He observed her condition at the time of the attempted suicide**

Wendell Robinson, uncle, Highway 61 North, Mound Bayou, MS, **has known Plaintiff all of their life;  has known Plaintiff all of**

their life.  Wendell Robinson has information regarding Plaintiff's attempted suicide.  He spoke with Plaintiff following the attempted suicide.  He observed her condition at the time of the attempted suicide.  He assisting in removing the vehicle from the accident scene.

### INTERROGATORY NO. 11:

Please describe any instances of psychiatric or mental illness, suicide, attempted suicide, homicide or other violent behavior by Plaintiff or any of Plaintiff's family members including, but not limited to, his parents, siblings, grandparents, aunts, uncles, and cousins and, for each such instance, identify the person; the person's relationship to Plaintiff the nature of the person's illness or behavior and identify the individuals that might have knowledge of these incidents.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 11:  Plaintiff thought about overdosing while taking Neurontin. Plaintiff intentional ran off the road in an attempt to commit suicide.  Abnormal thinking and suicidal ideation.  Further Plaintiff incorporates all medical records produced and to be produced that describe any instances of psychiatric or mental illness, suicide, attempted suicide, homicide or other violent behavior by Plaintiff.   Plaintiff is not aware of any family member having any instances of psychiatric or mental illness, suicide, attempted suicide, homicide, or other violent behavior.**

### INTERROGATORY NO. 12:

Identify every health-care professional or facility that provided any type of consultation or care whatsoever to Plaintiff (whether mental or physical) over the last twenty years and identify the location where such consultation and/or treatment was rendered. Also state whether Plaintiff at any time was treated in any manner or suffered any illness, disease, injury, condition or affliction (either medical or psychiatric). If so, state for each such illness, injury, disease, or affliction, the name of the illness, injury, disease or affliction; the date and circumstances of each such injury, illness, disease, or affliction; the name and address of each physician, surgeon, nurse, or other person who attended or treated him/her; the dates of such treatment; the name and address of each hospital or clinic where he/she was confined, treated or examined; the dates he/she was confined, treated, or examined in each such hospital or clinic; and names and addresses of witnesses with knowledge of any of the above and the treatment rendered [**for the time period since five** *(5)* **years before Plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the incident alleged in the Complaint, whichever date is earlier**].

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 12:  Plaintiff incorporates herein, word for word, as if fully reprinted, the Medical Providers List previously submitted to Defendant and all supplements thereto that list all physicians that she has ever seen in the past 20 years.**

### INTERROGATORY NO. 13:

State whether Plaintiff was ever charged with, or convicted of committing any violation of any criminal or juvenile law, code, or statute and for each state the nature of each such offense, the name of the court in which each such matter or proceeding was filed or prosecuted, each judgment or plea entered in connection with each such offense, the sentence or other punishment imposed for each such offense, the name and address of each institution in which Plaintiff was confined or referred for treatment or counseling in connection with each such offense, and/or the name and the last known address of any probation, parole, or juvenile officer assigned to any such case [**for the time period since five** *(5)* **years before Plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the incident alleged in the Complaint, whichever date is earlier**].
**ANSWER TO INTERROGATORY NO. 13:  Without regards to any limitation of time, the Plaintiff has never been arrested at <u>no time</u>.**

### INTERROGATORY NO. 14:

State the name and addresses of witnesses with knowledge of any and all medications (whether prescription or not) or drugs (whether prescription or not) which Plaintiff took orally, by injection, through ingestion, by suppository or by external application at any time during a twenty-year period prior to his/her death. For each prescription, please also state the name of the prescribing health-care professional, the name of the prescription, the prescription dosage, each date that the prescription was prescribed, where the prescription was filled, the reason for the prescription and whether it was effective at treating the condition for which it was prescribed [**for the time period since five** *(5)* **years before Plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the incident alleged in the Complaint, whichever date is earlier**].

**ANSWER TO INTERROGATORY NO. 14:  See Plaintiff's answer to interrogatory no. 12  and 4 herein relating to name and addresses of witnesses with knowledge of any and all medications (whether prescription or not) or drugs (whether prescription or not) which Plaintiff took orally, by injection, through ingestion, by suppository or by external application at any time during a twenty-year period.**

### INTERROGATORY NO. 15:

Identify by name, location and dates of attendance, the schools, educational institutions or other learning facilities attended by Plaintiff and for each identify any type of certificate, diploma or degree received and the graduation date from each school. If Plaintiff did not graduate or otherwise receive a certificate, diploma or degree for a certain educational institution, please state why.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 15:  J. F. K. High School, Mound Bayou, MS—went to 10th and then got GED.  Plaintiff got GED because she was pregnant in the 10th grade.  Prior to J. F. K. High School, Plaintiff attended**

**I. T. Montgomery Elementary School, Mound Bayou, Mississippi.  Plaintiff has no post GED education.**

**INTERROGATORY NO. 19:**

Provide a computation of any category of damages claimed by Plaintiff

**OBJECTION AS TO INTERROGATORY NO. 19:**

      Subject to and without waiving the General Objections, Plaintiff objects to this Interrogatory in that it seeks information that is duplicative of the information required by Rule 26(a)O). Defendant is referred to Plaintiff's Rule 26(a)(I) Disclosures.

<u>Answer:</u>  **Further, subject to and without waiving the General Objections, Plaintiff incorporates the answer to interrogatory no. 11 herein.  Additionally, the Plaintiff suffered continued pain and suffering from the underlying medical condition while taking Neurontin as Neurontin was not effective for the underlying condition.  Additionally the Plaintiff suffered abnormal thinking and suicidal ideations.  Plaintiff experienced mental and emotional distress upon learning of the "off-label" prescription and the potential side effect which includes suicide.  Plaintiff also suffered the loss of monies paid for Neurontin for the "off-label" purpose and for the cost all medical treatment related to their use of Neurontin.  As a result of Defendant's conduct being criminal and in reckless disregard for the safety of the consumer the Plaintiff is entitled to punitive damages against the Defendant.**

**INTERROGATORY NO. 22:**

Please state the name and address of any individuals who may have had contact with Plaintiff, or would have knowledge of his/her behavior or mental state, in the 72 hours immediately preceding his/her suicide attempt or death.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 22:**
**Alicia Octavia Watson, dghtr, age 29, 410 David Avenue, Mound Bayou, MS 38762;**
**JoAnn Robinson, Aunt, 86 Old Mound Bayou Road., Mound Bayou, MS;**
**Kawanis Crowell, Old Mound Bayou Road, Mound Bayou, MS**

**INTERROGATORY NO. 24:**

Identify each government payor or private payor (as defined above) that has provided medical, prescription, disability, accidental or life insurance on Plaintiff during the past 20 years, either individually or as a member of an insured family, including the group insurance coverage and coverage under policies of insurance issued to or on behalf of parents and/or spouses. For each such payor identified in response to this interrogatory, state the name and address of the carrier, the name of the group coverage, the name of the primary insured individual under the policy, including the primary insured's Social Security number and/or membership number and the inclusive dates you were insured under the policy; and identify, if any, which polices provided for prescription benefits and which government payor or private payor policies provided prescription coverage to you at the time you were prescribed, dispensed, distributed or administered Neurontin [**for the 5-year period immediately preceding the incident complained of**].

**OBJECTION AS TO INTERROGATORY NO. 24:**

      In addition to the General Objections, the Plaintiff objects to Interrogatory No. 24 on the ground that it is overly broad in seeking records "for a period of 20 years." The Plaintiff further objects to the request on the ground that it is overly burdensome, oppressive and, to the extent that it seeks records concerning any and all medical treatment of any kind and is remote in time, irrelevant to this action. The Plaintiff further objects to this request to the extent that it seeks records that are not in the possession of the Plaintiff

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 24:  Plaintiff received Medicaid under Social Security No.  XXX-XX-XXXX since 1985.  Mississippi Regional Medicaid Office, 201 East Sunflower Road, Suite 10, Cleveland, MS 38732;  662-843-7753**

<u>**Joyce Watson**</u>.  Defendants complain that the Plaintiff only provided the names of 8 people closest to her, but that interrogatory no. 4 requested the names of 10 persons.  The Plaintiff named the 8 people that were closest to her in the past 10 years although it was less than 10 people.  Defendant complain about inconsistent responses relating to Plaintiff's mental illness after taking Neurontin.  If the answers are truly inconsistent, the Plaintiff would be subject to impeachment, but inconsistency is not incomplete or incorrect.

While these responses are not perfect, the responses however are far from being incomplete or incorrect in any material respects as to cause any impediment to the depositions. The additional or corrective information is simply gathered during the deposition.  This Court has stated that the Parties are not held to a standard of providing perfect responses.  The purpose of deposition to seek additional and corrective information from the deponent.

**B.  Remaining Cases**

The Plaintiffs collectively respond to the general complaints that the Defendants have regarding the Plaintiffs' discovery responses.

Generally, the Defendants are complaining about the following matters:

a.   Amount of medical records;

b.   Medical provider list;

c.   Identification of prescriber;

d.   Address of high school;

e.   Less than 10 persons closest to Plaintiff;

f.   Limitation as to period of time;

g.   Inconsistency in supplemental response and deposition testimony;

**A.  Medical records**

The Plaintiffs have provided all medical records available to Defendants.  Plaintiffs will continue to provide additional medical records upon receipt, if necessary, in light of the fact that all of the Plaintiffs have executed medical authorizations that allow Defendants to directly retrieve Plaintiffs' medical records.  Despite being armed with medical authorizations on all Plaintiffs, Defendants continue to complain that Plaintiffs

have not given them medical records.  It does seem to be a waste of time and resources for Plaintiffs to provide additional medical records to Defendants and for the Defendant to gather the records also.  The basic medical records, i.e. proof of use, off-label prescription, and injury have been previously provided to Defendant as part of the attorney certification process.

## B.  Medical Provider List

A Medical Provider List has been provided on behalf of each active plaintiff.  All Plaintiffs who did not provide Medical Provider List and/or Medical Authorizations were subjected to voluntarily dismissal by Boone Law Firm or withdrawal or were dismissed by the Court.  Approximately 100 Boone Plaintiffs were dismissed in this manner for failure to provide Medical Provider List.  The remaining Boone Plaintiffs have provided medical provider lists and have periodically supplemented the list.  The medical provider list varies for each plaintiffs listing providers ranging from one to twenty or more providers.

## C.  Identification of Prescribers

The identity of the prescribers is contained on the pharmacy printout and/or prescriber medical records produced to Defendants in support of the Plaintiffs' attorney certification.  Additionally, Plaintiffs' prescribers are identified in Plaintiffs' interrogatory responses and/or medical provider list and/or their medical records produced.  Further Plaintiffs identified their prescribers in *Plaintiff's First Set of Interrogatories to Defendants*.

## D.  Address of High Schools

Simply many Plaintiffs' old high schools no longer exist and they don't remember the exact address of the previous location.

E. **Less than 10 persons closest to Plaintiff**;

Defendants complain that some Plaintiffs have listed less than persons closest to Plaintiff in the past 10 years.  However, some Plaintiffs have indicated that the people closest to them are less than 10.  This is neither an incomplete or incorrect answer.

F. **Limitation as to period of time;**

Defendants complain that the Plaintiffs have limited the period of time to 10 years regarding the identification of their health care providers and criminal records. Notwithstanding the limiting language the Plaintiffs are responding to the time period indicated in the interrogatories without any limitation.

G. *Inconsistency in supplemental response and deposition testimony;*

Defendants complain that some Plaintiffs' supplemental answers are inconsistent with their initial answer to interrogatories.  Plaintiffs submit that their later answers are more akin to supplements or additions to their prior answers, but nevertheless any inconsistencies do not cause the answers to be incomplete or incorrect under Federal Rule of Civil Procedure 26.

### Conclusion

The alleged deficiencies complained of by the Defendants do not in any material respect impede the fruitfulness of the deposition.  Further the deficiencies do not in any material respect make the prior response incomplete or incorrect and/or the corrective information has been otherwise made known to the Defendants.

Plaintiffs' responses are in compliance with Federal Rules of Civil Procedure 26.

The Defendants have not been prejudiced by any action of Plaintiffs.

The Defendants are not entitled any relief under Federal Rules of Civil Procedure 37(a).

WHEREFORE PREMISES CONSIDERED, Plaintiffs request that the Motion to Compel be denied.

Respectfully Submitted,

//s/ Levi Boone, III

**BY:** _____

Levi Boone, III, MSB #3686
**BOONE LAW FIRM, P.A**.

Post Office Box 1772
Cleveland, MS 38732
TEL: 662-843-7946
FAX: 662-843-7950

<u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document has been served as required by Case Management Order Number 3 on the 4th day of January, 2011 (CST).

<u>/s/ Levi Boone, III</u>
Levi Boone, III