UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
In re:   NEURONTIN MARKETING, SALES                       :
         PRACTICES AND PRODUCTS                           :   MDL Docket No. 1629
         LIABILITY LITIGATION                             :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x   Master File No. 04-10981
                                                          :
THIS DOCUMENT RELATES TO:                                 :
                                                          :   Judge Patti B. Saris
ALL BOONE PRODUCT LIABILITY ACTIONS                       :
                                                          :   Magistrate Judge Leo T.
                                                          :   Sorokin

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

Defendants Pfizer Inc and Warner-Lambert Company LLC (together, "Pfizer" or "Defendants") respectfully submit this Memorandum in Support of their Application for an Award of Attorneys' Fees and Costs incurred in drafting Pfizer's Motion to Compel Complete Discovery Responses [No. 3176], pursuant to Federal Rule of Civil Procedure 37(a)(5)(a).

**ARGUMENT**

**I.    Pfizer's Request For Attorneys' Fees Is Reasonable and Should Be Granted in Full**

In the First Circuit, a reasonable fee typically is determined through the lodestar method, which involves "multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure." *De Jesus Nazario v. Morris Rodriguez*, 554 F.3d 196, 207 (1st Cir. 2009); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Once established, the lodestar represents a presumptively reasonable fee, although it is subject to upward or downward adjustment in certain circumstances." *Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir. 1992).

As detailed below, the number of attorney and paralegal staff hours for which Pfizer seeks compensation, and the hourly rates it seeks to apply, produce a highly reasonable lodestar amount. Pfizer does not seek any enhancement of the lodestar amount.

**A.    The Hours For Which Compensation Is Requested Are Reasonable**

As set forth in the accompanying Declaration of Mark S. Cheffo ("Cheffo Decl."), the

attorney and paralegal staff hours for which Pfizer seeks compensation are reasonable and appropriate.  As discussed below, Pfizer has taken a very conservative approach in making this application by voluntarily reducing the hours for which compensation is sought in order to account for any potential overlapping efforts expended due to the multiple attorneys and legal assistants required to deal with the multiple, poorly organized and confusing responses.  (*See* Cheffo Decl. ¶ 4.)[1]  Accordingly, Pfizer has made an across-the-board reduction of twenty percent of all attorney and paralegal staff time and seeks compensation only for the following attorney and paralegal staff time:

| Position | Actual Hours | Reduced Hours |
|---|---|---|
| Partners/Counsel | 118.8 | 95.0 |
| Senior Associates | 120.1 | 96.1 |
| Junior Associates | 187.4 | 150.0 |
| Paralegal Staff | 428.7 | 343.0 |
| **TOTAL** | 855 | 684.1 |

(Cheffo Decl. ¶ 4.)  The specific tasks performed by Pfizer's counsel and their paralegal staff, for which Pfizer seeks compensation, are described in the Cheffo Declaration.  Several factors strongly compel an award of fees for all hours for which compensation is requested.

First, the work performed by Pfizer's counsel in preparing and drafting its motion to compel was substantial.  Among other things, Pfizer's counsel had to review and analyze the discovery responses for 214 individual cases and assemble scores of examples and exhibits, all in relatively short order.  As highlighted in Pfizer's Motion to Compel and supporting memoranda, Mr. Boone submitted multiple discovery responses for each of these 214 plaintiffs.  In the majority of instances, the discovery responses are not labeled as supplemental responses and instead, each have the same title, causing some confusion.  Additionally, Mr. Boone's discovery responses cross-reference other documents, including medical provider lists and medical records. It took paralegals a substantial number of hours to review and organize the multiple and

---

[1] Pfizer has attempted to provide this application to the Court as soon as possible after receiving the Court's notification on January 6, 2011.  Additional information can be provided if desired by the Court.

inconsistent discovery responses in the 214 cases.  In fact, Pfizer's motion was essentially 214 separate motions to compel addressing approximately 500 interrogatory responses combined into one motion.  (Cheffo Decl. ¶ 5.)

With regard to the allocation of work, Pfizer's counsel endeavored to use paralegal staff members instead of attorneys whenever possible because paralegal staff time is less expensive than attorney time.  Pfizer's counsel's efforts to cut down on costs are exemplified by the fact that more total hours were spent by the paralegal staff than the attorneys in preparing Pfizer's motion to compel.  Indeed, two paralegals had to work though the night in order to get Pfizer's motion filed, given the voluminous material required to be filed in support of the motion to compel. (Cheffo Decl. ¶ 6.)

After paralegals organized the multiple discovery responses, attorneys reviewed and analyzed each set of discovery for responsiveness.   Again, Plaintiffs' responses were often handwritten, inconsistent and contained numerous cross-references internally and to other documents.  This was a labor-intensive task.  In cases where depositions occurred, lawyers also reviewed those depositions for instances where the depositions of the plaintiff elicited more information than the discovery responses.  As suggested by Mr. Boone and the Court, Pfizer's counsel then drafted short summaries highlighting the deficiencies in each of Mr. Boone's 214 individual cases.  Lawyers also researched and drafted the appropriate legal standard for the Motion to Compel.  (Cheffo Decl ¶ 7.)

Further, Pfizer has not requested the fees and costs associated with drafting deficiency letters, traveling to unproductive depositions, or speaking to Plaintiffs' counsel in an attempt to address his deficient production without this Court's intervention.  Nor does Pfizer seek to recover the fees and costs associated with preparing and drafting this fee application, although such fees and costs are generally recoverable. *See Brewster v. Dukakis*, 3 F.3d 488, 494 (1st Cir. 1993) ("We have repeatedly held that time reasonably expended in connection with fee applications is itself compensable."). (Cheffo Decl. ¶ 8.)

Together, the foregoing factors support compensation in full for all of the hours

requested.

### B.        The Hourly Rates Requested Are Reasonable

The hourly rates at which Pfizer seeks compensation for attorney and paralegal staff time are both reasonable and appropriate for this case.   Courts in the First Circuit determine reasonable attorney rates based on "prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)."  *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001).   Because "the relevant community for determining hourly rates is the community where the court sits," the "prevailing hourly rate in Boston for attorneys of comparable skill, experience, and reputation thus constitutes the relevant community."  *Walsh v. Boston Univ.*, 661 F. Supp. 2d 91, 110 (D. Mass. 2009) (internal quotation marks and citation omitted).

Pfizer's application seeks recovery based upon the following rates:

| Position | Reduced Hours | Rate | Amount |
|---|---|---|---|
| Partners/Counsel | 95.0 | $300 | $28,500 |
| Senior Associates | 96.1 | $250 | $24,025 |
| Junior Associates | 150.0 | $200 | $30,000 |
| Paralegal Staff | 343.0 | $75 | $25,725 |
| **TOTAL** | 684.1 | | $108,250 |

(Cheffo Decl. ¶¶ 9, 11.)[2]  The attorney rates requested are substantially lower than those actually charged by the law firms that worked on the motion to compel (*id.* ¶ 9) and are well within the range that courts within this District have determined is reasonable during the last several years. *See Tri-City Cmty. Action Program, Inc. v. City of* Malden, 680 F. Supp. 2d 306, 315-16 (D. Mass. 2010) (finding rates of $350 per hour for partner, $275 per hour for senior associate, and $225 per hour for junior associates reasonable); *Huynh v. City of Worcester*, No. 08-40240-TSH, 2010 WL 5376863, at *2 (D. Mass. Dec. 20, 2010) (finding $275 per hour a reasonable rate for a senior associate and $200 per hour a reasonable rate for a junior associate); *Nelson v.*

---

[2] Due to the across the board 20% reduction, and because the prevailing rates used for this application are substantially lower than the current billing rates for the attorneys and staff involved in this litigation, the actual cost of the Motion to Compel and attendant materials based on unadjusted rates and hours was at least twice the fee sought here.  (Cheffo Decl. ¶ 11.)

*Hecker*, No. 09-10513-JLT, 2010 WL 1741072, at *1 (D. Mass. Apr. 28, 2010) (finding rates of $275 per hour for associates and $350 for lead counsel, an active and experienced lawyer in consumer matters, reasonable); *Walsh*, 661 F. Supp. 2d at 111-12 (awarding partner $350 per hour, senior associate $275 per hour, and junior associate $175 per hour); *Polycarbon Indus., Inc., CGU v. Advantage Eng'g, Inc.*, 260 F. Supp. 2d 296, 309-10 (D. Mass. 2003) (finding rate of $275 reasonable for experienced trial attorney in a "complex products liability case").

Pfizer is also entitled to fees for paralegal work at the prevailing market rate. *See, e.g.*, *Hudson v. Dennehy*, 568 F. Supp. 2d 125, 133 (D. Mass. 2008). Pfizer's fee application uses an hourly rate of $75. (Cheffo Decl ¶ 9.) As with the attorney rates used, Pfizer does not seek to recover the current regular hourly rates for paralegal staff work, but, rather, a fee based on a rate that is equal to or less than those regularly approved for paralegal services in this District. *See, e.g.*, *Hudson*, 568 F. Supp. 2d at 133 (awarding $100 per hour after "[t]aking into account the prevailing market rates and prior paralegal rates approved by this court"); *Walsh*, 661 F. Supp. 2d at 113 (finding $75 per hour for legal assistants a reasonable rate); *Access 4 All, Inc. v. Delancey Clinton Assocs., L.P.*, No. 04-12347-KPN, 2007 WL 118940, at *3 (D. Mass. Jan. 8, 2007) (awarding paralegal rate of $90 per hour after "taking into account prevailing rates in this area [and] prior rates approved by this court"); *Change the Climate, Inc. v. Massachusetts Bay Transp. Auth.*, No. Civ.A. 00-10973-REK, 2005 WL 3735100, *4-5 (D. Mass. June 8, 2005) (approving $100 hourly rate for legal interns and paralegals).

In sum, because both the hours and rates that Pfizer requests are reasonable, this Court should award attorneys' fees to Pfizer for the full lodestar amount of $108,250, as outlined in more detail in the Cheffo Declaration.

## II.    Pfizer's Request For Costs Is Reasonable

Significant expenses were also incurred in connection with Pfizer's Motion to Compel. For the hard copies that were filed with the court, almost 500 documents had to be printed and shipped to the Court. In addition, electronic versions of the discovery responses were transferred to CD for the Court. Accordingly, as set forth in the Cheffo Declaration, Pfizer also seeks to

recover $3,160 in costs incurred in preparing, drafting, and filing their motion to compel, as follows:

| | |
|---|---|
| Printing discovery responses | $724.04 |
| Shipping materials to Court | $159.56 |
| Transferring discovery responses to a CD for the Court (MRC) | $2,276.84 |
| **TOTAL** | $3,160.44 |

(*See* Cheffo Decl. ¶ 10 & Exhs. A, B & C.)  Because Pfizer's cost request is well documented and reasonable, it should be granted in full.

<u>**CONCLUSION**</u>

For the reasons set forth above and in the accompanying Declaration of Mark S. Cheffo, Pfizer respectfully requests that this Court grant Pfizer's application for an award of attorneys' fees and costs incurred in preparing, drafting, and filing its motion to compel in the amount of consisting of $108,250 in fees and $3,160 in costs, for a combined total of $111,410.

Dated: January 8, 2011                    Respectfully submitted,

                                          SKADDEN, ARPS, SLATE,
                                            MEAGHER & FLOM LLP

                                          By:    /s/ Mark S. Cheffo
                                                 Mark S. Cheffo

                                          Four Times Square
                                          New York, NY 10036
                                          Tel:  (212) 735-3000

ROPES & GRAY LLP

By:    /s/ Ana M. Francisco
       Ana M. Francisco
       BBO #564346

Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel:  (617) 951-7000
Email:  ana.francisco@ropesgray.com

*Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 8, 2011.

/s/ Ana. M. Francisco
Ana M. Francisco