UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x

In re: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

MDL Docket No. 1629

Master File No. 04-10981

------------------------------------------------x

THIS DOCUMENT RELATES TO:

ALL BOONE PRODUCTS LIABILITY ACTIONS

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

------------------------------------------------x

**DECLARATION OF MARK S. CHEFFO IN SUPPORT OF DEFENDANTS'
APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

I, Mark S. Cheffo, declare and state as follows:

1. I am a member of the law firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer"). I make this declaration based on my own personal knowledge and information collected at my direction.

2. I respectfully submit this declaration n support of Pfizer's application for an award of their attorneys' fees and costs incurred in drafting Pfizer's Motion to Compel Complete Discovery Responses [No. 3176], pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

3. As explained in greater detail below, this application seeks an award of $82,525 in attorneys' fees, $25,725 in paralegal staff fees, and $3,160 in costs incurred.

**ATTORNEY AND PARALEGAL STAFF HOURS AND RATES**

**Hours**

4. The legal work to prepare and draft Pfizer's motion to compel involved reviewing and analyzing the discovery responses and deposition testimony for 214 individual cases, assembling scores of examples and exhibits (all in relatively short order), and researching and drafting the motions to compel and supporting papers. Numerous attorneys and paralegals at multiple law firms were involved in the effort. The actual time incurred approached 900 hours, as set forth below:

| Position | Actual Hours |
|---|---|
| Partners/Counsel | 118.8 |
| Senior Associates | 120.1 |
| Junior Associates | 187.4 |
| Paralegal Staff | 428.7 |
| **TOTAL** | 855 |

Even though the various firms were asked to review discrete and separate cases in order to avoid duplication, in an effort to be conservative and account for any overlapping effort, Pfizer has reduced the hours for which reimbursement is sought by 20%, as follows:

| Position | Actual Hours | Reduced Hours |
|---|---|---|
| Partners/Counsel | 118.8 | 95.0 |
| Senior Associates | 120.1 | 96.1 |
| Junior Associates | 187.4 | 150.0 |
| Paralegal Staff | 428.7 | 343.0 |
| **TOTAL** | 855 | 684.1 |

5.      The task of reviewing and analyzing discovery responses in 214 cases was made difficult because Mr. Boone submitted multiple discovery responses for each of these 214 plaintiffs. In the majority of instances, the discovery responses are not labeled as supplemental responses and instead, each have the same title, causing some confusion. Additionally, Mr. Boone's discovery responses cross-reference other documents, including medical provider lists and medical records. It took paralegals a substantial number of hours to review and organize the multiple and inconsistent discovery responses in of the 214 cases. In fact, Pfizer's motion was essentially 214 separate motions to compel addressing approximately 500 interrogatory responses combined into one motion.

6.      In order to minimize expenses, we attempted to use paralegal staff members instead of attorneys whenever possible. In preparing Pfizer's motion to compel, the paralegal staff, among other things, reviewed medical records and gathered, organized and prepared copies of Plaintiffs' discovery responses for the Court's reference. The expenses incurred in paralegal staff time were essential to the efficient preparation and filing of Pfizer's motion to compel. By way of example of the significant effort involved, two paralegals had to work though the night

the day before the motion was filed in order to get Pfizer's motion filed given the voluminous material required to be filed in support of the motion to compel.

7. After paralegals organized the multiple discovery responses, attorneys reviewed and analyzed each set of discovery for responsiveness. Plaintiffs' responses were often handwritten, inconsistent and contained numerous cross-referencing internally and to other documents. This was a labor-intensive task. In cases where depositions occurred, lawyers also reviewed those depositions for instances where the depositions of the plaintiff elicited more information than the discovery responses. As suggested by Mr. Boone and the Court, Pfizer's counsel then drafted short summaries highlighting the deficiencies in each of Mr. Boone's 214 individual cases. Lawyers also researched and drafted the appropriate legal standard for the Motion to Compel.

8. Pfizer has not included in the hours set forth above the time spent drafting deficiency letters, traveling to unproductive depositions, or speaking to Plaintiffs' counsel in an attempt to address his deficient production without this Court's intervention. Pfizer has also not included the time associated with preparing this fee application.

**Attorney and Paralegal Rates**

9. Pfizer does not seek compensation at the regular rates charged and paid. Instead, the rates requested are based upon a careful review of the rates regularly approved as reasonable by the Courts of this District. The rates are below those actually charged and well within the ranges found to be reasonable. Based on such review, Pfizer seeks reimbursement at the following rates:

| Position | Rate |
|---|---|
| Partners/Counsel | $300 |
| Senior Associates | $250 |
| Junior Associates | $200 |
| Paralegal Staff | $75 |

## CHARGES AND DISBURSEMENTS

10. Significant expenses were also incurred in connection with Pfizer's Motion to Compel. For the hard copies that were filed with the court, approximately 500 documents had to

be printed and shipped to the Court.  In addition, electronic versions of the discovery responses were transferred to CD for the Court.  Accordingly, Pfizer also seeks to recover $3,160 in costs incurred in preparing, drafting, and filing their motion to compel, as follows:

| Printing discovery responses | $724.04 |
| Shipping materials to Court | $159.56 |
| Transferring discovery responses to a CD for the Court (MRC) | $2,276.84 |
| **TOTAL** | $3,160.44 |

Documentation of the above expenses are attached as Exhibits A (printing), B (shipping) and C (creation of CD).

## CONCLUSION

11. Based on the foregoing, Pfizer seeks an award of fees as follows:

| Position | Discounted Hours | Rate | Amount |
|---|---|---|---|
| Partners/Counsel | 95.0 | $300 | $28,500 |
| Senior Associates | 96.1 | $250 | $24,025 |
| Junior Associates | 150.0 | $200 | $30,000 |
| Paralegal Staff | 343.0 | $75 | $25,725 |
| **TOTAL** | 684.1 | | $108,250 |

As discussed above, the hours expended are justified by the enormous effort required to prepare Pfizer's Motion to Compel, as necessitated by Plaintiffs' numerous deficiencies.  The rates are within those regularly held to be reasonable by the Courts of this District.  As a result of the across the board 20% reduction in hours and the reduced rates used, the actual fees incurred were at least twice as much as the amount sought by this application.

12. Pfizer also seeks reimbursement of its actual costs incurred in the amount of $3,160.44.

13. I declare the foregoing statements are true and correct under the penalties of perjury, this the 8th day of January, 2011.

/s/ Mark S. Cheffo
Mark S. Cheffo

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 8th, 2011.

                                                  /s/ Ana M. Francisco
                                                  Ana M. Francisco