# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOUIS E. TUMBLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. CIV-10-211-F |
| | ) |
| PFIZER PHARMACEUTICAL, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Two motions to dismiss plaintiff's complaint are before the court. Defendant Oklahoma Department of Corrections has filed a motion pursuant to Rule 12(b)(1) and (6) to dismiss the complaint against it as barred by Eleventh Amendment immunity. (Doc. no. 24.) Defendant Pfizer, Inc. seeks dismissal of the complaint pursuant to Rule 12(b)(6) (doc. no. 22) on the ground that plaintiff has failed to allege sufficient facts to state a plausible claim under manufacturers' products liability because he has failed to allege any defect in manufacturing or design or the failure to give adequate warning. In any event, defendant Pfizer asserts that claims for design defects arising from the use of prescription medications are not cognizable under Oklahoma law, citing Eck v. Parke, Davis & Co., 256 F.3d 1013, 1017 (10th Cir. 2001) and Edwards v. Bastel Pharmaceuticals, 933 P.2d 298, 300 (Okla. 1997). Concerning a failure-to-warn claim, defendant points out that a drug manufacturer has no duty under Oklahoma law to warn the consumer of dangers associated with a drug, citing Eck, *supra*, and that a manufacturer's duty is fulfilled once it adequately warns the physician, citing Woulfe v. Eli Lilly & Co., 965 F.Supp. 1478, 1482 (E.D. Okla.

1997). Defendant argues that because plaintiff's complaint completely fails to address the warnings given by defendant Pfizer to Dr. Thompson, any warnings and risks of which Dr. Thompson was already aware and whether any alternative warning would have altered Dr. Thompson's prescribing behavior, plaintiff has failed "to raise a right to relief above the speculative level," quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929, 940 (2007).

Defendant Oklahoma Department of Corrections' motion to dismiss plaintiff's complaint (doc. no. 24) is **GRANTED**. The Oklahoma Department of Corrections is an agency and arm of the state of Oklahoma entitled to Eleventh Amendment immunity. Eastwood v. Department of Corrections of State of Oklahoma, 841 F.2d 627, 631-32 (10th Cir. 1988); Habecker v. Oklahoma Department of Corrections, 2009 WL 2476598 at * 7 (W.D. Okla. Aug. 11, 2009)(No. CIV-08-574-R). This action is **DISMISSED** as to the Oklahoma Department of Corrections.

Construing plaintiff's pro se complaint together with his sworn declaration liberally in the light most favorable to plaintiff, at best plaintiff has alleged that the physician who prescribed or administered Neurontin to plaintiff failed to warn him of dangerous side effects. Nowhere in the complaint does plaintiff allege that defendant Pfizer failed to provide adequate warning to the prescribing or administering doctor of dangers associated with the use of Neurontin and that had it done so, the doctor would not have prescribed or given the drug to plaintiff and plaintiff would not have suffered the side effects of which he complains, as is necessary to state a claim against a drug manufacturer given Oklahoma's adoption of th "learned intermediary doctrine." See Eck, supra, 256 F.3d at 1017-19. See also, Edwards v. Basel Pharmaceuticals, 933 P.2d at 300-01; Cunningham v. Charles Pfizer & Co., 523 P.2d 1377, 1382 (Okla. 1974). Defendant is correct that plaintiff has failed to allege sufficient facts to "state a claim for relief that is plausible on its face." Bell Atlantic

Corp. v. Twombly, 550 U.S. at 570.  Accordingly, defendant Pfizer's motion to dismiss plaintiff's complaint (doc. no. 22) is **GRANTED**.  Plaintiff is **GRANTED** leave to amend his complaint against defendant Pfizer within twenty-one (21) days from the date of this order.

IT IS HEREBY ORDERED this 22nd day of July, 2010.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

10-0211p003 rev .wpd