UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------------------------x
In re:  NEURONTIN MARKETING,
    SALES PRACTICES AND
    PRODUCTS LIABILITY LITIGATION
----------------------------------------------------------x
THIS DOCUMENT RELATES TO:

*Hamilton v. Pfizer Inc., et al.*
Case No. 1:10-CV-11023 PBS
----------------------------------------------------------x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS JANSSEN ORTHO LLC, ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH & DEVELOPMENT, L.L.C. AND JOHNSON & JOHNSON TO PRODUCE DISCOVERY**

Plaintiff, by the undersigned counsel, respectfully moves, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for an Order compelling Defendants Janssen Ortho LLC, Ortho-McNeil-Janssen Pharmaceuticals, Inc., Johnson & Johnson Pharmaceutical Research & Development, L.L.C. and Johnson & Johnson (hereinafter referred to as "Defendants") to produce discovery regarding sales and marketing of Defendants' Topamax responsive to Plaintiff's October 7, 2010 Request for Production as such information is relevant to various salient issues in this litigation, including:  (1) Defendants' negligence, failure to warn and suppression and recklessness in not demonstrating the safety of Topamax in off-label populations to whom the company had notice were using Topamax; (2) Defendants' negligence in knowingly and recklessly promoting Topamax to off-label populations without performing the adequate pharmacovigilance to ascertain whether Topamax was safe for such uses; and (3) that Defendants had full knowledge of the extent of off-label use of Topamax, yet Defendants did not

know whether the product was safe for use in those off-label populations, and that Defendants were negligent and reckless in not taking adequate steps to learn of the safety in these populations.  This motion is supported by the Memorandum, and Declaration of Kenneth B. Fromson with Exhibits annexed thereto.

## REQUEST FOR ORAL ARGUMENT

Plaintiff's counsel believes that oral argument may assist the Court and wish to be heard. Therefore, Plaintiffs' counsel respectfully requests a hearing on this motion.

Dated:  January 10, 2011                                    Respectfully submitted,

                                                            FINKELSTEIN & PARTNERS, LLP

                                                    By:   **/s/ Andrew G. Finkelstein**
                                                            Andrew G. Finkelstein, Esquire
                                                            1279 Route 300, P.O. Box 1111
                                                            Newburgh, NY  12551

                                                            *Attorneys for Plaintiff Paulette Hamilton*

## CERTIFICATION OF GOOD FAITH

I hereby certify that I have conferred in good faith with counsel for Defendants on concerning the issues presented in the foregoing motion, and was unable to resolve the issue in dispute.

Dated:  January 10, 2011

                                                            **/s/ Kenneth B. Fromson**
                                                            Kenneth B. Fromson, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on January 10, 2011.

                                                            **/s/ Andrew G. Finkelstein**
                                                            Andrew G. Finkelstein, Esquire