# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
In re: NEURONTIN MARKETING,                : MDL Docket No. 1629
SALES PRACTICES AND PRODUCTS               :
LIABILITY LITIGATION                       : Master File No. 04-10981
---------------------------------------------------------- x
                                           : Judge Patti B. Saris
THIS DOCUMENT RELATES TO:                  : Magistrate Judge Leo T. Sorokin
                                           :
Paulette Hamilton, as Administratrix and   :
Personal Representative of the Estate of   :
DERRICK HAMILTON                           ::
---------------------------------------------------------- x

TO:   **David R. Schmahmann**
      1577 Beacon Street
      Brookline, MA 02446-2699

      **John D. Winter**
      Patterson, Belknap, Webb & Tyler
      1133 Avenue of the Americas
      New York, NY 10036

## PLAINTIFF'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND DATA FROM DEFENDANTS JANSSEN ORTHO LLC, ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH & DEVELOPMENT, L.L.C., JOHNSON & JOHNSON

**PLEASE TAKE NOTICE** that Plaintiff(s), by their attorneys, hereby request that Defendants, JANSSEN ORTHO LLC, ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH & DEVELOPMENT, L.L.C., JOHNSON & JOHNSON (hereafter Defendants) provide written answers to the following Request for Production of Documents. These requests shall be deemed continuing so as to require additional responses as required by the Federal Rules of Civil Procedure.

## DEFINITIONS

1. "Defendant", "You", and/or "Your" shall means GLENMARK GENERICS, INC., USA and/or its predecessor(s), agent(s), servant(s), and/or employee(s).

2. "TOPIRAMATE AND/OR TOPAMAX ", or "Topamax", whenever used throughout these requests, shall mean the pill TOPIRAMATE AND/OR TOPAMAX and any predecessor or non-final derivation of the drug that later became known as TOPIRAMATE AND/OR TOPAMAX .

      3. "Document" or "Documents", wherever used throughout these requests, shall mean any written or graphic matter of any kind whatsoever, however produced or reproduced, any electronically or magnetically recorded matter of any kind or character, and any other matter constituting the recording of data or information upon any tangible thing by any means, including but not limited to, the original and any non-identical copy of any of the following (regardless of however or by whomever prepared, reproduced, maintained or stored): books, records, reports, articles, abstracts, posters, studies, memorSNDA, notes, letters, correspondence, e-mail, instant messages, chats, chat postings, bulletin boards, electronic bulletin boards, posters, blogs, websites, voicemail, studies, trials, clinical data, reports, analysis, evaluations, assessments, speeches, telegrams, diaries, calendar entries, diary, journal, logs, schedules, maps, graphs, charts, contracts, releases, appraisals, valuations, estimates, opinions, studies, analyses, summaries, magazines, booklets, pamphlets, circulars, brochures, bulletins, instructions, minutes, photographs, purchase orders, bills, checks, drafts, certificates, tabulations, questionnaires, films, or tapes, surveys, messages, correspondence, letters, records (of meetings, conferences and telephone or other conversations or communications), tables, drawings, sketches, tax reports, working papers, financial statements, computer data (including information or programs stored in a computer or storage media, whether or not ever printed out or displayed) as well as any other tangible thing on which information is recorded in any writing, sound, electronic or magnetic impulse, or in any other manner, and including preliminary versions, drafts, revisions or amendments to or of any of the foregoing and any supporting, underlying or preparatory materials.

      4. The term "and/or" wherever used throughout these request, shall indicate that either or both of the items connected by it are involved.

## INSTRUCTIONS

1. In responding to these requests, the defendant is required to produce all documents known or reasonably available to you, regardless of whether such documents are in your possession, custody, or control or in the possession, custody, or control of your agents, consignees, representatives or investigators, or by your attorneys or their agents, employees, representatives, or investigators.

2. If any of the documents or information requested cannot be produced in full, you are required to specify, to the extent possible, the reasons for your inability to produce the remainder, and the approximate date when you expect to produce such documents, if at all.

3. If any request is deemed to call for the production of privileged or otherwise protected information or materials, you must provide the following information in a written response, designating and identifying those documents or information withheld from production on grounds of privilege:

   a. The reason for withholding the document or information;

   b. A statement of the legal basis for the claim of privilege, work product or other ground for non-disclosure;

   c. A brief description of the document, including:

   d. The date of the document;

   e. The number of pages, attachments, and appendices;

   f. The name(s) of its author(s) or preparer(s) and identification by employment and title of each such person;

   g. The name of each person who was sent, shown, or copied on the document, or has had access to or custody of the document, together with an identification of each such person;

   h. The present custodian; and

   i. The subject mater of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation, in sufficient detail to enable the Court to determine the propriety of any claim of privilege.

4. Failure to properly identify any withheld documents may result in the waiver of any right to assert a privilege later.

5. These requests impose a continuing obligation upon you. If after producing documents or information responsive to this demand additional information or documents become available to you, you are required to produce such additional documents or information.

6. With respect to each document requested which has been lost, destroyed, or otherwise disposed of since its preparation or receipt, you shall provide the following information separately as to each such document:

   a. A general description of the subject matter, author, recipient(s), date;

3

    b.    The identity of each person who has received a copy or had an opportunity to receive a copy thereof;

    c.    The last custodian of the document or copies thereof; and

    d.    The full particulars or circumstances whereby the document was disposed of, destroyed, or otherwise lost.

7.    All documents produced in response to these requests shall be either:

    a.    Organized and labeled to correspond with the number of the specific request to which the documents are responsive, or

    b.    Produced in the order and in the manner that they are kept in the usual course of business.

8.    All documents requested shall include all documents and information that relate in whole or in part to the relevant time period, or to events or circumstances during such relevant time period, even though dated, prepared or generated or received prior to relevant time period.

9.    All documents that exist in computer-based and other digital or electronic format are to be produced in such format and in their native form or other searchable form, not in an electronic form that is merely a picture of a document such as a TIFF file, a TIF file, or a PDF file. All documents that exist only in paper form are to be produced as image files with corresponding searchable text.

4

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1. Copies of all documents, materials or other sources of information in your possession, custody, or control that were used, read or referenced in order to prepare answers to the defendant's answers to Plaintiff's First Set of Interrogatories to Defendant.

2. Copies of all insurance agreements, including excess policies of insurance under which any person or firm carrying an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment. (Request is specifically made for the entire actual policy and not merely a coverage declarations page).

3. Copies of all statements obtained by the defendant or anyone on its behalf concerning this lawsuit.

4. Copies of all photographs, videotapes, audio tapes or other forms of electronic recording, sketches, reproductions, charts or maps that were made in connection with respect to anything that is relevant to the subject matter of plaintiff's Complaint.

5. Copies of all license agreements and/or development agreements with any person and/or entity relating in any way to TOPIRAMATE AND/OR TOPAMAX.

6. Copies of all New Drug Applications ("NDA") and/or Supplemental New Drug Applications ("SNDA") relating in any way to TOPIRAMATE AND/OR TOPAMAX, which were submitted to the Food and Drug Administration ("FDA"), including all drafts of such NDA and SNDAs.

7. Defendants' New Drug Application and Supplemental New Drug Application for Topamax.

8. All documents concerning Defendants' review and analysis of psychiatric adverse effects, including (suicidality, suicide, suicide attempts, suicidal ideation, suicide related events, suicidal behavior, and/or events with evidence of self-harm) reported and/or associated with the use of Topamax.

9. To the extent Defendants submitted to any regulatory authority, whether foreign or domestic, a document entitled "Reported Suicide Attempts Among Epileptic Patients Taking Topamax", please provide drafts and the final version as submitted to said regulatory authority or authorities.

10. Please provide documents regarding Topamax, if any, reflecting correspondence from France's regulatory authority, AFSSAPS, regarding inquiries about suicide and/or suicide attempt.

11. Please provide documents regarding Topamax reflecting Defendants' written response to any requests by Italy's regulatory authority, Ministry of Health, regarding suicide and/or suicide attempts.

5

12. Please produce all of Defendants' Periodic Safety Update Reports regarding Topamax.

13. Please produce all of Defendants' Periodic Safety Reports regarding Topamax.

14. Please produce all documents reflecting any analyses by Defendants on the evaluation of Topamax use and suicidality, suicide, suicide attempts, suicidal ideation, suicide related events, suicidal behavior, and/or events with evidence of self-harm in which the Defendants specifically calculated statistical significance in their analyses.

15. Please produce both drafts and final versions of all Audit(s) of Defendants' Drug Safety and Surveillance process for producing and reviewing Periodic Safety Update Reports for Topamax.

16. Please produce all final versions of Defendants' Risk Management Plan(s) regarding Topamax.

17. Produce all documents to/from FDA regarding FDA's requests in 2005, 2006, 2007, 2008, and 2009 for information and data related to antiepileptic drugs, including Topamax and suicidality.

18. Produce Defendant's Record-of-Contacts (ROC), which upon information and belief is available in electronic format that reflects Defendant's contacts with FDA regarding Topamax.

19. All documents reflecting any internal discussion by Defendant employees concerning the potential psychiatric risks or adverse reactions in individuals which may have been associated with or caused by the use of Topamax when used alone or in combination with other drugs.

20. Advertisements or promotions for Topamax from the time it was introduced into the marketplace to May 10, 2008.

21. All documents reflecting communications between Plaintiff's Decedent's healthcare provider(s) **Cynthia Sloan, D.O.**, 2255 North Loop, 336 West, Conroe, TX 77340; **Dr. J. Hanna**, 481 1H 46 South, Suite 3, Huntsville, TX 77340; **Dr. Donald Strickland**, 9100 Forest Crossing, Spring, TX 77381, and Defendant's sales representatives or detail representatives regarding the promotion of Topamax.

22. Documents sufficient to identify Topamax samples provided to **Cynthia Sloan, D.O.**, 2255 North Loop, 336 West, Conroe, TX 77340; **Dr. J. Hanna**, 481 1H 46 South, Suite 3, Huntsville, TX 77340; **Dr. Donald Strickland**, 9100 Forest Crossing, Spring, TX 77381.

23. Documents sufficient to identify the training of sales representatives or detail representatives concerning Topamax, if any, who communicated with **Cynthia Sloan, D.O.**, 2255 North Loop, 336 West, Conroe, TX 77340; **Dr. J. Hanna**, 481 1H 46 South, Suite 3, Huntsville, TX 77340; **Dr. Donald Strickland**, 9100 Forest Crossing, Spring, TX 77381.

6

24. For each Defendant sales representative that called upon or had communication with Plaintiffs treating physician[s], please identify and produce his/her custodial files, including all traditional "paper" documents, and computer files pertaining to Topamax.

25. For each Defendant sales representative that called upon or had communication with Plaintiffs treating physician[s], please identify and produce any and all sales call notes or other documents that reflect or refer to any communications with any of Plaintiff's prescribing healthcare providers, including **Cynthia Sloan, D.O.**, 2255 North Loop, 336 West, Conroe, TX 77340; **Dr. J. Hanna**, 481 1H 46 South, Suite 3, Huntsville, TX 77340; **Dr. Donald Strickland**, 9100 Forest Crossing, Spring, TX 77381.

26. For each Defendant sales representative that called upon or had communication with Plaintiffs treating physician[s], including **Cynthia Sloan, D.O.**, 2255 North Loop, 336 West, Conroe, TX 77340; **Dr. J. Hanna**, 481 1H 46 South, Suite 3, Huntsville, TX 77340; **Dr. Donald Strickland**, 9100 Forest Crossing, Spring, TX 77381, please identify and produce documents, including journal articles, slim jims, informational material or promotional information that the Defendant sales representative distributed to or discussed with Plaintiff's prescribing healthcare provider.

27. Documents sufficient to show the training materials, whether educational and/or promotional materials, provided to Defendant's sales representatives who communicated with Plaintiff decedent's healthcare providers.

28. Copies of all draft and/or final form Dear Doctor/Healthcare Provider Letters approved for dissemination to doctors and/or healthcare providers that relate in any way to TOPAMAX OR ITS BIOEQUIVALENT TOPIRAMATE.

29. A copy of the Defendants' 2010 Corporate Integrity Agreement agreed upon with the U.S. Attorney Office regarding Defendants' alleged off-label promotion of Topiramate.

30. All documents regarding Defendants' "Doctor-for-a-Day" program.

31. Documents sufficient to show the organizational structure of the group or groups responsible for marketing Topamax, including the names of all sales representatives or detail representatives who called upon Plaintiff's Decedent's healthcare provider, **Cynthia Sloan, D.O.**, 2255 North Loop, 336 West, Conroe, TX 77340; **Dr. J. Hanna**, 481 1H 46 South, Suite 3, Huntsville, TX 77340; **Dr. Donald Strickland**, 9100 Forest Crossing, Spring, TX 77381.

32. Documents sufficient to show aggregate prescription data received from third parties regarding Topamax (e.g., IMS Health, Inc.) through the date of these request for documents.

33. Documents sufficient to show the monthly and annual budget for Defendants to promote, advertise or market Topiramate for the calendar year of 2008.

7

34. Documents sufficient to demonstrate gross sales of Topamax from approval date by FDA to May 10, 2008.

35. Documents sufficient to show advertisements in medical journals or scientific treatises for the 3 years up to and including May 10, 2008.

36. An electronic copy of each web-page from Defendants' website, topamax.com, as it existed as of May 10, 2008.

37. Produce all documents regarding Topamax and suicidality, suicide, suicide attempts, suicidal ideation, suicide related events, suicidal behavior, and/or events with evidence of self-harm from the custodial files of Defendants' employees whose job responsibilities include sales and/or marketing of Topamax.

38. Produce all documents regarding Topamax and suicidality, suicide, suicide attempts, suicidal ideation, suicide related events, suicidal behavior, and/or events with evidence of self-harm from the custodial files of Defendants' employees whose job responsibilities included monitoring the safety and/or efficacy of Topamax.

39. Produce all documents previously produced to a Plaintiff (and/or Plaintiff's counsel) in any other legal proceeding involving Topamax and concerning suicidality, suicide, suicide attempts, suicidal ideation, suicide related events, suicidal behavior, and/or events with evidence of self-harm.

40. Copies of all documents that relate in any way to Plaintiffs.

41. Copies of organizational charts for persons and/or entities involved in any way with the research, development, testing, manufacture, packaging, warning, labeling, and/or regulatory compliance for .

42. Copies of all documents that in any way abstract, summarize, compile, analyze, and/or interpret any complaints, concerns and/or data concerning the use, safety, risks, and/or side effects of TOPIRAMATE AND/OR TOPAMAX .

43. Copies of all documents that relate in any way to all evaluations and/or assessments and/or analyses, performed by or on behalf of the Defendant, relating in any way to the safety of TOPIRAMATE AND/OR TOPAMAX .

44. Copies of all documents relating in any way to all evaluations and/or assessments and/or analyses, performed by or on behalf of the Defendant, relating in any way to the risks of TOPIRAMATE AND/OR TOPAMAX .

45. Copies of all documents relating in any way to all evaluations and/or assessments and/or analyses, performed by or on behalf of the Defendant, relating in any way to the side effects of TOPIRAMATE AND/OR TOPAMAX .

46. Copies of all documents that relate in any way to any Standard Operating Procedure ("SOP") and/or policy and procedure manuals relating in any way to Defendant pharmacovigilance group, if any, and its composition and responsibilities.

47. Copies of all correspondence with the FDA that relate in any way to any TOPIRAMATE AND/OR TOPAMAX Dear Doctor/Healthcare Provider Letter, including, but not limited to any and all comments regarding such letters received from the FDA.

48. Produce documents sufficient to show Defendant's organizational structure of the group or groups responsible for TOPIRAMATE AND/OR TOPAMAX.

49. Produce Defendant's Record-of-Contacts (ROC), which upon information and belief is available in electronic format that reflects Defendant's contacts with FDA regarding TOPIRAMATE AND/OR TOPAMAX.

50. Produce Defendant's internal correspondence documents, including but not limited to email and attachments, if any, regarding anticonvulsants, including, and suicidality.

51. Produce documents which reflect any post marketing psychiatric or psychobiologic adverse events concerning TOPIRAMATE AND/OR TOPAMAX.

52. Produce documents sufficient to identify Defendant's post-marketing surveillance for TOPIRAMATE AND/OR TOPAMAX, used alone or in combination with other drugs.

53. All medical literature pertaining to TOPIRAMATE AND/OR TOPAMAX and/or anticonvulsants possessed by Defendants.

54. Produce all documents that describe the method whereby you receive, collate, analyze, report, follow-up, investigate and then disseminate or make available to members of the medical profession reports of precautions, adverse reactions, adverse events and contraindication to the use of Defendant's TOPIRAMATE AND/OR TOPAMAX.

55. Produce documents identifying the name and address of any persons with personal knowledge of the matters alleged by the Plaintiff(s) in this proceeding.

56. Provide all documentation reflecting Defendant's anticipated (or forecast) of sales for its TOPIRAMATE AND/OR TOPAMAX, if any, calculated or otherwise determined prior to and/or after Defendant's approval of its NDA and/or SNDA.

57. Provide all documentation reflecting Defendant's anticipated (or forecast) of sales for its TOPIRAMATE AND/OR TOPAMAX based on indications (uses) for which TOPIRAMATE AND/OR TOPAMAX was expected and/or anticipated by Defendants to be prescribed by healthcare providers.

58. Provide all documentation reflecting Defendant's anticipated (or forecast) of sales for its based on indications (uses) for which TOPIRAMATE AND/OR TOPAMAX was expected by Defendant to be dispensed by pharmacies and/or hospitals.

9

59. Provide all documents reflecting Defendant's knowledge of TOPIRAMATE AND/OR TOPAMAX use for "off-label", unapproved uses by FDA, prior to and after Defendant's approval of its NDA and SNDA.

Date:  October 7, 2010
       Newburgh, NY

_____
Kenneth B. Fromson
Finkelstein & Partners, LLP
1279 Route 300
P.O. box 1111
Newburgh, NY 12551

## CERTIFICATION OF SERVICE

I certify that on this date I caused Plaintiffs' Request for Production of Documents, to be served by U.S. Mail upon the following individuals:

**David R. Schmahmann**
1577 Beacon Street
Brookline, MA 02446-2699

**John D. Winter**
Patterson, Belknap, Webb & Tyler
1133 Avenue of the Americas
New York, NY 10036
Email: jwinter@pbwt.com

Date:   October 7, 2010
        Newburgh, NY

Kenneth B. Fromson
Finkelstein & Partners, LLP
1279 Route 300
P.O. box 1111
Newburgh, NY 12551