*Court's Copy*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------X
In Re:  NEURONTIN MARKETING, SALES   :  MDL Docket No. 1629
        PRACTICES AND PRODUCTS       :
        LIABILITY LITIGATION         :  Master File No. 04-10982
------------------------------------X
                                     :  Judge Patti B. Saris
THIS DOCUMENT RELATES TO:            :
                                     :  Magistrate Judge Leo T.
Keith P. Edwards v. Pfizer Inc.,     :  Sokrokin
Case No. 05-cv-11701                 :
------------------------------------X
```

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL COMPLETE DISCOVERY RESPONSES

In response to Defendant's Motion To Compel Complete Discovery Responses pages 8 and 9, Plaintiff Keith Edwards, has repeatedly revealed to defendants that Plaintiff is a ward of the state of Ohio as an inmate incarcerated under the custody and control of the Ohio Department of Rehabilitation and Corrections at their subdivision, Richland Correctional Institution where Plaintiff was/is a resident at all times relevant to this cause of action and to which the damages related to this claim occured. Defendant has admitted that Plaintiff has provided a list of identifyable medical providers who were/are responsible for the duty of care to Plaintiff as a ward of the state of Ohio at all time relevant to this cause of action. Those medical providers are to wit: Ohio Department of Rehabilitation and Corrections, Central Office at 770 West Broad Street, Columbus, Ohio 43222, Phone: (614) 752-1773 at their subdivision, Richland Correctional Institution, 1001 Olivesburg Road, Mansfield, Ohio 44901, Phone: (419) 526-2100; and contracted medical provider, Ohio Stat University Hospital, Office of Medical Information (Correctional Institution Division), 410 W. 10th Avenue, Columbus, Ohio 43210, Phone: (614) 293-8657. see Exhibit (A)-Stamped Filed Copy of Information Required by the August 11, 2010 Pro Se Product Cases Discovery Order. Furthermore, Plaintiff Keith Edwards, gave specific date ranges from August 19, 2002 to January 13, 2004 for which the drug Neurontin was prscribed to him (plaintiff). This information was in fact stated in Exhibit (B)- Plaintiff's Reply To Defendant's Response and Objections To Plaintiff's Discovery and Interrogatories,

And That This Honorable Court Invoke Discovery and Interrogatories from Defendant to Plaintiff. Plaintiff's Social Security Number has been provided on Exhibit (C)- Affidavit of Common-Law Marriage of Keith Edwards and Patricia Scott (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) however, Patricia refuses to release her Social Security Number unless subpoena by the court where reason and relevancy for good shown has been submitted to the court by Defendants. Further, Plaintiff is not a recipient of Medicaid, Medicare, or any other social security benefit nor has ever had benefits from that agency that thuee would be medical or nonmedical records available relative to this cause of action. Plaintiff has no aliases. Plaintiff's prior addresses beyond 25 years is neither relevant nor reasonably calculated to lead to the discovery of relevant information. It is obvious that Defendant knows Plaintiff's current location of residence from Defendant's mailing of motions to Plaintiff. see Stamped Filed Copy of Template Interrogatories Directed To Products Plaintiffs, Stamped Filed Copy of Information Required by August 11, 2010 Pro Se Product Cases Discovery Order-(Exhibit A), and Plaintiff's Reply to Defendant's Response and Objection to Plaintiff's Discovery and Interrogatories and that this Honorablexx Court Invoke Discoverable Information from Defendant to Plaintiff.

Plaintiff has only listed three (3) of the ten (10) requested individuals he is close to because thats exactly how many there are or have been during his twenty-two (22) years of incarceration. Plaintiff has been responsive in admitting that he has abused drugs in the past before this incarceration period he is currently serving but do not remember the types, amount and frequency and or of usage after 22 years, as far as the alcohol is concerned, and the dosage of marijuana and cocaine. History of drug abuse treatment and other interrelated criminal thinking and behavioral programs are listed in Exhibit (D)-Reentry Assessment Plan (RAP) taken at Richland Correctional Institution from 2001 to date.

As plaintiff is a incarcerated inmate ate the Richland Correctional Institution under the custody and control of the Ohio Department of Rehabilitation and Corrections, he does not have access to medical documentation in order to be more responsive to the defendant's interrogatories until which time either the defendant or the Ohio rtment of Rehabilitation and Corrections releases those records. Plaintiff has further submitted a Motion to Subpoena Records from the Ohio Dept. of Rehabilitation and Corrections to satisfy this request.

Plaintiff has already avered that his request for discovery from defendant contains a reasonable discovery of names and information he is entitled to as afforded to Associate Attorney General, Robert D. McCallum Jr. and Massachusetts U.S. Attorney General, Michael J. Sullivan and any further disclosure that reveals the illegal and fraudulent promotion scheme which corrupted the information process relied upon by the healthcare administers responsable for the duty of reasonable care to plaintiff and/or that the doctors, purchasing officials, or other medical facilitators may have acted in concert with defendants in return for gifts, vacations, etc.

Based upon defendant's admission of guilt to the provisions of Healthcare Fraud, of the Medicare Trust Fund, State Medical Programs, and other government health programs, plaintiff, as a ward of the state of Ohio, is related to those programs under the care and custody of the State of Ohio or that a doctor contracted by and for the State of Ohio Dept. of Rehabilitation and Corrections or its subdivision institutions, acted in concert with defendants to commit the fraudulent acts which caused the damages to plaintiff. Plaintiff's witness list will be compiled once plaintiff has received discovery and has made an assessment as to what witnesses are best suited to aver facts pertinent this cause of action. See: Exhibit (E) - Dept. of Justice Release.

Therefore and accordingly, plaintiff prays that this honorable court will give consideration to plaintiff filings in that he is not an attorney or expert at law such as an attorney but makes hereto, valid claims in this cause of action.

Respectfully Submitted,

*Keith Edwards*

Keith Edwards, Pro Se
Richland Corr. Inst.
211-800 3A-101
P.O. Box 8107
Mansfield, Ohio 44901
(419) 526-2100

### Certificate of Service

This is to certify that a true copy of the foregoing has been sent via First Class U.S. mail to: Mark S. Cheffo, Four times Square, New York, N.Y. 10036, this 5th day of January 2011.

*Keith Edwards*
Keith Edwards, Pro Se