**Exhibit (B)**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| IN RE: NEURONTIN MARKETING, SALES PRACTICE AND PRODUCT LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Judge Patti B. Saris |
| | Magistrate Judge Leo T. Sorokin |
| This Document Relates To: | |
| KEITH EDWARDS KEITH EDWARDS V. PFIZER, INC., CASE No. 05- cv - 11701 | Civil Action No. 04-10981 |

---

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE AND OBJECTION TO PLAINTIFF'S DISCOVERY AND INTERROGATORIES AND THAT THIS HONORABLE COURT INVOKE DISCOVERABLE INFORMATION FROM DEFENDANT TO PLAINTIFF

PLAINTIFF HAS REQUESTED DOCUMENTS AND INFORMATION that are relevant to the claims in this cause of action and likely to lead to or substantiate defendant's wrongful acts. On August 8, 2004, the defendant's wrongful acts was revealed by and through the United States Department of Justice in a 200+ page document disclosing how Warner-Lambert by and through its division, Parke-Davis, illegally and fraudulently promoted off-label uses for it's drug product, "Neirontin."

Defendants' are fully aware that plaintiff, Keith Edwards, is, and has been at all times relevant to this cause of action, an incarcerated Pro Se inmate litigant under the custody, care and control of the Ohio Dept. of Rehabilitation and Corrections at the Richland Correctional Institution, located in Mansfield, Ohio. As such, plaintiff is not privy to his medical records least they are requested by the defendants or ordered by the court, and supplied to plaintiff in his discovery request.

The drug "Neurontin" was approved by the Food and Drug Administration in December 1993 solely for adjunctive or supplemental anti-seizure use by epilepsy patients' under the provisions of the Food, Drug, and Cosmetic Act, a company must specify the intended use of a product its new drug application to the FDA. However, Warner-Lambert's staategic marketing plans, as well as other evidence, show that Neurontin was aggressively marketed to treat a wide array of ailments for which the drug was not approved. The company promoted Neurontin for the treatment of bipolar mental disorder, various pain disorders, amyatrophic lateral sclerosis (ALS, a degenerative nerve disease commonly referred to as Lou Gehrig's

Disease^, attention defecit disorder, migraine, drug and alcohol withdrawal seizures, restless leg syndrome, and as a first-line monotherapy treatement for epilepsy (using Neurontin alone, rather than in addition to another drug).

Plaintiff was administered the drug neurontin for pain on or about August 19, 2002 to January 13, 2004, by a medical physican under contract with the Ohio Dept. of Rehabilitation and Corrections at the Richland Correctional Institution. Plaintiff is entitled to the same discovery afforded to Associate Attorney General, Robert D. McCallum Jr. and Massachusetts U.S. Attorney, Michael J. Sullivan, and any further disclosur[e] that reveals the illegal and fraudulent promotion scheme which corrupted the infprmation process relied upon by doctors in their medical decision making, thereby putting at risk, including plaintiff. This therefore deprived the medical professionals of the informed decision making process. There also exist the proposition that doctors, purchasing officials, or other medical facilitators may have acted in concert with defendants' in return for gifts, vacations, etc.

Plaintiff's request for discovery and interrogatories are within the parameters of applicable criminal and civil rules and procedures that neither violate nor infringe upon the disclosure to the attorney-client privilege, the attorney work product doctrine, the consulting expert privilege, or the attorney-client privileges and rights or immunities recognized by law. Plaintiff's request for discovery and interrogatories are not overly broad in that they ask concise questions of fact that are unambiguous and clear and does not subject defendant to unreasonable oppression and undue burden and expense, are relevant and reasonably calcululated to lead to the discovery of admissable evidence. Based upon defendant's plea of guilty to provisions of health care fraud, medicare Trust Fund, State Medical programs, and other government health programs, plaintiff, as a ward of the state, is related to those programs under the care and custody of the State of Ohio or that a doctor contracted by and for the State of Ohio dept. of Corrections was either influenced by misleading statements made by, or inducements provided by Warner-Lambert, or wether the doctor or other healthcare administrators of the Ohio dept. of Rehabilitation and Corrections or its connected institutions were offered gifts, vacations, etc. in furtherance of defendant's schemes.

Pursuant to public information act of disclosure or reavled information, court documents that also relate to violations which attach to plaintiff as a result of defendant's fraudulent behavior, invikes an entitlement of said information for plaintiff to request upon discovery. To aver a

proper objection, defendant's would have to show cause why such information would have no relevants or otherwise violate some rule or procedure which denies disclosure of said information from plaintiff or is inadmissable in plaintiff's cause of action, or how such request is overly broad or not resonably calculated to the discovery of admissable evidence. Defendants have not offered any documents or any other evidence that plaintiff has privilege to, and should therefore be ordered to hand over to the plaintiff immediately, discoverable materials therein prayed for as a matter of law. Plaintiff would otherwise request that this honorable court arrange for depositions of Assistant U.S. Attorneys Thomas E. Kanwit and Sara M. Bloom of the U.S. Attorney's Office for the District of Massachusetts, and trial attorney Jill Furman of the Justice Department Office of Consumer Litigation, Assisting in the investigation were Jothan Diesenhaus and Stanley Alderson of the department of Justice's Civil Fraud section, Senior counsel Mary Riordan in the office of Counsel to the Inspector General for the dept. of Health and Human Services who negotiated the Corporate Integrity Agreement, The National Association of Medicaid Fraud Control Office and the Consumer Protection Division of the States Attorney General who represented the states, The Federal Bureau of Investigation who conducted the investigation, The office of Criminal Investigation for the Food and Drug Administration and the office of the

Respectfully Submitted,

Keith Edwards, Pro Se
Richland Corr. Inst.
211-800 3A 101
P.O. Box 8107
Mansfield, Ohio 44901
(419) 526-2100

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT A TRUE COPY OF THE FOREGOING HAS BEEN SENT VIA U.S FIRST CLASS MAIL, TO: MARK S. CHEFFO AND CATHERINE, FOUR TIMES SQUARE, NEW YORK, NEW YORK 10036, (212) 735-3000, ATTORNEYS FOR THE DEFENDANTS PFIZER INC. AND WARNER LAMBERT CO. LLC, THIS 29 TH DAY OF 2010.

KEITH EDWARDS