**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 1629<br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>HARDEN MANUFACTURING CORPORATION; LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, dba BLUECROSS/BLUESHIELD OF LOUISIANA; INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST; GERALD SMITH; and LORRAINE KOPA, on behalf of themselves and all others similarly situated, v. PFIZER INC. and WARNER-LAMBERT COMPANY | Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |

**CLASS PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO PRECLUDE GARY VARNUM AND JAN FRANK WITYK FROM PURSUING INDIVIDUAL CLAIMS OR, ALTERNATIVELY, TO SEVER AND TRANSFER THEIR CLAIMS PURSUANT TO 28 U.S.C. § 1404**

**I.     INTRODUCTION**

On December 23, 2010, Pfizer moved to preclude the two proposed consumer class representatives from pursuing individual claims, or, alternately, to sever and and transfer their claims. Class plaintiffs agree with the spirit of Pfizer's motion: the parties need to address certain procedural issues in the pending marketing cases so that the Court can enter judgment(s) on summary judgment and class certification and the parties may thus appeal. Yet, Pfizer's motion does not help to accomplish this aim. At most, it identifies a single technical issue and proposes a solution that is illogical in light of the class plaintiffs' inevitable appeal.

Rather than file myriad motions to resolve each procedural quirk, the parties should meet and confer in order to present the Court a joint proposal for how to meaningfully address future proceedings on economic claims. The proposal should (i) identify each of the civil actions alleging only marketing claims remaining in this MDL and, for those actions, which alleged causes of action are impacted by the Court's summary judgment order, (ii) identify any procedural issues that must be resolved before judgment(s) can be entered and (ii) submit a proposed order(s) for entry of judgment(s) as to summary judgment and class certification. If necessary, the proposal should outline areas of disagreement. Class plaintiffs suggested this course of action to Pfizer. Pfizer indicated it was willing to work towards resolving particular issues, but would not agree to withdraw its motion.

Wityk and Varnum's claims should neither be precluded nor transferred. Their claims should instead be stayed while the parties come up with a plan for proceeding.

## II.     PROCEDURAL HISTORY

On October 26, 2004, the Judicial Panel on Multidistrict Litigation transferred 27 Neurontin cases, both marketing and product liability matters, to the District of Massachusetts for coordinated treatment. *In re Neurontin Marketing and Sales Practices Litig.*, 342 F.Supp.2d 1350 (J.P.M.L. 2004).

On December 16, 2004, the Court issued a Corrected Case Management Order that identified 27 marketing actions. Docket No. 15. The Court designated the *Harden v. Pfizer Inc.* civil action number (04-cv-10981) as the master file number for marketing cases. *Id.* A current list of all pending marketing actions, corresponding civil action numbers, and the claims asserted

2

is attached as Exhibit A.[1]  All told, these pending cases assert 32 ostensibly distinct causes of action.[2]

On February 1, 2005, the coordinated plaintiffs -- Guardian, Aetna, and Kaiser -- filed their First Amended (non-class) Complaint, alleging claims under RICO, the California Unfair Competition Law, other unfair competition statutes, the Pennsylvania Insurance Fraud Statute, and for unjust enrichment.  Docket No. 29.

On December 18, 2006, the PSC for the marketing cases filed the Third Amended Class Action Complaint ("Third Amended CAC").  Docket No. 580.  The Third Amended CAC brought claims under RICO, the New Jersey Consumer Fraud Act, common law fraud, and unjust enrichment.  The Third Amended CAC *did not* include every economic claim raised in the individual marketing cases.  *See* Exhibit A.

On December 19, 2007, the proposed class renewed its motion for class certification, asking the Court to certify a class of Third Party Payors and Consumers for all indications under RICO, the New Jersey Consumer Fraud Act, common law fraud, and unjust enrichment.  Docket No. 1016.  On May 13, 2009, the Court denied certification of all claims for TPPs and consumers on all indications.  Docket No. 1780.  On May 28, 2009, the proposed class moved for reconsideration as to the TPP and consumer for bipolar and mood disorder subclasses.  Docket No. 1796; *see also* Docket No. 1827 (Errata).  This motion is still pending before the Court and the parties have filed various briefs in further opposition/support.  *See also* Docket No. 1928, 2071, 2120, 2126, 2473, 2473-2, 2539, 2540.

---

[1] Pfizer has informed class plaintiffs that it has maintained its own list of marketing cases and believe plaintiffs' list omits some civil actions.  The parties have agreed to discuss the matter and will work towards a single comprehensive list.

[2] The chart is lengthy, for which the class plaintiffs apologize, but indicates which of the 32 distinct claims were alleged in each of the 33 civil actions.

On March 2, 2009, Pfizer moved for summary judgment on both the class and coordinated plaintiffs' marketing claims. Docket No. 1689. As to the class, Pfizer sought summary judgment against the TPP and consumer subclasses for all indications on all claims. *Id.* The Court granted Pfizer's motion and dismissed all claims in the Third Amended CAC except those brought by plaintiffs Varnum and Wityk individually.[3] Docket No. 3154. The Court determined that Varnum and Wityk's claims were allowed to proceed because their doctors had received fraudulent "Dear Doctor" letters. *Id.* The Court instructed the parties to inform the Court by January 15, 2010 whether their claims should be transferred pursuant to 28 U.S.C. §1404. *Id.* at n. 4.

As to the coordinated plaintiffs, Pfizer similarly sought summary judgment on all claims. Docket No. 1689. On January 8, 2010, the Court granted Pfizer's motion for summary judgment with respect to Guardian and Aetna but allowed Kaiser's claims to proceed. Docket No. 2309. Guardian has since dismissed its claims; Pfizer has moved for entry of judgment and Aetna has opposed. Docket No. 3102, 3125, 3126. Kaiser ultimately prevailed on its RICO and California Unfair Competition Law claims at trial. Docket Nos. 2760, 3121.

### III.   ARGUMENT

Class plaintiffs briefly address Pfizer's request to preclude Varnum and Wityk from pusuing individual claims (or, alternately, to transfer their actions) before identifying two other relevant procedural issues.

First, as both this Court and Pfizer recognize, Varnum and Wityk were identified as potential class representatives for the proposed consumer class in class plaintiffs' renewed

---

[3] On December 20, 2010, Louisiana Health Services Indemnity Company moved for reconsideration. Docket No. 3178.

4

motion for class certification.[4]  The Court denied certification of the consumer subclass but has not yet entered judgment.  After entry of judgment, class plaintiffs will appeal the denial of class certification (and summary judgment) to the First Circuit.  If the First Circuit overturns this Court's denial, Varnum and Wityk's claims -- as class representatives -- would be back before this Court.[5]  Given the possibility that the Court may find itself dealing with their class claims at a later date, there is no reason that Varnum and Wityk's individual claims should be severed.  There is simply no urgency to resolve their individual claims that would warrant splintering individual claims from their claims on behalf of the class.  Logically, Varnum and Wityk's claims should be stayed pending resolution of the Classes' appeal.

As to transfer, Varnum and Wityk did not file civil actions elsewhere that were later transferred to this Court.  Both first asserted claims here, on behalf of the consumer class in the renewed motion for class certification.  There is simply no individual civil action to transfer and nowhere to transfer their claims.

Second, the Court's orders on summary judgment and class certification involve some, but not all, of the causes of action asserted in the various marketing civil actions.  The orders raise several cross-cutting issues that likely completely resolve certain causes of action.  The parties should fashion a proposed form of judgment that addresses these now resolved issues.

---

[4] Plaintiffs moved to amend the Third Amended CAC to add Wityk's and Varnum's claims out of an abundance of caution, even though, as noted in the renewed motion for class certification, formal amendment is not required to add class representatives.  *See* Docket No. 1018, at 1 n.1.  Their claims should not be precluded because a formal amendment never occurred.  The Court later informed class plaintiffs that "the proposed consumer and TPP classes must be further divided into subclasses by use," and that "Plaintiffs will need to satisfy the prerequisites of Rule 23, both for consumers and the TPPs, for each indication."  Docket No. 1184 at 20.  Pfizer's claims of prejudice from the addition of these two plaintiffs proved to be hollow.  Pfizer itself subsequently called the discovery it took of Wityk and Varnum "very fruitful" and in moving for summary judgment did not claim that their addition as class representatives hampered its ability to defend against their claims.  Docket No. 1174, at 2.

[5] If the First Circuit overturns the Court's grant of summary judgment as to the other consumer and TPP class representatives, these claims will also be back in front of this Court.  Efficiency suggests that the Court should resolve all of the proposed class representatives' claims at the same time.

However, there are multiple causes of actions that are not affected by the Court's summary judgment and class certification orders and have not yet otherwise been adjudicated. *See* Exhibit A. Class plaintiffs are considering whether these causes of action should be stayed pending the appeal or proceed towards adjudication while the appeal is ongoing. In any case, the parties should meet and confer and present a proposal to the Court as to how to deal with these lingering causes of action. The proposal should identify whether any additional pleading practice is required, including whether particular civil actions should go forward before this Court or be remanded for further proceedings. Class plaintiffs attach, as Exhibit B, a proposed order that broadly sets forth topics to be discussed by the parties, sets a date by which the parties shall submit joint or competing forms of judgment(s), and sets a date by which the parties shall propose how to resolve other lingering procedural issues.

Third, class plaintiffs note that there are two motions for reconsideration pending before the Court that would preclude entry of judgment(s): Class Plaintiffs' Motion for Reconsideration of Order Denying Renewed Motion for Class Certification as to Consumer and TPP Bipolar and Mood Disorder Subclasses (Docket No. 1796) and Louisiana Health Service Indemnity Company D/B/A BlueCross BlueShield of Louisiana's Motion for Reconsideration of Order Granting Motion for Summary Judgment (Docket No. 3178). Class plaintiffs will make themselves available for any further proceedings on these motions that the Court deems warranted.

## IV.   CONCLUSION

Class plaintiffs ask the Court to stay Varnum and Wityk's claims until resolution of the appeal of the class certification and summary judgment decisions. To facilitate tying up procedural loose ends and the entry of judgment, the parties should meet and confer and (i) submit a proposed form of judgment(s) and (ii) identify and propose how to resolve any

lingering procedural issues in the economic claim marketing cases, including whether additional pleading practice is warranted and whether particular actions should proceed before this court or be remanded.

Dated: January 13, 2010                                        Respectfully Submitted,

By:    **/s/ Thomas M. Sobol**
Thomas M. Sobol
Edward Notargiacomo
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

*Plaintiffs' Liaison Counsel and Member of the Class Plaintiffs' Steering Committee*

By:    **/s/ Thomas Greene**
Thomas Greene, Esquire
Greene LLP
33 Broad Street, 5th Floor
Boston, MA 02110

By:    **/s/ Elizabeth Cabraser**
Elizabeth Cabraser, Esquire
Lieff Cabraser Heimann & Bernstein
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

By:    **/s/ Don Barrett**
Don Barrett, Esquire
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, MS 39095

By:    **/s/ Daniel Becnel, Jr.**
Daniel Becnel, Jr., Esquire
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

7

By: **/s/ James Dugan**
James R. Dugan, Esquire
Dugan & Browne, PLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130

*Members of the Class Plaintiffs'*
*Steering Committee*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on January 13, 2010.

/s/ Thomas M. Sobol