UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES ) <br> PRACTICES AND PRODUCTS LIABILITY ) <br> LIABILITY LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> JOSHUA MARTINEZ v. PFIZER INC. et al., ) <br> 06-10912-PBS ) | MDL Docket No. 1629 <br> Master File No. 04-10981 <br><br> Judge Patti B. Saris <br> Mag. Judge Leo T. Sorokin |

**MEMORANDUM IN SUPPORT OF PLAINTIFF, JOSHUA MARTINEZ'
MOTION[1] TO VACATE ORDER OF JUNE 19, 2008 AND
REINSTATE HIS CLAIMS AND CAUSES OF ACTION**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Joshua Martinez, Individually and as Personal Representative of the Estate of his deceased mother, Teresa Huff, ("Martinez") through his counsel of record, Newton B. Schwartz, Sr. ("NBS") and moves to:

1. Vacate the Court's Order of June 19, 2008 dismissing the claims of Plaintiff Joshua Martinez, as such order was without support per F.R.C.P. 41(a)(2); and

2. To reinstate his claims and cause of action *nunc pro tunc*.

3. Dismissing Mr. Martinez at all or with prejudice as a party was an error and should not have occurred.

4. This lawsuit was brought by Joshua Martinez, both individually and on behalf of the Estate of Teresa Huff, his deceased mother. On July 21, 2004 Teresa Huff, who had been prescribed and was using Neurontin, committed suicide by overdose of prescription medication. Thereafter Joshua Martinez brought this claim to recover both individually and on behalf of his mother's estate for the damages related to her suicide.

---

[1] Ms. Kathryn Arthur of Skadden, Arps, Slate, Meagher & Flom, LLP called NBS on August 6, 2010 at 9:51 a.m. CST and said they take no position in this Motion.

5. **The facts that have led up to this mistake**. For some reason, Mediconnect Global, Inc., (The Medical Record Retrieval Solution), 10897 South River Front Parkway, Suite 500, South Jordan, Utah, 84095, did not follow through on a request from the office of Plaintiff's attorney per attached Exhibit "A[2]" series from insisting on a search by Mrs. Huff's Medical Record account number.

6. In 2008, when Plaintiff was searching for clients that had complied, and therefore, were to be included in the group of clients to proceed in this litigation, the medical section of Mr. Martinez' file only reflected "No Record" location as of January 11, 2006.

7. The billing records which showed 50+ pages from Kaseman Hospital (now Presbyterian Kaseman Hospital), 8300 Constitution Ave. NE, Albuquerque, New Mexico, 87110, and formerly Presbyterian Hospital were inadvertently overlooked. However, Plaintiffs' counsel assumed we had no record and that none were able to be obtained because of the "No Record Location". Plaintiff counsel ordered Plaintiff's mother's hospital records from Presbyterian Kaseman Hospital from information supplied by Mr. Martinez. Mediconnect received information back from Presbyterian Hospital that we know now was incorrect per attached Exhibit "A". That information from the Medical Records Department at the hospital stated that they had no record of Mrs. Huff being in the hospital multiple times in 2004 according to billing records provided in 2005. This may have been due to her having died at home and not in the hospital. See correspondence from Mediconnect attached as Exhibit "A". It is now known that Presbyterian Kaseman Hospital had 1304 pages of records which should be delivered within the next week or so and will be immediately scanned and emailed to all counsel for Defendants.

---

[2] All Exhibits attached are adopted by reference per Rule 10(c) F.R.C.P. throughout.

8. By virtue of the Plaintiff filing for a Voluntary Dismissal of Mr. Martinez' claim [1311], Magistrate Sorokin did in fact recommend dismissal in Discovery Order No. 25 of June 19, 2008 [1335], which was ratified by Order of Judge Saris via CM/ECF entry on the same day. *See* docket query for June 19, 2008, attached as Exhibit "B." Despite this, Mr. Martinez remained on the Plaintiff's list of active cases. Mr. Martinez was jointly reviewed and selected by Plaintiffs and Defendants as a Bellwether Plaintiff. Joshua Martinez was randomly selected by agreement of all parties from a list of clients submitted by both parties for Bellwether selection. The ten Plaintiffs were chosen at random by lottery. A numbered list of clients was submitted to Defense counsel on December 21, 2009, and on December 24, 2009 Defense counsel, Catherine Stevens and Plaintiff counsel James Stegall jointly participated in a web meeting to choose the Plaintiffs. Ten numbers were generated at random and then matched to the numbered list of clients previously produced. In this manner the first ten Schwartz Plaintiffs were chosen, including Joshua Martinez (Individually and as Personal Representative of the Estate of Teresa Huff). Mr. Martinez has proceeded as though he were an active Plaintiff in this litigation. In fact, Mr. Martinez has currently actively participated in his litigation by:

    A. Providing the names of his mother's medical providers;

    B. Supplying prescription dates and dosages;

    C. Ingestion;

    D. Medical history of his mother;

    E. Opening the Estate of his mother, Teresa Huff; and

    F. Being appointed administrator of the Estate of his mother to pursue this litigation.

See Exhibit "C", filed under seal as protected by attorney work-product doctrine in F.R.C.P. 26(b)(3).

9. And most recently he has supplied, in accordance with the schedule set forth by this Court for Bellwether Plaintiffs, the following:

   A. Verification;

   B. Answers to Interrogatories;

   C. Production of Documents;

   D. Disclosures;

   E. HIPPA Authorizations;

   F. Medicals;

   G. Billing records; and

   H. Signed authorization for Defendants' Release of documents (social security, tax, military, job, medical-per above, etc.).

   See Exhibit "D".

10. Plaintiff further shows that:

   A. Here there is no surprise to Defendants and no unfair advantage to either party. In fact, in the more than seven months since December 24, 2009, when Joshua Martinez, the son of the deceased, Teresa Huff, as Personal Representative of the Estate of Teresa Huff, was randomly selected as a Bellwether Plaintiff from a list of clients submitted by both parties.

   B. No prejudice or harm results or has resulted to Defendants, by such reinstatement of his case. This case is on track per Court orders. In fact, if Mr. Martinez is not

allowed to be reactivated, another bellwether, should or will in fairness, have to be selected. But this would only delay the ongoing proceedings.

C. No delays are being sought in this matter. Defendants have, by their silence for more than seven months, acquiesced to Mr. Martinez participation since jointly selecting him on December 24, 2009. They have waived complaints at this late date, and/or are estopped from doing so now.

D. The Order of Judge Sorokin did not require or order dismissal with prejudice. Counsels' motion to voluntary dismissal was based on all facts then known, which we have since found to be incorrect per all of the above and exhibits all adopted by reference per FRCP 10(c). This dismissal should have never occurred and certainly not with prejudice.

E. To allow this person to be dismissed because of the above clerical errors which were erroneously relied on would be a terrible injustice.

F. No counterclaims had been filed by Defendants at all, including on or from June 2008 to the present. Except for the underlying transfer, to this District for all cases for consolidation, Mr. Martinez has filed no prior or subsequent suits in either state or federal courts regarding this matter.

G. No appeals to the District Court or First Circuit Court of Appeals were then taken or justifiable per Rule 11 F.R.C.P. in June 2008. But since then, the above and following events have occurred of record here to support reinstating his claims and causes of action relating back to the June 2008 dismissals.

H. There is no *res judicata* effect. *Garfield v. Kansas City Southern RR Co.*, 907 F.2d 841 (8th Cir. 1990); but see *Ratkovich v. Smith Kline* 951 F.2d 155, 158-159

5

(7th Cir. 1991) as to the numerous evidentiary distinguishing factors there including discovery abuse and repeated noncompliance, none of which are present here, to justify dismissal with prejudice.

I. "…Defendants (parties) may ask the court to order the dismissal to be "with prejudice"," but, absent surprise to defendants or unfair advantage to plaintiffs, the court should refuse such request…" Rule 41 F.R.C.P. Commentary by Stuart M. Reynolds, Jr., Winstead Sechrest & Minick, P.C., The National Institute for Trial Advocacy, Notre Dame Law School to F.R.C.P. 41. U. S. Code Service, Lawyers Addition, 2009.

J. If there is cause for blame to be assumed, assess it upon Plaintiff's counsel, not Plaintiff. To wit, Plaintiff's counsel agrees to pay Defendants' reasonable and necessary costs and fees associated with the June 2008 dismissal and reinstatement.

K. It was not until July 29, 2010 when by letter from Defendants' counsel, attached as Exhibit "E" that Defendants called to Plaintiffs counsels' attention the above June 11, 2008 dismissal with prejudice.

11. After its receipt on Monday, August 2, 2010, at noon-CST-counsel, Schwartz and Harang called Ms. Stevens in her July 29, 2010 letter to "discuss this issue further" (per her invitation). Counsel as of yet hasn't returned Plaintiffs' call. Plaintiff now finds it necessary to file this Motion. (See Certificate of Conference attached herein.)

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this matter be set for hearing and that upon consideration, for all of the reasons stated above, the Court enter an order vacating the order of dismissal of June 19, 2008 and reinstating nunc pro tunc ab initio all claims and

6

causes of action of Joshua Martinez, brought individually and as representative of the Estate of Teresa Huff; and for any other further relief, at law or in equity, to which Plaintiff may show himself to be justly entitled to receive.

Respectfully submitted,

/s/Newton B. Schwartz, Sr.
NEWTON B. SCHWARTZ, SR.
*Law Offices of Newton B. Schwartz, Sr.*
Texas State Bar No.17869000
1911 Southwest Freeway
Houston, Texas 77098
Telephone:     (713) 630-0708
Facsimile:      (713) 630-0789

**CERTIFICATE OF CONFERENCE**

On August 2, 2010 at noon, CST, Jack W. Harang and I called (212) 735-3000 and when Catherine Stevens was not in we left her a voicemail message that we were calling her in regards to her letter of July 29, 2010 (Exhibit "E") and received Monday morning or Saturday (July 30th) and we "would like to discuss the issue further" with her as invited in her letter of July 29, 2010. She did not return the call to either of us or send any further communications. On Thursday, August 5, 2010 at 7:48 a.m. CST (8:48 a.m. EST) I called separately Mark Cheffo and left him a detailed voicemail message about our Motion to Reinstate Joshua Martinez' claim. I called again and asked for Catherine Stevens. Her secretary Barbara said she was not in but took a personal message for both Mr. Cheffo and Ms. Stevens to call me or Jack Harang or James Stegall, III in my absence. I told both her that and Mr. Cheffo in my voicemail messages it concerned the letter to us of July 29, 2010 that if we did not hear from them we would show they are opposed to our motion and Order of Reinstatement ab initio of Mr. Joshua Martinez per his June 2008 dismissal, etc. On Friday, August 6, 2010, at 9:51 a.m. CST, Ms. Kathryn Arthur returned my call and Defendants take no position to this Motion.

                                                    s/Newton B. Schwartz, Sr.
                                                    NEWTON B. SCHWARTZ, SR.

## **CERTIFICATE OF SERVICE**

I, Newton Schwartz, hereby certify that a true and correct copy of the above and foregoing has been served on all counsel of record in accord with the Federal Rules of Civil Procedure via filing through the CM/ECF system on this the 14th day of January, 2011.

s/Newton B. Schwartz, Sr.<br>
NEWTON B. SCHWARTZ, SR.