**RESPONSE TO REQUEST NO. 30**

In addition to the General Objections, the Plaintiff objects to Request No. 30 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time. Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to the Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request in the manner and protocol set forth in response to Request No. 1. Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 31:**

All documents in which you or any other person described or referred to any behavioral problem, disciplinary problem, social problem, adjustment problem, stress, anger problem, or interpersonal problem that you ever experienced, or that any person ever believed, reported, or suggested you experienced, at any time.

**RESPONSE TO REQUEST NO. 31**

In addition to the General Objections, the Plaintiff objects to Request No. 31 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time. Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request. Additionally, Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1. Pursuant to Discovery Order No. 2 dated June 19, 2006, documents in the possession of third parties shall be handled in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 32:**

All documents constituting, reporting, summarizing, or referring to any medical test, psychological test, psychiatric test, intelligence test, mental health test, or standardized test of any kind ever taken by or administered to Plaintiff.

**RESPONSE TO REQUEST NO. 32**

In addition to the General Objections, the Plaintiff objects to Request No. 32 on the ground that it is overly broad, unduly burdensome and not limited in time. The Plaintiff further objects to Request No. 32 in that it seeks information that is remote in time and is irrelevant.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request. Additionally, Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1. Pursuant to Discovery Order No. 2 dated June 19, 2006, documents in the possession of third parties shall be handled in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 33:**

All documents that state, record, list, or refer to any fee, expense, cost, or item of pecuniary expense or loss of any kind for which you seek to recover compensatory damages in this action, including medical, legal, counseling, administrative, travel, and other costs, damages, or expenses.

**RESPONSE TO REQUEST NO. 33**

Subject to and without waiving the General Objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff. Responsive documents shall be produced in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 34:**

All documents, including, but not limited to, correspondence between Plaintiff and any of his / her family members or friends, that mention or refer in any way to any depression, grief, unhappiness, anxiety, suicidal thought, suicidal expression, hostility, troubled behavior, anger, fear, hyperactivity, agitation, violent act, threat, restlessness, need for help, or helplessness by or on the part of Plaintiff.

**RESPONSE TO REQUEST NO. 34**

In addition to the General Objections, the Plaintiff objects to Request No. 34 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time. Subject to and without waiving the General Objections and the foregoing specific objection, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the

Plaintiff. Responsive documents shall be produced in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO 35:**
All documents written or prepared by Plaintiff that mention, discuss, or refer to any thought, expression, or act of suicide, including, but not limited to, any suicide note connected with the subject incidents.

**RESPONSE TO REQUEST NO. 35**
In addition to the General Objections, the Plaintiff objects to Request No. 35 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time. The Plaintiff further objects to Request No. 35 in that it is duplicative in part to Request No. 6.

Subject to and without waiving the General Objections and the foregoing specific objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff. Responsive documents shall be produced in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 36:**
All documents that refer or pertain to any investigation of any incident or matter referred to in the Complaint, including any investigation of any aspect of the subject incident by any law enforcement organization, governmental agency, or insurance company.

**RESPONSE TO REQUEST NO. 36**
In addition to the General Objections, the Plaintiff objects to Request No. 36, to the extent that Defendants are seeking any investigation by Plaintiff's counsel and/or agents thereof on the grounds that such investigation constitutes attorney work product. Plaintiff further objects to this Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections and the foregoing specific objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff. Responsive documents shall be produced in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to

this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 37:**
All medical or scientific writings in which any person purports to have found, determined, or confirmed a causal relationship between Neurontin and any specific incident of suicide or attempted suicide.

**RESPONSE TO REQUEST NO. 37**
In addition to the General Objections, the Plaintiff objects to Request No. 37 on the ground that it is premature at this stage in the litigation. In addition, the Plaintiff further objects to Request No. 37 on the ground that it is overly broad, unduly burdensome, oppressive, and not limited in time. Plaintiff further objects to this Request on the ground that, to the extent that such writings are contained in medical journals or other publications, the documents requested are within the public domain and equally available to the Defendants. Plaintiff further objects to this Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff. To the extent that the requested documents are in the possession of the Defendants, the same are within the purview of the Defendants.
Subject to and without waiving the General Objections and the foregoing specific objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff and which do not constitute protected work product or are otherwise protected by privilege.
Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 38:**
All medical or scientific writings in which any person purports to have found, determined, or confirmed a causal relationship between Neurontin and suicidal ideation.

**RESPONSE TO REQUEST NO. 38**
In addition to the General Objections, the Plaintiff objects to Request No. 38 on the ground that it is premature at this stage in the litigation. In addition, the Plaintiff further objects to Request No. 38 on the ground that it is overly broad, unduly burdensome, oppressive and not limited in time. Plaintiff further objects to this Request on the ground that, to the extent that such writings are contained in medical journals or other publications, the documents requested are within the public domain and equally available to the Defendants. Plaintiff further objects to this Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff. To the extent that the requested documents are in the possession of the Defendants, the same are within the purview of the Defendants.

Subject to and without waiving the General Objections and the foregoing specific objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff and which do not constitute protected work product or are otherwise protected by privilege.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

## REQUEST NO. 39:

All medical or scientific writings in which any person purports to have found a causal relationship between Neurontin and any specific incident of suicide or attempted suicide by a person with no prior history of attempted suicide or suicidal ideation.

## RESPONSE:

In addition to the General Objections, the Plaintiff objects to Request No. 39 on the ground that it is premature at this stage in the litigation. In addition, the Plaintiff further objects to Request No. 39 on the ground that it is on the ground that it is overly broad, unduly burdensome, oppressive and not limited in time. Plaintiff further objects to this Request on the ground that, to the extent that such writings are contained in medical journals or other publications, the documents requested are within the public domain and equally available to the Defendants. Plaintiff further objects to this Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff. To the extent that the requested documents are in the possession of the Defendants, the same are within the purview of the Defendants.

Subject to and without waiving the General Objections and the foregoing specific objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff and which do not constitute protected work product or are otherwise protected by privilege.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

## REQUEST NO. 40:

All medical or scientific writings in which any person purports to have found a causal relationship between any anti-epileptic drug ("AED") and any specific incident of suicide or attempted suicide.

## RESPONSE TO REQUEST NO. 40

In addition to the General Objections, the Plaintiff objects to Request No. 40 on the ground that it is premature at this stage in the litigation. In addition, the Plaintiff further objects to Request No. 40 on the ground that it is on the ground that it is overly broad, unduly burdensome, oppressive and not limited in time. Plaintiff further objects to this Request on the

ground that, to the extent that such writings are contained in medical journals or other publications, the documents requested are within the public domain and equally available to the Defendants. Plaintiff further objects to this Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff. To the extent that the requested documents are in the possession of the Defendants, the same are within the purview of the Defendants.

Subject to and without waiving the General Objections and the foregoing specific objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff and which do not constitute protected work product or are otherwise protected by privilege.
Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 41:**
All medical or scientific writings in which any person purports to have found a causal relationship between any AED and any specific incident of suicide or attempted suicide by a person with no prior history of attempted suicide or suicidal ideation.

**RESPONSE TO REQUEST NO. 41**
In addition to the General Objections, the Plaintiff objects to Request No. 41 on the ground that it is premature at this stage in the litigation. In addition, the Plaintiff further objects to Request No. 41 on the ground that it is on the ground that it is overly broad, unduly burdensome, oppressive and not limited in time. Plaintiff further objects to this Request on the ground that, to the extent that such writings are contained in medical journals or other publications, the documents requested are within the public domain and equally available to the Defendants. Plaintiff further objects to this Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff. To the extent that the requested documents are in the possession of the Defendants, the same are within the purview of the Defendants.

Subject to and without waiving the General Objections and the foregoing specific objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff and which do not constitute protected work product or are otherwise protected by privilege.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 42:**

All notes, reports, recommendations, memoranda, and other documents in which any person, including, but not limited to, school administrators, counselors, providers, friends, relatives, and law enforcement personnel, described, warned about, opined on, or in any way referred to any actual, observed, or possible behavioral problem, deportment problem, psychological or psychiatric problem, mental problem, mental illness, alcohol problem, or substance-abuse problem of or with respect to Plaintiff.

**RESPONSE TO REQUEST NO. 42**

In addition to the General Objections, the Plaintiff objects to Request No. 42 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time. Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request. Additionally, Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1. Pursuant to Discovery Order No. 2 dated June 19, 2006, documents in the possession of third parties shall be handled in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 43:**

Please produce complete copies of the following documents:

a.      Any petition or complaint to compromise any claim against any person or organization, arising out of the allegations that form the basis of this lawsuit, and all supporting papers submitted in conjunction with any such petition or complaint;

b.      Any release executed by you or any person authorized to act in your behalf in connection with the allegations that form the basis of this lawsuit;

c.      Any covenant not to sue, stipulation of dismissal or compromise, or similar document executed by you, any attorney representing you or any personal representative or guardian acting on your behalf, in connection with the allegations that form the basis of this lawsuit;

d.      Any Order authorizing the compromise of any claim against any person, entity or organization arising out of the allegations that form the basis of this lawsuit; and

e.      Any Order with respect to the distribution of the proceeds of any compromise of any claim against any person or organization, arising out of the allegations that form the basis of this lawsuit.

**RESPONSE TO REQUEST NO. 43**

Subject to and without waiving the General Objections, Plaintiff will provide any such documents as are in the custody, control or possession of the Plaintiff.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 44:**
Please produce a copy of each informed consent form or consent to treatment form Plaintiff/Decedent signed in connection with treatment by a health care professional and/or institution who prescribed him/her Neurontin®.

**RESPONSE TO REQUEST NO. 44:**
Subject to and without waiving the General Objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request that are in the custody, control or possession of the Plaintiff. Additionally, Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff adopts her answer per FRCP Rule 10(c) and FRCP Rule 33(d). Plaintiff and Defendant bear substantially the same burden of deriving or ascertaining the answer from the medical and billing records. Defendant can obtain the answer to Request for Production No. 44 by examining the medical and billing records of Teresa Huff. An authorized Health Insurance Portability and Accountability Act form (HIPAA form) of Teresa Huff has also been submitted to the Defendant to obtain Teresa Huff's medical and billing records.

**REQUEST NO. 45:**
Please produce any and all photographs, X-rays, drawings, slides, movies, videotapes, or other visual reproduction of any type in your possession, the possession of your attorneys, or any other person acting on your behalf, relating to the allegations that form the basis of this lawsuit, alleged injuries, or any other facts associated with any of the claims in this suit, whether or not the item is expected to be introduced into evidence at trial.

**RESPONSE TO REQUEST NO. 45**
Subject to and without waiving the General Objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff and which do not constitute protected work product or are otherwise protected by privilege.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff adopts her answer per FRCP Rule 10(c) and FRCP Rule 33(d). Plaintiff and Defendant bear substantially the same burden of deriving or ascertaining the answer from the medical and billing records. Defendant can obtain the answer to Request for Production No. 45

by examining the medical and billing records of Teresa Huff already provided to the Defendant. An authorized Health Insurance Portability and Accountability Act form (HIPAA form) of Teresa Huff has also been submitted to the Defendant to obtain Teresa Huff's medical and billing records.

**REQUEST NO. 46:**

Please produce all documents concerning any oral or written communications between Defendants, or their agents, servants, or employees and the health care professional(s) who prescribed Neurontin® for Plaintiff/Decedent.

**RESPONSE TO REQUEST NO. 46**

In addition to the General Objections, the Plaintiff objects to Request No. 46 on the ground that it is overly broad, unduly burdensome and not limited in time. The Plaintiff further objects to Request No. 46 in that it seeks information that is remote in time. Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff. The Plaintiff further objects to this Request on the ground that Plaintiff would not have personal knowledge of what communications took place between the Defendants and the health care professional(s) who prescribed Neurontin for Plaintiff/Decedent and that this information is within the purview of the Defendants.

Subject to and without waiving the General Objections and the foregoing specific objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff. Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff. Responsive documents shall also be produced in the manner as set forth in response to Request No. 1.

Additionally, Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 47:**

Please produce all documents that refer or relate to any communication (whether oral or written) between you, or a person acting on your or Plaintiff behalf, and any health care professionals and/or institutions by whom or at which Plaintiff was seen, evaluated, or treated concerning Neurontin®, or any act, omission, or conduct of Defendants, including, without limitation, any notes, correspondence or recordings of such communications.

**RESPONSE TO REQUEST NO. 47**

In addition to the General Objections, the Plaintiff objects to Request No. 47 on the ground that it seeks information that is overly broad, ambiguous, unduly burdensome and oppressive. Plaintiff would not have knowledge of the existence of all such documents, nor is

he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections and the foregoing specific objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff . Responsive documents shall also be produced in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

## REQUEST NO. 48:

Please produce all reports prepared in whole or in part by each expert retained by you in connection with each of the subject matters about which the expert is expected to testify.

## RESPONSE TO REQUEST NO. 48

In addition to General Objections, the Plaintiff objects to Request No. 48 on the ground that it is premature. Plaintiff will make her expert disclosures in accordance with the time frames set forth in the Federal Rules and in the scheduling order set by the Court.

## REQUEST NO. 49:

Please produce all documents and tangible things, including all tangible reports, draft reports, physical models, compilations of data, and other materials prepared in whole or in part by your expert witness(es) or for your expert witness(es) in anticipation of the experts' trial and deposition testimony in this case.

## RESPONSE TO REQUEST NO. 49

In addition to General Objections, the Plaintiff objects to Request No. 49 on the ground that it is premature. Plaintiff will make her expert disclosures in accordance with the time frames set forth in the Federal Rules and in the scheduling order set by the Court.

## REQUEST NO. 50:

Please produce all records in Plaintiff's possession, custody or control that relate to suicide, suicide attempt, other psychiatric conditions and/or any other alleged condition that is the subject of Plaintiff's lawsuit.

## RESPONSE TO REQUEST NO. 50

In addition to the General Objections, the Plaintiff objects to Request No. 50 on the ground that it seeks information that is overly broad, ambiguous, unduly burdensome and oppressive. Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff. Plaintiff will exercise reasonable diligence to

provide any such documents as are in the custody, control or possession of the Plaintiff. Responsive documents shall also be produced in the manner as set forth in response to Request No. 1.

Additionally, Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff adopts her answer per FRCP Rule 10(c) and FRCP Rule 33(d). Plaintiff and Defendant bear substantially the same burden of deriving or ascertaining the answer from the medical and billing records. Defendant can obtain the answer to Request for Production No. 50 by examining the medical and billing records of Teresa Huff. An authorized Health Insurance Portability and Accountability Act form (HIPAA form) of Teresa Huff has also been submitted to the Defendant to obtain Teresa Huff's medical and billing records.

**REQUEST NO. 51:**

Please produce signed original HIPAA-compliant authorizations so that defendants may ensure that complete productions have been made. By requesting an authorization, defendants do not intend to relieve Plaintiff of their obligation to produce any documents in your possession, custody or control, including medical records.

**RESPONSE TO REQUEST NO. 51**

Subject to and without waiving the General Objections and specific objections to specific requests herein, authorizations to obtain records responsive to these demands has been produced.

Dated: 7/19/2010

LAW OFFICES OF NEWTON B. SCHWARTZ, SR.

_James Stegall w/p ML_

JAMES A. STEGALL III
Attorney for Plaintiff
1911 Southwest Freeway
Houston, TX 77098

TO:
Mark Cheffo
Catherine Stevens
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
                                                 MDL Docket No. 1629

In re:  NEURONTIN MARKETING,
SALES PRACTICES AND PRODUCTS             :       Master File No. 04-10981
LIABILITY LITIGATION
                                          :       Judge Patti B. Saris

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :

THIS DOCUMENT RELATES TO                         Magistrate Judge Leo T.

        ESTATE OF TERESA HUFF                    Sorokin
        JOSHUA MARTINEZ INDIVIDUALLY
        AND AS REPRESENTATIVE OF         :
        ESTATE OF TERESA HUFF
                                          :
*CHARLES D. GIRARD, SR.  et al. v. PFIZER INC.et al.,*
  *06-11023-PBS*
                                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFF'S INITIAL DISCLOSURES PER FRCP RULE 26(a)(1)

To:    Mark Cheffo, Catherine B. Stevens, SKADDEN, ARPS, SLATE, MEAGHER & FLOM
       LLP, Attorneys for Defendants; Four Times Square, New York, NY 10036

       Plaintiff, Teresa Huff makes these initial disclosures as required by Federal Rule of Civil
Procedure Rule 26(a)(1).

### A. Individuals with Discoverable Information

DECEDENT NAME/ALIAS/MAIDEN NAMES
Teresa Huff/Teresa Martinez (married name during time of marriage)/and Decedent
changed her name back to her maiden name, Teresa Huff, after her divorce.
DECEDENT DATE OF BIRTH:
PLAINTIFF SOC SEC NO:
DATE OF MARRIAGE:  In 1973
SPOUSES NAMES, ADDRESSES, DATES OF DIVORCE/SEPARATION
Michael Martinez (former spouse)
Address: 5229 Dexter Ct. NE, Rio Rancho, NM 87144-6303
Divorced in:  Will supplement when information is available.
PLACE OF MARRIAGE:  Long Beach, CA

COURT WHERE DIVORCED:  Will supplement when information is available.
NAME, SEX, DOB of CHILDREN:
Shawna Wyrick, Female, DOB:
Joshua Martinez, Male, DOB:
Lisa Yardley, Female, DOB:

In addition, Plaintiff also adopts her initial disclosure per FRCP Rule 10(c) from Plaintiff's discovery responses such as responses to interrogatory and request for production of documents and things, and any and all other pleadings or motions.

## B.  Relevant Documents, Electronically Stored Information & Tangible Things

Plaintiff adopts her answer per FRCP Rule 10(c) from Plaintiff's discovery responses such as responses to interrogatory and request for production of documents and things, and any and all other pleadings or motions.

## C. Information Related to Calculation of Damages

Plaintiff claims damages for wrongful death. The total amount and full extent of the Plaintiff's damages including insurer paid expenses has not yet been fully determined.  Plaintiff claims damages for past medical expenses, past lost earnings, conscious pain and suffering, loss of society to the children of the decedent, including instruction, moral training and superintendence of education.  Plaintiff reserves the right to claim any additional damages that may arise/or become known.

In addition, Plaintiff also adopts her initial disclosure per FRCP Rule 10(c) from Plaintiff's discovery responses such as responses to interrogatory and request for production of documents and things, and any and all other pleadings or motions.

## D.  Insurance

During the time Neurontin was prescribed, dispensed, distributed or administered the Plaintiff/Decedent's had Medicaid and Tenncare (310 Great Circle Rd., Nashville, TN 37243) as insurance.

In addition, Plaintiff also adopts her initial disclosure per FRCP Rule 10(c) from Plaintiff's discovery responses such as responses to interrogatory and request for production of documents and things, and any and all other pleadings or motions.

Dated: 7/19/2010

LAW OFFICES OF NEWTON B. SCHWARTZ, SR.

James Stegall w/p MC

JAMES A. STEGALL III
Attorney for Plaintiff
1911 Southwest Freeway
Houston, TX 77098

TO:
Mark Cheffo
Catherine B. Stevens
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Attorneys for Defendants
Four Times Square
New York, NY 10036

STATE OF NEW MEXICO                                    §
                                                       §
COUNTY OF Valencia                                     §


    JOSHUA MARTINEZ, Representative of Estate of TERESA HUFF, being duly sworn, depose and says that he is the Representative of Estate of TERESA HUFF herein and has read the foregoing Plaintiff's Response to Defendants' First Request for Production of Documents and Things and knows the contents thereof and the same is true to his knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters, he believes them to be true.


_____
**JOSHUA MARTINEZ**

Sworn to before me this ___4th___ day of ___August___, 2010


_____
Notary Public in and for
the State of New Mexico

My Commission Expires: 0-26-11

OFFICIAL SEAL
Larina A. Lucero
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 01/26/11

**AUTHORIZATION TO RELEASE PROTECTED
HEALTHCARE INFORMATION (PHI)**

**Patient Information:**

_Teresa Huff_
PRINT NAME OF PATIENT                          DATE OF BIRTH              SOCIAL SECURITY NUMBER

_15 Veres Rd_
MAILING ADDRESS

_Los Lunas_                      _N M_      _87031_        _505-670-1532_
CITY                              STATE      ZIP CODE         PHONE NUMBER

I hereby authorize   _St. Mary's Hospital_                          (NAME OF HOSPITAL
AND/OR PROVIDER) to disclose records obtained in the course of my evaluation and/or treatment to:

Newton B. Schwartz, Sr.              And/Or        Mediconnect Global
1911 Southwest Freeway                             10897 South Riverfront Pkwy, Suite 500
Houston, TX  77098                                 South Jordan, UT 84095
Telephone: 713-630-0708                            Telephone: 801-545-3700
Fax: 713- 630-0789                                 Fax: 801-303-3123

**Type of Access Requested:**

X Copies of record        ____Inspection of record

**Medical Records:**

X Entire Record    Selected Portions of PHI as marked:
____Discharge Summary          ____Lab            ____Progress Notes
____Emergency Room Record      ____Imaging/Radiology   ____Physician Orders
____History and Physical       ____Cardiac Studies   ____Pathology Report
____Consult Report(s)          ____Face Sheet       ____Operative Report(s)
____Nursing Notes              ____Rehab Service    ____Medication Record
____Psychiatric Record(s)      ____Psychological Record(s)
____Other_____

**Billing Records**        X Detailed Bill

**Protected Records**:

____(Initials)I _X_DO (or)____DO NOT consent to release of information relating to psychiatric or psychological testing or treatment, biofeedback training, alcohol and/or drug abuse diagnosis, prognosis and treatment and/or HIV (AIDS) testing and/or results, or such disclosure shall be limited to the following specific types of information:_____

_____

**Purpose for which disclosure is being made:**

X Attorney/Legal    ____Insurance    ____Doctor    ____Personal    ____Other:_____

Page 1 of 3

Authorization to Release Protected Health Information (PHI)

This consent is subject to written revocation of the undersigned at any time except to the extent that action has been taken and if not earlier revoked. To revoke this authorization, contact the hospital's Health Information Management Medical Records Department or your physician's office for assistance.

**This consent shall become invalid and expire 180 days from the date of signature.**

Expiration date:_____ or Expiration Event: _X_ none, or _____define:_____
_____

I understand that information disclosed by this authorization may be re-disclosed by the recipient of your PHI. Such re-disclosure will no longer be protected by this Authorization.

I hereby release _St Marys Hospital_ (NAME OF HOSPITAL AND/OR PROVIDER) from any and all legal liability and injuries that may arise from the release of this information to the party named above. The information that I am requesting may be sent by U.S. mail service and/or electronic facsimile in accordance with Hospital's facsimile policy.

I understand that I have the right to receive a copy of this authorization.
___Copy of authorization received

**A copy or facsimile of this authorization is as valid as the original.**

I understand that my healthcare and the payment of my healthcare will not be affected if I refuse to sign this authorization.

I have read the above or have had it read to me and authorize the disclosure of the Protected Health Information as stated.

SIGNED:_____ DATE: _6-1-10_____
*Signature of Patient, Legal Guardian or Representative

If signed by other than patient, indicate relationship: _Son  Personal Representative_

**\*Authorized representative must submit copies of legal document supporting his or her authority to act on the patient's behalf.**

WITNESS:_____ DATE:_June 1, 2010_
If not Signed by Patient

**To the Party Receiving this Information:** This information has been disclosed to you from records whose confidentiality may be protected by state and/or federal law. Certain regulations prohibit you from further disclosure of it without the specific written consent of the person to whom it pertains, or otherwise as permitted by such law and is not sufficient for this purpose. Fees will be charged for the release of information in accordance with the law.

# AUTHORIZATION TO RELEASE PROTECTED
# HEALTHCARE INFORMATION (PHI)

**Patient Information:**

_Teresa Huff_
PRINT NAME OF PATIENT

[DATE OF BIRTH]          [SOCIAL SECURITY NUMBER]

_15 Veges Rd_
MAILING ADDRESS

_Los Lunas_          _NM_     _87031_          _505-670-1532_
CITY                STATE   ZIP CODE          PHONE NUMBER

I hereby authorize _R. Bruce Heinez_ _____ (NAME OF HOSPITAL
AND/OR PROVIDER) to disclose records obtained in the course of my evaluation and/or treatment to:

Newton B. Schwartz, Sr.          And/Or          Mediconnect Global
1911 Southwest Freeway                           10897 South Riverfront Pkwy, Suite 500
Houston, TX 77098                                South Jordan, UT 84095
Telephone: 713-630-0708                          Telephone: 801-545-3700
Fax: 713-630-0789                                Fax: 801-303-3123

**Type of Access Requested:**

X Copies of record     ___Inspection of record

**Medical Records:**

X Entire Record   Selected Portions of PHI as marked:
___Discharge Summary        ___Lab              ___Progress Notes
___Emergency Room Record    ___Imaging/Radiology ___Physician Orders
___History and Physical     ___Cardiac Studies   ___Pathology Report
___Consult Report(s)        ___Face Sheet        ___Operative Report(s)
___Nursing Notes            ___Rehab Service     ___Medication Record
___Psychiatric Record(s)    ___Psychological Record(s)
___Other_____

**Billing Records**     X Detailed Bill

**Protected Records:**

___(Initials)I _ DO (or)___DO NOT consent to release of information relating to psychiatric or psychological testing or treatment, biofeedback training, alcohol and/or drug abuse diagnosis, prognosis and treatment and/or HIV (AIDS) testing and/or results, or such disclosure shall be limited to the following specific types of information:_____

**Purpose for which disclosure is being made:**

X Attorney/Legal   ___Insurance   ___Doctor   ___Personal   ___Other:_____

Page 1 of 3

**Authorization to Release Protected Health Information (PHI)**

This consent is subject to written revocation of the undersigned at any time except to the extent that action has been taken and if not earlier revoked. To revoke this authorization, contact the hospital's Health Information Management Medical Records Department or your physician's office for assistance.

**This consent shall become invalid and expire 180 days from the date of signature.**

Expiration date:_____ or Expiration Event: _X_ none, or _____define:_____

I understand that information disclosed by this authorization may be re-disclosed by the recipient of your PHI. Such re-disclosure will no longer be protected by this Authorization.

I hereby release __R Bruce Heinez_____(NAME OF HOSPITAL AND/OR PROVIDER) from any and all legal liability and injuries that may arise from the release of this information to the party named above. The information that I am requesting may be sent by U.S. mail service and/or electronic facsimile in accordance with Hospital's facsimile policy.

I understand that I have the right to receive a copy of this authorization.
___Copy of authorization received

**A copy or facsimile of this authorization is as valid as the original.**

I understand that my healthcare and the payment of my healthcare will not be affected if I refuse to sign this authorization.

I have read the above or have had it read to me and authorize the disclosure of the Protected Health Information as stated.

SIGNED:_____ DATE: _6-1-10_____
*Signature of Patient/Legal Guardian or Representative

If signed by other than patient, indicate relationship: _Son Personal Representative_

**\*Authorized representative must submit copies of legal document supporting his or her authority to act on the patient's behalf.**

WITNESS: _Jennifer Jutinan_____ DATE: _June 1, 2010_
If not Signed by Patient

<u>**To the Party Receiving this Information:**</u> This information has been disclosed to you from records whose confidentiality may be protected by state and/or federal law. Certain regulations prohibit you from further disclosure of it without the specific written consent of the person to whom it pertains, or otherwise as permitted by such law and is not sufficient for this purpose. Fees will be charged for the release of information in accordance with the law.

## AUTHORIZATION TO RELEASE PROTECTED
## HEALTHCARE INFORMATION (PHI)

**Patient Information:**

_Teresa Huff_

PRINT NAME OF PATIENT

DATE OF BIRTH        SOCIAL SECURITY NUMBER

_15 Veges Rd_

MAILING ADDRESS

_Los Lunas_      _Nm_   _87031_   _505-670-1532_

CITY       STATE   ZIP CODE    PHONE NUMBER

I hereby authorize _Presbyterian Hospital_ (NAME OF HOSPITAL
AND/OR PROVIDER) to disclose records obtained in the course of my evaluation and/or treatment to:

Newton B. Schwartz, Sr.      And/Or      Mediconnect Global
1911 Southwest Freeway                           10897 South Riverfront Pkwy, Suite 500
Houston, TX  77098                             South Jordan, UT 84095
Telephone: 713-630-0708                     Telephone: 801-545-3700
Fax: 713- 630-0789                             Fax: 801-303-3123

**Type of Access Requested:**

X Copies of record      ___Inspection of record

**Medical Records:**

X Entire Record    Selected Portions of PHI as marked:

| | | |
|---|---|---|
| ___Discharge Summary | ___Lab | ___Progress Notes |
| ___Emergency Room Record | ___Imaging/Radiology | ___Physician Orders |
| ___History and Physical | ___Cardiac Studies | ___Pathology Report |
| ___Consult Report(s) | ___Face Sheet | ___Operative Report(s) |
| ___Nursing Notes | ___Rehab Service | ___Medication Record |
| ___Psychiatric Record(s) | ___Psychological Record(s) | |
| ___Other | | |

**Billing Records**      X Detailed Bill

**Protected Records:**

_Th_(Initials) I _Th_ DO (or)___ DO NOT consent to release of information relating to psychiatric or psychological testing or treatment, biofeedback training, alcohol and/or drug abuse diagnosis, prognosis and treatment and/or HIV (AIDS) testing and/or results, or such disclosure shall be limited to the following specific types of information:_____

_____

**Purpose for which disclosure is being made:**

X Attorney/Legal      ___Insurance      ___Doctor      ___Personal      ___Other:_____

Page 1 of 3

**Authorization to Release Protected Health Information (PHI)**

This consent is subject to written revocation of the undersigned at any time except to the extent that action has been taken and if not earlier revoked. To revoke this authorization, contact the hospital's Health Information Management Medical Records Department or your physician's office for assistance.

**This consent shall become invalid and expire 180 days from the date of signature.**

Expiration date:_____ or Expiration Event: ✗ none, or _____define:_____

I understand that information disclosed by this authorization may be re-disclosed by the recipient of your PHI. Such re-disclosure will no longer be protected by this Authorization.

I hereby release *Presbyterian Hospital* (NAME OF HOSPITAL AND/OR PROVIDER) from any and all legal liability and injuries that may arise from the release of this information to the party named above. The information that I am requesting may be sent by U.S. mail service and/or electronic facsimile in accordance with Hospital's facsimile policy.

I understand that I have the right to receive a copy of this authorization.
___Copy of authorization received

**A copy or facsimile of this authorization is as valid as the original.**

I understand that my healthcare and the payment of my healthcare will not be affected if I refuse to sign this authorization.

I have read the above or have had it read to me and authorize the disclosure of the Protected Health Information as stated.

SIGNED:_____ DATE: *6-1-10*
*Signature of Patient, Legal Guardian or Representative

If signed by other than patient, indicate relationship: *Son   Personal Representative*

**\*Authorized representative must submit copies of legal document supporting his or her authority to act on the patient's behalf.**

WITNESS:_____ DATE: *June 1, 2010*
If not Signed by Patient

**To the Party Receiving this Information:** This information has been disclosed to you from records whose confidentiality may be protected by state and/or federal law. Certain regulations prohibit you from further disclosure of it without the specific written consent of the person to whom it pertains, or otherwise as permitted by such law and is not sufficient for this purpose. Fees will be charged for the release of information in accordance with the law.

# MEDICAL AUTHORIZATION

Patient: Teresa Huff
Address: 3131 Adams St. NE   Apt #-102
Date of Birth:

TO:

Presbyterian Hospital

I, Joshua Martha , hereby authorize Presbyterian Hospital to furnish to my attorneys, the Law Offices of Andrew B. Sacks & Associates, complete medical records, including in-patient and out-patient records, progress and nursing notes, order charts, treatment charts, patient histories, clinical abstracts, surgical reports, EEG reports, EMG reports, NCS reports, X-ray reports, CT-Scan reports, MRI reports and films, police reports, accident reports, earnings records or any other information requested by them in connection with the matters wherein they represent me and to permit them to examine the original of all such records and photostat and copy the same.

My attorneys have been retained by me to prosecute a claim against certain defendants and their insurance carriers for injuries sustained and your full cooperation with them is respectfully requested. You are further requested to disclose no information to any insurance adjuster, attorney or other persons or entity without written authority from us to do so.

**This authorization remains valid for one-hundred eighty (180) days from the date indicated below.**

_____          12-13-04
Signature                          Date

I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

Dated: 12-13-04          _____
                          Signature

# AUTHORIZATION TO RELEASE PROTECTED
# HEALTHCARE INFORMATION (PHI)

**Patient Information:**

Teresa Huff
PRINT NAME OF PATIENT                                    DATE OF BIRTH                SOCIAL SECURITY NUMBER

15 Veres Rd
MAILING ADDRESS

Los Lunas                              Nm    87031        505-670-1532
CITY                                            STATE   ZIP CODE        PHONE NUMBER

I hereby authorize Fort Sanders Regional Med Ctr (NAME OF HOSPITAL
AND/OR PROVIDER) to disclose records obtained in the course of my evaluation and/or treatment to:

Newton B. Schwartz, Sr.                    And/Or           Mediconnect Global
1911 Southwest Freeway                                      10897 South Riverfront Pkwy, Suite 500
Houston, TX 77098                                           South Jordan, UT 84095
Telephone: 713-630-0708                                     Telephone: 801-545-3700
Fax: 713- 630-0789                                          Fax: 801-303-3123

**Type of Access Requested:**

X Copies of record        ___ Inspection of record

**Medical Records:**

X Entire Record    Selected Portions of PHI as marked:
                   ___ Discharge Summary          ___ Lab               ___ Progress Notes
                   ___ Emergency Room Record      ___ Imaging/Radiology  ___ Physician Orders
                   ___ History and Physical       ___ Cardiac Studies    ___ Pathology Report
                   ___ Consult Report(s)          ___ Face Sheet         ___ Operative Report(s)
                   ___ Nursing Notes              ___ Rehab Service      ___ Medication Record
                   ___ Psychiatric Record(s)      ___ Psychological Record(s)
                   ___ Other_____

**Billing Records**        X Detailed Bill

**Protected Records:**

___ (Initials) I __ DO (or)___ DO NOT consent to release of information relating to psychiatric or
psychological testing or treatment, biofeedback training, alcohol and/or drug abuse diagnosis, prognosis
and treatment and/or HIV (AIDS) testing and/or results, or such disclosure shall be limited to the following
specific types of information:_____

_____

**Purpose for which disclosure is being made:**

X Attorney/Legal    ___ Insurance   ___ Doctor    ___ Personal    ___ Other:_____

Page 1 of 3

**Authorization to Release Protected Health Information (PHI)**

This consent is subject to written revocation of the undersigned at any time except to the extent that action has been taken and if not earlier revoked. To revoke this authorization, contact the hospital's Health Information Management Medical Records Department or your physician's office for assistance.

**This consent shall become invalid and expire 180 days from the date of signature**.

Expiration date:_____ or Expiration Event: _X_ none, or _____define:_____

I understand that information disclosed by this authorization may be re-disclosed by the recipient of your PHI. Such re-disclosure will no longer be protected by this Authorization.

I hereby release _Fort Sanders Regional Med Ctr._ (NAME OF HOSPITAL AND/OR PROVIDER) from any and all legal liability and injuries that may arise from the release of this information to the party named above. The information that I am requesting may be sent by U.S. mail service and/or electronic facsimile in accordance with Hospital's facsimile policy.

I understand that I have the right to receive a copy of this authorization.
___Copy of authorization received

**A copy or facsimile of this authorization is as valid as the original.**

I understand that my healthcare and the payment of my healthcare will not be affected if I refuse to sign this authorization.

I have read the above or have had it read to me and authorize the disclosure of the Protected Health Information as stated.

SIGNED:_____ DATE: _6-1-10_
    *Signature of Patient, Legal Guardian or Representative

If signed by other than patient, indicate relationship: _Son   Personal Representative_

**\*Authorized representative must submit copies of legal document supporting his or her authority to act on the patient's behalf.**

WITNESS: _Jennifer Writing_ DATE: _June 1, 2010_
    If not Signed by Patient

**To the Party Receiving this Information:** This information has been disclosed to you from records whose confidentiality may be protected by state and/or federal law. Certain regulations prohibit you from further disclosure of it without the specific written consent of the person to whom it pertains, or otherwise as permitted by such law and is not sufficient for this purpose. Fees will be charged for the release of information in accordance with the law.

# AUTHORIZATION TO RELEASE PROTECTED
# HEALTHCARE INFORMATION (PHI)

**Patient Information:**

_Teresa Huff_
PRINT NAME OF PATIENT                     DATE OF BIRTH          SOCIAL SECURITY NUMBER

_15 Veres Rd_
MAILING ADDRESS

_Los Lunas_                               _Nm_     _87031_       _505-670-1532_
CITY                                      STATE    ZIP CODE      PHONE NUMBER

I hereby authorize _DRD Knoxville Med Clinic_ (NAME OF HOSPITAL
AND/OR PROVIDER) to disclose records obtained in the course of my evaluation and/or treatment to:

Newton B. Schwartz, Sr.            And/Or          Mediconnect Global
1911 Southwest Freeway                             10897 South Riverfront Pkwy, Suite 500
Houston, TX  77098                                 South Jordan, UT 84095
Telephone: 713-630-0708                            Telephone: 801-545-3700
Fax: 713- 630-0789                                 Fax: 801-303-3123

**Type of Access Requested:**

X Copies of record       ___Inspection of record

**Medical Records:**

X Entire Record    Selected Portions of PHI as marked:
                   ___Discharge Summary        ___Lab                ___Progress Notes
                   ___Emergency Room Record    ___Imaging/Radiology  ___Physician Orders
                   ___History and Physical     ___Cardiac Studies    ___Pathology Report
                   ___Consult Report(s)        ___Face Sheet         ___Operative Report(s)
                   ___Nursing Notes            ___Rehab Service      ___Medication Record
                   ___Psychiatric Record(s)    ___Psychological Record(s)
                   ___Other_____

**Billing Records**        X Detailed Bill

**Protected Records:**

_____(Initials)I _X_DO (or)____DO NOT consent to release of information relating to psychiatric or
psychological testing or treatment, biofeedback training, alcohol and/or drug abuse diagnosis, prognosis
and treatment and/or HIV (AIDS) testing and/or results, or such disclosure shall be limited to the following
specific types of information:_____
_____

**Purpose for which disclosure is being made:**

X Attorney/Legal     ___Insurance    ___Doctor    ___Personal    ___Other:_____

**Authorization to Release Protected Health Information (PHI)**

This consent is subject to written revocation of the undersigned at any time except to the extent that action has been taken and if not earlier revoked. To revoke this authorization, contact the hospital's Health Information Management Medical Records Department or your physician's office for assistance.

**This consent shall become invalid and expire 180 days from the date of signature**.

Expiration date:_____ or Expiration Event:___none, or _____define:_____

I understand that information disclosed by this authorization may be re-disclosed by the recipient of your PHI. Such re-disclosure will no longer be protected by this Authorization.

I hereby release __DRD Knoxville Med Clinic__ (NAME OF HOSPITAL AND/OR PROVIDER) from any and all legal liability and injuries that may arise from the release of this information to the party named above. The information that I am requesting may be sent by U.S. mail service and/or electronic facsimile in accordance with Hospital's facsimile policy.

I understand that I have the right to receive a copy of this authorization.
___Copy of authorization received

**A copy or facsimile of this authorization is as valid as the original.**

I understand that my healthcare and the payment of my healthcare will not be affected if I refuse to sign this authorization.

I have read the above or have had it read to me and authorize the disclosure of the Protected Health Information as stated.

SIGNED:_____DATE: _6-1-10_____
　　　*Signature of Patient Legal Guardian or Representative

If signed by other than patient, indicate relationship:__Son   Personal Representative__

**\*Authorized representative must submit copies of legal document supporting his or her authority to act on the patient's behalf.**

WITNESS:__Jennifer Brittnay__ DATE: _June 1, 2010_
　　　If not Signed by Patient

<u>**To the Party Receiving this Information:**</u> This information has been disclosed to you from records whose confidentiality may be protected by state and/or federal law. Certain regulations prohibit you from further disclosure of it without the specific written consent of the person to whom it pertains, or otherwise as permitted by such law and is not sufficient for this purpose. Fees will be charged for the release of information in accordance with the law.

Form Approved
OMB No. 0960-0566

**Social Security Administration**
Consent for Release of Information

TO:  Social Security Administration

_Teresa  Huff_ _____  _____
        Name                          Date of Birth          Social Security Number

I authorize the Social Security Administration to release information or records about
me to:

        NAME                                                ADDRESS

_____          _____
_____          _____
_____          _____
_____          _____

I want this information released because:

_____
_____

(There may be a charge for releasing information.)

Please release the following information:

____  Social Security Number
____  Identifying information (includes date and place of birth, parents' names)
____  Monthly Social Security benefit amount
____  Monthly Supplemental Security Income payment amount
____  Information about benefits/payments I received from_____ to _____
____  Information about my Medicare claim/coverage from_____ to _____
        (specify) _____
____  Medical records
____  Record(s) from my file (specify) _____
        _____
____  Other (specify) _____

I am the individual to whom the information/record applies or that person's
parent (if a minor) or legal guardian.  I know that if I make any representation
which I know is false to obtain information from Social Security records, I could
be punished by a fine or imprisonment or both.

Signature: _____
(Show signatures, names, and addresses of two people if signed by mark.)
Date: _6-1-10_____  Relationship: _Son / Personal Rep._

Form SSA-3288 (5-2007) EF (5-2007)

Form Approved
OMB No. 0960-0566

**Social Security Administration**
**Consent for Release of Information**

Please read these instructions carefully before completing this form.

**When to Use This Form**

Complete this form only if you want the Social Security Administration to give information or records about you to an individual or group (for example, a doctor or an insurance company).

Natural or adoptive parents or a legal guardian, acting on behalf of a minor, who want us to release the minor's:
* nonmedical records, should use this form.
* medical records, should not use this form, but should contact us.

Note: Do not use this form to request information about your earnings or employment history. To do this, complete Form SSA-7050-F4. You can get this form at any Social Security office.

**How to Complete This Form**

This consent form must be completed and signed only by:
* the person to whom the information or record applies, or
* the parent or legal guardian of a minor to whom the nonmedical information applies, or
  the legal guardian of a legally incompetent adult to whom the information applies.

To complete this form:
* Fill in the name, date of birth, and Social Security Number of the person to whom the information applies.
* Fill in the name and address of the individual or group to which we will send the information.
* Fill in the reason you are requesting the information.
* Check the type(s) of information you want us to release.
* Sign and date the form. If you are not the person whose record we will release, please state your relationship to that person.

**PRIVACY ACT NOTICE:** The Privacy Act Notice requires us to notify you that we are authorized to collect this information by section 3 of the Privacy Act. You do not have to provide the information requested. However, we cannot release information or records about you to another person or organization without your consent for release of information. Your records are confidential. We will release only records that you authorize, and only to persons or organizations who you authorize to receive that information.

**PAPERWORK REDUCTION ACT STATEMENT:** This information collection meets the clearance requirements of 44 U.S.C. §3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. The office is listed under U.S. Government agencies in your telephone directory or you may call Social Security at 1-800-772-1213. *You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. Send only comments relating to our time estimate to this address, not the completed form.*

Form SSA-3288 (5-2007) EF (5-2007)

## AUTHORIZATION

For the Disclosure of Protected Health Information Pursuant to 45 CFR § 164.508(a)(1)

To:      _____

         Name

         _____

         Address

         _____

         City, State and Zip Code

This document authorizes you to disclose to the named party or parties below upon request, the following health information concerning *Teresa Huff* Whose date of birth is _____ and whose social security number is _____, for the purpose of permitting defendants in my personal injury lawsuit access to medical information pertinent to that lawsuit.  You are hereby authorized to release my entire medical records file to the defendant or its authorized representative listed below ("Record Requestor") This release authorizes you to furnish copies of all medical records, including but not limited to medical reports and notes, laboratory reports, pathology slides, reports, notes, and specimens, radiographic films, CT scans, X-rays, MRI films, MRA films, correspondence, progress notes, prescription records, echocardiographic recordings, written statements, employment records, wage records, insurance, Medicaid, Medicare, and disability records, and medical bills regarding my injuries, diseases, testing, or treatment, specifically but not limited to HIV/AIDS or other communicable diseases, drug testing, drug or alcohol abuse treatment, or mental or behavioral health or psychiatric care, excluding psychotherapy notes.

You may not condition treatment, payment, enrollment, or eligibility for benefits on whether this authorization is signed.

I intend that this authorization shall be continuing in nature. If information responsive to this authorization is created, learned or discovered at any time in the future, either by you or another party, you must produce such information to the requestor at that time. Further, I hereby agree that a photo static copy of this authorization may serve as an original.

You are authorized to release the above information to the following representative of defendants in the above-entitled matter who has agreed to pay reasonable charges made by you to supply copies of records.

Medical Research Consultants
Name of Representative

Records Requestor
Representative Capacity (e.g. attorney, records requestor, agent, etc.)

6330 West Loop South, Suite 105
Street Address

Bellaire, Texas 77401
City, State and Zip Code

This authorization may be revoked by writing to the individual to whom this authorization is provided. However, I understand that any actions already taken in reliance on this authorization cannot be reversed, and any revocation will not affect those actions. I also understand that provision of this signed authorization is required by Order of the Court in the litigation to which this authorization pertains, and that such revocation, without good cause, may consequently lead to sanctions.

I further acknowledge the potential for information disclosed pursuant to this authorization to be subject to redisclosure by a recipient and not protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

This authorization expires two years from the date below.

Date: 5-27-10

Signature or Patient (or Patient's Representative)

Description of Representative's Authority to Act for Patient, if Applicable

Date: May 27, 2010

Witness Signature

Form **4506**

(Rev. January 2010)

Department of the Treasury
Internal Revenue Service

## Request for Copy of Tax Return

OMB No. 1545-0429

► Request may be rejected if the form is incomplete or illegible.

**Tip.** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a Tax Return Transcript for many returns free of charge. The transcript provides most of the line entries from the original tax return and usually contains the information that a third party (such as a mortgage company) requires. See Form 4506-T, Request for Transcript of Tax Return, or you can call 1-800-829-1040 to order a transcript.

| | |
|---|---|
| 1a  Name shown on tax return. If a joint return, enter the name shown first.<br><br>*Teresa Huff* | 1b  First social security number on tax return or employer identification number (see instructions) |
| 2a  If a joint return, enter spouse's name shown on tax return. | 2b  Second social security number if joint tax return |

3  Current name, address (including apt., room, or suite no.), city, state, and ZIP code

*Teresa Huff   1127 Colonial Avenue   Knoxville TN   37917*

4  Previous address shown on the last return filed if different from line 3

5  If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number. The IRS has no control over what the third party does with the tax return.

**Caution.** *If the tax return is being mailed to a third party, ensure that you have filled in line 6 and line 7 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy.*

6  Tax return requested. Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506.  ►

Note. *If the copies must be certified for court or administrative proceedings, check here* . . . . . . . . . . . . . . . . . ☐

7  Year or period requested. Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than eight years or periods, you must attach another Form 4506.

| | | | | |
|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |

| | | | |
|---|---|---|---|
| 8  Fee. There is a $57 fee for each return requested. Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN or EIN and "Form 4506 request" on your check or money order. | | | |
| a  Cost for each return . . . . . . . . . . . . . . . . | | $ | 57.00 |
| b  Number of returns requested on line 7 . . . . . . . . . . . . . | | | |
| c  Total cost. Multiply line 8a by line 8b . . . . . . . . . . . . . | | $ | |

9  If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . ☐

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, either husband or wife must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. Note. *For tax returns being sent to a third party, this form must be received within 120 days of signature date.*

Telephone number of taxpayer on line 1a or 2a

*505-670-1532*

**Sign Here**

► Signature (see instructions)    *6-1-10*    Date

Title (if line 1a above is a corporation, partnership, estate, or trust)   *Personal Representative*

► Spouse's signature    Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.    Cat. No. 41721E    Form **4506** (Rev. 1-2010)

Form 4506 (Rev. 1-2010)

## General Instructions

*Section references are to the Internal Revenue Code.*

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate a third party to receive the tax return. See line 5.

**How long will it take?** It may take up to 60 calendar days for us to process your request.

**Tip.** Use Form 4506-T, Request for Transcript of Tax Return, to request tax return transcripts, tax account information, W-2 information, 1099 information, verification of non-filing, and record of account.

**Automated transcript request.** You can call 1-800-829-1040 to order a transcript through the automated self-help system. Follow prompts for "questions about your tax account" to order a tax return transcript.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year and the chart below shows two different RAIVS teams, send your request to the team based on the address of your most recent return.

### Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to the "Internal Revenue Service" at: |
|---|---|
| Florida, Georgia, North Carolina, South Carolina | RAIVS Team P.O. Box 47-421 Stop 91 Doraville, GA 30362 |
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, or A.P.O. or F.P.O. address | RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Alaska, Arizona, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | RAIVS Team Stop 37106 Fresno, CA 93888 |
| Arkansas, Connecticut, Delaware, District of Columbia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, Ohio, Pennsylvania, Rhode Island, Vermont, Virginia, West Virginia | RAIVS Team Stop 6705 P-6 Kansas City, MO 64999 |

## Chart for all other returns

| If you lived in or your business was in: | Mail to the "Internal Revenue Service" at: |
|---|---|
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Tennessee, Texas, Utah, Washington, Wyoming, a foreign country, or A.P.O. or F.P.O. address | RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia, Wisconsin | RAIVS Team P.O. Box 145500 Stop 2800 F Cincinnati, OH 45250 |

## Specific Instructions

**Line 1b.** Enter your employer identification number (EIN) if you are requesting a copy of a business return. Otherwise, enter the first social security number (SSN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. If you completed line 5 requesting the return be sent to a third party, the IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected.

*Individuals.* Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

*Corporations.* Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer.

*Partnerships.* Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

*All others.* See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the Letters Testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. Sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, and the District of Columbia for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: Learning about the law or the form, 10 min.; Preparing the form, 16 min.; and Copying, assembling, and sending the form to the IRS, 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to Internal Revenue Service, Tax Products Coordinating Committee, SE:W:CAR:MP:T:T:SP, 1111 Constitution Ave. NW, IR-6526, Washington, DC 20224. Do not send the form to this address. Instead, see *Where to file* on this page.

# INSTRUCTION AND INFORMATION SHEET FOR SF 180, REQUEST PERTAINING TO MILITARY RECORDS

1. General Information. The Standard Form 180, Request Pertaining to Military Records (SF180) is used to request information from military records. Certain identifying information is necessary to determine the location of an individual's record of military service. Please try to answer each item on the SF 180. If you do not have and cannot obtain the information for an item, show "NA," meaning the information is "not available." Include as much of the requested information as you can. To determine where to mail this request see Page 2 of the SF180 for record locations and facility addresses.

Online requests may be submitted to the National Personnel Records Center (NPRC) by a veteran or deceased veteran's next of kin using eVetRecs at http://www.archives.gov/veterans/evetrecs/.

2. Personnel records and Service Treatment Records (STR). Personnel records of military members who were discharged, retired, or died in service less than 62 years ago and STR's are in the legal custody of the military service department and are administered in accordance with rules issued by the Department of Defense and the Department of Homeland Security (DHS, Coast Guard). STR's of persons on active duty are generally kept at the local servicing clinic, and usually are available from the Department of Veterans Affairs approximately 40 days after the last day of active duty. (See item 3, Archival Records, if the military member was discharged, retired or died in service over 62 years ago.)

   a. Release of information: Release of information is subject to restrictions imposed by the military services consistent with Department of Defense regulations and the provisions of the Freedom of Information Act (FOIA) and the Privacy Act of 1974. The service member (either past or present) or the member's legal guardian has access to almost any information contained in that member's own record. An authorization signature, of the service member or the member's legal guardian, is needed in Section III of the SF180. Others requesting information from military personnel records and/or STR's must have the release authorization in Section III of the SF 180 signed by the member or legal guardian. If the appropriate signature cannot be obtained, only limited types of information can be provided. If the former member is deceased, surviving next of kin may, under certain circumstances, be entitled to greater access to a deceased veteran's records than a member of the general public. The next of kin may be any of the following: unremarried surviving spouse, father, mother, son, daughter, sister, or brother. Requesters must provide proof of death, such as a copy of a death certificate, letter from funeral home or obituary.

   b. Fees for records: There is no charge for most services provided to service members or next of kin of deceased veterans. A nominal fee is charged for certain types of service. In most instances service fees cannot be determined in advance. If your request involves a service fee, you will be notified as soon as that determination is made.

3. Archival Records. Personnel records of military members who were discharged, retired, or died in service 62 or more years ago have been transferred to the legal custody of NARA and are referred to as "archival" records.

   a. Release of Information: Archival records are open to the public. The Privacy Act of 1974 does not apply to archival records, therefore, written authorization from the veteran or next of kin is not required. However, in order to protect the privacy of the veteran, his/her family, and third parties named in the records, the personal privacy exemption of the Freedom of Information Act (5 U.S.C. 552 (b) (6)) may still apply and preclude the release of some information.

   b. Fees for Archival Records: Access to archival records is granted by offering copies of the records for a fee (44 U.S.C. 2116 (c)). You will be notified if there is a charge for photocopies of documents contained in the record you are requesting.

4. Where reply may be sent. The reply may be sent to the service member or any other address designated by the service member or other authorized requester.

5. Definitions and abbreviations. DISCHARGED -- the individual has no current military status; SERVICE TREATMENT RECORD (STR) -- The chronology of medical, mental health and dental care received by service members during the course of their military career (does not include records of treatment while hospitalized); TDRL -- Temporary Disability Retired List.

6. Service completed before World War 1. National Archives Trust Fund (NATF) forms must be used to request these records. Obtain the forms by e-mail from inquire@nara.gov or write to the Code 6 address on page 2 of the SF 180.

## PRIVACY ACT OF 1974 COMPLIANCE INFORMATION

The following information is provided in accordance with 5 U.S.C. 552a(e)(3) and applies to this form. Authority for collection of the information is 44 U.S.C. 2907, 3101, and 3103, and Public Law 104-134 (April 26, 1996), as amended in title 31, section 7701. Disclosure of the information is voluntary. If the requested information is not provided, it may delay servicing your inquiry because the facility servicing the service member's record may not have all of the information needed to locate it. The purpose of the information on this form is to assist the facility servicing the records (see the address list) in locating the correct military service record(s) or information to answer your inquiry. This form is then retained as a record of disclosure. The form may also be disclosed to Department of Defense components, the Department of Veterans Affairs, the Department of Homeland Security (DHS, U.S. Coast Guard), or the National Archives and Records Administration when the original custodian of the military health and personnel records transfers all or part of those records to that agency. If the service member was a member of the National Guard, the form may also be disclosed to the Adjutant General of the appropriate state, District of Columbia, or Puerto Rico, where he or she served.

## PAPERWORK REDUCTION ACT PUBLIC BURDEN STATEMENT

Public burden reporting for this collection of information is estimated to be five minutes per request, including time for reviewing instructions and completing and reviewing the collection of information. Send comments regarding the burden estimate or any other aspect of the collection of information, including suggestions for reducing this burden, to National Archives and Records Administration (NHP), 8601 Adelphi Road, College Park, MD 20740-6001. DO NOT SEND COMPLETED FORMS TO THIS ADDRESS. SEND COMPLETED FORMS AS INDICATED IN THE ADDRESS LIST ON PAGE 2 OF THE SF 180.

Standard Form 180 (Rev. 09/08) (Page 1)
Prescribed by NARA (36 CFR 1728.16(b))

Authorized for local reproduction
Previous edition unusable

OMB No. 3095-0029 Expires 10/31/2011

# REQUEST PERTAINING TO MILITARY RECORDS

* Requests from veterans or deceased veteran's next-of-kin may be submitted online by using eVetRecs at http://www.archives.gov/veterans/evetrecs/ *

*(To ensure the best possible service, please thoroughly review the accompanying instructions before filling out this form. Please print clearly or type.)*

## SECTION I - INFORMATION NEEDED TO LOCATE RECORDS (Furnish as much as possible.)

| 1. NAME USED DURING SERVICE (last, first, and middle) | 2. SOCIAL SECURITY NO. | 3. DATE OF BIRTH | 4. PLACE OF BIRTH |
|---|---|---|---|
| | | | |

**5. SERVICE, PAST AND PRESENT**  *(For an effective records search, it is important that all service be shown below.)*

| | BRANCH OF SERVICE | DATE ENTERED | DATE RELEASED | OFFICER | ENLISTED | SERVICE NUMBER (If unknown, write "unknown") |
|---|---|---|---|---|---|---|
| a. ACTIVE COMPONENT | | | | | | |
| b. RESERVE COMPONENT | | | | | | |
| c. NATIONAL GUARD | | | | | | |

6. IS THIS PERSON DECEASED? If "YES" enter the date of death.  ☐ NO  ☐ YES _____

7. IS (WAS) THIS PERSON RETIRED FROM MILITARY SERVICE?  ☐ NO  ☐ YES

## SECTION II - INFORMATION AND/OR DOCUMENTS REQUESTED

1. CHECK THE ITEM(S) YOU WOULD LIKE TO REQUEST A COPY OF:

☐ DD Form 214 or equivalent. This form contains information normally needed to verify military service. A copy may be sent to the veteran, the deceased veteran's next of kin, or other persons or organizations if authorized in Section III, below. NOTE: If more than one period of service was performed, even in the same branch, there may be more than one DD214. Check the appropriate box below to specify a deleted or undeleted copy. When was the DD Form(s) 214 issued? YEAR(S):

   ☐ UNDELETED: Ordinarily required to determine eligibility for benefits. Sensitive items, such as, the character of separation, authority for separation, reason for separation, reenlistment eligibility code, separation (SPD/SPN) code, and dates of time lost are usually shown.

   ☐ DELETED: The following items are deleted: authority for separation, reason for separation, reenlistment eligibility code, separation (SPD/SPN) code, and for separations after June 30, 1979, character of separation and dates of time lost.

☐ All Documents in Official Military Personnel File (OMPF)

☐ Medical Records (Includes Service Treatment Records (outpatient), inpatient and dental records.) If hospitalized, provide facility name and date for each admission:

☐ Other (Specify):

2. PURPOSE: (An explanation of the purpose of the request is strictly voluntary; however, such information may help to provide the best possible response and may result in a faster reply. Information provided will in no way be used to make a decision to deny the request.) Check appropriate box:

☐ Benefits  ☐ Employment  ☐ VA Loan Programs  ☐ Medical  ☐ Medals/Awards  ☐ Genealogy  ☐ Correction  ☐ Personal
☐ Other, explain:

## SECTION III - RETURN ADDRESS AND SIGNATURE

1. REQUESTER IS: *(Signature Required in 3 below of veteran, next of kin, legal guardian, authorized government agent or "other" authorized representative. If "other" authorized representative, provide copy of authorization letter.)*

☐ Military service member or veteran identified in Section I, above

☐ Next of kin of deceased veteran (Must provide proof of death).
   *Show relationship:* _____
   *(See item 2a on accompanying instructions.)*

☐ Legal guardian (Must submit copy of court appointment.)

☐ Other (specify)

3. AUTHORIZATION SIGNATURE REQUIRED *(See items 2a or 3a on accompanying instructions.)* I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the information in this Section III is true and correct.

2. SEND INFORMATION/DOCUMENTS TO:
*(Please print or type. See item 4 on accompanying instructions.)*

Name _____

Street _____ Apt. _____

City _____ State _____ Zip Code _____

Signature Required - Do not print _____
( ) _____
Date of this request _____ Daytime phone _____

Email address _____

* This form is available at http://www.archives.gov/research/order/standard-form-180.pdf on the National Archives and Records Administration (NARA) web site.*

Standard Form 180 (Rev. 09/08) (Page 2)
Prescribed by NARA (36 CFR 1228.168(b))

Authorized for local reproduction
Previous edition unusable

OMB No. 3095-0029 Expires 10/51/2011

## LOCATION OF MILITARY RECORDS

The various categories of military service records are described in the chart below. For each category there is a code number which indicates the address at the bottom of the page to which this request should be sent. Please refer to the Instruction and Information Sheet accompanying this form as needed.

| BRANCH | CURRENT STATUS OF SERVICE MEMBER | ADDRESS CODE | |
| --- | --- | --- | --- |
| | | Personnel Record | Service Treatment Record |
| AIR FORCE | Discharged, deceased, or retired before 5/1/1994 | 14 | 14 |
| | Discharged, deceased, or retired 5/1/1994 – 9/30/2004 | 14 | 11 |
| | Discharged, deceased, or retired on or after 10/1/2004 | 1 | 11 |
| | Active (including National Guard on active duty in the Air Force), TDRL, or general officers retired with pay | 1 | |
| | Reserve, retired reserve in nonpay status, current National Guard officers not on active duty in the Air Force, or National Guard released from active duty in the Air Force | 2 | |
| | Current National Guard enlisted not on active duty in the Air Force | 13 | |
| COAST GUARD | Discharge , deceased, or retired before 1/1/1898 | 6 | |
| | Discharged, deceased, or retired 1/1/1898 – 3/31/1998 | 14 | 14 |
| | Discharged, deceased, or retired on or after 4/1/1998 | 14 | 11 |
| | Active, reserve, or TDRL | 3 | |
| MARINE CORPS | Discharged, deceased, or retired before 1/1/1905 | 6 | |
| | Discharged, deceased, or retired 1/1/1905 – 4/30/1994 | 14 | 14 |
| | Discharged, deceased, or retired 5/1/1994 – 12/31/1998 | 14 | 11 |
| | Discharged, deceased, or retired on or after 1/1/1999 | 4 | 11 |
| | Individual Ready Reserve | 5 | |
| | Active, Selected Marine Corps Reserve, TDRL | 4 | |
| ARMY | Discharged, deceased, or retired before 11/1/1912 (enlisted) or before 7/1/1917 (officer) | 6 | |
| | Discharged, deceased, or retired 11/1/1912 – 10/15/1992 (enlisted) or 7/1/1917 – 10/15/1992 (officer) | 14 | 14 |
| | Discharged, deceased, or retired after 10/16/1992 | 14 | 11 |
| | Reserve, or active duty records of current National Guard members who performed service in the U.S. Army before 7/1/1972 | 7 | |
| | Active enlisted (including National Guard on active duty in the U.S. Army) or TDRL enlisted | 9 | |
| | Active officers (including National Guard on active duty in the U.S. Army) or TDRL officers | 8 | |
| | Current National Guard enlisted and officer not on active duty in Army (including records of Army active duty performed after 6/30/1972) | 13 | |
| NAVY | Discharged, deceased, or retired before 1/1/1886 (enlisted) or before 1/1/1903 (officer) | 6 | |
| | Discharged, deceased, or retired 1/1/1886 – 1/30/1994 (enlisted) or 1/1/1903 – 1/30/1994 (officer) | 14 | 14 |
| | Discharged, deceased, or retired 1/31/1994 – 12/31/1994 | 14 | 11 |
| | Discharged, deceased, or retired on or after 1/1/1995 | 10 | 11 |
| | Active, reserve, or TDRL | 10 | |
| PHS | Public Health Service - Commissioned Corps officers only | 12 | |

### ADDRESS LIST OF CUSTODIANS (BY CODE NUMBERS SHOWN ABOVE) – Where to write/send this form

| | | | | | |
| --- | --- | --- | --- | --- | --- |
| 1 | Air Force Personnel Center HQ AFPC/DPSSRP 550 C Street West, Suite 19 Randolph AFB, TX 78150-4721 | 6 | National Archives & Records Administration Old Military and Civil Records (NWCTB-Military) Textual Services Division 700 Pennsylvania Ave., N.W. Washington, DC 20408-0001 | 11 | Department of Veterans Affairs Records Management Center P.O. Box 5020 St. Louis, MO 63115-5020 |
| 2 | Air Reserve Personnel Center /DSMR HQ ARPC/DPSSA/B 6760 E. Irvington Place, Suite 4600 Denver, CO 80280-4600 | 7 | U.S. Army Human Resources Command ATTN: AHRC-PAV-V 1 Reserve Way St. Louis, MO 63132-5200 | 12 | Division of Commissioned Corps Officer Support ATTN: Records Officer 1101 Wootton Parkway, Plaza Level, Suite 100 Rockville, MD 20852 |
| 3 | Commander, CGPC-adm-3 USCG Personnel Command 4200 Wilson Blvd., Suite 1100 Arlington, VA 22203-1804 | 8 | U.S. Army Human Resources Command ATTN: AHRC-MSR 200 Stovall Street Alexandria, VA 22332-0444 | 13 | The Adjutant General (of the appropriate state, DC, or Puerto Rico) |
| 4 | Headquarters U.S. Marine Corps Personnel Management Support Branch (MMSB-10) 2008 Elliot Road Quantico, VA 22134-5030 | 9 | Commander USAEREC ATTN: PCRE-F 8899 E. 56th St. Indianapolis, IN 46249-5301 | 14 | National Personnel Records Center (Military Personnel Records) 9700 Page Ave. St. Louis, MO 63132-5100 http://www.archives.gov/veterans/evetrecs/ |
| 5 | Marine Corps Mobilization Command 15303 Andrews Road Kansas City, MO 64147-1207 | 10 | Navy Personnel Command (PERS-312E) 5720 Integrity Drive Millington, TN 38055-3120 | | |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 1629 (D.Mass) |
| THIS RELATES TO: MDL Case No. _____ 1629 _____ | Plaintiff: *Teresa Huff* (name) |

Name: *Teresa Huff*

Date of Birth: ▩▩▩▩▩

Social Security Number: ▩▩▩▩▩

## AUTHORIZATION FOR RELEASE OF RECORDS FROM EMPLOYER/ EDUCATIONAL INSTITUTION

Person/Entity from Whom
Records are Requested ("Provider"):

*GC Services*
Name of Employer/Educational Institution

*4454 Broadway     Knoxville TN 37917*
Address          City, State and Zip Code

Employee/Student: _____
Employee/Student Name ("Employee" or "Student")

_____
Address          City, State and Zip Code

1

**Information Authorized To Be Disclosed:** I authorize the Provider to furnish all records and information in its possession to include but not be limited to: Copies of all applications for employment, unemployment benefits, resumes, records of all positions held, job descriptions of positions held, salary and/or compensation records, performance evaluations and reports, statements and comments of fellow employees, attendance records, W-2's, worker's compensation files, all hospital, physician, clinic, infirmary, psychiatric, nurse and dental records, x-rays, test results, physical examination records, any records pertaining to claims made relating to health, disability or accidents in which I was involved including correspondence, reports, claim forms, questionnaires, records of payments made to me or on my behalf, and any other records relating to my employment with the above-named institution, including records for treatment of psychological, psychiatric or emotional problems regarding the Employee's employment, income, and education, including attendance reports, performance reports, W-4 and W-2 forms, medical reports, workers' compensation claims, and all other records relating to employment, past and present, and claims for disability. I also authorize the Provider to furnish copies of all school records, including application and admission paperwork, attendance records, transcripts, diplomas, health and physical examination records, immunization records, nurses' notes, disciplinary records, correspondence and any other information and records pertaining to the above individual. This listing is not meant to be exclusive.

**Person to Whom Records are to be Disclosed ("Recipient"):** I authorize disclosure of the above specified information to the defendant in the litigation captioned *IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION*, MDL No. 1629, in which I am a plaintiff, and its authorized agent as set forth below:

Medical Research Consultants – Attn: RECORD RETRIEVAL
Name of Recipient or Recipient's Agent

Agent for Service of Record on Behalf of Defendant Pfizer Inc
Relationship to Recipient

6330 West Loop South, Suite 105          Bellaire, TX 77401
Address                                  City, State and Zip Code

I further authorize disclosure to any other counsel of record for Pfizer Inc in the above captioned litigation that may be named in the future. The Recipient has

2

agreed to pay reasonable charges incurred by the Provider to supply copies of such records.

Purpose of Disclosure: I am requesting disclosure of these records in connection with the above-referenced litigation in which I am a plaintiff.

Acknowledgements:

I understand that once information covered by this authorization has been disclosed, redisclosure of that information by the Recipient is possible, and the information may no longer be protected by federal or state law, including the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

I understand that my signing of this authorization is voluntary. Refusing to sign or revoking this authorization will not affect my health care treatment, enrollment in my health plan, or eligibility for payment and benefits under my health plan.

I further understand that, pursuant to applicable state law, I may have a right to receive a copy of this authorization as provided in 45 CFR 164.524.

Term: This authorization shall be valid through or the conclusion of my case, whichever occurs first. This authorization remains in full force and effect until such expiration, and further authorizes the Provider to release to the Recipient any additional records created or obtained by the Provider after the date hereof.

Revocation: I understand that I may revoke this authorization at any time by writing to the Employer at the Employer's above address, but my revocation will not apply to information that has already been released before the Employer receives notice of any revocation. Cancellation, revocation, or modification will only be valid once the Employer/Academic institution receives written notification of such cancellation, revocation or modification. A copy of said notification shall also be sent to Angela Seaton at Shook, Hardy & Bacon. I also understand that provision of this signed authorization is required by Order of the Court in the litigation to which this authorization pertains, and that such revocation, without good cause, may consequently lead to sanctions.

3

Copies:  Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place.

Date: _6-2-10_     _____
                   Signature of Employee or Legal/Personal
                   Representative

                   _Personal Representative / son__
                   Description of Personal Representative's
                   Authority to Sign for Employee

Sworn to and subscribed before me on the _2nd_ day of _June_____, 20_10_.

                   _____
                          NOTARY PUBLIC

OFFICIAL SEAL
Dorothy Apodaca          Commission Expires: _July 10, 2010_
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: _7-10-10_

4

# 𝒲𝒶𝓁𝑔𝓇𝑒𝑒𝓃𝓈

H106847

Return to: Walgreens Custodian of Records Department, 1901 East Voorhees Street, PO Box 4039, MS #735, Danville, Illinois 61834

**\*All sections must be filled in completely or the authorization is NOT valid!!\***

**AUTHORIZATION RELEASE OF INFORMATION REQUESTED BY PATIENT**

Your Name: _Terese Huff_

Date of Birth: _[redacted]_

Street Address: _1127 Colonial Avenue (is Vegas Rd - Personal Rep)_

City, State, Zip: _Santa Fe Los Lunas   NM   87031_

Telephone Number: _505-678-1532_

**Person/organization authorized to receive information from Walgreens**

Name: _____

Address: _____

City, State, Zip: _____

**Description of the information that you are asking us to release**

_____
_____
_____

**State the specific purpose for releasing this information**

_____
_____
_____

**Expiration Date: This authorization will expire on the date or specific time frame**

This authorization expires *[specify date or event]:* _____

**Information regarding this Authorization**

- You have the right to revoke this Authorization, in writing to Walgreens Custodian of Records Department, at any time. The revocation is only effective after it is received and logged by Walgreens. Any use or disclosure made prior to a revocation is not included as part of the revocation.
- Refer to our Notice of Privacy Practices for permitted uses and disclosures of protected health information ("PHI"). You may obtain a copy of this Notice from the Privacy Office or on www.walgreens.com. Please keep a copy of this authorization for your records.
- Once PHI is disclosed to others, it may be redisclosed by them to persons or entities that are not subject to the privacy regulations, which means that the PHI may no longer be protected by regulations.

- Privacy regulations prohibit the conditioning of treatment, payment, enrollment, or eligibility for benefits on signing this Authorization.
- This Authorization must be signed and dated by the patient or signed and dated by the patient's personal representative and include a description of that person's ability to act on behalf of the patient.

I, _Teres Huff_ , by signing below, authorize Walgreens to use or disclose my protected health information as described above.

_____          _6-1-10_
Signature                                        Date