UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------x
In re:  NEURONTIN MARKETING, SALES          :       MDL DOCKET NO. 1629
        PRACTICES AND PRODUCTS           :
        LIABILITY LITIGATION             :       Master File No. 04-10981
                                         :
------------------------------------------------------------------x
THIS DOCUMENT RELATES TO:                   :       Judge Patti B. Saris
                                         :
ALL BOONE PRODUCT LIABILITY ACTIONS   :       Magistrate Judge Leo T.
------------------------------------------------------------------x       Sorokin

_____

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS'
APPLICATION FOR AN AWARD OF ATTORNEY FEES AND COST**
_____

The Plaintiffs, through the undersigned attorney submit their Memorandum in Opposition to Defendants' Application for Attorney and Expenses, as follows:

A.  Background

Between August 4, 2010 and December 20, 2010, the Defendants submitted approximately ten (10) letters to Plaintiffs' attorney that outlined alleged discovery deficiencies regarding approximately twenty (20) Plaintiffs, including Plaintiffs Shirley Drennan, Catherine Duvall, Faith Ford, Galinda Ford, Jerry Lowe, Betsy Miller, Jerry Price, Vanessa Scott, Jack Shoemaker, Louisa Smith, Bernice Thornton, Michael Trim, Joyce Watson, Deborah Watson, Christopher Kyles, Ethel Howard, James Hunter, and Jerrell Bearden.  *See Exh. B, Exh. B Part 1, Exh. B Part 2, and Exh. B Part 3 attached to Defendants' Declaration, Document Number 3179*.  Seven (7) of these Plaintiffs' cases were dismissed/withdrawn by Boone Law Firm, i.e., Plaintiffs Faith Ford, Galinda Ford, Betsy Miller, Jack Shoemaker, Ethel Howard, Christopher Kyle, and Bernice Thornton. Discovery responses regarding the remaining Plaintiffs in this group were supplemented

in accordance with Defendants' deficiency letters. See *Plaintiffs' Memorandum in Opposition to Defendants' Motion to Compel* which specifically outlines the supplemental responses provided to Defendants.

Regarding the remaining 190 Plaintiffs, the Defendants had not submitted any letters outlining any alleged deficiencies in the discovery responses of these Plaintiffs.

During the December 1, 2010 status hearing the Defendants represented to the Court that they had previously outlined to Plaintiffs' counsel the alleged deficiencies relating to all Plaintiffs.

On December 6, 2010 this Court entered an order stating that the Defendants may file a motion to compel by December 20, 2010 regarding all Plaintiff cases that the Defendants believed that there were inadequate and incomplete responses provided to discovery.

The Defendants on December 20, 2010 filed a gigantic motion to compel regarding 214 Plaintiffs without any regard to their obligation under FRCP 37 to attempt in good faith to resolve discovery disputes prior to filing a motion to compel.  Defendants filed the gigantic motion knowing that in light of Plaintiffs depositions already scheduled in these cases for Dec. 20, 21, 22, 28, 30, Jan. 4, 5 , and the  holidays also therein, that Plaintiffs would not be able to completely respond to the motion by the short deadline of January 4, 2011.

The December 6, 2010 Court Order provided that "failure to produce all the discovery ordered by the Court in response to such motion to compel, within the time allotted by the Court, may result in dismissal as a sanction under Rule 37…………"

Notwithstanding the Court's December 6, 2010 Order the Defendants' Motion to Compel included a request for attorney fees and cost for making the motion. The Motion did not request any amount for cost nor were any supporting documentation for cost included in their Motion. Subsequent to filing the Motion, the Court requested the Defendants to submit the amount of cost being requested. Defendants responded by alleging that they spent 855 hours in making the motion.

The Defendants now seek $111,000.00 from Plaintiffs for their filing of the motion. The Defendants have not submitted any supporting documentation outlining the particular attorneys or paralegals that performed the work on the Motion to Compel.

### B.  Argument:

FRCP(a)(5)(A) provides that the Court should not order payment relating to the filing of a motion to compel discovery if:

(i)  the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust;

**1. The Defendants filed the Motion to Compel as to 190 Plaintiffs before attempting in good faith to obtain additional discovery responses from Plaintiffs;**

The Defendants have not attempted in "good faith" to obtain additional discovery responses from 190 Plaintiffs before filing the Motion to Compel. Prior to the filing of the Motion to Compel the Defendants submitted discovery deficiency letters relating only to 14 Plaintiffs. Defendants' obligation to attempt in "good faith" to resolve discovery dispute was arguably met as to these 20 Plaintiffs only. Defendants' complaints of discovery deficiencies relating to the remaining 190 Plaintiffs were made for the first

time in the instant Motion to Compel. Accordingly, contrary to FRCP 37 the Defendants did not attempt in good faith to obtain additional discovery responses from 200 Plaintiffs prior to filing their Motion to Compel. Further, contrary to the intent of FRCP 37, the Plaintiffs have not had a reasonable opportunity to cure any discovery deficiencies relating to these Plaintiffs before the Motion to Compel was filed.

This Court's Order of December 6, 2010 that permitted the filing of a Motion to Compel by December 20, 2010 was not intended to relieve any party of its duty under FRCP 37 to put forth a good faith attempt to resolve the discovery dispute prior to court action. Presumably, a moving party would know to only file a motion to compel relating only to cases wherein the moving party had fulfilled its obligation under FRCP 37 to attempt in good faith to resolve the discovery issue prior to filing a motion. The Court's Order of December 6, 2010 related only to those cases wherein the Defendants had attempted in good faith to resolve the discovery dispute without court action.

In sum, the Motion to Compel relating to 190 Plaintiffs is premature and, as such, no payment of attorney fees and/or cost is warranted or even ripe for this Court's consideration. The Plaintiffs properly submitted regarding the approximate twenty (20) Plaintiffs wherein alleged deficiencies were outlined.

### 2.   Defendants are not entitled to attorney fees and/or expenses relating to the 20 Plaintiffs

Defendants are not entitled to attorney fees and/or expenses relating to the 20 Plaintiffs wherein an attempt in good faith to resolve the discovery dispute before court action is arguable. Plaintiffs supplemented each of their discovery response following Defendants' notice of alleged deficiencies.

As aforesaid, prior to filing the Motion to Compel the Defendants had submitted deficiency letters relating to only to approximately twenty (20) Plaintiffs of which seven (7) Plaintiffs cases were dismissed/withdrawn by Boone Law Firm.

In *Plaintiffs' Memorandum In Opposition To Defendants' Motion To Compel*, these Plaintiffs provided sample excerpts from their respective supplemental discovery responses to show that they had substantively responded to the deficiencies outlined in Defendants' letters.   Accordingly, these Plaintiffs by substantively supplementing their responses made a good faith attempt to cure the alleged deficiencies complained of by the Defendants, and as such, it would be unjust to award attorney fees and cost to the Defendants under these circumstances. Defendants seek fees merely because the Defendants were able to elicit additional information from the Plaintiffs during their depositions.

**3.   Other circumstances make an award of expenses unjust**

All Plaintiffs have responded to Defendants' discovery.  Plaintiffs continue to supplement their responses.  Plaintiffs' supplemental responses cure the matters complained of by Defendants in the deficiency letters.

The Plaintiffs have supplemented their discovery responses relating to deficiencies letters received from Defendants.

The December 6, 2010 Court Order provided that "failure to produce all the discovery ordered by the Court in response to such motion to compel, within the time allotted by the Court, may result in dismissal as a sanction under Rule 37…………" This Court contemplated consideration of sanctions only after Plaintiffs were given a

reasonable opportunity to cure deficiencies and failed to do so.  Thus Defendants' application for attorney fees and expenses is premature.

Finally, this Court has ordered that 15 depositions occur per month in these cases. Even at this accelerated rate, the deposition of just Plaintiffs will not be complete until mid 2012.  Accordingly, the majority of the Plaintiffs covered in the instant motion will not be scheduled for deposition for months or even years considering that sales representatives and prescribers must also be deposed. Therefore there is ample time for curing of any alleged deficiencies and there is not any prejudice to Defendants.

Plaintiffs deny that the Defendants are not entitled any relief under Federal Rules of Civil Procedure 37(a).  Notwithstanding, the Defendants have not submitted any supporting documentation outlining the particular attorneys or paralegals that performed the work on the Motion to Compel for which they seek $111,000.00.  Plaintiffs do not have resumes of the attorneys or of the paralegals so as to be able to properly respond to whether the amount requested is reasonable.

WHEREFORE PREMISES CONSIDERED, Plaintiffs request that the Defendants' Application for Attorney Fees and Cost under FRCP 37 (a) be denied.

Respectfully Submitted,

**BY:** //s/ Levi Boone, III
_____
Levi Boone, III, MSB #3686
**BOONE LAW FIRM, P.A**.
401 West Sunflower Avenue
Post Office Box 1772
Cleveland, MS 38732
TEL: 662-843-7946
FAX: 662-843-7950

CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing document has been served as required by Case Management Order Number 3 on the 17th day of January, 2011 (CST).

/s/ Levi Boone, III
Levi Boone, III