# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re:   NEURONTIN MARKETING, SALES PRACTICES,
          AND PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

KAISER FOUNDATION HEALTH PLAN, INC., et al.

v.

PFIZER, INC., et al.

MDL Docket No. 1629

Civ. Action No.
04-cv-10739-PBS

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION
FOR TREBLED DAMAGES AND PREJUDGMENT INTEREST UNDER
RICO AND UPDATED PREJUDGMENT INTEREST UNDER THE UCL**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"),
respectfully submit this Sur-Reply in opposition to Plaintiffs' Motion for Trebled Damages and
Prejudgment Interest Under RICO and Updated Prejudgment Interest Under the UCL.

## ARGUMENT

## I.   Interest Cannot Properly Be Awarded On Plaintiffs' RICO Claims

Plaintiffs' reply in support of their request for pre-judgment interest ignores most of the
arguments made by Pfizer and distorts others.  Initially, Plaintiffs' suggestion that Pfizer relied
primarily upon cases decided under statutes other than RICO (Pl. Reply [3229] at 4) is untenable.
To the contrary, as discussed in Pfizer's Opposition [3193], courts considering whether to award
prejudgment interest under RICO have repeatedly refused to do so.  Significantly, in the cases
cited by Pfizer, the courts declined to award prejudgment interest after substantively discussing
relevant precedent, the policies underlying the treble damages provision of RICO, the purpose
for prejudgment interest, and factors to be considered.  *See Gutman v. Klein*, No. 03 Civ. 1570,

2010 WL 4916722, at *5 (E.D.N.Y. Nov. 24, 2010); *Masco Corp. v. Bennett*, No. 3:08-cv-161, 2010 WL 1405136, at *3 (W.D.N.C. Mar. 31, 2010); *State of Indiana ex. rel. Zoeller v. Pastrick*, 696 F. Supp. 2d 970, 989 (N.D. Ind. 2010); *Chubb & Son Inc. v. Kelleher*, No. 92CV4484CBARML, et al., 2006 WL 1789118, at *5 (E.D.N.Y. Apr. 28, 2006); *Panix Prods., Ltd. v. Lewis*, No. 01 Civ. 2709, 2003 WL 21659370, at *3 (S.D.N.Y. July 15, 2003); *Bingham v. Zolt*, 810 F. Supp. 100, 101-02 (S.D.N.Y. 1993); *Nu-Life Constr. Corp. v. Bd. of Educ. of N.Y.*, 789 F. Supp. 103, 104-06 (E.D.N.Y. 1992); *La. Power & Light Co. v. United Gas Pipe Line Co.*, 642 F. Supp. 781, 811 (E.D. La. 1986); *see also Abou-Khadra v. Mahshie*, 4 F.3d 1071, 1084 (2d Cir. 1993) (affirming trial court's denial of prejudgment interest where the trial court found that "the trebling of the RICO damages adequately compensated [the plaintiffs] for the loss of the use of their money during the prejudgment period").[1]

Plaintiffs essentially ignore this long line of precedent, opting instead to create a false dichotomy by selecting only two of these eight cases to compare and contrast with one of the cases that they rely upon.  (Pl. Reply at 3 n.2 (discussing *Zoeller* and *Bingham*).)  Even then, Plaintiffs mischaracterize the basis for the courts' decisions.  In *Zolt*, the primary reason given by the court to deny prejudgment interest was that "the treble damage award on the RICO recovery adequately compensates plaintiff for the actual damages suffered and obviates the need to award prejudgment interest."  810 F. Supp. at 101-02.  Likewise, in *Zoeller*, the court found that an award of prejudgment interest would overcompensate the plaintiffs.  *See* 696 F. Supp. 2d at 989. As the court stated:

> [T]he vast majority of courts exercising their discretion in this regard have
> concluded that prejudgment interest in addition to treble damages under RICO

---

[1] Plaintiffs' response also depends upon creation of a strawman that is easier to knock down than to address the merits of Pfizer's arguments.  Contrary to Plaintiffs' suggestion (Pl. Reply at 5-6), Pfizer did not argue in its opening brief that the absence of prejudgment interest in the RICO statute bars prejudgment interest in all cases.  Instead, in an argument well supported by the case law, Pfizer argued that prejudgment interest is disfavored in cases involving double and treble damages, including RICO, and that the relevant factors (which are largely ignored by Plaintiffs) did not support such an award in this case.  Whether to award prejudgment interest is addressed to a court's discretion, but, as in all cases, a court's discretion is not unbounded.

was inappropriate because the trebled damages were adequate to compensate the plaintiff for the damages it sustained and to award additional prejudgment interest would result in overcompensation.

*Id.* at 989.[2]  Indeed, the distinction that Plaintiffs attempt to draw is one not made by the courts themselves and is inapplicable to the rest of the cases cited in Pfizer's opening brief, which did not involve the diversion of funds to third parties, but money wrongfully taken or retained by the defendants.[3]

The fact that these cases are consistent with decisions reached by courts who have considered whether prejudgment interest should be awarded under other double or treble damage statutes lends additional force to their reasoning.  The common thread in each of these cases is the same:  An award of prejudgment interest is not necessary to make the plaintiff whole where the statute provides for double or treble damages and would, therefore, result in overcompensation to the plaintiff.[4]

In contrast, most of the RICO cases relied upon by Plaintiffs are default judgments, bereft of any discussion of the relevant factors or policy considerations underlying an award of

---

[2]  Contrary to Plaintiffs' characterization of *Zoeller*, the court's decision did not depend on whether the public funds embezzled as a result of the defendants' actions went into their own pockets or to their political cronies. Indeed, the court seemed unimpressed by any such distinction, noting that "defendants' racketeering enterprise caused the City' funds to be expended for the Pastrick political machine's ***own purposes*** in the form of the Sidewalks for Votes scheme." *Zoeller*, 696 F. Supp. 2d at 983 (emphasis).

[3]  *See Abou-Khadra*, 4 F.3d 1077-78; *Gutman*, 2010 WL 4916722, at *2-3; *Masco Corp.*, 2010 WL 1405136, at *1; *Chubb & Son Inc.*, 2006 WL 1789118, at *1 (defendant paid for his role in scheme to defraud insurer); *Panix Promotions, Ltd. v. Lewis*, No. 01 Civ. 2709, 2002 WL 72932, at *2-3 (S.D.N.Y. Jan. 17, 2002); *Group III Capital, Inc. v. Parasol Group, Ltd.*, No. 00 Civ. 6860, 2003 WL 1948801, at *2 (S.D.N.Y Apr. 23, 2003); *In re Crazy Eddie Sec. Litig.*, 948 F. Supp. at 1166; *La. Power & Light Co.*, 642 F. Supp. at 786.

[4]  *See, e.g., Fortino v. Quasar Co.*, 950 F.2d 389, 397 98 (7th Cir. 1991); *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 80 (2d Cir. 1971), *rev'd on other grounds sub nom. Hughes Tool Co. v. Trans World Airlines, Inc.*, 409 U.S. 363 (1973); *Am. Timber & Trading Co. v. First Nat'l Bank of Or.*, 690 F.2d 781, 786 (9th Cir. 1982); *Estates of Ungar ex rel. Strachman v. Palestinian Auth.*, 304 F. Supp. 2d 232, 237-40 (D.R.I. 2004); *Dexter v. Cosan Chem. Corp.*, No. Civ.A. 91-5436, 1997 WL 34663763, at *2-3 (D.N.J. Mar. 12, 1997).  *Fishman v. Estate of Wirtz*, 807 F.2d 520 (7th Cir. 1986), which is quoted out of context by Plaintiffs so as to misstate its holding (Pl. Reply at 6), is consistent with these decisions. *See Fishman*, 807 F.2d at 561-62 (holding that prejudgment interest was not available in Clayton Act case).

3

prejudgment interest.  *See D'Orange v. Feely*, No. 95-7904, 1996 WL 446254 at *1, *4 (2d Cir. Aug. 8, 1996); *Monex Deposit Co. v. Gilliam*, No. SACV 09-287-JVS, 2010 WL 2349095 (C.D. Cal. Jun. 1, 2010); *Businessland Rents, Inc. v. Brothers*, No. 91-C-0144, 1991 WL 249679 (N.D. Ill Nov. 14, 1991); *Tri Component Prods. Corp. v. Benarroch*, No. 87-CIV-2351, 1988 WL 126560 (S.D.N.Y. Aug 5, 1988); *Min v. Chung*, No. 86-7486, 1987 WL 14148 (E.D. Pa. Jul. 16, 1987).  Such decisions are deserving of little weight.[5]  As one court explained:

> Plaintiff cites *Tri Component Products Corp. v. Benarroch*, . . . , 1988 WL 126560 (S.D.N.Y. 1988), in which the Court awarded prejudgment interest on a RICO recovery, to support its claim for prejudgment interest.  The Court in *Tri Component Products Corp.* did not provide reasoning for awarding prejudgment interest on top of the treble damages award.  Nevertheless, this case is distinguishable from *Tri Component Products Corp.*  In *Tri Component Products Corp.*, in contrast to this case, the Court entered judgment on default against the defendant and accepted verbatim the Magistrate's Recommended Order, to which the defendants filed no objections.

*Bingham*, 810 F. Supp. at 103.[6]  Plaintiffs then sought to bolster these reasonless decisions by resort to ERISA cases, thereby invoking cases decided under a statute that does not provide for double or treble damages.[7]

Plaintiffs attempt to analogize this case to *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, No. 88-CV-3694, 1996 WL 510097, at *16 (E.D.N.Y. Sept. 5, 1996), *rev'd on other grounds*, 187 F.3d 229 (2d Cir. 1999), and *Miltland Raleigh-Durham v. Myers*, 840 F. Supp. 235,

---

[5] Plaintiffs argue that Pfizer has not explained why such courts awarded prejudgment interest. (Pl. Reply at 1.)  Of course, such explanations are difficult where a court itself gives no reasons for its decision.  But, one likely explanation is that the issue was not properly briefed for the court.

[6] *Allstate Ins. Co. v. Palterovich*, 653 F. Supp. 2d 1306 (S.D. Fla. 2009), where default judgment was entered as a result of the defendant's discovery abuses, contains only a slight reference to factors to be weighed by the courts,.  *See* 653 F. Supp. 2d at 1314-15.  Another case, *Rubin v. Donoghoe*, No. 3: 05-CV-1644, 2006 WL 3254481 (D. Conn. Oct. 20, 2006), did not involve an entry of judgment.  *See Rubin*, 2006 WL 3254481, at *1, *11.  And another, *Aetna Casualty. & Surety Co. of Ill. v. Levy*, No. 83-C-3566, 1985 WL 3766 (N.D. Ill. Nov. 7, 1985), was decided prior to the Seventh Circuit's decision in *Fortino*, fails to address the implications of trebling on a prejudgment interest award, and is inconsistent with subsequent decisions by Illinois federal district courts.  And, as noted in Pfizer's opening brief, any discussion of the issue in *Aetna Casualty Surety Co. v. P&B Autobody*, 43 F.3d 1546 (1st Cir. 1994), which is at best open-ended, is dicta.  *See id.* at 1571.

[7] *See* 29 U.S.C. § 1132.

4

243 (S.D.N.Y. 1993), by resort to broad generalities (Pl. Reply at 3), but the analogy fails.  In both cases, the courts acknowledged that prejudgment interest should be awarded in RICO cases only under extraordinary circumstances.  *See Cofacredit*, 1996 WL 510097, at *16; *Miltland Raleigh-Durham*, 840 F. Supp. at 243.  All RICO claims require a pattern of racketeering activity and almost all involve claims of fraud.  As a result, the courts' findings regarding exceptional circumstances were based ***not*** upon the underlying conduct alleged in the complaint and for which the plaintiff was more than made whole by trebled compensatory damages.  Instead, the courts looked at conduct of the defendants intended to delay the litigation, more specifically, bad faith petitions for bankruptcy.  That the extraordinary circumstances considered by the courts were limited to such conduct was made explicit by the courts, who calculated prejudgment interest only from the time of the defendants' bankruptcy filing.  *See Cofacredit*, 1996 WL 510097, at *16; *Miltland Raleigh-Durham*, 840 F. Supp. at 242-43.  No similar circumstances have been alleged here.

Finally, the pillar of Plaintiffs' argument, which depends on a case having nothing to do with prejudgment interest, collapses under its own weight.  Plaintiffs argue that this overwhelming weight of precedent cited by Pfizer should be ignored in the face of *PacifiCare Health Sys., Inc. v. Book*, 538 U.S. 401 (2003).  (Pl. Reply at 1, 4-5. )  Plaintiff talismanically invokes *PacifiCare* without addressing any of the several arguments made by Pfizer for why it is irrelevant to the issue under consideration.  First, *PacifiCare* had nothing to do with prejudgment interest.  Instead, the court considered only whether the term "punitive damages" in an arbitration agreement encompassed RICO treble damages.  *See* 538 U.S. at 405.  Second, the court's discussion of the remedial purpose of treble damages did not represent a novel shift in the law, but simply summarized its precedents dating back to 1982.  *See id.* at 406.  The Supreme Court has long recognized that treble damages serve *both* a remedial and a compensatory function.  *See, e.g.*, *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 507 (2008); *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 485 (1977) (characterizing the Clayton Act's treble damages as remedial, but also noting that "treble damages also play an important role in

penalizing wrongdoers and deterring wrongdoing"). Thus, because *PacifiCare* neither discussed prejudgment interest nor represented any change in the law with respect to treble damages, none of the cases cited by either Plaintiffs or Pfizer, which include cases decided before and after *PacifiCare*, rely upon it.[8]

Moreover, *PacifiCare*'s characterization of treble damages as remedial does not support Plaintiffs' argument, but **contradicts** it. The primary reason courts have given for not awarding prejudgment interest is that plaintiffs are made whole by treble damages. *See Nu-Life Constr. Corp.*, 789 F. Supp. at 105; *La. Power & Light*, 642 F. Supp. at 811.[9] Indeed, in *Cook County, Illinois v. United States ex rel. Chandler*, 538 U.S. 119 (2003), the Supreme Court noted that the treble damages provision of the False Claims Act helped to assure full recovery in light of the fact that the statute made no provision for prejudgment interest. *Id.* at 131.

Plaintiffs have not identified any extraordinary circumstances that support an award of prejudgment interest in this case. Plaintiffs' status as a non-profit corporation and medical provider is irrelevant, since it does not change the fact that Plaintiffs are made whole by an award of treble damages. Plaintiffs vaguely allege that they may have incurred damages not included in the compensatory award (Pl. Reply at 7), but give no hint as to what those damages might be. Indeed, Plaintiffs have not even demonstrated that they have lost the time value of money since any amounts paid for Neurontin prescriptions were likely passed on to Kaiser Foundation Health Plan members in the form of higher premiums. Nor have Plaintiffs identified any way that Pfizer improperly delayed this litigation. To the contrary, the fact that Plaintiffs

---

[8] Only *Panix Productions*, a case relied on by Pfizer, even cites *PacifiCare*, noting that compensatory damages must be trebled under RICO. *See* 2003 WL 21659370, at *3. Significantly, in *Panix Productions*, the court declined plaintiffs' request for prejudgment interest. *See id.*

[9] Once again, Plaintiffs resort to mischaracterizing the cases cited by Pfizer when they discuss *Fortino* and *Trans World Airlines*. (Pl. Reply at 5.) In *Fortino*, the Seventh Circuit considered *both* the remedial and punitive functions of treble damages. *See* 950 F.2d at 398 ("Even confined to the compensatory part of the award, prejudgment interest would be questionable.") And, in *Trans World Airlines*, the court focused on the compensatory effect of treble damages. *See* 449 F.2d at 80 ("[T]rebled damages will more than adequately compensate TWA for its injuries.").

6

waited until after Pfizer's settlement with the government to file suit (Pl. Reply at 7) shows that it was Plaintiffs who delayed pursuing their claims.

Plaintiffs' unjust enrichment argument (Pl. Reply at 9) does not change the analysis. Just as treble damages are sufficient to make Plaintiffs whole for the loss of the time value of money, treble damages are sufficient to deprive Pfizer of the benefit of the time value of the money.

## II.   Plaintiffs' Damages Are Too Speculative To Support An Award Of Prejudgment Interest

Plaintiffs' response to Pfizer's arguments regarding the speculative nature of their damages misses the point. While Pfizer reserves its right to challenge the sufficiency of the evidence to support *any* award of damages, the current question is whether the damages are sufficiently uncertain that such uncertainty should not be compounded by an award of prejudgment interest on top of treble damages. Indeed, in a case relied upon by Plaintiffs, *Wickham Contracting Co. v. Local Union No. 3, IBEW*, 955 F.2d 831 (2d Cir. 1992), the Second Circuit made clear that "[t]he speculative nature of the damages in question will always be relevant to a sound decision on a consideration of whether prejudgment interest should be awarded." 955 F.2d at 836.

Here, it is undisputed that Plaintiffs' experts did not use Kaiser-specific data, that Prof. Rosenthal extrapolated from survey data having wide margins of error, that she included ICD9 Codes provided by counsel and which were not specific to the indications at issue, that she did not attempt to measure the impact of formulary decisions made by Permanente Medical Groups, and that she did not attempt to measure the impact of delay of scientific publications. Pfizer has identified numerous other factors, including this Court's own criticisms of Prof. Rosenthal's analysis,[10] that render her calculations inaccurate. Even if her opinions survive exclusion under *Daubert*, they cannot support an award of prejudgment interest.

---

[10] *See, e.g.*, *In re Neurontin Mktg. & Sales Practices Litig.*, No. 1:04-cv-10981, Mem. & Order [3154] at 26-27 (D. Mass. Dec. 10, 2010).

### III. Dr. Hartman's Interest Calculations Are Unrelated To The Jury Verdict And Use An Inappropriate Rate of Interest

As discussed in Pfizer's opening brief, numerous courts have rejected the prime rate of interest and instead used the statutory, post-judgment rate, where there is no evidence that the plaintiff had to borrow to replace any of the amounts for which they sought to recover as damages. *See Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 955 (Fed. Cir. 1997).[11]  Plaintiffs argue that the prime rate is appropriate (Pl. Reply at 13 n.8), but do not argue that they had to borrow during the relevant time period.  Indeed, as noted above, Plaintiffs have not even shown than any amounts paid for Neurontin prescriptions were not passed on to their members. Accordingly, even if this Court should decide to award prejudgment interest, for the reasons discussed above and in Pfizer's opening brief, it should not use a rate that will exacerbate the extent of overcompensation to the Plaintiffs.

Likewise, the time period used by Dr. Hartman is arbitrary.  Plaintiffs failed to request a verdict form that would have required the jury to identify for which years they awarded damages. Prejudgment interest cannot be supported by Plaintiffs' guesses at what time period the jury used.  *See SEB S.A. v. Sunbeam Corp.*, No. 02-80527-CIV, 2004 WL 5564188, at *2 (S.D. Fla. Mar. 22, 2004).

### IV. Prejudgment Interest Cannot Be Awarded On Trebled Damages

For the reasons stated in Pfizer's opening brief, if the Court finds that prejudgment interest should be awarded, it must be limited to the $47,363,092 actual damages found by the jury.  As discussed in Pfizer's opening memorandum, Plaintiffs' simplistic argument that treble damages serve a remedial purpose does not justify an award of interest on the trebled portion of any award.  As noted above, the Supreme Court has repeatedly recognized that treble damages

---

[11] *See also In re M/V Nicole Trahan*, 10 F.3d 1190, 1196-97 (5th Cir. 1994); *Stone v. Bayer Corp. Long Term Disability Plan*, No. 08-CV-356-BR, 2010 WL 2595675, at *4 (D. Or. June 21, 2010); *Vickers v. Principal Mut. Life Ins. Co.*, 993 F. Supp. 19, 21 (D. Mass. 1998); *Celi v. Trs. of Pipefitters Local 537 Pension Plan*, 975 F. Supp. 23, 29 n.4 (D. Mass. 1997); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1331 (8th Cir. 1995); *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 314 F. Supp. 2d 201, 203 (S.D.N.Y. 2003).

serve both a remedial and punitive function. *See, e.g.*, *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 786 (2000); *see also SouthStar Funding, LLC v. Sprouse*, No. 3:05-CV-253-W, 2007 WL 812174, at *4 (W.D.N.C. Mar. 13, 2007).  In this case, an award of treble damages far exceeds that amount needed to compensate Plaintiffs, even taking into consideration the lost time value of money.  Since one of the remedial goals of treble damages it to compensate for the lost time value of money, s*ee Cook County, Ill.*, 538 U.S. at 131, Plaintiffs are essentially asking for interest on interest.  Further, awarding prejudgment interest on trebled damages is inconsistent with the goal of compensating plaintiffs for the lost use of funds, since Plaintiffs do not become entitled to treble damages until judgment is entered and such damages do not represent Plaintiffs' actual out-of-pocket loss.  *Cf. In re Marshall*, 970 F.2d 383, 385 (7th Cir. 1992); *Rush v. Scott Specialty Gases, Inc.*, 940 F. Supp. 814, 817 (E.D. Pa. 1996); *Neal v. Honeywell, Inc.*, 995 F. Supp. 889, 897 (N.D. Ill. 1998), *aff'd*, 191 F.3d 827 (7th Cir. 1999).

Plaintiffs have not responded to Pfizer's arguments on this point, beyond their speculative and irrational suggestion that their "actual" damages were three times what the jury awarded.

## **CONCLUSION**

For all the foregoing reasons, Plaintiffs' request for prejudgment interest should be denied.  Alternatively, prejudgment interest should be limited to the actual damages found by the jury ($47,363,092), the time period from December 31, 2004 to judgment, and based upon the rates provided in 28 U.S.C. § 1961.

Dated: January 18, 2011

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:   /s/ Mark S. Cheffo
        Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000
Email:  Mark.Cheffo@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:   /s/ Raoul D. Kennedy
        Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel:  (415) 984-6400
Email:  Raoul.Kennedy@skadden.com

---

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 18, 2011.

        /s/ Mark S. Cheffo
        Mark S. Cheffo

---

WHEELER TRIGG O'DONNELL LLP

By:   /s/ James E. Hooper
        James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel:  (303) 244-1800
Email:  hooper@wtotrial.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*