# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NEURONTIN MARKETING, SALES PRACTICES, AND      : MDL Docket No. 1629
PRODUCTS LIABILITY LITIGATION                  :
                                               : Master File No. 04-10981
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x Judge Patti B. Saris
THIS DOCUMENT RELATES TO:                      :
                                               : Magistrate Judge Leo T.
                                               : Sorokin
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
HARDEN MANUFACTURING CORPORATION;              :
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,    :
dba BLUECROSS/BLUESHIELD OF LOUISIANA;         :
INTERNATIONAL UNION OF OPERATING ENGINEERS,    :
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL   :
52 HEALTH BENEFITS TRUST; GERALD SMITH; and    :
LORRAINE KOPA, on behalf of themselves and all others :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT :
COMPANY.                                       :
                                               :
                                               :
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' PROPOSED REPLY MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION TO PRECLUDE GARY VARNAM AND JAN FRANK WITYK FROM
PURSUING  INDIVIDUAL CLAIMS OR, ALTERNATIVELY, TO SEVER AND
<u>TRANSFER THEIR CLAIMS PURSUANT TO 28 U.S.C. § 1404</u>**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") submit

this reply memorandum in further support of their Motion to Preclude Gary Varnam and Jan

Frank Wityk from Pursuing Individual Claims or, Alternatively, to Sever and Transfer Their

Claims Pursuant to 28 U.S.C. § 1404.

**INTRODUCTION**

The Court instructed the parties to address whether Varnam's and Wityk's putative

claims "should be transferred pursuant to 28 U.S.C. § 1404." *In re Neurontin Mktg. & Sales

Practices Litig.*, MDL No. 1629, 2010 WL 5037005, at *11 n.4 (D. Mass. Dec. 10, 2010).  In

response, Defendants demonstrated that Varnam and Wityk are not parties to this case and do not

have any claims pending before this Court. (*See* Defs' Mem. [3192] at Section I.)  Plaintiffs

have essentially conceded this point, noting that "[t]here is simply no individual civil action to transfer and nowhere to transfer their claims."  (Pls' Resp. [3231] at 5.)  Based on the clear record and Plaintiffs' own admissions, Varnam and Wityk are nonparties who should be precluded from asserting any unpled claims against Defendants at this late date.

Alternatively, Defendants provided extensive analysis of 28 U.S.C. § 1404 and related authorities as applied to the facts of this case.  (*See* Defs' Mem. [3192] at Section II.)  In contrast, despite the Court's clear instruction, Plaintiffs have provided no analysis of § 1404, nor have they responded to Defendants' arguments.  Indeed, Plaintiffs do not dispute that a straightforward application of 28 U.S.C. § 1404 strongly favors transfer of Varnam's and Wityk's putative claims to the states in which they were prescribed and took Neurontin.  Instead, Plaintiffs argue that Varnam's and Wityk's failure to file individual claims somehow precludes transfer.  Alternatively, Plaintiffs argue that transfer of Varnam's and Wityk's putative claims should await the outcome of various prospective appeals and reconsideration motions.  As discussed below, both arguments are meritless.

Having failed to address the issue raised by the Court, Plaintiffs instead use their response brief to raise different issues and request affirmative relief for which they have not filed any motion.  For example, Plaintiffs request a stay of Varnam's and Wityk's unpled claims pending the outcome of various appeals and reconsideration motions.  (*See* Pls' Resp. [3231] at 3.)  Plaintiffs also submit a proposed order that addresses suits by parties other than Varnam and Wityk.  (*See id.* at 5-6 & Ex. B.)  This is wholly improper.  The only legitimate purpose of an opposition brief is to attempt to show "why the motion should not be granted."  Local Rule 7.1(b)(2).  A party seeking affirmative relief must file an appropriate motion; it cannot request un-moved-for relief in an opposition brief.[1]  While Defendants agree that the Court's recent

---

[1] *See, e.g.*, *Woodland v. Viacom, Inc.*, 569 F. Supp. 2d 83, 85 n.2 (D.D.C. 2008) ("An opposition brief is not the proper vehicle by which to request judgment as a matter of law. Only an appropriate motion seeking such relief, in accordance with the Federal Rules, will serve this purpose."); *Hernando v. Hamamoto*, No. 07-00620, 2008 WL 1912445, *2 n.4 (D. Haw. Apr. 29, 2008) ("[A]n opposition to a motion to dismiss is not the appropriate forum for amending a complaint."); *In re Inman*, No. 05-73169, 2007 WL 781940, at *3 (Bankr. N.D. Ohio Mar. 12, 2007) ("While these factors [regarding setting aside entry of default] have been addressed to some extent in Defendant's opposition, the court cannot skip the

summary judgment decision has important implications for other parties' claims, the decision directly addresses Varnam's and Wityk's putative claims, the status of which is now ripe for decision.

## ARGUMENT

**I.      Gary Varnam and Jan Frank Wityk Are Not Parties and Should Not Be Permitted to Pursue Individual Claims Against Pfizer**

Plaintiffs concede the central point of Defendants' argument:  that with respect to Varnam and Wityk, "[t]here is simply no individual civil action to transfer and nowhere to transfer their claims."  (Pls' Resp. [3231] at 5.)  This is because Varnam and Wityk are not parties to this case, do not have any claims pending before this Court, and should therefore be precluded from attempting to assert such unpled claims against Pfizer at this late date.

Plaintiffs argue in a footnote that they "moved to amend" the Third Amended Class Action Complaint to add Varnam and Wityk as parties, that "formal amendment is not required," and that Varnam's and Wityk's unpled claims "should not be precluded because a formal amendment never occurred."  (Pls' Resp. [3231] at 5 n.4.)  Plaintiffs are referring to their Renewed Motion for Class Certification, which merely sought to add Varnam and Wityk as "proposed consumer class representatives."  (Pls' Renewed Mot. for Class Certif. [1016] at 4.)  The express purpose for that request – and title of the motion in which it was made – was to seek class certification, not to assert additional individual claims to be pursued irrespective of class certification.

In any event, the distinction Plaintiffs seek to draw between "formal" and "informal" amendment of pleadings is irrelevant because neither occurred.  Plaintiffs' authority states merely that "[t]he court may permit intervention by a new representative or may simply designate that person as a representative in the order *granting* class certification."  (Mem. Supp. Pls' Renewed Mot. for Class Certif. [1018] at 1 n.1 (citation omitted) (emphasis added).)  Here,

---

filing of appropriate motions seeking affirmative relief in accordance with the applicable rules and binding case law.").

the Court *denied* Plaintiffs' renewed motion for class certification in its entirety without giving any indication that Varnam and Wityk would henceforth be accorded the status of individual named plaintiffs. (Mem. and Order [1780].)  Plaintiffs never reiterated their request to amend their pleadings and never separately moved to add Varnam and Wityk as parties. "Informal" amendment does not occur simply because a party once included a subsidiary request in a class certification motion that was denied in its entirety almost two years ago.

**II.   If the Court Allows Varnam and Wityk to Proceed, It Should Sever and Transfer their Claims to the States in Which They Were Prescribed and Took Neurontin**

**A.   Varnam and Wityk Cannot Avoid Transfer Based on Their Own Failure to Plead Any Claims**

Plaintiffs provide no analysis under 28 U.S.C. § 1404 and do not dispute that its straightforward application strongly favors transfer of Varnam's and Wityk's putative claims to the States in which they were prescribed and took Neurontin.  Instead, Plaintiffs argue that because Varnam and Wityk never filed individual actions in their home states, there is "nowhere to transfer their claims." (Pls' Resp. [3231] at 5.)  Plaintiffs essentially seek to create a new category of quasi-parties who can avail themselves of the perceived advantages of party status while selectively shielding themselves from any perceived disadvantages.  But they cannot have it both ways.  If, as both sides assert, Varnam and Wityk are not parties and have no pending claims to be transferred, then logic dictates that they also have no pending claims to be stayed or otherwise pursued against Pfizer.  Conversely, if the Court chooses to retroactively confer party status on Varnam and Wityk (which it should not), then their claims must be subject to severance and transfer under 28 U.S.C. § 1404 just like any other party's claims.  Moreover, Plaintiffs' citation-free suggestion that they can avoid remand or transfer by means of improper pleading strategies ignores on-point authority to the contrary cited in Defendants' opening brief. (Defs' Mem. [3192] at 17-18 (citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998); *In re Norplant Contraceptive Prods. Liab. Litig.*, 946 F. Supp. 3, 4 (E.D. Tex. 1996)).)

**B.      Varnam and Wityk Are Not Entitled to a Stay of Their Putative Claims Pending Dubious Appeals and Reconsideration Motions**

Plaintiffs argue that Varnam's and Wityk's unpled claims should be stayed pending appeals of the Court's orders denying class certification and granting summary judgment against the other Class Plaintiffs.  (*See* Pls' Resp. [3231] at 5 & n.5.)  Plaintiffs also suggest that the transfer of Varnam's and Wityk's unpled claims must await formal rulings on two motions for reconsideration.  (*See id.* at 6.)  Plaintiffs' request is defective on its face because they never moved for any stay of proceedings.  The request is also meritless.  Plaintiffs cite no supporting authority and they neither address nor satisfy the four-part standard governing such requests:

> (1) whether the applicant has made a strong showing of success on the merits [of the appeal]; (2) whether the applicant will be irreparably harmed absent [the stay]; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies.

*Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 n.3 (1st Cir. 2002).  The first of these requirements is particularly important.  As the First Circuit has repeatedly held, "'the sine qua non of the stay pending appeal standard is whether the movants are likely to succeed on the merits'" of the appeal.  *In re Elias*, 182 F. App'x 3, 4 (1st Cir. 2006) (quoting *Acevedo-Garcia*, 296 F.3d at 16 (brackets and citation omitted)).

Plaintiffs' request for a stay is based on the highly improbable notion that the First Circuit will reverse this Court's denial of class certification and compel certification of a consumer bipolar class with Varnam and Wityk as its representatives.  But Plaintiffs have not made and cannot make any showing that their prospective appeal is likely to succeed.  This Court's denial of class certification and allowance of summary judgment against the other Class Plaintiffs follows the now uniform rule holding that plaintiffs who assert fraudulent marketing claims against prescription drug manufacturers must prove causation through individualized evidence and cannot rely on aggregate proof.[2]  The likelihood of the First Circuit rejecting this

---

[2] *See In re Neurontin Mktg., Sales Practices & Prods. Liab. Litig.*, 257 F.R.D. 315, 324 (D. Mass. 2009) ("A quartet of cases decided after August 2007 has led the court to reconsider permitting the use of statistical evidence to establish a classwide presumption of causation.") (denying renewed motion for class certification); *In re Neurontin Mktg. & Sales Practices Litig.*, MDL No. 1629, 2010 WL 5037005, at

unbroken line of authority by not only allowing, but mandating, certification of a nationwide consumer class is extremely slim and does not warrant a stay pending appeal. *See In re Elias*, 182 F. App'x at 4 (denying stay where "debtor's chances of success on the merits of his appeal . . . do appear slim"). And even if there were any reason to expect Plaintiffs' appeal to succeed, Plaintiffs fail to explain how Varnam or Wityk would be irreparably harmed by having their claims proceed independently. Nor have Plaintiffs' shown that a consumer bipolar class would be irreparably harmed by having class representatives other than Varnam and Wityk.

For the same reasons, Plaintiffs' prospective appeal of this Court's summary judgment rulings against the other Class Plaintiffs is unlikely to succeed. And, again, even if it did, Plaintiffs fail to show how Varnam and Wityk would be irreparably harmed by having their claims proceed independently of the other Class Plaintiffs' claims. Plaintiffs' mere preference that all Class Plaintiffs' claims proceed together does not constitute the required showing of irreparable harm. *See, e.g.*, *Hill v. Kemp*, No. 04-CV-0028, 2007 WL 2571958, *2 (N.D. Okla. Aug. 31, 2007). In *Hill*, the court dismissed certain plaintiffs' claims, and the defendant requested a stay of the surviving plaintiffs' claims pending the dismissed plaintiffs' appeal. The court denied the request, holding that "the claims involve[d] different issues and different sets of plaintiffs" and that "a stay would do little to conserve resources for either the Court or litigants." *Id.* Moreover, Plaintiffs' apparent assumption that Varnam and Wityk would be irreparably harmed by having their putative claims proceed separately begs the question of whether their claims could instead be more conveniently pursued in other fora – a question Plaintiffs have

---

*10 (D. Mass. Dec. 10, 2010) (noting Plaintiffs' reliance on Dr. Rosenthal's statistical analysis and holding that "[m]ost courts have rejected such aggregate proof") (granting summary judgment against all Class Plaintiffs except Varnam and Wityk); *In re Neurontin Mktg. & Sales Practices Litig.*, 677 F. Supp. 2d 479, 494, 496 (D. Mass. 2010) (recognizing "almost uniform[]" rule that "a plaintiff TPP or class must prove through individualized evidence that the misrepresentation caused specific physicians, TPPs, or consumers to rely on the fraud, and cannot rely on aggregate or statistical proof.") (granting summary judgment against Coordinated Plaintiffs Aetna and Guardian). The Second Circuit recently eliminated price-inflation theories as the only possible exception to this line of authority. *See UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 133 (2d Cir. 2010) (to be published in F.3d) (holding that "plaintiffs' excess price theory is not susceptible to generalized proof with respect to either but-for or proximate causation").

utterly failed to address.

Finally, Plaintiffs contend that two pending motions for reconsideration "would preclude entry of judgment(s)." (Pl. Br. at 6.) Specifically, Plaintiffs refer to their motion for reconsideration of the Court's denial of class certification [1796][3] and to BCBSLA's motion for reconsideration of the Court's order granting summary judgment against it [3178]. To the extent Plaintiffs contend that the transfer of Varnam's and Wityk's unpled claims must await formal rulings on these motions, their argument must be rejected. Plaintiffs cannot show that either motion is likely to succeed on the merits and BCBSLA's motion has no connection to Varnam's and Wityk's putative claims.

The Court has already effectively denied reconsideration of its order denying class certification. The Court did so by stating on the record that it would not reconsider its refusal to certify any consumer class[4] and by granting summary judgment against all of the Class TPPs.[5] And in its recent summary judgment decision, the Court evaluated each consumer's claim based on individualized evidence regarding particular communications allegedly made to each prescribing doctor,[6] further confirming that individualized issues predominate and no consumer class should be certified. To the extent that this reconsideration motion remains "pending" at all, its formal denial need not delay the Court's decision regarding Varnam and Wityk.

As for BCBSLA's motion for reconsideration, this motion has even less chance of succeeding because it is based on liability theories and litigation strategies that BCBSLA expressly disavowed in the strongest possible terms while Defendants' summary judgment

---

[3] Plaintiffs fail to explain why judgment should not be entered against any Class Plaintiffs until after the Court formally denies their reconsideration motion regarding class certification. Even if a class could be certified (which it cannot), this would not save those individual named plaintiffs whose claims did not survive summary judgment.

[4] *See* 9/18/09 Hearing Tr. [2114] at 84:21-25 (COURT: "I'm not going to change my mind about individuals.").

[5] *See Neurontin*, 2010 WL 5037005, at *11.

[6] *See Neurontin*, 2010 WL 5037005, at *8-9.

motion was pending.[7]  And even if BCBSLA's motion had any realistic possibility of success, it is based on arguments regarding BCBSLA's formulary practices, which have nothing whatsoever to do with Varnam's and Wityk's putative claims.

### CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court find that Gary Varnam and Jan Frank Wityk are not parties to this action and cannot pursue individual claims against Pfizer or, alternatively, sever and transfer any claims it allows them to pursue to, respectively, the District of Maine and the Northern District of Ohio.

Dated: January 20, 2011                                 Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By:    /s/ Mark S. Cheffo              
          Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

-and-

---

[7] *See* Defs' Resp. to BCBSLA Mot. Reconsid. [3200].  Even though the Court has routinely allowed the parties to file reply briefs in this litigation, BCBSLA has not asked to file a reply in support of its four-page reconsideration motion.  It is not difficult to guess why.  Filing a reply brief would require BCBSLA to make some attempt to explain its past admissions and reconcile them with its present motion – something BCBSLA is apparently unable to do.

ROPES & GRAY LLP

By:      /s/ Ana M. Francisco
          Ana M. Francisco
          BBO #564346

Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel:  (617) 951-7000
Email:  ana.francisco@ropesgray.com

*Attorneys for Defendants Pfizer Inc and*
*Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 20, 2011.

          /s/ Ana M. Francisco
          Ana M. Francisco

9