

United States District Court
District of Massachusetts

In Re: Neurontin Marketing, Sales          MDL Docket No. 1629
Practices and Products Liability
Litigation                                 Judge Patti B. Saris
                                           Magistrate Judge Leo T.
                                           Sorokin

This Docket Relates To:

Keith Edwards v. Pfizer Inc.,
Case No. 05-CV-11701-PBS

Motion to Include Third Party Defendant

    Now comes plaintiff, Keith Edwards, who respectfully moves this honorable court to include the Ohio Department of Rehabilitation and Corrections and it's division(s) correctional institutions, including Richland Correctional Institution for reasons more fully set forth in the attached Memorandum in Support.

Respectfully Submitted,

*Keith Edwards*

Keith Edwards, Pro Se
211-800 3A-101
Richland Corr. Inst.
P.O. Box 8107
Mansfield, Ohio 44901
(419) 526-2100

CERTIFICATE OF SERVICE

    This is to certify that a true copy of the foregoing Motion to Include Third Party Defendant has been sent to: Mark S. Cheffo, Attorney for Warner-Lambert/Pfizer Inc., Four Times Square, New York, N.Y. 10036 and the Ohio Department of Rehabilitation and Corrections, c/o Gregory Trout-Legal Counsel, 770 West Broad Street, Columbus, Ohio 43222, via U.S. first class mail, this 14th day of January, 2011.

*Keith Edwards*
Keith Edwards, Pro Se

## Memorandum in Support

Plaintiff, Keith Edwards, is and has been at all times relevant to this cause of action, an inmate under the custody and control of the Ohio Department of Rehabilitation and Corrections as an incarcerated felon at the Richland Correctional Institution.

On or about August 19, 2002, plaintiff was prescribed and treated with the drug :"Neurontin" by the contracted physician snd medical staff at Richland Correctional Institution until it was discontinued on or about January 13, 2004. This drug "Neurontin" was presrcibed and administered to plaintiff as a result of plaintiff's complaints of pain and partial numbness in his lower legs and feet.

On or about October 23, 2002, plaintiff was was given a neuropathy graph test which determined that plaintiff in fact had acquired the condition of Peripheral Neuropathy. It is plaintiff's assertion that the administration of the drug "Neurontin" caused or exacerbated the pain of the neuropathy condition. When the plaintiff had suffered severe pain throughout the period of administration of the drug "Neurontin" and received notification from the Department of Justice of the defendant Warner-Lambert's wrongful behavior in marketing and sales of neurontin, plaintiff gave notice to the medical administrators at Richland Corr. Inst. of the notification and requested to be taken off neurontin on or about January 13, 2004. Plaintiff further lost confidence in the medical facility's duty of care and refused any further treatment for the relief of neuropathy pain when the medical facilitators continued to administer the drug neiurontin to other inmates as a stand alone medication for pain and other ailments aside from its intended use. Neurontin is still to date, administers the drug "Neurontin" to inmates.

Pursuant to Federal Rules of Civil Procedure, Rule 14 (a)(3), the plaintiff may assert against the third party defendant any claim arising out of the transaction or occurence that is the subject matter of the plaintiff's claim avered against the defendant. The fact that Richland Correctional Institution has continued to administer the drug neurontin after being duly notified of its wrongful marketing and sales practices, are evidence in and of itself that they are acting in concert and or in complicity to the acts of defendant Warner-Lambert/Pfizer Inc.
Plaintiff accordingly prays that this court will grant his motion.

*Keith Edwards*
Keith Edwards, Pro Se