UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------ x
In re: NEURONTIN MARKETING,         :   MDL Docket No. 1629
SALES PRACTICES AND PRODUCTS :
LIABILITY LITIGATION                :   Master File No. 04-10981
------------------------------------------------------------ x
                                    :
THIS DOCUMENT RELATES TO:           :   Judge Patti B. Saris
                                    :   Magistrate Judge Leo T. Sorokin
Paulette Hamilton, as Administratrix:
and Personal Representative of the  :
Estate of DERRICK HAMILTON          :
------------------------------------------------------------ x

## STIPULATION AND PROTECTIVE ORDER

Plaintiff, Paulette Hamilton, as Administratrix and Personal Representative of the Estate of Derrick Hamilton, Deceased, and Defendants Janssen Ortho LLC; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Johnson & Johnson Pharmaceutical Research & Development, L.L.C.; and Johnson & Johnson hereby stipulate and agree, through their respective attorneys of record as follows:

1. The term "Protected Document" refers to any document or material containing information that is confidential, proprietary, trade secret and/or sensitive commercial information entitled to protection Fed. R. Civ. P. 26. Any such designation under this Protective Order shall not be construed as an admission or an agreement by any party:

    a. That the designated disclosure constitutes or contains confidential information; or

    b. That any document, material or information, or any portion thereof, constitutes competent, material, relevant, or admissible evidence in this case.

This Protective Order shall not be construed as a waiver by any party of the right to contest the designation of documents as "Protected" under this Protective Order.

    2.    Protected Documents include:

        a.    Proprietary information, including technical information constituting trade secrets, confidential know-how and similar information, and licensing, distribution and marketing documents that contain confidential information, design, development, research, manufacturing and production information regarding products and medicines, whether previously or currently marketed or under development or other sensitive research and development information; corporate information, including product design and development; intra-company and inter-company communications between any of the defendants that are proprietary and confidential;

        b.    Sensitive financial information or sensitive business information that is confidential and proprietary and is not publicly filed with any federal or state regulatory authority;

        c.    Customer lists;

        d.    Personal information of a sensitive nature including medical records and sensitive financial information or personnel records;

        e.    Clinical studies that are not publicly available;

  f. Sensitive financial or business information, that is not publicly available, concerning competitors;

  g. Information provided to any governmental or regulatory agency which is exempt from public disclosure pursuant to statute, regulation or is submitted to the agency on a confidential basis.

  h. By consent of the parties or by Order of the Court upon the motion of a party, additional categories of documents that may be designated as Protected Documents may be added to (a) through (g) above.

3. The following may not be designated as Protected Documents:

  a. Documents of public record;

  b. Documents filed as a public record with the clerk of any federal or state court (not including exhibits or depositions or discovery responses which, if filed, must be filed under seal and with clear marking on the envelopes in which they are enclosed that they are subject to this Protective Order or a Protective Order entered in another case);

  c. Documents filed with any federal or state agency, copies which are required by that agency to be freely available in their entirety to the public;

  d. Documents or articles published in trade magazines or other general circulation publications;

   e. Documents already placed in public or available to third parties on a non-confidential basis; or

   f. Documents previously provided to any individual or entity on a non-confidential basis.

  4. Any party and/or experts desiring to do so may designate as a Protected Document subject to this Protective Order any document and materials that it or any other party produces in response to a written discovery request by stamping, marking or otherwise affixing to the documents, electronic material, or written response the following words: "PROTECTED DOCUMENT. DOCUMENT SUBJECT TO PROTECTIVE ORDER." The marking shall be visible to the party receiving the documents, but shall not obscure any part of the text of the documents. The marking need only be affixed to the first page of a multi-page document. The designation by marking shall subject the document or material, and its contents, to this Protective Order without any further act on the part of the person desiring confidentiality. Any document which is designated a Protected Document in this manner shall be immediately and at all times hereafter maintained and kept confidential, as subject to this Protective Order.

  5. In the case of deposition or other hearing testimony, or any exhibit thereto, the transcript, video or exhibit may be designated as a Protected Document in accordance with this Protective Order by notifying the other party (1) on the record, at the time of the testimony, or (2) in writing, within thirty (30) days after the transcript has been received by counsel making the designation, and such written designation shall specify the testimony being designated Protected by page and line number(s). Until the

expiration of such 30-day period, the entire text of the deposition, including all testimony therein, shall be treated as Protected under this Protective Order. The court reporter shall separately transcribe those portions of the testimony so designated and shall mark the face of the transcript with the label set forth in Paragraph 4 of this Order. Any court reporter or transcriber who reports or transcribes testimony in this case shall be informed before the beginning of the deposition or hearing about this Protective Order and shall be asked to take reasonable and appropriate steps to preserve confidentiality. It is the obligation of the producing party to make any application to the Court with respect to the provisions of this paragraph.

6. Any party desiring to contest the designation of specific documents as Protected Documents may do so at any time and shall give the producing party notice in writing including the listing and/or specific description of any such document. If the parties cannot stipulate to the designation within ten (10) days of the producing party's receipt of such written notice, the producing party has the burden of making an application to the Court for an order directing that the contested document shall remain a Protected Document under the terms of this Protective Order. Pending a Court determination, no documents designated as Protected Documents under this Order shall be disseminated other than as provided by this Order unless otherwise ordered by the Court or as stipulated by the parties. Failure of the party claiming that a document is Protected to apply to the Court for an Order to establish confidentiality within 20 days of the Notice will operate as a waiver of the confidentiality designation.

7. A party to whom documents and information is produced pursuant to this Protective Order, and law firms appearing as their counsel of record in this proceeding,

may make such use of the documents and materials produced to this Protective Order as the preparation of this case and trial may reasonably require, but in so doing shall not disclose Protected Documents to anyone other than the following categories of persons:

(a) The Court (and any appellate court), including court personnel.

(b) Court reporters (including persons operating video recording equipment at depositions) and person preparing transcripts of testimony to the extent necessary to prepare such transcripts, with the consent of counsel.

(c) If produced by Plaintiffs, Defendants' in-house counsel, in-house paralegals and outside counsel, including any attorneys employed by or retained by Defendants' outside counsel who are assisting in connection with this case, and the paralegal, clerical, secretarial, and other staff employed or retained by such outside counsel or retained by the attorneys employed by or retained by Defendants' outside counsel, and employees of any Defendant on a need-to-know basis, including employees who are fact witnesses, who must assist in the preparation of the case or who are employed in a defendant's legal department and have responsibility for this case;

(d)  If produced by Defendants, Plaintiffs, Plaintiffs' attorneys in this case, including paralegal, clerical, secretarial, and other staff employed or retained by such counsel;

(e)  The persons who authored or contributed to the preparation of the specific Protected Documents or who received the specific Protected Documents in the ordinary course of business;

(f)  Retained experts, advisors and consultants, including persons directly employed by such experts, advisors and consultants (collectively "experts"), but only to the extent necessary to perform their work in connection with this case;

(g)  Other persons consulted by plaintiffs' counsel in connection with this case, but only to the extent necessary to perform their work in connection with this case;

(h)  If produced by Defendants, Plaintiffs, Plaintiffs' attorneys of record, including paralegal, clerical, secretarial, and other staff employed or retained by such counsel, in an action filed in state or federal court in which the allegations involve ingestion of Topamax and suicidality, in which Finkelstein &

Partners, LLP is sole or lead counsel of record. In the event that a case is filed in a state or federal court in which the plaintiff alleges that ingestion of Topamax caused a suicide, suicide attempt or suicidality, and Finkelstein & Partners, LLP is not sole or lead counsel of record but seeks to share Protected Information with counsel for the plaintiff in that case, the following procedure shall apply. Plaintiffs shall provide Defendants' counsel, in writing, with the following information: the name, docket number and jurisdiction of the case, the name and address of the counsel with whom Plaintiffs seek to share the Protected Information, and identification of the Protected Information that Plaintiffs seek to share with the identified counsel. Within ten days of the receipt of this information, Defendants shall notify Plaintiffs in writing as to whether they will consent to the proposed disclosure. The parties will confer in an attempt to resolve any dispute with respect to the proposed disclosure, and, if they are unable to resolve the dispute, will within ten days thereafter jointly submit the issue to the Court for determination.

Any person to whom Protected Information is disclosed pursuant to this paragraph, whether by Defendants' consent or by court order, shall sign the Affidavit attached as Exhibit A to this Order before any such disclosure, and shall agree to the jurisdiction of this Court with respect to the enforcement of this Order.

(i) Notwithstanding (a) through (h) above, Protected Documents may not be disclosed to any person who is currently employed by a competitor of any Defendant, unless defendants consent to such disclosure in writing.

8. Each person examining any Protected Documents or information pursuant to this Protective Order shall first agree to submit himself or herself to the jurisdiction of this Court and shall agree to be bound by this Order and shall agree to keep all information received confidential as herein provided, by executing the form of Affidavit attached as Exhibit A to this Order.

9. The parties have reached a general agreement regarding the production of documents, both in hard copy and in electronic format, in this action. Said agreement has been memorialized as a Stipulation and is incorporated by reference herein.

10. To the extent that the parties agree upon the use of a depository or inspection room for the purpose of reviewing documents and which allows the

reviewing party adequate space to review documents in a manner so as to preserve the confidentiality of the reviewing party's work product and privileged discussion among the reviewing party's counsel, then the parties of record have the right to have persons present in the inspection room at all times during the other party's inspection of physical documents and materials produced pursuant hereto. The original documents and materials produced under the terms of this Protective Order shall remain in the custody and control of the producing party at all times.

11.     No person who examines any item produced pursuant to a discovery request and the information of which is protected by this Protective Order shall disseminate orally, or by any other means, any Protected Information other than as permitted by this Order.

12.     Prior to producing documents that contain the names of patients other than Plaintiffs and/or the physicians of such patients or consumers, the producing party may redact or delete the names, addresses, telephone numbers, social security numbers, and other information that would identify patients, research subjects and physicians or others constituting voluntary reporters or any other person associated with an adverse event, and any other information required to be withheld from disclosure by 21 C.F.R. § 20.63, the Health Insurance Portability and Accountability Act of 1996, Public Law 104-191 ("HIPAA") and related regulations, applicable federal and state privacy laws, and other applicable laws and regulations. Alternatively, the producing party may allow inspection of such documents but redact or delete the names of patients or physicians prior to allowing counsel for other parties to photocopy or otherwise record the contents of such documents. If the producing party produces copies of documents containing the

names or other personal information of patients other than Plaintiffs or their physicians, neither Plaintiffs nor their counsel shall disclose the names or other personal information or contact any such patient or physician identified to Plaintiffs or their counsel through the production of documents.

13. Any Protected Documents or portions thereof, or any pleading, brief or memorandum or other document purporting to reproduce, paraphrase or summarize any such Protected information, if filed with the Court, shall be filed in sealed envelopes on which shall be endorsed the title of the action, an indication of the nature of the contents, the word "Protected Documents" and a statement substantially in the following terms:

> **"Protected Documents"**. Filed Pursuant to Stipulation and Order of Confidentiality entered by this Court. Not to be opened nor the contents revealed except (1) to the Court and then resealed, (2) by agreement of the parties, or (3) by prior order of this Court.

The party filing the documents shall serve written notice upon all other parties that the above procedure is being invoked. If a party seeks to file Protected Documents in Court in connection with (either in support of or in opposition to) a non-discovery motion (e.g. a motion for summary judgment or other dispositive or substantive motion), the party shall give the producing party five days written notice of the documents it intends to submit to the Court before filing the documents under seal so that the producing party may have an opportunity to seek a ruling form the Court as to use and treatment of the documents. The Protected Documents shall be kept under seal until further order of the Court; however, said Protected Documents and other papers filed under seal shall

be available to the Court and counsel of record, and to all other persons entitled to receive the Protected Documents under the terms of this Order.

14. All documents and materials subject to this Protective Order shall be destroyed or returned to the producing party or person upon the conclusion of this action, which shall be as soon as practicable following the expiration of a 30-day period after the entry of a final, non-appealable order disposing of the action. Upon such conclusion, counsel of record shall notify counsel for the producing party of compliance with this paragraph but shall not be required that all documents have been destroyed or returned. Counsel shall make a reasonable effort to retrieve any document or information subject to this Order from any party or non-party witness to whom such information has been given, and shall notify counsel for the producing party of the failure to retrieve any such information. Such notification shall include descriptive detail of any document or material not returned. Counsel, however, shall not be required to return any pretrial or trial records regularly maintained by that counsel in the ordinary course of business, but such records will continue to be maintained confidential in conformity with this Order.

15. This Protective Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Order by the occurrence of conclusion of this case, or by the filing of a notice of appeal, or other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

16. Any party for good cause shown may apply to the Court for modification of this Protective Order, or the Protective Order may be modified by consent of the parties in writing.

Dated: December 13, 2010

          PATTERSON BELKNAP WEBB & TYLER LLP

          By: _____
          John D. Winter
          A Member of the Firm
          1133 Avenue of the Americas
          New York, New York 10036-6710
          Telephone: (212) 336-2000
          jwinter@pbwt.com

          ATTORNEYS FOR DEFENDANTS JANSSEN ORTHO LLC, ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH & DEVELOPMENT, L.L.C., AND JOHNSON & JOHNSON

DATED: December 6, 2010             FINKELSTEIN & PARTNERS, L.L.P.

By _____
Kenneth B. Fromson
Finkelstein & Partners, L.L.P.
1279 Route 300
P.O. Box 1111
Newburgh, NY 12551
Telephone: (845) 562-0203
Facsimile: (845) 339-5825

ATTORNEYS FOR PLAINTIFF

IT IS SO ORDERED.

                                                   HON. LEO T. SOROKIN

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on January 24, 2011.

s/ John D. Winter
John D. Winter
