# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | x : : : | MDL Docket No. 1629 Master File No. 04-10981 |
| | : | Judge Patti B. Saris |
| THIS PLEADING RELATES TO: HAMILTON V. PFIZER, INC., ET AL. | : : : x | Case No. 1:10-cv-11023-PBS |

**ANSWER OF JANSSEN ORTHO LLC, ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH & DEVELOPMENT, L.L.C. AND JOHNSON & JOHNSON**

Janssen Ortho LLC ("Janssen Ortho"), Ortho-McNeil-Janssen Pharmaceuticals, Inc. ("OMJPI"), Johnson & Johnson Pharmaceutical Research & Development, L.L.C. ("JJPRD") and Johnson & Johnson (collectively "Defendants"), for their Answer to Plaintiff's Original Complaint, state as follows:

**AS TO THE STATEMENT OF THE CASE**

1.      The allegations in paragraph 1 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 1 is deemed to contain allegations against Defendants, Defendants deny those allegations.

2.      Defendants admit that, for a portion of the time period referenced in the Complaint, Janssen Ortho has engaged in the business of manufacturing and packaging Topamax®. Defendants also admit that Ortho-McNeil-Janssen Pharmaceuticals, Inc. ("OMJPI") manufactures, markets and distributes Topamax® through its Ortho-McNeil Neurologics Division and that OMJPI is the successor to Ortho-McNeil Neurologics, Inc. and Ortho-McNeil Pharmaceuticals, Inc. as the operating company responsible for the manufacture, marketing and

distribution of Topamax®.  Defendants further admit that, in 2005 and 2006, Johnson & Johnson

Pharmaceutical Research & Development, LLC ("JJPRD"), in conjunction with Ortho-McNeil

Pharmaceuticals, Inc., was responsible for the research, development, design, formulation and

testing of Topamax®, for obtaining the regulatory approval of Topamax®, for the regulatory

compliance and labeling with respect to Topamax®, and for communication with the United

States Food and Drug Administration ("FDA") regarding Topamax®.  Defendants further admit

that, presently, in conjunction with OMJPI, JJPRD is responsible for the research, development,

design, formulation and testing of Topamax®, for obtaining the regulatory approval of

Topamax®, for the regulatory compliance and labeling with respect to Topamax®, and for

communication with the FDA regarding Topamax®.  Defendants deny the remaining allegations

in paragraph 2.

   3.  The allegations in paragraph 3 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that paragraph 3 is deemed to contain

allegations against Defendants, Defendants deny those allegations.

   4.  Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 4 and therefore deny them.

   5.  Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 5 and therefore deny them.

   6.  Defendants admit that, for a portion of the time period referenced in the

Complaint, Janssen Ortho has engaged in the business of manufacturing and packaging

Topamax®.  Defendants also admit that OMJPI manufactures, markets and distributes

Topamax® through its Ortho-McNeil Neurologics Division and that OMJPI is the successor to

Ortho-McNeil Neurologics, Inc. and Ortho-McNeil Pharmaceuticals, Inc. as the operating

company responsible for the manufacture, marketing and distribution of Topamax®.  Defendants

further state that to the extent the allegations in paragraph 6 cite documents, said documents

speak for themselves.  Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in the first part of the first sentence in paragraph 6 and therefore deny

them.  Except as so provided, Defendants deny the remaining allegations in paragraph 6.

       7.     Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 7 and therefore deny them.

## PARTIES AND JURISDICTION

       8.     Defendants admit that this court has jurisdiction over this action as alleged

in paragraph 8 as it relates to them.  Defendants admit only that Janssen Ortho is a limited

liability company organized under the laws of the State of Delaware and has a principal place of

business in Puerto Rico, that OMJPI is incorporated in the State of Pennsylvania and has a

principal place of business in New Jersey, that JJPRD is a limited liability company organized

under the laws of the State of New Jersey and has a principal place of business in New Jersey,

and that Johnson & Johnson is a corporation organized under the laws of the State of New Jersey

and has a principal place of business in New Jersey.  The remaining allegations in paragraph 8

are not directed to Defendants, and therefore, no response is necessary.  To the extent that the

remaining parts in paragraph 8 are deemed to contain allegations against Defendants, Defendants

deny those allegations.

       9.     Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 9 and therefore deny them.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore deny them.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore deny them.

12.     The allegations in paragraph 12 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 12 is deemed to contain allegations against Defendants, Defendants deny those allegations.

13.     The allegations in paragraph 13 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 13 is deemed to contain allegations against Defendants, Defendants deny those allegations.

14.     The allegations in paragraph 14 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 14 is deemed to contain allegations against Defendants, Defendants deny those allegations.

15.     The allegations in paragraph 15 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 15 is deemed to contain allegations against Defendants, Defendants deny those allegations.

16.     The allegations in paragraph 16 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 16 is deemed to contain allegations against Defendants, Defendants deny those allegations.

17.     The allegations in paragraph 17 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that paragraph 17 is deemed to contain allegations against Defendants, Defendants deny those allegations.

18.      The allegations in paragraph 18 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 18 is deemed to contain allegations against Defendants, Defendants deny those allegations.

19.      The allegations in paragraph 19 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 19 is deemed to contain allegations against Defendants, Defendants deny those allegations.

20.      The allegations in paragraph 20 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 20 is deemed to contain allegations against Defendants, Defendants deny those allegations.

21.      The allegations in paragraph 21 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 21 is deemed to contain allegations against Defendants, Defendants deny those allegations.

22.      The allegations in paragraph 22 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 22 is deemed to contain allegations against Defendants, Defendants deny those allegations.

23.      The allegations in paragraph 23 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 23 is deemed to contain allegations against Defendants, Defendants deny those allegations.

24.     The allegations in paragraph 24 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 24 is deemed to contain allegations against Defendants, Defendants deny those allegations.

25.     The allegations in paragraph 25 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 25 is deemed to contain allegations against Defendants, Defendants deny those allegations.

26.     The allegations in paragraph 26 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 26 is deemed to contain allegations against Defendants, Defendants deny those allegations.

27.     The allegations in paragraph 27 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 27 is deemed to contain allegations against Defendants, Defendants deny those allegations.

28.     The allegations in paragraph 28 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 28 is deemed to contain allegations against Defendants, Defendants deny those allegations.

29.     The allegations in paragraph 29 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 29 is deemed to contain allegations against Defendants, Defendants deny those allegations.

30.     Defendants admit only that Janssen Ortho is a limited liability company organized under the laws of the State of Delaware and has a principal place of business in Puerto Rico.  Defendants deny the remaining allegations in paragraph 30.

31.     Defendants admit that, for a portion of the time period referenced in the Complaint, Janssen Ortho has engaged in the business of manufacturing and packaging Topamax®. Defendants deny the remaining allegations in paragraph 31.

32.     Defendants deny the allegations in paragraph 32.

33.     Defendants deny the allegations in paragraph 33.

34.     Defendants admit the allegations in paragraph 34.

35.     Defendants admit that OMJPI manufactures, markets and distributes Topamax® through its Ortho-McNeil Neurologics Division and that OMJPI is the successor to Ortho-McNeil Neurologics, Inc. and Ortho-McNeil Pharmaceuticals, Inc. as the operating company responsible for the manufacture, marketing and distribution of Topamax®. Defendants deny the remaining allegations in paragraph 35.

36.     Defendants admit the allegations in paragraph 36.

37.     Defendants admit the allegations in paragraph 37.

38.     Defendants admit that, in 2005 and 2006, JJPRD, in conjunction with Ortho-McNeil Pharmaceuticals, Inc., was responsible for the research, development, design, formulation and testing of Topamax®, for obtaining the regulatory approval of Topamax®, for the regulatory compliance and labeling with respect to Topamax®, and for communication with the FDA regarding Topamax®. Defendants also admit that, presently, in conjunction with OMJPI, JJPRD is responsible for the research, development, design, formulation and testing of Topamax®, for obtaining the regulatory approval of Topamax®, for the regulatory compliance

and labeling with respect to Topamax®, and for communication with the FDA regarding

Topamax®.  Defendants deny the remaining allegations in paragraph 38.

      39.     Defendants admit the allegations in paragraph 39.

      40.     Defendants admit the allegations in paragraph 40.

      41.     Defendants deny the allegations in paragraph 41.

      42.     Defendants admit the allegations in paragraph 42.

      43.     The allegations in paragraph 43 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that paragraph 43 is deemed to contain

allegations against Defendants, Defendants deny those allegations.

      44.     The allegations in paragraph 44 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that paragraph 44 is deemed to contain

allegations against Defendants, Defendants deny those allegations.

      45.     The allegations in paragraph 45 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that paragraph 45 is deemed to contain

allegations against Defendants, Defendants deny those allegations.

      46.     The allegations in paragraph 46 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that paragraph 46 is deemed to contain

allegations against Defendants, Defendants deny those allegations.

      47.     The allegations in paragraph 47 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that paragraph 47 is deemed to contain

allegations against Defendants, Defendants deny those allegations.

48.     The allegations in paragraph 48 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 48 is deemed to contain allegations against Defendants, Defendants deny those allegations.

49.     The allegations in paragraph 49 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 49 is deemed to contain allegations against Defendants, Defendants deny those allegations.

50.     The allegations in paragraph 50 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 50 is deemed to contain allegations against Defendants, Defendants deny those allegations.

51.     The allegations in paragraph 51 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 51 is deemed to contain allegations against Defendants, Defendants deny those allegations.

52.     The allegations in paragraph 52 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 52 is deemed to contain allegations against Defendants, Defendants deny those allegations.

53.     The allegations in paragraph 53 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 53 is deemed to contain allegations against Defendants, Defendants deny those allegations.

54.     The allegations in paragraph 54 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that paragraph 54 is deemed to contain allegations against Defendants, Defendants deny those allegations.

55.     The allegations in paragraph 55 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 55 is deemed to contain allegations against Defendants, Defendants deny those allegations.

56.     The allegations in paragraph 56 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 56 is deemed to contain allegations against Defendants, Defendants deny those allegations.

57.     The allegations in paragraph 57 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 57 is deemed to contain allegations against Defendants, Defendants deny those allegations.

58.     The allegations in paragraph 58 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 58 is deemed to contain allegations against Defendants, Defendants deny those allegations.

59.     The allegations in paragraph 59 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 59 is deemed to contain allegations against Defendants, Defendants deny those allegations.

60.     The allegations in paragraph 60 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 60 is deemed to contain allegations against Defendants, Defendants deny those allegations.

61.     The allegations in paragraph 61 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 61 is deemed to contain allegations against Defendants, Defendants deny those allegations.

62.     The allegations in paragraph 62 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 62 is deemed to contain allegations against Defendants, Defendants deny those allegations.

63.     The allegations in paragraph 63 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 63 is deemed to contain allegations against Defendants, Defendants deny those allegations.

64.     The allegations in paragraph 64 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 64 is deemed to contain allegations against Defendants, Defendants deny those allegations.

65.     The allegations in paragraph 65 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 65 is deemed to contain allegations against Defendants, Defendants deny those allegations.

66.     The allegations in paragraph 66 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 66 is deemed to contain allegations against Defendants, Defendants deny those allegations.

67.     The allegations in paragraph 67 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 67 is deemed to contain allegations against Defendants, Defendants deny those allegations.

68.     The allegations in paragraph 68 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 68 is deemed to contain allegations against Defendants, Defendants deny those allegations.

69.     The allegations in paragraph 69 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 69 is deemed to contain allegations against Defendants, Defendants deny those allegations.

70.     The allegations in paragraph 70 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 70 is deemed to contain allegations against Defendants, Defendants deny those allegations.

71.     The allegations in paragraph 71 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 71 is deemed to contain allegations against Defendants, Defendants deny those allegations.

72.     The allegations in paragraph 72 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 72 is deemed to contain allegations against Defendants, Defendants deny those allegations.

73.     The allegations in paragraph 73 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 73 is deemed to contain allegations against Defendants, Defendants deny those allegations.

74.     The allegations in paragraph 74 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 74 is deemed to contain allegations against Defendants, Defendants deny those allegations.

75.     The allegations in paragraph 75 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 75 is deemed to contain allegations against Defendants, Defendants deny those allegations.

76.     The allegations in paragraph 76 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 76 is deemed to contain allegations against Defendants, Defendants deny those allegations.

77.     The allegations in paragraph 77 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 77 is deemed to contain allegations against Defendants, Defendants deny those allegations.

78.     The allegations in paragraph 78 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 78 is deemed to contain allegations against Defendants, Defendants deny those allegations.

79.     The allegations in paragraph 79 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 79 is deemed to contain allegations against Defendants, Defendants deny those allegations.

80.     The allegations in paragraph 80 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 80 is deemed to contain allegations against Defendants, Defendants deny those allegations.

81.     The allegations in paragraph 81 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 81 is deemed to contain allegations against Defendants, Defendants deny those allegations.

82.     The allegations in paragraph 82 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 82 is deemed to contain allegations against Defendants, Defendants deny those allegations.

83.     The allegations in paragraph 83 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 83 is deemed to contain allegations against Defendants, Defendants deny those allegations.

84.     The allegations in paragraph 84 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 84 is deemed to contain allegations against Defendants, Defendants deny those allegations.

85.     The allegations in paragraph 85 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 85 is deemed to contain allegations against Defendants, Defendants deny those allegations.

86.     The allegations in paragraph 86 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 86 is deemed to contain allegations against Defendants, Defendants deny those allegations.

87.     The allegations in paragraph 87 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 87 is deemed to contain allegations against Defendants, Defendants deny those allegations.

88.     The allegations in paragraph 88 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 88 is deemed to contain allegations against Defendants, Defendants deny those allegations.

89.     The allegations in paragraph 89 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 89 is deemed to contain allegations against Defendants, Defendants deny those allegations.

90.     The allegations in paragraph 90 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 90 is deemed to contain allegations against Defendants, Defendants deny those allegations.

91.     The allegations in paragraph 91 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 91 is deemed to contain allegations against Defendants, Defendants deny those allegations.

92.     The allegations in paragraph 92 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 92 is deemed to contain allegations against Defendants, Defendants deny those allegations.

93.     The allegations in paragraph 93 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 93 is deemed to contain allegations against Defendants, Defendants deny those allegations.

94.     The allegations in paragraph 94 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 94 is deemed to contain allegations against Defendants, Defendants deny those allegations.

95.     The allegations in paragraph 95 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 95 is deemed to contain allegations against Defendants, Defendants deny those allegations.

96.    The allegations in paragraph 96 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 96 is deemed to contain allegations against Defendants, Defendants deny those allegations.

97.    The allegations in paragraph 97 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 97 is deemed to contain allegations against Defendants, Defendants deny those allegations.

98.    The allegations in paragraph 98 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 98 is deemed to contain allegations against Defendants, Defendants deny those allegations.

99.    The allegations in paragraph 99 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 99 is deemed to contain allegations against Defendants, Defendants deny those allegations.

100.    The allegations in paragraph 100 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 100 is deemed to contain allegations against Defendants, Defendants deny those allegations.

101.    The allegations in paragraph 101 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 101 is deemed to contain allegations against Defendants, Defendants deny those allegations.

102.    The allegations in paragraph 102 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 102 is deemed to contain allegations against Defendants, Defendants deny those allegations.

103.    The allegations in paragraph 103 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 103 is deemed to contain allegations against Defendants, Defendants deny those allegations.

104.    The allegations in paragraph 104 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 104 is deemed to contain allegations against Defendants, Defendants deny those allegations.

105.    The allegations in paragraph 105 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 105 is deemed to contain allegations against Defendants, Defendants deny those allegations.

106.    The allegations in paragraph 106 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 106 is deemed to contain allegations against Defendants, Defendants deny those allegations.

107.    The allegations in paragraph 107 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 107 is deemed to contain allegations against Defendants, Defendants deny those allegations.

108.    The allegations in paragraph 108 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 108 is deemed to contain allegations against Defendants, Defendants deny those allegations.

109.    The allegations in paragraph 109 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 109 is deemed to contain allegations against Defendants, Defendants deny those allegations.

110.     The allegations in paragraph 110 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 110 is deemed to contain allegations against Defendants, Defendants deny those allegations.

111.     The allegations in paragraph 111 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 111 is deemed to contain allegations against Defendants, Defendants deny those allegations.

112.     The allegations in paragraph 112 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 112 is deemed to contain allegations against Defendants, Defendants deny those allegations.

113.     The allegations in paragraph 113 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 113 is deemed to contain allegations against Defendants, Defendants deny those allegations.

114.     The allegations in paragraph 114 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 114 is deemed to contain allegations against Defendants, Defendants deny those allegations.

115.     The allegations in paragraph 115 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 115 is deemed to contain allegations against Defendants, Defendants deny those allegations.

116.     The allegations in paragraph 116 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 116 is deemed to contain allegations against Defendants, Defendants deny those allegations.

117.    The allegations in paragraph 117 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 117 is deemed to contain allegations against Defendants, Defendants deny those allegations.

118.    The allegations in paragraph 118 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 118 is deemed to contain allegations against Defendants, Defendants deny those allegations.

119.    The allegations in paragraph 119 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 119 is deemed to contain allegations against Defendants, Defendants deny those allegations.

120.    The allegations in paragraph 120 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 120 is deemed to contain allegations against Defendants, Defendants deny those allegations.

121.    The allegations in paragraph 121 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 121 is deemed to contain allegations against Defendants, Defendants deny those allegations.

122.    The allegations in paragraph 122 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 122 is deemed to contain allegations against Defendants, Defendants deny those allegations.

123.    The allegations in paragraph 123 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 123 is deemed to contain allegations against Defendants, Defendants deny those allegations.

124.    The allegations in paragraph 124 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 124 is deemed to contain allegations against Defendants, Defendants deny those allegations.

125.    The allegations in paragraph 125 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 125 is deemed to contain allegations against Defendants, Defendants deny those allegations.

126.    The allegations in paragraph 126 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 126 is deemed to contain allegations against Defendants, Defendants deny those allegations.

127.    The allegations in paragraph 127 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 127 is deemed to contain allegations against Defendants, Defendants deny those allegations.

128.    The allegations in paragraph 128 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 128 is deemed to contain allegations against Defendants, Defendants deny those allegations.

129.    The allegations in paragraph 129 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 129 is deemed to contain allegations against Defendants, Defendants deny those allegations.

130.    The allegations in paragraph 130 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 130 is deemed to contain allegations against Defendants, Defendants deny those allegations.

131.    The allegations in paragraph 131 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 131 is deemed to contain allegations against Defendants, Defendants deny those allegations.

132.    The allegations in paragraph 132 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 132 is deemed to contain allegations against Defendants, Defendants deny those allegations.

133.    The allegations in paragraph 133 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 133 is deemed to contain allegations against Defendants, Defendants deny those allegations.

134.    The allegations in paragraph 134 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 134 is deemed to contain allegations against Defendants, Defendants deny those allegations.

135.    The allegations in paragraph 135 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 135 is deemed to contain allegations against Defendants, Defendants deny those allegations.

136.    The allegations in paragraph 136 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 136 is deemed to contain allegations against Defendants, Defendants deny those allegations.

137.    The allegations in paragraph 137 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 137 is deemed to contain allegations against Defendants, Defendants deny those allegations.

138.    The allegations in paragraph 138 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 138 is deemed to contain allegations against Defendants, Defendants deny those allegations.

139.    The allegations in paragraph 139 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 139 is deemed to contain allegations against Defendants, Defendants deny those allegations.

140.    The allegations in paragraph 140 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 140 is deemed to contain allegations against Defendants, Defendants deny those allegations.

141.    Defendants admit that, for a portion of the time period referenced in the Complaint, Janssen Ortho has engaged in the business of manufacturing and packaging Topamax®.  Defendants deny the remaining allegations in paragraph 141.

142.    Defendants admit that, for a portion of the time period referenced in the Complaint, Janssen Ortho has engaged in the business of manufacturing and packaging Topamax®.  Defendants deny the remaining allegations in paragraph 142.

143.    Defendants admit that, for a portion of the time period referenced in the Complaint, Janssen Ortho has engaged in the business of manufacturing and packaging Topamax® in the United States, including the State of Texas.  Defendants deny the remaining allegations in paragraph 143.

144.    Defendants deny the allegations in paragraph 144.

145.   Defendants deny the allegations in paragraph 145.

146.   Defendants admit that, for a portion of the time period referenced in the Complaint, Janssen Ortho has engaged in the business of manufacturing and packaging Topamax® in the United States, including the State of Texas.  Defendants deny the remaining allegations in paragraph 146.

147.   Defendants admit that, for a portion of the time period referenced in the Complaint, Janssen Ortho has engaged in the business of manufacturing and packaging Topamax® in the United States, including the State of Texas.  Defendants deny the remaining allegations in paragraph 147.

148.   Defendants admit that OMJPI manufactures, markets and distributes Topamax® through its Ortho-McNeil Neurologics Division and that OMJPI is the successor to Ortho-McNeil Neurologics, Inc. and Ortho-McNeil Pharmaceuticals, Inc. as the operating company responsible for the manufacture, marketing and distribution of Topamax®.  Defendants deny the remaining allegations in paragraph 148.

149.   Defendants admit that OMJPI manufactures, markets and distributes Topamax® through its Ortho-McNeil Neurologics Division and that OMJPI is the successor to Ortho-McNeil Neurologics, Inc. and Ortho-McNeil Pharmaceuticals, Inc. as the operating company responsible for the manufacture, marketing and distribution of Topamax®.  Defendants deny the remaining allegations in paragraph 149.

150.   Defendants admit that OMJPI manufactures, markets and distributes Topamax® through its Ortho-McNeil Neurologics Division and that OMJPI is the successor to

Ortho-McNeil Neurologics, Inc. and Ortho-McNeil Pharmaceuticals, Inc. as the operating company responsible for the manufacture, marketing and distribution of Topamax® in the United States, including the State of Texas.  Defendants deny the remaining allegations in paragraph 150.

151.   Defendants deny the allegations in paragraph 151.

152.   Defendants deny the allegations in paragraph 152.

153.   Defendants admit that OMJPI manufactures, markets and distributes Topamax® through its Ortho-McNeil Neurologics Division and that OMJPI is the successor to Ortho-McNeil Neurologics, Inc. and Ortho-McNeil Pharmaceuticals, Inc. as the operating company responsible for the manufacture, marketing and distribution of Topamax® in the United States, including the State of Texas.  Defendants deny the remaining allegations in paragraph 153.

154.   Defendants admit that OMJPI manufactures, markets and distributes Topamax® through its Ortho-McNeil Neurologics Division and that OMJPI is the successor to Ortho-McNeil Neurologics, Inc. and Ortho-McNeil Pharmaceuticals, Inc. as the operating company responsible for the manufacture, marketing and distribution of Topamax® in the United States, including the State of Texas.  Defendants deny the remaining allegations in paragraph 154.

155.   Defendants admit that, in 2005 and 2006, JJPRD, in conjunction with Ortho-McNeil Pharmaceuticals, Inc., was responsible for the research, development, design, formulation and testing of Topamax®, for obtaining the regulatory approval of Topamax®, for

-24-

the regulatory compliance and labeling with respect to Topamax®, and for communication with

the FDA regarding Topamax®.  Defendants also admit that, presently, in conjunction with

OMJPI, JJPRD is responsible for the research, development, design, formulation and testing of

Topamax®, for obtaining the regulatory approval of Topamax®, for the regulatory compliance

and labeling with respect to Topamax®, and for communication with the FDA regarding

Topamax®.  Defendants deny the remaining allegations in paragraph 155.

155.     Defendants admit that, in 2005 and 2006, JJPRD, in conjunction with

Ortho-McNeil Pharmaceuticals, Inc., was responsible for the research, development, design,

formulation and testing of Topamax®, for obtaining the regulatory approval of Topamax®, for

the regulatory compliance and labeling with respect to Topamax®, and for communication with

the FDA regarding Topamax®.  Defendants also admit that, presently, in conjunction with

OMJPI, JJPRD is responsible for the research, development, design, formulation and testing of

Topamax®, for obtaining the regulatory approval of Topamax®, for the regulatory compliance

and labeling with respect to Topamax®, and for communication with the FDA regarding

Topamax®.  Defendants deny the remaining allegations in paragraph 156.

157.     Defendants admit that, in 2005 and 2006, JJPRD, in conjunction with

Ortho-McNeil Pharmaceuticals, Inc., was responsible for the research, development, design,

formulation and testing of Topamax®, for obtaining the regulatory approval of Topamax®, for

the regulatory compliance and labeling with respect to Topamax®, and for communication with

the FDA regarding Topamax®.  Defendants also admit that, presently, in conjunction with

OMJPI, JJPRD is responsible for the research, development, design, formulation and testing of

Topamax®, for obtaining the regulatory approval of Topamax®, for the regulatory compliance

and labeling with respect to Topamax®, and for communication with the FDA regarding

Topamax® in the United States, including the State of Texas.  Defendants deny the remaining

allegations in paragraph 157.

> 158.   Defendants deny the allegations in paragraph 158.

> 159.   Defendants deny the allegations in paragraph 159.

> 160.   Defendants admit that, in 2005 and 2006, JJPRD, in conjunction with

Ortho-McNeil Pharmaceuticals, Inc., was responsible for the research, development, design,

formulation and testing of Topamax®, for obtaining the regulatory approval of Topamax®, for

the regulatory compliance and labeling with respect to Topamax®, and for communication with

the FDA regarding Topamax®.  Defendants also admit that, presently, in conjunction with

OMJPI, JJPRD is responsible for the research, development, design, formulation and testing of

Topamax®, for obtaining the regulatory approval of Topamax®, for the regulatory compliance

and labeling with respect to Topamax®, and for communication with the FDA regarding

Topamax® in the United States, including the State of Texas.  Defendants deny the remaining

allegations in paragraph 160.

> 161.   Defendants admit that, in 2005 and 2006, JJPRD, in conjunction with

Ortho-McNeil Pharmaceuticals, Inc., was responsible for the research, development, design,

formulation and testing of Topamax®, for obtaining the regulatory approval of Topamax®, for

the regulatory compliance and labeling with respect to Topamax®, and for communication with

the FDA regarding Topamax®.  Defendants also admit that, presently, in conjunction with

OMJPI, JJPRD is responsible for the research, development, design, formulation and testing of

Topamax®, for obtaining the regulatory approval of Topamax®, for the regulatory compliance

and labeling with respect to Topamax®, and for communication with the FDA regarding

Topamax® in the United States, including the State of Texas.  Defendants deny the remaining

allegations in paragraph 161.

162.    Defendants deny the allegations in paragraph 162.

163.    Defendants deny the allegations in paragraph 163.

164.    Defendants deny the allegations in paragraph 164.

165.    Defendants deny the allegations in paragraph 165.

166.    Defendants deny the allegations in paragraph 166.

167.    Defendants deny the allegations in paragraph 167.

168.    Defendants deny the allegations in paragraph 168.

169.    The allegations in paragraph 169 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that paragraph 169 is deemed to contain

allegations against Defendants, Defendants deny those allegations.

170.    The allegations in paragraph 170 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that paragraph 170 is deemed to contain

allegations against Defendants, Defendants deny those allegations.

171.    The allegations in paragraph 171 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that paragraph 171 is deemed to contain

allegations against Defendants, Defendants deny those allegations.

172.    The allegations in paragraph 172 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that paragraph 172 is deemed to contain allegations against Defendants, Defendants deny those allegations.

173.   The allegations in paragraph 173 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 173 is deemed to contain allegations against Defendants, Defendants deny those allegations.

174.   The allegations in paragraph 174 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 174 is deemed to contain allegations against Defendants, Defendants deny those allegations.

175.   The allegations in paragraph 175 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 175 is deemed to contain allegations against Defendants, Defendants deny those allegations.

176.   The allegations in paragraph 176 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 176 is deemed to contain allegations against Defendants, Defendants deny those allegations.

177.   The allegations in paragraph 177 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 177 is deemed to contain allegations against Defendants, Defendants deny those allegations.

178.   The allegations in paragraph 178 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 178 is deemed to contain allegations against Defendants, Defendants deny those allegations.

179.    The allegations in paragraph 179 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 179 is deemed to contain allegations against Defendants, Defendants deny those allegations.

180.    The allegations in paragraph 180 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 180 is deemed to contain allegations against Defendants, Defendants deny those allegations.

181.    The allegations in paragraph 181 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 181 is deemed to contain allegations against Defendants, Defendants deny those allegations.

182.    The allegations in paragraph 182 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 182 is deemed to contain allegations against Defendants, Defendants deny those allegations.

183.    The allegations in paragraph 183 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 183 is deemed to contain allegations against Defendants, Defendants deny those allegations.

184.    The allegations in paragraph 184 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 184 is deemed to contain allegations against Defendants, Defendants deny those allegations.

185.    The allegations in paragraph 185 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 185 is deemed to contain allegations against Defendants, Defendants deny those allegations.

186.    The allegations in paragraph 186 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 186 is deemed to contain allegations against Defendants, Defendants deny those allegations.

187.    The allegations in paragraph 187 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 187 is deemed to contain allegations against Defendants, Defendants deny those allegations.

188.    The allegations in paragraph 188 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 188 is deemed to contain allegations against Defendants, Defendants deny those allegations.

189.    The allegations in paragraph 189 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 189 is deemed to contain allegations against Defendants, Defendants deny those allegations.

### AS TO THE BACKGROUND REGARDING ALL DEFENDANTS

190.    The allegations in paragraph 190 state a legal conclusion to which no answer is required.  To the extent paragraph 190 is deemed to contain allegations against Defendants, Defendants deny them.

191.    The allegations in paragraph 191 state a legal conclusion to which no answer is required.  To the extent paragraph 191 is deemed to contain allegations against Defendants, Defendants deny them.

192.    The allegations in paragraph 192 state a legal conclusion to which no answer is required.  To the extent paragraph 192 is deemed to contain allegations against

Defendants, Defendants deny them.

193.    The allegations in paragraph 193 state a legal conclusion to which no answer is required.  To the extent paragraph 193 is deemed to contain allegations against Defendants, Defendants deny them.

194.    The allegations in paragraph 194 state a legal conclusion to which no answer is required.  To the extent paragraph 194 is deemed to contain allegations against Defendants, Defendants deny them.

195.    The allegations in paragraph 195 state a legal conclusion to which no answer is required.  To the extent paragraph 195 is deemed to contain allegations against Defendants, Defendants deny them.

196.    Defendants admit only that on January 31, 2008, the FDA issued an FDA alert entitled, "Information for Healthcare Professionals – Suicidality and Antiepileptic Drugs." To the extent the allegations in paragraph 196 cite documents, said documents speak for themselves.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196 regarding plaintiff's decedent's death.  To the extent paragraph 196 is deemed to contain allegations against Defendants, Defendants deny them.

197.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197 and therefore deny them.

198.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 198 regarding plaintiff's purchase of Topamax®. Defendants admit only that, for a portion of the time period referenced in the Complaint, Janssen

Ortho has engaged in the business of manufacturing and packaging Topamax®. Defendants also admit that Ortho-McNeil-Janssen Pharmaceuticals, Inc. ("OMJPI") manufactures, markets and distributes Topamax® through its Ortho-McNeil Neurologics Division and that OMJPI is the successor to Ortho-McNeil Neurologics, Inc. and Ortho-McNeil Pharmaceuticals, Inc. as the operating company responsible for the manufacture, marketing and distribution of Topamax®. Defendants further admit that, in 2005 and 2006, Johnson & Johnson Pharmaceutical Research & Development, LLC ("JJPRD"), in conjunction with Ortho-McNeil Pharmaceuticals, Inc., was responsible for the research, development, design, formulation and testing of Topamax®, for obtaining the regulatory approval of Topamax®, for the regulatory compliance and labeling with respect to Topamax®, and for communication with the United States Food and Drug Administration ("FDA") regarding Topamax®. Defendants further admit that, presently, in conjunction with OMJPI, JJPRD is responsible for the research, development, design, formulation and testing of Topamax®, for obtaining the regulatory approval of Topamax®, for the regulatory compliance and labeling with respect to Topamax®, and for communication with the FDA regarding Topamax®. Defendants deny the remaining allegations in paragraph 198.

199.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199 and therefore deny them.

200.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200 and therefore deny them.

201.    Defendants deny the allegations in paragraph 201 as they relate to Topamax®. The remaining allegations in paragraph 201 are not directed to Defendants, and therefore, no response is necessary. To the extent that they are deemed to contain allegations

against Defendants, Defendants deny those allegations.

202.    Defendants deny the allegations in paragraph 202 as they relate to Topamax®.  The remaining allegations in paragraph 202 are not directed to Defendants, and therefore, no response is necessary.  To the extent that they are deemed to contain allegations against Defendants, Defendants deny those allegations.

203.    Defendants deny the allegations in paragraph 203 as they relate to Topamax®.  The remaining allegations in paragraph 203 are not directed to Defendants, and therefore, no response is necessary.  To the extent that they are deemed to contain allegations against Defendants, Defendants deny those allegations.

204.    Defendants deny the allegations in paragraph 204 as they relate to Topamax®.  The remaining allegations in paragraph 204 are not directed to Defendants, and therefore, no response is necessary.  To the extent that they are deemed to contain allegations against Defendants, Defendants deny those allegations.

205.    Defendants deny the allegations in paragraph 205 as they relate to Topamax®.  The remaining allegations in paragraph 205 are not directed to Defendants, and therefore, no response is necessary.  To the extent that they are deemed to contain allegations against Defendants, Defendants deny those allegations.

206.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 206 and therefore deny them.

207.    Defendants deny the allegations in paragraph 207 as they relate to Topamax®.  The remaining allegations in paragraph 207 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that they are deemed to contain allegations

against Defendants, Defendants deny those allegations.

208.    The allegations in paragraph 208 state a legal conclusion to which no

answer is required.  To the extent paragraph 208 is deemed to contain allegations against

Defendants, Defendants deny them.

209.    Defendants deny the allegations in paragraph 209 as they relate to

Topamax®.  The remaining allegations in paragraph 209 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that they are deemed to contain allegations

against Defendants, Defendants deny those allegations.

210.    Defendants deny the allegations in paragraph 210 as they relate to

Topamax®.  The remaining allegations in paragraph 210 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that they are deemed to contain allegations

against Defendants, Defendants deny those allegations.

211.    Defendants deny the allegations in paragraph 211.

212.    Defendants deny the allegations in paragraph 212.

## AS TO BACKGROUND REGARDING PFIZER DEFENDANTS AND DEFENDANT IVAX

213.    The allegations in paragraph 213 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that paragraph 213 is deemed to contain

allegations against Defendants, Defendants deny those allegations.

214.    The allegations in paragraph 214 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that paragraph 214 is deemed to contain allegations against Defendants, Defendants deny those allegations.

215.    The allegations in paragraph 215 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 215 is deemed to contain allegations against Defendants, Defendants deny those allegations.

216.    The allegations in paragraph 216 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 216 is deemed to contain allegations against Defendants, Defendants deny those allegations.

217.    The allegations in paragraph 217 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 217 is deemed to contain allegations against Defendants, Defendants deny those allegations.

218.    The allegations in paragraph 218 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 218 is deemed to contain allegations against Defendants, Defendants deny those allegations.

219.    The allegations in paragraph 219 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 219 is deemed to contain allegations against Defendants, Defendants deny those allegations.

220.    The allegations in paragraph 220 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 220 is deemed to contain allegations against Defendants, Defendants deny those allegations.

221.    The allegations in paragraph 221 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 221 is deemed to contain allegations against Defendants, Defendants deny those allegations.

222.    The allegations in paragraph 222 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 222 is deemed to contain allegations against Defendants, Defendants deny those allegations.

223.    The allegations in paragraph 223 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 223 is deemed to contain allegations against Defendants, Defendants deny those allegations.

224.    The allegations in paragraph 224 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 224 is deemed to contain allegations against Defendants, Defendants deny those allegations.

225.    The allegations in paragraph 225 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 225 is deemed to contain allegations against Defendants, Defendants deny those allegations.

226.    The allegations in paragraph 226 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 226 is deemed to contain allegations against Defendants, Defendants deny those allegations.

227.    The allegations in paragraph 227 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 227 is deemed to contain allegations against Defendants, Defendants deny those allegations.

228.    The allegations in paragraph 228 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 228 is deemed to contain allegations against Defendants, Defendants deny those allegations.

229.    The allegations in paragraph 229 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 229 is deemed to contain allegations against Defendants, Defendants deny those allegations.

230.    The allegations in paragraph 230 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 230 is deemed to contain allegations against Defendants, Defendants deny those allegations.

231.    The allegations in paragraph 231 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 231 is deemed to contain allegations against Defendants, Defendants deny those allegations.

232.    The allegations in paragraph 232 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 232 is deemed to contain allegations against Defendants, Defendants deny those allegations.

233.    The allegations in paragraph 233 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 233 is deemed to contain allegations against Defendants, Defendants deny those allegations.

## AS TO BACKGROUND REGARDING JANSSEN DEFENDANTS

234.    Defendants admit the allegations of paragraph 234 with respect to the approval by the FDA of New Drug Application No. 20-505 and deny the remaining allegations

in that paragraph.

235.    The allegations in paragraph 235 purport to cite from a "Review and Evaluation of Pharmacology and Toxicology" by Ed Fisher, Ph.D.  That document speaks for itself.  To the extent the allegations in that paragraph are inconsistent with the document, Defendants deny them.  To the extent paragraph 235 is deemed to contain allegations against Defendants, Defendants deny them.

236.    The allegations in paragraph 236 purport to set forth a document "Review and Evaluation of Clinical Data" which the FDA prepared before approving Topamax® for prescription by licensed physicians.  That document speaks for itself.  To the extent the allegations in that paragraph are inconsistent with the document, Defendants deny them.  To the extent paragraph 236 is deemed to contain allegations against Defendants, Defendants deny them.

237.    The allegations in paragraph 237 purport to set forth a document "Review and Evaluation of Clinical Data" which the FDA prepared before approving Topamax® for prescription by licensed physicians.  That document speaks for itself.  To the extent the allegations in that paragraph are inconsistent with the document, Defendants deny them.  To the extent paragraph 237 is deemed to contain allegations against Defendants, Defendants deny them.

238.    The allegations in paragraph 238 purport to set forth a document "Review and Evaluation of Clinical Data" which the FDA prepared before approving Topamax® for prescription by licensed physicians.  That document speaks for itself.  To the extent the allegations in that paragraph are inconsistent with the document, Defendants deny them.  To the

extent paragraph 238 is deemed to contain allegations against Defendants, Defendants deny them.

239.    The allegations in paragraph 239 state a legal conclusion to which no answer is required.  To the extent paragraph 239 is deemed to contain allegations against Defendants, Defendants deny them.

240.    Defendants admit that on or about March 6, 1997, a Product Monograph was issued by a Canadian company, Janssen Ortho Inc., regarding Topamax® and that the Product Monograph was revised effective April 30, 2007.  The Product Monograph speaks for itself.  Defendants deny the remaining allegations in paragraph 240.

241.    Defendants refer to the product label for Topamax® in 2007 and 2008 and deny the remaining allegations in paragraph 241.

242.    Defendants refer to the product label for Topamax® with respect to safety information concerning Topamax® and deny the remaining allegations in paragraph 242.

243.    Defendants deny the allegations in paragraph 243 and state that appropriate and adequate warnings were provided with respect to Topamax®.

244.    Defendants deny the allegations in paragraph 244 and state that appropriate and adequate warnings were provided with respect to Topamax®.

245.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 245 and therefore deny them.

246.    Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 246 that plaintiff's decedent's physician prescribed

Topamax® to treat symptoms of trigeminal neuralgia.  Defendants deny the remaining

allegations in paragraph 246.

247.    Defendants deny the allegations in paragraph 247.

248.    Defendants deny the allegations in paragraph 248.

249.    Defendants deny the allegations in paragraph 249.

## AS TO A FIRST CAUSE OF ACTION AGAINST PFIZER DEFENDANTS FOR NEGLIGENCE

250.    The allegations in paragraph 250 do not require a response.  To the extent

a response is deemed necessary, Defendants incorporate herein all of their responses to the other

paragraphs in the Complaint.

251.    The allegations in paragraph 251 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that paragraph 251 is deemed to contain

allegations against Defendants, Defendants deny those allegations.

252.    The allegations in paragraph 252 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that paragraph 252 is deemed to contain

allegations against Defendants, Defendants deny those allegations.

253.    The allegations in paragraph 253 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that paragraph 253 is deemed to contain

allegations against Defendants, Defendants deny those allegations.

254.    The allegations in paragraph 254 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that paragraph 254 is deemed to contain allegations against Defendants, Defendants deny those allegations.

255.    The allegations in paragraph 255 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 255 is deemed to contain allegations against Defendants, Defendants deny those allegations.

256.    The allegations in paragraph 256 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 256 is deemed to contain allegations against Defendants, Defendants deny those allegations.

257.    The allegations in paragraph 257 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 257 is deemed to contain allegations against Defendants, Defendants deny those allegations.

258.    The allegations in paragraph 258 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 258 is deemed to contain allegations against Defendants, Defendants deny those allegations.

## AS TO A SECOND CAUSE OF ACTION AGAINST PFIZER DEFENDANTS FOR BREACH OF WARRANTY

259.    The allegations in paragraph 259 do not require a response.  To the extent a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

260.    The allegations in paragraph 260 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 260 is deemed to contain

allegations against Defendants, Defendants deny those allegations.

261.    The allegations in paragraph 261 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 261 is deemed to contain allegations against Defendants, Defendants deny those allegations.

262.    The allegations in paragraph 262 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 262 is deemed to contain allegations against Defendants, Defendants deny those allegations.

263.    The allegations in paragraph 263 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 263 is deemed to contain allegations against Defendants, Defendants deny those allegations.

264.    The allegations in paragraph 264 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 264 is deemed to contain allegations against Defendants, Defendants deny those allegations.

265.    The allegations in paragraph 265 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 265 is deemed to contain allegations against Defendants, Defendants deny those allegations.

266.    The allegations in paragraph 266 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 266 is deemed to contain allegations against Defendants, Defendants deny those allegations.

### AS TO A THIRD CAUSE OF ACTION AGAINST PFIZER DEFENDANTS FOR PRODUCTS LIABILITY

267.    The allegations in paragraph 267 do not require a response.  To the extent a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

268.    The allegations in paragraph 268 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 268 is deemed to contain allegations against Defendants, Defendants deny those allegations.

269.    The allegations in paragraph 269 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 269 is deemed to contain allegations against Defendants, Defendants deny those allegations.

270.    The allegations in paragraph 270 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 270 is deemed to contain allegations against Defendants, Defendants deny those allegations.

271.    The allegations in paragraph 271 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 271 is deemed to contain allegations against Defendants, Defendants deny those allegations.

### AS TO A FOURTH CAUSE OF ACTION AGAINST PFIZER DEFENDANTS FOR FRAUDULENT MISREPRESENTATION

272.    The allegations in paragraph 272 do not require a response.  To the extent a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

273.    The allegations in paragraph 273 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 273 is deemed to contain allegations against Defendants, Defendants deny those allegations.

274.    The allegations in paragraph 274 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 274 is deemed to contain allegations against Defendants, Defendants deny those allegations.

275.    The allegations in paragraph 275 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 275 is deemed to contain allegations against Defendants, Defendants deny those allegations.

276.    The allegations in paragraph 276 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 276 is deemed to contain allegations against Defendants, Defendants deny those allegations.

277.    The allegations in paragraph 277 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 277 is deemed to contain allegations against Defendants, Defendants deny those allegations.

278.    The allegations in paragraph 278 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 278 is deemed to contain allegations against Defendants, Defendants deny those allegations.

279.    The allegations in paragraph 279 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 279 is deemed to contain allegations against Defendants, Defendants deny those allegations.

280.    The allegations in paragraph 280 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 280 is deemed to contain allegations against Defendants, Defendants deny those allegations.

281.    The allegations in paragraph 281 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 281 is deemed to contain allegations against Defendants, Defendants deny those allegations.

282.    The allegations in paragraph 282 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 282 is deemed to contain allegations against Defendants, Defendants deny those allegations.

283.    The allegations in paragraph 283 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 283 is deemed to contain allegations against Defendants, Defendants deny those allegations.

284.    The allegations in paragraph 284 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 284 is deemed to contain allegations against Defendants, Defendants deny those allegations.

285.    The allegations in paragraph 285 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 285 is deemed to contain allegations against Defendants, Defendants deny those allegations.

286.    The allegations in paragraph 286 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 286 is deemed to contain allegations against Defendants, Defendants deny those allegations.

287.    The allegations in paragraph 287 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 287 is deemed to contain allegations against Defendants, Defendants deny those allegations.

288.    The allegations in paragraph 288 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 288 is deemed to contain allegations against Defendants, Defendants deny those allegations.

289.    The allegations in paragraph 289 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 289 is deemed to contain allegations against Defendants, Defendants deny those allegations.

290.    The allegations in paragraph 290 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 290 is deemed to contain allegations against Defendants, Defendants deny those allegations.

291.    The allegations in paragraph 291 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 291 is deemed to contain allegations against Defendants, Defendants deny those allegations.

292.    The allegations in paragraph 292 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 292 is deemed to contain allegations against Defendants, Defendants deny those allegations.

293.    The allegations in paragraph 293 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 293 is deemed to contain allegations against Defendants, Defendants deny those allegations.

294.     The allegations in paragraph 294 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 294 is deemed to contain allegations against Defendants, Defendants deny those allegations.

295.     The allegations in paragraph 295 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 295 is deemed to contain allegations against Defendants, Defendants deny those allegations.

296.     The allegations in paragraph 296 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 296 is deemed to contain allegations against Defendants, Defendants deny those allegations.

297.     The allegations in paragraph 297 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 297 is deemed to contain allegations against Defendants, Defendants deny those allegations.

298.     The allegations in paragraph 298 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 298 is deemed to contain allegations against Defendants, Defendants deny those allegations.

299.     The allegations in paragraph 299 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 299 is deemed to contain allegations against Defendants, Defendants deny those allegations.

300.     The allegations in paragraph 300 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 300 is deemed to contain allegations against Defendants, Defendants deny those allegations.

301. The allegations in paragraph 301 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 301 is deemed to contain allegations against Defendants, Defendants deny those allegations.

302. The allegations in paragraph 302 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 302 is deemed to contain allegations against Defendants, Defendants deny those allegations.

303. The allegations in paragraph 303 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 303 is deemed to contain allegations against Defendants, Defendants deny those allegations.

304. The allegations in paragraph 304 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 304 is deemed to contain allegations against Defendants, Defendants deny those allegations.

305. The allegations in paragraph 305 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 305 is deemed to contain allegations against Defendants, Defendants deny those allegations.

306. The allegations in paragraph 306 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 306 is deemed to contain allegations against Defendants, Defendants deny those allegations.

307. The allegations in paragraph 307 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 307 is deemed to contain allegations against Defendants, Defendants deny those allegations.

308.    The allegations in paragraph 308 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 308 is deemed to contain allegations against Defendants, Defendants deny those allegations.

309.    The allegations in paragraph 309 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 309 is deemed to contain allegations against Defendants, Defendants deny those allegations.

310.    The allegations in paragraph 310 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 310 is deemed to contain allegations against Defendants, Defendants deny those allegations.

311.    The allegations in paragraph 311 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 311 is deemed to contain allegations against Defendants, Defendants deny those allegations.

312.    The allegations in paragraph 312 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 312 is deemed to contain allegations against Defendants, Defendants deny those allegations.

313.    The allegations in paragraph 313 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 313 is deemed to contain allegations against Defendants, Defendants deny those allegations.

314.    The allegations in paragraph 314 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 314 is deemed to contain allegations against Defendants, Defendants deny those allegations.

315.    The allegations in paragraph 315 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 315 is deemed to contain allegations against Defendants, Defendants deny those allegations.

316.    The allegations in paragraph 316 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 316 is deemed to contain allegations against Defendants, Defendants deny those allegations.

317.    The allegations in paragraph 317 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 317 is deemed to contain allegations against Defendants, Defendants deny those allegations.

318.    The allegations in paragraph 318 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 318 is deemed to contain allegations against Defendants, Defendants deny those allegations.

319.    The allegations in paragraph 319 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 319 is deemed to contain allegations against Defendants, Defendants deny those allegations.

320.    The allegations in paragraph 320 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 320 is deemed to contain allegations against Defendants, Defendants deny those allegations.

321.    The allegations in paragraph 321 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 321 is deemed to contain allegations against Defendants, Defendants deny those allegations.

322.    The allegations in paragraph 322 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 322 is deemed to contain allegations against Defendants, Defendants deny those allegations.

323.    The allegations in paragraph 323 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 323 is deemed to contain allegations against Defendants, Defendants deny those allegations.

324.    The allegations in paragraph 324 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 324 is deemed to contain allegations against Defendants, Defendants deny those allegations.

325.    The allegations in paragraph 325 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 325 is deemed to contain allegations against Defendants, Defendants deny those allegations.

326.    The allegations in paragraph 326 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 326 is deemed to contain allegations against Defendants, Defendants deny those allegations.

327.    The allegations in paragraph 327 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 327 is deemed to contain allegations against Defendants, Defendants deny those allegations.

328.    The allegations in paragraph 328 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 328 is deemed to contain allegations against Defendants, Defendants deny those allegations.

329.     The allegations in paragraph 329 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 329 is deemed to contain allegations against Defendants, Defendants deny those allegations.

330.     The allegations in paragraph 330 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 330 is deemed to contain allegations against Defendants, Defendants deny those allegations.

331.     The allegations in paragraph 331 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 331 is deemed to contain allegations against Defendants, Defendants deny those allegations.

332.     The allegations in paragraph 332 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 332 is deemed to contain allegations against Defendants, Defendants deny those allegations.

333.     The allegations in paragraph 333 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 333 is deemed to contain allegations against Defendants, Defendants deny those allegations.

334.     The allegations in paragraph 334 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 334 is deemed to contain allegations against Defendants, Defendants deny those allegations.

335.     The allegations in paragraph 335 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 335 is deemed to contain allegations against Defendants, Defendants deny those allegations.

336.    The allegations in paragraph 336 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 336 is deemed to contain allegations against Defendants, Defendants deny those allegations.

337.    The allegations in paragraph 337 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 337 is deemed to contain allegations against Defendants, Defendants deny those allegations.

338.    The allegations in paragraph 338 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 338 is deemed to contain allegations against Defendants, Defendants deny those allegations.

339.    The allegations in paragraph 339 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 339 is deemed to contain allegations against Defendants, Defendants deny those allegations.

340.    The allegations in paragraph 340 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 340 is deemed to contain allegations against Defendants, Defendants deny those allegations.

341.    The allegations in paragraph 341 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 341 is deemed to contain allegations against Defendants, Defendants deny those allegations.

342.    The allegations in paragraph 342 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 342 is deemed to contain allegations against Defendants, Defendants deny those allegations.

343.    The allegations in paragraph 343 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 343 is deemed to contain allegations against Defendants, Defendants deny those allegations.

344.    The allegations in paragraph 344 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 344 is deemed to contain allegations against Defendants, Defendants deny those allegations.

345.    The allegations in paragraph 345 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 345 is deemed to contain allegations against Defendants, Defendants deny those allegations.

346.    The allegations in paragraph 346 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 346 is deemed to contain allegations against Defendants, Defendants deny those allegations.

347.    The allegations in paragraph 347 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 347 is deemed to contain allegations against Defendants, Defendants deny those allegations.

348.    The allegations in paragraph 348 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 348 is deemed to contain allegations against Defendants, Defendants deny those allegations.

349.    The allegations in paragraph 349 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 349 is deemed to contain allegations against Defendants, Defendants deny those allegations.

350.    The allegations in paragraph 350 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 350 is deemed to contain allegations against Defendants, Defendants deny those allegations.

351.    The allegations in paragraph 351 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 351 is deemed to contain allegations against Defendants, Defendants deny those allegations.

352.    The allegations in paragraph 352 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 352 is deemed to contain allegations against Defendants, Defendants deny those allegations.

353.    The allegations in paragraph 353 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 353 is deemed to contain allegations against Defendants, Defendants deny those allegations.

354.    The allegations in paragraph 354 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 354 is deemed to contain allegations against Defendants, Defendants deny those allegations.

355.    The allegations in paragraph 355 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 355 is deemed to contain allegations against Defendants, Defendants deny those allegations.

356.    The allegations in paragraph 356 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 356 is deemed to contain allegations against Defendants, Defendants deny those allegations.

357.   The allegations in paragraph 357 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 357 is deemed to contain allegations against Defendants, Defendants deny those allegations.

358.   The allegations in paragraph 358 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 358 is deemed to contain allegations against Defendants, Defendants deny those allegations.

359.   The allegations in paragraph 359 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 359 is deemed to contain allegations against Defendants, Defendants deny those allegations.

360.   The allegations in paragraph 360 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 360 is deemed to contain allegations against Defendants, Defendants deny those allegations.

361.   The allegations in paragraph 361 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 361 is deemed to contain allegations against Defendants, Defendants deny those allegations.

362.   The allegations in paragraph 362 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 362 is deemed to contain allegations against Defendants, Defendants deny those allegations.

363.   The allegations in paragraph 363 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 363 is deemed to contain allegations against Defendants, Defendants deny those allegations.

364.    The allegations in paragraph 364 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 364 is deemed to contain allegations against Defendants, Defendants deny those allegations.

365.    The allegations in paragraph 365 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 365 is deemed to contain allegations against Defendants, Defendants deny those allegations.

366.    The allegations in paragraph 366 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 366 is deemed to contain allegations against Defendants, Defendants deny those allegations.

367.    The allegations in paragraph 367 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 367 is deemed to contain allegations against Defendants, Defendants deny those allegations.

368.    The allegations in paragraph 368 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 368 is deemed to contain allegations against Defendants, Defendants deny those allegations.

369.    The allegations in paragraph 369 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 369 is deemed to contain allegations against Defendants, Defendants deny those allegations.

370.    The allegations in paragraph 370 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 370 is deemed to contain allegations against Defendants, Defendants deny those allegations.

371.     The allegations in paragraph 371 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 371 is deemed to contain allegations against Defendants, Defendants deny those allegations.

372.     The allegations in paragraph 372 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 372 is deemed to contain allegations against Defendants, Defendants deny those allegations.

373.     The allegations in paragraph 373 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 373 is deemed to contain allegations against Defendants, Defendants deny those allegations.

374.     The allegations in paragraph 374 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 374 is deemed to contain allegations against Defendants, Defendants deny those allegations.

375.     The allegations in paragraph 375 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 375 is deemed to contain allegations against Defendants, Defendants deny those allegations.

376.     The allegations in paragraph 376 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 376 is deemed to contain allegations against Defendants, Defendants deny those allegations.

377.     The allegations in paragraph 377 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 377 is deemed to contain allegations against Defendants, Defendants deny those allegations.

378.    The allegations in paragraph 378 are not directed to Defendants, and therefore, no response is necessary.   To the extent that paragraph 378 is deemed to contain allegations against Defendants, Defendants deny those allegations.

379.    The allegations in paragraph 379 are not directed to Defendants, and therefore, no response is necessary.   To the extent that paragraph 379 is deemed to contain allegations against Defendants, Defendants deny those allegations.

380.    The allegations in paragraph 380 are not directed to Defendants, and therefore, no response is necessary.   To the extent that paragraph 380 is deemed to contain allegations against Defendants, Defendants deny those allegations.

381.    The allegations in paragraph 381 are not directed to Defendants, and therefore, no response is necessary.   To the extent that paragraph 381 is deemed to contain allegations against Defendants, Defendants deny those allegations.

382.    The allegations in paragraph 382 are not directed to Defendants, and therefore, no response is necessary.   To the extent that paragraph 382 is deemed to contain allegations against Defendants, Defendants deny those allegations.

383.    The allegations in paragraph 383 are not directed to Defendants, and therefore, no response is necessary.   To the extent that paragraph 383 is deemed to contain allegations against Defendants, Defendants deny those allegations.

384.    The allegations in paragraph 384 are not directed to Defendants, and therefore, no response is necessary.   To the extent that paragraph 384 is deemed to contain allegations against Defendants, Defendants deny those allegations.

385.    The allegations in paragraph 385 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 385 is deemed to contain allegations against Defendants, Defendants deny those allegations.

386.    The allegations in paragraph 386 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 386 is deemed to contain allegations against Defendants, Defendants deny those allegations.

387.    The allegations in paragraph 387 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 387 is deemed to contain allegations against Defendants, Defendants deny those allegations.

388.    The allegations in paragraph 388 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 388 is deemed to contain allegations against Defendants, Defendants deny those allegations.

389.    The allegations in paragraph 389 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 389 is deemed to contain allegations against Defendants, Defendants deny those allegations.

390.    The allegations in paragraph 390 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 390 is deemed to contain allegations against Defendants, Defendants deny those allegations.

391.    The allegations in paragraph 391 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 391 is deemed to contain allegations against Defendants, Defendants deny those allegations.

392.   The allegations in paragraph 392 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 392 is deemed to contain allegations against Defendants, Defendants deny those allegations.

393.   The allegations in paragraph 393 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 393 is deemed to contain allegations against Defendants, Defendants deny those allegations.

394.   The allegations in paragraph 394 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 394 is deemed to contain allegations against Defendants, Defendants deny those allegations.

395.   The allegations in paragraph 395 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 395 is deemed to contain allegations against Defendants, Defendants deny those allegations.

396.   The allegations in paragraph 396 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 396 is deemed to contain allegations against Defendants, Defendants deny those allegations.

397.   The allegations in paragraph 397 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 397 is deemed to contain allegations against Defendants, Defendants deny those allegations.

398.   The allegations in paragraph 398 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 398 is deemed to contain allegations against Defendants, Defendants deny those allegations.

399.    The allegations in paragraph 399 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 399 is deemed to contain allegations against Defendants, Defendants deny those allegations.

400.    The allegations in paragraph 400 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 400 is deemed to contain allegations against Defendants, Defendants deny those allegations.

401.    The allegations in paragraph 401 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 401 is deemed to contain allegations against Defendants, Defendants deny those allegations.

402.    The allegations in paragraph 402 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 402 is deemed to contain allegations against Defendants, Defendants deny those allegations.

403.    The allegations in paragraph 403 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 403 is deemed to contain allegations against Defendants, Defendants deny those allegations.

404.    The allegations in paragraph 404 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 404 is deemed to contain allegations against Defendants, Defendants deny those allegations.

405.    The allegations in paragraph 405 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 405 is deemed to contain allegations against Defendants, Defendants deny those allegations.

406.    The allegations in paragraph 406 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 406 is deemed to contain allegations against Defendants, Defendants deny those allegations.

407.    The allegations in paragraph 407 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 407 is deemed to contain allegations against Defendants, Defendants deny those allegations.

408.    The allegations in paragraph 408 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 408 is deemed to contain allegations against Defendants, Defendants deny those allegations.

409.    The allegations in paragraph 409 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 409 is deemed to contain allegations against Defendants, Defendants deny those allegations.

410.    The allegations in paragraph 410 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 410 is deemed to contain allegations against Defendants, Defendants deny those allegations.

411.    The allegations in paragraph 411 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 411 is deemed to contain allegations against Defendants, Defendants deny those allegations.

## AS TO A FIFTH CAUSE OF ACTION AGAINST PFIZER DEFENDANTS FOR VIOLATION OF TEXAS CONSUMER PROTECTION STATUTES

412.    The allegations in paragraph 412 do not require a response.  To the extent

-63-

a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

413.    The allegations in paragraph 413 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 413 is deemed to contain allegations against Defendants, Defendants deny those allegations.

414.    The allegations in paragraph 414 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 414 is deemed to contain allegations against Defendants, Defendants deny those allegations.

415.    The allegations in paragraph 415 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 415 is deemed to contain allegations against Defendants, Defendants deny those allegations.

## AS TO A SIXTH CAUSE OF ACTION AGAINST DEFENDANT IVAX FOR NEGLIGENCE

416.    The allegations in paragraph 416 do not require a response.  To the extent a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

417.    The allegations in paragraph 417 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 417 deemed to contain allegations against Defendants, Defendants deny those allegations.

418.    The allegations in paragraph 418 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 418 is deemed to contain

allegations against Defendants, Defendants deny those allegations.

419.     The allegations in paragraph 419 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 419 is deemed to contain allegations against Defendants, Defendants deny those allegations.

420.     The allegations in paragraph 420 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 420 is deemed to contain allegations against Defendants, Defendants deny those allegations.

421.     The allegations in paragraph 421 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 421 is deemed to contain allegations against Defendants, Defendants deny those allegations.

422.     The allegations in paragraph 422 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 422 is deemed to contain allegations against Defendants, Defendants deny those allegations.

423.     The allegations in paragraph 423 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 423 is deemed to contain allegations against Defendants, Defendants deny those allegations.

## AS TO A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT IVAX FOR BREACH OF WARRANTY

424.     The allegations in paragraph 424 do not require a response.  To the extent a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

425.    The allegations in paragraph 425 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 425 is deemed to contain allegations against Defendants, Defendants deny those allegations.

426.    The allegations in paragraph 426 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 426 is deemed to contain allegations against Defendants, Defendants deny those allegations.

427.    The allegations in paragraph 427 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 427 is deemed to contain allegations against Defendants, Defendants deny those allegations.

428.    The allegations in paragraph 428 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 428 is deemed to contain allegations against Defendants, Defendants deny those allegations.

429.    The allegations in paragraph 429 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 429 is deemed to contain allegations against Defendants, Defendants deny those allegations.

430.    The allegations in paragraph 430 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 430 is deemed to contain allegations against Defendants, Defendants deny those allegations.

431.    The allegations in paragraph 431 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 431 is deemed to contain allegations against Defendants, Defendants deny those allegations.

## AS TO AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANT IVAX FOR PRODUCTS LIABILITY

432.    The allegations in paragraph 432 do not require a response.  To the extent a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

433.    The allegations in paragraph 433 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 433 is deemed to contain allegations against Defendants, Defendants deny those allegations.

434.    The allegations in paragraph 434 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 434 is deemed to contain allegations against Defendants, Defendants deny those allegations.

435.    The allegations in paragraph 435 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 435 is deemed to contain allegations against Defendants, Defendants deny those allegations.

436.    The allegations in paragraph 436 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 436 is deemed to contain allegations against Defendants, Defendants deny those allegations.

## AS TO A NINTH CAUSE OF ACTION AGAINST JANSSEN DEFENDANTS FOR NEGLIGENCE

437.    The allegations in paragraph 437 do not require a response.  To the extent a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

438.    The allegations in paragraph 438 state a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 438.

439.    Defendants deny the allegations in paragraph 439.

440.    Defendants deny the allegations in paragraph 440 (including all subparts thereof).

441.    Defendants deny the allegations in paragraph 441.

442.    Defendants deny the allegations in paragraph 442.

443.    Defendants make no answer to the allegations of paragraph 443 with respect to the plaintiff's characterization of the categories of damages that she claims. Defendants deny the remaining allegations in paragraph 443.

## AS TO A TENTH CAUSE OF ACTION AGAINST JANSSEN DEFENDANTS FOR PRODUCT LIABILITY – DEFECTIVE DESIGN

444.    The allegations in paragraph 444 do not require a response.  To the extent a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

445.    Defendants admit that, for a portion of the time period referenced in the Complaint, Janssen Ortho has engaged in the business of manufacturing and packaging Topamax®.  Defendants also admit that OMJPI manufactures, markets and distributes Topamax® through its Ortho-McNeil Neurologics Division and that OMJPI is the successor to Ortho-McNeil Neurologics, Inc. and Ortho-McNeil Pharmaceuticals, Inc. as the operating

company responsible for the manufacture, marketing and distribution of Topamax®. Defendants

further admit that, in 2005 and 2006, JJPRD, in conjunction with Ortho-McNeil Pharmaceuticals,

Inc., was responsible for the research, development, design, formulation and testing of

Topamax®, for obtaining the regulatory approval of Topamax®, for the regulatory compliance

and labeling with respect to Topamax®, and for communication with the FDA regarding

Topamax®. Defendants further admit that, presently, in conjunction with OMJPI, JJPRD is

responsible for the research, development, design, formulation and testing of Topamax®, for

obtaining the regulatory approval of Topamax®, for the regulatory compliance and labeling with

respect to Topamax®, and for communication with the FDA regarding Topamax®. Defendants

deny the remaining allegations in paragraph 445.

446.    Defendants deny the allegations in paragraph 446.

447.    Defendants deny the allegations in paragraph 447.

448.    Defendants lack knowledge and information sufficient to form a belief as

to the truth of the allegations in paragraph 448 that Topamax® tablets allegedly prescribed to

plaintiff's decedent reached plaintiff's decedent without substantial change in the condition in

which they were sold. Defendants also lack knowledge and information sufficient to form a

belief as to the truth of the allegations that Topamax® tablets allegedly prescribed to other

consumers in Texas and throughout the United States reached the patients to which they were

prescribed without substantial change in the condition in which they were sold. To the extent

that paragraph 448 may be deemed to contain allegations against Defendants, Defendants deny

them.

449.    Defendants deny the allegations in paragraph 449 (including all subparts

thereof).

450.     Defendants deny the allegations in paragraph 450.

451.     Defendants deny the allegations in paragraph 451.

452.     Defendants make no answer to the allegations of paragraph 452 with
respect to the plaintiff's characterization of the categories of damages that she claims.
Defendants deny the remaining allegations in paragraph 452.

## AS TO AN ELEVENTH CAUSE OF ACTION AGAINST JANSSEN DEFENDANTS FOR PRODUCT LIABILITY – MANUFACTURING DEFECT

453.     The allegations in paragraph 453 do not require a response.  To the extent
a response is deemed necessary, Defendants incorporate herein all of their responses to the other
paragraphs in the Complaint.

454.     Defendants admit that, for a portion of the time period referenced in the
Complaint, Janssen Ortho has engaged in the business of manufacturing and packaging
Topamax®.  Defendants also admit that OMJPI manufactures, markets and distributes
Topamax® through its Ortho-McNeil Neurologics Division and that OMJPI is the successor to
Ortho-McNeil Neurologics, Inc. and Ortho-McNeil Pharmaceuticals, Inc. as the operating
company responsible for the manufacture, marketing and distribution of Topamax®.  Defendants
further admit that, in 2005 and 2006, JJPRD, in conjunction with Ortho-McNeil Pharmaceuticals,
Inc., was responsible for the research, development, design, formulation and testing of
Topamax®, for obtaining the regulatory approval of Topamax®, for the regulatory compliance
and labeling with respect to Topamax®, and for communication with the FDA regarding
Topamax®.  Defendants further admit that, presently, in conjunction with OMJPI, JJPRD is

responsible for the research, development, design, formulation and testing of Topamax®, for

obtaining the regulatory approval of Topamax®, for the regulatory compliance and labeling with

respect to Topamax®, and for communication with the FDA regarding Topamax®.  Defendants

deny the remaining allegations in paragraph 454.

455.   Defendants lack knowledge and information sufficient to form a belief as

to the truth of the allegations in paragraph 455 that Topamax® tablets allegedly prescribed to

plaintiff's decedent reached plaintiff's decedent without substantial change in the condition in

which they were sold.  Defendants also lack knowledge and information sufficient to form a

belief as to the truth of the allegations that Topamax® tablets allegedly prescribed to other

consumers in Texas and throughout the United States reached the patients to which they were

prescribed without substantial change in the condition in which they were sold.  To the extent

that paragraph 455 may be deemed to contain allegations against Defendants, Defendants deny

them.

456.   Defendants deny the allegations in paragraph 456 (including all subparts

thereof).

457.   Defendants deny the allegations in paragraph 457.

458.   Defendants make no answer to the allegations of paragraph 458 with

respect to the plaintiff's characterization of the categories of damages that she claims.

Defendants deny the remaining allegations in paragraph 458.

## AS TO A TWELFTH CAUSE OF ACTION AGAINST JANSSEN DEFENDANTS FOR FAILURE TO WARN

459.   The allegations in paragraph 459 do not require a response.  To the extent

a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

460.    Defendants deny the allegations in paragraph 460.

461.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 461 that plaintiff's decedent was prescribed Topamax® and used Topamax® for its intended purpose.  To the extent that those paragraphs may be deemed to contain allegations against Defendants, Defendants deny them.

462.    Defendants deny the allegations in paragraph 462.

463.    The allegations in paragraph 463 state a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 463.

464.    Defendants deny the allegations in paragraph 464.

465.    Defendants deny the allegations in paragraph 465.

466.    Defendants deny the allegations in paragraph 466.

467.    Defendants deny the allegations in paragraph 467.

468.    The allegations in paragraph 468 state a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 468.

469.    Defendants deny the allegations in paragraph 469 and state that the

warnings and instructions that accompanied Topamax® were appropriate and adequate.

470.     Defendants deny the allegations in paragraph 470.

471.     Defendants make no answer to the allegations of paragraph 471 with respect to the plaintiff's characterization of the categories of damages that she claims. Defendants deny the remaining allegations in paragraph 471.

## AS TO A THIRTEENTH CAUSE OF ACTION AGAINST JANSSEN DEFENDANTS FOR BREACH OF IMPLIED WARRANTY

472.     The allegations in paragraph 472 do not require a response.  To the extent a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

473.     Defendants admit only that Topamax® is indicated for the management of certain categories of patients with seizures, as well as for certain other conditions.  Defendants deny the remaining allegations in paragraph 473.

474.     Defendants admit only that Topamax® is indicated for the management of certain categories of patients with seizures, as well as for certain other conditions.  Defendants deny the remaining allegations in paragraph 474.

475. .    Defendants deny the allegations in paragraph 475.

476.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 476 that plaintiff's decedent was prescribed Topamax® and used Topamax® for its intended purpose.  To the extent that those paragraphs may be deemed to contain allegations against Defendants, Defendants deny them.

477.   Defendants deny the allegations in paragraph 477.

478.   Defendants deny the allegations in paragraph 478.

479.   Defendants deny the allegations in paragraph 479.

480.   Defendants make no answer to the allegations of paragraph 480 with respect to the plaintiff's characterization of the categories of damages that she claims. Defendants deny the remaining allegations in paragraph 480.

## AS TO A FOURTEENTH CAUSE OF ACTION AGAINST JANSSEN DEFENDANTS FOR BREACH OF EXPRESS WARRANTY

481.   The allegations in paragraph 481 do not require a response.  To the extent a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

482.   Defendants deny the allegations in paragraph 482.

483.   Defendants admit only that Topamax® is indicated for the management of certain categories of patients with seizures, as well as for certain other conditions.  Defendants deny the remaining allegations in paragraph 483.

484.   Defendants deny the allegations in paragraph 484.

485.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 485 with respect to decisions by unspecified "members of the medical community" to prescribe, recommend and dispense Topamax® to unspecified patients, and deny the remaining allegations of this paragraph.

486.    Defendants deny the allegations in paragraph 486.

487.    Defendants deny the allegations in paragraph 487.

488.    Defendants deny the allegations in paragraph 488.

489.    Defendants make no answer to the allegations of paragraph 489 with respect to the plaintiff's characterization of the categories of damages that she claims. Defendants deny the remaining allegations in paragraph 489.

### AS TO A FIFTEENTH CAUSE OF ACTION AGAINST ELAN DEFENDANTS FOR NEGLIGENCE

490.    The allegations in paragraph 490 do not require a response.  To the extent a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

491.    The allegations in paragraph 491 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 491 is deemed to contain allegations against Defendants, Defendants deny those allegations.

492.    The allegations in paragraph 492 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 492 is deemed to contain allegations against Defendants, Defendants deny those allegations.

493.    The allegations in paragraph 493 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 493 is deemed to contain allegations against Defendants, Defendants deny those allegations.

494.    The allegations in paragraph 494 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that paragraph 494 is deemed to contain allegations against Defendants, Defendants deny those allegations.

495.    The allegations in paragraph 495 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 495 is deemed to contain allegations against Defendants, Defendants deny those allegations.

496.    The allegations in paragraph 496 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 496 is deemed to contain allegations against Defendants, Defendants deny those allegations.

## AS TO A SIXTEENTH CAUSE OF ACTION AGAINST ELAN DEFENDANTS FOR PRODUCT LIABILITY – DEFECTIVE DESIGN

497.    The allegations in paragraph 497 do not require a response.  To the extent a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

498.    The allegations in paragraph 498 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 498 is deemed to contain allegations against Defendants, Defendants deny those allegations.

499.    The allegations in paragraph 499 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 499 is deemed to contain allegations against Defendants, Defendants deny those allegations.

500.    The allegations in paragraph 500 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 500 is deemed to contain

allegations against Defendants, Defendants deny those allegations.

501.    The allegations in paragraph 501 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 501 is deemed to contain allegations against Defendants, Defendants deny those allegations.

502.    The allegations in paragraph 502 are not directed to Defendants, assuming that the reference to Topamax® was a typographical error, and therefore, no response is necessary.  To the extent that paragraph 502 is deemed to contain allegations against Defendants, Defendants deny those allegations.

503.    The allegations in paragraph 503 are not directed to Defendants, assuming that the reference to Topamax® was a typographical error, and therefore, no response is necessary.  To the extent that paragraph 503 is deemed to contain allegations against Defendants, Defendants deny those allegations.

504.    The allegations in paragraph 504 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 504 is deemed to contain allegations against Defendants, Defendants deny those allegations.

505.    The allegations in paragraph 505 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 505 is deemed to contain allegations against Defendants, Defendants deny those allegations.

**AS TO A SEVENTEENTH CAUSE OF ACTION AGAINST ELAN DEFENDANTS FOR PRODUCT LIABILITY – MANUFACTURING DEFECT**

506.    The allegations in paragraph 506 do not require a response.  To the extent

a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

507.    The allegations in paragraph 507 are not directed to Defendants, assuming that the reference to Topamax® was a typographical error, and therefore, no response is necessary.  To the extent that paragraph 507 is deemed to contain allegations against Defendants, Defendants deny those allegations.

508.    The allegations in paragraph 508 are not directed to Defendants, assuming that the reference to Topamax® was a typographical error, and therefore, no response is necessary.  To the extent that paragraph 508 is deemed to contain allegations against Defendants, Defendants deny those allegations.

509.    The allegations in paragraph 509 are not directed to Defendants, assuming that the reference to Topamax® was a typographical error, and therefore, no response is necessary.  To the extent that paragraph 509 is deemed to contain allegations against Defendants, Defendants deny those allegations.

510.    The allegations in paragraph 510 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 510 is deemed to contain allegations against Defendants, Defendants deny those allegations.

511.    The allegations in paragraph 511 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 511 is deemed to contain allegations against Defendants, Defendants deny those allegations.

## <u>AS TO AN EIGHTEENTH CAUSE OF ACTION FOR FAILURE TO WARN AS<br>AGAINST ELAN DEFENDANTS</u>

512.    The allegations in paragraph 512 do not require a response.  To the extent a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

513.    The allegations in paragraph 513 are not directed to Defendants, assuming that the reference to Topamax® was a typographical error, and therefore, no response is necessary.  To the extent that paragraph 513 is deemed to contain allegations against Defendants, Defendants deny those allegations.

514.    The allegations in paragraph 514 are not directed to Defendants, assuming that the reference to Topamax® was a typographical error, and therefore, no response is necessary.  To the extent that paragraph 514 is deemed to contain allegations against Defendants, Defendants deny those allegations.

515.    The allegations in paragraph 515 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 515 is deemed to contain allegations against Defendants, Defendants deny those allegations.

516.    The allegations in paragraph 516 are not directed to Defendants, assuming that the reference to Topamax® was a typographical error, and therefore, no response is necessary.  To the extent that paragraph 516 is deemed to contain allegations against Defendants, Defendants deny those allegations.

517.    The allegations in paragraph 517 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 517 is deemed to contain

allegations against Defendants, Defendants deny those allegations.

518.   The allegations in paragraph 518 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 518 is deemed to contain allegations against Defendants, Defendants deny those allegations.

519.   The allegations in paragraph 519 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 519 is deemed to contain allegations against Defendants, Defendants deny those allegations.

520.   The allegations in paragraph 520 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 520 is deemed to contain allegations against Defendants, Defendants deny those allegations.

521.   The allegations in paragraph 521 are not directed to Defendants, assuming that the reference to Topamax® was a typographical error, and therefore, no response is necessary.  To the extent that paragraph 521 is deemed to contain allegations against Defendants, Defendants deny those allegations.

522.   The allegations in paragraph 522 are not directed to Defendants, assuming that the reference to Topamax® was a typographical error, and therefore, no response is necessary.  To the extent that paragraph 522 is deemed to contain allegations against Defendants, Defendants deny those allegations.

523.   The allegations in paragraph 523 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 523 is deemed to contain allegations against Defendants, Defendants deny those allegations.

524.    The allegations in paragraph 524 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 524 is deemed to contain allegations against Defendants, Defendants deny those allegations.

## AS TO A NINETEENTH CAUSE OF ACTION AGAINST ELAN DEFENDANTS FOR BREACH OF IMPLIED WARRANTY

525.    The allegations in paragraph 525 do not require a response.  To the extent a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

526.    The allegations in paragraph 526 are not directed to Defendants, assuming that the reference to Topamax® was a typographical error, and therefore, no response is necessary.  To the extent that paragraph 526 is deemed to contain allegations against Defendants, Defendants deny those allegations.

527.    The allegations in paragraph 527 are not directed to Defendants, assuming that the reference to Topamax® was a typographical error, and therefore, no response is necessary.  To the extent that paragraph 527 is deemed to contain allegations against Defendants, Defendants deny those allegations.

528.    The allegations in paragraph 528 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 528 is deemed to contain allegations against Defendants, Defendants deny those allegations.

529.    The allegations in paragraph 529 are not directed to Defendants, assuming that the reference to Topamax® was a typographical error, and therefore, no response is necessary.  To the extent that paragraph 529 is deemed to contain allegations against Defendants,

Defendants deny those allegations.

530.    The allegations in paragraph 530 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 530 is deemed to contain allegations against Defendants, Defendants deny those allegations.

531.    The allegations in paragraph 531 are not directed to Defendants, assuming that the reference to Topamax® was a typographical error, and therefore, no response is necessary.  To the extent that paragraph 531 is deemed to contain allegations against Defendants, Defendants deny those allegations.

532.    The allegations in paragraph 532 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 532 is deemed to contain allegations against Defendants, Defendants deny those allegations.

533.    The allegations in paragraph 533 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 533 is deemed to contain allegations against Defendants, Defendants deny those allegations.

## AS TO A TWENTIETH CAUSE OF ACTION AGAINST ELAN DEFENDANTS FOR BREACH OF EXPRESS WARRANTY

534.    The allegations in paragraph 534 do not require a response.  To the extent a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

535.    The allegations in paragraph 535 are not directed to Defendants, assuming that the reference to Topamax® was a typographical error, and therefore, no response is

necessary.  To the extent that paragraph 535 is deemed to contain allegations against Defendants,

Defendants deny those allegations.

536.    The allegations in paragraph 536 are not directed to Defendants, assuming

that the reference to Topamax® was a typographical error, and therefore, no response is

necessary.  To the extent that paragraph 536 is deemed to contain allegations against Defendants,

Defendants deny those allegations.

537.    The allegations in paragraph 537 are not directed to Defendants, assuming

that the reference to Topamax® was a typographical error, and therefore, no response is

necessary.  To the extent that paragraph 537 is deemed to contain allegations against Defendants,

Defendants deny those allegations.

538.    The allegations in paragraph 538 are not directed to Defendants, assuming

that the reference to Topamax® was a typographical error, and therefore, no response is

necessary.  To the extent that paragraph 538 is deemed to contain allegations against Defendants,

Defendants deny those allegations.

539.    The allegations in paragraph 539 are not directed to Defendants, and

therefore, no response is necessary.  To the extent that paragraph 539 is deemed to contain

allegations against Defendants, Defendants deny those allegations.

540.    The allegations in paragraph 540 are not directed to Defendants, assuming

that the reference to Topamax® was a typographical error, and therefore, no response is

necessary.  To the extent that paragraph 540 is deemed to contain allegations against Defendants,

Defendants deny those allegations.

541.    The allegations in paragraph 541 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 541 is deemed to contain allegations against Defendants, Defendants deny those allegations.

542.    The allegations in paragraph 542 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 542 is deemed to contain allegations against Defendants, Defendants deny those allegations.

## AS TO A TWENTY-FIRST CAUSE OF ACTION AGAINST DEFENDANT GLENMARK FOR NEGLIGENCE

543.    The allegations in paragraph 543 do not require a response.  To the extent a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

544.    The allegations in paragraph 544 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 544 is deemed to contain allegations against Defendants, Defendants deny those allegations.

545.    The allegations in paragraph 545 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 545 is deemed to contain allegations against Defendants, Defendants deny those allegations.

546.    The allegations in paragraph 546 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 546 is deemed to contain allegations against Defendants, Defendants deny those allegations.

547.    The allegations in paragraph 547 are not directed to Defendants, and

therefore, no response is necessary. To the extent that paragraph 547 is deemed to contain allegations against Defendants, Defendants deny those allegations.

548. The allegations in paragraph 548 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 548 is deemed to contain allegations against Defendants, Defendants deny those allegations.

549. The allegations in paragraph 549 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 549 is deemed to contain allegations against Defendants, Defendants deny those allegations.

550. The allegations in paragraph 550 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 550 is deemed to contain allegations against Defendants, Defendants deny those allegations.

## AS TO A TWENTY-SECOND CAUSE OF ACTION AGAINST DEFENDANT GLENMARK FOR BREACH OF WARRANTY

551. The allegations in paragraph 551 do not require a response. To the extent a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

552. The allegations in paragraph 552 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 552 is deemed to contain allegations against Defendants, Defendants deny those allegations.

553. The allegations in paragraph 553 are not directed to Defendants, and therefore, no response is necessary. To the extent that paragraph 553 is deemed to contain

allegations against Defendants, Defendants deny those allegations.

554.    The allegations in paragraph 554 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 554 is deemed to contain allegations against Defendants, Defendants deny those allegations.

555.    The allegations in paragraph 555 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 555 is deemed to contain allegations against Defendants, Defendants deny those allegations.

556.    The allegations in paragraph 556 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 556 is deemed to contain allegations against Defendants, Defendants deny those allegations.

557.    The allegations in paragraph 557 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 557 is deemed to contain allegations against Defendants, Defendants deny those allegations.

558.    The allegations in paragraph 558 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 558 is deemed to contain allegations against Defendants, Defendants deny those allegations.

## AS TO A TWENTY-THIRD CAUSE OF ACTION AGAINST DEFENDANT GLENMARK FOR PRODUCTS LIABILITY

559.    The allegations in paragraph 559 do not require a response.  To the extent a response is deemed necessary, Defendants incorporate herein all of their responses to the other paragraphs in the Complaint.

560.   The allegations in paragraph 560 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 560 is deemed to contain allegations against Defendants, Defendants deny those allegations.

561.   The allegations in paragraph 561 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 561 is deemed to contain allegations against Defendants, Defendants deny those allegations.

562.   The allegations in paragraph 562 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 562 is deemed to contain allegations against Defendants, Defendants deny those allegations.

563.   The allegations in paragraph 563 are not directed to Defendants, and therefore, no response is necessary.  To the extent that paragraph 563 is deemed to contain allegations against Defendants, Defendants deny those allegations.

564.   In response to the paragraph heading beginning with the word "PRAYER" and the paragraph beginning with the word "Accordingly" thereto on page 124 of plaintiff's Complaint, Defendants deny the allegations therein, and specifically deny that the plaintiff is entitled to any relief for her alleged causes of action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations, statutes of repose, the doctrine of laches and/or as a result of the failure to allege and/or comply with conditions precedent to applicable periods of limitations and repose.

## THIRD AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the learned intermediary and/or sophisticated user doctrines.  At all relevant times herein, plaintiff's decedent's prescribing physicians were in the position of learned intermediaries and/or sophisticated purchasers, fully knowledgeable and informed with respect to the risks and benefits of Topamax®.

## FOURTH AFFIRMATIVE DEFENSE

The injuries, damages, and losses alleged in the Complaint, none being admitted, were caused in whole or in part by the negligence of those whom Defendants exercised no control, had no opportunity to anticipate or right to control, and with whom Defendants had no legal relationship by which liability could be attributed to it because of the actions of plaintiff's decedent or others, which by comparison was far greater than any conduct alleged as to Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Any and all damages alleged in the Complaint may have been caused by misuse of the product, failure to use the product properly, or negligent use of the product, and therefore the risk was assumed.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by federal law in that Topamax® was researched, tested, developed, manufactured, labeled, marketed, and sold in a manner consistent with the state of the art at the pertinent time and approved by the FDA.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any damages by virtue of the fact that there was no practical or technical feasible alternative design or formulation that would have prevented the harm alleged by plaintiff without substantially impairing the usefulness or intended purpose of the product.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the doctrines concerning unavoidably unsafe products, including, but not limited to, the operation of comments j and k to Section 402A of the Restatement (Second) of Torts and/or barred by the Restatement (Third) of Torts.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable provisions of the United States Constitution, the Texas Constitution, and/or the applicable Constitution of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case.  These provisions include, but are not limited to, the First Amendment to the Constitution of the United States and/or Article 1, Section 8 of the Texas Constitution because Defendants' commercial speech regarding Topamax® was neither false nor misleading.

## TENTH AFFIRMATIVE DEFENSE

Defendants allege that plaintiff's decedent was fully informed of the risks of the use of the product made the subject of this action by the treating physicians, and the informed consent given by plaintiff's decedent is pleaded as an affirmative defense.

## ELEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff's decedent had full knowledge, or in the exercise of reasonable diligence would have had full knowledge, of the risks and possible adverse effects pertaining to the use of the subject product, as well as the risks relative to the administering of the subject product into plaintiff's decedent's person, and all or part of the alleged injuries, damages, and/or losses (if any) sustained by plaintiff arose from and were caused by risks of which plaintiff's decedent was so aware, and such risks were accepted and assumed by plaintiff's decedent.  Defendants possessed no ability to warn plaintiff's decedent directly and had no contact with him.  For these reasons, any recovery against Defendants should be diminished, reduced, offset, or barred in accordance with the principles of assumption of the risk.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants allege that any award of exemplary or punitive damages against them would violate their right to due process of law under U.S. Const. amend. V and XIV; their right to due course of law under U.S. Const. amend. VIII and Tex. Const. art. I, § 19; their right to the equal protection of the laws under U.S. Const. amend. XIV and Tex. Const. art. I, § 3; their right to freedom from excessive fines and cruel and unusual punishment under Tex. Const. art. I, § 13; and their rights under the common law, statutes, rules of civil procedure, and public policy of the

State of Texas, because under Texas law, the jury is not provided standards of sufficient clarity for determining the appropriateness, and appropriate size, of an exemplary damage award.

### THIRTEENTH AFFIRMATIVE DEFENSE

Additionally, said constitutional provisions, and the common law, statutes, rules of civil procedure, and public policy of the State of Texas require that Defendants' liability for exemplary damages and the amount of any such liability be determined by a standard of clear and convincing evidence and must be proven beyond a reasonable doubt.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants' liability for exemplary damages and the amount of any such liability are to be tried only if and after Defendants' liability for compensatory damages has been found.

### FIFTEENTH AFFIRMATIVE DEFENSE

Evidence of Defendants' wealth are not to be admitted as bearing on whether or in what amount exemplary damages should be assessed, or alternatively, that any such admission of evidence occur only if and after Defendants' liability for compensatory damages has been found.

### SIXTEENTH AFFIRMATIVE DEFENSE

Exemplary damages are to be limited to a reasonable amount, bearing a reasonable proportion to the compensatory damages, if any, for which Defendants are found liable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants' liability for exemplary damages are to be based solely on Defendants' conduct in connection with the specific occurrence made the subject of this lawsuit.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The amount of any jury award against Defendants for exemplary damages and any jury finding upon which such award is based is to be unanimous.

### NINETEENTH AFFIRMATIVE DEFENSE

Further, plaintiff's Complaint fails to state a cause of action upon which exemplary damages can be awarded.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent plaintiff demands punitive or exemplary damages, Defendants specifically incorporate by reference all standards of limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitation which arose in BMW of North America v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003), Philip Morris USA v. Williams, 127 S. Ct. 1057 (2007), and Exxon Shipping Co. v. Baker, 128 S. Ct. 2605 (2008).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants demand that any claims or awards against them on any theory of gross negligence or for punitive or exemplary damages be proven by clear and convincing evidence, as required by Chapter 41 of the Texas Civil Practice and Remedies Code.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Pleading further to the Court only, without waiving the foregoing, and only in the unlikely event that any issue of exemplary damages against Defendants may be allowed to proceed to the jury and/or be awarded against them, Defendants invoke the standards and

limitations on exemplary damages set forth in Chapter 41 of the Texas Civil Practice and Remedies Code.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or this Court should defer this matter, in whole or in part, pursuant to the doctrine of primary jurisdiction, in that the FDA is charged under the law with regulating prescription drugs, including Topamax®, and is specifically charged with determining the content of the warnings and labeling for prescription drugs. The granting of the relief prayed for in plaintiff's Complaint would impede, impair, frustrate, or burden the effectiveness of such federal law and would violate the Supremacy Clause (Art. VI, cl. 2) of the United States Constitution. Thus, plaintiff's claims are preempted by federal law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent plaintiff's claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiff's Legal Committee, 531 U.S. 341 (2001).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The injuries or damages allegedly sustained by plaintiff can be attributed to several causes and accordingly should be apportioned among the various causes according to respective contribution of each such cause to the harm sustained, if any. If any liability is found against Defendants, any such liability being expressly denied, then said liability will constitute less than 50% of the total assigned to all persons liable, and as such, the liability of Defendants to plaintiff for non-economic loss shall be limited, and shall not exceed Defendants' equitable share.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any verdict or judgment rendered against Defendants must be reduced by those amounts that have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation, or employee benefit programs.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to the benefit of all defenses and presumptions contained in, or arising from, any rule of law or statute of any other state whose substantive law might control the action.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants affirmatively reserve the right to all settlement credits under Chapter 33 of the Texas Civil Practices and Remedies Code.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

In the event any settlement is or has been made by any alleged joint tortfeasor, then Defendants are entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Defendants make known to the other parties and to the court that they will avail themselves of their rights under Chapter 33 of the Texas Civil Practice and Remedies Code.

### THIRTIETH AFFIRMATIVE DEFENSE

To the extent that plaintiff requests attorneys' fees, such request is improper under applicable law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants further plead that to the extent that any award of prejudgment interest is sought on future damages, such violates the due process clauses of the United States Constitution, the Texas Constitution, and Chapter 41 of the Texas Civil Practice Remedies and Code.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Texas' Products Liability Act, and Defendants are entitled to and do assert all defenses and presumptions available under Chapter 82 of the Texas Civil Practice and Remedies Code.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendants assert that plaintiff's claims are barred and Defendants are entitled to a presumption of no liability under Texas Civil Practice & Remedies Code §§ 82.001 & 82.007.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The acts and omissions of Plaintiff caused and/or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrines of contributory negligence and/or comparative negligence.  Plaintiff's recovery, if any, therefore is barred or should be apportioned in accordance with applicable law.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

The alleged injuries sustained by plaintiff and/or plaintiff's decedent, if any, were caused, in whole or in part, by pre-existing physical, medical, and/or physiological conditions, for which Defendants have no legal responsibility.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The injuries and damages claimed by plaintiff, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of Defendants was not the proximate and/or competent producing cause of such alleged injuries and damages.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including Defendants.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the benefits of Topamax® outweigh the risks, if any, that might be associated with the product.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Topamax® was neither defective nor unreasonably dangerous in its design, manufacture or marketing and was reasonably safe and reasonably fit for its intended use, thereby barring plaintiff's recovery. The warnings and instructions accompanying Topamax® at the time of the occurrence or injuries alleged by plaintiff were legally adequate warnings and instructions.

### FORTIETH AFFIRMATIVE DEFENSE

The prescription drug Topamax® complied with the applicable product safety regulations promulgated by the FDA. Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous. Plaintiff's recovery is accordingly barred.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Any claims by plaintiff relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, in whole or in part, by reason of the FDA's preamble to the *Requirements on Content and Format of Labeling for Human Prescription Drug and Biological Products*, 71 Fed. Reg. 3922 (Jan. 24, 2006).

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim upon which relief may be granted with regard to warnings and labeling for prescription drugs because the remedy sought by plaintiff is subject to the exclusive regulation of the FDA.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

This Court should abstain from adjudicating plaintiff's claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff and/or plaintiff's decedent did not detrimentally rely on any labeling, warnings or information concerning Topamax®.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Applicable law does not recognize a post-sale duty to warn in the present circumstances. Accordingly, the Complaint fails to state a claim upon which relief may be granted for inadequate post-sale marketing or post-sale duty to warn.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part by collateral sources.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent that plaintiff's Complaint seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

### FORTY-NINTH AFFIRMATIVE DEFENSE

To the extent that plaintiff and/or plaintiff's decedent has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of Defendants, if any, should be reduced accordingly.

### FIFTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, due to res judicata, collateral estoppel, or by release of claims.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to costs, pre-judgment interest, and post-judgment interest.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to join indispensable parties necessary for the just adjudication of this matter.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted for several or joint and several liability.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of warranty are barred because plaintiff failed to give timely notice of any alleged breach of warranty.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

Defendants did not sell or distribute Topamax® to plaintiff's decedent, and plaintiff's decedent did not receive or rely upon any representations or warranties as alleged in the Complaint.  Plaintiff's claims for breach of warranty are barred by lack of privity between plaintiff and/or plaintiff's decedent and Defendants.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of warranty, express or implied, are barred by the applicable state's Uniform Commercial Code or other applicable law.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim for fraud, deceit, misrepresentation, concealment, omission and/or suppression, and fails to allege the circumstances constituting fraud with the particularity required by the Texas Rules of Civil Procedure and the Federal Rules of Civil Procedure.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not the real party in interest or lacks the capacity and/or standing to bring the claims asserted in the Complaint.

### FIFTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive or exemplary damages against Defendants because such an award, which is penal in nature, would violate Defendants' constitutional rights under the United States Constitution and any applicable state constitution, unless Defendants are afforded the same procedural safeguards as are criminal defendants, including but not limited to the right to avoid self incrimination, the right to forego production and disclosure of incriminating documents and the right to the requirement of a level of proof beyond a reasonable doubt.  Any judgment awarding punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Defendants' rights under Sections 10, 14 and 19 of Article I of the Texas Constitution.  In addition, the assessment of punitive damages, a remedy that is essentially criminal in nature, without the protections found in the Texas Code of Criminal Procedure and the Texas Penal Code, constitutes infliction of a criminal penalty without the proper safeguards in violation of Sections 10, 14 and 19 of Article I of the Texas Constitution.

### SIXTIETH AFFIRMATIVE DEFENSE

Any imposition of punitive or exemplary damages in this case would contravene the Commerce Clause of the United States Constitution, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

### SIXTY-FIRST AFFIRMATIVE DEFENSE

No act or omission of Defendants was a result of malice, aggravated or egregious actual fraud, recklessness, a wanton and willful disregard and conscious indifference to plaintiff's and the general public's safety and rights and/or evidenced a flagrant disregard of human life, as alleged in the Complaint.  No act or omission of Defendants was fraudulent,

malicious or grossly negligent.  Accordingly, plaintiff's Complaint fails to state a claim upon

which relief can be granted for punitive or exemplary damages.

### SIXTY-SECOND AFFIRMATIVE DEFENSE

Venue may be improper.

### SIXTY-THIRD AFFIRMATIVE DEFENSE

This Court may not be the proper forum, and may be an inconvenient forum, for

the just adjudication of Plaintiff's claims.

### SIXTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of warranty, express or implied, are barred by the

Texas Business and Commerce Code or other applicable law.

### SIXTY-FIFTH AFFIRMATIVE DEFENSE

Any judgment awarding punitive damages based on Defendants' dissimilar

conduct or acts; any acts or conduct not aimed toward plaintiff and/or plaintiff's decedent; any

acts or conduct occurring outside the State of Texas that may have been lawful where they

occurred; any acts or conduct, independent from the acts or conduct that allegedly harmed the

plaintiff and/or plaintiff's decedent whose claims are being tried; or any acts or conduct lacking a

nexus (or which bear no relation) to the specific harm alleged by the plaintiff whose claims are

being tried, would violate the Due Process Clause of the Fourteenth Amendment to the United

States Constitution, the due process provisions of the Texas Constitution, and the common law

and public policies of the State of Texas.  Awarding punitive damages in this case based on any

of those impermissible factors would effectively adjudicate the merits of other persons'

hypothetical claims against Defendants; it would create the possibility of multiple punitive

damages awards for the same conduct; and it would violate the United States Supreme Court's

pronouncements in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605 (2008).

## SIXTY-SIXTH AFFIRMATIVE DEFENSE

Jury instructions under Texas law are unconstitutional to the extent that they: (1) do not provide any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive damages award; (2) do not instruct on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) do not expressly prohibit juries from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) permit juries to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) fail to instruct that any punitive damages juries may assess must bear a reasonable relationship to the harm caused to the plaintiff whose claims are being tried; (6) fail to instruct that punitive damages cannot be imposed for alleged harm to other plaintiffs or to non-parties; and (7) fail to instruct that the amount of criminal fines or civil penalties set by statute or historically imposed for like misconduct should be considered as one indicator of an appropriate range of punishment.  Any judgment awarding punitive damages utilizing Texas statutory punitive damages instructions would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### SIXTY-SEVENTH AFFIRMATIVE DEFENSE

An award of punitive damages based on conduct or acts committed by those who are not Defendants' vice-principals would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the due process provisions of the Texas Constitution, and the common law and public policies of the State of Texas and would be erroneous.

### SIXTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's pleas for punitive damages expose Defendants to double jeopardy or call for Defendants to be punished more than once for the same conduct, plaintiff's pleas violate Defendants' rights under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 14 and 19 of the Texas Constitution. Moreover, any award of punitive damages based on anything other than Defendants' conduct as alleged in plaintiff's Complaint would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the due process provisions of the Texas Constitution, and the common law and public policies of the State of Texas. Any other basis for awarding punitive damages in this case would not protect Defendants against impermissible multiple punishment for the same wrong.

### SIXTY-NINTH AFFIRMATIVE DEFENSE

To the extent that plaintiff seeks punitive damages, either unlimited or limited, the Complaint seeks excessive fines in violation of Defendants' rights provided in the Eighth and Fourteenth Amendments of the United States Constitution and in Article I, Sections 13 and 19 of the Texas Constitution. Any award of punitive damages is also excessive under those

constitutional provisions to the extent that it does not bear a reasonable relation to the injury, harm, and damages actually suffered by the plaintiff and/or plaintiff's decedent.

### SEVENTIETH AFFIRMATIVE DEFENSE

Plaintiff's plea for punitive damages violates the Supremacy Clause of the United States Constitution (Article I, Section 10, Clause 1) and Article I, Section 16 of the Texas Constitution, and the separation of powers doctrine embodied in Article VI of the United States Constitution and Article I, Section 1 of the Texas Constitution. Any judgment imposing punitive damages would violate the open courts provision of the Texas Constitution, the supremacy clause of the United States Constitution (Article VI), the prohibition against ex post facto and retroactive laws in Article I, Section 16 of the Texas Constitution, and the separation of powers doctrine embodied in the structure of the United States Constitution and in Article II, Section 1 of the Texas Constitution.

### SEVENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that plaintiff's Complaint seeks recovery of punitive damages, it also violates Defendants' rights to contract, as provided in Article I, Section 16 of the Texas Constitution and Article I, Section 10 of the United States Constitution.

### SEVENTY-SECOND AFFIRMATIVE DEFENSE

Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because Defendants are not informed of the nature and cause of the accusation against it; thus, the allegations are void for vagueness.

### SEVENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages cannot be sustained to the extent that the damages sought are not subject to a predetermined limit (such as a maximum multiple of

compensatory damages or a maximum amount) on the amount of punitive damages that a jury may impose.  Such an unrestricted award would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, the Texas Constitution, and the common law and public policies of the State of Texas.

## SEVENTY-FOURTH AFFIRMATIVE DEFENSE

Any judgment awarding exemplary damages must be limited in accordance with Texas Civil Practice & Remedies Code § 41.008.  Defendants assert all defenses and limitations on punitive damages contained in Texas Civil Practice & Remedies Code Chapter 41.  Defendants also assert that any judgment awarding exemplary damages may not exceed double the amount (if any) gained by Defendants or caused by it to be lost or damaged, whichever is greater.  To the extent that Chapter 41 of the Texas Civil Practice and Remedies Code authorizes greater punishments, it is in conflict with Section 12.51(c) of the Texas Penal Code and also violates Defendants' constitutional rights to due process and the constitutional prohibitions against excessive fines.  To the extent that Chapter 41 authorizes jury consideration of (and judicial punishment based on) conduct that occurred in other states, it is unconstitutional not only under *BMW of North America v. Gore*, *State Farm v. Campbell*, *Philip Morris USA v. Williams*, and *Exxon Shipping Co. v. Baker*, but also under the Texas Supreme Court's analysis in *Coca Cola Co. v. Harmar Bottling Co.*, 218 S.W.3d 671, 679-688 (Tex. 2006).  To the extent that Texas Civil Practice & Remedies Code § 41.008 does not apply to limit the amount of punitive damages, then the amount of punitive damages must be limited in accordance with Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution, and the amount of punitive damages must bear a reasonable relationship to compensatory damages.

### SEVENTY-FIFTH AFFIRMATIVE DEFENSE

Any claims for punitive damages against Defendants cannot be sustained because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### SEVENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's right to recover damages in this action, if any, is statutorily limited by Texas's wrongful death statute, as well as the law interpreting that statute.

### SEVENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's right to recover damages in this action, if any, is statutorily limited by Texas's wrongful death and survival statutes, as well as the law interpreting those statutes.

**WHEREFORE,** these answering Defendants pray that Plaintiff takes nothing by reason of her pretended Complaint and that these answering Defendants have judgment for their costs and disbursements incurred herein.

## TRIAL BY JURY IS HEREBY DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants

Janssen Ortho LLC, Ortho-McNeil-Janssen Pharmaceuticals, Inc., Johnson & Johnson

Pharmaceutical Research & Development, LLC and Johnson & Johnson hereby restate their

demand for a trial by jury, composed of the maximum number of jurors allowed by law, on all of

the issues in this case.

JANSSEN ORTHO LLC;
ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC.;
JOHNSON & JOHNSON PHARMACEUTICAL
RESEARCH & DEVELOPMENT, LLC; and
JOHNSON & JOHNSON

By their attorney,

/s/ David R. Schmahmann

David R. Schmahmann (BBO# 446020)
Attorney at Law
1577 Beacon Street
Brookline, MA  02446
(617) 739-1302
davidbrookline@aol.com

OF COUNSEL:

PATTERSON BELKNAP WEBB & TYLER LLP

John D. Winter (JW 3252)

A Member of the Firm

1133 Avenue of the Americas

New York, New York  10036-6710

Telephone:  (212) 336-2000

Facsimile:  (212) 336-2222

jwinter@pbwt.com

Dated:  July 19, 2010

1937303.1