# Exhibit C

## Tiberio, Matthew (x2904)

**From:** Kenneth Fromson [KFromson@lawampm.com]
**Sent:** Friday, August 13, 2010 3:00 PM
**To:** Winter, John D. (x2836)
**Subject:** RE: Topamax Lawsuits

John – Thanks for the email; this is consistent with my position as well. I assume you will coordinate with co-D counsel.

In terms of the exchange of reports in Fowler as not being a requirement under OK law, I agree. I think from a practical perspective, as it pertains to GENERAL causation experts, we will have each already received a report in the NJ litigation (where a report is required), and so to provide a copy of the same report in Fowler will be of no consequence or burden for the parties (assuming of course it's the same expert and same disclosure). Nevertheless, I think its an issue we can continue to discuss, and it does not change the agreement you outline below.

The next issue that comes to mind is the actual deposition of general causation experts. To the extent I have the same general causation expert in the three cases, I would propose that the expert be deposed one time (e.g., cross-noticed in each of the cases), rather than having to return for duplicative depositions. Certainly, if there is a basis/good cause to depose the general causation expert again, then you would have that opportunity. I would think this would be to the benefit of both parties. Again, this is simply an attempt to avoid duplicative work. Please let me know your thoughts. From my perspective, the expert will be providing testimony that Topamax increases the risk of suicidality based on epidemiology, mechanism of action, and adverse event data. The opinion isn't going to change simply b/c there is a different caption. I would extend the same invitation to your general causation experts.

Let me know your thoughts.

**Kenneth Fromson, Esq.**
Finkelstein & Partners, LLP
1279 Route 300, Box 1111
Newburgh, NY 12551
845-562-0203 x2755
KFromson@lawampm.com

---

**From:** Winter, John D. (x2836) [mailto:jwinter@pbwt.com]
**Sent:** Thursday, August 12, 2010 2:43 PM
**To:** Kenneth Fromson
**Subject:** Topamax Lawsuits

Dear Ken:

      Following-up on our conversation yesterday, this will confirm that whatever documents that were produced by OMP/J&J in Earhart as well as depositions taken in Earhart can be used by plaintiffs in either the Fowler or Hamilton cases, subject to OMP's rights to object to the admissibility of this discovery and subject to the Confidentiality Order already in place in Earhart. This also will confirm that plaintiffs in Fowler and Hamilton are not going to pursue duplicative discovery from OMP and, to the extent there are areas of document production and/or depositions that you want to pursue in Fowler or Hamilton, you and I will coordinate on trying to reasonably and efficiently agree on the scope of this additional discovery. Finally, this will confirm that for Earhart, Fowler and Hamilton we agree that drafts of expert reports will not be subject to discovery. Whether we, in fact, exchange expert reports in Fowler needs to be discussed because we both recognize that Oklahoma procedures require expert interrogatory responses, not reports, to be exchanged.

**John D. Winter**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Tel:  212.336.2836
E-mail:  jwinter@pbwt.com
www.pbwt.com

This Email has been scanned for all viruses by PAETEC Email Scanning Services, utilizing MessageLabs proprietary SkyScan infrastructure. For more information on a proactive anti-virus service working around the clock, around the globe, visit http://www.paetec.com.

```
Privileged/Confidential Information may be contained in this message.  If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please advise
immediately if you or your employer do not consent to Internet email for messages of this
kind.
```

```
IRS Circular 230 disclosure:  Any tax advice contained in this communication (including
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter addressed
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)
```

**Confidentiality Notice**
This email and the information contained herein and attachments hereto are legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this email is not the intended recipient, you are hereby notified that any forwarding, dissemination, distribution or copying of this email and/or its attachments, or the taking of any action in reliance on the contents thereof is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply email, delete the email and any attachments and destroy all copies of the original message.
Thank you.

2