# Exhibit J

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------------------------------ x
In re:  NEURONTIN MARKETING,            :   MDL Docket No. 1629
        SALES PRACTICES AND PRODUCTS    :
        LIABILITY LITIGATION            :   Master File No. 04-10981
------------------------------------------------------------ x
                                        :
        THIS DOCUMENT RELATES TO:       :   Judge Patti B. Saris
                                        :   Magistrate Judge Leo T. Sorokin
        Paulette Hamilton, as Administratrix and   :
        Personal Representative of the Estate of   :
        DERRICK HAMILTON                           :
------------------------------------------------------------ x
```

## DEFENDANTS ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.'S ANSWERS TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Defendant, Ortho-McNeil-Janssen Pharmaceuticals, Inc. ("OMJPI"), hereby submits its responses to Plaintiff's First Request for Production of Documents as follows:

### GENERAL OBJECTIONS

1.    OMJPI objects to any request that is overbroad or unduly burdensome.

2.    OMJPI objects to any request that calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3.    OMJPI objects to any request seeking information or documents pertaining to any application for the medicine Topamax® (Topiramate) ("Topamax®"), other than the application for which Topamax® was allegedly prescribed to plaintiff's decedent, Derrick Hamilton, as treatment for symptoms of trigeminal neuralgia. (Topamax®'s "Migraine Application").

4.    OMJPI objects to any request seeking documents regarding any application for Topamax® other than applications or uses that were approved by the United States Food and Drug Administration ("FDA") prior to May 10, 2008, the time period in which plaintiff's decedent allegedly ingested Topamax®.

5.    OMJPI objects to any request seeking documents regarding alleged adverse events other than suicide, suicide attempt or suicidality.

6.    OMJPI objects to any request seeking documents regarding any product that is not the subject of this lawsuit and/or that OMJPI did not manufacture or distribute.

7.    OMJPI objects to any request seeking documents regarding time periods that are not relevant to this case, including, but not limited to, time periods subsequent to May 10, 2008, the date of the death of plaintiff's decedent, Derrick Hamilton, and to any request seeking information about labeling or regulatory proceedings outside of the United States. OMJPI's objections to such requests are based, inter alia, on the grounds that such information is not relevant or material to any issue in this lawsuit and further that it is not calculated to lead to production of information relevant or material to any issue in this lawsuit.

8.    OMJPI objects to any request that is vague, ambiguous, or confusing and therefore not susceptible to a clear and definitive answer. Such requests necessarily require interpretation by OMJPI. Such interpretation by OMJPI may, in some or all cases, be different from that which plaintiff intended. OMJPI hereby puts plaintiff on notice that such interpretation has necessarily taken place in providing answers to the requests herein as a result of plaintiff's imprecise and ambiguous requests.

9.    OMJPI objects to these requests to the extent that they seek the production or identification of documents which are not in OMJPI's possession or control or which have been produced by other parties to this litigation.

10.    OMJPI objects to these requests to the extent that they seek the production of documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, the self-critical analysis privilege, federal and state privacy laws, medical privilege, or any other applicable privileges, immunities, and/or doctrines of state law. Such documents or information will be withheld. Portions of documents that are protected by federal and state privacy laws and/or medical privilege will be redacted.

11.    OMJPI objects to these requests to the extent that either the requests or OMJPI's responses to them may be construed as admissions by OMJPI that any fact or circumstance alleged in any request occurred or existed. Moreover, the responses provided are not intended to be, and shall not be construed to be, an agreement or concurrence by OMJPI that the plaintiff's characterization of any facts or circumstances is correct.

12.    OMJPI objects to each of plaintiff's requests to the extent that they seek to require identification, production and/or organization of documents in any specific order, format or grouping.

13.    OMJPI objects to each of plaintiff's requests to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure and any scheduling orders entered in this matter, and to the extent that they seek information beyond that permitted by such rules and orders.

14.    OMJPI objects to any request that seeks documents beyond the scope of reasonable discovery as permitted by the Federal Rules of Civil Procedure.

15.    OMJPI objects to any request that calls for the production of expert's reports or information supporting expert opinion, on the ground that such requests are premature.

16.     OMJPI objects to any request that calls for a legal conclusion, or that purports to require OMJPI to form, read, set forth, or perform a legal analysis.  OMJPI is only required to provide factual information in responding to any document request.  To the extent that any request seeks other than factual information, OMJPI objects to such request as improper.

17.     OMJPI objects to plaintiff's requests on the ground that they are overbroad by not being constrained to any particular time frame.

18.     OMJPI objects to any request that is premature.

19.     To the extent that any document request seeks the production of privileged material, OMJPI's production of any documents protected by any privilege or immunity (including, but not limited to, the attorney-client privilege, the work product doctrine, and the self-critical analysis privilege) is not intended to be, and shall not be construed to be, a waiver of any such privilege or protection.

20.     OMJPI objects to any request that seeks trade secret, proprietary and confidential information.  The provision of certain information herein, or pursuant hereto, is subject to and conditioned upon the entry of a Protective Order agreed to by the parties.

21.     OMJPI's investigation is ongoing and OMJPI reserves the right to supplement all responses as information becomes available during the course of discovery, document review and investigation.

22.     OMJPI reserves the right to seek costs from plaintiff for the reproduction of documents for production.

23.     OMJPI objects to these requests for production as they exceed the permissible number allowed under the Federal Rules of Civil Procedure.

24.     The General Objections asserted herein shall be deemed to be applicable to and continuing with respect to each of OMJPI's responses to the within document requests.  The General Objections asserted herein are incorporated into each and every response set forth herein.  Such objections are not waived, nor in any way limited, by any response to any specific request.  OMJPI reserves its right to amend or modify these responses at any time should it discover information that makes the present responses incomplete or inaccurate.  By reserving such right, OMJPI does not intend to assume a duty to modify or amend these responses, other than as required by the Federal Rules of Civil Procedure.  In providing these responses and producing any documents, OMJPI does not intend to waive any objections as to relevancy, materiality or admissibility of evidence in this matter or any other matter or proceeding.

3

## RESPONSES TO REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1.     **Copies of all documents, materials or other sources of information in your possession, custody, or control that were used, read or referenced in order to prepare answers to the defendant's answers to Plaintiff's First Set of Interrogatories to Defendant.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information, and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity.

Subject to all foregoing General and Specific Objections, and pursuant to a Protective Order agreed to by the parties, OMJPI will produce relevant, responsive and non-privileged documents that are identified in OMJPI's response to Plaintiffs' First Set of Interrogatories to Defendants.

2.     **Copies of all insurance, agreements, including excess policies of insurance under which any person or firm carrying an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment. (Request is specifically made for the entire actual policy and not merely a coverage declarations page).**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, and that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information.

Subject to all foregoing general and specific objections, OMJPI states that it is insured through Middlesex Assurance Company Ltd., Burlington, Vermont, a wholly-owned subsidiary of Johnson & Johnson, up to $100 million per occurrence and has excess layers of insurance beyond that. OMJPI, also a wholly-owned subsidiary of Johnson & Johnson, objects to providing the carriers' names, policy limits and policies on the grounds that such production would be burdensome, overbroad and irrelevant. OMJPI is a substantial corporation and the insurance is adequate to satisfy any verdict in this matter.

3.     **Copies of all statements obtained by the defendant or anyone on its behalf concerning this lawsuit.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad, unduly burdensome, vague and ambiguous. OMJPI further objects to this Request on the grounds that it seek documents that are protected by the attorney-client privilege and/or the work product immunity. Subject to all foregoing General and Specific Objections, OMJPI will produce any responsive documents that are not subject to the attorney-client privilege and/or work product immunity and that are not otherwise available to plaintiffs.

4.   **Copies of all photographs, videotapes, audio tapes or other forms of electronic recording, sketches, reproductions, charts or maps that were made in connection with respect to anything that is relevant to the subject matter of plaintiff's Complaint.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad, unduly burdensome, vague and ambiguous. OMJPI further objects to this Request on the grounds that the term "reproductions" is overbroad and imprecise. OMJPI further objects to this Request on the grounds that it seek documents that are protected by the attorney-client privilege and/or the work product immunity.

Subject to all foregoing General and Specific Objections, OMJPI will produce any photographs, videotapes, audiotapes, other forms of electronic recording, sketches, charts or maps that are relevant to this action, that are not otherwise available to plaintiffs, and that are not subject to the attorney-client privilege and/or work product immunity.

5.   **Copies of all license agreements and/or development agreements with any person and/or entity relating in any way to TOPIRAMATE AND/OR TOPAMAX.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information, and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity. OMJPI further objects to this Request on the grounds that the term "development agreement" is vague and ambiguous.

Subject to all foregoing General and Specific Objections, and pursuant to a Protective Order agreed to by the parties, OMJPI responds that Topamax® is not manufactured or sold pursuant to a licensing agreement with any person or entity.

6.   **Copies of all New Drug Applications ("NDA") and/or Supplemental New Drug Applications ("SNDA") relating in any way to TOPIRAMATE AND/OR TOPAMAX,**

which were submitted to the Food and Drug Administration ("FDA"), including all drafts of such NDA and SNDAs.

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information, and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity. OMJPI further objects to this Request on the grounds that it seeks documents regarding applications other than Topamax®'s Migraine Application. OMJPI further objects to this Request to the extent that it requests documents that are protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce the NDA and sNDAs filed with the FDA with respect to Topamax®'s Migraine Application.

7.    **Defendants' New Drug Application and Supplemental New Drug Application for Topamax.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad. OMJPI further objects to this Request on the grounds that it seeks documents regarding applications other than Topamax®'s Migraine application. OMJPI further objects to this Request to the extent that it requests documents that are protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce the New Drug Application("NDA") and any supplemental New Drug Applications ("sNDAs") filed with FDA with respect to Topamax®'s Migraine Application.

8.    **All documents concerning Defendants' review and analysis of psychiatric adverse effects, including (suicidality, suicide, suicide attempts, suicidal ideation, suicide related events, suicidal behavior, and/or events with evidence of self-harm) reported and/or associated with the use of Topamax.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information, and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity. OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine application, documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008. OMJPI further objects to this Request to the extent that it requests documents that are protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged documents referring to review and analysis of psychiatric adverse effects, including (suicidality, suicide, suicide attempts, suicidal ideation, suicide related events, suicidal behavior and/or events with evidence of self-harm) reported and/or associated with the use of Topamax, that are contained in the Investigational New Drug applications ("IND"), NDA and/or sNDAs submitted to FDA with respect to Topamax®'s Migraine application. Further, subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged documents referring to review and analysis of psychiatric adverse effects, including (suicidality, suicide, suicide attempts, suicidal ideation, suicide related events, suicidal behavior and/or events with evidence of self-harm) reported and/or associated with the use of Topamax, that are contained in documents submitted by or on behalf of OMJPI to FDA in response to FDA's 2005, 2006, 2007 and 2008 requests for adverse event data and other information on suicidality pertaining to eleven anti-epileptic medicines.

9.     **To the extent Defendants submitted to any regulatory authority, whether foreign or domestic, a document entitled "Reported Suicide Attempts Among Epileptic Patients Taking Topamax", please provide drafts and the final version as submitted to said regulatory authority or authorities.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information, and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity. OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United

States, and documents regarding applications other than Topamax®'s Migraine application. OMJPI further objects to this Request to the extent that it requests documents that are protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, non-privileged documents that are responsive to this Request.

10.    **Please provide documents regarding Topamax, if any, reflecting correspondence from France's regulatory authority, AFSSAPS, regarding inquiries about suicide and/or suicide attempt.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information, and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity. OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine application, documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008.

11.    **Please provide documents regarding Topamax reflecting Defendants' written response to any requests by Italy's regulatory authority, Ministry of Health, regarding suicide and/or suicide attempts.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information, and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity. OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine application, documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008.

12.     **Please produce all of Defendants' Periodic Safety Update Reports regarding Topamax.**

**RESPONSE:**

      OMJPI objects to this Request on the grounds that it is overbroad.  OMJPI further objects to this Request on the grounds that it seeks documents regarding applications other than Topamax®'s Migraine application, documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008.  OMJPI further objects to this Request to the extent that it requests documents that are protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

      Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged Periodic Safety Update Reports regarding Topamax® that are contained in the INDs, NDA and/or sNDAs submitted to FDA with respect to Topamax®'s Migraine application. Further, subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged Periodic Safety Update Reports submitted by or on behalf of OMJPI to FDA in response to FDA's 2005, 2006, 2007 and 2008 requests for adverse event data and other information on suicidality pertaining to eleven anti-epileptic medicines.

13.     **Please produce all of Defendants' Periodic Safety Reports regarding Topamax.**

**RESPONSE:**

      OMJPI objects to this Request on the grounds that it is overbroad.  OMJPI further objects to this Request on the grounds that it seeks documents regarding applications other than Topamax®'s Migraine application, documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008.  OMJPI further objects to this Request to the extent that it requests documents that are protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

      Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged Periodic Safety Reports regarding Topamax® that are contained in the INDs, NDA and/or sNDAs submitted to FDA with respect to Topamax®'s Migraine application.  Further, subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by

applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged Periodic Safety Reports submitted by or on behalf of OMJPI to FDA in response to FDA's 2005, 2006, 2007 and 2008 requests for adverse event data and other information on suicidality pertaining to eleven anti-epileptic medicines.

14.     **Please produce all documents reflecting any analyses by Defendants on the evaluation of Topamax use and suicidality, suicide, suicide attempts, suicidal ideation, suicide related events, suicidal behavior, and/or events with evidence of self-harm in which the Defendants specifically calculated statistical significance in their analyses.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information, and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity. OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine application, documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008.  OMJPI further objects to this Request to the extent that it requests documents that are protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged documents reflecting analyses on the evaluation of Topamax use and suicidality, suicide, suicide attempts, suicidal ideation, suicide related events, suicidal behavior, and/or events with evidence of self-harm in which the statistical significance was specifically calculated, that are contained in the INDs, NDA and/or sNDAs submitted to FDA with respect to Topamax®'s Migraine Application.   Further, subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged documents reflecting analyses on the evaluation of Topamax use and suicidality, suicide, suicide attempts, suicidal ideation, suicide related events, suicidal behavior, and/or events with evidence of self-harm in which the statistical significance was specifically calculated, that are contained in documents submitted by or on behalf of OMJPI to FDA in response to FDA's 2005, 2006, 2007 and 2008 requests for adverse event data and other information on suicidality pertaining to eleven anti-epileptic medicines.

15.     **Please produce both drafts and final versions of all Audit(s) of Defendants' Drug Safety and Surveillance process for producing and reviewing Periodic Safety Update Reports for Topamax.**

**RESPONSE:**

> OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information, and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity. OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine application, documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008.

> Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce relevant, non-privileged documents that are responsive to this Request.

16.     **Please produce all final versions of Defendants' Risk Management Plan(s) regarding Topamax.**

**RESPONSE:**

> OMJPI objects to this Request on the grounds that it is overbroad.  OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine application, documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008.

> Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce relevant, non-privileged documents that are responsive to this Request.

17.     **Produce all documents to/from FDA regarding FDA's requests in 2005, 2006, 2007, 2008, and 2009 for information and data related to antiepileptic drugs, including Topamax and suicidality.**

**RESPONSE:**

> OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity.  OMJPI further objects to this Request on the

11

grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine application, documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008. OMJPI further objects to this Request to the extent that it requests documents that are protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

   Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged documents that are contained in documents submitted by or on behalf of OMJPI to FDA in response to FDA's 2005, 2006, 2007 and 2008 requests for adverse event data and other information on suicidality pertaining to eleven anti-epileptic medicines.

18. **Produce Defendant's Record-of-Contacts (ROC), which upon information and belief is available in electronic format that reflects Defendant's contacts with FDA regarding Topamax.**

**RESPONSE:**

   OMJPI objects to this Request on the grounds that it is overbroad. OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine application, documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008.

   Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce relevant, responsive Records-of-Contact (ROC) regarding Topamax®.

19. **All documents reflecting any internal discussion by Defendant employees concerning the potential psychiatric risks or adverse reactions in individuals which may have been associated with or caused by the use of Topamax when used alone or in combination with other drugs.**

**RESPONSE:**

   OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information, and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity. OMJPI further objects to this Request on the grounds that it seeks documents regarding

Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine application, documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008. OMJPI further objects to this Request to the extent that it requests documents that are protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

       Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged documents reflecting any internal discussion by Defendant employees concerning the potential psychiatric risks or adverse reactions in individuals which may have been associated or caused by the use of Topamax® when used alone or in combination with other drugs, that are contained in the INDs, NDA and/or sNDAs submitted to FDA with respect to Topamax®'s Migraine application. Further, subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged documents reflecting any internal discussion by Defendant employees concerning the potential psychiatric risks or adverse reactions in individuals which may have been associated or caused by the use of Topamax® when used alone or in combination with other drugs, that are contained in documents submitted by or on behalf of OMJPI to FDA in response to FDA's 2005, 2006, 2007 and 2008 requests for adverse event data and other information on suicidality pertaining to eleven anti-epileptic medicines.

20.    **Advertisements or promotions for Topamax from the time it was introduced into the marketplace to May 10, 2008.**

**RESPONSE:**

       OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome and that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information. OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine application, and documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality.

       Subject to all foregoing General and Specific Objections, OMJPI will produce relevant and responsive documents that are responsive to this Request.

21.    **All documents reflecting communications between Plaintiff's Decedent's healthcare provider(s) Cynthia Sloan, D.O., 2255 North Loop, 336 West, Conroe, TX 77340; Dr. J. Hanna, 481 1H 46 South, Suite 3, Huntsville, TX 77340; Dr. Donald Strickland, 9100 Forest**

**Crossing, Spring, TX 77381, and Defendant's sales representatives or detail representatives regarding the promotion of Topamax.**

**RESPONSE:**

        OMJPI objects to this Request to the extent that it requests information that is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

        Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce documents provided by OMJPI to, or received by OMJPI from, the practice of Plaintiff decedent's health care provider(s) Cynthia Sloan, of Conroe, TX; Dr. J. Hanna of Huntsville, TX; and Dr. Donald Strickland of Spring, TX, prior to May 10, 2008 relating to Topamax®.

22. **Documents sufficient to identify Topamax samples provided to Cynthia Sloan, D.O., 2255 North Loop, 336 West, Conroe, TX 77340; Dr. J. Hanna, 481 1H 46 South, Suite 3, Huntsville, TX 77340; Dr. Donald Strickland, 9100 Forest Crossing, Spring, TX 77381**

**RESPONSE:**

        OMJPI objects to this Request on the grounds that is overbroad and unduly burdensome, that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence, and that it vague and ambiguous. OMJPI further objects to this Request to the extent that it requests information that is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

        Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce documents provided by OMJPI to, or received by OMJPI from, the practice of Plaintiff decedent's health care provider(s) Cynthia Sloan of Conroe, TX; Dr. J. Hanna of Huntsville, TX; and Dr. Donald Strickland of Spring, TX, prior to May 10, 2008 relating to Topamax®.

23. **Documents sufficient to identify the training of sales representatives or detail representatives concerning Topamax, if any, who communicated with Cynthia Sloan, D.O., 2255 North Loop, 336 West, Conroe, TX 77340; Dr. J. Hanna, 481 1H 46 South, Suite 3, Huntsville, TX 77340; Dr. Donald Strickland, 9100 Forest Crossing, Spring, TX 77381.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence, and that it is vague and ambiguous.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce documents that are responsive to this Request.

24.     **For each Defendant sales representative that called upon or had communication with Plaintiffs treating physician[s], please identify and produce his/her custodial files, including all traditional "paper" documents, and computer files pertaining to Topamax.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information. OMJPI further objects to this Request to the extent that it requests information that is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce relevant, non-privileged documents that are responsive to this Request.

25.     **For each Defendant sales representative that called upon or had communication with Plaintiffs treating physician[s], please identify and produce any and all sales call notes or other documents that reflect or refer to any communications with any of Plaintiff's prescribing healthcare providers, including Cynthia Sloan, D.O., 2255 North Loop, 336 West, Conroe, TX 77340; Dr. J. Hanna, 481 I H 46 South, Suite 3, Huntsville, TX 77340; Dr. Donald Strickland, 9100 Forest Crossing, Spring, TX 77381.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, and that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information. OMJPI further objects to this Request to the extent that it requests information that is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce relevant, non-privileged documents that are responsive to this Request.

26.     **For each Defendant sales representative that called upon or had communication with Plaintiffs treating physician[s], including Cynthia Sloan, D.O., 2255 North Loop, 336 West, Conroe, TX 77340; Dr. J. Hanna, 481 1H 46 South, Suite 3, Huntsville, TX 77340; Dr. Donald Strickland, 9100 Forest Crossing, Spring, TX 77381, please identify and produce documents, including journal articles, slim jims, informational material or promotional information that the Defendant sales representative distributed to or discussed with Plaintiff's prescribing healthcare provider.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, and that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce documents provided by OMJPI to, or received by OMJPI from, the practice of Plaintiff decedent's health care provider(s) Cynthia Sloan, of Conroe, TX; Dr. J. Hanna of Huntsville, TX; and Dr. Donald Strickland of Spring, TX, prior to May 10, 2008 relating to Topamax®.

27.     **Documents sufficient to show the training materials, whether educational and/or promotional materials, provided to Defendant's sales representatives who communicated with Plaintiff decedent's healthcare providers.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence, and that it is vague and ambiguous.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce documents that are responsive to this Request.

28.     **Copies of all draft and/or final form Dear Doctor/Healthcare Provider Letters approved for dissemination to doctors and/or healthcare providers that relate in any way to TOPAMAX OR ITS BIOEQUIVALENT TOPIRAMATE.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information, and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity. OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine application, documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008.

Subject to all foregoing General and Specific Objections, OMJPI will produce copies of any final "Dear Healthcare Provider" letters sent to doctors and/or healthcare providers in the United States prior to May 10, 2008 with respect to Topamax®.

29.   **A copy of the Defendants' 2010 Corporate Integrity Agreement agreed upon with the U.S. Attorney Office regarding Defendants' alleged off-label promotion of Topiramate.**

**RESPONSE:**

OMJPI objects to this Request that it seeks production of a document that is neither relevant nor reasonably calculated to lead to the production of relevant information.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce documents that are responsive to this Request.

30.   **All documents regarding Defendants' "Doctor-for-a-Day" program.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information.

31.   **Documents sufficient to show the organizational structure of the group or groups responsible for marketing Topamax, including the names of all sales representatives or detail representatives who called upon Plaintiff's Decedent's healthcare provider, Cynthia Sloan, D.O., 2255 North Loop, 336 West, Conroe, TX 77340; Dr. J. Hanna, 481 1H 46 South, Suite 3, Huntsville, TX 77340; Dr. Donald Strickland, 9100 Forest Crossing, Spring, TX 77381.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information.

Subject to all foregoing General and Specific Objections, and pursuant to a Protective Order agreed to by the parties, OMJPI will produce organizational charts that are available for OMJPI, Ortho-McNeil Neurologics, Division of OMJPI, and Ortho-McNeil Pharmaceutical®, Division of OMJPI, for the years 2000 to 2008.

32.    **Documents sufficient to show aggregate prescription data received from third parties regarding Topamax (e.g., IMS Health, Inc.) through the date of these request for documents.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, and that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information.

33.    **Documents sufficient to show the monthly and annual budget for Defendants to promote, advertise or market Topiramate for the calendar year of 2008.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information.  OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine application, and documents regarding time periods after May 10, 2008.

34.    **Documents sufficient to demonstrate gross sales of Topamax from approval date by FDA to May 10, 2008.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information.  OMJPI further objects to this Request on the grounds that it seeks

documents regarding Topamax® sold outside of the United States, and documents regarding applications other than Topamax®'s Migraine Application.

35.    **Documents sufficient to show advertisements in medical journals or scientific treatises for the 3 years up to and including May 10, 2008.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, and that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information. OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine Application.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce documents that are responsive to this Request.

36.    **An electronic copy of each web-page from Defendants' website, topamax.com, as it existed as of May 10, 2008.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, and that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information. OMJPI further objects to this Request on the grounds that it seeks documents regarding applications other than Topamax®'s Migraine application, and documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce documents that are responsive to this Request.

37.    **Produce all documents regarding Topamax and suicidality, suicide, suicide attempts, suicidal ideation, suicide related events, suicidal behavior, and/or events with evidence of self-harm from the custodial files of Defendants' employees whose job responsibilities include sales and/or marketing of Topamax.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information.

38.     **Produce all documents regarding Topamax and suicidality, suicide, suicide attempts, suicidal ideation, suicide related events, suicidal behavior, and/or events with evidence of self-harm from the custodial files of Defendants' employees whose job responsibilities included monitoring the safety and/or efficacy of Topamax.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information, and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity. OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine application, documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008. OMJPI further objects to this Request to the extent that it requests documents that are protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Subject to all foregoing General and Specific Objections, OMJPI states that the responsibilities that are the subject of this Request were not assigned to any specific individual, but were shared by individuals in various disciplines, including but not limited to of individuals including but not limited to Medical Affairs, Clinical Research and Regulatory Affairs. After further investigation, OMJPI will produce relevant, non-privileged documents from the custodial files of individuals who may have had responsibility for monitoring the safety and/or efficacy of Topamax®.

39.     **Produce all documents previously produced to a Plaintiff (and/or Plaintiffs counsel) in any other legal proceeding involving Topamax and concerning suicidality, suicide, suicide attempts, suicidal ideation, suicide related events, suicidal behavior, and/or events with evidence of self-harm.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, and that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information.

Subject to all foregoing General and Specific Objections, OMJPI states that the only plaintiff's law firm that has received documents in a lawsuit in which it is alleged that Topamax® was associated with a claim of suicidality, suicide, suicide attempts, suicidal ideation, suicide related events, suicidal behavior, and/or events with evidence of self-harm is Finkelstein and Partners.

40.   **Copies of all documents that relate in any way to Plaintiffs.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, and that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information.

41.   **Copies of organizational charts for persons and/or entities involved in any way with the research, development, testing, manufacture, packaging, warning, labeling, and/or regulatory compliance for TOPIRAMATE AND/OR TOPAMAX.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information.

Subject to all foregoing General and Specific Objections, and pursuant to a Protective Order agreed to by the parties, OMJPI will produce organizational charts that are available for OMJPI, Ortho-McNeil Neurologics, Division of OMJPI, and Ortho-McNeil Pharmaceutical®, Division of OMJPI, for the years 2000 to 2008.

42.   **Copies of all documents that in any way abstract, summarize, compile, analyze, and/or interpret any complaints, concerns and/or data concerning the use, safety, risks, and/or side effects of TOPIRAMATE AND/OR TOPAMAX .**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it is vague and ambiguous, and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity.  OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine Application, documents regarding alleged risks and/or side effects other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008.  OMJPI further objects to

this Request to the extent that it requests documents that are protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

        Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged reports of alleged adverse events involving suicide, suicide attempt or suicidality related to Topamax®, that are contained in the INDs, NDA and/or sNDAs submitted to the FDA with respect to Topamax®'s Migraine Application.  Further, subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged reports of adverse events occurring related to Topamax®, that are contained in documents submitted by or on behalf of OMJPI to the FDA in response to the FDA's 2005, 2006, 2007 and 2008 requests for adverse event data and other information on suicidality pertaining to eleven anti-epileptic medicines.

**43.   Copies of all documents that relate in any way to all evaluations and/or assessments and/or analyses, performed by or on behalf of the Defendant, relating in any way to the safety of TOPIRAMATE AND/OR TOPAMAX.**

**RESPONSE:**

        OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information, and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity. OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine Application, documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008.  OMJPI further objects to this Request to the extent that it requests documents that are protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

        Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged documents referring to evaluations, assessments and/or analyses related to Topamax® and suicide, suicide attempt and/or suicidality, that are contained in the INDs, NDA and/or sNDAs submitted to the FDA with respect to Topamax®'s Migraine Application.  Further, subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by

applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged documents referring to evaluations, assessments and/or analyses, related to Topamax® and suicide, suicide attempt and/or suicidality, that are contained in documents submitted by or on behalf of OMJPI to the FDA in response to the FDA's 2005, 2006, 2007 and 2008 requests for adverse event data and other information on suicidality pertaining to eleven anti-epileptic medicines.

**44.    Copies of all documents relating in any way to all evaluations and/or assessments and/or analyses, performed by or on behalf of the Defendant, relating in any way to the risks of TOPIRAMATE AND/OR TOPAMAX.**

<u>**RESPONSE:**</u>

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information, and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity. OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine Application, documents regarding alleged risks other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008. OMJPI further objects to this Request to the extent that it requests documents that are protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged documents referring to evaluations, assessments and/or analyses related to Topamax® and suicide, suicide attempt and/or suicidality, that are contained in the INDs, NDA and/or sNDAs submitted to the FDA with respect to Topamax®'s Migraine Application. Further, subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged documents referring to evaluations, assessments and/or analyses, related to Topamax® and suicide, suicide attempt and/or suicidality, that are contained in documents submitted by or on behalf of OMJPI to the FDA in response to the FDA's 2005, 2006, 2007 and 2008 requests for adverse event data and other information on suicidality pertaining to eleven anti-epileptic medicines.

23

45.     **Copies of all documents relating in any way to all evaluations and/or assessments and/or analyses, performed by or on behalf of the Defendant, relating in any way to the side effects of TOPIRAMATE AND/OR TOPAMAX.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information, and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity. OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine Application, documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008. OMJPI further objects to this Request to the extent that it requests documents that are protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged documents referring to evaluations, assessments and/or analyses related to Topamax® and suicide, suicide attempt and/or suicidality, that are contained in the INDs, NDA and/or sNDAs submitted to the FDA with respect to Topamax®'s Migraine Application. Further, subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged documents referring to evaluations, assessments and/or analyses, related to Topamax® and suicide, suicide attempt and/or suicidality, that are contained in documents submitted by or on behalf of OMJPI to the FDA in response to the FDA's 2005, 2006, 2007 and 2008 requests for adverse event data and other information on suicidality pertaining to eleven anti-epileptic medicines.

46.     **Copies of all documents that relate in any way to any Standard Operating Procedure ("SOP") and/or policy and procedure manuals relating in any way to Defendant pharmacovigilance group, if any, and its composition and responsibilities.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad, and that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information. OMJPI further objects to this Request on the grounds that it seeks documents regarding medicines other that Topamax®, documents regarding Topamax®

24

sold outside of the United States and documents regarding applications other than Topamax®'s Migraine Application.

        Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce Standard Operating Procedures ("SOP") that are relevant and responsive to this Request.

47.    **Copies of all correspondence with the FDA that relate in any way to any TOPIRAMATE AND/OR TOPAMAX Dear Doctor/Healthcare Provider Letter, including, but not limited to any and all comments regarding such letters received from the FDA.**

**RESPONSE:**

        OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information, and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity. OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine Application, documents regarding alleged risks other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008.  OMJPI further objects to this Request to the extent that it requests documents that are protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

        Subject to all foregoing General and Specific Objections, and pursuant to a Protective Order agreed to by the parties, OMJPI will produce copies of any FDA comments on draft or final "Dear Healthcare Provider" letters sent to the FDA with respect to Topamax® prior to May 10, 2008.

48.    **Produce documents sufficient to show Defendant's organizational structure of the group or groups responsible for TOPIRAMATE AND/OR TOPAMAX.**

**RESPONSE:**

        OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information.

        Subject to all foregoing General and Specific Objections, and pursuant to a Protective Order agreed to by the parties, OMJPI will produce organizational charts that are available for OMJPI, Ortho-McNeil Neurologics, Division of OMJPI, and Ortho-McNeil Pharmaceutical®, Division of OMJPI, for the years 2000 to 2008.

49.     **Produce Defendant's Record-of-Contacts (ROC), which upon information and belief is available in electronic format that reflects Defendant's contacts with FDA regarding TOPIRAMATE AND/OR TOPAMAX.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad.  OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine application, documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce relevant, responsive Records-of-Contact (ROC) regarding Topamax®.

50.     **Produce Defendant's internal correspondence documents, including but not limited to email and attachments, if any, regarding anticonvulsants, including, and suicidality.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information, and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity. OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine application, documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008.  OMJPI further objects to this Request to the extent that it requests documents that are protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged documents reflecting any internal discussion by Defendant employees concerning the potential psychiatric risks or adverse reactions in individuals which may have been associated or caused by the use of Topamax® when used alone or in combination with other drugs, that are contained in the INDs, NDA and/or sNDAs submitted to FDA with respect to Topamax®'s Migraine application. Further, subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant,

responsive and non-privileged documents reflecting any internal discussion by Defendant employees concerning the potential psychiatric risks or adverse reactions in individuals which may have been associated or caused by the use of Topamax® when used alone or in combination with other drugs, that are contained in documents submitted by or on behalf of OMJPI to FDA in response to FDA's 2005, 2006, 2007 and 2008 requests for adverse event data and other information on suicidality pertaining to eleven anti-epileptic medicines.

51.    **Produce documents which reflect any post marketing psychiatric or psychobiologic adverse events concerning TOPIRAMATE AND/OR TOPAMAX .**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome. OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine Application, documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008. OMJPI further objects to this Request to the extent that it requests documents that are protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant and responsive documents which reflect any post-marketing psychiatric or psychobiologic adverse events concerning Topiramate and/or Topamax® prior to May 10, 2008, contained in the INDs, NDA and sNDAs submitted to the FDA with respect to Topamax®'s Epilepsy Application and in correspondence to and from the FDA prior to May 10, 2008 with respect to Topamax®'s Migraine Application. Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant and responsive documents regarding post-marketing surveillance prior to May 10, 2008, submitted by or on behalf of OMJPI to the FDA in response to the FDA's 2005, 2006, 2007 and 2008 requests for adverse event data and other information on suicidality pertaining to eleven anti-epileptic medicines.

52.    **Produce documents sufficient to identify Defendant's post-marketing surveillance for TOPIRAMATE AND/OR TOPAMAX, used alone or in combination with other drugs.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably

calculated to lead to the production of relevant information, and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity. OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine application, documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008.  OMJPI further objects to this Request to the extent that it requests documents that are protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged documents reflecting Defendant's post-marketing surveillance for Topiramate and/or Topamax®, used alone or in combination with other drugs, that are contained in the INDs, NDA and/or sNDAs submitted to FDA with respect to Topamax®'s Migraine application.  Further, subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce relevant, responsive and non-privileged documents reflecting Defendant's post-marketing surveillance for Topiramate and/or Topamax®, used alone or in combination with other drugs, that are contained in documents submitted by or on behalf of OMJPI to FDA in response to FDA's 2005, 2006, 2007 and 2008 requests for adverse event data and other information on suicidality pertaining to eleven anti-epileptic medicines.

53.     **All medical literature pertaining to TOPIRAMATE AND/OR TOPAMAX and/or anticonvulsants possessed by Defendants.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information, that it is vague and ambiguous, and that it seeks production documents that are in the public domain.

54.     **Produce all documents that describe the method whereby you receive, collate, analyze, report, follow-up, investigate and then disseminate or make available to members of the medical profession reports of precautions, adverse reactions, adverse events and contraindication to the use of Defendant's TOPIRAMATE AND/OR TOPAMAX.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence, that it is vague and ambiguous, and that it is overbroad and unduly burdensome.  OMJPI further objects to this Request on the grounds that it seeks information regarding alleged adverse events other than suicide, suicide attempt or suicidality, and time periods after May 10, 2008.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce Standard Operating Procedures ("SOP") that are relevant and responsive to this Request.

55.     **Produce documents identifying the name and address of any persons with personal knowledge of the matters alleged by the Plaintiff(s) in this proceeding.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information, and that it is vague and ambiguous.

56.     **Provide all documentation reflecting Defendant's anticipated (or forecast) of sales for its TOPIRAMATE AND/OR TOPAMAX, if any, calculated or otherwise determined prior to and/or after Defendant's approval of its NDA and/or SNDA.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information.  OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine application, and documents regarding time periods after May 10, 2008.

57.     **Provide all documentation reflecting Defendant's anticipated (or forecast) of sales for its TOPIRAMATE AND/OR TOPAMAX based on indications (uses) for which TOPIRAMATE AND/OR TOPAMAX was expected and/or anticipated by Defendants to be prescribed by healthcare providers.**

**RESPONSE:**

OMJPI objects to this Request on the grounds that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information.  OMJPI further objects to this Request on the grounds that it seeks

documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine application, and documents regarding time periods after May 10, 2008.

**58.     Provide all documentation reflecting Defendant's anticipated (or forecast) of sales for its based on indications (uses) for which TOPIRAMATE AND/OR TOPAMAX was expected by Defendant to be dispensed by pharmacies and/or hospitals.**

<u>**RESPONSE:**</u>

OMJPI objects to this Request on the grounds that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information.   OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine application, and documents regarding time periods after May 10, 2008.

**59.     Provide all documents reflecting Defendant's knowledge of TOPIRAMATE AND/OR TOPAMAX use for "off-label", unapproved uses by FDA, prior to and after Defendant's approval of its NDA and SNDA.**

<u>**RESPONSE:**</u>

OMJPI objects to this Request on the grounds that it is overbroad and unduly burdensome, that it seeks production of documents that are neither relevant nor reasonably calculated to lead to the production of relevant information, that it is vague and ambiguous, and that it seeks production of documents that are subject to the attorney-client privilege and/or the work product immunity.  OMJPI further objects to this Request on the grounds that it seeks documents regarding Topamax® sold outside of the United States, documents regarding applications other than Topamax®'s Migraine application, documents regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and documents regarding time periods after May 10, 2008.

Dated: November 9, 2010

PATTERSON BELKNAP WEBB & TYLER LLP

By: _____

John D. Winter
A Member of the Firm
1133 Avenue of the Americas
New York, New York  10036-6710
Telephone:  (212) 336-2000
jwinter@pbwt.com