# Exhibit N

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------ x
In re:  NEURONTIN MARKETING,                : MDL Docket No. 1629
        SALES PRACTICES AND PRODUCTS        :
        LIABILITY LITIGATION                : Master File No. 04-10981
------------------------------------------------------------ x
                                            :
        THIS DOCUMENT RELATES TO:           : Judge Patti B. Saris
                                            : Magistrate Judge Leo T. Sorokin
        Paulette Hamilton, as Administratrix and  :
        Personal Representative of the Estate of  :
        DERRICK HAMILTON                    :
------------------------------------------------------------ x


**DEFENDANT ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.'S
ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant, Ortho-McNeil-Janssen Pharmaceuticals, Inc. ("OMJPI"), hereby submits its responses to Plaintiff's First Interrogatories as follows:

**GENERAL OBJECTIONS**

1. OMJPI objects to any interrogatory that is overbroad or unduly burdensome.

2. OMJPI objects to any interrogatory that requests information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3. OMJPI objects to any interrogatory seeking information or documents pertaining to any application for the medicine Topamax® (topiramate) ("Topamax®"), other than the application for which Topamax® was allegedly prescribed to Plaintiff's decedent, Derrick Hamilton, as treatment for symptoms of trigeminal neuralgia (Topamax®'s "Migraine Application").

5. OMJPI objects to any interrogatory seeking information or documents regarding any application for Topamax® other than applications or uses that were approved by the United States Food and Drug Administration ("FDA") in 2008, the time period in which Plaintiff's decedent allegedly ingested Topamax®.

6. OMJPI objects to any interrogatory seeking information or documents regarding alleged adverse events other than suicide, suicide attempt, or suicidality.

7. OMJPI objects to any interrogatory seeking information or documents regarding any product that is not the subject of this lawsuit and/or that OMJPI did not manufacture or distribute.

8. OMJPI objects to any interrogatory seeking information or documents regarding time periods that are not relevant to this case, including, but not limited to, time periods subsequent to May 10, 2008, the date of the death of Plaintiff's decedent, Derrick Hamilton, and to any interrogatory seeking information about labeling or regulatory proceedings outside of the United States. OMJPI's objections to such interrogatories are based, inter alia, on the grounds that such information is not relevant or material to any issue in this lawsuit and further that it is not calculated to lead to production of information relevant or material to any issue in this lawsuit.

9. OMJPI objects to any interrogatory that is vague, ambiguous, or confusing and therefore not susceptible to a clear and definitive answer. Such interrogatories necessarily require interpretation by OMJPI. Such interpretation by OMJPI may, in some or all cases, be different from that which Plaintiff intended. OMJPI hereby puts Plaintiff on notice that such interpretation has necessarily taken place in providing answers to the requests herein as a result of Plaintiff's imprecise and ambiguous requests.

10. OMJPI objects to Plaintiff's interrogatories to the extent that they seek the production or identification of information or documents which are not in OMJPI's possession or control or which have been produced by other parties to this litigation.

11. OMJPI objects to Plaintiff's interrogatories to the extent that they seek the production of documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, the self-critical analysis privilege, federal and state privacy laws, medical privilege, or any other applicable privileges, immunities, and/or doctrines of state law. Such documents or information will be withheld. Portions of documents that are protected by federal and state privacy laws and/or medical privilege will be redacted.

12. OMJPI objects to Plaintiff's interrogatories to the extent that either the interrogatories or OMJPI's responses to them may be construed as admissions by OMJPI that any fact or circumstance alleged in any interrogatory occurred or existed. Moreover, the responses provided are not intended to be, and shall not be construed to be, an agreement or concurrence by OMJPI that the plaintiff's characterization of any facts or circumstances is correct.

13. OMJPI objects to each of Plaintiff's interrogatories to the extent that they seek to require identification, production and/or organization of information or documents in any specific order, format or grouping.

14. OMJPI objects to each of Plaintiff's interrogatories to the extent that they purport to impose obligations beyond those required by the Federal Rules of Procedure and any case management orders entered in this matter, and to the extent that they seek information beyond that permitted by such rules and orders.

15. OMJPI objects to any interrogatory that seeks information or documents beyond the scope of reasonable discovery as permitted by the Federal Rules of Procedure.

16. OMJPI objects to any interrogatory that calls for information supporting an expert's opinion, on the ground that such requests are premature.

17. OMJPI objects to any interrogatory that calls for a legal conclusion, or that purports to require OMJPI to form, read, set forth, or perform a legal analysis. OMJPI is only required to provide factual information in responding to any interrogatory. To the extent that any interrogatory seeks other than factual information, OMJPI objects to such interrogatory as improper.

18. OMJPI objects to Plaintiff's interrogatories on the ground that they are overbroad by not being constrained to any particular time frame.

19. OMJPI objects to any interrogatory that is premature.

20. To the extent that any interrogatory seeks the disclosure or production of privileged material, OMJPI's production of any information or documents protected by any privilege or immunity (including, but not limited to, the attorney-client privilege, the work product doctrine, and the self-critical analysis privilege) is not intended to be, and shall not be construed to be, a waiver of any such privilege or protection.

21. OMJPI objects to any interrogatory that seeks trade secret, proprietary and confidential information. The provision of certain information herein, or pursuant hereto, is subject to and conditioned upon the entry of a Protective Order agreed to by the parties.

22. OMJPI's investigation is ongoing and OMJPI reserves the right to supplement all responses as information becomes available during the course of discovery, document review and investigation.

23. The General Objections asserted herein shall be deemed to be applicable to and continuing with respect to each of OMJPI's responses to the within interrogatories. The General Objections asserted herein are incorporated into each and every response set forth herein. Such objections are not waived, nor in any way limited, by any response to any specific interrogatory. OMJPI reserves its right to amend or modify these responses at any time should it discover information that makes the present responses incomplete or inaccurate. By reserving such right, OMJPI does not intend to assume a duty to modify or amend these responses, other than as required by the Federal Rules of Civil Procedure. In providing these responses and producing any documents, OMJPI does not intend to waive any objections as to relevancy, materiality or admissibility of evidence in this matter or any other matter or proceeding.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

**Identify witnesses with knowledge as to whether Topamax increases the risk of suicidal behavior, suicide, depression and/or suicidality.**

### ANSWER:

OMJPI objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence, that its reference to "increases" is vague and ambiguous, and that it is overbroad and unduly burdensome. OMJPI further objects to this Interrogatory on the grounds that it may seek information regarding a time period after May 10, 2008.

Subject to all foregoing General and Specific Objections, OMJPI states that the responsibilities that are the subject of this Interrogatory were not assigned to any specific individual, but were shared by individuals in various disciplines, including but not limited to Medical Affairs, Clinical Research and Regulatory Affairs. OMJPI will provide specific names of individuals who may have knowledge regarding this interrogatory after further investigation, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure that are relevant to this Interrogatory.

### INTERROGATORY NO. 2:

**Please identify whether Defendants have ever determined the existence of a statistically significant increased risk of suicide, suicidality, suicide attempt, and/or suicide related events with use of Topamax; if YES, please identify the date(s), facts and circumstances of such determination(s).**

### ANSWER:

OMJPI objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence, that its references to "statistically significant" and "increased" are vague and ambiguous, that it is overbroad and unduly burdensome, and that it seeks information that is subject to the attorney-client privilege and/or the work product immunity. OMJPI further objects to this Interrogatory on the grounds that it may seek information regarding time periods after May 10, 2008.

Subject to all foregoing General and Specific Objections, OMJPI states that at the time that Plaintiff's decedent allegedly was taking Topamax®, the "Warnings" section of the United States labeling of Topamax® included the following language:

Psychiatric/Behavioral Disturbances

> Psychiatric/behavioral disturbances (depression or mood problems) were dose-related for both the epilepsy and migraine populations.
>
> In the double blind phases of clinical trials in approved and investigational indications, suicide attempts occurred at a rate of 3/1000 patient years (13 events/3999 patient years) on topiramate versus 0 (0 events/1430 patient years) on placebo. One completed suicide was reported in a bipolar disorder trial in a patient on topiramate.

OMJPI further states that it provided data to FDA for its analysis of the use of anti-epileptic drugs ("AEDs") and the risk of suicidal thoughts and behaviors between March 2005 and December 16, 2008. As a result of this evaluation, pursuant to the direction of FDA, the labeling of Topamax® and all other anti-epileptic drugs sold in the United States includes the following language after April 23, 2009:

> Antiepileptic drugs (AEDs), including TOPAMAX®, increase the risk of suicidal thoughts or behavior in patients taking these drugs for any indication.

Pursuant to a Protective Order agreed to by the parties, OMJPI will produce non-privileged documents that are responsive to this Interrogatory.

## INTERROGATORY NO. 3:

**As it pertains to Topamax and Defendant's knowledge, if any, explain how its mechanism of action, if at all, includes reducing the release of neurotransmitters in animal and/or human brain.**

## ANSWER:

OMJPI objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence, that it is vague and ambiguous. OMJPI further objects to this interrogatory as it prematurely calls for expert opinion.

Subject to all foregoing General and Specific Objections, OMJPI states that at the time that Plaintiff's decedent allegedly was taking Topamax®, the "Clinical Pharmacology" section of the United States labeling of Topamax® included the following language:

> **Mechanism of Action**
>
> The precise mechanisms by which topiramate exerts its anticonvulsant and migraine prophylaxis effects are unknown; however, preclinical studies have revealed four properties that may contribute to topiramate's efficacy for epilepsy and migraine

5

prophylaxis. Electrophysiological and biochemical evidence
suggests that topiramate, at pharmacologically relevant
concentrations, blocks voltage-dependent sodium channels,
augments the activity of the neurotransmitter gamma-
aminobutyrate at some subtypes of the GABA-A receptor,
antagonizes the AMPA/kainate subtype of the glutamate receptor,
and inhibits the carbonic anhydrase enzyme, particularly isozymes
II and IV.

## INTERROGATORY NO. 4:

**As it pertains to Topamax and Defendants' knowledge, if any, please explain the time (duration) that Topamax's mechanism of action serves to act upon animal and/or human brain after a single dose.**

## ANSWER:

OMJPI objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence, that it is vague and ambiguous. OMJPI further objects to this interrogatory as it prematurely calls for expert opinion.

Subject to all foregoing General and Specific Objections, OMJPI states that at the time that Plaintiff's decedent allegedly was taking Topamax®, the "Clinical Pharmacology" section of the United States labeling of Topamax® included the following language:

> **Mechanism of Action**
>
> The precise mechanisms by which topiramate exerts its
> anticonvulsant and migraine prophylaxis effects are unknown;
> however, preclinical studies have revealed four properties that may
> contribute to topiramate's efficacy for epilepsy and migraine
> prophylaxis. Electrophysiological and biochemical evidence
> suggests that topiramate, at pharmacologically relevant
> concentrations, blocks voltage-dependent sodium channels,
> augments the activity of the neurotransmitter gamma-
> aminobutyrate at some subtypes of the GABA-A receptor,
> antagonizes the AMPA/kainate subtype of the glutamate receptor,
> and inhibits the carbonic anhydrase enzyme, particularly isozymes
> II and IV.

## INTERROGATORY NO. 5:

Identify the last known address of each of Defendants' sales representative(s), if any, who had contact with Plaintiff decedent's healthcare provider(s), Cynthia Sloan, D.O., 2255 North Loop, 336 West, Conroe, TX 77340; Dr. J. Hanna, 481 1H 46 South, Suite 3, Huntsville, TX 77340; Dr. Donald Strickland, 9100 Forest Crossing, Spring, TX 77381, as well as said individual's district manager, and identify the current employment position, if any, of sales representative and district manager.

## ANSWER:

OMJPI objects to this Interrogatory to the extent that it requests information that is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce documents provided by OMJPI to, or received by OMJPI from, the practice of Plaintiff decedent's health care providers, Cynthia Sloan, Conroe, TX; Dr. J. Hanna, Huntsville, TX; and Dr. Donald Strickland, Spring, TX.

## INTERROGATORY NO. 6:

Please identify by title or description materials used to educate or otherwise train Defendants' sales representatives and/or agents on detailing, visiting, or otherwise calling upon healthcare providers regarding Topamax, and describe the manner in which such materials are maintained.

## ANSWER:

OMJPI objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence, that it is vague and ambiguous, and that it is overbroad and unduly burdensome. OMJPI further objects to this Interrogatory on the grounds that it seeks information regarding Topamax® sold outside of the United States.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce documents that are responsive to this Interrogatory.

## INTERROGATORY NO. 7:

Please state whether Defendants ever sent to Plaintiff's Topamax prescribing healthcare provider or non-prescribing healthcare provider(s) a "Dear Doctor", "Dear Healthcare

7

Provider", "Informational Letter" and/or any document in response to an inquiry by said provider(s) regarding Topamax.

ANSWER:

OMJPI objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence and that it is overbroad and unduly burdensome.

Subject to all foregoing General and Specific Objections, OMJPI states that it is conducting an investigation into the information that is the subject of this Interrogatory and will supplement its answer as necessary.

### INTERROGATORY NO. 8:

Describe the method whereby you receive, collate, analyze, report, follow-up, investigate and then disseminate or make available to members of the medical profession reports of precautions, adverse reactions, adverse events and contraindications regarding the use of Topamax.

ANSWER:

OMJPI objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence, that it is vague and ambiguous, and that it is overbroad and unduly burdensome. OMJPI further objects to this Interrogatory on the grounds that it seeks information regarding alleged adverse events other than suicide, suicide attempt or suicidality, and time periods after May 10, 2008.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce Standard Operating Procedures ("SOP") that are relevant and responsive to this Interrogatory.

### INTERROGATORY NO. 9:

Please identify by title or description otherwise, the database, if any, used by Defendants to store, evaluate, analyze or otherwise maintain information as to adverse events with Topamax reflected during clinical trials and/or received as part of Defendants' post-marketing surveillance.

ANSWER:

OMJPI objects to this Interrogatory on the grounds that it that it is vague and ambiguous and that it is overbroad and unduly burdensome. OMJPI further objects to this

Interrogatory on the grounds that it seeks information regarding alleged adverse events other than suicide, suicide attempt or suicidality, and time periods after May 10, 2008.

        Subject to the foregoing General and Specific Objections, OMJPI states that Topamax®-related adverse event data is stored in a SCEPTRE database.

### INTERROGATORY NO. 10:

**Identify witnesses with knowledge of Defendants' usual and customary business practices regarding the storage, collection, maintenance, and retrieval of Defendant employees' electronic mail with attachments, data, and documents, if any (e.g., employee custodial files).**

### ANSWER:

        OMJPI objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence, that it is vague and ambiguous, and that it is overbroad and unduly burdensome.

        Subject to all foregoing General and Specific Objections, OMJPI states that the responsibilities that are the subject of this Interrogatory were not assigned to any specific individual, but were shared by individuals in various disciplines. OMJPI will provide specific names of individuals who may have knowledge regarding this interrogatory after further investigation, and pursuant to a Protective Order agreed to by the parties, OMJPI will produce non-privileged SOP that are also responsive to this Interrogatory.

### INTERROGATORY NO. 11:

**Identify witnesses with knowledge of study data including raw data, final study data, computations, statistics or graphs generated regarding adverse events from clinical trials referenced in Defendants Study Reports, Safety Updates, Integrated Summaries of Safety, Annual Reports, Periodic Safety Update Reports (PSURs), and Investigator Brochures.**

### ANSWER:

        OMJPI objects to this Interrogatory on the grounds that it is vague and ambiguous and that it is overbroad unduly burdensome. OMJPI further objects to this Interrogatory on the grounds that it seeks information regarding Topamax® sold outside of the United States and alleged adverse events other than suicide, suicide attempt or suicidality, and time periods after May 10, 2008.

        Subject to all foregoing General and Specific Objections, OMJPI states that the responsibilities that are the subject of this Interrogatory were not assigned to any specific individual, but were shared by individuals in various disciplines, including but not limited to of

individuals including but not limited to Medical Affairs, Clinical Research and Regulatory Affairs. OMJPI will provide specific names of individuals who may have knowledge regarding this Interrogatory after further investigation.

## INTERROGATORY NO. 12:

**Identify witnesses with knowledge of sales, marketing and promotion of Topamax.**

## ANSWER:

Subject to all foregoing Specific and General Objections, OMJPI states that the responsibilities that are the subject of this Interrogatory were not assigned to any specific individual, but were shared by individuals in various disciplines, including but not limited to the OMJPI's Sales & Marketing Division. OMJPI will provide specific names of individuals who may have knowledge regarding this Interrogatory after further investigation.

## INTERROGATORY NO. 13:

**Sufficiently quantify the monetary sales amount of Topamax on an annual basis from the time of the New Drug Application Approval for Topamax by the United States Food & Drug Administration (FDA) to Plaintiff's Decedent's death, including the gross sales, the net sales, and Defendants' profit.**

## ANSWER:

OMJPI objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to discovery of relevant evidence and that it is premature.

## INTERROGATORY NO. 14:

**If any changes have been made in the core data sheet, package insert, labels, labeling or other printed matter accompanying Topamax since its introduction on the market, then please provide the following information: when and why each change, addition, deletion or alteration was made; who, if anyone, requested each such change to be made; who, if anyone within Defendants employ approved of such change to be made; the purpose, or intended purpose, to be accomplished by each such change.**

## ANSWER:

OMJPI objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence, as it

10

seeks information pertaining to instructions, warnings, cautions and product information literature accompanying Topamax® concerning alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and warnings and instructions that accompanied Topamax® after May 10, 2008, and that it is vague and ambiguous. OMJPI further objects to this Interrogatory on the grounds that it seeks information regarding Topamax® sold outside of the United States.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce copies of all package inserts and patient information which have accompanied Topamax® up to and including May 10, 2008 and other documents responsive to this Interrogatory.

### INTERROGATORY NO. 15:

**For any Changes Being Effected (CBE) submitted to the FDA regarding suicide, suicidality, suicide attempt and/or suicide related events, please sufficiently describe in sum and substance the bases for such a CBE.**

### ANSWER:

OMJPI objects to this Interrogatory on the grounds that it is vague and ambiguous.

Subject to all foregoing General and Specific Objections, OMJPI states that on May 28, 2004 Johnson & Johnson Pharmaceutical Research & Development, L.L.C. ("J & J PRD") submitted to FDA a Labeling Supplement: Changes Being Effected to update the "Cognitive Neuropsychiatric Adverse Event Warning" section of the Topamax® package insert to indicate that there were reports of suicide or suicide attempts reported with the use of Topamax®. Pursuant to a Protective Order agreed to by the parties, OMJPI will produce documents responsive to this Interrogatory.

### INTERROGATORY NO. 16:

**Please sufficiently identify the manner in which Defendants maintain drafts of documents and/or data regarding communications to regulatory authorities that culminated in the final submissions of regulatory documents to the FDA and/or foreign regulatory authorities regarding Topamax.**

### ANSWER:

OMJPI objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence, that it is vague and ambiguous, and that it is overbroad and unduly burdensome. OMJPI further objects to this Interrogatory on the grounds that it seeks information regarding Topamax® sold outside

of the United States, alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and time periods after May 10, 2008.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce documents that are responsive to this Interrogatory.

## INTERROGATORY NO. 17:

**Please state whether a decision by Defendants has ever been affirmatively made not to disseminate a "Dear Doctor" or "Dear Healthcare Professional" and/or "Informational" letter regarding Topamax and suicide, suicide attempts, suicidality and/or suicide-related-events; and if such a decision has ever been made, please sufficiently describe the date(s), facts and circumstances of such a decision.**

## ANSWER:

OMJPI objects to this Interrogatory on the grounds that it is vague and ambiguous.

Subject to all foregoing General and Specific Objections, OMJPI states that on June 23, 2004, FDA was informed that OMJPI would not send an informational letter regarding a revision to the "Cognitive Neuropsychiatric Adverse Event Warning" section of the Topamax® package insert that indicated that there were reports of suicide or suicide attempts reported with the use of Topamax®. J & J PRD informed FDA that it would not send an informational letter at that time because FDA had not completed its review of the data submitted within the CBE supplemental New Drug Application.

## INTERROGATORY NO. 18:

**Please state whether any foreign government regulatory authority has ever requested analysis, review, evaluation, and/or meta-analysis of Topamax and adverse side effects relating to mood and behavior, suicidality, suicide, suicide attempts, and/or suicide related events; and if YES, please identify the date(s), facts and circumstances of each such request and result of same.**

## ANSWER:

OMJPI objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence, that it is vague and ambiguous, and that it is overbroad and unduly burdensome. OMJPI further objects to this Interrogatory on the grounds that it seeks information regarding Topamax® sold outside of the United States, applications other than Topamax®'s Migraine Application, alleged side

effects or adverse events other than suicide, suicide attempt or suicidality, and time periods after May 10, 2008.

### INTERROGATORY NO. 19:

**Please state whether Defendants possess drafts of the U.S. Package inserts and foreign package inserts, and if YES, then identify by title or description otherwise, the manner in which Defendants store in a central location or otherwise maintain documents reflecting drafts of the U.S. Package Inserts and foreign package inserts for Topamax since the drug's approval by the FDA.**

### ANSWER:

OMJPI objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence, as it seeks information pertaining to instructions, warnings, cautions and product information literature accompanying Topamax® sold outside of the United States, that it is vague and ambiguous, and that it is overbroad and unduly burdensome. OMJPI further objects to this Interrogatory on the grounds that it seeks information regarding alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and warnings and instructions that accompanied Topamax® after May 10, 2008.

Subject to all foregoing General and Specific Objections, OMJPI states that pursuant to a Protective Order agreed to by the parties, OMJPI will produce extant drafts of U.S. package inserts for Topamax®.

### INTERROGATORY NO. 20:

**Please identify by title or description otherwise, documents reflecting publication plan(s) and Topamax, and describe the manner in which such publication plan(s) are maintained.**

### ANSWER:

OMJPI objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence, that it is vague and ambiguous, and that it is overbroad and unduly burdensome.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, OMJPI will produce documents that are responsive to this Interrogatory.

**INTERROGATORY NO. 21:**

If you have retained any of Plaintiff's healthcare providers as a member of Defendants' speaker program, clinical investigator, or consultant relating to Topamax and either its approved indications or "of label" uses, then identify each such healthcare provider, the dates that the healthcare provider was retained, identify any materials prepared by you addressed to or for use by the healthcare provider, and state the compensation provided by you to the healthcare provider. Please state whether any of Plaintiff's Topamax prescribing healthcare providers were ever invited to attend and/or did in fact attend any consultant meetings, Continuing Medical Education (CMEs), or promotional events sponsored by Defendants pertaining to Topamax, and if your answer is "yes," please state the identity of the healthcare provider; the title, location and date of the meeting/event attended; and the topic of the meeting/event.

**ANSWER:**

OMJPI objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence, that it is vague and ambiguous, and that it is overbroad and unduly burdensome. OMJPI further objects to this Interrogatory on the grounds that it seeks information pertaining to applications other than Topamax®'s Migraine Application, alleged side effects or adverse events other than suicide, suicide attempt or suicidality, and time periods after May 10, 2008.

Subject to all foregoing General and Specific Objections, pursuant to a Protective Order agreed to by the parties, and subject to limitations on disclosure of medical information imposed by applicable federal and state law, OMJPI will produce copies of any relevant and responsive documents provided by OMJPI to, or received by OMJPI from, the practice of Plaintiff decedent's health care providers Cynthia Sloan, Conroe, TX; Dr. J. Hanna, Huntsville, TX; and Dr. Donald Strickland, Spring, TX.

**INTERROGATORY NO. 22:**

Please state whether Plaintiff's Topamax prescribing healthcare provider ever contacted Defendants concerning Topamax. If the answer is "yes," please identify the information requested and the information provided in response.

**ANSWER:**

OMJPI objects to this Interrogatory to the extent that it requests information that is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Subject to all foregoing General and Specific Objections, OMJPI states that it is conducting an investigation into the information that is the subject of this Interrogatory and will supplement its answer as necessary.

14

**INTERROGATORY NO. 23:**

**Please provide a factual basis for each of the affirmative defenses set forth in Defendants' Answer to Plaintiff's Petition and/or Complaint.**

**ANSWER:**

OMJPI objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence, that it is vague and ambiguous, that it is overbroad and unduly burdensome, and that it seeks information that is subject to the attorney-client privilege and/or the work product immunity. OMJPI further objects to this interrogatory as it prematurely calls for expert opinion.

Subject to all foregoing General and Specific Objections, OMJPI responds that its investigation of this matter is at this point preliminary and ongoing. OMJPI reserves the right to supplement this response as information becomes known. Please see answers to other interrogatories which may also be responsive to this request.

Dated: November 9, 2010

PATTERSON BELKNAP WEBB & TYLER LLP

By: /s/ John Winter
John D. Winter
A Member of the Firm
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
jwinter@pbwt.com

15

## VERIFICATION

I, Carmen Barragán Harris, Manager of Human Resources for Ortho-McNeil-Janssen Pharmaceuticals, Inc. ("OMJPI"), state that the foregoing Answers to Interrogatories were prepared with the assistance and advice of counsel, upon whose advice OMJPI relied. Further, the information provided is not within my personal knowledge but was obtained from various sources including OMJPI's personnel and records. OMJPI reserves the right to make changes in its responses. Subject to these qualifications, the foregoing responses are true and correct to the best of my knowledge, information and belief.

_____
CARMEN BARRAGÁN HARRIS

Sworn and subscribed to before me
this 9th day of November, 2010

_____
Notary Public

DEBRA RENEE PROTASIEWICZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Jan. 31, 2012