# EXHIBIT A

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212 735-3353
DIRECT FAX
917-777-3353
EMAIL ADDRESS
CATHERINE.STEVENS@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

November 23, 2010

BY FEDERAL EXPRESS
Levi Boone
Boone Law Firm, P.A.
401 West Sunflower Avenue
P.O. Box 1772
Cleveland, MS 38732

           RE:    In re: Neurontin Marketing, Sales Practices, and
                    Products Liability Litigation MDL No. 1629

Dear Mr. Boone:

       As you are aware, starting on November 1, 2010, and during each of the following four months (until the end of March 2011), Magistrate Judge Sorokin's June 9, 2010, Further Scheduling Order Regarding All Products Cases [2839] ("the Order") requires the parties to take fifteen days of depositions per month in the cases filed by the Boone Law Firm. On October 25, 2010, the parties filed with the Court a joint list of the depositions to take place in November 2010. [3110]. On October 29, 2010, Defendants provided a list of proposed deposition dates for those Plaintiffs to your firm, but those dates were never confirmed by your office. Therefore, none of the proposed depositions for November 2010 have taken place.

       As noted in our previous letters of August 4, 2020, August 26, 2010, September 23, 2010, October 1, 2010, October 22, 2010, and October 27, 2010, the discovery responses and productions of documents and authorizations by Plaintiffs

Levi Boone
November 23, 2010
Page 2

represented by the Boone Law Firm have been unacceptable to date. This forces Defendants to enter a Plaintiff's deposition blindly, and with little information regarding each Plaintiff's case and relevant history in advance. It has been Defendants' experience in the cases where depositions of Plaintiffs have taken place, that there are simply not enough medical and other records for a productive and complete deposition to occur. Therefore, Defendants have had to keep each and every one of these depositions open, so that once additional medical and other relevant records are collected or produced, these depositions can be continued, and hopefully will provide a more comprehensive picture of each Plaintiff's history and claims.

For example, prior to the deposition of Louisia Smith, Plaintiff had only produced 5 pages of records, and had provided inadequate and incomplete discovery responses, as noted in our October 27, 2010, letter to your firm. As another example, Defendants deposed Joyce Watson with only 9 pages of records, and inadequate and incomplete discovery responses, as noted in our October 22, 2010, letter to your firm.

For Defendants to be forced to come to Cleveland, Mississippi, *twice* for each of your *230 Plaintiffs* in order to obtain a fair and complete deposition is simply unacceptable, particularly when Plaintiffs should have provided the relevant records and complete and adequate discovery responses years ago.

The same is true for depositions of prescribing physicians. As noted in our letters of August 4, 2010, and September 23, 2010, and our emails of August 12, 2010, and September 30, 2010, Defendants have had difficulty identifying and locating the prescribers for many Plaintiffs represented by the Boone Law Firm based on inadequate or incomplete discovery responses and provider lists. Further, given the few records produced by Plaintiffs, Defendants lack medical records from the majority of prescribers for Plaintiffs represented by the Boone Law Firm. It would be wholly unfair, and unproductive, for Defendants to be forced to proceed with depositions of prescribers for which medical records have not yet been obtained or produced. That prejudice is compounded when Defendants also lack other records sufficient to determine the relevant history of each Plaintiff prior to a prescriber's deposition.

On November 24, 2010, as required by the Order, Defendants intend to file with the Court a proposal for the fifteen days of December 2010 depositions for Plaintiffs represented by the Boone Law Firm. In this filing, Defendants' proposal will note the above-mentioned difficulties, and will request the Court's attention and guidance as to how to properly and fairly proceed at this point. A copy of our

Levi Boone
November 23, 2010
Page 3

proposed filing is enclosed.  Please let us know if you would like to discuss the issues raised in this letter, or our proposed filing.

                                                    Sincerely,

                                                    Catherine B. Stevens

Enclosure