# **EXHIBIT B**

```
 1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
 2

 3     _____

 4     IN RE:  NEURONTIN MARKETING,
       SALES PRACTICES AND PRODUCTS
 5     LIABILITY LITIGATION,              Civil Action
                                          No. 04-10981-PBS
 6
                                          December 1, 2010
 7                                        9:08 a.m.

 8     _____

 9

10              TRANSCRIPT OF STATUS CONFERENCE

11            BEFORE THE HONORABLE PATTI B. SARIS

12              and HONORABLE LEO T. SOROKIN

13              UNITED STATES DISTRICT COURT

14            JOHN J. MOAKLEY U.S. COURTHOUSE

15                   1 COURTHOUSE WAY

16                   BOSTON, MA   02210

17

18

19

20
                     DEBRA M. JOYCE, RMR, CRR
21                   Official Court Reporter
                   John J. Moakley U.S. Courthouse
22                  1 Courthouse Way, Room 5204
                         Boston, MA   02210
23                        617-737-4410

24

25
```

```
 1   APPEARANCES:

 2   FOR THE PLAINTIFFS:

 3   ANDREW G. FINKELSTEIN, ESQ.
     KENNETH B. FROMSON, ESQ.
 4   Finkelstein & Partners, LLP.
     436 Robinson Avenue
 5   Newburgh, New York  12550

 6   LEVI BOONE, III, ESQ.
     Boone Law Firm PA
 7   401 West Sunflower Avenue
     Cleveland, MS 38732-1772
 8   662-843-7946

 9   JACK HARANG, ESQ.
     Law Offices of Newton B. Schwartz
10   1911 Southwest Freeway
     Houston, Texas 77098
11
     FOR THE DEFENDANTS:
12
     MARK S. CHEFFO, ESQ.
13   CATHERINE STEVENS, ESQ.
     Skadden, Arps, Slate, Meagher & Flom LLP
14   Four Times Square
     New York, NY 10036
15   212-735-3000

16   CHAD W. HIGGINS, ESQ.
     Goodwin Procter LLP
17   Exchange Place
     53 State Street
18   Boston, MA 02109
     617-570-1229
19

20

21

22

23

24

25
```

1   arise in an individual case about whether it's all done, and I
2   would imagine that those kinds of issues have arisen in the
3   Schwartz and Finkelstein and other cases, and my experience has
4   been those have been largely resolved because I haven't seen
5   them and it all went through discovery.  But if it doesn't look
6   like it's complete, it probably isn't.  And it raises -- the
7   two issue it raises is, one, the issue that the discovery needs
8   to be completed, and if it's not, the cases will be dismissed.
9           It raises a second issue of concern for you,
09:48 10  Mr. Boone.  At some point you're sort of representing that, in
11  fact, it is done when you turn it over.  I just want to tell
12  you this, that it raises the concern I never like to see a
13  lawyer in the position where they're exposing personally
14  themselves to the Court for a possible sanction, but I have to
15  tell you that if you're repeatedly -- if you undertake a large
16  number of cases that seems unrealistic to undertake and you
17  profess the ability to do it and then you proceed and then
18  there seems to be what Mr. Cheffo is talking about -- and I
19  don't know this is the case -- but what he's indicating might
09:49 20  be the case, potentially large-scale inadequate discovery
21  responses, all right, that could be a problem.
22          Now, I'm not saying that is the case right now, all
23  right, and you may have a different view of it, but understand
24  that you're the plaintiffs' counsel.  It's your job to get the
25  discovery done so that the case can move forward to

1   depositions.  And, you know, it may be that Pfizer is asking
2   for too much.  If that's the defense, that's a defense, I'll
3   look at it.  But understand that, you know, that template
4   discovery was worked out a long time ago.  I haven't had a
5   single motion, I don't think, in the course of five years
6   disputing the scope of the template discovery, and I don't
7   expect that I would look very seriously at such a motion at
8   this stage.  So it's being done, that's the template, that's
9   what has to be done, one has to do it.  And it's not sufficient
10  to say here's a medical authorization and I remember one
11  provider who didn't prescribe Neurontin and I'm done.  So keep
12  that in mind.
13           MR. BOONE:  Yes, your Honor.  I think the Court would
14  probably need to look at these on a case-by-case basis because
15  we do disagree with the characterization that's been made.  We
16  have submitted template discovery responses and supplemented
17  most of those.
18           JUDGE SOROKIN:  All right.
19           MR. BOONE:  But we can bring them to the Court.
20           JUDGE SOROKIN:  I intend to look at them.  I think
21  it's going to require a case-by-case determination, and what
22  I'm expecting after the drop-dead date is one motion from you
23  that outlines any cases you're dissatisfied with, the general
24  law, case by case each one, and then you'll respond with the
25  general law and then a case-by-case response.  And then I'll

```
 1   decide.  And I understand you'll be telling me you think you've
 2   complied so you're confident that none of your cases will be
 3   dismissed on that basis.
 4            MR. BOONE:  I'm not saying that we're perfect, I'm
 5   saying there --
 6            JUDGE SOROKIN:  No, I didn't ask for that.
 7            MR. BOONE:  Yes, but I think -- certainly I think the
 8   Court will get a different impression once the Court sees we
 9   have supplemented.
10            JUDGE SOROKIN:  Do you think you have fully complied?
11            MR. BOONE:  Your Honor, I think we complied with the
12   information that were available to us.  There may be
13   information that our client did not have and did not give and
14   we could not make it available to the defendant.  But we have
15   been fully compliant with what was available to us.
16            The other thing I would say, your Honor, since we last
17   met our cases are down by 100.  So 100 of those cases are gone,
18   either we dismissed them voluntarily or motion to withdraw or
19   when your Honor recommended --
20            JUDGE SOROKIN:  Can I make a suggestion -- that's
21   great.  I appreciate that finally, Mr. Boone, you're
22   recognizing that some sense.  What I don't understand, to be
23   honest, with you, Mr. Boone, is why back in April, May, and
24   June when we had those discussions you couldn't have done that
25   then rather than putting the Court and all of counsel through
```