## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In re:   NEURONTIN MARKETING, SALES | MDL Docket No. 1629 |
| PRACTICES AND PRODUCTS | |
| LIABILITY LITIGATION | Master File No. 04-10981 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Judge Patti B. Saris

THIS DOCUMENT RELATES TO:

Magistrate Judge Leo T. Sorokin

*Dellapino Ballard v. Pfizer*
Case No. 06-cv-11154

*Jason Morrow v. Pfizer*
Case No. 06-cv-11589

*Scott Alan Watson v. Pfizer*
Case No. 05-cv-12002

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO RESPOND TO DISCOVERY

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this memorandum in support of their Motion to Dismiss in accordance with this Court's December 6, 2010 Order and Federal Rule of Civil Procedure 37(b)(2)(A). This memorandum relates to *pro se* Plaintiffs James Morrow, Scott Allan Watson and Dellapino Ballard, all of whom are also listed in Defendants' accompanying Motion to Dismiss.

## ARGUMENT

Each Plaintiff subject to the underlying motion is currently proceeding *pro se*. While this litigation has been ongoing for many years, these Plaintiffs still have failed to comply with their discovery obligations. Their failure to engage in discovery falls far short of satisfying their obligations under the Federal Rules of Civil Procedure and orders of this Court. Thus, Defendants have been forced to seek an order dismissing these Plaintiffs' cases, pursuant to the Court's order of December 6, 2010.

On August 11, 2010, this Court ordered that Defendants serve upon all *pro se* Plaintiffs:

(a) a copy of the template discovery to complete; (b) blank medical authorizations to be filled in by the pro se Plaintiff; (c) a blank form on which the pro se Plaintiff must list the name, address and contact information for each healthcare provider during the relevant period; (d) a document for listing the date of the alleged injury; and (e), if applicable, the death certificate and letters testamentary.

(*Pro Se* Products Cases Discovery Order [3026] at 1.)  *Pro se* Plaintiffs were required to produce outstanding materials, if any, by November 30, 2010, and the Court noted that failure to meet this deadline "may result in the dismissal of a Plaintiff's case."  (*See id.* at 2.)

In accordance with that Order, Defendants served outstanding template discovery materials upon the *pro se* Plaintiffs, including Plaintiffs James Morrow, Scott Allan Watson and Dellapino Ballard, on September 30, 2010.  (*See* Ex. A, September 30, 2010 cover letter sent to Plaintiff James Morrow; Ex. B, September 30, 2010 cover letter sent to Plaintiff Scott Allan Watson; Ex. C, September 30, 2010 cover letter sent to Plaintiff Dellapino Ballard.)[2]  Mail sent to Plaintiffs James Morrow, Scott Allan Watson and Dellapino Ballard has been returned as undeliverable, however, and Defendants have not received any updated address information for these Plaintiffs.[3]  (*See* Ex. D, returned mail addressed to Plaintiffs James Morrow, Scott Allan Watson and Dellapino Ballard.)[4]  The Court's August 11, 2010 Order required these Plaintiffs to produce responses to template discovery by November 30, 2010, but Defendants have yet to receive any response, and as noted above, have been unable to contact them.

---

[2] All exhibits are attached to the accompanying Declaration of Catherine B. Stevens.

[3] The Court's communications with Plaintiffs James Morrow, Scott Allan Watson and Dellapino Ballard have also apparently been returned as undeliverable.  (*See* Docket Entries of August 23 and August 25, 2010.)  Further, correspondence with Plaintiffs Ballard and Morrow has been returned as undeliverable since at least 2008.  (*See* Products Liability Plaintiffs' Liaison Counsel's Report to the Court Concerning Certification of Products Liability Cases dated February 6, 2008 [1117], Line Nos. 112 & 134 of Exhibit A.)  These *pro se* Plaintiffs have not been represented by counsel in this litigation, and therefore Defendants have been unable to attempt to receive updated address information through former counsel, and rely solely on Plaintiffs themselves to keep the Court and parties informed of their whereabouts.

[4] Plaintiffs "appearing pro se [are] under a continuing duty to notify the clerk of any change of address and telephone number" under United States District Court for the District of Massachusetts Local Rule 85.5.2(e).

On December 6, 2010, the Court ordered that:

> [D]efendants shall serve the attached pro se discovery [Order] upon any pro se plaintiff they contend has failed to produce the template. By January 24, 2011, defendants shall submit . . . a separate motion to dismiss, if applicable, as described in the attached order.

(Dec. 6, 2010, Scheduling Order [3141], at ¶ 3.)   The referenced *pro se* discovery Order informed *pro se* Plaintiffs who had not complied with template discovery that:

> [T]he Court is giving you until January 10, 2011 to comply with the discovery order.  If you fail to produce all of your template discovery by January 10, 2011, the Court will dismiss your case for failure to prosecute and/or violation of the Court's Orders.  If you fail to comply with this Order by January 10, 2011, Defendants may file, by January 24, 2011, a motion to dismiss your case.

(December 6, 2010 Order to *Pro Se* Plaintiffs to Comply and Notice of Possible Dismissal [3141] at 1-2.)  Pursuant to the Court's December 6, 2010 Order, Defendants attempted to serve the Order to *Pro Se* Plaintiffs to Comply and Notice of Possible Dismissal, [3141], upon *pro se* Plaintiffs James Morrow, Scott Allan Watson and Dellapino Ballard, among others, (*see* Ex. A, December 10, 2010 cover letter sent to Plaintiff James Morrow; Ex. B, December 10, 2010 cover letter sent to Plaintiff Scott Allan Watson; Ex. C, December 10, 2010 cover letter sent to Plaintiff Dellapino Ballard), but these mailings were returned as undeliverable.  (*See* Ex. D, returned mail addressed to Plaintiffs James Morrow, Scott Allan Watson and Dellapino Ballard.)

Despite the fact that their claims have been pending for many years, Plaintiffs James Morrow, Scott Allan Watson and Dellapino Ballard have failed to produce **any** discovery in support of their cases – including responses to template discovery requests, authorizations, medical provider lists, or any other discovery – and have also failed to provide a valid mailing address that either the Court, or Defendants, can use to contact them.[5]  The failure of these Plaintiffs to provide any discovery, to comply with the orders of this Court, to keep in touch with

---

[5] Upon the filing of his case in the Northern District of New York, Plaintiff Ballard was informed that he was "required to promptly notify the Clerk's Office and all parties or their counsel of any change in plaintiff's address" and that "failure to do so will result in dismissal of this action." (*See* Ex. E, April 10, 2007 Decision and Order of the Honorable Gary L. Sharpe, at 6.)

the Court and the parties, to monitor the progress of their litigation, or to advise the Court and the parties of their current contact information is indicative of their complete lack of diligence in prosecuting their claims.  There is no reason for the Court to be burdened with such cases on its docket, and their claims should be dismissed with prejudice for failure to produce any discovery and to comply with the orders of this Court.

## <u>CONCLUSION</u>

For all the foregoing reasons, Defendants respectfully request that the claims of Plaintiffs James Morrow, Scott Allan Watson and Dellapino Ballard be dismissed with prejudice.

Dated: January 24, 2011                                        Respectfully submitted,

SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP

By:      /s/ Mark S. Cheffo
         Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

ROPES & GRAY LLP

By:      /s/ Ana M. Francisco
         Ana M. Francisco
         BBO #564346

Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel:  (617) 951-7000
Email:  ana.francisco@ropesgray.com

*Attorneys for Defendants Pfizer Inc and*
*Warner-Lambert Company LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 24, 2011.

<u>/s/ Ana. M. Francisco</u>
Ana M. Francisco