# EXHIBIT E

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
N.D. OF N.Y.
ORIGINAL FILED

APR 1 0 2007

LAWRENCE K. BAERMAN, CLERK
ALBANY

DELLAPINO BALLARD,

                              Plaintiff,

        -v.-                                                    1:06-CV-0688
                                                                (GLS)(RFT)

HENRY A. MCKINNELL, JR., CEO; WARNER-
LAMBERT COMPANY, LLC; SPARKS OUT-PATIENT
CENTER, Chief of Staff; PFIZER, INC.,

                              Defendants.

APPEARANCES:

DELLAPINO BALLARD
Plaintiff, *pro se*

GARY L. SHARPE, U.S. DISTRICT JUDGE

## DECISION and ORDER

## I. Introduction

Plaintiff Dellapino Ballard commenced this action on June 5, 2006 by
submitting a complaint pursuant to 42 U.S.C. § 1983.  Dkt. No. 1.  By
Decision and Order of this Court filed November 1, 2006 ("November Order"),
Ballard was directed to file an amended complaint because his original

complaint could not be supported by an arguable basis in law.[1]  Dkt. No. 4 at

6.  The November Order also directed Ballard to submit a current inmate

authorization form.  *Id.* at 2.  Ballard never filed an amended complaint in

compliance with the November Order.  On January 4, 2007, two months after

Ballard was directed to file an amended complaint, judgment was entered

against Ballard dismissing this action for Ballard's failure to comply with the

November Order.  Dkt. No. 5.

On January 16, 2007, Ballard filed a request to reconsider the dismissal

of this action.  Dkt. No. 6.  Ballard alleged that he sent an amended complaint

to the Court within the thirty days set forth in the November Order.  *Id.*  In light

of Ballard's status as an incarcerated *pro se* plaintiff, and in light of his prompt

response to the entry of judgment, the Court permitted Ballard one final

opportunity to comply with the Court's November Order.[2]  Dkt. No. 7 at 2.

## II. The Amended Complaint

---

[1]  Specifically, the November Order advised Ballard that he must allege state action on the part of the defendants in order to hold them liable under § 1983.  Dkt. No. 4 at 3-4. The November Order advised Ballard that his claim did not appear to satisfy the requirements of either diversity or federal question jurisdiction.  *Id.* at 5.

[2]  Ballard requested, and was granted, two extensions of time in which to file his amended complaint.  Dkt. Nos. 9, 11.

Presently before the Court is Ballard's amended complaint.[3]  Dkt. No. 12.  Ballard alleges that he was prescribed the drug, Neurontin, which caused him to develop depression and suicidal tendencies.  Dkt. No. 12 at 4.  Ballard claims that the defendants manufactured and marketed the drug without providing adequate warnings about potential side effects.[4]  *Id.* at 5.

Ballard states in his amended complaint that this action is brought pursuant to § 1983.  *Id.* at 1.  Ballard's amended complaint asserts products liability claims against non-state actors.  Therefore, there is no basis for this action to be brought pursuant to § 1983.

Ballard also states in his amended complaint that jurisdiction is founded on diversity of citizenship.  *Id.*  Diversity jurisdiction exists only if there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000.  *See* 28 U.S.C. § 1332(a).  Ballard has not provided the Court with any facts regarding the defendants' principal places of business.[5]  However, in light of Ballard's *pro se* status, the

---

[3]  Ballard has filed two amended complaints in this action.  Dkt. Nos. 10, 12.  The Court will review only the most recently submitted amended complaint (Dkt. No. 12) for its sufficiency.

[4]  Previously named defendant "Sparks Out-Patient Center" is not named in Ballard's amended complaint.  Accordingly, Sparks Out-Patient Center is dismissed as a defendant in this action.

[5]  Ballard is seeking $35 million is damages.  Dkt. No. 12 at 5-6.

3

Court will accept the amended complaint for filing.

## III. Inmate Authorization Form

Ballard has submitted an inmate authorization form reflecting the current filing fee of $350.00. Dkt. No. 13. Therefore, Ballard may properly proceed with this matter *in forma pauperis*.

WHEREFORE, it is hereby

ORDERED, that "Sparks Out-Patient Center" is dismissed as a defendant in this action, and it is further

ORDERED, that Ballard's *in forma pauperis* application is granted.[6] The Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon the defendants, together with a copy of this Order, and it is further

ORDERED, that the United States Marshal shall serve the defendants in accordance with Rule 4(h)(1) of the Federal Rules of Civil Procedure, and it is further

ORDERED, that the Clerk shall provide the Superintendent of the facility designated by Ballard as his current location with a copy of Ballard's

---

[6] Ballard should note that although the application to proceed *in forma pauperis* has been granted, he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

4

authorization form, and notify the official that this action has been filed and

that Ballard is required to pay the entire statutory filing fee of $350.00

pursuant to 28 U.S.C. § 1915; and it is further

ORDERED, that the Clerk provide a copy of Ballard's authorization form

to the Financial Deputy of the Clerk's Office; and it is further

ORDERED, that a response to Ballard's complaint be filed by the

defendants or their counsel as provided for in the Federal Rules of Civil

Procedure after service of process on the defendants, and it is further

ORDERED, that all pleadings, motions and other documents relating to

this action be filed with the Clerk of the United States District Court, Northern

District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse,

New York 13261-7367.  **Any paper sent by a party to the Court or the**

**Clerk must be accompanied by a certificate showing that a true and**

**correct copy of same was mailed to all opposing parties or their**

**counsel.  Any document received by the Clerk or the Court which does**

**not include a certificate of service showing that a copy was served upon**

**all opposing parties or their attorneys will be returned, without**

**processing.**  Ballard must comply with any requests by the Clerk's Office for

any documents that are necessary to maintain this action.  All parties must

5

comply with Local Rule 7.1 of the Northern District of New York in filing

motions, which must be returnable before the assigned Magistrate Judge with

proper allowance for notice as required by the Rules. **Ballard is also**

**required to promptly notify the Clerk's Office and all parties or their**

**counsel of any change in plaintiff's address; his failure to do same will**

**result in the dismissal of this action.** All motions will be decided on

submitted papers without oral argument unless otherwise ordered by the

Court, and it is further

ORDERED, that the Clerk serve a copy of this Order on Ballard by

regular mail.

IT IS SO ORDERED.

April 10, 2007
Albany, New York

United States District Court Judge

6

E C F   D O C U M E N T
I certify that this is a printed
copy of a document which was
electronically filed with the
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK.
LAWRENCE K. BAERMAN, CLERK
Dated: 4/16/07
By: _____ Deputy Clerk