UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
:   MDL Docket No. 1629
In re:   NEURONTIN MARKETING,   :
SALES PRACTICES AND   :   Master File No. 04-10981
PRODUCTS LIABILITY LITIGATION   :
------------------------------------------------------------x   Judge Patti B. Saris
:
THIS DOCUMENT RELATES TO:   :   Magistrate Judge Leo T. Sorokin
:
McLendon v. Pfizer, et. al., (No. 1:08-cv-12034)   :
Hamilton v. Pfizer, et al. (No. 1:10-cv-11023)   :
Peterson v. Pfizer, et al. (No. 1:10-cv-10933)   :
Hairfield v. Pfizer, et. al., (No. 1:08-cv-10930)   :
------------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF TEVA PHARMACEUTICALS USA, INC.'S AND
IVAX PHARMACEUTICALS INC.'S ASSENTED-TO
<u>MOTION FOR CLARIFICATION OF REVISED SCHEDULING ORDER</u>**

Teva Pharmaceuticals USA, Inc.("Teva") and Ivax Pharmaceuticals Inc. ("Ivax") (collectively, the "Teva Defendants") are named as defendants in the four cases listed above.[1] As the Teva Defendants are generic gabapentin manufacturers, these cases are all subject to the September 17, 2010 Joint Order on Discovery Schedule with Respect to Generic Defendants. As is evident from its title, that Order provided a separate schedule applicable to cases involving generic pharmaceutical defendants, with the result that such cases are to remain in the MDL proceedings until at least June 2011.

On December 6, 2010, the Court entered a Revised Scheduling Order For All Products Liability Cases. Although that Order states that the schedule for the generic defendants remains unchanged, these four cases are subject to multiple, and potentially conflicting, portions of the

---

[1]   Of the Teva Defendants, only Ivax was named in the *Hamilton* case (No. 1:10-cv-11023). Ivax has not been served with process in *Hamilton*. Out of an abundance of caution, though, the *Hamilton* case has been included in this motion in the event that plaintiff later attempts to serve Ivax.

December 6, 2010 Order. The Teva Defendants therefore seek clarification that each of these will remain docketed in the MDL pursuant to ¶ 9 of the Court's December 6, 2010 Order and the terms of the September 17 Generic Defendant Order.

## ARGUMENT

### A.   GENERIC DEFENDANT SCHEDULE

The Teva Defendants are both generic gabapentin manufacturers, and therefore, are Generic Defendants subject to the Court's September 17, 2010 [Dkt. # 3047-1] order adopting the Joint Order on Discovery Schedule With Respect to Generic Defendants. That September 17, 2010 Order set forth the following discovery and briefing schedule:[2]

| | | | |
|---|---|---|---|
| a. | Fact discovery closes | | 12/14/10 |
| b. | Plaintiffs' general liability expert reports (Excludes case-specific expert reports) | | 1/28/11 |
| c. | Deposition of Plaintiffs' general liability experts | | 2/28/11 |
| d. | Defendants' general liability expert reports (Excludes case-specific expert reports) | | 3/28/11 |
| e. | Deposition of Defendants' general liability experts | | 4/28/11 |
| f. | Dispositive motions | | 5/27/11 |
| g. | Oppositions to dispositive motions | | 6/17/11 |
| h. | Replies to dispositive motions | | 6/24/11 |

---

[2]   The Generic Defendants have separately filed an assented-to motion [Dkt. # 3265] to stay operation of this schedule pending the United States Supreme Court's consideration of federal preemption as applied to claims against generic drug manufacturers in *Pliva, Inc., et al. v. Mensing*, No. 09-993. Decision in the *Mensing* appeal is expected no later than June 2011.

Against this backdrop, the Court issued a Revised Scheduling Order for All Products Liability Cases [Dkt. #3141].  That Order was designed to set a series of dates for transferring cases back to their original jurisdictions and thus bring the MDL to an eventual close.  Recognizing that different groups of cases were somewhat differently situated, the Order provided various deadlines for completing discovery and then transferring the cases.  Paragraph 9 of the Order, however, acknowledged that "[t]he schedule for the gabapentin defendants, established on September 17, 2010 when the Court allowed docket #3046, remains unchanged."

B.     *PRO SE* **PLAINTIFFS**

The first category of cases for which the Teva Defendants seek clarification is in *pro se* cases.  For *pro se* cases, the Court has indicated it seeks to remand these matters to their home districts for continued discovery.  Specifically, the December 6 Revised Scheduling Order provides that *pro se* plaintiffs must complete the template discovery, and that upon completion of that discovery, " the Court intends to transfer all the pro se cases back to the court in which the cases were filed as this will facilitate resolution of the cases…."  Revised Scheduling Order ¶ 3.  Where a *pro se* plaintiff has sued a generic defendant, however, that creates a conflict in the schedule.

Plaintiff McLendon filed an Amended Complaint on September 22, 2008, naming both Teva and Ivax as a defendants.  As of July 23, 2010, counsel for McLendon, Finkelstein & Partners, filed a Motion to Withdraw [Dkt. # 2928], and now Plaintiff McLendon is proceeding *pro se*.  As such, the *McLendon* matter is subject to ¶ 3 of the December 6, 2010 Order and potentially subject to remand to the transferor court upon the completion of template discovery.  However, Teva and Ivax are Generic Defendants named in the *McLendon* matter, which makes ¶ 9 of the December 6, 2010 Order also applicable, meaning this matter is to remain in the MDL

3

through dispositive motion briefing until June 2011.  Therefore, the Teva Defendants seek the Court's clarification that the *McLendon* matter shall remain docketed in the MDL and not be transferred upon the completion of template discovery pursuant to ¶ 9 of the December 6, 2010 Order.

## C.     CASES NOT YET SUBJECT TO ANY DISCOVERY SCHEDULE

For similar reasons, the other category of cases needing clarification is those cases not yet subject to a discovery schedule.  As with the *pro se* cases, the Court's goal is to complete template discovery and then transfer the cases back to their original jurisdictions:  "For those products liability cases for which no discovery schedule has yet been established the Court establishes the following schedule:  (a) The parties shall complete template discovery by January 31, 2011; and (b) Upon the conclusion of the period for template discovery, the Court intends to transfer these cases back to the district in which the cases were filed for depositions and individual summary judgment motions…."

The *Hairfield*, *Hamilton* and *Peterson* cases all fall into this category.  On April 2, 2008, Plaintiff Hairfield filed a Complaint naming Teva as a defendant; on April 1, 2010, Plaintiff Peterson filed a Complaint naming Teva as a defendant; and on May 4, 2010, Plaintiff Hamilton filed a Complaint naming Ivax as a defendant.  The *Hamilton*, *Hairfield* and *Peterson* matters are subject to ¶ 4 of the December 6, 2010 Order, because before that Order those three matters had not yet been subject to any discovery schedule.  Pursuant to ¶ 4 of the Order, the *Hamilton*, *Hairfield* and *Peterson* cases must now complete template discovery by January 31, 2011, after which time they are to be remanded to their transferor courts for depositions and motion practice. Therefore, Teva seeks the Court's clarification that the *Hamilton, Hairfield* and *Peterson* matters will remain docketed in the MDL and not be transferred upon the completion of template

4

discovery, meaning these three matters are to remain in the MDL through dispositive motion briefing until June 2011.

## **CONCLUSION**

For the foregoing reasons, the Teva Defendants respectfully request that this Court clarify its December 6, 2010 Order with respect to Plaintiffs McLendon, Hamilton, Hairfield and Peterson and allow these cases to remain in the MDL to follow the discovery schedule consistent with this Court's September 17, 2010 Order regarding Generic Defendants.

Dated: January 28, 2011                                Respectfully submitted,

TEVA PHARMACEUTICALS USA, INC.,
IVAX PHARMACEUTICALS, INC.

By their attorneys,

/s/ Chad W. Higgins                         .
U. Gwyn Williams (BBO # 565181)
Chad W. Higgins (BBO # 668924)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000
gwilliams@goodwinprocter.com
chiggins@goodwinprocter.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) pursuant to Case Management Order #3 on January 28, 2011.

                                                s/ Chad W. Higgins

LIBNY/4986030.1