UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------------------------------x
                                                            :   MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                                :
        SALES PRACTICES AND                                 :   Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION                       :
                                                            :   Judge Patti B. Saris
------------------------------------------------------------x
                                                            :   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                                   :
                                                            :
LONG v. PFIZER INC.                                         :
Individual Case No. 06-11582                                :
                                                            :
------------------------------------------------------------x
```

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE
TO WITHDRAW AS COUNSEL FOR PLAINTIFF PATTI LONG**

Pursuant to Local Rule 83.5.2(c) of the United States District Court for the District of Massachusetts, the law firm of Finkelstein & Partners, LLP, hereby moves for leave to withdraw as attorneys for Plaintiff Patti Long in the above-entitled cause.

On June 8, 2006, the complaint herein was filed by Plaintiff against Defendants Pfizer Inc., Parke-Davis, a division of Warner-Lambert Company and Warner-Lambert Company LLC, Warner-Lambert Company, Warner-Lambert Company LLC, in the United States District Court for the Southern District of New York.  S.D.N.Y. Case No. 06-4285, ECF Doc. # 1.

On September 5, 2006, the case was transferred from the U.S. District Court for the Southern District of New York to the U.S. District Court for the District of Massachusetts and assigned Case No. 1:06-cv-11582-PBS.  ECF Doc. # 6.

Pursuant to the Order of Consolidation dated July 20, 2005, this case has been consolidated with the Neurontin MDL Litigation under MDL Docket No. 1629, D. Mass. Case No. 04-10981.  ECF Doc. # 7.

Plaintiff's counsel has written to Plaintiff Patti Long at her last known mailing address and called Plaintiff's last known telephone number in attempts to communicate with Plaintiff concerning this case.  Notwithstanding these diligent efforts, we have been unable to contact Plaintiff to date.  Thus, irreconcilable differences have developed between Plaintiff and counsel as Plaintiff has failed to remain in contact with and/or respond to counsel's attempts to communicate with her, which preclude Plaintiff's counsel from further representation of Plaintiff in this case.

Finkelstein & Partners, LLP, therefore requests that this Court grant the law firm and their local counsel of record leave to withdraw as attorneys for Plaintiff Patti Long and allow Plaintiff 60 days either to seek new counsel or to advise the Court that she will proceed with the prosecution of this action *pro se*.

The granting of the Motion for Leave to Withdraw will not delay the trial of this case since no final trial date has been set or agreed upon between the parties, and thus the granting of this motion would not be inequitable.

Contemporaneous with this Motion, a Notice by Certified Mail of this Motion has been forwarded to Plaintiff.

In view of the above, Finkelstein & Partners, LLP, respectfully requests that the law firm be granted leave to withdraw as attorneys for Patti Long.

Dated:  February 14, 2011                         Respectfully submitted,

*Members of Products Liability
Plaintiffs' Steering Committee*


By:   **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
1279 Route 300, P.O. Box 1111
Newburgh, NY  12551

By:    **/s/ Jack W. London**
       Jack W. London, Esquire
       Law Offices of Jack W. London
         & Associates
       3701 Bee Cave Road, Suite 200
       Austin, TX  78746

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on February 14, 2011; and that this document has also been served on Plaintiff by sending a copy of the document to Plaintiff by certified mail return receipt requested at Plaintiff's last known mailing address.

       **/s/ Andrew G. Finkelstein**
       Andrew G. Finkelstein, Esquire