**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                          :
In re:  NEURONTIN MARKETING, SALES          : MDL Docket No. 1629
        PRACTICES AND PRODUCTS              :
        LIABILITY LITIGATION                : Master File No. 04-10981
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            : Judge Patti B. Saris
THIS DOCUMENT RELATES TO:                   :
                                            : Magistrate Judge Leo T.
*Keith Coleman v. Pfizer*                   : Sorokin
Case No. 05-cv-11504                        :
                                            :
*Deborah Fish v. Pfizer*                    :
Case No. 05-cv-11505                        :
                                            :
*Alice Hairfield v. Pfizer*                 :
Case No. 08-cv-10930                        :
                                            :
*Melissa Johnson v. Pfizer*                 :
Case No. 05-cv-12073                        :
                                            :
*Kaila Jones v. Pfizer*                     :
Case No. 09-cv-11417                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO**
**DISMISS FOR FAILURE TO RESPOND TO DISCOVERY**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or
"Pfizer") submit this memorandum in support of their Motion to Dismiss in accordance with this
Court's December 6, 2010 Order and Federal Rule of Civil Procedure 37(b)(2)(A).   This
memorandum relates to Plaintiffs Keith Coleman, Deborah Fish, Alice Hairfield, Melissa
Johnson, and Kaila Jones all of whom are also listed in Defendants' accompanying Motion to
Dismiss.

**ARGUMENT**

While this litigation has been ongoing for many years, these Plaintiffs have failed to
comply with their basic discovery obligations under the Federal Rules of Civil Procedure, and
with the Orders of this Court.  On December 6, 2010, the Court ordered that "[f]or those products

liability cases for which no discovery schedule has yet been established . . . [t]he parties shall complete template discovery by January 31, 2011." (Dec. 6, 2010, Scheduling Order [3141], at ¶ 3.)  Despite the Court's Order, Defendants have not received *any* discovery in support of these Plaintiffs' cases – including required responses to template discovery requests, authorizations, medical provider lists, or any other discovery.  Plaintiffs' failures to comply with this Court's Orders, and to participate in discovery, necessitate dismissal at this late stage of litigation.

Dismissal is appropriate under the Federal Rules of Civil Procedure.  When plaintiffs fail to comply with a court order or fail to cooperate in discovery, their claims may be dismissed. *See* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b); *see also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778, 2781 (1976) (per curiam) (observing that dismissal for failure to timely answer written interrogatories "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent").  In the First Circuit, it is well-settled that a plaintiff's failure to comply with a discovery order provides adequate grounds for ordering a dismissal with prejudice.  *See, e.g.*, *Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este*, 456 F.3d 272, 275 (1st Cir. 2006) ("[F]ederal courts possess wide-ranging power to sanction parties who repeatedly balk at complying with court-imposed deadlines . . . [including] case-management orders."); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus warrants dismissal).").

Dismissal is particularly appropriate in the MDL context, where the importance of case management is paramount.  Courts have recognized that "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions."  *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1222 (9th Cir. 2006).  These unique considerations "may tip the balance" in favor of dismissal in the MDL context compared

to "ordinary litigation on an ordinary docket."  *Id.*; *see also In re: Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2008) ("MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders.").[1]

As this Court recognized in June 2008:

> The orderly management of this litigation requires the parties to heed the Court's orders and to pursue their claims in a diligent and timely fashion. . . .  The Court is "free to enforce its discovery rules by ordering compliance, sanctions, or any other appropriate remedy." *Samos Imex Corp. v. Nextel Communications, Inc.*, 194 F.3d 301, 305 (1st Cir. 1999).

(Discovery Order No. 25 [1335] at 5.)  Due to these Plaintiffs' clear non-compliance with the Court's December 6, 2010 Order, Defendants respectfully request that this Court dismiss the claims of those Plaintiffs identified in Defendants' accompanying Motion to Dismiss for their failure to comply with discovery orders.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the claims of Plaintiffs Keith Coleman, Deborah Fish, Alice Hairfield, Melissa Johnson, and Kaila Jones be dismissed with prejudice.

---

[1] MDL courts frequently dismiss the claims of plaintiffs who fail to give proper accord to discovery mandates. *See, e.g.*, *In re: Fosamax Prods. Liab. Litig.*, No. 1:08-cv-04901-JFK, 2009 WL 105502 (S.D.N.Y. Jan. 12, 2009); *In re: Baycol Prods. Litig.*, MDL No. 1431 (MJD/SRN), 2007 WL 2744459 (D. Minn. Sept. 17, 2007); *In re: Rezulin Prods. Liab. Litig.*, MDL No. 1348, No. 03-cv-1756, 2004 WL 1700618 (S.D.N.Y. July 27, 2004).

Dated: February 17, 2011                    Respectfully submitted,

                                            SKADDEN, ARPS, SLATE,
                                              MEAGHER & FLOM LLP

                                            By:     /s/ Mark S. Cheffo
                                                    Mark S. Cheffo

                                            Four Times Square
                                            New York, NY 10036
                                            Tel:  (212) 735-3000

                                            ROPES & GRAY LLP

                                            By:     /s/ Ana M. Francisco
                                                    Ana M. Francisco
                                                    BBO #564346

                                            Prudential Tower
                                            800 Boylston Street
                                            Boston, MA 02199-3600
                                            Tel:  (617) 951-7000
                                            Email:  ana.francisco@ropesgray.com

                                            *Attorneys for Defendants Pfizer Inc and
                                            Warner-Lambert Company LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on February 17, 2011.

                                            /s/ Ana M. Francisco
                                            Ana M. Francisco

4