# EXHIBIT 3

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 19 2005

FILED
CLERK'S OFFICE

DOCKET NO. 1629

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION

Mary Cooper, et al. v. Pfizer, Inc., N.D. Mississippi, C.A. No. 2:04-255
Leroy Anderson, et al. v. Pfizer, Inc., et al., N.D. Mississippi, C.A. No. 4:04-275
Linda Barker v. Pfizer, Inc., et al., E.D. Texas, C.A. No. 2:04-309

BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

## TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in two Northern District of Mississippi actions and in one Eastern District of Texas action. Plaintiffs move to vacate the Panel's order conditionally transferring the actions to the District of Massachusetts for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Patti B. Saris. Defendants Pfizer Inc. (Pfizer) and three Pfizer affiliates support transfer of the two Mississippi actions and agree with plaintiff in the Texas action that the Texas action need not be transferred.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact with actions in this litigation previously transferred to the District of Massachusetts, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer of the actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the District of Massachusetts was a proper Section 1407 forum for actions sharing factual questions arising out of allegations that common defendants had engaged in the illegal promotion and sale of the drug Neurontin for "off-label" use. *See In re Neurontin Marketing and Sales Practices Litigation*, 342 F.Supp.2d 1350 (J.P.M.L. 2004).

Plaintiffs argue that their actions should not be transferred because the actions do not share sufficient questions of fact with the previously centralized MDL-1629 actions. They stress that theirs are actions brought to recover for personal injuries, not economic injuries (as was the case with the originally centralized actions in this litigation). Responding defendants do not appear to view the presence of personal injury allegations to be an impediment to transfer, because they support transfer



EXHIBIT 3

- 2 -

of the two Mississippi actions. They would exclude the Texas action from transfer, however, because of the nature of the personal injuries alleged (bone fractures), and because the Texas action is brought by a single plaintiff (as opposed to the multiple plaintiffs joined in the two Mississippi actions). We point out that transfer under Section 1407 does not require a complete identity or even majority of common factual or legal issues as a prerequisite to transfer. Here the complaints in all three actions contain allegations that defendants improperly engaged in a scheme or plan to promote the off-label use of Neurontin, and that this conduct contributed to the personal injuries they sustained as a result of ingestion of the drug. Transfer under Section 1407 will thus permit these actions to proceed before a single transferee judge who i) is already familiar with the off-label promotion allegations raised in previously centralized MDL-1629 actions brought on behalf of persons seeking to recover for Neruontin purchases made for unapproved purposes, and ii) can structure pretrial proceedings to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that will occur or has already occurred in other MDL-1629 actions. The transferee court remains free, of course, to formulate a pretrial program that allows discovery with respect to any non-common issues in these (or any additional MDL-1629) personal injury actions to proceed concurrently with remaining discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Patti B. Saris for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that MDL-1629 is renamed as follows: MDL-1629 – *In re Neurontin Marketing, Sales Practices and Products Liability Litigation.*

FOR THE PANEL:

Wm. Terrell Hodges
Chairman