UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>ALL SALES & MARKETING ACTIONS | Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |

**CLASS PLAINTIFFS' STATUS REPORT REGARDING ECONOMIC CLAIMS**

Class Plaintiffs and Liaison Counsel hereby submit this status report, (a) briefly informing the Court about the status of all economic claims, (b) identifying motions that must be resolved in order to allow entry of judgment on the class claims, and (c) proposing a method to deal with the non-class, non-coordinated plaintiffs' lingering claims. As set forth below, there are three categories of plaintiffs with economic claims: nine class plaintiffs (Harden *et al.*); three coordinated plaintiffs (Guardian, Aetna, and Kaiser); and plaintiffs named in the 47 other pending economic claim actions. A list of these pending economic claim actions is attached as Exhibit A.

## I. INTRODUCTION

On February 7, 2011, the Court instructed the parties to meet and confer about the status of pending economic claim matters and provide a joint status report and proposed form of judgment for all matters that are ripe for appeal. (Hearing Transcript ("Hearing Tr."), February 7, 2011, at p. 23). Plaintiffs' Liaison Counsel made multiple attempts to schedule meet and confers with Pfizer's counsel over the course of the past three weeks; Liaison Counsel also

furnished Pfizer's counsel with a draft version of the list of pending economic claims attached as Exhibit A.

Liaison counsel did not hear anything from Pfizer until today, and as of the close of business today the only response received was a list of economic cases that was differently formatted and too difficult to reconcile with Liaison Counsel's list.  Pfizer still has not responded, however, regarding the core purpose of the request for a meet and confer, which was to attempt to reach agreement on a method to resolve the remaining economic claims and agree on a proposed form of judgment.

Accordingly, Class Plaintiffs and Liaison Counsel now submit a separate status report summarizing the different types of economic claims, along with proposals for how to address each category.  Liaison Counsel's list of Neurontin actions asserting economic claims is attached as Exhibit A.

## II.   STATUS REPORT

### A.   The Coordinated Plaintiffs

#### 1.   Status

The Court has very nearly resolved the claims of the coordinated plaintiffs.  After the February 7, 2011 status hearing, the Court entered judgment against Aetna and Guardian. (Docket No. 3285).  Counsel for Aetna, Inc. intends to appeal.  Guardian Life Insurance Co. had previously filed a stipulation of dismissal, with prejudice. (Stipulation of Dismissal—Docket No. 3102).

As to Kaiser Foundation Health Plan and Kaiser Foundation Hospitals (collectively "Kaiser"), Kaiser has moved for entry of judgment.  (Motion for Entry of Judgment—Docket No. 3279).  Kaiser met and conferred with Defendants Pfizer and Warner-Lambert.  Defendants

do not object to the form of the proposed judgment, though the Defendants do reserve their right to make post-judgment motions. Consistent with the Court's comments at the February 7, 2011 Status Conference and in order to expedite this case for appeal, Kaiser and the Defendants are working to revise the content and schedule of the post-judgment briefing schedule previously agreed upon and ordered by the Court.

    **2.**    **Class Plaintiffs and Liaison Counsel's Proposal**

The Court should enter judgment for Kaiser so that Defendants may appeal the RICO verdict and the Court's order on the UCL claim. Unless Pfizer files post-judgment motions, no further action will be required by the Court on the coordinated plaintiffs' claims.

**B.**    <u>**The Class Plaintiffs**</u>

    **1.**    **Status**

On December 18, 2006, Class Plaintiffs filed the Third Amended Class Action Complaint ("Third Amended CAC"), adding Plaintiffs Varnam and Wityk as bipolar consumer class representatives. (Third Amended CAC—Docket No. 580). On August 29, 2007, the Court denied plaintiffs motion for class certification without prejudice. (Memorandum and Order—Docket No. 831).

On December 19, 2007, the proposed class renewed its motion for class certification, asking the Court to certify a class of Third Party Payors (TPPs) and Consumers for all indications. (Plaintiffs' Renewed Motion for Class Certification—Docket No. 1016). On May 13, 2009, the Court denied certification of all claims for TPPs and consumers on all indications. (Memorandum and Order—Docket No. 1780). On May 28, 2009, the proposed class moved for reconsideration as to the TPP and consumer bipolar and mood disorder subclasses. (Class

Plaintiffs' Motion for Reconsideration—Docket No. 1796); *see also* Docket No. 1827 (Errata). The motion for reconsideration on a bipolar class is still pending before the Court.[1]

On March 2, 2009, Pfizer moved for summary judgment on both the class and coordinated plaintiffs' marketing claims. (Defendants' Motion for Summary Judgment—Docket No. 1689). As to the class, Pfizer sought summary judgment against the TPP and consumer subclasses for all indications on all claims. *Id.* The Court granted Pfizer's motion and dismissed all claims in the Third Amended CAC except those brought by plaintiffs Varnam and Wityk individually. (Docket No. 3154). The Court determined that Varnam and Wityk's claims were allowed to proceed because their doctors had received fraudulent "Dear Doctor" letters. *Id.*

On February 7, 2011, the Court asked class plaintiffs to formally move to amend the Third Amended Complaint to add Varnam and Wityk. Hearing Tr. at p. 12-13. The Court suggested it was inclined to allow the amendment. *Id.* Class plaintiffs will move to amend by March 4, 2011.

On December 20, 2010, Louisiana Health Services Indemnity Company (d/b/a Blue Cross Blue Shield of Louisiana) asked the Court to reconsider its ruling granting summary judgment in favor of Pfizer. (Motion for Reconsideration—Docket No. 3178).

### 2. Class Plaintiffs and Liaison Counsel's Proposal

The Court must still rule on the class plaintiffs' motion for reconsideration of the denial of the consumer and TPP bipolar and mood disorder subclasses (Docket No. 1796; Docket No. 1827 (Errata)). Liaison Counsel appreciates the Court's candor in acknowledging that these matters may not, out of necessity, be addressed for a while. If the Court grants the motion for reconsideration for either the TPP or consumer bipolar subclasses (or both), the parties should

---

[1] The parties have filed various briefs in further opposition/support. *See* Docket Nos. 1928, 2071, 2120, 2126, 2473, 2473-2, 2539, and 2540.

meet and confer to determine an agreed upon form of judgment on the non-bipolar claims of the named class representatives: Louisiana Health Service Indemnity Company d/b/a BlueCross/BlueShield of Louisiana, Union of Operating Engineers, Local No. 68 Welfare Fund; ASEA/AFSCME Local 52 Health Benefits Trust, Harden Manufacturing Corporation, Gerald Smith, Lorraine Kopa, Gary Varnam, and Jan Frank.[2] If the Court denies the motion for reconsideration for both the TPP and consumer bipolar subclasses, there are no remaining class claims and the matter is ripe for entry of judgment.

In order to enter judgment as to the Court's summary judgment orders, the Court must resolve class representative Louisiana Health Services motion for reconsideration on summary judgment (Docket No. 3178). If the Court denies Louisiana Health Services' motion for reconsideration, only Varnam and Wityk's claims remain and all other claims of the named class representatives are ripe for entry of judgment.[3] If the Court grants Louisiana Health Services' motion for reconsideration, entry of judgment as to the other named class representatives (aside from Varnam and Wityk) is appropriate.

Regardless of whether the Court ultimately allows a bipolar TPP class, if the Court denies the motion for reconsideration as to the bipolar consumer subclass class plaintiffs will appeal. Accordingly, this Court should stay Varnam and Wityk's individual claims pending: (a) the Court's decision on the motion for reconsideration of the denial of class certification as to the bipolar consumer subclass and (b) the later appeal. If the First Circuit affirms the Court's denial of class certification as to a bipolar consumer subclass, Varnam and Wityk will dismiss their individual claims (Hearing Tr. at p. 14) – otherwise, their class claims will be back before this Court.

---

[2] The judgment would not apply to the plaintiffs in the actions appearing on the attached list.  See <u>Exhibit A</u>.
[3] Again, the judgment would not apply to the plaintiffs in the actions appearing on the attached list.  See <u>Exhibit A</u>.

In any event, the Court must resolve the two pending motions for reconsideration.[4]

**C.   Other Pending Economic Matters**

   **1.   Status**

As to the other economic causes of actions:  attached is a list of those matters that are not affected by the Court's summary judgment and class certification orders and have not yet otherwise been adjudicated.  *See* Exhibit A.  These 44 cases assert at least 36 distinct claims.

   **2.   Class Plaintiffs and Liaison Counsel's Proposal**

After careful consideration, Liaison Counsel recommends – with one exception – that the other economic claim matters (*see* Exhibit A) be stayed pending resolution of the Aetna, Kaiser, and class appeals.  Liaison Counsel sought input, and heard from plaintiffs' counsel in many, but not all, of these actions.  Counsel who responded uniformly agreed that these matters should be stayed.

The only exception is the *Assurant* matter.  The Assurant plaintiffs are 15 large third party payors who brought a non-class case.  While their claims involve some allegations of improper marketing and sales practices by Pfizer and Warner Lambert, the claims focus on alleged antitrust violations.  The discovery necessary for their marketing claims has already been conducted.  Counsel for the Assurant plaintiffs are determining how they wish to proceed.  They will discuss their preferred course of action with Pfizer and then address the Court directly. Liaison Counsel is pressing Assurant to complete this process quickly.

Attached as Exhibit B is a proposed order staying all non-class, non-coordinated plaintiff economic claims other than the Assurant matter.

---

[4] As a technical matter, Liaison Counsel notes that the Court never acted on class plaintiffs' motion for oral argument on plaintiffs' motion for reconsideration or class plaintiffs' motion for leave to file a memorandum regarding the Guardian ruling in connection with class plaintiffs' motion for reconsideration. (Motion for Oral Argument—Docket No. 2473, 2473-2).  Procedurally, these should also be resolved.

Dated: February 28, 2011 	Respectfully Submitted,

By: 	*/s/ Thomas Greene*
	Thomas M. Greene
	tgreene@greenellp.com
	Ilyas J. Rona
	irona@greenellp.com
	Greene LLP
	33 Broad Street, 5th Floor
	Boston, MA 02109


By: 	/s/ Thomas M. Sobol
	Thomas M. Sobol
	Kristen Johnson Parker
	Hagens Berman Sobol Shapiro LLP
	55 Cambridge Parkway, Suite 301
	Cambridge, MA 02142

By: 	*/s/ Elizabeth Cabraser*
	Elizabeth Cabraser
	Lieff Cabraser Heimann &
	 Bernstein, LLP
	Embarcadero Center West
	275 Battery Street, 30th Floor
	San Francisco, CA 94111-3339

By: 	*/s/ Don Barrett*
	Don Barrett
	Barrett Law Office
	404 Court Square North
	P.O. Box 987
	Lexington, MS 39095

By: 	*/s/ Daniel Becnel*
	Daniel Becnel, Jr.
	Law Offices of Daniel Becnel, Jr.
	106 W. Seventh Street
	P.O. Drawer H
	Reserve, LA 70084

7

        By:    */s/ James Dugan*
             James Dugan
             Dugan & Browne
             650 Poydras St., Suite 2150
             New Orleans, LA 70130

*Members of the Class Plaintiffs' Steering Committee*

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on February 28, 2011.

             */s/ Thomas M. Greene*
             Thomas M. Greene