United States District Court
For The District Of Massachusetts

In Re: Neurontin Marketing, Sales          MDL Docket No. 1629
Practice and Product Liability
Litigation                                 2011 FEB 28 A 11:49   Judge Patti B. Saris

This Document Relates To:                  Mag. Judge Leo T. Sorokin
Keith Edwards v. Pfizer Inc.
Case No. 05-CV-11701                       Civil Action No. 04-10981

Plaintiff's Demand For Damages
Supplemental Response to No. 19 as Ordered by the Court

Now comes plaintiff, Keith Edwards, who demands relief in damages in his complaint from defendant(s) for Fraud and Conspiracy to Commit Fraud.

    That:  Plaintiff be awarded compensatory damages in the amount to be determined at tria, but not less than the amount of $2,000,000.00 and Punitive damages in the amount of $3,500,000.00 for the matters alleged in the complaint with regards to defendant, Pfizer Inc.

    That:  Plaintiff be awarded compensatory damages in the amount to be determined at trial, but not less than $250,000.00 and Punitive damages in the amount of $500,000.00 with regards to defendant, Ohio Department of Rehabilitation and Corrections, where the court, as prayed for, includes them as Third Party Defendants' for Negligently administering the drug Neurontin to plaintiff knowingly aware of defendant, Pfizer's marketing scheme or after having been put on notice of defendant, Pfizer's wrongful acts.

    That:  Plaintiff will show by clear and convincing evidence that defendant Pfizer Inc., by engaging in Fraud and Civil Conspiracy to Commit Fraud, acted with Malice or showed a reckless and outrageous indifference to a highly ynreasonable risk of harm and has acted with a conscious indifference to violate plaintiff'd Eight and Fourteenth Amendment Rights to the United States Constitution, to which a factual determination essential to plaintiff's injury will ensue.

    That:  Plaintiff will further show by clear and convincing evidence that defendant, Ohio Department of Rehabilitation and Corrections, as a Third Party Defendant, acted in complicity with defendant Pfizer Inc. wrongful acts and or acted in Negligence having been put on notice of defendant Pfizer's wrongful acts, thereby acted with malice or showed a reckless and outrageous indifference to a highly unreasonable risk of harm

and has acted with a conscious indifference to violate plaintiff's Eighth and Fourteenth Amendment to the United States Constitution, to which factual determination essential to plaintiff's injury will ensue.

That:  Plaintiff be awarded any court cost fees reasonable in this cause of action.

That: Furthermore, punitive damages awards consistent with due process and considering the three (3) criterias: (1) the degree or reprehensibility of the defendants' misconduct, (2) the disparity between the harm (or potential harm) suffered by the plaintiff and the punitive award, and (3) the difference between the punitive damages awarded by the jury and civil penalties authorized or imposed in comparable cases, especially so in this instance with reference to fact and circumstances and findings of guilt regarding the defendant's wrongful acts of fraud of Medicare/Medicaid U.S. Government programs, etc.

That:  The fundamental rule of the law of damages is that the injuries of the party shall have compensation for all of the injuries sustained. Allison v. McCune (1846), 15 Ohio 726; Loeser v. Humphrey+ (1884); 41 Ohio St 378; Brady v. Stafford (1926), 115 Ohio St. 67, 79, 152 N.E. 188, 192; Pryor v. Webber (1970), 23 Ohio St. 2d 104, 52 O.). 2d 395, 263 N.E. 2d 235.

That:  Plaintiff prays for relief as requested.

Respectfully Submitted,

*Keith Edwards*

Keith Edwards, Pro Se
211-800   3A-101
Richland Corr. Inst.
P.O. Box 8107
Mansfield, Ohio 44901

### Certificate of Service

This is to certify that a true copy of the foregoing Demand for Damages has been sent to: Mark S. Cheffo, Attorney for Defendant, Four Times Square, New York, N.Y. 10036, via first class U.S. mmail, this 22nd day of February, 2011.

*Keith Edwards*

Keith Edwarda, Pro Se