UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x
:
In re:  NEURONTIN MARKETING, SALES          :   MDL Docket No. 1629
        PRACTICES, AND PRODUCTS             :
        LIABILITY LITIGATION                :   Master File No. 04-10981
                                            :
------------------------------------------------x
                                            :   Judge Patti B. Saris
THIS DOCUMENT RELATES TO:                   :
                                            :   Magistrate Judge Leo T.
ALL SALES & MARKETING ACTIONS               :   Sorokin
                                            :
------------------------------------------------x

## DEFENDANTS' RESPONSE TO CLASS PLAINTIFFS' STATUS REPORT REGARDING ECONOMIC CLAIMS

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") hereby respond to the Class Plaintiffs' Status Report Regarding Economic Claims.

### INTRODUCTION

At the outset of this litigation, by its initial Case Management Order, this Court divided the cases in this MDL into two categories: (1) Cases in which the plaintiffs sought class certification ("Class Action Cases") and cases where class certification was not sought ("Private Non-Class Cases"). (Corrected Case Management Order ("CMO-1") [15] at 4 (Dec. 16, 2004).)[1] This response is organized according to these two groups of cases. Attached as Exhibit A is a complete listing of the economic cases filed in or transferred to this Court.[2]

---

[1] At the time of this initial Case Management Order, most of the pending cases sought recovery of economic damages. A separate category was subsequently created for the product liability claims.

[2] Defendants' chart is organized based upon the groupings of cases established by this Court's initial Case Management Order. The cases listed are identical to those on Liaison Counsel's chart, except that Defendants' chart includes Brian Krah, a plaintiff named in the original *ASEA* complaint, but not the consolidated class complaint.

## PUTATIVE CLASS ACTION CASES

### A.     The Consolidated Class Action Complaint

####    1.     Status

In its initial Case Management Order, this Court required the Class Action plaintiffs to file a consolidated complaint and established a briefing schedule applicable to the consolidated complaint. (CMO-1 at 10.) The Court further ordered:

> Any consolidated class action complaint in the Class Action Cases shall apply to all pending class action cases and to any other cases subsequently filed, removed, or transferred to this Court as a part of this proceeding.  Defendants need not respond to any other class action complaints regardless whether they were previously filed or are hereinafter filed.

(*Id.*)[3] The Consolidated Complaint in the Class Action Cases was filed by the following named plaintiffs and proposed class representatives:

| Case, Transferor/Original No. | MDL No. | Originated |
|---|---|---|
| Harden Manufacturing Corporation, 04-10981 | 04-10981 | D. Mass |
| ASEA/AFSCME Local 52 Health Benefits Trust, 04-2577 | 04-12285 | D.N.J. |
| Louisiana Health Service Indemnity Co. d/b/a Blue Cross/Blue Shield of Louisiana, 04-2509 | 04-12620 | E.D. La. |
| International Union of Operating Engineers, Local No. 68 Welfare Fund, 04-4497 | 04-12622 | D.N.J. |
| Kopa, Lorraine, 04-4593 | 04-12287 | S.D.N.Y. |
| Smith, Gerald, 04-1052 | 04-12275 | S.D. Ind. |

(3d Am. Class Action Compl. [580] ¶¶ 5-10 (Dec. 18, 2006).)[4]   After this Court denied Plaintiffs' first motion for class certification on August 29, 2007 [831], Plaintiffs sought to add

---

[3] Plaintiffs' Liaison Counsel indicates that there are "nine class plaintiffs (*Harden et al.*); three coordinated plaintiffs (Guardian, Aetna, and Kaiser); and plaintiffs named in the 47 other pending economic claim actions." (Pl. Status Report [3308] at 1.)  Plaintiffs' characterization of the cases ignores this Court's initial Case Management Order, which made the Consolidated Class Action complaint applicable to all cases in which the plaintiffs sought class certification.

[4] The Class Plaintiffs incorrectly state: "On December 18, 2006, Class Plaintiffs filed the Third Amended Class Action Complaint ('Third Amended CAC'), adding Plaintiffs Varnam and Wityk as bipolar consumer class representatives." (Pl. Status Report [3308] at 3.)  Plaintiffs Varnam and Wityk are neither named as plaintiffs nor anywhere mentioned in the Third Amended Complaint.

the following Plaintiffs as proposed class representatives in their Renewed Motion for Class Certification [1016], filed on December 19, 2007:

| Case, Transferor/Original No. | MDL No. | Originated |
| --- | --- | --- |
| Ramsey, Jeanne | 04-10981 | D. Mass |
| Hollaway, Carolyn, No. 6:04-cv-00375 | 04-12624 | E.D. Okla. |
| Varnam, Gary | 04-10981 | D. Mass |
| Wityk, Jan Frank | 04-10981 | D. Mass |

(Pls' Renewed Mot. for Class Certif. [1016] at 4-5.)  Only one of these, Carolyn Hollaway, had previously filed a complaint in this action.  Plaintiffs have recently moved to amend the Third Amended Complaint to add Plaintiffs Varnam and Wityk.

As directed by the Court's initial Case Management Order, motion practice proceeded with respect to the Consolidated Class Action Complaint.  On December 10, 2010, this Court entered a Memorandum and Order granting Defendants' Motion for Summary Judgment as to all of the Plaintiffs named in the Third Amended Class Action Consolidated Complaint and the additional proposed class representatives identified in Plaintiffs' Renewed Motion for Class Certification, except for Plaintiffs Varnam and Wityk.  (Mem. & Order [3154] at 29 (Dec. 10, 2010).)  Only Louisiana Health Service Indemnity Co. has made a motion for reconsideration.[5]

**2.    Defendants' Proposal**

So that the issues raised by this Court's rulings on summary judgment and class certification can be reviewed by the First Circuit, Defendants respectfully suggest that final judgments be entered pursuant to Rules 54(b) and 58(a) as to the following Plaintiffs:

>Harden Manufacturing Corporation,
>
>ASEA/AFSCME Local 52 Health Benefits Trust,
>
>International Union of Operating Engineers, Local No. 68 Welfare Fund,
>
>Lorraine Kopa,

---

[5] La. Health Service Indemnity Co. d/b/a BlueCross BlueShield of Louisiana's Motion for Reconsideration of Order Granting Motion for Summary Judgment [3178] (Dec. 20, 2010.)

      Gerald Smith,

      Jeanne Ramsey.[6]

A proposed form of judgment as to these Plaintiffs is attached as Exhibit B. The form of judgment is based upon the judgment previously entered by the Court as to Aetna and Guardian.

For the reasons stated in Defendants' response to Louisiana Health Service Indemnity Co.'s motion for reconsideration,[7] that motion should be denied and final judgment entered as to that Plaintiff as well.[8] A proposed form of judgment as to this Plaintiff is attached hereto as Exhibit C.

Plaintiffs suggest that entry of final judgment should await resolution of their motion for reconsideration of this denial of class certification. (Pl. Status Report at 4-5.) However, this Court has granted summary judgment *as to each and every proposed TPP class representative*. The Court's summary judgment decision as to the TPP Plaintiffs renders their motion for reconsideration and request for certification of a TPP bipolar class moot. *See, e.g.*, *Meyers v. United State*s, ___ Fed. Cl. ___, 2010 WL 5396987, at *8 n.6 (Fed. Cl. Dec. 23, 2010) ("Because plaintiffs' complaint is dismissed in its entirety, the motions for class certification and to amend the pleadings are dismissed as moot."); *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1297 (11th Cir. 2005) ("Because we have found that summary judgment was properly granted as to the underlying claims of the class representatives, the issue of class certification is moot.); *Sullivan v. Greenwood Credit Union*, 499 F. Supp. 2d 83, 89 (D. Mass. 2007) (denying motion for class certification as moot following entry of summary judgment for defendant), *aff'd*, 520 F.3d 70 (1st Cir. 2008); *see also Great Rivers Coop. v. Farmland Indus., Inc.*, 120 F.3d 893, 899 (8th Cir.

---

[6] Carolyn Hollaway is not included because her complaint in action No. 04-12624, joined by her husband Jerry Hollaway, also asserted personal injury claims. Thus, the Court's summary judgment decision does not resolve all of her claims.

[7] As discussed therein, the new theory that Louisiana Health Service Indemnity Co. now seeks to assert in order to avoid summary judgment is not only unsupported by the record, it is irreconcilable with prior positions taken by Louisiana Health Service Indemnity Co. in this litigation.

[8] Defendants' Response to Plaintiff BCBSLA's Motion for Reconsideration of Order Granting Summary Judgment [3200] (Dec. 30, 2010).)

1997) ("Tacey is not and cannot be a class member because his claim is time barred; consequently, he cannot represent the class. . . . Without a class representative, the putative class cannot be certified and its claims cannot survive.").[9]

And, while this Court denied summary judgment as to two of the proposed consumer class representatives, it also previously made clear that it would not reconsider its refusal to certify any consumer class.  (9/18/09 Hearing Tr. [2114] at 84:24-25 (COURT: "I'm not going to change my mind about individuals.")).  Indeed, the Court's summary judgment analysis only clarifies the individual issues that preclude class certification of the consumer claims.  Finally, the pending motion for reconsideration is no reason to delay entry of judgment as to plaintiffs other than Varnam and Wityk, who did not use Neurontin for bipolar disorder.

Whether Varnam and Wityk's claims should be severed and transferred (as argued by Defendants) or held in abeyance pending any appeal (as argued by Plaintiffs) has previously been briefed and argued to the Court.  Regardless of what the Court decides as to Varnam and Wityk, entry of judgment as to the other Plaintiffs pursuant to Rule 54(b) will allow judgment as to them to become final and appealable.

## B.    Other Putative Class Actions

The other putative class actions pending before this Court are listed on Exhibit A.  In light of this Court's initial Case Management Order, which contemplated that a single consolidated complaint applicable to all pending class actions would be filed and motion practice

---

[9] This is not a situation where the class representative's claims became moot *after* class certification for reasons unrelated to the class claims.  Instead, this Court first denied class certification and ***then*** subsequently granted summary judgment as to each of the named TPP class representatives.  In granting summary judgment, the Court held: "Because the Class TPP Plaintiffs have not directly relied on misrepresentations by defendants, and because they have presented no evidence as to how many or which physicians who prescribed Neurontin to their members relied on fraud, they cannot establish causation." (Mem. & Order [3154] at 28.)  Of course, in arguing for class certification, Plaintiffs' counsel repeatedly argued that the same would be true for other TPPs in the class.  As they stated in support of their motion for reconsideration: "Unlike the Coordinated Plaintiffs, Class Plaintiffs have *never* alleged or argued that Defendants misled the TPP Class Representatives or (absent class members) into giving Neurontin preferential treatment on their formularies, or of causing them to pay for the drug when they otherwise would not have." (Class Pls. Mot. Recons. Order Denying Renewed Mot. Class Cert. [1796] at 16.)

directed towards that consolidated complaint (CMO-1 at 10), Defendants do not oppose Plaintiffs' proposal to the extent that it seeks a stay of all of the putative class actions pending resolution of the appeals by the proposed class representatives.[10]

In the event that the other pending class actions are not stayed, the Court should enter a scheduling order requiring the parties to make any appropriate motions based upon its prior rulings. For example, based on the Court's class certification rulings, Defendants would move to strike class action allegations in the other actions.[11] Likewise, because none of the putative class action TPPs allege that they made formulary decisions based upon alleged representations by the Defendants, Defendants would move for judgment pursuant to Rule 12(c) based upon this Court's prior rulings. Defendants are not asking that the Court resolve these issues now, but suggest only that a procedure be established so that the Parties and Transferor Courts receive the full benefits of these consolidated MDL pretrial proceedings prior to remand.

## PRIVATE NON-CLASS CASES

### A.   The Coordinated TPP Plaintiffs

Although not required by any order of this Court, the following TPPs filed a consolidated complaint:

| Case, Transferor/Original No. | MDL No. | Originated |
|---|---|---|
| Aetna, Inc., 04-10958 | 04-10958 | D. Mass. |
| Guardian Life Insurance Company of America, 04-10739 | 04-10739 | D. Mass. |
| Kaiser Health Plan, 04-10739 | 04-10739 | D. Mass. |

(3d Coord. Am. Compl. [583] (Dec. 22, 2006.)

---

[10] The Court's orders granting summary judgment dismissing the claims of all of the proposed class representatives except Plaintiffs Varnam and Wityk are consistent with the overwhelming weight of authority addressing similar claims and Defendants are confident that the summary judgment decisions in Defendants' favor will be affirmed on appeal. In the event that the Court is reversed, Defendants reserve their right to argue that Plaintiffs should not be allowed to seek prejudgment interest during the time these actions were stayed at their request.

[11] The vast majority of the other putative class actions involve individual consumer plaintiffs, rather than TPPs. If denial of class certification is affirmed, some may be dismissed voluntarily.

Defendants' motion for summary judgment as to Guardian and Aetna was granted on January 8, 2010. (Mem. & Order [2309] at 34 (Jan. 8, 2010).) On February 9, 2011, this Court entered a final, separate and appealable judgment as to these Plaintiffs pursuant to Rule 58(a) and 54(b). (Judgment [3285] (Feb. 9, 2011.)[12] No further action is required at this time.

The Court denied Defendants' motion for summary judgment as to Kaiser (Mem. & Order [2309] at 34.) Following trial, the jury returned a verdict in favor of Kaiser on its claims under the Racketeer Influenced and Corrupt Organizations Act and this Court thereafter entered findings in Kaiser's favor on its claim under the California Unfair Competition Law. Kaiser moved for entry of judgment on February 4, 2011. (Kaiser Plaintiffs' Motion for Entry of Judgment [3279] (Feb. 4, 2011.)  While reserving their right to make post-judgment motions pursuant to Rules 50, 52 and 59, Defendants do not oppose the form of judgment submitted by Kaiser. Kaiser has proposed revisions to the post-trial schedule previously agreed to by the Parties and entered by this Court.[13] While Defendants are working with Kaiser on such revisions, they are aware of no reason why entry of judgment should be delayed.

## B.   Other Private Non-Class Cases

There are two other cases pending before this Court in which the plaintiffs did not seek class certification:

| Case, Transferor/Original No. | MDL No. | Originated |
|---|---|---|
| Assurant Health Inc., 2:05-cv-00095 | 05-10535 | D.N.J. |
| Blue Cross and Blue Shield of Alabama, 2:06-cv-00524 | 06-12295 | M.D. Ala. |

Plaintiffs propose that Blue Cross and Blue Shield of Alabama's case be stayed pending the outcome of any appeals. Defendants do not object to this proposal.

The *Assurant* case includes fourteen separate plaintiffs.[14] Plaintiffs note: "While their

---

[12] Guardian has stipulated that it will not appeal. [3102.]

[13] Stipulation and Joint Motion for Entry of Amended Pre- and Post-Judgment Scheduling Order [3130] (Nov. 18, 2010).

[14] Fifteen plaintiffs are named in the Complaint; however, two merged after the complaint was filed. In addition, the *Assurant* plaintiffs include Louisiana Health Service Indemnity Co., which also
*(cont'd)*

claims involve some allegations of improper marketing and sales practices by Pfizer and Warner Lambert, the claims focus on alleged antitrust violations. . . . Counsel for the Assurant plaintiffs are determining how they wish to proceed." (Pl. Status Report at 6.)  The *Assurant* case was transferred from New Jersey, where there is a separate multidistrict litigation involving antitrust claims consolidated before Judge Hochberg: *In re Neurontin Antitrust Litig.*, Master File No. 02-1390, MDL No. 1479.  In the event that the *Assurant* case is not stayed, the court should enter an order suggesting to the Judicial Panel on Multidistrict Litigation that the case be remanded to the transferor court, the District of New Jersey, where it can be included in the Antitrust MDL pending before that Court.

WHEREFORE, Defendants respectfully request (1) that the Court enter a final, separate judgment pursuant to Federal Rules of Civil Procedure 58(a) and 54(b) as to the following plaintiffs:  Harden Manufacturing Corporation, ASEA/AFSCME Local 52 Health Benefits Trust, International Union of Operating Engineers, Local No. 68 Welfare Fund, Lorraine Kopa, Gerald Smith, and Jeanne Ramsey, (2) that the Court deny Louisiana Health Service Indemnity Co.'s motion to reconsider the Court's summary judgment ruling and enter a final, separate judgment as to it pursuant to Federal Rules of Civil Procedure 58(a) and 54(b), (3) that the Court enter the order attached hereto as Exhibit D staying the remaining cases seeking economic losses.

---

*(cont'd from previous page)*
filed its own separate lawsuit and was one of the proposed class representatives in this case.  This court has already granted summary judgment as to its claims for economic losses arising out of Defendants' alleged off-label marketing.

Dated: March 8, 2011

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By:     /s/ Mark S. Cheffo
         Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

-and-

ROPES & GRAY LLP

By: /s/ Ana M. Francisco
     Ana M. Francisco
     BBO #564346

Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Email: ana.francisco@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 8, 2011.

/s/ Ana M. Francisco
Ana M. Francisco