**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

MDL Docket No. 1629

Master File No. 04-10981

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

*Teresa Teater v. Pfizer Inc,*
Case No. 05-cv-12123

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' RESPONSE TO MOTION TO SHOW CAUSE FILED BY TERESA TEATER

Plaintiff Teresa Teater, who is proceeding in this action on a pro se basis, filed with the Court a document entitled "Motion to Show Cause," in which she requests a plethora of relief, including a "$75,000,000 dollar [sic] punishment," an "order [for] Defendant Pfizer consul [sic] 'to get along with [her], as [Pfizer's counsel] does with the steering committee attorneys," an amendment to a 2007 confidentiality agreement, and an order compelling discovery, even though she does not explain what discovery she seeks to compel. (Pl.'s "Preliminary Statement," at 3; Pl.'s "Argument.")  Yet Plaintiff's filing fails to set forth any misconduct, any rule or order that has been violated, or any recognizable prejudice to Plaintiff.  Indeed, the only arguments made in Plaintiff's motion are patently frivolous or are so trivial as only to waste the resources of this Court and the parties.  Thus, Plaintiffs' motion should be denied.[1]

First, Ms. Teater complains about Pfizer's response to her template discovery.  As in other cases that have involved similar production, Pfizer has satisfied and is continuing to satisfy its case-specific discovery obligations on a rolling basis.  For example, on numerous occasions, Ms. Teater requested CMMS call notes.  Pfizer used identifying information provided for the

---

[1] Pfizer requested that Ms. Teater withdraw her current motion.  She responded by claiming that Pfizer's counsel was incompetent and emphatically saying, "no."  (*See* March 4, 2011 email.)

Plaintiff's prescribing physicians to search its CMMS and Sherlock databases, and it produced to Plaintiff the call notes retrieved from those searches. Plaintiff's motion does not identify any particular discovery that she is missing. She vaguely complains that "their discovery to me is absolutely nil and incomplete," but she makes no attempt to explain how it is supposedly incomplete. (Pl.'s "Preliminary Statement," at 3.) Ms. Teater's only specific argument regarding Pfizer's production is that she "asked for spelled out in Laymans [sic] terms deciphering of the cmms notes so I and a Jury could understand, that still hasn't happened." (Pl.'s "Preliminary Statement," at 3.) Yet Pfizer's responsibility in discovery is to produce relevant documents, not to provide Plaintiff with advice. Absent an appropriate discovery request, such as an interrogatory seeking specific, factual information, Pfizer's counsel cannot engage in an open-ended dialogue with Plaintiff to assist her understanding of the issues in a lawsuit that she filed. If she has any question as to the legal significance of these documents, she should consult an attorney who does not represent the opposing party.

Pfizer responded to Plaintiff's template discovery requests, produced relevant responsive materials, and will continue to produce responsive materials as they become available. In addition to call notes, Pfizer identified a sales representative, Tina Thompson, who may have had contact with two of Plaintiff's three prescribing physicians, Dr. Coler and Dr. Dingman. Pfizer searched custodial files related to Ms. Thompson, and responsive documents retrieved from those searches have been produced to Ms. Teater. In addition to searching for case-specific documents related to sales representatives, Defendants also searched for other materials regarding Plaintiff's prescribing physicians, including – among other things – adverse event reports, Dear Doctor letters, medical information letters, accounts payable records, speaker operations records, grants, and information concerning key opinion leaders and medical liaisons as they may relate to the prescribing physicians in this action. No responsive materials were identified in this case with regard to Plaintiffs' prescribing physicians. These case-specific searches and productions, of course, were in addition to the hundreds of thousands of pages of documents and multiple databases that Pfizer has already produced to the Plaintiff's Steering

Committee in response to general discovery in this MDL.

Pfizer also takes issue with Ms. Teater's statements regarding the Motion to Compel that Pfizer filed on December 20, 2010 [3172] and voluntarily withdrew on January 10, 2011 [3227]. Ms. Teater's chief complaint about this withdrawn motion is that Pfizer used the wrong address in serving her with the motion. However, Pfizer used the last address of record that was provided for Ms. Teater by the Plaintiffs' Steering Committee on August 2, 2010. (*See* Steering Committee Filing Re: Pro se Plaintiff Addresses [3059], at 4.) The Local Rules of this district provide:

> [E]ach party appearing pro se is under a continuing duty to notify the clerk of any change of address and telephone number. Notice under this rule shall be filed in every case. Any . . . party appearing pro se who has not filed an appearance or provided the clerk with his current address in accordance with this rule shall not be entitled to notice. *Notice mailed to [a] party's last address of record shall constitute due notice* contestable only upon proof of a failure to mail delivery.

Local Rule 83.5.2(e) (emphasis added). The address provided for Plaintiff in the Steering Committee's August 2, 2010 filing was Plaintiff's last address of record and, therefore, Pfizer's notice mailed to that address was adequate under the Rules of this Court.[2]

Plaintiff further complains about Pfizer's meet-and-confer efforts prior to filing the motion. Because the Court had ordered Pfizer to file a motion to compel by December 20, (*see* Further Scheduling Order [3141], at ¶ 3), time was of the essence. As a result of the confusion regarding Plaintiff's current address, Pfizer was unsuccessful contacting Plaintiff. Pfizer's counsel later spoke with Ms. Teater over the telephone and agreed to give her additional time to respond to discovery. Pfizer then received numerous, separate emails from Plaintiff responding to Pfizer's template interrogatory responses. As a show of good faith, Pfizer voluntarily withdrew its motion to compel on January 10, 2011. In light of the fact that the motion was withdrawn almost two months ago, Plaintiff could not have arguably incurred prejudice as a

---

[2] Plaintiff argues that she wrote her most current address on discovery requests served on Pfizer. Considering that was a highly unusual place to disclose a change of address, and non-compliant with the rules of this Court, Pfizer cannot be faulted for overlooking this when filing its motion on December 20, 2010.

result of Pfizer's December 20, 2011 Motion to Compel.

Furthermore, Plaintiff complains that her first name was misspelled as "Theresa" instead of "Teresa" in correspondence sent on September 30 and November 1, 2010. Again, this is an inadvertent misspelling or typographical error, and Pfizer will ensure that her name is spelled correctly on future correspondence. Asking the Court to sanction Pfizer for such a trivial and inconsequential error is harassing and wastes judicial resources.

Finally, Plaintiff vaguely and inaccurately claims that Pfizer disclosed confidential information in association with its Motion to Compel filed on December 20, 2010. However, the motion and accompanying memorandum contained no such confidential information. At most, it generally described her interrogatory answers, which constituted neither confidential nor HIPPA-protected information, especially considering that her answers were largely incomplete and contained very little substantive information. (*See* Memo. in Supp. of Mot. to Compel Pro Se Plaintiffs [3173], at 7-8.) In an abundance of caution, Pfizer filed her template interrogatory responses, which were attached to the motion as an exhibit, under seal. Pfizer also took steps to ensure that each pro se Plaintiff received and had access to only his or her own interrogatory responses. Plaintiff's suggestion that another pro se plaintiff might "come after" her because of something contained in Pfizer's motion, (*see* Pl.'s "Argument"), is totally baseless.[3]

Because Plaintiff has not stated any legitimate ground for relief, this Court should deny her "Motion to Show Cause."

Defendants also request that the Court consider appropriate remedies to curb Plaintiff's increasingly abusive behavior and language when interacting with opposing counsel. Access to the judicial process is a privilege and should not be employed for purposes of harassment. Even

---

[3] Plaintiff also makes a confusing argument about a confidentiality agreement. (*See* Pl.'s "Preliminary Statement," at 2.) Pfizer's counsel does not dispute that each attorney representing Pfizer should abide by all confidentiality agreements. Aside from that fact, it is not clear what relief Plaintiff is seeking with regard to the confidentiality agreement. In that same vein, it is also unclear as to what Plaintiff's filing entitled "Amended Stipulated Agreement of Confidentiality" [3272] was supposed to achieve or why it was filed on this Court's docket on January 31, 2011.

though Pfizer's counsel have made good faith efforts to cooperate with Ms. Teater throughout this litigation, her emails, phone calls, and filings have become progressively more derogatory and unnecessarily personal.  In this motion alone, she makes disparaging remarks directed at opposing counsel, a co-plaintiff, and an employee of Pfizer.  Pfizer's counsel respectfully requests that the Court admonish her and advise that she proceed in a professional and cooperative manner and to refrain from such improper conduct going forward.  Additionally, Pfizer seeks any other relief the Court deems appropriate.

Dated: March 11, 2011                                         Respectfully submitted,

           SKADDEN, ARPS, SLATE,
             MEAGHER & FLOM LLP

           By:     /s/ Mark S. Cheffo
                 Mark S. Cheffo

           Four Times Square
           New York, NY 10036
           Tel:  (212) 735-3000

           ROPES & GRAY LLP

           By:     /s/ Ana M. Francisco
                 Ana M. Francisco
                 BBO #564346

           Prudential Tower
           800 Boylston Street
           Boston, MA 02199-3600
           Tel:  (617) 951-7000
           Email:  ana.francisco@ropesgray.com

           *Attorneys for Defendants Pfizer Inc and*
           *Warner-Lambert Company LLC*

**CERTIFICATE OF SERVICE**

 I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 11, 2011.

            /s/ Ana. M. Francisco
            Ana M. Francisco