UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION ) ) ) ) ) ) ) | MDL Docket No. 1629<br>Master File No. 04-10981<br><br>Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**THIS DOCUMENT RELATES TO:**

*Jessie Allen, et al v. Pfizer, Inc.*, Case No. 1:07-cv-11795-PBS
*Mary Cooper, et al v. Pfizer, Inc.*, Case No. 1:05-cv-10834-PBS
*Leroy Anderson, et al v. Pfizer, Inc.*, Case No. 1:05-cv-10835-PBS

---

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE FINDINGS, REPORT AND RECOMMENDATION OF U. S. MAGISTRATE JUDGE**

---

The Plaintiffs hereby reply to *Defendants' Response to Plaintiffs' Objections to the Findings, Report, and Recommendation of U. S. Magistrate Judge*. The Plaintiffs' Reply to Defendants' Response, section by section, and argument by argument, in the order contained in Defendants' Response. Plaintiffs' Reply repeats the heading of each section/argument made by Defendants and submit Plaintiffs' counter argument under each section/argument. Plaintiffs' Reply herein does not substitute the arguments made in Plaintiffs' Objections.

**PLAINTIFFS' SUMMARY OF ARGUMENT**

The Defendants have only responded with generalities to the specific objections that the Plaintiffs made to the U.S. Magistrate's recommendations.

1

Defendants' Response consists primarily of a rehash of Defendants' Motion to Compel.

Defendants' failed to respond to the examples of detailed descriptions of mental and psychological injuries set forth by Plaintiffs' in their Answers to Interrogatory No. 11 that was shown to the Court in Exhibits 14 through 81 to the Plaintiffs' Objections to Magistrate Judge's Recommendations. Exhibits 14 through 81 also show that the Supplemental Interrogatory Answers thereto were verified and signed under penalty of perjury. These interrogations answers belie the general assertions that Defendants' made to the Magistrate Judge that Plaintiffs have submitted "canned" and "boilerplate" answers to interrogatory no. 11 and that the Plaintiffs had not verified their supplemental discovery responses.

The Defendants have failed to respond to Plaintiffs' submission of Exhibit 7 to the Plaintiffs' Objections to Magistrate Judge's Recommendations that show that the respective Plaintiffs have submitted varying numbers of medical providers from 4 to over 50, which is contrary to the assertions that Defendants made to the Magistrate Judge that most Plaintiffs had submitted inadequate medical providers.

The Defendants failed to respond to Exhibits 14 – 26 to Plaintiffs' Objection that included a sampling of Plaintiffs' Interrogatories Answers that directly responded to Interrogatories No. 8 and 9 coupled with the fact that all Plaintiffs deposed provided answers to Interrogatories No. 8 and 9 without objection from Plaintiffs' counsel.

The Defendants have not cited any case authority for the position that the Court may conduct a limited review (16 cases out of 213) of cases so as to justify dismissals of all (213) cases without reviewing 197 cases at all.

Defendants' position that discovery would have to start anew in these cases is contrary to the evidence that include interrogatory responses consisting of 8 boxes, over 20,000 medical records produced, at least 25 depositions taken, all medical authorization produced, and medical provider lists produced.

Defendants waited over 3 years, i.e., until May 2010, before they started to provide responses to Plaintiffs' Template Discovery and the responses provided were only objections. Plaintiffs' filed a motion to compel discovery against Defendants on December 20, 2010, but the Court did not rule on said motion.

Defendants waited until August 4, 2010, over 3 years, before they ever made any complaints about Plaintiffs' discovery responses.

The Defendants' unfairly suggest that the Court's dismissal of 47 cases filed by Boone Law Firm indicate that Plaintiffs' counsel have not complied with the Court orders. In fact, these 47 Plaintiffs' failed to supply Boone Law Firm with medical authorizations and/or medical provider lists and Plaintiffs' counsel indicated on the discovery chart that he would move to withdraw from these Plaintiffs and Plaintiffs' counsel did not object to the Magistrate Judge recommendation of dismissal regarding these 47 Plaintiffs. Boone Law Firm did not have authority to voluntarily dismiss the cases and therefore allowed the cases to be dismissed without objection. Defendants' suggestion that the Court's dismissal of these cases was somehow a sanction against Boone for non-compliance is wrong.

Defendants' blatant assertion that deficiencies plague every single Boone case is just simply not true and the assertion is refuted by examples pointed out to the court in Exhibits 14- 81 of Plaintiffs' Objection.

The evidence pointed out to the Court in Plaintiffs' Objection refutes Defendants' assertion that the Plaintiffs' have not submitted medical provider list, medical records, and record authorizations have not been provided.

The Motion to Compel was filed regarding most Plaintiffs' without Defendants' first setting forth a good faith effort to resolve the dispute without Court intervention.

Magistrate Judge Sorokin reviewed only 16 of 213 cases and imprudently concluded that template discovery were deficient in every case.

**BOONE PLAINTIFFS ADDRESS DEFENDANTS' ARGUMENTS, SECTION BY SECTION:**

**The Boone Plaintiffs' violated initial deadlines for Template Discovery and Certification.**

Only 17 Plaintiffs' in *Leroy Anderson, et al. v Pfizer, Inc*., were subject to the January 15, 2007 discovery deadline.  These 17 Plaintiffs' submitted answers to the template discovery beginning in April 2007 prior to any Motion to Compel. ( See Boone Chart, Docket # 2885, 3064, 3123, 3161, and 3219)

Further, 183 of the Plaintiffs' are included in *Jessie Allen, et al. v Pfizer*, and this case was not transferred to this MDL until September 24, 2007, which is after the July 8, 2007 deadline.

Despite these facts, Defendants' still argue that Plaintiffs violated the January 15, 2007 and July, 8, 2007 order of the court.

The major problem with Defendants' mischaracterization is that Defendants' attempts to use these alleged violations in its counts of alleged violations by Boone Plaintiffs'.

No action by Boone Plaintiffs' in regard to the January 15, 2007 and July 7, 2007 discovery deadline can fairly be called disobedience of court orders, ignorance of warnings, contumacious conduct, or other aggravating circumstances.

Regarding certifications, the Plaintiffs' submitted certifications, the argument was the completeness or ambiguity of the certifications. Boone Plaintiffs' subsequently and in accordance with court order modified the certifications.

The court order issued regarding the certifications was more in line with providing guidance as to how the court wanted the certifications rather than a sanction or warning.

In fact, the court found that the Plaintiffs' had done everything that the Court had required.

**The court ordered Plaintiffs' to comply with Template Discovery or face dismissal.**

The Defendants' are wrongfully implying to the Court that the June, 9, 2010 order was entered following a finding of non-compliance regarding template discovery and that the order applied to Boone Plaintiffs' only. The June 9, 2010 order set forth a time frame for completion of initial discovery as to the Boone cases and the Schwartz cases. The Court's statement "that the failure to comply with court's orders set forth herein may result in dismissal of the claims of a plaintiff or cases brought by counsel" applied equally to Schwartz.

5

Significantly, as of June 9, 2010 the Defendants' had not made a single complaint about the Plaintiffs' answers to Template Discovery.

Accordingly, the June 9, 2010 order was a warning should a future even occur, only.

As a matter of fact, the Defendants sat still for **years** making no complaints about the template discovery until **August 4, 2010**.

Further for **years** the Defendants' did not respond to Plaintiffs' template discovery.  Defendants' first response to Plaintiffs' Template Discovery was **May 2010**.

As aforesaid, on December 20, 2010, Plaintiffs' filed a Motion to Compel Defendants' to respond to Plaintiffs' Template Discovery.  This motion has yet to be ruled on by the Court.

The Defendants should be prohibited from arguing any discovery deficiencies allegedly occurring prior to August 4, 2010 due to their own inaction and waiver.

**Plaintiffs' Discovery Noncompliance continued despite the court's clear warning.**

Defendants again cite this Court's dismissal of 47 cases so as to suggest that Plaintiffs' counsel has been somehow contumacious.  Defendants' suggestion is wrong.  These 47 Plaintiffs failed to timely provide to Boone Law Firm their medical authorizations and medical provider List. Boone Law Firm did not object to the Magistrate Judge's recommendation of dismissal of the cases, but Boone Law Firm had no authority from these Plaintiffs' to voluntarily dismiss the cases, nothing more nothing less. The 47 dismissals were not a sanction against Boone as implied by the Defendants.

6

Defendants again also cite Boone's one-time failure to only timely file a chart. The chart itself was not discovery, but only a summary of the progress of discovery. The failure to timely file a chart is not related to compliance with discovery.

Defendants' suggestion that this Court should add this one-time failure to timely file a chart as evidence of "Plaintiffs' Discovery Noncompliance continued despite the court's clear warning" is just plain misleading.

**Plaintiffs Inaccurately Claimed That All Template Discovery Was Complete In All Cases**

The issue has never been as to whether Plaintiffs have completed discovery, but rather the issue relates to the adequacy of the responses provided by the Plaintiffs. Plaintiffs have in fact submitted medical records in their possession, executed medical authorizations, responded to template discovery and provided medical provider lists. Defendants argue that the submissions made by Plaintiffs are inadequate. Plaintiffs submit that a review of their submissions will show that the Defendants have painted with a very broad brush in labeling the cases deficient.

**After Multiple Warnings, Plaintiffs Still Failed To Comply With Their Discovery Obligations**

The Defendants are unfairly characterizing certain events, i.e., untimely filing of chart and correction of certifications, as template discovery warnings when, in fact, there has not been multiple warnings regarding template discovery to Plaintiffs' attorney. As stated, there was the futuristic warning in the June 9, 2010 order which as of that date the Defendants had not made any complaints about Plaintiffs' template discovery. Then there was the December 6, 2010 futuristic warning wherein the Court indicated that the

Plaintiffs would be given an allotted amount of time to cure any deficiencies following the Court's ruling on Defendants' Motion to Compel. The Plaintiffs were not afforded this lesser sanction.

The Defendants are also counting the Court's dismissal of 47 cases as a sanction against Boone which is not the case because Boone did not even object to the recommendation of dismissal of these cases.

Accordingly, the Defendants have exaggerated the discovery warnings in this case.

## Argument

### I. Pfizer Established That All Boone Plaintiffs' Discovery Responses Are Deficient

Exhibits 6 – 81 to Plaintiffs' Objection belie Defendants' assertion that all Boone Plaintiffs' discovery responses are deficient as these exhibits show explicit responses made by Plaintiffs regarding their mental or psychological injuries following their ingestion of Neurontin.

Exhibits 14 through 81 also show that the Supplemental Interrogatory Answers thereto were verified and signed under penalty of perjury, contrary to Defendants' assertions.

Exhibit 7 to Plaintiffs' Objection list a sampling of 57 medical provider lists that contain physicians ranging from 4 to 55, which is contrary to Defendants' assertion.

Exhibits 14 – 26 to Plaintiffs' Objection contained a sampling of Plaintiffs responses to interrogatory no. 8 and 9.

Even Defendants admit that the Magistrate Judge was provided with 8 boxes of Plaintiffs' discovery responses, but the Court only reviewed as most 16 set of interrogatory responses.

Each Plaintiff was entitled to have their particular case individually reviewed by the Court prior to recommendation of dismissal in order for each Plaintiff to be accorded fairness and justice.  No authority can be found for the sweeping dismissal of all Plaintiffs based upon alleged discovery violations of some Plaintiffs.

## II.   The Boone Plaintiffs Failed to Provide Complete Answers to Interrogatories

### A.   Boone Provided A Boilerplate, Non-Responsive Answer to Interrogatory Number Eleven On Behalf Of Many of His Clients

Again, Exhibits 6 – 81 to Plaintiffs' Objection belie Defendants' assertion that Boone Plaintiffs provided "canned" responses to Interrogatory No. 11.  These exhibits show sampling of explicit responses made by Plaintiffs regarding their mental or psychological injuries following their ingestion of Neurontin.

Plaintiffs' Complaints allege that "The conduct of the Defendants ……………….. was the proximate cause of injuries to the Plaintiffs, ***including but not limited to*** the following: suicide/attempted suicide and/or suicidal thought;…………………….". Accordingly, the injuries included in some Plaintiffs' supplemental responses were not the first time the injuries were mentioned as the Defendants improperly assert.  Plaintiffs answers regarding  suicide/attempted suicide and/or suicidal thought have not changed over the years because this answer was included in the original complaints.

### B. **The Boone Plaintiffs Disobeyed The Court's Discovery Rulings and Refused To Answer Two Interrogatories That the Court Ordered Answered.**

9

Exhibits 14 – 26 to Plaintiffs' Objection include sampling of Plaintiffs' Interrogatories Answers that respond to Interrogatory no. 8 and 9. Further all Plaintiffs deposed provided answers to interrogatories no. 8 and 9 without objection from Plaintiffs' counsel.

### C. The Boone Plaintiffs Made Improper Objections Or Failed To Respond To Several Other Interrogatories

Defendants cite Plaintiff Jack Shoemaker as an example of failure to respond to interrogatories. Mr. Shoemaker's case was voluntarily dismissed. Mr. Shoemaker provided information at his deposition that was not previously provided as to his criminal history.

Some Plaintiffs clarified or added to their interrogatory answers at the deposition. Plaintiffs' counsel cannot assure that Plaintiffs will not expound on their interrogatory answers.

### III. The Boone Plaintiffs And Their Counsel Violated Various Court Orders And Otherwise Failed to Provide Threshold Discovery.

### A. Plaintiffs Failed to Provide Complete Medical Provider Lists

Exhibit 7 to the Plaintiffs' Objections to Magistrate Judge's Recommendations show that Plaintiffs' have submitted a sampling of 57 medical provider lists containing varying numbers of medical providers from 4 to over 50, which is contrary to the assertions made by Defendants made to the Magistrate Judge.

Please notice that Medical Provider List for Audrey Berry as part of Exhibit 7 was completed in her handwriting on the Form that Boone submitted to the Plaintiffs for the listing of their medical providers. This Medical Provider List Form specifically requests Plaintiffs to list all of their physicians for the past 20 years.

10

### B. The Boone Plaintiffs Disobeyed The Court's Discovery Ruling Regarding Disclosure of Medical Records

Boone has produced more than 20,000 pages of medical records to Defendants. This fact is undisputed. These 20,000+ pages of medical records represent the medical records that Plaintiffs' counsel has in his possession.

Plaintiffs' counsel cannot verify, but believes based upon his office practices that the medical records of Catherine Duvall used at Dr. Brown's deposition were submitted to Defendants.

All Plaintiffs have produced medical authorizations to Defendants.

### C. The Boone Plaintiffs Have Failed to Provide Non-Medical Authorizations

There remained 200 Boone Plaintiffs as of February 4, 2011. Prior to the Court's report and recommendation Plaintiffs had submitted non-medical Authorizations on 174 Plaintiffs. (**See Exhibit 11 – 10/4/2010 Letter enclosing 25 non-medical authorizations, Exhibit 12 – 10/6/2010 Letter enclosing 40 non-medical authorizations, Exhibit 13 showing emailing of 109 non-medical authorizations,** ). Exhibits 11, 12 and 13 are attached to Plaintiffs' Objection.

## IV. Plaintiffs' Counsel Engaged In Misconduct And Affirmatively Contributed To His Clients' Discovery Deficiencies

### A. Plaintiffs' Counsel Failed To Make Himself Available For Depositions As Ordered By The Court

As explained, Boone not only made himself available for depositions, but Boone even hired outside counsel to cover the deposition of Plaintiff Deloris Powell in efforts to comply with the Court's Order. Scheduled depositions that did not go forward were

11

mostly as a result of voluntary dismissal of the case or conflicts with other depositions being taken in the litigation.

### B. Boone's Process For Gathering Information From Clients Prevented Proper Discovery Responses

This Medical Provider List Form provided to Plaintiffs specifically requests Plaintiffs to list all of their physicians for the past 20 years.  (See Medical Provider List for Plaintiff Audrey Berry, part of Exhibit 7 to Plaintiffs' Objection).

The interrogatories request specific information notwithstanding the space provided on the form.  The Plaintiff could have written on the back of the form or added an additional page if needed.  The form was not intended as a limitation.  There is no evidence that the form caused the Plaintiffs to think that their answer should be limited to one person because of the space provided on the form particularly in light of the clear language of the interrogatory.

Moreover, many Plaintiffs listed information or persons in excess of the spaces provided on the form.

### V. Dismissal Was Appropriate Due To The Long Pattern Of Discovery Neglect And The Egregious And Pervasive Noncompliance With Court Orders In These Cases

Dismissal is not appropriate in this case as lesser sanctions were not properly considered.  Boone Plaintiffs submit that lesser sanctions are warranted for the following reasons:

***Boone has made himself available for depositions***.  Boone has participated in every scheduled deposition except those that were voluntarily dismissed or rescheduled due to conflicts with other depositions in the case or for other justifiable reasons such as when Plaintiffs Laperial Melvin and Terry Banks were too ill to be deposed; Defendant failed

to secure stenographer for Plaintiff Debbie Sullivan's deposition;  travelling dates for Plaintiffs' counsel to Boston;  The events that precipitated the cancelling of these depositions were out of Plaintiffs' attorney's control.  The cancellations of these depositions do not represent a failure to prosecute.  These depositions were mutually postponed by the parties and the Plaintiffs who were rescheduled were subsequently deposed.

   Boone not only made himself available for depositions, but Boone even hired outside counsel to cover the deposition of Plaintiff Deloris Powell in efforts to comply with the Court's Order.

   ***The Defendants are unfairly characterizing certain events, i.e., untimely filing of chart and correction of certifications, as template discovery warnings,*** when, in fact, there has not been multiple warnings regarding template discovery to Plaintiffs' attorney.  As stated, there was the futuristic warning in the June 9, 2010 order which as of that date the Defendants had not made any complaints about Plaintiffs' template discovery.  Then there was the December 6, 2010 futuristic warning wherein the Court indicated that the Plaintiffs would be given an allotted amount of time to cure any deficiencies following the Court's ruling on Defendants' Motion to Compel.  The Plaintiffs were not afforded this lesser sanction.

   The ***claim of the Estate of Elizabeth Knight was known to be an estate claim.*** Long before the scheduling of the deposition, the claim of Elizabeth Knight was made known and referred to as the Estate of Elizabeth Knight. (See Boone Chart that list the claim as "Estate of Elizabeth Knight", Docket  2885 at 4) .   Plaintiff's Answer to Interrogatories lists the Plaintiff as "Estate of Elizabeth Knight"

13

The ***Plaintiffs did not violate the Court's Order by failing to meet the July 8, 2007 discovery deadline*** because 183 of these Plaintiffs were not in MDL 1629 until September 24, 2007.

The 17 Plaintiffs that were subject to the January 15, 2007 ***did not have extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance***. These Plaintiffs begin submitting template responses in April 2007 without the nececessity of a motion to compel or any admonishment by the Court. The Plaintiffs have continued to supplement their answers to template discovery through February 4, 2011.

The ***Plaintiffs have not failed to prosecute***, but rather has submitted over 20,000 pages of medical records to Defendants; submitted answers and supplement answers to Defendants' Template Discovery containing eight (8) boxes full; Plaintiffs' attorney has participated in over 25 depositions; Plaintiffs' attorney engaged in significant motion practice; Plaintiffs have provided all medical authorizations, medical provider list, and most of the other authorizations; Plaintiffs were supplementing the other authorizations to Defendants until the Court's ruling on February 4, 2011; and Plaintiffs' counsel has appeared in-person for each required Court hearing. In sum, the Plaintiffs' conduct do not show a lack of interest in vindicating whatever rights they might have. *Zavala Santiago v. Gonzalez Rivera,* 553 F. 2d 710, 713 (1st Cir. 1977)

The Defendants waited years to respond to any Plaintiffs' template discovery. Defendants' first respond to Plaintiffs template discovery was May, 2010. Moreover ***Defendants did not complain about Plaintiffs' responses to template discovery until***

*August 4, 2010*.   Plaintiffs' Motion to Compel filed against Defendants on December 20, 2010 has never been ruled on by the Court.

The ***Court did not consider the adequacy of lesser sanctions*** as required under *Robson v. Hallenbeck,* 81 F. 3d 1, 2-3 (1st Cir.1996)).  The Court indicated in the December 6, 2010 Order that the *Plaintiffs would be given an allotted amount of time to cure any deficiencies following the Court's ruling on Defendants' Motion to Compel.  .* (Docket #3141) ***The Plaintiffs were not afforded this lesser sanction***.

The Court must "fairly balance the court's venerable authority over case management with the larger concerns of justice, including the strong presumption in favor of deciding cases on the merits." *Torres-Vargas v. Pereira,* 431 F. 3d 389, 392 (1st Cir.2005); *Batiz Chamorro v. Puerto Rican Cars, Inc.,* 304 F. 3d 1, 4 (1st Cir.2002). Accordingly, in order for justice to be accorded to every Plaintiff the ***Court should have conducted an individual review of each Plaintiff's case*** to determine if dismissal was the appropriate recommendation.

The Plaintiffs have shown that they followed the template discovery form provided by the Plaintiff Steering Committee.  Plaintiffs did not redesign the template discovery form.  Boone has shown that the form he provided to Plaintiffs for the answering of interrogatories was only an attempt to make the interrogatories easier to answer, the form was not to limit the answers.  Moreover upon learning that the form of template discovery received by Plaintiffs' counsel from the Plaintiff Steering Committee the Plaintiffs supplemented their answers without limitation.  ***Plaintiffs' counsel actions regarding the template discovery does not reach the level of "extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings,***

15

*contumacious conduct, or some other aggravating circumstance "* as would justify dismissal of Plaintiffs' cases.

The Plaintiffs are ready, willing, and able to correct any and discovery deficiencies, if given a reasonable opportunity to do so. The Plaintiffs and Plaintiffs' counsel have expended an enormous amount of time and resources in the prosecution of these cases. The sheer volume of work contradicts a finding of failure to prosecute.

Dismissal is not appropriate in these cases. Dismissal for failure to prosecute can only be proper upon a finding that a party's conduct indicated a "lack of interest in vindicating whatever rights [she] might have had," *Zavala Santiago v. Gonzalez Rivera,* 553 F. 2d 710, 713 (1st Cir. 1977)

Dismissal with prejudice for failure to prosecute is appropriate only in the face of "extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." *Cosme Nieves v. Deshler,* 826 F. 2d 1, 2 (1st Cir. 1987); *see* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2369 (2d ed.1995).

Where the case is close, as to whether Plaintiffs' conduct is "extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance", the courts should prefer less severe sanctions that preserve the possibility of disposition on the merits. *See Velazquez-Rivera,* 920 F.2d at 1079.

When considering dismissal with prejudice the Court must "fairly balance the court's venerable authority over case management with the larger concerns of justice, including the strong presumption in favor of deciding cases on the merits." *Torres-*

*Vargas v. Pereira,* 431 F. 3d 389, 392 (1st Cir.2005); *Batiz Chamorro v. Puerto Rican Cars, Inc.,* 304 F. 3d 1, 4 (1st Cir.2002).

There is a non-exclusive list of substantive factors to consider when reviewing sanctions orders: "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." 468 F. 3d 1, 5 (1st Cir.2006) (quoting *Robson v. Hallenbeck,* 81 F. 3d 1, 2-3 (1st Cir.1996)).

The appropriateness of a particular sanction thus depends on the circumstances of the case. *Torres-Vargas,* 431 F.3d at 392. "[d]ismissal with prejudice is a harsh sanction, which should be employed only when a plaintiff's misconduct has been extreme and only after the district court has determined that none of the lesser sanctions available to it would truly be appropriate." *Estate of Solís-Rivera,* 993 F.2d at 2 (emphasis, citations, and internal quotation marks omitted).

WHEREFORE PREMISES CONSIDERED, the Plaintiffs request that the Court does not accept the U. S. Magistrate Judge's findings, report and recommendations. Plaintiffs request that this Court causes a practical management plan to be fashioned considering the totality of the circumstances.

>Respectfully Submitted,
>All Plaintiffs
>
>/S/ Levi Boone, III
>BY:_____
>Levi Boone, III, MSB #3686
>**BOONE LAW FIRM, P.A**.
>401 West Sunflower Avenue
>Post Office Box 1772
>Cleveland, MS 38732

TEL: 662-843-7946
FAX: 662-843-7950

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served as required by Case Management Order Number 3 on the 10th day of March, 2011.

/s/ Levi Boone, III
Levi Boone, III