UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | |
| KAISER FOUNDATION HEALTH PLAN, INC., ET AL. V. PFIZER INC, ET AL., 04 CV 10739 (PBS) | Judge Patti B. Saris |
| | Magistrate Judge Leo T. Sorokin |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR STAY OF EXECUTION PENDING
DISPOSITION OF POST-TRIAL MOTIONS AND THROUGH APPEAL**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") respectfully submit this Memorandum of Law in Support of their Motion for Stay of Execution Pending Disposition of Post-Trial Motions And Through Appeal.

Rule 62(b) of the Federal Rules of Civil Procedure provides that:

> [o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment – or any proceedings to enforce it – pending disposition of any of the following motions: (1) under Rule 50, for judgment as a matter of law…[and] (3) under Rule 59, for a new trial or to alter or amend a judgment…

Fed. R. Civ. P. 62(b). In the event that a party appeals following the Court's ruling on Rule 50 and 59 motions, Rule 62(d) of the Federal Rules of Civil Procedure provides that:

> [i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d).

"With respect to money judgments, Rule 62(d) has been interpreted to mean that an appellant may obtain a stay of execution on the money judgment during the pendency of the appeal as a matter of right by posting an adequate supersedeas bond." *Halbach v. Great-West Life & Annuity Insurance Co.*, 2009 WL 214671, at *1 (E.D. Mo. Jan. 28, 2009). Rule 62(b) allows the district court to stay the execution of judgment pending disposition for motions filed under Rule 50 and Rule 59. "In the alternative, the appellant may move that the district court

employ its discretion to waive the bond requirement." *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988); *see also Cipes v. Mikasa, Inc.*, 404 F. Supp. 2d 367, 370 (D. Mass. 2005), *aff'd on other grounds*, 439 F.3d 52 (1st Cir. 2006); *Halbach*, 2009 WL 214671, at *1, *3.

Judgment in this case was entered on March 11, 2011 (Judgment [3326]).[1] Execution upon the judgment is automatically stayed until 14 days after entry of judgment. *See* Fed. R. Civ. P. 62(a). Defendants intend to file post-trial motions, in accordance with the Federal Rules of Civil Procedure. If Defendants' post-trial motions are denied, Defendants are likely to appeal.

Because the 14-day automatic stay of execution may expire before this Court has had the opportunity to rule on Defendants' post-trial motions, Defendants request a further stay of execution pending disposition of those motions pursuant to Federal Rule of Civil Procedure 62(b). Defendants' post-trial motions will raise substantial issues regarding this highly complex and virtually unprecedented trial. Defendants submit that these issues should be resolved by this Court and, if necessary, on appeal before any execution takes place.

The Parties have previously reached a stipulation that execution on the judgment in this action should be stayed pending resolution of all appeals. (Stipulation Regarding Stay of Execution [3027], August 12, 2010). The Kaiser Plaintiffs have agreed that they "will not attempt to execute on any judgment entered in the above-captioned action until all appeals have been exhausted" except under the circumstances set forth in the stipulation (which have not occurred). The stipulation among the Parties further provides that the Kaiser Plaintiffs "will not oppose Pfizer's motion for stay of execution without bond or other security," although the Kaiser Plaintiffs may seek a bond in the future if certain events occur.[2]

Accordingly, Plaintiffs do not oppose Defendants' request for a stay of execution pending disposition of post-trial motions. Defendants, therefore, ask that a stay be entered without the

---

[1] The Judgment, dated February 22, 2011, was entered on March 11, 2011. Defendants were notified by ECF of entry of Judgment on March 11, 2011.

[2] The Parties reached this stipulation so as to avoid the unnecessary cost of a bond, which may be born by the losing party on appeal.

requirement of a bond or other security, without prejudice to the Kaiser Plaintiffs' right to seek a bond at a later date in accordance with the Parties' stipulation.

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that the Court order that the execution of the judgment in this case be stayed pending the Court's disposition of post-trial motions and through appeal, without the requirement of a bond or other security at this time.

Dated: March 11, 2011

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:   /s/ Mark S. Cheffo
       Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000
Email:  Mark.Cheffo@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:   /s/ Raoul D. Kennedy
       Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel:  (415) 984-6400
Email:  Raoul.Kennedy@skadden.com

<div style="border: 1px solid black; padding: 10px;">

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 11, 2011.

        /s/ Mark S. Cheffo
        Mark S. Cheffo

</div>

WHEELER TRIGG O'DONNELL LLP

By:   /s/ James E. Hooper
       James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel:  (303) 244-1800
Email:  hooper@wtotrial.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*