# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x
In re: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION
------------------------------------------------x
THIS DOCUMENT RELATES TO:
*Allen, et al. v. Pfizer, Inc. et al*, 1:07-cv-11795-PBS;
*Anderson, et al. v. Pfizer, Inc. et al.*, 1:05-cv-10835-PBS;
*Cooper, et al. v. Pfizer Inc. et al.*, 1:05-cv-10834-PBS
------------------------------------------------x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

**PROPOSED DOCUMENT**

### SUR-REPLY IN FURTHER SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE FINDINGS, REPORT AND RECOMMENDATIONS OF THE U.S. MAGISTRATE JUDGE

Plaintiffs' plea for lesser sanctions should be denied for a host of reasons. (Pls.' Reply [3330], at 12.) First, throughout the history of these cases, Plaintiffs have displayed a willful disregard for this Court's Discovery Orders, which the First Circuit has found to justify dismissal in and of itself. *See Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002). Second, Plaintiffs lack any reasonable excuse for their ongoing neglect of their discovery duties. In fact, their counsel's conduct frustrated and prevented full compliance with the Court's Orders because he supplied his clients with defective forms, failed to conduct adequate investigations prior to serving responses, and inaccurately represented to the Court that template discovery was complete despite no objectively justifiable basis for doing so. Third, Plaintiffs' misconduct has prejudiced Pfizer, considering that, among other things, some Plaintiffs testified that spoliation has occurred, their failure to supply basic information prevented Pfizer's own discovery efforts, and Pfizer expended substantial resources deposing witnesses without complete discovery materials to which it was entitled. Fourth, Plaintiffs have caused a substantial waste of judicial resources and disrupted this Court's efforts to manage this multi-district litigation efficiently. *See, e.g.*, *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1222 (9th Cir. 2006); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007). Fifth, this Court has already imposed lesser sanctions on both Plaintiffs' counsel and

the specific sanction of dismissal on other Boone Plaintiffs, (Order of Sanctions [3031]; Aug. 11, 2010 R&R [3025] & Electronic Order entered Aug. 30, 2010), but those prior sanctions failed to motivate these Plaintiffs to fully comply with their discovery obligations and the Court's Orders. Finally, prior to dismissing these cases, the Court issued a clear warning – in addition to other warnings throughout this litigation – that the Boone Plaintiffs' continued failure to comply with their discovery obligations would result in dismissal.  (Further Scheduling Order [2839], at 6.) Not only did they disregard that warning, as of more than six months later, their "basic paper discovery [was] so incomplete and defective that proceeding with [their] cases would [have] require[d] individual case discovery to essentially begin anew, after years of litigation." (Report and Recommendations [3276], at 1.)  Thus, all the relevant circumstances support the Magistrate Judge's determination that dismissal was appropriate.

In addition, the record provides ample support for the Magistrate Judge's factual findings. In fact, Plaintiffs still have made no attempt to even address, much less rebut, the deficiencies Pfizer raised with regard to individual cases, even though they now inconsistently complain that Pfizer's memoranda of law "have painted with a very broad brush."  (Pls.' Reply [3330], at 7.) Plaintiffs' argument misses the point of Pfizer's briefing:  Pfizer's supporting memoranda are designed to provide the Court with an overview of common discovery deficiencies pervasive among these cases, the procedural background of the overall litigation, and the applicable law. Pfizer's case-specific Appendix [3179-1] raises individual discovery deficiencies on a case-by-case basis with regard to each Plaintiff.  While Plaintiffs now complain that Pfizer's memoranda are broad, they ignore Pfizer's Appendix that addressed deficiencies in each case individually. Similarly, Plaintiffs' argument – that the Magistrate Judge did not specifically discuss its review of each case in its Report and Recommendation – fails to account for *Plaintiffs'* failure to individually respond to Pfizer's case-specific arguments.  (*See* Pls.' Reply [3330], at 15.)

While insisting that the Magistrate Judge must analyze each discovery response individually, Plaintiffs continue to refuse to do so themselves.  Rather, their Reply points to interrogatory responses in *some* of their cases and argues that *some* of the many global

deficiencies discussed in Pfizer's memoranda do not apply in every case – a point that neither Pfizer nor the Magistrate Judge ever disputed.  Their argument misconstrues the findings in the Report and Recommendation.  Pfizer's case-specific Appendix addressed each of the discovery responses that Plaintiffs recently attached as their Exhibits 6 through 81, and Pfizer has already explained with particularity why each one was deficient.  (*See* Report and Recommendation [3276], at 21 (finding that "Defendants complied with this Order" to address each discovery response on a case-by-case basis).)  Plaintiffs, however, have not made any effort to rebut the showing established by Pfizer's Appendix.  Based on this ***unrebutted showing in each case***, the Magistrate Judge found that Plaintiffs had failed to comply with the Court's Discovery Orders, and that finding was clearly supported by the record.

Plaintiffs also fail to provide any explanation as to why their counsel repeatedly insisted under oath that all template discovery was complete in all cases in November and December 2010.  (*See, e.g.*, Boone Pls.' Status Update [3134], at 3-4.)  Nothing about the limited discovery responses that Plaintiffs now submit in only a fraction of the cases would have reasonably justified Plaintiffs' counsel's representations to this Court.  Both this Court and Defendants have since wasted substantial resources in reliance on those inaccurate and unjustified representations.

Further, the Boone Plaintiffs mischaracterize the prior sanctions imposed by this Court.  Their argument that the previous "47 dismissals [last summer for failure to provide medical authorizations] were not a sanction against Boone" misses the point.  (Pls.' Reply [3330], at 6.)  The Magistrate Judge's uncontested Report and Recommendation on August 11, 2010 certainly dismissed those cases based on its authority to impose discovery sanctions.  It clearly explained, "Dismissal is an available sanction . . . and, in the circumstances of each of these forty-seven cases, is the appropriate sanction."  (Aug. 11, 2010 R&R [3025], at 2.)  The Magistrate Judge even observed that dismissal of these 47 Plaintiffs "was the culmination of a long period of discovery, *repeated warnings to Attorney Boone*, and substantial opportunity to produce the discovery."  (*Id.* at 1 (emphasis added).)  These prior sanctions demonstrate that dismissal was appropriate for disobeying the Court's June 9, 2010 Order and that the Boone Plaintiffs were

3

undeniably on notice that further failure to comply with that Order would result in dismissal.

Plaintiffs' Opposition also contains numerous other arguments that are contrary to the record:[1] First, Plaintiffs' continued reference to the July 8, 2007 deadline is a red herring meant to distract from the fact that the *Allen* Plaintiffs failed to produce template discovery by their initial deadline of November 23, 2007 in accordance with this Court's Order. (*See* Discovery Order No. 6 [550], at 2 (requiring plaintiffs to complete template discovery 60 days after transfer).)  Second, Plaintiffs inaccurately claim that the Magistrate Judge reviewed only 16 cases, when in fact the Report and Recommendation clearly explained that a random sample of 16 responses were selected for the limited purpose of determining whether they contained "the signature of the plaintiff answering the interrogatories." (Report and Recommendation [3276], at 17-18.)  Third, Plaintiffs accuse Pfizer of "exaggerat[ing] the discovery warnings in this case," (Pls.' Reply [3330], at 8); yet, long before Pfizer filed this motion, the Court had often alluded to its "repeated warnings to Attorney Boone" and "numerous warnings that he must heed all deadlines," not to mention "Attorney Boone's repeated failures to adhere to Court imposed deadlines." (Aug. 11, 2010 R&R [3025], at 3; Order of Sanctions [3031], at 1.)  Fourth, even though Plaintiffs point to 12 cases where Interrogatories Nos. 8 and 9 were answered, they do not deny that the vast majority of Plaintiffs failed to respond.  Fifth, Plaintiffs persist with the untenable argument that "[t]here is no evidence that the [defective form provided by Plaintiffs' counsel] caused the Plaintiffs to think that their answer should be limited," (Pls.' Reply [3330], at 12), despite the undeniably limited nature of Plaintiffs' answers and direct testimony to the contrary, (*see, e.g.*, Skinner Dep. [3179-25] at 151:7-10).

In addition, Plaintiffs now cite to non-case-specific allegations of suicidal ideation in the master Complaints that applied generically to hundreds of Plaintiffs and contradicted the case-specific allegations provided by most Plaintiffs. (Pls.' Reply [3330], at 9.)  However, those vague allegations were not only unsupported by any reasonable investigation, as required by

---

[1] Plaintiffs attach new exhibits and make new arguments that this Court should disregard because they were not properly made before the Magistrate Judge.

Rule 11, they fell short of stating a plausible claim for relief as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Also of significance, Plaintiffs have not attempted to explain the serious concerns raised by Pfizer and the Magistrate Judge that their counsel added allegations of suicide ideation – in response to *Daubert*-related developments – that were not supported by a reasonable investigation into the facts or an interview with Plaintiffs.  (*See* Report and Recommendations [3276], at 15-16, 18-19; Defs.' Resp. [3318], at 14-16.)[2]

Finally, Plaintiffs continue to make baseless arguments about their motion to compel against Pfizer, while failing to acknowledge that it was *their* woefully deficient responses that actively prevented further case-specific document production.  Pfizer could not search for and produce case-specific discovery until Plaintiffs provided some basic information about the physician who prescribed them Neurontin and their prescription timeframe or their alleged dates of injury.  (*See* June 15, 2006 Status Conference Tr. [3179-27] at 12:9-18.)  As such, Plaintiffs prevented responses in some of their cases, even though Pfizer produced these materials to other plaintiffs represented by other firms who had supplied at least enough information to locate the requested materials.

## CONCLUSION

For the reasons stated herein, as well as Pfizer's other memoranda and supporting materials, the Court should adopt the Report and Recommendations of Magistrate Judge Sorokin.

---

[2] Attempting to refute the example of deceased Plaintiff Elizabeth Knight cited by Pfizer, Plaintiffs' counsel argues that he wrote "Estate of" on a discovery chart in July 2010. (Pls.' Reply [3330], at 13.)  Nonetheless, Plaintiffs' counsel subsequently proposed to take Elizabeth Marie Knight's deposition on November 29, 2010, (Boone Status Update Re: Depositions [3134], at 3), so that Pfizer's counsel had to inform him that she was deceased and ask how he wanted to proceed, (*see* Dec. 2, 2010, L. Boone email chain [3179-8]).  Regardless, the greater concern is that Plaintiff Knight's interrogatory answers served in 2007 – during her lifetime – made no mention of suicide ideation and her answers were never supplemented during her lifetime.  Instead, allegations of suicidal ideation were raised for the first time by unverified interrogatory responses years after her death.

Dated: March 15, 2011				Respectfully submitted,

					SKADDEN, ARPS, SLATE,
					  MEAGHER & FLOM LLP

					By:	/s/ Mark S. Cheffo
						Mark S. Cheffo

					Four Times Square
					New York, NY 10036
					Tel: (212) 735-3000

					-and-

					ROPES & GRAY LLP

					By:	/s/ Ana M. Francisco
						Ana M. Francisco
						BBO #564346

					Prudential Tower
					800 Boylston Street
					Boston, MA 02199-3600
					Tel: (617) 951-7000
					Email: ana.francisco@ropesgray.com

					*Attorneys for Defendants Pfizer Inc and*
					*Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 15, 2011.

					/s/ Ana. M. Francisco
					Ana M. Francisco