UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
                                                            :   MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                                :
        SALES PRACTICES AND                                 :   Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION                       :
------------------------------------------------------------x   Judge Patti B. Saris
                                                            :
THIS DOCUMENT RELATES TO:                                   :   Magistrate Judge Leo T. Sorokin
                                                            :
Hairfield v. Pfizer, et al., (No. 1:08-cv-10930)            :
McLendon v. Pfizer, et al., (No. 1:08-cv-12034)             :
Newberry v. Pfizer, et al., (No. 1:07-cv-11499)             :
------------------------------------------------------------x


**MEMORANDUM IN SUPPORT OF
TEVA PHARMACEUTICALS USA, INC.'S AND
IVAX PHARMACEUTICALS, INC.'S ASSENTED-TO
<u>MOTION FOR CLARIFICATION OF FURTHER SCHEDULING ORDER</u>**

Teva Pharmaceuticals USA, Inc. ("Teva") and Ivax Pharmaceuticals, Inc. ("Ivax") (collectively, the "Teva Defendants") are generic gabapentin manufacturers. The Teva Defendants, along with the Pfizer defendants, are named as Defendants in all three cases listed above.[1]

On January 26, 2011, the Teva Defendants filed an Assented-To Motion to Stay All Proceedings Involving Generic Defendants pending the U.S. Supreme Court's decision in the consolidated cases *Pliva, Inc., et al. v. Mensing*, No. 09-993, *Actavis Elizabeth, LLC v. Mensing*, No. 09-1039, and *Actavis, Inc. v. Demahy*, No. 09-1501 (collectively, "*Mensing* cases") [Dkt. # 3265]. This Motion sought a stay in nine MDL matters in which the Teva Defendants are named. The Pfizer defendants are also named in those nine matters. *Id.*

---

[1] Ivax is not named in *Hairfield*.

On January 31, 2011, this Court granted the Teva Defendants' Motion to Stay All Proceedings, and administratively closed those nine matters until Plaintiffs move to reopen them. *See* Dkt. Entry, Jan. 31, 2011: "Judge Patti B. Saris: ELECTRONIC ORDER entered granting 3265 Motion to Stay All Proceedings Involving Generic Defendants. 'These claims are administratively closed until plaintiffs move to reopen.' (Patch, Christine) (Entered: 02/01/2011)".

On February 11, 2011, the Court issued its Further Scheduling Order. [Dkt. # 3287]. In the Further Scheduling Order, the Court stated its intent to transfer cases in which Plaintiffs are proceeding *pro se* back to the district courts in which the actions were filed, without further discovery in the MDL. *See* Further Scheduling Order ¶ 3. The Court also ordered discovery to commence in those matters where Plaintiffs are represented by counsel other than the Finkelstein, Schwartz or Boone firms. *See* Further Scheduling Order ¶ 4.

The *McLendon* matter, in which Plaintiff is proceeding *pro se*, is seemingly subject to ¶ 3 of the February 11, 2011 Order, which would result in its return to the district in which it was filed. The *Hairfield* and *Newberry* matters, in which Plaintiffs are represented by Pogust, Braslow & Millrood are seemingly subject to ¶ 4 of the February 11, 2011 Order, which ordered discovery to commence.

However, *McLendon*, *Hairfield* and *Newberry* are matters in which the Teva Defendants sought, and the Court granted, a stay of all proceedings, administratively closing those matters per this Court's January 31, 2011 Order. The Teva Defendants, counsel for Hairfield and Newberry, and counsel for the Pfizer defendants, agree that the above-captioned matters are properly subject to the Court's January 31, 2011 Order, which stayed all proceedings in those matters.

2

For the foregoing reasons, the Teva Defendants respectfully request that this Court clarify its February 11, 2011 Order with respect to the *Hairfield*, *McLendon* and *Newberry* matters and confirm that these cases are to remain administratively closed – and therefore not subject to remand or further discovery – until, consistent with this Court's January 31, 2011 Order, Plaintiffs seek that they be reopened.

Dated: March 17, 2011                               Respectfully submitted,

                                                    TEVA PHARMACEUTICALS USA, INC.,
                                                    IVAX PHARMACEUTICALS, INC.

                                                    By their attorneys,

                                                    /s/ Chad W. Higgins                .
                                                    U. Gwyn Williams (BBO # 565181)
                                                    Chad W. Higgins (BBO # 668924)
                                                    GOODWIN PROCTER LLP
                                                    Exchange Place
                                                    Boston, MA 02109-2881
                                                    617.570.1000
                                                    gwilliams@goodwinprocter.com
                                                    chiggins@goodwinprocter.com

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) pursuant to Case Management Order #3 on March 17, 2011.

      /s/ Chad W. Higgins

4