UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:   NEURONTIN MARKETING, SALES
         PRACTICES AND PRODUCTS
         LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THIS DOCUMENT RELATES TO:

*Anderson, et al v. Pfizer, Inc., et al*, No. 06-11024-PBS;
*Accetullo, et al. v. Pfizer, Inc., et al.*, No. 06-10912-PBS;
*Brewster, et al. v. Pfizer Inc., et al.*, No. 06-11022-PBS ;
*Girard, et al. v. Pfizer Inc., et al.*, No. 06-11023-PBS.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

**DEFENDANTS' RESPONSE TO PLAINTIFF GILBOW'S
AGREED MOTION TO DISMISS WITH PREJUDICE**

Defendants Pfizer Inc and Warner-Lambert Company LLC (together, "Pfizer" or "Defendants") respectfully submit this Response to Plaintiff Gilbow's Agreed Motion to Dismiss with Prejudice. [3344.] While Defendants do not oppose Plaintiff Sherrial Gilbow's motion to dismiss her claims with prejudice, Defendants reserve their right to seek an award of costs in this case. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party."); *see also Mother & Father v. Cassidy*, 338 F.3d 704, 710 (7th Cir. 2003) (noting that "[w]here the dismissal is with prejudice, . . . nothing in the language of Rule 41 suggests that the prevailing defendant should not enjoy the normal benefits of a final judgment in its favor").[1]

The parties in this case twice scheduled Plaintiff's deposition at agreed-upon dates, and Plaintiff Gilbow failed to appear for *either* scheduled deposition, causing Defendants to incur

---

[1] *Accord Kollsman v. Cohen*, 996 F.2d 702, 706 (4th Cir. 1993) (finding defendant against whom plaintiff voluntarily dismissed claims with prejudice was "a prevailing party and . . . eligible to recover his costs"); *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458 (10th Cir. 1995); *Misener Marine Constr., Inc. v. Norfolk Dredging Co.*, No. 404CV146, 2008 U.S. Dist. LEXIS 95321, at *23 (S.D. Ga. Nov. 24, 2008), aff'd, 594 F.3d 832 (11th Cir. 2010), cert. denied, 130 S. Ct. 3505 (2010); *Dews v. Troy Univ.*, No. 2:05cv1045-MHT (WO), 2007 U.S. Dist. LEXIS 49572, at *3-4 (M.D. Ala. July 9, 2007).

unnecessary expenses, in addition to the resultant inconvenience and lost time.

On February 2, 2011, Pfizer served Ms. Gilbow with a notice of deposition, and her counsel agreed to make Ms. Gilbow available for a deposition in Little Rock, Arkansas on February 17, 2011.  Ms. Gilbow canceled the deposition just the day before it was set to occur and *after* Pfizer's counsel had traveled to Little Rock for the deposition.  Defendants sent a letter to Plaintiff's counsel requesting reimbursement for the expenses caused by Plaintiff's untimely cancellation, but Plaintiff's counsel refused to reimburse Defendants.  (*See* Ex. A, 2/17/11 letter from Catherine B. Stevens, and 2/17/11 response letter from Trey Stegall.)[2]  The parties then rescheduled Plaintiff's deposition for March 8, 2011.  Defendants' counsel again traveled to Little Rock for the deposition, but Plaintiff Gilbow again failed to appear – this time without any advanced warning or explanation whatsoever.  On March 11, 2011, Plaintiff Gilbow apparently wrote a letter stating for the first time that she would no longer pursue her claims against Pfizer.  (*See* 3/11/11 Gilbow letter [3344-2].)  On March 14, 2011, Defendants again wrote Plaintiff's counsel requesting reimbursement for the expenses caused by Plaintiff's cancellation, but Plaintiff's counsel did not respond to that request.  (*See* Ex. B, 3/14/11 email from Catherine B. Stevens.)  Plaintiff's counsel subsequently filed a motion to dismiss with prejudice. [3344.]

Therefore, while Defendants do not oppose Plaintiff's motion to dismiss her claims with prejudice, they reserve the right to seek an award of costs in this case, including those associated with Defendants' counsel's unnecessary travel to Plaintiff's canceled depositions.  Defendants should not be precluded from seeking statutory and other costs and fees, if appropriate.

---

[2] All exhibits are attached to the accompanying Declaration of Catherine B. Stevens.

Dated: March 17, 2011

                                  Respectfully submitted,

                                  SKADDEN, ARPS, SLATE, MEAGHER
                                      & FLOM LLP

                                  By:  /s/ Mark S. Cheffo
                                        Mark S. Cheffo

                                  Four Times Square
                                  New York, NY 10036
                                  Tel:  (212) 735-3000
                                  Mark.Cheffo@skadden.com

                                  -and-

                                  ROPES & GRAY LLP

                                  By:   /s/ Ana M. Francisco
                                         Ana M. Francisco
                                         BBO # 564346

                                  Prudential Tower
                                  800 Boylston Street
                                  Boston, MA 02199-3600
                                  Tel:  (617) 951-7000
                                  Ana.Francisco@ropesgray.com

                                  *Attorneys for Defendants Pfizer Inc and*
                                  *Warner-Lambert Company LLC*

**CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 17, 2011.

                                  /s/ Ana. M. Francisco
                                  Ana M. Francisco