# EXHIBIT A

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

---

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-3353
DIRECT FAX
(917) 777-3353
EMAIL ADDRESS
CATHERINE.STEVENS@SKADDEN.COM

FIRM/AFFILIATE OFFICES
-----
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
-----
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 17, 2011

BY ELECTRONIC AND U.S. MAIL
Trey Stegall
Law Offices of Newton B. Schwartz, Sr.
1911 Southwest Freeway
Houston, TX 77098

RE:   In re: Neurontin Marketing, Sales Practices, and
      Products Liability Litigation MDL No. 1629

Dear Trey:

      I am writing in connection with the Kelly DeLeon and Sherrial Gilbow cases. On February 3, 2011, we served a notice for the deposition of Ms. DeLeon for the agreed upon date of February 16, 2011, to occur in at the Law Offices of Peter Miller, Esq., 1601 Broadway Street in Little Rock, Arkansas. Ms. DeLeon, however, failed to appear at her deposition as scheduled, reportedly arriving at the location (before Defendants' counsel arrived) and saying that she was too ill to stay and that she was leaving. When defense counsel arrived at the scheduled time, Ms. DeLeon had already left. Defendants' counsel had traveled from New York to Little Rock for her deposition.

      On February 9, 2011, we served a notice for the deposition of Ms. Gilbow for the agreed upon date of February 17, 2011, also set to occur in at the Law Offices of Peter Miller in Little Rock. Ms. Gilbow, however, canceled her deposition the day before, after Defendants' counsel had already traveled to Little Rock.

Trey Stegall
February 17, 2011
Page 2

      As you are aware, Pfizer cannot move forward with discovery in cases where your clients do not appear for depositions. Defendants, therefore, request that you dismiss both cases. In addition, Defendants request that you agree to reimburse us for all travel expenses incurred due to Plaintiffs' failures to appear for their depositions or provide timely notice of cancellation, by Thursday, March 3, 2011. A rough estimate of these expenses is approximately $2000. Of course, we will provide receipts. If you refuse, Defendants will seek relief from the Court. We are available to discuss or meet and confer regarding this issue, and request that you please respond in writing by the end of the day on Friday, February 17, 2011.

                                            Very truly yours,

                                            Catherine B. Stevens

LAW OFFICES OF
# NEWTON B. SCHWARTZ, SR.

**JAMES A. STEGALL III**
ASSOCIATE ATTORNEY

email: trey@nbslawyers.com

1911 Southwest Freeway
Houston, Texas 77098
713-630-0708
713-630-0789 fax

February 17, 2011

BY ELECTRONIC AND U.S. MAIL
Catherine Stevens
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036

RE:   *In Re: Neurontin Marketing, Sales Practices, and Products Liability Litigation*, MDL Docket No. 1629, Master File No. 04-10981 in the U.S. District Court for the District of Massachusestts.

Catherine,

This letter is in response to your correspondence earlier today regarding the cancelled depositions of Kelly Deleon and Sherrial Gilbow, which were scheduled to take place on February 16 and 17 in Little Rock, Arkansas. I would first like to express my regret that we were forced to cancel these depositions. As you know, Defendants' counsel was not alone in bearing the inconvenience and expense of travel to Little Rock for depositions that did not proceed. I was there as well, having traveled from Houston to attend.

Specifically with regard to Ms. Deleon, she did in fact appear at Peter Miller's office for her deposition yesterday morning, on Wednesday, February 16, 2010. The deposition was scheduled to begin at 8:30 a.m. and Ms. Deleon arrived at approximately 7:45 a.m. Both the court reporter and videographer can attest to her presence. After she arrived I sat down to have a discussion with her and she told me several times that she was experiencing intense stomach pain, was nauseous, and had been throwing up the previous evening and earlier that morning. Eventually she requested that the deposition be rescheduled because she did not believe she could go forward. I acquiesced because it was clear to me she was in real discomfort and I did not believe she could provide reliable testimony under the circumstances. She left the office at approximately 8:20 a.m.

When Defendants' counsel Dan Holloway arrived with his two assistants fifteen minutes later, at 8:35 a.m. (after the scheduled start time for the deposition), I informed him of what had taken place, at which point he suggested that we try to proceed later in the day if Ms. Deleon's condition improved and she was agreeable. Later that morning, at 10:35 a.m., Mr. Holloway called me on my cell phone and told me he no longer wished to proceed later in the day and that we would work on finding an agreeable date to reschedule. I agreed.

      As to the circumstances of Sherrial Gilbow's deposition cancellation, I received notice from my office later that same afternoon that Ms. Gilbow had called the office and wanted to reschedule her deposition. I then called her to discuss the situation and she stated she had spent the previous weekend in the hospital because of a heart condition. She had a surgical procedure to remove arterial blockage last Friday and was in the hospital through Monday. She informed me that she could not proceed with the deposition because of her condition. I immediately thereafter called Mr. Holloway, at 4:21 p.m., and told him of the unfortunate cancellation of Ms. Gilbow's deposition. We again discussed rescheduling these depositions for a later date.

      As I stated above, I regret that all counsel involved were inconvenienced by travel to Little Rock for depositions that did not proceed. However, I'm sure you would agree that the occasional cancellation of a deposition, even at the last moment, due to illness or some unforeseen circumstance is hardly rare. It happens. It is unfortunate when it happens and was especially so here in that we had to cancel two consecutively scheduled depositions after travel, compounding the inconvenience and frustration for counsel on both sides.

      Despite this frustration, we are not in the habit of dismissing or, more properly, withdrawing from cases simply because a client became ill or experienced circumstances preventing them from following-through with a scheduled deposition, and we will not do so here. We also cannot agree to your request that our office bear the expense of reimbursing Defendants' travel costs. We acted in good faith in the scheduling of these depositions and though we regret their cancellation, there was nothing we could have done differently to prevent this unfortunate situation.

      Should you have any questions or desire to discuss this matter further, please feel free to call me at 713-630-0708 or contact me by email to trey@nbslawyers.com.

      Regards,

James A. Stegall III