UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------x
:
In re: NEURONTIN MARKETING, SALES  : MDL Docket No. 1629
PRACTICES AND PRODUCTS  :
LIABILITY LITIGATION  : Master File No. 04-10981
:
----------------------------------------x
: Judge Patti B. Saris
THIS DOCUMENT RELATES TO:  :
: Magistrate Judge Leo T.
*Anderson, et al v. Pfizer, Inc., et al*, No. 06-11024-PBS;  : Sorokin
*Accetullo, et al. v. Pfizer, Inc., et al.*, No. 06-10912-PBS;  :
*Brewster, et al. v. Pfizer Inc., et al.*, No. 06-11022-PBS;  :
*Girard, et al. v. Pfizer Inc., et al.*, No. 06-11023-PBS.  :
:
----------------------------------------x

**RESPONSE TO PLAINTIFFS' COUNSEL'S MOTION
TO WITHDRAW AS LEAD COUNSEL AND REFERENCE
BACK TO REFERRING COUNSEL TO WITHDRAW OR DISMISS**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this Response to the Law Offices of Newton B. Schwartz's (the "Schwartz firm") Motion to Withdraw as Lead Counsel [3345] and respectfully request that the Court enter an order dismissing with prejudice all the cases[1] referenced in that motion. Pfizer also seeks an explanation as to why the Schwartz firm represented to counsel and to the Court that it would be dismissing, or withdrawing from representation in, more than 40 cases by mid-March, when it has only moved to withdraw in 7 cases and to dismiss 1. Pfizer respectfully requests that the Court order the Schwartz firm to submit a final list of all cases in which it has an intention to continue representation and to immediately dismiss or withdraw from representation of all other pending cases.

---

[1] The cases from which the Schwartz firm seeks to withdraw are those involving Plaintiffs Sherrial Gilbow, Kelly Deleon, Carmen Boltin, Pamela Calvert, Felisha Carpenter, George Lemacks, Melissa Barkley, and Stephanie Lowe. [3345-2.] The Schwartz firm has separately filed a motion to dismiss Plaintiff Gilbow's claims with prejudice [3344], and Pfizer does not oppose that motion, except that it reserves its rights to seek costs or fees, as stated in its Response to Plaintiff's motion. [3352.]

I.  **The Schwartz Firm Failed To Follow Through With It's Representations To The Court That It Would Move To Dismiss Or Withdraw In Over Forty Cases**

There is a large discrepancy between the number of cases that the Schwartz firm told this Court and Pfizer it would be dismissing and the number of cases from which it has actually moved to withdraw or dismiss. At present, the Schwartz firm represents 84 Plaintiffs with claims pending against Pfizer in this MDL. Beginning in late 2010 and for months thereafter, the Schwartz firm repeatedly represented to Pfizer's counsel that it was in the process of reviewing its overall caseload and intended to dismiss or withdraw from more than half of its pending cases. Despite repeated assurances from the Schwartz firm that it would winnow its cases in the near future, it has yet to follow through with its promise to do so.

On December 15, 2010, the parties held a conference call during which the Schwartz firm told Pfizer's counsel that it would send a list of the cases in which it intended to proceed with depositions. (*See* Ex. A, 12/17/10 Trey Stegall email.)[2] On December 21, 2010, the Schwartz firm sent Pfizer a list of 35 cases. (Ex. B, 12/21/10 Trey Stegall email.) In light of this list, and the Schwartz firm's assurances that it would be dismissing or withdrawing from most of the cases not on that list, the parties' joint deposition report filed with the Court in January contained the following qualification:

> Defendants have chosen these cases based on the Schwartz firm's representations that it is dismissing or withdrawing from all but approximately 35 of its cases. The above-mentioned cases [in which depositions will take place] are a part of the 35 remaining cases. To the extent the Schwartz firm fails to dismiss or withdraw pursuant to its representations to counsel regarding the same, Defendants will select other cases in which to take depositions in February, and will promptly notify the Court in that event.

(Joint Dep. List for Feb. [3264], at 1 fn. 1; *see also* Defs.' Dep. List for Jan. [3196], at 1 fn. 1.) The Schwartz firm did not object to this filing. (*See* Ex. C, 1/25/11 Trey Stegall email.)

---

[2] All exhibits are attached to the accompanying Declaration of Catherine B. Stevens.

At a Status Conference held before this Court on February 11, 2011, Pfizer's counsel alluded to the Schwartz list of cases that were going forward and stated that it was Pfizer's understanding that the Schwartz firm would soon dismiss a large number of pending cases. (*See* Ex. D, Feb. 11, 2011 Conference Tr. at 13:20-14:4.) Trey Stegall, who appeared at this conference on behalf of the Schwartz firm, agreed with the statements of Pfizer's counsel, and represented to the Court that his firm had "made representations and intend[s] to stick to them that we will be reducing our number from eighty anywhere down to thirty-five to forty cases." (*Id.* at 14:7-11.) He also requested that the Court give the Schwartz firm 30 to 60 days to "finalize that list" of cases that it would be pursuing. (*Id.*)

Magistrate Judge Sorokin also asked Mr. Stegall a series of questions regarding the remaining Schwartz cases:

> Q: So let me just ask, you've got eighty cases, is that right?
> A: Yes, sir.
> Q: And thirty-two you know you're going forward on?
> A: Yes, sir.
> Q: And the other forty-eight, the question is, are you going to go forward on any of those, some of those, and of ***the ones you're not going forward on, you're either going to dismiss or withdraw***?
> A: Yes, your Honor.
> Q: So the forty-eight is the universe of cases you're making a decision about in the next 30 days?
> A: And, as I said before, we anticipated the number that might be added to the thirty-two [i.e., cases they intend to pursue] to be ***a small number, three to five***.

(*Id.* at 16:18-17:8 (emphasis added).) In other words, Mr. Stegall represented to the Court that – within the next 30 days – the Schwartz firm anticipated dismissing or withdrawing from representation in approximately 43 to 45 cases, which were not on the list of 35 cases that it previously sent Pfizer.

Contrary to its representations to the Court, the Schwartz firm has now moved to withdraw as counsel in only 8 cases, 1 of which it separately moved to dismiss (Gilbow). Two of those cases (Gilbow and Deleon) were on the list of cases that the Schwartz firm previously

claimed would be going forward. Further, Pfizer has already taken or scheduled Plaintiffs' depositions in 5 of these 8 cases (Gilbow, Deleon, Boltin, Calvert, and Lemacks).[3] In conducting discovery and records collection, Pfizer has detrimentally relied on the Schwartz firm's representations that it would be proceeding with the cases on its list and dismissing or withdrawing from most of those cases not appearing on that list. In particular, Pfizer had to bear the costs associated with arranging and taking the depositions of 5 Plaintiffs whose claims even their counsel now admit lack sufficient merit even to satisfy Rule 11. (*See* Schwartz Mot. to Withdraw [3345].) Pfizer is making every diligent effort to comply with the Court's Order to take 15 depositions per month, as well as the overall goal of moving this MDL toward a state of resolution, but the Schwartz firm's failure to submit a final list of cases going forward and failure to dismiss or withdraw from cases that will not proceed have made Pfizer's task unnecessarily difficult and inefficient.

Moreover, the Schwartz firm has provided no explanation as to why the number of cases subject to a withdrawal or dismissal has drastically been reduced from 45 to 8 since the February status conference. Pfizer understands that the list of cases previously submitted by the Schwartz firm was tentative, but the discrepancy – between the number of cases estimated to be withdrawn from or dismissed as of February 11, and the number of cases actually subject to this motion – is stark. At the very least, the Schwartz firm should explain this discrepancy and the status of the 30 or so cases that neither appear on its list of cases going forward nor have been dismissed or subject to a withdrawal motion. Pfizer respectfully requests that this Court order the Schwartz firm to submit a final list of *all* cases in which it expects to continue representation and immediately dismiss or withdraw from representation of all other cases.

---

[3] In the case of Plaintiff Gilbow, Pfizer's counsel flew to Arkansas twice to take her deposition, but she never appeared. Plaintiffs Deleon, Boltin, Calvert, and Lemacks have actually been deposed. Plaintiff Carpenter's deposition was also scheduled, but was canceled before it took place.

## II. The Court Should Deny The Schwartz Firm's Motion To Withdraw And Dismiss The 8 Cases Subject To The Motion With Prejudice

After more than 4 years of litigation, Plaintiffs' counsel have determined that "each of [the 8 cases listed in the motion] lack sufficient merit for further . . . prosecution, jury trial and/or appeals." (Schwartz Mot. to Withdraw [3345].) The Schwartz firm explicitly concedes that there is no basis to pursue Plaintiffs' claims under Federal Rule of Civil Procedure 11. (*Id.*) Yet, instead of seeking to dismiss these cases outright, the Schwartz firm now requests to withdraw from representation, while allowing these admittedly meritless cases to remain on the Court's docket and be pursued by other "referring attorney[s]." Such a result would be directly contrary to Rule 11 and the policy behind that rule. At a minimum, the Court should strike the pleadings of these Plaintiffs for lack of an attestation that the conditions of Rule 11(b) are satisfied. *See* Fed. R. Civ. P. 11(a) (providing that "[t]he court must strike" any pleading not supported by a Rule 11 certification); *see also id.*, advisory committee notes (explaining that "a litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit").[4] Any action short of dismissal of these 8 cases with prejudice would continue to disrupt the Court's ability to manage and resolve this MDL.

Additionally, for the first time, the Schwartz firm proposes that – instead of dismissing these cases outright – it will withdraw only as to its own firm, and defer the cases to other unnamed attorneys, who have not been involved with Pfizer in discovery or participated openly

---

[4] These cases are also no longer in compliance with this Court's Order requiring attorney certifications. (*See* CMO & Order Re: Mots. to Withdraw [949], at 2-3.) As the Court has previously explained, its certification requirement was designed "to ensure efficient case management," and subsequent motions to withdraw after the December 20, 2007 deadline would "raise serious potential Rule 11 or 28 U.S.C. § 1927 issues that may well lead to the imposition of costs, fees or sanctions" and "interfer[e] with the expeditious management and resolution of this MDL." (*Id.* at 3.) Indeed, considering that the requisite investigation shows that these cases lack merit, it is possible that some, or perhaps each of them, should have been dismissed prior to December 20, 2007 – and before the parties incurred the costs of taking certain of these Plaintiffs' depositions – in accordance with the Court's Certification Order.

in this MDL in any way. These other attorneys will then presumably decide whether to pursue, dismiss, or withdraw from these cases, adding another step in this already drawn out process. The Schwartz firm does not even disclose to the Court the identity of the "referring attorney[s]" alluded to in its motion.

Regardless, the Schwartz firm has retracted and repudiated its Rule 11 certifications and submissions pursuant to this Court's Certification Order in representing to this Court that there is no basis for these claims to go forward. Plaintiffs' meritless claims, therefore, cannot be allowed to proceed.

WHEREFORE, Defendants respectfully request that the Court enter an order dismissing with prejudice the 8 cases listed in the Schwartz firm's Motion to Withdraw as Lead Counsel [3345], requiring the Schwartz firm to submit a final list of *all* cases in which it has a present intention to continue representation, and requiring the Schwartz firm to immediately dismiss or withdraw from representation of all other pending cases.

Dated: March 17, 2011

           Respectfully submitted,

           SKADDEN, ARPS, SLATE, MEAGHER
            & FLOM LLP

           By: /s/ Mark S. Cheffo
             Mark S. Cheffo

           Four Times Square
           New York, NY 10036
           Tel: (212) 735-3000
           Mark.Cheffo@skadden.com

           -and-

ROPES & GRAY LLP

By: /s/ Ana M. Francisco
    Ana M. Francisco
    BBO # 564346

Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Ana.Francisco@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 17, 2011.

/s/ Ana. M. Francisco
Ana M. Francisco