UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS ORDER RELATES TO:<br>ALL PRODUCTS LIABILITY ACTIONS | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

ORDER ON PENDING SCHEDULING AND DISCOVERY MOTIONS

March 21, 2011

SOROKIN, M.J.

   1. Schwartz Law Firm Cases

   At a status conference and hearing presided over by both Judge Saris and the undersigned, counsel from the Schwartz law firm represented that they "will be reducing [their] number [of products liability cases] from eighty anywhere down to thirty-five to forty cases." While Counsel requested "thirty to sixty days to finalize the list" counsel also indicated that they knew of at least ten to fifteen cases that were going to be dismissed. Transcript of February 11, 2011 Conference. Orally, the Court ordered counsel to dismiss those cases by "Monday" which was February 14th. Id. Shortly after the hearing on February 11th the Court Ordered counsel (1) to file by February 14th a list of the cases "it now knows it intends to dismiss" and (2) by March 11, 2011 a list of all the other cases in which it intends to dismiss or withdraw. Docket #3287.

   The Schwartz law firm failed to comply with the Court's Order to file the first list on February 14, 2011. On February 17, 2011, defendants' filed a motion to compel. Docket #3298. The time for filing a response to this motion has run. The Schwartz law firm has failed to file a

response to it, failed to seek leave for more time to respond and failed to file the list that the Court Ordered it file by February 14, 2011.  Accordingly, the Motion to Compel (#3298) is ALLOWED.

The Schwartz law firm also failed to comply with the Court's Order to file the second list on March 11, 2011.  On March 14, 2011, defendants filed a motion to comply compliance with this aspect of the Court's Order. Docket #3339.  On March 15, 2011, the Schwartz Law firm, on behalf of one client, requested dismissal of her claims (#3344 regarding Plaintiff Gilbow).  Also, on March 15, the Schwartz Law firm sought leave to withdraw from representation of plaintiff Gilbow and seven other plaintiffs (#3345).  If the March 15, 2011 filings are the Schwartz law firms filings in response to the Court's February 11, 2011 Order, the filings are substantially different, without explanation, than the representations made to the Court.  In light of the foregoing, and pursuant to the allowance of the first noted motion to compel the Court hereby orders that by March 25, 2011 the Schwartz law firm: (1) file the list(s) required by the February 11, 2011 Order or explain the discrepancies between its representations to the Court and the untimely filings it made; (2) respond to the pending motion to comply by March 25, 2011; and (3) show cause why the Court should not impose sanctions, e.g. monetary fines or dismissal, for failure to comply with the Court's Orders.

2. Other Motions

The Motions to Clarify (Docket #3269 & Docket #3350) regarding the generic defendants are ALLOWED.

The Court has reviewed the papers regarding Pro Se Plaintiff Teater's  Motion to Show Cause (Docket #3324) and the defendant's opposition.  The Court notes that both the misspelling

of the plaintiff's first name and the old address used by defendant earlier in this litigation are not matters for an order to show cause. Defendants promptly corrected both upon receiving the appropriate notice and the Court reminds the Plaintiff that she bears the obligation of updating her current address information with the Court so that the docket lists her correct address. The Court has considered these issues and the other issues raised in the Motion; the Motion is DENIED.

    3. Conclusion

    The Motion to Compel (#3298) is ALLOWED.

    The Court hereby orders that by March 25, 2011 the Schwartz law firm: (1) file the list(s) required by the February 11, 2011 Order or explain the discrepancies between its representations to the Court and the untimely filings it made; (2) respond to the pending motion to comply by March 25, 2011; and (3) show cause why the Court should not impose sanctions, e.g. monetary fines or dismissal, for failure to comply with the Court's Orders.

    The Motions to Clarify (Docket #3269 & Docket #3350) regarding the generic defendants are ALLOWED.

    The Motion to Show Cause (Docket #3324 ) is DENIED.

                                     SO ORDERED.

                                     /s/ Leo T. Sorokin
                                   LEO T. SOROKIN
                                   UNITED STATES MAGISTRATE JUDGE