UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: | Master File No. 04-10981 |
| KAISER FOUNDATION HEALTH PLAN, et al. v. PFIZER INC., 04 CV 10739 (PBS) | Judge Patti B. Saris |
| | Magistrate Judge Leo T. Sorokin |

**DEFENDANTS' MOTION FOR NEW TRIAL AND TO RE-OPEN EVIDENCE OR, ALTERNATIVELY, TO ALTER OR AMEND JUDGMENT**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer" or "Defendants"), pursuant to Federal Rule of Civil Procedure 59, hereby make this Motion for New Trial and to Re-Open Evidence or, Alternatively, to Alter or Amend Judgment

For the reasons set forth in Defendants' contemporaneously filed Renewed Motion for Judgment as a Matter of Law and Motion for Amended and Additional Findings, Defendants respectfully request that judgment be entered in their favor and that the Court enter amended Findings of Fact and Conclusions of Law. As alternative or additional relief, Defendants seek a new trial and/or modification of the judgment in order to correct the numerous errors described in Defendants' memoranda submitted in support of such motions, including, without limitation, the erroneous admission of Prof. Rosenthal's and Dr. Hartman's testimony and the erroneous inclusion of prescriptions written by Permanente Medical Groups as to which insufficient evidence was offered, as well as prescriptions paid for by non-party subsidiaries of Kaiser Foundation Health Plan. Defendants also request that Plaintiffs be required to remit any damages awarded by the jury, and trebled by this Court, in excess of that supported by the evidence.

Additional grounds for this motion are set forth in the accompanying memorandum filed herewith. As set forth therein, Plaintiffs were allowed to belatedly plug a significant gap in their RICO case by means of a massive document dump – proffering several large binders filled with scores of cherry-picked documents that, for the most part, were not accompanied by any

competent witness testimony, context, or opportunity for cross-examination.  In lieu of testimony from knowledgeable witnesses, the jury was required to speculate regarding the significance of binders of documents, with only the aid of sticky notes.  Presenting these documents to the jury without testimony from a knowledgeable witness ensured that any probative value these exhibits may otherwise possess was substantially outweighed by the risk of jury confusion and undue prejudice to Defendants.  In addition to lacking foundation, the documents were irrelevant because they had no nexus with the claims asserted by Plaintiffs or the alleged predicate acts and enterprise under RICO.

A new trial is also required to correct the following evidentiary errors:

(1)  Plaintiffs were allowed to introduce evidence regarding a purported MAC Enterprise, which had never been pled.

(2)  Plaintiffs were allowed to introduce evidence of Warner-Lambert's guilty plea and related government investigations or agreements over the objection of Defendants.  Such evidence was irrelevant and unduly prejudicial, and its introduction resulted in a denial of Defendants' due process rights.

(3)  Plaintiffs were allowed to introduce Exhibit PX479 over Defendants' objections, PX479.  This email, which pre-dated the merger between Pfizer and Warner-Lambert was not relevant to the issues in this case and unduly prejudicial.

(4)  The Court erroneously excluded certain relevant impeachment testimony from Plaintiffs' expert Dr. Hartman, as set out in Defendants' Offer of Proof [2647 & 2648].

(5)  The Court erroneously admitted the testimony of Dr. David Franklin, who had no knowledge of activities in the geographic area where Plaintiffs operate and during the relevant time frames.  As a result, his testimony was irrelevant and unduly prejudicial and should have been excluded.

(6)  The Court erroneously admitted the testimony of Dr. Curt Furberg over Defendants' objections.  Plaintiffs' allegations concern Neurontin's efficacy for off-label conditions, not any alleged risks of Neurontin.  As a result, the testimony of Dr. Furberg was irrelevant and unduly

prejudicial and should have been excluded.

(7) The Court erroneously admitted the testimony of Dr. John Abramson over Defendants' objections. Dr. Abramson's opinions were not reasonably related to the facts of this case or the elements of Plaintiffs' claims, relied upon unfounded assumptions and speculation, did not employ any proper methodology and improperly invaded the province of the jury by summarizing and weighing the evidence. In addition, Dr. Abramson was improperly allowed to provide opinions regarding efficacy beyond the scope of his expertise and his report.

(8) The Court erroneously excluded evidence and argument regarding premiums charged by Kaiser Foundation Health Plan, even through such evidence was directly relevant to Plaintiffs' claims of injury.

(9) The Court erroneously excluded relevant testimony from Albert Carver as set out in Defendants' Offer of Proof [2737].

A new trial is also required to correct the erroneous denial of Defendants' Motion to Transfer Venue [2194]. Failure to transfer venue prejudiced Defendants by denying them access to certain witnesses beyond the subpoena power of the Court. In addition, allowing Plaintiffs to file in an inconvenient forum, only to deny Defendants' motion for transfer pursuant to 28 U.S.C. § 1404, permitted Plaintiffs to circumvent *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

Defendants also seek a new trial so that the evidence can be re-opened to allow introduction of a newly published meta-analysis by the Cochrane Group.[1]  This new evidence, not previously available, demonstrates that the Cochrane Group has now considered all allegedly withheld information and still concludes that "gabapentin provides pain relief of a high level in about a third of people who take it for painful neuropathic pain," and "is associated with a moderate benefit (equivalent to at least 30% pain relief) in almost one in two patients."  (*See* 2011 Cochrane Review, attached hereto as Exh. A.)

---

[1] To the extent Defendants' request that the evidence be re-opened is governed by Rule 60 rather than Rule 59, Defendants also bring this motion pursuant to Rule 60.

WHEREFORE, Defendants respectfully request that the Court grant this Motion for New Trial and to Re-Open Evidence or, Alternatively, to Alter or Amend Judgment.

| | |
|---|---|
| Dated: March 22, 2011 | Respectfully submitted, |
| | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | By:  /s/ Mark S. Cheffo<br>        Mark S. Cheffo |
| | Four Times Square<br>New York, NY 10036<br>Tel:  (212) 735-3000<br>Email:  Mark.Cheffo@skadden.com |

CERTIFICATE OF CONSULTATION

I hereby certify that counsel have conferred in a good faith attempt to narrow or resolve the issues presented by this motion but have been unable to do so.

/s/ Katherine Armstrong
Katherine Armstrong

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:  /s/ Raoul D. Kennedy
        Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel:  (415) 984-6400
Email:  Raoul.Kennedy@skadden.com

WHEELER TRIGG O'DONNELL LLP

By:  /s/ James E. Hooper
        James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel:  (303) 244-1800
Email:  hooper@wtotrial.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 22, 2011.

/s/ Mark S. Cheffo
Mark S. Cheffo