UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: | Master File No. 04-10981 |
| KAISER FOUNDATION HEALTH PLAN, et al. v. PFIZER INC., 04 CV 10739 (PBS) | Judge Patti B. Saris |
| | Magistrate Judge Leo T. Sorokin |

## DEFENDANTS' MOTION FOR AMENDED AND ADDITIONAL FINDINGS

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer" or "Defendants"), respectfully move, pursuant to Rule 52(b) of the Federal Rules of Civil Procedure, for amendments and additions to the Court's Findings of Fact and Conclusions of Law [3120] ("Findings").

Defendants hereby incorporate their Proposed Findings of Fact [2808-1], Proposed Conclusions of Law [2808-2], Response to Plaintiffs' Proposed Findings of Fact [2815], and Response to Plaintiffs' Proposed Conclusions of Law [2816].  For the reasons stated therein, Defendants request that the Court amend its findings and conclusions to conform to Defendants' Proposed Findings of Fact and Conclusions of Law.  Defendants further incorporate the arguments set forth in support of their concurrently-filed Renewed Motion for Judgment as a Matter of Law, Motion for New Trial, and supporting memoranda.

As set forth more fully in Pfizer's accompanying Memorandum of Points and Authorities, additional grounds for this motion are as follows:  First, the Court's Findings misstate the evidence regarding Plaintiffs' corporate structure and relation to non-parties' P&T Committees and formularies.  Second, the Court's Findings regarding the purported "marketing fraud" relate to conduct with no nexus to Plaintiffs' claims.  Third, the Court's Findings do not adequately address Plaintiffs' admissions regarding Neurontin's effectiveness.  Fourth, the Court's causation findings are based on speculative inferences that were contradicted by the evidence.  Fifth, the Court applied the wrong standard to questions of inefficacy and injury.

Sixth, the Court's Findings misstate the evidence regarding Neurontin use by patients with bipolar disorder.  Seventh, other evidence cited by the Court was inadmissible or otherwise failed to provide a legally sufficient basis for the Court's Findings.  Such evidence includes: (a) opinion testimony of Prof. Rosenthal and Dr. Hartman; (b) Warner-Lambert's guilty plea and related government investigations or agreements; (c) July 21, 1999, email from Christopher Wohlberg; (d) testimony of David Franklin and related evidence; and (e) testimony from Dr. Curt Furberg and related evidence.

The Court's Conclusions of Law should also be amended.  First, its conclusions regarding violation of the UCL, causation, reliance and injury reflect its misallocation of the burden of proof, admission of erroneous evidence and erroneous factual findings.  Second, the Court's conclusions regarding standing and choice of law did not account for the corporate separateness of the non-party Kaiser health plans.  Third, the Court's conclusions regarding quantification of prescriptions and the amount of restitution rely upon the flawed testimony of Prof. Rosenthal and Dr. Hartman, which should have been excluded.  Fourth, the amount of restitution is excessive because it includes amounts that could have been avoided by KFHP with reasonable effort.  Fifth, the Court erroneously awarded prejudgment interest, contrary to California law.  Sixth,  the Court incorrectly concluded that Plaintiffs' statute of limitations was tolled by the filing of other class actions, was subject to the discovery rule and was tolled by fraudulent concealment.

WHEREFORE, Defendants respectfully request that the Court amend and make additions to its Findings of Fact and Conclusions of Law.

Dated: March 22, 2011

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:    /s/ Mark S. Cheffo
       Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000
Email:  Mark.Cheffo@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:    /s/ Raoul D. Kennedy
       Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel:  (415) 984-6400
Email:  Raoul.Kennedy@skadden.com

WHEELER TRIGG O'DONNELL LLP

By:    /s/ James E. Hooper
       James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel:  (303) 244-1800
Email:  hooper@wtotrial.com

*Attorneys for Defendants Pfizer Inc and*
*Warner-Lambert Company LLC*

---

### CERTIFICATE OF CONSULTATION

    I hereby certify that counsel have conferred in a good faith attempt to narrow or resolve the issues presented by this motion but have been unable to do so.

           /s/ Katherine Armstrong
           Katherine Armstrong

---

### CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 22, 2011.

           /s/ Mark S. Cheffo
           Mark S. Cheffo