UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| KAISER FOUNDATION HEALTH PLAN, et al. v. PFIZER INC., 04 CV 10739 (PBS) | Magistrate Judge Leo T. Sorokin |

## DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer" or "Defendants"), pursuant to Federal Rule of Civil Procedure 50(b), hereby make this Renewed Motion for Judgment as a Matter of Law.

For the reasons set forth in Defendants prior motions made pursuant to Federal Rule of Civil Procedure 50(a), Plaintiffs failed to present sufficient evidence to provide a legally sufficient evidentiary basis for a reasonable jury to find in their favor on essential elements of their claims. The grounds for this motion are set out in Defendants' Motion for Judgment as a Matter of Law Based Upon Lack of Sufficient Evidence to Prove Conduct of a RICO Enterprise Through a Pattern of Racketeering Activity [2668, 2669], Defendants' Motion for Judgment as a Matter of Law Based Upon Lack of Sufficient Evidence of Injury or Causation [2670, 2671], Defendants' Motion for Judgment as a Matter of Law Based Upon Lack of Sufficient Evidence to Prove Damages [2672, 2673], Defendants' Motion for Judgment as a Matter of Law Based Upon RICO Statute of Limitations [2674, 2675], Defendants' Supplemental Motion for Judgment as a Matter of Law Based Upon Lack of Sufficient Evidence of Injury, Causation or Damages [2740, 2741], and supporting memoranda.

The grounds for this motion are further explained in the accompanying memorandum filed herewith. As set forth therein, Plaintiffs failed to present sufficient evidence to satisfy their burden of proof with respect to several required elements of their claims. More specifically:

(1)     Plaintiffs failed to present sufficient evidence that Neurontin is ineffective in all patients when prescribed for neuropathic pain, bipolar disorder, migraine or when prescribed at doses greater than 1800 mg/day.

(2)     Plaintiffs presented insufficient evidence that their self-selected list of alternative drugs would have been prescribed by physicians in place of Neurontin.

(3)     Plaintiffs relied upon a theory of causation too attenuated to satisfy their burden of proof to establish proximate cause under RICO.

(4)     Plaintiffs presented insufficient evidence of "but for" causation, including for the following reasons:

- Plaintiffs presented no evidence that any Permanente Medical Group other than the Southern California Permanente Medical Group relied upon the conduct or representations at issue to expand formulary access to Neurontin.

- Even as to the Southern California Permanente Medical Group, Plaintiffs' claims that formulary decisions were the result of Defendants' conduct was not supported by the evidence.

- The testimony of Plaintiffs' causation expert, Meredith Rosenthal, was too unreliable to satisfy *Daubert v. Merrell Dow Pharmaceuticals., Inc.*, 509 U.S. 579 (1993), and should have been excluded. Initially, Prof. Rosenthal's opinions were irrelevant to Plaintiffs' claims. Her analysis was not based upon Kaiser data, was not restricted to the indications at issue and did not attempt to measure the relevant conduct. In addition, numerous flaws in her methodology rendered her opinions too unreliable to be probative.

- Plaintiffs presented no other legally sufficient evidence of causation.

(5)     The testimony of Plaintiffs' damages expert, Raymond Hartman, was too unreliable to satisfy *Daubert*, and should have been excluded. Plaintiffs' evidence of damages was too speculative to satisfy their burden of proof.

(6)     Plaintiffs failed to prove either the existence of a RICO enterprise or a nexus between any alleged enterprise and the conduct that allegedly caused their damages.

(7)     Plaintiffs' claims are barred by the statute of limitations.

Insufficiency of the evidence to sustain Plaintiffs' burden as to any one of the above issues requires entry of judgment in Defendants favor.

WHEREFORE, Defendants respectfully request that the Court grant their Renewed Motion for Judgment as a Matter of Law and enter judgment in favor of Defendants

Dated: March 22, 2011

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:   /s/ Mark S. Cheffo
       Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000
Email:  Mark.Cheffo@skadden.com

CERTIFICATE OF CONSULTATION

I hereby certify that counsel have conferred in a good faith attempt to narrow or resolve the issues presented by this motion but have been unable to do so.

/s/ Katherine Armstrong
Katherine Armstrong

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:   /s/ Raoul D. Kennedy
       Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel:  (415) 984-6400
Email:  Raoul.Kennedy@skadden.com

WHEELER TRIGG O'DONNELL LLP

By:   /s/ James E. Hooper
       James E. Hooper

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 22, 2011.

/s/ Mark S. Cheffo
Mark S. Cheffo

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel:  (303) 244-1800
Email:  hooper@wtotrial.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

3