UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:  NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

MDL Docket No. 1629

Master File No. 04-10981

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Judge Patti B. Saris

THIS DOCUMENT RELATES TO:

Magistrate Judge Leo T. Sorokin

*Teresa Teater v. Pfizer Inc,*
Case No. 05-cv-12123

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFFS' RESPONSE TO DEFENDANT PFIZERS' RESPONSE TO PLAINTIFF'S "MOTION TO SHOW CAUSE" AND hereby incoporates This " MOTION FOR INJUNCTIVE RELIEF,PROTECTIVE RELIEF,OR DECLARATORY RELIEF" IN THIS RESPONSE.**

Plaintiff Teater *Pro se,* filed with this Court on February 22nd,2011 a "MOTION TO SHOW CAUSE" against Defendant Pfizer and their Attorney's,Plaintiff Teater *Pro se* filed a serious set of allegations in which was alleged,
that Defendant Pfizer has repeatedly refused to answer the Plaintiffs request forProduction of Answers and Interogitories through a properly mailed set of responsive Interrogatories to Pfizer on Dec 9th,2010 overnight along with the same answer provided as requested by Pfizer of Plaintiff Teater.

Pfizer's response to Plainiffs Motion to Show Cause was to send a letter to Plaintiff Teater MARCH 4TH,2011 and threaten her with Monetary sanctions be placed against Teater for asking the court to Enforce Pfizer to adhere to Federal rules of civil Procedure allowed to Plaintiff through out this whole MDL 1629.

The Misconduct of Pfizer to over and over not respond to requests to work with, provide Interrogatories and discovery by,Phone,by Mail,By email,BY the actual "MOTION TO SHOW CAUSE", is a clear violation of Plaintiff Teater *Pro se* to proceed to trial.
 Along with many other complaints alleged against defendant Pfizer's continued mis- handling of and execution of Orders of this court in violation of Plaintiff Teater Pro se ' civil rights of proper Court procedure in her rights to fairly participate and Move thru this MDL 1629 with both parties having followed all orders and then remanded back to Plaintiff Teaters *Pro se* court of filing.
Rule 26 of federal rules of procedure allows Plaintiff Teater the relief for which pLAINTIFF nOW seeks a "MOTION FOR INJUNCTIVE RELIEF " AND OR "PROTECTIVE AND OR "DECLARATORY JUDGEMENT"

**RULE 26(c) MOTION FOR PROTECTIVE ORDERS states,**
**Rather than merely objecting,a party from whom discovery is sought can file a "motion for a protective order" pursuant to Rule 26(c) of the Federal Rules of Procedure,
that rule in part provides: Upon Motion by a party or by a person from whom discovery is sought,accompanied by a certification that the movant has in good faith conferred
or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown,the court in which the action is pending or alternatively,on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense \*\*\*.**

Plaintiff Teater invokes the **Rule 26 (c)** as a request to the court to Ask the court for a **PROTECTIVE ORDER** granting **INJUNCTIVE RELIEF**, based on all the allegations in the original "Motion TO SHOW CAUSE", and in this Amended Motion to Show Cause, IN THAT defendant Pfizer's response contains evidence of their deliberate admission that they violated Plaintiff Teaters' Civil Rights and lied to the court in writing.

Pfizer attorneys state in their response( on Page 3 )," Plaintiff further complains about Pfizer's meet- and- confer efforts prior to filing the motion. Because the court had ordered Pfizer to file a motion to compel by December 20,(see further scheduling order ( 3141 ), at   3, time was of the essence.

Plaintiff Teater complains here, that her civil rules of procedure allowed by federal rules of civil court procedure were stripped from her in order for Pfizer to please the court.

(Revised Scheduling Order For All Product Liability Cases [3141] at 1-2.)[1] As such, in accordance with this Court's orders and Federal Rule of Civil Procedure 37(a), Teater now seeks to compel full and complete discovery from these Defendants

## ARGUMENT

The Federal Rules of Civil Procedure provide, "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" against a party who fails to answer an interrogatory pursuant to Rule 33 or produce materials requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). For the purposes of this Rule, incomplete responses are treated the same as failures to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). Furthermore, this Court recognized in June 2008:

> The orderly management of this litigation requires the parties to heed the Court's orders and to pursue their claims in a diligent and timely fashion. ... The Court is "free to enforce its discovery rules by ordering compliance, sanctions, or any other appropriate remedy." *Samos Imex Corp. v. Nextel Communications, Inc.*, 194 F.3d 301, 305 (1st Cir. 1999).

(Discovery Order No. 25 [1335] at 5.)

Even though the Defendants provided some responses, these cases cannot proceed upon discovery responses that are incomplete. *See, e.g., Green v. Wells Fargo Home Mortgage, Inc.*, No. 4:07CV01055-WRW, 2008 WL 5423244. at *1 (E.D. Ark. Dec. 23, 2008) (granting motion to compel discovery where party responded to some but not all discovery requests); *John Doe HM v. City of Creve Coeur, Mo.*, No. 4:07CV00946 ERW, 2008 WL 4104558, at *1 (E.D. Mo. Aug. 29, 2008) (granting motion to compel where party untimely provided "wholly inadequate" discovery responses). Based on the materials provided, Teater lacks sufficient

information to prepare a defense, depose witnesses, and conduct further discovery. Thus, this Court should issue an order compelling DEFENDANT PFIZER to provide full and complete responses to PLAINTIFFS discovery requests.

DEFENDANT PFIZER individual deficiencies, which the Court should order them to correct, are explained in detail below.

Plaintiff Teater clearly wants/requests the court to Tell Pfizer that this action is intitled TEATER v PFIZER PHARMACEUTICAL, WARNER LAMBERT, Not Pfizer V JUDGE SARIS OR MAGISTRATE JUDGE SOROKIN. Further more, Plaintiff Teater asks Under 28 USC 2201 to grant a "DECLARATORY JUDGMENT" because serious controversy exists Because Pfizer refuses to answer in whole Properly executed interrogatories sent to Pfizer on Dec 9th,2010 overnight, and ~~and~~ only because of this filing Of the "Motion to show Cause" came forth with 2 mailings of date, that are /were non responsive & pervasively incomplete. Defendant Pfizer is virtually by their very knowing conduct are preventing Plaintiff Teater to Proceed to Trial and the right to a Fair Trial.

Plaintiff Teater clearly wants/requests the court to tell Pfizer they can not lie to the court about their so called attempt to confer with Plaintiff Teater, IN Their "Motion To Compel" of Dec 20Th, 2010. And Plaintiff Teater asks the court to protect Plaintiff Teater from annoyance embarrassment, oppression or undue burden or expense to keep asking the court for my rights to be allowed by Defendants Pfizer and Pfizers intentional indifference toward Plaintiff Teater in this action.

**Rule 4.1 (a)** of the MODEL RULES OF PROFESSIONAL CONDUCT & DISCIPLINARY RULE 1-102 (a) (4) of the model code of Professional Responsibility Prohibit attorneys from knowingly making false statements of Material fact & engaging in misrepresentation.

Plaintiff Teater clearly wants/requests the court to admonish Pfizer for Not allowing Plaintiff Teater to have until Judge Patty Saris Order of DEC 6th,2010 order to respond by January 10th 2011.

Defendant Pfizer's other feeble excuse contradicts their very own argument, your Honor Regarding my address confusion, they replied to the court (ON Page 2) that each party has to file with the clerk of any change of address or Phone number, Which I have pointed out to the court, that Mr. Jack London had filed from his firm for me by **e-file to this court IN January 2009**. He sent me an email with the kind news that he had done so, I responded, and about a week later, that email account was hacked away from me in an Hotmail scam,

Pfizer states In their response to my Motion "they have to go by that clerk filing, but they State they used the last address given to them by the Steering committee on August 2nd, 2010 off a document (3059)

Plaintiff Teater has clearly given the Steering committee and the court Plaintiffs proper address's at all times, It is Plaintiff Teaters ultimate belief, that Defendant Pfizer is suppose to always check with the Clerks Office, the Fact that Pfizer Challenges Plaintiff & The Steering Committee assures Teater constantly that they do not represent Teater, they could have inevrtanly given out an old address, but Teater ultimately Believes it is Pfizer's Responsibility to be accountable for their own Lawsuit actions, and that in Pfizer's Response to Teaters " Motion to Show Cause" , Challenged Teater for using Teaters correct address on Teaters own correspondence to them Pfizer on DECember 9th,2010 over night and again in the last 2 pages hand written in the Margins of the Last Page of Plaintiffs request for Pfizer to Produce Answers and discovery to my Interrogatories to them. And Again went by a document provided from A Steering Committee.

All Pfizer had to do was stop going by the document given them by the Steering committee (whom is not the Clerk or an arm of the clerks office ) and listen to Teater tell them the truth.

Defendant Pfizer quoting Rule 83.5.2 (e) (emphasis added). The address provided for Plaintiff in the

Steering Committee's August 2nd,2010 filing was Plaintiff's last address of record and,therefore Pfizer's argument that notice mailed to that address was adequate under the rules of the court is clearly wrong,and in clear contradiction of the rule 83.5 29 (e).

Pfizer waited until Sept 30th to execute the August 11th, Order (cutting 51 days of evidence collection and answers Plaintiff Teater could of been using ) Pfizer received that miss mailed Oregon mailing back in New York and had to go to another source to resend it to Plaintiff Teaters address in Nebraska, thats the $64,000,000 answer, why didn't they use that source again on December 20th,2010 ?, since they chose to ignore Plaintiff Teaters address staring them in the Face and then turn around and use all the feeble excuses above to turn around again and claim to use the August 11th, ( 3059 ) instrument again to send their Motion to Compel.

Plaintiff Teater isn't buying into that defense, and Plaintiff Teater prays the Court doesn't either,that the court protect Plaintiff Teater from Defendant Pfizer's embarrassing,annoyaning,opressing,and creating undue burden of and or Plaintiffs expenses to keep explaining Plaintiff Teaters allowable civil rights to participate in her own civil action against Pfizer , to Pfizer and the Court

While Pfizer says as a show of good faith they withdrew their "Motion To Compel" On January 10th,2011 (DUE to Plaintiff Teater not even getting the Motion until January 3rd,2011 from Fed ex.) The December 2nd Hearing and Order issued said, "Pro se Plaintiffs had until January 10th 2011 to get those interrogatories in. Plaintiff feels that Pfizer only had to send Plaintiff a letter or emal out- lining Plaintiffs deficiencies and Plaintiff would have corrected them By January 10th,2011.Or called the Phone number on file for Plaintiff Teater that she has had since 2008 in Oregon with a Nebraska area code bought by Plaintiffs Daughter and sent to Plaintiff as part of a family plan service.That # always was on file with clerks office. 402-880-5870.

Instead Plaintiff got a confusing email from Steering Committee Attorney Jack London saying Pro se teater had to get answers to Pfizer by December 10th,2010,so Plaintiff believe Plaintiff too fell for another typo from the Steering Committee and had Pfizer whom also **Continues to Disobeyed that Order issued on DECember 2nd,2010** had they have sent me a copy of it as it is ordered to do so, and that still has not been done and to the address they used on their November 1st mailing,this action would not be pending a decision from a Judge.

Just like **Pfizer continues to disobey a Feb 4th 2011 Order** to re-mail Plaintiff Pro se a 3174 Document that the court ordered resent.

Plaintiff Teater is pretty sure that the court meant for the Defendants to mail orders and not the steering Committee.

Plaintiff does not mail her responses to the Steering Committee to forward to Defendant Pfizer. though they have been allowed to read them as a matter of Plaintiffs proof of service from time to time.

Defendant Pfizer states on Page 4 That Plaintiff Teater complains that her Name Teresa has been spelled wrong as Theresa in Sept and November 1st Mailings, that in part is true,

but they served documents to the court with Plaintiff Teaters Name spelled Theresa Treater,Plaintiff Teater contends she has outlined this compliant in writing to the steering committee in writing and verbally, as far back as July of 2010,this is not a trivial and inconsequential error as Defendant is trying to lead the court to believe,And Plaintiff Teater is Not Harassing Defendant Pfizer to properly Address Plaintiff Teater and **Plaintiff Teater objects**
to Pfizer stating," that she is wasting judicial resourses" and Plaintiff Teaters asks the court to admonish Pfizer for the disresepect in all the above treatment BY Defendant Pfizer and for repeatedly
Throwing the rules of Civil Federal Procedure and Plaintiff Teaters rights Under the Bus.

Defendant states," that Plaintiff Teaters Vague & inaccurately claims that Pfizer disclosed confidential information in association with its "Motion To ComPel" on dec 20th,2010 however the Motion and the accompanying memorandum contained no such confidential information",

Plaintiff attests to the court that she believes that is not true, Teater is quoting page,#5 of the arguement

contained in Pfizer's Prelimary Statement,PFizer shared with Plaintiff Teater,

"**Faith Renee Ford**", Pfizer states (# 8,9) Pro se Ford failed to state whom performed her psychiatric treatment and the dates & # 10 Her paternal Grandfather whom committed sucide & the reason & his name & details & dates regarding her own suicide attempts,

"**Besty Miller**" on Page 6, Pfizer discusses Besty, But clearly typed instead, that "**Ms.Ford** has only provided 102 pages of documents & not produced authorizations,

Plaintiff "**Teresa Teater** Page, 7 & 8, Pfizer clearly stated each and every question Plaintiff Teater had not answered to their staisfaction including but not limited to # 11 in which Plaintiff had a one week stay at a Hospital,and my use of Neurontion,and made reference that Plaintiff teater had not supplied proof of of her Mental illness.And of the names of the healthcare providers whom provided care to Plaiintiff during the relevant time.

"**Keith Edwards**" Pfizer disclose his incarceration of his October 20th,1988 his use of Marijunia and Cocaine use,Refer to his treatment programs(referring to a" host of other interralated crimninal thinking & behavior programs")

Plaintiff Teater lends the above to the court as evidence of Pfizer sharing Pro se's private Hippa Protected info and sharing Plaintiff Teaters protected Hippa info with other Pro se's in their argument portain of their Memorandum in Support of the "Motion To Show Cause", while they withdrew their Motion, They could not retrieve The Hippa info they had given out to the 5 Pro se's.
Plaintiff Teater prays that the Court will admonish, make Teater whole again in that the Court makes/fines Pfizer for Embarrassesing Plaintiff to other pro se's ,and from opression of Plaintiffs rights by Pfizer and causing continued undue burden and expense of bringing this to the court.

Defendant PFIZER also contends they dont undertand why I added their name and their medical liasion on to the Contract of Confidelity agreement,I read the contract that Judge Saris issued and bound parties to on document 744 on 05/08/2007,It does not have current PFizer Attorneys listed on it nor current Pfizer Medical liasion, and I would just be signing a document with Ex Defendant Attorneys no longer on this order, and according to the order,#10 says: Preservation of Rights and Privileges.
" Nothing contained in this order shall affect the right,if any,of any party or witness to make any other type of objection,
claim,or other response to discovery requests,including without limitation,interrogatories,request for admissions,requests
for productions of documents or questions at a deposition. Nor shall this order be construed as a waiver by any party of any
legally cognizable privilege to withhold any Confidential Information,or of any right which any party may have to assert such
privilege at any state of this litigation."
Pfizer ? sent it to me and asked me to sign it, why would I sign a contract with someone whose attorney was not a party too? If I had an attorney, he'd have to advise me and we both would have to sign it.
And defendant Pfizer is also in violation of # 10 of that very contract , withholding information necessary to my Needs to go to Trial against them and I wasnt sure if current Pfizer Attorneys were bound to this, just because they recieved a copy.
I cant sign a blank contract and hope it applies to someone whom comes along.Example arguement,I cant ask a total stranger to hop onto my Car payment and hope hes going to make Payments.

Defendant are also asking the court to Consider remedies to Curb Plaintiff's increasingly abusive behavior and language when interacting with consel, Plaintiff deny's that activity, Teater does admit frustration in getting the proper due process form Defendants, and admits being very direct, a bit terse in trying to get Pfizer to cooperate within the boundries of civil court procedure,

But has never used profanity, Plaintiff is very aware of the Judicial Process and its privaliage, and it just trying to get those privaliage's to apply to her thru out this process, and has been unable to do so and BECAUSE DEFENDANT PFIZER STATES IN THEIR RESPONSE THAT PLAINTIFF HAS NOT USED PROPER PLEADINGS OR CLAIMS ,PLAINTIFF TEATER there for is now, asking this Court to Merge this amended "MOTION TO GRANT PROTECTIVE RELIEF AND INJUNCTIVE RELIEF AND DECLARATORY JUDGEMENT, AND RESPONSE TO PFIZERS RESPONSE TO PLAINTIFF TEATERS MOTION TO SHOW CAUSE " with the Feb 22nd,2011 "Motion to SHOW CAUSE"AND to grant Plaintiff Teater Both Protective and Injunctive Relief & or a Declaratory Judgement to be determed by the court To Protect Plaintiff Teaters rights pertaining to all these allegations.

Defendant Pfizer has continued an attitude of "intentional indifference" toward Plaintiff Teater and Plaintiff Teater prays for the above relief and or what the Judge would deem fair.

At this point, Plaintiff Teater could not proceed to trial if sent back to The U.S. District Courts in Oregon at the end of March 2011.

Respectfully requested, March 21,ST, 2011
Teresa Teater Plaintiff.

Plaintiff TERESA TEATER

Teresa Teater *Pro se*
5427 N. 109th Plz #1114
Omaha, Ne 68164          teater5@live.com   402.880.5870
Mailed by U.S. Mail to the Courts on March 21st,2011 , regular mail to defendant Pfizer on March 21st,2011.

**THIS CERTIFY'S PLAINTIFF TEATER HAS MAILED AND SERVED UPON DEFENDANT PFIZER AND U.S. DISTRICT MAGISTRATE JUDGE LEO T. SOROKIN A "CORRECTED" RESPONSE TO PFIZER'S RESPONSE TO PLAINTIFF'S TEATER "MOTION TO SHOW CAUSE"AND MOTION TO GRANT PROTECTIVE RELIEF AND INJUNCTIVE RELIEF,AND DECLARATORY JUDGEMENT.**

**CORRECTED AND REMAILED** on **MARCH 23RD,2011** WITH THE WORDS **"MOTION TO COMPEL" STRICKEN** FROM THE 5TH SENTENCE FROM THE BOTTOM IN 2 PLACES AND **REPLACED** WITH,"MOTION TO GRANT PROTECTIVE RELIEF AND INJUNCTIVE RELIEF AND DECLARATORY JUDGEMENT AND RESPONSE TO PFIZERS RESPONSE TO PLAINTIFF TEATERS "MOTION TO SHOW CAUSE"

SIGNED BY PLAINTIFF TEATER _Teresa Teater_          MARCH 23rd,2011.
TERESA TEATER *PRO SE*     PLAINTIFF TERESA TEATER
5427 N.109TH PLZ #1114
OMAHA NEBRASKA,68164          TEATER5@LIVE.COM     402-880-5870

**CERTIFICUTE OF SERVICE**

I certify that on this _24th_ Day of _March_, 2011, I have served upon _U.S. District Magistrate Judge Leo T. Sorokin_ a copy _"Corected" Wording Last Page, Last Paragraph of Plaintiff's Response, To Defendant's Response of Plaintiff's Motion to Show Cause,_ of the _Request for Protective & Injunctive Declaratory Judg._ RE: The Neurontin Marketing and Sales Practice Litigation. MDL 1629.

It was sent by first class u.s. mail, postage prepaid upon,

To: U.S. District Magistrate Judge Leo T. Sorokin
1 Court House Way
Boston, Massachusetts
02210

Corrected
LAST PAGE
LAST 2 PARAGRAPHS

By Teresa E.A. Teater *Pro se*
5427 N. 109th Plz #1114
Omaha, Nebraska 68164     teater5@live.com     402.880.5870.

_Teresa Teater_
PLAINTIFF TEATER PRO SE