UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |
| THIS DOCUMENT RELATES TO:<br><br>FAITH FORD<br>*Leroy Anderson, et al. v. Pfizer Inc, 05-cv-10835*<br><br>BETSY LINDLEY MILLER<br>*Jesse Allen, et al. v. Pfizer Inc, 07-cv-11795* | Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO ADEQUATELY RESPOND TO DISCOVERY**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this memorandum in support of their Motion to Dismiss in accordance with this Court's December 6, 2010 and February 4, 2011 Orders and Federal Rule of Civil Procedure 37(b)(2)(A). This memorandum relates to *pro se* Plaintiffs Faith Ford and Betsy Lindley Miller, each of whom is also listed in Defendants' accompanying Motion to Dismiss.

**ARGUMENT**

Both Plaintiffs subject to the underlying motion are currently proceeding *pro se*. While this litigation has been ongoing for many years, these Plaintiffs have failed to comply with their discovery obligations under the Federal Rules of Civil Procedure, and with the orders of this Court.

Plaintiffs Ford and Miller were previously represented by the Boone Law Firm, but that firm moved to withdraw as their counsel on August 18, 2010, because of "irreconcilable differences," and because Plaintiffs had not kept their counsel "informed of [their] new address[es] nor [had they] timely returned and/or completed adequate medical provider list or accurate medical authorizations." [3039, 3042.] Plaintiffs Ford and Miller had previously

provided to Pfizer some form of discovery responses while represented by the Boone Law Firm, but those responses and materials were largely incomplete and inadequate.

On August 11, 2010, this Court ordered that Defendants serve upon all *pro se* Plaintiffs

> (a) a copy of the template discovery to complete; (b) blank medical authorizations to be filled in by the pro se Plaintiff; (c) a blank form on which the pro se Plaintiff must list the name, address and contact information for each healthcare provider during the relevant period; (d) a document for listing the date of the alleged injury; and (e), if applicable, the death certificate and letters testamentary.

(*Pro Se* Products Cases Discovery Order [3026] at 1.) *Pro se* Plaintiffs were required to produce outstanding materials, if any, by November 30, 2010, and the Court noted that failure to meet this deadline "may result in the dismissal of a Plaintiff's case." (*See id*. at 2.) In accordance with that Order, Defendants served outstanding template discovery materials upon the *pro se* Plaintiffs, including Plaintiffs Ford and Miller, on September 30, 2010. (*See* Ex. A, Sept. 30, 2010 cover letter sent to Plaintiff Faith Ford; Ex. B, Sept. 30, 2010 cover letter sent to Plaintiff Betsy Lindley Miller.)[1] Mail sent to Plaintiff Ford has been returned as undeliverable, however, and Defendants have not received any updated address information for this Plaintiff. (*See, e.g.,* Ex. C, returned mail addressed to Ford.)[2] The Court's August 11, 2010 Order required these Plaintiffs to produce responses to template discovery by November 30, 2010, but Defendants have not received any response and, as noted above, have been unable to reach Plaintiff Ford by mail.

On December 6, 2010, this Court issued the following ruling with regard to *pro se* Plaintiffs:

> By December 10, 2010, defendants shall serve the attached pro se discovery upon any pro se plaintiff they contend has failed to produce the template. Regarding those pro se plaintiffs the Defendants contend made non-compliant or inadequate discovery responses, Defendants may file motions to compel by December 20,

---

[1] All exhibits are attached to the accompanying Declaration of Catherine B. Stevens.

[2] Plaintiffs "appearing pro se [are] under a continuing duty to notify the clerk of any change of address and telephone number" under United States District Court for the District of Massachusetts Local Rule 85.5.2(e).

2

> 2010. A failure to comply with any order compelling further disclosure may result in sanctions and/or dismissal of the case for failure to comply with the Court's Orders, failure to prosecute and/or as a sanction.

(Revised Scheduling Order for All Product Liability Cases [3141] at 1-2.) On December 20, 2010, Defendants moved to compel production of complete and adequate discovery responses from Plaintiffs Ford and Miller, among others. (*See* Mot. to Compel Complete Discovery Responses [3172].)[3] On February 4, 2011, the Court granted Defendants' unopposed motion to compel, ordering that Plaintiffs Ford and Miller supplement their discovery responses by February 28, 2011. (*See* Order Regarding Pending Discovery Motions [3277] at 2.) The Court also warned that "[t]he failure of any Plaintiff to serve in a timely fashion full and complete discovery responses may result in DISMISSAL of his or her lawsuit." (*Id.*) In compliance with that Order, Defendants served Plaintiffs Ford and Miller with a copy of the Order. (*See* Ex. F, Certificate of Service). Mail sent to Plaintiff Ford was returned as undeliverable, (*see* Ex. G, returned mail addressed to Plaintiff Ford), and Defendants did not receive a response from Plaintiff Miller.

Despite the Court's Order granting Defendants' motion to compel, Defendants have not received any supplemental discovery in support of these Plaintiffs' cases. In the case of Plaintiff Ford, she has also failed to provide a valid mailing address that Defendants can use to contact her. The failure of these Plaintiffs to provide complete and adequate discovery, to comply with the orders of this Court, keep in touch with the Court and the parties, monitor the progress of their litigation, or advise the Court and the parties of their current contact information demonstrates their lack of diligence in prosecuting their claims. The Court should not be burdened with such cases on its docket, and their claims should be dismissed with prejudice for failure to produce discovery, failure to comply with the orders of this Court, and for want of prosecution.

---

[3] While Defendants attempted to serve their motion on both Plaintiffs Ford and Miller, the packages sent to both Plaintiffs were returned undelivered. (*See* Ex. D, returned package addressed to Plaintiff Ford; Ex. E, returned package addressed to Plaintiff Miller.)

3

Dismissal is appropriate under the Federal Rules of Civil Procedure. When plaintiffs fail to comply with a court order or fail to cooperate in discovery, their claims may be dismissed. *See* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b); *see also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778, 2781 (1976) (per curiam) (observing that dismissal for failure to timely answer written interrogatories "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent"). In the First Circuit, it is well-settled that a plaintiff's failure to comply with a discovery order provides adequate grounds for ordering a dismissal with prejudice. *See, e.g.*, *Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este*, 456 F.3d 272, 275 (1st Cir. 2006) ("[F]ederal courts possess wide-ranging power to sanction parties who repeatedly balk at complying with court-imposed deadlines . . . [including] case-management orders."); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus warrants dismissal).").

Dismissal is particularly appropriate in the MDL context, where the importance of case management is paramount.[4] As this Court recognized in June 2008:

> The orderly management of this litigation requires the parties to heed the Court's orders and to pursue their claims in a diligent and timely fashion. . . . The Court is "free to enforce its discovery rules by ordering compliance, sanctions, or any other appropriate remedy." *Samos Imex Corp. v. Nextel Communications, Inc.*, 194 F.3d 301, 305 (1st Cir. 1999).

(Discovery Order No. 25 [1335] at 5.) Due to these Plaintiffs' clear non-compliance with the Court's February 4, 2011 Order, Defendants respectfully request that this Court dismiss the

---

[4] *See In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1222 (9th Cir. 2006); *In re: Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2008). MDL courts frequently dismiss the claims of plaintiffs who fail to give proper accord to discovery mandates. *See, e.g.*, *In re: Fosamax Prods. Liab. Litig.*, No. 1:08-cv-04901-JFK, 2009 WL 105502 (S.D.N.Y. Jan. 12, 2009); *In re: Baycol Prods. Litig.*, MDL No. 1431 (MJD/SRN), 2007 WL 2744459 (D. Minn. Sept. 17, 2007); *In re: Rezulin Prods. Liab. Litig.*, MDL No. 1348, No. 03-cv-1756, 2004 WL 1700618 (S.D.N.Y. July 27, 2004).

claims of Plaintiffs Ford and Miller, identified in Defendants' accompanying Motion to Dismiss, for their failure to comply with discovery orders.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the claims of Plaintiffs Faith Ford and Betsy Lindley Miller be dismissed with prejudice.

Dated: March 30, 2011

Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

ROPES & GRAY LLP

By: /s/ Lisa M. Ropple
Lisa M. Ropple
BBO #555401

Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Email: lisa.ropple@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 30, 2011.

/s/ Lisa M. Ropple
Lisa M. Ropple