UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br>*Anderson, et al v. Pfizer, Inc., et al*, No. 06-11024-PBS;<br>*Accetullo, et al. v. Pfizer, Inc., et al.*, No. 06-10912-PBS;<br>*Brewster, et al. v. Pfizer Inc., et al.*, No. 06-11022-PBS;<br>*Girard, et al. v. Pfizer Inc., et al.*, No. 06-11023-PBS. | Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |

**MEMORANDUM IN SUPPORT OF MOTION TO IMPOSE SANCTIONS AND AWARD OTHER RELIEF DUE TO THE SCHWARTZ FIRM'S FAILURE TO COMPLY WITH COURT ORDERS**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this Memorandum in Support of their Motion for Sanctions and Other Relief due to the repeated failures of the Law Offices of Newton B. Schwartz ("the Schwartz firm") to comply with this Court's Orders. Sanctions are appropriate because the Schwartz firm has failed, by March 25, 2011, as ordered by this Court on March 21, 2011, to: (1) file the list(s) required by the Court's February 11, 2011 Order or explain the discrepancies between its representations to the Court and the untimely filings it made; (2) respond to Defendants' pending motion to compel compliance with that Order; and (3) show cause why the Court should not impose sanctions, *e.g.* monetary fines or dismissal, for failure to comply with the Court's Orders. (*See* Order on Pending Scheduling and Discovery Motions [3358] at 3.)

For several months now, the Schwartz firm, which still represents 83 Plaintiffs in this MDL, has repeatedly stated that it will voluntarily dismiss or withdraw from representation in over half of its remaining cases. (*See, e.g.*, 12/17/10 T. Stegall email [3355-1]; 12/21/10 T. Stegall email [3355-2]; 1/25/11 T. Stegall email [3355-3]; Joint Dep. List for Feb. [3264], at 1 fn. 1.) Consistent with those claims, the Schwartz firm also told the Court at a hearing in

February that it would soon dismiss or withdraw from over 40 cases. (*See* 2/11/11 Conference Tr. [3355-4], at 13:20-14:11, 16:18-17:8.) Based on those affirmative representations, this Court ordered the Schwartz firm to "file by the close of business February 14, 2011 a list of the cases it now knows it intends to dismiss." (2/11/11 Further Scheduling Order [3287].) The Court also ordered that "[n]o later than March 11, 2011, the Schwartz law firm shall file a list of all of the other cases it intends to dismiss as well as a motion to withdraw in any case in which it does not intend to proceed as counsel." (*Id.*) In reliance on the Schwartz firm's representations that it would be cutting its cases by about half, the Court allowed depositions to go forward with the expectation that "Tier 1" depositions would be completed in the remaining cases by June 15, 2011. (*Id.*)

In violation of the Court's Scheduling Order, the Schwartz firm did not submit the required list by February 14, 2011. Accordingly, on February 17, 2011, Pfizer moved to compel compliance. (*See* 2/17/11 Defs.' Mot to Compel [3298].) The Schwartz firm did not respond to Pfizer's motion, or seek an extension of the time in which to respond. The Schwartz firm also failed to submit a list of cases to be dismissed prior to the Court's March 11, 2011, deadline as ordered, and Pfizer therefore filed another motion to compel. (*See* 3/14/11 Defs.' Mot to Compel [3339].) While the Schwartz firm filed motions to dismiss 1 case and withdraw from 7 other cases after both Court-ordered deadlines had expired, [3344, 3345], the number of cases subject to those motions were far fewer than the amount the Schwartz firm had previously represented would be dismissed. (*See* Defs.' Resp. to Mot. to Withdraw [3354], at 2-4.) Indeed, this Court later commented that "the filings are substantially different, without explanation, than the representations [that the Schwartz firm] made to the Court." (*See* Order on Pending Scheduling and Discovery Motions [3358], at 2.)

On March 21, 2011, this Court granted as unopposed Pfizer's February 17, 2011, Motion to Compel compliance with the Court's February 11, 2011, Order. (*See id.*) The Court also issued the following Order:

> The Court hereby orders that by March 25, 2011 the Schwartz law firm: (1) file the list(s) required by the February 11, 2011 Order or explain the discrepancies between its representations to the Court and the untimely filings it made; (2) respond to the pending motion to comply [with regard to the March 11, 2011 deadline] by March 25, 2011; and (3) show cause why the Court should not impose sanctions, e.g. monetary fines or dismissal, for failure to comply with the Court's Orders.

(*Id.* at 2-3; *see also* Electronic Order entered 3/21/11.) The March 25, 2011 deadline set out by that Order has now passed, and the Schwartz firm failed to comply with any portion of it. Accordingly, the Schwartz firm has shown no reason at all – much less a justifiable reason – why sanctions should not be imposed as contemplated by the Court's March 21, 2011 Order. (*Id.*)

The Schwartz firm's failure to comply with the Court's Order has significantly prejudiced Pfizer. Because Pfizer does not know with certainty which cases will be voluntarily dismissed or subject to withdrawal, its efforts to coordinate discovery have been frustrated. Pfizer's counsel does not know which cases it should collect records for, which treating physicians should be subpoenaed, or which case-specific materials should be produced. Pfizer has also paid for travel arrangements for depositions that have not gone forward. It is inefficient and unnecessarily expensive for Pfizer to conduct discovery in cases that the Schwartz firm does not intend to pursue.

Both the practice of this Court and the law of the First Circuit support sanctions for unjustified failures to follow a court order, especially after the Court has made an explicit warning that sanctions would follow noncompliance. This Court has also long recognized that the "orderly management" of this multi-district litigation "requires the parties to heed the Court's orders and to pursue their claims in a diligent and timely fashion" and that the Court must enforce its orders by levying any appropriate sanction or remedy. (Discovery Order No. 25 [1335], at 5; *see also* Rep. & Recommendation to Dismiss Boone Cases [3276], at 24 (recognizing that "all orders governing the management of a case are enforceable under pain of sanction for unjustifiable violation" (citations omitted).)

Likewise, the First Circuit has long recognized that failure to comply with court orders

provides adequate grounds for sanctions. *See, e.g.*, *Santiago-Díaz v. Laboratorio Clínico y de Referencia del Este*, 456 F.3d 272, 275 (1st Cir. 2006) (noting that "federal courts possess wide-ranging power to sanction parties who repeatedly balk at complying with court-imposed deadlines"). In fact, the First Circuit has observed "disobedience of court orders, in and of itself, constitutes extreme misconduct . . . ." *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002). This well-recognized authority not only protects the rights of the parties, it also vindicates the Court's "strong" "interest in administering its docket." *Id.*; *see also Santiago-Díaz*, 456 F.3d at 277 (recognizing that "the district court has an interest in the efficient management of its docket"). "[C]ourts cannot effectively administer justice unless they are accorded the right to establish orderly processes and manage their own affairs . . . ." *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003) Sanctions also serve to "deter others from similar misconduct." *Id.* at 83.

Sanctions are particularly appropriate for the Schwartz firm's noncompliance in this multidistrict litigation context. Courts have recognized that "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1222 (9th Cir. 2006) (citing 28 U.S.C. § 1407). "MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings . . . ." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007). These unique considerations arising in multidistrict litigation "may tip the balance" in favor of stronger sanctions for noncompliance with court orders. *In re PPA*, 460 F.3d at 1222.

The Court should impose sanctions here given these circumstances. Not only did the Schwartz firm fail to take material actions it had specifically told the Court it would take, its most recent failure to file several items with the Court – *as ordered* – without any explanation whatsoever can be viewed as nothing less than a willful disregard for this Court's Orders. Such violations of the Court's Orders, standing alone, provide sufficient grounds for serious sanctions.

*See Tower Ventures*, 296 F.3d at 46. The Schwartz firm's noncompliance is far from trivial; it frustrates this Court's efforts to efficiently manage this MDL and resolve these cases in a just, speedy, and inexpensive manner. In fact, in its February 11, 2011 Scheduling Order, the Court based the deposition schedule in these cases on the assumption that the Schwartz firm would follow through on its promise to significantly reduce its remaining cases. (*See* Further Scheduling Order [3287] (stating that "[t]he parties need not take depositions in any case in which the Schwartz law firm seeks to withdraw").) These considerations have also impacted Pfizer's allocation of resources. Even after years of litigation, the number of cases that the Schwartz firm claims it intends to pursue continues to fluctuate. This uncertainty prevents the Court and the parties from crafting a sensible plan for discovery and the remand of these cases. Pfizer should not be forced to continue to bear the expense of taking depositions in cases that will be dismissed, cases where the Schwartz firm has not investigated whether the Plaintiff intends to pursue his or her claims,[1] or cases that lack a reasonable basis to go forward.

Pursuant to this Court's prior Certification Order, the Schwartz firm had a duty to investigate these cases and dismiss those that were not sufficiently meritorious years ago. (*See* CMO & Order Re: Mots. to Withdraw [949], at 2-3 (explaining that its certification requirement was designed "to ensure efficient case management," and subsequent motions to withdraw after the December 20, 2007 deadline would "raise serious potential Rule 11 or 28 U.S.C. § 1927 issues that may well lead to the imposition of costs, fees or sanctions" and "interfer[e] with the expeditious management and resolution of this MDL").) The Schwartz firm's failure to comply

[1] In the case of Plaintiff Gilbow, which is the only case that the Schwartz firm has sought to voluntarily dismiss since the Court's February 11, 2011 Scheduling Order, Pfizer's counsel twice traveled to Little Rock, Arkansas to take Plaintiff's deposition, only to have Plaintiff cancel on the night before and simply fail to appear without explanation a second time. (*See* Defs.' Resp. to Mot. to Dismiss [3352].) Only after she twice failed to appear for her depositions – and caused Pfizer to incur unnecessary expenses – did the Schwartz firm finally move to voluntarily dismiss Plaintiff Gilbow's claims. Furthermore, Pfizer had to expend resources to take depositions in 4 cases (Deleon, Boltin, Calvert, and Lemacks) that even the Schwartz firm now admits "lack sufficient merit for further . . . prosecution, jury trial and/or appeals" and do not even meet the basic requirements of Rule 11. (Schwartz Mot. to Withdraw [3345].)

with the orders of this Court makes it impossible to determine which Schwartz cases have a reasonable basis supported by an adequate investigation, or even which Schwartz Plaintiffs intend to proceed with their cases. Accordingly, Pfizer requests that the Court require a new certification process that not only compels the Schwartz firm to reassess its cases and affirm that each is sufficiently supported, but also requires a declaration signed by each Plaintiff affirming that they intend to proceed with their claims and that they understand they may be held liable for costs and attorneys' fees for pursuing a claim without a reasonable basis. Proposed attorney certifications and plaintiff declarations are attached as Exhibits A and B.[2] As indicated by the proposed plaintiff declaration, Pfizer also requests that individual Schwartz Plaintiffs be required to certify that they understand their discovery obligations, and that their most recently submitted discovery responses are current and accurate.[3]

Given the Schwartz firm's ongoing disregard of this Court's orders, Pfizer respectfully requests that this Court order the following sanctions and remedies to mitigate the prejudicial effect of the Schwarz firm's conduct and deter future misconduct:

(1) The Schwartz firm should be required to re-certify each of its cases, in the form set out in Exhibit A, accompanied by a plaintiff declaration in the form set out in Exhibit B. Pfizer requests that the Court admonish the Schwartz law firm and its clients that any case not compliant with certification requirements within a specified timeframe would be dismissed with prejudice;

[2] All exhibits are attached to the accompanying declaration of Catherine B. Stevens.

[3] Recent deposition of several Schwartz Plaintiffs reveals that their discovery responses are incomplete and inaccurate. For example, at the deposition of Plaintiff Diane Valentino, Pfizer learned for the first time that she had failed to disclose at least two other suicide attempts – along with many other things. (*See* Ex. C, Valentino Tr. at 244:20-246:16.) Even when shown her interrogatory responses, Plaintiff Valentino claimed she was unaware that she had an obligation to disclose her prior attempts. (*See id.*) In the case of Plaintiff Kimm Davis, she disclosed only one suicide attempt in her discovery, but her recent deposition testimony revealed other undisclosed incidents, including one that occurred after her use of Neurontin. (*See* Ex. D, Davis Rough Tr., at 170:4-23.) Pfizer reserves its right to file motions to compel in these and other cases, but it should not have to expend the resources required to draft such motions for cases that may be among those that will be voluntarily dismissed.

(2) Pfizer requests that the Court order the Schwartz firm to pay a monetary sanction as determined by the Court per day into the registry of the Court until it complies with the Court's March 21, 2011 Order;

(3) Pfizer requests that the Court award Pfizer costs and attorneys' fees associated with the taking of unnecessary depositions and any motion practice necessitated by the Schwartz firm's failure to dismiss or withdraw from cases in accordance with the Court's February 11, 2011 Order;[4]

(4) Pfizer requests that the Court suspend the current deposition schedule as to the Schwartz cases until the Schwartz firm submits a final list of cases slated for withdrawal and dismissal and re-certifies its cases; and

(5) Pfizer requests that it not be required to mediate the Schwartz cases unless the parties agree to mediation in the future.

Finally, Pfizer seeks any other relief this Court deems appropriate in addition to – or as an alternative to – that requested above.

Dated: April 8, 2011

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ Mark S. Cheffo
Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Mark.Cheffo@skadden.com

-and-

[4] If the Court believes that this relief is appropriate, Pfizer will submit a fee application detailing its fees and expenses.

ROPES & GRAY LLP

By: /s/ Lisa M. Ropple
Lisa M. Ropple
BBO # 555401

Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on April 8, 2011.

/s/ Lisa M. Ropple
Lisa M. Ropple