# UNITED STATE DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING § <br> AND SALES PRACTICES § <br> LITIGATION § <br> § <br> § <br> THIS DOCUMENT RELATES TO: § <br> § <br> VIRGIL L. ANDERSON, ET AL § <br> vs. PFIZER INC., ET AL § <br> Case No. 06-11024-PBS § <br> § <br> MARTHA ACCETULLO, ET AL § <br> vs. PFIZER, INC., ET AL § <br> Case No. 06-10912-PBS § <br> § <br> KAMALIHA Y. BREWSTER, ET AL § <br> vs. PFIZER, INC, ET AL § <br> Case No. 06-11022-PBS § <br> § <br> CHARLES D. GIRARD, ET AL, § <br> vs. PFIZER, INC., ET AL § <br> Case No. 06-11023-PBS § | MDL Docket No. 1629 <br><br> Master File No. 04-10981 <br><br> Judge Patti B. Saris <br><br><br> Magistrate Judge Leo T. Sorokin |

**SCHWARTZ FIRM'S REPY IN OPPOSITION TO (PFIZER, INC. AND WARNER-LAMBERT COMPANY, L.L.C.'S) "MOTION TO IMPOSE SANCTIONS AND AWARD OTHER RELIEF DUE TO THE SCHWARTZ FIRM'S FAILURE TO COMPLY WITH COURT ORDERS (DOCUMENT NO. 3375)**

TO THE HONORABLE JUDGE OF SAID COURT:

    COME NOW, the Schwartz Firm, counsel for Plaintiffs, Anderson, et al. above captioned, consisting of Newton B. Schwartz, Sr., and associate employees, James A. Stegall, III, Mabel Lee-Lo, and Vincent Ka-Lin Lo (hereinafter Schwartz Firm and/or Schwartz) and independent co-lead co-counsel, Jack W. Harang, A.P.L.C.

1. Schwartz Firm adopts by reference per Federal Rules of Civil Procedure (FRCP) 10(c) all of its previous filed prior pleadings, responsive documents and exhibits and other filings herein and specifically including "Objections to Orders of March 21, 2011 (Document

No. 3358) and For Other Relief" (Document No. 3389 filed on April 4, 2011); this includes Exhibits "A", "A-1", and "B" thereto. They are adopted by reference per FRCP 10(c).

## I.  GOOD CAUSE SHOWN

2. The Schwartz parties would respectfully show the following good cause why neither they nor their clients should be sanctioned, or their pleading stricken and/or dismissed (except to remand to the transferor Districts per 28 U.S.C. § 1407;

3. Pfizer in its original Motion to Impose Sanctions (Document 3375) and Memorandum in Support (Document No. 3376) and Declaration in Support (Document No. 3377) all filed on March 29, 2011, presume or assume that that the above referenced Court's Orders including oral orders from the Bench on February 11, 2011, are (all subsumed into this Court's above Order Document No. 3358) of March 21, 2011 still stand and are valid and final.  Pfizer does not seriously consider or take into account the Schwartz parties and counsel's above timely objections and documentary support Exhibits "A," "A-1" and 'B," of their objections, all filed (Document No. 3389, March 4, 2011).  Such Order(s) are seriously questioned and may not stand and/or may be modified or extended by the time of hearing argument, submission and/or decision on Pfizer's above three motions with Orders and their recent supplementations on April 8, 2011 (Document No. 3396). They should be jointly heard and decided jointly in the interest of judicial economy, at the same evidentiary hearing;

4. All of the Court's Orders including February 11, 2011, implicated and relied upon by Pfizer and embodied in Order (Document No. 3358), all have been complied with the fullest extent ethically permitted and allowable by the Schwartz parties.  This includes in

    their role as co-counsel for their and the referring attorneys as joint counsel for Plaintiffs listed on the above Exhibits "A" and "A-1" thereto (Document No. 3389, April 4, 2011);

5. Even assuming arguendo, that this Court's earlier verbal pronouncement on February 11, 2011 (Exhibit "B") are effective as formal orders from the Bench, since they were heard jointly by both Judges Saris and Sorokin on February 11, 2011 (Exhibit "B" Document 3389, filed April 4, 2011). Thus such February 11, 2011 Orders may be a Joint Order and not that of just Magistrate Judge Sorokin, alone who signed and entered it (Document No. 3358). This is noted in the Schwartz parties above reply and objections of April 4, 2011 (Document No. 3389)

6. In response to Pfizer's above Motion for Sanctions (Document No. 3375) no sanctions sought per FRCP 37 and/or 28 U.S.C. § 1927, are warranted on this Record. None should be assessed, imposed and/or ordered paid; and any such determination by this Court of imposing any such sanctions violates the Schwartz parties and counsel's procedural and substantive "due process of law"[1], ethical constraints on performance in full, and based upon all legal and factual, including Document No. 3389, Exhibits "A," "A-1," and "B" responses as set forth in Schwartz parties above "Objections to Orders of March 21, 2011 (Document 3358) and For Other Relief." All are adopted by reference per Rule 10(c).

7. Now filed herewith as Exhibit "C" (to keep continuity in the numbering of Exhibits following Exhibits "A," "A-1," and "B" on April 4, 2011) are the total hours for three of the Schwartz attorneys above, James A. Stegall, III, Mabel Lee-Lo and Vincent Kai-Lin Lo, as of March 16, 2011. These total 6,311.57 hours. Their times spent since are not included, including depositions taken on April 4, 2011 in Albuquerque, New Mexico and

---

[1] *Societe Internationale v. Rogers*, 357 U.S. 197, 208-212 (1958).

April 8, 2011 in Milwaukee, Wisconsin and those in California April 11-13, 2011, and preparation of their above reply and this Memorandum of law, both being filed April 11, 2011.

7a. Not included in such Exhibit "C" time totals are the approximate equal additional time spent by staff support since February 2005 and time by Messrs. Schwartz, since February 2005 and co-counsel, Jack W. Harang of Jack Harang, APLC, since 2004. Also not included in the above approximate 6,311.57 hours and their above approximately equal 6,000 or 12,000 hours above, are for those referring counsel, Glen Lehner, Las Vegas, Nevada; Peter Miller in Little Rock, Arkansas; Pete Higinbotham in West Virginia; William Green, South Carolina, Ken Hardison, North Carolina, and Greg Remmenga, Colorado.  They no longer include Andrew Sacks or the Sacks and Weston law firm in Philadelphia, class counsel in Pennsylvania state court class action proceedings (which certifications were reversed on appeal).

8. Since these cases originated with local counsel seven years ago, the above substantial time, talent, expenses and energy have been expended in their preparation.  Pfizer in its Motions to Impose Sanctions challenges their efficiency, efficacy, thoroughness and accomplishments among others.

9. All depositions noticed by Pfizer, except one, have been conducted (exceeding 42), one or more was taken for over two days.  The most recent was in Albuquerque, New Mexico on April 5, 2011 with Messrs. Harang and Stegall both in attendance, and Vincent Lo in Milwaukee, Wisconsin on April 8, 2011 and Mr. Stegall scheduled in California April 11-13, 2011 for two Doctors and one Plaintiff.

Pfizer's complaint about lack of supplemental template Interrogatory and Production Responses is controverted by attached Exhibit "D-5" as to Melissa Vice and Exhibit "D-6" as to David Day and "D-7" March 1, 2011, as to Monica Gann (February 28, 2011), and Exhibit "D-8" as to Barbara Knowlton (February 17, 2011) were hand delivered shortly before or at the time of her deposition began.  Sherrial Gilbow failed to appear on the very day of her deposition (second attempt) (infra at p. 8), after updating her discovery.

10. Newton B. Schwartz, Sr. is experienced in class-action multi-district litigation (MDL). He was co-lead counsel and one of nine counsel nationally in the *Agent Orange Product Liability Litigation*,(Agent Orange), 818 F.2d 145 (2nd Cir. 1987).  Schwartz and eight other counsel nationally constituted the PMC (Plaintiffs Management Committee).  See opinions *In re Agent Orange Product Liability*, MDL 381 at p. 145, being the principal of seven opinions all decided the same date above at 818 F.2d 145, 179, 187, 194, 204, 210 and 216 (2nd Cir. 1987).

11. After *Agent Orange* for the next thirty or more years, Mr. Schwartz has served in various capacities, representing thousands of clients as has Jack Harang (but neither as co-lead or lead counsel or heading appointed committees, except derivatively through co-counsel representatives, in numerous MDL litigations principally pharmaceutical (Vioxx, Phen-fen and more than a dozen more pharmaceutical MDL), both in ongoing mass tort FEMA Trailer Litigation (Eastern District of Louisiana) and in aviation cases, including most recently the *In re Air Crash at Madrid, Spain on August 20, 2008* (Span Air) Central District of California, MDL 2135 (on transfer from Tampa, Central District of Florida).

12. Schwartz' above staff of three attorneys above and (Par. 7, et seq.), and Mr. Harang as co-lead counsel and at least two support staff, one from the February 2005 inception of our referral and retention, have been deemed more than sufficient for the overall management and prosecution of these cases along with original above named referral from the above named regional attorneys as referring counsel.

## II.  THE ORDERS ALLEGED TO BE VIOLATED

13. There was no Order issued or entered on December 7, 2010 requiring dismissal for failure to furnish template or other discovery.  The Court only entered its' unopposed, proposed Order (Document No. 3148-1 now Document No. 3202) on January 3, 2011.

As set forth on Exhibits "A" and "A-1", (Document No. 3389-1 and 3389-2) adopted per Rule 10(c)) withdrawing from 39 of 132 remaining clients listed on Exhibits "A" and "A-1", ante, were dismissed on January 3, 2011.  But five were in compliance per Exhibit "A-1", within a few days of the January 3, 2011 order date.  They present ethical dilemmas involving selective qualification, eligibility, causation in fact and other relevant facts.  To hear individually on a case-by-case basis, all considered in deciding: (a) which clients cases to retain on this Court's docket while complying with all Orders, and (b) which to withdraw from and/or refer back to local counsel for their and the client's joint decisions to pursue prosecution and/or dismiss.  Each client's decision governs finally even if their eligibility qualifications to meet Rule 11 FRCP; threshold requirements is disputed to some in Pfizer's recently filed (supplemental) Motion to Impose Sanctions (April 8, 2011, Document No. 3396).  This coming one business day from this reply, it cannot be replied to in depth.  But this Court's February 11, 2011 above Exhibit "B" proceeding colloquy was a Court Order and Orders of March 21, 2011, Exhibits "A" and "A-1". They both present ethically challenging decisions.

Two illustrations suffice to illustrate this dichotomy.

14. Exhibits "A" and "A-1" #47, Drew Gordon and #49 Sherry Groves, through her representative Jennifer Napoli-Branson. Both furnished complete template discovery belatedly three (3) business days-five (5) calendar days, on January 8, 2011, the same week of the Court's order of January 3, 2011 dismissing them for not furnishing such discovery. Her such dismissal was premature. And see[2] (adopted by reference per Rule 10(c), contemporaneously, from Memorandum of Law in Support of this Reply).

From public records, #47, Mr. Gordon was arrested by police, threatening suicide by shooting himself in a public place. The police were called and he was confronted, disarmed and arrested. He was deterred. He never attempted suicide again. This case is being withdrawn from as an ineligible ideation case and reinstatement not sought (as in Document 3398, April 4, 2011). This is per the Court's and Pfizer's minimum standards adopted by the above Court Order. Mr. Gordan's ideation probably does not qualify as an overt objective completed attempt. On April 4, by the above objections, (Document No. 3389) counsel asked for reinstatement for Mr. Gordon. That is now rescinded and moved to be (a) withdraw from representation of him and (b) referral back to local counsel, who are being advised to that effect.

The ethical dilemma and Hobson's choice posed, is that Mr. Gordon, like many remaining Plaintiffs-Schwartz parties, wants their cases prosecuted and/or heard. This cannot be both ethically and economically done; and clients and referring counsel have been and/or are being so notified and advised. Among the problem is that they do not fit Pfizer's and now this Court's above ordered above minimal parameters of qualifications. This even though, arguendo, their satisfying Rule 11. This is categorized as "de minimis" i.e. economically feasibly

---

[2] *In re PHENYLPROPANOLAMINE PRODUCTS LIABILITY LITITGATION* (PPA), 460 F. 3d 1217, 1246-1250 [9th Cir. 2006] infra. McGriggs and Holmes Plaintiffs' panel 2-1.

prosecution by reason of substantial costs of experts, and other large costs of prosecution diminishing and/or extinguishing any potential recovery, if any, herein.  It is to this genre of cases that counsel used the colloquial southwestern term "dud" to in Plaintiffs' above, April 4, 2011.  Objections to Court Orders (Document 3389).

On the other hand, Ms. Sherry Groves, through her representative, Jennifer Napoli-Branson was a documented, confirmed, attempted suicide by shooting herself while timely in sufficient prescription dosages, Neurontin was prescribed in the requisite sufficient minimal quantity dosage.  Therefore Schwartz counsel move herewith for her formal reinstatement ab inito after her above premature dismissal on January 3, 2011 (she being delinquent in producing discovery by only three (3) business days.

The same dilemma and ethical decisions pervade each case that is either withdrawn from or dismissed.  The latter necessarily must be concurred in or agreed to by the clients or they can be relegated on "pro se" status as above 30 of Finkelstein attorneys (Exhibit "B", Transcript February 11, 2011, ante).

Such is the case of #44 Sherrial Gilbow who first advised counsel and gave written consent to final dismissal on March 15, 2011 (Exhibits "A" and "A-1").  Even now, Pfizer seeks attorneys fees and cost for not advising them of her decision earlier.  This even though it was conveyed at very first time it became known to her counsel (Document No. 3359, March 21, 2011).

Withdrawing from most other pending cases in which the most serious manifestation of injury is suicidal ideation is underway[3] and ethically challenging per above such decision to dismiss up to local referring counsel and finally exclusively to each client.  Following the Finkelstein dismissal of at least 30 clients consigned by that Motion to "pro se" status

---

[3] At least 11 additional Plaintiffs are being moved to be withdrawn from Exhibit "F".

(Document 3389), Exhibit "B", adopted by reference. To that effect three (3) sources are considered as determinative of the merits of each case: (1) fact/intake sheet; (2) the client; (3) their medical records, and all other autopsy, death certificates and all other relevant public records including police reports, etc.

### III. DEFENSES

In summary, Pfizer's Motion for Sanctions fails for the above and following additional reasons, all adopted by reference per Rule 10(c), and filed contemporaneously hereto, based on case law and statutory and Rules cited in their above Memorandum of Law and hereinafter:

1. Due process implications ante, at p. 3 (*Societe Internationale*); and

2. Good faith, i.e., evidence, i.e., lack of of bad faith on the part of the Schwartz parties and/or their attorneys; and the following adopted in party by reference from their contemporaneously filed "Memorandum of Law"; and

3. Long established Rules of Civil Procedure were and are in place and readily available. Both MDL and mass tort and individual plaintiffs' cases, (a) Rule 11 FRCP govern pre-filing due diligence requirements; and (b) Rule 37 discovery; (c) Daubert[4] challenges for threshold gate keeping testimony of qualifications for testifying experts; and (d) Rule 56 for pre-trial dispositive summary judgment motions. Pfizer has inventively and creatively sought to and continues to seek to bypass and expedite these time honored procedures.

### IV. CONCLUSIONS

Its Exhibit "D" of April 7, 2011 is an egregious example of Pfizer's contentions. Mr. Harang's response of April of April 11, 2011 with documentary support attached, is submitted and adopted by reference (Rule 10(c)).

---

[4] *Daubert v. Merrell Dow Pharmaceuticals,* 507 U.S. 904 (113 S.Ct. 1245 (1993)

a. There is the above justification and excuse for noncompliance, if any, failing to furnish names and/or numbers of cases in response to February 11, 2011 Orders is not a violation, when no additional cases were withdrawn from by such deadline date or candidates for such withdrawal; and

b. The unreasonableness and/or other above infirmities of such Orders as requiring withdrawal or dismissal irrespective of governing state Disciplinary Rules (called Disciplinary Rules of Professional Conduct) in some states; and

c. The Court ordered withdrawal from a certain number of cases (see Exhibits "A" and "A-1") and dismissal with prejudice of one with client's permission (Gilbow ante at p. 8);

d. There is no evidence of, and/or insufficient evidence of any willful disobedience of the above Court Orders, assuming arguendo, their above validity; and

e. There were and are no acts or omissions of bad faith, willful, wanton or oppressive behavior; and

f. There was no unreasonably vexatious multiplication of any Court proceedings herein, within 28 U.S.C. § 1927; and

g. Unlike Phenylpropanolamine (PPA) ante at p. 5, Holmes and McGriggs parties-plaintiff, there is only one defendant (jointly and one product here and hence no production or party identification issues are presented;

h. To link the Schwartz parties with the Levi Boone parties as Pfizer attempts (Exhibit "D" series) attached, April 7, 2011, is as is comparing his compliance with the Schwartz parties is invidious unfounded legally and factually. See this Court's orders (Documents 3359 and 3378), Findings Report and Recommendations of Magistrate

10

Judge (Document 3390), including Boone parties repeated violations of January 15, 2007 and July 8, 2007 and June 9, 2010 Orders of this Court, which were alleged to have been violated and deficient and insufficient complete discovery responses. Exhibit "D" series is an unwarranted, unsupported motion by Pfizer to place the Schwartz parties under sanctions and Orders relating now only to the unrelated Boone parties. There is no connection by or between the two entities. Schwartz parties invite a comparison of Boone and Schwartz parties' performance, and compliance records as documented herein, and adopted per Rule 10(c).

i. Any untimely or late filed objections, if any, (a) was <u>not</u> a waiver of objections to prior verbal orders of February 11, 2011 since they were first memorialized in the Court's March 21, 2011 Orders, (b) were not prejudicial to either Pfizer's or the public's interest in the expeditious resolution of this litigation and/or the Court's management of these cases. Any delays or untimely objections or responses were an inadvertent oversight of counsel in the voluminous motions, documents and other mass communications generated continuously from Pfizer, seeking to impose unrealistic and unwarranted deadlines to respond to production in numerous clients' cases being prosecuted (Document 3342);

j. There is a strong public policy favoring resolution of cases on their merits. Summary dismissals are contrary to the spirit of the Federal Rules of Civil Procedure, especially on the basis of Pfizer's above technicalities. See e.g., *Forman v. Davis*, 371 U.S. 178, 181 (1962). This is moved so here where such dismissal are sought per Rule 37 for alleged discovery above, and not per Rule 56 Motions;

k. The earlier linking and joining, for discovery purposes or schedules, the Schwartz and Boone parties demonstrates the former's vastly superior performance and compliance. See e.g., Documents No. 2826 (May 28, 2010) and by Pfizer Document No. 2827, and Findings by the Court condemning the Boone parties and their counsel. Schwartz parties have no such findings entered against them and deserve none or as to Pfizer's above pending Motions for Sanctions (March 29, 2011, Document No. 3375 and April 8, 2011, Document No. 3396).

l. Arguendo, without agreeing that any sanctions are appropriate, if any, a warning or formal reprimand or imposition of taxable costs only for such nonappearance of dismissed Plaintiff, Sherrial Gilbow, (ante at pp.4-8), if sanctions are finally upheld. No sanction more serious is warranted as to either counsel and/or Schwartz party plaintiffs.

m. Schwartz parties have had to defer to and take a backseat to and/or depend until late 2010 or early 2011 upon the lead of the Finkelstein (Ken Fromson group as Liason or lead counsel). Starting three or more years ago, the Schwartz parties were excluded from furnishing one of their client's cases as one of the then ten selected "Bellwether" representative cases to be tried. This although Schwartz was present in Boston at the time of such hearing and selection. He offered to volunteer and to join in and furnish one of ten Bellwethers, the Finkelstein prosecution team headed by Messrs. Fromson, Finkelstein and Jack London declined Schwartz' offer.

n. Recently, in a still undocumented settlement and withdrawal, the Finkelstein Group settled its cases. For what terms or conditions is not known, disclosed or publicly available. Such information was refused upon request to Mr. Fromson although

requested privately and in a conference call with other Plaintiffs counsel. Such sudden withdrawals left only Jack London as Liaison Counsel (the equivalent of steering committee).

Based upon the totality of circumstance, dismissal now sought with prejudice as sought here by Pfizer is "…too attractive (and too available) an option for Defendants to pursue and an MDL court to impose…" (PPA) *Id. at 1250 fn 2.*

Overarching all is the above ethical conflicts in complying with all of the questionable relief sought by Pfizer and now ordered by this Court, i.e., reduction of the number of cases or face dismissal or withdrawal from the plaintiffs leaving them to pro se status as Finkelstein parties did publicly for thirty of its clients on February 11, 2011 (Exhibit "B" ante, Document No. 3389, filed April 4, 2011).

o. In reply to Document No. 3393 Pfizer's Memorandum in Opposition to the Schwartz Firm's Objection to Magistrate Judge Sorokin's Order and Motion for Relief (Document No. 3393, filed April 8, 2011 at pp. 14-15) wherein Pfizer alleges that the very first meeting with those two named clients was the day of and/or the day before their depositions. Such allegations may be refuted by:

1. Counsels document responses here Exhibit "D" series attached and adopted per Rule 10(c).

2. Exhibits "A" and "A-1" (Document 3389) and Exhibits "C" and "D" series attached herein and all adopted by reference and verified.

3. At the very outset of this case in the original filing in Arkansas U.S. District Court, the Court itself called the undersigned, shortly after filing.

        The Court called to ask why there were not any more detailed medical facts alleged in the Complaint. Schwartz replied to the Court that he had sent Defendant attorneys with the Rose Law Firm in Little Rock, Arkansas a disc containing over 1,400 pages of medical records in support of those filings of the Plaintiffs in their Original Complaints.

4. While the Plaintiffs (see Exhibit "D" series above), Monica Gann and Brady Williams alleged first face-to-face meeting may arguably have been on the days of their depositions or the day before in their preparation as alleged by Pfizer, may be limited to (1) face to face contact; (2) with that attorney, their discovery preparation and supplementation had taken place. See e.g., Exhibits "A", "A-1", and "D" series. Such is not unusual.

5. They were not the first contacts including with them and most other 132 original Plaintiffs per Exhibits "A" and "A-1". Obviously most have furnished their medical authorizations and Verified Answers to interrogatories and some supplemental Responses requiring attorney client joint effort. Some may have been with support. All other communications are privilege and cannot be disclosed as to specific advice.

    WHEREFORE for all of the above reasons, legal and factual, all adopted by reference per Rule 10(c) from prior pleadings and exhibits set forth in: (a) Document No. 3389, Exhibits "A," "A-1" and "B" filed April 4, 2011 and (b) Exhibits "C", "D" series attached and filed herein and all verified and based upon Rules, statutes and Constitutional Authorities (Fourteenth Amendment above) and in their Memorandum of Law in Support in this Reply in Opposition to Pfizer's Motion to Impose Sanctions. Both the Schwartz parties, clients Exhibit "A" and their

attorneys Newton B. Schwartz, Sr. and co-counsel Jack W. Harang, APLC controvert all claims and bases alleged for sanctions including attorneys fees and costs, under both and/or either Rule 37 FRCP and/or 28 USC Section § 1927 or otherwise; and they pray that they be allowed to proceed with their prosecution and mediation of cases here, and as, to sanctioning, discharged with their costs and for all other relief to which they show themselves entitled.

An Evidentiary hearing is requested as to Motions to Impose Sanctions on all factual issues raised, plead and supported by authorities above herein all of which were adopted by reference for all purposes as if again set forth verbatim herein.

Above Exhibits "A", "A-1", "C", "D series", are based upon and kept in compliance with Federal Rules of Evidence as regular business records made contemporaneously or at the time of the events recorded therein as set forth per 28 U.S.C. § 1746, unsworn declaration under penalty of perjury, in compliance with Federal Rules of Evidence: Exhibit "A" Rule 1006 and 803(6) as to Exhibits "A", "A-1", "B", "C" "D", "D-1", "D-2" , "D-3", "D-4", "D-5", "D-6", "D-7 and "D-8" and Evidentiary Rule 803(6).

Respectfully submitted,

/s/Newton B. Schwartz, Sr.
Newton B. Schwartz, Sr.
1911 Southwest Freeway
Houston, Texas 77098
nbs@nbslawyers.com
Telephone: (713) 630-0708
Facsimile: (713) 630-0789

Jack W. Harang
JACK W. HARANG, APLC
228 St. Charles Ave., Suite 501
New Orleans, LA 70130
Telephone: (504) 581-7050
Facsimile: (504) 581-7057

.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on this 11th day of April, 2011

_/s/Newton B. Schwartz, Sr._____
Newton B. Schwartz, Sr.
