UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | § § § § § | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: | § § § | Master File No. 04-10981 |
| | § | Judge Patti B. Saris |
| VIRGIL L. ANDERSON, ET AL vs. PFIZER INC., ET AL Case No. 06-11024-PBS | § § § § | Magistrate Judge Leo Sorokin |
| MARTHA ACCETULLO, ET AL vs. PFIZER, INC., ET AL Case No. 06-10912-PBS | § § § § | |
| KAMALIHA Y. BREWSTER, ET AL vs. PFIZER, INC, ET AL Case No. 06-11022-PBS | § § § § | |
| CHARLES D. GIRARD, ET AL, vs. PFIZER, INC., ET AL Case No. 06-11023-PBS | § § § § | |

**MEMORANDUM OF LAW IN SUPPORT OF SCHWARTZ FIRM'S REPLY IN OPPOSITION TO PFIZER, INC. AND WARNER-LAMBERT COMPANY, LLC'S MOTION TO IMPOSE SANCTIONS AND AWARD OTHER RELIEF DUE TO THE SCHWARTZ FIRM'S FAILURE TO COMPLY WITH COURT ORDERS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, the Schwartz Firm, counsel for Plaintiffs, Anderson, et al. all above captioned, consisting of Newton B. Schwartz, Sr., and associates employees, James A. Stegall, III, Mabel Lee-Lo, and Vincent Ka-Lin Lo (hereinafter Schwartz Firm and/or Schwartz) and independent co-lead co-counsel, Jack W. Harang, A.P.L.C. and files this their Memorandum in Support of their contemporaneously filed "Schwartz Firm's Reply in Opposition to Pfizer, Inc. and Warner-Lambert Company, LLC's "Motion to Impose Sanctions and Award Other Relief Due to the Schwartz Firm's Failure to Comply with Court Orders" (Document No. 3375). Both

it Document not yet numbered but filed April 11, 2011 and Document No. 3389 are adopted by reference per Federal Rules of Civil Procedure (FRCP) 10(c).

Pfizer's second "Motion to Impose Sanctions and Award Other Relief Due to the Schwartz Firm's Failure to Comply with Court Orders" (Document No. 3396) was not received until Friday evening at 5:00 p.m. (CST) on April 8, 2011 (it is titled the exactly the same as Document No. 3375) and is responded to in part here one business day later. Plaintiffs reserve the right to further respond (but not over a weekend as here with a reduced or skeleton attorney and support staff).

A. Plaintiffs adopt by reference all allegations in "Schwartz Firm's Reply in Opposition to Pfizer, Inc. and Warner-Lambert Company, LLC's 'Motion to Impose Sanctions and Award Other Relief Due to the Schwartz Firm's Failure to Comply with Court Orders (Document 3375)" being filed contemporaneously herewith.

AUTHORITIES

B. The First Circuit Court of Appeals cases cited by Pfizer all involve a single party not a multi-district litigation (MDL) and are factually distinguishable, as follows.

B1. *Young v. Gordon*, 330 F.3d 76 at 81 (1st Cir. 2003) is a case involving an attorney plaintiff suing other attorneys. As is relevant here, the Trial Court found that the plaintiff was in violation of all court orders and deadlines. He delayed his deposition for a purported military call-up which never occurred and the death of his counsel's parent. That funeral did not conflict with missed or sought delayed deposition dates. Young's violations were egregious and ongoing.

The Court of Appeals held, as is relevant here:

"…To be sure, dismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme. *See Enlace Mercantil Internacional, Inc. v.*

2

*Senior Indus, Inc.*, 848 F.2d 315, 317 (1st Cir. 1988).  We have recognized, however, that disobedience of court orders is inimical to the orderly administration of justice and, in and of itself can constitute extreme misconduct.  *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 1987); *Cosme Nieves v. Deshler*, 826 F.2d 1, 2 (1st Cir. 1987).  Still, dismissal should not be viewed either <u>as a sanction of first resort or as an automatic penalty for every failure to abide by a court order</u>.  <u>When noncompliance occurs</u>, the ordering court should consider the totality of events and then <u>choose from the broad universe of available sanctions</u> in an effort to fit the punishment to the severity and circumstances of the violation.  *See Tower Ventures,* 296 F.3d at 46.

In the last analysis, the choice of an appropriate sanction must be handled <u>on a case-by-case basis</u>.  *See id.; see also Robson v. Hallenbeck*, 81 F.3d 1, 2 (1st Cir. 1996) (explaining that this exercise 'def[ies] mechanical rules').  For that reason, appellate panels traditionally give district courts considerable leeway in the exercise of the latter's admitted authority to punish <u>noncompliant</u> litigants.  *E.g., Batiz Chamorro*, 304 F.2d at 4.  It follows that 'the trier's determination to dismiss a case for such a reason should be reviewed only for abuse of discretion'.  *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1117 (1st Cir. 1989).  In undertaking that review, <u>we consider all the pertinent circumstances and balance a myriad of factors</u>, including the trial court's need to maintain order and prevent undue delay, the prejudice (if any) to the offender's adversary, and <u>the salutary policy favoring the disposition of cases on the merits</u>.  *See HMG Prop.* 847 at 917; *Richman v. Gen. Motors Corp.*, 437 F.2d 196, 199 (1st Cir. 1971).  This standard of review is not appellant-friendly-and a sanctioned litigant bears a weighty burden in attempting to show that an abuse occurred.  *See Tower Ventures*, 296 F.3d at 46; *Spiller v. U.S.V. Labs, Inc.*, 842 F.2d 535, 537 (1st Cir. 1988)…" (All emphases added throughout)

B2. Likewise there was an egregious series of admitted failures to comply with the case management order and failure to furnish discovery in *Santiago-Diaz v. Laboratorio Clinico De Referencia Del Este and Sara Lopez, M.D.*, 456 F.3d 272 (1st Cir. 2006).  It is distinguishable clearly from facts set forth above (Document No. 3389 and Reply in Opposition filed contemporaneously) in the Schwartz Neurontin cases.

This includes: (a) no due process of law, substantive and procedural issues; and (b) no proffered justification or excuse as herein in their Document No. 3389 Objections and Schwartz parties above adopted "Schwartz Firm's Reply in Opposition to Pfizer, Inc. and Warner-Lambert Company, LLC's Motion to Impose Sanctions and Award Other Relief

Due to the Schwartz Firm's Failure to Comply with Court Orders (Document No. 3375)" filed contemporaneously herewith.

Neither of Pfizer's above cited First Circuit Court cases was an MDL case or one with multiple plaintiffs; nor did any orders involve orders call for or require, as here a the reduction of numbers of party plaintiffs implicated above.  Such order at issue here are novel and appear to be sui generis; none comparable could be found in any reported decisions, trial or appellate, state or federal, or in any published texts or articles.  Pfizer's characterizations of them (Document 3393 "Memorandum In Opposition to the Schwartz Firm's Objections to magistrate Judge's Orders and Motion for Other Relief") oversimplifies such Orders and their effect and treats lightly Schwartz' objections, both substantive and procedural.

3. *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 1987) is cited in *Young*, ante.  Plaintiff corporation there failed to comply with the repeated Court's scheduling orders.  This was so even after their extension of time from July 16 to August 14 and again to October 19, 2001, a total of three months; and 81 days after an extended deadline to serve its experts' disclosures and discovery.  Plaintiff did not comply with a prior unpublished slip opinion from the District Court.  Dismissal occurred only after two unexplained missed deadlines by plaintiff corporation.

4. All sanctions including dismissals with prejudice were affirmed in all three cases.

5. Four years after its decision in *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, per curiam 7-2 (1976), the Supreme Court decided *Roadway Express, Inc.*

v. *Piper*, 447 U.S. 752, 100 SCt. 2455 (1980)[1]. It had before it all of the Federal Rules and statutory bases that Pfizer pleads here, i.e. 28 U.S.C. Section 1927; and FRCP Rule 37(b) et seq. sanctions. Their dichotomy was discussed and decided. Additionally, before the Court, but not implicated here, were:

6. 28 U.S.C. Section 1920 and 1924; and

7. 42 U.S.C. Section 2000.5(k), 42 U.S.C. Section 1988 (the Civil Rights Act of 1964);

The District Court's history is set forth at 447 US 754 (100 S.Ct. 2458) and summarized as follows:

8. After first getting an extension to answers to interrogatories served on it, *Roadway* served its own interrogatories. After noncompliance by *Piper* attorneys, a Motion to Compel was set for argument, *Piper, et al* were attorneys for Civil Rights discrimination clients filed in the Western District of Louisiana versus *Roadway Express*. Respondent attorneys never answered their interrogatories; when one plaintiff was noticed for deposition, he never appeared, nor was he deposed (Id. at 755, 2458). Respondent also failed to verify briefs even after having been granted two extensions to do so.

Petitioner *Roadway* (a) moved to dismiss under FRCP Rule 37 and (b) and requested and was granted a dismissal with prejudice and award of attorneys' fees for failure to obey orders of the trial court. Rule 37(b)(2)(c) allows to the District Court to render judgment by default against the disobedient party and Rule 37(b)(2)(e) permits a court to require the party failing to obey the order and/or the attorney advising him or both attorney and party are or may be liable jointly and severally to pay reasonable expenses including attorneys fees caused by such failure. (Id. at 755, 2458)

---

[1] Ironically it isn't usually referred to as the *Piper* case because of possible confusion with the landmark. *Piper Aircraft v. Reyno* 454 US 235, 102 S.Ct. 252, 1981 decided the next year. The latter was the Court's next principal case on Forum Non Conveniens since *Gulf Oil Corp. v. Gilbert* 330 U.S. 501 (1947)

The District Court sharply criticized Respondent's attorneys for their "deliberate inaction", in handling the case.  See *Monk v. Roadway Express, Inc.*, 73 F.R.D. 417 (W.D. LA.1977)

The Court of Appeals for the Fifth Circuit found no error in the first above ruling that the Respondents (1) had violated 28 USC Section § 1927 (at 599 F.2d at 1381), but found that (2) the Respondents were not liable for attorneys fees and (3) rejected the district court' ruling that the above Civil Rights Statutes can be read into Section § 1927:

The Supreme Court, inter alia, affirmed and remanded with directions.  Id at 757, 2459.

It held as is relevant here.

As relates to 28 US § 1927, the Supreme Court noted that

"…The appellate court held, however, that respondents were not liable for attorney's fees.  It rejected the District Court's view that the civil rights statutes can be read into § 1927.  The civil rights law, the court wrote, provide for attorneys' fees award against unsuccessful *parties* to a suit, and they focus on action which are frivolous, unreasonable and baseless…599 F.2d at 1383 (emphasis in original).  In contrast, § 1827 deals only with attorney conduct and involves taxing costs against counsel.  The Court of Appeals vacated the District Court's order and remand for recalculation of costs under § 1927 …" (emphasis the Court's)…"

"…This case involves the problem of what sanctions may be imposed on lawyers who unreasonably extend court proceedings.[FN4] [FN4 omitted Legislative history] Two specific provisions have been said to be controlling in this case: 28 U.S.C. § 1927, and Federal Rule of Civil Procedure 37.  This opinion considers both provisions…" Id. at p. 757, 2459

9. Schwartz parties and counsels conduct, as alleged by Pfizer and hotly disputed here, was ethically protected, justified, justifiable and in good faith and/or necessary in its totality.

It did not approach the above egregious misconduct of *Piper, et al* attorneys in *Roadway*, ante.  But assuming, arguendo, that any such misconduct is violative of either FRCP Rule

6

11 and/or Rule 37 and/or 28 USC § 1927, nonetheless, applying *Roadway Express'* principals:

a.  28 U.S.C. Section § 1927 only included (1) "excess costs" incurred or paid in all courts; and (2) such excessive costs are only those costs defined in 28 U.S.C. Section § 1920, ante. (Id. *Roadway* at 758, 759, and 760 and 2460-2461. Only "extra" costs are included, if any there be (all emphases are added throughout); and

b.  Section § 1927 is reserved for and limited to prescribed abuses of court process by attorney. Id. at 762, 2462; and

c.  Rule 37 sanctions may apply to both parties and counsel. Id. at 763, 2462; and

d.  Recognized that federal trial courts have inherent powers are those which "…are necessary to the exercise of all others…" *U.S. v. Hudson 7 Cranch* 32, 34, 3L.Ed. 259 (1812) Id. at 764, 2463 to assess attorneys fees against counsel;

e.  The Court noted that:

    "…Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion…" Id. at 764, 2463 (citations omitted)

f.  The Court recognized the general rule in federal court is the power of court"…that a litigant cannot recover his counsel fees…we acknowledged the 'inherent power' of courts to 'assess attorneys' fees for the willful, disobedience of a court order…as part of the fine to be levied on the defendant…", or when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons…" (citations omitted), id. at 2464, 766.

g.  Finally the Court reaffirmed "due process" direct effects and implications of sanctions for misconduct of litigating in its decision in *Societe Internationale v.*

*Rogers* 357 U.S. 197, 208-212, 78 S.Ct. 1087, 1093-1095.  The Supreme Court reaffirmed *Societe Internationale* in which the Court:

> "…reversed the dismissal of an action for failure to comply with a pretrial discovery order. The due process concerns posed by an outright dismissal are plainly greater than those presented by assessing counsel fees against lawyers, Cf. *Schwarz v. United States, supra*.  Moreover, *Societe Internationale* did not involve willful misconduct or bad faith.  The Court found that the party whose claim was dismissed had been barred by a Swiss criminal statute from complying with the order.  357 U.S. at 209, 211, 78 S.Ct. at 1094, 1095…" Id. at 2464, 767

Relating the *Societe* holding to those before this Court, the ethical real constraints upon Schwartz counsel being unable to timely comply with this Court's cited Orders requiring dismissal or withdrawal from Rule 11 valid cases[2] and referral of them back to referring counsel for a joint decision as to their future after withdrawal from Schwartz counsel from their cases. Exhibits "A" and "A-1", (April 4, 2011 Document Nos. 3389-1 and 3389-2) mandate retaining those above specified cases at issue.  They were not placed in limbo "pro se" status as were 30 Finklestein clients, Exhibit "B" (February 11, 2011 Hearing Transcript) April 4, 2011 (Document No. 3389).

The same above comparable realistic present inhibiting ethical due process limitations in *Societe,* ante, restrained Schwartz' counsel's complying and dismissing or withdrawing en masse or even individually or selectively and withdrawing without either a hearing on their Rule 11 merits via Rule 56 motions.  Such Exhibits "A" and "A-1" (except as noted thereon and excluded) the remaining cases were and are bona fide under Rule 11 validated Neurontin cases. Clients on Exhibits "A" and "A-1" are mostly and largely psychologically impaired disabled and/or disoriented clients.  Their very such conditions and inability to cooperate fully in their

---

[2] This is disputed by Pfizer in its Friday, 6:00 p.m. April 8, 2011 (supplemental or amended) "Motion to Impose Sanctions and Award Other Relief Due to the Schwartz Firm's Failure to Comply with Court Orders" (Document No. 3396).  The weekend does not permit full exhaustive refutation here and now one business day later.  That is expressly reserved.

8

own cases were proximately cause in whole or in part, and/or exacerbated by and/or produced by and causally related to Pfizer's Neurontin.  This offer of proof awaits expert testimony, documentation and Daubert challenges.  Adopted by reference per Rule 10(c).  This, existing in part, the very bases for their erratic deposition testimony.  See Document No. 3396 (fn. 2).

The above are in totality more than sufficient argument against imposition of any sanctions herein upon this full record herein including:

1. No motions were other than their above Document No. 3396, served with Pfizer's April 7, 2011 letter Exhibit "D" correspondence (no document number now filed) citing Levi Boone cases, to compel Schwartz attorneys and/or parties to recertify and Exhibit "A" (Document No. 3377-1) proposed attorney certification and Exhibit "B" (Document No. 3377-2); a true copy is attached as Exhibit "D" from Ms. Catherine Stevens, including the above Exhibits "A" and "B" (Document Nos. 3377-1 and 3377-2) attached two proposed certifications required and declarations by Pfizer.

2. There are no allegations of failure to produce requested Plaintiffs and Doctors in over 42 depositions of record.  The one client exception who chose to not appear on the day noticed (second noticed), she authorized dismissal of her own case in writing; Exhibit "A", Ms. Sherrial Gilbow.  She was dismissed forthwith with prejudice.  Yet Pfizer reserves and seeks attorneys fees and costs for their winning a dismissal without deposition or other discovery.

3. There is a serious questions of this Court's (a) authority and inherent power to order reduction in numbers of Plaintiffs whether by voluntary and/or involuntary dismissals and/or withdrawals, and (b) the enforceability of such Court orders mandating specific numbers of dismissals and/or withdrawals not based upon a valid established bright line

    criteria including those authorized by FRCP Rules 11 and/or 37 and/or 28 U.S.C. Sections 1927 principles established, ante.

g. Long established Rules of Civil Procedure and are in place for both MDL, mass tort and individual conventional cases from start to finish even expedited.  They commence with (a) FRCP Rule 11, and (b) threshold expert gate-keeping determination of testifying experts under *Daubert v. Merrill Dow Pharmaceuticals*, 507 US 904, 113 S.Ct. 1245 (1993) and (c) can be concluded with Rule 56 dispositive Motions for Summary Judgment.  All may or are being circumvented here.  Among the many decisions warning about dangers and Constitutional violative of the Fourteenth Amendment due processes are implicated here, *Societe Internationale*, ante at p. 7-8, by such expedited "shortcut" judicial procedures invoked by Pfizer.  They are admittedly expedient.  They have been thus far been adopted in large part, if not wholly, by the Court Orders above of February 11 and written on March 21, 2011.  See Plaintiffs timely objected on April 4, 21011 ante. (Document No. 3389)

h. Cited in part here by Pfizer is *In re Phenylpropanolamine Products Liability Litigation (PPA)*, 460 F 3d 1217, 1246 (9th Cir. 2006).  It is cited by Pfizer in other panel decisions of the Ninth Circuit Court of Appeals the same day.

    See e.g.

    "…FN18.  The disposition as to *McGriggs* is authored by Judge Fisher, joined by judge D. Nelson. Judge Rymer dissents…"  (Id at 1246).

The case history is as follows:…

    "…[15] The *McGriggs* plaintiffs were dismissed because they filed severed complaints between August 9 and August 19, five weeks after the June 29, 2003 deadline set by CMO 15.  On August 26, at least a week *after* the *McGriggs* plaintiffs filed their severed complaints, the district court entered CMO 15A, which provided for dismissal with prejudice of all jointly filed complaints,

including the complaints of *1247 those like the *McGriggs* plaintiffs, for whom a timely severed complaint had not been filed by the June 29 deadline. Although Fed.R.Civ.P. 37(b)(2) and 41(b) provide notice that dismissal is a possible sanction for failure to obey pretrial discovery orders, *see Valley Eng'rs*, 158 F.3d at 1056-57, CMO 15 gave no explicit warning. And although the district court orally admonished plaintiffs that failure to file severed complaints could result in dismissal, it did so only on July 31, 2003 – more than a month after the June 29, 2003 deadline had passed…"

"…The court's rationale in entering CMO 15 was sensible: each defendant in MDL 1407 needed and was entitled to know the particular plaintiff who was suing it, why that plaintiff was suing it and which product was at issue. Applied to the *McGriggs* plaintiffs, this rationale does not justify the sanction they suffered…" (Id. at 1246-1247)

"…The *McGriggs* plaintiffs' failure timely to obey the court's orders was not prejudicial to the public's interest in the expeditious resolution of litigation or the court's management of the case, much less to defendants. Defendants did not lack details about the injuries alleged by the *McGriggs* plaintiffs. The defendants named in the original *McGriggs* complaint knew what they were defending against…"

"…The McGriggs plaintiffs blamed their noncompliance with CMO 15 on an oversight of their counsel, who did not think to file separate complaints because the original complaint specifically identified the products and defendants at issue. Given that these excuses were "anything but frivolous," defendants had an obligation to show *actual* prejudice suffered by the delay…"(emphasis the Court's) Id. at 1247

"…Fundamentally, the *McGriggs* plaintiffs' delay in providing information they had already given did not cause prejudice sufficient to warrant dismissal (as opposed to a different kind of sanction), especially in view of the public policy favoring resolution on the merits. "It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Foman v. Davis*, 371 U. S. 178, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962)…" Id at 1248

"…We also reject defendants' argument that if the district court excused the *McGriggs* plaintiffs for their late filing, it would have broadcast a message to all MDL 1407 litigants that CMOs could be disobeyed with impunity. Even were that true, dismissal was not the only sanction that could send the necessary message; lesser punishments tailored to the plaintiffs' violation can be equally effective…"

"…In sum, although we grant additional deference to a district court administering a MDL proceeding, due process and fundamental fairness may not

11

be sacrificed to <u>provide assembly-line justice</u>.  The *McGriggs* plaintiffs "retain [ed] their individual identities," *In re Career Academy Antitrust Litig.*, 57 F.R.D. 569, 570 (E.D.Wisc. 1972), when they were involuntarily transferred to MDL 1407, and their arrival in the litigation did not "change the [ir] rights [as] parties." *In re Equity Funding Corp. of America Sec. Litig.*, 416 F.Supp. 161, 176 (C.D.Cal. 1976) (quoting *Johnson v. Manhattan R.R.*, 289 U.S. 479, 496-97, 53 S.Ct. 721, 77 L.Ed. 1331 (1933)).  Because the district court failed to provide the *McGriggs* plaintiffs the <u>individualized consideration</u> to which they were entitled, we reverse its dismissal and remand for further proceedings…(all emphasis added throughout) Id. at 1250.

Plaintiffs adopt by reference per Rule 10(c) all factual allegations and above Exhibits and authorities in the contemporaneously filed "Schwartz Firm's Reply in Opposition to Pfizer, Inc. and Warner-Lambert Company, LLC's 'Motion to Impose Sanctions and Award Other Relief Due to the Schwartz Firm's Failure to Comply with Court Orders' (Document No. 3375)".

This Memorandum of Law is in support of such Schwartz parties above Reply in Opposition to Motion to Impose Sanctions and Award Other Relief Due to the Schwartz Firm's Failure to Comply with Court Orders" filed contemporaneously herein.  Although they originally addressed only Pfizer's original Motion to Impose Sanctions (Document No. 3375) they have also been expanded to include as a one workday permitted (Document No. 3396).

                                                                Respectfully submitted,

                                                                <u>/s/Newton B. Schwartz, Sr.</u>
Newton B. Schwartz, Sr.
1911 Southwest Freeway
Houston, Texas 77098
nbs@nbslawyers.com
Telephone: (713) 630-0708
Facsimile: (713) 630-0789

Jack W. Harang
JACK W. HARANG, APLC
228 St. Charles Ave., Suite 501

                                      New Orleans, LA 70130
                                      Telephone: (504) 581-7050
                                      Facsimile: (504) 581-7057

.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on this 11th day of April, 2011

                                      _/s/Newton B. Schwartz, Sr._____
                                      Newton B. Schwartz, Sr.