# EXHIBIT "D"

LAW OFFICES OF

# JACK W. HARANG, APLC

228 ST. CHARLES AVENUE, SUITE 501
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: (504) 581-7050
FAX: (504) 581-7057

April 11, 2011

Catherine Stevens                             *Via E-Mail: catherine.stevens@skadden.com*
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

Re:    Neurontin

Dear Ms. Stevens:

       In response to your letter dated April 7, 2011, to my understanding your previous requests have not been ignored but have been acted upon, not just written about.

       We, as you are well aware, have provided all of those records and answers that were available and in our possession at the time of the request. Several of the Plaintiffs have provided their supplemental information immediately before or at the time of the deposition. Several have said that the pendency of their deposition has made them go back and look in greater depth which as we all know is not unusual.

       Mrs. Lo reminded us that she on occasion had depositions and had received the supplemental responses request less than seven days before the deposition and in one case the day before the deposition. She provided what documents that were then in Plaintiffs' possession before the deposition. It is my understanding that we have provided you supplemental discovery responses on all but six of the clients and of those six, two are simply being withdrawn. Two are widows whose knowledge is limited but are continuing to investigate any possible further

answers. The last two (2) are searching diligently to gather the information to supplement their responses.

Your letter does bring the opportunity to let you know that per our agreement, for us to access medical information, for the Plaintiffs, that is acquired by the Defendants, that we are having a problem. We have been given access to this information from the MRC filing. However, this past week, I was defending the deposition of Joshua Martinez, Mrs. Teresa Huff's surviving son. We had searched, downloaded and abstracted all the medicals posted to that website. To my surprise, your affiliated lawyer began questioning from voluminous medical records and police records from Tennessee. We had never been advised of these providers and they had not been posted.

These particular providers treated Mrs. Huff in Tennessee. Her son who is the estate representative and who she lived with in New Mexico, at the time of her death, had no actual knowledge of her time in Tennessee. He should have had access to these records before his deposition. Perhaps you co-counsel is ordering these records from a different access point and has failed to advise MRC of the Plaintiffs' permitted access to these records. Please look into this so this problem won't be repeated.

Sincerely,

JACK W. HARANG

JWH/ah