UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------------------------x
: MDL Docket No. 1629
In re: NEURONTIN MARKETING, :
SALES PRACTICES AND : Master File No. 04-10981
PRODUCTS LIABILITY LITIGATION :
: Judge Patti B. Saris
----------------------------------------------------------x
: Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO: :
:
JOHNSON v. PFIZER INC. :
Individual Case No. 06-11882 :
:
----------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW
AS COUNSEL FOR PLAINTIFFS DANIEL JOHNSON AND SUSAN JOHNSON**

Pursuant to Local Rule 83.5.2(c) of the United States District Court for the District of Massachusetts, the law firm of Finkelstein & Partners, LLP, hereby moves for leave to withdraw as attorneys for Plaintiffs Daniel Johnson and Susan Johnson in the above-entitled cause.

On September 1, 2006, a complaint herein was filed by Plaintiffs against Defendants Pfizer Inc., Parke-Davis, a division of Warner-Lambert Company and Warner-Lambert Company LLC, Warner-Lambert Company, Warner-Lambert Company LLC, in the United States District Court for the Middle District of Florida.  Declaration of Kenneth B. Fromson at ¶ 3.

On October 16, 2006, the case was transferred from the U.S. District Court for the Middle District of Florida to the U.S. District Court for the District of Massachusetts and assigned Case No. 1:06-cv-11882-PBS.  Fromson Decl., ¶ 4.

Pursuant to the Order of Consolidation dated July 20, 2005, this case has been consolidated with the Neurontin MDL Litigation under MDL Docket No. 1629, D. Mass. Case

No. 04-10981.  Fromson Decl., ¶ 5.

By a Products Liability Case Management Order and Order Regarding Motions to Withdraw, filed November 9, 2007, the Court directed that in the individual products liability actions in this multidistrict litigation:

> By December 20, 2007, as to each individual action, Plaintiffs' counsel shall certify that: (1) they have conferred with the individual plaintiff; (2) the plaintiff intends to proceed with the litigation (absent a request for dismissal); (3) they have reviewed the relevant medical records and allegations in the complaint and (4) plaintiffs' counsel believes pursuit of the action is warranted.

Fromson Decl., ¶ 6.

On December 20, 2007, counsel for the individual products liability plaintiffs represented by the law firm of Finkelstein & Partners, LLP, filed a report in which counsel advised, *inter alia*, that "motions to dismiss the case or withdraw as counsel will be filed in 21 of the 93 individual cases," included in the within case.  Products Liability Plaintiffs' Report in Response to the Products Liability Case Management Order and Order Regarding Motions to Withdraw, Dated November 9, 2007, and in Response to the Court's Directives at the Discovery Hearing on December 18, 2007.  Fromson Decl., ¶ 7.

By a Discovery Order No. 19 - Products Cases, filed January 4, 2008, the Court directed, *inter alia*, that regarding the twenty-one Plaintiffs, counsel have indicated that counsel will file either a Motion to Dismiss or a Motion to Withdraw (included Plaintiffs in the within case), counsel shall resolve this question and either file stipulations of dismissal pursuant to Rule 41 or Motions to Withdraw, and that if Motions to Withdraw are contemplated, "Counsel must serve the attached Order Re:  Motion to Withdraw with service of the Motion."  Fromson Decl., ¶ 8.

On January 11, 2008, Plaintiffs' counsel filed a Motion for Leave to Withdraw as Counsel for Plaintiff Daniel Johnson.  Fromson Decl., ¶ 9.

In response to Plaintiffs' counsel's Motion for Leave to Withdraw, on or about February 25, 2008, Plaintiff Daniel Johnson filed a letter attaching hospital records. Fromson Decl., ¶ 10.

By Discovery Order No. 22, filed February 27, 2008, the Court advised, *inter alia*, that the Court would hold a hearing on the Motion to Withdraw on March 7, 2008 at 10:00 A.M., that each Plaintiff's counsel shall appear at that hearing, that Counsel for the Products Liability Plaintiffs Steering Committee are requested to inform the individual Plaintiffs Counsel of this Order, and that the individual Plaintiffs would be appearing by telephone. Fromson Decl., ¶ 11.

On February 28, 2008, Products Liability Plaintiffs' Liaison Counsel filed a Certificate of Service certifying that a copy of Discovery Order No. 22 was sent by certified mail return receipt requested to Plaintiff Daniel Johnson, 848 Iron Oak Drive, Orlando, FL 32809. Fromson Decl., ¶ 12.

On March 7, 2008, Electronic Clerk's Notes were entered in the Docket for Case No. 04-10981, advising, *inter alia*, as follows: "Court goes over the issues regarding counsel with Mr. Johnson; Mr. Johnson objects to counsel withdrawing and would like them to remain as counsel; The court will take the matter under advisement." Fromson Decl., ¶ 13.

By Discovery Order No. 25 - Products Cases, filed on June 19, 2008, the Court advised, *inter alia*, that "The Motion to Withdraw regarding Johnson is <u>DENIED</u>." Fromson Decl., ¶ 14.

Plaintiffs' counsel has previously spoken with Plaintiff Daniel Johnson concerning this case. Irreconcilable differences have developed between Plaintiffs and counsel regarding the direction of legal services that may be provided to Plaintiffs that preclude counsel from further representation of Plaintiffs in this case. Fromson Decl., ¶ 15.

A copy of the motion papers is also being been mailed this date, by certified mail, to Plaintiffs at their last known address. Fromson Decl., ¶ 16.

Finkelstein & Partners, LLP, therefore requests that this Court grant the law firm leave to withdraw as attorneys for Plaintiffs Daniel Johnson and Susan Johnson and allow Plaintiffs 60 days either to seek new counsel or to advise the Court that they will proceed with the prosecution of this action *pro se*.

The granting of the Motion for Leave to Withdraw will not delay the trial of this case since no final trial date has been set or agreed upon between the parties, and thus the granting of this motion would not be inequitable.

Contemporaneous with this Motion, a Notice by Certified Mail of this Motion has been forwarded to Plaintiffs.

In view of the above, Finkelstein & Partners, LLP, respectfully requests that the law firm be granted leave to withdraw as attorneys for Daniel Johnson and Susan Johnson.

Dated:  April __, 2011              Respectfully submitted,

                                    Finkelstein & Partners, LLP

                            By:     **/s/ Andrew G. Finkelstein**
                                    Andrew G. Finkelstein, Esquire
                                    Finkelstein & Partners, LLP
                                    1279 Route 300, P.O. Box 1111
                                    Newburgh, NY  12551

                                    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on April 14, 2011; and that this document has also been served on Plaintiffs by sending a copy of the document to Plaintiffs by certified mail return receipt requested at Plaintiffs' last known mailing address.

                                    **/s/ Andrew G. Finkelstein**
                                    Andrew G. Finkelstein