UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
                                                            :   MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                                :
        SALES PRACTICES AND                                 :   Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION                       :
                                                            :   Judge Patti B. Saris
------------------------------------------------------------x
                                                            :   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                                   :
                                                            :
JOHNSON v. PFIZER INC.                                      :
Individual Case No. 06-11882                                :
                                                            :
------------------------------------------------------------x

**DECLARATION OF KENNETH B. FROMSON IN SUPPORT
OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL
FOR PLAINTIFFS DANIEL JOHNSON AND SUSAN JOHNSON**

I, Kenneth B. Fromson, deposes and states as follows:

1. I am a partner with the law firm of Finkelstein & Partners, LLP, counsel for Plaintiffs Daniel Johnson and Susan Johnson in the above-entitled action.

2. This declaration is submitted in support of Plaintiffs' counsel's motion pursuant to Local Rules 7.1 and 83.5.2(c), for an order granting Plaintiffs' attorneys leave to withdraw as counsel of record for Plaintiffs in this action.

3. On September 1, 2006, a complaint herein was filed by Plaintiffs against Defendants Pfizer Inc., Parke-Davis, a division of Warner-Lambert Company and Warner-Lambert Company LLC, Warner-Lambert Company, Warner-Lambert Company LLC, in the United States District Court for the Middle District of Florida. M.D. Fla. Case No. 06-1311, ECF Doc. # 1; D. Mass. Case No. 06-11882, ECF Doc. # 7-3.

4.     On October 16, 2006, the case was transferred from the U.S. District Court for the Middle District of Florida to the U.S. District Court for the District of Massachusetts and assigned Case No. 1:06-cv-11882-PBS.  ECF Doc. # 5.

5.     Pursuant to the Order of Consolidation dated July 20, 2005, this case has been consolidated with the Neurontin MDL Litigation under MDL Docket No. 1629, D. Mass. Case No. 04-10981.  ECF Doc. # 6.

6.     By a Products Liability Case Management Order and Order Regarding Motions to Withdraw, filed November 9, 2007, the Court directed that in the individual products liability actions in this multidistrict litigation:

> By December 20, 2007, as to each individual action, Plaintiffs' counsel shall certify that: (1) they have conferred with the individual plaintiff; (2) the plaintiff intends to proceed with the litigation (absent a request for dismissal); (3) they have reviewed the relevant medical records and allegations in the complaint and (4) plaintiffs' counsel believes pursuit of the action is warranted.

D. Mass. Case No. 04-10981, ECF. Doc. # 949.

7.     On December 20, 2007, counsel for the individual products liability plaintiffs represented by the law firm of Finkelstein & Partners, LLP, filed a report in which counsel advised, *inter alia*, that "motions to dismiss the case or withdraw as counsel will be filed in 21 of the 93 individual cases," included in the within case.  Products Liability Plaintiffs' Report in Response to the Products Liability Case Management Order and Order Regarding Motions to Withdraw, Dated November 9, 2007, and in Response to the Court's Directives at the Discovery Hearing on December 18, 2007.  ECF Doc. # 1026, ¶ B, Ex. A.

8.     By a Discovery Order No. 19 - Products Cases, filed January 4, 2008, the Court directed, *inter alia*, that regarding the twenty-one Plaintiffs, counsel have indicated that counsel will file either a Motion to Dismiss or a Motion to Withdraw (included Plaintiffs in the within

case), counsel shall resolve this question and either file stipulations of dismissal pursuant to Rule 41 or Motions to Withdraw, and that if Motions to Withdraw are contemplated, "Counsel must serve the attached Order Re:  Motion to Withdraw with service of the Motion."  ECF Doc. # 1049.

9. On January 11, 2008, Plaintiffs' counsel filed a Motion for Leave to Withdraw as Counsel for Plaintiff Daniel Johnson.  ECF Doc. # 1071.

10. In response to Plaintiffs' counsel's Motion for Leave to Withdraw, on or about February 25, 2008, Plaintiff Daniel Johnson filed a letter attaching hospital records.  ECF Doc. # 1151.

11. By Discovery Order No. 22, filed February 27, 2008, the Court advised, *inter alia*, that the Court would hold a hearing on the Motion to Withdraw on March 7, 2008 at 10:00 A.M., that each Plaintiff's counsel shall appear at that hearing, that Counsel for the Products Liability Plaintiffs Steering Committee are requested to inform the individual Plaintiffs Counsel of this Order, and that the individual Plaintiffs would be appearing by telephone.  ECF Doc. # 1152.

12. On February 28, 2008, Products Liability Plaintiffs' Liaison Counsel filed a Certificate of Service certifying that a copy of Discovery Order No. 22 was sent by certified mail return receipt requested to Plaintiff Daniel Johnson, 848 Iron Oak Drive, Orlando, FL 32809.  ECF Doc. # 1154.

13. On March 7, 2008, Electronic Clerk's Notes were entered in the Docket for Case No. 04-10981, advising, *inter alia*, as follows:  "Court goes over the issues regarding counsel with Mr. Johnson; Mr. Johnson objects to counsel withdrawing and would like them to remain as counsel; The court will take the matter under advisement."

14. By Discovery Order No. 25 - Products Cases, filed on June 19, 2008, the Court advised, *inter alia*, that "The Motion to Withdraw regarding Johnson is <u>DENIED</u>." ECF Doc. # 1335, ¶ 2.

15. Plaintiffs' counsel has previously spoken with Plaintiff Daniel Johnson concerning this case.  Irreconcilable differences have developed between Plaintiffs and counsel regarding the direction of legal services that may be provided to Plaintiffs that preclude counsel from further representation of Plaintiffs in this case.

16. A copy of the motion papers is also being been mailed this date, by certified mail, to Plaintiffs at their last known address.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 14, 2011

          **/s/ Kenneth B. Fromson**
          Kenneth B. Fromson

          Finkelstein & Partners, LLP
          1279 Route 300, P.O. Box 1111
          Newburgh, NY  12551
          (800) 634-1212

          *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on April 14, 2011; and that this document has also been served on Plaintiffs by sending a copy of the document to Plaintiffs by certified mail return receipt requested at Plaintiffs' last known mailing address.

          **/s/ Kenneth B. Fromson**
          Kenneth B. Fromson