UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                            :

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | :  MDL Docket No. 1629<br>:<br>:  Master File No. 04-10981 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:  Judge Patti B. Saris

THIS DOCUMENT RELATES TO:
                            :  Magistrate Judge Leo T.
                            :  Sorokin

*Anderson, et al v. Pfizer, Inc., et al*, No. 06-11024-PBS;
*Accetullo, et al. v. Pfizer, Inc., et al.*, No. 06-10912-PBS;  :
*Brewster, et al. v. Pfizer Inc., et al.*, No. 06-11022-PBS;  :  **LEAVE GRANTED ON**
*Girard, et al. v. Pfizer Inc., et al.*, No. 06-11023-PBS.   :  **APRIL 20, 2011**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:

## REPLY MEMORANDUM IN SUPPORT OF PFIZER'S MOTION TO IMPOSE SANCTIONS AND AWARD OTHER RELIEF DUE TO THE SCHWARTZ FIRM'S FAILURE TO COMPLY WITH COURT ORDERS

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this Reply Memorandum in further support of their Motion to Impose Sanctions and Award Other Relief Due to the Schwartz Firm's Failure to Comply with Court Orders.

## BACKGROUND

The following brief chronology of this dispute is provided by way of background:

| | |
|---|---|
| Feb. 11, 2011 | The Law Offices of Newton B. Schwartz ("the Schwartz firm") advises the Court that it will soon dismiss or withdraw from over 40 cases. (*See* 2/11/11 Tr. [3355-4], at 13:20-14:11, 16:18-17:8.) |
| Feb. 11, 2011 | Magistrate Judge Sorokin enters the Court's Further Scheduling Order. [3287] |
| Feb. 14, 2011 | Deadline for the Schwartz firm to identify those cases it knew, as of February 11, that it intended to dismiss. [3287] |
| Feb. 17, 2011 | Following the Schwartz firm's failure to file the required list on February 14, Pfizer moves to compel compliance. [3298] |
| Mar. 11, 2011 | Deadline for the Schwartz firm to file a list of all of the other cases it intends to dismiss, as well as a motion to withdraw in any case in which it does not intend to proceed as counsel. [3287] |

| | |
|---|---|
| Mar. 14, 2011 | Following the Schwartz firm's failure to file the required list on March 11, Pfizer files its second motion to compel compliance. [3339] |
| Mar. 21, 2011 | Magistrate Judge Sorokin grants Pfizer's motion to compel and orders the Schwartz firm, *inter alia*, to show, by March 25, 2011, why sanctions should not be imposed.  [3358] |
| Mar. 25, 2011 | The Schwartz firm fails to file anything in response to the Magistrate Judge's March 21, 2011 Order. |
| Mar. 29, 2011 | Pfizer moves for sanctions.  [3375][1] |
| Apr. 4, 2011 | The Schwartz firm files Objections to the Magistrate Judge's March 21, 2011 Order, but only after the deadline for compliance has passed and without seeking a stay of the Order.  [3389] |
| Apr. 8, 2011 | Pfizer responds to the Schwartz firm's Objections to the Magistrate Judge's March 21, 2011 Order.  [3393] |
| Apr. 11, 2011 | The Schwartz firm responds to Pfizer's Motion for Sanctions. [3401, 3402] |

As set out above, Pfizer filed this motion for sanctions only after the Schwartz firm failed to comply with three Court-ordered deadlines.  First, the Schwartz firm failed to "file by the close of business February 14, 2011 a list of the cases . . . it intends to dismiss."  (2/11/11 Further Scheduling Order [3287].)  Second, the Schwartz firm failed to file "[n]o later than March 11, 2011, . . . a list of all of the other cases it intends to dismiss as well as a motion to withdraw in any case in which it does not intend to proceed as counsel."  (*Id.*)  Third, the Schwartz firm failed to file anything on March 25, 2011, in response to the Magistrate Judge's March 21, 2011 Order which required, among other things, that the Schwartz firm explain its prior non-compliance and show cause why it should not be sanctioned.  (*See* Order on Pending Scheduling and Discovery Motions [3358] at 2-3.)

Unlike many discovery or procedural disputes, this motion does not require either a

---

[1] The Schwartz firm inaccurately claims that Pfizer's motion "was not received until Friday evening at 5:00 p.m. (CST) on April 8, 2011."  (Schwartz Opp. Mem. [3402], at 2.)  Not only did Pfizer serve electronically redacted documents in support of its motion [3375] on March 29, 2011, pursuant to Case Management Order #3, it also sent the Schwartz firm via email unredacted copies of the supporting memorandum and exhibits filed under seal on that same date.  (*See* Ex. A, 3/29/11 K. Arthur email.)  The documents filed on April 8, 2011 were unredacted copies, which Pfizer subsequently filed to comply with the Court's Confidentiality Order.  (*See* Notice of Filing [3399].)

quantitative or qualitative assessment of the sufficiency of any attempted compliance with court orders.  Here, non-compliance was both absolute and unexplained.  The Schwartz firm filed none of the documents required by the Magistrate Judge's Orders, did not respond to two motions to compel filed by Pfizer, did not seek an extension of time to comply with the Court's Orders, and failed to timely object to the Magistrate Judge's February 11, 2011 Order.  While the Schwartz firm did object to the most recent Order of the Magistrate Judge, it did not seek a stay of the Order and was already in violation of the Order by the time it filed its Objections.

The excuses and attempts to rationalize its behavior that the Schwartz firm now offers are a mix of non-sequiturs and distortions of the record.[2]  As discussed below, the Schwartz firm has provided no legitimate excuse for its repeated failures to comply with the Orders of this Court. The relief sought by Pfizer's motion is reasonable and specifically targeted at redressing the burdens and difficulties created by the Schwartz firm's failure and, for the reasons discussed below, should be granted.

## ARGUMENT

## I.     The Schwartz Firm Has Offered No Legitimate Excuse For Its Willful Violation Of Court Orders

The Magistrate Judge's Orders were well within his case management authority and necessary to the efficient allocation of resources by both the Court and the parties in this multidistrict litigation.  The Magistrate Judge did not dismiss any of the Schwartz cases in connection with these most recent proceedings.[3]  The Magistrate Judge did not order that the Schwartz firm dismiss specific cases or withdraw from certain cases.[4]  The Magistrate Judge did

---

[2] Many of the arguments made by the Schwartz firm have previously been addressed in Pfizer's Memorandum in Opposition to the Schwartz Firm's Objections to Magistrate Judge's Orders and Motion for Other Relief [3393], incorporated here by reference.

[3] The Court has previously dismissed certain Schwartz cases for discovery non-compliance.

[4] As an example of the Schwartz firm's mischaracterization of the Magistrate Judge's Orders, the firm continues to insist that the Court levied "Orders requiring dismissal or withdrawal from Rule 11 valid cases . . . ."  (Schwartz Opp. Mem. [3402], at 8.)

not impose any quotas on the Schwartz firm.  The Magistrate Judge did not establish any criteria that the Schwartz cases must meet, beyond the good faith basis following a reasonable investigation required by Federal Rule of Civil Procedure 11 and the Court's prior certification procedure.  Instead, based upon the Schwartz firm's own representations that it would be proceeding with less than half of the cases it currently has pending, the Magistrate Judge's Orders sought information:  Which cases are going forward and which are not.  The most recent Order gave the Schwartz firm an opportunity to explain its prior non-compliance.  There was no reason for the Court's Orders to be met with silence.  The Court's Orders created neither hardship nor any ethical dilemmas, and certainly did not result in a denial of due process.[5]  The Schwartz firm's arguments to the contrary all depend upon gross distortions of what was required by the Magistrate Judge's Orders.

The Schwartz firm is right about one thing:  Pfizer does presume that all orders issued by the Magistrate Judge are valid and must be obeyed unless modified by the District Court. (Schwartz Opp. Memo. [3401], at 2.)  In contrast, the Schwartz firm wrongly assumes that it need not follow orders issued by Magistrate Judge Sorokin until, and only if, approved by Judge Saris.  As an initial matter, the Schwartz firm never objected to the Magistrate Judge's February 11, 2011 Order and cannot now excuse its failure to do so by arguing that it was somehow subsumed into the March 21, 2011 Order.  Moreover, the mere fact that a Court order may later be modified is not a legitimate excuse for noncompliance prior to any theoretical modification. If the Schwartz firm wanted to be relieved of the obligation to comply until its Objections could be heard, it was incumbent on it to seek a stay of the March 21, 2011 Order.  *See, e.g.*, *United*

---

[5] *Societe Internationale v. Rogers*, 357 U.S. 197 (1958), cited by the Schwartz firm in support of its vague "due process" argument, is inapposite.  In *Societe Internationale*, the Supreme Court overturned a lower court's imposition of dismissal as a discovery sanction due to a foreign national's failure to produce documents where "production of documents in Switzerland pursuant to the order of a United States court might violate Swiss laws."  *Id.* at 211.  The Court held that dismissal as a sanction was not warranted under the facts of that case absent "willfulness, bad faith, or any fault of petitioner."  *Id.* at 212. However, in this case, unlike *Societe Internationale*, Pfizer has not requested dismissal of any case as a sanction, and the Schwartz firm has presented no legitimate excuse for its willful failure to comply with multiple Court Orders.

*Electric Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1098 (1st Cir. 1992); *In re Novak*, 932 F.2d 1397, 1401 (11th Cir. 1991).

The other excuses by the Schwartz firm for its violations of the Court's Orders are as unavailing as its claimed ethical quandaries.  First, the number of hours spent by the Schwartz firm and its affiliated counsel on these cases (Schwartz Opp. Mem. [3401], at 3-6) is irrelevant. And, since this is not a motion to compel discovery responses, the fact that the Schwartz firm has provided some answers to interrogatories and some medical records (*id.* at 13-14) has nothing to do with the instant dispute.[6]

In addition, rather than explain its willful noncompliance, the Schwartz firm attempts to shift blame to nearly everyone else associated with this litigation, including members of the Plaintiffs' Steering Committee.  But it is the Schwartz firm's responsibility to evaluate its own cases, not liaison counsel.  Whether the Schwartz firm has taken a "backseat" to other counsel in this litigation (*id.* at 12) is of no moment.

Finally, the Schwartz firm cannot excuse its own noncompliance by arguing that the Boone Law Firm's failures were more egregious (*id.* at 12).

## II.     The Relief Pfizer Seeks Is Reasonable And Appropriate

Just as the Magistrate Judge's Orders were not the Draconian commands described by the Schwartz firm, Pfizer did not, as the Schwartz firm implies, seek dismissal as a sanction. Instead, the remedies requested by Pfizer are tailored to the specific hurdles to the reasonable administration of this litigation that the Schwartz firm's recalcitrance has caused.

First, given the Schwartz firm's failure to comply with the Court's Orders, its recent attempt to disavow prior representations made ***repeatedly*** to this Court and Pfizer's counsel, and its now admitted inability to determine which of its cases should go forward and which should not, it is impossible to determine which cases should be subject to further, more expensive

---

[6] Pfizer reserves the right to separately challenge the sufficiency of the Schwartz firm's discovery responses, but that is not the subject of the instant motion.

discovery.[7]  Given the substantial doubt about which cases both Plaintiffs and their counsel intend to press forward, Pfizer requested that the Court order the Schwartz firm to re-certify all of its cases, this time with an affidavit signed by each Plaintiff.  The proposed procedure is intended to assure both that a reasonable investigation has been conducted and that the Schwartz firm's clients are cognizant of their discovery obligations and their potential liability for costs if they pursue a claim lacking a reasonable good faith basis.[8]

Second, the Schwartz firm's failures have already resulted in a significant waste of resources and prejudice to Pfizer.  Pfizer has been forced to travel to remote locations to take depositions in cases that were later dismissed.  (*See* Pfizer's Resp. to Gilbow Mot. to Dismiss [3352].)  Pfizer was forced to file two motions to compel and this motion for sanctions, and to respond to the Schwartz firm's Objections to the Magistrate Judge's March 21, 2011 Order.  Most of this expense could have been avoided had the Schwartz firm simply complied with the Magistrate Judge's February 11, 2011 Order.

Third, in order to minimize any additional waste of resources, Pfizer asked to be relieved from the obligation to take further depositions in the Schwartz cases or to mediate the Schwartz cases until this Court resolves Pfizer's motion.

Finally, Pfizer suggested that the Court might, in its discretion, impose a monetary sanction on the Schwartz firm to motivate compliance with the Court's Orders.

## III.   The Schwartz Firm's Request To Reinstate Certain Cases Should Be Denied

The Schwartz firm appears to reiterate its request, made in its Objections to the

---

[7] On April 12, 2011, a day after responding to Pfizer's motion, the Schwartz firm sent Pfizer's counsel a "Potential Withdraw List" identifying 15 Plaintiffs.  The Schwartz firm has not, however, filed motions with withdraw as to these Plaintiffs.

[8] As part of its blame-shifting (*see infra* Section I), the Schwartz firm asserts that its violations are due in part to the "inability [of its clients] to cooperate fully," who, according to the Schwartz firm are "mostly and largely psychologically impaired disabled and/or disoriented."  (Schwartz Opp. Mem. [3402], at 8-9.)  Initially, the Schwartz clients are not so incapacitated that they were unable to file suit or, at least partially, respond to discovery.  Nor has the Schwartz firm ever sought to have guardians appointed for any of them.  Moreover, this argument only highlights the need for client affidavits to assure that they fully appreciate what litigating their claims will entail.

Magistrate Judge's March 21, 2011 Order, that certain previously dismissed cases be reinstated. (*See* Schwartz Opp. Mem. [3402], at 3-6.)  The Schwartz firm still provides no explanation for why it failed to oppose Pfizer's motion to dismiss filed *five months ago*, on December 7, 2010. In at least one case (Mr. Gordon), the Schwartz firm no longer seeks reinstatement, but asks to be allowed to withdraw retroactively from representation.   (Schwartz Opp. Memo. [3401], at 7.) Such requested relief is patently improper.  The Schwartz firm has established no legitimate reason to revisit the Court's January 3, 2011 Order dismissing those cases and, therefore, its "motion to reinstate" or to permit retroactive withdrawal should be denied.

## CONCLUSION

For the reasons stated above and in Pfizer's other supporting memoranda, the Court should grant the relief requested in Pfizer's Motion for Sanctions and Other Relief [3375]. Additionally, to the extent the Schwartz firm's recently-filed memoranda [3401, 3402] are intended to constitute a reply in further support of its Objections to the Magistrate Judge's Orders of March 21, 2011 and for Other Relief [3389], the Court should deny those Objections and motion to reinstate.

Dated: April 20, 2011

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP

By:  /s/ Mark S. Cheffo
     Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000
Mark.Cheffo@skadden.com

ROPES & GRAY LLP

By:    /s/ Ana M. Francisco
       Ana M. Francisco
       BBO # 564346

Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel:  (617) 951-7000

*Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on April 20, 2011.

/s/Ana M. Francisco
Ana M. Francisco