**UNITED STATES OF AMERICA**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE NEUORONTIN PRODUCTS LIABILITY LITIGATION    ) ) ) ) | |
| THIS DOCUMENT RELATES TO:    ) ) | |
| Allen et al. v. Pfizer, Inc.    ) No.  07-cv-10834-PBS    ) ) | CIVIL ACTION NO. 04-10981-PBS |
| Cooper et al. v. Pfizer, Inc.    ) No.  05-cv-10834-PBS    ) ) | |
| Anderson et al. v. Pfizer, Inc.    ) No.  05-cv-10835-PBS    ) ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION OF ORDER, TO ALTER OR AMEND ORDER, FOR RECONSIDERATION**

COMES NOW, Plaintiffs, by and through undersigned attorney, pursuant to Federal Rules of Civil Procedure 59 (e) and 60 and submit their MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION OF ORDER, TO ALTER OR AMEND ORDER, FOR RECONSIDERATION, as follows:

I.  LEGAL STANDARD

Under Fed. R. Civ. P. Rule 59(e), district courts have considerable discretion in deciding whether to grant or deny a motion to alter or amend a judgment, to correct an error of law or fact, or to prevent manifest injustice.  *Venegas-Hernandez v. Sonolux Records*, 370 F. 3d 183, 190 (1st Cir. 2004)

Under Fed. R. Civ. P. Rule 60 provides that District Court may correct a mistake arising from oversight or omission whenever one is found in a judgment or order at any time before an appeal is made.

II.  ARGUMENT:

### A.  Plaintiffs Ellaweise Lacy, Annie Gatewood, Josephine Jackson, and Deloris Powell should be  listed on Appendix F only

The Court's Memorandum and Order of April 5, 2011 should be clarified because the Order indicates that in cases where the plaintiffs have already been deposed that dismissal of such cases would be too harsh. (Doc. 3390, pg. 15) The Court's Order however only listed ten (10) of such plaintiffs on Appendix F.[1]  Actually twenty one (24) plaintiffs have been deposed.[2] Most importantly, four (4) Plaintiffs Ellaweise Lacy, Annie Gatewood,  Josephine Jackson, and Deloris Powell have been deposed, but they are mistakenly not listed on Appendix F of the Court Order.  (See Notice of Deposition relating to aforesaid plaintiffs, Exhibits 1, 2, 3, and 4, respectively).  Plaintiffs Ellaweise Lacy, Josephine Jackson, and Deloris Powell are incorrectly listed on Appendix D.

---

[1] The April 5, 2011 Court Order at Appendix F lists ten (10) Plaintiffs Shirley Drennan, Catherine Duvall, Jerry Lowe, Jerry Price, Vanessa Scott, Lashonda Skinner, Louisa Smith, Michael Trim, Deborah Watson, and Joyce Watson as having being deposed.

[2] Plaintiffs Jessie Allen, Jerrell Bearden, Jacqueline Kendrick, Birdie Langdon, Maybelle Newsome, Roy Carroll, James Hunter, Lee Haley, Ellaweise Lacy, Annie Gatewood, Josephine Jackson, Deloris Powell, Bobbie Bryson, and Henry Landrum were also deposed.

Plaintiff Annie Gatewood is incorrectly listed on Appendix on E.  Appendices D and E are designated for plaintiffs whose cases are dismissed with prejudice.

The other deposed plaintiffs, Jessie Allen, Jerrell Bearden, Jacqueline Kendrick, Birdie Langdon, Maybelle Newsome, Roy Carroll, James Hunter and Lee Haley are only mischaracterized, but notwithstanding their cases are still active by virtue of these Plaintiffs being included on Appendix G of the Court which lists the remaining active plaintiffs.

Clarification is sought as to whether the Plaintiffs Ellaweise Lacy, Josephine Jackson, and Deloris Powell should be removed from Appendix D and listed on Appendix F only. Alternatively, Plaintiffs request reconsideration of that part of the Order that lists Plaintiffs Ellaweise Lacy, Josephine Jackson, and Deloris Powell on Appendix D.

### B.  Plaintiff Jerry Lowe should be listed on Appendix F only

Plaintiff Jerry Lowe, who has been deposed, is listed on both Appendix F and Appendix E.  Appendix E contains plaintiffs whose cases are dismissed with prejudice.

Clarification is sought as to whether Plaintiff Jerry Lowe should be listed only on Appendix F and removed from Appendix E.  Alternatively, Plaintiffs request reconsideration of that part of the Order that lists Jerry Lowe on Appendix E.

### C.  68 Plaintiffs' Verifications were contained on the Jump-Drive mailed to the Court

The Court Order at page 6, footnote 3 indicates that the 68 interrogatory responses submitted by Mr. Boone were not signed by the Plaintiffs.  However the jump-drive containing exhibits that were submitted to the Court by Mr. Boone contained the 68 interrogatory responses and signed verifications by the Plaintiffs. (See 2/25/11 letter to

Steve York, Exhibit 5)  A look at the jump-drive will show the verifications.  The fact of

the verifications being contained on the jump-drive was pointed out in the cover letter.

Plaintiffs seek clarification as to whether the 68 plaintiffs or any of them should be

included on Appendix G.

**D.  Attorney Fees were not awarded by U. S. Magistrate Judge and no objection by Defendant to the Report and Recommendation that did not award attorney fees**

The U. S. Magistrate Judge Report and Recommendation of February 3, 2011 (Doc.

3276) did not include an award of attorney fees.  The Defendants did not file an objection

to the U. S. Magistrate Judge Report and Recommendation.  Accordingly the Plaintiffs

seek reconsideration by the Court of the award of attorney fees in light of attorney fees

not being a part of the Report and Recommendation nor was the absence of an award of

attorney fees objected to by Defendants.

**E.   Plaintiff Annie Edwards should be listed on Appendix G only.**

Plaintiff Annie Edwards, who has been deposed, is listed on both Appendix F and

Appendix E.  Appendix E contains plaintiffs whose cases are dismissed with prejudice.

Clarification is sought as to whether Plaintiff Annie Edwards should be listed only on

Appendix F and removed from Appendix E.  Alternatively, Plaintiffs request

reconsideration of that part of the Order that lists Annie Edwards on Appendix E.

**III. Conclusion**

As of the date of the filing of the instant Motion, a Notice of Appeal has not been

effectuated relating to the Memorandum and Order issued by the Court on April 5, 2011.

The entry of judgment relating to the Memorandum and Order of April 5, 2011in

these cases has not been made at the time of the filing of instant Motion.

A miscarriage of justice will occur if the errors pointed out herein are not corrected.

Wherefore Plaintiffs request that the Court grants the MOTION FOR CLARIFICATION

OF ORDER, TO ALTER OR AMEND ORDER, FOR RECONSIDERATION and

modify the April 5, 2011 Order accordingly.

Respectfully Submitted,

/s/ Levi Boone, III

**BY:**_____

Levi Boone, III, MSB #3686
**BOONE LAW FIRM, P.A**.
401 West Sunflower Avenue
Post Office Box 1772
Cleveland, MS 38732
TEL: 662-843-7946
FAX: 662-843-7950

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served

pursuant to Case Management Order #3 on April 27, 2011.

/s/   Levi Boone, III.
Levi Boone, III