UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x
In re: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

------------------------------------------------x
THIS DOCUMENT RELATES TO:
*Allen, et al. v. Pfizer, Inc. et al*, 1:07-cv-11795-PBS;
*Anderson, et al. v. Pfizer, Inc. et al.*, 1:05-cv-10835-PBS;
*Cooper, et al. v. Pfizer Inc. et al.*, 1:05-cv-10834-PBS

------------------------------------------------x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

**MEMORANDUM IN OPPOSITION TO MOTION FOR CLARIFICATION
OF ORDER, TO ALTER OR AMEND ORDER, OR FOR RECONSIDERATION**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") respectfully submit this memorandum in opposition to the Boone Law Firm's motion for clarification, to alter or amend, or for reconsideration of the Court's April 5, 2011 Order. For the reasons explained below, the Boone Law Firm's motion should be denied. To the extent the Court moves the claims of certain Plaintiffs to Appendix F, Pfizer respectfully requests that the Court award Pfizer's costs for the second day of depositions in those cases as well.

A.   The Boone Law Firm Failed To State A Basis For Reconsidering The Court's Fee Award

When Pfizer initially filed its motion to compel in these cases, it requested an award of reasonable expenses, including attorneys' fees, in accordance with Federal Rules of Civil Procedure 37(a)(5)(A) and 37(b)(2)(C). Both of those provisions provide that, if the moving party prevails in its discovery motion, the court "must" order that the non-moving party or his counsel pay the moving party's reasonable expenses unless certain enumerated exceptions apply. Under Rule 37(a)(5)(A), the non-moving party "whose conduct necessitated the motion" to compel must pay the moving party's expenses if he cannot show one of three exceptions listed in subsections (i) to (iii) applies. Likewise, under Rule 37(b)(2)(C), a party against whom sanctions are ordered must pay the moving party's expenses in bringing the motion unless he can show that the "failure was substantially justified or other circumstances make an award of expenses

unjust." The Boone Law Firm did not – nor does it now – attempt to show that its failures in discovery were "substantially justified" or that there was any other reason why expenses should not be awarded under Rules 37(a)(5)(A) and 37(b)(2)(C). Thus, the Boone Law Firm has failed to show that Pfizer is not entitled to the costs and attorneys' fees incurred in bringing its motion. *See* Fed. R. Civ. P. 37(b) advisory committee notes ("The provision places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust.").

Instead of addressing the applicable legal standard, the Boone Law Firm argues that "Defendants did not file an objection to the U.S. Magistrate Judge Report and Recommendation." (Memo. in Supp. of Mot. for Reconsideration [3435], at 4.) That argument is irrelevant, however, and serves as a mere distraction. Magistrate Judge Sorokin did not deny any of the relief requested in Pfizer's motion, and therefore there was no adverse ruling to which Pfizer could have objected. The Boone Law Firm seems to argue that the Magistrate Judge implicitly denied Pfizer's request for attorneys' fees, but that was clearly not the case; Magistrate Judge Sorokin's Report and Recommendation did not address and contained no recommendation regarding attorneys' fees. (*See generally* Report and Recommendation [3276].) As such, Pfizer's application for costs and attorneys' fees was still pending at the time this Court issued its Order on April 5, 2011. When this Court affirmed in its entirety the Magistrate Judge's allowance of Pfizer's motion to compel and partially affirmed dismissal of certain Boone Plaintiffs, it appropriately granted Pfizer's request for expenses and attorneys' fees. The Court was well within its power and discretion in doing so, and it would not have been in the interest of judicial economy to send the issue of costs and attorneys' fees back to the Magistrate Judge for a ruling at that time. Considering that the Boone Law Firm has not even attempted to argue that Plaintiffs' failures in discovery were justified or that the Court's award of costs and attorneys fees is unjust, there is no reason for this Court to revisit its ruling.

B.  The Court Should Award Pfizer Additional Costs In Cases Where Plaintiffs Have Been Previously Deposed

The Boone Law Firm concedes that 8 Plaintiffs, who had been deposed once before the Court's Order, were listed in Appendix G (cases where depositions have not occurred) when they should have been listed in Appendix F (cases where depositions have occurred). (*See* Memo. in Supp. of Mot. for Reconsideration [3435], at 3.)  These Plaintiffs are Jessie Allen, Jerrell Bearden, Jacqueline Kendrick, Birdie Langdon, Maybelle Newsome, Roy Carroll, James Hunter, and Lee Haley, and most of them were deposed between the time the motions were filed and the Order was entered. (*Id.*)  In addition to the 8 Plaintiffs mentioned in the Boone Law Firm's motion, 3 other Plaintiffs – Bobbie Bryson, Henry Landrum, and Dawn Lepard – also appear in Appendix G even though they have already been deposed.  This Court ordered that, in cases where Plaintiffs have already been deposed once, Plaintiffs must "pay the defendants' costs for the second day of depositions." (4/5/11 Order [3390], at 2; *see also id.* at 15 (explaining that "newly disclosed information that should have been provided to defendants years ago" forced Pfizer to keep depositions of Plaintiffs open).)  To the extent the Court modifies its Order in this regard, as requested by Plaintiffs, the Court should also modify its Order by clarifying that these 11 additional Plaintiffs are liable for Pfizer's costs for the second day of depositions in those cases.  Similar to the earlier group of Plaintiffs listed in Appendix F, these Plaintiffs' depositions were also left open because of the paucity of written discovery information available going into their depositions.

The Boone Law Firm's motion for reconsideration also requests that the Court reinstate the claims of 5 Plaintiffs – Ellaweise Lacy, Josephine Jackson, Deloris Powell, Annie Greenwood, and Jerry Lowe[1] – because they had already been deposed once prior to the Court's

---

[1] The Boone Law Firm also seeks clarification as to whether Plaintiff Jerry Lowe should have

3

Order. If the Court grants that request, it should also order that those Plaintiffs will be liable for Pfizer's costs for the second day of depositions.

C.   The Court's Dismissals Were Not Based on Plaintiffs' Failures To Verify Interrogatory Responses

The Boone Law Firm claims that it belatedly sent the Court a jump-drive containing some verifications for 68 Plaintiffs' interrogatory responses,[2] and it requests – without support – that the Court reconsider "whether the 68 plaintiff[s] or any of them should be included in Appendix G." (Memo. in Supp. of Mot. for Reconsideration [3435], 3-4.) As an initial matter, 30 of those Plaintiffs[3] to which the Boone Law Firm alludes are already listed in either Appendix F or G, and therefore their cases were not subject to dismissal under the April 5, 2011 Order.

As to the other 38 Plaintiffs whose cases were dismissed, the Boone Law Firm has failed to show a legitimate reason for the Court to reconsider its dismissal of those claims based on the information contained in the jump drive. First, this jump drive does not constitute "new evidence" of the type that would support reconsideration because it was available to the Court when it issued the Order in question. *See Palmer v. Champion Mortg.*, 465 F.3d 24, 31 (1st Cir. 2006) (finding assertion that a court simply "overlooked" previously-submitted evidence does not provide an adequate basis for a motion to reconsider). Second, the lack of interrogatory verifications was not one of the bases that the Court gave for dismissing the claims of those

---

been listed in Appendix E or F, and whether Plaintiff Annie Edwards should have been listed in Appendix E or G. (*See* Memo. in Supp. of Mot. for Reconsideration [3435], at 3-4.) Pfizer notes that it did not request entry of judgment with regard to the claims of Edwards or Lowe. (*See* Pfizer's Request for Entry of Judgment [3413].)

[2] Contrary to the Boone Law Firm's claim, the files in the jump drive do not include verifications for all interrogatory responses contained therein. At least 4 of the discovery responses included in the jump drive are missing Plaintiffs' verifications.

[3] Plaintiffs listed in Appendix F or G whose interrogatory responses are contained in the jump drive include the following: Shirley Drennan, Catherine Duvall, Lashonda Skinner, Louisa Smith, Michael Trim, Deborah Watson, Joyce Watson, Jessie Allen, Vivian Allen, Jerrell Bearden, Darrell Brooks, Thomas Brown, Bobbie Bryson, Roy Carroll, Mary Cooper, Linda Cunningham, Estate of Aliece Garrett, Lee Haley, James Hunter, Elizabeth Knight, Pearlie Maddox, Lolita Myers, Maybelle Newsome, Hershel Jack Price, Patricia Rhodes, Frank Smith, Jannie Smith, Michaelon Weatherby, Francis Womack, and Re'Shedia Young.

4

Plaintiffs; rather, those cases were dismissed for other independent reasons. While the Court criticized the Boone Law Firm for submitting Plaintiffs' interrogatory responses without first having its clients verify and sign their answers,[4] (*see* 4/5/11 Order [3390], at 7 (observing that the Boone firm's submission of unsigned responses constituted "serious misconduct")), the Court's Order made clear that the Boone Law Firm's failure to verify interrogatory responses was *not* one of the criteria applied to determine which cases should be dismissed at that time.

The Court's Order organized all Boone cases into 7 appendices (A through G), and dismissed cases appearing in Appendices A through E. In its analysis, the Court did not use the absence of signatures as a criterion for placing any particular case into one category or another. Appendix A comprised Plaintiffs who failed to provide any interrogatory responses; Appendix B consisted of Plaintiffs who failed to provide authorizations for medical records; Appendix C listed those who failed to list medical providers; Appendix D was composed of Plaintiffs who failed to disclose "the most basic information in this case," including the dates they used Neurontin and the physician who prescribed it; Appendix E comprised Plaintiffs who provided basically no response to Interrogatory No. 11; Appendix F listed Plaintiffs who had been deposed at the time the motion was filed; and Appendix G contained all remaining Plaintiffs. Plaintiffs who failed to sign their interrogatory responses, but did not meet the criteria to be included in Appendices A through F, were listed in Appendix G, and their claims were not designated for dismissal as of April 5, 2011. (*See* 4/5/11 Order [3390], at 9-11.) Given the Court's criteria, the issue of whether a Plaintiff signed his or her interrogatory answer was irrelevant to whether the Court designated his or her case for dismissal. Indeed, the Court explained that "many of [the Appendix G Plaintiffs'] interrogatory responses were not verified," which is contrary to the Boone Law Firm's argument in favor of reconsideration. (4/5/11 Order [3390], at 10.)

---

[4] Magistrate Judge Sorokin also criticized the Boone Law Firm's failure to obtain its clients' signatures before sending discovery responses on their behalf. (*See* Report and Recommendation [3276], at 17-19.)

5

Because the Court did not consider the lack of verifications dispositive, evidence allegedly showing verifications in certain cases fails to establish manifest error or any other basis for reconsidering the Court's Order. Regardless of whether Plaintiffs had signed their supplemental interrogatory responses, the Court had an independent and adequate basis, which the Boone Law Firm does not challenge, for dismissing their cases.

## **CONCLUSION**

For the reasons stated herein, the Court should deny the Boone Law Firm's Motion for Reconsideration.

Dated: May 5, 2011                                       Respectfully submitted,

                                                  SKADDEN, ARPS, SLATE,
                                                    MEAGHER & FLOM LLP

                                              By:     /s/ Mark S. Cheffo
                                                        Mark S. Cheffo

                                              Four Times Square
                                              New York, NY 10036
                                              Tel:  (212) 735-3000

                                              -and-

ROPES & GRAY LLP

By: /s/ Ana M. Francisco
Ana M. Francisco
BBO #564346

Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Email: ana.francisco@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on May 5, 2011.

/s/ Ana. M. Francisco
Ana M. Francisco

7