UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------x
                                                 :   MDL Docket No. 1629
In re:  NEURONTIN MARKETING, SALES               :
        PRACTICES AND PRODUCTS                   :   Master File No. 04-10981
        LIABILITY LITIGATION                     :
                                                 :
-------------------------------------------------x   Judge Patti B. Saris
                                                 :
THIS DOCUMENT RELATES TO:                        :   Magistrate Judge Leo T.
                                                 :   Sorokin
ALL BOONE PRODUCT LIABILITY ACTIONS              :
                                                 :
                                                 :
                                                 :
-------------------------------------------------x
```

**MOTION FOR RELIEF FROM**
**MAY DEPOSITIONS IN THE BOONE CASES**

Defendants Pfizer Inc and Warner-Lambert Company LLC (together, "Pfizer" or "Defendants") respectfully request that this Court allow that the depositions of the 10 Plaintiffs listed in Appendix F of the Court's April 5, 2011 Order be postponed, and that depositions in the Boone cases resume in June 2011. Plaintiffs' counsel Levi Boone consents to the relief requested herein.

On April 5, 2011, the Court entered an Order dismissing the claims of all Plaintiffs represented by the Boone Law Firm except for 10 Plaintiffs listed in Appendix F[1] and 41 Plaintiffs listed in Appendix G of that Order.[2] (4/15/11 Order [3390].) Prior to that Order, Pfizer had started the depositions of Plaintiffs listed in Appendix F, but the Court found that "serious concerns were raised by" these initial depositions. (*Id*. at 10.) Due to Plaintiffs' incomplete and inadequate responses to written discovery, Pfizer

---

[1] Plaintiffs listed in Appendix F are Shirley Drennan, Catherine Duvall, Jerry Lowe, Jerry Price, Vanessa Scott, Lashonda Skinner, Louisa Smith, Michael Trim, Deborah Watson, and Joyce Watson. (4/05/11 Order [3390], at 27.)

[2] With regard to the 41 Plaintiffs in Appendix G, the Court granted Pfizer's motion to compel and required that those Plaintiffs supplement their discovery responses by May 5, 2011. Pfizer needs time to evaluate the information and materials provided to determine whether they comply with the Court's Order, and to collect materials from any newly-disclosed providers or entities, before taking depositions in these cases.

Case 1:04-cv-10981-PBS   Document 3451   Filed 05/06/11   Page 2 of 4

learned for the first time at their depositions "about treatment providers not previously disclosed, undisclosed medical records in plaintiffs' possession, and newly alleged injuries." (*Id.*)  Plaintiffs' failures to comply with their discovery obligations deprived Pfizer of a fair opportunity to depose them on relevant matters.  The Court ordered that: (1) Pfizer be allowed to conduct a second day of depositions for those 10 Plaintiffs; and (2) Plaintiffs pay Pfizer's costs for the second day of depositions.  (*See id.* at 2.)  The Court also ordered that depositions should resume at the rate of 15 days per month.  (*Id.* at 19.)

Additional medical and other relevant records needed to be collected from those providers identified for the first time at the depositions before Plaintiffs' depositions could be resumed.  Since the Court's April 5, 2011 Order, Pfizer has been making diligent efforts evaluate the substantial quantity of information learned and materials provided at the prior depositions of these Appendix F Plaintiffs.  In an effort to comply with the Court's Order, the parties scheduled the depositions of Plaintiffs listed in Appendix F to proceed in May.  While Pfizer had initially hoped to have enough materials collected and evaluated to proceed with depositions in May, it has encountered delays in the collection process necessitating additional time.  In particular, Pfizer continues to await receipt of responsive documents in the possession of medical and other providers, and thus outside of the possession of the parties.  Therefore, Pfizer requests additional time to collect these materials prior to re-opening these depositions.  Pfizer believes that a brief delay of these depositions will most effectively utilize the resources of the parties and the Court, and Plaintiffs' counsel Levi Boone consents to this postponement.

## **CONCLUSION**

For the reasons stated herein, Pfizer respectfully requests that depositions of Plaintiffs listed in Appendix F of the Court's April 5, 2011 Order be postponed, and that depositions in the Boone cases resume in the month of June 2011.

2

Dated: May 6, 2011　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　SKADDEN, ARPS, SLATE,
　　　　　　　　　　　　　　　　　　　　　　MEAGHER & FLOM LLP

　　　　　　　　　　　　　　　　　　　　　By:　/s/ Mark S. Cheffo
　　　　　　　　　　　　　　　　　　　　　　　　Mark S. Cheffo

　　　　　　　　　　　　　　　　　　　　　Four Times Square
　　　　　　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　　　　　　Tel:  (212) 735-3000

　　　　　　　　　　　　　　　　　　　　　ROPES & GRAY LLP

　　　　　　　　　　　　　　　　　　　　　By:　/s/ Ana M. Francisco
　　　　　　　　　　　　　　　　　　　　　　　　Ana M. Francisco
　　　　　　　　　　　　　　　　　　　　　　　　BBO # 564346

　　　　　　　　　　　　　　　　　　　　　Prudential Tower
　　　　　　　　　　　　　　　　　　　　　800 Boylston Street
　　　　　　　　　　　　　　　　　　　　　Boston, MA 02199-3600
　　　　　　　　　　　　　　　　　　　　　Tel:  (617) 951-7000

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants Pfizer Inc and*
　　　　　　　　　　　　　　　　　　　　　*Warner-Lambert Company LLC*

## CERTIFICATE OF CONSULTATION

　　　I hereby certify that counsel have conferred and that Plaintiffs' counsel Levi Boone consents to the relief requested herein.

　　　　　　　　　　　　　　　　　　　　　/s/Catherine B. Stevens
　　　　　　　　　　　　　　　　　　　　　Catherine B. Stevens

**CERTIFICATE OF SERVICE**

  I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on May 6, 2011.

                /s/ Ana. M. Francisco
                Ana M. Francisco