UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:  NEURONTIN MARKETING, SALES
         PRACTICES AND PRODUCTS
         LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:
*Allen, et al. v. Pfizer, Inc. et al*, 1:07-cv-11795-PBS;
*Anderson, et al. v. Pfizer, Inc. et al.*, 1:05-cv-10835-PBS;
*Cooper, et al. v. Pfizer Inc. et al.*, 1:05-cv-10834-PBS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T.
Sorokin

**MEMORANDUM IN SUPPORT OF PFIZER'S MOTION
TO DISMISS CLAIMS OF CERTAIN BOONE PLAINTIFFS
FOR FAILURE TO COMPLY WITH THIS COURT'S APRIL 5, 2011 ORDER**

In accordance with this Court's April 5, 2011 Order [3390] and Federal Rules of Civil

Procedure 37 and 41(b), Defendants Pfizer Inc and Warner-Lambert Company LLC

(collectively, "Defendants" or "Pfizer") submit this memorandum in support of their motion to

dismiss the claims of 7 Plaintiffs represented by the Boone Law Firm.  Those Plaintiffs failed to

produce any supplemental discovery responses by the deadline set by this Court, despite the

Court's explicit warning that it would dismiss the claims of any remaining Plaintiffs who fail to

supplement within 30 days.  (4/5/11 Order [3390], at 17-18.)  These 7 Plaintiffs – the Estate of

Alice Garrett, Fannie Grinston, William Hony, the Estate of Elizabeth Knight, Dawn Lepard,

Michael Weathersby, and Birdie Langdon – were required to produce supplemental discovery by

May 5, 2011, but they neither complied with that deadline nor requested an extension.[1]  Thus, the

Court should dismiss their claims.

On December 20, 2011, Pfizer filed a motion to compel discovery and to dismiss the

claims of all Plaintiffs represented by the Boone Law Firm based on their ongoing violations of

several discovery orders.  (*See generally* Memo. in Supp. of Mot. to Compel [3177].)  Magistrate

Judge Sorokin entered a Report and Recommendation recommending that Pfizer's motion be

---

[1] On the morning of May 6, 2011, Pfizer also belatedly received supplemental responses for
Plaintiff Vivian Allen.

granted in its entirety.  The Magistrate Judge found that the Boone Law Firm had "repeatedly failed to complete template discovery responses despite repeated opportunities and despite repeated orders to do so" and that Plaintiffs' counsel's behavior was so extreme as to warrant dismissal in all cases.  (Report and Recommendations [3274], at 24-25.)  On April 5, 2011, this Court entered an Order partially adopting the Magistrate Judge's Report and Recommendation. The Court adopted in its entirety the Magistrate Judge's recommendation that Pfizer's motion to compel be granted and dismissed the majority of Boone Plaintiffs' cases.  In doing so, the Court reasoned as follows:

> The Magistrate Judge, in his Report, finds that Mr. Boone's pattern of conduct in this litigation merits dismissal, both as a sanction pursuant to Rule 37, and for failure to prosecute and comply with court orders pursuant to Rule 41(b). The Court agrees with the Magistrate Judge that Mr. Boone's conduct involves extremely protracted inaction, measured in years, disobedience of court orders, ignorance of warnings, contumacious conduct, and other aggravating circumstances.
>
> . . . .
>
> It has become clear at this point in the litigation that admonitions and even monetary sanctions are not effective.  Under the legal standards set forth by the First Circuit, dismissal for failure to prosecute and failure to obey court orders or, in the alternative, as a sanction, is appropriate for those Boone plaintiffs who have provided virtually no discovery.

(4/5/11 Order [3390], at 14-15 (citations omitted).)  While the Court dismissed the majority of cases addressed in the motion, it provided one final opportunity to 41 Plaintiffs who – even though their discovery responses were "thin" and "not good enough" – satisfied a minimum threshold.  (*Id.* at 10, 17.)  The Court made clear, however, that its Order represented those remaining Plaintiffs' *last chance* to produce complete discovery responses, and ordered:

> Each of the forty-one plaintiffs listed in Appendix G must provide defendants with a complete list of medical providers and with all the medical records in their possession. . . .  Also, each of these forty-one plaintiffs **must supplement their interrogatory responses within THIRTY days of this order**. . . .  **Failure to comply with these orders will result in dismissal of the case**, and the Court may consider making a referral of attorney Boone to the Mississippi Bar.

(*Id.* at 17-18 (emphasis added).)

2

On May 5, 2011, the deadline set by the Court's Order, Pfizer's counsel received supplemental discovery responses for some of the Plaintiffs listed in Appendix G of the Court's Order,[2] but it received no supplementation whatsoever from the 7 Plaintiffs subject to this Motion.  Those Plaintiffs never sought an extension of the Court's deadline.  On May 6, 2011, Pfizer's counsel informed the Boone Law Firm that it may seek appropriate relief from the Court with regard to the Plaintiffs who completely failed to provide any supplemental discovery as required under the Court's April 5, 2011 Order.  In response, the Boone Law Firm represented that it would dismiss the claims of 3 Plaintiffs (Garrett, Grinston, and Knight)[3] and follow up with Pfizer's counsel by May 9, 2011 as to whether it would also dismiss 3 additional Plaintiffs (Hony, Lepard, and Weathersby).  (Ex. A, 5/6/11 Boone email.)[4]  With regard to Plaintiff Langdon, the Boone Law Firm claimed that she was unable to respond because of an illness. Even though Plaintiff Langdon never sought an extension of the Court's Order and dismissal would have been appropriate at that time based on her noncompliance, Pfizer's counsel granted – as a professional courteously – her an additional week to supplement her discovery by no later than May 13, 2011.  Based on the above-mentioned representations of the Boone Law Firm, Pfizer agreed to delay the filing of its motion to dismiss, but it made clear that it did not intend to waive any rights and would seek appropriate relief from the Court if the Boone Law Firm failed to promptly address these ongoing violations of the Court's April 5, 2011 Order, among other orders.

Contrary to its representations, the Boone Law Firm has since failed to (1) dismiss the

---

[2] Pfizer takes no position at this time as to whether the supplemental responses received on May 5, 2011 were "complete and accurate" as required by the Court's Order.  (4/5/11 Order [3390], at 2.) Pfizer is in the process of reviewing the supplemental responses produced by Boone Plaintiffs, and it does not intend to waive any rights it may have with regard to discovery in those cases.  For instance, even though the Court ordered Appendix G Plaintiffs to produce "all the medical records in their possession," Pfizer has not received additional medical records from any of those Plaintiffs.

[3] In this same email, the Boone Law Firm also stated it would dismiss the claims of Plaintiff Lois Adams.  However, Plaintiff Adams had already dismissed her case nearly four months earlier on January 19, 2011.  [3240]

[4] All exhibits are attached to the accompanying declaration of Catherine B. Stevens.

claims of Plaintiffs Garrett, Grinston, and Knight, (2) inform Pfizer regarding whether it will agree to dismiss the claims of Plaintiffs Hony, Lepard, and Weathersby by May 9, 2011 or any time thereafter, or (3) provide supplemental discovery on behalf of Plaintiff Langdon by May 13, 2011 or any time thereafter.  On May 11, 2011, Pfizer's counsel sent another letter to the Boone Law Firm requesting that it immediately take these actions, which it had proposed on the previous week.  (*See* Ex. B, 5/11/11 C. Stevens letter.)  Pfizer has received no response whatsoever to its letter.  Nor has it received any supplemental discovery from any of the 7 Plaintiffs subject to this Motion either before or after the deadline of May 5, 2011 expired.[5]  As such, these 7 Plaintiffs should now be dismissed for violation of this Court April 5, 2011 Order.

## CONCLUSION

For the reasons stated herein, the Court should dismiss the claims of the Estate of Alice Garrett, Fannie Grinston, William Hony, the Estate of Elizabeth Knight, Dawn Lepard, Michael Weathersby, and Birdie Langdon.

Dated: May 16, 2011                        Respectfully submitted,

                                           SKADDEN, ARPS, SLATE,
                                             MEAGHER & FLOM LLP

                                           By:    /s/ Mark S. Cheffo
                                                  Mark S. Cheffo

                                           Four Times Square
                                           New York, NY 10036
                                           Tel:  (212) 735-3000

                                           -and-

---

[5] Regardless, belated compliance would not excuse Plaintiffs' violations of the Court's April 5, 2011 Order.  As the First Circuit has explained, "violation of a time-specific order [cannot be] cured by subsequent compliance . . . ." *Young v. Gordon*, 330 F.3d 76, 82-83 (1st Cir. 2003).

ROPES & GRAY LLP

By:    /s/ Ana M. Francisco
        Ana M. Francisco
        BBO #564346

Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel:  (617) 951-7000
Email:  ana.francisco@ropesgray.com

*Attorneys for Defendants Pfizer Inc and*
*Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on May 16, 2011.

/s/ Ana. M. Francisco
Ana M. Francisco