**UNITED STATES OF AMERICA**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE NEUORONTIN PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | |
| | ) | |
| | ) | |
| | | |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| Allen et al. v. Pfizer, Inc. | ) | CIVIL ACTION NO. 04-10981-PBS |
| No.  07-cv-10834-PBS | ) | |
| | ) | |
| Cooper et al. v. Pfizer, Inc. | ) | |
| No.  05-cv-10834-PBS | ) | |
| | ) | |
| Anderson et al. v. Pfizer, Inc. | ) | |
| No.  05-cv-10835-PBS | ) | |
| | ) | |

---

**MEMORANDUM IN SUPPORT OF MOTION TO STAY PAYMENT OF
ATTORNEY FEES PENDING MOTION TO ALTER OR AMEND ORDER
AND/OR PENDING APPEAL**

---

Plaintiffs respectfully request that the Court stay the payment of attorney fees

awarded by the Court on April 5, 2011for the following reasons:

1.  The instant case is currently on appeal to the First Circuit Court of Appeal.

    The issue involving the award of attorney fees to Defendants regarding their

    preparation for the Motion to Compel is part of the appeal.

2.  Further, the issue involving the award of attorney fees to Defendants is

    included in Plaintiffs' Motion for Clarification pending before this Court.

    (Doc. 3390)

3.   The Defendants on December 20, 2010 filed a Motion to Compel based

principally upon allegations that the Plaintiffs provided inadequate responses

to Defendants' Template Discovery.

4.   On February 4, 2011, the U. S. Magistrate Judge recommended that the Court

dismiss all plaintiffs in the three actions brought by Boone *(i.e.,* 05-cv-10834, 05-cv-

10835 and 07-cv-l 1795) pursuant to Fed. R. Civ. P. 41(b), for alleged failure to

prosecute and alleged failure to comply with Orders of the Court, and pursuant to

Fed. R. Civ. P. 37(b)(2)(A)(v), as a sanction for alleged failure to obey Orders to

provide discovery.

5.   On April 5, 2011, the U. S. District Court Judge did not accept the U. S.

Magistrate Judge recommendation as to 51 plaintiffs and as such allowed those

plaintiffs case to go forward.  (Doc. 3390) These 51 plaintiffs represent roughly

25% of the plaintiffs dismissed.  Presumptively 25% of the awarded attorney

fees is represented by the 51 Plaintiffs.

6.   Additionally four (4) Plaintiffs Ellaweise Lacy, Annie Gatewood,  Josephine

Jackson, and Deloris Powell were mischaracterized by the Court and

mistakenly dismissed by the Court.  The Court indicated that the cases of

Plaintiffs who had deposed would not be dismissed. (Doc. 3390) These four

(4) Plaintiffs were deposed.  The issue regarding these plaintiffs is included in

Plaintiffs' Motion for Clarification of Court Order.

7.  Further thirty-eight (38) Plaintiffs were dismissed that the Court incorrectly

believed had not submitted verifications to their discovery responses, but the

verifications were contained on the jump-drive submitted to the Court per

instructions. The issue regarding these plaintiffs is included in Plaintiffs'

Motion for Clarification of Court Order.

8.  Plaintiffs believe that they will also prevail on appeal as to the remaining

plaintiffs, in part, because the U. S. Magistrate Judge in the December 6, 2010

Revised Scheduling Order For All Products Liability Cases (Doctket 3141)

indicated that it would allot time for Plaintiffs to produce all discovery

ordered by the Court in response to Defendants' motion to comply, and that

only upon Plaintiffs' failure to comply thereafter would subject Plaintiffs'

case to dismissal. The Order, in part, provided, as follows:

> "For the Boone Law Firm cases, defendants indicate that much of the template discovery is incomplete or unsatisfactory, in response Attorney Boone contends his plaintiffs have produced all that they know or possess.  Insofar as Attorney Boone has failed to comply with discovery deadlines by failing to produce any discovery, Defendants may file a motion to dismiss for lack of prosecution and/or failure to obey the Court's orders.  Insofar as the responses are unsatisfactory or incomplete, Defendants may file a motion to compel.  Attorney Boone is cautioned, however, that the failure to produce all the discovery ordered by the Court in response to such motion to comply, within the time allotted by the Court, may result in dismissal as a sanction under Rule 37, and/or for violation of the Court's Orders or failure to prosecute. Defendants shall file any such motion  setting forth the alleged non-complaince and requesting appropriate relief by December 20, 2010…………………………………"

Contrary to the Court's order, the Boone Plaintiffs were not allowed any time to

cure deficiencies in response to Defendants' motion to compel.  Accordingly not only

was the dismissal improper, but any award of attorney fees is also improper.

9.   Further the Plaintiffs should prevail on appeal because the Defendants have

been provided sufficient evidence of the ineffectiveness of Neurontin use by

the Plaintiffs.  Defendants have tried to suggest that Plaintiffs have limited

their claims to suicidiality, but the Plaintiffs have never abandoned their claims of the ineffectiveness of Neurontin and the associated pain and suffering as a result thereof.

10. In it discretion the Court may stay the enforcement of a judgment pending the disposition of a motion to alter or amend judgment.  The Court may also stay enforcement a judgment pending the disposition of an appeal. Fed. R. Civ. Pro. 62.

## Conclusion

The attorney fee awarded represents Defendants' preparation of Motion to Compel regarding 200 plaintiffs.  However, the Defendants did not prevail against 51 plaintiffs or 25% of the Plaintiffs.  Additionally 38 plaintiffs or 19% of the Plaintiffs will probably be allowed to go forward on their cases because they did, in fact, submit verifications that were mistakenly overlooked.  Further, four (4) plaintiffs or 2% of the Plaintiffs, who had been deposed, were improperly dismissed by the Court.  Finally, all of the Plaintiffs were to be given an opportunity to correct any deficiencies associated with their discovery responses prior to their cases being dismissed.

The Defendants have not submitted a specific allocation as to time spent on each case.  Therefore there is no way to know how much time the Defendants spent on cases that they did not prevail on.

Further it would cause a hardship on Plaintiffs to pay the attorney fees

awarded when the District Court or Court of Appeal may reverse all or part of

the award for attorney fees.

Respectfully Submitted,


/s/ Levi Boone, III
**BY:**_____
Levi Boone, III, MSB #3686
**BOONE LAW FIRM, P.A**.

Post Office Box 1772
Cleveland, MS 38732
TEL: 662-843-7946
FAX: 662-843-7950


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served
pursuant to Case Management Order #3 on May 16, 2011.

/s/   Levi Boone, III.
Levi Boone, III