```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

———————————————————————— )
                                                    )
**IN RE NEURONTIN PRODUCTS**                        )
**LIABILITY LITIGATION**                            ) MDL NO. 1629
———————————————————————— )
                                                    )
**THIS DOCUMENT RELATES TO:**                       )
                                                    )
Allen et al. v. Pfizer, Inc.     ) CIVIL ACTION NO. 04-10981-PBS
No. 07-cv-11795-PBS              )
                                 )
Cooper et al. v. Pfizer, Inc.    )
No. 05-cv-10834-PBS              )
                                 )
Anderson et al. v. Pfizer, Inc.) 
No. 05-cv-10835-PBS              )
———————————————————————— )

**ORDER**

May 17, 2011

Saris, U.S.D.J.

On April 5, 2011, this Court issued a Memorandum and Order (Docket No. 3390) allowing defendants' Motion to Compel in those cases where plaintiffs are represented by Attorney Boone. On April 27, 2011, Attorney Boone filed a Motion for Clarification of Order, to Alter or Amend Order, for Reconsideration (Docket No. 3434). Before the Court had an opportunity to address that motion, Mr. Boone filed a Notice of Appeal to the First Circuit (Docket No. 3446).

The Motion for Clarification and/or Reconsideration identified fourteen plaintiffs who were deposed after the filing of the initial Motion to Compel and who should have been included in Appendix F to the Court's order. Mr. Boone also identified

two clerical errors involving categorization of plaintiffs Jerry Lowe and Annie Edwards.  Finally, Mr. Boone alerted the Court to the existence of a jump drive including some plaintiffs' verifications of interrogatory responses.

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).  However, this rule is not absolute: the notice of appeal may not become effective until after the District Court disposes of a pending motion for reconsideration.  See Fed. R. App. P. 4(a); id. 12.1.

In light of plaintiffs' pending motion for clarification and reconsideration, the Court orders that the parties shall file briefs, not to exceed five pages, on the issue of whether this Court has jurisdiction to rule on the motion for clarification and reconsideration.  Briefs shall be filed on or before May 31, 2011.

 /s/ PATTI B. SARIS  
PATTI B. SARIS  
United States District Judge