UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x

In re:  NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

MDL Docket No. 1629

Master File No. 04-10981

------------------------------------------------x

THIS DOCUMENT RELATES TO:

*Allen, et al. v. Pfizer, Inc. et al*, 1:07-cv-11795-PBS;
*Anderson, et al. v. Pfizer, Inc. et al.*, 1:05-cv-10835-PBS;
*Cooper, et al. v. Pfizer Inc. et al.*, 1:05-cv-10834-PBS.

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

------------------------------------------------X

**RESPONSE TO THE BOONE LAW FIRM'S
MOTION TO STAY PAYMENT OF ATTORNEYS' FEES**

Pfizer has established that this Court should award the full amount of fees and costs requested, and the Boone Law Firm has failed to set forth any legitimate reason to delay payment of fees and costs.[1]

**BACKGROUND**

The following brief chronology is provided for purposes of procedural background:

| | |
|---|---|
| Dec. 20, 2010 | Pfizer's Motion to Compel Complete Discovery Responses in all pending Boone cases. [3176] |
| Jan. 6, 2011 | Magistrate Judge's Electronic Order: "Defendants, in [3176], have requested an award of fees . . . If defendants wish the Court to consider this aspect of the motion, they shall submit forthwith some evidence regarding the fees or costs incurred." |
| Jan. 8, 2011 | Pfizer's Application for an Award of Attorneys' Fees and Costs incurred in drafting its Motion to Compel Complete Discovery Responses. [3217] |

---

[1] As an initial matter, the Boone Law Firm failed to comply with Local Rule 7.1(a)(2), which provides: "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." The Boone Law Firm's motion for a stay lacks any certificate of consultation, and – so far as defense counsel is aware – it never attempted to contact opposing counsel in a good faith attempt to resolve or narrow any dispute. In fact, counsel for Pfizer made numerous efforts to contact the Boone Law Firm during the previous week with regard other issues in this litigation, but received no response.

| | |
|---|---|
| Jan. 17, 2011 | Plaintiffs' Response to Pfizer's Application for an Award of Attorneys' Fees and Costs.  [3234] |
| Jan. 24, 2011 | Pfizer's Reply Memorandum in Further Support of its Application for an Award of Attorneys' Fees and Costs.  [3257] |
| Feb. 4, 2011 | Magistrate Judge's Report and Recommendation (1) allowing Pfizer's Motion to Compel Complete Discovery Responses as to all Boone Plaintiffs and (2) dismissing claims of all Boone Plaintiffs as a sanction for failure to obey the Court's orders under Fed. R. Civ. P. 37(b)(2)(A) and failure to prosecute and obey the Court's orders under Fed. R. Civ. P. 41(b).  [3276] |
| Feb. 18, 2011 | Plaintiffs' Objections to the Report and Recommendation of Magistrate Judge.  [3303] |
| Mar. 4, 2011 | Pfizer's Response to Plaintiffs' Objections to the Report and Recommendation of Magistrate Judge.  [3316] |
| Apr. 5, 2011 | Court's Memorandum and Order: (1) affirming Magistrate Judge's allowance of Pfizer's Motion to Compel Complete Discovery Responses as to all Boone Plaintiffs, (2) affirming Magistrate Judge's sanction of dismissal as to Boone Plaintiffs listed in Appendices A through E, (3) overruling Magistrate Judge's sanction of dismissal as to Boone Plaintiffs listed in Appendices F and G and imposing alternative sanctions and remedies, and (4) allowing Pfizer's request for attorneys' fees.  [3390] |
| Apr. 8, 2011 | Pfizer's Notice Regarding Request for Costs and Fees.  [3392] |
| Apr. 27, 2011 | Plaintiffs' Motion for Clarification of April 5, 2011 Order, to Alter Or Amend Order, Or For Reconsideration.  [3434] |
| May 4, 2011 | Plaintiffs' Notice of Appeal.  [3446] |
| May 5, 2011 | Pfizer's Memorandum in Opposition to Plaintiffs' Motion for Clarification of Order, to Alter Or Amend Order, Or For Reconsideration.  [3447] |
| May 16, 2011 | Plaintiffs' Motion to Stay Payment of Attorneys' Fees Pending Motion to Alter or Amend Order and/or Pending Appeal.  [3465] |

## ARGUMENT

A.  Pfizer Is Entitled To The Full Amount Of Costs And Fees Requested

The Boone Law Firm offers no specific argument that the amount of costs and fees requested by Pfizer are not reasonable. Rather, its motion vaguely complains that "Defendants have not submitted a specific allocation as to time spent on each case." (Memo. in Supp. of Mot. for Stay [3466], at 4.) However, because the Court granted Pfizer's Motion to Compel

Discovery with regard to *all* 216 Plaintiffs, there is no need to separately estimate how much time and resources were allocated in bringing the motion against each individual Plaintiff. The Boone Law Firm's request would serve no purpose and only cause an additional significant and unnecessary waste of time and resources.

The Boone Law Firm misstates the record when it claims that Pfizer "did not prevail" in its December 20, 2010 Motion to Compel against 51 Plaintiffs. (Memo. in Supp. of Mot. to Stay [3466], at 4.) To the contrary, the Court's April 5, 2011 Order explicitly granted Pfizer's motion to compel in its entirety as to *all* Plaintiffs, including those in Appendices F and G. (*See* 4/5/11 Order [3390], at 2 ("After a detailed review of the record, I **ALLOW** the motion to compel."); *see also id.* at 18.) In its Order, the Court conducted an independent review of the record, adopted the findings of Magistrate Judge Sorokin, and agreed that the Boone Law Firm's "conduct involve[d] extremely protracted inaction, measured in years, disobedience of court orders, ignorance of warnings, contumacious conduct, and other aggravating circumstances." (*Id.* at 14; *see also id.* at 2 ("Except as outlined in this opinion, I agree with and adopt the Report, including the statement of facts.").) The Court also held that the appropriate sanction in the majority of cases, namely those listed in Appendices A through E, was dismissal. For the 51 Plaintiffs in Appendices F and G, however, the Court found that granting the motion to compel was appropriate, but less severe sanctions would be imposed. Yet the Court made clear that those 51 Plaintiffs were still guilty of numerous discovery violations. Indeed, the Court observed – with regard to Appendix F Plaintiffs – that "the information learned at the depositions unquestionably highlights previous failures of these plaintiffs to comply with discovery obligations," (*id.* at 15), and it further noted that Appendix G Plaintiffs' interrogatory answers were "thin" and "not good enough," (*id.* at 10, 17). As such, after allowing Pfizer's motion to compel in those cases, the Court ordered that Plaintiffs in Appendix F pay for a second day of depositions and Plaintiffs in Appendix G supplement their discovery responses within 30 days. The Court then ordered the Boone Law Firm to pay Pfizer's costs and fees for bringing its successful discovery motion against all Boone Plaintiffs. (*Id.* at 18.)

Aside from the erroneous argument that the fee award did not apply to all Plaintiffs, the Boone Law Firm does not dispute the method used to calculate the costs and fees requested by Pfizer. Indeed, Pfizer's request is both reasonable and far below the actual total cost of bringing the discovery motion. The fees outlined in Defendants Application for an Award of Attorneys' Fees and Costs ($300 per hour for attorneys and $75 per hour for paralegals) are within – and in fact below – the Court's instruction that attorneys' fees be capped at $350 per hour and $100 per hour for paralegals. (4/5/11 Order [3390], at 18.) Additionally, there are many other recoverable costs that Pfizer has refrained from seeking, such as drafting the fee application, the Response to Plaintiffs' Objections to the Report and Recommendation of the Magistrate Judge, and reply briefing. The Boone Law Firm does not dispute the quantity or necessity of work hours used to calculate the fee application amount. As such, there is no reason to question Pfizer's request of $111,410 (about $520 per case).[2]

B.  The Boone Law Firm Has Provided No Legitimate Grounds For A Stay

The Boone Law Firm argues that it is entitled to a stay of the Court's award of fees and costs because it has filed both a motion for clarification, to alter or amend, or for reconsideration of the Court's Order and a Notice of Appeal. In its supporting memorandum, the Boone Law Firm simply repeats arguments that it has made elsewhere. The Boone Law Firm's motion for reconsideration or to alter and amend should be denied for the same reasons stated in Pfizer's previous briefing, which is incorporated herein by reference. (*See generally* Memo. in Opp. to Pls.' Motion for Reconsideration [3447].) Even if a few cases are shifted from one appendix to another, that still would not affect the fee award because the Court granted Pfizer's Motion to Compel as to all Boone Plaintiffs listed in all appendices.

Furthermore, the Boone Law Firm's proposed appeal is premature, and the mere fact that he intends to appeal does not justify staying payment of the fees and costs award. No immediate

---

[2] On May 16, 2011, Pfizer moved to dismiss 7 Boone Plaintiffs for their failures to provide supplemental discovery as Ordered by this Court's April 5, 2011 Order. Pfizer reserves its rights to seek additional costs and fees if the Court grants that motion. [3462]

4

appeal is available from an award of fees and costs because the Court's April 2, 2011 Order is not a final judgment or the type of order appealable pursuant to the collateral order doctrine. *See Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 200 (1999) (holding that "an order imposing sanctions on an attorney pursuant to Federal Rule of Civil Procedure 37(a)(4)" is not a final, appealable decision"); *id.* at 205-06 (explaining that sanctions order are not appealable as collateral orders). As the First Circuit has explained: "Discovery orders, in general, are not final. Short of electing not to comply and being adjudged in criminal contempt, a party may ordinarily obtain review of such an order only after judgment has entered." *In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988); *accord Puerto Rico Ports Authority v. Barge Katy B*, 427 F.3d 93, 106 (1st Cir. 2005); *Empresas Omajede, Inc. v. Bennazar-Zequeira*, 213 F.3d 6, 9 n.4 (1st Cir. 2000); *Appeal of Licht & Semonoff*, 796 F.2d 564, 568 (1st Cir. 1986). Regardless, even if an opportunity to appeal was currently available, and it is not, the Boone Law Firm still would first have to obtain Court approval of a supersedeas bond under Federal Rule of Civil Procedure 62(d) before a stay could be issued. *See Ventures CA v. SunAmerica Life RMA*, 576 F.3d 1070, 1076 (10th Cir. 2009) (finding that appellee properly executed a judgment for an award of attorneys' fees against appellant where the latter failed to file "a supersedeas bond with the district court pending the outcome of the merits appeal").

## CONCLUSION

For the reasons stated above, this Court should deny the Boone Law Firm's Motion to Stay Payment of Attorneys' Fees Pending Motion to Alter or Amend Order and/or Pending Appeal.

Dated: May 19, 2011

Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By:     /s/ Mark S. Cheffo
           Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

-and-

ROPES & GRAY LLP

By:     /s/ Ana M. Francisco
           Ana M. Francisco
           BBO #564346

Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel:  (617) 951-7000
Email:  ana.francisco@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on May 19, 2011.

/s/ Ana. M. Francisco
Ana M. Francisco