```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
In re:  NEURONTIN MARKETING, SALES     :  MDL Docket No. 1629
        PRACTICES, AND PRODUCTS         :
        LIABILITY LITIGATION                  :  Master File No. 04-10981
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :  Judge Patti B. Saris
THIS DOCUMENT RELATES TO:                :
                                                :  Magistrate Judge Leo T.
Blue Cross and Blue Shield of Alabama, Municipal Workers  :  Sorokin
Compensation Fund v. Pfizer Inc, et al., No. 06-12295
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**JOINT REPORT TO COURT REGARDING STATUS AND MANAGEMENT OF CASE**

Pursuant to this Court's order dated May 4, 2011, the parties to the above-captioned action met and conferred regarding the management of this case. The parties were not able to agree on a plan for the future management of this litigation. Their respective proposals are set forth below.

**DEFENDANTS' PROPOSAL:** This lawsuit had previously been stayed pursuant to the terms of the Court's Order of Consolidation [185] dated July 20, 2005, and Corrected Case Management Order [15] dated December 16, 2004, while discovery and motion practice proceeded with respect to the consolidated complaints filed by the putative Class Plaintiffs and the Coordinated Third Party Payors ("TPPs"). Leave was granted to permit motion practice on Plaintiffs' motion to remand (*see* 3/9/07 Dkt. entry), but it has been three years since there was any activity in this case. The reasons that this suit has been held in abeyance while motion practice (and, with respect to one TPP, trial) proceeded on the claims of the Class TPPs and Coordinated TPPs are still applicable today. This Court has addressed several issues regarding what TPPs must both allege and prove in order to satisfy their burden to demonstrate proximate causation between a defendant's alleged misrepresentations and off-label prescriptions paid for by a TPP. Those issues will next be addressed by the First Circuit in appeals from this Court's judgments against the Class TPPs [Dkt. 3154], Aetna, Inc. [Dkt. 3285], and in favor of Kaiser

Foundation Health Plan, Inc. [Dkt. 3326]. The question of causation is directly relevant to the issues raised by Plaintiffs' pending motion to remand. Defendants argue, *inter alia*, that Dr. Longmire was fraudulently joined because Plaintiffs make no allegations that they relied upon anything Dr. Longmire said when making reimbursement decisions. (*See* Def. Mem. in Opp. to Pls. M. to Remand [No. 06-524, Dkt. 11] at 10-15; Def. Supp. Mem. in Opp. to Pls. M. to Remand [Dkt. 720] at 3-5). In response, Plaintiffs specifically relied on this Court's decisions in the *Franklin* litigation, without the benefit of its more recent decisions in this MDL. (*See* Pls. Reply in Support of M. to Remand [No. 06-524, Dkt. 13] at 33-34.) One such decision – the Aetna judgment – has already been appealed to the First Circuit. (*See* Notice of Appeal [Dkt. 3476].) As a result, the efficient use of the parties' and the Court's resources will best be served if the stay of this action is continued during the appeals from such judgments. In the event that the action is not stayed, Defendants respectfully suggest that the parties be allowed to file supplemental briefs on the pending motion to remand and request oral argument on such motion.

**PLAINTIFFS' PROPOSAL:** On May 12, 2006, Blue Cross and Blue Shield of Alabama and The Municipal Workers' Compensation Fund ("Alabama Plaintiffs") filed an action in the Circuit Court of Montgomery County, Alabama, against Pfizer and Dr. David Reynolds Longmire, asserting only Alabama state law claims. The complaint alleges that Dr. Longmire, a resident of Alabama, was one of the physicians paid by Pfizer to assist in its Neurontin off-label marketing scheme. (See also 1/31/06 Report and Recommendation on Defendants' Motions to Dismiss the Amended Class Complaint and the First Coordinated Amended Complaint ("R&R") [Dkt. 269] at 8, 9 (referencing similar allegations in other complaints); 6/12/06 Order adopting R&R [Dkt. 356].) Dr. Longmire is not sued because he prescribed Neurontin, but because he assisted Pfizer in convincing other doctors, including doctors in Alabama, to prescribe it. Pfizer removed the case based solely on diversity jurisdiction, claiming Dr. Longmire was fraudulently joined, and failed to obtain Dr. Longmire's joinder in removal. On June 29, 2006, Alabama Plaintiffs filed their Motion to Remand, and by July 31, 2006, briefing was complete. On Pfizer's motion, the district court in Alabama stayed

proceedings pending MDL transfer, which occurred in December 2006. On February 27, 2007, Alabama Plaintiffs filed in this Court an unopposed motion seeking leave, pursuant to the July 20, 2005, Order of Consolidation [Dkt. 20] related to individual cases, to proceed with motion practice and to obtain a ruling on the pending Motion to Remand. A hearing was held before Magistrate Judge Sorokin on April 17, 2007, and on April 20, 2007, he entered an Order stating that the Motion to Remand was under advisement. [Dkt. 735.] On January 28, 2008, Alabama Plaintiffs submitted additional authority in support of their Motion. [Dkt. 1094.] The Motion has since remained under advisement and the Alabama Plaintiffs' case has remained stayed. Now that the certification of any class that would have included the Alabama Plaintiffs has been denied and reconsideration has also been denied [Dkt. 3469], Alabama Plaintiffs respectfully request a ruling on their Motion to Remand, asking to be remanded to state court in Alabama to proceed with their case. Awaiting an appeal in any other case will have no bearing on this Court's lack of subject matter jurisdiction in this case.

| | |
|---|---|
| Dated: May 20, 2011 | Respectfully submitted, |
| SLATE CARTER COMER PLLC | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| By:   /s/ Pamela Beard Slate_____<br>        Pamela Beard Slate | By:   /s/ Mark S. Cheffo_____<br>        Mark S. Cheffo |
| One Commerce Street, Suite 850<br>Montgomery, AL  36104<br>Tel:  (334) 262-3300<br>email:  pslate@slatecartercommer.com | Four Times Square<br>New York, NY 10036<br>Tel:  (212) 735-3000<br>email:  Mark.Cheffo@skadden.com |
| *Attorneys for Plaintiffs Blue Cross and Blue Shield of Alabama and Municipal Workers Compensation Fund* | *Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC* |

| | |
|---|---|
| WALLACE, JORDAN, RATLIFF & BRANDT, LLC | ROPES & GRAY LLP |
| By: /s/ Kimberly R. West<br>       Kimberly R. West | By: /s/ Ana M. Francisco<br>       Ana M. Francisco<br>       BBO #564346 |
| 800 Shades Creek Parkway, Suite 400<br>Birmingham, AL  35209<br>Tel:  (205) 874-0352<br>email: kwest@wallacejordan.com | Prudential Tower<br>800 Boylston Street<br>Boston, MA  02199-3600<br>Tel:  (617) 951-7000<br>Email:  ana.francisco@ropesgray.com |
| *Attorneys for Plaintiff Blue Cross and Blue Shield of Alabama* | *Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC* |
| HOLLIS & WRIGHT, PC | BAINBRIDGE, MIMS, ROGERS & SMITH |
| By: /s/ Joshua J. Wright<br>       Joshua J. Wright | By: /s/ Charles Keith Hamilton<br>       Charles Keith Hamilton |
| 505 North 20th Street, Suite 1500<br>Birmingham, AL  35203<br>Tel:  (205) 324-3600<br>email: joshw@hollis-wright.com | 600 Luckie Drive<br>P.O. Box 530886<br>Birmingham, AL  35253<br>Tel:  (205) 879-1100<br>Email:  khamilton@bainbridgemims.com |
| *Attorneys for Plaintiff Municipal Workers Compensation Fund* | *Attorneys for Defendant David R. Longmire* |
| | K&L GATES |
| | By: /s/ Paul W Shaw<br>       Paul W Shaw<br>       BBO #455500 |
| | State Street Financial Center<br>One Lincoln Street<br>Boston, MA  02111-2950<br>Tel:  (617) 261-3111<br>Email:  paul.shaw@klgates.com |
| | *Attorneys for Defendant David R. Longmire* |

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on May 20, 2011.

                                        /s/ Ana M. Francisco
                                        Ana M. Francisco