UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEUORONTIN PRODUCTS ) <br> LIABILITY LITIGATION ) <br> ) <br> ) | |
| THIS DOCUMENT RELATES TO: ) <br> ) <br> Allen et al. v. Pfizer, Inc. ) <br> No.  07-cv-10834-PBS ) <br> ) <br> Cooper et al. v. Pfizer, Inc. ) <br> No.  05-cv-10834-PBS ) <br> ) <br> Anderson et al. v. Pfizer, Inc. ) <br> No.  05-cv-10835-PBS ) <br> ) | CIVIL ACTION NO. 04-10981-PBS |

**PLAINTIFFS' MEMORANDUM BRIEF RELATING TO DISTRICT COURT' S JURISDICTION TO RULE ON THE MOTION FOR CLARIFICATION AND RECONSIDERATION**

Plaintiffs pursuant to this Court's Order of 5/17/2011 (Doc. No. 3468) submit their Memorandum Brief relating to "whether this Court has jurisdiction to rule on the motion for clarification and reconsideration", as follows:

On April 5, 2011, this Court issued a Memorandum and Order (Doc. No. 3390) relating to *Plaintiffs' Objections to U. S. Magistrate Judge's Finding, Report and Recommendation* (Doc. No. 3303) in these cases.

On April 27, 2011, Plaintiffs filed a *Motion for Clarification of Order, to Alter or Amend Order, for Reconsideration* (Doc. No. 3434) relating only to certain plaintiffs and certain issues, and the award of attorney fees included in the Memorandum and Order.

On May 6, 2011, Plaintiffs filed a *Notice of Appeal* to the First Circuit (Docket No. 3446) relating to certain plaintiffs and certain issues that were, in most part, different than those included in the *Motion for Clarification of Order, to Alter or Amend Order, for Reconsideration*. Some plaintiffs appealed only a certain part or portion of the Court's order whereas other plaintiffs appealed the entire order. Therefore it was appropriate for certain Plaintiffs to seek clarification and reconsideration of certain issues, but for other plaintiffs to file a notice of appeal because they contest the entire order.

The *Motion for Clarification of Order, to Alter or Amend Order, for Reconsideration* involved the following:

a. Clarification as to fourteen (14) plaintiffs who were deposed and should have been included in Appendix F to the Court's order;

b. Clarification of two (2) clerical errors involving plaintiffs Jerry Lowe and Annie Edwards;

c. Clarification relating to thirty eight (38) plaintiffs who cases were dismissed, but their discovery verifications were included on a jump drive to the Court; and

d. Clarification as to the Court's award of attorney fees in light of no award of attorney fees being included in the U. S. Magistrate Judge's Report and Recommendation and no objection being made by Defendants thereto.

On other hand, the *Notice of Appeal* involved the 166 plaintiffs who appealed to the First Circuit Court of Appeals from the *entire* Memorandum and Order of April 5, 2011 (Docket 3390) that dismissed their cases with prejudice.

The ten (10) Plaintiffs listed on Appendix F of the Court's order appealed only as to that part of the Memorandum and Order that allows Defendants' Motion to Compel,

that awards attorney Fees to Defendants and that orders Plaintiffs to pay Defendants' cost for the second day of depositions.

The forty one (41) plaintiffs listed on Appendix G of the Court's order only appealed as to the Court's award of attorney fees to Defendants.

This Court has jurisdiction to hear the *Motion for Clarification of Order, to Alter or Amend Order, for Reconsideration* under Fed. R. App. Proc. 4(a)(4)(B) which provides that "if a party files a notice of appeal after the court announces or enters a judgment-- but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last of such remaining  motion is entered.

Under the version of Rule 4 currently in effect, if a party files a notice of appeal after the court announces or enters a judgment -- but before it disposes of a motion under Rule 59] -- the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.  **E.E.O.C v. Uni n Independiate Autoridad, 279 F.3d 49 (1st Cir. 2002)**

This Court's jurisdiction to hear the *Motion for Clarification of Order, to Alter or Amend Order, for Reconsideration* is further implied under Fed. R. App. Proc. 4(a)(4)(B)(ii)  which provides that "A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment altered or amended upon such a motion, must file a notice of appeal, or amended notice of appeal—in compliance with Rule 3(c)"

After this Court rules on the pending *Motion for Clarification of Order, to Alter or Amend Order, for Reconsideration* the parties may then file a notice of appeal or amended notice of appeal.

Accordingly, it was necessary for Plaintiffs to file both the *Motion for Clarification* and the *Notice of Appeal* because the respective filings relate to different issues and different plaintiffs. The mere filing the *Motion for Clarification* as to some plaintiffs would not have preserved the right to appeal as to the plaintiffs who were appealing the entire order.

WHEREFORE Plaintiffs submit that this Court has jurisdiction to consider the *Motion for Clarification of Order, to Alter or Amend Order, for Reconsideration* notwithstanding the filing of the Notice of Appeal. Plaintiffs further submit that clarification of the Court's order will provide guide to the parties relating to the proper categorization of the plaintiffs and regarding the issue of attorney fees.

Respectfully Submitted,

/s/ Levi Boone, III

**BY:**_____

Levi Boone, III, MSB #3686
**BOONE LAW FIRM, P.A**.
401 West Sunflower Avenue
Post Office Box 1772
Cleveland, MS 38732
TEL: 662-843-7946
FAX: 662-843-7950

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on May 24, 2011.

/s/   Levi Boone, III.
Levi Boone, III