UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x
In re: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

MDL Docket No. 1629

Master File No. 04-10981
------------------------------------------------x

THIS DOCUMENT RELATES TO:
*Allen, et al. v. Pfizer, Inc. et al*, 1:07-cv-11795-PBS;
*Anderson, et al. v. Pfizer, Inc. et al.*, 1:05-cv-10835-PBS;
*Cooper, et al. v. Pfizer Inc. et al.*, 1:05-cv-10834-PBS

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin
------------------------------------------------x

### MEMORANDUM OF LAW REGARDING THE COURT'S JURISDICTION TO DECIDE THE BOONE PLAINTIFFS' MOTION FOR CLARIFICATION OF ORDER, TO ALTER OR AMEND ORDER, OR FOR RECONSIDERATION

Pursuant to this Court's May 17, 2011 Order [3468], Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer" or "Defendants") submit this Memorandum of Law Regarding the Court's Jurisdiction to Decide the Boone Plaintiffs' Motion for Clarification of Order, to Alter or Amend Order, or For Reconsideration. While the Boone Law Firm's motion should be denied on the merits for the reasons stated in Pfizer's opposition memorandum [3447], the Court does have jurisdiction to decide the motion.

### ARGUMENT

The Boone Law Firm filed 3 lawsuits – *Allen, et al.* (07-11795), *Anderson, et al.* (05-10835), and *Cooper, et al.*, (05-10834) – that together include the claims of hundreds of Plaintiffs. On April 5, 2011, this Court affirmed in part the Magistrate Judge's Report and Recommendation, dismissed the claims of 165 Plaintiffs represented by the Boone Law Firm, allowed Pfizer's motion to compel as to all Plaintiffs, and ordered supplemental discovery in the cases that were not dismissed. [3390.] The Court also awarded Pfizer costs and fees associated with bringing its Motion to Compel Complete Discovery. *Id.* However, the Court did not dismiss the claims of 51 Plaintiffs, and each of the 3 pending actions includes at least one Plaintiff whose claim was not dismissed in the April 5, 2011 Order.

On April 27, 2011, the Boone Law Firm filed a Motion for Clarification of the Court's

Order, to Alter or Amend Order, or For Reconsideration of the Court's April 5, 2011 Order. [3434.]  Despite the fact that no separate, final judgment had been entered as to any of its cases, see Fed. R. Civ. P. 58, the Boone Law Firm also prematurely filed a Notice of Appeal on May 4, 2011.  [3446.]  On May 5, 2011, Pfizer responded to the Boone Law Firm's motion for reconsideration.  [3447.]  On May 17, 2011, this Court entered an electronic order as follows: "In light of plaintiffs' pending motion for clarification and reconsideration, the Court orders that the parties shall file briefs, not to exceed FIVE pages, on the issue of whether this Court has jurisdiction to rule on the motion for clarification and reconsideration.  Briefs shall be filed on or before May 31, 2011."  [3468.]  Pfizer now submits this brief solely for purposes of complying with the Court's May 17, 2011 Order.

The Court has jurisdiction over all of the Plaintiffs' claims in the 3 actions filed by the Boone Law Firm because there has been no final judgment as to any of those actions and, therefore, the Boone Law Firm's Notice of Appeal was premature and invalid.  At least one Plaintiff from each of the 3 Boone actions appears in Appendix F or G to the Court's April 5, 2011 Order and still has a claim pending against Pfizer.  [3390.]  Federal Rule of Civil Procedure 54 provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, *any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties* and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added).

Appeal as of right cannot be had from an order or judgment dismissing less than all the claims of all the parties in a lawsuit, unless the trial court exercises its discretion by determining that "there is no just reason for delay" and certifies individual claims for appeal under Rule 54(d).  *See Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 301 (5th Cir. 1978) ("In the

absence of a Rule 54(b) certification and entry of judgment, we may not entertain appeals from partial dispositions or orders unless they fall within certain limited exceptions to the usual finality rule."). "Absent a certification under Rule 54(b) any order in a multiple-claim action is interlocutory." *Black Assoc. of New Orleans Fire Fighters, v. City of New Orleans*, 911 F.2d 1063, 1067 (5th Cir. 1990). Until a district court makes an express certification under Rule 54(a), there can be no "final decision[]" as to any individual claim within a cause of action also encompassing other claims that have not yet been adjudicated, and therefore there can be no appellate jurisdiction under 28 U.S.C. § 1291 in such a case. As one court plainly put it: "No Rule 54(b) judgment, no appellate jurisdiction." *Middleby Corp v. Hussmann Corp.*, 962 F.2d 614, 616 (7th Cir. 1992).

While Pfizer contends that the claims of the individual plaintiffs are legally distinct, and has moved for entry of separate, appealable final judgments pursuant to Federal Rules of Civil Procedure 58(d) and 54(b) as to the dismissed plaintiffs [3413], Pfizer's motion has not yet been granted and final judgments have not been entered. A notice of appeal cannot effectuate an appeal as of right until there has been a "final decision[]" as defined by § 1291. *See Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956) ("The District Court cannot, in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of § 1291.").

Further, the part of this Court's order that granted the Defendants' motion to compel and granted costs and attorneys' fees was also an interlocutory, non-appealable order. *See Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 200 (1999) (holding that "an order imposing sanctions on an attorney pursuant to Federal Rule of Civil Procedure 37(a)(4)" is not a final, appealable decision"); *id.* at 205-06 (explaining that sanctions orders are not appealable as collateral orders). As the First Circuit has explained: "Discovery orders, in general, are not final. Short of electing not to comply and being adjudged in criminal contempt, a party may ordinarily obtain review of such an order only after judgment has entered." *In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988); *accord Puerto Rico Ports Authority v. Barge Katy B*, 427 F.3d 93, 106 (1st Cir. 2005); *Empresas Omajede, Inc. v. Bennazar-Zequeira*, 213 F.3d 6, 9

n.4 (1st Cir. 2000); *Appeal of Licht & Semonoff*, 796 F.2d 564, 568 (1st Cir. 1986). Absent entry of final judgment, therefore, the Court's discovery orders are non-appealable.[1]

As such, the Boone Law Firm's Notice of Appeal filed on May 4, 2011 was premature and invalid. As a result, it did not divest this Court of jurisdiction over any case subject to the Court's April 5, 2011 Order. This Court has jurisdiction to take such actions as will allow it to enter a final judgment, from which a timely appeal can be taken. *See, e.g.*, *Wisc. Mut. Ins. Co. v. United States*, 441 F.3d 502, 505 (7th Cir. 2006) ("Because the initial notices of appeal were premature, the district court acted within its jurisdiction by patching up the judgment to allow appellate review."); *Simmons v. Reliance Standard Life Ins. Co. of Tex.*, 310 F.3d 865, 868 (5th Cir. 2005) (holding the district court retained jurisdiction of a case where appellant filed a motion to reconsider motion for summary judgment not in its favor and then filed subsequent notice of appeal). Accordingly, this Court has jurisdiction to decide the Plaintiffs' motion for reconsideration.

In their jurisdictional brief, the Boone plaintiffs argue that, pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B), this Court has jurisdiction to decide their motion for reconsideration, and the notice of appeal would be effective when that motion is decided. (Pls. Mem. [3483] at 3.) While the Boone plaintiffs are correct that this Court has jurisdiction to decide their motion for reconsideration, their appeal will still be premature. Their argument overlooks the fact that, even after the motion is decided, there will still not be a final judgment. Federal Rule of Appellate Procedure 4(a)(4)(B) does not address appeals that are premature because a final judgment has not been entered pursuant to Rule 54. Accordingly, once the

---

[1] Once judgments are entered, only the dismissed plaintiffs would have standing to appeal the discovery orders, and only to the extent the orders are applicable to them. The Court's award of attorneys' fees against the Boone Law Firm cannot be certified for appeal under Rule 54(b). *See Magnavox Co. v. Marshall*, 742 F.2d 369, 371 (7th Cir. 1984) (holding that because Rule 54(b) allows appeal only from an order disposing of a separate substantive claim for relief, an order awarding attorney's fees and expenses incurred as a sanction for failing to comply with discovery, was not certifiable under Rule 54(b) because it did not dispose of a separate substantive claim"); *see also Seigal v. Merrick*, 619 F.2d 160, 164 n. 7 (2nd Cir. 1980).

motion for reconsideration is decided, this Court should enter final judgments pursuant to Rules 58 and 54(b) as to any plaintiffs whose claims are dismissed in their entirety, as requested in Defendants' motion for entry of judgment [3413].

## CONCLUSION

For the reasons stated herein, the Court has jurisdiction to decide the Boone Law Firm's Motion to Stay Payment of Attorneys' Fees Pending Motion to Alter or Amend Order and/or Pending Appeal.  For the reasons stated in Pfizer's Opposition Memorandum to that motion [3447], however, this Court should deny that motion on the merits.  This Court should also grant Defendants' Motion Requesting Entry of Judgment [3413].

Dated: May 31, 2011　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　SKADDEN, ARPS, SLATE,
　　　　　　　　　　　　　　　　　　　MEAGHER & FLOM LLP

　　　　　　　　　　　　　　　　　　By:　/s/ Mark S. Cheffo
　　　　　　　　　　　　　　　　　　　　Mark S. Cheffo

　　　　　　　　　　　　　　　　　　Four Times Square
　　　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　　　Tel:  (212) 735-3000

　　　　　　　　　　　　　　　　　　ROPES & GRAY LLP

　　　　　　　　　　　　　　　　　　By:　/s/ Ana M. Francisco
　　　　　　　　　　　　　　　　　　　　Ana M. Francisco
　　　　　　　　　　　　　　　　　　　　BBO #564346

　　　　　　　　　　　　　　　　　　Prudential Tower
　　　　　　　　　　　　　　　　　　800 Boylston Street
　　　　　　　　　　　　　　　　　　Boston, MA 02199-3600
　　　　　　　　　　　　　　　　　　Tel:  (617) 951-7000
　　　　　　　　　　　　　　　　　　Email:  ana.francisco@ropesgray.com

　　　　　　　　　　　　　　　　　　*Attorneys for Defendants Pfizer Inc and*
　　　　　　　　　　　　　　　　　　*Warner-Lambert Company LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on May 31, 2011.

/s/ Ana. M. Francisco
Ana M. Francisco
