UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x
:
In re:  NEURONTIN MARKETING, SALES      : MDL Docket No. 1629
        PRACTICES AND PRODUCTS          :
        LIABILITY LITIGATION            : Master File No. 04-10981
                                        :
------------------------------------------------x
                                        : Judge Patti B. Saris
THIS DOCUMENT RELATES TO:               :
                                        : Magistrate Judge Leo T.
*Johnson v. Pfizer Inc et al*           : Sorokin
Case No. 06-10309 -PBS                  :
                                        :
------------------------------------------------x

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CLAIMS OF PLAINTIFF ELMENIA JOHNSON

In accordance with Federal Rules of Civil Procedure 37(b)(2)(A) and 41(b) and the orders of this Court, Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") respectfully submit this memorandum in support of their Motion to Dismiss Claims of Plaintiff Elmenia Johnson for failure to obey Court orders and failure to prosecute.  Even though it has been over 5 years since her suit was transferred to this Court, and in spite of repeated orders from this Court, Plaintiff Johnson has yet to provide Pfizer with any authorizations for medical or other records, or a medical provider list.  As such, her claims should be dismissed due to her long-standing violations of the Court's basic discovery orders and for failure to prosecute.

### ARGUMENT

On June 19, 2006, this Court issued an Order directing all Plaintiffs to provide, among other things, authorizations for medical and non-medical records to Pfizer.  (*See* Discovery Order No. 2 [372].)  The Court also ordered that all Plaintiffs must produce a medical provider list:

> Each Plaintiff shall also produce a list identifying (1) his or her psychiatric medical providers for the twenty years preceding the date of the alleged incident; (2) his or her non-psychiatric medical providers for the ten/five year period defined in Plaintiffs' papers; and (3) each medical provider (doctors, social workers, psychologists, hospitals, etc.) from whom he or she has sought medical

records, regardless of whether the requested records have been received. (*Id.*, at 3.)  The Court instructed Plaintiffs to "identify the physicians who prescribed Neurontin to them, as well as the date range(s) of each prescription period." (*Id.* at 4.)

Plaintiff's case was transferred to this multidistrict litigation on February 21, 2006, several months before that Discovery Order.  On November 30, 2006, this Court ordered that "the deadline for production of template discovery in any action pending before this Court as of November 30, 2006 shall be January 15, 2007." (Discovery Order No. 6 [550], at 2.)  Plaintiff did not provide Pfizer with the required authorizations or provider list before that deadline or at any point thereafter, even though it has been *more than 4 years* since that initial deadline expired.  The Court later entered another Order requiring completion of all template discovery in this case by January 31, 2011. (*See* Revised Scheduling Order [3141], at 2.)  Despite these repeated Orders to produce this vital discovery, Pfizer still has not received authorizations releasing medical and pharmacy records, tax records, Social Security disability records, employer and education records, and military records (if applicable), or a medical provider list – initially due over 4 years ago – from Plaintiff.  Such discovery failures make it impossible for Pfizer to collect medical and other records critical to its defense of this case, and to proceed with depositions.

This Court has already found, with regard to other plaintiffs in this multidistrict litigation, that failure to produce medical authorizations and medical provider lists at this late stage in the litigation warrants dismissal for failure to comply with discovery and failure to prosecute. (*See* 8/11/2010 R&R [3025] & Electronic Order entered 8/30/2010; 1/3/2011 Order [3202]; 4/5/11 Order [3390], at 9, 18, 22.)  As the Court noted in dismissing other cases under similar circumstances, "[a]fter four years, or longer in the cases of some plaintiffs, it is entirely inexcusable that plaintiffs have not disclosed information to support the most basic elements of their claims.  The refusal of these plaintiffs to obey the Court's orders and permit defendants to engage in meaningful discovery in these cases merits a serious sanction." (4/5/11 Order [3390], at 16.)

2

For the same reasons previously expressed by the Court above, it should likewise dismiss Plaintiff Johnson's claims.[1] *See Santiago-Díaz v. Laboratorio Clínico y de Referencia del Este*, 456 F.3d 272, 275 (1st Cir. 2006) (noting that "federal courts possess wide-ranging power to sanction parties who repeatedly balk at complying with court-imposed deadlines"); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)."). Plaintiff has had years to provide this most basic information to Defendants, but has not done so. This delay has been prejudicial to Defendants, as medical providers and other institutions do not maintain records indefinitely, especially for patients who are no longer under their care. In addition, failures to comply with discovery deadlines disrupt the Court's ability to manage the hundreds of cases that comprise this multidistrict litigation. At this late date, this case remains at the very inception of the discovery process, and Plaintiff has failed to provide to Defendants the authorizations required to initiate document and records requests, or a list of providers from whom to obtain records and other information, despite having more than adequate opportunities to do so. Thus, her claims should be dismissed with prejudice.

The Court should also award Defendants reasonable expenses, including attorneys' fees, they incurred in making this motion. Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If [a discovery motion] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity

---

[1] Dismissal is a particularly appropriate sanction for discovery misconduct in the multi-district litigation context. Courts have recognized that "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1222 (9th Cir. 2006) (citing 28 U.S.C. § 1407). "MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007). These unique considerations "may tip the balance" in favor of dismissal in the MDL context. *In re PPA*, 460 F.3d at 1222. As such, MDL courts frequently dismiss the claims of plaintiffs who fail to give proper accord to discovery mandates. *See, e.g.*, *In re Fosamax Prods. Liab. Litig.*, No. 1:08-cv-04901-JFK, 2009 WL 105502, at *1-2 (S.D.N.Y. Jan. 12, 2009); *In re Baycol Prods. Litig.*, MDL No. 1431, 2007 WL 2744459, at *1-2 (D. Minn. Sept. 17, 2007); *In re Rezulin Prods. Liab. Litig.*, MDL No. 1348, 2004 WL 1700618, at *1-2 (S.D.N.Y. July 27, 2004).

3

to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

*See also* Fed. R. Civ. P. 37(b)(2)(C) (instructing that "the court must order the disobedient party, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees" where the party fails to comply with a court order); Fed. R. Civ. P. 36(b) advisory committee notes ("The provision places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust."). Accordingly, the Court should grant Defendants' request for reasonable expenses.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that Plaintiff Johnson's claims be dismissed with prejudice.

Dated: June 10, 2011                          Respectfully submitted,

                                              SKADDEN, ARPS, SLATE,
                                                MEAGHER & FLOM LLP

                                              By:    /s/ Mark S. Cheffo
                                                     Mark S. Cheffo

                                              Four Times Square
                                              New York, NY 10036
                                              Tel: (212) 735-3000

                                              ROPES & GRAY LLP

                                              By:    /s/ Ana M. Francisco
                                                     Ana M. Francisco
                                              BBO #564346

                                              Prudential Tower
                                              800 Boylston Street
                                              Boston, MA 02199-3600
                                              Tel: (617) 951-7000
                                              Email: ana.francisco@ropesgray.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on June 10, 2011.

/s/ Ana. M. Francisco
Ana M. Francisco
