# EXHIBIT B

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

---

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
---
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
---
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(212) 735-3353
DIRECT FAX
(917) 777-3353
EMAIL ADDRESS
CATHERINE.STEVENS@SKADDEN.COM

April 5, 2011

BY ELECTRONIC AND U.S. MAIL
W. Lewis Garrison
Henninger Garrison Davis, LLC
2224 1st Ave. N
Birmingham, AL 35203-4204

        RE:    In re: Neurontin Marketing, Sales Practices, and Products Liability Litigation MDL No. 1629

Dear Mr. Garrison:

        I am writing to address Plaintiff Leisa Eaddy's discovery responses, which are incomplete and deficient in several key respects, as outlined below. Pfizer accordingly requests that Plaintiff immediately supplement her discovery responses pursuant to the Federal Rules of Civil Procedure and the Court's Discovery Order No. 2, and other orders by the Court. Additionally, we would like to schedule Plaintiff's deposition in this case for May. Please inform us of Plaintiff's availability. If we do not receive available dates within one week, we will notice Plaintiff's deposition.

**Interrogatory Responses**

        Interrogatory No. 1 requires certain background information, but Plaintiff failed to provide the date and place of the marriage, the name and location of the court(s) entering her divorces, and the addresses of her former spouses.

        Interrogatory No. 2 requires Ms. Eaddy to provide information regarding her previous residences. Plaintiff provided only her residence from 1995

W. Lewis Garrison
April 5, 2011
Page 2

forward. Plaintiff's answer stated that she would provide information for the ten-year period immediately preceding the incident. To the extent that she did not, please provide all requested information for the full timeframe.

   Interrogatory No. 3 requires certain employment information, including the names of Plaintiff's employers, the dates of employment, the nature of her work, the reason for termination, her supervisors, and the names of three persons with whom she worked closely. Plaintiff only listed incomplete information about each of her various jobs from 2004 onwards, failing to provide any addresses, supervisors, information about the nature of her duties, or information about her employment prior to 2004. Additionally, while Plaintiff claimed she would identify three people with whom she worked, as required by the Court's Discovery Order No. 2, she failed to do so. Please provide the full and complete information requested about Plaintiff's employment history.

   Interrogatory No. 4 requests Plaintiff the names of ten people whom Plaintiff has been closest to over the past ten years, their relationship to Plaintiff, and the timeframe during which Plaintiff has known them. Contrary to this instruction, Plaintiff listed only seven people, and failed to provide a timeframe for one. Please provide complete information in response to this interrogatory.

   Interrogatory No. 6 requires information as to whether Ms. Eaddy ever consumed alcohol or illegal drugs, and whether she ever sought treatment or counseling for issues related to her consumption of these substances. Plaintiff's answer addressed alcohol use, but failed to provide the frequency and type of beverage consumed for her alcohol use, and failed to provide information about any treatment or counseling related to alcohol use. Further, according to the Court's Discovery Order No. 2, Plaintiff is required to respond as to any use (versus abuse) of illegal drugs as well. Please provide all information requested.

   Interrogatory No. 7 requests the names of persons with knowledge of the facts relevant to this case, and the nature and extent of that knowledge. Plaintiff's response, which merely refers to other responses (which provide insufficient names – in the case of Interrogatory No. 4 – or refer to medical records – in the case of Request for Production No. 1), and further fails to state the nature and extent of any knowledge. Please provide the full and complete information requested.

W. Lewis Garrison
April 5, 2011
Page 3

Interrogatory No. 8 requires identification of all bank accounts, the account number, the date range during which the account was maintained, and the identity of the person who was last in possession of account statements. Plaintiff only states that she currently has an account with Max Federal Credit Union. Please provide a complete response to Interrogatory No. 8.

Interrogatory No. 9 requires Ms. Eaddy to describe all debts owed at the time of the alleged incident, the date incurred, the creditor, and the identity of any document related to the debt. Plaintiff only states that she will "supplement this response when additional information is available." Please supplement immediately.

Interrogatory No. 10 requires Ms. Eaddy to provide information regarding her mental health treatment. In response, Ms. Eaddy merely references Plaintiff's response to Defendant's Request for Production. This is wholly inadequate. Please supplement this response with the requested information.

Interrogatory No. 11 requires information about Plaintiff and her family's history of mental illness. In response, ***Plaintiff provided an identical response to that of Plaintiff Baker,*** that her un-named sister is bi-polar, and that "there is some family history of alcoholism." This vague response does not inform what her sister's name is, which family member or members suffered from alcoholism, their relationship to Plaintiff, the nature of the disease, or witnesses with information. Please provide complete information with an adequate degree of specificity. Plaintiff's response also fails to provide sufficient detail regarding Plaintiff's "suicide attempts."

Interrogatory No. 12 requires Ms. Eaddy to provide information regarding health-care professionals that provided any type of treatment to her over the last twenty years. While Ms. Eaddy provided the names of several doctors and hospitals since 1995, she failed to provide any addresses, full names for certain providers, dates of treatment, the names and addresses of witnesses with knowledge of the treatment, or any information from prior to 1995. Please supplement this response with complete information.

Interrogatory No. 14 requires that names and addresses of all witnesses with information about medications taken by Plaintiff, the name of the prescribing healthcare professional, the name of the prescription, the dosage, the date of prescription, where the prescription was filled, and the reason for the prescription

W. Lewis Garrison
April 5, 2011
Page 4

and whether it was effective. In response to this interrogatory, Plaintiff wrote only "Plaintiff is not deceased." This answer is non-responsive to the interrogatory. Please supplement with the information requested in Interrogatory No. 14.

Interrogatory No. 15 requests information about Plaintiff's educational history, however for the institutions provided, Plaintiff fails to provide complete dates of attendance and addresses. Please provide all information requested in the interrogatory with an adequate degree of specificity.

Interrogatory No. 19 requires a computation of damages Ms. Eaddy is seeking, but she lists only general categories of damages with no computation at all. At this stage in the litigation, that vague response is unacceptable. Particularly as to economic damages like medical expenses, Plaintiff should have ready access to any supporting documentation, and we should not be left to guess at what damages she is seeking. Please provide a full computation of damages for all categories provided. Furthermore, Plaintiff claims that she is seeking "past and future lost earnings," but her response to Pfizer's Request for Production No. 2 states, "Plaintiff has not made a claim for lost wages." Please explain this inconsistency.

Interrogatory No. 24 requires information about third-party payors who provided coverage for Ms. Eaddy. In response, Plaintiff stated that at the time she used Neurontin, her provider was BCBS of Alabama, without providing an address, a policy number, the primary insured's social security number, and complete dates of coverage. This response is inadequate. Further, Plaintiff has been ordered to respond to this interrogatory for the complete time period requested, not just the time of her Neurontin use. Since Plaintiff's time period objection was overruled by the Court's Discovery Order No. 2, please supplement this response with the complete information requested.

**Requests for Production Responses**

In Response to Request No. 2, which requests state and federal tax returns, Plaintiff claims that "she sees no need to provide any such documents" and that none are in her possession. However, the Court's Discovery Order No. 2 mandates that "Plaintiffs shall produce their individual tax returns filed during the time period from five years immediately preceding the injury complained of through the present." Please supply state and federal tax returns in accordance with the Court's Order.

W. Lewis Garrison
April 5, 2011
Page 5

To date, we have no authorizations from Plaintiff Eaddy. On February 7, 2011, Defendants sent your collogue William Bross a letter requesting the medical authorizations required by the June 19, 2006, Discovery Order No. 2. [372]. We have not received the completed authorizations that you were obligated to produce years ago. Please also provide the overdue authorizations for release of Medicare records, Social Security Administration Records, tax records, Military records and employer/educational records which are required by Discovery Order No. 2.

Please note that we plan to take Plaintiff's deposition in May, and we expect full compliance with Plaintiff's obligations under the Federal Rules and the Court's orders far enough in advance of depositions to allow adequate time to prepare for depositions and conduct any follow-up discovery. If you have any questions, please do not hesitate to contact me.

Very truly yours,

Catherine B. Stevens