UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:  NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

MDL Docket No. 1629

Master File No. 04-10981

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

*Agee, et al., v. Pfizer, Inc., et al.,* 1:06-cv-11381-PBS;
*Eaddy v. Pfizer Inc., et al.,* 1:06-cv-11385-PBS.

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS CLAIMS OF PLAINTIFFS SHEILA AGEE AND LEISA EADDY**

In accordance with Federal Rules of Civil Procedure 37(b)(2)(A) and 41(b) and the orders of this Court, Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this memorandum in support of their Motion to Dismiss the Claims of Plaintiffs Sheila Agee and Leisa Eaddy for failure to obey Court Orders and failure to prosecute. Even though it has been nearly 5 years since their suits were transferred to this Court, Plaintiffs Agee and Eaddy have yet to provide any authorizations for medical records, despite repeated requests by Pfizer. As such, their claims should be dismissed due to their long-standing violations of the Court's basic discovery orders and for failure to prosecute.

**ARGUMENT**

On June 19, 2006, this Court issued an Order directing all Plaintiffs to provide, among other things, authorizations for medical records to Pfizer. (Discovery Order No. 2 [372].) Plaintiffs' cases were transferred to this multidistrict litigation on August 9, 2006. On November 30, 2006, this Court ordered that "the deadline for production of template discovery in any action pending before this Court as of November 30, 2006 shall be January 15, 2007." (Discovery Order No. 6 [550], at 2.) The Court later entered a revised scheduling order requiring completion of all template discovery by January 31, 2011. (*See* Revised Scheduling Order

[3141], at 2.)  Plaintiffs Agee and Eaddy, however, did not provide Pfizer with the requested authorizations before the expiration of either of those deadlines or at any point thereafter, even though it has been *more than 4 years* since the initial deadline expired.

On February 7, 2011, counsel for Pfizer – in an attempt to move these cases forward and begin depositions – sent Plaintiffs' counsel a letter explaining that "[a]uthorizations for Plaintiffs Agee and Eaddy were not included on the CD you provided," and requesting the long-overdue authorizations in those cases.  (Ex. A, 2/7/11 C. Stevens letter.)[1]  On April 5, 2011, Pfizer sent Plaintiffs' counsel yet another letter requesting the missing authorizations in the Eaddy case, as well as other discovery.  Pfizer's letter provided, in part, as follows:

> To date, we have no authorizations from Plaintiff Eaddy.  On February 7, 2011, Defendant sent your colleague William Bross a letter requesting the medical authorizations required by the June 19, 2006, Discovery Order No. 2 [372].  We have not received the completed authorizations that you were obligated to produce years ago.  Please also provide the overdue authorizations for release of Medicare records, Social Security Administration Records, tax records, Military records and employer/educational records which are required by Discovery Order No. 2.

(Ex. B, 4/5/11 C. Stevens letter.)  Finally, Pfizer again contacted the Garrison firm on May 24, 2011, by requesting that it amend and supplement each of its clients' template discovery so as to comply with the Court's discovery orders and their obligations in discovery.  (*See* Ex. C, 5/24/11 C. Stevens email.)  Despite these repeated attempts to obtain this vital discovery without court intervention, Pfizer still has not received any of the outstanding medical authorizations – initially due 4 years ago – from either Plaintiff Agee or Eaddy.  Nor have Plaintiffs produced any of the other non-medical authorizations requested.

This Court has already found, with regard to other plaintiffs in this multidistrict litigation, that the failure to produce medical authorizations at this late stage in the litigation warrants dismissal for failure to comply with discovery and failure to prosecute.  For example, on August

---

[1] All exhibits are attached to the accompanying Declaration of Catherine B. Stevens.

11, 2011, Magistrate Judge Sorokin recommended that 55 cases[2] be dismissed as a sanction for failing to produce medical authorizations, and Judge Saris later adopted that recommendation. (*See* Aug. 11, 2010 R&R [3025] & Electronic Order entered Aug. 30, 2010; *see also* Jan. 3, 2011 Order [3202] (dismissing 39 cases for failure to produce template discovery).) The Court reasoned as follows:

> In order for these Plaintiffs' cases to proceed they must participate in the discovery process and do so according to the deadlines established by the Court. . . . . Moreover, the medical authorizations are an important piece of discovery necessary for other subsequent phases of the discovery, e.g. the gathering of the medical records and preparation for the depositions of the Plaintiffs and prescribing physicians. Dismissal is an available sanction, *see Samos Imex Corp v. Nextel Communications*, 194 F.3d 301, 305 (1st Cir. 1999), and, in the circumstances of each of these forty-seven cases, is the appropriate sanction.

(Aug. 11, 2010 R&R [3025], at 2.)

For the same reasons previously expressed by the Court when dismissing other plaintiffs for failure to provide medical authorizations at this late stage, it should likewise dismiss the claims brought by Plaintiffs Agee and Eaddy.[3] *See Santiago-Díaz v. Laboratorio Clínico y de Referencia del Este*, 456 F.3d 272, 275 (1st Cir. 2006) (noting that "federal courts possess wide-ranging power to sanction parties who repeatedly balk at complying with court-imposed deadlines"); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002)

---

[2] This included the claims of 47 Plaintiffs represented by the Boone Law Firm and 8 Plaintiffs represented by the Law Offices of Newton B. Schwartz. [3025]

[3] Dismissal is a particularly appropriate sanction for discovery misconduct in the multi-district litigation context. Courts have recognized that "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1222 (9th Cir. 2006) (citing 28 U.S.C. § 1407). "MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007). These unique considerations "may tip the balance" in favor of dismissal in the MDL context. *In re PPA*, 460 F.3d at 1222. As such, MDL courts frequently dismiss the claims of plaintiffs who fail to give proper accord to discovery mandates. *See, e.g.*, *In re Fosamax Prods. Liab. Litig.*, No. 1:08-cv-04901-JFK, 2009 WL 105502, at *1-2 (S.D.N.Y. Jan. 12, 2009); *In re Baycol Prods. Litig.*, MDL No. 1431, 2007 WL 2744459, at *1-2 (D. Minn. Sept. 17, 2007); *In re Rezulin Prods. Liab. Litig.*, MDL No. 1348, 2004 WL 1700618, at *1-2 (S.D.N.Y. July 27, 2004).

("[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)."). Plaintiffs have had years to provide this most basic information to Defendants, but have not done so. This delay has been prejudicial to Defendants, as medical providers and other institutions do not maintain records indefinitely, especially for patients who are no longer under their care. In addition, failures to comply with discovery deadlines disrupt the Court's ability to manage the numerous cases that comprise this multidistrict litigation. At this late date, these cases remain at their very inception of the discovery process, and Plaintiffs have failed to provide to Defendants the authorizations required to initiate document and records requests, despite having more than adequate opportunities to do so. Thus, their claims should be dismissed with prejudice.

The Court should also award Defendants reasonable expenses, including attorneys' fees, they incurred in making this motion. Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If [a motion for an order compelling disclosure or discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

*See also* Fed. R. Civ. P. 37(b)(2)(C) (instructing that "the court must order the disobedient party, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees" where the party fails to comply with a court order); Fed. R. Civ. P. 36(b) advisory committee notes ("The provision places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust."). Accordingly, the Court should grant Defendants' request for reasonable expenses.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court dismiss the claims of Plaintiffs Agee and Eaddy with prejudice, and award Pfizer its reasonable expenses incurred in bringing this motion.

Dated: June 13, 2011

Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By:  /s/ Mark S. Cheffo
       Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

ROPES & GRAY LLP

By:  /s/ Ana M. Francisco
       Ana M. Francisco
       BBO #564346

Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel:  (617) 951-7000
Email:  ana.francisco@ropesgray.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on June 13, 2011.

/s/ Ana. M. Francisco
Ana M. Francisco