UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x
:
In re: NEURONTIN MARKETING, SALES : MDL Docket No. 1629
PRACTICES AND PRODUCTS :
LIABILITY LITIGATION : Master File No. 04-10981
:
------------------------------------------------x
: Judge Patti B. Saris
:
THIS DOCUMENT RELATES TO: :
: Magistrate Judge Leo T.
*Agee, et al., v. Pfizer, Inc., et al.,* 1:06-cv-11381-PBS; : Sorokin
*Blackwell v. Pfizer, Inc., et al.,* 1:06-cv-10420-PBS :
:
------------------------------------------------x

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL COMPLETE DISCOVERY FROM
CERTAIN PLAINTIFFS REPRESENTED BY HENINGER GARRISON DAVIS, LLC**

In accordance with Federal Rules of Civil Procedure 37(a) and (b) and the orders of this Court, Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this memorandum in support of their Motion to Compel Discovery from 9 Plaintiffs represented by the law firm Heninger Garrison Davis, LLC (the "Garrison Plaintiffs") and any other relief the Court deems appropriate, including reasonable expenses Pfizer incurred in making this motion. Pfizer also requests that the Court extend the June 15, 2011 deadline for fact discovery as it applies to these cases.

**PRELIMINARY STATEMENT**

The Garrison Plaintiffs provided initial responses to Pfizer's template discovery requests for the first time in late January 2011, but those responses were materially incomplete and nonresponsive in several key respects. In particular, deficiencies common to all Garrison Plaintiffs' responses included: (1) failure to provide a comprehensive medical provider list for the relevant time period as required by the Court's Discovery Order No. 2 and subsequent orders; (2) failure to provide all requested authorizations for relevant record keepers; (3) failure to provide a full and complete response to Pfizer's interrogatory regarding, *inter alia*, Plaintiffs' alleged suicide-related incidents; and (4) failure to provide a full and complete response to

Pfizer's interrogatory regarding Plaintiffs' comprehensive prescription information. Further, none of these Plaintiffs have provided initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1)(A). In addition to these global problems, each of the Garrison Plaintiffs' individual template discovery responses suffer from several other deficiencies that are outlined in the attached Appendix A with respect to each individual case. Pfizer has sent multiple letters to Plaintiffs' counsel requesting that the Garrison Plaintiffs remedy these deficiencies, but they have failed to do so. In other cases in this multidistrict litigation, the Court has held that a plaintiff's failure to fully comply with his or her template discovery obligations may provide grounds for a motion to compel or other sanctions. Thus, the Court should grant Pfizer's motion in its entirety.

## **BACKGROUND**

The Court has generally summarized the purpose and parameters of template discovery as follows:

> The parameters of "template" discovery in this large multi-district litigation were litigated by the parties and decided upon by the Magistrate Judge in 2006. . . . "Template" discovery was developed by the Magistrate Judge, with input from the parties, as a means of managing discovery for the hundreds of products liability cases filed in the MDL. Template discovery, in the context of this case, includes production of documents and responses to interrogatories by both parties. As an example, defendants' Request for Production of Documents . . . sought documents such as medical records, lists of medical providers, and medical release forms. Template discovery also encompasses depositions.

(4/5/11 Order [3390], at 3.) The Court has held that a plaintiff's failure to provide complete responses to Pfizer's template discovery requests may provide grounds for a motion to compel and/or sanctions. (*See generally id.*)

On June 19, 2006, this Court directed all plaintiffs in this multidistrict litigation to respond to Pfizer's template discovery. (*See* Discovery Order No. 2 [372].) A subsequent Order provided that "the deadline for production of template discovery in any action pending before this Court as of November 30, 2006 shall be January 15, 2007." (Discovery Order No. 6 [550], at 2.) The Court later entered another scheduling order requiring completion of all template

discovery in these cases by January 31, 2011.  (*See* Revised Scheduling Order [3141], at 2.)

Heninger Garrison Davis, LLC ("the Garrison firm") presently represents several Plaintiffs with claims pending in this multidistrict litigation.[1]  Each Garrison Plaintiff was subject to the Court's orders requiring them to produce template discovery responses.  These Plaintiffs failed to provide initial template discovery by the deadline of January 15, 2007 [550], nor had they provided their initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1)(A).  More than 4 years after that initial deadline passed, 5 Garrison Plaintiffs finally served some responses to Pfizer's written template discovery requests for the first time on January 31, 2011, the Court's revised deadline for template discovery, and 4 Garrison Plaintiffs provided written template discovery responses after that deadline.  (*See generally* Exs. A to I, Pls.' Interrog. Resps.)[2]  However, all of the Garrison Plaintiffs' responses were incomplete and nonresponsive in many material respects and lacked several broad categories of key information.  (*See* Appendix A (summarizing deficiencies in each individual case).)  For example, *none* of these Plaintiffs served a medical provider list, contrary to the express orders of this Court.  In addition, Plaintiffs still had not provided their Rule 26 initial disclosures.

In an effort to move discovery forward in these cases, Pfizer sent the Garrison firm letters in several cases outlining its clients' discovery deficiencies with respect to template discovery and requesting supplementation.  For example, Pfizer sent a letter to the Garrison firm on February 7, 2011, requesting that it immediately supply medical provider lists for each of its clients in this litigation.  (*See* Ex. J, C. Stevens letter dated 2/7/11.)  Pfizer also sent letters specifically regarding Plaintiffs Backer and Blackwell on March 31, 2011, a letter regarding Plaintiff Brown on April 1, 2011, and a letter regarding Plaintiff Grissom on April 5, 2011.  (*See*

---

[1] In addition to the 9 Plaintiffs subject to this Motion to Compel, the Garrison firm also represents Plaintiffs Jessica Southern, Glenda Sue Chappell, Sheila Agee, and Leisa Eaddy.  Pfizer does not include Plaintiffs Southern and Chappell in this motion to compel because their depositions have already been taken.  Pfizer intends to file a separate motion to dismiss the claims of Plaintiffs Agee and Eaddy.

[2] All exhibits are attached to the accompanying Declaration of Catherine B. Stevens.

Ex. K, C. Stevens letters dated 3/31/11 to 4/5/11.)  These letters outlined in detail the deficiencies in Plaintiffs' discovery responses and requested supplemental responses as soon as possible. (*Id.*)  Pfizer explained that timely supplementation was particularly important because it planned to proceed with Plaintiffs' depositions in the near future – May 2011 – and complete responses would be needed to conduct meaningful and productive depositions.  (*Id.*)

Despite the fast-approaching deadline of June 15, 2011 for initial fact discovery, Pfizer received no responses to the deficiency letters it had sent in February, March, and April, nor did it receive any supplemental discovery materials from the Garrison firm.  As such, Pfizer sent additional correspondence to the Garrison firm on May 24, 2011, again requesting that it amend each of its clients' template discovery so as to comply with the Court's discovery orders and their obligations in discovery.  (*See* Ex. L, 5/24/11 C. Stevens email.)  Pfizer also explained that, if Plaintiffs again failed to respond, it would be forced to seek appropriate relief from the Court. (*See id.*)  Pfizer has yet to receive a response to its requests or any supplemental or amended template discovery responses in these cases.

## ARGUMENT

This Court has long recognized that the "orderly management" of this multidistrict litigation "requires the parties to heed the Court's orders and to pursue their claims in a diligent and timely fashion" and that the Court must enforce discovery rules by ordering any appropriate sanction or remedy.  (Discovery Order No. 25 [1335], at 5.)  Moreover, the Federal Rules of Civil Procedure provide that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" against a party who fails to answer an interrogatory pursuant to Rule 33 or produce materials requested under Rule 34.  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). For the purposes of this Rule, incomplete responses are treated the same as failures to disclose, answer, or respond.  Fed. R. Civ. P. 37(a)(4).  Even though the Garrison Plaintiffs have provided some responses, discovery in these cases cannot sensibly proceed upon discovery responses that are incomplete.  *See, e.g.*, *Green v. Wells Fargo Home Mortg., Inc.*, No. 4:07CV01055-WRW, 2008 WL 5423244, at *1 (E.D. Ark. Dec. 23, 2008) (granting motion to

compel discovery where party responded to some but not all discovery requests); *John Doe HM v. City of Creve Coeur, Mo.*, No. 4:07CV00946 ERW, 2008 WL 4104558, at *1 (E.D. Mo. Aug. 29, 2008) (granting motion to compel where party untimely provided "wholly inadequate" discovery responses). The Garrison Plaintiffs' failures to procure and produce adequate information and materials severely inhibits Pfizer's ability to depose the Garrison Plaintiffs, respond to Plaintiffs' discovery requests, and conduct further discovery. Thus, this Court should issue an order compelling the Garrison Plaintiffs to provide full and complete responses to Defendants' template discovery requests, comprehensive medical provider lists for the full timeframe set forth in the Court's orders, initial disclosures in accordance with Rule 26(a)(1)(A), and all requested authorizations or documents.

Significant deficiencies in the particular discovery responses of the 9 individual Garrison Plaintiffs subject to this motion are outlined in the attached Appendix A. In addition to the deficiencies in individual cases described in Appendix A, some major deficiencies common to all Garrison Plaintiffs are discussed in more detail below.

I.  The Garrison Plaintiffs Have Not Produced Medical Provider Lists

Contrary to explicit instructions by this Court, the Garrison Plaintiffs still have not provided complete lists of their medical providers. On June 19, 2006, this Court ordered as follows:

> Each Plaintiff shall also produce a list identifying (1) his or her psychiatric medical providers for the twenty years preceding the date of the alleged incident; (2) his or her non-psychiatric medical providers for the ten/five year period defined in Plaintiffs' papers; and (3) each medical provider (doctors, social workers, psychologists, hospitals, etc.) from whom he or she has sought medical records, regardless of whether the requested records have been received.

(Discovery Order No. 2, at 3.) The Court also instructed Plaintiffs to "identify the physicians who prescribed Neurontin to them, as well as the date range(s) of each prescription period." (*Id.* at 4.)[3] This requirement to provide medical provider lists was also part of the template discovery

---

[3] Additionally, Defendants' Interrogatory No. 12 requested, *inter alia*, that Plaintiffs "[i]dentify every health-care professional or facility that provided any type of consultation or care whatsoever to

5

due by the later deadline of January 31, 2011. Yet the Garrison Plaintiffs disregarded these clear directives of the Court.

While some Garrison Plaintiffs have provided sporadic and limited information about their healthcare providers in certain answers to various interrogatory responses, it appears that none have disclosed a comprehensive list of medical providers in accordance with the Court's Order. The Garrison Plaintiffs' failure to provide this key information, which is clearly available to them, has significantly impeded Pfizer's efforts to depose and collect potentially relevant records from their treating physicians. Even though these Garrison Plaintiffs signed medical authorizations, Pfizer's ability to use them effectively is limited by Plaintiffs' failure to provide complete medical provider lists.[4] This Court has long-recognized the importance of the medical provider lists to basic discovery in this litigation. In fact, when ruling on a motion to compel or dismiss certain plaintiffs represented by another firm in this litigation, the Court imposed the discovery sanction of dismissal on Plaintiffs who had failed to provide medical provider lists. (*See* 4/5/11 Order [3390], at 9, 18, 22.) Thus, the Court should order the Garrison Plaintiffs to produce complete medical provider lists immediately.

II.   Plaintiffs Failed To Provide All Required Authorizations

While the Garrison Plaintiffs have submitted medical authorizations, many have failed to provide a myriad of other types of authorizations, or to supply corresponding records. In Discovery Order No. 2, this Court ruled that Plaintiffs should produce documents or authorizations to obtain documents as follows:

> (1) produce those documents in their possession that are responsive to Defendants' requests, as established by the Court's rulings below, (2) provide to

---

Plaintiff (whether mental or physical) over the last twenty years and identify the location where such consultation and/or treatment was rendered," and Interrogatory No. 10 requested certain information about psychiatric and psychological treatment. The Court has overruled objections to the time periods in these interrogatories. (*See* 2/4/11 Report & Recommendation [3276], at 8-9 (observing that the Court overruled "objections to the time periods in Interrogatory Nos. 10, 12" citing Docket # 372 at 6).)

[4] While the Garrison firm has not provided medical authorizations in the *Agee* and *Eaddy* cases, Pfizer intends to move separately to dismiss that case on those grounds.

6

>Defendants a list that identifies all of the entities that are, or were, in possession of such documents, to the best of Plaintiffs' knowledge; and (3) produce appropriate release forms to the Defendants.

(Discovery Order No. 2 [372], at 4, n.2.) The required authorizations, or the corresponding records, have been routinely provided by other firms in this litigation. (*See* 2/4/11 Report & Recommendation [3276], at 12 (observing that "other plaintiffs' counsel in this MDL have routinely complied with the Court's Order" to provide non-medical authorizations).) However, many Garrison Plaintiffs have neither provided authorizations nor produced any responsive documents for certain categories of records, substantially impairing Pfizer's ability to prepare for Plaintiffs' depositions. For example, the Garrison Plaintiffs have failed to respond to Pfizer's requests for tax records. In response to Pfizer's Request for Production No. 2, which sought an authorization for tax records, each Garrison Plaintiff wrote, "Plaintiff has not made a claim for lost wages." Inconsistently, however, each of these Plaintiffs responded that they are seeking "past and future lost earnings" in their responses to Interrogatory No. 19. Pfizer's deficiency letters to Plaintiffs requested an explanation of this inconsistency, but none has been provided. (*See* Ex. K, C. Stevens letters dated 3/31/11 to 4/5/11.) Furthermore, while many medical providers and healthcare facilities require that patients complete specific proprietary authorizations before medical records can be released, many of the Garrison Plaintiffs have failed to provide completed authorizations necessary for Pfizer to obtain records from all their medical providers. Thus, this Court should order Plaintiffs to complete and provide all missing authorizations.

III.   Plaintiffs Did Not Provide Complete Responses To Interrogatory No. 11

None of the 9 Garrison Plaintiffs subject to this motion provided sufficient detail to support their alleged suicide-related injuries in response to Interrogatory No. 11, which provides:

>Please describe any instances of psychiatric or mental illness, suicide, attempted suicide, homicide or other violent behavior by Plaintiff or any of Plaintiff's family members . . . for each such instance, identify the person; the person's relationship to Plaintiff; the nature of the person's illness or behavior and identify the individuals that might have knowledge of these incidents.

7

(*See, e.g.*, Ex. A, Blackwell Template Interrog. No. 11.)  In response to this interrogatory, the Garrison Plaintiffs only vaguely alluded to their alleged suicide-related incidents, but provided no case-specific detail.  (*See, e.g.*, Ex. B, Baker Interrog. Resp. No. 11 (stating only that "there were no instances of psychiatric or mental illness, suicide, attempted suicide, homicide or other violent behavior by Plaintiff or any of Plaintiff's family members other than Plaintiff's suicide attempts"); Ex. D, Grissom Interrog. Resp. No. 11 (same); Ex. E, Holloway Interrog. Resp. No. 11 (same); Ex. G, Poole Interrog. Resp. (same).)

The Court has made clear that such general responses to Interrogatory No. 11 are incomplete and improper.  While issuing a ruling regarding other plaintiffs in this litigation, the Court indicated that each Plaintiff must provide a personalized, detailed response.  It explained that "an acceptable response to Interrogatory No. 11 is not 'depression, witnessed by my wife Jane Doe.'  The response should *at minimum provide dates, a detailed description of symptoms, and any treatment sought*."  (4/5/11 Order [3390], at 17 (emphasis added); *see also* 2/4/11 Report & Recommendation [3276], at 15 ("Interrogatory [No. 11] does not ask each Plaintiff to list the name of the injury the Plaintiff claims – rather, it asks each Plaintiff to identify, with specific descriptions, certain types of illnesses or suicidal behavior engaged in by either the Plaintiff or family members.").)  Because the Garrison Plaintiffs failed to respond to Interrogatory No. 11 with the requisite level of detail, the Court should issue an order compelling complete responses.

IV.   Plaintiffs Did Not Fully Respond To Interrogatory No. 14

The Garrison Plaintiffs also provided incomplete responses to Interrogatory No. 14, which asked:

> State the name and address of witnesses with knowledge of any and all medications (whether prescription or not) or drugs (whether prescription or not) which Plaintiff took . . . at any time during a twenty-year period prior to his/her death.  For each prescription, please also state the name of the prescribing health-care professional, the name of the prescription, the prescription dosage, each date that the prescription was prescribed, where the prescription was filled, the reason for the prescription and whether it was effective at treating the condition for

8

which it was prescribed.

(*See, e.g.*, Ex. A, Blackwell Template Interrog. No. 14.)  With regard to this discovery request, the Court has explained, "Interrogatory No. 14 concerns medications taken by the plaintiffs.  A response that does not <u>at least</u> include information about Neurontin, and the dates it was used, is insufficient.  For many plaintiffs with multiple prescriptions, a complete answer will require a much longer list."  (4/5/11 Order [3390], at 17-18 (emphasis in original).)

Not only have the Garrison Plaintiffs failed to respond to each category of information requested in Interrogatory No. 14, they did not even provide the minimal information described in the Court's April 5, 2011 Order.  In fact, many of their responses did not list a single prescription.  (*See, e.g.*, Blackwell Interrog. Resp. No. 14; Grissom Interrog. Resp. No. 14; Whitten Interrog. Resp. No. 14.)  Similarly, some Plaintiffs provided no substantive response other than "Plaintiff is not deceased," but their obligation to provide a complete answer to this interrogatory was not contingent on whether the plaintiff was deceased.  (*See, e.g.*, Baker Interrog. Resp. No. 14; Holloway Interrog. Resp. No. 14; Poole Interrog. Resp. No. 14.)  For instance, this Court has ordered that several living plaintiffs represented by the Boone Law Firm respond to this interrogatory.  (*See* 4/5/11 Order [3390], at 17-18.)   It was not reasonable for Plaintiffs to have assumed that they could avoid responding to the request because they were not deceased.  Finally, some Plaintiffs cross-reference a "list of providers attached to Requests for Production," but no such list was attached to their responses.

No Garrison Plaintiff has provided a complete response to Interrogatory No. 14.  The prescription information sought in this interrogatory is of central importance in these cases given the allegations that a medication – Neurontin – was the direct cause of Plaintiffs' alleged injuries.  Thus, this Court should order the Garrison Plaintiffs to provide a complete response to each element requested in Interrogatory No. 14.  (*See* 4/5/11 Order [3390], at 17 (observing that "responses will only be deemed acceptable if they respond to each element of an interrogatory").)

V.      The Court Should Extend The Deadline For Fact Discovery In These Cases

This Court had initially set the deadline for fact discovery in these cases as June 15, 2011. Because the Garrison Plaintiffs' responses to written template discovery are materially incomplete, however, additional time will be needed to complete fact discovery in these cases. (*Cf.* 4/5/11 Order [3390], at 2, 10, 15 (ordering that a second deposition of plaintiffs should occur because new information arose during their depositions that was not previously disclosed in responses to incomplete written discovery).) Thus, in addition to an order compelling complete template discovery responses from Plaintiffs, Pfizer also requests that the Court extend the June 15, 2011 deadline for fact discovery as it applies to the Garrison Plaintiffs subject to this motion.

VI.     Pfizer Should Be Awarded Its Reasonable Expenses In Bringing This Motion

The Court should also award Defendants reasonable expenses, including attorneys' fees, they incurred in making this motion. Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If [a motion for an order compelling disclosure or discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

*See also* Fed. R. Civ. P. 37(b)(2)(C) (instructing that "the court must order the disobedient party, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees" where the party fails to comply with a court order); Fed. R. Civ. P. 36(b) advisory committee notes ("The provision places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust."). Accordingly, the Court should grant Defendants' request for reasonable expenses.

## **CONCLUSION**

For all the foregoing reasons, Pfizer respectfully requests that the Court issue an order compelling these 9 Garrison Plaintiffs to provide full and complete responses to template discovery, as set forth herein and in accordance with their discovery obligations, and any other

10

relief the Court deems appropriate. Due to the fundamental deficiencies in these Plaintiffs' responses to template interrogatories and requests for production of documents, Pfizer also requests that the Court allow an extension of the June 15, 2011 deadline for fact discovery in these cases.

Dated: June 15, 2011                    Respectfully submitted,

                                          SKADDEN, ARPS, SLATE,
                                            MEAGHER & FLOM LLP

                                        By:    /s/ Mark S. Cheffo
                                                Mark S. Cheffo

                                          Four Times Square
                                          New York, NY 10036
                                          Tel: (212) 735-3000

                                          ROPES & GRAY LLP

                                        By:    /s/ Ana M. Francisco
                                                Ana M. Francisco
                                          BBO #564346

                                          Prudential Tower
                                          800 Boylston Street
                                          Boston, MA 02199-3600
                                          Tel: (617) 951-7000
                                          Email: ana.francisco@ropesgray.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on June 15, 2011.

                                          /s/ Ana. M. Francisco
                                          Ana M. Francisco