**APPENDIX TO PFIZER'S MOTION TO COMPEL**
**COMPLETE DISCOVERY RESPONSES FROM CERTAIN**
**PLAINTIFFS REPRESENTED BY HENINGER GARRISON DAVIS, LLC**

The following is an outline of some significant deficiencies in the particular discovery

responses of the 9 individual Garrison Plaintiffs subject to this motion:

**Andria Renee Blackwell** (*See generally* Ex. A, Blackwell Interrog. Resp.):

•        No comprehensive medical provider list.

•        Missing some proprietary authorizations for particular record keepers.

•        Missing initial disclosures in accordance with Rule 26(a)(1)(A).

•        Interrogatory No. 2:  Failed to disclose residences prior to 2000.

•        Interrogatory No. 3:  Failed to disclose employment information prior to 1997 or

explain reasons for termination.

•        Interrogatory No. 4:  Disclosed only 4 names, instead of 10.

•        Interrogatory No. 10:  Failed to disclose psychiatric or mental health care

providers prior to 2000, and failed to state the nature of treatment received.

•        Interrogatory No. 11:  Failed to provide adequate detail as to the circumstances of

her alleged suicide or the identity of any persons who were present.  (*See* 4/5/11 Order [3390], at

17.)

•        Interrogatory No. 12:  Failed to disclose illness or conditions for which she

received treatment, the nature and dates of treatment, and the names and addresses of witnesses

with knowledge of treatment.

•        Interrogatory No. 14:  Only vaguely referred to her prior responses and a

supposed attachment to her Requests for Production, yet no such list was attached.  In particular,

no information about Neurontin was provided.  (*See* 4/5/11 Order [3390], at 17-18.)

1

- Interrogatory No. 15:  Failed to disclose educational institutions prior to University of Southern Mississippi and failed to provide complete dates of attendance.

- Interrogatory No. 19:  No specific computation of damages whatsoever.

- Interrogatory No. 24:  Failed to disclose insurance information prior to 1997.

**Meicki Baker** (*See generally* Ex. B, Baker Interrog. Resp.):

- No comprehensive medical provider list.

- No signature of interrogatory responses to satisfy Federal Rule of Civil Procedure 33(b)(5).

- While HIPAA compliant authorizations were provided, Plaintiff specifically addressed them to only certain record keepers.  Yet most facilities will not accept an authorization addressed to another facility.  Thus, addressing the authorizations made it impossible to use them for any facility but the facility they were addressed to.

- RFP 2:  No tax return information or authorizations.

- Missing initial disclosures in accordance with Rule 26(a)(1)(A).

- Interrogatory No. 2:  Failed to disclose residences prior to 2000 and failed to disclose co-residents.

- Interrogatory No. 3:  Failed to disclose dates of employment or persons with whom she worked.

- Interrogatory No. 4:  Disclosed only 1 name, instead of 10.  Further, the one name provided, Antonio Whitaker, was identified as her husband, but her response to Interrogatory No. 1 claimed that she had never been married.

- Interrogatory No. 6:  Failed to provide the frequency of her alcohol or marijuana use and failed to provide information about any treatment or counseling related to substance use.

• Interrogatory No. 8: Objections without any substantive response. (*See* 2/4/11 Report & Recommendation [3276], at 13-14.)

• Interrogatory No. 11: Vague and generic reference to an alleged suicide attempt did not disclose sufficient detail to fully respond to Interrogatory. (*See* 4/5/11 Order [3390], at 17.) Furthermore, response of "some family history of alcoholism" was too vague to be meaningful, and she failed to identify the name of Plaintiff's sister with bipolar disorder.

• Interrogatory No. 12: Provided only the incomplete names of 4 physicians and 1 hospital. Failed to disclose circumstances of injury, illness, disease, or affliction, the dates of treatment, and the names and addresses of witnesses with knowledge of treatment.

• Interrogatory No. 13: Objections without any substantive response, which is directly contrary to Discovery Order No. 2.

• Interrogatory No. 14: Response of "Plaintiff is not deceased" was totally nonresponsive. In particular, no information about Neurontin was provided. (*See* 4/5/11 Order [3390], at 17-18.)

• Interrogatory No. 15: Response that she "will supplement this response" was nonresponsive, especially considering Plaintiff has since failed to respond to Pfizer's requests for additional supplementation.

• Interrogatory No. 19: No specific computation of damages whatsoever.

• Interrogatory No. 24: Plaintiff claimed she does not recall any third-party payors, but information in response to this interrogatory would be easily accessible to her.

• Interrogatory No. 25: Failed to identify anyone who may have been present during the incident.

**Charles Brown** (*See generally* Ex. C, Brown Interrog. Resp.):

• No comprehensive medical provider list.

• Missing some proprietary authorizations for particular record keepers.

• RFP 2:  No tax return information or authorizations.

• Missing initial disclosures in accordance with Rule 26(a)(1)(A).

• Interrogatory No. 1:  Failed to disclose children.  Failed to disclose date and place of marriage or divorce.

• Interrogatory No. 2:  Only provided residence, but failed to disclose dates of residence or co-residents.

• Interrogatory No. 3:  Failed to disclose employment information prior to 1997.

• Interrogatory No. 4:  Disclosed only 2 names, instead of 10.

• Interrogatory No. 6:  Failed to disclose frequency of alcohol or drug use or whether any treatment sought.

• Interrogatory No. 8:  Response of "there are no records of these accounts at this time" was vague and nonresponsive.

• Interrogatory No. 9:  Response that he will "supplement this response when additional information is available" was nonresponsive, especially considering Plaintiff has since failed to respond to Pfizer's requests for additional supplementation.

• Interrogatory No. 10:  Reference to "medical records provided" was vague and nonresponsive.

• Interrogatory No. 11:  Plaintiff's reference to a "suicide attempt on March of 2009," standing alone, did not disclose sufficient detail about the alleged suicide attempt to respond to Interrogatory.  (*See* 4/5/11 Order [3390], at 17.)

- Interrogatory No. 12:  Plaintiff only vaguely referred to his prior responses and a supposed attachment to his Requests for Production, yet no such list was attached.  Plaintiffs promise to supplement was inadequate considering that Plaintiff has since failed to respond to Pfizer's requests for additional supplementation.

- Interrogatory No. 13:  Failed to disclose felony drug charge and inaccurately wrote that "he has never been charged with nor convicted of committing any violation of any criminal law."

- Interrogatory No. 14:  While Plaintiff disclosed 2 providers and 2 facilities, he failed to disclose any prescription information; in particular, no information about Neurontin was disclosed.  (*See* 4/5/11 Order [3390], at 17-18.)

- Interrogatory No. 19:  No specific computation of damages whatsoever.

- Interrogatory No. 24:  Only provided insurance information as of 1999, but not any time before or after.

**Odessa Grissom** (*See generally* Ex. D, Grissom Interrog. Resp.):

- No comprehensive medical provider list.

- Missing some proprietary authorizations for particular record keepers.

- RFP 2:  No tax return information or authorizations.

- Missing initial disclosures in accordance with Rule 26(a)(1)(A).

- Interrogatory No. 4:  Disclosed the name of only 1 person, who is now deceased, instead of 10, which was requested.

- Interrogatory No. 8:  Response of "there are no records of these accounts at this time" was vague and nonresponsive.

- Interrogatory No. 9:  Response that she will "supplement this response when additional information is available" was nonresponsive, especially considering Plaintiff has since failed to respond to Pfizer's requests for additional supplementation.

- Interrogatory No. 10:  Failed to disclose what she was treated for, the dates and nature of the treatments, or the names of the individuals treating her.

- Interrogatory No. 11:  Plaintiff's vague and generic reference to an alleged suicide attempt did not disclose sufficient detail.  (*See* 4/5/11 Order [3390], at 17.)

- Interrogatory No. 12:  Vague assertion that a response to this interrogatory was "provided in other responses" was inadequate and inaccurate.  No interrogatory responses supposedly containing this information are identified.

- Interrogatory No. 14:  Vague reference to her prior responses is inadequate and inaccurate.  In particular, no information about Neurontin was disclosed in this interrogatory. (*See* 4/5/11 Order [3390], at 17-18.)

- Interrogatory No. 19:  No specific computation of damages whatsoever.

- Interrogatory No. 22:  Referred to Interrogatory No. 4 for "a list of the family members['] current address[es]," but the cross-referenced response only provided information about Plaintiff's deceased mother.

- Interrogatory No. 24:  Plaintiff claimed she did not recall any third-party payors, but information in response to this interrogatory would be easily accessible for her.

**Marsha Holloway** (*See generally* Ex. E, Holloway Interrog. Resp.):

- No comprehensive medical provider list.

- Missing some proprietary authorizations for particular record keepers.

- RFP 2:  No tax return information or authorizations.

- Missing initial disclosures in accordance with Rule 26(a)(1)(A).

- Interrogatory No. 2:  Failed to state the names of co-residents or her relationship to them.

- Interrogatory No. 3:  Failed to disclose any information about the nature of her work duties, her supervisors at those jobs, people with whom she worked, the reasons for her terminations, or any jobs she held prior to 2000.

- Interrogatory No. 10:  Failed to disclose what she was treated for, the dates and nature of the treatments, and the address of the treating facility.

- Interrogatory No. 11:  Vague and generic reference to an alleged suicide attempt does not disclose sufficient detail.  (*See* 4/5/11 Order [3390], at 17.)

- Interrogatory No. 12:  Provided only the names of a few physicians and hospitals *since 2009*, but failed to provide the addresses of these institutions or individuals, the relevant dates, the treatment rendered, what condition she was treated for, the names and addresses of witnesses with knowledge of the treatment, or any information for the time period prior to 2009. This was particularly improper given that Plaintiff's alleged suicide attempt was in 2004.

- Interrogatory No. 14:  Response of "Plaintiff is not deceased" was totally nonresponsive.  In particular, no information about Neurontin was provided.  (*See* 4/5/11 Order [3390], at 17-18.)

- Interrogatory No. 19:  No specific computation of damages whatsoever.

**Pauline Huff** (*See generally* Ex. F, Huff Interrog. Resp.):

- No comprehensive medical provider list.

- Missing some proprietary authorizations for particular record keepers.

- RFP 2:  No tax return information or authorizations.

- Missing initial disclosures in accordance with Rule 26(a)(1)(A).

- Interrogatory No. 2:  Failed to disclose the time period during which Decedent resided at the address listed, whether he resided at any other addresses, or co-residents.

- Interrogatory No. 3:  Failed to disclose any persons with whom Decedent worked.

- Interrogatory No. 4:  Disclosed only 3 names, instead of 10.

- Interrogatory No. 8:  Response that Plaintiff "does not have this information" was insufficient and nonresponsive.

- Interrogatory No. 11:  Vague and generic reference to Decedent's suicide does not disclose sufficient detail to fully respond to Interrogatory.  (*See* 4/5/11 Order [3390], at 17.)

- Interrogatory No. 12:  Provided only the names of a few medical institutions, and stated that she will endeavor to supplement this response.  Especially considering Plaintiff has since failed to respond to Pfizer's requests for additional supplementation, this mere promise to supplement was inadequate.

- Interrogatory No. 14:  Failed to disclose names of prescribing physicians, dosage, dates of prescription usage, or whether prescription was effective.

- Interrogatory No. 15:  Response that she will supplement response as "information becomes available" was nonresponsive, especially considering Plaintiff has since failed to respond to Pfizer's requests for additional supplementation.

- Interrogatory No. 19:  No specific computation of damages whatsoever.

- Interrogatory No. 22:  Response of "Plaintiff/Decedent's family, physicians" failed to provide a sufficient degree of detail.

8

• Interrogatory No. 24:  Plaintiff claimed that the requested third-party payor information is "unknown," but information in response to this interrogatory would be easily accessible to her.

**Jacqueline Poole** (*See generally* Ex. G, Poole Interrog. Resp.):

• No comprehensive medical provider list.

• Missing some proprietary authorizations for particular record keepers.

• RFP 2:  No tax return information or authorizations.

• Missing initial disclosures in accordance with Rule 26(a)(1)(A).

• Interrogatory No. 3:  Failed to provide employment information for the full timeframe.

• Interrogatory No. 10:  Vague reference to "records provided" was inadequate and nonresponsive.

• Interrogatory No. 11:  Vague and generic reference to an alleged suicide attempt does not disclose sufficient detail.  (*See* 4/5/11 Order [3390], at 17.)  Further, Plaintiff stated that her sister committed suicide but did not disclose the name of her sister or describe any of the circumstances surrounding that suicide.

• Interrogatory No. 12:  Failed to provide any substantive response.  Claim that "Plaintiff will supplement" was nonresponsive, especially considering Plaintiff has since failed to respond to Pfizer's requests for additional supplementation.

• Interrogatory No. 14:  Response of "Plaintiff is not deceased" was totally nonresponsive.  In particular, no information about Neurontin was provided.  (*See* 4/5/11 Order [3390], at 17-18.)

• Interrogatory No. 19:  No specific computation of damages whatsoever.

**Joyce Reach** (*See generally* Ex. H, Reach Interrog. Resp.):

• No comprehensive medical provider list.

• Missing some proprietary authorizations for particular record keepers.

• RFP 2:  No tax return information or authorizations.

• Missing initial disclosures in accordance with Rule 26(a)(1)(A).

• Interrogatory No. 3:  Failed to provide employment information for the full timeframe.

• Interrogatory No. 4:  Disclosed only 3 names, instead of 10.

• Interrogatory No. 10:  Failed to disclose what she was treated for or the dates and nature of the treatments.  Further, Plaintiff also referred to a supposed attachment to her Requests for Production, yet no such list was attached.

• Interrogatory No. 11:  Vague and generic reference to an alleged "suicide attempt in October/November, 2004" did not disclose sufficient detail.  (*See* 4/5/11 Order [3390], at 17.)

• Interrogatory No. 12:  Plaintiff referred to a supposed attachment to her Requests for Production, yet no such list was attached.  Further, Plaintiff's claim that she will supplement was nonresponsive, especially considering Plaintiff has since failed to respond to Pfizer's requests for additional supplementation.

• Interrogatory No. 14:  Response of "Plaintiff is not deceased" was nonresponsive, and identification of a few medical providers was inadequate, especially considering that no prescriptions were identified.  In particular, no information about Neurontin was provided.  (*See* 4/5/11 Order [3390], at 17-18.)

• Interrogatory No. 19:  No specific computation of damages whatsoever.

- Interrogatory No. 22:  Claim that she will supplement was nonresponsive, especially considering Plaintiff has since failed to respond to Pfizer's requests for additional supplementation.

**Jessica Whitten** (*See generally* Ex. I, Whitten Interrog. Resp.):

- No comprehensive medical provider list.

- Missing some proprietary authorizations for particular record keepers.

- RFP 2:  No tax return information or authorizations.

- Missing initial disclosures in accordance with Rule 26(a)(1)(A).

- Interrogatory No. 3:  Failed to disclose work duties, the reason for her terminations, or people with whom she worked.

- Interrogatory No. 10:  Vague reference to Plaintiff's "prior responses" was inadequate and nonresponsive.

- Interrogatory No. 11:  Vague and generic reference to an alleged suicide attempt did not disclose sufficient detail.  (*See* 4/5/11 Order [3390], at 17.)

- Interrogatory No. 12:  Aside from 2 hospital stays, Plaintiff merely referred to her "prior responses," which was inadequate and nonresponsive.

- Interrogatory No. 14:  Vague reference to Plaintiff's "prior responses and records provided" was inadequate and nonresponsive.  In particular, no information about Neurontin was provided.  (*See* 4/5/11 Order [3390], at 17-18.)

- Interrogatory No. 19:  No specific computation of damages whatsoever.