# EXHIBIT K

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

---

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-3353
DIRECT FAX
(917) 777-3353
EMAIL ADDRESS
CATHERINE.STEVENS@SKADDEN.COM

FIRM/AFFILIATE OFFICES
---
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
---
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

March 31, 2011

BY ELECTRONIC AND U.S. MAIL
W. Lewis Garrison
Henninger Garrison Davis, LLC
2224 1st Ave. N
Birmingham, AL 35203-4204

     RE: In re: Neurontin Marketing, Sales Practices, and
        Products Liability Litigation MDL No. 1629

Dear Mr. Garrison:

   I am writing to address Plaintiff Andria Renee Blackwell's discovery responses, which are incomplete and deficient in several key respects, as outlined below. Pfizer accordingly requests that Plaintiff immediately supplement her discovery responses pursuant to the Federal Rules of Civil Procedure and the Court's Discovery Order No. 2, and other orders by the Court. Additionally, we would like to schedule Plaintiff's deposition in this case for May. Please inform us of Plaintiff's availability.

### Interrogatory Responses

   Plaintiff's Interrogatory responses are incomplete and deficient in several respects. Interrogatory No. 2 requires Ms. Blackwell to provide several categories of information about her past residencies. Plaintiff provided only her residence from 2000 forward. Plaintiff's answer stated that she would provide information for the ten-year period immediately preceding the incident, but she failed to include information prior to 2000. Please provide the requested information for the full timeframe.

W. Lewis Garrison
March 31, 2011
Page 2

       Interrogatory No. 3 requires certain employment information, including the names of Plaintiff's employers, the dates of employment, the nature of her work, the reason for termination, and the names of three persons with whom she worked closely. Even though Plaintiff's answer claimed that she would provide information for the ten-year period immediately preceding the incident that occurred in 2002, she failed to include information prior to 1997. Plaintiff also failed to explain the reason for termination. Please provide all requested information for the full timeframe.

       Interrogatory No. 4 instructs Plaintiff to provide the names of ten people whom Plaintiff has been closest to over the past ten years, their relationship to Plaintiff, and the timeframe during which Plaintiff has known them. Contrary to this instruction, Plaintiff listed only a 4 people. Please provide complete information in response to this interrogatory, which among other things requires the names of at least 10 people.

       Interrogatory No. 8 requires identification of all bank accounts, the account number, the date range during which the account was maintained, and the identity of the person who was last in possession of account statements. Plaintiff only vaguely alluded to one account that she claims was closed fifteen years ago without providing all requested information. Please provide a complete response to Interrogatory No. 8.

       Interrogatory No. 9 requires Ms. Blackwell to describe all debts owed at the time of the alleged incident, the date incurred, the creditor, and the identity of any document related to the debt. Plaintiff only stated that her and her husband had a $87,000 mortgage without providing any of the other requested information. Plaintiff claimed she would "supplement this response when additional information is available." Please supplement immediately.

       Interrogatory No. 10 requests information regarding psychiatric or mental health care providers Plaintiff saw, and any treatment received. In response to this interrogatory, and despite Plaintiff's time period limitation being overruled by the Court, Ms. Blackwell only provides information starting in 2000. Further, for those providers identified, Ms. Blackwell fails to state the nature of the therapy received. Please provide all information requested in the interrogatory with an adequate degree of completeness and specificity.

Interrogatory No. 12 requests information regarding health care providers Plaintiff saw, and any treatment received. In response to this interrogatory, Ms. Blackwell fails to provide for each provider the illness or condition she was treated for, the nature and dates of treatment, and the names and addresses of witnesses with knowledge of the treatment. Please provide all information requested in the interrogatory with an adequate degree of specificity.

Interrogatory No. 14 requires that names and addresses of all witnesses with information about medications taken by Plaintiff, the name of the prescribing healthcare professional the name of the prescription, the dosage, the date of prescription, where the prescription was filled, and the reason for the prescription and whether it was effective. In response to this interrogatory, Ms. Blackwell only refers to her prior responses. This vague reference is not responsive to the interrogatory. Please provide all information requested in the interrogatory with an adequate degree of specificity.

Interrogatory No. 15 requests information about Plaintiff's educational history, however Ms. Blackwell fails to identify any educational institutions prior her attendance at the University of Southern Mississippi, and for those institutions provided, fails to provide complete dates of attendance. Please provide all information requested in the interrogatory with an adequate degree of specificity.

Interrogatory No. 19 requires a computation of damages Ms. Blackwell is seeking, but she lists only general categories of damages with no computation at all. At this stage in the litigation, that vague response is unacceptable. Particularly as to economic damages like medical expenses, Plaintiff should have ready access to any supporting documentation, and we should not be left to guess at what damages she seeking. Please provide a full computation of damages for all categories provided. Furthermore, Plaintiff claims in her response that she is seeking "past and future lost earnings," but her response to Pfizer's Request for Production No. 2 states, "Plaintiff has not made a claim for lost wages." Please explain this inconsistency.

Interrogatory No. 24 requests information about insurance and payor information, but Plaintiff only provide information starting in 1997. Since Plaintiff's

W. Lewis Garrison
March 31, 2011
Page 4

time period objection was overruled by the Court's Discovery Order No. 2, please supplement this response.

**Requests for Production**

In her response to Request No. 2, which requests state and federal tax returns, Plaintiff claims that she "sees no need to provide any such documents" and that none are in her possession. However, the Court's Discovery Order No. 2 mandates that "Plaintiffs shall produce their individual tax returns filed during the time period from five years immediately preceding the injury complained of through the present." Please supply state and federal tax returns in accordance with the Court's Order.

Request No. 51 requires Plaintiff to produce signed HIPPA-complaint authorizations. Plaintiff has failed to provide the properly executed forms for the release of pharmacy and other records. We need authorizations signed for Social Security Administration and IRS records, and are enclosing the same. Please execute these authorizations promptly.

Please note that we plan to take Plaintiff's deposition in this case in May, and we expect full compliance with Plaintiff's obligations under the Federal Rules and the Court's orders far enough in advance of depositions to allow adequate time to prepare for depositions and conduct any follow-up discovery. If you have any questions, please do not hesitate to contact me.

Very truly yours,

Catherine B St

Catherine B. Stevens

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-3353
DIRECT FAX
(917) 777-3353
EMAIL ADDRESS
CATHERINE.STEVENS@SKADDEN.COM

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

March 31, 2011

BY ELECTRONIC AND U.S. MAIL
W. Lewis Garrison
Henninger Garrison Davis, LLC
2224 1st Ave. N
Birmingham, AL 35203-4204

RE: In re: Neurontin Marketing, Sales Practices, and
Products Liability Litigation MDL No. 1629

Dear Mr. Garrison:

I am writing to address Plaintiff Meicki Baker's discovery responses, which are incomplete and deficient in several key respects, as outlined below. Pfizer accordingly requests that Plaintiff immediately supplement her discovery responses pursuant to the Federal Rules of Civil Procedure and the Court's Discovery Order No. 2, and other orders by the Court. Additionally, we would like to schedule Plaintiff's deposition in this case for sometime in May. Please inform us of Plaintiff's availability.

**Interrogatory Responses**

Initially, Plaintiff did not sign her Interrogatory responses in accordance with Federal Rule of Civil Procedure 33(b)(5). Please produce responses that comply with that Rule. Plaintiff's Interrogatory responses are also incomplete and deficient in several other respects.

Interrogatory No. 2 requires Ms. Baker to provide the addresses of her previous residences, the date each residency commenced and terminated, and the

W. Lewis Garrison
March 31, 2011
Page 2

identity of the individuals with whom Ms. Baker resided along with their relationship to Ms. Baker. Plaintiff provided only her residence from 2000 forward. Plaintiff's answer stated that she would provide information for the ten-year period immediately preceding the incident, but she then failed to include information prior to 2000. Furthermore, she failed to identify any person who resided with her. Please provide all requested information for the full timeframe.

Interrogatory No. 3 requires certain employment information, including the names of Plaintiff's employers, the dates of employment, the nature of her work, the reason for termination, and the names of three persons with whom she worked closely. Plaintiff only provided that she worked as a groundskeeper for an unspecified time period. Additionally, while Plaintiff claimed she would identify three people with whom she worked, as required by the Court's Discovery Order No. 2, she failed to do so. Please provide the full and complete information requested about Plaintiff's employment history.

Interrogatory No. 4 instructs Plaintiff to provide the names of ten people whom Plaintiff has been closest to over the past ten years, their relationship to Plaintiff, and the timeframe during which Plaintiff has known them. Contrary to this instruction, Plaintiff lists only a single person, which is wholly inadequate, and fails to provide a time period for the relationship. Further, that one person is identified as her husband – despite her previous response to Interrogatory No. 1 that she has never been married. Please provide complete information in response to this interrogatory, which among other things requires the names of at least 10 people. Please also clarify whether Plaintiff is married, and if so, supplement Plaintiff's response to Interrogatory No. 1.

Interrogatory No. 6 requires information as to whether Ms. Baker ever consumed alcohol or illegal drugs and whether she ever sought treatment or counseling for issues related to her consumption of these substances. Plaintiff's answer addressed alcohol and substance use, but failed to provide the frequency and type of beverage consumed for her alcohol use, failed to provide the frequency of her marijuana use, and failed to provide information about any treatment or counseling related to substance use. Please provide all information requested.

Interrogatory No. 7 requests the names of persons with knowledge of the facts relevant to this case, and the nature and extent of that knowledge. Plaintiff's response, which merely refers to other responses (which provide insufficient names – in the case of Interrogatory No. 4 – or refer to medical records

– in the case of Request for Production No. 1), and further fails to state the nature and extent of any knowledge. Please provide the full and complete information requested.

Interrogatory No. 8 requires identification of all bank accounts, the account number, the date range during which the account was maintained, and the identity of the person who was last in possession of account statements. Plaintiff has provided no response to this Interrogatory and has only raised objections. This is inadequate, especially considering that the Court has specifically ordered all Plaintiffs to answer this interrogatory as formulated. Please provide an answer in accordance with the Court's Order.

Interrogatory No. 9 requests information about "any an all debts" by or on behalf of Plaintiff during the relevant time period. Plaintiff's response that she "has no debts of significance" is it fails to provide information about any debts (even if insignificant as determined by Plaintiff) and also seemingly fails to provide information from the past (versus the present). This is inadequate, especially considering that the Court has specifically ordered all Plaintiffs to answer this interrogatory as formulated. Please provide an answer in accordance with the Court's Order.

Interrogatory No. 10 requires Ms. Baker to identify the mental health professionals Plaintiff Baker has consulted. While Ms. Baker provided the last name of one psychiatrist with no address and unnamed physicians at two healthcare facilities, she failed to provide all the information requested, including full names and complete addresses, the healthcare providers' specialties, the nature of the therapy received, and the dates on which she was treated. Please supplement this response with complete information.

Interrogatory No. 11 requires information about Plaintiff and her family's history of mental illness. In response, Plaintiff provided that her un-named sister is bi-polar, and she vaguely wrote, "there is some family history of alcoholism," but that is too vague to be responsive. It does not inform what her sister's name is, which family member or members suffered from alcoholism, their relationship to the Plaintiff, the nature of the disease, or witnesses with information. Please provide complete information with an adequate degree of specificity. Plaintiff's response also fails to provide sufficient detail regarding Plaintiff's suicide attempts.

W. Lewis Garrison
March 31, 2011
Page 4

Interrogatory No. 12 requires Ms. Baker to provide information regarding every health-care professional that provided any type of treatment over the last twenty years. In her response, Ms. Baker provided the incomplete names of four physicians with no addresses, and identified one hospital (without naming any physicians or providing an address). She further failed to identify and provide the circumstances of each injury, illness, disease, or affliction, the dates of treatment, and the names and addresses of witnesses with knowledge of the treatment. Please supplement this response with complete information.

Interrogatory No. 13 requires information about Plaintiff's criminal history. Plaintiff only objected in response to this interrogatory. Plaintiff's objection without answer is inappropriate, especially considering that the Court ordered that this interrogatory must be answered except as to juvenile offenses. Thus, please answer the interrogatory as asked and as required by the Court's Discovery Order No. 2.

Interrogatory No. 14 requires that names and addresses of all witnesses with information about medications taken by Plaintiff, the name of the prescribing healthcare professional, the name of the prescription, the dosage, the date of prescription, where the prescription was filled, and the reason for the prescription and whether it was effective. In response to this interrogatory, Plaintiff wrote only, "Plaintiff is not deceased." This answer is non-responsive to the interrogatory. Please supplement with the information requested in Interrogatory No. 14.

Interrogatory No. 15 requires certain information about Plaintiff's educational history. Instead of answering this interrogatory, Plaintiff Baker only wrote, "Plaintiff will supplement this response." Please do so immediately.

Interrogatory No. 19 requires a computation of damages Ms. Baker is seeking, but she lists only general categories of damages with no computation at all. At this stage in the litigation, that vague response is unacceptable. Particularly as to economic damages like medical expenses, Plaintiff should have ready access to any supporting documentation, and we should not be left to guess at what damages she seeking. Please provide a full computation of damages for all categories provided. Furthermore, Plaintiff claims in her response that she is seeking "past and future lost earnings," but her response to Pfizer's Request for Production No. 2 states, "Plaintiff has not made a claim for lost wages." Please explain this inconsistency.

Interrogatory No. 24 requires information about third-party payors who provided coverage for Ms. Baker. Plaintiff claims that she does not recall her provider at the time of her Neurontin use, but that answer is inadequate. Plaintiff should have easy access to the documentation from which she could obtain this information. Additionally, Plaintiff has been ordered to respond to this interrogatory for the complete time period requested, not just the time of her Neurontin use. Please supplement this response with the information requested.

Interrogatory No. 25 requires Plaintiff to identify all persons or entities present during her alleged suicide attempt or that performed an investigation. Plaintiff answered only by saying that she was not aware of an investigation, but she failed to identify anyone who may have been present during the incident. Please provide all the information requested.

**Requests for Production**

In Response to Request No. 2, which requests state and federal tax returns, Plaintiff claims that she "sees no need to provide any such documents" and that none are in her possession. However, the Court's Discovery Order No. 2 mandates that "Plaintiffs shall produce their individual tax returns filed during the time period from five years immediately preceding the injury complained of through the present." Please supply state and federal tax returns in accordance with the Court's Order.

Request No. 51 requires Plaintiff to produce signed HIPPA-complaint authorizations. Plaintiff has failed to provide the properly executed forms for the release of pharmacy and other records. We need authorizations signed for Rite-Aid, IRS, and the Social Security Administration and are enclosing the same. Please execute these authorizations promptly.

Please note that we plan to take depositions in this case in May, and we expect full compliance with Plaintiff's obligations under the Federal Rules and

W. Lewis Garrison
March 31, 2011
Page 6

the Court's orders far enough in advance of depositions to allow adequate time to prepare for depositions and conduct any follow-up discovery. If you have any questions, please do not hesitate to contact me.

Very truly yours,

Catherine B. Stevens

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-3353
DIRECT FAX
(917) 777-3353
EMAIL ADDRESS
CATHERINE.STEVENS@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

April 1, 2011

BY ELECTRONIC AND U.S. MAIL
W. Lewis Garrison
Henninger Garrison Davis, LLC
2224 1st Ave. N
Birmingham, AL 35203-4204

RE:   In re: Neurontin Marketing, Sales Practices, and
      Products Liability Litigation MDL No. 1629

Dear Mr. Garrison:

       I am writing to address Plaintiff Charles Brown's discovery responses, which are incomplete and deficient in several key respects, as outlined below. Pfizer accordingly requests that Plaintiff immediately supplement his discovery responses pursuant to the Federal Rules of Civil Procedure and the Court's Discovery Order No. 2, and other orders by the Court. Additionally, we would like to schedule Plaintiff's deposition in this case for May. Please inform us of Plaintiff's availability.

### Interrogatory Responses

       Plaintiff's Interrogatory responses are incomplete and deficient in several respects. Interrogatory No. 1 requests certain background information, however Plaintiff failed to provide the date and place for each marriage, as well as the date, place and manner of termination for each marriage, including the name of the court. Plaintiff also failed to state whether he has ever had any children, and if so, provide the requested information.

W. Lewis Garrison
April 1, 2011
Page 2

Interrogatory No. 2 requests information about Plaintiff's residential history, but Plaintiff fails to state the dates he lived at his residence in Birmingham, and whether he resided with anyone there. Further, to the extent Plaintiff's residential history provided fails to date back to 10 years prior to the alleged incident in this case, please supplement this response to include residences through that period of time.

Interrogatory No. 3 requires certain employment information, including the names of Plaintiff's employers, the dates of employment, the nature of his work, the reason for termination, and the names of three persons with whom he worked closely. Plaintiff only stated that he has been disabled "for the last 12 years", apparently meaning since 1997 (as the Interrogatory responses are dated October 14th, 2009). Please provide the information requested for the time period prior to 1997 – and at least 10 years prior to the incident in this case. Please provide the full and complete information requested about Plaintiff's employment history.

Interrogatory No. 4 instructs Plaintiff to provide the names of ten people whom Plaintiff has been closest to over the past ten years, their relationship to Plaintiff, and the timeframe during which Plaintiff has known them. Contrary to this instruction, Plaintiff listed only two people. Please provide complete information in response to this interrogatory, which among other things requires the names of at least ten people.

Interrogatory No. 6 requires information as to whether Mr. Brown ever consumed alcohol or illegal drugs and whether he ever sought treatment or counseling for issues related to her consumption of these substances. Plaintiff's answer addressed alcohol and illicit drug use, but failed to provide the frequency and type of beverage consumed for his alcohol use, failed to provide the type and frequency of his illicit drug use, and failed to provide information about any treatment or counseling related to substance use. Please provide all information requested.

Interrogatory No. 7 requests the names of persons with knowledge of the facts relevant to this case, and the nature and extent of that knowledge. Plaintiff's response, which merely refers to other responses (which provide insufficient names – in the case of Interrogatory No. 4 (and No. 22, which solely refers to No. 2), or refer to medical records – in the case of Request for Production No. 1), and further fails to state the nature and extent of any knowledge. Please provide the full and complete information requested.

W. Lewis Garrison
April 1, 2011
Page 3

Interrogatory No. 8 requires identification of all bank accounts, the account number, the date range during which the account was maintained, and the identity of the person who was last in possession of account statements. Plaintiff's response that "there are no records of these accounts at this time" is vague and insufficient. This is inadequate, especially considering that the Court has specifically ordered all Plaintiffs to answer this interrogatory as formulated. Please provide an answer in accordance with the Court's Order.

Interrogatory No. 9 requests information about "any an all debts" by or on behalf of Plaintiff during the relevant time period. Plaintiff's only response was that he would "supplement this response when additional information is available." This is inadequate, therefore please supplement this response immediately.

Interrogatory No. 10 requires Plaintiff to identify and provide information regarding Plaintiff's mental health treatment and providers. Plaintiff's sole response vaguely "refers Defendants to medical records provided." Please supplement this response with complete information.

Interrogatory No. 11 requires information about Plaintiff and his family's history of mental illness. Plaintiff's response fails to provide sufficient detail regarding Plaintiff's alleged suicide attempt in 1999. Please provide complete information with an adequate degree of specificity.

Interrogatory No. 12 requires Mr. Brown to identify and provide information regarding every healthcare professional that provided any type of treatment over the last twenty years. In response, Mr. Brown solely referred to Document Request No. 1, and stated that he would eventually supplement the response. This is inadequate, therefore please supplement immediately with the complete information requested.

Interrogatory No. 14 requires the names and addresses of all witnesses with information about medications taken by Plaintiff, the name of the prescribing healthcare professional, the name of the prescription, the dosage, the date of prescription, where the prescription was filled, and the reason for the prescription and whether it was effective. While Mr. Brown provides the name of two providers at two facilities, he gives no indication of what prescriptions he was prescribed, the dates he was prescribed them and for what condition, where he filled them, who the

W. Lewis Garrison
April 1, 2011
Page 4

prescribing doctors were, and whether they were effective. Please supplement with the complete information requested in Interrogatory No. 14.

Interrogatory No. 15 requires certain information about Plaintiff's educational history. Please provide the information requested for the educational institutions Plaintiff attended prior to receiving a GED.

Interrogatory No. 19 requires a computation of damages Mr. Brown is seeking, but he lists only general categories of damages with no computation at all. At this stage in the litigation, that vague response is unacceptable. Particularly as to economic damages like medical expenses, Plaintiff should have ready access to any supporting documentation, and we should not be left to guess at what damages he is seeking. Please provide a full computation of damages for all categories provided. Furthermore, Plaintiff claims that he is seeking "past and future lost earnings," but his response to Pfizer's Request for Production No. 2 states, "Plaintiff has not made a claim for lost wages." Please explain this inconsistency.

Interrogatory No. 24 requests information about insurance and payor information, but Plaintiff only provided incomplete information about his insurance coverage at the time of his suicide attempt in 1999. Plaintiff has been ordered to respond to this interrogatory for the complete time period requested, not just the time of his Neurontin use. Since Plaintiff's time period objection was overruled by the Court's Discovery Order No. 2, please supplement this response with the complete information requested. Further, Plaintiff should have access to the documentation from which he could obtain the requested information regarding his workers' compensation coverage, and should supplement this response accordingly.

**Requests for Production**

In Response to Request No. 2, which requests state and federal tax returns, Plaintiff claims that he "sees no need to provide any such documents" and that none are in his possession. However, the Court's Discovery Order No. 2 mandates that "Plaintiffs shall produce their individual tax returns filed during the time period from five years immediately preceding the injury complained of through the present." Please supply state and federal tax returns in accordance with the Court's Order.

W. Lewis Garrison
April 1, 2011
Page 5

Request No. 51 requires Plaintiff to produce signed HIPPA-complaint authorizations. Plaintiff has failed to provide the properly executed forms for the release of Medicaid and other records. We need authorizations signed for Alabama Medicaid, Social Security Administration and IRS records, and are enclosing the same. Please execute these authorizations promptly. In addition, please have all the Alabama residents that you represents execute an Alabama Medicaid authorization.

Please note that we plan to take Plaintiff's deposition in this case in May, and we expect full compliance with Plaintiff's obligations under the Federal Rules and the Court's orders far enough in advance of depositions to allow adequate time to prepare for depositions and any follow-up discovery. If you have any questions, please do not hesitate to contact me.

                                    Very truly yours,

                                    Catherine B. St

                                    Catherine B. Stevens

Enclosure

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

DIRECT DIAL
(212) 735-3353
DIRECT FAX
(917) 777-3353
EMAIL ADDRESS
CATHERINE.STEVENS@SKADDEN.COM

FOUR TIMES SQUARE
NEW YORK 10036-6522
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

April 5, 2011

BY ELECTRONIC AND U.S. MAIL
W. Lewis Garrison
Henninger Garrison Davis, LLC
2224 1st Ave. N
Birmingham, AL 35203-4204

RE:  In re: Neurontin Marketing, Sales Practices, and
     Products Liability Litigation MDL No. 1629

Dear Mr. Garrison:

I am writing to address Plaintiff Odessa Grissom's discovery responses, which are incomplete and deficient in several key respects, as outlined below. Pfizer accordingly requests that Plaintiff immediately supplement her discovery responses pursuant to the Federal Rules of Civil Procedure and the Court's Discovery Order No. 2, and other orders by the Court. Additionally, we would like to schedule Plaintiff's deposition in this case for May. Please inform us of Plaintiff's availability. If we do not receive available dates within one week, we will notice Plaintiff's deposition.

**Interrogatory Responses**

Interrogatory No. 2 requires Plaintiff to provide information regarding her previous residences. Plaintiff provided only her residence from 1993 forward, but Plaintiff's answer stated that she would provide information for the ten-year period immediately preceding the incident. Please provide all requested information for the full timeframe. Also, please confirm that Plaintiff did not reside at any of these addresses with anyone else.

Interrogatory No. 3 requires certain employment information, including the names of Plaintiff's employers, the dates of employment, the nature of her work, the reason for termination, her supervisors, and the names of three persons

with whom she worked closely. Plaintiff's answer stated that she would provide information for the ten-year period immediately preceding the incident, but Plaintiff only stated that she has not worked for the last 12 years (preceding her 2011 responses). Please provide the full and complete information requested about Plaintiff's employment history for the complete relevant timeframe.

Interrogatory No. 4 instructs Plaintiff to provide the names of ten people who Plaintiff has been closest to over the past ten years, their relationship to Plaintiff, and the timeframe during which Plaintiff has known them. Contrary to this instruction, Plaintiff listed only one person, who is now deceased. Please provide complete information in response to this interrogatory, which among other things seeks the names of ten people.

Interrogatory No. 7 requests the names of persons with knowledge of the facts relevant to this case, and the nature and extent of that knowledge. Plaintiff's response, which contains incomplete sentences, merely refers to other responses (which provide one name of a deceased person – in the case of Interrogatory Nos. 4 & 22 – or refer to medical records – in the case of Request for Production No. 1), and further fails to state the nature and extent of any knowledge. Please provide the full and complete information requested.

Interrogatory No. 8 requires identification of all bank accounts, the account number, the date range during which the account was maintained, and the identity of the person who was last in possession of account statements. Plaintiff's response that "there are no records of these accounts at this time" is vague and insufficient. This is inadequate, especially considering that the Court has specifically ordered all Plaintiffs to answer this interrogatory as formulated. Please provide an answer in accordance with the Court's Order.

Interrogatory No. 9 requests information about "any an all debts" by or on behalf of Plaintiff during the relevant time period. Plaintiff's only response was that she would "supplement this response when additional information is available." This is inadequate, therefore please supplement this response immediately.

Interrogatory No. 10 requires Plaintiff to identify and provide information regarding Plaintiff's mental health treatment and providers. While Plaintiff lists the names and addresses of a number of medical facilities, she does not disclose what she was treated for, the dates and nature of the treatments, or the names of the individuals treating her. Please supplement this response with the complete information requested.

W. Lewis Garrison
April 5, 2011
Page 3

       Interrogatory No. 11 requires information about Plaintiff and her family's history of mental illness. Plaintiff's response fails to provide sufficient detail regarding Plaintiff's suicide attempt.

       Interrogatory No. 12 requires Ms. Grissom to identify and provide information regarding healthcare professionals and providers that provided any type of treatment over the last twenty years. In response, Ms. Grissom states that this information was "provided in other responses." This is inadequate and inaccurate, therefore please supplement immediately with the complete information requested.

       Interrogatory No. 14 requires the names and addresses of all witnesses with information about medications taken by Plaintiff, the name of the prescribing healthcare professional, the name of the prescription, the dosage, the date of prescription, where the prescription was filled, and the reason for the prescription and whether it was effective. In response to this interrogatory, Ms. Grissom only refers to her prior responses. This vague reference insufficient and is not responsive to the interrogatory. Please provide all information requested in the interrogatory with an adequate degree of specificity.

       Interrogatory No. 15 requires certain information about Plaintiff's educational history. Please provide the information requested for the educational institutions Plaintiff attended prior to receiving a GED.

       Interrogatory No. 19 requires a computation of damages Ms. Grissom is seeking, but she lists only general categories of damages with no computation at all. At this stage in the litigation, that vague response is unacceptable. Particularly as to economic damages like medical expenses, Plaintiff should have ready access to any supporting documentation, and we should not be left to guess at what damages she is seeking. Please provide a full computation of damages for all categories provided. Furthermore, Plaintiff claims that she is seeking "past and future lost earnings," but her response to Pfizer's Request for Production No. 2 states, "Plaintiff has not made a claim for lost wages." Please explain this inconsistency.

       Interrogatory No. 22 seeks information regarding persons with knowledge of the 72 hours preceding Plaintiff's suicide attempt. Plaintiff's response refers to Interrogatory No. 4 for "a list of the family members current address" but that response only provides information about Plaintiff's deceased mother. Please provide an adequate response to this interrogatory.

       Interrogatory No. 24 requires information about third-party payors who provided coverage for Ms. Grissom. Plaintiff claims that she does not recall her

3

W. Lewis Garrison
April 5, 2011
Page 4

provider at the time of her Neurontin use, but that answer is inadequate. Plaintiff should have easy access to the documentation from which she could obtain this information. Additionally, Plaintiff has been ordered to respond to this interrogatory for the complete time period requested, not just the time of her Neurontin use. Please supplement this response with the information requested.

**Requests for Production**

In Response to Request No. 2, which requests state and federal tax returns, Plaintiff claims that she "sees no need to provide any such documents" and that none are in her possession. However, the Court's Discovery Order No. 2 mandates that "Plaintiffs shall produce their individual tax returns filed during the time period from five years immediately preceding the injury complained of through the present." Please supply state and federal tax returns in accordance with the Court's Order.

Request No. 51 requires Plaintiff to produce signed HIPPA-complaint authorizations. Plaintiff has failed to provide the properly executed forms for the release of Medicaid and other records. We need authorizations signed for Georgia Medicaid, Social Security Administration and IRS records, and are enclosing the same. Please execute these authorizations promptly.

Please note that we plan to take Plaintiff's deposition in this case in May, and we expect full compliance with Plaintiff's obligations under the Federal Rules and the Court's orders far enough in advance of depositions to allow adequate time to prepare for depositions and any follow-up discovery. If you have any questions, please do not hesitate to contact me.

Very truly yours,

Catherine B. Stevens

Enclosure

4