UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x
: MDL Docket No. 1629
In re: NEURONTIN MARKETING, SALES :
PRACTICES, AND PRODUCTS : Master File No. 04-10981
LIABILITY LITIGATION :
------------------------------------------------x Judge Patti B. Saris
:
THIS DOCUMENT RELATES TO: : Magistrate Judge Leo T.
: Sorokin
KAISER FOUNDATION HEALTH PLAN, INC., ET AL. V. :
PFIZER INC, ET AL., 04 CV 10739 (PBS) :
:
:
------------------------------------------------x

**PLAINTIFFS' BRIEF CONCERNING KAISER FOUNDATION HEALTH PLAN'S STANDING TO RECOVER ON BEHALF OF ITS REGIONAL SUBSIDIARIES**

Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser") respectfully submit this memorandum in response to the Court's July 18, 2011 Order directing Kaiser to address "the issue of Kaiser Foundation Health Plan's standing to recover for the regional subsidiaries." In response to the Court's questions:

- Contracting for Neurontin purchases was performed by the parent, Kaiser Foundation Health Plan, Inc., including by Dr. Carrejo, *see* 2/26 Tr. at 87-88.

- Purchases pursuant to that contract were undertaken by each Kaiser subsidiary, *see* TX 268 (detailing spending in aggregate and by each subsidiary),[1] Kaiser will allocate the recovery here to the subsidiaries according to their purchases, and this Court may explicitly join the subsidiaries now if it wishes.

From the outset of this case, Defendants ("Pfizer") have been on notice that Kaiser was bringing suit on behalf of Kaiser Foundation Health Plan and its regional subsidiaries throughout the country (in addition to Kaiser Foundation Hospitals). Kaiser made this fact clear in its First Coordinated Amended Complaint ("FCAC") *in February 2005*; Pfizer demanded and received discovery from the regional Kaiser subsidiaries; filings before this Court made clear that Kaiser was suing on behalf of all of those entities; and the testimony and exhibits accepted into evidence at trial confirm that Kaiser was proceeding on behalf of the Kaiser parent and its regional subsidiaries. Pfizer's post-trial brief even recognizes this fact, though it mischaracterizes the subsidiaries as non-parties. *See* Defs.' Proposed Findings of Fact [D.E. 2808-1 ¶1].

Since at least the FCAC, the regional Kaiser subsidiaries have been parties to this case, and Pfizer has defended accordingly. This Court has recognized that on multiple occasions by giving effect to the parties' conduct during the course of years of discovery and allowing Kaiser to proceed in the aggregate. Pfizer's position now is nothing more than a hyper-technical

---

[1] To the extent that counsel left the impression at that hearing that all the purchases themselves – as opposed to the contracting covering the purchases – were undertaken by the parent, that is mistaken. Counsel was speaking of contracting for purchases, not all the purchases themselves.

argument that the regional subsidiaries are not listed in the caption of the complaint. But the Federal Rules and case law reject such a narrow reading. The regional subsidiaries have always been a part of this case in light of the FCAC. In all events, given the parties' conduct in this litigation, the Court can explicitly add them as parties now without prejudicing any party.

## I. The Complaint Makes Clear That The Regional Kaiser Subsidiaries Are Parties

Pfizer's argument that, because the regional Kaiser subsidiaries are not listed in the caption of the complaint, they are not parties, is contrary to law. *See, e.g.*, *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[A] party not properly named in the caption of a complaint may still be properly before the court if the allegations in the body of the complaint make it plain the party is intended[.]"); *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) (noting and affirming prior holding that "the question of whether a defendant is properly in a case is not resolved by merely reading the caption of a complaint[; r]ather, a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended").

On multiple occasions, this Court has considered and rejected the notion that Kaiser did not sue on behalf of all Kaiser entities. Responding to Pfizer's argument on this issue before day one of trial, counsel for Kaiser explained that discovery had proceeded in the aggregate for all Kaiser entities and that "we are willing and ready to proceed in the aggregate." 2/22 Tr. at 26-27. The Court accepted that explanation. *Id.* ("All right, end of issue."). In its November 3, 2010 Findings of Fact and Conclusions of Law, the Court accurately described Plaintiffs as including the parent Kaiser and its regional subsidiaries. "[T]he Kaiser Foundation Health Plan . . . provides medical insurance to approximately 8.6 million members located in nine states. Seventy-six percent of its members are located in California." [D.E. 3120 at 5.]

Pfizer's citation to *PayPhone LLC v. Brooks Fiber Commc'ns of R.I.*, 126 F. Supp. 2d 175, 179 (D.R.I. 2001), is inapposite. Kaiser neither needs to nor seeks to ignore the corporate structure of the various Kaiser entities. Instead, as detailed below, Pfizer has known for years that Kaiser was suing on behalf of all the Kaiser regions. *E. & J. Gallo Winery v. EnCana Energy Services*, No. 03-5412, 2004 U.S. Dist. LEXIS 29384 (E.D. Cal. Oct. 13, 2004) ("*Gallo*") is instructive. In *Gallo*, the court explained that a plaintiff with subsidiaries could: (1) sue for its own damages; (2) explicitly list its subsidiaries as co-plaintiffs; or (3) make it express that it was suing as the parent on behalf of itself and all its subsidiaries. *Id*. at *21. Kaiser here pursued the third path – it made it express that it was suing on behalf of itself and its regional subsidiaries.

**II. Pfizer Was Fully Aware That Kaiser Was Suing On Behalf Of Its Subsidiaries**

Early and often, Kaiser provided notice that it was suing on behalf of all Kaiser entities. On February 1, 2005 – nearly six and one-half years ago, and five years before the February 2010 trial – Kaiser filed its FCAC. [D.E. 31.] The FCAC made clear that Kaiser was suing on behalf of its "8.2 million members in nine states and the District of Columbia." *Id*. ¶ 6. The FCAC provided further detail that approximately 75% of Kaiser members resided in California and that "[t]he remaining members are in Colorado, Georgia, Maryland, Virginia, Oregon, Washington, Hawaii, Ohio and the District of Columbia." *Id*. Kaiser's operative Third Coordinated Amended Complaint contains identical language. [D.E. 583 ¶ 7.]

In numerous filings Kaiser has reiterated that it "brought suit on behalf of both [the] parent [Kaiser Health Plan, Inc.] and [the regional] subsidiaries." [D.E. 2814 ¶ 1.] *See also* [D.E. 3420 at 2 ("the named Plaintiffs in this case brought suit on behalf of both parent and subsidiaries")]; [D.E. 2724 at 1 n.1 ("Kaiser Foundation Health Plan, Inc. . . . is the parent company . . . and has brought this lawsuit on behalf of itself and its [regional] subsidiaries")]; [D.E. 2438 (same)]; [D.E. 2179 (same)].

3

Indeed, Pfizer has defended this case with full knowledge that Kaiser was suing on behalf of its regional subsidiaries. In discovery, Pfizer demanded and received documents and data from all Kaiser regions. *See, e.g.*, KAIS-045176 (voluminous drug utilization data spanning all Kaiser regions); KAIS-044233 (documents from Colorado region files); KAIS-044118 (Georgia); KAIS-044068 (Ohio); KAIS-044130.27 (Mid-Atlantic). And Kaiser's experts submitted reports in August 2008 calculating damages based on Neurontin use across all Kaiser regions. Pfizer demanded discovery from all Kaiser regions, and Kaiser did not resist on the basis that it was suing only on behalf of the California entities.

Consistent with the extensive fact and expert discovery undertaken here, Kaiser presented testimony and documentary evidence of damages across all Kaiser regions. Dr. Ambrose Carrejo, Kaiser's head of prescription drug purchasing, contracted with Pfizer for Kaiser's purchases of Neurontin. *See* 2/26 Tr. at 87-88. Dr. Carrejo described Kaiser as providing "medical coverage for . . . our 8.6 million members in nine states throughout the United States, including the District of Columbia[.]" 2/26 Tr. at 82. He elaborated that Kaiser members are located "throughout the United States . . . . Roughly . . . 75 percent of the members are located within . . . California[], and the other 25 percent are divided quite equally throughout the other regions." *Id*. at 83. Dr. Mirta Millares confirmed the breakout of Kaiser members among the various regions. 3/5 Tr. at 92-93. Dr. Carrejo authenticated Kaiser's utilization and cost data spanning all Kaiser regions. 2/26 Tr. at 88-89; TX 268 (utilization and cost data for all Kaiser regions). Dr. Carrejo created a graph of Neurontin usage "program-wide [at] Kaiser, all of the regions for the prescriptions[.]" 2/26 Tr. at 90-91; TX 268-B. Dr. Carrejo also created a chart of the Neurontin "spend for . . . the entire Kaiser program." 2/26 Tr. at 91-92; TX 268-A. Based on this data, Neurontin utilization among the various Kaiser regions was as follows: Northern California = 42%; Southern California = 32%; Northwest = 8%; Mid-Atlantic = 6%; Colorado =

4%; Georgia and Hawaii each = 3%; and Ohio = 2%. *See* Exhibit 1. Kaiser will allocate recovery to each region based on this data; the Court may do so explicitly. Kaiser presented testimony and evidence at trial of Neurontin utilization and damages across all Kaiser regions, and Pfizer had sufficient opportunity to challenge this evidence.

### III. Explicitly Adding The Regional Kaiser Subsidiaries Would Be Appropriate

In light of the facts described above, the Court has the authority (as it inquired in its Order) to explicitly add the regional Kaiser subsidiaries. "'Parties may be dropped or added by order of the court . . . at any stage of the action and on such terms as are just,' Fed. R. Civ. P. 21, *even after trial or on appeal.*" *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 825 F. Supp. 340, 344 (D. Mass. 1993) (emphasis added). *Accord Crude Co. v. U.S. Dep't of Energy*, 189 F.R.D. 1, 2 (D.D.C. 1999) ("Rules 19(a) and 21 of the Federal Rules of Civil Procedure contemplate post-judgment joinder so long as . . . joinder will not unduly prejudice the opposing party [and] . . . the court's jurisdiction will not be adversely affected.").

Here, explicitly adding the regional Kaiser subsidiaries would not adversely affect jurisdiction and would not prejudice Pfizer.[2] Such action would add no new defendants, change no legal theories, and require no alteration to the damages or restitution ordered in this case. As detailed above, Pfizer has known since at least February 2005 that Kaiser was suing on behalf of its regional subsidiaries and the parties have conducted discovery and tried and defended the case accordingly. As far as Kaiser is concerned, the regional subsidiaries have been parties since the outset in light of the allegations in the FCAC. But, if the Court wishes to join them more explicitly, it has such authority to do so under Rule 21, and Pfizer would not be prejudiced.

---

[2] In *Gallo*, the court found that the plaintiff had sued only for itself and not its subsidiaries but granted the plaintiff leave to amend because "since the commencement of this action, the parties have come to understand the nature of the claims in this case" and "[d]efendants' discovery requests, as well as the documentary and testimonial evidence produced during discovery, have fully informed [d]efendants of [plaintiff's] intention to pursue claims on behalf of [itself] and its subsidiaries." *Gallo*, 2004 U.S. Dist. LEXIS 29384 at *26.

Dated: July 25, 2011                          Respectfully submitted,

                                               By:    */s/ Linda P. Nussbaum*
                                                         Linda P. Nussbaum

                                        Linda P. Nussbaum, Esq.
                                        John D. Radice, Esq.
                                        GRANT & EISENHOFER, P.A.
                                        485 Lexington Avenue
                                        New York, NY 10017

                                        *Attorneys for Plaintiffs Kaiser Foundation*
                                        *Health Plan, Inc. and Kaiser Foundation*
                                        *Hospitals*

*Of Counsel*

Thomas M. Greene, Esq.
GREENE LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Elizabeth Cabraser, Esq.
LIEFF CABRASER HEIMANN &
   BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas M. Sobol, Esq.
HAGENS BERMAN SOBOL
   SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2011, I caused a true and correct copy of PLAINTIFFS' BRIEF CONCERNING KAISER FOUNDATION HEALTH PLAN'S STANDING TO RECOVER ON BEHALF OF ITS REGIONAL SUBSIDIARIES to be served upon all known counsel of record by electronic filing using the CM/ECF system.

     /s/ Linda P. Nussbaum
     Linda P. Nussbaum