UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>KAISER FOUNDATION HEALTH PLAN, et al. v. PFIZER INC., 04 CV 10739 (PBS) | Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin<br><br>**LEAVE TO FILE GRANTED ON 7/26/11** |

**RESPONSE TO PLAINTIFFS' BRIEF REGARDING THEIR PURPORTED STANDING TO RECOVER ON BEHALF OF NON-PARTY SUBSIDIARIES**

Mark S. Cheffo
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Four Times Square
New York, NY 10036
Tel: (212) 735-3000

Raoul D. Kennedy
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Four Embarcadero Center
San Francisco, CA 94111
Tel: (415) 984-6400

James E. Hooper
WHEELER TRIGG O'DONNELL LLP
1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel: (303) 244-1800

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively "Pfizer") respectfully submit this response to Plaintiffs' Brief Concerning Kaiser Foundation Health Plan's ("KFHP") Standing to Recover on Behalf of its Regional Subsidiaries [3537] ("Pl. Mem.").

## I.   The Kaiser Subsidiaries Are Not and Never Have Been Parties to This Case

Plaintiffs cannot recover damages allegedly sustained by Kaiser subsidiaries who have never been parties to this case. Despite amending their complaint three times, Plaintiffs have never named the Kaiser subsidiaries as plaintiffs nor identified them in any pleading. Yet they now absurdly contend that the subsidiaries "have been parties" all along. (Pl. Mem. at 1.) The Federal Rules forbid such ambush tactics by providing that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). "Therefore, a party that is not named in the caption of an amended complaint is not a party to the action." *Jones v. Parmley*, No. 5:98-CV-374 FJS/GHL, 2005 WL 928666, at *1 (N.D.N.Y. Apr. 20, 2005).

Plaintiffs rely on inapposite authority involving a pro se plaintiff who failed to name one of the defendants in the caption but clearly described that defendant "in the body of the complaint." *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983).[1] But the Kaiser subsidiaries are not described anywhere "in the body of the complaint." The complaints merely allege, incorrectly, that "'[KFHP] had 8.2 million members in nine states and the District of Columbia.'" (First Coord. Am. Compl. [31] ¶ 6; Third Coord. Am. Compl. [583] ¶ 7.) It is now undisputed that the non-California members belong to the non-party subsidiaries, not KFHP. Far from joining the subsidiaries, the complaints misleadingly concealed their existence. The issue is not whether Plaintiffs sought to recover damages based on prescriptions written in "Kaiser *regions*" outside California (Pl. Mem. at 3), but whether Plaintiffs joined the non-party subsidiaries who paid for those prescriptions. They did not.

Plaintiffs argue that they somehow joined the Kaiser subsidiaries by producing discovery

---

[1] Plaintiffs also inexplicably cite *Mitchell v. Maynard*, 80 F.3d 1433 (10th Cir. 1996), in which the court held that a defendant not named in the caption was "not properly before the court." *Id.* at 1441.

"from all Kaiser regions" and inserting boilerplate footnotes in various eve-of-trial briefs.[2] (*See* Pl. Mem. at 3-4.) Plaintiffs cite no discovery identifying the subsidiaries as distinct entities. Moreover, Plaintiffs' own authority holds that identifying a person "in a brief" or "during discovery" does not make that person a party. *Mitchell*, 80 F.3d at 1441. And as this Court has recognized, footnotes in a brief are no substitute for a proper motion to amend, a formal ruling, and the subsequent filing of an amended complaint. (2/7/11 Tr. [3288] at 14:6-17.)

In a blatant misstatement of the record, Plaintiffs contend that this Court previously "considered and rejected the notion that Kaiser did not sue on behalf of all Kaiser entities." (Pl. Mem. at 2.) To the contrary, the Court explicitly stated, "What I don't think we're going to do is, ***can they sue on behalf of the affiliates, for want of a better word?  I don't know***." (2/22 Tr. (Court) at 26:15-17 (emphasis added.) While the Court allowed Plaintiffs to pursue damages "in the aggregate" (*id.* at 26:11), it did so not because it viewed the subsidiaries as parties, but because Plaintiffs' counsel incorrectly represented that "***purchasing*** is all from the parent company." (2/22 Tr. (Nussbaum) at 27:6 (emphasis added).) Plaintiffs' counsel now acknowledges that this was a "mistaken" "impression" and that each subsidiary made its own Neurontin "purchases." (Pl. Mem. at 1 n.1.) This admission invalidates the entire basis on which the Court allowed Plaintiffs to pursue damages "in the aggregate."

## II.     Plaintiffs Lack Standing to Sue on Behalf of the Non-Party Kaiser Subsidiaries

"[A] 'corporation does not have independent standing to sue for injuries done to a sister or subsidiary corporation, despite the fact that their business[es] are intertwined and the success of one is dependent on that of the other.'" *Del Monte Fresh Produce, N.A., Inc. v. Chiquita Brands Int'l, Inc.*, 616 F. Supp. 2d 805, 814 (N.D. Ill. 2009) (citation omitted); *accord Pignato v. Dein Host, Inc.* (In re Dein Host, Inc.), 835 F.2d 402, 405-06 (1st Cir. 1987). To hold otherwise would violate the settled rule that "a corporation may not pierce its own veil or apply the alter ego doctrine for its own benefit." *PayPhone LLC v. Brooks Fiber Commc'ns of R.I.*, 126

---

[2] Pfizer objected to Plaintiffs' untimely attempt to add new parties (*see* Dkt. 2538 at § III) and to recover on behalf of non-parties (*see* Dkt. 2320 at § IV; Dkt. 2500-2 at § VI.B.3; Dkt. 2502 § IV).

F. Supp. 2d 175, 179 (D.R.I. 2001).

Although KFHP claims it negotiated contracts on behalf of its subsidiaries, the fact that the subsidiaries made their own payments deprives KFHP of standing. In *Sun Microsystems, Inc. v. Hynix Semiconductor, Inc.*, 608 F. Supp. 2d 1166 (N.D. Cal. 2009), a parent corporation attempted to sue on behalf of subsidiaries who bought defendants' products pursuant to terms negotiated by the parent's "global procurement team." *Id.* at 1177, 1188-89. Despite this "global procurement strategy," the parent lacked standing because "it is plaintiff's subsidiaries, rather than plaintiff itself, who actually paid any higher . . . prices abroad." *Id.* at 1190.

Plaintiffs' single authority in support of their purported standing utterly refutes their position. In *E. & J. Gallo Winery v. Encana Energy Services, Inc.*, No. CVF 03-5412, 2004 U.S. Dist. LEXIS 29384 (E.D. Cal. Oct. 13, 2004), the court suggested in dicta that one of the plaintiff's options in drafting the complaint was to "ma[k]e it express that it was suing as the parent on behalf of itself and all of its subsidiaries." *Id.* at *21. The court cited no authority for this dicta, which is directly contrary to the authorities discussed above. Regardless, the court rejected the plaintiff's argument on grounds applicable here, noting that despite its knowledge of the "parent-subsidiary structure" and the manner in which purchases were made by each entity, the plaintiff failed to "reflect that organizational model in the complaint." *Id.* at *22. The *Gallo* court refused to "make explicit that which Gallo chose to omit" and held that the complaint pled claims for "[n]othing more" than the damages directly sustained by Gallo itself. *Id.* at *23.

### III.    It Is Too Late to Join the Non-Party Kaiser Subsidiaries

Plaintiffs argue that the Kaiser subsidiaries can be joined as plaintiffs pursuant to Federal Rules of Civil Procedure 19(a) and 21. This argument fails for two reasons. First, the Kaiser subsidiaries' claims are time-barred. UCL and RICO claims are both governed by four-year limitations periods.[3] The Court found that any tolling based on the discovery rule or fraudulent concealment ended nine years ago, in 2002, when the Franklin whistleblower suit was nationally

---

[3] *See Rotella v. Wood*, 528 U.S. 549, 552-53, 555 (2000) (RICO); *Karl Storz Endoscopy-America, Inc. v. Surgical Techs., Inc.*, 285 F.3d 848, 857 (9th Cir. 2002) (UCL).

publicized.[4]  (*See* Findings of Fact and Conclusions of Law ("Findings") [3120] at 121.)

Plaintiffs' pleadings did not toll the limitations periods for the Kaiser subsidiaries.  *See* 1 William Meade Fletcher & Carol A. Jones, *Fletcher Cyclopedia of the Law of Private Corporations* § 36 (rev. ed. 2006) ("[A] shareholder cannot toll statutory time requirements by commencing an action that requires enforcement of a right by the corporation.").  Nor can the Kaiser subsidiaries rely on *American Pipe* tolling.  Because "the class complaint did not make claims under the UCL . . . , *American Pipe* is inapplicable." (Findings at 114.)  And with respect to RICO claims, any *American Pipe* tolling expired when the Court denied class certification.[5] Between the two years of the limitations period that elapsed before the Class Plaintiffs filed suit in May 2004, and the nearly four years that has elapsed since the Court denied certification in August 2007, the Kaiser subsidiaries' RICO claims are plainly time-barred.[6]

Second, Plaintiffs cannot show any "innocent reason" for not joining the subsidiaries in a timely fashion and cannot satisfy their burden of "demonstrat[ing] an absence of prejudice to the nonmoving party."  *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 825 F. Supp. 340, 344 (D. Mass. 1993), *aff'd in part, remanded in part*, 36 F.3d 1147 (1st Cir. 1994).  "In assessing prejudice the court considers any undue delay by the moving party." *Hews Co. v. Barnaby*, No. 04-cv-292-JM, 2007 WL 2033402, at *1 (D.N.H. July 11, 2007).  Courts routinely deny joinder of new parties after liability has been determined.  *See, e.g.*, *Cabrera v. Municipality of*

---

[4] The Franklin suit was publicized by May 15, 2002.  *See* Melody Peterson, *Suit Says Company Promoted Drug in Exam Rooms*, N.Y. Times, May 15, 2002, available at http://tinyurl.com/3buqw8n.  Defendant does not waive its argument that any discovery rule or fraudulent concealment tolling ceased in early 2000. (*See* Dkt. 2808-2 at 20.)

[5] "[T]he pendency of a class action tolls the applicable statute of limitations only until the district court makes a class certification decision. If class certification is denied in whole or in part, the statute of limitations begins to run again . . . ." *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1391 (11th Cir. 1998).  "*American Pipe* tolling does not apply during the pendency of a motion for reconsideration or of appeal . . . ." *Giovanniello v. ALM Media, LLC*, No. 3:09cv1409, 2010 WL 3528649, at *2 (D. Conn. Sept. 3, 2010).

[6] Class Plaintiffs have previously argued that *American Pipe* tolling did not expire until their renewed class certification motion was denied in May 2009. (Dkt. 3314.)  This is incorrect.  *See Bridges v. Dep't of Md. State Police*, 441 F.3d 197, 202, 211 (4th Cir. 2006) (*American Pipe* tolling ended when district court denied class certification motion, even though denial was "without prejudice to its later renewal").  Moreover, between the two years that elapsed before the Class Plaintiffs filed suit in May 2004, and the more than two years that have elapsed since May 2009, the Kaiser subsidiaries' RICO claims would still be time-barred.

*Bayamon*, 622 F.2d 4, 6 (1st Cir. 1980); *Hews Co.*, 2007 WL 2033402, at *1.  Here, Plaintiffs' counsel not only engaged in "undue delay" by failing to join the subsidiaries in their three amended complaints, but also actively misled this Court on the eve of trial by representing that "***purchasing*** is all from the parent company."  (2/22 Tr. (Nussbaum) at 27:6 (emphasis added).)  As a result, Plaintiffs were allowed to try their claims without presenting any testimony from the subsidiaries regarding causation, reliance, injury, and damages.  Likewise, Pfizer was deprived of the opportunity to cross-examine the subsidiaries on these issues, as well as on the question of when each subsidiary first knew or should have known of its injury.

**IV.     All Damages Allocated to Kaiser Subsidiaries Must Be Stricken From the Judgment**

The allocation of damages among the Kaiser entities is not a mere technicality.  At a minimum, any damages allocated to the Kaiser subsidiaries must be stricken from the judgment because, as discussed in Section II, *supra*, Plaintiffs have no standing to recover such damages.

At the final pre-trial conference, Plaintiffs' counsel stated that "There's never been any disaggregation of damages among one entity or another."  (2/22 Tr. (Sobol) at 25:2-3.)  Plaintiffs now argue that PX 268 contains data that would allow the Court to allocate damages to the various Kaiser entities.  But based on Plaintiffs' counsel's representations, the "disaggregation of damages" among entities was not at issue during the trial.  Moreover, Plaintiffs could have easily asked one of the Kaiser witnesses to explain how KFHP and its subsidiaries paid for Neurontin.  Instead, Plaintiffs' counsel took no steps to correct their statement that "purchasing is all from the parent company" until the Court directed them to do so post-judgment.  Plaintiffs' attempt to sandbag Pfizer after trial would violate due process by depriving Pfizer of a meaningful opportunity to challenge the allocations set forth in PX 268.  Pfizer is entitled to cross-examine Kaiser witnesses on this issue.  Moreover, even if the Court could allocate damages post-trial for purposes of Plaintiffs' UCL claim, Pfizer would still be entitled to a new trial so that the jury could make similar findings for purposes of Plaintiffs' RICO claim.  In claims not tried to the bench, damages determinations present questions of fact for the jury.  *See, e.g.*, *Canal Elec. Co. v. Westinghouse Elec. Corp.*, 756 F. Supp. 620, 628 (D. Mass. 1990).

Dated: August 1, 2011

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: /s/ Mark S. Cheffo
    Mark S. Cheffo
Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Email: Mark.Cheffo@skadden.com

---

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on August 1, 2011.

/s/ Mark S. Cheffo
Mark S. Cheffo

---

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: /s/ Raoul D. Kennedy
    Raoul D. Kennedy
Four Embarcadero Center
San Francisco, CA 94111
Tel: (415) 984-6400
Email: Raoul.Kennedy@skadden.com

WHEELER TRIGG O'DONNELL LLP

By: /s/ James E. Hooper
    James E. Hooper
1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel: (303) 244-1800
Email: hooper@wtotrial.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*