UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>KAISER FOUNDATION HEALTH PLAN, INC., ET AL. V. PFIZER INC, ET AL., 04 CV 10739 (PBS) | Magistrate Judge Leo T. Sorokin<br><br>**Leave to file granted on August 5, 2011** |

**PLAINTIFFS' REPLY BRIEF CONCERNING KAISER FOUNDATION HEALTH PLAN'S STANDING TO RECOVER ON BEHALF OF ITS REGIONAL SUBSIDIARIES**

Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser") respectfully submit this reply memorandum to Pfizer's Response Brief filed on August 1, 2011. [D.E. 3554]. In response to the Court's July 18, 2011 Order, Kaiser made clear that:

- During the course of last year's five week trial, counsel for Kaiser mistakenly told the Court – but not the jury – that "contracting, purchasing is all from the parent company." 2/22 Tr. at 27. All contracting for Neurontin purchases was performed by the parent, Kaiser Foundation Health Plan, Inc., *see* 2/26 Tr. at 87-88, and though most (roughly 77%) of the purchasing was performed by the parent, the remaining purchasing was performed by the subsidiaries. Counsel's statement that "purchasing" was all centralized was mistaken, which counsel regrets. However, as shown in [D.E. 3537] and below, that mistake has no impact here;

- Kaiser years ago produced detailed purchase data, explicitly broken down by Kaiser region, and introduced that data into evidence at trial, TX 268, and Kaiser will allocate the recovery pursuant to those purchases;

- Pfizer has known from the outset that all Kaiser subsidiaries were pursuing this case and Pfizer discovered and defended this case accordingly; this Court may explicitly join the subsidiaries now.

Pfizer's Response harps on inapposite cases concerning, *inter alia*, piercing the corporate veil, [*see* D.E. 3554 at 2-3], an action which Kaiser neither seeks nor needs. However, Pfizer does raise a new issue to which Kaiser now briefly responds, namely, that it is too late to join the Kaiser subsidiaries. *Id*. at 3-5.

Kaiser has already explained that under the Federal Rules and the case law it is appropriate to explicitly join the Kaiser subsidiaries. [D.E. 3537 at 5].[1] Pfizer now argues that "the Kaiser subsidiaries' claims are time-barred." [D.E. 3554 at 3]. Pfizer ignores, however, that the Kaiser subsidiaries' claims relate-back to the initial filing of this lawsuit – well within the statute of limitations for both the UCL and RICO claims.

---

[1] Kaiser maintains its position that the subsidiaries already are parties and that there is no a need to join them explicitly because they already are parties.

The First Circuit has "recognized that (relation-back under Fed. R. Civ. P. 15(c)(3), now 15(c)(1)(C)[2]) can be applied to amendments that change the identity of plaintiffs." *Young v. Lepone*, 305 F.3d 1, 14 (1st Cir. 2002) (citing Fed. R. Civ. P. advisory committee note (1966) emphasizing that that Rule 15(c)(3) "extends by analogy to amendments changing plaintiffs")).

> The amended complaint must arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; there must be a sufficient identity of interest between the new plaintiff, the old plaintiff, and their respective claims so that the defendants can be said to have been given fair notice of the latecomer's claim against them; and undue prejudice must be absent.

*Id.* (quoting *Allied Int'l, Inc. v. Int'l Longshoremen's Ass'n*, 814 F.2d 32, 35-36 (1st Cir. 1987)).[3]

Here, all three requirements for relation-back are met. ***First***, the conduct complained of and proved at trial does not change with the addition of the Kaiser subsidiaries. Both the Court and the jury examined whether the Kaiser subsidiaries were harmed by the misrepresentations and decided, on a fully litigated record, that those plans were damaged by the same misconduct. *See, e.g.*, 3/4 Tr. (Millares) at 42-43 (DIS circulated monographs across all Kaiser regions); 2/26 Tr. (Carrejo) at 110 (same); 2/26 Tr. (Carrejo) at 99-100 (information flowed across Kaiser in monthly teleconferences); 3/3 Tr. (Hyatt) at 103-4 (information was distributed at inter-regional meetings). Pfizer at all times knew that the Neurontin purchased by the Kaiser subsidiaries was at issue and Pfizer's hyper-technical argument concerning the names in the caption of a complaint seeks to ignore this fundamental point. ***Second***, "[c]ourts have found a sufficient identity of interest when the original and added plaintiffs are a parent corporation and a wholly-

---

[2] "Rule 15(c) was renumbered in 2007 without substantive change" and currently is placed in 15(c)(1)(C). *Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485, 2495 n.4, 177 L. Ed. 2d 48 (2010).

[3] Though the First Circuit does not appear to require "a mistake," *see* Fed. R. Civ. P. 15(c)(1)(C)(ii) concerning the proper party when assessing relation-back for a new plaintiff, the Court could find one here.

owned subsidiary." *Young*, 305 F.3d at 15 (citing *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 103 (1st Cir. 1979)). The Kaiser Foundation Health Plan, Inc. is the sole owner of each of the Kaiser subsidiaries, satisfying the identity requirement. *See id*. **Third**, Pfizer would suffer no prejudice by the explicit joinder of the Kaiser subsidiaries. Pfizer knew since at least February 2005 that Kaiser was suing on behalf of "8.2 million members in nine states and the District of Columbia," [D.E. 31 ¶ 6],[4] and Pfizer discovered and defended this case at trial with full knowledge that all Kaiser subsidiaries' claims were are issue.

Pfizer has long been on notice that all Kaiser entities are suing here. It is appropriate for this Court to explicitly add the Kaiser subsidiaries now and their claims are not time barred.

Dated: August 4, 2011                                Respectfully submitted,

By:  */s/ Linda P. Nussbaum*
     Linda P. Nussbaum

Linda P. Nussbaum, Esq.
John D. Radice, Esq.
GRANT & EISENHOFER, P.A.
485 Lexington Avenue
New York, NY 10017

*Attorneys for Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals*

---

[4] Any argument that Kaiser was required to amend to add the subsidiaries within 120 days is incorrect. *Krupski*, 130 S. Ct. 2485, 2497 n.5 ("[W]e reject respondent's suggestion that Rule 15(c) requires a plaintiff to move to amend her complaint or to file and serve an amended complaint within the Rule 4(m) period. Rule 15(c)(1)(C)(i) simply requires that the prospective defendant has received sufficient 'notice of the action' within the Rule 4(m) period that he will not be prejudiced in defending the case on the merits."). Here, the first case was filed as a class action, *Guardian v. Pfizer*, No. 04-10739 (D. Mass.), putting Pfizer on notice that it was being sued on behalf of all claimants, and the first complaint to include Kaiser, the First Coordinated Amended Complaint, [D.E. 31], made clear to Pfizer that Kaiser was suing on behalf of all 8.2 million members across the country.

*Of Counsel*

Thomas M. Greene, Esq.
GREENE LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Elizabeth Cabraser, Esq.
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas M. Sobol, Esq.
HAGENS BERMAN SOBOL
  SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2011, I caused a true and correct copy of PLAINTIFFS' REPLY BRIEF CONCERNING KAISER FOUNDATION HEALTH PLAN'S STANDING TO RECOVER ON BEHALF OF ITS REGIONAL SUBSIDIARIES to be served upon all known counsel of record by electronic filing using the CM/ECF system.

                                                          /s/ Linda P. Nussbaum
                                                         Linda P. Nussbaum