# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | |
| | Judge Patti B. Saris |
| KAISER FOUNDATION HEALTH PLAN, et al. v. PFIZER INC., 04 CV 10739 (PBS) | |
| | Magistrate Judge Leo T. Sorokin |

**SURREPLY TO PLAINTIFFS' BRIEF REGARDING THEIR PURPORTED STANDING TO RECOVER ON BEHALF OF NON-PARTY SUBSIDIARIES**

Mark S. Cheffo
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Four Times Square
New York, NY 10036
Tel: (212) 735-3000

Raoul D. Kennedy
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
525 University Avenue
Suite 1100
Palo Alto, CA 94301
Tel: (650) 470-4550

James E. Hooper
WHEELER TRIGG O'DONNELL LLP
1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel: (303) 244-1800

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

Defendants Pfizer Inc and Warner-Lambert Company LLC ("Pfizer"), respectfully submit this surreply to Plaintiffs' Reply Brief Concerning Kaiser Foundation Health Plan's ("KFHP") Standing to Recover on Behalf of its Regional Subsidiaries (Dkt. 3561).

Plaintiffs have asked the Court to join the Kaiser subsidiaries under F.R.C.P. 19(a) and 21. However, Plaintiffs do not dispute that the limitations period has run on any UCL and RICO claims not pled in their complaint. Plaintiffs now argue that joinder of the non-party subsidiaries would relate back to the filing of their complaint. This argument must be rejected.

### I.  Plaintiffs Cannot Amend Their Complaint Under F.R.C.P. 15

F.R.C.P. 19(a) and 21 do not provide that the post-trial joinder of new plaintiffs relates back to the date of the initial complaint for statute-of-limitations purposes. Plaintiffs instead rely on F.R.C.P. 15's relation-back provisions. But Plaintiffs cannot amend their complaint to add the non-party subsidiaries pursuant to F.R.C.P. 15 because that rule strictly limits the availability of post-trial amendments to circumstances where "'issues not raised by the pleadings are tried by express or implied consent of the parties.'" *Kenda Corp., Inc. v. Pot O'Gold Money Leagues, Inc.*, 329 F.3d 216, 232 (1st Cir. 2003) (citation omitted).[1] Here, Pfizer repeatedly objected to claims and evidence regarding the non-party subsidiaries' purported damages.[2] *See Lynch v. Dukakis*, 719 F.2d 504, 508-09 (1st Cir. 1983) (no consent if non-moving party objected).

### II.  Any Amendment Would Not Relate Back

#### A.  The "Mistake" Requirement Is Not Satisfied

Amendments relate back only where they are made to correct a "mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). "[A]n amended complaint will not relate back if the plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to [join] them at that time." *Garvin v. City of Philadelphia*, 354 F. 3d 215, 221 (3d Cir. 2003); *accord Wilson v. United States*, 23 F.3d 559,

---

[1] Allowing post-trial Rule 15 amendment on an issue not tried by consent is reversible error. *See Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1173 (1st Cir. 1995).

[2] *See* Dkt. 2538 at § III; Dkt. 2320 at § IV; Dkt. 2500-2 at § VI.B.3; Dkt. 2502 § IV.

563 (1st Cir. 1994) (amendments would not relate back because "there was no 'mistake concerning the identity of the proper party,' as required by Rule 15(c)(3)."[3]

Plaintiffs do not deny that they have always known that the non-party subsidiaries paid for their own members' prescriptions and were the proper parties to assert any claims based thereon. They "simply chose not to [join]" or even identify the subsidiaries in the complaint. *See Garvin*, 354 F. 3d at 221. Indeed, the complaint conceals their existence by falsely alleging that KFHP has "members in nine states and the District of Columbia." (First Coord. Am. Compl. [31] ¶ 6; Third Coord. Am. Compl. [583] ¶ 7.) Later, Plaintiffs' counsel misled the Court by representing that "***purchasing*** is all from the parent company." (2/22 Tr. (Nussbaum) at 27:6 (emphasis added).) Plaintiffs' counsel has finally acknowledged, and purports to "regret[]," this misstatement. (Pl. Reply [3561] at 1.) But Plaintiffs' counsel offers no explanation for failing to correct the record via trial testimony from Kaiser witnesses, responses to Pfizer's post-trial motions, or at any time before the Court specifically directed her to do so. Plaintiffs' counsel's strategic choice to omit the subsidiaries from the complaint and actively conceal their role from the Court and Pfizer is not a "mistake" that would allow relation back under F.R.C.P. 15(c)(1)(C). *See Wells v. HBO & Co.*, 813 F. Supp. 1561, 1567 (N.D. Ga. 1992) ("[E]ven the most liberal interpretation of 'mistake' cannot include a deliberate decision not to [join] a party whose identity plaintiff knew from the outset.").

Plaintiffs' authorities do not support their argument that the First Circuit has abrogated the "mistake" requirement. (*See* Pl. Reply [3561] at 2 n.3.) In *Young v. Lepone*, 305 F.3d 1, 17 (1st Cir. 2002), the Court held that the plaintiffs were precluded from invoking F.R.C.P. 15's relation-back provision. *See id.* at 17. And in *Allied International, Inc. v. International*

---

[3] *See also, e.g., Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995) ("[T]he failure to identify individual [parties] when the plaintiff knows that such [parties] must be named cannot be characterized as a mistake."); *Powers v. Graff*, 148 F.3d 1223, 1126-27 (11th Cir. 1998) (proposed amendments adding new parties did not relate back where plaintiff "knew [their] identities" and "should have known [they] would be proper parties to the case"); *Nelson v. County of Allegheny*, 60 F.3d 1010, 1015 (3d Cir. 1995) (no relation back where proposed new plaintiffs "were aware of their right to bring these claims" and "have not demonstrated that this failure [to add their names to the complaint] was due to mistake").

2

*Longshoreman's Association, AFL-CIO*, 814 F.2d 32 (1st Cir. 1987), the newly substituted plaintiff was the original plaintiff's corporate successor and was not a real party in interest at the time the initial complaint was filed. *See id.* at 34-35. Neither case allowed relation back in circumstances where the plaintiff knowingly chose not to name a proper party in the complaint. Moreover, the First Circuit applied the "mistake" requirement in *Wilson*, 23 F.3d at 563.

### B.     The Notice Requirement Is Not Satisfied

Relation back is not available unless the defendant received notice of the proposed new parties' claim within 120 days after service of the summons and complaint. *See* Fed. R. Civ. P. 15(c)1(C)(i); Fed. R. Civ. P. 4(m); *Wilson*, 23 F.3d at 562-63. Here, Pfizer did not receive the requisite notice that claims were being asserted by the non-party subsidiaries. Plaintiffs argue that the notice requirement was satisfied because the complaint sought damages "on behalf of all 8.2 million members across the country." (Pl. Reply at 3 n.4.) But the notice must specifically identify the proposed new parties, not merely the conduct alleged or damages sought by the original parties. *See Nelson*, 60 F.3d at 1015 (no relation back where defendant did not receive notice that, "but for a mistake, [i]t would have been sued directly ***by these plaintiffs***"). Mere awareness of prescriptions KFHP had no standing to recover for does not suffice.[4] Plaintiffs' "notice" and "mistake" arguments are irreconcilable. Plaintiffs' suggestion that they omitted their subsidiaries' claims by "mistake," but that Pfizer somehow received adequate "notice" of those claims, rests on the absurd notion that ***Pfizer*** had a greater understanding of ***Plaintiffs'*** corporate structure and purchasing practices than Plaintiffs did.

### C.     The Identity-of-Interest Requirement Is Not Satisfied

Plaintiffs argue that the identity-of-interest requirement is automatically satisfied because KFHP "is the sole owner of each of the Kaiser subsidiaries." (Pl. Reply at 3.) But "the parent-subsidiary relationship standing alone is simply not enough." *In re Allbrand Appliance &*

---

[4] *See, e.g.*, *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001) ("[T]he notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action."); *Keller v. Prince George's County*, 923 F.2d 30, 33-34 (4th Cir. 1991) ("[W]e require more than mere awareness of the suit to satisfy this requirement.").

3

*Television Co.*, 875 F.2d 1021, 1025 (2d Cir. 1989). A more fact-specific inquiry is required regarding, *e.g.*, whether the parent and subsidiaries "shared organizers, officers, directors, and offices." *Id.* As a direct result of Plaintiffs' dilatory tactics, the record is not sufficiently developed to determine whether the requisite identity of interests exists.

### D. Plaintiffs Have Failed to Show that Pfizer Would Not Be Prejudiced

Relation back is unavailable unless Plaintiffs can show that Pfizer "will not be prejudiced in defending on the merits." Fed. R. Civ. P. (15)(c)(1)(C)(i). With trial already complete and judgment already entered, Pfizer's prejudice is unmistakable. Because of Plaintiffs' choice not to join the subsidiaries, Plaintiffs were allowed to try their claims without presenting any testimony from the subsidiaries regarding causation, reliance, injury, and damages. Likewise, Pfizer was deprived of the opportunity to cross-examine the subsidiaries on these issues, as well as on the question of when each subsidiary first knew or should have known of its injury.

Moreover, Plaintiffs' conduct directly impacted this Court's choice-of-law analysis. The Court ruled that "there was sufficient reliance on misrepresentations in California such that Massachusetts choice of law rules require a finding that the California UCL apply to all Neurontin prescriptions ***paid for by Kaiser***." (Findings of Fact and Conclusions of Law [3120] at 126 (emphasis added).) At that point, the Court was apparently still under the misapprehension that "***purchasing*** is all from the parent company." (2/22 Tr. (Nussbaum) at 27:6 (emphasis added).) Had the Court realized that the non-California subsidiaries made their own purchases, it might not have concluded that California's UCL applies to these non-California subsidiaries' claims. (*See* Defs' Proposed Conclusions of Law [2808-2] at 1-2.) Moreover, because the UCL does not apply to their claims, joinder of the subsidiaries should be denied because it would be futile.

4

| | |
|---|---|
| Dated: August 5, 2011 | Respectfully submitted, |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| By:  /s/ Mark S. Cheffo<br>          Mark S. Cheffo<br>Four Times Square<br>New York, NY 10036<br>Tel:  (212) 735-3000<br>Email:  Mark.Cheffo@skadden.com | By:  /s/ Raoul D. Kennedy<br>          Raoul D. Kennedy<br>525 University Avenue<br>Suite 1100<br>Palo Alto, CA  94301<br>Tel:  (650) 470-4550<br>Email:  Raoul.Kennedy@skadden.com |

WHEELER TRIGG O'DONNELL LLP

By:     /s/ James E. Hooper
            James E. Hooper
1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel:  (303) 244-1800
Email:  hooper@wtotrial.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

---

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on August 5, 2011.

/s/ Mark S. Cheffo
Mark S. Cheffo