UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | |
| KAISER FOUNDATION HEALTH PLAN, INC., ET AL. V. PFIZER INC, ET AL., 04 CV 10739 (PBS) | Judge Patti B. Saris |
| | Magistrate Judge Leo T. Sorokin |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR CONTINUED STAY OF EXECUTION
WITHOUT SUPERSEDEAS BOND PENDING APPEAL**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer" or "Defendants") respectfully submit this Memorandum of Law in Support of their Motion for Continued Stay of Execution Without Supersedeas Bond Pending Appeal.

After judgment in this case was entered on March 11, 2011 [3326],[1] Defendants filed an Assented to Motion for Stay of Execution Pending Disposition of Post-Trial Motions and Through Appeal [3335]. The Court granted Defendants' motion on April 1, 2011. (*See* Electronic Order of April 1, 2011.) However, while the Court's electronic order made clear that execution would be stayed "pending Court's disposition of Defendants' post trial motions" (*id.*), it did not indicate whether the stay would remain in force pending any subsequent appeals.

On July 7, 2011, the Court denied Defendants' Renewed Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(b) [3366]. (*See* Electronic Order of July 7, 2011.) On July 27, 2011, the Court denied Defendants' Motion for New Trial and to Re-open Evidence or, Alternatively, to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59 [3362]. On July 18, 2011, this Court ordered supplemental briefing on Defendants' Motion for Amended and Additional Findings pursuant to Federal Rule of Civil Procedure 52(b) [3364]. (*See* Electronic Order of July 18, 2011.) On August 5, 2011,

---

[1] The Judgment, dated February 22, 2011, was entered on March 11, 2011. Defendants were notified by ECF of entry of Judgment on March 11, 2011.

Defendants filed a Notice of Appeal [3562] in this action. Pursuant to Federal Rule of Appellate Procedure 4(B)(i), such Notice of Appeal will become effective when this Court decides Defendants' Motion for Amended and Additional Findings pursuant to Federal Rule of Civil Procedure 52(b). Defendants' appeal will raise substantial issues regarding this highly complex and virtually unprecedented trial. Defendants submit that these issues should be resolved on appeal before any execution takes place. Accordingly, in an abundance of caution, Defendants request that the Court issue an order extending the current stay of execution, without supersedeas bond, pursuant to the terms of the stipulation entered by the parties [3027], until all such appeals have been exhausted.

Federal Rule of Civil Procedure 62(d) provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond." Fed. R. Civ. P. 62(d). Under this rule, "execution of a money judgment is automatically stayed pending appeal upon the posting of a supersedeas bond. The nature and amount of the bond is entrusted to the discretion of the trial court." *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002). However, "**no bond is required** if . . . the defendant's ability to pay is so plain that the posting of a bond would be a waste of money." *Id.* (emphasis added); *see also, e.g.*, *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988) ("[T]he appellant may move that the district court employ its discretion to waive the bond requirement."); *Bartlett v. Mut. Pharm. Co., Inc.*, No. 08-cv-358, 2010 WL 4174591, at *2 (D.N.H. Oct. 22, 2010) (where defendants' insurance coverage provided sufficient security, requiring supersedeas bond "would be superfluous and a 'waste of money'") (citations omitted); *Halbach v. Great-West Life & Annuity Insurance Co.*, 2009 WL 214671, at *1, *3 (E.D. Mo. Jan. 28, 2009) ("[A] district court does have discretion to waive the bond requirement or to only require a partial bond, while still implementing a stay of the judgment pending appeal.").

There is no dispute that Defendants are plainly able to pay the judgment in this case should it be sustained on appeal. As set forth in Defendants' prior motion, the Parties have stipulated that execution on the judgment should be stayed pending resolution of all appeals. (Stipulation Regarding Stay of Execution [3027], August 12, 2010). The Kaiser Plaintiffs "will

not attempt to execute on any judgment entered in the above-captioned action until all appeals have been exhausted" except under the circumstances set forth in the stipulation (which have not occurred). (*Id.* at ¶ 1.) In addition, the Kaiser Plaintiffs "will not oppose Pfizer's motion for stay of execution without bond or other security" (*id.*), although they may seek a bond in the future if certain events occur. The Parties reached this stipulation so as to avoid the unnecessary cost of a bond, which may be born by the losing party on appeal.

Accordingly, Plaintiffs do not oppose Defendants' present motion. Defendants, therefore, ask that the current stay be extended pending appeal without the requirement of a bond or other security, without prejudice to the Kaiser Plaintiffs' right to seek a bond at a later date in accordance with the Parties' stipulation.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court order that the current stay of execution on the judgment in this case be extended pending appeal, without the requirement of a bond or other security at this time, pursuant to the terms of the stipulation entered by the parties.

Dated: August 10, 2011

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:   /s/ Mark S. Cheffo
       Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Email: Mark.Cheffo@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By: /s/ Raoul D. Kennedy
    Raoul D. Kennedy

525 University Avenue
Suite 1100
Palo Alto, CA  94301
Tel:  (650) 470-4550
Email:  Raoul.Kennedy@skadden.com

WHEELER TRIGG O'DONNELL LLP

By: /s/ James E. Hooper
    James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel:  (303) 244-1800
Email:  hooper@wtotrial.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

---

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on August 10, 2011.

/s/ Mark S. Cheffo
Mark S. Cheffo