UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br>*Anderson, et al. v. Pfizer, Inc., et al.*, No. 06-11024-PBS. | Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin<br>**UNREDACTED VERSION FILED UNDER SEAL** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this memorandum in support of their motion for sanctions pursuant to Federal Rule of Civil Procedure 11(b) and (c), 28 U.S.C. § 1927, and the Court's inherent authority. This motion pertains to the claims brought by Plaintiffs David Weatherford, David Pettit, Janice Lee, and Patricia Brockman (collectively, the "South Carolina Plaintiffs"), who are represented by the Law Offices of Newton B. Schwartz ("the Schwartz firm"). This Court should impose sanctions on the Schwartz firm because it continues to represent Plaintiffs who have no reasonable basis for pursuing a claim against Pfizer under South Carolina law.[1]

## PRELIMINARY STATEMENT

During four South Carolina Plaintiff depositions in June, it became clear that they had no viable claims and that there is no good faith basis to proceed with their claims. [redacted]

[1] Pfizer has fully complied with the procedural requirements of Rule 11 by serving the South Carolina Plaintiffs with this motion on July 19, 2011 and allowing them more than 21 days to "withdraw[] or appropriately correct[]" their Rule 11 violations prior to filing. Fed. R. Civ. P. 11(c)(2). Yet Plaintiffs refused to cure their violations. Instead, on August 8, 2011, the Schwartz firm sent Pfizer a letter stating, "we do not agree to dismiss and pay costs associated with the depositions of David Weatherford, David Pettit, Janice Lee and Patricia Brockman," and attached a "Memorandum in Support of Plaintiffs' Opposition and Response to Defendants' Motion for Sanctions." (Ex. L, 8/8/11 N. Schwartz letter & Memo. in Opp.)

[redacted] Plaintiff Lee's claim is indisputably barred by the South Carolina statute of limitations. [redacted]

The deposition testimony continues to show that many of the Schwartz firm's 66 active cases are demonstrably untenable. The Schwartz firm's continued representation of Plaintiffs in patently meritless cases violates its obligation to pursue only claims with an objectively reasonable basis, and has caused Pfizer to incur substantial, unnecessary expenses. The series of South Carolina Plaintiffs' depositions taken during the week beginning June 27, 2011, provides the most recent illustration of the Schwartz firm's disregard of its obligations under Rule 11, § 1927, and this Court's certification Order. (*See* CMO & Order Re: Mots. to Withdraw [949], at 2-3.)

In accordance with this Court's scheduling order requiring depositions to proceed in the Schwartz cases, [3287], and after much motion practice regarding which Plaintiffs would proceed in discovery,[2] Pfizer noticed (among others) the depositions of four South Carolina Plaintiffs. Pfizer selected the South Carolina Plaintiffs based on proximity to one another and on the Court's Order that all cases would proceed, except cases where the Schwartz firm sought to stay discovery. (*See* Ex. A, 4/26/11 Hearing Tr. at 44:15-53:12; *see also* Schwartz's Mot. to Suspend Discovery [3438 - 3440] (failing to include any of the four Plaintiffs subject to this motion).) Pfizer expended substantial resources preparing for, traveling to, and conducting those depositions. During that week of depositions, however, it became apparent that ***none*** of the four South Carolina Plaintiffs had an objectively reasonable basis for pursuing a claim related to

[2] At a status conference on April 26, 2011, the Court ordered the Schwartz firm to provide Pfizer with a "list of names [that] it would make sense to not proceed with, not put Pfizer to the expense of litigating those cases for the moment and the Court with the burden of adjudicating anything that might" not be going forward. (Ex. A, 4/26/11 Hearing Tr. at 44:17-24.) The Court further explained that all cases not appearing on that list would be "subject to discovery and deposition, every single one." (*Id.* at 53:10-12.) Accordingly, on April 30, 2011, the Schwartz firm filed a motion to stay discovery in certain cases, but none of the 4 South Carolina Plaintiffs mentioned herein were listed in that motion.

Neurontin.

Before those depositions, Pfizer's counsel attempted to mitigate the waste of resources by first giving the Schwartz firm an opportunity to dismiss or withdraw from the cases, but the Schwartz firm insisted that each deposition go forward. Even after these depositions were conducted and Plaintiffs' testimony demonstrated or confirmed that there was no objectively reasonable basis to pursue their claims, the Schwartz firm still refuses to re-evaluate these cases. In fact, the Schwartz firm sent Pfizer's counsel a letter stating its intention to continue representation in all of these cases, but failed to explain how any of those four South Carolina Plaintiffs still had a legitimate basis for pursuing his or her claim in light of the record. (*See* Ex. B, 7/1/11 letter from the Schwartz firm.) Because the Schwartz firm continues to pursue claims in cases where it has been demonstrated that Plaintiffs have no basis for recovery under existing law and no nonfrivilous argument for modifying existing law, the imposition of sanctions is appropriate at this time.

**FACTUAL BACKGROUND**

During the week beginning June 27, 2011, multiple counsel for Pfizer traveled to South Carolina to take four days of depositions of South Carolina Plaintiffs Weatherford, Pettit, Lee, and Brockman. Both before and after these deposition, it was apparent from the record that none of these South Carolina Plaintiffs had a good faith basis to maintain claims against Pfizer.

Below is a brief summary of relevant facts and testimony.










3



**ARGUMENT**

The Schwartz firm has violated Rule 11, 28 U.S.C. § 1927, and this Court's Order requiring attorney certification [949] by filing, certifying, and continuing to represent Mr. Weatherford, Mr. Pettit, Ms. Lee, and Ms. Brockman in their patently meritless suits against Pfizer.

When filing a pleading or any other paper or advocating a position before the Court, an attorney must certify that:

> to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivilous argument for extending, modifying, or reversing existing law or for establishing new law; [and] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b). Rule 11 prohibits an attorney from advancing or maintaining "frivolous" legal arguments or asserting or maintaining factual allegations without "evidentiary support" or the "likely" prospect of such support. *Id.*; *see also Nyer v. Winterthur International*, 290 F.3d 456, 461 (1st Cir. 2002) (explaining that a court should consider whether a plaintiff "had evidentiary support for his claim and/or whether his accusations were 'warranted by existing law

or by a nonfrivolous argument for the extension, modification or reversal of existing law. . . .'").

All documents filed before the Court are subject to the requirements of Federal Rule of Civil Procedure 11, the primary purpose of which is to deter abusive litigation practices. *See Corley v. Rosewood Care Ctr.*, 388 F.3d 990, 1013-14 (7th Cir. 2004). Rule 11 authorizes this Court to impose sanctions on lawyers or parties (or both) for submissions that are filed for an improper purpose or without a reasonable investigation of the facts and law necessary to support their claims. *Senese v. Chicago Area Int'l Bhd. of Teamsters Pension Fund*, 237 F.3d 819, 824-25 (7th Cir. 2001). It also authorizes sanctions where a litigant "insist[s] upon a position after it is no longer tenable" after further discovery. Fed. R. Civ. P. 11, advisory committee notes. Because these South Carolina Plaintiffs continue to seek recovery based upon allegations that have been demonstrated to be untenable, Rule 11 sanctions are appropriate in each of these cases.

In addition to violations of Rule 11, these cases are also no longer compliant with this Court's Order requiring attorney certifications. (*See* CMO & Order Re: Mots. to Withdraw [949], at 2-3.) In that Order, this Court required that all counsel certify the following with regard to their remaining cases: "(1) they have conferred with the individual plaintiff; (2) the plaintiff intends to proceed with the litigation . . . (3) they have reviewed the relevant medical records and allegations of the complaint and (4) plaintiffs' counsel believes pursuit of the action is warranted." (*Id.*) As the Court has previously explained, its certification requirement was designed "to ensure efficient case management," and subsequent motions to withdraw after the December 20, 2007 deadline would "raise serious potential Rule 11 or 28 U.S.C. § 1927 issues that may well lead to the imposition of costs, fees or sanctions" and "interfer[e] with the expeditious management and resolution of this MDL." (*Id.* at 3.) Considering that the requisite investigation would have long ago revealed that these four South Carolina Plaintiffs' cases lack merit, the Court's certification Order required that these meritless cases should have been dismissed before the parties incurred the costs of preparing for and taking these Plaintiffs' depositions. As such, violations of the Court's certification Order provides an alternative basis

for imposing sanctions against Plaintiffs' counsel, as well as for providing compensation to Pfizer for incurring avoidable and unnecessary costs and attorneys' fees.

Finally, this Court should impose sanctions against the Schwartz firm for pursuing these claims, which are objectively unreasonable, in bad faith, and serve no purpose other than to "multipl[y] the proceedings . . . unreasonably and vexatiously." 28 U.S.C. § 1927. Such conduct is directly contrary to the spirit and letter of § 1927. In light of these violations, this Court should order the Schwartz firm to pay Pfizer's costs attorneys' fees incurred in taking these South Carolina Plaintiffs' depositions and in bringing this motion. *See United States v. Nesglo, Inc.*, 744 F.2d 887, 891 (1st Cir. 1984) (upholding an award of attorneys' fees under § 1927 against plaintiffs' counsel who "filed . . . frivolous and improper claims for his clients").

**I. There Is No Reasonable Basis For The Allegation That Neurontin Caused Mr. Weatherford's Suicidal Gesture Because He Did Not Take Neurontin Until After His Alleged Injury.**

Based on these undisputed facts, there is no reasonable or good faith basis to claim that a medicine caused an injury in a patient who was not taking the medicine before or at the time he incurred the alleged injury. Thus, Mr. Weatherford and his counsel's decision to go forward with this case – after the uncontradicted evidence has revealed that he was not taking Neurontin at the time of the alleged injury – constitutes a violation of Rule 11, § 1927, and the certification requirement imposed by this Court.

## II. Plaintiffs Have No Reasonable Basis To Argue That A Failure To Warn Caused Their Injury [redacted] Thus,

those three South Carolina Plaintiffs cannot establish the necessary element of proximate cause because they cannot show that such a warning would have prevented them from using Neurontin. *See Prohias v. Pfizer, Inc.*, 485 F. Supp. 2d 1329, 1336 (S.D. Fla. 2007) (dismissing claims by plaintiffs who continued to take the drug even after filing suit); *see also Wasylow v. Glock, Inc.*, 975 F. Supp. 370, 378 (D. Mass. 1996) (explaining that "failure to warn will not constitute negligence if it is not the proximate cause of the plaintiff's injuries").

The evidence clearly shows that a suicidality warning would not have deterred Plaintiffs' use of Neurontin. [redacted]

Under South Carolina law, it is well established that "the seller is not liable for any injuries caused by the use of the product if the user ignores the warning." *Anderson v. Green Bull, Inc.*, 322 S.C. 268, 293 (Ct. App. 1996). Furthermore, evidence that a plaintiff used or continued to use a produce after he or she was aware of any allegedly fraudulent omissions negates the causal nexus. *See Prohias*, 485 F. Supp. 2d at 1336 (holding plaintiffs cannot recover for allegedly misleading representations about a pharmaceutical medication because plaintiffs continued to take that medication after filing suit); *see also Whalen v. Pfizer, Inc.*, 862

N.Y.S.2d 812 (table), 2005 WL 2875291, at *3 (Sup. Ct. 2005) (finding no injury where plaintiff, with knowledge of alleged misrepresentation, continued to use the product). Because the evidence establishes that Plaintiffs Pettit, Weatherford, and Brockman would not have heeded any suicidality warning even if one had been provided at the time of their use of Neurontin, they cannot establish that Pfizer's failure to warn proximately caused their injuries.

Despite clear precedent that would preclude any recovery by Mr. Pettit, Mr. Weatherford, and Ms. Brockman under a theory of failure to warn under South Carolina law, the Schwartz firm has refused Pfizer's request to either withdraw from representation or voluntarily dismiss these untenable claims. As such, sanctions are appropriate under Rule 11, § 1927, and this Court's inherent authority.[4]

## III. Ms. Lee's Claims Are Barred By The Statute Of Limitations Because She Unequivocally Testified That She Formed Her Belief That Neurontin Had Caused Her Alleged Injury Five Years Before Filing Suit.

South Carolina's statute of limitations for personal injury actions provides that a party must commence an action within three years of the date the cause of action arose.[5] *See* S.C. Code Ann. § 15-3-530(5). The cause of action arises and the statute begins to run when a plaintiff knows – or objectively should know – of the injury she attributes to a defendant's conduct. *Martin v. Companion Healthcare Corp.*, 357 S.C. 570, 575 (Ct. App. 2004). As the South Carolina Supreme Court explained:

> [A]n injured party must act with some promptness where the facts and circumstances of the injury would put a person of common knowledge on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point and not when advice of counsel is sought or a full blown theory of recovery is developed.

[4] In addition to these South Carolina Plaintiffs, the Schwartz firm also represents other Plaintiffs, [redacted] These include Ann Larkin, Sandra Logan, Diane Valentino, Monica Gann, Beth Bellino, David Day, and Suzan Brazell. For the same reasons stated above, the Schwartz firm has no objectively reasonable basis to pursue the claims of these Plaintiffs.

[5] South Carolina's statutes of limitations for fraud and warranty claims are also three years. S.C. Code Ann. § 15-3-530(1), (5).

*Snell v. Columbia Gun Exchange, Inc.*, 276 S.C. 301, 278 S.E.2d 333, 334 (1981). A plaintiff need not understand the full extent of her injuries in order for the cause of action to arise and trigger the statute of limitations. *Dean v. Ruscon Corp.*, 321 S.C. 360, 364, 468 S.E.2d 645, 647 (1996).

In this case, Ms. Lee unambiguously testified that in March or April of 2001 she formed the belief that Neurontin had caused her alleged injury. (*See* Ex. I, Lee Dep. at 177:1-178:24.) [redacted] Accordingly, Ms. Lee was admittedly "on notice" of her claim in 2001, and the limitations period began to run at that time. Therefore, when she filed her lawsuit on April 27, 2006 – five years later – her claims were barred by South Carolina's three-year statute of limitations. Because the undisputed facts establish that all of her claims are time-barred, her counsel's continued pursuance of claims that have been shown to be untenable violates Rule 11, § 1927, and the certification requirement imposed by this Court.

## CONCLUSION

For the reasons stated above, the Court should impose sanctions on the Schwartz firm and dismiss the claims of South Carolina Plaintiffs Weatherford, Pettit, Lee, and Brockman. The Court should award Pfizer its costs and attorneys' fees – incurred in taking these Plaintiffs' depositions and in bringing this motion – as a sanction for the Schwartz firm's violation of Rule 11, § 1927, and this Court's certification Order.[6]

[6] For the same reasons discussed herein, Pfizer is entitled to summary judgment in each of these cases. If Plaintiffs do not dismiss these cases within seven days after this motion is filed, Pfizer intends to move for summary judgment in each of these cases on the grounds stated herein.

Dated: August 16, 2011

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Mark.Cheffo@skadden.com

ROPES & GRAY LLP

By: /s/ Ana M. Francisco
Ana M. Francisco
BBO #564346

Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Email: ana.francisco@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on August 16, 2011.

/s/ Ana. M. Francisco
Ana M. Francisco