# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

HARDEN MANUFACTURING CORP.      . CIVIL ACTION NO. 04-10981-PBS
     Plaintiff                  .
                                .
          V.                    . BOSTON, MASSACHUSETTS
                                . APRIL 26, 2011
PFIZER, INC., et al             .
     Defendants                 .
. . . . . . . . . . . . . . . . .

                    TRANSCRIPT OF MOTION HEARING
               BEFORE THE HONORABLE LEO T. SOROKIN
                  UNITED STATES MAGISTRATE JUDGE

        APPEARANCES:
          Newton B. Schwartz, Sr.
          Jack Harang, Esq.
          James Stegall, Esq.
          1911 Southwest Freeway
          Houston, TX 77098
          713-630-0708
          nbs@nbslawyers.com

          Levi Boone, Esq. (telephonically)
          Boone Law Firm PA
          401 West Sunflower Avenue
          Cleveland, MS 38732-1772
          662-843-7946
          LBoone@BooneLawFirm.com

          Mark S. Cheffo, Esq.
          Skadden, Arps, Slate, Meagher &
            Flom LLP
          Four Times Square
          New York, NY 10036
          212-735-3000
          mark.cheffo@skadden.com


                         MARYANN V. YOUNG
                     Certified Court Transcriber
                          P.O. Box 506
                       Wrentham, MA  02093
                         (508) 384-2003
```

```
Catherine B. Stevens, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY 10036
212-735-3353
catherine.stevens@skadden.com
```

Court Reporter:

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

*MARYANN V. YOUNG*
**Certified Court Transcriber**
**P.O. Box 506**
**Wrentham, MA  02093**
**(508) 384-2003**

44

1    THE COURT:  You've gone through the process that you
2 need to do.
3    MR. HARANG:  --professional responsibility.
4    THE COURT:  That you've notified them and had the
5 conversations and then you intend to withdraw from those cases.
6    MR. HARANG:  That's what our letters say to them,
7 Your Honor.
8    THE COURT:  All right.
9    MR. HARANG:  I think we attached a copy of one of the
10 letters in the motion.  I'm not sure.  But it says, absent
11 that, you know, the client has an opportunity to--
12    THE COURT:  Okay.
13    MR. HARANG:  --go with you or get out or one of the
14 other things but we're not staying in.
15    THE COURT:  All right.  So as to those cases, all
16 right, if those are – to paraphrase what I previously ordered
17 if those are cases that you now intend to dismiss or seek to
18 withdraw from, right, that is now, not 35 years from now, then
19 it seems to me you should tell Mr. Cheffo who those people are
20 and give him the list of names and it would make sense to not
21 proceed with, not put Pfizer to the expense of litigating those
22 cases for the moment and the Court with the burden of
23 adjudicating anything that might come up pending either those
24 people deciding to pursue the cases pro se, those people
25 deciding to dismiss or those people deciding to have other

1 counsel appear on their behalf and, or too much time going by
2 such that it's not reasonable for the Court to wait for them to
3 make that decision.
4     MR. HARANG:  We gave them a 30 day deadline inside of
5 the letter which I think kind of fits within the cannons of
6 what you're, you know, enough time to--
7     THE COURT:  Yeah.
8     MR. HARANG:  --say do this kind of things.  And that
9 time is running out and that's why we've--
10     THE COURT:  All right.  So that leaves 50 case - so
11 in the first instance you'll talk to Mr. Cheffo about that and
12 give him a list.  That leaves 50 cases, okay.  Are those 50 we
13 just move forward on or no?
14     MR. HARANG:  Yes, Your Honor, there are 10 in the 50,
15 that's what I was saying to you, that--
16     THE COURT:  Yeah.
17     MR. HARANG:  --there's 10 in the 50 that there's a
18 question, we can think of being categorized in the group that
19 could be deposed but they would be the last ones that I would
20 depose of that group of 50 they'd be the last 10.
21     THE COURT:  So the 40 you want to go first.
22     MR. HARANG:  And we can do that.  I mean we can give
23 them that, in that sequence, that order so.
24     THE COURT:  In other words there's 40 you'd say Tier
25 I and 10 in Tier II or are you saying--

46

1           MR. HARANG:  Yes.

2           THE COURT:  --one to 50.

3           MR. HARANG:  Yeah – no.  That's correct, Your Honor.

4           THE COURT:  One to 50.

5           MR. HARANG:  There's a distinction that we make.
6  We're candidly--

7           THE COURT:  So you think you can rate them
8  specifically enough to say this is my best case, my second
9  best, my third best, my 50th?

10          MR. HARANG:  We have cases that are suicides.  We
11 have cases that are bonafide suicides--

12          THE COURT:  No, I'm just asking if you can rate
13 them--

14          MR. HARANG:  No, I understand, yeah, but that's – and
15 then there are those that gray down from those categories and,
16 yes, that's correct.

17          THE COURT:  And so I don't know what to be frank with
18 all of you, what significance to me that – from my perspective
19 they all go forward.  They would do discovery on all of them
20 unless one of two things happens.  You all decide among
21 yourselves to settle then obviously we're done with that case.
22 Or the plaintiff decides to dismiss, we're done with that case.
23 Or if you withdraw then either somebody else comes in, I'll
24 have a conversation with them about scheduling, or they go pro
25 se and then we'll put them in the way we're treating the pro se

47

1 cases.

2 MR. HARANG: Yes, Your Honor.

3 THE COURT: You guys among yourselves if you wish to, you know, I haven't gotten down to the level of which person's case or which deposition goes in which order cause I think you're all better suited than me to figure that out. And it's important to all of you to, you know, to know, to tell Mr. Cheffo these are our, this category and that category, all in favor of sharing information. I think it makes this kind of process move better and that's fine but that's between all of you.

12 I mean that comes back to what you're telling me is you're ready to go on 50 of the cases. Some depositions have already occurred on some of them and you're ready to keep going on the depositions with those 50. And the 30 you really don't want to do anything on pending at least enough time to play out this process.

18 MR. HARANG: Yes, Your Honor. Yes. And that's it in a nutshell and in the process we've taken--

20 THE COURT: So if I were to summarize this, would it be fair to summarize it in the following fashion. That you would be prepared to give a list by the close of business tomorrow to Mr. Cheffo of 30 cases in which absent, approximately 30, absent something – that you have, that in those 30 cases you have told the referring counsel you

48

1  recommend dismissal or in any event you intend to withdraw
2  absent something coming up from them in the course of that
3  process and that that would play out sometime in the next maybe
4  15 days, maybe 30 days.  I'm not necessarily at the moment
5  setting an arbitrary deadline on it.  And so as to those you
6  don't want to proceed with depositions at the moment.
7          MR. HARANG:  That would include the ones we've
8  already sent the letters to because that's how the--
9          THE COURT:  It includes whoever--
10         MR. HARANG:  Yeah.  Sure.  Sure.
11         THE COURT:  You know who it includes, whoever you
12 want to do that to in their case.
13         MR. HARANG:  I just didn't want a misunderstanding
14 with the Court because that--
15         THE COURT:  Yeah.
16         MR. HARANG:  --30 constitutes some that we've already
17 sent letters on and--
18         THE COURT:  The only people who aren't in the 30--
19         MR. HARANG:  Huh?
20         THE COURT:  The only people who aren't in that 30 are
21 the people who have already been dismissed.
22         MR. HARANG:  That's correct.
23         THE COURT:  Okay.  So you have 80 something cases.
24 It could be from my perspective zero or it could be 80 or any
25 number in between.  All it is is if there's people that today

49

1  you don't want to proceed with depositions on then you got to
2  tell Mr. Cheffo that you don't want to proceed with depositions
3  on those and the reason you don't want to proceed with
4  depositions is because you have, you have or you will tomorrow
5  recommend to their lawyers, their referring lawyers, that you
6  want to withdraw or dismiss the case.
7           MR. HARANG:  Sure.
8           THE COURT:  Fine.  That's a reasonable reason for me
9  to allow you not to proceed with depositions in those cases if
10 you're representing that you've done that and you want to do
11 that for a period of time.  But - a period of time to allow
12 that to play out.
13          MR. HARANG:  Yeah.
14          THE COURT:  But other than that everybody else we
15 continue with depositions as you've been doing.
16          MR. HARANG:  And we can have that to him, let's say
17 by Thursday morning, Your Honor, giving us time to get back and
18 get to--
19          THE COURT:  Noon on – all right, you have to fly
20 back.
21          MR. HARANG:  Yeah.  Yeah.
22          THE COURT:  Okay.  So close of business Thursday?
23          MR. HARANG:  Sure, that'd be great.
24          THE COURT:  All right.  All right.
25          So before we get to the sanction issue, Mr. Cheffo,

50

1   with respect to what to do about the Schwartz cases do you have
2   anything to say?
3           MR. CHEFFO:  No, I think, I view it as pretty much
4   two categories for purposes.  One is they're either in or
5   they're out because really--
6           THE COURT:  Yeah.
7           MR. CHEFFO:  --what I'm – and I think for the Court's
8   purposes because one of the issues, and again I just want to
9   state this on the record so we're not back here because what's
10  really important for me at this point is I mean I'd like all
11  the cases to be dismissed obviously but if a case, you know, is
12  in Arizona, Canada, it's no big surprise.  If someone else is
13  in Arizona I'm going to send someone to take a deposition in
14  Arizona.  If there's a case that ultimately pops up that was in
15  Arizona I would send, we'd use that trip.  So that's why – if
16  30, that's great.  Then we'll know that there's 50 and we'll
17  schedule those.  But the 30 or whatever number it is has to be
18  defined.  There has to be some definition cause the problem is
19  we haven't been able--
20          THE COURT:  So this is what I want you to do,
21  Mr. Harang.
22          MR. HARANG:  Okay.
23          THE COURT:  If you want this relief, if you want not
24  to proceed with depositions as to any individual case for a
25  period of time you need to file a motion, all right.  And I'll

51

1  give you more than, it doesn't have to be a long notion.  You
2  file – this is where it stands, from my perspective every case
3  that you have right now that has not, forget about the ones
4  that are dismissed, every case that's pending is on schedule,
5  it's part of the 15 days a month of depositions and fair game
6  for anybody to proceed with depositions in that.  If you want
7  to put somebody in the suspend category because you want to go
8  through the process of seeking to withdraw, you know, going
9  through what you need to do before you file a motion to
10 withdraw or seeking to persuade or recommend to someone that
11 they might consider dismissal then that's fine.  And I'm
12 telling you in advance that I would view, if you make the
13 representation to me that you're doing that process then for at
14 least a period of time I would view that as a reasonable basis
15 to suspend that, exempt that case from the deposition process.
16 But you need to put on the record that you want to do that in a
17 pleading signed by one or more of you and you need to attach a
18 list of the cases in which you're doing that in.
19         Now if you want to file the list under seal I'm okay
20 with you filing it under seal but until you either, until I say
21 or Judge Saris says that they're exempt, they're not exempt,
22 all right.  Now if you want to share the list with Mr. Cheffo
23 among yourselves for your own purposes you will, I'm telling
24 you all that if you're doing that and you've told me that as to
25 the people on this list we've sent a letter recommending

52

1   dismissal or saying to absent and agreeing to dismissal the
2   Schwartz law firm is going to or all of you are going to
3   withdraw, absent hearing something unusual from Pfizer, I would
4   exempt that person, that case from the deposition list. But
5   you file that. I'm not going to set a deadline on when you
6   file it. You can file that whenever you want.
7           MR. HARANG: Thank you, Your Honor.
8           THE COURT: But until you file it those people aren't
9   exempt. You file whenever you do. I'll promptly read it and
10  issue an order. You have my permission in advance to file the
11  exhibit to it listing the names and case numbers under seal.
12  And--
13          MR. HARANG: And I think your rules provide that we
14  can supply that to them just on a public filing is what it
15  says.
16          THE COURT: Right. Fine. So – all right, that takes
17  care of the process of the cases, all right.
18          MR. HARANG: Thank you, Your Honor.
19          THE COURT: I'm still--
20          MR. SCHWARTZ: Your Honor, may I be heard on the
21  scheduling matter. Mr. Harang may not remember it but on
22  Thursday, the day he asked for the deadline, he has a court
23  ordered deposition that is an issue being decided whether to
24  take it for a case that's being mediated in federal court.
25          THE COURT: You don't have to worry about the

53

1  deadline, do you know why?  Notwithstanding the fact that he
2  asked for the Thursday deadline I imposed no deadline.
3            MR. SCHWARTZ:  It may take an extra day and also Mr.
4  Cheffo may be busy doing his mediation those two dates for
5  preparation with the Judge.
6            THE COURT:  Well here's the two things.  You don't
7  need to worry about either of those things because, A) I'm not
8  imposing a deadline.  All of your - you're Mr. Schwartz, right?
9            MR. SCHWARTZ:  Yes, Your Honor.
10           THE COURT:  All right.  All of your cases that your
11  law firm is in are going forward.  All of them are subject to
12  discovery and deposition, every single one.
13           MR. SCHWARTZ:  Until we say they're not.
14           THE COURT:  Until I say they're not.
15           MR. SCHWARTZ:  Okay.
16           THE COURT:  And I'm not going to say they're not
17  unless you file a motion that says we're seeking to withdraw or
18  we're trying to go through the process to withdraw, we're
19  recommending to the client.  Absent you telling me that,
20  they're all out there for deposition and they're fair game for
21  Pfizer and fair game for you.  And I'm not setting a deadline
22  cause that's up to you.  If you want to make that request, you
23  make that request.  You don't want to make that request, don't
24  make that request.  But I'm not going to, I'm not going to sort
25  of just say, well, we'll take care of these and you can give