UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
:
In re: NEURONTIN MARKETING, SALES : MDL Docket No. 1629
PRACTICES AND PRODUCTS :
LIABILITY LITIGATION : Master File No. 04-10981
:
------------------------------------------------------------x
: Judge Patti B. Saris
THIS DOCUMENT RELATES TO: :
: Magistrate Judge Leo T.
*Agee, et al., v. Pfizer, Inc., et al.,* 1:06-cv-11381-PBS; : Sorokin
*Blackwell v. Pfizer, Inc., et al.,* 1:06-cv-10420-PBS :
:
------------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS
REPRESENTED BY HENINGER GARRISON DAVIS, LLC**

In accordance with this Court's July 28, 2011 Order and Federal Rules of Civil Procedure 37(b) and 41(b), Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this memorandum in support of their motion to dismiss the claims of Meicki Baker, Andria Renee Blackwell, Odessa Grissom, Pauline Huff, Jacqueline Poole, Joyce Reach, and Jessica Whitten (collectively, the "Garrison Plaintiffs"), who are certain Plaintiffs represented by the law firm Heninger Garrison Davis, LLC ("the Garrison firm"). Despite this Court's Order granting Defendants' Motion to Compel [3510] and requiring Plaintiffs to supplement discovery within 10 days, the Garrison Plaintiffs have failed to produce any supplemental discovery responses by the Court's deadline, or at any point thereafter. Thus, the Court should dismiss their claims both as a sanction for failure to comply with a Court Order and for failure to prosecute.[1]

---

[1] On July 6, 2011, after Pfizer filed its Motion to Compel, [3510], the Garrison firm dismissed the claims of Plaintiffs Charles Brown and Marsha Holloway. (*See* Brown Stip. Of Dismissal [3524]; Holloway Stip. Of Dismissal [3525].) While they were included in Pfizer's Motion to Compel, they are not subject to this motion for that reason.

**PRELIMINARY STATEMENT**

On June 15, 2011, Pfizer moved to compel certain discovery from the Garrison Plaintiffs. (*See* Mot. to Compel [3510].) On July 28, 2011, this Court granted Pfizer's unopposed motion in its entirety, and ordered the Garrison Plaintiffs to supplement their discovery within 10 days. (*See* 7/28/11 Electronic Order.) That deadline has now come and gone, but the Garrison Plaintiffs neither served any supplemental discovery nor did they seek an extension from Pfizer or the Court. As such, Plaintiffs' disregard for this Court's Order and their discovery obligations warrants the sanction of dismissal.

Defendants' motion to compel raised numerous deficiencies in the Garrison Plaintiffs' discovery responses, including the following: (1) failure to provide a comprehensive medical provider list for the relevant time period as required by the Court's Discovery Order No. 2 and subsequent orders; (2) failure to provide all requested authorizations for relevant record keepers; (3) failure to provide a full and complete response to Pfizer's interrogatory regarding, *inter alia*, Plaintiffs' alleged suicide-related incidents; (4) failure to provide a full and complete response to Pfizer's interrogatory regarding Plaintiffs' comprehensive prescription information; (5) failure to provide initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1)(A); and (6) individual deficiencies unique to each case that were outlined in an attached Appendix. (*See* Memo. in Supp. of Mot. to Compel [3511]; Appendix A [3511-1].) Plaintiffs' failure to provide these basic materials and information has prejudiced Pfizer's efforts to move discovery forward in these cases.

Plaintiffs' failures to correct these serious deficiencies in basic template discovery would merit sanction in any event, and they are all the more egregious in light of the surrounding circumstances: these cases have been pending for more than five years; the initial deadline for this discovery was January 15, 2007 (*see* Discovery Order No. 6 [550], at 2); Pfizer has sent multiple deficiency letters to Plaintiffs' counsel (*see, e.g.*, C. Stevens letter dated 2/7/11 [3512-

2

10]; C. Stevens letters dated 3/31/11 to 4/5/11 [3512-11]; 5/24/11 C. Stevens email [3512-12]); and the Court had again ordered that all template discovery should be completed in these cases by January 31, 2011 (*see* Revised Scheduling Order [3141], at 2). Accordingly, at this late stage in the litigation, the appropriate sanction for Plaintiffs' violations of the Court's July 28, 2011 Order – which is only one in a long list of violations and missed deadlines – is dismissal.

## ARGUMENT

### I. Well-Established First Circuit Law Supports Dismissal Of Plaintiffs' Claims

This Court has long recognized that the "orderly management" of this multidistrict litigation "requires the parties to heed the Court's orders and to pursue their claims in a diligent and timely fashion" and that the Court must enforce discovery rules by ordering any appropriate sanction or remedy when parties, such as the Garrison Plaintiffs, violate those orders. (Discovery Order No. 25 [1335], at 5.) In situations like this one – where the violations are repeated, unexcused, prejudicial, and long-standing – any sanction short of dismissal would be insufficient.

Indeed, the First Circuit has repeatedly acknowledged that failure to comply with discovery orders provides adequate grounds for ordering a dismissal with prejudice as a sanction. *See, e.g.*, *Santiago-Díaz v. Laboratorio Clínico y de Referencia del Este*, 456 F.3d 272, 275 (1st Cir. 2006) (noting that "federal courts possess wide-ranging power to sanction parties who repeatedly balk at complying with court-imposed deadlines"). As the First Circuit has observed, "disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)." *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002). Dismissal for non-compliance with discovery orders not only protects the rights of the parties, it also vindicates the Court's "strong" "interest in administering its docket." *Id.*; *see also Santiago-Díaz*, 456 F.3d at 277 (recognizing that "the district court has an interest in the efficient management of its docket"). "[C]ourts cannot effectively administer justice unless they are accorded the right to establish orderly processes and manage their own affairs[, and t]he sanction of dismissal is an important part of the armamentarium that the law makes available to trial

courts." *Young*, 330 F.3d at 81. This sanction also serves to "deter others from similar misconduct." *Id.* at 83.

Dismissal is a particularly appropriate sanction for discovery misconduct in the multidistrict litigation context. Courts have recognized that "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1222 (9th Cir. 2006) (citing 28 U.S.C. § 1407). "MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007). These unique considerations "may tip the balance" in favor of dismissal in the MDL context. *In re PPA*, 460 F.3d at 1222. As such, MDL courts frequently dismiss the claims of plaintiffs who fail to give proper accord to discovery mandates. *See, e.g.*, *In re Fosamax Prods. Liab. Litig.*, No. 1:08-cv-04901-JFK, 2009 WL 105502, at *1-2 (S.D.N.Y. Jan. 12, 2009); *In re Baycol Prods. Litig.*, MDL No. 1431, 2007 WL 2744459, at *1-2 (D. Minn. Sept. 17, 2007); *In re Rezulin Prods. Liab. Litig.*, MDL No. 1348, 2004 WL 1700618, at *1-2 (S.D.N.Y. July 27, 2004).

Alternatively, failure to diligently prosecute also describes the Plaintiffs' ongoing noncompliance with this Court's orders and overall discovery neglect. As such, Federal Rule of Civil Procedure 41(b) provides an alternative and independent ground for dismissal. As the First Circuit has recognized, "courts – especially trial courts – 'must be given considerable leeway in exercising their admitted authority to punish laggardly or noncompliant litigants.'" *Cintrón-Lorenzo v. Departmento de Asuntos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citation omitted). "'[T]his power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of a defendant.'" *Colokathis v. Wentworth-Douglass Hosp.*, 693 F.2d 7, 9 (1st Cir. 1982) (citaion omitted); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).

**II.     The Garrison Plaintiffs' Failures To Comply With Court Orders Warrant Dismissal**

When determining whether violations of discovery orders warrant dismissal, the Court has previously considered five factors: (1) "the severity of the violation," (2) "the deliberateness of the misconduct," (3) "mitigating excuses," (4) "prejudice to the other side and to the operations of the court," and (5) "the adequacy of lesser sanctions." *See In re Neurontin Marketing, Sales Practices & Products Liability Litigation*, No. 04-10981-PBS, 2011 U.S. Dist. LEXIS 37212, at *61 (D. Mass. Apr. 5, 2011) (quoting *Robson v. Hallenbeck*, 81 F.3d 1, 2 (1st Cir. 1996)).  All five factors weigh in favor of dismissing the Garrison Plaintiffs' claims.

First, the Garrison Plaintiffs' protracted misconduct and disregard of the Court's orders are severe.  At this point, the Garrison Plaintiffs have violated three hard deadlines applicable to template discovery set by orders of this Court:  the January 15, 2007 deadline set by Discovery Order No. 6 [550]; the January 31, 2011 deadline set by the Revised Scheduling Order [3141]; and the August 11, 2011 deadline set by the Court's Order granting Pfizer's motion to compel (7/28/11 Electronic Order).  The First Circuit has made clear that even a single violation of a court order "constitutes extreme misconduct" and may warrant dismissal, *Tower Ventures*, 296 F.3d at 46.

Second, Plaintiffs' pattern of noncompliance, despite having numerous opportunities and time to comply, indicates deliberate misconduct.  As the Court previously observed, a "succession of violations" demonstrates "a general unwillingness to comply with a court-imposed scheduling order" and, therefore, "justif[ies] dismissal.'" *In re Neurontin*, 2011 U.S. Dist. LEXIS 37212, at *61 (quoting *Robson*, 81 F.3d at 4).  Indeed, the Garrison Plaintiffs' long-standing noncompliance – and particularly their failure to produce discovery when specifically ordered to do so in the Court's July, 28 2011 Order – demonstrates a general unwillingness to comply with a discovery schedule.

Third, Plaintiffs have proffered no excuse for their noncompliance with template discovery.  In fact, they did not respond to Pfizer's Motion to Compel filed on June 15, 2011, nor did they request an extension of the time to respond.

5

Fourth, the Garrison Plaintiffs' failure to provide complete discovery has caused Pfizer prejudice. *See In re Neurontin*, 2011 U.S. Dist. LEXIS 37212, at *61 ("'Repeated disobedience of a scheduling order is inherently prejudicial, because disruption of the court's schedule and the preparation of other parties nearly always results.'" quoting *Robson*, 81 F.3d at 4). The Garrison Plaintiffs' failures to procure and produce adequate information and materials has inhibited Pfizer's ability to conduct depositions and further discovery. The unreasonable delay caused by Plaintiffs' noncompliance gives rise to a presumption of prejudice – especially in the MDL where many different interests have been affected. *See In re: PPA*, 460 F.3d at 1227-28.

Fifth, any sanction short of dismissal would be ineffective in light of Plaintiffs' ongoing pattern of ignoring this Court's orders. Providing these Plaintiffs with yet another do-over would only aggravate the prejudice to Defendants and further siphon resources away from the Court. As one MDL court has noted, "a lesser sanction [short of dismissal] would not be as effective in deterring other plaintiffs in this MDL from flouting the Court's discovery orders" and "would divert resources from advancing these MDL proceedings . . . .'" *In re: Fosamax*, 2009 WL 105502, at *2 (alteration in original) (citations omitted). Indeed, the First Circuit has acknowledged that lesser sanctions need not be levied before dismissal may be imposed. *See Tower Ventures*, 296 F.3d at 45-46 ("[A] litigant who ignores case-management deadlines does so at his peril.") (citation omitted). Furthermore, this Court has already imposed sanctions in two other cases involving the Garrison firm. (*See* 8/1/11 Order Re: Mot. to Dismiss [3553] ("[T]he Court awards attorney fees against Agee and Eaddy. Plaintiff's counsel shall pay if it was his fault.").) Yet those sanctions did not prompt these Plaintiffs, who are represented by the same firm, to comply with the Court's Order to provide supplemental discovery.

Finally, not only do all the relevant factors weight in favor of dismissal, this Court has already imposed dismissal on other plaintiffs in this litigation for similar violations as those committed by the Garrison Plaintiffs here. For example, none of the Garrison Plaintiffs have provided a medical provider list, and the Court previously imposed dismissal on plaintiffs represented by the Boone Law Firm for failing to provide medical provider lists. *See In re*

6

*Neurontin*, 2011 U.S. Dist. LEXIS 37212, at 65 (affirming dismissal of plaintiffs who "have not filed medical providers lists"). The Court has also acknowledged that other plaintiffs' failure to provide complete answers to certain interrogatories – after the Court has ordered plaintiffs to do so – should result in dismissal. *See In re Neurontin*, 2011 U.S. Dist. LEXIS 37212, at *66-67 (explaining that a proper response to Interrogatory No. 11 "should at minimum provide dates, a detailed description of symptoms, and any treatment sought" and a response to Interrogatory No. 14 "that does not at least include information about Neurontin, and the dates it was used, is insufficient" and the failure to provide such information after the Court has ordered plaintiffs to do so "will result in dismissal of the case") *see also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778, 2781 (1976) (per curiam) (observing that dismissal for failure to timely answer written interrogatories "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent"). Yet, even though the Court's July 28, 2011 Order required the Garrison Plaintiffs to supplement discovery, which included providing full and complete responses to Interrogatories Nos. 11 and 14, they still have not made any efforts to comply.

For all the above reasons, the Court should dismiss the Garrison Plaintiffs' claims as a sanction for violating its orders. Fed. R. Civ. P. 37(b)(2)(A)(v). Further, the Garrison Plaintiffs' failure to comply with discovery and failure to even respond to Pfizer's motion to compel demonstrates a clear lack of interest or intention in proceeding, and therefore failure to prosecute provides an alternative and independent ground for dismissal. Fed. R. Civ. P. 41(b).

### III.   Pfizer Should Be Awarded Its Reasonable Expenses In Bringing This Motion

The Court should also award Pfizer reasonable expenses, including attorneys' fees, it incurred in making this motion. Federal Rule of Civil Procedure 37(b)(2)(C) provides that "the court must order the disobedient party, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees" where the party fails to comply with a court order. *See also* Fed. R. Civ. P. 37(a)(5)(A) (providing that the party against whom an order compelling

7

discovery was granted must "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees"); Fed. R. Civ. P. 36(b) advisory committee notes ("The provision places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust."). Accordingly, the Court should grant Defendants' request for reasonable expenses.

## **CONCLUSION**

For all the foregoing reasons, Pfizer respectfully requests that the Court issue an order dismissing the claims of these seven Garrison Plaintiffs, awarding Pfizer its reasonable costs and attorneys' fees incurred in bringing this motion, and issuing any other relief the Court deems appropriate.

Dated: August 19, 2011

Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By:   /s/ Mark S. Cheffo
       Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

ROPES & GRAY LLP

By:   /s/ Ana M. Francisco
       Ana M. Francisco
BBO #564346

Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Email: ana.francisco@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on August 19, 2011.

>                             /s/ Ana. M. Francisco
>                             Ana M. Francisco