UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1629<br>Master File No. 04-10981<br>Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO:<br>*Anderson et al. v. Pfizer Inc., et al.*, 1:06-cv-11024-PBS | **REDACTED VERSION FILED UNDER SEAL** |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION AND RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS**

Plaintiffs David Weatherford, David Pettit, Janice Lee and Patricia Brockman (collectively, "Plaintiffs") submit this memorandum in support of their opposition and response to Defendants' motion for sanctions pursuant to Federal Rule of Civil Procedure 11(b) and (c), 28 U.S.C. §1927, and the Court's inherent authority. This Court should not impose sanctions on the Schwartz Firm for representing Plaintiffs David Weatherford, David Pettit, Janice Lee, and Patricia Brockman, all of whom have a reasonable basis for pursuing a claim against Pfizer under South Carolina law.

**PRELIMINARY STATEMENT**

Despite the health problems suffered by Plaintiffs David Weatherford, David Pettit, Janice Lee, and Patricia Brockman, and despite a request made in June of this year with very little notice, Plaintiffs' counsel and these individual Plaintiffs acted in good faith in making

themselves available upon Defendants' request for their depositions. Defendants now bring a motion asking for sanctions against Newton Schwartz Sr. for wasting Defendants' time with those depositions. Defendants contend the depositions have shown each Plaintiff's claims to be meritless, and that Newton Schwartz Sr. should pay a penalty for continuing to represent them. Defendants' request is brought both with hubris and in error, as all of these individuals have meritorious claims against Defendants and/or counsel has reason to believe the claims are valid.

[REDACTED] This is not so. Defendant argues that Janice Lee's claims are barred by the South Carolina statute of limitations. However, equitable estoppel and/or cross-jurisdictional tolling as established by the U.S. Supreme Court in *American Pipe & Const. Co. v. Utah* [414 U.S. 534 (1974)] tolls the statute of limitations at issue here.

[REDACTED]

Contrary to Defendants' allegations, Plaintiffs' deposition testimony shows their cases to be meritorious or at the very least to have been maintained in good faith. All four have valid

claims, [redacted]

[redacted] Counsel for Plaintiffs should not be sanctioned for complying with his obligations under the Court's Discovery Order and Federal Rules of Civil Procedure and presenting these clients for deposition.

Additionally, if Defendants were as concerned about limiting cost as they contend to be here, they might consider sending less than two or three attorneys to attend a fairly straightforward Plaintiff's deposition. During each of the depositions at issue, which took place between June 27, 2011 and June 30, 2011 in South Carolina, Defendant sent two or three attorneys. On June 27th and 28th, both Catherine Stevens and Brittain Sexton appeared for Defendant for the deposition of Plaintiffs David Weatherford and David Pettit, respectively; on June 29th Ms. Stevens and Mr. Brittain were joined by Katherine Lyon to represent Defendant at the deposition of Janice Lee; and on June 30th Ms. Lyon and Mr. Brittain attended the deposition of Patricia Brockman.

If Defendants genuinely sought to mitigate their expenses and avoid the unnecessary travel and deposition costs expenses as they claim, they also could have discussed the validity of each deponent's claim with Plaintiffs' counsel before noticing the depositions, and not wait until a few minutes before beginning a deposition or the conclusion thereof to announce their intent to file a Rule 11 Motion for Sanctions. Newton Schwartz Sr. did not insist that each deposition go forward; but merely attempted to be compliant with Defendants' deposition notices and ultimately attended the depositions.

Newton Schwartz Sr. has adhered to his obligations under Rule 11, 28 U.S.C. § 1927 and this Court's certification Order. To avoid both parties having to incur unnecessary expenses, Newton Schwartz Sr. has provided Defendant with the names of numerous Plaintiffs from whose

representation he intends to withdraw so that discovery in those cases could be placed on hold and expenses avoided. Further in that regard, Newton Schwartz Sr. has filed three separate motions to stay discovery[1] in those cases since the status conference of April 26, 2011, and has filed motions to withdraw or dismiss in a limited number of cases. Newton Schwartz Sr. should not be sanctioned for acting in good faith to meet his obligations to the Court and to his clients.

**FACTUAL BACKGROUND**

Shortly before June 27, 2011, Defense (Pfizer's) Counsel requested the depositions of Mary Pickett, Janice Lee, Patricia Brockman and David Pettit. Plaintiffs' counsel agreed and complied, and also informed Defense counsel to postpone Mary Pickett's deposition. Subsequently, Defense counsel requested to substitute David Weatherford for Mary Pickett. Plaintiffs complied and made them available for deposition on very short notice. (See EX. I, deposition notice of David Weatherford; Ex. I-A, deposition notice of David Pettit; Ex. I-B, deposition notice of Janice Lee, and Ex. I-C, deposition notice of Patricia Brockman). All four Plaintiffs' testimony and records proved they have a good faith basis to maintain claims against Defendants.

**Summary of relevant facts and testimony.**

[redacted]

[1] The most recent Motion to Stay was filed by the Schwartz Firm on August 15, 2011.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[Page content redacted]

[redacted]

[redacted]

[redacted]

## ARGUMENT

Newton Schwartz Sr. has not violated Rule 11, 28 U.S.C. § 1927, and/or this Court's Order requiring attorney certification [949] by filing, certifying, and continuing to represent David Weatherford, David Pettit, Janice Lee and Patricia Brockman in their meritorious suits.

Plaintiffs' counsels are compliant with the Court's Order and "(1) they have conferred with the individual Plaintiff; (2) the Plaintiff intends to proceed with the litigation… (3) they have reviewed the relevant medical records and allegations of the complaint and (4) Plaintiffs' counsels believe pursuit of the action is warranted." with each of their cases.  Each one of these Plaintiffs' claims is meritorious and viable claims.

This Court should not impose sanctions against Newton Schwartz Sr. for pursuing these viable and meritorious claims.

**There is Reasonable Basis For The Allegation**

There is no violation of Rule 11, § 1927 nor the certification requirement.

**II.     Plaintiffs Have Reasonable Basis To Argue That A Failure To Warn Caused Their Injury**

Under South Carolina law, proximate cause requires proof of causation in fact and legal cause; typically, a plaintiff may prove causation in fact by establishing that the injury would not have occurred "but for" the defendant's negligence. *Small v. Pioneer Machinery, Inc.*, 494 S.E. 2d 835, 842 (1997). Under South Carolina law, "[p]roximate cause requires proof of (1) causation in fact and (2) legal cause." *Bramlette v. Charter-Medical Columbia,* 393 S.E. 2d 914, 916 (1990). [W]here several causes combine to produce injury, a person is not relieved from liability for negligence because he is responsible for only one of them. It is sufficient that his negligence is an efficient cause without which the injury would not have resulted to as great an extent and that any other efficient cause is not attributable to the person injured… Consequently, if a person's negligence is a proximate cause of an injury to another, the fact that the negligence of a third party concurred with his own negligence to produce the harm does not relieve him of liability…In such cases, both tortfeasors are in breach of duty of care owed to the plaintiff and, because of the negligence of both concurred to produce the injury, both are liable to the full extent of the plaintiff's damages. *South Carolina Ins. Co. v. James C. Green and Co.,* 348 S.E.2d 617, 620 (1986). Defendants owed Plaintiffs a duty of care. It is also foreseeable to a drug manufacturer that the treating physician and their patients rely on information provided by the drug manufacturer about the medication. [REDACTED] It is foreseeable to the Defendants that the doctors and their patients have to rely on the drug manufacturer to disclose information about adverse effects of the drug which the Defendants failed to do so. Defendants breached their duty by not disclosing information on adverse effects of the drug. Defendants proximately caused Plaintiffs' their injuries. Defendants' analysis and argument

citing *Whalen v. Pfizer, Inc.* 2005 WL 2875291, at *3 (Sup. Ct.) is flawed. In *Whalen,* the Court ruled that there is no need to show reliance on the misrepresentation but the plaintiff must still show actual harm. The plaintiff in *Whalen* has not shown the actual harm. Unlike the plaintiffs in *Whalen,* all four South Carolina Plaintiffs in this motion have shown actual harm. In *Dupler v. Costco Wholesale Corp.,* 249 F.R.D.29, (E.D.N.Y. 2008), the Court held that "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state are herby declared unlawful." To state a claim under N.Y.Gen. Bus. Law §349, a Plaintiff must allege (1) the act or practice was consumer oriented, (2) the act or practice was misleading in a material respect, and (3) the plaintiff was injured as a result. *Maurizio v. Goldsmith,* 230 F.3d 518, 521 (2d Cir. 2000). The Court opined that "[t]he Court of Appeals has been clear that a plaintiff need not show that s/he relied on misrepresentations in order to have a claim under GBL§349[2]. [redacted]

Once patient establishes that inadequate warning has been given by the drug manufacturer to patient, presumption arises that the inadequacy was proximate cause of pharmaceutical item in question having been prescribed or continued. *Hoffman-Rattet et.al. v. Ortho Pharmaceutical Corp. et.al,* 516 N.Y.S.2d 856, 861. Defendants attempted to dismiss

[2] New York General Business Law §349 is New York's Deceptive Trade Practices

these four South Carolina plaintiffs' claims prematurely before they even proved that they have discharged their duty to adequately inform Plaintiffs' physicians of the risks [redacted] The Court in *Hoffman-Rattet et.al. v. Ortho Pharmaceutical Corp. et.al,* held that the manufacturer has the burden of proving by means of a physician's affirmative statements that, even if adequately warned, the treatment provided would have been virtually identical to that actually rendered. *Id*. at 858. [redacted] in *Heindel v. Pfizer*, 381 F.Supp.2d 364 at 379, the Plaintiff "liked" the results she got from Celebrex, found it more effective than several other non-narcotic drugs she had tried, and even told her doctor it was "as close to panacea as is likely to be found." The plaintiffs in *Heindel* continued to use Vioxx and Celebrex after the complaint was filed in this lawsuit, and were taking it as of the time they were deposed. The *Heindel* Court cited In *Re Rezulin Products Liability Litigation,* 210 F.R.D. 61, 68 (S.D.N.Y. 2002) that *Rezulin* involved claims for purely economic losses alleged by otherwise unharmed consumers of the prescription drug and found that "in order to obtain restitution for the purchase price of [the drug], plaintiffs and class members would be obliged, at least in many jurisdictions, to prove some kind of harm." [redacted]

[redacted] The Court opined that "[a]n adequate warning is one reasonable under the circumstances." in *Sterling Drug Inc. v. Yarrow,* 408 F.2d 978, 992, 993 (9th Cir. 1969). "Warnings may be inadequate if they "could have been reasonably found to be lacking in

emphasis, timeliness and attention inviting qualities…[or where they are] reluctant and lacking in a sense of urgency." *Id.* at 994. Defendants need to prove that the warnings were adequate, timely, have attention inviting qualities and establish the urgency of the warning. Defendants have neither proved that the warnings were adequate, nor have they provided any information regarding the timeliness, attention inviting qualities and urgency of the warning. Viable claims exist and are proven in these Plaintiffs' cases. Therefore, the Court should deny Defendants' motion for sanctions as it is inappropriate under Rule 11, §1927 and this Court's inherent authority.

**III. Janice Lee's Claims Are Not Barred By The Statute Of Limitations Because Equitable Estoppel Bars Defendants' Claim Of Statute of Limitations**

South Carolina's statute of limitations S.C. Code Ann. §15-3-530(5) stated that "an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law, and those provided for in Section 15-3-545" must commence within three years. According to the discovery rule, the three-year statute of limitations found in §15-3-530 begins to run when the underlying cause of action reasonably ought to have been discovered. *Dean v. Ruscon Corp.*, 468 S.E. 2d 645, 647 (1996). The three-year clock starts ticking on the "date the injured party either knows or should have known by the exercise of reasonable diligence that a cause of action arises from the wrongful conduct." *Bayle v. S.C.Dep't of Transp.*, 542 S.E.2d 736, 740 (Ct. App. 2001). The South Carolina Court of Appeals in *Bayle* held that "[T]his determination is objective, rather than subjective." *Id.* The question is not whether the particular plaintiff in this case actually knew she had a claim. Instead, [the Court]

approached this inquiry by deciding "whether the circumstances of the case would put a person of common knowledge and experience on notice that some right of his has been invaded, or that some claim against another party might exist." *Young v. S.C. Dep't of Corr.,* 511 S.E.2d 413, 416 (Ct. App. 1999). Defendant may be estopped from claiming statute of limitations as defense if some conduct or representation by defendant has induced plaintiff to delay in filing suit. *Hedgepath v. American Tel. & Tel. Co.* (S.C. App. 2001). Silence, when it is intended or has effect of misleading party, may operate as equitable estoppels. *Id.* Elements of equitable estoppel as to the party estopped are: (1) conduct by the party estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct shall be acted upon by the other party; and (3) knowledge, actual or constructive, of the true facts. *Ingram v. Kasey's Assocs.,* 531 S.E.2d 287 n.2 (2000). Essential elements of estoppels as relate to the party claiming the estoppels are: (1) lack of knowledge and the means of knowledge of truth as to facts in question; (2) reliance upon conduct of the party estopped; and (3) prejudicial change in position. *Mayes v. Paxton,* 437 S.E.2d 66 (1993). "Estoppel cannot exist if the knowledge of both parties is equal and nothing is done by one to mislead the other." *Evins v. Richland County Historic Pres. Comm'n,* 532 S.E.2d 876, 878 (2000). [redacted]

[redacted]

## CONCLUSION

The Court should not impose sanctions on Newton Schwartz Sr. and not dismiss the claims of David Weatherford, David Pettit, Janice Lee and Patricia Brockman based on the above stated reasons. The Court should deny Defendants' Motion and not award Defendants any costs, nor attorney fees incurred in taking the Plaintiffs' depositions and in bringing this Motion for Sanction since the Newton Schwartz Sr. has not violated Rule 11, 28 U.S.C. § 1927 nor this Court's certification order.

Dated: August 30, 2011

Respectfully submitted,
The Law Office of Newton B. Schwartz, Sr.

By: /s/ Newton B. Schwartz, Sr.
Newton B. Schwartz, Sr.
By: /s/ Mabel Lee-Lo
Mabel Lee-Lo

1911 Southwest Freeway
Houston, TX 77098
Tel: 713-630-0708
nbs@nbslawyers.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through ECF system has been served pursuant to Case Management Order #3 on August 30, 2011.

/s/ Mabel Lee-Lo
Mabel Lee-Lo