ALEXANDER A. REINERT
ATTORNEY AT LAW
c/o Benjamin N. Cardozo School of Law*
55 Fifth Avenue, Room 938
New York, New York 10003

(212) 790-0403
Fax (212) 790-0805
areinert@yu.edu

August 29, 2011

The Honorable Leo T. Sorokin
United States Magistrate Judge
United States District Court for the
 District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

RE: In re Neurontin Marketing, Sales Practices and Products Liability Litigation, MDL Docket No. 1629, Master File No. 04 Civ. 10981 (PBS) (LTS)
Briggs v. Pfizer Inc., Individual Case Nos. 05-11700, 07-10327

Dear Judge Sorokin:

We write as *amici curiae* respectfully seek leave to submit this letter brief with respect to the above-referenced matters. In particular, we write in support of Robin Briggs' request for reconsideration, pursuant to Fed. R. Civ. P. 60(b), of this Court's August 16, 2011, Order granting Finkelstein and Partners LLP's Motion to Withdraw as counsel for Ms. Briggs. The motion was unsupported, was granted without affording plaintiff an opportunity to be heard, and leaves plaintiff unduly prejudiced. Indeed, the motion, if sought for the reasons suggested by Ms. Briggs in her status report to the Court, reflects a disregard for standards of professional responsibility well-accepted in nearly every jurisdiction in the United States. Accordingly, we respectfully request that the Court reconsider its decision and deny the motion to withdraw.

I. Interest of Amici Curiae

*Amici* are lawyers and professors who teach, practice, and conduct research in the areas of professional responsibility and civil procedure. **Ronald Minkoff** is a Partner in the Litigation Group of Frankfurt, Kurnit, Klein & Selz PC and Head of the Professional Responsibility Group. He is an Adjunct Professor of Professional Responsibility at New York University School of Law and a member of the New York Bar Committee on Standards of Attorney Conduct. He is also the Chair of the Task Force on Professionalism of the New York County Lawyers Association, and a past President of the Association of Professional Responsibility Lawyers. He has written extensively for the New York Professional Responsibility Report, The Professional Lawyer, The New York Law Journal, and other publications. **Ellen Yaroshefsky** is a Clinical Professor of Law and the Executive Director of the Jacob Burns Ethics Center at the Benjamin N. Cardozo School of Law. She teaches courses on professional responsibility, represents

lawyers and law firms in criminal, civil and disciplinary matters, and serves as an expert witness on legal ethics issues. She is co-chair of the Ethics, Gideon and Professionalism Committee of the American Bar Association's Criminal Justice Section, co-chair of the Ethics Committee of the National Association of Criminal Defense Lawyers, the ethics advisor for the Prosecutorial and Judicial Complaint Center of the New York Association of Criminal Defense Lawyers, a member of the advisory board of the Justice Center of the New York County Lawyers Association and of New York State Bar Association Committee on Standards of Attorney Conduct, and has served on various committees of the Association of the Bar of the City of New York. **Alexander Reinert** is an Associate Professor of Law at the Benjamin N. Cardozo School of Law, where he teaches Civil Procedure, among other courses. He has written and lectured extensively on civil procedure and issues related to access to justice.

*Amici* do not represent Ms. Briggs in this matter, but seek leave to file this brief to ensure that, in MDL actions as any other, standards of professional responsibility are adhered to.[1] We do not express any opinion regarding the merits of Ms. Briggs' case, but given Ms. Briggs' current unrepresented status, we maintain that the within letter brief will assist the Court in the resolution of this matter.[2] Ms. Briggs consents to the filing of this brief. On Friday, we sought consent to file this brief from counsel for Pfizer, Inc. and Teva Pharmaceuticals USA, Inc., defendants in the Briggs lawsuit, but have not yet received a response. This is understandable given the short time frame in which we seek to file this brief. Accordingly, we respectfully request that the Court grant *amici* leave to file the within brief.

    II.    The Motion to Withdraw was Improperly Granted

On August 15, 2011, Finkelstein & Partners, LLP, moved to withdraw as counsel to Robin Stern Briggs. This Court granted the motion on August 16, 2011, before plaintiff even had received a copy of the motion papers and without providing plaintiff an opportunity to be heard regarding the motion. See Status Report of Robin Briggs dated August 29, 2011 ("Briggs Status Report"). At the outset, we note that granting the motion to withdraw before Ms. Briggs was even served deprived her of an opportunity to be heard on a motion of great significance to her case. Under New York law, it is permissible to dispense with a hearing on motions to withdraw where there is adequate evidence of a breakdown in the attorney-client relationship and a lack of any dispute as to the material facts. See, e.g., Robinson v. Friedman Management Corp., 49 A.D.3d 436, 854 N.Y.S.2d 68 (N.Y. App. Div. 2008); Klagsbrun v. Klagsbrun, 192 A.D.2d 306, 595 N.Y.S.2d 456 (N.Y. App. Div. 1993). But it would appear difficult, if not impossible, to

---

[1] Neither Ms. Briggs nor her counsel authored this brief in whole or in part and no one other than amici contributed money for the purpose of preparing or submitting this brief.

[2] Although the District of Massachusetts does not appear to have a Local Rule pertaining to the filing of amicus briefs, the First Circuit permits the filing of amicus briefs that are "desirable" and "relevant to the disposition of the case." Local Rule 29(b)(2); see also Mangual v. Fuentes Agostini, 203 F. Supp. 2d 78, 82 (D. P.R. 2002), rev'd on other grounds sub nom. Mangual v. Rotger-Sabat, 317 F.3d 45 (1st Cir. 2003) (district court denied motion to intervene but granted leave to appear as amicus); Ruthardt v. United States, 164 F. Supp. 2d 232 (D. Mass. 2001) (same).

determine whether a hearing or other proceeding is necessary to resolve a motion to withdraw without first providing the non-consenting client an opportunity to be heard.[3]

The failure to provide Ms. Briggs with an opportunity to be heard is all the more problematic given that the basis for Finkelstein & Partners' motion is that counsel and plaintiff have "irreconcilable differences" regarding "the direction of legal services . . . that preclude counsel from further representation of Plaintiff in these cases. Declaration of Kenneth B. Fromson dated August 15, 2011, at ¶ 9. The motion papers do not describe the substance of the alleged "irreconcilable differences," a failing that itself is fatal to the motion to withdraw. In re Kiley, 459 Mass. 645, 650, 947 N.E.2d 1, 6 (Mass. 2011) (the "conclusory" assertion of "irreconcilable differences" is insufficient to support a motion for withdrawal); Stephens v. Government Employees Ins. Co., 2002 WL 31455318 (N.Y. App. Term 2002) (finding that court did not abuse discretion in granting motion to withdraw where there was evidence in record to support finding of irreconcilable differences); Forchelli, Curto, Deegan, Schwartz, Mineo, Cohn & Terrana, LLP v. Hirsch, 2010 WL 2667198 (E.D.N.Y. 2010) (remanding to Bankruptcy Court for further development of factual record on motion to withdraw based on irreconcilable differences).

Had the motion papers specified the substance of any disagreement between counsel and the plaintiff, our understanding from the plaintiff is that they only would have revealed that Ms. Briggs does not wish to settle the case in the amount recommended by counsel. See Briggs Status Report.[4] The decision to settle, however, always rests with the client, not the attorney. This principle is explicitly adopted by the Rules of Professional Responsibility in both New York and Massachusetts, see N.Y. Rule of Prof. Conduct 1.2(a), Mass. Rule of Prof. Conduct 1.2(a), and by controlling legal authority. See Commissioner of Internal Revenue v. Banks, 543 U.S. 426, 436 (2005) ("[A]lthough the attorney can make tactical decisions without consulting the client, the plaintiff still must determine whether to settle or proceed to judgment and make, as well, other critical decisions."); Malave v. Carney Hosp., 170 F.3d 217, 221 (1st Cir. 1999) (decision to settle belongs to the client, not counsel); accord Fennell v. TLB Kent Co., 865 F.2d 498, 501-02 (2d Cir. 1989).

Courts have long recognized that because the decision to settle rests with the client, it follows that a lawyer may not withdraw from representation simply because the client disagrees with the lawyer's settlement recommendation. See, e.g., Nehad v. Mukasey, 535 F.3d 962, 970-71 (9th Cir. 2008) (collecting cases); Ambrose v. Detroit Edison Co., 65 Mich. App. 484, 237 N.W.2d 520, 523-24 (1975) ("The refusal to settle by a client can never be sufficient grounds to constitute 'good cause' for an attorney to withdraw ...."). Importantly, this is clearly the law in New York, where the instant case was originally filed. DeFlumer v. LeSchack & Grodensky,

---

[3] We recognize, of course, that counsel often must walk a fine when seeking to withdraw from representation, on one hand providing sufficient reason to justify withdrawal while on the other hand not disclosing client confidences or prejudicing the client's case before the tribunal. In such instances, in camera hearings may sometimes be appropriate, a matter which we do not express an opinion on with regards to the instant case.

[4] It may be that there are other reasons that give rise to the alleged "irreconcilable differences" between Ms. Briggs and her counsel, but this only reinforces the need for the Court to conduct some inquiry beyond the conclusory assertions contained in counsel's motion.

P.C., 2000 WL 654608, *1 (N.D.N.Y. 2000) (denying motion to withdraw and stating that "[t]he mere fact that an attorney and client may disagree over a proposed settlement will not establish good cause for withdrawal of representation."); Marrero v. Christiano, 575 F. Supp. 837, 839 (S.D.N.Y. 1983) ("the refusal of a client to accept a settlement offer is not good and sufficient cause for the withdrawal of the attorney"); Borup v. National Airlines, Inc., 159 F. Supp. 808, 810 (S.D.N.Y. 1958) ("mere fact" that clients refuse a settlement recommended by an attorney is not grounds for withdrawal); In re Busby, 616 N.Y.S.2d 755, 756 (2d Dep't 1994) (holding that client's refusal to execute settlement documents insufficient ground to permit withdrawal by counsel). Absent some indication that plaintiff's settlement position is unlawful or otherwise could only be achieved through unethical conduct by her attorney, disagreement between counsel and client as to settlement simply cannot be the basis for a motion to withdraw. Rusinow v. Kamara, 920 F. Supp. 69, 72 (D.N.J. 1996) ("Sudden disenchantment with a client or a cause is no basis for withdrawal. Those who cannot live with risk, doubt and ingratitude should not be trial lawyers").

The client's prerogative to settle sometimes arises in cases in which the attorney already has withdrawn without good cause, in which case the only remedy is a limitation on any fees that prior counsel may seek upon a successful resolution of the plaintiff's case. Thus, courts have consistently refused to enforce the fee provision of a retainer agreement in cases in which an attorney withdraws from representation because of a disagreement over matters such as settlement. The Florida Bar v. Hollander, 607 So.2d 412, 415 (Fla. 1992) ("[A]ny contingency fee contract which permits the attorney to withdraw from representation without fault on part of the client or other just reason, and purports to allow the attorney to collect a fee for services already rendered would be unenforceable and unethical."); Kay v. Home Depot, Inc., 623 So.2d 764, 766 (Fla. App. 1993) (client who wishes to proceed to trial or obtain a higher settlement than that recommended by counsel is not at fault); Jones v. Feiger, Collison & Killmer, 903 P.2d 27, 34 (Colo.Ct.App.1994) (holding that retainer provision under which, inter alia, lawyer could withdraw if client rejected settlement offer the lawyer deemed reasonable was impermissible), rev'd on other grounds, 926 P.2d 1244 (Colo.1996). In general, any retainer provision that would infringe on the client's right to settle by structuring representation to either permit withdrawal or increase costs simply because the client refuses a settlement offer would be unenforceable. See, e.g., Compton v. Kittleson, 171 P.3d 172, 173 (Alaska 2007); Conn. Bar Ass'n Comm. on Prof'l Ethics, Informal Op. 99-18 (1999) (concluding that a fee agreement may not provide that the amount due converts from a contingent fee to an hourly fee if the client rejects a settlement offer the lawyer deems reasonable); Conn. Bar Ass'n Comm. on Prof'l Ethics, Informal Op. 95-24 (1995) (concluding that retainer provision that lawyer may withdraw if client refuses a settlement offer the lawyer deems reasonable impermissibly impinges on client's right to decide whether to settle); State Bar of Mich. Standing Comm. on Prof'l and Judicial Ethics, Op. RI-132 (1992) (stating that a clause providing that lawyers for a class would only be paid by a third party if the lawyers shepherded the class to settlement was unethical). Thus, although counsel point to nothing in the retainer agreement between Finkelstein and Partners LLP and Ms. Briggs which permits a withdrawal from representation simply because of a disagreement over settlement, the aforementioned cases demonstrate any such provision likely would be unenforceable as unethical. Augustson v. Linea Aerea Nacional-Chile S.A., 76 F.3d 658, 663 (5th Cir.1996) ("[T]he cases are in almost universal agreement, that failure of the client to accept

a settlement offer does not constitute just cause for a withdrawing attorney to collect fees." (string citation omitted)).

In the instant case, however, the motion to withdraw was granted on an insufficient record and without any opportunity from Ms. Briggs to be heard. Given the short period of time that has elapsed since the motion was granted, it is preferable to restore Ms. Briggs to the status quo ante rather than attempt to fashion a remedy after the fact for a withdrawal that may have violated standards of professional responsibility. This is particularly the case here, where leaving Ms. Briggs without representation may substantially prejudice her ability to pursue her claims in this complex and discovery-intense case. See Howard M. Erichson and Benjamin C. Zipursky, Consent Versus Closure, 96 Cornell L. Rev. 265, 282-92 (2011) (detailing ethical problems with mandatory withdrawal provisions in Vioxx settlement). For the foregoing reasons, we respectfully request that the Court grant *amici* leave to file the within letter brief and reconsider its decision and deny the motion to withdraw.

Respectfully submitted,

Alexander A. Reinert (SDNY Bar No. AR 1740)
Counsel for Amici Curiae

cc:   Robin Briggs, plaintiff pro se (by email and first-class mail)
      Mark S. Cheffo, Skadden, Arps, Slate, Meagher & Flom LLP (by email and first-class mail)
      Steven Lim, Finkelstein & Partners, LLP (by email and first-class mail)
      Adam S. Tolin, Dechert LLP (by email and first-class mail)