UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------------------------x
                                                      :   MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                          :
        SALES PRACTICES AND                           :   Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION                 :
                                                      :   Judge Patti B. Saris
------------------------------------------------------x
                                                      :   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                             :
                                                      :
BRIGGS v. PFIZER INC.                                 :
Individual Case No. 05-11700                          :
                                                      :
BRIGGS v. PFIZER INC.                                 :
Individual Case No. 07-10327                          :
                                                      :
------------------------------------------------------x
```

**FINKELSTEIN & PARTNERS, LLP'S MOTION FOR LEAVE TO FILE
A REPLY, UNDER SEAL, AND FOR *IN CAMERA* REVIEW BY THE COURT,
TO PLAINTIFF'S RESPONSE TO THE FIRM'S MOTION FOR LEAVE
TO WITHDRAW AS COUNSEL FOR PLAINTIFF ROBIN STERN BRIGGS**

Finkelstein & Partners, LLP, respectfully requests leave to file a Reply Memorandum, and Declaration, including exhibits, under seal, and for *in camera* review by this Court, to Plaintiff's Response and in further support of the law firm's motion to withdraw as counsel for Plaintiff Robin Stern-Briggs.

Finkelstein & Partners, LLP, has requested that the Reply be filed under seal and for *in camera* review because it contains communications and information protected by the attorney-client privilege,[1] and mental impressions of attorneys that are subject to the work product doctrine.[2]

---

[1] It has been noted that

> The attorney-client privilege protects from the view of third parties all confidential communications between a client and its attorney undertaken for the purpose of obtaining legal advice. See, e.g., Matter of John Doe Grand Jury, 408 Mass. 480, 481, 562 N.E.2d 69 (1990),

Dated: September 22, 2011                          Respectfully submitted,

                                                   Finkelstein & Partners, LLP

                                    By:     /s/ Andrew G. Finkelstein
                                          Andrew G. Finkelstein, Esquire
                                          1279 Route 300, P.O. Box 1111
                                          Newburgh, NY  12551

                                             *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on September 22, 2011.

                                            /s/ Kenneth B. Fromson
                                          Kenneth B. Fromson

---

quoting Hunt v. Blackburn, 128 U.S. 464, 470, 9 S. Ct. 125, 32 L. Ed. 488 (1888) ("seal of secrecy" on confidential communications between client and counsel); Foster v. Hall, 29 Mass. 89, 12 Pick. 89, 93 (1831) ('the general rule [is] that [where] matters [are] communicated by a client to his attorney, in professional confidence, the attorney shall not be at any time afterwards called upon or permitted to disclose in testimony") . . . Suffolk Const. Co., Inc. v. Division of Capital Asset Management, 449 Mass. 444, 448-49, 870 N.E.2d 33 (2007).  The attorney's confidential advice to the client is also protected.  Upjohn Co. v. United States, 449 U.S. 383, 390, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981).  The attorney's confidential privilege not only protects statements made by the client to the attorney in confidence for the purpose of obtaining legal advice in a particular matter, but also protects such statements made to or shared with necessary agents of the attorney or the client, including experts consulted for the purpose of facilitating the rendition of such advice.  See, Commonwealth v. Senior, 433 Mass. 453, 457, 744 N.E.2d 614 (1st Cir. 2002); Cavallaro v. United States, 284 F.3d 236, 247 (1st Cir. 2002).  Routine distribution of non-privileged information to in-house counsel does not render such information privileged.  See, F.C. Cycles, Int'l, Inc. v. Fila Sport, S.P.A., 184 F.R.D. 64, 71 (D.Md. 1998).  To the extent that documents constitute confidential drafts of operative documents by attorneys, they are privileged."

*Savidge v. Transcanada Power Mktg., Ltd.*, No. 06-2603, 2008 Mass. Super. LEXIS 376, *2-3 (Mass. Super. Ct. Oct. 31, 2008).

[2] The work product doctrine is designed to protect written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties.  Hickman v. Taylor, 329 U.S. 495, 510, 67 S. Ct. 385, 91 L. Ed. 451 (1947); see Mass. R. Civ. P. 26(b)(3)." *Savidge*, 2008 Mass. Super. LEXIS 376, at *3.