UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| KAISER FOUNDATION HEALTH PLAN, et al. v. PFIZER INC., 04 CV 10739 (PBS) | Magistrate Judge Leo T. Sorokin |

**CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 10(b)
AND APPELLANTS' AMENDED STATEMENT OF ISSUES ON APPEAL**

Pursuant to Federal Rule of Appellate Procedure 10(b), Defendants/Appellants Pfizer Inc and Warner-Lambert Company LLC, certify that, in connection with their amended notice of appeal [Docket No. 3634] filed on September 20, 2011, all transcripts of the trial and relevant pre-trial hearings in the above-captioned action have previously been ordered and are included in the record. As a result, no additional transcripts will be ordered.

In addition, pursuant to Federal Rule of Appellate Procedure 10(b)(3)(A), Defendants/Appellants state that they currently intend to present the following issues on appeal:

(1) Whether the district court erred by denying Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404;

(2) Whether the district court's denial of Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 violated its authority under 28 U.S.C. 1407, as interpreted by the U.S. Supreme Court in *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), by allowing plaintiffs to file in an inconvenient forum in order to avoid remand to the transferor court;

(3) Whether there was sufficient evidence to support the jury's verdict, including its findings that defendants violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), that such violations caused injury to plaintiffs, that plaintiffs' claims were not barred by the statute of limitations and the amount of damages awarded;

(4)     Whether the district court erred by denying Defendants' motions for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) and 50(b);

(5)     Whether the district court erred by denying Defendants' Motion for New Trial and to Re-Open Evidence or, Alternatively, to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59;

(6)     Whether the district court should have made amended and/or additional findings pursuant to Federal Rule of Civil Procedure 52(b);

(7)     Whether the district court erred in instructing the jury, and in refusing to instruct the jury on certain issues as requested by defendants;

(8)     Whether Kaiser Foundation Health Plan had standing to recover damages or restitution on behalf of its subsidiaries, which were not named in the complaint or parties to this action;

(9)     Whether the district court erred in allowing plaintiffs to amend their complaint to add Kaiser Foundation Health Plan's subsidiaries as parties after trial was already complete and judgment had already been entered;

(10)    Whether the district court erred in joining Kaiser Foundation Health Plan's subsidiaries as parties after trial was already complete and judgment had already been entered;

(11)    Whether the district court erred in ruling that the post-judgment amendment of plaintiffs' complaint joining Kaiser Foundation Health Plan's subsidiaries as parties related back to the date of plaintiffs' initial complaint;

(12)    Whether Kaiser Foundation Hospitals had standing to sue;

(13)    Whether plaintiffs were entitled to recover damages absent legally sufficient proof of inefficacy;

(14)    Whether plaintiffs presented legally sufficient proof of inefficacy;

(15)    Whether the district court imposed an incorrect burden of proof on the issue of inefficacy and/or improperly shifted the burden of proof to defendants;

(16) Whether plaintiffs presented legally sufficient proof that cheaper, alternative medicines would have been prescribed in place of Neurontin;

(17) Whether plaintiffs presented legally sufficient proof of injury in order to satisfy the requirements of RICO, California's Unfair Competition Law ("UCL") and Article III standing;

(18) Whether plaintiffs presented legally sufficient proof of causation;

(19) Whether plaintiffs presented legally sufficient proof of a RICO violation;

(20) Whether plaintiffs presented legally sufficient evidence of damages;

(21) Whether plaintiffs' claims were barred by the applicable statutes of limitations;

(22) Whether the district court's evidentiary rulings, including its rulings on several motions in limine and *Daubert* motions, were in error and affected the Appellants' substantial rights;

(23) Whether the district court erred by failing to exclude irrelevant evidence or evidence whose probative value was outweighed by the risk of unfair prejudice, including without limitation, all evidence of or references to Warner-Lambert Company LLC's guilty plea or any related government investigations or agreements, the testimony of David Franklin and evidence related thereto, and plaintiffs' exhibit 479;

(24) Whether the district court erred by failing to exclude all or any part of the testimony of Kay Dickersin, Ph.D.;

(25) Whether the district court erred by failing to exclude all or any part of the testimony of John Abramson, M.D.;

(26) Whether the district court erred by failing to exclude all or any part of the testimony of Dr. Curt Furberg;

(27) Whether the district court erred by failing to exclude all or any part of the testimony of Meredith Rosenthal, Ph.D.;

(28) Whether the district court erred by failing to exclude all or any part of the testimony of Raymond S. Hartman, Ph.D.;

(29)     Whether the district court erred by allowing plaintiffs to introduce into evidence binders containing over 100 documents, without any competent witness testimony, context, or opportunity for cross-examination;

(30)     Whether the district court erred by allowing plaintiffs to introduce evidence unrelated to the conduct alleged in the complaint;

(31)     Whether the district court erred by allowing plaintiffs to introduce evidence in support of an alleged enterprise that was not pled in the complaint;

(32)     Whether the district court improperly excluded relevant and admissible impeachment testimony of plaintiffs' expert Dr. Hartman;

(33)     Whether the district court erred by excluding evidence and argument regarding premiums set and collected by Kaiser Foundation Health Plan;

(34)     Whether the district court erred by denying defendants' motion to re-open the evidence to allow admission of new evidence;

(35)     Whether the district court erred by excluding certain testimony by defendants' expert economist regarding plaintiffs' national data;

(36)     Whether the district court erred by excluding deposition testimony of Dr. Anthony Anderson, Dr. Mark Chaplick, Dr. Amy Fitzsimmons, Dr. Terry Rolan, and Dr. Dragan Svrakic;

(37)     Whether the district court erred by excluding portions of the deposition testimony of Albert Carver offered by defendants;

(38)     Whether the district court's conclusions of law regarding plaintiffs' claim under the UCL were erroneous;

(39)     Whether the district court's findings of fact regarding plaintiffs' UCL claims were clearly erroneous or based upon an incorrect application of the law to the facts;

(40)     Whether California choice of law principles preclude plaintiffs from recovering under the UCL for prescriptions written outside of California;

(41)     Whether Kaiser Foundation Health Plan's non-California subsidiaries have standing to recover under the UCL;

(42) Whether plaintiffs failed to present evidence of the amount of any alleged overpayment for Neurontin prescriptions that was legally sufficient to support their claim for restitution under the UCL;

(43) Whether plaintiffs failed to present legally sufficient evidence of reliance;

(44) Whether plaintiffs failed to present legally sufficient evidence of a violation of the UCL;

(45) Whether the district court erred by awarding plaintiffs prejudgment interest under the UCL;

(46) Whether the district court erred by denying defendants' motion to compel plaintiffs to produce all or some part of the medical records and claims data for the insureds who used the Neurontin prescriptions for which plaintiffs sought recovery.

Dated: October 4, 2011

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By: /s/ Mark S. Cheffo
Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Email: Mark.Cheffo@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By: /s/ Raoul D. Kennedy
Raoul D. Kennedy

525 University Avenue
Suite 1100
Palo Alto, CA 94301
Tel: (650) 470-4550
Email: Raoul.Kennedy@skadden.com

| | |
|---|---|
| <u>CERTIFICATE OF SERVICE</u><br><br>I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 4, 2011.<br><br>　　　　　　/s/ Mark S. Cheffo<br>　　　　　　Mark S. Cheffo | WHEELER TRIGG O'DONNELL LLP<br><br>By:　<u>/s/ James E. Hooper</u><br>　　　James E. Hooper<br><br>1801 California Street<br>Suite 3600<br>Denver, CO 80202-2617<br>Tel:  (303) 244-1800<br>Email:  hooper@wtotrial.com<br><br>*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC* |