UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:   NEURONTIN MARKETING, SALES
         PRACTICES AND PRODUCTS
         LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

*Anderson, et al. v. Pfizer, Inc., et al.* (Janice Lee),
No. 06-11024-PBS.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T.
Sorokin

**UNREDACTED
VERSION FILED
UNDER SEAL**

## MEMORANDUM IN SUPPORT OF DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF JANICE LEE

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this memorandum in support of their motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 on all counts brought by Plaintiff Janice Lee.[1]   At her deposition, Plaintiff testified that she formed an actual belief that Neurontin had caused her alleged injury in March or April 2001, and therefore she "discovered" her injury at that time for purposes of South Carolina's three-year statute of limitations.   Because she did not file her complaint until April 27, 2006, her claims are indisputably barred by South Carolina's statute of limitations.   Given that Plaintiff cannot establish any basis for tolling the limitations period, the unrebutted evidence entitles Pfizer to summary judgment.

---

[1] Pfizer previously moved for sanctions against Plaintiff's counsel pursuant to Federal Rule of Civil Procedure 11(b) and (c), 28 U.S.C. § 1927, and the Court's inherent authority because there is no objectively reasonable basis for pursing this case. On September 14, 2011, this Court denied that motion "WITHOUT PREJUDICE to Defendants first filing motion(s) for summary judgment." (9/14/11 Order [3631].) In accordance with that order, Pfizer now moves for summary judgment. While this motion will focus only on the statute of limitations issue because it is ripe for adjudication, Pfizer also has reason to believe that it is entitled to summary judgment based on other grounds not specifically discussed in the underlying motion. For example, Pfizer anticipates that Plaintiff will be unable to present a qualified expert who can reliably support causation. As such, Pfizer reserves its right to file additional motions for summary judgment regarding other issues as they become ripe in the future.

## **FACTUAL BACKGROUND**



_____

[2] The exhibits cited herein are attached to the accompanying Declaration of Mark S. Cheffo.  The undisputed material facts on which Defendants rely are set forth in their Rule 56.1 Statement of Facts, filed concurrently with this motion.

## SUMMARY JUDGMENT STANDARD

"Summary judgment is properly granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Thornton v. United Parcel Serv., Inc.*, 587 F.3d 27, 31 (1st Cir. 2009); *see also* Fed. R. Civ. P. 56(c)(2). Where, as here, the non-moving party has the burden of proof to establish her claim, the movant "need not produce evidence negating the claim that there is a material issue in genuine dispute." *NEC Elecs., Inc. v. New Eng. Circuit Sales, Inc.*, 722 F. Supp. 861, 863 (D. Mass. 1989) (citation omitted). Rather, the "moving party's burden is to point out to the district court 'that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 325). Accordingly, Pfizer is entitled to summary judgment if Plaintiff fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Thomas v. Digital Equip. Corp.*, 880 F.2d 1486, 1489 (1st Cir. 1989).

The First Circuit has, for example, affirmed summary judgment in favor of a drug manufacturer based on the plaintiffs' failure to produce any evidence on the issue of causation. *See Garside v. Osco Drug, Inc.*, 895 F.2d 46, 49 (1st Cir. 1990) (holding that "plaintiffs defaulted on [their] obligation" to produce "some evidence, admissible at trial, supporting their allegation that [defendant's medication] caused [their] adverse reaction"); *accord Lynch v. Merrell-National Labs. Div. of Richardson-Merrell, Inc.*, 646 F. Supp. 856, 867 (D. Mass. 1986), *aff'd*, 830 F.2d 1190 (1st Cir. 1987). Rule 56(c) requires the nonmovant to "'go beyond the pleadings'" and, by admissible evidence, "'designate specific facts showing [that] there is a [genuine] issue for trial.'" *Bratton v. CSX Transp., Inc.*, 586 F. Supp. 2d 12, 16 (D. Mass. 2008) (citation omitted).

If Plaintiff's evidence on any element is "'merely colorable or is not significantly probative, summary judgment may be granted.'" *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir. 1997) (citations omitted). Additionally, Plaintiff cannot satisfy her burden through

"unsupported allegations, unreasonable inferences, and conclusory speculation," *Hann v. Micron Separations, Inc.*, 107 F.3d 1, 1997 WL 56859, at *1 (1st Cir. 1997) (per curiam) (unpublished table decision), or by pointing to "'some metaphysical doubt as to the material facts.'" *Tayag v. Lahey Clinic Hosp., Inc.*, 677 F. Supp. 2d 446, 450 (D. Mass. 2010) (Saris, J.) (citation omitted).

## ARGUMENT

I.     **Ms. Lee's Claims Are Barred By The Statute Of Limitations Because She Unequivocally Testified That She Formed Her Belief That Neurontin Had Caused Her Alleged Injury Five Years Before Filing Suit.**

South Carolina's statute of limitations for personal injury actions provides that a party must commence an action within three years of the date the cause of action arose.[4] *See* S.C. Code Ann. § 15-3-530(5).[5] A plaintiff's cause of action arises and the statute begins to run when a plaintiff knows – or objectively should know – of the injury she attributes to a defendant's conduct. *Martin v. Companion Healthcare Corp.*, 357 S.C. 570, 575 (Ct. App. 2004). As the South Carolina Supreme Court explained:

> [A]n injured party must act with some promptness where the facts and circumstances of the injury would put a person of common knowledge on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point and not when advice of counsel is sought or a full blown theory of recovery is developed.

*Snell v. Columbia Gun Exchange, Inc.*, 278 S.E.2d 333, 334 (1981). A plaintiff need not understand the full extent of her injuries in order for the cause of action to arise and trigger the statute of limitations. *Dean v. Ruscon Corp.*, 321 S.C. 360, 364, 468 S.E.2d 645, 647 (1996).

In this case, Ms. Lee unambiguously testified that in March or April of 2001 she formed the belief that Neurontin had caused her alleged injury. (*See* Lee Dep. at 177:1-178:24.)

---

[4] South Carolina's statutes of limitations for fraud and warranty claims are also three years. S.C. Code Ann. § 15-3-530(1), (5).

[5] All the salient events giving rise to Plaintiff's alleged injury, as well as the alleged injury itself, took place in South Carolina, and Plaintiff initially filed her Complaint in South Carolina and invoked that state's law. (*See e.g.*, Ex. C, *Anderson* Complaint, at ¶ 102.) Accordingly, South Carolina law applies to Plaintiff's claims.

████████████████████████████████████████████████

Accordingly, Ms. Lee was admittedly "on notice" of her claim in 2001, and the limitations period began to run at that time. Therefore, when she filed her lawsuit on April 27, 2006 – five years later – her claims were barred by South Carolina's three-year statute of limitations. Because the undisputed facts establish that all of her claims are time-barred, there is no genuine issue of material fact to be decided at trial, and Pfizer is entitled to summary judgment on all of Plaintiff's claims.

## II. There Is No Basis To Toll The Statute Of Limitations.

While Plaintiff's counsel have previously argued that her claims should be tolled because of equitable estoppel, (*see* Memo. in Opp. to Sanctions Mot. [3599], at 13-14), Ms. Lee cannot establish equitable estoppel under South Carolina law, which requires proof that a defendant somehow "induced [plaintiff's] failure to comply with the statute of limitations." *Wiggins v. Edwards*, 442 S.E.2d 169, 171 (S.C. 1994). "An inducement for delay may consist of either an express representation that the claim will be settled without litigation or other conduct that suggests a lawsuit is not necessary." *Hedgepath v. Am. Telephone & Telegraph Co.*, 599 S.E.2d 327, 338 (S.C. Ct. App. 2001). Pfizer did neither in this case, and there is nothing in the record to support such a claim. Equitable estoppel cannot be established where, as here, a plaintiff presents "no evidence of conduct on the defendant's part warranting estoppel." *Black v. Lexington Sch. Dist. No. 2*, 488 S.E.2d 327, 330 (S.C. 1997). A plaintiff must present some evidence "that the defendant made . . . misrepresentations or misled the plaintiff or her counsel." *Id.* at 331 (quoting *Gadsden v. Southern R.R.*, 206 S.E.2d 882, 883 (S.C. 1974)). Likewise, a motion for summary judgment cannot be defeated through "unsupported allegations, unreasonable inferences, and conclusory speculation," *Hann*, 1997 WL 56859, at *1, or by pointing to "'some metaphysical doubt as to the material facts.'" *Tayag*, 677 F. Supp. 2d at 450.

In this case, Ms. Lee has not and cannot point to any representation of Pfizer that induced her not to file a lawsuit or "lulled [her] into 'a false sense of security.'" *Hedgepath*, 599 S.E.2d

at 339 (citations omitted); *see also* 51 Am. Jur. 2d, Limitations of Actions, § 149, p 721 ("[T]he party seeking to toll the statute of limitations must explain why due diligence did not lead or could not have led to the discovery of the facts and the cause of action."). In other words, she cannot point to any conduct on the part of Pfizer that allegedly induced her not to act on her belief, which she testified was formed in 2001, that Neurontin caused her injury. Indeed, there is none.

Plaintiff has also previously argued that, even though she actually believed that Neurontin caused her injury in 2001, she lacked "[medical] knowledge" of causation. (*See* Memo. in Opp. to Sanctions Mot. [3599], at 14.) The absence of a medical opinion, however, would not have prevented South Carolina's statute of limitations from running. Under South Carolina law, the limitations period begins to run when a plaintiff has actual knowledge, as Ms. Lee did in this case, or constructive knowledge of the basis for a claim, not when "a full blown theory of recovery is developed." *Snell*, 278 S.E.2d at 334. Accordingly, a medical opinion as to causation is not required.

In *Knox v. Greenville Hosp. Sys.*, 608 S.E.2d 459 (S.C. Ct. App. 2005), for example, the court found that a medical malpractice claim was time-barred because the limitations period ran from that date the *plaintiff* knew that the insertion of an IV may have caused him injury, and the *Knox* court explicitly rejected the plaintiff's argument that "he did not discover that he had a cause of action until his orthopedic surgeon informed him of the true nature of his injury" – the exact same argument that Plaintiff has propounded here. *Id.* at 571; *see also Kelly v. Univ. of Conn. Health Ctr.*, 963 A.2d 1, 7 (Conn. 2009) (explaining that knowledge of an injury triggers the limitations period "despite the absence of an expert medical opinion"). As such, Ms. Lee's failure to obtain a medical opinion regarding causation cannot provide a basis for tolling the statute of limitations by equitable estoppel or any other theory.

Because the undisputed testimony shows that Ms. Lee actually believed that Neurontin caused her injury in 2001, the limitations period began to run at that point, and there is no genuine issue of material fact that her claims filed more then five years later are time-barred.

## CONCLUSION

For the foregoing reasons, this Court should grant Pfizer's motion for summary judgment.

Dated: October 5, 2011

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
    Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

-and-

ROPES & GRAY LLP

By: /s/ Justin J. Wolosz
    Justin F. Wolosz
    BBO # #643543

Prudential Tower
800 Boylston Street
Boston, MA  02110
Tel:  (617) 951-7000
Email:  justin.wolosz@ropesgray.com

*Attorneys for Defendants Pfizer Inc and*
*Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 5, 2011.

/s/ Justin J. Wolosz
Justin J. Wolosz