UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------- x
                                                                 :
In re:  NEURONTIN MARKETING, SALES        : MDL Docket No. 1629
        PRACTICES AND PRODUCTS            :
        LIABILITY LITIGATION              : Master File No. 04-10981
                                          :
---------------------------------------------------------------- x
                                                                 :
                                                                 : Judge Patti B. Saris
THIS DOCUMENT RELATES TO:                                        :
                                                                 : Magistrate Judge Leo T.
*Anderson, et al. v. Pfizer, Inc., et al.* (David Weatherford),  : Sorokin
No. 06-11024-PBS.                                                :
                                                                 : **UNREDACTED
                                                                 : VERSION FILED**
---------------------------------------------------------------- x **UNDER SEAL**

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AGAINST PLAINTIFF DAVID WEATHERFORD**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this memorandum in support of their motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 on all counts brought by Plaintiff David Weatherford.[1] The unrebutted evidence shows that ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. Because there is no genuine issue of material fact as to whether Mr. Weatherford can establish all essential elements of his claims, Pfizer is entitled to summary judgment.

**FACTUAL BACKGROUND**

▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

---

[1] Pfizer previously moved for sanctions against Plaintiff's counsel pursuant to Federal Rule of Civil Procedure 11(b) and (c), 28 U.S.C. § 1927, and the Court's inherent authority because there is no objectively reasonable basis for pursing this case. On September 14, 2011, this Court denied that motion "WITHOUT PREJUDICE to Defendants first filing motion(s) for summary judgment." (9/14/11 Order [3631].) In accordance with that order, Pfizer now moves for summary judgment. While this motion will focus only on certain dispositive issues that are ripe for adjudication, Pfizer also has reason to believe that it is entitled to summary judgment based on other grounds not specifically discussed in the underlying motion. For example, Pfizer anticipates that Plaintiff will be unable to present a qualified expert who can reliably support causation. As such, Pfizer reserves its right to file additional motions for summary judgment regarding other issues as they become ripe in the future.



---

[2] The exhibits cited herein are attached to the accompanying Declaration of Mark S. Cheffo. The undisputed material facts on which Defendants rely are set forth in their Rule 56.1 Statement of Facts, filed concurrently with this motion.



## SUMMARY JUDGMENT STANDARD

"Summary judgment is properly granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Thornton v. United Parcel Serv., Inc.*, 587 F.3d 27, 31 (1st Cir. 2009); *see also* Fed. R. Civ. P. 56(c)(2). Where, as here, the non-moving party has the burden of proof to establish his claim, the movant "need not produce evidence negating the claim that there is a material issue in genuine dispute." *NEC Elecs., Inc. v. New Eng. Circuit Sales, Inc.*, 722 F. Supp. 861, 863 (D. Mass. 1989) (citation omitted). Rather, the "moving party's burden is to point out to the district court 'that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 325). Accordingly, Pfizer is entitled to summary judgment if Plaintiff fails "to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Thomas v. Digital Equip. Corp.*, 880 F.2d 1486, 1489 (1st Cir. 1989).

The First Circuit has, for example, affirmed summary judgment in favor of a drug manufacturer based on the plaintiffs' failure to produce any evidence on the issue of causation. *See Garside v. Osco Drug, Inc.*, 895 F.2d 46, 49 (1st Cir. 1990) (holding that "plaintiffs defaulted on [their] obligation" to produce "some evidence, admissible at trial, supporting their allegation that [defendant's medication] caused [their] adverse reaction"); *accord Lynch v.*

3

*Merrell-National Labs. Div. of Richardson-Merrell, Inc.*, 646 F. Supp. 856, 867 (D. Mass. 1986), *aff'd*, 830 F.2d 1190 (1st Cir. 1987). Rule 56(c) requires the nonmovant to "'go beyond the pleadings'" and, by admissible evidence, "'designate specific facts showing [that] there is a [genuine] issue for trial.'" *Bratton v. CSX Transp., Inc.*, 586 F. Supp. 2d 12, 16 (D. Mass. 2008) (citation omitted).

If Plaintiff's evidence on any element is "'merely colorable or is not significantly probative, summary judgment may be granted.'" *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir. 1997) (citations omitted). Additionally, Plaintiff cannot satisfy his burden through "unsupported allegations, unreasonable inferences, and conclusory speculation," *Hann v. Micron Separations, Inc.*, 107 F.3d 1, 1997 WL 56859, at *1 (1st Cir. 1997) (per curiam) (unpublished table decision), or by pointing to "'some metaphysical doubt as to the material facts.'" *Tayag v. Lahey Clinic Hosp., Inc.*, 677 F. Supp. 2d 446, 450 (D. Mass. 2010) (Saris, J.) (citation omitted).

## ARGUMENT

I. **Neurontin Could Not Have Caused Mr. Weatherford's Alleged Injury Because He Did Not Take Neurontin Until After It Occurred.**



Accordingly, because Neurontin cannot be the cause of an alleged injury of a patient who was not taking the medicine before or at the time he incurred that alleged injury, there is no genuine issue of material fact as to the issue of causation. Thus, Pfizer is entitled to summary judgment as to all claims of Mr. Weatherford.

## CONCLUSION

For the foregoing reasons, this Court should grant Pfizer's motion for summary judgment.

Dated: October 5, 2011

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
     Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

-and-

ROPES & GRAY LLP

By: /s/ Justin J. Wolosz
     Justin F. Wolosz
     BBO # #643543

Prudential Tower
800 Boylston Street
Boston, MA 02110
Tel: (617) 951-7000
Email: justin.wolosz@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 5, 2011.

/s/ Justin J. Wolosz
Justin J. Wolosz