# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| **IN RE NEURONTIN MARKETING AND** | ) | |
| **SALES PRACTICES LITIGATION** | ) | MDL Docket No. 1629 |
| _____ | ) | |
| | ) | Master File No. 04-10981 |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | Judge Patti B. Saris |
| *Blue Cross & Blue Shield of Alabama, et al.* | ) | |
| *v. Pfizer, Inc., et al.*, 1:06-cv-12295-PBS | ) | |
| _____ | ) | |

## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
## IN SUPPORT OF MOTION TO REMAND

Pursuant to the Court's Order dated September 28, 2011, Dkt. 3643, Plaintiffs Blue Cross and Blue Shield of Alabama ("BCBS") and Municipal Workers Compensation Fund ("MWCF") (collectively "Plaintiffs") submit this brief in further support of their Motion to Remand to State Court[1]:

## I.      PROCEDURAL HISTORY

The history of this case to date is that of procedure.  The history from the filing of the case on May 12, 2006, to the filing of Plaintiffs' Supplemental Memorandum on April 5, 2007, is set forth in that Supplemental Memorandum. Dkt. 712 at 1-3.  Since that time, opposition and reply briefs were filed on April 9, 2007, and April 13, 2007, respectively.  Oral arguments were held on April 17, 2007, before Magistrate Judge Sorokin.  Subsequent to the oral arguments, Plaintiffs filed additional authority on January 28, 2008, in support of their Motion citing an Order from the

---

[1] Plaintiffs hereby incorporate by reference their previous briefing on the Motion to Remand. *See* Dkt. 650, Exs. 1-13 (previous briefing of this issue before the United States District Court of the Middle District of Alabama); Dkt. 712 (Plaintiffs' Supplemental Memorandum in Support of Motion to Remand); Dkt. 730 (Plaintiffs' Supplemental Reply Memorandum in Support of Motion to Remand); and Dkt. 1094 (Plaintiffs' Submission of Additional Authority on

*In re Rezulin Prod. Liab. Litig.* case, 1:2000-cv-2843, PreTrial Order No. 445 (S.D.N.Y. Jan. 16, 2008).  On May 20, 2011, the parties filed a Joint Report Regarding Status and Management of this Case, in which Plaintiffs requested that an Order be entered as to their Motion to Remand. From 2007 until the present there have been no proceedings in the MDL relevant to plaintiffs' claims against Longmire and the issue of fraudulent joinder.[2]  Instead, Plaintiffs have been forced to sit on the sidelines awaiting a ruling on remand from Pfizer's improvident removal.

The only issue before the Court is whether Plaintiffs, both residents of Alabama, have a colorable claim against Longmire, who is a physician paid by Pfizer to assist in their off-label marketing scheme, and who is a resident of Alabama and defeats diversity in this case.  Plaintiffs submit that the legal and factual developments in the past five years strengthen their case for remand, and afford Pfizer and Longmire no comfort other than the value of delay.[3]

## II.        FACTUAL BACKGROUND

Although Pfizer asserts Longmire is fraudulently joined in the present case, and bears the burden of proving fraudulent joinder by clear and convincing evidence, *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 5 (D. Mass. 2001) (Saris, J.) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001)), the evidence is clearly to the contrary.  In

---

Motion to Remand).  Plaintiffs seek in this Supplemental Memorandum only to address developments, if any, since the close of briefing in 2007.

[2]  Instead, a TPP that has been allowed to complete discovery and go to trial has been awarded hundreds of millions of dollars in damages.  Dkt. 2760 (verdict in favor of Kaiser Foundation Health Plan, awarding damages of more than $47 million against Pfizer); Dkt. 3326 (final judgment entered in Kaiser's favor of $142,089,276 on the RICO claims and $102,967,570 on the California Unfair Competition Law claims); Dkt. 3602 (amended Findings of Fact and Conclusions of Law awarding restitution to Kaiser in the amount of $95,286,518 for Pfizer's violation of the California Unfair Competition Law).

[3]  *See* Dkt. 712, Plaintiffs' Supp. Memo, at 1: "There is no rational basis for Pfizer's fraudulent joinder argument, but it has accomplished the only realistic goal Pfizer could have had in making it – a delay of almost a year."  That was filed on April 5, 2007.

addition to the conduct alleged in the original Complaint, and as argued in the briefing before the Middle District of Alabama and this Court, documents produced in the MDL litigation[4] paint a picture of Longmire's extensive involvement and conspiracy with Pfizer in carrying out an illegal off-label marketing scheme for Neurontin. Longmire actively presented seminars and teleconferences all over the country, ***including in his own home state of Alabama.*** The documents show that Dr. Longmire presented off-label information about Neurontin to physicians more than fifty times. *See* Ex. A at 362-365. Moreover, he was paid substantially for his off-label marketing. *See id.*

Of particular interest are two Alabama seminars, one in 1995, and one in May 1997. *See* Ex. A at 363, 365. As these seminars were held in his own small home town of Russellville, Alabama, he was presumably marketing off-label uses of Neurontin to Alabama physicians. The topics for those seminars included *Multiple Factor Analysis of Changes as Result of Reduction of Pain Syndrome,* and *Qualitative Assessment of Sympathetic Sudomotor Changes Induced by Neurontin Patients with Neuropathic Pain,* respectively. *See id.*

Simply put, the documents support Plaintiffs' claims that Longmire and Pfizer were both active participants and co-conspirators in the fraudulent scheme to promote the off-label usage of Neurontin, including in Longmire's own home state of Alabama. As such, he is not fraudulently joined to the present case.

---

[4]   These documents are now part of the public domain, archived by the Drug Industry Document Archive at the University of California at San Francisco.  http://dida.library.ucsf.edu.

## III.    ARGUMENT

Plaintiffs' claims against Longmire are actionable under Alabama law.[5]  This is all that need be shown to require remand.  *See In re Pharmaceutical Industry Average Wholesale Price Litigation,* 431 F. Supp. 2d 109 (D. Mass. 2006).  Pfizer will no doubt argue that rulings in the Aetna, TPP class, and Kaiser cases require a stay of this case – evidence of yet another "black hole" into which Pfizer seeks to sink this case for another two- or three-year delay as these appeals wind through the First Circuit.  No legal or practical standard supports such a stay.

While "the First Circuit has not defined a standard for evaluating claims of fraudulent joinder, the Fifth Circuit has held that there is no fraudulent joinder when 'there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved." *Simons v. Hitachi America*, 2007 WL 1306558 (D. Mass. May 3, 2007) (quoting *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).  Furthermore, "[i]n deciding whether there is a 'reasonable basis in law and fact' for the claim, the Court must resolve 'all disputed questions of fact and any ambiguities in the current controlling substantive law in the plaintiffs' favor.'"  *Phillips v. Medtronic*, 754 F. Supp. 2d 211, 215 (D. Mass. 2010) (quoting *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir. 2000)).  "[T]he case must be remanded unless the removing defendants meet their 'heavy burden' to 'show either (1) there is no possibility that the plaintiff would be able to establish a cause of action against the [non-diverse] defendant in state court' or '(2) there has been

---

[5] For instance, in *DGB, LLC v. Hinds*, 55 So. 3d 218 (Ala. 2010), the Alabama Supreme Court recently confirmed that Ala Code § 6-2-3, which provides a statute of limitations of two years from the discovery of a claim, applies to both fraud and other actions where defendants are responsible for fraudulently concealing the existence of claims.  *Id.* at 224.  In addition, the common defense doctrine as a bar to finding fraudulent joinder has recently been applied in a case of similar circumstances.  *Smith v. SmithKline Beecham Corp.*, 2011 WL 2731262 (E.D. Ky. July 13, 2011) (holding that where "[drug company]'s argument for why [plaintiff]'s claims against [doctor] must fail is 'equally

outright fraud in the plaintiff's pleading of jurisdictional facts.'"   *Jenner v. CVS Pharmacy*, 2011 WL 1085981, at *1 (D.R.I. Mar. 22, 2011) (quoting 16 James Wm. Moore, *Moore's Federal Practice* § 107.14[2][c][iv][B], at 107-63 to 107-67 (ed ed. 2010)).

One need look no further than a similar case filed in the Circuit Court of Montgomery County, Alabama, to see that Plaintiffs have stated claims against Longmire that an Alabama court would find colorable.   In *Alabama Associated General Contractors Self-Insured Workers' Compensation Fund, et al. v. Pfizer, Inc., et al.*, No. CV-06-1252 (Circuit Court of Montgomery County, Alabama) (filed May 5, 2006), a number of TPPs filed a complaint with allegations and claims virtually identical to those alleged by Plaintiffs here, including negligence, wantonness, fraud, and conspiracy.   *See* Dkt. 730, Ex. A.   Pfizer initially removed the action, but consented to remand when it was shown that one of the plaintiffs was a citizen of the same state as Pfizer.   As in the present action, Longmire was a defendant.   *Id.,* Ex. B. Not only was Longmire's motion to dismiss not granted, he filed an answer to both the original complaint (Ex. B hereto) and an amended complaint (Ex. C hereto), he was involved in the litigation during discovery, and was not ultimately dismissed until the case had been pending for over 14 months.   Longmire was dismissed by stipulation on 7/17/07, and it is not clear whether such dismissal was the result of a settlement with Longmire. (Ex. D hereto).

Pfizer makes much of the fact that the other doctors who conspired with Pfizer could have been sued by Plaintiffs, but of them, only the Alabama resident doctor was named.   As this Court has noted, "[s]o long as plaintiffs have an objectively valid basis for joining [a defendant] in the

---

dispositive of all defendants,' it cannot suffice to establish fraudulent joinder") (quoting *Smallwood v. Ill Cent. R.R.*

complaint, their subjective motivations are largely irrelevant." *Mills*, 178 F. Supp. 2d at 6 (Saris, J.).

This Court has also acknowledged that, while potentially problematic, it may be appropriate to consider affidavits of the parties in reviewing joinder, and in particular to allow a party to present opposing affidavits to another party's affidavit, but only to determine "whether there is a *possibility* that plaintiff can recover based on the causes of action asserted in the . . . complaint. *See Mills*, 178 F. Supp. 2d at 5-6 (emphasis added). To this end, Plaintiffs submitted affidavits in opposition to Longmire's affidavit in briefing in the Middle District of Alabama [Dkt. 650-12, -13], and submit evidence that was not available during previous briefing before this Court. *See* Exs. A-D hereto.

While Plaintiffs will maintain it is not the case, if it is ultimately decided, as a legal issue, that Plaintiffs must prove that Longmire actually spoke to physicians in or from states where Plaintiffs paid for drugs, as Pfizer has argued, then it will be relevant during discovery whether any physicians that heard Longmire were from states in which Plaintiffs paid for Neurontin. Plaintiffs' Complaint alleges that they paid for Neurontin, Complaint ¶¶ 12-13, and the Complaint does not limit those payments to Alabama physicians only. Similarly, Longmire's speaking to physicians in Massachusetts or Florida does not presume that all the physicians at those conferences were from Massachusetts or Florida only. These are all factual issues to be resolved on summary judgment (as they were in the other TPPs' case in Montgomery County, Alabama) or at trial, not on a motion to dismiss, and certainly not on a motion to remand.

---

*Co.*, 385 F.3d 568, 575 (5th Cir. 2004) (en banc)).

In any event, Longmire admitted in his previous complaint against Pfizer that he also spoke to physicians in Phoenix, Buffalo, Dallas, Philadelphia, New York, Pittsburgh, Long Island, Newark, and *Franklin County, Alabama*.  Longmire Amended Complaint ¶ 30 [Dkt. 712, Ex. A]. This and other evidence before the Court make clear that Longmire marketed Neurontin to doctors, including Alabama doctors, and is properly joined in this action.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an order remanding this case back to the Circuit Court of Montgomery County, Alabama.

s/ Pamela B. Slate
Pamela B. Slate
SLATE CARTER COMER PLLC
One Commerce Street, Suite 850
Montgomery, Alabama  36104
Telephone: (334) 262-3300
Facsmile: (334) 262-3301
pslate@slatecartercomer.com


s/ Kimberly R. West
Kimberly R. West
WALLACE, JORDAN, RATLIFF & BRANDT, LLC
800 Shades Creek Parkway
Birmingham, Alabama 35209
Telephone: (205) 874-0352
Facsimile: (205) 871-7534
kwest@wallacejordan.com

Attorneys for Plaintiff
Blue Cross Blue Shield of Alabama

_____
Joshua J. Wright
HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1750
Birmingham, Alabama 35203
Telephone: (205) 324-3600
Facsimile: (205) 324-3636
joshw@hollis-wright.com

Attorney for Plaintiff
Municipal Workers Compensation Fund, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing, which includes Plaintiffs' Liaison Counsel, and counsel for Pfizer Defendants in *Blue Cross Blue Shield of Alabama, et al. v. Pfizer, Inc., et al.*, 1:06-cv-12295-PBS, and further certify that this document has been served by electronic mail on counsel for Defendant Longmire.  Plaintiffs' Liaison Counsel and counsel for Pfizer and Longmire are the only attorneys required to receive service of this document pursuant to Case Management Order No. 1, ¶ III(C), Dkt. 15 (12/16/2004).

Dated: October 7, 2011

s/ Pamela B. Slate
Pamela B. Slate
SLATE CARTER COMER PLLC
One Commerce Street, Suite 850
Montgomery, Alabama 36104
Telephone: (334) 262-3300
Facsimile:  (334) 262-3301
pslate@slatecartercomer.com