ELECTRONICALLY FILED
11/21/2006 4:57 PM
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| ALABAMA ASSOCIATED GENERAL CONTRACTORS, INC.; AUTOMOTIVE AFTERMARKET FUND; WORKERSFIRST COMPFUND; THE ALABAMA SELF-INSURED WORKER'S COMPENSATION FUND; THE HEALTHCARE WORKERS COMPENSATION SELF-INSURANCE FUND; THE ALABAMA WORKERS' COMPENSATION SELF-INSURANCE FUND; ALABAMA TRUCKING ASSOCIATION WORKER'S COMPENSATION SELF-INSURANCE FUND; AND ASSOCIATION OF COUNTY COMMISSIONS SELF-INSURANCE FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | CIVIL ACTION NO. CV-06-1252 |
| **v.** | ) ) ) | |
| PFIZER, INC., successor in interest to WARNER-LAMBERT COMPANY; and DAVID REYNOLDS LONGMIRE, | ) ) ) ) ) | |
| **Defendants.** | ) | |

## ANSWER OF DEFENDANT DAVID REYNOLDS LONGMIRE TO PLAINTIFFS' AMENDED COMPLAINT

Defendant David Reynolds Longmire ("Dr. Longmire") answers the Plaintiffs' Amended

Complaint ("Amended Complaint") as follows:

The first, unnumbered paragraph of the Amended Complaint is introductory and therefore

requires no response.

## **INTRODUCTION**

1.      Dr. Longmire states that the allegations contained in the first sentence of

Paragraph 1 of the Amended Complaint relate to another defendant in this case, that he is

without knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of Paragraph 1 of the Amended Complaint, and therefore denies them.  Dr. Longmire admits to the remaining allegations in Paragraph 1 of the Amended Complaint.

2.      Dr. Longmire states that the allegations contained in Paragraph 2 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Amended Complaint, and therefore denies them.

3.      Dr. Longmire states that the allegations contained in Paragraph 3 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Amended Complaint, and therefore denies them.

4.      Dr. Longmire states that the allegations contained in Paragraph 4 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Amended Complaint, and therefore denies them.

5.      Dr. Longmire states that the allegations contained in Paragraph 5 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Amended Complaint, and therefore denies them.

6.      Dr. Longmire is aware that the United States Attorney for the District of Massachusetts brought criminal charges against Warner-Lambert Company relating to the marketing of Neurontin, and that Warner-Lambert Company pleaded guilty to certain charges on or about May 13, 2004

## PARTIES AND VENUE

7.      Dr. Longmire lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Amended Complaint, and therefore denies them.

8.      Dr. Longmire lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Amended Complaint, and therefore denies them.

9.      Dr. Longmire lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Amended Complaint, and therefore denies them.

10.      Dr. Longmire lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Amended Complaint, and therefore denies them.

11.      Dr. Longmire lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Amended Complaint, and therefore denies them.

12.      Dr. Longmire lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Amended Complaint, and therefore denies them.

13.      Dr. Longmire lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Amended Complaint, and therefore denies them.

14.      Dr. Longmire lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Amended Complaint, and therefore denies them.

15.      Dr. Longmire states that the allegations contained in the first four sentences of Paragraph 15 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in the first four sentences of Paragraph 15 of the Amended Complaint, and therefore denies them. Further answering, Dr. Longmire states that the remainder of Paragraph 15 consists of legal conclusions to which no response is required.

16.     Dr. Longmire admits to the first sentence of Paragraph 16 of the Amended Complaint.  Dr. Longmire also admits that he is a physician, but he denies the allegations contained in the second sentence of Paragraph 16 of the Amended Complaint that he participated in an unlawful marketing scheme with Pfizer.

17.     Dr. Longmire states that Paragraph 17 of the Amended Complaint consists of legal conclusions to which no response is required.

18.     Dr. Longmire states that the allegations contained in Paragraph 18 of the Amended Complaint relate to the Plaintiffs' legal strategy and therefore require no response.

## FACTUAL ALLEGATIONS

### A.     FDA Regulations

19.     Dr. Longmire is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Amended Complaint, and therefore denies them.

20.     Dr. Longmire admits to the first two sentences of Paragraph 20 of the Amended Complaint.  Dr. Longmire is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 20 of the Amended Complaint, and therefore denies them. Further answering, Dr. Longmire states that the provisions of the statutes cited speak for themselves.

21.     Dr. Longmire is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Amended Complaint, and therefore denies them. Further answering, Dr. Longmire states that the provisions of the statutes cited speak for themselves.

4

**B.** **Neurontin And The Off-Label Marketing Scheme**

22.     Dr. Longmire admits to the allegations contained in the first sentence of Paragraph 22 of the Amended Complaint.  Dr Longmire is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 22 of the Amended Complaint, including footnote 2.

23.     Dr. Longmire states that the allegations contained in Paragraph 23 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Amended Complaint, and therefore denies them.

24.     Dr. Longmire states that the allegations contained in Paragraph 24 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Amended Complaint, and therefore denies them.

25.     Dr. Longmire states that the allegations contained in Paragraph 25 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of the Amended Complaint, and therefore denies them.

26.     Dr. Longmire states that the allegations contained in Paragraph 26 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Amended Complaint, and therefore denies them.

27.     Dr. Longmire states that the allegations contained in Paragraph 27 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or

information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Amended Complaint, and therefore denies them.

28.     Dr. Longmire states that the allegations contained in Paragraph 28 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Amended Complaint, and therefore denies them.

29.     Dr. Longmire states that the allegations contained in Paragraph 29 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Amended Complaint, and therefore denies them.

30.     Dr. Longmire states that the allegations contained in Paragraph 30 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Amended Complaint, and therefore denies them.

31.     Dr. Longmire states that the allegations contained in Paragraph 31 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Amended Complaint, and therefore denies them.

32.     Dr. Longmire states that the allegations contained in Paragraph 32 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Amended Complaint, and therefore denies them.

33.     Dr. Longmire states that the allegations contained in Paragraph 33 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Amended Complaint, and therefore denies them.  Further answering, Dr. Longmire states that the FDA's regulations speak for themselves.

34.     Dr. Longmire states that the allegations contained in Paragraph 34 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Amended Complaint, and therefore denies them.

35.     Dr. Longmire states that the allegations contained in Paragraph 35 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Amended Complaint, and therefore denies them.

36.     Dr. Longmire states that the allegations contained in Paragraph 36 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Amended Complaint, and therefore denies them.

37.     Dr. Longmire states that the allegations contained in Paragraph 37 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Amended Complaint, and therefore denies them.

38.     Dr. Longmire states that the allegations contained in Paragraph 38 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or

information sufficient to form a belief as to the allegations contained in Paragraph 38 of the Amended Complaint, and therefore denies them.

39.     Dr. Longmire states that the allegations contained in Paragraph 39 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of the Amended Complaint, and therefore denies them.

40.     Dr. Longmire states that the allegations contained in Paragraph 40 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of the Amended Complaint, and therefore denies them.

41.     Dr. Longmire states that the allegations contained in Paragraph 41 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of the Amended Complaint, and therefore denies them.

42.     Dr. Longmire states that the allegations contained in Paragraph 42 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of the Amended Complaint, and therefore denies them.

43.     Dr. Longmire states that the allegations contained in Paragraph 43 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of the Amended Complaint, and therefore denies them.

44.     Dr. Longmire states that the allegations contained in Paragraph 44 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of the Amended Complaint, and therefore denies them.

45.     Dr. Longmire states that the allegations contained in Paragraph 45 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 of the Amended Complaint, and therefore denies them.

## D.     Pfizer's Illegal Payments to Doctors

46.     Dr. Longmire states that the allegations contained in Paragraph 46 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of the Amended Complaint, and therefore denies them.

### 1.     Consultants' Meetings

47.     Dr. Longmire states that the allegations contained in Paragraph 47 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47 of the Amended Complaint, and therefore denies them.

48.     Dr. Longmire states that the allegations contained in Paragraph 48 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of the Amended Complaint, and therefore denies them.

49.     Dr. Longmire states that the allegations contained in Paragraph 49 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of the Amended Complaint, and therefore denies them.

50.     Dr. Longmire states that the allegations contained in Paragraph 50 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50 of the Amended Complaint, and therefore denies them.

51.     In response to the allegations contained in the first sentence of Paragraph 51 of the Amended Complaint, Dr. Longmire admits a "consultants' meeting" was held in Jupiter Beach, Florida, during the weekend of April 19-21, 1996.  Dr. Longmire is without knowledge or information sufficient to form a belief as to whether the Jupiter Beach meeting was "typical." Dr. Longmire is also without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 51 of the Amended Complaint, and therefore denies them.

52.     Dr. Longmire is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 52 of the Amended Complaint, and therefore denies them.

53.     In response to the first sentence of Paragraph 53 of the Amended Complaint, Dr. Longmire admits that the Jupiter Beach consultants' meeting included two half-days of presentations relating to Neurontin.  In response to the second sentence of Paragraph 53 of the Amended Complaint, Dr. Longmire admits that Proworx, an independent company, organized the Jupiter Beach meeting.  Dr. Longmire denies the remaining allegations in Paragraph 53 of the Amended Complaint.

54.     Dr. Longmire admits that the Jupiter Beach meeting was conducted by Proworx, an independent company which presents medical-education events.  Dr. Longmire is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 54 of the Amended Complaint, and therefore denies them.

55.     In response to the first sentence of Paragraph 55 of the Amended Complaint, Dr. Longmire admits that he made a presentation at the Jupiter Beach meeting, but denies that it was misleading in any way.  Dr. Longmire denies the remaining allegations contained in Paragraph 55 of the Amended Complaint.

56.     Dr. Longmire states that the allegations contained in Paragraph 56 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50 of the Amended Complaint, and therefore denies them.

57.     Dr. Longmire states that the allegations contained in Paragraph 57 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 57 of the Amended Complaint, and therefore denies them.

58.     Dr. Longmire states that the allegations contained in Paragraph 58 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 58 of the Amended Complaint, and therefore denies them.

**2.     Medical Education Seminars**

59.     Dr. Longmire states that the allegations contained in Paragraph 59 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or

information sufficient to form a belief as to the allegations contained in Paragraph 59 of the Amended Complaint, and therefore denies them.

60.     Dr. Longmire states that the allegations contained in Paragraph 60 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 60 of the Amended Complaint, and therefore denies them.

61.     Dr. Longmire states that the allegations contained in Paragraph 61 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 of the Amended Complaint, and therefore denies them.

62.     Dr. Longmire states that the allegations contained in Paragraph 62 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 62 of the Amended Complaint, and therefore denies them.

63.     Dr. Longmire states that the allegations contained in Paragraph 63 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63 of the Amended Complaint, and therefore denies them.

**3.     Grants and "Studies"**

64.     Dr. Longmire states that the allegations contained in Paragraph 64 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 64 of the Amended Complaint, and therefore denies them.

65.     Dr. Longmire states that the allegations contained in Paragraph 65 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 65 of the Amended Complaint, and therefore denies them.

66.     Dr. Longmire states that the allegations contained in the first and last sentences of Paragraph 66 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in the first and last sentences of Paragraph 66 of the Amended Complaint, and therefore denies them.  Dr. Longmire denies sentences three and four of Paragraph 66 of the Amended Complaint.

67.     Dr. Longmire states that the allegations contained in the first three sentences of Paragraph 67 of the Amended Complaint relate to another defendant in this action, that he is without knowledge or information sufficient to form a belief as to the allegations contained in the first three sentences of Paragraph 67 of the Amended Complaint, and therefore denies them.  Dr. Longmire is without knowledge or information sufficient to form a belief as to the list of "studies" contained in Paragraph 67 of the Amended Complaint.  Dr. Longmire denies the last two sentences of Paragraph 67 of the Amended Complaint.

68.     Dr. Longmire states that the allegations contained in Paragraph 68 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 68 of the Amended Complaint, and therefore denies them.

69.     Dr. Longmire states that the allegations contained in Paragraph 69 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or

information sufficient to form a belief as to the allegations contained in Paragraph 69 of the Amended Complaint, and therefore denies them.

70.     Dr. Longmire states that the allegations contained in Paragraph 70 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 70 of the Amended Complaint, and therefore denies them.

**4.     Payments to "Authors" of Ghost Written Articles**

71.     Dr. Longmire states that the allegations contained in Paragraph 71 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 71 of the Amended Complaint, and therefore denies them.

72.     Dr. Longmire states that the allegations contained in Paragraph 72 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 72 of the Amended Complaint, and therefore denies them.

73.     Dr. Longmire states that the allegations contained in Paragraph 73 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 73 of the Amended Complaint, and therefore denies them.

74.     Dr. Longmire states that the allegations contained in Paragraph 74 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 74 of the Amended Complaint, and therefore denies them.

75.     Dr. Longmire states that the allegations contained in Paragraph 75 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 75 of the Amended Complaint, and therefore denies them.

**5.     Speakers' Bureau**

76.     Dr. Longmire states that the allegations contained in the first two sentences of Paragraph 76 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in the first two sentences of Paragraph 65 of the Amended Complaint, and therefore denies them. Dr. Longmire denies that he received "tens of thousands of dollars annually" through the Speakers' Bureau, as alleged in the third sentence of Paragraph 76 of the Amended Complaint. Dr. Longmire is without knowledge or information sufficient to form a belief as to the allegations contained in the fourth sentence of Paragraph 76 of the Amended Complaint, and therefore denies them. Dr. Longmire denies the allegations contained in the fifth sentence of Paragraph 76 of the Amended Complaint. Dr. Longmire is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 76 of the Amended Complaint.

77.     Dr. Longmire states that the allegations contained in Paragraph 77 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 77 of the Amended Complaint, and therefore denies them.

78.     Dr. Longmire states that the allegations contained in Paragraph 78 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or

information sufficient to form a belief as to the allegations contained in Paragraph 78 of the Amended Complaint, and therefore denies them.

79.　　Dr. Longmire denies the allegations contained in Paragraph 79 of the Amended Complaint to the extent that they pertain to him.  Dr. Longmire is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 79 that do not pertain to him, and therefore denies them as well.

80.　　Dr. Longmire denies the allegations contained in Paragraph 80 of the Amended Complaint to the extent that they pertain to him.  Dr. Longmire is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 80 that do not pertain to him, and therefore denies them as well.

81.　　Dr. Longmire denies the allegations contained in Paragraph 81 of the Amended Complaint to the extent that they pertain to him.  Dr. Longmire states that the remaining allegations contained in Paragraph 81 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 81 of the Amended Complaint, and therefore denies them.

**WARNER-LAMBERT'S PLEA OF GUILTY OF CRIMINAL VIOLATIONS OF THE FOOD DRUG AND COSMETIC ACT**

82.　　Dr. Longmire states that the allegations contained in Paragraph 82 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 82 of the Amended Complaint, and therefore denies them.

83.　　Dr. Longmire states that the allegations contained in Paragraph 83 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 83 of the

Amended Complaint, and therefore denies them.  Further answering, Dr. Longmire states that the Information speaks for itself.

84.     Dr. Longmire states that the allegations contained in Paragraph 84 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 84 of the Amended Complaint, and therefore denies them.  Further answering, Dr. Longmire states that the Information speaks for itself.

85.     Dr. Longmire states that the allegations contained in Paragraph 85 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 85 of the Amended Complaint, and therefore denies them.  Further answering, Dr. Longmire states that the Information speaks for itself.

86.     Dr. Longmire states that the allegations contained in Paragraph 86 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 86 of the Amended Complaint, and therefore denies them.  Further answering, Dr. Longmire states that the Information speaks for itself.

87.     Dr. Longmire states that the allegations contained in Paragraph 87 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 87 of the Amended Complaint, and therefore denies them.

## COUNT ONE

## UNJUST ENRICHMENT

88.     Dr. Longmire incorporates his responses contained in the preceding paragraphs as if full set forth here.

89.     Dr. Longmire states that the allegations contained in Paragraph 89 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 89 of the Amended Complaint, and therefore denies them.

90.     Dr. Longmire states that the allegations contained in Paragraph 90 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 90 of the Amended Complaint, and therefore denies them.

## COUNT TWO

## NEGLIGENCE

91.     Dr. Longmire incorporates his responses contained in the preceding paragraphs as if fully set forth here.

92.     Dr. Longmire states that the allegations contained in Paragraph 92 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 92 of the Amended Complaint, and therefore denies them.

93.     Paragraph 93 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 93 of the Amended Complaint.

18

94.     Dr. Longmire denies the allegations contained in Paragraph 94 of the Amended Complaint to the extent they pertain to him.  Dr. Longmire is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 94 of the Amended Complaint that do not pertain to him, and therefore denies them.

95.     Dr. Longmire denies the allegations contained in Paragraph 95 of the Amended Complaint.

## COUNT THREE

## WANTONNESS

96.     Dr. Longmire incorporates his responses contained in the preceding paragraphs as if fully set forth here.

97.     Dr. Longmire states that the allegations contained in Paragraph 97 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 97 of the Amended Complaint, and therefore denies them.

98.     Paragraph 98 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 98 of the Amended Complaint.

99.     Dr. Longmire denies the allegations contained in Paragraph 99 of the Amended Complaint to the extent they pertain to him.  Dr. Longmire is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 99 of the Amended Complaint that do not pertain to him, and therefore denies them.

100.    Dr. Longmire denies the allegations contained in Paragraph 100 of the Amended Complaint.

## COUNT FOUR

## INTENTIONAL FRAUD

101.     Dr. Longmire incorporates his responses contained in the preceding paragraphs as if fully set forth here.

102.     Dr. Longmire states that the allegations contained in Paragraph 102 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 102 of the Amended Complaint, and therefore denies them.

103.     Paragraph 103 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 103 of the Amended Complaint.

104.     Paragraph 104 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 104 of the Amended Complaint.

## COUNT FIVE

## RECKLESS FRAUD

105.     Dr. Longmire incorporates his responses to the preceding paragraphs as if fully set forth here.

106.     Dr. Longmire states that the allegations contained in Paragraph 106 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 106 of the Amended Complaint, and therefore denies them.

107.     Paragraph 107 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 107 of the Amended Complaint.

108.     Paragraph 108 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 108 of the Amended Complaint.

<u>**COUNT SIX**</u>

<u>**NEGLIGENT OR INNOCENT MISREPRESENTATION**</u>

109.     Dr. Longmire incorporates his responses contained in the preceding paragraphs as if fully set for here.

110.     Dr. Longmire states that the allegations contained in Paragraph 110 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 110 of the Amended Complaint, and therefore denies them.

111.     Paragraph 111 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 111 of the Amended Complaint.

112.     Paragraph 112 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 112 of the Amended Complaint.

## COUNT SEVEN

## SUPPRESSION

113.     Dr. Longmire incorporates his responses to the preceding paragraphs as if fully set forth here.

114.     Dr. Longmire states that the allegations contained in Paragraph 114 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 114 of the Amended Complaint, and therefore denies them.

115.     Paragraph 115 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, and to the extent the allegations in Paragraph 115 pertain to him, Dr. Longmire denies the factual allegations contained in Paragraph 114 of the Amended Complaint.

116.     Dr. Longmire states that the allegations contained in Paragraph 116 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 116of the Amended Complaint, and therefore denies them.

117.     Dr. Longmire states that the allegations contained in Paragraph 117 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 117 of the Amended Complaint, and therefore denies them.

118.     Dr. Longmire denies the allegations contained in Paragraph 118 of the Amended Complaint.

119.    Paragraph 119 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 119 of the Amended Complaint.

120.    Paragraph 120 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 120 of the Amended Complaint.

121.    Paragraph 121 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 121 of the Amended Complaint.

## COUNT EIGHT

### CONCEALMENT/DECEPTION

122.    Dr. Longmire incorporates his responses contained in the preceding paragraphs as if fully set forth here.

123.    Dr. Longmire states that the allegations contained in Paragraph 123 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 123 of the Amended Complaint, and therefore denies them.

124.    Dr. Longmire states that the allegations contained in Paragraph 124 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 124 of the Amended Complaint, and therefore denies them.

125.    Dr. Longmire states that the allegations contained in Paragraph 125 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or

information sufficient to form a belief as to the allegations contained in Paragraph 125 of the Amended Complaint, and therefore denies them.

126.    Dr. Longmire states that the allegations contained in Paragraph 126 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 126 of the Amended Complaint, and therefore denies them.

**COUNT NINE**

**CONSPIRACY TO DEFRAUD**

127.    Dr. Longmire incorporates his responses contained in the preceding paragraphs as if fully set forth here.

128.    Paragraph 128 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 128 of the Amended Complaint.

129.    Paragraph 129 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 129 of the Amended Complaint.

130.    Paragraph 130 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 130 of the Amended Complaint.

131.    Paragraph 131 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 131 of the Amended Complaint.

132.    Paragraph 132 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 132 of the Amended Complaint.

133.    Paragraph 133 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 133 of the Amended Complaint.

134.    Paragraph 134 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 134 of the Amended Complaint.

135.    Paragraph 135 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 135 of the Amended Complaint.

136.    Paragraph 136 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 136 of the Amended Complaint.

137.    Paragraph 137 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 137 of the Amended Complaint.

138.    Paragraph 138 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 138 of the Amended Complaint.

139.     Paragraph 139 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 139 of the Amended Complaint.

140.     Paragraph 140 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the factual allegations contained in Paragraph 140 of the Amended Complaint.

## FRAUDULENT CONCEALMENT/TOLLING OF THE STATUTE OF LIMITATIONS

141.     Dr. Longmire incorporates his responses contained in the preceding paragraphs as if fully set forth here.

142.     Paragraph 142 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the allegations contained in Paragraph 142 of the Amended Complaint.

143.     Dr. Longmire states that the allegations contained in Paragraph 143 of the Amended Complaint relate to another defendant in this case, that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 143 of the Amended Complaint, and therefore denies them.

144.     Paragraph 144 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the allegations contained in Paragraph 144 of the Amended Complaint.

145.     Paragraph 145 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the allegations contained in Paragraph 145 of the Amended Complaint.

146.     Paragraph 146 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Dr. Longmire denies the allegations contained in Paragraph 146 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that he would not otherwise have, Dr. Longmire affirmatively assert the following defenses:

1.     The claims of Plaintiffs may be time-barred, in whole or in part, under applicable statutes of limitations or statutes of repose, or are otherwise untimely.

2.     The Complaint fails to state a claim upon which relief can be granted.

3.     The claims of Plaintiffs may be barred, in whole or in part, from recovery because Plaintiffs have made statements or taken actions that preclude Plaintiffs from asserting claims or constitute a waiver of Plaintiffs' claims.

4.     The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

5.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

6.     If Plaintiffs have sustained damages or losses as alleged in the Complaint, upon information and belief, such damages or losses were caused in whole or in part by persons or entities other than Dr. Longmire.

7.     Plaintiffs' claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

8.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having

real or apparent authority to take said actions on behalf of Dr. Longmire and over whom Dr. Longmire had no control and for whom Dr. Longmire may not be held accountable.

9.      To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Dr. Longmire's liability, if any, should be reduced accordingly.

10.     To the extent that Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Alabama law.

11.     Plaintiffs' claims of fraud and civil conspiracy are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Alabama Rule of Civil Procedure 9(b).

12.     Plaintiffs' claims are barred in whole or in part by the First Amendment.

13.     This case may be more appropriately brought in a different venue.

14.     Venue in this case may be improper.

15.     The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to Plaintiffs' claims.

16.     The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

17.     The claims of Plaintiffs are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

18.     The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

19.     Any conduct allegedly causing liability on the part of Dr. Longmire is not a substantial cause or factor of any potential or actual loss or damage, if any.

20.     Plaintiffs have not sustained any injury or damages compensable at law.

21.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would also, if granted, violate Dr. Longmire's state and federal constitutional rights.

22.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Dr. Longmire, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

23.     To the extent that Plaintiffs make a claim for punitive damages, Dr. Longmire asserts that Plaintiffs have not complied with statutory requirements to recover punitive damages.

24.     To the extent that Plaintiffs' claims invoke punitive damages, such claims violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

    A.     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon a plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

    B.     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and

Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

C.   The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  See Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1 (1991).

D.   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

E.   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

F.   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

G.   The retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10.

25.    Plaintiffs' claims for punitive damages violate the due process clause of Article I, Section 13 of the Constitution of Alabama, on the following grounds:

    A.    It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil defendant based on a plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    B.    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against Defendant;

    C.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

    D.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

    E.    The award of the punitive damages in this case would constitute a deprivation of property without due process of law.

26.    Plaintiffs' attempt to impose punitive or extra-contractual damages on Dr. Longmire, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

27.    The award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without the due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

28.     The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

29.     The award of punitive damages against Dr. Longmire in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

30.     The procedures pursuant to which punitive damages are awarded are vague and unpredictable such that they violate Dr. Longmire's right to defend himself pursuant to Article I, Section 10 of the Constitution of Alabama.

31.     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Alabama Code § 27-1-17 (1975) in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Constitution of Alabama.

32.     Plaintiffs' Complaint seeks to make Dr. Longmire liable for punitive damages. The U.S. Supreme Court has reversed the Alabama Supreme Court in the case styled BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), on the issue of punitive damages.  Dr. Longmire adopts by reference the defenses, criteria, limitations, and standards mandated by the U.S. Supreme Court decision in that case and in Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001); State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003); and any subsequent applicable decisions.

33.     Dr. Longmire affirmatively pleads that any punitive damages that Plaintiffs may recover in this case should be capped in keeping with Alabama Code § 6-11-21, as amended in

1999 (Act. No. 99-358), and in the spirit of the Alabama Supreme Court's decision in <u>Oliver v. Towns</u>, 738 So. 2d 798 (Ala. 1999).

34.     The demand for punitive damages in the instant case is subject to the limitations established by the Alabama legislature and set forth in Alabama Code § 6-11-21 (1975).  Dr. Longmire adopts by reference the defenses, criteria, limitations, and standards mandated by this Alabama statute.  The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect.  Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision.  <u>See</u> <u>Honda Motor Co., Ltd. v. Oberg</u>, 512 U.S. 415, 431 n.9 (1994).

35.     Dr. Longmire avers that the punitive damage cap set out in Alabama Code § 6-11-21 (1975) applies to the instant case.  <u>See</u> <u>Horton Homes, Inc. v. Brooks</u>, 832 So. 2d 44 (Ala. 2001).

36.     Dr. Longmire avers that any punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur.  <u>See</u> <u>TXO Prod. Corp. v. Alliance Resources Corp.</u>, 509 U.S. 443 (1993).

37.     Dr. Longmire avers that the method of imposing punitive damages violates Amendment 328, Section 6.11 of the Constitution of Alabama, which prohibits the use of a procedural rule to abridge, enlarge, or modify the substantive right of any party.  <u>See</u> <u>Leonard v. Terminix Int'l Co.</u>, 854 So. 2d 529 (Ala. 2002).

38.     The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

39.     Dr. Longmire adopts the terms of any applicable legislative act or Alabama Supreme Court decision that now or hereafter precludes punitive damages or limits the amount of punitive damages that can be recovered in an action at law in Alabama.

40.     Plaintiffs cannot show reasonable reliance as a matter of law.

41.     Plaintiffs' claims for unjust enrichment are barred by the voluntary payment doctrine.

42.     Plaintiffs cannot recover for the claims asserted because Plaintiffs have failed to comply with the conditions precedent necessary to bring this action.

43.     Plaintiffs' conspiracy claim is barred because Dr. Longmire did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

44.     Dr. Longmire had no knowledge of any alleged fraudulent marketing scheme as alleged in Plaintiffs' Complaint.

45.     To the extent that Plaintiffs seek to recover only economic loss in tort, Plaintiffs' claims are barred by the economic loss doctrine.

46.     Plaintiffs' claims are not suitable for joinder.

47.     Dr. Longmire is improperly joined.

48.     Dr. Longmire is fraudulently joined.

49.     Plaintiffs have failed to join the proper parties.

50.     To the extent that this action purports to hold Dr. Longmire liable for the acts of another, such violates the Due Process clause of the United States Constitution and the Alabama Constitution.

51.     Dr. Longmire denies that he was guilty of any actionable negligence, denies that Plaintiffs were injured thereby, and denies the existence of any proximate cause to the alleged damages.

52.     Dr. Longmire owed the Plaintiffs no duty in relation to the facts alleged in the Complaint.

53.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the Plaintiffs.

54.     To the extent that Plaintiffs' claims and allegations against Dr. Longmire relate to mere puffery that is not misleading to a reasonable physician, such claims are not actionable.

55.     With respect to each and every purported cause of action, the acts of Dr. Longmire were at all times done in good faith and without malice.

56.     Dr. Longmire pleads the general issue and denies that he was liable or responsible for any alleged damages to Plaintiffs.

57.     Plaintiffs are improper parties and lack standing to prosecute this action.

58.     Dr. Longmire did not cause Plaintiffs' alleged damages.

59.     Dr. Longmire never acted as the agent of any other defendant in this action.

60.     Plaintiffs have suffered no compensable injury or any damages.

61.     Plaintiffs' claims are barred by the doctrine of equitable estoppel.

62.     Dr. Longmire hereby gives notice that he intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case.  Dr. Longmire hereby reserves the right to amend his answer to assert any such defense.

63.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Dr. Longmire to determine all of his legal, contractual and

equitable rights, he reserves the right to amend and/or supplement the averments of his Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

64.     Dr. Longmire incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Dr. Longmire will rely on all defenses that may become available during discovery or trial.

## **JURY DEMAND**

Dr. Longmire demands a trial by jury as to all issues so triable.


WHEREFORE, Defendant David R. Longmire respectfully requests that the Court:

1.     Dismiss the Plaintiffs' Amended Complaint with prejudice and enter judgment in favor of David R. Longmire on all claims alleged in the Amended Complaint;

2.     Find that this action is without substantial justification, frivolous, groundless in fact and law, vexatious, and interposed for an improper purpose pursuant to Ala. Code §§ 12-19-271, 12-19-272;

3.     Award David R. Longmire his reasonable attorneys fees and costs incurred in defending this action pursuant to Ala. Code § 12-19-272.

4.     Grant David R. Longmire such other and further relief as the Court may deem just and proper.

This, the 21st day of November, 2006.

Respectfully submitted,

**David R. Longmire,**

by his attorneys,

s/ Charles K. Hamilton
Bruce F. Rogers
Charles K. Hamilton
Bainbridge, Mims, Rogers & Smith, LLP
The Luckie Building, Suite 415
600 Luckie Drive
Post Office Box 530886
Birmingham, Alabama 35253
Tel.: 205-879-1100
Fax.: 205-879-4300
Email: brogers@bainbridgemims.com
         khamilton@bainbridgemims.com

Paul W. Shaw
Benjamin M. Welch
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111
Tel: 617-856-8200
Fax: 617-856-8201
Email: pshaw@brownrudnick.com
         bwelch@brownrudnick.com

Robert A. Griffith
Gargiulo/Rudnick LLP
66 Long Wharf
Boston, MA 02110
Tel: 617-742-3833
Fax: 617-523-7834
Email: rgriff@grglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2006, I electronically filed the foregoing **Answer** with the Clerk of Court using the state Alafile system which will send notification of such filing to the following:

**Attorneys for Plaintiffs**

Steven A. Martino
W. Lloyd Copeland
Taylor Martino Kuykendall
Post Office Box 894
Mobile, Alabama  36601-0894

Robert S. Riley, Jr.
Riley & Jackson, P.C.
1744 Oxmoor Road
Birmingham, Alabama 35209

Gregory C. Cook
Balch & Bingham, LLP
1901 6th Avenue North
Suite 2600
Birmingham, Alabama 35203

Charles H. Dodson
Joseph D. Steadman
Dodson & Steadman, P.C.
Post Office Box 1908
Mobile, Alabama  36633-1908

**Attorneys for Pfizer Inc.**

Philip H. Butler
Bradley Arant Rose & White LLP
The Alabama Center For Commerce
401 Adams Avenue
Suite 780
Montgomery, Alabama 36104

Fred M. Haston, III
Brian A. Wahl
Andrew B. Johnson
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203-2104

 s/ Charles K. Hamilton_____
Of Counsel