UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ------------------------------------------------------------x | : | MDL Docket No. 1629 |
| In re:  NEURONTIN MARKETING, | : | |
| SALES PRACTICES AND | : | Master File No. 04-10981 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | Judge Patti B. Saris |
| ------------------------------------------------------------x | : | |
| | : | Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| ALSBERGE v. PFIZER INC. | : | |
| Individual Case Nos. 05-11699 and 06-10957 | : | |
| | : | |
| ------------------------------------------------------------x | | |

**RESPONSE TO DEBRA ALSBERGE'S REQUEST TO RECONSIDER
FINKELSTEIN & PARTNERS, LLP'S MOTION TO WITHDRAW, AND
COUNSEL'S REQUEST FOR LEAVE TO FILE A REPLY,
<u>UNDER SEAL AND *IN CAMERA*</u>**

Upon review of Plaintiff Debra Alsberge's letter, ECF Doc. # 3662, which requests that this Court reconsider its October 11, 2011 Electronic Order granting Finkelstein & Partners, LLP's motion for leave to withdraw as attorneys for Ms. Alsberge, counsel requests leave to file a reply to the motion, under seal and *in camera*.

After receiving the Court's Electronic Order, Finkelstein & Partners reviewed their file and discovered that although a copy of their motion to withdraw was served by certified mail, return receipt requested, it was inadvertently mailed, not to Debra Alsberge's present address, but to a prior address that was listed in the file. Finkelstein & Partners therefore does not object to the Court reopening the motion and allowing Debra Alsberge to submit opposition to the motion. Finkelstein & Partners respectfully requests that the firm be granted leave to thereafter file a reply, under seal and *in camera* for the Court's review. Finkelstein & Partners requests that the reply be filed under seal and for *in camera* review because it is anticipated that the reply

will contain communications and information that is subject to the attorney-client privilege,[1]

mental impressions and work product of attorneys, and is subject to the work product doctrine.[2]

Dated:  October 17, 2011                             Respectfully submitted,

                                      FINKELSTEIN & PARTNERS, LLP

                                By:     /s/ Andrew G. Finkelstein
                                      Andrew G. Finkelstein, Esquire
                                      1279 Route 300
                                      P.O. Box 1111
                                      Newburgh, NY  12551
                                      Tel:  (845) 562-0203
                                      Fax:  (845) 562-3492
                                      Email:  afinkelstein@lawampm.com

                                      *Former Attorneys for Plaintiff*

---

[1] "The attorney-client privilege protects from the view of third parties all confidential communications between a client and its attorney undertaken for the purpose of obtaining legal advice. See, e.g., *Matter of John Doe Grand Jury,* 408 Mass. 480, 481, 562 N.E.2d 69 (1990), quoting *Hunt v. Blackburn,* 128 U.S. 464, 470, 9 S. Ct. 125, 32 L. Ed. 488 (1888) ("seal of secrecy" on confidential communications between client and counsel); *Foster v. Hall,* 29 Mass. 89, 12 Pick. 89, 93 (1831) ('the general rule [is] that [where] matters [are] communicated by a client to his attorney, in professional confidence, the attorney shall not be at any time afterwards called upon or permitted to disclose in testimony") . . . *Suffolk Const. Co., Inc. v. Division of Capital Asset Management,* 449 Mass. 444, 448-49, 870 N.E.2d 33 (2007). The attorney's confidential advice to the client is also protected. *Upjohn Co. v. United States,* 449 U.S. 383, 390, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981). The attorney's confidential privilege not only protects statements made by the client to the attorney in confidence for the purpose of obtaining legal advice in a particular matter, but also protects such statements made to or shared with necessary agents of the attorney or the client, including experts consulted for the purpose of facilitating the rendition of such advice. See, *Commonwealth v. Senior,* 433 Mass. 453, 457, 744 N.E.2d 614 (1st Cir. 2002); *Cavallaro v. United States,* 284 F.3d 236, 247 (1st Cir. 2002). Routine distribution of non-privileged information to in-house counsel does not render such information privileged. See, *F.C. Cycles, Int'l, Inc. v. Fila Sport, S.P.A.,* 184 F.R.D. 64, 71 (D. Md. 1998). To the extent that documents constitute confidential drafts of operative documents by attorneys, they are privileged."

*Savidge v. Transcanada Power Mktg, Ltd.*, No. 06-2602, 2008 Mass. Super. LEXIS 376, at *2-3 (Mass. Super. Ct. Oct. 31, 2008).

[2] "The work product doctrine is designed to protect written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties . *Hickman v. Taylor,* 329 U.S. 495, 510, 67 S. Ct. 385, 91 L. Ed. 451 (1947); see Mass R. Civ. P. 26(b)(3)." *Savidge*, 2008 Mass. Super. LEXIS 376, at *3.