UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------ x
                                                 :
In re: NEURONTIN MARKETING, SALES                :  MDL Docket No. 1629
       PRACTICES AND PRODUCTS                    :
       LIABILITY LITIGATION                      :  Master File No. 04-10981
------------------------------------------------ x
                                                 :  Judge Patti B. Saris
THIS DOCUMENT RELATES TO:                        :
                                                 :  Magistrate Judge Leo T.
ALL PRODUCT LIABILITY ACTIONS                    :  Sorokin
                                                 :
                                                 :  **ORAL ARGUMENT**
                                                 :  **REQUESTED**
                                                 :
                                                 :
------------------------------------------------ x

### MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO QUASH THE TRIAL PRESERVATION DEPOSITION OF DAVID FRANKLIN AND MODIFY THE COURT'S OCTOBER 8, 2010 ORDER

Pursuant to Federal Rule of Civil Procedure 26(b)(2) and this Court's inherent authority to modify its own orders, Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"), by counsel, respectfully move, on an emergency basis, for this Court to quash the notice by the Plaintiffs' Steering Committee ("Plaintiffs") to take a preservation deposition of David Franklin. This has been designated an emergency motion because immediate relief is requested, considering that the Plaintiffs noticed the deposition of Mr. Franklin for Wednesday October 19, 2011.

### ARGUMENT

More than a year has passed since the Court initially allowed preservation depositions to go forward, and substantial subsequent developments have transformed the dynamics of this litigation. Plaintiffs initially filed their motion to take trial preservation depositions of certain generic experts and Mr. Franklin on June 29, 2010 – a time when more than 500 plaintiffs had personal injury claims pending against Pfizer in this multidistrict litigation. Plaintiffs' purported reason for seeking these preservation depositions at that time was to "conserve time and

resources of all the courts and parties in this litigation." (Pls.' Memo in Support of Mot. [2871], at 2.) Plaintiffs argued that, due to the large number of cases that might go to trial within a relatively short timeframe, considerations of economy favored taking preservation depositions at that time. (*See id.* at 2-3.) Since then, the vast majority of pending cases in the MDL have been dismissed, settled, subject to counsel withdrawal, suspended for discovery purposes, or slated to be dismissed. As such, the same considerations of economy are no longer relevant, and the Plaintiffs' justification for seeking a preservation deposition of Mr. Franklin has been mooted.

At present, the volume of claims pending has been reduced by over 90% compared to the time Plaintiffs filed their motion for preservation and fewer than 50 claims in which plaintiffs are represented remain in the MDL. None of them have been remanded to the trial court or set for trial.[1] Due to the stark reduction in the volume of cases, taking Mr. Franklin's preservation testimony at this point would not promote efficiency. In fact, the only case cited in Plaintiffs' previous motion that allowed preservation depositions over the objection of the other party involved over 18,000 cases. *See In re Diet Drugs Prods. Liab. Litig.*, 385 F.3d 386, 389 (3rd Cir. 2004) (cited in Pls.' Memo in Support of Mot. [2871], at 4). That is obviously a far cry from the volume of cases here.

It is not even clear at this point which, if any, of the remaining claims may be tried, and some of them do not even involve off-label prescriptions much less off-label promotion, which is the only topic Mr. Franklin will testify about. If anything, allowing Mr. Franklin's deposition to go forward at this point would only waste the parties' resources by requiring them to conduct an unnecessary deposition. *See* Fed. R. Evid. 804, advisory committee's note to subdivision (a)(5) ("Depositions are expensive and time-consuming."). Indeed, the preservation depositions of the

---

[1] Of the fewer than 50 remaining cases, about 40 of those are claimants represented by the Law Offices of Newton B. Schwartz. Mr. Schwartz has moved to stay many of his cases, and as recently as last Friday, October 14, indicated that he would not be proceeding with a deposition noticed for today, October 17, but would be dismissing or withdrawing from that case (*Sprinkle*). In addition, Mr. Schwartz has indicated that he continues to evaluate his remaining cases with his clients, and that it would be more efficient to wait until he has completed that evaluation process before assessing whether and, if so, when a preservation deposition of Mr. Franklin would be appropriate.

two generic experts, which have been taken so far, have both demanded a substantial expenditure of the parties' time and resources.[2]

Quite simply, the litigation is not in the same situation that the Court considered more than a year ago at a time when more than 500 plaintiffs represented by several different plaintiffs' firms from across the nation were preparing to have their cases remanded for trial, and Plaintiffs were expressing concerns about overlapping trial schedules and overburdened witnesses. No such concerns apply today. Accordingly, Pfizer requests that the Court modify its order to reflect the current realities of this litigation.

Moreover, given that so few cases are still pending, the potential benefits that could even arguably be derived from a preservation deposition of Mr. Franklin are negligible to nonexistent.[3] In fact, despite their intermittent concerns for efficiency, Plaintiffs already wasted one opportunity to conduct a preservation deposition of Mr. Franklin in 2009. When Pfizer had sought to depose Mr. Franklin then, Plaintiffs argued that it was unnecessary because Mr. Franklin had already "been deposed a gazillion times" and pointed to the fact that he had "already testified for four (4) days in the *qui tam* litigation[.]" (Pl.'s Memo. for Mot. to Quash [2140] at 1-2.) On October 28, 2009, this Court denied Plaintiffs' motion to quash Pfizer's subpoena, allowed that deposition to proceed, and specifically declared that "the results of this deposition shall apply to all of the products liability cases." After that order, Plaintiffs accordingly filed a notice on November 16, 2009 to take preservation testimony from Mr. Franklin concurrently. (*See* Franklin notice [2883-3].) Even though that deposition went forward on December 18, 2009 and attorneys for Plaintiffs were present and far more cases were

---

[2] The preservation deposition of Dr. Michael Trimble on August 4, 2011 lasted for almost 8 hours, and the preservation deposition of Dr. Cheryl Blume on August 18 and 19, 2011 was more than 15 hours, excluding breaks and off-the-record discussions. Of course, the parties also had to dedicate substantial time and work into preparing for these depositions.

[3] Even Mr. Franklin's own attorney has opined that "any further questioning would be repetitive and redundant" and that such a deposition would only yield "duplicative or cumulative testimony." (10/21/09 T. Greene letter [2142-4], at 1-2.)

3

pending then than as compared to today, they declined to conduct a preservation deposition at that point. (*See* Ex. D, Franklin Dep. [2883-4] at 6:16-7:20.) Accordingly, Plaintiffs' conduct – of first opposing Mr. Franklin's deposition and then declining to gather preservation testimony when it went forward anyway – further demonstrates that such testimony would be of only marginal benefit.

In light of the significantly narrowed scope of this litigation, the negligible benefit that could be obtained, and the unnecessary waste of resources that would occur, allowing a preservation deposition of Mr. Franklin to proceed at this point would undermine goals of efficiency in this MDL.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request immediate relief for the Court to modify its Order of October 8, 2010 and quash the deposition notice of David Franklin set to occur on October 19, 2011. Defendants request a hearing with regard to this motion.

Dated: October 17, 2011                    Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
    Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

-and-

ROPES & GRAY LLP

By: /s/ Justin J. Wolosz
    Justin F. Wolosz
    BBO # #643543

Prudential Tower
800 Boylston Street
Boston, MA  02110

4

Tel:  (617) 951-7000
Email:  justin.wolosz@ropesgray.com

*Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 17, 2011.

<u>/s/ Justin J. Wolosz</u>
Justin J. Wolosz