UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------X
In re:  NEURONTIN MARKETING,                : MDL Docket No. 1629
        SALES PRACTICES, AND                :
        PRODUCTS LIABILITY LITIGATION       : Master File No. 04-10981
                                            :
---------------------------------------------------------------X Judge Patti B. Saris
                                            :
THIS DOCUMENT RELATES TO:                   : Magistrate Judge Leo T. Sorokin
                                            :
PLAINTIFFS' PRODUCTS LIABILITY CASES        :
---------------------------------------------------------------X

## RESPONSE TO DEFENDANTS' EMERGENCY MOTION (#3665) TO QUASH THE TRIAL PRESERVATION DEPOSITION OF Dr. DAVID FRANKLIN AND MODIFY THE COURT'S OCTOBER 8, 2010 ORDER AND REQUEST FOR EXPEDITED DECISION

To the Honorable Court:

The Products Liability Plaintiffs, through the Steering Committee and undersigned counsel, urge the Court to deny the Motion. It is without merit and should be denied for the following reasons:

1. This Court has already denied Defendant's objection to Dr. Franklin's preservation deposition. Defendant made the same arguments at the hearing on the motion to take the preservation deposition, August 17, 2010, that it makes in its memorandum.

2. Defendant has not met its legal burden to establish a right to protective relief under Rule 26 (c).

3. The motion, filed thirty-six hours before the deposition, is solely for delay and to disrupt Plaintiffs' preparation for the deposition. Defendant has not cooperated in scheduling the deposition and pursues this motion knowing that it is disruptive and unduly

burdensome to the plaintiffs and knowing that the witness and his counsel have rearranged their schedules to give the deposition.

Accordingly, the motion should be denied. Plaintiffs' counsel requests expedited resolution by the Court.

1. <u>The Applicable Standard for determining a Motion for Protective Relief / Motion to Quash a Deposition</u>

Defendant has completely failed to meet its burden under Rule 26 to quash a deposition. Fed.R.Civ.Pro. 26 (c ) gives the Court discretion to quash a deposition on a showing that good cause exists that taking the deposition would cause annoyance, embarrassment, oppression, or undue burden or expense. The movant has a heavy burden to establish good cause by demonstrable facts. In *Auto Club Family Insurance v Provosty*, 2007 WL 1248036 (W.D. La. 2007), regarding a motion for expedited hearing on a motion to quash a deposition, the Court wrote:

> The decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir.1995). Rule 26(c) of the Federal Rules of Civil Procedure governs the issuance of protective orders. It provides in pertinent part:
>
>> Upon motion by a party or by the person from whom discovery is sought ... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.... If the motion for a protective order is denied in whole or in part, the court, may, on such terms and conditions as are just, order that any party or other person provide or permit discovery.
>
> Fed.R.Civ.P. 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re: Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir.1998).

A similar description of the standard is reflected in *Belisle v BNSF Railway*, 2009 WL 1559759 D.Kansas (2009):

"Courts do not favor thwarting a deposition ... [and] rarely grant a protective order which totally prohibits a deposition, unless extraordinary circumstances are present."[2] However, Fed.R.Civ.P. 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking the protective order has the burden to show good cause by providing the court "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."

Good cause is an objective standard. See *Glenmede Trust Company v Thompson*, 56 F.3d 476, (3d Cir. 1995). Good cause is established only when the movant proves that proceeding will cause a clearly defined and serious injury.

Accordingly, the Court's discretion to grant a motion for protective relief regarding a deposition is invoked only when the movant proves that proceeding will cause a clearly defined and serious injury that will result in annoyance, embarrassment, oppression, or undue burden or expense.

2. The Movant has not met the applicable standard

Defendants have not proved that taking Dr. Franklin's preservation deposition as scheduled will cause defendants a clearly defined or serious injury of any kind, nor that it would result in annoyance, embarrassment, oppression, or undue burden or expense.

a. Factual background.

On October 8, 2010, after hearing the same arguments that the defense makes in its memorandum to this motion, this Court ordered that Dr. David Franklin's deposition be taken for preservation for trial testimony. Exhibit D. Dr. Franklin is a fact witness to defendant Parke-Davis / Warner-Lambert's criminal misconduct in marketing Neurontin for unapproved purposes and mis-branding Neurontin in violation of 21 U.S.C. §§ 331 (d), 333 (a) (2), 355 (a), and 352 (f) (1). Dr. Franklin is a resident of Massachusetts.

There are approximately 75 pending Neurontin products liability actions against the defendants, none of which is in Massachusetts. Defendant ignores the *pro se* cases, many of which have been remanded and some of which are subject to a trial calendar.

Since the Court ordered that the preservation depositions be taken, Plaintiff has made numerous attempts to schedule the deposition of Dr. Franklin. Defense counsel has not cooperated in scheduling Dr. Franklin's deposition. Defense counsel failed to respond to requests to schedule this deposition made by undersigned counsel on June 14, July 19, August 17 (conferring in person at Dr. Blume's preservation deposition), August 26, and September 6. Exhibit A. As undersigned counsel said on September 6 he would do if defense counsel did not reply or offer dates, plaintiffs scheduled the deposition for October 19, 2011, and had a subpoena served on Dr. Franklin for that date. Plaintiffs counsel issued notice of the deposition to defense counsel, (ECF document number 3639) and provided defense counsel a copy of the exhibits to be used in the deposition.

Dr. Franklin hired Tom Greene to represent him in the deposition. Both Dr. Franklin and Mr. Greene arranged their schedules for the October 19 deposition. In addition, Mr. Greene spoke with defense counsel and confirmed that the deposition would take place on October 19 and would begin at 9:00 or 9:30, the time requested by defense counsel. Exhibit B.

Then, a few days before the deposition, defense counsel left a voice mail for plaintiff's counsel stating a wish to cancel the deposition as 'premature' and filed the subject motion thirty-six hours before the deposition, knowing it would be disruptive.

    b.  <u>Legal and procedural background</u>.

The prevailing authority is that in an MDL the transferee court (this court) in multi-district litigation should not subject witnesses whose testimony applies to all the cases to multiple

depositions in transferor courts upon remand, nor order that their deposition not be taken until individual cases are returned to originating courts. See, e.g., *In Re Burlington Northern, Inc.*, 679 F. 2d 762 (8th Cir. 1982).

The Court has already heard defendant's objection to Dr. Franklin's preservation deposition as 'premature' and denied it. See transcript of argument, Exhibit C (excerpt, page 24-25.) and Order, October 8, 2010, Exhibit D. Given that Dr. Franklin's personal knowledge dates to approximately 15 years ago, it is not premature. Indeed, the purpose of a preservation deposition is to preserve testimony so that it can be used in the event of the unavailability of the witness for any reason. Exhibit C, page 14, 16. It is hard to imagine a better case for getting the testimony preserved before a witness loses memory or dies or is simply unable or unwilling to travel great distances from home to testify.

Counsel has found no authority that a party is entitled to Rule 26 (c) protective relief from a non-party deposition on the premise that it might settle some of the cases to which the deposition would apply. Indeed, the authority is to the contrary: the possibility of a hoped-for settlement is not good cause to delay discovery. See *Arnold v. Klause, Inc., et al.*, 232 F.R.D. 58 (W.D. N.Y. 2004).

It is clear that many of the cases in which Dr. Franklin's testimony would be called for have *not* settled after mediation. Many of them, including many pro se cases, have been remanded to transferor courts for trial and are, therefore, subject to trial dates in those courts. (Undersigned counsel is advised that one such case, *Teater v Pfizer*, et al, is proceeding with counsel in the federal district court in Oregon). Moreover, many local courts have expedited trial rules ("rocket dockets") that do not afford the litigants who still are in the MDL any comfort that deposing Dr. Franklin in the future is a safe alternative to deposing him now, before remand.

Defendant artfully urges that many cases have been settled and dismissed but ignores that virtually all of them are associated with the Finkelstein firm, not with the remaining plaintiffs' counsel around the country or the pro se plaintiffs. As to 'the Schwartz cases' mentioned in the memorandum, Plaintiffs respectfully suggest that in light of the history of difficulty in this court in getting those cases to complete core discovery, the contention that the remaining plaintiffs should not be entitled to preserve Dr. Franklin's testimony for trial because Mr. Schwartz might settle some of those cases someday is, frankly, disingenuous and false. In plain language, there are many cases unsettled and the likelihood of resolution of them is speculative, not emergent. For some of these cases, there are no pending settlement discussions and moving forward in the litigation is essential. To contend that the issue of deposing Dr. Franklin is 'moot' is a misrepresentation to the Court.

As to the length of Dr. Blume's deposition, Defendant fails to mention that twelve of the fifteen hours were taken by defense counsel and that much time was consumed by defense counsel's questioning the witness about the contents of documents it did not bring to the deposition.

3. Request for Expedited Decision

There is no emergency apart from Defendants delaying until thirty-six hours before the deposition to file the motion. That practice is never a basis for relief. See *Save On Energy Systems, Inc., v Energy Automation Systems, Inc.*, 2009 WL 2973000 (M.D. Tennessee, 2009). There must be some genuine emergency, not a forlorn claim that there may be some cases that will be resolved in the future.

As indicated, Plaintiffs counsel has attempted since last Spring to schedule Dr. Franklin's deposition, only to be met with Defendants' Emergency Motion to Quash the Trial Preservation

Deposition of David Franklin one and one-half days before it will be taken. Undersigned counsel advised defense counsel that Dr. Franklin has changed his schedule to be present, that Mr. Greene has arranged his schedule to be present, and that plaintiffs' counsel has substantially more difficult travel issues than does defense counsel.

As to whether and when to conduct argument, Plaintiffs' counsel has arranged to fly from Texas to Boston on Tuesday, October 18, 2011 for the deposition. The very filing of this motion at the eleventh hour is disruptive to both preparation and logistical planning, a fact made known in advance to defense counsel. Given the lack of cooperation in scheduling and given that the ostensible reasons for quashing the deposition could have been raised or resolved at any time since last Spring, that which defense counsel seeks for convenience is actually undue annoyance, harassment, and expense as to Dr. Franklin, Mr. Greene, and Plaintiffs counsel.

Wherefore, Premises Considered, Plaintiffs, through the Plaintiffs Products Liability Steering Committee and undersigned counsel, pray the Court deny the Motion for Protective Relief and award to them such relief as may be appropriate in respect to such Motion.

Dated: October 17, 2011        Respectfully submitted,

*Members of Products Liability
Plaintiffs' Steering Committee*

By:_____/s/ Andrew G. Finkelstein_____
    Andrew G. Finkelstein, Esquire
    Finkelstein & Partners, LLP
    1279 Route 300, P. O. Box 1111
    Newburgh, NY 12551

By:_____
    Jack W. London
    Law Offices of Jack W. London
      & Associates
    3701 Bee Cave Rd., Suite 200
    Austin, TX 78746
    512-478-5858 (telephone)
    512-479-5934 (facsimile)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that pursuant to Case Management Order No. 3, on this 17th day of October, 2011 I caused to be served a true and correct copy of the foregoing Response to Defendants' Emergency Motion to Quash the Trial Preservation Deposition of David Franklin and Modify the Court's October 8, 2010 Order and Request for Expedited Decision:

Mark Cheffo
Skadden Arps Slate Meagher & Flom
Four Times Square
New York, NY 10036

By: /s/ Andrew G. Finkelstein
Andrew G. Finkelstein, Esquire

By: _____
Jack W. London