UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:  NEURONTIN MARKETING, SALES           : MDL Docket No. 1629
         PRACTICES AND PRODUCTS              :
         LIABILITY LITIGATION                : Master File No. 04-10981
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:  Judge Patti B. Saris
THIS DOCUMENT RELATES TO:                    :
                                             :  Magistrate Judge Leo T.
*Blue Cross & Blue Shield of Alabama, et al.* :  Sorokin
*v. Pfizer Inc, et al.*, 1:06-cv-12295-PBS   :
                                             :
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT PFIZER INC'S SUPPLEMENTAL MEMORANDUM
OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Pursuant to the Court's Order dated September 28, 2011 [3643], Defendants Pfizer Inc, Warner-Lambert Company LLC, Warner Lambert Company, and Parke-Davis (collectively, "Pfizer") respectfully submit this supplemental memorandum in further opposition to Plaintiffs' motion to remand this action to state court. In this action, Plaintiffs, two Alabama third-party payors, assert claims against Pfizer and a single Alabama physician, Dr. David Longmire. Plaintiffs allege that Dr. Longmire is liable for three statements about Neurontin that he allegedly made at physician conferences in Massachusetts and Florida in 1996 and 1997. For the reasons set forth below and in Pfizer's previous briefing and submissions,[1] Plaintiffs' Complaint does not raise a viable claim against Dr. Longmire, and their motion to remand must therefore be denied.

**STANDARD FOR FRAUDULENT JOINDER**

In evaluating a removal based on a theory of fraudulent joinder, "the primary concern is whether plaintiffs' claim [against the non-diverse defendant] was brought in good faith." *In re Neurontin Mktg., Sales Practices & Prods. Liab. Litig.*, No. 04-10981-PBS, 2006 WL 6553001,

---

[1] *See* Def. Opp. to Pl. M. to Remand, No. 2:06-cv-00524, Dkt. 11 (M.D. Ala. July 24, 2006) ("Pfizer Opp."); Def. Supp. Mem. of Law in Opp. to Pl. M. to Remand and in Resp. to Pl. Supp. Mem. in Support of M. to Remand [720] (Apr. 9, 2007).

at *2-3 (D. Mass. Dec. 22, 2006). "'[A] finding of fraudulent joinder bears an implicit finding that the plaintiff has *failed to state a cause of action* against the fraudulently joined defendant.'" *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 4-5 (D. Mass. 2001) (Saris, J.) (quoting *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983)). A removing defendant may thus establish fraudulent joinder by proffering clear and convincing evidence "that there is no possibility, based on the pleadings, that the Plaintiff can state a cause of action against the non-diverse defendant in state court." *In re Neurontin*, 2006 WL 6553001, at *2. Critically, the propriety of removal must be determined "'according to the plaintiff's pleading at the time of the petition for removal,'" *Mills*, 178 F. Supp. 2d at 4 (citation omitted), though the Court may look beyond the Complaint to affidavits and other submissions of the parties in evaluating whether the complaint states a claim against the non-diverse defendant. *See Antony v. Duty Free Americas, Inc.*, 705 F. Supp. 2d 112, 115 (D. Mass. 2010) (Gorton, J.).[2]

## ARGUMENT

### I. Plaintiffs Have Not Adequately Alleged And Cannot Prove Causation For Any Of Their Claims Against Dr. Longmire

Based on the allegations of the Complaint, Plaintiffs have not stated and cannot state a cause of action against Dr. Longmire because they fail to allege facts that, if true, would establish that his alleged conduct proximately caused their claimed injuries. (*See* Pfizer Opp. at 9.) Plaintiffs' Complaint contains only *pro forma* allegations that plead causation for each of their claims, such as that "Defendants' misrepresentations and omissions of material fact directly and proximately caused Plaintiffs' damages." (Compl. ¶ 189; *see also id.* ¶¶ 175, 194, 201, 204.) For purpose of determining whether Plaintiffs have stated a claim against Dr. Longmire, the Court should consider only the "'well-pleaded [factual] allegations'" of the Complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 578 n.5 (2007) (citation omitted).[3]  "[F]ormulaic

---

[2] In addition, for the reasons stated in Pfizer's prior briefing, Dr. Longmire should have been re-aligned for purpose of determining diversity, based on the relationships of the parties as they existed when the case was removed. Pfizer incorporates by reference its prior arguments. (Pfizer Opp. at 21-22.)

[3] *See also Kemp v. CTL Distrib., Inc.*, No. 10-31132, 2011 WL 3425592, at *7 (5th Cir. Aug. 5,

2

recitation[s] of the elements of a cause of action," are insufficient, *id.* at 555, especially where, as here, they are pled in an undifferentiated manner as to all "Defendants." Plaintiffs' few factual allegations make clear "that there is no possibility . . . that the Plaintiff[s] can state a cause of action against [Dr. Longmire] in state court." *In re Neurontin*, 2006 WL 6553001, at *2.

The only representations by Dr. Longmire that Plaintiffs identify in their Complaint were allegedly made at physician conferences in Florida and Massachusetts in 1996 and 1997. (Compl. ¶¶ 133-34.) Aside from the fact that the alleged representations are neither false nor misleading and are protected by the First Amendment, they provide no possible basis for a causal connection to any harm suffered by Plaintiffs. The Complaint contains no allegations explaining how these three representations made to groups of physicians in Florida and Massachusetts a decade prior to Plaintiffs' suit caused Plaintiffs to pay for Neurontin prescriptions in Alabama for which they would not have otherwise paid. *See Hunt Petroleum Corp. v. Alabama*, 901 So. 2d 1, 4 (Ala. 2004) (no causation on fraud-based claims unless plaintiff would have acted differently and avoided loss but for defendant's representations).

The Complaint does not allege that Plaintiffs or their agents even heard these representations, much less relied upon them, a fatal flaw in a fraud claim. *See Ames v. Pardue*, 389 So. 2d 927, 931 (Ala. 1980) (no fraud where plaintiff did not rely on defendant's representations). In fact, the evidence is to the contrary, as Dr. Longmire has specifically averred, without dispute, that he has never made any representations about Neurontin to Plaintiffs or their agents. (Longmire Aff. ¶¶ 13-14, [06-524, No. 11-2].) The Complaint likewise fails under any limited theory of third-party reliance, as it does not identify anyone who heard these representations, nor does it allege that any such persons relied on the representations, nor that Plaintiffs relied on those representations in turn. *See Delta Health Group, Inc. v. Stafford*, 887 So. 2d 887, 899 (Ala. 2004) (third-party misrepresentation still requires reliance by

---

2011) (denying motion to remand and applying the standards of *Iqbal* to test the sufficiency of allegations against a fraudulently joined defendant).

plaintiff).  In light of this total lack of factual allegations of causation, it is not possible for Plaintiffs' Complaint to state a cause of action against Dr. Longmire.[4]

This Court has previously found fraudulent joinder in this litigation in a similar attempt to join a non-diverse defendant.  *See Johnson v. Pfizer, Inc.* (In re Neurontin Mktg. & Sales Practices Litig.), No. 06-10309, 2006 WL 6552976 (D. Mass. Oct. 16, 2006) (Sorokin, J.) (report adopted without objection in electronic order of November 1, 2006).  In *Johnson*, a wrongful death action, this Court denied the plaintiffs' motion to remand, holding that plaintiffs could not prove the possibility of a cause of action against a non-diverse Pfizer sales representative, Smith:

> No allegation connects Smith's actions – negligently marketing of Neurontin and/or knowingly marketing Neurontin for unapproved uses – to Johnson's death.  There is no allegation that Smith marketed Neurontin for unapproved uses to Johnson's physician or made negligent or knowing misrepresentations to Johnson's physician (or to Johnson, for that matter).  There are not even any allegations contending that Smith had *any* connection to Johnson, to Johnson's physician, or to anyone connected to Johnson or Johnson's physician.  The Petition does allege that Smith was the "legal cause" of Johnson's death.  Without further allegations, however, based upon the pleadings in this petition, that is insufficient to state a cause of action.  Plaintiffs cannot establish the possibility of a cause of action against Smith.
>
> . . . In short, ***the mere fact that Smith was a Pfizer drug representative for Neurontin in Louisiana*** is insufficient to state a claim against her . . . .

*Id.* at *2 (emphasis added) (citation omitted).  Here, as in *Johnson*, there are only conclusory assertions of causation, but no allegations providing any connection between Dr. Longmire's alleged wrongful actions in Florida and Massachusetts and Plaintiffs' alleged payments for excess Neurontin prescriptions in Alabama.  Moreover, Dr. Longmire's uncontested affidavit directly rebuts any potential causal nexus between these actions and Plaintiffs' injury.  *See id.* at *2 (finding that "the unrebutted affidavit [of the sales representative] carries weight" in

---

[4] Plaintiffs attempt to bridge the causation gap by speculating that Dr. Longmire may have written prescriptions paid by Plaintiffs.  (Pl. Reply Br. [06-524, No. 13] at 21-24.)  As explained in Dr. Longmire's Supplement to Motion to Dismiss, such claims are barred by the four-year statute of repose in Alabama's Medical Liability Act.  ([06-524, No. 14] at 1-2.)

4

establishing fraudulent joinder). Plaintiffs' claim against Dr. Longmire was thus brought in bad faith and removal is proper.[5]

## II. Plaintiffs' Claims Against Dr. Longmire Fail As A Matter Of Law As Time-Barred

Plaintiffs filed this action in 2006, but the only alleged wrongful conduct by Dr. Longmire occurred in 1996 and 1997. (Compl. ¶¶ 133-34.) Each of Plaintiffs' claims against Dr. Longmire is thus barred as a matter of law by the statutes of limitation and for other reasons:

- **Negligence and Wanton Conduct:** These claims must be asserted within two years of the alleged wrong and are therefore barred as a matter of law. Ala. Code § 6-2-38(*l*) (2005 & Supp. 2011); *Booker v. United Am. Ins. Co.*, 700 So. 2d 1333, 1339 (Ala. 1997).

- **Alabama Deceptive Trade Practices Act (ADTPA):** These claims are barred because "in no event may any action be brought under [the ADTPA] more than four years from the date of the transaction giving rise to the cause of action." Ala. Code § 8-19-14 (2002).[6]

- **Fraud and Deceit:** Any fraud claim filed more than two years after the alleged fraud occurred requires a Plaintiff to plead facts showing what prevented discovery of the fraud. *See Smith v. Nat'l Sec. Ins. Co.*, 860 So. 2d 343, 347 (Ala. 2003). Yet Plaintiffs' Complaint does not explain how, if they were injured by Dr. Longmire's public speech at physicians' conferences ten years before they filed suit, they failed to

---

[5] Plaintiffs cryptically refer to the "common defense" rule in their supplemental memorandum. ([3661] at 4 n.5.) However, this doctrine has no applicability here. The common defense rule bars removal on grounds of fraudulent joinder only "if the showing of no possibility of recovery against the local defendant applies equally to all defendants." *McDonal v. Abbott Labs.*, 408 F.3d 177, 184 (5th Cir. 2005). The "central principle [of the common defense rule] is implicated only when the common defense asserted would be equally dispositive as to all of the defendants." *Id.* Here, Plaintiffs allege causal mechanisms as to Pfizer that are independent of Dr. Longmire. While Pfizer submits that Plaintiffs' allegations as to it are also insufficient, that is a separate question to be resolved by this Court at the appropriate time. This Court is not required to determine the merits of Plaintiffs' claims against Pfizer to decide that Dr. Longmire is fraudulently joined. For similar reasons, the common defense rule does not apply to Pfizer's arguments concerning the statute of limitations, discussed in section II, *infra*. The mere fact that both Dr. Longmire and Pfizer assert defenses based on the statute of limitations does not require application of the common defense rule where the factual allegations against the defendants are significantly different.

[6] In addition, Plaintiffs plainly lack standing to assert ADTPA claims because, as third-party payors, they are not "consumers" who "buy[] goods or services for personal, family, or household use." Ala. Code § 8-19-3(2) (2002); *Meeks v. Xtreme Cycle Supply*, No. 2:05CV223, 2006 WL 780580, at *2 (M.D. Ala. Mar. 27, 2006).

discover the fraud in that time.  Nor have Plaintiffs alleged an actionable duty to disclose for their omission-based claims.  *See McGowan v. Chrysler Corp.*, 631 So. 2d 842, 847-48 (Ala. 1993).

- **Civil Conspiracy:** Because civil conspiracy is not itself an actionable tort but requires a valid underlying cause of action, Plaintiffs civil conspiracy claims fail along with their other claims.  *See Prill v. Marrone*, 23 So. 3d 1, 11 (Ala. 2009).

Accordingly, for these additional reasons, there is no possibility that Plaintiffs' Complaint can state a claim against Dr. Longmire, and Plaintiffs' motion to remand must be denied.

### III.    Plaintiffs' New Submission Cannot Save Their Claims Against Dr. Longmire

Plaintiffs now attempt to use discovery materials they have acquired in this multi-district litigation to argue that this case should never have been in the federal forum in the first place. Initially, although additional materials may be considered on a motion to remand, such materials cannot be considered to supplement the allegations of Plaintiffs' Complaint, for the propriety of removal must be determined "according to the plaintiff's pleading at the time of the petition for removal."  *Mills*, 178 F. Supp. 2d at 4 (quotation omitted); *In re Neurontin*, 2006 WL 6553001, at *2.  Indeed, the fundamental question is whether Dr. Longmire was fraudulently joined to Plaintiffs' Complaint as filed in 2006, and thus any additional materials are relevant only to the extent they show whether Plaintiffs' Complaint *as filed* could state a claim for relief against Dr. Longmire.  Plaintiffs cannot use materials acquired in this litigation over the last five years to attempt to state a claim against Dr. Longmire and defeat federal jurisdiction.

Moreover, even if the Court considered Plaintiffs' new submission, it would be insufficient to state a claim against Dr. Longmire.  Plaintiffs' new submission consists only of a chart that reflects certain payments to Dr. Longmire for various activities, including studies, presentations, and teleconferences in various locations, including Alabama.  ([3661-1] at 362-65.)  This chart does not set forth any statements made or positions taken by Dr. Longmire, let alone, as Plaintiffs boldly claim, indicate that Dr. Longmire "was presumably marketing off-label uses of Neurontin to Alabama physicians."  ([3661] at 3.)  Like the sales representative in *Johnson*, the mere fact that Dr. Longmire was a paid speaker for Neurontin in Alabama – which is all this chart shows – is insufficient to state a claim against him.  *See Johnson*, 2006 WL

6

6552976, at *2.  And even if this chart did suggest actionable misrepresentations by Dr. Longmire, Plaintiffs would be no better off, for they still have not produced any evidence that any action by Dr. Longmire is causally related to any loss they allegedly sustained.  Plaintiffs' new materials thus fail to show the possibility that their Complaint states a claim against Dr. Longmire.[7]

## CONCLUSION

For the foregoing reasons and for those set forth in Pfizer's prior briefing, this Court should deny Plaintiffs' motion to remand.

Dated: October 17, 2011

Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
    Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

ROPES & GRAY LLP

By: /s/ Justin J. Wolosz
    Justin J. Wolosz
    BBO # #643543

Prudential Tower
800 Boylston Street
Boston, MA  02110
Tel:  (617) 951-7000
Email:  justin.wolosz@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

---

[7] Likewise, Plaintiffs' citation of materials in another Alabama third-party payor action involving Neurontin indicates only that Dr. Longmire participated in discovery in that case before being dismissed with prejudice.  Critically, these materials do not establish any legal basis for a claim against Dr. Longmire.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 17, 2011.

/s/ Justin J. Wolosz
Justin J. Wolosz