UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------ x
                                                 :
In re:  NEURONTIN MARKETING, SALES               :  MDL Docket No. 1629
        PRACTICES AND PRODUCTS                   :
        LIABILITY LITIGATION                     :  Master File No. 04-10981
                                                 :
------------------------------------------------ x
                                                 :  Judge Patti B. Saris
THIS DOCUMENT RELATES TO:                        :
                                                 :  Magistrate Judge Leo T.
ALL PRODUCT LIABILITY ACTIONS                    :  Sorokin
                                                 :
                                                 :  **LEAVE GRANTED**
                                                 :  **ON OCTOBER 18,**
                                                 :  **2011**
------------------------------------------------ x

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY
MOTION TO QUASH THE TRIAL PRESERVATION DEPOSITION OF
DAVID FRANKLIN AND MODIFY THE COURT'S OCTOBER 8, 2010 ORDER**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"), by counsel, respectfully submit this brief reply memorandum in support of their emergency motion to quash the notice by the Plaintiffs' Steering Committee ("Plaintiffs") to take a preservation deposition of David Franklin.

Plaintiffs apparently miss the point of Pfizer's motion when they argue that it restates the contentions previously made in opposition to Plaintiffs' motion for preservation deposition over a year ago. Rather, Pfizer bases its motion entirely on significant and material developments that have occurred after the Court ruled on the issue – in particular that *more than 90%* of the cases are no longer active and several more may be resolved without trial. This litigation has evolved and is continuing to evolve, and the Court's discovery orders should be adjusted accordingly. Given the significant reduction in the claims volume, Plaintiffs grounds for seeking preservation depositions in 2010 – including concerns about overlapping trials and overburdened witnesses – are no longer pertinent. Accordingly, Pfizer has requested that the Court reconsider its previous order in light of significant recent developments in the litigation.

It is well-settled that the Court may limit discovery where, as here, "the burden or

expense of the proposed discovery outweighs its likely benefit . . . ." Fed. R. Civ. P. (b)(2)(C)(iii). Plaintiffs' Response does not provide any justification for seeking to depose Mr. Franklin or explanation as to how it would move this litigation forward. Indeed, the potential benefit of deposing Mr. Franklin at this point is basically nonexistent – especially considering that he has already testified numerous times on these same issues. Rather, the proposed deposition would be an unnecessary and wasteful tangent in this evolving mass tort litigation in which the cases have been and continue to be winnowed down. Pfizer's argument is not just that Mr. Franklin's deposition is "premature," as Plaintiffs claim; it is that it may be completely unnecessary and serve no other purposes than to waste the parties' resources given the present state of the litigation. Accordingly, for the sake of efficiency, Mr. Franklin's deposition should not go forward, and the Court's October 8, 2010 order that was issued when more than 500 claims were pending, should be modified to reflect the current status of the litigation.

Plaintiffs argue that some *pro se* cases have been remanded and may be subject to a trial calendar, but (even though they claim that one *pro se* case has been placed on a trial calendar) there is no reason to believe at this juncture that those *pro se* plaintiffs even intend to use Mr. Franklin's "preservation" testimony. In fact, Plaintiffs have not identified a single case set for trial anywhere in which it is expected that Mr. Franklin's testimony will be presented. Plaintiffs' conclusory statement that "[i]t is clear that many of the cases in which Dr. Franklin's testimony would be called for have not settled after mediation" is utterly unsupported. (Pls.' Response [3667], at 5.)

Further, Plaintiffs' objection to the emergency designation of the motion is without merit. A request for immediate relief is necessary here because Plaintiffs' noticed Mr. Franklin's deposition for Wednesday October 19, and, obviously, a ruling on the issue of whether that deposition should occur would be moot after the deposition has taken place. Plaintiffs' argument that the emergency designation was based upon "a forlorn claim that there may be some cases that will be resolved in the future" is inaccurate. (Pls.' Response [3667], at 6.)

Finally, Plaintiffs' contention that Pfizer filed its motion for purposes of delay and

disruption is so outrageous as to not merit a response.  Pfizer's counsel has repeatedly explained to Plaintiffs its objection with regard to these so-called "preservation depositions," and Plaintiffs were indisputably aware of Pfizer's objection when they unilaterally noticed Mr. Franklin's deposition.  Counsel for Pfizer contacted Plaintiffs' counsel last week and reiterated Pfizer's objections to Mr. Franklin's deposition, but Plaintiffs refused to suspend the deposition.  As such, their feigned surprise at this date as to Pfizer's position is disingenuous.

## CONCLUSION

For all the reasons stated herein and in Pfizer's initial memorandum, the Court should grant Pfizer motion to quash the deposition of Mr. Franklin and modify its October 8, 2010 order accordingly.

Dated: October 18, 2011

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
    Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

-and-

ROPES & GRAY LLP

By: /s/ Justin J. Wolosz
    Justin J. Wolosz
    BBO # #643543

Prudential Tower
800 Boylston Street
Boston, MA  02110
Tel:  (617) 951-7000
Email:  justin.wolosz@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 18, 2011.

/s/ Justin J. Wolosz
Justin J. Wolosz