UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------------------------ x
                                                       :    MDL DOCKET NO. 1629
In re: NEURONTIN MARKETING, SALES                      :
PRACTICES AND PRODUCTS                                 :    Master File No. 04-10981
LIABILITY LITIGATION                                   :
                                                       :    Judge Patti B. Saris
                                                       :
                                                       :    Magistrate Judge Leo T. Sorokin
                                                       :
------------------------------------------------------ x
                                                       :
THIS DOCUMENT RELATES TO:                              :
                                                       :    FILED UNDER SEAL
Anderson et al. v. Pfizer Inc., et al.,                :
(David Weatherford) 1:06-cv-11024-PBS                  :
------------------------------------------------------ x
```

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION FOR
SUMMARY JUDGMENT AGAINST PLAINTIFF DAVID WEATHERFORD**

Plaintiff David Weatherford submits this memorandum in support of his response to Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendants' filing of this unnecessary motion for summary judgment had imposed on the Court, and Plaintiff to divert their resources and time to a matter that could ultimately be a moot issue. Plaintiff's counsel had communicated with Defense counsels Ms. Katherine Arthur Lyon, Mr. Mark Cheffo and Ms. Catherine Stevens multiple times via email promising to file a motion to withdraw as counsel on this case pending on receipt of written agreement to dismiss from Plaintiff. These communications began on September 13, 2011, when Plaintiff's counsel initially attempted to resolve Defendants' Motion for Sanctions under the safe harbor rule by proposing an offer in compromise per Fed. R. Evid. 408. (Exhibit 1)

On September 14, 2011, this Court denied Defendants' Motion for Sanction "WITHOUT PREJUDICE to Defendants first filing motion(s) for summary judgment." (9/14/2011 Order [3631].)

On October 4, 2011, Defense counsel Ms. Katherine Arthur Lyon communicated with Plaintiff's' counsel Newton B. Schwartz, Sr. and James Stegall III around 1:51 p.m. regarding Defendants' intent to move for summary judgment including this case. Ms. Lyon also requested for an answer from Plaintiff's counsel by 6 p.m. EST that same day. Ms. Lyon asked if Plaintiff's counsel will agree to dismiss each of the mentioned cases with prejudice, and pay costs and fees. (Exhibit 2) Plaintiff's counsel Newton B. Schwartz, Sr. responded within the hour to express that Plaintiff's counsel agree to withdraw as counsel for David Weatherford's and Janice Lee's cases. Newton B. Schwartz, Sr. further stated that upon receipt of Plaintiff, Weatherford's signed agreement to dismiss, Plaintiff's counsel will file the dismissal with the Court. (Exhibit 3)

Ms. Lyon then sent another email around 2:59 p.m. asking for clarification as to Weatherford and Lee cases, whether Plaintiffs' counsel intend to dismiss or withdraw as counsel. Plaintiffs' counsel, Newton B. Schwartz Sr. responded that Plaintiffs' counsels expect that both Plaintiffs Weatherford and Lee will sign an agreement to dismiss their cases. (Exhibit 4) Defendants filed this Motion for Summary Judgment against Plaintiff on October 5, 2011. Upon receipt of Plaintiffs Weatherford and Lee's signed agreement to dismiss their cases, Plaintiffs' counsel James Stegall III communicated with Defense counsel Mr. Mark Cheffo to inquire about whether Defendants would object to Plaintiff's stipulation of dismissal. Mr. Cheffo responded by inquiring the reason as to why Plaintiff's counsel did not dismiss before Defendants started discovery, or after the depositions, or when Defendants sent the rule 11 motion to Plaintiff's

counsel, or when Defendants filed the motion or before Defendants moved for summary judgment. Plaintiffs' counsel James Stegall III's response was that Plaintiffs' counsel did not have Plaintiffs Weatherford's and Lee's signed agreement to dismiss earlier. (Exhibit 5). Plaintiffs' counsels have not heard from Mr. Cheffo any further. Subsequently, to abide by Plaintiffs' counsels' earlier promise to file for dismissal upon receipt of written agreement from Plaintiffs David Weatherford and Janice Lee, Plaintiffs' counsel filed Motions for Voluntary Dismissal on behalf of Plaintiffs David Weatherford (Document [3673]) and Janice Lee (Document [3672]) on October 18, 2011.

## FACTUAL BACKGROUND

[redacted]

**Summary of relevant facts and testimony.**

   A. **David Weatherford**

[redacted]

█████████████████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████

**ARGUMENT**

████████████████████████████████████████
████████████████████████████
████

█████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

**II.     Plaintiffs Have Reasonable Basis To Argue That A Failure To Warn Caused Their Injury**

Under South Carolina law, proximate cause requires proof of causation in fact and legal cause; typically, a plaintiff may prove causation in fact by establishing that the injury would not have occurred "but for" the defendant's negligence. *Small v. Pioneer Machinery, Inc.,* 494 S.E. 2d 835, 842 (1997). Under South Carolina law, "[p]roximate cause requires proof of (1) causation in fact and (2) legal cause." *Bramlette v. Charter-Medical Columbia,* 393 S.E. 2d 914, 916 (1990). [W]here several causes combine to produce injury, a person is not relieved from liability for negligence because he is responsible for only one of them. It is sufficient that his negligence is an efficient cause without which the injury would not have resulted to as great an extent and that any other efficient cause is not attributable to the person injured… Consequently, if a person's negligence is a proximate cause of an injury to another, the fact that the negligence of a third party concurred with his own negligence to produce the harm does not relieve him of liability…In such cases, both tortfeasors are in breach of duty of care owed to the plaintiff and, because of the negligence of both concurred to produce the injury, both are liable to the full extent of the plaintiff's damages. *South Carolina Ins. Co. v. James C. Green and Co.,* 348 S.E.2d 617, 620 (1986). Defendants owed Plaintiff a duty of care. It is also foreseeable to a drug manufacturer that the treating physician and their patients rely on information provided by the drug manufacturer about the medication. Defendants have not disclosed the warning about increased risk of suicidal thoughts or action associated with Neurontin until 2009. It is foreseeable to the

Defendants that the doctors and their patients have to rely on the drug manufacturer to disclose information about adverse effects of the drug which the Defendants failed to do so. Defendants breached their duty by not disclosing information on adverse effects of the drug. Defendants proximately caused Plaintiff's his injuries. Defendants' analysis and argument citing *Whalen v. Pfizer, Inc.* 2005 WL 2875291, at *3 (Sup. Ct.) is flawed. In *Whalen,* the Court ruled that there is no need to show reliance on the misrepresentation but the plaintiff must still show actual harm. The plaintiff in *Whalen* has not shown the actual harm. Unlike the plaintiffs in *Whalen,* David Weatherford in this motion has shown actual harm. In *Dupler v. Costco Wholesale Corp.,* 249 F.R.D.29, (E.D.N.Y. 2008), the Court held that "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state are herby declared unlawful." To state a claim under N.Y.Gen. Bus. Law §349, a Plaintiff must allege (1) the act or practice was consumer oriented, (2) the act or practice was misleading in a material respect, and (3) the plaintiff was injured as a result. *Maurizio v. Goldsmith,* 230 F.3d 518, 521 (2d Cir. 2000). The Court opined that "[t]he Court of Appeals has been clear that a plaintiff need not show that s/he relied on misrepresentations in order to have a claim under GBL§349[1]. Contrary to *Whalen,* ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Once patient establishes that inadequate warning has been given by the drug manufacturer to patient, presumption arises that the inadequacy was proximate cause of pharmaceutical item in question having been prescribed or continued. *Hoffman-Rattet et.al. v.*

---

[1] New York General Business Law §349 is New York's Deceptive Trade Practices

*Ortho Pharmaceutical Corp. et.al,* 516 N.Y.S.2d 856, 861. Defendants attempted to dismiss Plaintiff's claims prematurely before they even proved that they have discharged their duty to adequately inform Plaintiff's physicians of the risks ▮▮▮▮▮▮▮▮▮▮. The Court in *Hoffman-Rattet et.al. v. Ortho Pharmaceutical Corp. et.al,* held that the manufacturer has the burden of proving by means of a physician's affirmative statements that, even if adequately warned, the treatment provided would have been virtually identical to that actually rendered. *Id*. at 858. ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮. Defendants (Pfizer) then have to prove that the warnings were adequate, timely, have attention inviting qualities and establish the urgency of the warning. Defendants (Pfizer) have neither proved that the warnings were adequate, nor have they provided any information regarding the timeliness, attention inviting qualities and urgency of the warning.

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ The Court opined that "[A]n adequate warning is one reasonable under the circumstances." in *Sterling Drug Inc. v. Yarrow,* 408 F.2d 978, 992, 993 (9th Cir. 1969). "Warnings may be inadequate if they "could have been reasonably found to be lacking in emphasis, timeliness and attention inviting qualities…[or where they are] reluctant and lacking in a sense of urgency." *Id.* at 994. Viable claims exist and are proven in David Weatherford's case. Therefore, the Court should deny Defendants' Motion for Summary Judgment as it is inappropriate under Rule 56 and this Court's inherent authority. In addition,

this Court shall also consider Defendants' Motion for Summary Judgment as moot as Plaintiff has filed a Motion for Voluntary Dismissal on October 18, 2011

      WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that this Court deny Defendants' Motion for Summary Judgment on any and all grounds for the foregoing reasons, and for all such other and further relief as may be just and proper.

Dated:  October 19, 2011

                                  Respectfully submitted,
                                  The Law Office of Newton B. Schwartz, Sr.

                                  By: /s/ Newton B. Schwartz, Sr.
                                       Newton B. Schwartz, Sr.
                                  By: /s/ Mabel Lee-Lo
                                       Mabel Lee-Lo
                                  1911 Southwest Freeway
                                  Houston, TX 77098
                                  Tel:  713-630-0708
                                  nbs@nbslawyers.com

                                  Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 19, 2011.

                                  /s/ Mabel Lee-Lo
                                  Mabel Lee-Lo