# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:   NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

*Anderson, et al. v. Pfizer, Inc., et al.*, No. 06-11024-PBS.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

**PROPOSED DOCUMENT**

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF JANICE LEE

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this reply memorandum in further support of their motion for summary judgment against Plaintiff Janice Lee, who is represented by the Law Offices of Newton B. Schwartz ("the Schwartz firm").

Plaintiff's claim that Pfizer's motion for summary judgment is "moot" simply because she has now offered to voluntarily dismiss her claims under Federal Rule of Civil Procedure 41(a)(2)[1] – *without costs and fees* – is baseless. While Plaintiff now accuses Pfizer of "divert[ing] . . . resources and time" by declining to withdraw its motion for summary judgment

---

[1] As set forth in a separate memorandum, Pfizer does not oppose Plaintiff's motion for voluntarily dismissal, [3672], so long as it is with prejudice, and subject to the reservation of Pfizer's rights to seek costs and fees as appropriate.  It is particularly important that the Court *not* allow dismissal of Plaintiff's claims without imposing costs and fees.  Throughout this litigation, the Schwartz firm has demonstrated its unwillingness to dismiss frivolous claims until Pfizer goes to the expense of filing summary judgment or sanctions motions.  In fact, the Schwartz firm currently has many other cases, like this one, in which plaintiffs' claims are equally specious.  The Schwartz firm should not be allowed to force Pfizer to spend tens of thousands of dollars to defend each of these frivolous claims, while it neglects to realistically evaluate its cases.  Accordingly, Pfizer respectfully asks the Court to make it clear, by awarding Pfizer its costs and fees, that the Schwartz firm and its clients will be held accountable for failing to expeditiously dismiss claims that have no merit.

(Pl.'s Opp. to S.J. [3675], at 1), Pfizer has repeatedly requested that her counsel either move to stay discovery or that she dismiss her claims *before* the parties were forced to incur unnecessary costs and fees. Yet Plaintiff and her counsel repeatedly refused to do so.

At the April 26, 2011 status conference, this Court ordered the Schwartz firm to provide a "list of names [that] it would make sense to not proceed with . . . ." (4/26/11 Hearing Tr. [3582-1] at 44:17-24.) The Court explicitly cautioned the Schwartz firm that all of its other cases would be "subject to discovery and deposition, *every single one*." (*Id.* at 53:10-12 (emphasis added).) Despite the Court's order, the Schwartz firm failed to stay discovery in Ms. Lee's case. Due to the Schwartz firm's apparent insistence that discovery in this case go forward, Pfizer noticed Ms. Lee's deposition, which took place on June 29, 2011.

Because Ms. Lee's testimony at her deposition clearly established that her claims were barred by South Carolina's statute of limitations, on July 19, 2011, Pfizer served Plaintiff with a sanctions motion and informed Plaintiff's counsel that it would file that motion with the Court if Plaintiff would not agree to dismiss her claims and reimburse Pfizer's costs and fees. Plaintiff declined to dismiss her claims or reimburse costs and fees, and therefore Pfizer filed the sanctions motion on August 16, 2011. [3580]. On September 13, 2011, the Schwartz firm offered to withdraw as counsel from Ms. Lee's case if Pfizer agreed to withdraw its motion for sanctions. (*See* 9/13/11 N. Schwartz email; 9/14/11 N. Schwartz email [3680-1].) The Court ultimately denied Pfizer's sanctions motion on September 14, 2011 "WITHOUT PREJUDICE to Defendants first filing motion(s) for summary judgment" [3631]. Before filing its motion for summary judgment, Pfizer again conferred with Plaintiff's counsel and offered to refrain from filing the motion for summary judgment if Plaintiff would agree to dismiss her case *and* reimburse Pfizer's fees and costs. (*See* 10/4/11 K. Lyon email [3680-2].) The Schwartz firm responded that it would agree to dismiss Plaintiff's claims, but would "not agree to pay costs and fees." (10/4/11 N. Schwartz email [3680-3].) Because Plaintiff still refused reimbursement for the costs and fees that were incurred, Pfizer filed its motion for summary judgment on October 5, 2011.

On October 18, 2011, Plaintiff filed a motion for voluntary dismissal. Simply allowing voluntary dismissal at this point without an award of costs and fees, however, is unacceptable. Pfizer repeatedly requested that Plaintiff dismiss her claims – or that her counsel stay discovery – before Pfizer committed substantial resources to discovery, incurred substantial costs associated with deposing Plaintiff, and drafted a motion for summary judgment and for sanctions. Plaintiff's only explanation as to why she did not dismiss her claims "before Defendants started discovery, or after the depositions, or when Defendants sent the rule 11 motion to Plaintiff's counsel, or when Defendant filed the motion or before Defendants moved for summary judgment," was that "Plaintiff's counsel did not have Plaintiff[] . . . Lee's signed agreement to dismiss earlier." (Pl.'s Opp. to S.J. [3675], at 2-3.) That is not a legitimate excuse. Plaintiff's counsel substantially delayed in obtaining Ms. Lee's written agreement to voluntarily dismiss the case – until nearly four months after her deposition – which resulted in further waste of the parties' resources. In addition, this motion for summary judgment and the costs incurred in discovery of this case could have been avoided if the Schwartz firm had simply sought a stay of discovery to determine the merits of this case after the April 26, 2011 status conference or, at least, before Plaintiff's deposition went forward. The Schwartz firm's attempt to shift the blame to Pfizer for attempting to move this case toward resolution is absurd. Accordingly, Plaintiff has not provided any legitimate excuse as to why she should not be ordered to reimburse Pfizer for the unnecessary costs and fees that it incurred in defending against claims that lack any factual or legal basis.

Indeed, the meritless arguments in Plaintiff's opposition memorandum merely underscore why summary judgment is appropriate in this case – and why Pfizer is entitled to its reasonable costs and fees. Plaintiff does not dispute any of the following: (1) she actually believed that Neurontin was the cause of her alleged injury as of early 2001; (2) the statute of limitations applicable to this case is three years; and (3) she did not file her claim until April 27, 2006, which was more that five years after she initially formed the belief that Neurontin caused her injury. Thus, in the absence of some basis to toll the statute of limitations, it is undisputed that

3

her claims are time-barred. *See Bratton v. CSX Transp., Inc.*, 586 F. Supp. 2d 12, 16 (D. Mass. 2008) (explaining that summary judgment for a defendant is appropriate where a plaintiff cannot "'designate specific facts showing [that] there is a [genuine] issue for trial'") (citation omitted).

In her opposition memorandum, Plaintiff makes the unsupported assertion that equitable estoppel should apply (*see* Pl.'s Opp. to S.J. [3675], at 6-8), but that vague argument constitutes nothing more than "unsupported allegations, unreasonable inferences, and conclusory speculation," which is insufficient to defeat summary judgment. *Hann v. Micron Separations, Inc.*, 107 F.3d 1, 1997 WL 56859, at *1 (1st Cir. 1997) (per curiam) (unpublished table decision).

Plaintiff has not established equitable estoppel under South Carolina law, which requires proof that a defendant somehow "induced [plaintiff's] failure to comply with the statute of limitations." *Wiggins v. Edwards*, 442 S.E.2d 169, 171 (S.C. 1994). "An inducement for delay may consist of either an express representation that the claim will be settled without litigation or other conduct that suggests a lawsuit is not necessary." *Hedgepath v. Am. Telephone & Telegraph Co.*, 599 S.E.2d 327, 338 (S.C. Ct. App. 2001). Pfizer did neither in this case, and Plaintiff has pointed to nothing in the record to support such a claim. Equitable estoppel cannot be established where, as here, a plaintiff presents "no evidence of conduct on the defendant's part warranting estoppel." *Black v. Lexington Sch. Dist. No. 2*, 488 S.E.2d 327, 330 (S.C. 1997). A plaintiff must present some evidence "that the defendant made . . . misrepresentations or misled the plaintiff or her counsel." *Id.* at 331 (quoting *Gadsden v. Southern R.R.*, 206 S.E.2d 882, 883 (S.C. 1974)).

In this case, Pfizer clearly did not prevent Plaintiff from filing a lawsuit or "lull[] [her] into 'a false sense of security.'" *Hedgepath*, 599 S.E.2d at 339 (citations omitted); *see also* 51 Am. Jur. 2d, Limitations of Actions, § 149, p 721 ("[T]he party seeking to toll the statute of limitations must explain why due diligence did not lead or could not have led to the discovery of the facts and the cause of action."). Plaintiff does not point to any conduct on the part of Pfizer that allegedly induced her not to act on her admitted belief that Neurontin caused her injury.

4

Indeed, there is none.  Instead, Plaintiff argues that, even though she in fact believed that Neurontin caused her injury in 2001, she lacked "[medical] knowledge" of causation.[2] (*See* Pl.'s Opp. to S.J. [3675], at 7.)  However, the absence of a medical opinion would not have prevented the statute of limitations from running.  It is well-settled under South Carolina law that the limitations period begins to run when a plaintiff has actual knowledge, as Ms. Lee did in this case, or constructive knowledge of the basis for a claim, not when "a full blown theory of recovery is developed." *Snell v. Columbia Gun Exchange, Inc.*, 276 S.C. 301, 278 S.E.2d 333, 334 (1981).  Accordingly, a medical opinion as to causation is not required.  In *Knox v. Greenville Hosp. Sys.*, 608 S.E.2d 459 (S.C. Ct. App. 2005), for example, the court found that a medical malpractice claim was time-barred because the limitations period ran from that date the *plaintiff* knew that the insertion of an IV may have caused him injury, and the *Knox* court explicitly rejected the plaintiff's argument that "he did not discover that he had a cause of action until his orthopedic surgeon informed him of the true nature of his injury" – the exact same argument that Plaintiff propounds here.  *Id.* at 571; *see also Kelly v. Univ. of Conn. Health Ctr.*, 963 A.2d 1, 7 (Conn. 2009) (explaining that knowledge of an injury triggers the limitations period "despite the absence of an expert medical opinion").

Likewise, Ms. Lee's failure to obtain a medical opinion regarding causation cannot provide a basis for tolling the limitations period under a theory of equitable estoppel.  Because the undisputed testimony shows that Ms. Lee actually believed that Neurontin caused her injury in 2001, the limitations period began to run at that point, and her claims filed more then five years later are indisputably time-barred.

---

[2] Tellingly, Plaintiff does not cite to a single case where the doctrine of equitable estoppel was found to apply.  In *Hedgepath v. American Telephone & Telegraph Co.*, 599 S.E.2d 327, 338 (S.C. Ct. App. 2001) and *Ingram v. Kasey's Associates*, 531 S.E.2d 287 (2000), the courts found that equitable estoppel did not toll the statute of limitations.  The other two cases Plaintiff cites, *Mayes v. Paxton*, 437 S.E.2d 66 (1993) and *Evins v. Richland County Historic Preservation Commission*, 532 S.E.2d 876 (2000), do not even discuss the doctrine of equitable estoppel for purposes of tolling the statute of limitations and, therefore, are completely inapposite in this context.

## CONCLUSION

For the reasons stated above and in Pfizer's Memorandum in Support of its Motion for Summary Judgment Against Plaintiff Janice Lee [3647], the Court should grant Pfizer's motion for summary judgment.

Dated: November 1, 2011

                                        Respectfully submitted,

                                        SKADDEN, ARPS, SLATE, MEAGHER
                                            & FLOM LLP

                                        By:  /s/ Mark S. Cheffo
                                               Mark S. Cheffo

                                        Four Times Square
                                        New York, NY 10036
                                        Tel:  (212) 735-3000
                                        Mark.Cheffo@skadden.com

                                        ROPES & GRAY LLP

                                        By:  /s/ Justin J. Wolosz
                                               Justin J. Wolosz
                                               BBO #643543

                                        Prudential Tower
                                        800 Boylston Street
                                        Boston, MA 02199-3600
                                        Tel:  (617) 951-7000
                                        Email:  justin.wolosz@ropesgray.com

                                        *Attorneys for Defendants Pfizer Inc and*
                                        *Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on November 1, 2011.

                                        /s/ Justin J. Wolosz
                                        Justin J. Wolosz