# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO:<br><br>*Anderson, et al. v. Pfizer, Inc., et al.*, No. 06-11024-PBS. | |
| | **PROPOSED DOCUMENT**<br><br>**UNREDACTED VERSION FILED UNDER SEAL** |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AGAINST PLAINTIFF DAVID WEATHERFORD**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this reply memorandum in further support of their motion for summary judgment against Plaintiff David Weatherford, who is represented by the Law Offices of Newton B. Schwartz ("the Schwartz firm").

Plaintiff's claim that Pfizer's motion for summary judgment is "moot" simply because he has now offered to voluntarily dismiss his claims under Federal Rule of Civil Procedure 41(a)(2)[1] – *without costs and fees* – is baseless. While Plaintiff now accuses Pfizer of

---

[1] As set forth in a separate memorandum, Pfizer does not oppose Plaintiff's motion for voluntarily dismissal, [3673], so long as it is with prejudice, and subject to the reservation of Pfizer's rights to seek costs and fees as appropriate. It is particularly important that the Court *not* allow dismissal of Plaintiff's claims without imposing costs and fees. Throughout this litigation, the Schwartz firm has demonstrated its unwillingness to dismiss frivolous claims until Pfizer goes to the expense of filing summary judgment or sanctions motions. In fact, the Schwartz firm currently has many other cases, like this one, in which plaintiffs' claims are equally specious. The Schwartz firm should not be allowed to force Pfizer to spend tens of thousands of dollars to defend each of these frivolous claims, while it neglects to realistically evaluate its cases. Accordingly, Pfizer respectfully asks the Court to make it clear, by awarding Pfizer its costs and fees, that the Schwartz firm and its clients will be held accountable for failing to expeditiously dismiss claims that have no merit.

"divert[ing] . . . resources and time" by declining to withdraw its motion for summary judgment (Pl.'s Opp. to S.J. [3680], at 1), Pfizer has repeatedly requested that his counsel either move to stay discovery or that he dismiss his claims *before* the parties were forced to incur unnecessary costs and fees. Yet Plaintiff and his counsel repeatedly refused to do so.

At the April 26, 2011 status conference, this Court ordered the Schwartz firm to provide a "list of names [that] it would make sense to not proceed with . . . ." (4/26/11 Hearing Tr. [3582-1] at 44:17-24.) The Court explicitly cautioned the Schwartz firm that all of its other cases would be "subject to discovery and deposition, *every single one*." (*Id.* at 53:10-12 (emphasis added).) Despite the Court's order, the Schwartz firm failed to stay discovery in Mr. Weatherford's case. Due to the Schwartz firm's apparent insistence that discovery in this case go forward, Pfizer noticed Mr. Weatherford's deposition for June 27, 2011.

Before Plaintiff's deposition took place, Pfizer's counsel informed Plaintiff's counsel that there was no factual or legal basis for this case to go forward and requested that Plaintiff dismiss his claims, but Plaintiff's counsel refused and insisted that the deposition go forward. On July 19, 2011, Pfizer served Plaintiff with a sanctions motion and informed Plaintiff's counsel that it would file that motion with the Court if Plaintiff would not agree to dismiss his claims and reimburse Pfizer's costs and fees. Plaintiff again declined to dismiss his claims or reimburse costs and fees, and therefore Pfizer filed the sanctions motion on August 16, 2011. [3580]. On September 13, 2011, the Schwartz firm offered to withdraw as counsel from Mr. Weatherford's case if Pfizer agreed to withdraw its motion for sanctions. (*See* 9/13/11 N. Schwartz email; 9/14/11 N. Schwartz email [3680-1].) The Court ultimately denied Pfizer's sanctions motion on September 14, 2011 "WITHOUT PREJUDICE to Defendants first filing motion(s) for summary judgment." [3631]. Before filing its motion for summary judgment, Pfizer again conferred with Plaintiff's counsel and offered to refrain from filing the motion for summary judgment if Plaintiff would agree to dismiss his case *and* reimburse Pfizer's fees and costs. (*See* 10/4/11 K. Lyon email [3680-2].) The Schwartz firm responded that it would agree to dismiss Plaintiff's claims, but would "not agree to pay costs and fees." (10/4/11 N. Schwartz email [3680-3].)

Because Plaintiff still refused reimbursement for the unnecessary costs and fees that were incurred, Pfizer filed its motion for summary judgment on October 5, 2011.

On October 18, 2011, Plaintiff filed a motion for voluntary dismissal. Simply allowing voluntary dismissal at this point without an award of costs and fees, however, is unacceptable. Pfizer repeatedly requested that Plaintiff dismiss his claims before Pfizer committed substantial resources to discovery, incurred substantial costs associated with deposing Plaintiff, and drafted a motion for summary judgment and for sanctions. Plaintiff's only explanation as to why he did not dismiss his claims "before Defendants started discovery, or after the depositions, or when Defendants sent the rule 11 motion to Plaintiff's counsel, or when Defendant filed the motion or before Defendants moved for summary judgment," was that "Plaintiff's counsel did not have Plaintiff[] Weatherford's . . . signed agreement to dismiss earlier." (Pl.'s Opp. to S.J. [3680], at 2-3.) That is not a legitimate excuse. Mr. Weatherford was present at the June 27, 2011 deposition, and Plaintiffs' counsel could have – and should have – obtained his consent to dismiss his claims when Pfizer raised the issue at that point. Further, Plaintiff's counsel substantially delayed in obtaining Mr. Weatherford's written agreement to voluntarily dismiss the case – until nearly four months after his deposition – which resulted in further waste of the parties' resources. In addition, this motion for summary judgment and the costs incurred in discovery of this case could have been avoided if the Schwartz firm had simply sought a stay of discovery to determine the merits of this case after the April 26, 2011 status conference or, at least, before Plaintiff's deposition went forward. The Schwartz firm's attempt to shift the blame to Pfizer for attempting to move this case toward resolution is absurd. Accordingly, Plaintiff has not provided any legitimate excuse as to why he should not be ordered to reimburse Pfizer for the unnecessary costs and fees that it incurred in defending his claims that lack any factual or legal basis.

Indeed, the speculative arguments in Plaintiff's opposition memorandum merely underscore why summary judgment is appropriate in this case – and why Pfizer is entitled to its reasonable costs and fees. Plaintiff has failed to contradict the clear evidence showing ▇

██████████████████████████████████████████████████████████████ *See* *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 49 (1st Cir. 1990) (holding that "plaintiffs defaulted on [their] obligation" to produce "some evidence, admissible at trial, supporting their allegation that [defendant's medication] caused [their] adverse reaction"). In response to Pfizer's motion, Plaintiff simply claims that he *believes* he *might* have been taking Neurontin ███████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ██████ Accordingly, Plaintiff's vague, equivocal, and unsupported recollection, which is contradicted by his medical records, as to what medications he believes he might have been taking amounts to no more than "'metaphysical doubt as to the material facts'" and therefore falls short of defeating summary judgment. *Tayag v. Lahey Clinic Hosp., Inc.*, 677 F. Supp. 2d 446, 450 (D. Mass. 2010) (Saris, J.) (citation omitted).

Further, Plaintiff speculates that he may have purchased Neurontin from Rite Aid Pharmacy ("Rite Aid") and attaches a letter from Rite Aid *dated July 12, 2011* stating that, at this point, Rite Aid has destroyed its records predating September 2004 in accordance with its document retention policy. (*See* Pl.'s Opp. to S.J. [3680], at 4; 7/12/11 [3599-6].) In light of the late date on this letter, however, it is clear that neither Plaintiff nor his counsel requested records from Rite Aid until *after* Mr. Weatherford's deposition on June 27, 2011. As such, if Rite Aid destroyed any relevant pharmacy records in accordance with the timeframe set out in its document retention policy, such spoliation is attributable to Plaintiff's and his counsel's long, unjustified delay in seeking the records necessary to support his claims, which were filed more than five years before his counsel sent the record request. Plaintiff's failure is particularly egregious in light his counsel's certification to this Court in December 2007 that counsel had

"*reviewed the relevant medical records* and allegations of the complaint and . . . believes pursuit of the action is warranted." (CMO & Order Re: Mots. to Withdraw [949], at 2-3 (emphasis added).) Plaintiff cannot use his and his counsel's own failure to timely collect and review records and investigate his claims to cast metaphysical doubt on the present record before the Court, which shows that Mr. Weatherford did not use Neurontin on or before May 12, 2003. Regardless, Plaintiff's speculation that Neurontin records may have been destroyed by a pharmacy would not explain why ███████████████████████████████████████ ██████████████████████████████████ Further, Plaintiff's guesswork about what pharmacy records may have been destroyed constitutes, at best, nothing more than "unsupported allegations, unreasonable inferences, and conclusory speculation," which is insufficient to defeat summary judgment. *Hann v. Micron Separations, Inc.*, 107 F.3d 1, 1997 WL 56859, at *1 (1st Cir. 1997) (per curiam) (unpublished table decision).

None of the equivocal testimony or speculative arguments submitted by Plaintiff casts doubt on the clear evidence █████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ Because the evidence shows that Mr. Weatherford was not taking Neurontin at the time of his alleged injury, there is an "absence of evidence to support the nonmoving party's case" and therefore summary judgment is appropriate at this time. *NEC Elecs., Inc. v. New Eng. Circuit Sales, Inc.*, 722 F. Supp. 861, 863 (D. Mass. 1989) (quoting *Celotex Corp. v. Catrett*, 477 U. S. 317, 325 (1986)).

## CONCLUSION

For the reasons stated above and in Pfizer's Memorandum in Support of its Motion for Summary Judgment Against Plaintiff David Weatherford [3652], the Court should grant Pfizer's motion for summary judgment.

5

Dated: November 1, 2011

                               Respectfully submitted,

                               SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP

                               By: /s/ Mark S. Cheffo
                                      Mark S. Cheffo

                               Four Times Square
                               New York, NY 10036
                               Tel: (212) 735-3000
                               Mark.Cheffo@skadden.com

                               ROPES & GRAY LLP

                               By: /s/ Justin J. Wolosz
                                   Justin J. Wolosz
                                   BBO #643543

                               Prudential Tower
                               800 Boylston Street
                               Boston, MA 02199-3600
                               Tel: (617) 951-7000
                               Email: justin.wolosz@ropesgray.com

                               *Attorneys for Defendants Pfizer Inc and*
                               *Warner-Lambert Company LLC*

## **CERTIFICATE OF SERVICE**

       I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on November 1, 2011.

                               /s/ Justin J. Wolosz
                               Justin J. Wolosz