UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:  NEURONTIN MARKETING, SALES             :     MDL Docket No. 1629
        PRACTICES AND PRODUCTS                 :
        LIABILITY LITIGATION                   :     Master File No. 04-10981
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                               :     Judge Patti B. Saris
THIS DOCUMENT RELATES TO:                      :
                                               :     Magistrate Judge Leo T.
*Anderson, et al. v. Pfizer, Inc., et al.*, No. 06-11024-PBS.   :     Sorokin
                                               :
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## RESPONSE TO PLAINTIFF DAVID WEATHERFORD'S
## MOTION FOR VOLUNTARY DISMISSAL

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this Response to Plaintiff David Weatherford's motion, under Federal Rule of Civil Procedure 41(a)(2), to voluntarily dismiss his claims.

Defendants have no objection to dismissal of Plaintiff's claims with prejudice, but reserve their right to seek costs and fees as appropriate.[1]

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). It is well-recognized that voluntary dismissal with prejudice renders a defendant a "prevailing party" under Rule 54 and entitles that defendant to seek costs. *See, e.g.*, *Kollsman v. Cohen*, 996 F.2d 702, 706 (4th Cir. 1993) (finding defendant against whom plaintiff voluntarily dismissed claims with prejudice was "a prevailing party and . . . eligible to recover his costs"); *Mother & Father v. Cassidy*, 338 F.3d 704, 710 (7th Cir. 2003) (noting that

---

[1] While Plaintiff's motion does not specify that he seeks dismissal "with prejudice," it explains that Plaintiff Weatherford "no longer intends to proceed with prosecution of the claims" [3673], and the attached agreement to dismiss states that he "understand[s] that dismissal will be final and forever binding" [3673-1]. Further, for the reasons stated in Pfizer's memoranda in support of its motion for summary judgment [3652] and its memoranda in support of its motion for sanctions [3583, 3632], the record establishes that Pfizer is entitled to summary judgment on the record. Accordingly, any dismissal at this point must be with prejudice.

"[w]here the dismissal is with prejudice, . . . nothing in the language of Rule 41 suggests that the prevailing defendant should not enjoy the normal benefits of a final judgment in its favor"); *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458 (10th Cir. 1995) (similar holding); *Misener Marine Constr., Inc. v. Norfolk Dredging Co.*, No. 404CV146, 2008 U.S. Dist. LEXIS 95321, at *23 (S.D. Ga. Nov. 24, 2008) (similar holding), *aff'd*, 594 F.3d 832 (11th Cir. 2010), *cert. denied*, 130 S. Ct. 3505 (2010); *Dews v. Troy Univ.*, No. 2:05cv1045-MHT (WO), 2007 U.S. Dist. LEXIS 49572, at *3-4 (M.D. Ala. July 9, 2007) (similar holding).  Thus, regardless of whether the Court grants summary judgment in favor of Pfizer or grants Plaintiff's motion for voluntary dismissal with prejudice, Pfizer is entitled to seek costs in this case.

Pfizer also reserves the right to file a motion for fees or other sanctions.  *See Burnette v. Godshall*, 828 F. Supp. 1439, 1444 (N.D. Cal. 1993) ("[A] voluntary dismissal does not limit the court's power to impose sanctions against plaintiff under Fed. R. Civ. P. 11 for filing groundless claims."), *aff'd sub nom.*, *Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995); *accord Robeson Def. Comm. v. Britt*, 132 F.R.D. 650, 653 (E.D.N.C. 1989) (hearing and granting Rule 11 motion after dismissing action with prejudice under Rule 41(a)(2), noting, "[n]othing in Rule 41(a)(2) bars this Rule 11 motion"), *aff'd in part, vacated in part on other grounds sub nom.*, *In re Kunstler*, 914 F.2d 505 (4th Cir. 1990).

An award of costs and fees is particularly appropriate in this case because Plaintiff's delay in seeking dismissal of his meritless claims has caused Pfizer to incur unnecessary expenses and fees, even though Plaintiff was afforded several opportunities to dismiss his claims before such expenses and fees were incurred.  Throughout this litigation, the Schwartz firm has demonstrated its unwillingness to dismiss frivolous claims until Pfizer goes to the expense of filing summary judgment or sanctions motions.  In fact, the Schwartz firm currently has many other cases, like this one, in which plaintiffs' claims are equally specious.  The Schwartz firm should not be allowed to force Pfizer to spend tens of thousands of dollars to defend each of these frivolous claims, while it neglects to realistically evaluate its cases.  Accordingly, Pfizer respectfully asks the Court to make it clear, by allowing Pfizer to reserve its rights to seek costs

and fees, that the Schwartz firm and its clients will be held accountable for failing to expeditiously dismiss claims that have no merit.

Dated: November 1, 2011

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP

By:  /s/ Mark S. Cheffo
      Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000
Mark.Cheffo@skadden.com

ROPES & GRAY LLP

By:   /s/ Justin J. Wolosz
      Justin J. Wolosz
      BBO #643543

Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel:  (617) 951-7000
Email:  justin.wolosz@ropesgray.com

*Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on November 1, 2011.

/s/ Justin J. Wolosz
Justin J. Wolosz