UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIVED IN CLERK'S OFFICE
DATE 11-7-11

------------------------------------------------------------x
: MDL Docket No. 1629
:
In re: NEURONTIN MARKETING,           :
SALES PRACTICES AND                   : Master File No. 04-10981
PRODUCTS LIABILITY LITIGATION         :
: Judge Patti B. Saris
------------------------------------------------------------x
: Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:             :
:
ALSBERGE v. PFIZER INC.                :
Individual Case No. 05-11699 and       :
Case No. 06-10957                     :
:
------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF ON BEHALF OF PLAINTIFF DEBRA ALSBERGE

Alexander A. Reinert
 Counsel for *Amici Curiae*
55 Fifth Avenue, Room 938
New York, New York 10003
(212) 790-0403
areinert@yu.edu


## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii
PRELIMINARY STATEMENT ............................................................................................... 1
INTEREST OF *AMICI CURIAE* ............................................................................................. 1
THE MOTION TO WITHDRAW SHOULD BE DENIED......................................................... 3
CONCLUSION .......................................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**

Ambrose v. Detroit Edison Co., 65 Mich. App. 484, 237 N.W.2d 520 (1975) ............................... 6
Augustson v. Linea Aerea Nacional-Chile S.A., 76 F.3d 658 (5th Cir.1996) ................................ 8
Borup v. National Airlines, Inc., 159 F. Supp. 808 (S.D.N.Y. 1958)............................................. 6
Compton v. Kittleson, 171 P.3d 172 (Alaska 2007) ....................................................................... 7
DeFlumer v. LeSchack & Grodensky, P.C., 2000 WL 654608 (N.D.N.Y. 2000).......................... 6
Fennell v. TLB Kent Co., 865 F.2d 498 (2d Cir. 1989).................................................................. 6
Ficom Int'l, Inc. v. Israeli Export Inst., 87 Civ. 7461, 1989 WL 13741 (S.D.N.Y. Feb. 10, 1989) 4
Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co., 310 F.3d 537 (7th Cir. 2002) ............................................................................................................................................. 9
Forchelli, Curto, Deegan, Schwartz, Mineo, Cohn & Terrana, LLP v. Hirsch, 2010 WL 2667198 (E.D.N.Y. 2010)............................................................................................................................. 5
Harrison Conference Servs., Inc. v. Dolce Conference Servs., Inc., 806 F. Supp. 23 (E.D.N.Y. 1992) ............................................................................................................................................... 5
In re Busby, 616 N.Y.S.2d 755 (2d Dep't 1994) ............................................................................ 6
In re Kiley, 459 Mass. 645, 947 N.E.2d 1 (Mass. 2011) ................................................................ 5
Jones v. Feiger, Collison & Killmer, 903 P.2d 27 (Colo. Ct. App. 1994)..................................... 7
Kay v. Home Depot, Inc., 623 So.2d 764 (Fla. App. 1993) ........................................................... 7
Klagsbrun v. Klagsbrun, 192 A.D.2d 306, 595 N.Y.S.2d 456 (N.Y. App. Div. 1993) .................. 4
Lieberman v. Polytop Corp., 2 Fed. Appx. 37, 2001 WL 196759 (1st Cir. 2001) (unpublished op.) ......................................................................................................................................................... 9
Malave v. Carney Hosp., 170 F.3d 217, 221 (1st Cir. 1999)......................................................... 6
Mangual v. Fuentes Agostini, 203 F. Supp. 2d 78 (D. P.R. 2002) ................................................. 3
Mangual v. Rotger-Sabat, 317 F.3d 45 (1st Cir. 2003) .................................................................. 3
Marrero v. Christiano, 575 F. Supp. 837 (S.D.N.Y. 1983)............................................................ 6
Nehad v. Mukasey, 535 F.3d 962 (9th Cir. 2008) .......................................................................... 6
Robinson v. Friedman Management Corp., 49 A.D.3d 436, 854 N.Y.S.2d 68 (N.Y. App. Div. 2008) ............................................................................................................................................... 4
Rusinow v. Kamara, 920 F. Supp. 69 (D.N.J. 1996) ...................................................................... 7
Ruthardt v. United States, 164 F. Supp. 2d 232 (D. Mass. 2001)................................................... 3
See Commissioner of Internal Revenue v. Banks, 543 U.S. 426 (2005)........................................ 6
Stephens v. Government Employees Ins. Co., 2002 WL 31455318 (N.Y. App. Term 2002)........ 5
The Florida Bar v. Hollander, 607 So.2d 412 (Fla. 1992) ............................................................ 7

**OTHER AUTHORITIES**

Conn. Bar Ass'n Comm. on Prof'l Ethics, Informal Op. 99-18 (1999) .......................................... 7
Conn. Bar Ass'n Comm. on Prof'l Ethics, Informal Op. 95-24 (1995).......................................... 8
Howard M. Erichson and Benjamin C. Zipursky, Consent Versus Closure, 96 Cornell L. Rev. 265 (2011)....................................................................................................................................... 8
State Bar of Mich. Standing Comm. on Prof'l and Judicial Ethics, Op. RI-132 (1992) ................. 8

**Rules**

Fed. R. App. P. 29...................................................................................................................3
Mass. Rule of Prof. Conduct 1.2.............................................................................................5
N.Y. Rule of Prof. Conduct 1.2 ..............................................................................................5

## PRELIMINARY STATEMENT

*Amici curiae* respectfully seek leave to submit the within memorandum of law in support of plaintiff Debra Alsberge's request that this Court deny Finkelstein and Partners LLP's Motion to Withdraw as counsel for Ms. Alsberge. We previously have been granted leave to file a letter brief as *amici* on behalf of another plaintiff in this matter, Robin Briggs, who also is currently challenging a motion to withdraw by Finkelstein and Partners LLP. As detailed below, this matter presents nearly identical facts, at least on its face, as the Briggs matter, with one critical difference: here Ms. Alsberge was never even served with the Motion to Withdraw, and, unbeknownst to her, was effectively unrepresented for several months. As with the Briggs case, however, the motion filed here was unsupported, was initially granted without affording plaintiff an opportunity to be heard, and if granted now will leave plaintiff unduly prejudiced. Indeed, the motion, if sought for the reasons suggested by Ms. Alsberge in her October 25 letter to the Court, reflects a disregard for well-accepted standards of professional responsibility. Accordingly, we respectfully request that the Court grant leave for *amici* to file the within brief and deny the motion to withdraw.

## INTEREST OF *AMICI CURIAE*

*Amici* are lawyers and professors who teach, practice, and conduct research in the areas of professional responsibility and civil procedure. Ronald Minkoff is a Partner in the Litigation Group of Frankfurt, Kurnit, Klein & Selz PC and Head of the Professional Responsibility Group. He is an Adjunct Professor of Professional Responsibility at New York University School of Law and a member of the New York Bar Committee on Standards of Attorney Conduct. He is also the Chair of the Task Force on Professionalism of the New York County Lawyers

1

Association, and a past President of the Association of Professional Responsibility Lawyers. He has written extensively for the New York Professional Responsibility Report, The Professional Lawyer, The New York Law Journal, and other publications. Ellen Yaroshefsky is a Clinical Professor of Law and the Executive Director of the Jacob Burns Ethics Center at the Benjamin N. Cardozo School of Law. She teaches courses on professional responsibility, represents lawyers and law firms in criminal, civil and disciplinary matters, and serves as an expert witness on legal ethics issues. She is co-chair of the Ethics, Gideon and Professionalism Committee of the American Bar Association's Criminal Justice Section, co-chair of the Ethics Committee of the National Association of Criminal Defense Lawyers, the ethics advisor for the Prosecutorial and Judicial Complaint Center of the New York Association of Criminal Defense Lawyers, a member of the advisory board of the Justice Center of the New York County Lawyers Association and of New York State Bar Association Committee on Standards of Attorney Conduct, and has served on various committees of the Association of the Bar of the City of New York. Alexander Reinert is an Associate Professor of Law at the Benjamin N. Cardozo School of Law, where he teaches Civil Procedure, among other courses. He has written and lectured extensively on civil procedure and issues related to access to justice. *Amici* take the positions articulated in this brief as individuals, and not as representatives of their employers.

*Amici* do not represent Ms. Alsberge in this matter, but seek leave to file this brief to ensure that, in MDL actions as any other, standards of professional responsibility are adhered to.[1] We do not express any opinion regarding the merits of Ms. Alsberge's case, but given that Ms. Alsberge's counsel currently seek to leave her unrepresented, we maintain that the within brief brief will assist the Court in the resolution of this matter. In addition, the consequences of

---

[1] Neither Ms. Alsberge nor her counsel authored this brief in whole or in part and no one other than amici contributed money for the purpose of preparing or submitting this brief.

2

proceeding unrepresented are serious for an individual like Ms. Alsberge. She most ~~likely~~ will be unable to pursue her legal claims if Finkelstein & Partners LLP is permitted to withdraw. Accordingly, we respectfully request that the Court grant the motion to file the within brief.

We acknowledge that the procedures governing the filing of amicus briefs in the District of Massachusetts are vague. Although the District of Massachusetts does not appear to have a Local Rule pertaining to the filing of amicus briefs, the First Circuit permits the filing of amicus briefs that are "desirable" and "relevant to the disposition of the case." Fed. R. App. P. 29(b)(2); see also Mangual v. Fuentes Agostini, 203 F. Supp. 2d 78, 82 (D. P.R. 2002), rev'd on other grounds sub nom. Mangual v. Rotger-Sabat, 317 F.3d 45 (1st Cir. 2003) (district court denied motion to intervene but granted leave to appear as amicus); Ruthardt v. United States, 164 F. Supp. 2d 232 (D. Mass. 2001) (same). On appeal, an amicus brief must be filed one week after the brief of the principal brief for the party it supports. Fed. R. App. P. 29(e). There is no rule that governs the timing of an amicus brief filed in the district court, however, and we are frankly unsure if the one-week rule from appellate procedure is applicable here. Should this Court find that this brief is not timely filed, however, we respectfully request that the Court grant leave to file out of time.

## THE MOTION TO WITHDRAW SHOULD BE DENIED

On April 14, 2011, Finkelstein & Partners, LLP, moved to withdraw as counsel to Debra Alsberge. This Court granted the motion on May 9, 2011, without opposition. Ms. Alsberge, however, never received a copy of the motion, as Finkelstein & Partners LLP have confirmed. See Response to Debra Alsberge's Request To Reconsider Finkelstein & Partners, LLP's Motion To Withdraw, And Counsel's Request For Leave To File A Reply, Under Seal And In Camera

3

(ECF Doc. No. 3664). As of this date, then, Finkelstein & Partners LLP adhere to their motion to withdraw on grounds of "irreconcilable differences," as supplemented by an in camera filing.

At the outset, we note that should the Court grant the Motion to Withdraw without providing Ms. Alsberge access to the in camera filing and an opportunity to contest the allegations contained therein, she will be deprived of an opportunity to be heard on a motion of great significance to her case. Under New York law, it is permissible to dispense with a hearing on motions to withdraw where there is adequate evidence of a breakdown in the attorney-client relationship and a lack of any dispute as to the material facts. See, e.g., Robinson v. Friedman Management Corp., 49 A.D.3d 436, 854 N.Y.S.2d 68 (N.Y. App. Div. 2008); Klagsbrun v. Klagsbrun, 192 A.D.2d 306, 595 N.Y.S.2d 456 (N.Y. App. Div. 1993). But it would appear difficult, if not impossible, to determine whether a hearing or other proceeding is necessary to resolve a motion to withdraw without first providing the non-consenting client an opportunity to be heard.[2] In this case, Finkelstein & Partners LLP have proposed filing their reply brief in camera so as to protect the attorney-client privilege and work-product privileged documents. See Response to Debra Alsberge's Request To Reconsider Finkelstein & Partners, LLP's Motion To Withdraw, And Counsel's Request For Leave To File A Reply, Under Seal And In Camera, at 2 nn.1-2 (ECF Doc. No. 3664). While this course is appropriate to protect Ms. Alsberge's confidences from being revealed to defendants and other third parties, there appears no reason to shield the in camera materials from Ms. Alsberge's eyes. Cf. Ficom Int'l, Inc. v. Israeli Export Inst., 87 Civ. 7461, 1989 WL 13741, at *3 n. 1 (S.D.N.Y. Feb. 10, 1989) (noting "ethical problems" posed by disclosing detailed motion to withdraw to opposing counsel); Harrison

---

[2] We recognize, of course, that counsel often must walk a fine when seeking to withdraw from representation, on one hand providing sufficient reason to justify withdrawal while on the other hand not disclosing client confidences or prejudicing the client's case before the tribunal. In such instances, in camera hearings may sometimes be appropriate, a matter which we do not express an opinion on with regards to the instant case.

4

Conference Servs., Inc. v. Dolce Conference Servs., Inc., 806 F. Supp. 23, 25–26 (E.D.N.Y. 1992) (rejecting opposing party's challenge to procedure whereby party and withdrawing counsel exchanged in camera submissions regarding fee dispute). Indeed, it may be impossible for her to prepare any meaningful opposition without access to the in camera materials.

On the face of the motion, however, basis for Finkelstein & Partners' request for withdrawal is that counsel and plaintiff have "irreconcilable differences" regarding "the direction of legal services . . . that preclude counsel from further representation of Plaintiff in these cases. Declaration of Kenneth B. Fromson dated April 14, 2011, at ¶ 10 (Doc. No. 3411). The motion papers do not describe the substance of the alleged "irreconcilable differences," a failing that itself is fatal to the motion to withdraw. In re Kiley, 459 Mass. 645, 650, 947 N.E.2d 1, 6 (Mass. 2011) (the "conclusory" assertion of "irreconcilable differences" is insufficient to support a motion for withdrawal); Stephens v. Government Employees Ins. Co., 2002 WL 31455318 (N.Y. App. Term 2002) (finding that court did not abuse discretion in granting motion to withdraw where there was evidence in record to support finding of irreconcilable differences); Forchelli, Curto, Deegan, Schwartz, Mineo, Cohn & Terrana, LLP v. Hirsch, 2010 WL 2667198 (E.D.N.Y. 2010) (remanding to Bankruptcy Court for further development of factual record on motion to withdraw based on irreconcilable differences).

As Ms. Alsberge has stated, however, the only disagreement between counsel and the plaintiff is that that Ms. Alsberge does not wish to settle the case in the amount recommended by counsel. See Alsberge Letter Dated October 25, 2011 (ECF Doc. No. 3662). The decision to settle, however, always rests with the client, not the attorney. This principle is explicitly adopted by the Rules of Professional Responsibility in both New York and Massachusetts, see N.Y. Rule of Prof. Conduct 1.2(a), Mass. Rule of Prof. Conduct 1.2(a), and by controlling legal authority.

5

See Commissioner of Internal Revenue v. Banks, 543 U.S. 426, 436 (2005) ("[A]lthough the attorney can make tactical decisions without consulting the client, the plaintiff still must determine whether to settle or proceed to judgment and make, as well, other critical decisions."); Malave v. Carney Hosp., 170 F.3d 217, 221 (1st Cir. 1999) (decision to settle belongs to the client, not counsel); accord Fennell v. TLB Kent Co., 865 F.2d 498, 501-02 (2d Cir. 1989).

Courts have long recognized that because the decision to settle rests with the client, it follows that a lawyer may not withdraw from representation simply because the client disagrees with the lawyer's settlement recommendation. See, e.g., Nehad v. Mukasey, 535 F.3d 962, 970-71 (9th Cir. 2008) (collecting cases); Ambrose v. Detroit Edison Co., 65 Mich. App. 484, 237 N.W.2d 520, 523-24 (1975) ("The refusal to settle by a client can never be sufficient grounds to constitute 'good cause' for an attorney to withdraw ...."). Importantly, this is clearly the law in New York, where the instant case was originally filed. DeFlumer v. LeSchack & Grodensky, P.C., 2000 WL 654608, *1 (N.D.N.Y. 2000) (denying motion to withdraw and stating that "[t]he mere fact that an attorney and client may disagree over a proposed settlement will not establish good cause for withdrawal of representation."); Marrero v. Christiano, 575 F. Supp. 837, 839 (S.D.N.Y. 1983) ("the refusal of a client to accept a settlement offer is not good and sufficient cause for the withdrawal of the attorney"); Borup v. National Airlines, Inc., 159 F. Supp. 808, 810 (S.D.N.Y. 1958) ("mere fact" that clients refuse a settlement recommended by an attorney is not grounds for withdrawal); In re Busby, 616 N.Y.S.2d 755, 756 (2d Dep't 1994) (holding that client's refusal to execute settlement documents insufficient ground to permit withdrawal by counsel). Absent some indication that plaintiff's settlement position is unlawful or otherwise could only be achieved through unethical conduct by her attorney, disagreement between counsel and client as to settlement simply cannot be the basis for a motion to withdraw. Rusinow v.

Kamara, 920 F. Supp. 69, 72 (D.N.J. 1996) ("Sudden disenchantment with a client or a cause is no basis for withdrawal. Those who cannot live with risk, doubt and ingratitude should not be trial lawyers").

The client's prerogative to settle sometimes arises in cases in which the attorney already has withdrawn without good cause, in which case the only remedy is a limitation on any fees that prior counsel may seek upon a successful resolution of the plaintiff's case. Thus, courts have consistently refused to enforce the fee provision of a retainer agreement in cases in which an attorney withdraws from representation because of a disagreement over matters such as settlement. The Florida Bar v. Hollander, 607 So.2d 412, 415 (Fla. 1992) ("[A]ny contingency fee contract which permits the attorney to withdraw from representation without fault on part of the client or other just reason, and purports to allow the attorney to collect a fee for services already rendered would be unenforceable and unethical."); Kay v. Home Depot, Inc., 623 So.2d 764, 766 (Fla. App. 1993) (client who wishes to proceed to trial or obtain a higher settlement than that recommended by counsel is not at fault); Jones v. Feiger, Collison & Killmer, 903 P.2d 27, 34 (Colo. Ct. App. 1994) (holding that retainer provision under which, inter alia, lawyer could withdraw if client rejected settlement offer the lawyer deemed reasonable was impermissible), rev'd on other grounds, 926 P.2d 1244 (Colo.1996). In general, any retainer provision that would infringe on the client's right to settle by structuring representation to either permit withdrawal or increase costs simply because the client refuses a settlement offer would be unenforceable. See, e.g., Compton v. Kittleson, 171 P.3d 172, 173 (Alaska 2007); Conn. Bar Ass'n Comm. on Prof'l Ethics, Informal Op. 99-18 (1999) (concluding that a fee agreement may not provide that the amount due converts from a contingent fee to an hourly fee if the client rejects a settlement offer the lawyer deems reasonable); Conn. Bar Ass'n Comm. on Prof'l Ethics,

7

Informal Op. 95-24 (1995) (concluding that retainer provision that lawyer may withdraw if client refuses a settlement offer the lawyer deems reasonable impermissibly impinges on client's right to decide whether to settle); State Bar of Mich. Standing Comm. on Prof'l and Judicial Ethics, Op. RI-132 (1992) (stating that a clause providing that lawyers for a class would only be paid by a third party if the lawyers shepherded the class to settlement was unethical). Thus, although counsel point to nothing in the retainer agreement between Finkelstein and Partners LLP and Ms. Alsberge which permits a withdrawal from representation simply because of a disagreement over settlement, the aforementioned cases demonstrate any such provision likely would be unenforceable as unethical. Augustson v. Linea Aerea Nacional-Chile S.A., 76 F.3d 658, 663 (5th Cir.1996) ("[T]he cases are in almost universal agreement, that failure of the client to accept a settlement offer does not constitute just cause for a withdrawing attorney to collect fees." (string citation omitted)).

In the instant case, however, the motion to withdraw was initially granted on an insufficient record and without any opportunity from Ms. Alsberge to be heard. Given that the withdrawal order has been vacated and the motion reinstated, , it is preferable to maintain Ms. Alsberge in the status quo rather than attempt to fashion a remedy after the fact for a withdrawal that may violate standards of professional responsibility. This is particularly the case here, where leaving Ms. Alsberge without representation may substantially prejudice her ability to pursue her claims in this complex and discovery-intense case. See Howard M. Erichson and Benjamin C. Zipursky, Consent Versus Closure, 96 Cornell L. Rev. 265, 282-92 (2011) (detailing ethical problems with mandatory withdrawal provisions in Vioxx settlement).

This is not a situation where "substitution of counsel would be relatively simple," thereby mitigating the harm from a withdrawal. See Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co., 310 F.3d 537, 541 (7th Cir. 2002). Nor is it a situation where the client is alleged to have violated a term of the retainer agreement. Lieberman v. Polytop Corp., 2 Fed. Appx. 37, *39, 2001 WL 196759, *2 (1st Cir. 2001) (unpublished op.). And the only apparent "warning" of withdrawal that Ms. Alsberge says she received was an unethical one: settle or we will withdraw as your counsel. See id. (describing importance of a fair warning of withdrawal); See Alsberge Letter Dated October 25, 2011 (ECF Doc. No. 3662) (stating that Finkelstein & Partners LLP informed her that they would withdraw as counsel if she rejected settlement offer). An attorney operating a fee-for-services retainer agreement, who faces the prospect of a costly trial and a client unwilling to pay, may have grounds for withdrawal where settlement is rejected; but an attorney operating under a contingent-fee agreement does not have the same leeway. Lieberman, 2 Fed. Appx. 37 at *39, 2001 WL 196759 at *2.

## CONCLUSION

For the foregoing reasons, *amici* respectfully request that their motion for leave to file the within brief be granted and that the motion to withdraw be denied

Respectfully submitted,

s:/Alexander A. Reinert
Alexander A. Reinert (SDNY Bar No. AR 1740)
Counsel for Amici Curiae
55 Fifth Avenue, Room 938
New York, New York 10003
(212) 790-0403
areinert@yu.edu

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the enclosed **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF ON BEHALF OF PLAINTIFF DEBRA ALSBERGE** was sent to the following Counsel of Record via electronic mail and First Class Mail on November 4, 2011:

Adam S. Tolin
Dechert LLP
2929 Arch Street
Philadelphia, PA 19104-2808
adam.tolin@dechert.com

Mark S. Cheffo
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
mark.cheffo@skadden.com

Steven Lim
Finkelstein & Partners, LLP
436 Robinson Ave.
Newburgh, NY 12550
slim@lawampm.com

Alexander A. Reinert, Esq.
55 Fifth Avenue, Room 938
New York, NY 10003
Tel: (212) 790-0403
areinert@yu.edu