UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
In re:  NEURONTIN MARKETING,                    :  MDL Docket No. 1629
        SALES PRACTICES AND PRODUCTS    :
        LIABILITY LITIGATION             :  Master File No. 04-10981
------------------------------------------------------------x
                                                          :  Judge Patti B. Saris
THIS DOCUMENT RELATES TO:                       :
                                                          :  Magistrate Judge Leo T.
                                                          :  Sorokin
IRENE BARLOW                                    :
1:05-175 SS Western District of Texas           :
1:05-cv-11501 PBS   District of Massachusetts   :
------------------------------------------------------------x

## MEMORANDUM IN SUPPORT OF PLAINTIFF IRENE BARLOW'S MOTION TO REMAND

To the Honorable Court:

    Plaintiff Irene Barlow moves the Court to enter a Suggestion of Remand Order to the Judicial Panel on Multidistrict Litigation, recommending that her case be remanded to the Western District of Texas from which her case was transferred to this Court.  In support of this Motion, Irene Barlow would show as follows:

I. Purpose of the MDL

    This multidistrict litigation was established and assigned to this Court on October 26, 2004, to consolidate commercial class actions in which "All actions are purported class actions involving allegations that common defendants have engaged in the illegal promotion and sale of the drug Neurontin for "off-label" use. *In Re Neurontin Marketing and Sales Class Practices Litigation*, 342 F.Supp. 2d 1350 (J.P.M.D.L. 2004).  Personal injury cases were added to the litigation as tag along cases on April 19, 2005.  Mrs. Barlow's case was transferred to this court as a tag along case in July 2005.

II. Barlow Case Ripe for Remand

By Electronic Order May 28, 2009, the Court directed the Plaintiffs Products Liability Steering Committee and the Defendants to submit proposals for remand of individual cases, which they did on June 12, 2009, in Docket Number ECF 1832. Magistrate Judge Sorokin ordered, Docket Order ECF 2045, July 24, 2009:

> **2. Products Liability Non-Track 1 Cases Schedule and Status**
> The paper discovery in all of these cases should be complete and counsel indicated that they believe it is largely complete. The Court will retain these cases solely to coordinate the standard or common fact discovery that will occur in each of these cases – the depositions of the plaintiff, the prescribing physician and applicable sales representatives. Thereafter, the Court will remand these cases and any further fact or expert discovery, as well as any case specific summary judgment motions, will proceed subject to the Orders of the Court in which the case was filed.

Judge Sorokin ordered that such discovery be completed by September, 2010, later extended to November 2010.

Mrs. Barlow completed the core discovery depositions in advance of the date set by Judge Sorokin. Mrs. Barlow took the depositions of the doctors who prescribed Neurontin to her and also took the depositions of the sales representatives who defendants identified who called on her prescribing doctors regarding Neurontin. Defendants deposed Mrs. Barlow and completed her deposition before the date set by Judge Sorokin. Initial core discovery in her case is complete within the meaning of Judge Sorokin's order.

On November 17, 2010, defendants joined with plaintiffs in listing cases ready for transfer. Docket Number ECF 3129, Exhibit 1. Mrs. Barlow's case is listed by the parties with the statement that 'case is ready to be returned to transferor court.'

On December 6, 2010, Docket Number ECF 3141, issued jointly by this Court and Judge Sorokin, the Court ordered:

> The approximately forty cases listed in Docket #3129 as ready for transfer back to the

originating district will be transferred forthwith pursuant to a separate order of this Court. Counsel shall file a list of all such cases ready for transfer by December 10, 2010 along with a proposed transfer order.

On December 10, 2010, the parties submitted Docket # 3162, <u>Joint List of Cases Ready for Transfer and That Have Been or Will be Dismissed or Closed</u>.  Mrs. Barlow's case again is listed ready for transfer back to the originating Court.

### III. Subsequent Events

No transfer order regarding either Mrs. Barlow's case or the other cases listed as ready for transfer in the Court's order of December 6, 2010, has been entered.

On April 28, 2011, Mrs. Barlow and Pfizer mediated her case, without success.

On October 19, 2011, the Plaintiffs Products Liability Steering Committee completed the last of three planned preservation depositions permitted by order of Judge Sorokin.  There are no other coordinated proceedings or depositions scheduled or planned.

Accordingly, Mrs. Barlow's case has been ready for transfer for one year.  Her case has been listed by both the plaintiffs and by defendants as ready for transfer and was on the list of cases to be remanded forthwith by the Court in its Order of December 6, 2010.
Having complied with the Court's orders and requirements for remand, she respectfully moves that her case be remanded.

### IV. Proposed Suggestion of Remand

A proposed Suggestion of Remand Order is attached hereto as Exhibit A.  It is in substantially the form of Docket Number ECF 3416, April 19, 2011 by which this Court suggested remanded of pro se cases to the originating courts.

## V. Certificate of Conference

In addition to the foregoing joint reports submitted by the Pfizer / Warner-Lambert defendants in which they concurred that Mrs. Barlow's case is ready for transfer to the originating Court, undersigned counsel and Mr. Cheffo conferred in contemplation of the mediation sessions and agreed that transfer is proper if the case did not settle during the mediation, which it did not. Undersigned counsel attempted to re-confirm this by telephone before filing this motion, but opposing counsel was not available. Accordingly, the parties have conferred and it is believed that this motion is not opposed.

Wherefore, Premises Considered, Plaintiff Irene Barlow respectfully moves the Court to enter an Order suggesting to the Judicial Panel on Multidistrict Litigation that this case be returned to the Western District of Texas.

Respectfully submitted,

LAW OFFICES OF JACK W LONDON
3701 Bee Cave Rd., Suite 200
Austin, TX 78746
512-478-5858 (telephone)
512-479-5934 (facsimile)

By: _____
Jack W. London, Esq.
State Bar No. 12512500

WRIGHT & GREENHILL, P.C.
221 West 6th Street, Suite 1800
Austin, TX 78701
512-476-4600 (telephone)
512-476-5382 (facsimile)
Archie Carl Pierce
State Bar No. 15991500

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served as required by Case Management Order Number 3 on *November 11, 2011*

Dated: *November 11, 2011*

        LAW OFFICES OF JACK W LONDON
        3701 Bee Cave Rd., Suite 20
        Austin, TX 78746
        512-478-5858 (telephone)
        512-479-5934 (facsimile)

        By: _____
        Jack W. London, Esq.
        State Bar No. 12512500