UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
                                                            :
In re:  NEURONTIN MARKETING, SALES                          :   MDL Docket No. 1629
        PRACTICES AND PRODUCTS                              :
        LIABILITY LITIGATION                                :   Master File No. 04-10981
------------------------------------------------------------x
                                                            :   Judge Patti B. Saris
THIS DOCUMENT RELATES TO:                                   :
                                                            :   Magistrate Judge Leo T.
*Anderson, et al. v. Pfizer, Inc., et al.* (David Weatherford),  :   Sorokin
No. 06-11024-PBS.                                           :
                                                            :
------------------------------------------------------------x

### AFFIDAVIT OF CATHERINE B. STEVENS
### IN SUPPORT OF DEFENDANTS' BILL OF COSTS

I, Catherine B. Stevens, affirm and state as follows:

1.   I am counsel with the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, attorneys for Defendant Pfizer Inc. I make this declaration based on my own personal knowledge and information.

2.   On November 14, 2011, Judge Saris allowed Plaintiff's motion to voluntarily dismiss and wrote "ALLOWED with costs." Pfizer submits this bill of costs in accordance with that order.

3.   Attached hereto as Exhibit A is a true and correct copy of an invoice from Veritext Corporate Services, Inc. dated June 30, 2011 for transcript(s) necessarily obtained for use in this case.

4.   Attached hereto as Exhibit B is a true and correct copy of a summary of fees incurred in collecting documents from treating physicians in this case through October 31, 2011. The summary was prepared by Medical Research Consultants. While Medical Research Consultants charged other fees with regard to this case, only fees associated with collecting the documents from the doctor are requested in the bill of costs. These fees are the copying costs and shipping costs charged by the treating physicians. These costs are no higher than what is

generally charged for reproduction in the local area, and no more copies than what were actually necessary were reproduced. These copies were necessarily obtained for use in this case.

5. Attached hereto as Exhibit C is a true and correct copy of a summary of reproduction disbursements incurred from June 22 to June 30, 2011, which were necessarily made for use in this case. Because the costs set forth in the attached summary were incurred as part of four depositions in four different cases, the costs listed have been reduced to reflect an estimate of the percentage of resources allocated to Plaintiff's case.

6. I affirm that the bill of costs submitted in this case is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

Dated: November 21, 2011

Catherine B. Stevens

Sworn and subscribed before
me this 21 day of November, 2011

Notary Public

Neeta Muddaraj
Notary Public, State of New York
No: 01MU6226790
Commission Expires: August 16, 2014

2