UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------ x
                                                 :
In re:  NEURONTIN MARKETING, SALES               :   MDL Docket No. 1629
        PRACTICES AND PRODUCTS                   :
        LIABILITY LITIGATION                     :   Master File No. 04-10981
------------------------------------------------ x
                                                 :   Judge Patti B. Saris
                                                 :
THIS DOCUMENT RELATES TO:                        :
                                                 :   Magistrate Judge Leo T.
*Blue Cross & Blue Shield of Alabama, et al.*    :   Sorokin
*v. Pfizer Inc., et al.*, 1:06-cv-12295-PBS      :
                                                 :
                                                 :
                                                 :
------------------------------------------------ x

# DEFENDANT PFIZER INC'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO REMAND

Defendants Pfizer Inc, Warner-Lambert Company LLC, Warner Lambert Company, and Parke-Davis (collectively, "Pfizer") object to all findings and recommendations in Magistrate Judge Sorokin's report and recommendation [3711] and respectfully request that this Court decline to adopt it and deny Plaintiffs' Motion to Remand. In this action, Blue Cross and Blue Shield of Alabama and Municipal Workers Compensation Fund (collectively, "Plaintiffs") assert claims against Pfizer and a single Alabama physician, Dr. David Longmire. For the reasons set forth below and in Pfizer's previous briefing and submissions,[1] Plaintiffs' Complaint does not raise a viable claim against Dr. Longmire and, therefore, he was fraudulently joined and his citizenship should be disregarded for purposes of determining diversity jurisdiction. Because the citizenship of all of the defendants who were not fraudulently joined are diverse from Plaintiffs, the Magistrate Judge erred by allowing Plaintiffs' motion to remand to state court.

---

[1] *See* Defs.' Opp'n to Pls.' Mot. to Remand, No. 2:06-cv-00524, Dkt. 11 (M.D. Ala. July 24, 2006) ("Pfizer Opp."); Defs.' Supplemental Mem. of Law in Opp'n to Pls.' Mot. to Remand and in Resp. to Pls.' Supplemental Mem. in Support of Mot. to Remand [720] (Apr. 9, 2007); Defs.' Supplemental Mem. of Law in Opp'n to Pls.' Mot. to Remand [3669] (Oct. 17, 2011).

## PROCEDURAL BACKGROUND

The Plaintiffs, an insurance provider and a workers' compensation fund, seek to recover from Pfizer the costs associated with reimbursements made to healthcare providers, pharmacies, or policyholders for off-label prescriptions of Neurontin. Plaintiffs assert claims for violations of the Alabama Deceptive Trade Practices Act ("ADTPA") (Compl. ¶¶ 170-76); fraud, deceit and suppression (*id.* ¶¶ 182-88); negligent or wanton conduct (*id.* ¶¶ 190-94); negligence or wantonness per se (*id.* ¶¶ 195-201); conspiracy (*id.* ¶¶ 202-04); and – against Pfizer only – unjust enrichment (*id.* ¶¶ 177-81). They filed their Complaint in the Circuit Court of Montgomery, Alabama on May 12, 2006.

In addition to Pfizer, Plaintiffs joined Dr. David Longmire, a doctor who is a citizen and resident of Alabama. Plaintiffs' only factual allegations directed at Dr. Longmire were that he made certain representations about Neurontin at two physicians' conferences in Florida and Massachusetts in 1996 and 1997, respectively – almost a decade before Plaintiffs filed their Complaint. (*See id.* ¶¶ 75, 133-34.) According to the Complaint, Dr. Longmire allegedly "stated that Neurontin was effective for treatment of pain" and made representations about how the efficacy of Neurontin might correlate with dosage. (*See id.*) The Complaint also alleges that Pfizer funded two studies by Dr. Longmire, but it identifies no representations of fact associated with those studies. (*See id.* ¶ 163.) Even though Plaintiffs allege that several other physicians (who presumably are not Alabama residents) also made representations about Neurontin, Dr. Longmire was the only such physician joined as a defendant in this lawsuit.

On June 26, 2006, Pfizer removed this action to the United States District Court for the Middle District of Alabama in accordance with 28 U.S.C. § 1441(b) because Dr. Longmire had been fraudulently joined. Removal was proper because Plaintiffs' causes of action against Dr. Longmire had no colorable basis given the lack of any causal nexus alleged in the Complaint and the applicable statutes of limitations clearly barred claims against him. Thus, he was joined solely for the purpose of defeating diversity. Plaintiffs filed a motion to remand with the federal court in Alabama, and Pfizer timely filed an opposition. Before that court ruled on the remand

motion, this case was transferred to this Court as part of the Neurontin Multi-District Litigation ("MDL") on December 27, 2006. This Court then stayed all motions to remand in all cases in the MDL pending resolution of a motion for class certification [279] made by the plaintiffs named in the Consolidated Class Action Complaint.[2]  On February 27, 2007, Plaintiffs filed a motion for decision on their motion to remand [650]. A hearing was held on April 17, 2007, and both parties have since submitted supplemental briefing.

On November 17, 2011, Magistrate Judge Sorokin entered a report and recommendation in which he recommended that Plaintiffs' motion be allowed. Pfizer now objects to all findings within that report and recommendation, and these objections have been timely filed within 14 days from when it was served with the report and recommendation. *See* Fed. R. Civ. P. 72(b)(2).

## ARGUMENT

### I.  This Court Must Conduct a De Novo Review of Plaintiffs' Motion to Remand

When reviewing objections to a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A magistrate judge's recommendation to remand a case to state court for lack of subject matter jurisdiction constitutes a dispositive ruling, which is subject to de novo review of the district court. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir. 2008) (observing that all "circuits that have considered the matter have concluded that [orders remanding a case for lack of subject matter jurisdiction] are dispositive because they are 'functionally equivalent' to an order of dismissal for the purposes of § 636(b)(1)(A) and Rule 72(a)" (citing *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514-17 (6th Cir. 2001); *1st Union Mortg. Corp. v. Smith*, 229 F.3d 992, 994-97 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998))). Consistent with the rules and these precedents, Magistrate Judge Sorokin identified his findings as a "report and recommendation"

---

[2] The consolidated class action plaintiffs' motion for class certification was denied, and the decision denying class certification is currently on appeal before the First Circuit Court of Appeals [3529].

[3711], rather than an order and, therefore, there can be no question that a de novo standard of review applies.

## II.   Diversity Jurisdiction Exists Because Dr. Longmire Was Fraudulently Joined

As the Supreme Court has recognized, "[f]ederal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right." *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907).  Here, because Dr. Longmire was fraudulently joined, his residence and citizenship must be disregarded for purposes of determining whether removal was appropriate under 28 U.S.C. § 1441(b).[3]

Fraudulent joinder occurs where, as here, a plaintiff "'failed to state a cause of action against the fraudulently joined defendant.'" *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 4-5 (D. Mass. 2001) (Saris, J.) (quoting *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983)); *see also Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (explaining that fraudulent joinder occurs where there is an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court").  A removing defendant may establish fraudulent joinder by showing "that there is no possibility, based on the pleadings, that the Plaintiff can state a cause of action against the non-diverse defendant in state court." *In re Neurontin Mktg., Sales Practices & Prods. Liab. Litig.*, No. 04-10981-PBS, 2006 WL 6553001, at *2 (D. Mass. Dec. 22, 2006).  The propriety of removal based upon an assertion of fraudulent joinder must be determined "'according to the plaintiff's pleading at the time of the petition for removal.'" *Mills*, 178 F. Supp. 2d at 4 (citation omitted).

In determining whether a defendant has been fraudulently joined, plaintiffs' "'mere assertion of metaphysical doubt as to the material facts [is] insufficient to create an issue if there is no basis for those facts.'" *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005) (alteration in original) (quoting *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000)).  Plaintiffs

---

[3] In addition, for the reasons stated in Pfizer's prior briefing, Dr. Longmire should have been re-aligned for purpose of determining diversity, based on the relationships of the parties as they existed when the case was removed.  Pfizer incorporates by reference its prior arguments.  (Pfizer Opp. at 21-22.)

are only entitled to have a question of fact resolved in their favor "when both parties have submitted evidence of contradictory facts." *Id.* Federal courts "do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* For the reasons set forth below, Plaintiffs have failed to allege a plausible claim against Dr. Longmire.[4]

### A. Plaintiffs Have Not Alleged And Cannot Prove the Necessary Element of Reliance For Any Of Their Claims Against Dr. Longmire

Plaintiffs' Complaint does not state – and they cannot establish – a cause of action against Dr. Longmire because they fail to allege facts that would demonstrate a proximate causal nexus between Dr. Longmire's alleged statements and any injuries claimed by Plaintiffs. Plaintiffs' Complaint contains only *pro forma* allegations that plead causation for each of their claims, such as that "Defendants' misrepresentations and omissions of material fact directly and proximately caused Plaintiffs' damages." (Compl. ¶ 189; *see also id.* ¶¶ 175, 194, 201, 204.) These conclusory allegations fail the pleading standards of both Rules 8 and 9(b). For the purpose of determining whether Plaintiffs have stated a claim against Dr. Longmire, the Court should consider only the "'well-pleaded [factual] allegations'" of the Complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 578 n.5 (2007) (citation omitted).[5] "[F]ormulaic recitation[s] of the

---

[4] In their supplemental memorandum, Plaintiffs cryptically refer to the "common defense" rule. ([3661] at 4 n.5.) However, this doctrine has no applicability here. The common defense rule bars removal on grounds of fraudulent joinder only "if the showing of no possibility of recovery against the local defendant applies equally to all defendants." *McDonal v. Abbott Labs.*, 408 F.3d 177, 184 (5th Cir. 2005). The "central principle [of the common defense rule] is implicated only when the common defense asserted would be equally dispositive as to *all* of the defendants." *Id.* Here, Plaintiffs allege causal mechanisms as to Pfizer that are independent of Dr. Longmire. While Pfizer submits that Plaintiffs' allegations as to it are also insufficient, that is a separate question to be resolved by this Court at the appropriate time. This Court is not required to determine the merits of Plaintiffs' claims against Pfizer to decide that Dr. Longmire is fraudulently joined. For similar reasons, the common defense rule does not apply to Pfizer's arguments concerning the statute of limitations, discussed below. The mere fact that both Dr. Longmire and Pfizer assert defenses based on the statute of limitations does not require application of the common defense rule where the factual allegations against the defendants are significantly different.

[5] *See also Kemp v. CTL Distribution, Inc.*, No. 10-31132, 2011 WL 3425592, at *7 (5th Cir. Aug. 5, 2011) (denying motion to remand and applying the standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to test the sufficiency of allegations against a fraudulently joined defendant).

elements of a cause of action" are insufficient, *id.* at 555, especially where, as here, they are pled in an undifferentiated manner as to all "Defendants."

Plaintiffs' allegations of reliance must also satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b). Thus, Plaintiffs must allege "'(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and *manner in which these statements misled the [p]laintiffs*; and (4) what the defendants gained by the alleged fraud.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (emphasis added) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)). Further, "[t]he plaintiff must allege facts with respect to each defendant's participation in the fraud." *Id.*

Plaintiffs' minimal factual allegations fail to satisfy these standards with regard to the element of reliance, which is necessary to establish proximate causation in cases involving alleged misrepresentations. The only representations by Dr. Longmire that Plaintiffs identified in their Complaint were allegedly made at physician conferences in Florida and Massachusetts in 1996 and 1997. (Compl. ¶¶ 75, 133-34.) Aside from the fact that the alleged representations are neither false nor misleading and are protected by the First Amendment, they are insufficient, standing alone, to establish a causal connection to any harm to Plaintiffs. The Complaint contains no specific facts explaining how the alleged representations made to groups of physicians in Florida and Massachusetts, a decade prior to Plaintiffs' suit, caused Plaintiffs to pay for Neurontin prescriptions for which they would not have otherwise paid. *See Hunt Petroleum Corp. v. State*, 901 So. 2d 1, 4 (Ala. 2004) (no causation on fraud-based claims unless plaintiff would have acted differently and avoided loss but for defendant's representations). Nor does it allege that Plaintiffs or any physician read or relied on any representation associated with a study conducted by Dr. Longmire. (*See* Compl. ¶ 163.)

For example, the Complaint does not allege that Plaintiffs or their agents even heard Dr. Longmire's alleged representations, much less relied upon them, which is a fatal flaw in their fraud claims. *See Ames v. Pardue*, 389 So. 2d 927, 931 (Ala. 1980) (holding that there was no

6

fraud claim where plaintiff did not rely on defendant's representations); *Montgomery Rubber & Gasket Co. v. Belmont Mach. Co.*, 308 F. Supp. 2d 1293, 1298-1300 (M.D. Ala. 2004) (rejecting the plaintiff's misrepresentation and deceit claims where the plaintiff failed to allege that the defendant made any representation to the plaintiff); *see also In re Neurontin Mktg. & Sales Practices Litig.*, 677 F. Supp. 2d 479, 496 (D. Mass. 2010) (Saris, J.) ("[I]n order to show causation, the Coordinated Plaintiffs must present evidence that they were directly harmed by misrepresentations or omissions relied on by the TPP."). In fact, the evidence is to the contrary, as Dr. Longmire has specifically averred, without dispute, that he has never made any representations about Neurontin to Plaintiffs or their agents. (Longmire Aff. ¶¶ 13-14, [06-524, No. 11-2].) Further, considering that the alleged representations of Dr. Longmire were made to an audience of physicians who are not party to this lawsuit, the vague allegation that the Plaintiffs themselves somehow relied on such representations is utterly implausible. In this respect, Plaintiffs have not even alleged sufficient facts that would satisfy the plausibility standard of Rule 8, much less the particularity standard of Rule 9(b).

The Complaint likewise fails under any limited theory of third-party reliance, as it does not identify anyone who heard these representations, nor does it particularly allege that any such persons relied on the representations, nor that Plaintiffs relied on those representations in turn. *See Delta Health Grp., Inc. v. Stafford*, 887 So. 2d 887, 899 (Ala. 2004) (third-party misrepresentation still requires reliance by plaintiff). In the absence of any allegation that Plaintiffs themselves relied, either directly or indirectly, on Dr. Longmire's statements when making formulary or reimbursement decisions, Plaintiffs' claims amount to nothing more than fraud-on-the-market, which this Court has repeatedly held is not cognizable as a matter of law. *See In re Neurontin Mktg., Sales Practices & Prods. Liab. Litig.*, 257 F.R.D. 315, 326-27 (D. Mass. 2009) (Saris, J.).

The Magistrate Judge mistakenly found that the element of reliance had been pled, while failing to point to any specific allegations of reliance in the Complaint. In fact, the Complaint contains none. Rather, the report and recommendation merely recites the allegations regarding

Dr. Longmire's representations in 1996 and 1997, which – at best – constitute only allegations of misrepresentations, but *not reliance*. (*See* 11/17/11 Report & Recommendation [3711] at 6-8.) However, as support for his determination that Plaintiffs "have sufficiently alleged causation and reliance," the Magistrate Judge cited only to broad and conclusory allegations of the Complaint:

> The Plaintiffs claim that by implementing this marketing scheme, the Defendants (a group that includes Dr. Longmire), made misrepresentations and omissions of material fact that "directly and proximately caused Plaintiffs' damages." [Compl.] at ¶ 189. In addition, they allege that the Defendants caused the Plaintiffs to pay for Neurontin when it was not medically necessary, or effective. *Id.* at ¶ 173. They also allege that "[a]s a proximate consequence of [defendants' conduct], Plaintiffs have been caused to suffer injury and damages," *id.* at ¶ 194; "Defendants' violation of the FDCA and related regulations proximately caused Plaintiffs [sic] injury and damages." *id.* at ¶ 201; and that "[a]s a proximate consequence of said conspiracy and collusion among the named Defendants and/or among the named Defendants and unknown third parties, the Plaintiffs have been injured and damaged." *id.* at ¶ 204.

(*See* 11/17/11 Report & Recommendation [3711] at 7-8.) Broad allegations that a defendant's conduct was the proximate cause of a plaintiff's injury are precisely the sort of generalized, conclusory assertions that both the Supreme Court's dictates in *Twombly* and Rule 9(b) prohibits. Nowhere in these blanket assertions is there any fact that would shed light on how the Plaintiffs – or anyone else – supposedly relied on any particular representation made by Dr. Longmire. Thus, contrary to the Magistrate Judge's findings, Plaintiffs have failed to plead with specificity the supposed "manner in which [Dr. Longmire's] statements misled" them. *Am. Dental Ass'n*, 605 F.3d at 1291 (quoting *Brooks*, 116 F.3d at 1380). Accordingly, the Magistrate Judge's finding that Plaintiffs adequately pled reliance with regard to Dr. Longmire was erroneous and should not be adopted by this Court.

This Court has previously found fraudulent joinder in this litigation in a similar attempt to join a non-diverse defendant. *See Johnson v. Pfizer, Inc.* (In re Neurontin Mktg. & Sales Practices Litig.), No. 06-10309, 2006 WL 6552976 (D. Mass. Oct. 16, 2006) (report adopted without objection in electronic order of November 1, 2006). In *Johnson*, a wrongful death action, this Court denied the plaintiffs' motion to remand, holding that plaintiffs could not prove

8

the possibility of a cause of action against a non-diverse Pfizer sales representative:

> No allegation connects [the sales representative's] actions – negligently marketing of Neurontin and/or knowingly marketing Neurontin for unapproved uses – to Johnson's death.  There is no allegation that [the sales representative] marketed Neurontin for unapproved uses to Johnson's physician or made negligent or knowing misrepresentations to Johnson's physician (or to Johnson, for that matter).   There are not even any allegations contending that [the sales representative] had *any* connection to Johnson, to Johnson's physician, or to anyone connected to Johnson or Johnson's physician.

*Id.* at *2.  The Court then recognized that general, conclusory allegations of causation – much like Plaintiffs' allegations in this case – are insufficient to defeat a finding of fraudulent joinder:

> The Petition does allege that [the sales representative] was the "legal cause" of Johnson's death.  *Without further allegations, however, based upon the pleadings in this petition, that is insufficient to state a cause of action*.  Plaintiffs cannot establish the possibility of a cause of action against [the sales representative].

*Id.* (emphasis added) (citation omitted).

Here, as in *Johnson*, there are only conclusory assertions of causation, but no particular allegations connecting Dr. Longmire's alleged wrongful actions in Florida and Massachusetts to Plaintiffs' decisions to reimburse Neurontin prescriptions in Alabama.  Moreover, Dr. Longmire's uncontested affidavit directly rebuts any potential causal nexus between these actions and Plaintiffs' injury.  *See id.* at *2 (finding that "the unrebutted affidavit [of the sales representative] carries weight" in establishing fraudulent joinder).

Finally, the Magistrate Judge erred by considering additional allegations that were not pled at the time of removal, including that Dr. Longmire participated "in additional speaking engagements in nine additional locations in seven states, including one in Alabama."  (11/17/11 Report & Recommendation [3711] at 8.)  It is well established that the propriety of removal must be determined "'according to the plaintiff's pleading at the time of the petition for removal.'"  *Mills*, 178 F. Supp. 2d at 4 (citation omitted).  The relevant question is whether Dr. Longmire was fraudulently joined in Plaintiffs' Complaint as filed in 2006 and, thus, any additional materials are relevant only to the extent they show whether Plaintiffs' Complaint *as filed* could state a claim for relief against Dr. Longmire.

Regardless, those improperly-considered facts do not cure the Plaintiffs' total failure to plead reliance. Even if Dr. Longmire made some unspecified representations at additional speaking engagements, Plaintiffs have failed to allege that they or any prescribing physician heard and relied on those representations.

Because Plaintiffs have failed to plead a colorable claim against Dr. Longmire, removal was proper.

### B. Plaintiffs' Claims Arising from Dr. Longmire's Conduct in 1996 and 1997 Are Barred by Alabama's Statutes of Limitations

From the face of the Complaint, it is also clear that Plaintiffs' claims against Dr. Longmire are barred by the applicable statutes of limitations. Dr. Longmire's alleged misrepresentations, which are the sole basis for all Plaintiffs' claims against him, occurred almost a decade before they filed the Complaint. Accordingly, each of Plaintiffs' claims against Dr. Longmire are time-barred as follows:

- **Negligence and Wanton Conduct:** These claims must be asserted within two years of the alleged wrong and are therefore barred as a matter of law. Ala. Code 1975 § 6-2-38(*l*) (2005 & Supp. 2011); *Booker v. United Am. Ins. Co.*, 700 So. 2d 1333, 1339 (Ala. 1997).

- **Alabama Deceptive Trade Practices Act (ADTPA):** These claims are barred because "in no event may any action be brought under [the ADTPA] more than four years from the date of the transaction giving rise to the cause of action." Ala. Code 1975 § 8-19-14 (2002).[6]

- **Fraud and Deceit:** Any fraud claim filed more than two years after the alleged fraud occurred requires a plaintiff to plead facts showing what prevented discovery of the fraud. *See Smith v. Nat'l Sec. Ins. Co.*, 860 So. 2d 343, 347 (Ala. 2003).

Dr. Longmire's most recent conduct outlined in the Complaint was alleged to have occurred in 1997, which was about nine years before Plaintiffs filed their Complaint – far longer than any of the limitations periods outlined above.

---

[6] In addition, Plaintiffs plainly lack standing to assert ADTPA claims because, as third-party payors, they are not "consumers" who "buy[] goods or services for personal, family, or household use." Ala. Code 1975 § 8-19-3(2) (2002); *Meeks v. Xtreme Cycle Supply*, No. 2:05CV223-VPM, 2006 WL 780580, at *2 (M.D. Ala. Mar. 27, 2006).

10

As numerous courts have explained, a defendant may establish fraudulent joinder where – as here – the claims against the non-diverse defendants are barred by the applicable statute of limitations. *See, e.g.*, *In re Briscoe*, 448 F.3d 201, 219 (3d Cir. 2006) ("Courts have . . . recognized that a statute of limitations defense is properly considered in connection with a fraudulent joinder inquiry."); *LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 690 (7th Cir. 1998) ("If the time to bring the cause of action had expired, then the district court was correct in dismissing Wright and Knight as fraudulently joined.") (citation omitted); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998) (holding that defendants were fraudulently joined because the claims against them were barred by the statute of limitations). Accordingly, in order to assert a claim against Dr. Longmire, Plaintiffs must allege some basis for tolling the statute of limitations, which they have not done.

To the extent Plaintiffs argue that Dr. Longmire fraudulently concealed their potential claims, such an argument finds no support in Alabama law. In order to plead tolling based on fraudulent concealment, a plaintiff must satisfy the particularity requirements, which are required by Rule 9 of both the Federal and Alabama Rules of Civil Procedure. *See Miller v. Mobile County Board of Health*, 409 So. 2d 420, 422 (Ala. 1981); *Waldrup v. Hartford Life Ins. Co.*, 598 F. Supp. 2d 1219, 1228 (N.D. Ala. 2008). The Alabama Supreme Court has held that a plaintiff cannot establish fraudulent concealment where the complaint "'fails to allege any of the facts or circumstances by which the [defendant] concealed the cause of action or injury'" and "'fails to allege what prevented [plaintiff] from discovering facts surrounding the [fraud].'" *Smith*, 860 So. 2d at 347 (third alteration in original) (quoting *Miller*, 409 So. 2d at 422). In this case, the Plaintiffs have not set forth any allegations that Dr. Longmire somehow concealed their alleged causes of action. It is not sufficient for a plaintiff to plead "generalized references to concealment, without any supporting factual detail." *Waldrup*, 598 F. Supp. 2d at 1227 (citing *Smith*, 860 So. 2d at 346).

For example, in *Waldrup*, policyholders brought an action in Alabama state court against an insurance company and one of its agents on several theories of recovery, including fraudulent

11

misrepresentation and negligence based on alleged misrepresentations. *Id.* at 1223-24. Even though the presence of the agent defendant would have destroyed diversity, the defendant insurance company removed the case to federal court because the agent had been fraudulently joined. *Id.* at 1224. They argued that the claims against the agent defendant were barred by Alabama's statute of limitations because "[t]he alleged representations made by Roberts occurred in 1995 and 1999, but plaintiffs did not file this action until 2007." *Id.* at 1226. The *Waldrup* court agreed, and it rejected the plaintiffs' attempt to assert tolling based upon fraudulent concealment because plaintiffs' complaint was "completely devoid of any allegation that defendant 'actively suppressed the fraud . . . ,' or 'that defendant[s] made any affirmative representations, after the fact of the fraud, which operated to conceal the alleged fraud' from plaintiffs." *Id.* at 1228 (alteration in original) (citing *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006)). As such, the court found that "there is no possibility that plaintiffs could escape the bar of the statute of limitations based on the allegations in their complaint, and thus that there is no possibility that plaintiffs could establish a claim against [the non-diverse agent defendant] under Alabama law." *Id.* The *Waldrup* court then denied plaintiffs' motion to remand to state court because the only non-diverse defendant had been fraudulently joined. *Id.*

The circumstances in this case are essentially the same as those considered by the *Waldrup* court. Plaintiffs here have not alleged any conduct on the part of Dr. Longmire that would have actively suppressed the facts underlying the Plaintiffs' claims or any affirmative misrepresentations made *after* the alleged fraudulent misrepresentations (in 1996 and 1997). Thus, there is no question that Plaintiffs cannot establish fraudulent concealment as to Dr. Longmire, and their claims against him are barred by the applicable statute of limitations. Nonetheless, the Magistrate Judge's report and recommendation does not even address the statute of limitations. For this, among other, reasons, this Court should decline to adopt the Magistrate Judge's report and recommendation and deny Plaintiffs' motion to remand.

### C. Plaintiffs' Claims Against Dr. Longmire Are Barred By The First Amendment

The representations about Neurontin attributed to Dr. Longmire in the Complaint constituted non-defamatory, non-commercial speech protected by the First Amendment. Plaintiffs' claims against him, therefore, fail for this additional reason. *See, e.g.*, *Gorran v. Atkins Nutritionals, Inc.*, 464 F. Supp. 2d 315, 327 (S.D.N.Y. 2006) (holding that publisher of Atkins diet book could not be liable for negligence even though it described how to use particular commercial products), *aff'd*, 279 F. App'x 40 (2d Cir. 2008); *Ginsburg v. Agora, Inc.*, 915 F. Supp. 733, 739 (D. Md. 1995) (holding that First Amendment concerns precluded liability based on negligent statements in an investment newsletter); *Demuth Dev. Corp. v. Merck & Co.*, 432 F. Supp. 990, 993 (E.D.N.Y. 1977) (refusing to impose liability on publisher of an encyclopedia of chemicals and drugs due to First Amendment concerns); *Lacoff v. Buena Vista Publ'g, Inc.*, 705 N.Y.S.2d 183, 188 (Sup. Ct. 2000) ("If it is found to be noncommercial speech, even falsehoods in the speech will be given full First Amendment protection."). Dr. Longmire had a First Amendment right to discuss his clinical experience with Neurontin with other physicians and such protected speech cannot give rise to a cause of action against him.

### D. Plaintiffs' Claim For Civil Conspiracy Against Dr. Longmire Likewise Fails

Finally, because Plaintiffs have failed to set forth any independent cognizable action against Dr. Longmire, their civil conspiracy claims necessarily fail as well. As numerous Alabama courts have held, civil conspiracy is not itself an actionable tort but requires a valid underlying cause of action. *See, e.g.*, *Prill v. Marrone*, 23 So. 3d 1, 11 (Ala. 2009) ("'A plaintiff alleging a conspiracy must have a valid underlying cause of action.'" (citation omitted)); *Barber v. Bus. Prods. Ctr., Inc.*, 677 So. 2d 223, 228 (Ala. 1996) ("Liability for civil conspiracy rests upon the existence of an underlying wrong, and if the action alleged to constitute the underlying wrong provides no cause of action, then neither does the conspiracy itself."), *overruled on other grounds by White Sands Grp. L.L.C. v. PRS II, LLC*, 32 So. 3d 5 (Ala. 2009); *Jones v. BP Oil Co.*, 632 So. 2d 435, 439 (Ala. 1993) ("[I]f the underlying wrong provides no cause of action,

then neither does the conspiracy."). For all the reasons stated above, Plaintiffs have failed to state a cognizable claim against Dr. Longmire, and therefore their civil conspiracy claims also fail.

In his report and recommendation, however, Magistrate Judge Sorokin wrote: "Since civil conspirators are liable for one another's wrongful acts in furtherance of a common scheme, in order to prevail against Longmire on this particular claim the Defendants need only show that he was a participant in the common scheme and that misrepresentations made in furtherance of the conspiracy (not necessarily by Longmire personally) were relied upon by, and caused damage to, the Plaintiffs." (*See* 11/17/11 Report & Recommendation [3711] at 9.) Yet the Magistrate Judge's finding is contrary to the long line of Alabama case law cited above, which requires a plaintiff to show independent tortuous conduct on the part of the defendant underlying the conspiracy claim. The only case cited in the Magistrate Judge's report and recommendation[7] involved *criminal*, not *civil*, conspiracy and, therefore, is inapposite here. *See Prill*, 23 So. 3d at 11 (holding that a plaintiff "may not maintain a separate or additional cause of action under the criminal-complicity or conspiracy statutes" and that a civil conspiracy claim "'must have a valid underlying cause of action'" (citation omitted)).

Furthermore, regardless of whether Dr. Longmire could be somehow liable for representations of Pfizer (which he cannot), neither the Plaintiffs nor Magistrate Judge Sorokin explained what those representations allegedly were or how Plaintiffs supposedly relied upon them. Thus, such a civil conspiracy theory would suffer from the same defects as the claims above – in additional to failing for lack of a valid underlying cause of action and being barred by the statute of limitations.

---

[7] *Mabry v. State*, 40 Ala. App. 129, 135 (1959). In *Mabry*, the defendant-appellant was involved in a conspiracy to kidnap a man, and one of his co-conspirators castrated the victim. *Id.* at 133-34. The issue on appeal was whether the act of castration was outside the scope of the conspiracy for purposes of the defendant's criminal liability. *Id.* at 134. Obviously, the facts of that case are much different from the circumstances presented here.

**CONCLUSION**

For the foregoing reasons and for those set forth in Pfizer's prior briefing, this Court should decline to adopt the Magistrate Judge's report and recommendation and deny Plaintiffs' motion to remand.

Dated: December 1, 2011                    Respectfully submitted,

                                                    SKADDEN, ARPS, SLATE,
                                                      MEAGHER & FLOM LLP

                                                    By: /s/ Mark S. Cheffo
                                                          Mark S. Cheffo

                                                    Four Times Square
                                                    New York, NY 10036
                                                    Tel: (212) 735-3000

                                                    ROPES & GRAY LLP

                                                    By: /s/ Justin J. Wolosz
                                                         Justin J. Wolosz
                                                         BBO # #643543

                                                    Prudential Tower
                                                    800 Boylston Street
                                                    Boston, MA 02110
                                                    Tel: (617) 951-7000
                                                    Email: justin.wolosz@ropesgray.com

                                                    *Attorneys for Defendants Pfizer Inc and*
                                                    *Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on December 1, 2011.

/s/ Justin J. Wolosz
Justin J. Wolosz
