IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEURONTIN MARKETING AND SALES PRACTICE LITIGATION | MDL Docket No. 1629<br>C.A. No. 04-10981 |
| THIS DOCUMENT RELATES TO: | |
| TERESA DRINKWINE, Individually and as Trustee for the Next of Kin of MICHAEL DRINKWINE, Decedent, | |
| Plaintiff, | |
| v. | |
| PFIZER INC., et al. | |
| Defendants. | |
| Individual Case No. 1:09-cv-10836-PBS | |

**AMERICAN HOME ASSURANCE COMPANY'S INTERVENING COMPLAINT**

1. On or about April 25, 2006, decedent Michael Drinkwine committed suicide.

2. As a result of that suicide, American Home Assurance Company (hereinafter "American"), the decedent's employer's Workers' Compensation carrier, paid benefits to Michael Drinkwine's kin, including Plaintiff Theresa Drinkwater, Individually and as Trustee for the Next of Kin of Michael Drinkwine (hereinafter "Plaintiff Drinkwine").

3. On or about April 24, 2009, Plaintiff Drinkwine commenced an action against Pfizer Inc., Parke-Davis, Warner-Lambert Company, Warner-Lambert Company LLC, and Teva Pharmaceuticals USA, Inc. in the United States District Court for the District of Minnesota. That

action generally alleged that decedent's suicide was caused or contributed to by decedent's consumption of the prescription drugs Neurontin and gabapentin. *See* Plaintiff's Complaint, at ¶¶ 137-150. Plaintiff Drinkwine alleged wrongful death, negligence, breach of warranty, strict products liability, fraudulent misrepresentation, and violation of the Minnesota Consumer Fraud Statute, Minnesota Statute section 325F.69. *See* Plaintiff's Complaint, incorporated herein, at ¶¶ 151-273. That Minnesota action bore action number C.A. No. 0:09-948.

4. On or about May 20, 2009, the United States Panel on Multidistrict Litigation issued a Conditional Transfer Order. That order transferred Drinkwine's case to the District of Massachusetts for consolidated or coordinated proceedings pursuant to 28 U.S.C. s 1407. Plaintiff Drinkwine's case was consolidated with Lead Case No. 1:04-cv-10981-PBS as part of Multi-District Litigation Docket No. 1629.

5. In the event that Plaintiff Drinkwine makes a recovery in this case, the Proposed Intervening Plaintiff, American, has a statutory right to be repaid from said recovery, and Plaintiff Drinkwine has a statutory obligation to make said payment.

6. Pursuant to the Minnesota Statutes section 176.061 and/or Massachusetts General Law chapter 152 section 15 (hereinafter collectively referred to as the "Workers' Compensation Acts"), American has a right to recover worker's compensation payments it made to decedent's kin from any judgment or settlement that Plaintiff Drinkwater may receive as a result of the above captioned litigation.

The Proposed Intervening Plaintiff, American Home Assurance Company, claims that any damages received by Plaintiff Drinkwine in the above captioned action shall be so paid and apportioned so that Proposed Intervening Plaintiff, American Insurance, will be reimbursed for the amounts it has paid and may become obligated to pay under Workers' Compensation Acts.

PROPOSED INTERVENING PLAINTIFF,
AMERICAN HOME ASSURANCE COMPANY,
BY ITS ATTORNEYS,


/s/ Paul S. Rainville
Paul S. Rainville, Esquire
prainville@hassettanddonnelly.com
Tara E. Lynch, Esquire
tlynch@hassettanddonnelly.com
Hassett & Donnelly, P.C.
446 Main Street, 12th Floor
Worcester, Massachusetts 01608
Phone: (508) 791-6287
Fax:  (608) 791-2652

Dated:  December 8, 2011


## CERTIFICATE OF SERVICE

    I hereby certify that American Home Assurance Company's Intervening Complaint was filed through the ECF System and has been served pursuant to Case Management No. 3 on December 8, 2011.


/s/ Paul S. Rainville