IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
------------------------------------------------------ )
                                                       )
IN RE: NEURONTIN MARKETING AND      )          MDL Docket No. 1629
       SALES PRACTICE LITIGATION    )          C.A. No. 04-10981
                                                       )
------------------------------------------------------ )
                                                       )
THIS DOCUMENT RELATES TO:                    )
                                                       )
TERESA DRINKWINE, Individually and as )
Trustee for the Next of Kin of MICHAEL      )
DRINKWINE, Decedent,                            )
                                                       )
         Plaintiff,                                    )
                                                       )
v.                                                     )
                                                       )
PFIZER INC., et al.                                 )
                                                       )
         Defendants.                                )
                                                       )
Individual Case No. 1:09-cv-10836-PBS     )
------------------------------------------------------ )
```

**MEMORANDUM OF LAW IN SUPPORT OF AMERICAN HOME ASSURANCE
COMPANY'S MOTION TO INTERVENE ON BEHALF OF PLAINTIFFS**

**INTRODUCTION**

This memorandum is offered in support of American Home Assurance Company's

("American") Motion to Intervene as a plaintiff in this action pursuant to Federal Rule of Civil

Procedure Rule 24(b).

**FACTUAL AND PROCEDURAL HISTORY**

On April 26, 2009, Michael Drinkwine, decedent, committed suicide. As a result of that

suicide, American paid benefits to Michael Drinkwine's kin pursuant to Minnesota Statutes

section 176.061 and/or Massachusetts General Law chapter 152 section 15 (hereinafter collectively referred to as the "Workers' Compensation Acts").

On or about April 24, 2009, Plaintiff Teresa Drinkwine, Individually and as the Trustee for the Next of Kin of Michael Drinkwine (hereinafter "Plaintiff Drinkwine") commenced an action against Pfizer Inc., Parke-Davis, Warner-Lambert Company, Warner-Lambert Company LLC, and Teva Pharmaceuticals USA, Inc. in the United States District Court for the District of Minnesota. That action generally alleged that decedent's suicide was caused or contributed to by decedent's consumption of the prescription drugs Neurontin and gabapentin. *See* Plaintiff Drinkwine's Complaint, incorporated herein, at ¶¶ 137-150.  Drinkwine alleged wrongful death, negligence, breach of warranty, strict products liability, fraudulent misrepresentation, and violation of the Minnesota Consumer Fraud Statute (Minn. Stat. s 325F.69). *Id.* at ¶¶ 151-273). That Minnesota action bore action number C.A. No. 0:09-948.

On or about May 20, 2009, the United States Panel on Multidistrict Litigation issued a Conditional Transfer Order.  That order transferred Drinkwine's case to the District of Massachusetts for consolidated or coordinated proceedings pursuant to 28 U.S.C. s 1407. Drinkwine's case was consolidated with Lead Case No. 1:04-cv-10981-PBS as part of Multi District Litigation Docket No. 1629, also known as In re: Neurontin Marketing and Sales Practice Litigation.

American now moves to intervene in the consolidated federal action to protect its right to be subrogated for payments it made to decedent's kin pursuant to the Workers' Compensation Acts.

**ARGUMENT**

**I.  American has a right to subrogation for the payments it made to Plaintiff Teresa Drinkwine, Individually and as the Trustee for the Next of Kin of Michael Drinkwine.**

Under both the laws of Minnesota, where the underlying injury occurred and the action was commenced, and Massachusetts, where the action currently sits in the District Court, American has a statutory right to be subrogated for the payments it made to decedent's kin pursuant to the Workers' Compensation Acts.

The relevant Minnesota statute is section 176.061. Subdivision three of that section provides:

> "If the employee or the employee's dependents elect to receive benefits from the employer, or the special compensation fund, **the employer or the special compensation fund has a right of indemnity or is subrogated to the right of the employee or the employee's dependents to recover damages against the other party**. The employer, or the attorney general on behalf of the special compensation fund, may bring legal proceedings against the party and recover the aggregate amount of benefits payable to or on behalf of the employee or the employee's dependents, regardless of whether such benefits are recoverable by the employee or the employee's dependents at common law or by statute together with costs, disbursements, and reasonable attorney's fees of the action."  Minn. St. 176.061 (3) (emphasis added).

Subdivision five similarly provides:

> ". . . If the injured employee or the employee's dependents or any party on their behalf receives benefits from the employer or the special compensation fund or institutes proceedings to recover benefits or accepts from the employer or the special compensation fund any payment on account of the benefits**, the employer or the special compensation fund is subrogated to the rights of the employee or the employee's dependents or has a right of indemnity against a third party regardless of whether such benefits are recoverable by the employee or the employee's dependents at common law or by statute**. **The employer or the attorney general on behalf of the special compensation fund may maintain a separate action or continue an action already instituted.** . . . The proceeds of the action or settlement of the action shall be paid in accordance with subdivision 6."  Minn. St. 176.061 (5) (emphasis added).

While those sections mention "employers," they apply equally to an employer's workers' compensation insurer.  *See Zurich Am. Ins. Co. v. Bjelland*, 710 N.W.2d 64 (Minn. 2006)

(applying the above cited statutes to a workers' compensation insurer's subrogation action against alleged tortfeasor).  The Minnesota Courts have "stressed the value of intervention for the [party] seeking to protect its subrogation rights."  *Norman v. Refsland,* 383 N.W.2d 673, 678 (Minn. 1986); *see also Easterlin v. State*, 330 N.W.2d 704, 708 (Minn. 1983).

Should the Massachusetts Workers' Compensation Act apply, American also has a right to subrogation, and intervention in this action will properly preserve American'ss right to subrogation.  Massachusetts General Law chapter 152, section 15 provides:

> "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee shall be entitled, without election, to the compensation and other benefits provided under this chapter. Either the employee or insurer may proceed to enforce the liability of such person, but the insurer may not do so unless compensation has been paid in accordance with sections seven, eight, ten A, eleven C, twelve or nineteen nor until seven months following the date of such injury. The sum recovered shall be for the benefit of the insurer, unless such sum is greater than that paid by it to the employee, in which event the excess shall be retained by or paid to the employee."  M.G.L. ch. 152, s 15.

It is clear that American has a right to be surrogated for the amounts it paid on behalf of Michael Drinkwine.

## II.  American is entitled to intervene in this action as a matter of right.

Federal Rule of Civil Procedure 24 (a) deals with intervention as of right.  That section provides:

> "On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) **claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest**, unless existing parties adequately represent that interest."  Fed.R.Civ.P. 24(a) (emphasis added).

First, this motion is timely, as the above-captioned litigation is ongoing.  Indeed, Federal Courts have permitted workers' compensation insurers to intervene in actions to protect their

4

subrogation interests even *after* entry of final judgment in the underlying action. *See McDonald v. E. J. Lavino Co.,* 430 F.2d 1065 (5th Cir. 1970), citing *Mason v. Marine Ins. Co.,* 110 F. 452 (6h Cit. 1901) ("When the money was paid into court, all the purposes of the decree, so far as the parties to the suit were concerned, were accomplished. The insurance companies had not been parties to the suit, and it was entirely competent for them, at any time before the final distribution of the fund was made, to intervene for the purpose of presenting their claim to an interest in the fund, and for its establishment by the decree of the court.")

Moreover, intervention as of right is appropriate under rule 24(a)(2). Federal Courts have previously recognized a workers' compensation insurer's entitlement to intervene in a matter as of right to protect its subrogation interest. *See Krueger v. Cartwright*, 996 F.2d 928 (7th Cir. 1993); *Black v. Texas Emp. Ins. Ass'n*, 326 F.2d 603 (10th Cir. 1964); *Kelley v. Summers*, 210 F.2d 665 (10h Cir. 1954); *Encina v. Heat and Control, Inc*., Slip Copy, 2011 WL 662781 (D.Co. 2011) (workers' compensation insurer could intervene as of right in action brought by plaintiff on behalf of her deceased spouse to protect its right to be subrogated for benefits paid).

American's intervention as of right in the above-captioned should be allowed to put the parties to the action on notice of American's interest in any award paid to Plaintiff Drinkwine.

## III. Alternatively, American is entitled to permissive intervention.

In addition to meeting the requirements for intervention as of right, American has met those establishing a basis for a discretionary grant of permissive intervention. Federal Rule of Civil Procedure 24(b), dealing with permissive intervention, provides:

> "On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) **has a claim or defense that shares with the main action a common question of law or fact. . . .**

   (3) *Delay or Prejudice.*  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b) (emphasis added).

As discussed above, American's application for intervention is timely, as the litigation is ongoing.  Moreover, American "has a claim or defense that shares with the main action a common question of law or fact."  Fed.R.Civ.P. 24(b)(1)(B).  Indeed, American's ability to be subrogated depends precisely upon the determination of liability, and any recovery by plaintiff Drinkwine, in the matter in which it seeks to intervene.  Finally, American's intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.  Therefore, permissive intervention is also appropriate.

## CONCLUSION

For these reasons, the Proposed Intervening Plaintiff, American Insurance, respectfully requests that this Court grant its Motion to Intervene, permit it to intervene in this action as a party plaintiff, permit it to file the attached pleading (American Home Assurance Company's Intervening Complaint) as its complaint in this matter, and permit it to otherwise exercise all the rights of a party.

PROPOSED INTERVENING PLAINTIFF,
AMERICAN HOME ASSURANCE COMPANY,
BY ITS ATTORNEYS,


 /s/ Paul S. Rainville
Paul S. Rainville, Esquire
prainville@hassettanddonnelly.com
Tara E. Lynch, Esquire
tlynch@hassettanddonnelly.com
Hassett & Donnelly, P.C.
446 Main Street, 12th Floor
Worcester, Massachusetts 01608
Phone: (508) 791-6287
Fax:  (608) 791-2652

Dated:  December 8, 2011