UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>-----------------------------------------------------------<br><br>THIS DOCUMENT RELATES TO:<br><br>*Ann Santos v. Pfizer, Inc.,* No. 10-11205-PBS | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff, Ann Santos, who hereby respectfully moves the Court for an order striking the Motion for Summary Judgment recently filed by Defendants, Pfizer, Inc., and Warner-Lambert Company, LLC, to which Plaintiff's response is currently due on February 2, 2012.

On July 24, 2009, this Court issued a Products Liability Cases Scheduling Order and Status Report (ECF No. 2045.) In the Order, this Court specifically stated as follows regarding the schedule for Products Liability Non-Track 1 Cases: "The Court will retain these cases solely to coordinate the standard or common fact discovery that will occur in each of these cases – the depositions of the plaintiff, the prescribing physician and applicable sales representatives. Thereafter, the Court will remand these cases and any further fact or expert discovery, as well as **any case specific summary judgment motions, will proceed subject to the Orders of the Court in which the case was filed**." (Emphasis added.)

On December 13, 2011, Defendants Pfizer, Inc., and Warner-Lambert Company, LLC, filed a Motion for Summary Judgment regarding several fact specific issues related to the timeliness of Ms. Santos' Complaint. (ECF No. 3735.) Counsel for Defendants was contacted by counsel for

Plaintiff regarding the Scheduling Order, but was unsuccessful in resolving the matter without filing the instant motion.

Federal Rule of Civil Procedure 16(b) requires scheduling orders to be issued by federal courts and contain limitations on the time to file motions, among other things. Once such an order is issued, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The Local Rule of the United States District Court for the District of Massachusetts, Rule 16.1(f), provides that "the judge shall enter a scheduling order that will govern the pretrial phase of the case. Unless the judge determines otherwise, the scheduling order shall include specific deadlines or general time frameworks for: … (6) the filing of motions; [and] … (11) any other procedural matter that the judge determines is appropriate for the fair and efficient management of the litigation." Regarding modification of a scheduling order, "its provisions, including any deadlines, having been established with the participation of all parties, can be modified only by order of the judge, or the magistrate judge if so authorized by the judge, and only upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record." LR, D. Mass. 16.1(g).

Massachusetts federal courts also require a showing of good cause to modify deadlines set in scheduling order. *Trans-Spec Truck Service, Inc. v. Caterpillar Inc.*, 524 F.3d 315 (1st Cir. 2008). See also, *Steir v. Girl Scouts of the USA*, 383 F.3d 7 (1st Cir. 2004) (the good cause standard is "demanding" and "focuses on the diligence, or lack thereof, of the moving party more than it does on any prejudice to the party-opponent"); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43 (1st Cir. 2002) (when noncompliance with a district court's scheduling order occurs, the court may choose from a broad universe of possible sanctions, including dismissal). Alternatively, Plaintiff herein does not wish to

waive her objection to Defendants' untimely motion filed in violation of the applicable Scheduling Order. See *Angulo-Alvarez v. Aponte de la Torre*, 170 F.3d 246 (1st Cir. 1999).

The summary judgment motion filed by Defendants is clearly case specific as contemplated by the Scheduling Order issued by the Court in July of 2009. Further, the core discovery is incomplete in this case; Ms. Santos' deposition is in recess. The purpose of a scheduling order is to definitively set the fair and efficient management of the litigation for all parties. Plaintiff's work efforts have been tailored to the Court's Order. To allow Defendants to violate the Order without even an attempt to comply with the Federal Rules of Civil Procedure, Local Rules, or relevant jurisprudence would be prejudicial to Ms. Santos.

WHEREFORE, Plaintiff requests that the Motion for Summary Judgment filed by Defendants, Pfizer, Inc., and Warner-Lambert Company, LLC, be stricken and the response by Plaintiff, Ann Santos, currently due on February 2, 2012, be rendered moot.

Respectfully submitted,

/s/P. Ann Trantham
P. Ann Trantham, Esq.
patrantham@gmail.com
Robert L. Salim, APLC
1901 Texas Street
Natchitoches, Louisiana 71457
Telephone: (318) 352-5999
Facsimile: (318) 354-1227

*Attorney for Plaintiff, Ann Santos*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Memorandum in Support of Motion to Strike Defendants' Motion for Summary Judgment was filed through the ECF System and has been served pursuant to Case Management No. 3 on January 6, 2012.

/s/P. Ann Trantham