UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x
:
In re: NEURONTIN MARKETING, SALES : MDL Docket No. 1629
PRACTICES AND PRODUCTS :
LIABILITY LITIGATION : Master File No. 04-10981
:
------------------------------------------------x
: Judge Patti B. Saris
:
THIS DOCUMENT RELATES TO: : Magistrate Judge Leo T.
: Sorokin
*Santos v. Pfizer, Inc.*, No. 10-11205-PBS :
:
:
------------------------------------------------x

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Pfizer Inc and Warner-Lambert Company LLC (together, "Pfizer" or "Defendants") respectfully submit this memorandum in opposition to Plaintiff Ann Santos's Motion to Strike Defendants' Motion for Summary Judgment.

### PRELIMINARY STATEMENT

Plaintiff's Motion to Strike, which argues that Defendants must expend unnecessary costs and resources before being permitted to move for summary judgment on grounds that existed when the case was first filed, should be denied.  Such a result is not only inefficient, but unjust, particularly since Plaintiff's sole argument in support of her Motion to Strike is formalistic.  As set forth more fully in Defendants' Motion for Summary Judgment, Plaintiff's claims are barred by the applicable three year statute of limitations governing her claims, and Plaintiff does not highlight any factual issues or additional discovery necessary prior to resolving the issues presented in Defendants' Motion.  To the contrary, further discovery would be wasteful of the parties' resources and time, and would serve to delay resolution of this case solely for the sake of delay.  Additionally, the filing of a case-specific motion for summary judgment on such clear

1

grounds is neither prohibited by any order of this Court, as argued by Plaintiff, nor is it inappropriate, particularly where this Court has entertained summary judgment motions in other cases in this MDL, and has the authority to do so. Under these circumstances, this Court should deny Plaintiff's Motion to Strike.

## BACKGROUND

Plaintiff filed her complaint on May 24, 2010. Unlike the vast majority of the other Neurontin cases pending in this MDL, Plaintiff does not allege any claims related to suicidal thoughts or behavior. Instead, Plaintiff alleges that Neurontin caused her to experience Stevens Johnson Syndrome, ("SJS"), a disorder characterized by a severe skin reaction. As set forth in Defendants' Motion for Summary Judgment, [3736], Plaintiff's claims are barred under Connecticut's three year statute of limitations due to her discovery of her injury, and its alleged connection to her ingestion of Neurontin, by no later than May 15, 2007, and her failure to file suit until May 24, 2010, over three years later.[1]

On July 24, 2009, the Honorable Magistrate Judge Sorokin issued a Scheduling Order setting forth the timeline for initial core discovery (depositions of Plaintiffs, prescribers, and sales representatives) in product liability cases pending before this Court. (*See* July 24, 2009, Products Liability Cases Scheduling Order & Status Report [2045].) The Court subsequently issued additional scheduling orders on December 6, 2010, (*see* Dec. 6, 2010, Revised Scheduling Order for All Products Liability Cases [3141]), and on February 11, 2011, (*see* Feb. 11, 2011, Further Scheduling Order [3287]), each of which replaced the prior July 24, 2009 Scheduling

---

[1] Even though Plaintiff filed her case in the District Court for the Southern District of New York, New York's choice of law rules require application of Connecticut substantive law. *See, e.g.*, *Devore v. Pfizer Inc.*, 58 A.D.3d 138, 141-42 (1st Dep't 2008). Based on communications from Plaintiff's counsel, it is undisputed that Connecticut law governs her claims.

Order, and updated the timeline for core discovery governing the product liability cases, including this one. The most recent Further Scheduling Order, issued on February 11, 2011, states as follows:

> Regarding the approximately thirty-eight plaintiffs represented by counsel other than Finkelstein, Schwartz or Boone, the parties shall commence the three categories of depositions forthwith. . . . The parties shall file a report listing each case and its status on June 15, 2011.

(Further Scheduling Order [3287] ¶ 4.) The parties subsequently filed a status report, as required by the Court, on June 15, 2011, (*see* Defs.' Status Report Regarding Completion of Initial Fact Discovery [3514]), and discovery has continued in the remaining active product liability cases since that time, including this one.

As early as April 2011, Defendants informed Plaintiff's counsel of their position that Plaintiff's claims were barred by the applicable statute of limitations. The parties subsequently corresponded regarding that issue in May and June 2011. At that time, Defendants requested that Plaintiff voluntarily dismiss her case before Defendants proceeded with discovery, and noted their intent to file a Motion for Summary Judgment, as well as a motion to recover costs and attorney fees under Federal Rule of Civil Procedure 11. Plaintiff, however, refused to dismiss her case.

On September 15, 2011, after the exchange of written discovery and the collection of additional medical records, Defendants began the deposition of Plaintiff Ann Santos. Plaintiff's deposition, however, was cut short due to her heath issues, and was postponed until another date. Given that Plaintiff's partial deposition only strengthened Defendants' position with respect to its statute of limitations defense to her case, rather than continue Plaintiff's deposition and expend further resources and time, Defendants moved for summary judgment as to all of Plaintiff's claims on December 13, 2011. (*See* Defs.' Mot. for Summ. J. [3736].) Before filing, Defendants

3

attempted to contact Plaintiff's counsel and again advised of their impending Motion for Summary Judgment, but did not hear back.  At no time since Defendants first expressed their intent to move against Plaintiff's claims months ago did Plaintiff's counsel raise an issue with the filing of a summary judgment motion in the MDL court.  Nonetheless, Plaintiff thereafter filed her Motion to Strike, seeking to delay resolution of this case, and to force Defendants to engage in unnecessary and costly discovery in a case with no merit, before being allowed to move for dismissal.

The discovery that remains to be completed prior to any remand, should that be required prior to a motion for summary judgment, is substantial.  Aside from the completion of Plaintiff's deposition, which her counsel has indicated may take more than one session due to her health issues, the depositions of approximately five prescribing physicians identified in the medical records remain to be completed in this case, as do the depositions of sales representatives who called on these prescribing physicians, to the extent identified by Defendants and requested by Plaintiff.[2]

## ARGUMENT

Plaintiff's sole argument in support of her Motion to Strike is that Defendants are barred from filing a motion for summary judgment until this case is remanded to the transferor court.  In support of this position, Plaintiff invokes an outdated July 24, 2009 Scheduling Order, (Products Liability Cases Scheduling Order & Status Report [2045]), as somehow prohibiting the filing of case-specific motions in this Court.  As noted above, after July 2009, the Court issued two

---

[2] Plaintiff's discovery responses fail to specifically identify which doctors prescribed Neurontin to Plaintiff. Given the limited medical records provided to Defendants early in the case, Defendants initially were only able to identify one prescriber for Plaintiff, and no call notes were located for that prescriber.  Since that time, additional prescribers have been identified by Defendants through the collection of Plaintiff's medical records.

subsequent scheduling orders clearly revising the content of and overriding the July 2009 Scheduling Order upon which Plaintiff relies.[3]

Regardless of the applicable scheduling order, however, Defendants are not *barred* from bringing a case-specific motion for summary judgment, where appropriate, by the terms of any of the scheduling orders entered in the MDL. In fact, none of the scheduling orders noted above either prohibit, or set deadlines for, the filing of a motion for summary judgment in this case. At best, they generally contemplate the filing of case-specific motions in pending cases after remand, consistent with the practice of some MDL courts. Defendants' filing of a motion in this case, therefore, cannot be seen as a *violation of*, or attempt to revise, the applicable scheduling order governing this case.[4]

Further, none of the scheduling orders entered by this Court were intended to prevent the timely disposition of cases ripe for resolution based upon the discovery conducted prior to remand. It is well established that an MDL Court "has authority to dispose of cases on the merits . . . by ruling on motions for summary judgment." Manual for Complex Litigation (Fourth) § 22.36 (2004) (citing *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 113 F.3d 1484, 1488 (8th Cir.1997)); *see also United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 37-38 (D.D.C. 2007) (noting that "all

---

[3] For example, the July 2009 Scheduling Order indicated that core depositions should be completed by September 2010 (*see* Products Liability Cases Scheduling Order & Status Report [2045]); the December 2010 Revised Scheduling Order required the parties to complete core depositions by January 31, 2011 (*see* Revised Scheduling Order for All Products Liability Cases [3141]); and the February 2011 Further Scheduling Order stated that, for cases like this one, "the parties shall commence the three categories of depositions forthwith" (Further Scheduling Order [3287] ¶ 4.).

[4] For this reason, the cases cited by Plaintiff are inapposite, since they primarily discuss a party's attempt to either amend the pleadings after a given deadline, or a party's failure to file a motion in violation of a given deadline. A party's violation of specific deadlines outlined in a scheduling order is not at issue here.

prior proceedings – including rulings on motions for summary judgment – are pretrial proceedings that may properly remain before the transferee court" and emphasizing an MDL court's role "[to] promote the just and efficient conduct" of the cases).

More specifically, other MDL courts have ruled on summary judgment motions grounded in a statute of limitations defense. *See, e.g.*, *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657 *et al.*, 2007 WL 3334339 (E.D. La. Nov. 8, 2007) (addressing several case-specific statute of limitations defenses and granting corresponding motions for summary judgment); *see also In re Trasylol Prods. Liab. Litig.*, No. 08-MD-01928, 2011 WL 2433080 (S.D. Fla. May 27, 2011) (granting defendant manufacturers' summary judgment motion on statute of limitations grounds); *In re Mirapex Prods. Liab. Litig.*, 735 F. Supp. 2d 1113 (D. Minn. 2010) (same), *aff'd sub nom. Gazal v. Boehringer Ingelheim Pharm., Inc.*, 647 F.3d 833 (8th Cir. 2011); *In re Linerboard Antitrust Litig.*, 504 F. Supp. 2d 38, 66 (E.D. Pa. 2007) (same).

Additionally, not only has this Court previously ruled on other case-specific motions for summary judgment in certain Track-One cases (*see, e.g.*, Aug. 10, 2010, Mem. & Order [3021]; June 1, 2009, Electronic Order), it has previously indicated that it would entertain motions for summary judgment in other cases as well, where appropriate.  (*See* Sept. 14, 2011, Mem. & Order Regarding Discovery Matters [3631] at 2, (denying motions for sanctions without prejudice "to Defendants first filing motion(s) for summary judgment").)  Resolution at this time and before this Court – rather than after numerous additional depositions and other discovery, and remand – serves the interests of judicial economy since it would be wasteful to force the parties and judicial system to continue to devote time and resources to a case like this one that is clearly time-barred.  Any argument to the contrary by Plaintiff is an obvious attempt to unnecessarily prolong her case without basis, and should be denied as such.

**CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment.

Dated: January 17, 2012	Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:	/s/ Mark S. Cheffo
	Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

-and-

ROPES & GRAY LLP

By:	/s/ Justin J. Wolosz
	Justin F. Wolosz
	BBO # #643543

Prudential Tower
800 Boylston Street
Boston, MA 02110
Tel: (617) 951-7000
Email: justin.wolosz@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 17, 2012.

/s/ Justin J. Wolosz
Justin J. Wolosz