UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

MDL Docket No. 1629

Master File No. 04-10981

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THIS DOCUMENT RELATES TO:

ALL SCHWARTZ PRODUCT LIABILITY ACTIONS

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SANCTIONS

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") respectfully submit this Memorandum in Support of their Motion for Sanctions due to the failure of the Law Offices of Newton B. Schwartz ("the Schwartz firm") to comply with this Court's Order regarding its stayed cases, referenced in the accompanying motion.  Sanctions are appropriate because the Schwartz firm has failed to update the Court as to the status of its stayed cases every thirty days, as ordered on May 9, 2011. (*See* May 9, 2011 Mem. & Order Regarding Disc. Matters [3455].)

On April 20, 2011, the Schwartz firm filed a Motion to Suspend Discovery, in certain of its cases, noting that recommendations had been made regarding the discontinued prosecution of those cases.  (*See* Mot. to Suspend Disc. [3438].)  That motion followed months of discussions and motion practice, including two motions to compel, an order to show cause why sanctions should not be entered, and a motion for sanctions filed against the Schwartz firm after numerous failures to comply with the orders of this Court.[1]  On May 9, 2011, Magistrate Judge Leo T.

---

[1] Those events, dating back to over a year ago, include: the Schwartz firm being ordered to dismiss or withdraw from cases it was not pursuing (*see* 2/11/11 Further Scheduling Order [3287]); two subsequent motions to compel compliance with that Order by Defendants after the Schwartz firm failed to do so (*see* 2/17/11 Defs.' Mot. to Compel [3298]; 3/14/11 Defs.' Mot. to Compel [3339]); a Court order compelling compliance with the Court's previous order (*see* 3/21/11 Electronic Order [3358] (including an order to show cause why sanctions should not be entered)); and a subsequent motion for sanctions by

Sorokin granted the Schwartz firm's motion, and further ordered that the Schwartz firm report to the Court within fifteen days, and every thirty days thereafter, regarding the status of the recommendation for discontinued prosecution in each stayed case. (*See* May 9, 2011 Mem. & Order Regarding Disc. Matters [3455].) Despite having been reprimanded for noncompliance with previous orders of this Court, (*see* Ex. A, 4/26/11 Hr'g Tr. at 61-71), admitting that there was "no justification for not responding to the Court," (*id*. at 62), and assuring the court that it would "never happen again," (*id*.), the Schwartz firm did not file a status report with the Court after fifteen days, as ordered, nor did it file a status report every thirty days, as ordered.[2]

The Schwartz firm thereafter filed three additional motions to stay certain of its cases. (*See* 7/26/11 Am. Mot. to Stay Disc. [3542]; 8/15/11 Third Mot. to Stay Disc. [3571]; 9/8/11 Fourth Mot. to Stay Disc. [3626]). Each of these motions was granted, and the Court additionally ordered that the Schwartz firm inform the Court regarding the status of these stayed cases. (*See* 8/11/11 Electronic Order ("The Motion to Stay (#3542) is ALLOWED. The Court further Orders that the Schwartz Law Firm shall inform the Court of the status of the discontinuation process it has begun, as to each case subject to this STAY, by August 29, 2011"); 8/16/11 Electronic Order ("The Motion to Stay is ALLOWED with the same status report date as established in response to the second motion to stay"); 9/14/11 Mem. & Order Regarding Disc. Matters [3631].) While the Schwartz firm did file one status report as ordered on August 29, 2011 (*see* Status Report Regarding Product Liability Plaintiffs Represented by the Schwartz Firm [3597]), it has not filed any before or since that date – approximately five months ago – and has not taken any action to withdraw from or dismiss the currently stayed cases, despite the fact that some have been stayed for over 8 months.

At an unrelated hearing on December 1, 2011, Magistrate Judge Sorokin questioned the status of the cases represented by the Schwartz firm, and asked that Defendants remind the

---

Defendants following the Schwartz firm's additional failure to comply with another of the Court's orders (*see* Mot. for Sanctions [3375]).

[2] All exhibits are attached to the accompanying Declaration of Catherine B. Stevens.

Schwartz firm of its duty to report to the Court as to its stayed cases. Defendants did so on January 4, 2012, but have not heard back, and no status reports were filed with the Court thereafter. (*See* Ex. B, Jan. 4, 2012 Letter to Newton B. Schwartz.)

Given the Schwartz firm's failure to comply with the Order of this Court – despite a previous reprimand, and a reminder from Defendants – sanctions, including dismissal of all stayed cases, are appropriate. In fact, failure to comply with court orders – as the Schwartz firm has done here – provides adequate grounds for ordering a dismissal with prejudice as a sanction. *See, e.g., Santiago-Díaz v. Laboratorio Clínico y de Referencia del Este*, 456 F.3d 272, 275 (1st Cir. 2006) (noting that "federal courts possess wide-ranging power to sanction parties who repeatedly balk at complying with court-imposed deadlines"). As the First Circuit has observed, "disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)." *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002). Dismissal for non-compliance with court orders not only protects the rights of the parties, it also vindicates the Court's "strong" "interest in administering its docket." *Id.*; *see also Santiago-Díaz*, 456 F.3d at 277 (recognizing that "the district court has an interest in the efficient management of its docket"). "[C]ourts cannot effectively administer justice unless they are accorded the right to establish orderly processes and manage their own affairs[, and t]he sanction of dismissal is an important part of the armamentarium that the law makes available to trial courts." *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003). This sanction also serves to "deter others from similar misconduct." *Id.* at 83. It has become clear that the Schwartz firm is content to let its stayed cases languish indefinitely rather than move for dismissals as represented.

Dismissal is a particularly appropriate sanction for misconduct in the multidistrict litigation context. Courts have recognized that "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1222 (9th Cir. 2006) (citing 28 U.S.C. § 1407). "MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings,

including the dismissal of cases for failure to comply with its orders." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007). These unique considerations "may tip the balance" in favor of dismissal in the MDL context. *In re PPA*, 460 F.3d at 1222.[3]

That the violation of this Court's Order were caused by the Schwartz firm's Plaintiffs' attorneys is no excuse for their failure to supervise their counsel and diligently prosecute their claims. The First Circuit "has turned a 'deaf ear' to the plea that 'the sins of the attorney should not be visited upon the client.'" *Farm Constr. Servs., Inc. v. Fudge*, 831 F.2d 18, 21 (1st Cir. 1987) (citation omitted); accord *Dávila-Álvarez v. Escuela de Medicina Universidad Central del Caribe*, 257 F.3d 58, 66‑67 (1st Cir. 2001); *Top Entm't Inc. v. Ortega*, 285 F.3d 115, 119 (1st Cir. 2002). As the Supreme Court has explained:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) (citation omitted). These lawsuits have been pending for years. It was incumbent on Plaintiffs to monitor the progress of the litigation, and to make sure that their cases were moving forward. *See id.* at 634 n.10 (observing that "a civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit").

These cases have all of the hallmarks of litigation meriting dismissal. The Schwartz firm has consistently disregarded the orders of this Court, without explanation, which in and of itself

---

[3] As such, MDL courts frequently dismiss the claims of plaintiffs who fail to give proper accord to discovery mandates. *See, e.g., In re Fosamax Prods. Liab. Litig.*, No. 1:08-cv-04901-JFK, 2009 WL 105502, at *1-2 (S.D.N.Y. Jan. 12, 2009); *In re Baycol Prods. Litig.*, MDL No. 1431 (MJD/SRN), 2007 WL 2744459, at *1-2 (D. Minn. Sept. 17, 2007); *In re Rezulin Prods. Liab. Litig.*, MDL No. 1348, 2004 WL 1700618, at *1-2 (S.D.N.Y. July 27, 2004).

4

constitutes extreme misconduct justifying dismissal. *See Tower Ventures*, 296 F.3d at 46. The Schwartz firm has also indicated that they do not intend to proceed with these cases. Further, Pfizer has been prejudiced by Plaintiffs' ongoing delay due to the uncertainty surrounding the status of these cases. The Court has likewise been burdened by a crowded docket and had to waste judicial resources by trying to force these Plaintiffs to move their cases (which have been pending for many years) forward, and to get the Schwartz firm to comply with its orders. Plaintiffs' and their counsel's failure is particularly significant given the MDL context and the Court's elevated case-management duties. *See In re PPA*, 460 F.3d at 1222; *In re Guidant*, 496 F.3d at 867.

WHEREFORE, Defendants respectfully request that this Court dismiss with prejudice the stayed cases represented by the Schwartz firm for failure to comply with this Court's Order.

Dated: January 31, 2012                     Respectfully submitted,

                                          SKADDEN, ARPS, SLATE,
                                            MEAGHER & FLOM LLP

                                        By:     /s/ Mark S. Cheffo
                                                  Mark S. Cheffo

                                        Four Times Square
                                        New York, NY 10036
                                        Tel:  (212) 735-3000

-and-

ROPES & GRAY LLP

By: /s/ Justin J. Wolosz
    Justin J. Wolosz
    BBO # #643543

Prudential Tower
800 Boylston Street
Boston, MA  02110
Tel:  (617) 951-7000
Email:  justin.wolosz@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 31, 2012.

/s/ Justin J. Wolosz
Justin J. Wolosz