UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------------x
:
In re:  NEURONTIN MARKETING, SALES         :
        PRACTICES AND PRODUCTS              :
        LIABILITY LITIGATION                :    MDL Docket No. 1629
------------------------------------------------------------------------x
                                            :    Master File No. 04-10981
THIS DOCUMENT RELATES TO:                   :
                                            :    Judge Patti B. Saris
ALL SCHWARTZ PRODUCT LIABILITY ACTIONS      :
                                            :    Magistrate Judge Leo T. Sorokin
                                            :
------------------------------------------------------------------------x

**OBJECTIONS AND RESPONSES TO DEFENDANTS' MOTIONS FOR SANCTIONS AND TO DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SANCTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, attorney NEWTON B. SCHWARTZ, SR. (Schwartz), counsel of record for certain Plaintiffs listed hereinafter and all cited Motions here adopted by reference per F.R.CIV.P. 10(c). With respect to these individual Plaintiffs, Schwartz counsel has meaningfully and substantively complied in substance with all orders of this Court. Schwartz regularly informed this Court, opposing Pfizer counsel, the clients and their referring local counsels about each case, and recommended for these individual plaintiffs to: (a) voluntarily dismiss their cases and/or (b) approve such dismissal sought. Counsel has also stated that Schwartz will withdraw as counsel in non-meritorious cases if these individual Plaintiffs intend to continue to pursue their cases after such determination. Schwartz Plaintiffs in each instant where the client has not agreed in writing to their dismissals with prejudice, as to all cases and clients listed on attached Exhibits 1, 2, 3, 4 and 5 series some under seal. Schwartz attorneys are not hourly billers and not accustomed to preparing monthly status reports. But here, meaningfully, reasonably and

1

periodically at thirty day intervals more or less sometimes, did furnish such list of clients and cases being withdrawn from and/or to be dismissed between May 9, 2011 [Document No. 3455] and September 8, 2011 [Document Nos. 3627 and 3628]. (Exhibits 1-5 series inclusively).

## I.   BACKGROUND AND RELEVANT HISTORY

On February 11, 2011 the Further Scheduling Order [Document No. 3287] adopted by reference, James Stegall, III for Schwartz Plaintiffs voluntarily agreed to reduce the Schwartz client base in number in response to Pfizer's Motion(s) from the then more than eighty remaining Plaintiffs/clients represented by Schwartz to below forty. No timeline was set forth, but it was accomplished in about eight months to below forty. Thereafter, Schwartz on October 14, 2011 met with Pfizer's counsel in New York to discuss settlement per Federal Rules of Evidence 408(a). Settlement negotiations did not proceed when Pfizer advised that they were not settling any Schwartz cases for any amount. It is relevant here that no mention was made during that two hour meeting of the monthly reporting required per Order [Document No. 3455 filed May 9, 2011] of Magistrate Judge Leo T. Sorokin's monthly reporting requirement issues here. Nor did Pfizer raise it anytime in 2011 during the attached Exhibits 1-5 series from April 30, 2011— September 8, 2011. Schwartz' Motion to Suspend Discovery [Document No. 3438] was filed April 30, 2011, Motion to Stay Discovery [Document No. 3542] listed five clients and was filed July 26, 2011; exhibit series attached and filed and Third Motion to Stay Discovery [Document No. 3571] filed August 15, 2011 and Fourth Motion to Stay Discovery [Document No. 3626] September 8, 2011 listed seven additional clients to suspend discovery. Their identities were filed under seal. These Plaintiffs comprised the forty or more dismissed and/or withdrawn from after the February 11, 2011 hearing [Document No. 3287 *ante*]. Previously, in January 2011 thirty or more additional Plaintiffs were either dismissed or recommended for withdrawal by co-

counsel leaving it to the client and local referring counsel whether or not to retain them. That was the established procedure in place as necessitated by the Disciplinary Rules of each state from which each client was referred. None involved Texas. The latest case remanded herein will be by attorney Jack London is to be tried in 2013 in Texas.

Per attached Exhibits 1-5 above disclosed and reported clients were either:

1) Being withdrawn as co-counsel for and returned to the referring attorneys; who can then jointly decide with each client either to proceed with prosecution or also withdraw leaving only the clients pro se and/or

2) Where the client approves dismissal with prejudice, those were forthwith filed of record and dismissed.

3) At least two clients who rejected Finkelstein settlement offers were searching for successor counsel. Schwartz did not in January 2012 consider accepting them.

## II. SANCTIONS ARE NOT WARRANTED ON THE FACTS OF THIS CASE

Plaintiffs object to Defendants' Motion for Sanctions and Defendants' request to the Court for ordering a dismissal with prejudice as a sanction. Such sanctions are not warranted by reason of all of the above and following diligence and meaningful efforts in compliance with the spirit of this Court's Orders.

Dismissal with prejudice is a "death penalty" sanction. It is the severest, ultimate sanction that precludes the presentation of the merits of each client's case who has satisfied Rule 11 F.R.CIV.P. Severe sanction should not be imposed when a lesser sanction would satisfy the purpose or purposes for which the sanction is being imposed. "Death penalty" sanctions should only be imposed in the first instance only in exceptional cases when they are clearly justified, and obviously when no lesser sanctions would promote compliance with the rules. Before

imposing a severe sanction, courts must analyze each the availability and effectiveness of other less stringent sanctions that would fulfill the compliance with the Court Orders.

Schwartz counsel have used diligent efforts to inform this Court, opposing counsel, their local referring counsels and the individual Plaintiffs.  Schwartz counsel still does not know if some Plaintiffs will voluntarily dismiss their cases.  Schwartz counsels are without authority, and it is unethical for them to dismiss the individual Plaintiffs' cases without their consent.  Texas Disciplinary Rules of Professional Conduct (DR) 1.02 states in part that:

> (a)   "…Subject to paragraphs (b), (c), (d), and (e), (f), and (g), a lawyer shall abide by a client's decisions:
>
>   (1) Concerning the objectives and general methods of representation;
>   (2) Whether to accept an offer of settlement of a matter, except as otherwise authorized by law…" Exhibit 6.

DR. (Texas) 1.03 provides:

> a) "…A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
> b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation…"

Arkansas, Rules of Professional Conduct states that:

> (a) "…Subject to paragraphs (c) and (D), a lawyer shall abide by a client's decisions concerning the objectives of representation, and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued.  A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation.  A lawyer shall abide by a client's decision whether to settle a matter…" Exhibit 7.

With the unexpected departure of one of the firm's attorneys, James "Trey" Stegall, III on February 10, 2012 the other attorneys have and will continue the above procedures and to timely forthwith continue to contact the individual Plaintiffs and let the Court and Pfizer counsel and referring attorney know about their intentions.  Each case is considered on its own facts, some of which are still being discovered.

4

Schwartz' failure to update precisely every thirty days as ordered on May 9, 2011 (see May 9, 2011 Memorandum and Order Regarding Discovery Matters [Document No. 3455]) was:

1) Fully and meaningfully cured timely in substance by Schwartz' above filed and served Exhibits 1-5 series (see index of Exhibits attached) and adopted per Rule 10(c) F.R.CIV.P.

The Schwartz firm cannot ethically dismiss or agree to dismiss a client's case with prejudice without that client's prior permission, preferably in writing.  However, it can and did withdraw either with prior leave of this Court, and/or it referred each case back to referring counsel to consider prosecuting it since such counsel was the originally retained attorney; with or sometimes without a recommendation to withdraw.

Every case wherein a client has given his or her prior written permission to the Schwartz firm it has forthwith been dismissed with prejudice and done so with the client's authority attached and served, see e.g. Texas Disciplinary Rules of Professional Conduct (DR. 1.02 and 1.03) attached hereto as Exhibit 6 and 6a and Arkansas Rules of Professional Conduct above attached hereto as Exhibit 7.

Mr. Stegall did not announce his withdrawal from the Schwartz firm until February 3, 2012 effective February 10, 2012.  He along with Mabel and Vincent Lo were the three respective attorneys in charge of these Neurontin prosecutions.

Mr. Stegall was in charge of preparing this Response—to the January 3, 2012 transmittal from Pfizer's counsel after having been given only three hours in which to respond to it.  His sudden absence after having been primarily responsible in these cases placed a burden on Schwartz' counsel to timely prepare this Response.

By Document No. 3597 *ante* filed August 29, 2011 Schwartz' counsel noticed the Court and Pfizer that further updated the status of its complete inventory of cases as follows:

    1) They continue to be actively engaged in conducting depositions of forty-one including Plaintiffs and Exhibit A thereto attached and itemized and Exhibit B thirty-six Plaintiffs filed under seal to be either withdrawn or dismissed.

In sum and substance per Exhibits 1-5 including between April 30 and September 8, 2011 slightly over four months, Plaintiffs filed and served five updates. Schwartz counsels have complied timely albeit irregularly only with this Court's monthly status reporting orders and stemming from Further Scheduling Order February 11, 2011 [Document No. 3287], the hearing of April 2011, and the representations made by counsel regarding its intention to dismiss or withdraw from cases identified that did not merit continued prosecution. At hearing of April 26, 2011 the Court made clear that Attorney Schwartz were under no obligation to further dismiss or withdraw from representing any Plaintiffs. Despite this, and in good faith, Plaintiffs' counsel has continued its verified efforts herein to economize the burden on both parties in the continued prosecution of this case. This is documented by Exhibits 1-5 series, the receipt and filing of all of which are acknowledged by Pfizer as they must.

The Court's order of May 9, 2011 [Document No. 3455] required an update within fifteen days and every thirty days thereafter regarding the status of the cases that have been dismissed or withdrawn from. Defendants have asked that Schwartz's failure to provide these precise monthly status updates serve as the basis for entry of sanctions against Schwartz, claiming the process has been stymied as a result of the unfurnished updates. In fact there were the five Exhibits updates in this four months time period. This despite the very matters, in sum, Schwartz counsel has meaningfully, fully satisfied the spirit if not the letter of the Court ordered

obligations to provide the reports. He apologizes for what amounts to an administrative failure to calendar and comply with this requirement. In some 30-31 day monthly periods, there was little or no activity. However, the characterizations of the effect of this failure are magnified all out of proportion by Defendants. The Court and counsel were kept meaningfully, reasonably and timely informed of the schedule of client withdraws and the dismissals were consented to by each client. See Exhibits 1-5 series attached.

Attorney Schwartz and his three attorneys did not precisely calendar or diary the thirty day update requirement. But they did provide all such information periodically instead they were proceeded by counsel in 2011 periodically on April 30, 2011, July 26, 2011, August 15, 29, September 8, 2011 as needed and necessary as the clients were so identified. This is one reason no exact monthly (thirty days) updates were provided. As noted in Defendant's motion, after receiving an order from the Court in August 15, 2011 which instructed Plaintiffs to update the Court on its progress, Plaintiff Schwartz' counsel did in fact provide timely update on August 15 and 29, 2011. Exhibit 3 [Document 3571 and 3572] adopted by reference per F.R CIV. P. 10(c). See Exhibits 1-5 series of Schwartz filed Motions to Stay Discovery for certain clients and "groups of cases". They satisfied the spirit of the Court's orders; they were supplemented regularly by phone calls, emails messages and other communications with Pfizer. This judicial economy involved cancelling scheduled depositions knowing that withdrawals or dismissals would follow shortly.

It should be noted that throughout the period from the Court's May 9, 2011 Order through January, of this year 2012, during a period in which Plaintiffs' counsel and Defendant worked cooperatively and communicated on a regular and continuous basis, both by phone and in person. This included a trip by Attorney Schwartz to the New York office of defense counsel

on October 14, 2011. Pfizer in that nearly two hour meeting made no mention of any deficiency on the part of Plaintiffs' counsel in failing to provide monthly updates as to the status of the dismissal/withdrawal process at that meeting.

This issue came to light, and Plaintiffs' counsels' deficiency first came to their attention in correspondence of January 3, 2012 from defense counsel referencing a colloquy with the Court to which Plaintiffs were not present.

After notice of this deficiency was received, Schwartz counsel began the process of gathering for submission an update on the progress made in this regard. Shortly thereafter, on January 2, 2012, without any attempt at communication or efforts to resolve the issue, Defendants notified Schwartz that they intended to file a motion for sanctions three hours later that day. That is not a meaningful Certificate of Conference or Consultation. Plaintiffs' counsel Mr. Stegall responded that an update could be provided in short order if Defendants were interested. However, Defendants refused further communication and instead filed the subject motion for sanctions three hours later. They sought sanctions against Schwartz for deficiencies in updating (that were never brought to counsel's attention) until January 3, 2012 but also seeking dismissal of all cases that have been suspended.

Such three hour time period was not a bona fide certificate of consultation as made by counsel on January 31, 2012 and herein adopted by reference.

Attorney Schwartz responded between this Court's May 9, 2011 Order at issue [Document No. 3455] and September 8, 2011 they each and every monthly to update and furnished one report monthly on average. As Exhibits 1-5 series filed show as five periodic updates in 2011 between the May 9, 2011 Order and September 8, 2011 as shown on Exhibit 1 series on July 26, 2011 [Document No. 3542] series was filed and served on all counsel (Exhibit

1 series), (2) Second Motion to Stay Discovery, (3) Third Motion to Stay Discovery [Document No. 3571] filed August 15, 2011 listing Exhibit 5 series or five Motions in 4 1/3 months or an average more than one each month for that time period.  Substance here trumps forms in Exhibit A & B to exhibit five series document August 29, 2011.  However, the extraordinary remedies sought by Defendant are grossly disproportionate under the circumstances and elevate form over substance.  In the four month time period between May 8 and September 9, 2011; five full reports above were served in the entire eight calendar months of 2011 were included between the May 9, 2011 Order and December 31, 2011.

Continued efforts to coordinate with local counsel and clients were sent to facilitate decision making as required by the above DR's (Disciplinary Rules) in each state included.

WHEREFORE, PREMISES CONSIDERED, Schwartz' counsels respectfully request that this Court for all the above reasons, legal, factual and ethical considerations implicated:

1) Deny all relief requested by Pfizer including sanctions; and

2) Allow additional time for Plaintiffs' counsel to further supplement as to the remaining Plaintiffs at issue and continue to communicate with each of the individual Plaintiffs affected to determine if they consent to dismiss their cases voluntarily, and with prejudice; and

3) To deny all of Pfizer Defendants' Motion for Sanctions and all other relief requested by Pfizer and for all other and further relief to which Plaintiffs may show themselves entitled to receive.

        Respectfully submitted,

        */s/Newton B. Schwartz, Sr.*____
        Newton B. Schwartz, Sr.
        1911 Southwest Freeway
        Houston, TX 77098

Telephone: (713) 630-0708
Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on February 16, 2012.

*/s/Newton B. Schwartz, Sr.*____
Newton B. Schwartz, Sr.

## INDEX OF EXHIBITS

| | | | |
|---|---|---|---|
| Exhibit 1 - | Motion to Suspend Discovery | Doc # 3438 | 04/30/11 |
| Exhibit 2 - | Motion to Stay Discovery | Doc # 3542 | 07/26/11 |
| Exhibit 3 - | Third Motion to Stay Discovery | Doc # 3571 | 08/15/11 |
| Exhibit 3a - | Memorandum in Support of Third Motion to Stay Discovery | Doc # 3572 | 08/15/11 |
| Exhibit 4 - | Status Report Regarding Products Liability Plaintiffs Represented by The Schwartz Firm | Doc # 3597 | 08/29/11 |
| Exhibit 5 - | Fourth Motion to Stay Discovery | Doc # 3626 | 09/08/11 |
| Exhibit 5a - | Exhibit A-Filed Under Seal | Doc # (sealed) | 09/08/11 |
| Exhibit 5b - | Memorandum in Support of Fourth Motion to Stay Discovery | Doc # 3627 | 09/08/11 |
| Exhibit 5c - | Declaration of Newton B. Schwartz In Support of Plaintiffs' Fourth Motion to Stay Discovery | Doc # 3628 | 09/08/11 |
| Exhibit 6 - | Texas Disciplinary Rules of Professional Conduct (DR) 1.02 | | |
| Exhibit 6a - | Texas Disciplinary Rules of Professional Conduct (DR) 1.03 | | |
| Exhibit 7 - | Arkansas Disciplinary Rules of Professional Conduct (except) | | |