# EXHIBIT 6

A lawyer should feel a moral or professional obligation to pursue a matter on behalf of a client with reasonable diligence and promptness despite opposition, obstruction or personal inconvenience to the lawyer. A lawyer's workload should be controlled so that each matter can be handled with diligence and competence. As provided in paragraph (a), an incompetent lawyer is subject to discipline.

### Neglect

7. Perhaps no professional shortcoming is more widely resented than procrastination. A client's interests often can be adversely affected by the passage of time or the change of conditions; in extreme instances, as when a lawyer overlooks a statute of limitations, the client's legal position may be destroyed. Under paragraph (b), a lawyer is subject to professional discipline for neglecting a particular legal matter as well as for frequent failures to carry out fully the obligations owed to one or more clients. A lawyer who acts in good faith is not subject to discipline, under those provisions for an isolated inadvertent or unskilled act or omission, tactical error, or error of judgment. Because delay can cause a client needless anxiety and undermine confidence in the lawyer's trustworthiness, there is a duty to communicate reasonably with clients; see Rule 1.03.

### Maintaining Competence

8. Because of the vital role of lawyers in the legal process, each lawyer should strive to become and remain proficient and competent in the practice of law. To maintain the requisite knowledge and skill of a competent practitioner, a lawyer should engage in continuing study and education. If a system of peer review has been established, the lawyer should consider making use of it in appropriate circumstances. Isolated instances of faulty conduct or decision should be identified for purposes of additional study or instruction.

### Rule 1.02. Scope and Objectives of Representation

(a) Subject to paragraphs (b), (c), (d), and (e), (f), and (g), a lawyer shall abide by a client's decisions:

(1) concerning the objectives and general methods of representation;

(2) whether to accept an offer of settlement of a matter, except as otherwise authorized by law;

(3) In a criminal case, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial, and whether the client will testify.

(b) A lawyer may limit the scope, objectives and general methods of the representation if the client consents after consultation.

(c) A lawyer shall not assist or counsel a client to engage in conduct that the lawyer knows is criminal or fraudulent. A lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel and represent a client in connection with the making of a good faith effort to determine the validity, scope, meaning or application of the law.

(d) When a lawyer has confidential information clearly establishing that a client is likely to commit a criminal or fraudulent act that is likely to re substantial injury to the financial interests or pr of another, the lawyer shall promptly make reas efforts under the circumstances to dissuade the from committing the crime or fraud.

(e) When a lawyer has confidential infor clearly establishing that the lawyer's client has mitted a criminal or fraudulent act in the comm of which the lawyer's services have been use lawyer shall make reasonable efforts under th cumstances to persuade the client to take corr action.

(f) When a lawyer knows that a client expect resentation not permitted by the rules of profes conduct or other law, the lawyer shall consult wi client regarding the relevant limitations on the yer's conduct.

(g) A lawyer shall take reasonable action to s the appointment of a guardian or other legal repr tative for, or seek other protective orders with re to, a client whenever the lawyer reasonably be that the client lacks legal competence and that action should be taken to protect the client.

Adopted by order of Oct. 17, 1989, eff. Jan. 1, 1990.

### Comment:

#### Scope of Representation

1. Both lawyer and client have authority and respon ty in the objectives and means of representation. The has ultimate authority to determine the objectives served by legal representation, within the limits impos law, the lawyer's professional obligations, and the a scope of representation. Within those limits, a client has a right to consult with the lawyer about the ge methods to be used in pursuing those objectives. The l should assume responsibility for the means by whicl client's objectives are best achieved. Thus, a lawyer very broad discretion to determine technical and legal t subject to the client's wishes regarding such matters a expense to be incurred and concern for third persons might be adversely affected.

2. Except where prior communications have made it that a particular proposal would be unacceptable to client, a lawyer is obligated to communicate any settle offer to the client in a civil case; and a lawyer h comparable responsibility with respect to a proposed bargain in a criminal case.

3. A lawyer should consult with the client concerning such proposal, and generally it is for the client to d whether or not to accept it. This principle is subje several exceptions or qualifications. First, in class acti lawyer may recommend a settlement of the matter to court over the objections of named plaintiffs in the Second, in insurance defense cases a lawyer's abilit implement an insured client's wishes with respect to s ment may be qualified by the contractual rights of insurer under its policy. Finally, a lawyer's normal d ence to a client's wishes concerning settlement ma abrogated if the client has validly relinquished to a