# EXHIBIT 6a

party any rights to pass upon settlement offers. Whether any such waiver is enforceable is a question largely beyond the scope of these rules. But see comment 5 below. A lawyer reasonably relying on any of these exceptions in not implementing a client's desires concerning settlement is, however, not subject to discipline under this Rule.

### Limited Scope of Representation

4. The scope of representation provided by a lawyer may be limited by agreement with the client or by the terms under which the lawyer's services are made available to the client. For example, a retainer may be for a specifically defined objective. Likewise, representation provided through a legal aid agency may be subject to limitations on the types of cases the agency handles. Similarly, when a lawyer has been retained by an insurer to represent an insured, the representation may be limited to matters related to the insurance coverage. The scope within which the representation is undertaken also may exclude specific objectives or means, such as those that the lawyer or client regards as repugnant or imprudent.

5. An agreement concerning the scope of representation must accord with the Disciplinary Rules of Professional Conduct and other law. Thus, the client may not be asked to agree to representation so limited in scope as to violate Rule 1.01, or to surrender the right to terminate the lawyer's services or the right to settle or continue litigation that the lawyer might wish to handle differently.

6. Unless the representation is terminated as provided in Rule 1.15, a lawyer should carry through to conclusion all matters undertaken for a client. If a lawyer's representation is limited to a specific matter or matters, the relationship terminates when the matter has been resolved. If a lawyer has represented a client over a substantial period in a variety of matters, the client may sometimes assume that the lawyer will continue to serve on a continuing basis unless the lawyer gives notice to the contrary. Doubt about whether a client-lawyer relationship still exists should be clarified by the lawyer, preferably in writing, so that the client will not mistakenly suppose the lawyer is looking after the client's affairs when the lawyer has ceased to do so. For example, if a lawyer has handled a judicial or administrative proceeding that produced a result adverse to the client but has not been specifically instructed concerning pursuit of an appeal, the lawyer should advise the client of the possibility of appeal before relinquishing responsibility for the matter.

### Criminal, Fraudulent and Prohibited Transactions

7. A lawyer is required to give an honest opinion about the actual consequences that appear likely to result from a client's conduct. The fact that a client uses advice in a course of action that is criminal or fraudulent does not, of itself, make a lawyer a party to the course of action. However, a lawyer may not knowingly assist a client in criminal or fraudulent conduct. There is a critical distinction between presenting an analysis of legal aspects of questionable conduct and recommending the means by which a crime or fraud might be committed with impunity.

8. When a client's course of action has already begun and is continuing, the lawyer's responsibility is especially delicate. The lawyer may not reveal the client's wrongdoing, except as permitted or required by Rule 1.05. However, the lawyer also must avoid furthering the client's unlawful purpose, for example, by suggesting how it might be concealed. A lawyer may not continue assisting a client in conduct that the lawyer originally supposes is legally proper but then discovers is criminal or fraudulent. Withdrawal from the representation, therefore, may be required. See Rule 1.15(a)(1).

9. Paragraph (c) is violated when a lawyer accepts a general retainer for legal services to an enterprise known to be unlawful. Paragraph (c) does not, however, preclude undertaking a criminal defense incident to a general retainer for legal services to a lawful enterprise.

10. The last clause of paragraph (c) recognizes that determining the validity or interpretation of a statute or regulation may require a course of action involving disobedience of the statute or regulation or of the interpretation placed upon it by governmental authorities.

11. Paragraph (d) requires a lawyer in certain instances to use reasonable efforts to dissuade a client from committing a crime or fraud. If the services of the lawyer were used by the client in committing a crime or fraud, paragraph (e) requires the lawyer to use reasonable efforts to persuade the client to take corrective action.

### Client Under a Disability

12. Paragraph (a) assumes that the lawyer is legally authorized to represent the client. The usual attorney-client relationship is established and maintained by consenting adults who possess the legal capacity to agree to the relationship. Sometimes the relationship can be established only by a legally effective appointment of the lawyer to represent a person. Unless the lawyer is legally authorized to act for a person under a disability, an attorney-client relationship does not exist for the purpose of this rule.

13. If a legal representative has already been appointed for the client, the lawyer should ordinarily look to the representative for decisions on behalf of the client. If a legal representative has not been appointed, paragraph (g) requires a lawyer in some situations to take protective steps, such as initiating the appointment of a guardian. The lawyer should see to such appointment or take other protective steps when it reasonably appears advisable to do so in order to serve the client's best interests. See Rule 1.05(c)(4), d(1) and (d)(2)(i) in regard to the lawyer's right to reveal to the court the facts reasonably necessary to secure the guardianship or other protective order.

### Rule 1.03.  Communication

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Adopted by order of Oct. 17, 1989, eff. Jan. 1, 1990.

### Comment:

1. The client should have sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued to the extent the client is willing and able to do so. For example, a lawyer negotiating on behalf of a client should provide the client with facts relevant to the matter, inform the client of communications from another party and take other reasonable steps to permit the client to make a decision regarding a serious offer from another party. A lawyer who receives from opposing counsel either an offer of settlement in a civil controversy or a proffered plea bargain in a criminal case should promptly inform the client of its