UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------ x
                                                 :
In re:  NEURONTIN MARKETING, SALES               :   MDL Docket No. 1629
        PRACTICES AND PRODUCTS                   :
        LIABILITY LITIGATION                     :   Master File No. 04-10981
                                                 :
------------------------------------------------ x
                                                 :   Judge Patti B. Saris
THIS DOCUMENT RELATES TO:                        :
                                                 :   Magistrate Judge Leo T.
ALL PRODUCT LIABILITY ACTIONS                    :   Sorokin
                                                 :
                                                 :
------------------------------------------------ x

## MEMORANDUM IN SUPPORT OF
## <u>DEFENDANT PFIZER INC'S MOTION TO UNSEAL DOCUMENTS</u>

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"), by counsel, respectfully move, pursuant to this Court's February 17, 2010 "Standing Procedural Order Re: Sealing Court Documents," to unseal the documents filed in support of the Joint Application of Jack W. London, Eugene Brooks, and Archie Carl Pierce for Reimbursement from the Common Benefit Fund for Expenses Incurred in Connection With Preservation Depositions (the "Joint Application").

Mr. London and his associates seek "sums incurred and paid . . . in connection with court-approved preservation depositions." (Joint Application [Dkt. No. 3762].) Their Joint Application itself does not provide any detail about the "expenses and amounts for which [the] application is made," but it references "the accompanying memorandum, declarations, and exhibits," which were all filed under seal. (*Id.*) Other attorneys who have submitted requests for reimbursement from the common fund have included expense amounts in their applications and have not sought to seal such documents. (*See, e.g.*, Mem. Supp. Appl. of Ricardo A. Garcia [Dkt. No. 3452], at 2, Ex. A; Mem. Supp. Appl. of Harris L. Pogust [Dkt. No. 3475], at 2, Ex. A.)

Because there was no basis for filing the materials submitted by Mr. London and his associates under seal, Pfizer requests that the Court unseal those documents, which were filed at Docket Numbers 3763 to 3765.

Mr. London' sealing of the itemized expense reports, expense amounts, and other support for the Joint Application is contrary to the strong presumption in favor of public access to requests for attorneys' fees and expenses from a common fund.  As this Court's Standing Order governing sealing of documents in this case states, a "party seeking redaction in a court filing must have good cause for asserting confidentiality."[1]  (Standing Order, Jan. 21, 2010 [Dkt. No. 2512], at 1.)  Accordingly, this Court determined that "motions to seal memoranda and attachments in their entirety" should generally be denied.  (*Id.*)

Access to judicial records is especially important in the context of attorneys' fees and expenses.  *See In re Protegen Sling & Vesica Sys.*, No. 1:01-1387, MDL 1387, 2004 WL 2495440 (D. Md. Sept. 17, 2004) (noting the "strong presumption" in favor of public access to the amounts of attorneys' fees and expenses in response to submission of redacted petition for attorneys' fees and expenses).  For instance, in *In re High Sulfur Content Gasoline Products Liability Litigation*, 517 F.3d 220 (5th Cir. 2008), a case involving a challenge to a district court's approval of a settlement and disbursement of attorneys' fees, the Fifth Circuit held that the district court improperly sealed attorney time and expense records.  *Id.* at 229.  In reaching that decision, the Court noted that the district court erred "when it sealed the exhibit listing the individual fees and the record entries pertaining to fees" because it "kept the public in the dark about each plaintiffs' attorney's award."  *Id.*  It further reasoned that, "[f]rom the perspective of

---

[1] This Court has also recognized that the "attorney for the party seeking protection for the redacted material shall be subject to Fed. R. Civ. P. 11." (Standing Order, Jan. 21, 2010 [Dkt. No. 2512], at 1.)

2

class welfare, publicizing the process leading to attorneys' fee allocation may discourage favoritism and unsavory dealings among attorneys even as it enables the court better to conduct oversight of the fees." *Id.* at 230.

The same circumstances addressed by the *High Sulfer* court arise here.  Mr. London and his associates have set forth no "compelling reason" or "good cause" to disturb the "strong presumption" in favor of public access to documents providing support for or detailing the amounts of attorneys' fees and expenses.  As in *High Sulfer*, sealing the expense reports and amounts "protects no legitimate privacy interest that would overcome the public's right to be informed." *Id.* at 230.  Rather, withholding the expense amounts merely keeps the public, including the plaintiffs, "in the dark." *See id.* at 229.  Yet the common benefit fund was established for the benefit of the plaintiffs, and the parties in the MDL have the right to know what resources are being withdrawn from the fund.  Pfizer requested copies of the documents filed under seal from Mr. London on several occasions before seeking relief from this Court, but he would only agree to produce a redacted copy of the memorandum that omitted, among other things, the amounts requested.  Because Mr. London and his associates have not shown "good cause for asserting confidentiality" with regard to these documents (Standing Order, Jan. 21, 2010 [Dkt. No. 2512], at 1), the Court should unseal them at this time.

## **CONCLUSION**

For these reasons, Pfizer respectfully requests that this Court grant its motion to unseal the expense records and amount in the Joint Application.

Dated: March 2, 2012                    Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo

3

Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

-and-

ROPES & GRAY LLP

By: /s/ Justin J. Wolosz
    Justin J. Wolosz
    BBO # #643543

Prudential Tower
800 Boylston Street
Boston, MA 02110
Tel: (617) 951-7000
Email: justin.wolosz@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 2, 2012.

/s/ Justin J. Wolosz
Justin J. Wolosz