UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------------X
In re:   NEURONTIN MARKETING,          : MDL Docket No. 1629
         SALES PRACTICES, AND          :
         PRODUCTS LIABILITY LITIGATION : Master File No. 04-10981
                                       :
---------------------------------------------------------------------X  Judge Patti B. Saris
                                       :
THIS DOCUMENT RELATES TO:              : Magistrate Judge Leo T. Sorokin
                                       :
PLAINTIFFS' PRODUCTS LIABILITY GROUP   :
---------------------------------------------------------------------X

**MEMORANDUM IN OPPOSITION TO PFIZER'S MOTION (Docket Number 3791)
TO UNSEAL DOCUMENTS**

To the Honorable Court:

Jack W. London, a member of the Plaintiffs' Products Liability Steering Committee herein, and Eugene Brooks and Archie Carl Pierce, file this Memorandum in Opposition to Pfizer's Motion to Unseal Documents.

I.  The Nature of the Pending Motion to Seal

Pfizer's instant motion to unseal is directed at Docket Number 3762 to 3765 in which your respondents have sought approval from the Court for interim reimbursement from the common benefit fund for expenses they incurred and paid in connection with taking preservation depositions of Professor Trimble, Dr. Blume, and Dr. Franklin. The accounting records in support of that motion were provided to the plaintiffs and counsel before that motion was filed with the Court and were filed under seal with the Court in Docket Numbers 3763 to 3765.

II.  The Applicable Rule

F.R.C.P. Rule 23 excludes Pfizer from a role in this Court's decision whether to approve reimbursement of undersigned counsels' expenses in taking the common benefit depositions. In

reference to applications to approve attorney fees and expenses, Rule 23 (h) (2) provides that only "A class member, or a party from whom payment is sought, may object to the motion."

The Rules Advisory Committee notes to Rule 23 (h) (2) say that "A class member and any party from whom payment is sought may object to the fee motion. Other parties – for example, non-settling defendants—may not object because they lack a sufficient interest in the amount the court awards." Accordingly, Pfizer has no voice in the Court's decision on the underlying application for reimbursement.

While Rule 23 says on its face that it applies to class actions, *In Re High Sulfur Content Gasoline Products Liability Litigation*, 517 F. 3d 220 (5th Cir. 2008) unequivocally holds that Rule 23 applies in a product liability MDL as well. (As will be seen hereafter, *High Sulfur* is the case from which Pfizer cited dicta in support of its motion).

### III.   The Pertinent Facts

The sealed application, Docket Number 3762 *et seq*, seeks no relief of any kind from Pfizer, nor is there any instance in which Pfizer will be obliged to pay anything pursuant to any order on that application. This was made known to Pfizer before it filed the instant motion.

Docket Number 3762, the target of this motion to unseal, is an interim application for reimbursement of expenses from the plaintiffs' common benefit fund, not an end-of-litigation application for attorney fees. This is a distinction that does make a difference. The application, if approved, would not exhaust the common benefit fund and does not preclude any other plaintiff or plaintiffs' attorney from seeking fees or expenses.

Allowing the defendant to have access to the plaintiffs' work product, expenses, and similar matters before the end of the litigation has a chilling effect on the plaintiffs and their counsel. For as long as there are products liability cases that have not been remanded, there is

still work to be done in the MDL. Plaintiffs and their attorneys would have to pause long and hard before volunteering time or money toward the common good if Pfizer could see their account records, take a position on whether and when money should have been spent and the amounts, and object to counsel being reimbursed.

IV.     Discussion of Defendants' Cited Authorities

Defendants do not cite and counsel has not found any case in which a non-settling defendant has a right to see the expenses incurred by opposing counsel in an interim application for expense reimbursement from a common benefit fund.

*In Re High Sulfur Content Gasoline Products Liability Litigation*, 517 F. 3d 220 (5th Cir. 2008) was an appeal brought by plaintiffs and plaintiffs' attorneys who had been excluded from participation in an ex parte hearing to allocate attorney fees at the end of the case. The defendants in that case did not claim any right to know the particulars of the plaintiffs expenses and did not have a voice in the allocation. None of the plaintiffs or attorneys had been notified of the hearing nor shown the proposed order. The Court did not rule, or even consider, that the defendant had a voice or interest in assessing the reasonableness of the plaintiffs' expenses.

As noted above, the court in *High Sulfur* determined that, even though it was an MDL rather than a class action, Rule 23 (h) applies.

The second case cited by Defendants, *Protegen Sling and Vesica System Products Liability Litigation*, 2004 WL 2495440 (D.Md.), is not helpful to Pfizer. The only holding in that case was that before the court would approve a global settlement for all cases, the attorneys needed to provide additional information to the Court. As for the portion quoted by Pfizer in its memorandum, the court went on to say that while in the Fourth Circuit there is a presumption of openness regarding end-of-litigation applications for fees, "*sealing documents may be*

*appropriate when the public's right to know is outweighed by competing interests.*" (Italics added.)

Pfizer, an adversary, does not qualify as 'the public.' It is respectfully submitted that, until the end of this litigation, the plaintiffs and their attorneys' interest in being able to work collaboratively toward the common good without Pfizer being privy to their accounting records outweighs Pfizer's lack of a legitimate interest.

V.   An Additional Authority

A third case, not cited by Defendants, *In re Copley Pharmaceutical, Inc.*, 1 F.Supp.2d 1407, (D.Wyo.,1998), did discuss when a defendant might have a legitimate interest in the amount claimed against a common benefit fund. To quote from the decision:

> "…the defendant who contributed to the fund will usually have scant interest in how the fund is divided between the plaintiffs and class counsel. Defendant in the instant case does possess a common interest with the class in the amount of fees and expenses awarded, because Defendant will share the burden of fees and expenses under the remittitur formulas provided by the settlement agreement. However, this interest potentially conflicts with those of the class because Defendant will only share this burden if a threshold of recovery is reached, and Defendant denies that this threshold has been reached. Thus the Court will follow the Tenth Circuit's instruction that a court must act as a fiduciary for the beneficiaries of a common fund, weighing the appropriate interests of the beneficiaries in light of the efforts of counsel on their behalf."

Thus, two principles are at stake. First, the court has a fiduciary duty to the members of the class affected by a claim for expenses and fees, *i.e.,* the plaintiffs and their attorneys. Pfizer does not have a fiduciary interest to those parties; its attorneys' duty is to Pfizer, not to the plaintiffs. Second, a defendant who potentially bears the burden of fees and expenses as such may have an interest in how they are assessed. Pfizer has no such burden. It pays a fixed percentage of each settlement into the common benefit fund pursuant to a court order that it did not oppose.

VI.     Discussion of Previous Applications for Common Benefit Funds in this Case.

Contrary to the claim that 'other attorneys… have not sought to seal such documents,' neither the Garcia (Docket Number 3452) nor Pogust (Docket Number 3475) motions publicly disclosed any of the information that was submitted under seal by undersigned counsel in the sealed application at issue herein.  Neither of those two motions disclosed a single accounting record to reflect how one penny of the money sought was spent, on whom, when, in what amount, or for what purpose.  The Garcia motion only disclosed a copy of a check from attorney Garcia to attorney Finkelstein.  The Pogust motion contained only a list of money with no explanation of how the amounts had been spent.  In neither case was there an accounting record.  Indeed, Judge Saris denied the Pogust motion because it did not specify what the money supposedly was spent for.  See Order, Docket Number 3555, August 1, 2011.

There was a third application for common benefit funds that this Court has considered. Pfizer did not refer to it in its memorandum.  Undersigned counsel filed Docket Number 3331 to Docket Number 3334, Docket Number 3337 and Docket Number 3338 on March 11, 2011, applying for interim fees and expenses from the common benefit fund for work and expenses from 2005 to 2010.  The Court granted the motion.  The exhibits that contained the accounting records of how the expenses were incurred, for what, when, and in what amounts was sealed and provided to the Court *in camera*.  See Docket Number 3333, page 2, and Docket Number 3338. Those records were provided to the other members of the plaintiffs and plaintiffs' attorney groups, as undersigned counsel did here.  No one objected.  Accordingly, the procedure in issue here has been followed by the parties and the Court in this litigation in the past.

VII.   What Use Can Pfizer Make of Such Information?

That is the real question, and Pfizer does not say. The memorandum does not disclose why it wants the application for common benefit funds unsealed. It does not tell the Court how it could make legitimate use of the accounting information. The accounting information is not evidence of a claim or defense. This MDL is by no means concluded. Accordingly, the question becomes significant: what legitimate interest does Pfizer really have in knowing what amounts the undersigned attorneys spent to take the depositions in question? The answer, demonstrated above, is 'none.'

WHEREFORE, PREMISES CONSIDERED, your respondents to this motion pray the Motion to Unseal be denied.

Respectfully submitted,

Jack W. London, Archie Carl Pierce,
and Eugene Brooks, by

LAW OFFICES OF JACK W LONDON
3701 Bee Cave Rd., Suite 200
Austin, TX 78746
512-478-5858 (telephone)
512-479-5934 (facsimile)

By: _____
Jack W. London
State Bar No. 12512500

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served as required by Case Management Order Number 3 on March 9, 2012

By: _____
Jack W. London