# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>ALL SCHWARTZ PRODUCT LIABILITY ACTIONS | Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin<br><br>**PROPOSED DOCUMENT** |

## REPLY IN FURTHER SUPPORT OF PFIZER'S MOTION FOR SANCTIONS

Defendants Pfizer Inc and Warner-Lambert Company LLC (together, "Pfizer" or "Defendants"), respectfully file this reply memorandum in further support of their motion for sanctions. As an initial matter, Pfizer brought this motion reluctantly, and only after efforts to gain the attention and cooperation of the Schwartz firm had failed. Despite initially filing claims on behalf of approximately 225 plaintiffs six years ago, and forcing Pfizer to expend great resources to defend against those claims, the Schwartz firm now only intends to proceed with 24 of its cases, many of which, if not all, have fatal defects. (*See* Schwartz Supp. Chart [Dkt. No. 3793-1].) Importantly, it is not through settlement or Schwartz-initiated voluntary dismissals that the majority of these 200 cases were dismissed or withdrawn from, but rather through the repeated efforts of Pfizer to compel the Schwartz firm to evaluate its cases, often after being forced to engage in costly records collection and depositions. Here, with respect to cases that the Schwartz firm has stayed and admittedly does not even intend to pursue, Pfizer must *continue* to compel it to take action to get these cases dismissed.

In its overdue Response, the Schwartz firm does not deny or provide a legitimate excuse for the ongoing violation of this Court's Order to provide status reports with regard to its stayed cases. (*See* May 6, 2011 Order [Dkt. No. 3455].) The Schwartz firm merely "apologizes for

what amounts to an administrative failure to calendar and comply with this requirement" and admits that its "attorneys did not precisely calendar or diary the thirty day update requirement." (Schwartz Resp. [Dkt. No. 3784] at 7.)  The Schwartz firm also suggests that its admittedly neglectful disregard of this Court's order has been "magnified all out of proportion."  (*Id.*)

This dispute, however, is not only about the Schwartz firm's "failure to provide these precise monthly status updates" (*id.* at 6), although its total disregard for this Court's orders, standing alone, merits serious sanctions, including dismissal.  *See Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal).").  Still, Pfizer's motion also requests that this Court address the Schwartz firm's ongoing pattern of neglecting to adequately resolve its cases, as well as keeping both this Court and opposing counsel abreast of the status of its cases and whether its clients even intend to proceed with their claims.

This pattern of neglect is further illustrated by the Supplemental Chart that the Schwartz firm recently filed in response to this Court's request.[1]  For example, when looking at the cases that the Schwartz firm moved to stay on April 30, 2011 [Dkt. Nos. 3438-40], almost a year ago, not only has the Schwartz firm failed to make a reasonably diligent effort to move these cases forward, it has not even followed through with assurances previously made to this Court about certain cases.  On August 29, 2011, upon order of the Court, the Schwartz firm filed a status report that, with regard to the cases subject to the April 30, 2011 and the August 15, 2011 motions to stay, represented it would be sending a second letter to its clients by September 2, 2011, and "***if no response within 21 days, will file request for withdrawal***."[2]  (Schwartz Status Rep. [Dkt. No. 3597] (emphasis added).)  In its recently-filed Supplemental Chart, however, the Schwartz firm states only that it "[w]ill contact client and local counsel" in many of those same cases.  (Schwartz Supp. Chart [Dkt. No. 3793-1].)  The Supplemental Chart does not explain

---

[1] This Court required the Schwartz firm to supplement its Response with a list of its pending cases and their status.  (Feb. 23, 2010 Electronic Order.)

[2] Since its August 29, 2011 status report, the Schwartz firm has only dismissed two stayed cases.

whether a letter was sent by September 2, 2011, whether it received a response to any letter, or why it did not withdraw from those cases within 21 days as it represented it would.  (*See id.*)

Further, with regard to the cases that were subject to the September 8, 2011 motion to stay, the Schwartz firm's Supplemental Chart provides that it sent a letter to its client or local counsel in September or October of 2011 for some of those cases, but it does not indicate it has taken any action with regard to those cases since then, even though more than four months have passed.[3]  (*See id.*)  And despite a month passing between the filing of Pfizer's motion and the Schwartz firm's filing of its Supplemental Chart, it does not appear that *any* action was taken even in that time to advance the resolution of these cases.  (*See id.*)

In short, the Schwartz firm's Supplemental Chart makes clear that it has totally neglected to move these cases forward for some time now.  Further, its failure to comply with the Court's order to file regular status reports has left the Court and opposing counsel in the dark with respect to how – and whether – these cases are proceeding.  This Court and Pfizer need regular updates, regarding whether these cases are going forward or will be dismissed, because medical records must be collected and other discovery still must be conducted, if the cases proceed.  These cases cannot be allowed to remain suspended in limbo indefinitely, and it is not unreasonable to require the Schwartz firm to demonstrate that it is advancing these issues.

The Schwartz firm's only excuse for its fundamental case-management failures is that "Schwartz attorneys are not hourly billers and not accustomed to preparing monthly status reports." (Schwartz Resp. [Dkt. No. 3784] at 1.)  To the extent the Schwartz firm claims it does not have adequate resources to competently manage these cases, that problem is of its own making either because it improvidently took on more cases than it could competently litigate, or because it recalcitrantly refused to dismiss or withdraw from cases that obviously lacked merit even as other plaintiffs' firms in this litigation did so long ago.  Either way, it does not excuse

---

[3] The Schwartz firm also lists 9 cases as subject to withdrawal or dismissal that the Schwartz firm has not yet moved for a stay of discovery in.  (Schwartz Supp. Chart [Dkt. No. 3793-1].)

the Schwartz firm's failure to comply with mandates of this Court or to act upon unequivocal representations that it previously made to this Court and opposing counsel about withdrawing from cases by a specified deadline that expired many months ago.

Further, while it does not contest its failure to file status reports, the Schwartz firm cryptically argues that "[i]n sum and substance per Exhibits 1-5 . . . Plaintiffs filed and served five updates." (Schwartz Resp. [Dkt. No. 3784] at 6.) However, what the Schwartz firm refers to as "the five Exhibits updates" are nothing of the sort. (*Id.*) Four of those five exhibits are simply briefing for the Schwartz firm's four motions to suspend discovery. The remainder is the August 2011 status report as to the recommendation for discontinued prosecution in the cases that had already been stayed – the only one filed prior to this Court's February 23, 2010 Electronic Order – and it was filed because this Court ordered the Schwartz firm to do so, (*see* 8/11/11 Electronic Order), presumably because of its failure to update the Court to that date. (*See* Pls.' Exhibit 4 [3784-5].) Regardless, even that one status update failed to provide any helpful information about the status of the cases that had been stayed up to that point, merely repeating the same entry for each case. Thus, the Court should disregard the unsupported claim that those documents somehow "fully satisfied the spirit if not the letter," (Schwartz Resp. [Dkt. No. 3784] at 6), of this Court's order that explicitly required the Schwartz firm to update the Court every thirty days "regarding the status of the recommendation for discontinued prosecution in each stayed case." (May 6, 2011 Order [Dkt. No. 3455].) Filing motions to stay additional cases by no means updates the status of cases already stayed.

In addition, there is no merit to the Schwartz firm's argument that it was incumbent on opposing counsel to repeatedly remind it of its obligation to comply with this Court's orders. (*See* Schwartz Resp. [Dkt. No. 3784] at 8 (claiming it was "never brought to counsel's attention").) Regardless, Pfizer's counsel did alert the Schwartz firm to its noncompliance long before filing this motion. The Schwartz firm's claim that it was only given "three hours" notice of its noncompliance is wildly inaccurate. (*Id.*) Pfizer informed the Schwartz firm of its noncompliance on *January 2, 2012*, and this motion was not filed until *January 31, 2012*, 29

4

days later.  (*See id.*)  Pfizer received no response to its January 2, 2012 letter.

Furthermore, no credence should be afforded to any assurances by the Schwartz firm that it has learned its lesson and will try to do better next time.  This Court has been down this same road many times with the Schwartz firm, but the firm has made clear by its repeated inaction and noncompliance that any additional chances the Court may be inclined to afford it would be futile.  For instance, at the April 26, 2011 hearing, this Court already reprimanded the Schwartz firm for noncompliance with Court orders.  (*See* 4/26/11 Hr'g Tr. [Dkt. No. 3777-1] at 61-71.)  At that hearing, a representative of the Schwartz firm admitted that there was "no justification for not responding to the Court" (*id.* at 62) and claimed that such failures would "never happen again" (*id.*).  Contrary to those assurances, it *has* happened again, and there is every indication it will happen again and again if there continue to be no repercussions for the Schwartz firm's neglectful approach to complying with this Court's orders and managing its cases.  In fact, even the Schwartz firm's opposition to this motion for sanctions was late by three days.[4]

Indeed, despite the fact that these cases have been pending for approximately six years and the considerable efforts that have been made by both this Court and Pfizer to move these cases forward, the Schwartz firm now represents to this Court that discovery is ongoing and that it "***still does not know if some Plaintiffs will voluntarily dismiss their cases***." (Schwartz Resp. [Dkt. No. 3784] at 4 (emphasis added).)  There is no excuse for such an egregious degree of inactivity, and the Schwartz firm does not attempt to provide one.  This litigation has  passed the stage where the Schwartz firm should have information as to whether its own clients intend to proceed with their claims.  For this reason alone, the Schwartz firm's complete failure to regularly inform this Court and Pfizer as to its clients' intentions – and the Plaintiffs' failures to keep their counsel updated as to their intentions to proceed – justifies dismissal of these cases.

Dated:  March 8, 2012                                    Respectfully submitted,

---

[4] Pfizer's motion was filed on January 31, 2012, but the Schwartz firm did not respond until February 16, 2012 – 3 days late.  *See* D. Mass. Local R. 7.1(b)(2).

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
    Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

-and-

ROPES & GRAY LLP

By: /s/ Justin J. Wolosz
    Justin J. Wolosz
    BBO # 643543

Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 951-7000
Email: justin.wolosz@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 8, 2012.

        /s/ Justin J. Wolosz
        Justin J. Wolosz