UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------ x
:
In re:  NEURONTIN MARKETING, SALES                :   MDL Docket No. 1629
         PRACTICES AND PRODUCTS                   :
         LIABILITY LITIGATION                     :   Master File No. 04-10981
------------------------------------------------ x
:   Judge Patti B. Saris
:
THIS DOCUMENT RELATES TO:                         :
                                                  :   Magistrate Judge Leo T.
ALL PRODUCT LIABILITY ACTIONS                     :   Sorokin
:
:   **MOTION FOR**
:   **LEAVE**
:   **GRANTED**
:   **MARCH 14, 2012**
:
------------------------------------------------ x

### DEFENDANT PFIZER INC'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO UNSEAL DOCUMENTS

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"), by counsel, respectfully submit this reply memorandum in further support of their Motion to Unseal Documents.

Mr. London and his colleagues have not even attempted to set forth any "good cause for asserting confidentiality" with regard to the itemized expense reports, expense amounts, and other support for their Joint Application for Reimbursement that they filed under seal.  (*See* Standing Order, Jan. 21, 2010 [Dkt. No. 2512], at 1.)  Instead, they argue that Pfizer should not be allowed to challenge their unilateral decision to seal documents, because Pfizer has no basis to object to the Joint Application for Reimbursement under Rule 23, and because the filing contains attorney work product.  This argument is misplaced for several reasons.  First, it ignores this Court's Order that there is a presumption against filing under seal, and a good cause for asserting confidentiality must be shown.  (*See id.*)  Second, Pfizer and the other parties cannot know whether the documents contain objectionable materials because they have not seen them.  Third,

other plaintiffs, many of whom are *pro se and likely were not shown the documents by counsel*, and other parties in the MDL have a right to the information in the sealed documents as it relates to what resources are being withdrawn from the common fund. Finally, this court has the power to unseal documents *sua sponte* where the party seeking the redaction has asserted no basis for confidentiality, and therefore Pfizer's purported lack of interest in the documents is irrelevant. Here, the Court should exercise this power because MDL Plaintiffs, and the other parties in the MDL, have the right to know what resources are being withdrawn from the common fund.

## CONCLUSION

For these reasons, Pfizer respectfully requests that this Court grant its motion to unseal the expense records and amounts in the Joint Application [Dkt. No. 3791].

Dated: March 14, 2012

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
    Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

-and-

ROPES & GRAY LLP

By: /s/ Justin J. Wolosz
    Justin J. Wolosz
    BBO # 643543

Prudential Tower
800 Boylston Street
Boston, MA 02110
Tel: (617) 951-7000
Email: justin.wolosz@ropesgray.com

*Attorneys for Defendants Pfizer Inc and*
*Warner-Lambert Company LLC*

**CERTIFICATE OF SERVICE**

   I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 14, 2012.

      /s/ Justin J. Wolosz
      Justin J. Wolosz

3