UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------------X
In re:  NEURONTIN MARKETING,                    :   MDL Docket No. 1629
       SALES PRACTICES, AND                      :
       PRODUCTS LIABILITY LITIGATION       :   Master File No. 04-10981
                                                                                :
------------------------------------------------------------------------X   Judge Patti B. Saris
                                                                                :
THIS DOCUMENT RELATES TO:                     :   Magistrate Judge Leo T. Sorokin
                                                                                :
PLAINTIFFS' PRODUCTS LIABILITY GROUP   :
------------------------------------------------------------------------X

### SUBMISSION EXPLAINING THE BASIS FOR THE AMOUNT OF THE AIRFARE FOR WHICH THE EXPERT RECEIVED REIMBURSEMENT (ORDER, MAGISTRATE JUDGE SOROKIN, MARCH 12, 2012)

To the Honorable Court:

Undersigned counsel, individually and as a member of the Plaintiffs Products Liability Steering Committee, respectfully submits this explanation in compliance with the Court's order of March 12, 2012:

Professor Trimble flew on British Airways in first class from London Heathrow to New York JFK for his preservation deposition.[1] He is an expert witness in neurological and biological psychiatry. He lives in England and has traveled to the United States approximately nine times for depositions and trials or hearings in connection with this MDL.

His work on general causation in this MDL has been substantial and critical. See, e.g., *In Re Neurontin Marketing, Sales Practices, and Product Liability Litigation*, 612 F. Supp. 116 (D.Mass. 2009), Judge Saris's decision on *Daubert* challenges to Professor Trimble, Dr. Blume, and Dr. Kruszewski (Docket Number 1775). Professor Trimble requested as a term of his work

---

[1] Plaintiffs do not seek to charge Defendants with this expense or with witness fees.

that when required to make international flights that he be permitted to fly in first class due to the exhausting nature of such lengthy travel across multiple time zones.  He has flown in first class in each of the nine trips to the United States in this litigation, including Track One cases.

The decision to take Professor Trimble's preservation deposition was made by unanimous vote of the plaintiffs' attorneys.  Professor Trimble's stature, generally and in this litigation, is such that there was no hesitation in accepting as a term of his engagement that he travel in first class on trans-Atlantic flights.  Professor Trimble's other flights in this MDL litigation have been under the same arrangement; the air fare made the subject of this Application is not a change in cabin service. It was and is important to the plaintiffs' attorneys that they have a witness of his professional standing, considering the subject matter and the quality and quantity of expert witnesses engaged by Pfizer.  Trans-Atlantic travel is fatiguing, particularly east to west, and Professor Trimble is no longer a young man.

The amount of Professor Trimble's airfare for the preservation deposition was affected by several factors other than class of cabin service.  First, the airfare was flexible and refundable.  Other depositions and hearings had been changed or rescheduled in the past with loss of some or all of the flight expense.  For example, his travel to the *Bulger* and *Shearer* trials was altered when the cases resolved during trial with substantial airfare charges lost.  At the time of making his reservation for the preservation depositions the scope and terms of the preservation deposition were being negotiated with defense counsel and undersigned counsel was not able to give Professor Trimble assurance that the deposition would take place on the planned date or would not be cancelled.  Accordingly, it was agreed with Professor Trimble to book a flexible – exchangeable airfare to reduce the risk of losing the airfare or having a price change in the event the deposition was changed or cancelled.

Second, the deposition was scheduled during the highest flight season for that route (Heathrow-JFK). International air fares are less stable than domestic airfares. For example, the same flights as of the date of submitting this report are approximately ten per cent higher, some £9975 British pounds. This increase in fares is approximately the same rate of increase that the airfare made the subject of this submission reflects over air fares from previous years in this litigation.

Finally, the exchange rate between US dollars and British pounds is constantly changing. During the pendency of this litigation it has ranged from $2.06 in November 2007 to a low of $1.44 in February 2009, affecting the dollar price of air fare incurred in British pounds.

Undersigned counsel respectfully submits that the foregoing explain the cost of Professor Trimble's airfare for the preservation deposition. The class of service was not changed from Professor Trimble's other flights associated with this MDL.

    Respectfully submitted,

    LAW OFFICES OF JACK W LONDON
    3701 Bee Cave Rd., Suite 200
    Austin, TX 78746
    512-478-5858 (telephone)
    512-479-5934 (facsimile)

By: _____
    Jack W. London
    State Bar No. 12512500

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on _March 19, 2012_.

_____
Jack W. London, Esquire