Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------X
In re: NEURONTIN MARKETING,             : MDL Docket No. 1629
       SALES PRACTICES, AND             :
       PRODUCTS LIABILITY LITIGATION    : Master File No. 04-10981
                                        :
---------------------------------------------------------------X  Judge Patti B. Saris
                                        :
THIS DOCUMENT RELATES TO:               : Magistrate Judge Leo T. Sorokin
                                        :
PLAINTIFFS' PRODUCTS LIABILITY GROUP    :
---------------------------------------------------------------X

# MEMORANDUM IN SUPPORT OF JOINT APPLICATION OF JACK W. LONDON, EUGENE BROOKS, AND ARCHIE CARL PIERCE FOR REIMBURSEMENT FROM THE COMMON BENEFIT FUND FOR EXPENSES INCURRED IN CONNECTION WITH PRESERVATION DEPOSITIONS

**Filed under Seal**

To the Honorable Court:

Jack W. London, a member of the Plaintiffs' Products Liability Steering Committee herein, and Eugene Brooks and Archie Carl Pierce, who assisted in the efforts at issue herein, make application to the Court for Reimbursement from the Common Benefit Fund for expenses incurred on behalf of the plaintiffs' products liability cases, as set out below.

## I.

### Counsel believes this motion is unopposed.

This motion and memorandum are filed under seal. It pertains to the internal affairs and work product of the product liability plaintiffs, plaintiffs attorneys, product liability plaintiffs steering committee, and the administration of the Common Benefit Fund.

The parties and attorneys who have an actual or potential interest in the Common Benefit Fund were consulted in advance of filing this motion and provided copies of the exhibits in

advance with the request to provide comments, opposition, and clarification. No one has expressed opposition to this Motion as of the date of filing.

## II.

### Common benefit fund

The Plaintiffs' Product Liability Common Benefit Fund was created pursuant to this Court's Order granting *Motion to Establish A Common Benefit Fund* (Document 1129, February 14, 2008). Pursuant to the Manual For Complex Litigation (4th Ed. 2004), the fund was established to compensate and reimburse attorneys for services performed and expenses incurred for the common benefit of MDL 1629 personal injury plaintiffs.

As of the date of filing this Application, all funds that are in the account and those likely to be deposited in the account in the near future are from allocations ordered by the Court to be withheld from settlement recoveries in cases in which Finkelstein & Partners are counsel of record, including both state court cases and those MDL cases identified in the Court's order of dismissal based on settlements, (Document Number 3307, February 22, 2011), and cases in which other attorneys are counsel of record that have settled since February, 2011. As will be set out hereafter, Applicant's attorney work and expenses conferred a common benefit on the product liability cases, including those cases, and will continue to confer a common benefit on the remaining product liability cases.

## III.

### The expenses were incurred in taking Court-Authorized Preservation Depositions Specific to the Products Liability Cases

Magistrate Judge Sorokin ordered on October 8, 2010, that the Plaintiffs Products Liability Steering Committee may take the preservation depositions of certain witnesses whose testimony was applicable to all products liability cases, either as general causation expert

witnesses (Professor Trimble, Dr. Blume, Dr. Kruscewski, Dr. Greenland) or fact witness (Dr. Franklin).

The deposition of Professor Trimble was taken in New York on August 4, 2011. The deposition of Dr. Blume was taken August 17-18, 2011, in Tampa, Florida. The deposition of Dr. Franklin was taken October 17, 2011, in Boston, Massachusetts. The attorneys who prepared for and took the depositions live in Texas and in Georgia.

## IV.

### Amount sought

The attorneys who represent product liability plaintiffs in this MDL voted unanimously to contribute to the costs of the preservation depositions.

> [Redacted: Attorney work product and
> communications between attorneys]

A. Your Applicants requests approval for payment of expenses in the amount of $67,506.36 paid by Jack W. London [Redacted: Attorney work product and communications between attorneys] ; for the witnesses' fees, court reporter fees, videographer fees, and costs of producing exhibits used in the depositions. Declaration of Jack W. London.

B. In addition, your Applicants request approval for expenses incurred out of pocket by them individually to take the depositions, including travel to and from the depositions, travel to and from meetings with the witnesses and with each other to prepare for the depositions, lodging, and similar expenses. Itemized reports of the

expenses incurred and paid during that period are filed under seal for *in camera* review in the attached Declaration of Pam Corn, Exhibit B, and in Exhibits C and D, attached Declaration of Archie Carl Pierce, and Affidavit of Bangone Jones on behalf of Eugene C. Brooks, IV, P.C. d/b/a Brooks Law Firm, respectively. The reports are filed *in camera* because they identify certain references of work product and tactical efforts made on behalf of the plaintiffs' products cases generally and the common work of the Plaintiffs' Products Liability Group in preparing for and taking the depositions in question.

C. The expenses sought herein relate solely to the preservation depositions and work for the group of product liability cases in this MDL. They do not include expenses incurred or paid for counsels' involvement in individual cases in which they are attorneys of record.

D. No attorney fees are sought at this time. An application for attorney fees for the preservation depositions may be brought at a later time.

## V.

### Appropriate to Approve Application for Approval of Interim Common Benefit Fund Expenses

It is appropriate to award fees and expenses from a common benefit fund for work that has been and is complex and strenuous. See, e.g., *Bowling v Pfizer*, 102 F.3d 777 (6th Cir. 1996).

Interim fees and expenses are appropriately awarded where settlement of a portion of the cases in an MDL are settled. See Manual For Complex Litigation (4th Ed.) §14.222; *Texas State Teachers Ass'n v. Garland ISD*, 489 U.S. 782, 790-792 (1989). An award of interim fees and expenses contemplates that the Court will at some point in the future enter a final order regarding

fees and expenses and credit interim fees and expenses against any final award ordered at a later stage or at the end of the litigation. See, e.g., *In Re Diet Drugs Product Liability Litigation*, 401 F.3d 143, (3d Cir. 2005).

The expenses paid and incurred by your Applicants provided a common benefit to all Neurontin products liability cases. As set out above, all the Finkelstein & Partner Neurontin cases settled after the Court ordered that plaintiffs might take such depositions. A large number of Neurontin products liability cases have settled since the scheduling and commencement of such depositions.

Professor Trimble's preserved deposition testimony is available to the plaintiffs for use in connection, generally, as expert testimony of general causation of Neurontin and suicide. Dr. Blume's preserved deposition testimony is available to the plaintiffs for use, generally, as expert testimony of the history of Neurontin signals for suicidality and failure to warn of the increased risk of suicide. Dr. Franklin's preserved deposition testimony is available to the plaintiffs to use, generally, as evidence of illegal and improper marketing practices to promote Neurontin off-label.

## VI.

### Need for Order

Your Applicants respectfully request that the Court order that the expenses be allowed and that the Common Benefit Fund be directed to write checks as set out in the attached exhibits. See attached declaration of Jack W. London, submitted under seal.

## CERTIFICATE OF CONSULTATION

I hereby certify that I have conferred in good faith with counsel for parties whose interests are affected by the motion. It is believed that this Application is unopposed.

WHEREFORE, PREMISES CONSIDERED, your Movants pray the Court enter an order specifically awarding from the Common Benefit fund the following amounts

```
[Redacted:  Attorney work product and communications between attorneys]
```

    a. $67,506.36 to Jack W. London for witness fees, court reporters, videographers, and exhibits as set out above;

    b. award to Jack W. London $8,017.55 in travel and related expenses incurred and paid in preparation for and attending and taking the preservation depositions;

    c. award $5,016.35 to Gene Brooks for travel and related expenses he incurred and paid in preparation for and attending and taking Dr. Blume's and Dr. Trimble's depositions;

    d. award $1,382.84 to Archie Carl Pierce for travel and related expenses he incurred and paid in preparation for and attending and taking Dr. Franklin's deposition.

Respectfully submitted,

LAW OFFICES OF JACK W LONDON
3701 Bee Cave Rd., Suite 200
Austin, TX 78746
512-478-5858 (telephone)
512-479-5934 (facsimile)

By: _____
Jack W. London
State Bar No. 12512500

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on January 25, 2012

_____
Jack W. London, Esq.