UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------ x
:
In re: NEURONTIN MARKETING, SALES : MDL Docket No. 1629
      PRACTICES AND PRODUCTS :
      LIABILITY LITIGATION : Master File No. 04-10981
------------------------------------------------ x
: Judge Patti B. Saris
:
THIS DOCUMENT RELATES TO: :
: Magistrate Judge Leo T.
ALL PRODUCT LIABILITY ACTIONS : Sorokin
:
:
------------------------------------------------ x

**RESPONSE TO JOINT APPLICATION FOR REIMBURSEMENT
FROM THE COMMON BENEFIT FUND**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"), by counsel, respectfully submit this brief response to the Joint Application of Jack W. London, Eugene Brooks, and Archie Carl Pierce for Reimbursement from the Common Benefit Fund for Expenses Incurred in Connection With Preservation Depositions (the "Joint Application") [Dkt. Nos. 3762, 3813].

It is now apparent why Mr. London, and his associates, aggressively resisted publicly filing his request for a distribution from the common benefit fund: there is an inadequate basis to substantiate the requested sums – or, at least, the materials submitted thus far fail to do so. At best, the Joint Application provides only vague and potentially misleading documents in an attempt to justify the significant sums he is seeking, while cloaking many of the material details behind the request from public scrutiny. This tactic is contrary to this Court's Order requiring disclosure of all non-privileged materials. Further, some of the documents submitted in support of the Joint Application actually contradict what has been requested.

For example, the Memorandum in support of the Joint Application states that "[t]he deposition of Professor Trimble was taken in New York on August 4, 2011" – *i.e.*, it lasted *1 day*. (Mem. in Supp. at 3 [Dkt. No. 3813-2].)  Yet the materials recently disclosed tell a different story. The invoice attached to the Joint Application shows it seeks reimbursement of expenses for *5 days*.  (*See* Pls.' Ex. 4 [Dkt. No. 3813-4].)  It states "5 days court deposition 1-5 August 2011 @ $5,000/day," (*id.*), which is inconsistent with the fact Dr. Trimble's deposition occurred on 1 day, August 4, 2011.  Further, Dr. Trimble's hotel and "Subsistence" are also calculated for 5 days. (*See id.*)  To the extent that the additional days are travel or preparation days, they should be noted as such.  The hotel bill is almost $3,000 and, even if you assume this was for a 5-night stay, that still breaks down to around $600 per night solely for the hotel room.  This is, of course, in addition to first class airfare for Dr. Trimble, which totaled $13,281.  (*See id.*)  Moreover, there is a charge of $150 for "Nancy Heim" (*id.*), but there is no explanation whatsoever of who she is or what that expense is.

The invoice related to Dr. Blume is equally vague and difficult to interpret.  She seems to have billed 15.25 hours at a rate of $450 for her deposition, but she also billed 66 hours at a rate of $400 for unspecified services for a charge of $26,400.  (*See id.*)  Further, there are around $17,500 in charges for "[r]esearch assignments" and "[r]esearch associates" with no explanation of the services provided or how they relate to a common benefit of all Plaintiffs.  Considering that she had already been deposed four times, and had been working on this litigation for years, those 102 additional hours billed seem excessive, particularly when combined with her own unspecified 66 hours of time.

Additionally, while Mr. London claims that certain interested parties received his application, he fails to identify who those interested parties were, which raises several

unanswered questions about who was actually served.  For example, were the plaintiffs in remanded cases served?  Were the plaintiffs with cases on appeal served?  What about pro se plaintiffs?  Without including such information, Mr. London essentially expects the Court to take his word that notice was given to interested parties, whoever he may deem them to be.

What is equally troubling is Mr. London's persistent refusal to disclose any details with regard to the attorneys' expenses he seeks.  Instead, he makes the assertion that prices for meals, hotels, and airfare are somehow protected by attorney-client privilege or the work-product doctrine.  His redaction of this information has no basis and violates both the spirit and letter of this Court's Order.  For instance, the Court and other parties cannot evaluate the merits of the Joint Application without knowing what his request for over $8,000 pertains to, and the same holds true for the other attorneys seeking reimbursement.

Finally, the implication that these preservation depositions somehow led to settlements is facially absurd and untrue.  The Finkelstein & Partners cases were resolved prior to the preservation depositions, and not a single case was resolved as a result of any of the depositions.

Dated: March 22, 2012                            Respectfully submitted,

                                                           SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                                           By: /s/ Mark S. Cheffo
                                                                Mark S. Cheffo

                                                           Four Times Square
                                                           New York, NY 10036
                                                           Tel:  (212) 735-3000

                                                           -and-

                                                           ROPES & GRAY LLP

                                                           By: /s/ Justin J. Wolosz
                                                                Justin J. Wolosz

BBO # 643543

Prudential Tower
800 Boylston Street
Boston, MA  02110
Tel:  (617) 951-7000
Email:  justin.wolosz@ropesgray.com

*Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 22, 2012.

/s/ Justin J. Wolosz
Justin J. Wolosz