UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEURONTIN MARKETING | § | |
| AND SALES PRACTICES | § | |
| LITIGATION | § | MDL Docket No. 1629 |
| | § | |
| | § | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | § | |
| | § | Judge Patti B. Saris |
| VIRGIL L. ANDERSON, ET AL | § | |
| vs. PFIZER INC., ET AL | § | Magistrate Judge Leo Sorokin |
| Case No. 06-11024-PBS | § | |
| | § | |
| MARTHA ACCETULLO, ET AL | § | |
| vs. PFIZER, INC., ET AL | § | |
| Case No. 06-10912-PBS | § | |
| | § | |
| KAMALIHA Y. BREWSTER, ET AL | § | |
| vs. PFIZER, INC, ET AL | § | |
| Case No. 06-11022-PBS | § | |
| | § | |
| CHARLES D. GIRARD, ET AL, | § | |
| vs. PFIZER, INC., ET AL | § | |
| Case No. 06-11023-PBS | § | |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' REPLY IN FURTHER SUPPORT OF PFIZER'S MOTION FOR SANCTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Schwartz Firm, counsel for Plaintiffs, Anderson, et al. all above captioned, files this Plaintiffs' Objections and Responses To Defendants' Reply to Further Support of Pfizer's (Defendants) Motion for Sanctions and adopt by reference per F.R.Civ.P. 10(c) all cited Motions in the previously filed Document 3784 and all listed herein. The Schwartz Firm attorneys have continued to follow up on the cases where Motion to Stay/Suspend Discovery was filed. The Schwartz Firm has filed four separate Motions to Stay/Suspend Discovery to avoid both Plaintiffs and Defendants from having to incur expenses for unnecessary depositions; however, it is beyond the Schwartz Firm's control when Defendants' choose to

1

continue to incur expenses on collection of records of some Plaintiffs after the Schwartz Firm had already filed Motions to Stay/Suspend Discovery.

On January 31, 2012, Defense Counsel, Ms. Catherine Stevens of Skadden, Arps, Slate, Meagher & Flomm LLP contacted Newton Schwartz, Sr. via email at 12:22p.m and demanded Newton Schwartz, Sr. to respond in less than three hours' time by 4p.m. the same day (3 p.m. Central Standard Time). Ms. Stevens threatened to file a Motion For Sanctions for Non-Compliance with the Court's order regarding stayed cases. She asked Newton Schwartz, Sr. to "Let us know if you will agree to dismiss all of your stayed cases." She also threatened to file the motion and stated "…If we do not hear from you by 4pm, we assume that you will not dismiss these stayed cases and we will file our motion." Trey Stegall responded on behalf of The Schwartz Firm to Ms. Stevens email at the airport while en route to a hearing in McAllen, Texas. Mr. Stegall stated to Ms. Stevens that "…. We cannot agree to dismiss all stayed cases at this time, as it would be completely unethical and inappropriate for us to do so." He offered to Ms. Stevens that "…At the moment I am in an airport en route to a hearing in McAllen, Texas, But I can provide you with an update you by the end of tomorrow on the status of the stayed cases, if you so desire." Instead of providing an opportunity for The Schwartz Firm to provide the information by the following day, Defendants proceeded with filing of the Motion for Sanctions [Document 3769] within hours from Mr. Stegall's response on the same day they sent the email to the Schwartz Firm, January 31, 2012. A copy of the email correspondences between Catherine Stevens and Trey Stegall is attached as [Exhibit 1] and incorporated and attached herein.

Plaintiffs object to Defendants' Motion for Sanctions and Defendants' request to the Court for ordering a dismissal with prejudice as a sanction. Such sanctions are not warranted following diligence and meaningful efforts in compliance with the spirit of this Court's Orders.

Dismissal with prejudice is a "death penalty" sanction. It is the severest, ultimate sanction that precludes the presentation of the merits of each client's case that has satisfied Rule 11 F.R.Civ.P. Severe sanction should not be imposed when a lesser sanction would satisfy the purpose or purposes for which the sanction is being imposed. "Death penalty" sanctions should only be imposed in the first instance only in exceptional cases when they are clearly justified, and obviously when no lesser sanctions would promote compliance with the rules. Before imposing a severe sanction, courts must analyze the availability and effectiveness of other less stringent sanctions that would fulfill the compliance with the Court Orders.

The U. S. Court of Appeals First Circuit held in *Young v. Gordon,* 330 F.3d 76 at 81 (1st Cir. 2003), as is relevant here:

> "…To be sure, dismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme. *See Enlace Mercantil Internacional, Inc. v. Senior Indus, Inc.*, 848 F.2d 315, 317 (1st Cir. 1988). We have recognized, however, that disobedience of court orders is inimical to the orderly administration of justice and, in and of itself can constitute extreme misconduct. *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 1987); *Cosme Nieves v. Deshler*, 826 F.2d 1, 2 (1st Cir. 1987). Still, dismissal should not be viewed either <u>as a sanction of first resort or as an automatic penalty for every failure to abide by a court order</u>. <u>When noncompliance occurs</u>, the ordering court should consider the totality of events and then <u>choose from the broad universe of available sanctions</u> in an effort to fit the punishment to the severity and circumstances of the violation. *See Tower Ventures,* 296 F.3d at 46.

Following the Schwartz Firm's filed Objections and Responses To Defendants' Motions For Sanctions And To Defendants' Memorandum In Support Of Its Motion For Sanctions [Document 3784], the Court ordered electronically for The Schwartz Firm on February 23, 2012 to supplement its response with a list of all pending cases and status. The Schwartz Firm has

3

complied with the Court's Order and filed a supplemental report on the status of pending cases on March 3, 2012, [Document No. 3793-1].

The Schwartz counsels abide by Texas Disciplinary Rules of Professional Conduct (DR) 1.03:

> b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation…"

Arkansas Rules of Professional Conduct:

> a) "…Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation, and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter…"

Schwartz counsels have used diligent efforts to inform this Court, opposing counsel, their local referring counsels and the individual Plaintiffs. Schwartz counsels are without authority, and it is unethical for them to dismiss the Plaintiffs' cases without their consent. The Schwartz attorneys adhere to the Rules of Professional Conduct, and followed the rules in the process of communications with the Plaintiffs regarding voluntary dismissal of their cases. The Schwartz counsel requests that this Court consider the fact that some of the Plaintiffs in this lawsuit have some mental or emotional problems such as psychological impairment, and are disabled and/or disoriented, etc. These conditions sometimes hindered or slowed down the communication process. The Schwartz counsel spoke to the individual Plaintiff and explained the counsel's recommendation for voluntary dismissal to the Plaintiff to make sure the Plaintiff fully understand the ramifications of a voluntary dismissal before and after a letter was sent to the client. This communication has been a lengthy process due to some Plaintiffs' reluctance. Often times, some Plaintiffs' mental/emotional state and/or physical condition deter the process. In

one instance, Schwartz counsel was in the process of communications regarding voluntary dismissal, but due to the Plaintiff's emotional state or hospitalization, including involuntary hospitalization at a psychiatric unit, the process had to be suspended until a later time because Schwartz counsel had to consider the Plaintiff's well-being in the process.

It is unfair for Pfizer's counsel to state "this pattern of neglect is further illustrated by the Supplemental Chart that the Schwartz firm recently filed in response to this Court's request." Due to the facts stated above, Schwartz counsel had difficulty in complying with "if no response within 21 days, will file request for withdrawal" since the communication process is more complicated and involved more time than expected. It is an inaccurate accusation for Pfizer's counsel to say that "the Schwartz firm's Supplemental Chart makes clear that it has totally neglected to move these cases forward for some time now." Schwartz counsel has been cautiously proceeding with communications with Plaintiffs for their full understanding and agreement to voluntarily dismiss their cases. Schwartz Firm's supplemental chart filed on March 3, 2012 is a conservative status report which underreports the progress so as not to divulge on the individual Plaintiff's privacy regarding their individual condition. Since the communication is ongoing, therefore, Schwartz counsel still does not know if some Plaintiffs will voluntarily dismiss their cases until the Plaintiffs agree to it. Schwartz parties' and counsels' conduct, as alleged by Pfizer and hotly disputed here, was ethically protected, justified, justifiable and in good faith and/or necessary in its totality. It did not approach egregious misconduct since the individual Plaintiff's condition and well being, each Plaintiff's due process rights, and other above stated factors should all be considered in the process.

Schwartz' counsels respectfully request that this Court for all the above reasons, legal, factual and ethical considerations implicated:

1) To deny all relief requested by Pfizer including sanctions; and

2) To allow additional time for Plaintiffs' counsel to further supplement as to the remaining Plaintiffs at issue and continue to communicate with each of the individual Plaintiffs affected to determine if they consent to dismiss their cases voluntarily, and with prejudice; and

3) To deny all of Pfizer Defendants' Motion for Sanctions and all other relief requested by Pfizer and for all other and further relief to which Plaintiffs may show themselves entitled to receive.

Respectfully submitted,
The Law Offices of Newton B. Schwartz, Sr.

By: /s/Newton B. Schwartz, Sr.
    Newton B. Schwartz, Sr.

By: /s/Mabel Lee-Lo
    Mabel Lee-Lo

1911 Southwest Freeway
Houston, Texas 77098
nbs@nbslawyers.com
Telephone: (713) 630-0708
Facsimile: (713) 630-0789

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on this 23rd day of March, 2012.

/s/Mabel Lee-Lo
Mabel Lee-Lo