UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------X
In re:  NEURONTIN MARKETING,                : MDL Docket No. 1629
        SALES PRACTICES, AND                        :
        PRODUCTS LIABILITY LITIGATION       : Master File No. 04-10981
                                                                            :
------------------------------------------------------------------X Judge Patti B. Saris
                                                                            :
THIS DOCUMENT RELATES TO:                    : Magistrate Judge Leo T. Sorokin
                                                                            :
PLAINTIFFS' PRODUCTS LIABILITY GROUP  : **MOTION FOR LEAVE**
                                                                            : **GRANTED March 26, 2012**
------------------------------------------------------------------X

Memorandum In Reply to Pfizer's Response to Joint Application for
<u>Reimbursement from the Common Benefit Fund (ECF 3814)</u>

To the Honorable Court:

    Jack W. London, individually and on behalf of Archie Carl Pierce and Eugene Brooks, Applicants, respectfully submits this Memorandum in Reply to Pfizer's Response to Joint Application for Reimbursement from the Common Benefit Fund and in support of their Application.

I.

    The Defendants, in the Response to Joint Application for Reimbursement (Docket Number 3814), have made no effort to demonstrate that they have legal standing to contest the Application (Docket Number 3762 and 3813), nor to contest or criticize any of the expenses made the subject of the Application. Your applicants respectfully submit that the Defendants submitted their response for the purpose of attempting to taint the Court's evaluation of the expenses, knowing that they had no standing to do so.

By authority first brought to this Court's attention by the Defendants, Rule F.R.C.P. Rule 23 (h) expressly applies to multi-district litigation and, by its terms, excludes these Defendants from any voice in the Court's decision regarding common benefit funds. *In Re High Sulfur Content Gasoline Product Liability Litigation*, 517 F.3d 220 (5th Cir. 2008). See Rule 23 (h) (2), and comment by Rules Advisory Committee. A non-settling defendant, and that includes Pfizer, has no say in the Court's decision regarding applications to the Common Benefit Fund.

II.

Your Movants would further show that the expert fees in issue were not only reasonable but were quite modest in comparison to fees the Defendant's experts charge and that Defendants' expert intentionally obscured documentation of billing records.

A. <u>Defendant's Expert Charges are vastly greater than any of those in issue</u>:

Dr. Robert Gibbons, Defendant's expert epidemiologist, billed Pfizer some $383,113.00 before giving his first deposition. Exhibit 1. When asked to account for any of the time spent on the bills, or expenses, Dr. Gibbons testified that he kept track of his time 'in his memory;' Deposition exerpts, Dr. Gibbons, March 5, 2009, Exhibit 2, Page 787. He also testified that he had been counseled that having 'exquisitely detailed bills may not be the best plan for litigation-related work;' and that as a consequence he was not 'very very detailed in what he described in his bills.' Deposition exerpts, Dr. Gibbons, March 5, 2009, Exhibit 2, Page 971.

In light of this, Defendant is in no position to criticize Professor Trimble or Dr. Blume's charges or to advise the Court of what the plaintiffs should be paying the plaintiffs' experts.

B. <u>Professor Trimble's Charges</u>

Given that Professor Trimble had to travel to and from England for his deposition, and to both recover from travel and to prepare for his deposition and give it, five days is hardly an excessive amount of time to travel, prepare, give a deposition, and travel again.

Nancy Heim, mentioned in the Response, is a medical illustrator who provided art work for Professor Trimble's exhibits.

III.

Your Movants would further show in reply to the Defendants' Response that some of the expenses in issue were driven up by Defendants' conduct of Dr. Blume's deposition. In the first hearing to determine whether the preservation depositions would take place at all, at page 30, [Transcript, Hearing before Magistrate Judge Sorokin, August 17, 2010], Exhibit 3, the Court stated: "I want to be clear on this. One, we're talking about one day for each witness." Mr. Cheffo spoke in the hearing about preparing for a four hour proceeding.

However, when the defendants cross examined Dr. Blume, they did so for approximately thirteen hours! The examination was often conducted by defense counsel asking her questions from reading a screen on his Blackberry and asking detailed questions about statistics in an article he had not produced before the deposition, it having been in print less than a week. Tactics of that kind drive costs up, not down.

IV.

The most telling point is that the only complaints about the bills or expenses are from Pfizer, not from the plaintiffs or plaintiffs attorneys. The plaintiffs attorneys not only voted to take the depositions but have made no complaint whatever with the amounts incurred or charged.

Pfizer has a right to a fair trial. It does not have a right to control what the plaintiffs attorneys spend on witnesses in their attempts to level the playing field for their clients.

Conclusion

For these reasons, Your Applicants respectfully pray the Court give no weight to the remarks Pfizer asserts in its indignant reply to the Application for Reimbursement and, instead, that the Court rule on the Application on its own merit, taking into account the nature of the expenses, the common benefit provided by the work in question, and the relative standing of the parties.

Respectfully submitted,

LAW OFFICES OF JACK W LONDON
3701 Bee Cave Rd., Suite 200
Austin, TX 78746
512-478-5858 (telephone)
512-479-5934 (facsimile)

By: _____
Jack W. London
State Bar No. 12512500

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on _____26 March, 2012_____

_____
Jack W. London, Esquire