Exhibit 3

Excerpts, Hearing Transcript

August 17, 2010

```
 1              UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
 2

 3   _____

 4   IN RE:  NEURONTIN MARKETING,
     SALES PRACTICES AND PRODUCTS
 5   LIABILITY LITIGATION,           Civil Action
                                     No. 04-10981-PBS
 6
                                     August 17, 2010, 3:55 a.m.
 7   _____

 8

 9

10            TRANSCRIPT of MOTION HEARING

11         BEFORE THE HONORABLE LEO T. SOROKIN

12      UNITED STATES MAGISTRATE DISTRICT JUDGE

13                  1 COURTHOUSE WAY

14                  BOSTON, MA   02210

15

16

17

18

19

20

21
                  DEBRA M. JOYCE, RMR, CRR
22                 Official Court Reporter
              John J. Moakley U.S. Courthouse
23             1 Courthouse Way, Room 5204
                    Boston, MA   02210
24                     617-737-4410

25
```

```
 1              MR. CHEFFO:  Just two quick things.  This is not a
 2   common unilateral exercise.  We have a lot of work with
 3   Mr. Fromson's cases going on.  As you would of might imagine,
 4   to the extent that someone would have to prepare for a
 5   four-hour trial deposition of experts, this is not an effort
 6   that's not without substantial work on our side.  And I
 7   suppose, though I think it's -- again, from our position, we've
 8   opposed this and I continue to oppose it, but if the Court were
 9   to say, you know, yes, we're going to allow this, then there's
10   the prospect we might say if they're going to do that, then
11   there may be some experts or some witnesses we want.  I don't
12   think that's the favored choice.
13              And the only thing -- because I think most of what
14   I've said is either in the papers or what your Honor will --
15   I'd just like to draw a distinction between Dr. Franklin and
16   these other experts because I really -- I just think for the
17   Court they're not lumped together.  There's really two points.
18   One, he's not --
19              THE COURT:  He's a fact witness.
20              MR. CHEFFO:  He's a fact witness.  His point's
21   limited.  Geographically, I think by his own testimony and
22   admission he worked four months for Parke-Davis in 1996 only in
23   the Northeast region.  So to the extent that cases are
24   around --
25              THE COURT:  He only worked for Parke-Davis for four
```

|      |    |                                                                          |
|------|----|--------------------------------------------------------------------------|
|      | 1  | attorney assigned at that time.  He wasn't available to do the          |
|      | 2  | trial preservation deposition for Dr. Franklin and we were not          |
|      | 3  | envisioning remand in all the cases having the need for                 |
|      | 4  | Dr. Franklin's common testimony.  It was only to with respect           |
|      | 5  | to the Tennessee case about which we were going to consider             |
|      | 6  | that preservation deposition, but Dr. Franklin made himself             |
|      | 7  | available to come to Tennessee, where, by the way, the Court            |
|      | 8  | was going to allow him to testify, despite the fact that he             |
|      | 9  | worked at Parke-Davis for only four months and was limited to           |
| 04:29| 10 | the Northeast business unit.                                            |
|      | 11 |         Lastly, somewhat tangential, as far as scheduling               |
|      | 12 | depositions which was requested for September and October of            |
|      | 13 | 2010.  I withdraw those dates of September and October of 2010,         |
|      | 14 | and simply ask if the Court does allow this, that the parties           |
|      | 15 | coordinate --                                                           |
|      | 16 |         THE COURT:  If I allow it, I'm going to tell all of             |
|      | 17 | you to work out the dates between yourselves and the witnesses          |
|      | 18 | first and then propose a schedule.                                      |
|      | 19 |         I'm going to take that motion under advisement.  I              |
| 04:30| 20 | want to think about it a little bit.  I want to look -- to the          |
|      | 21 | extent that it's helpful, I want to look at that transcript.  I         |
|      | 22 | may talk to Judge Saris about it.                                       |
|      | 23 |         I have one question.  So if I were to decide that some          |
|      | 24 | or all of these witnesses that such a procedure were                    |
|      | 25 | appropriate for, I just want to be clear -- I know it's in the          |

```
 1   papers, I want to be clear on this.  One, you're talking about
 2   one day for each witness.
 3            MR. FROMSON:  That's our proposal, direct and cross
 4   over one business day.
 5            THE COURT:  And your proposal is to divide the day in
 6   what fashion?  You're saying, suggesting you want to talk to
 7   them first to decide how to divide it up or do you want me to
 8   decide with Judge Saris?
 9            MR. FROMSON:  I honestly don't know the answer.  Equal
10   time is what we've usually done in this litigation whenever
11   we've dealt with depositions.
12            THE COURT:  So your proposal would be split.  I'm not
13   holding you to decide that question now, Mr. Cheffo.  I
14   understand, and I am going to think about that.
15            My question is this -- I'm not sure what I'm going to
16   do, to be perfectly honest with you.  I see significant
17   competing concerns.  But if I were to allow it, is that -- if
18   I'm -- if we're going to have some process like this, I only
19   want one such process that would encompass all that would be.
20   If I were to allow it for them, are you going to want to do it
21   for certain witnesses?
22            MR. CHEFFO:  You know, I think I probably have to
23   reserve on that because, to be candid with your Honor, if you
24   said kind of all or nothing, like even if I thought it would be
25   good for one or two of our witnesses, I still think this is a
```