UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING § <br> AND SALES PRACTICES § <br> LITIGATION § <br> § <br> § <br> THIS DOCUMENT RELATES TO: § <br> § <br> VIRGIL L. ANDERSON, ET AL § <br> vs. PFIZER INC., ET AL § <br> Case No. 06-11024-PBS § <br> § <br> MARTHA ACCETULLO, ET AL § <br> vs. PFIZER, INC., ET AL § <br> Case No. 06-10912-PBS § <br> § <br> KAMALIHA Y. BREWSTER, ET AL § <br> vs. PFIZER, INC, ET AL § <br> Case No. 06-11022-PBS § <br> § <br> CHARLES D. GIRARD, ET AL, § <br> vs. PFIZER, INC., ET AL § <br> Case No. 06-11023-PBS § | MDL Docket No. 1629 <br><br> Master File No. 04-10981 <br><br> Judge Patti B. Saris <br><br> Magistrate Judge Leo Sorokin |

**MOTION FOR CONTINUANCE OF HEARING SET FOR APRIL 5, 2012**

TO THE HONORABLE MAGISTRATE JUDGE LEO SOROKIN:

COMES NOW, Newton B. Schwartz, Sr., (hereinafter Movant and/or NBS) and files this Motion for a Continuance of the hearing set on March 30, 2012 for hearing on April 5, 2012. As grounds, he would show the following:

1. Movant adopts by reference per FRCP 10(c) all allegations in his attached Certificate of Conference sent Saturday, March 31, 2012 at noon to Mark S. Cheffo, counsel for Pfizer et al. It is adopted by reference and incorporated for all purposes as if again set forth verbatim herein, as is Mr. Cheffo's disputed reply received today as shown.

2. In addition to the facts alleged therein, Movant NBS would show that notwithstanding his not being in New Orleans for the actual trial starting this morning, April 2nd in C.A. No. 2:10-cvv-03398; *Michael Domjan v. Divcon, LLC, et al*; In the United States District Court, Eastern District of Louisiana, his office in Houston, Texas are support staff for the trial as it has been from the filing of this suit to the present for Jack W. Harang, who as an experienced trial attorney who has prosecuted this case from the onset through final trial preparations commencing in New Orleans on Thursday afternoon, March 29, 2012.

   a. On Saturday, March 31, 2012, as the attached fax and email to Mark Cheffo was sent. NBS' office prepared and filed directly with above U.S. District Court, Eastern District of Louisiana Judge Honorable Jay Zainey, U.S. District Judge of the trial, the complete final trial notebooks prepared by Mr. Harang, along with all other logistical support necessary for lead counsel, Jack W. Harang to prepare trial expert, Drs. Stephen Perns of Chicago and other local south Louisiana experts.  They were temporarily based at New Orleans airport Hilton until today because of the unavailability of normally available hotel rooms near the Court for weeks until the Final Two (formerly the Final Four) of March Madness (now in April) NCAA Basketball finals between Kansas and Kentucky, Monday night April 2nd there.  NBS cannot explain the slack in demand.  Today was transition move for the remainder of the trial to the Clarion hotel, 2001 St. Charles Avenue, close by the Court for the continuation and conclusion of the trial.

   b. Although various dates estimated from 2-3 or more days for trial, both are probably an underestimated for a complex maritime jury trial involving numerous live expert witnesses and the playing of the 57 page video deposition of Plaintiff's expert Mr.

  Ricky Walker who works for Exxon offshore in Africa and could not attend in person.  Such support from Houston is vital to assist in the preparation and trial of this case as has been true throughout for Mr. Harang as the only attorney in the Courtroom for Plaintiff, and who has solely conducted all discovery.

3. It may be known until at least Wednesday, April 4, 2012, when Mr. Harang may complete the Domjan trial;

4. Mrs. Mabel Lo's summary from her notes and memory of the 1½ hour March 30, 2012 hearing is not fully adequate to apprise Movant of the hearing pending receipt of the official transcript of the March 30, 2012 hearing ordered expedited today per attached.  Mrs. Lo has briefed NBS but not Harang some but not exhaustive in detail of the colloquy of March 30, 2012.

5. Movant offers the three later dates now after April 5, 2012, April 9, 10, or 12 or as soon thereafter as can be heard by the Court and opposing counsel with Mr. Harang when he may be first available.  This may be as early as the present 4:00 p.m. April 5, 2012.  But is unlikely this would be without benefit of the above transcript.

6. On March 30, 2012 per attached email for the entire morning of March 30, 2012 NBS and co-counsel represented clients in an emergency hearing involving possession and control of valuable artifacts,  Cause No. 2012-14699; *Decagon, and Lawrence Lester et al v. Wells Fargo Bank, N.A., et al,* reached an Agreed Temporary Restraining Order at the hearing of March 30th.  Converting said expiring on April 13, 2012, TRO to a temporary injunction hearing is set for April 13, 2012 at 11:00 a.m. in the 270th Judicial District of Harris County, Texas.  The fourteenth day of which a temporary restraining order expires automatically per Texas Rules of Civil Procedure (TRCP) 680, after

fourteen days or by April 13, 2012, at 5:00 p.m. It could not be set earlier because co-counsel, Mr. Benton Musslewhite's long scheduled hip surgery is on April 9th in Houston, Texas.

7. Both Messrs. Harang and Musslewhite and Movant have a long scheduled mediation in Houston on April 11, 2012 for their joint clients in Cause No. 2010-72091; *Robert Lavender and wife Barbara Lavender v. Trailer Depot, Inc., et al.* In the 164th Judicial District Court, Harris County, Texas

8. Mr. Michael Domjan throughout has been represented by both NBS and Jack Harang; Decagon and Mr. Lawrence Lester are represented jointly by NBS and Benton Musslewhite, who have equal joint responsibility for representation and prosecution of both of their cases.

9. Mrs. Mabel Lee Lo is the attorney in NBS' office with the most actual personal knowledge and personal hands on client contact in these Neurontin cases. She is more so than even her husband Vincent Lo and NBS. Movant cannot speak for Mr. Harang. When such setting notice was received on March 20, 2012, the March 30, 2012 setting in Cause No. 2012-14699; *Decagon, et al v. Wells Fargo Bank, N.A., et al*. was not finalized but was imminent awaiting necessary requisite service upon Wells Fargo and Dr. Hassan Meguid above.

10. NBS did not seek an agreed continuance with Mr. Cheffo because it was then premature and later likely futile based on the past years of continuous rebuttals in fruitless negotiating with him to no avail in this case.

11. On March 21, 2012 Robert Woodson, Jr. who was NBS' brother-in-law died. He was of 67. On the very day of his death, March 21, 2012 NBS and his wife visited him in the Methodist Hospital Sugarland until noon. He died later that afternoon. The family was

in appropriate mourning. To allow out of state and foreign relatives and friends to travel the funeral onl Monday, March 26, 2012 at 6:00 p.m. in Houston, Texas. Our children all attended including a daughter with now 7 month old grandson, Owen Samuel Queen.

12. Since Mrs. Lo has and had the most personal knowledge of each of the remaining 23 cases, she was most qualified to appear at the hearing and not just by default. She had been admitted to practice in Texas since 1996, prior to coming to NBS' firm in 2003. She was Assistant Director at the Rothko Chapel for the late Dominique de Menil, heiress of the Schlumberger fortune and their charity in Houston, Texas. The late Congressman, John Joseph Moakley, along with Senator John Kerry, both participated at a Human Rights Awards Event organized by the Rothko Chapel. The 23 figure of remaining Plaintiffs represented by NBS and Harang in itself, it is remarkable. The undersigned is now involved in and has been in more than 6 MDL pharmaceutical cases and an equal number of non-pharmaceutical pending MDL cases ranging from Wage and Hour (Fair Labor Standards Act of 1938) to major international airline crashes, explosions and maritime disasters. To have in less and 14 months from this Court's February 11, 2011 hearing at which time NBS' firm represented 80 or more clients, to have, that number reduced by more than 70% through this Court's Order and discovery while complying with all ethical requirements and considering the precarious mental state of the Plaintiffs, first to the achieved projected goal below 40 and now to 23 is remarkable. That was accomplished without a single trial or m(any) Motions for Summary Judgment. No other case, including Movant from *In re Agent Orange Product Liability* case 818 F.2d 145 (2nd Cir. 1987) and its genre have accomplished that feat. But Mr. Cheffo seeks more with the persistence of Victor Hugo's inspector, Javert in Les Miserables.

5

13. Mr. Cheffo had been long advised that the two cases first selected for remand and trial by NBS are (a) Samuel Pastime to West Virginia and (b) Charles Girard to Pennsylvania. The two treating doctors in Pastime were deposed by Mrs. Lo last month by agreement, as she reported to this Court, and Mr. Cheffo did not dispute.

14. No copy of written notice of Mr. Harang's Motion for Continuance to the Court or oral motion has been received and it is not now known: (1) if he can file or make it while in a jury trial and, (2) when he will be available. He keeps his separate calendar or all of his cases in which Movant NBS is not involved. The above Domjan and Lavender cases are joint Harang exceptions with NBS.

WHEREFORE, Movant moves for:

1. A continuance of the April 5, 2012 hearing date: (1) if Mr. Harang cannot readily attend while his jury is out; or (2) until the Court's schedule and opposing counsel agree to a date that he and Mr. Harang can both appear jointly; and/or subject to previous setting at pp. 9-10.

2. Request a copy of of the March 30, 2012 hearing actual transcript. It was ordered today expedited. No disc or recording of the same was available, which is usually not available barring extreme circumstances, starting with this Court's and opposing counsel's approval; and/or an audio recording is not available as was told by a Deputy Clerk. After a call to Ms. Deborah Scalfani, she directed us to Ms. Helana Kline, the Reporter was at the March 30, 2012 hearing and a new request has been made directly to her and whether audio is available. At the time of this filing, no response has been received.

3. Time to receive a copy of the transcript of the March 30, 2012 hearing actual transcript which is being ordered today on the earliest delivery on 7 days which is being ordered

and prepaid per attached.  Unlike the availability in Fifth Circuit Court of Appeals, there is no audio publicly or readily available.

WHEREFORE, Movant requests a continuance until the earliest mutually agreed above joint hearing date which Mr. Harang can attend and be set with Defendant counsel.

The following subject to the following preset, present and conflicting trials and hearings:

a. Cause No. 2010-59581; *Amanda Comeaux and Derek Simon v. Chandra Phu*; In the 152nd Judicial District Court the weeks of April 16 and 23, 2012 for a 4-5 day jury trial;

b. For April 11, 2012 mediation above which includes Mr. Harang in Cause No. 2010-72091; *Robert Lavender and wife Barbara Lavender v. Trailer Depot, Inc., et al.*  In the 164th Judicial District Court, Harris County, Texas; and

c. The April 13, 2012 Temporary Injunction hearing in Cause No. 2012-14699; *Decagon, et al v. Wells Fargo Bank, N.A., et al* in Houston, Texas;

d. For April 23, 2012, Motions at 8:30 a.m. for Cause No. C-2035-09-I; *Nora Rivera v. Aaron Rivera, et al.*; In the 398th Judicial District Court, Hidalgo County, Texas.

e. For a hearing subject to the foregoing in Metairie, Louisiana April 24-26.

    Respectfully Submitted,
    Law Offices of Newton B. Schwartz, Sr.

    */s/ Newton B. Schwartz, Sr.*
    Newton B. Schwartz, Sr.
    Texas State Bar No. 1786900
    1911 Southwest Freeway
    Houston, Texas 77098
    Telephone: (713) 630-0708
    Facsimile: (713) 630-0789

## CERTIFICATE OF CONFERENCE

Please see attached.

*/s/ Newton B. Schwartz, Sr.*
Newton B. Schwartz, Sr.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served to all know parties on this 2nd day of April, 2012.

*/s/ Newton B. Schwartz, Sr.*
Newton B. Schwartz, Sr.
