```
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:   NEURONTIN MARKETING, SALES
         PRACTICES AND PRODUCTS
         LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THIS DOCUMENT RELATES TO:

ALL SCHWARTZ PRODUCT LIABILITY ACTIONS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

### DEFENDANTS' SUBMISSION OF BILL OF FEES AND COSTS RELATED TO ATTENDANCE AT MARCH 30, 2012 HEARING ON MOTION FOR SANCTIONS

Defendants Pfizer Inc and Warner-Lambert Company LLC (together, "Pfizer" or "Defendants"), pursuant to this Court's March 30, 2012 Order, [3823], respectfully submit this Bill of Fees and Costs Related to Attendance at the March 30, 2012 Hearing on Defendants' Motion for Sanctions, [3769]. Pfizer hereby seeks a combined total of $6,809.39 in fees and costs.[1]

### I.   Pfizer's Request For Attorneys' Fees Is Reasonable and Should Be Granted in Full

In the First Circuit, a reasonable fee typically is determined through the lodestar method, which involves "multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure." *De Jesus Nazario v. Morris Rodriguez*, 554 F.3d 196, 207 (1st Cir. 2009); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Once established, the lodestar represents a presumptively reasonable fee, although it is subject to upward or downward adjustment in certain circumstances." *Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir. 1992).

---

[1] In an effort to determine if the parties could agree to a bill of costs and fees, Mr. Cheffo contacted Mr. Schwartz and asked if he had any interest in such discussions. (*See* Cheffo Decl. ¶ 8.) Mr. Schwartz requested that counsel for Pfizer forward him a proposed stipulated order and asked if Pfizer would be willing to reduce the amount sought if a motion or application was not required. (*See id.* ¶ 9.) Mr. Cheffo then sent Mr. Schwartz a proposed stipulated order that provided that Pfizer agreed to accept a reduced award of $5,500 if the parties could agree to the stipulation without the need to prepare and file an application. (*Id.* & Ex. D.) Mr. Schwartz responded that he would not accept the stipulated order. (*See id.* ¶ 10 & Ex. E.)

As detailed below, the number of attorney hours for which Pfizer seeks compensation, and the hourly rates it seeks to apply, produce a highly reasonable lodestar amount. Pfizer does not seek any enhancement of the lodestar amount.

### A.     The Hours For Which Compensation Is Requested Are Reasonable

As set forth in the accompanying Declaration of Mark S. Cheffo ("Cheffo Decl."), the attorney hours for which Pfizer seeks compensation are reasonable and appropriate. Pfizer has taken a very conservative approach in making this application by voluntarily reducing the hours for which compensation is sought. (*See* Cheffo Decl. ¶¶ 4-5.) Accordingly, Pfizer has made a reduction of approximately 20% of Mr. Cheffo's time, and seeks compensation only for 14 hours of the 17 hours spent related to Mr. Cheffo's attendance at the March 30, 2012 hearing. (Cheffo Decl. ¶ 4.) The particular tasks performed by Pfizer's counsel, Mr. Cheffo, for which Pfizer seeks compensation, are described in the attached Cheffo Declaration.

Further, Pfizer does not seek to recover the fees and costs associated with preparing and drafting this fee application, (*see* Cheffo Decl. ¶ 5), although such fees and costs are generally recoverable. *See Brewster v. Dukakis*, 3 F.3d 488, 494 (1st Cir. 1993) ("We have repeatedly held that time reasonably expended in connection with fee applications is itself compensable.").

The factual background strongly compels an award of fees for all hours for which compensation is requested. The time spent by Pfizer's counsel in preparing for and traveling to the March 30, 2012 hearing was substantial. Counsel for Pfizer was arguing before the Judicial Panel on Multidistrict Litigation in San Diego on March 29, 2012, and accordingly was required to travel from San Diego on Thursday evening, stopping in Chicago to sleep at a hotel near the airport, and continuing on to Boston the morning of March 30, to attend the 2:00 p.m. hearing. (Cheffo Decl. ¶ 4.) Pfizer's counsel expected that appropriate counsel for the Schwartz firm would be present and treated attendance at the hearing with the appropriate level of importance, given Pfizer's pending Motion for Sanctions, and the seriousness of the issues at stake. If Mr. Schwartz had asked for an extension, Pfizer would have agreed and counsel could have purchased an alternative ticket to and from San Diego, and would have been home on March 29,

2012.

Together, the foregoing supports compensation in full for all of the hours requested.

### B. The Hourly Rates Requested Are Reasonable

The hourly rates at which Pfizer seeks compensation for Mr. Cheffo's time are both reasonable and appropriate for this case. Courts in the First Circuit determine reasonable attorney rates based on "prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001). Because "the relevant community for determining hourly rates is the community where the court sits," the "prevailing hourly rate in Boston for attorneys of comparable skill, experience, and reputation thus constitutes the relevant community." *Walsh v. Boston Univ.*, 661 F. Supp. 2d 91, 110 (D. Mass. 2009) (internal quotation marks and citation omitted).

Pfizer's application seeks recovery based upon the rate of $400 an hour for Mr. Cheffo's time, since he is a partner. (*See* Cheffo Decl. ¶ 6.) This rate is substantially lower than that actually charged by Mr. Cheffo (*id.*) and is within the range of rates that courts within this District have determined is reasonable during the last several years. *See, e.g.*, *Trainor v. HEI Hospitality LLC*, No. 09-10349-DJC, 2012 U.S. Dist. LEXIS 4558, at *38 (D. Mass. Jan. 13, 2012) (approving attorneys' fees as high as "a rate of $425 per hour"); *Awuah v. Coverall N. Am.*, 791 F. Supp. 2d 284, 290 (D. Mass. June 15, 2011) (awarding attorneys' fees of "$400 per hour" for a partner); *DiFiore v. American Airlines, Inc.*, No. 07-10070, 2010 WL 623635, at *1 (D. Mass., Feb. 10, 2010) (same).

In sum, because both the hours and rates that Pfizer requests are reasonable, this Court should award attorneys' fees to Pfizer for the full lodestar amount of $5,600.00, as outlined in more detail in the Cheffo Declaration.

### II. Pfizer's Request For Costs Is Reasonable

Expenses were also incurred in connection with Mr. Cheffo's attendance at the March 30, 2012 hearing. Mr. Cheffo's flight from San Diego to Boston, connecting in Chicago, totaled

$739.60, and his flight returning from the hearing cost $279.00.  (*See* Cheffo Decl. ¶ 7 & Exh. A.)  Mr. Cheffo's hotel room in Chicago on Thursday night cost $150.29, and his transportation costs in Boston totaled $40.50.  (*See id.* & Exhs. B & C)  Pfizer does not seek compensation for any of Mr. Cheffo's meals or other incidental expenses.  (*See id.*)

These expenses were all reasonable and necessary under the circumstances, especially considering that Mr. Schwartz never informed Mr. Cheffo he would not be attending the hearing.  In light of Mr. Cheffo's prior commitment in California on the day before the hearing and the burdens associated with attending two hearings on opposite ends of the country in two days, Mr. Cheffo would have agreed to adjourn the hearing.  Instead, Mr. Cheffo went to great lengths to attend a hearing at which neither Mr. Schwartz nor Mr. Jack Harang appeared.  While Ms. Lo did her best to represent Mr. Schwartz's interests, she lacked authority and an adequate knowledge of issues that were squarely presented by the motions.  This Court was required to set a second hearing based on lead counsel's failure to attend.

Because Pfizer's bill of costs is well documented and reasonable, it should be granted in full.

## **CONCLUSION**

For the reasons set forth above and in the accompanying Declaration of Mark S. Cheffo, Pfizer respectfully requests that this Court grant Pfizer's Bill of Fees and Costs Related to Attendance at the March 30, 2012 Hearing on Defendants' Motion for Sanctions, [3769], in the amount of $5,600.00 in fees and $1,209.39 in costs, for a combined total of $6,809.39.

Dated: April 6, 2012					Respectfully submitted,


						SKADDEN, ARPS, SLATE,
						  MEAGHER & FLOM LLP

						By:	/s/ Mark S. Cheffo
							Mark S. Cheffo

						Four Times Square
						New York, NY 10036
						Tel:  (212) 735-3000

						ROPES & GRAY LLP

						By:	/s/ Justin J. Wolosz
							Justin J. Wolosz
							BBO # 643543

						Prudential Tower
						800 Boylston Street
						Boston, MA  02110
						Tel:  (617) 951-7000
						Email:  justin.wolosz@ropesgray.com

						*Attorneys for Defendants Pfizer Inc and*
						*Warner-Lambert Company LLC*


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on April 6, 2012.

						/s/ Justin J. Wolosz
						Justin J. Wolosz