UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------x
:
In re:  NEURONTIN MARKETING, SALES          :   MDL Docket No. 1629
        PRACTICES AND PRODUCTS              :
        LIABILITY LITIGATION                :   Master File No. 04-10981
                                            :
---------------------------------------------x
                                            :
THIS DOCUMENT RELATES TO:                   :   Judge Patti B. Saris
                                            :
ALL SCHWARTZ PRODUCTS LIABILITY ACTIONS     :   Magistrate Judge Leo T.
                                            :   Sorokin
---------------------------------------------x

### DECLARATION OF MARK S. CHEFFO IN SUPPORT OF DEFENDANTS' BILL OF FEES AND COSTS RELATED TO ATTENDANCE AT MARCH 30, 2012 HEARING ON MOTION FOR SANCTIONS

I, Mark S. Cheffo, declare and state as follows:

1. I am a member of the law firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer"). I make this declaration based on my own personal knowledge and information collected at my direction.

2. I respectfully submit this declaration in support of Pfizer's application for an award of its Bill of Fees and Costs Related to Attendance at the March 30, 2012 Hearing on Defendants' Motion for Sanctions, [3769], pursuant to this Court's March 30, 2012 Order, [3823].

3. As explained in greater detail below, this application seeks an award of $5,600.00 in attorneys' fees, and $1,209.39 in costs incurred.

### ATTORNEY HOURS AND RATES

**Hours**

4. I spent over 17 hours preparing for and traveling to the March 30, 2012 hearing. On March 29, 2012, I argued before the Judicial Panel on Multidistrict Litigation in San Diego and, therefore, traveled from San Diego on Thursday evening, stopping in Chicago to sleep at a hotel near the Chicago airport, and continuing on to Boston the morning of March 30, to attend

the 2:00 p.m. hearing.  My hours billed to this matter on March 29 were approximately 5 hours.  All of my travel and transit time on March 29 was not billed.  My hours billed on March 30 to this matter for travel to Boston, preparation, attendance at the hearing, conferences with Schwartz attorney Mabel Lo, and return to New York were approximately 12 hours.  I did not bill all of my travel and transit time on March 30.  Despite this substantial amount of time spent and billed (17 hours), Pfizer has reduced the hours for which reimbursement is sought by about 20%, and only seeks reimbursement for 14 hours of my time.

5.    Pfizer has not included in the hours set forth above the time spent preparing this fee application.  Nor has it included the time of any attorney or staff member who assisted in preparation for the hearing.  Nor has it included the time spent conferring with Mr. Schwartz to determine if he and Mr. Harang would agree to a stipulated bill of costs and fees.

**Attorney and Paralegal Rates**

6.    Pfizer does not seek compensation at the regular rates charged and paid for my time.  Instead, the $400 per hour rate requested for my time is based upon a careful review of the rates regularly approved as reasonable by the Courts of this District.  The rate is less than half that actually charged by my firm for my time, and within the range found to be reasonable.

## CHARGES AND DISBURSEMENTS

7.    Expenses were also incurred in connection with my attendance at the March 30, 2012 hearing.  My flight from San Diego to Boston, connecting overnight in Chicago, totaled $739.60, and my flight returning from the hearing cost $279.00.  My hotel room in Chicago on Thursday night cost $150.29, and my transportation costs in Boston totaled $40.50.  Pfizer does not seek compensation for any of my meals or other incidental expenses.  Documentation of the above expenses are attached as Exhibits A (airfare), B (hotel) and C (transportation).

8.    Prior to filing this submission, I contacted Mr. Schwartz to determine whether he wanted to discuss an agreed bill of fees and costs.  During a telephone conversation on April 5, 2012, Mr. Schwartz asked me to detail for the Court our recent discussions concerning this issue and asked me to include as an exhibit my e-mail to him and his e-mail response to me.

9. During a call earlier this week, Mr. Schwartz asked me to forward a proposed stipulated order and asked if Pfizer would be willing to reduce the amount sought if a motion or application was not required. I sent to Mr. Schwartz a proposed stipulated order whereby Pfizer agreed to accept $5,500 if the parties stipulated to the amount. A copy of the stipulated order is attached as Exhibit D.

10. Mr. Schwartz advised that he would not agree to the stipulated order and would agree to a stipulated bill of fees and costs only if he denied any wrongdoing. Because I did not believe that was consistent with this Court's order, we were not able to reach an agreement. Mr. Schwartz's email is attached as Exhibit E.

## CONCLUSION

11. Based on the foregoing, Pfizer seeks an award of fees in the amount of $5,600.00. As discussed above, the hours expended are justified by the significant effort required to travel to and attend the March 30, 2012 hearing. The rates are within those held to be reasonable by the Courts of this District. As a result of the 20% reduction in hours and the reduced rates used, the actual fees incurred were at least twice as much as the amount sought by this application.

12. Pfizer also seeks reimbursement of its actual costs incurred in the amount of $1,209.39.

13. I declare the foregoing statements are true and correct under the penalties of perjury, this the 6th day of April, 2012.

/s/ Mark S. Cheffo
Mark S. Cheffo

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on April 6, 2012.

/s/ Justin J. Wolosz
Justin J. Wolosz