UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
In re: NEURONTIN MARKETING, SALES     : MDL Docket No. 1629
PRACTICES AND PRODUCTS                :
LIABILITY LITIGATION                  : Master File No. 04-10981
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
: Judge Patti B. Saris
:
THIS DOCUMENT RELATES TO:             :
: Magistrate Judge Leo T.
*Accetullo, et al. v. Pfizer, Inc., et al.*, No. 06-10912-PBS : Sorokin
(Tommy James).                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### DEFENDANTS' CONSOLIDATED RESPONSE TO THE SCHWARTZ FIRM'S MOTION TO WITHDRAW AS LEAD COUNSEL AND MEMORANDUM IN SUPPORT OF THEIR CROSS-MOTION FOR SANCTIONS AND EXPENSES AND FEES

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this Consolidated Response to the Law Offices of Newton B. Schwartz's (the "Schwartz firm") Motion to Withdraw as Lead Counsel [Dkt. No. 3821] with regard to the claims of Plaintiff Tommy James and Memorandum in Support of Its Cross-Motion for Sanctions. While Pfizer does not oppose the Schwartz firm's attempt to withdraw from representation in full in this case, Pfizer respectfully submits that this Court should dismiss Plaintiff James's claims with prejudice as a sanction for his failure to appear at two noticed depositions and – in accordance with Federal Rule of Civil Procedure 37(d)(3) – order the Schwartz firm to pay Pfizer's reasonable expenses incurred as a result of that failure.

### PRELIMINARY STATEMENT

While Pfizer does not object to the Schwartz firm's withdrawal in full from representation in Plaintiff James's case, Pfizer does oppose the Schwartz firm's intention to only withdraw as to the Schwartz firm itself, and to pass on this case to "referring" counsel – other unnamed attorneys, who have not appeared on behalf of Plaintiff in the MDL, have not been involved in this MDL, and have not participated with Pfizer in discovery in this case. These other unnamed attorneys would then presumably decide whether to pursue, dismiss, or withdraw

from this case, adding another step in this already drawn out process. The Schwartz firm does not even disclose to the Court the identity of the "referring" attorneys alluded to in its motion. The Schwartz firm's proposal is unacceptable and would totally disrupt this Court's efforts in managing the parties and attorneys in this MDL.

Pfizer further opposes the Schwartz firm's motion to the extent it fails to compensate Pfizer for expenses arising from the two noticed depositions for which Plaintiff James inexcusably failed to appear. Accordingly, Pfizer cross-moves for sanctions of dismissal and expenses, including attorney's fees.

## **BACKGROUND**

Plaintiff James claims personal injuries allegedly caused by Pfizer's prescription medicine Neurontin. The parties in this case *twice* scheduled Plaintiff's deposition, but he failed to appear in both instances, which caused Defendants to incur unnecessary expenses, as well as inconvenience and lost time. The first cancellation occurred after the Schwartz firm agreed to produce Plaintiff James for his deposition on September 28, 2011 near his home in Little Rock, Arkansas. The Schwartz firm then cancelled that deposition the night before it was set to take place, and only after Pfizer's counsel had already incurred the expense of traveling to Little Rock for that deposition. (*See* Ex. A, 9/28/11 M. Gonzalez & T. Stegall Email.) The Schwartz firm claimed it could not locate Plaintiff James, and the parties then discussed rescheduling his deposition.[1] (*See id.*)

After several unanswered attempts to confer on the rescheduled deposition of Plaintiff James, (*see* Ex. B, 10/11/11 M. Gonzalez Email; Ex. C, 10/28/11 M. Gonzalez Email), Pfizer's counsel noticed the deposition of Plaintiff James for November 11, 2011 and Plaintiff's medical provider, Dr. John Downes, for the previous day. (*See* Ex. D, 11/3/11 J. Smithson Email & Attachments.) On November 7, 2011, the Schwartz firm finally responded and represented that

---

[1] Counsel for Pfizer also reminded the Schwartz firm that Plaintiff James still has not produced many records that were requested in discovery.

2

it could not locate Plaintiff James or verify that he would appear on the noticed date. Accordingly, Plaintiff's deposition again had to be canceled, and his medical provider's deposition was also adjourned. (*See* Ex. E, 11/7/11 & 11/9/11 T. Stegall Emails.) The Schwartz firm later told Pfizer's counsel that it "inten[ded] to dismiss or withdraw from" Plaintiff James's case. (Ex. F, 1/18/12 T. Stegall Email.) Pfizer responded by requesting that the Schwartz firm reimburse Pfizer for the expenses incurred as a result of the canceled depositions. (*See* Ex. G, 1/25/12 M. Gonzalez letter.) Pfizer received no response to its request.

On March 30, 2012, the Schwartz firm filed a "Motion to Withdraw as Lead Counsels and Co-Counsels and Reference Back to Referring Counsel to Withdraw or Dismiss." [Dkt. No. 3821]. That motion conceded:

> Tommy James for some reason failed to attend two (2) scheduled oral depositions. Co-counsels have attempted to reach him many times. Thus far, Tommy James has not communicated with his lead counsels and/or counsels either orally or in writing. Since counsels cannot find Tommy James, and he is not cooperating with his counsels, his counsels have to withdraw as his counsels of record.

*Id.* Despite Pfizer's requests, however, the Schwartz firm has not dismissed Plaintiff's claims, nor has it agreed to reimburse Pfizer for the expenses it incurred as a result of Plaintiff's failure to appear at his noticed depositions.

## ARGUMENT

Where a party fails to appear for a noticed deposition, the Federal Rules permit trial courts to order both the sanction of dismissal and compensation of the noticing party's expenses. In particular, Rule 37 states that district courts should impose sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Because a party's failure to appear for a noticed deposition is considered an "'especially serious disregard of the obligations imposed by the discovery rules,'" Rule 37(d) "'allows the imposition of sanctions against a party . . . even though it has not violated any court order.'" *PrecisionFlow Techs. v. CVD Equip. Corp.*, 198 F.R.D. 33, 36 (N.D.N.Y. 2001) (quoting 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2291, at

3

714 (2d ed. 1994)).

The available sanctions for a party's failure to appear at a deposition include dismissal. *See* Fed. R. Civ. P. 37(d)(3) (cross-referencing Fed. R. Civ. P. 37(b)(2)(A)). In this case, the sanction of dismissal is particularly appropriate given Plaintiff's repeated disregard of his obligation to make himself available for depositions, his failure to communicate with his own counsel, and the fact that this case has been pending for many years.[2] *See Atlantic Cape Fisheries v. Hartford Fire Ins. Co.*, 509 F.2d 577, 579 (1st Cir. 1977) (affirming dismissal under Rule 37(d) for failure of a witness to appear for deposition where the case had been pending for over two years and repeated attempts to schedule the witness's deposition proved fruitless). Thus, this Court should dismiss Plaintiff's claims, instead of merely allowing the Schwartz firm to withdraw.

Further, in addition to permitting dismissal as a sanction for a party's failure to appear, Rule 37(d) provides that "the court *must* require the party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added). As the advisory committee explained with regard to an analogous rule with similar language, "the burden [is] on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust." Fed. R. Civ. P. 37, advisory committee notes.

Here, the Schwartz firm cannot meet the burden of showing that its actions were justified. Indeed, the only reason provided for why Plaintiff did not attend the deposition was that the Schwartz firm does not know how to contact him, but that is not a legitimate excuse – for either

---

[2] Plaintiff's claims may also be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See, e.g., Cintrón-Lorenzo v. Departmento de Asuntos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) ("[C]ourts – especially trial courts – 'must be given considerable leeway in exercising their admitted authority to punish laggardly or noncompliant litigants.'"); *Colokathis v. Wentworth-Douglass Hosp.*, 693 F.2d 7, 9 (1st Cir. 1982) (explaining that the power to dismiss for failure to prosecute is "'necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of a defendant'").

the Plaintiff or his attorney. Indeed, the Schwartz firm had initially agreed to the first date on which Pfizer noticed the deposition. Further, the Schwartz firm's lack of diligence exacerbated the expenses incurred by Pfizer. For example, the Schwartz firm failed to inform Pfizer that Plaintiff James would not appear until the night before the first scheduled deposition – after Pfizer's counsel had already traveled to the deposition location and incurred expenses. Courts have upheld sanctions against a law firm where it caused the other party to incur unnecessary expenses by canceling a deposition at the eleventh hour. *See Societe Civile Succession Guino v. Renoir*, 305 Fed. App'x 334, 338 (9th Cir. 2008) (affirming award of sanctions and attorney's fees under Rule 37(d) because plaintiff's "counsel never raised the issue that the depositions could be prevented by application of the Hague Convention until after Defendants' counsel, the court reporter, videographer, and translator had already arrived in Paris the day before the deposition").

More fundamentally, this case should have been dismissed long before Pfizer ever noticed Plaintiff's deposition. The Schwartz firm had been given repeated opportunities to withdraw from or dismiss this case long ago. Not only did the Schwartz firm decline to do so, it did not even seek to stay discovery in this case, even though – as demonstrated by his total unwillingness to cooperate in discovery – Plaintiff James clearly did not intend to proceed with his claims. If the Schwartz firm had dismissed, withdrawn from, or even stayed this case, Pfizer would not have incurred the expenses associated with the noticed depositions. The Schwartz firm's failure to take any of those steps until now is totally unjustified. Thus, in addition to dismissing Plaintiff's claims with prejudice, this Court should enter an award against the Schwartz firm in the amount of Pfizer's "reasonable expenses, including attorney's fees, caused by" Plaintiff James's failure to appear at his noticed depositions. Fed. R. Civ. P. 37(d)(3).

## **CONCLUSION**

For the reasons stated above, the Court should dismiss the claims of Plaintiff James with prejudice and enter an award of Pfizer's expenses, including attorney's fees, against the Schwartz firm.

Dated: April 9, 2012                    Respectfully submitted,

                                              SKADDEN, ARPS, SLATE,
                                                 MEAGHER & FLOM LLP

                                            By:     /s/ Mark S. Cheffo
                                                   Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

ROPES & GRAY LLP

By: /s/ Justin J. Wolosz
    Justin J. Wolosz
    BBO # #643543

Prudential Tower
800 Boylston Street
Boston, MA  02110
Tel:  (617) 951-7000
Email:  justin.wolosz@ropesgray.com

*Attorneys for Defendants Pfizer Inc and*
*Warner-Lambert Company LLC*

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on April 9, 2012.

                                              /s/ Justin J. Wolosz
                                              Justin J. Wolosz