# EXHIBIT D

Mauricio A. Gonzalez

| | |
|---|---|
| From: | Joyce Smithson |
| Sent: | Thursday, November 03, 2011 6:25 PM |
| To: | Trey Stegall; Nissi, Nordo |
| Cc: | Mauricio A. Gonzalez |
| Subject: | Deposition Notices and Subpoena |
| Attachments: | subpoena.pdf; Dr._Down.pdf; Tommy_Ja.pdf |

To All:

Attached, please find a deposition notice for Tommy James and Dr. John Downes on behalf of T. James. Also, attached is a subpoena for Dr. Downes. A hard copy has also gone out.

If you have any questions, please let me know.

Joyce,


*Joyce A. Smithson*
*Litigation Paralegal*
**BOIES, SCHILLER & FLEXNER LLP**
*333 Main Street*
*Armonk, New York 10504*
*jsmithson@bsfllp.com*

*(914) 749.8328-Direct*
*(914) 749.8300-Fax*

1

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Arkansas

| | | |
|---|---|---|
| In re: Neurontin Marketing, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  04-10981-PBS |
| See attached Exhibit A for full caption | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Massachusetts   ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: John Downes, M.D., Levi Memorial Hospital, 2nd Floor Conference Room
300 Prospect Avenue, Hot Springs, AR 71901

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Levi Memorial Hospital, 2nd Floor Conference Room<br>300 Prospect Avenue, Hot Springs, AR 71901 | Date and Time:<br>11/10/2011 3:00 pm |
|---|---|

The deposition will be recorded by this method:  __stenography and videotape__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See attached Schedule A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  11/03/2011

*CLERK OF COURT*

OR _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Pfizer
, who issues or requests this subpoena, are:
Mauricio Gonzalez, Esq., BOIES SCHILLER & FLEXNER, LLP, 333 Main Street, Armonk, NY 10504.  Tel: 914-749-8393, e-mail: mgonzalez@bsfllp.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;

  (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  (iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information;

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

  (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  (i) expressly make the claim; and

  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
                                                            :
In re: NEURONTIN MARKETING,                                 :  MDL Docket No. 1629
       SALES PRACTICES AND                                  :
       PRODUCTS LIABILITY LITIGATION                        :  Master File No. 04-10981
------------------------------------------------------------x
                                                            :
THIS DOCUMENT RELATES TO:                                   :  Judge Patti B. Saris
                                                            :
   *Accettullo, et al. v. Pfizer Inc., et al.* (Tommy James) :  Magistrate Judge Leo T.
   Case No. -6-11384-PBS                                    :  Sorokin
                                                            :
------------------------------------------------------------x

**EXHIBIT A**

# EXHIBIT A

The deponent shall make the following documents and things available for the purposes of inspection and copying:

1. All documents,[1] records, correspondence, and other materials reviewed by the deponent in preparation for this deposition.

2. All documents, books, records, films, videotapes, photographs, diaries, calendars, reports, memoranda, and papers in the deponent's custody, and possession related to: (i) the claims set forth in Plaintiff's Complaint; (ii) the injuries allegedly sustained by Tommy D. James, (iii) and medical records for Tommy D. James; and (iv) any communications with any healthcare professional about Neurontin.

3. All documents, records, correspondence, or other materials in the deponent's possession relating to Neurontin.

4. All documents, records, correspondence, or other materials in the deponent's possession relating to Pfizer.

---

[1] As used herein in Exhibit A, the term "document" includes electronic versions such as word processing documents, emails, and instant messages.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------------x
: 
In re:  NEURONTIN MARKETING,               :  MDL docket No. 1629
SALES PRACTICES AND                        :
PRODUCTS LIABILITY LITIGATION              :  Master File No. 04-10981
-----------------------------------------------------------------x
:  Judge Patti B. Saris
THIS DOCUMENT RELATES TO:                  :
:  Magistrate Judge Leo T.
*James. v. Pfizer Inc., et al.*            :  Sorokin
Case No. 06-cv-10912-PBS                   :
:
-----------------------------------------------------------------x

## NOTICE OF VIDEOTAPED DEPOSITION
## DUCES TECUM OF JOHN DOWNES, M.D.

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendants Pfizer, Inc., and Warner-Lambert Company LLC (collectively "Pfizer"), by and through their counsel, will take the testimony by deposition upon oral examination, before a person authorized to administer oaths, of Dr. John Downes.  The deposition will be taken in accordance with the Federal Rules of Civil Procedure on Thursday, November 10, 2011, starting at 3:00p.m.  The deposition will be held at Levi Memorial Hospital, Second Floor Conference Room, 300 Prospect Avenue, Hot Springs, Arkansas 71901, telephone, (501) 624-1281. The deposition will be recorded by stenographic means and videotaped by Veritext, L.L.C., 1 Penn Plaza, Suite 1706, New York, New York, 10119.

Pursuant to the pertinent provisions of the Federal Rules of Civil Procedure, the deponent, Dr. John Downes, is to produce the following documents at his deposition: the records, documents, and tangible items set forth in the attached Exhibit A.

You are invited to attend and to participate in the manner provided for in the Federal Rules of Civil Procedure.

Dated: November 3, 2011

                                                BOIES, SCHILLER & FLEXNER LLP

                                                By: _____
                                                Mauricio Gonzalez
                                                333 Main Street
                                                Armonk, NY 10504
                                                Tel: (914) 749-8200
                                                mgonzalez@bsfllp.com

                                                *Attorney for Defendants Pfizer Inc.*
                                                *And Warner-Lambert Company LLC*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK            }
                             } ss:
COUNTY OF WESTCHESTER        }

JOYCE SMITHSON, being duly sworn, deposes and says:

1. I am over eighteen years of age, not a party to the action and am employed by Boies, Schiller & Flexner LLP, 333 Main Street, Armonk, NY 10504.

2. That on the 3rd day of November, 2011, I served a true copy of the foregoing **Notice of Videotaped Deposition Duces Tecum of John Downes, M.D.** by U.S. Mail delivery and e-mail upon:

> Law office of Newton B. Schwartz, Sr.
> 1911 Southwest Freeway
> Houston, Texas 77098
>
> Catherine Stevens, Esq.
> Skadden, Arps, Slate, Meagher & Flom, LLP
> Four Times Square
> New York, NY 10036

_Joyce Smithson_
Joyce Smithson

Sworn to before me this
3rd day of November, 2011

_[signature]_
Notary Public

ALBERT Q. ALDRICH
NOTARY PUBLIC, State of New York
No. 01AL6058654
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires May 14, 2011 2015

# EXHIBIT A

The deponent shall make the following documents and things available for the purposes of inspection and copying:

1. All documents,[1] records, correspondence, and other materials reviewed by the deponent in preparation for this deposition.

2. All documents, books, records, films, videotapes, photographs, diaries, calendars, reports, memoranda, and papers in the deponent's custody, and possession related to: (i) the claims set forth in Plaintiff's Complaint; (ii) the injuries allegedly sustained by Tommy D. James, (iii) and medical records for Tommy D. James; and (iv) any communications with any healthcare professional about Neurontin.

3. All documents, records, correspondence, or other materials in the deponent's possession relating to Neurontin.

4. All documents, records, correspondence, or other materials in the deponent's possession relating to Pfizer.

---

[1] As used herein in Exhibit A, the term "document" includes electronic versions such as word processing documents, emails, and instant messages.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
:
In re:  NEURONTIN MARKETING,                    :  MDL docket No. 1629
SALES PRACTICES AND                             :
PRODUCTS LIABILITY LITIGATION                   :  Master File No. 04-10981
---------------------------------------------------------------x
:  Judge Patti B. Saris
THIS DOCUMENT RELATES TO:                       :
:  Magistrate Judge Leo T.
*James, v. Pfizer Inc., et al.*                 :  Sorokin
Case No. 06-cv-10912-PBS                        :
:
---------------------------------------------------------------x

## NOTICE OF VIDEOTAPED DEPOSITION
## DUCES TECUM OF TOMMY JAMES

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendants Pfizer, Inc., and Warner-Lambert Company LLC (collectively "Pfizer"), by and through their counsel, will take the testimony by deposition upon oral examination, before a person authorized to administer oaths, of Tommy James. The deposition will be taken in accordance with the Federal Rules of Civil Procedure on Friday, November 11, 2011, starting at 9:30 a.m. The deposition will be held at The Capital Hotel, 111 West Markham Street, Little Rock, Arkansas 72201, telephone, (501) 374-7474. The deposition will be recorded by stenographic means and videotaped by Veritext, L.L.C., 1 Penn Plaza, Suite 1706, New York, New York, 10119.

Pursuant to the pertinent provisions of the Federal Rules of Civil Procedure, the deponent, Tommy James, is to produce the following documents at his deposition: the records, documents, and tangible items set forth in the attached Exhibit A.

You are invited to attend and to participate in the manner provided for in the Federal Rules of Civil Procedure.

Dated: November 3, 2011

                BOIES, SCHILLER & FLEXNER LLP

                By: _____
                Mauricio Gonzalez
                333 Main Street
                Armonk, NY 10504
                Tel: (914) 749-8200
                mgonzalez@bsfllp.com

                *Attorneys for Defendants Pfizer Inc.*
                *And Warner-Lambert Company LLC*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        }
                         } ss:
COUNTY OF WESTCHESTER    }

JOYCE SMITHSON, being duly sworn, deposes and says:

1. I am over eighteen years of age, not a party to the action and am employed by Boies, Schiller & Flexner LLP, 333 Main Street, Armonk, NY 10504.

2. That on the 3rd day of November, 2011, I served a true copy of the foregoing **Notice of Videotaped Deposition Duces Tecum of Tommy James** by U.S. Mail delivery and e-mail upon:

**Law office of Newton B. Schwartz, Sr.**
1911 Southwest Freeway
Houston, Texas  77098

**Catherine Stevens, Esq.**
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY  10036

_/s/ Joyce Smithson_
Joyce Smithson

Sworn to before me this
3rd day of November, 2011

_/s/_
Notary Public



ALBERT Q. ALDRICH
NOTARY PUBLIC, State of New York
No. 01AL6058654
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires May 14, ~~2011~~ 2015

# EXHIBIT A

The deponent shall make the following documents and things available for the purposes of inspection and copying:

1. All documents,[1] records, correspondence, and other materials reviewed by the deponent in preparation for this deposition.

2. All documents, books, records, films, videotapes, photographs, diaries, calendars, reports, memoranda, and papers in the deponent's custody, and possession related to: (i) the claims set forth in Plaintiff's Complaint; (ii) the injuries allegedly sustained by Tommy James, (iii) and medical records for Tommy James; and (iv) any communications with any healthcare professional about Neurontin.

3. All documents, records, correspondence, or other materials in the deponent's possession relating to Neurontin.

4. All documents, records, correspondence, or other materials in the deponent's possession relating to Pfizer.

---

[1] As used herein in Exhibit A, the term "document" includes electronic versions such as word processing documents, emails, and instant messages.