UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 <br> Master File No. 04-10981 |
| THIS ORDER RELATES TO: <br><br> SCHWARTZ LAW FIRM CASES | Judge Patti B. Saris <br> Mag. Judge Leo T. Sorokin |

ORDER

April 10, 2012

SOROKIN, C.M.J.

Defendant Pfizer, Inc. has moved for sanctions against the Schwartz Law Firm, asserting a failure to obey the Court's Order of May 9, 2011. Docket # 3779 (citing Docket # 3455).

On April 30, 2011, Schwartz filed a Motion to stay eighteen cases in order to avoid "unnecessary expenditures by all parties in conducting discovery in cases" in which "recommendations [had] been made regarding discontinued prosecution." Docket # 3438 at 2. On May 9, 2011, the Court allowed the motion, ordering that Schwartz "report to the Court within fifteen days and every thirty days thereafter regarding the status of the recommendation for discontinued prosecution in each stayed case." Docket # 3455 at 1. Schwartz failed to file any such reports.

Schwartz filed three subsequent motions to stay cases. Docket #s 3542, 3571, 3626. On July 26, 2011, Schwartz moved to stay eleven cases; on August 15, 2011, Schwartz moved to

1

stay five cases; and, on September 8, 2011, Schwartz moved to stay an additional seven cases. The Court allowed each of these motions, staying a total of forty-one of Schwartz's cases. See Electronic Orders of Aug. 11, 2011 and Aug. 16, 2011; Docket # 3631. In its Electronic Order of August 11, 2011, the Court ordered that "the Schwartz Law Firm shall inform the Court of the status of the discontinuation process as it has begun, as to each case subject to this stay." In its Electronic Order of August 16, 2011, the Court ordered that Schwartz comply "with the same status report date as established in response to the second motion to stay." Schwartz filed only one status report in compliance with these orders, on August 29, 2011. Docket # 3597.

Schwartz's failure to comply with these orders of the Court forms the basis of Pfizer's pending Motion for Sanctions. Docket # 3779. Schwartz opposed Pfizer's motion on February 16, 2012, stating that "Schwartz counsel has meaningfully and substantively complied . . . with all orders of this Court," and arguing that sanctions in the form of dismissal are inappropriate in this case because of the severe nature of such a remedy. Docket # 3784 at 1, 3. On February 23, 2012, the Court ordered that the Schwartz firm "supplement its response to the pending Motion for Sanctions by filing a list of all pending cases it has in this [multi-district litigation] and by listing for each case its current status and (if applicable) both the date a stay was requested and what further activity, if any, it is awaiting regarding the stay." Electronic Order of Feb. 23, 2012. On March 3, 2012, Schwartz filed the status report ordered. Docket # 3793. The Court held an initial hearing on Pfizer's motion for sanctions on March 30, 2012.

There is no doubt that the Schwartz firm has failed to file the required reports. A review of the motion papers reveals little activity in the stayed cases – that is, little effort to secure dismissal, to seek withdrawal or to lift the stay and proceed to litigate the cases.

Mr. Schwartz himself failed to appear at the March 30, 2012, hearing on the motion. His associate, Ms. Lo, appeared and sought an <u>additional</u> ninety days to complete the process begun on April 30, 2011. That process should have taken at most thirty days. Ms. Lo, although competent, was unable to answer questions regarding the status of all Schwartz stayed cases. This was not acceptable. Accordingly, the Court scheduled a further hearing for April 9, 2012, and ordered Mr. Schwartz and Mr. Harang to appear personally. Following that hearing, the Court enters the following Orders:

1. With respect to each of the remaining stayed cases, it is ORDERED that the Schwartz firm shall by the close of business on May 8, 2012 file an updated status report as to each case. The Court expects that this period of time is more than sufficient to resolve these matters;

2. With respect to each of the remaining eight cases which are not stayed, but which the Schwartz firm has said that it does not wish to litigate, it is ORDERED that the Schwartz firm shall include these cases in the updated status report described in the previous paragraph. As to these eight cases, the Court also anticipates that this period of time is more than sufficient to resolve these matters;

3. With respect to the twenty-three cases which the Schwartz Firm has indicated that it wishes to litigate, it is ORDERED that by the close of business on April 24, 2012, the Parties shall file a Joint Status Report in which: (a) for each case, each Party identifies each remaining deposition it wishes to conduct; and (b) the Parties state their positions (whether joint, or respective) concerning a schedule for the completion of the depositions identified therein;

4. It is ORDERED that the Schwartz Firm shall pay to the law firm of Skadden, Arps, Slate, Meagher & Flom LLP the amount of $6,809.39 in fees and costs in connection with Mr. Cheffo's preparation for, and attendance at, the March 30, 2012 hearing;

5. Defendant Pfizer's Motion For Sanctions (Docket # 3779) is HELD IN ABEYANCE;

6. The Court will hold a further hearing on Pfizer's Motion for Sanctions on **May18, 2012 at 2:00 p.m.** in Courtroom 24. Mr. Schwartz and Mr. Harang shall appear personally at this hearing;

7. By the close of business on April 17, 2012, the Schwartz Firm shall respond to Pfizer's Cross Motion for Sanctions and Expenses and Fees with respect to Plaintiff Tommy James's claims (Docket # 3831) and shall show cause why this case should not be dismissed for the reasons stated in Pfizer's motion;

8. Mr. Schwartz and Mr. Harang's Motion to Withdraw with respect to Plaintiff Tommy James (Docket # 3821) is DENIED, WITHOUT PREJUDICE. The motion does not address, let alone satisfy, the prerequisites of L.R. 83.5.2(c). In the event counsel renews the motion, counsel shall specify exactly what is meant by "Reference Back to Referring Counsel"; and,

9. The Schwartz Firm's Motion to Stay (Docket # 3822) is ALLOWED, subject to counsel including this case among those to be reported upon pursuant to Paragraph 1, above.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
Chief United States Magistrate Judge