UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:      MDL Docket No. 1629
In re:   NEURONTIN MARKETING,
SALES PRACTICES AND PRODUCTS          :     Master File No. 04-10981
LIABILITY LITIGATION
:      Judge Patti B. Saris

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
THIS DOCUMENT RELATES TO                     Magistrate Judge Leo T.
:
TOMMY JAMES v. Pfizer, Inc. et al.,              Sorokin
   Case No. 06-cv-10912
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS-MOTION FOR SANCTIONS AND EXPENSES AND FEES; AND PLAINTIFF'S REPLY TO DEFENDANTS' CONSOLIDATED RESPONSE TO THE SCHWARTZ FIRM'S MOTION TO WITHDRAW AS LEAD COUNSEL AND MEMORANDUM IN SUPPORT OF THEIR CROSS-MOTION FOR SANCTIONS AND EXPENSES AND FEES**

TO THE HOURORABLE JUDGE OF SAID COURT:

     COME NOW Newton B. Schwartz, Sr., Jack W. Harang, lead counsels of record for Tommy James and other co-counsels working at the Law Offices of Newton B. Schwartz, Sr. submit this Plaintiff's Responses to Defendants' Cross-Motion for Sanctions and Expenses and Fees; and Plaintiff's Reply to Defendants' Consolidated Response to the Schwartz Firm's Motion to Withdraw as Lead Counsel and Memorandum in Support of their Cross-Motion for Sanctions and Expenses and Fees and show this Court as follows:

     Defendants argue that due to Plaintiff's cancellation of his deposition on September 28, 2011 and November 11, 2011, Plaintiff's cause of action is subject to dismissal. A sanction of dismissal is one of the harshest sanctions. *See Sentis Group, Inc. v. Shell Oil Co.,* 559 F.3d 888,

899 (8th Cir.2009).  "[T]here is a strong policy favoring a trial on the merits and against depriving a party of his day in court."*Fox v. Studebaker-Worthington, Inc.,* 516 F.2d 989, 995-96 (8th Cir.1975). Accordingly, "[a]lthough we review the district court's discovery decisions for an abuse of discretion, we more closely scrutinize dismissal imposed as a discovery sanction because 'the opportunity to be heard is a litigant's most precious right and should sparingly be denied.' " *Schoffstall v. Henderson,* 223 F.3d 818, 823 (8th Cir.2000) (quoting *Chrysler Corp. v. Carey,* 186 F.3d 1016, 1020 (8th Cir.1999)).  (citing *Edgar v. Slaughter,* 548 F.2d 770, 773 (8th Cir.1977)).

The First Circuit has held that "When [P] refused to answer the questions…. no Rule 37(a) order to compel answers to those questions was extant.  Instead … adjourning the deposition and seeking an order to compel [P] to respond to the questions and to pay the expenses … [D's} counsel elected to bypass Rule 37(a) and seek immediate dismissal of the suit … Under such circumstances, the district court's premature resort to Rule 37(b)(2) cannot be upheld."  *R.W. Int'l v. Welch Foods, Inc.,* 937 F.2d 11, 15 (1st Cir. 1991).

The Eighth Circuit has also held that '[t]he court should resort to the sanction of dismissal only when the failure to comply has been due to ... willfulness, bad faith, or any fault of petitioner.' *Tanner v. Entergy Ark.,* 2009 WL 1455317, at *2 (E.D.Ark. May 21, 2009) (quoting *Hairston v. Alert Safety Light Prods., Inc.,* 307 F.3d 717, 718–19 (8th Cir.2002));  Noted that in *Webb v. Smay,* 2011 WL 1772183, at *2 (E.D.Ark. Apr. 20, 2011), the court found that dismissal was unnecessary even when the plaintiff admitted he knowingly failed to appear for his deposition.  Although the Court has discretion in imposing a Rule 37 sanction of dismissal, the imposition of such a sanction must also be just. *Hairston v. Alert Safety Light Prods., Inc.,* 307 F.3d 717, 718–20 (8th Cir.2002).

Defendants misused the advisory committee note, which is from Fed. R. Civ. P. 37(b)(2) and it states that "[t]he provision places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust. Allocating the burden in this way conforms to the changed provisions as to expenses in Rule 37(a), and is particularly appropriate when a court order is disobeyed." Fed. R. Civ. P. 37(d) is silent or there is no such language of "burden" imposing on the disobedient party.

The Court should resort to a lesser sanction stated in Fed. R. Civ. 37(b)(2)(A)(i)-(vi) before imposing a death-penalty punishment on the Plaintiff by dismissing his claims. There is no need to resort to Fed. R. Civ. 41(b) dismissal, which appears to operate as an adjudication on the merits of the case, while Fed. R. Civ. 37 provides more resources to address the issues of non-compliance of discovery. The Court could order the Plaintiff to appear for deposition before a certain date or face further sanctions including dismissal.

Plaintiff's counsel has worked diligently and sent letters informing Plaintiff the time, date and place for both of his depositions. Plaintiff's counsel has never advised Plaintiff not to attend his deposition. Plaintiff's counsel notified Defendants the night before the deposition on September 28, 2011 to cancel Plaintiff's deposition after he could not locate the Plaintiff. Since Plaintiff's counsel could not locate the Plaintiff, the second Plaintiff's deposition date was unilaterally set by the Defendants. On November 7, 2011, 4 days before the second Plaintiff's deposition, Plaintiff's counsel notified Defendants that he could not locate the Plaintiff or that the Plaintiff would not appear on the date of the second Plaintiff's deposition. Plaintiff's counsel has tried in good faith to minimize the expenses for both parties. Plaintiff's counsel has made numerous attempts to contact Plaintiff when Defense Counsel, Mr. Mauricio Gonzalez tried to set up a deposition again since January/February 2012. Plaintiff's counsel has made attempts to

contact Plaintiff since and all the telephone numbers previously provided by Plaintiff were neither working nor belonged to the Plaintiff.  Plaintiff's counsel on March 30, 2012 filed the Motion to Withdraw As Counsel, which is the motion at issue.  On April 13, 2012 around 12:30p.m., someone who identified herself as Cassandra McCann (spelling of the name is unconfirmed), Plaintiff Tommy James' fiancé, called to inform Plaintiff's counsel that Plaintiff was unable to receive his mail since he broke up with his ex-fiancé because the ex-fiancé has kept all of Plaintiff's Neurontin case information.  Ms. McCann did not provide a date as to when Plaintiff broke up with his ex-fiancé, but did say that Plaintiff had difficulty in attempting to reach his attorney due to the ex-fiancé's withholding of Neurontin case information.  During the same telephone conversation with Ms. McCann,Plaintiff's counsel requested to speak with Plaintiff, Tommy James personally due to attorney-client privilege.  Ms. McCann then passed the telephone to Plaintiff to speak with Plaintiff.  Plaintiff's counsel informed Plaintiff then about all the previous attempts to contact him via mail and telephone calls regarding depositions and motion to withdraw as counsel.  Plaintiff's counsel also informed Plaintiff about Plaintiff's counsel's filed Motion To Withdraw as Counsel on March 30, 2012.  Plaintiff's counsel also explained to Plaintiff his options, and informed him about Defendants' subsequently filed Cross-Motion For Expenses and Fees for Defendants' expenses involving Plaintiff's deposition and Plaintiff's prescriber's deposition.  The telephone line was suddenly disconnected at that point by Plaintiff.  Plaintiff's counsel immediately called and left a message on the telephone number Ms. Cassandra McCann provided during the earlier conversation and requested Plaintiff to return call immediately due to the urgency of the matter.  Plaintiff's counsel did not hear from Plaintiff again.  Around 4:20 p.m. that same day on April 13, 2012, Plaintiff's counsel's office received another telephone call from Ms. Cassandra McCann.  She identified herself as Plaintiff's fiancé,

and requested to talk to someone about Plaintiff's case.  Ms. Cann was informed that Plaintiff's counsel cannot talk to her about Plaintiff's case without Plaintiff's confirmed verbal consent/ written Power of Attorney granting his counsel the right to do so due to attorney-client privilege.  Ms. McCann then stated, "not even when we [she and Plaintiff] are engaged and planned to be married next month?"  Ms. Cann then said she would ask Plaintiff to provide Plaintiff's counsel a written power of attorney and it will be faxed to Plaintiff's counsel.  Plaintiff's counsel attempted to contact Plaintiff again around 10:18 a.m. on April 16, 2012 at the same telephone number provided by Ms. McCann in an attempt to find out whether Plaintiff would agree to dismiss his case, or whether he would represent himself pro se.  Again, no one answered the call.  Plaintiff's counsel left a message again requesting Plaintiff to return the phone call immediately.  To date, Plaintiff still has not returned any calls, nor sent/faxed a written power of attorney to inform Plaintiff's counsel that he grant permission for his fiancé, Ms. Cassandra McCann to speak with Plaintiff's counsel.

Ethically, Plaintiff's counsel cannot dismiss said case without the Plaintiff's consent and permissions preferably in writing.  As stated in Fed. R. Civ. 37(d)(3), under the circumstances explained above, it will be unjust to order the Schwartz Firm to pay Pfizer's expenses, including attorney's fees.  Furthermore, due to the above stated facts, Plaintiff's absence from the depositions is substantially justified, and it would be unjust to sanction Plaintiff due to Plaintiff's former fiancé's willfully withholding Neurontin case information from the Plaintiff.  In addition to Plaintiff's condition, Plaintiff's ex-fiancé's withholding of Neurontin case information may have prevented Plaintiff from finding out about his case, including deposition notices.

WHEREFORE, for the reasons stated above, Plaintiff's counsel moves this Court not to dismiss the claims of Plaintiff, Tommy James with prejudice, and not to enter an award of

Pfizer's expenses, including attorney's fees, against the Schwartz Firm. Plaintiff's counsel further moves for the attached entry of Order of Withdrawal, with each party bearing their own costs and for such other and further relief to which counsels can show themselves entitled.

> Respectfully Submitted,
> Law Offices of Newton B. Schwartz, Sr.
>
> */s/ Newton B. Schwartz, Sr.*
> Newton B. Schwartz, Sr.
> Texas State Bar No. 1786900
> Mabel Lee-Lo
> Texas State Bar No. 24010185
> 1911 Southwest Freeway
> Houston, Texas 77098
> Telephone: (713) 630-0708
> Facsimile: (713) 630-0789

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served to all know parties on this 17th day of April, 2012.

> */s/ Newton B. Schwartz, Sr.*
> Newton B. Schwartz, Sr.