UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------ x
:
In re: NEURONTIN MARKETING, SALES : MDL Docket No. 1629
PRACTICES AND PRODUCTS :
LIABILITY LITIGATION : Master File No. 04-10981
------------------------------------------------ x
: Judge Patti B. Saris
:
THIS DOCUMENT RELATES TO: :
: Magistrate Judge Leo T.
*Accetullo, et al. v. Pfizer, Inc., et al.*, No. 06-10912-PBS : Sorokin
(Tommy James). :
: **MOTION FOR LEAVE
: GRANTED APRIL 24,
------------------------------------------------ x 2012**

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF THEIR CROSS-MOTION FOR SANCTIONS AND EXPENSES AND FEES**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") respectfully submit this Reply Memorandum in Support of Their Cross-Motion for Sanctions and Expenses and Fees.

First, Plaintiff's Response further underscores why his case should be dismissed. Plaintiff has provided no excuse for his failure to appear at two separate noticed depositions, which standing alone justifies dismissal of his claims for the reasons explained in Pfizer's opening brief [Dkt. No. 3832]. The Schwartz firm merely states that it "could not locate the Plaintiff," but it does not attempt to justify Plaintiff's failure to maintain direct contact with his counsel. (Pl.'s Resp. [Dkt. No. 3837] at 3.) Rather, Plaintiff's counsel admits that "all the telephone numbers previously provided by Plaintiff were neither working nor belonged to the Plaintiff." (*Id.* at 4.) The Schwartz firm further explains that, on April 13, 2012 (after Pfizer filed this cross-motion), it finally reached Plaintiff by telephone and explained its decision to withdraw from representation, and Defendants' motion to dismiss and for costs and fees, and "[t]he telephone line was suddenly disconnected at that point by Plaintiff." (*Id.*) The Schwartz firm then called him back and, when he did not answer, left a message for him to return its call.

(*Id.*)  He never did.  The Schwartz firm again called him on April 16, 2012 and left another message, but he still had not returned its call as of April 17, 2010.  (*Id.* at 5.)

Plaintiff James's total unresponsiveness and uncooperativeness send a clear message that he has no intention to participate in discovery in good faith or any real desire to pursue his claims in this litigation.  Further, dismissal is particularly appropriate here due to the multidistrict litigation context.  *See, e.g.*, *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1222 (9th Cir. 2006) (explaining that unique considerations present in the MDL context "may tip the balance" in favor of dismissal in response to discovery noncompliance).  The cases cited in the Plaintiff's Response neither involved MDL proceedings nor misconduct as egregious as Plaintiff's in this case.  For example, in *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11 (1st Cir. 1991), the plaintiff in that case actually appeared for his deposition, and the deposition misconduct at issue involved his refusal to answer a single question.  *Id.* at 14.  As such, *R.W.* did not involve a violation of Rule 37(d), which Plaintiff violated in this case and which is considered an "'especially serious disregard of the obligations imposed by the discovery rules.'"  *PrecisionFlow Techs. v. CVD Equip. Corp.*, 198 F.R.D. 33, 36 (N.D.N.Y. 2001) (quoting 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2291, at 714 (2d ed. 1994)).  Further, in many of the other cases cited by Plaintiff, the courts actually upheld dismissals as being appropriate sanctions.  *See Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) ("Because Schoffstall willfully and prejudicially violated the district court's discovery order, we affirm the dismissal of her first, sixth, and eighth claims."); *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 993 (8th Cir. 1975) ("A careful examination of the record satisfies us that the court did not abuse its discretion in dismissing the complaint as to all plaintiffs.").  Accordingly, under the circumstances in this case, dismissal is appropriate both as a sanction for Plaintiff's willful refusal to participate in discovery and for his failure to prosecute his claims.  *See* Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3); *id.* 41(b).

Second, the Schwartz firm has not established that Plaintiff's failure to appear for two noticed depositions was "substantially justified" or that it would be "unjust" to award Pfizer its

reasonable expenses caused by Plaintiff's failure to appear.[1]  The Schwartz firm's sole excuse is to claim "Plaintiff's former fiancé[] willfully with[held] Neurontin case information from the Plaintiff."  (Pl.'s Resp. at 3.)  Yet the Schwartz firm's neglect in failing to maintain a direct line of communication with its client (other than through his former fiancé) was not reasonable, nor was Plaintiff's inability or lack of desire to locate his own counsel (which he later "disconnected" and avoided when they reached him by phone).  Regardless, the Schwartz firm fails to explain why it did not move to stay this case, instead of waiting until the night before Plaintiff's deposition – after Pfizer's counsel had already prepared for the deposition and traveled to the site where the deposition was to take place – to cancel it.  Even then, the Schwartz firm did not move to stay the case, and therefore Pfizer served another deposition notice, which again had to be canceled.  Further, long before Plaintiff's deposition was noticed, the Schwartz firm had been given repeated opportunities to withdraw from, dismiss, or stay this unmeritorious case, and it repeatedly and unjustifiably refused to do so.  Thus, because the Schwartz firm has failed to establish either a substantial justification or resulting injustice, this Court "must" award Pfizer its reasonable expenses, including attorney's fees resulting from Plaintiff's failure to appear at two depositions.  Fed. R. Civ. P. 37(d)(3).

---

[1] The Schwartz firm mistakenly argues that the Advisory Committee Notes do not support the notion that it has the "burden" of proving special circumstances that would make an award unjust.  (*See* Pl.'s Resp. at 3.)  As Pfizer acknowledged in its opening brief, the specific portion of the Advisory Committee Notes containing the "burden" language directly references a similar, though distinct, subsection, namely (b)(2)(C), but the language in that subsection is nearly identical to the subsection at issue here.  *Compare* Fed. R. Civ. P. 37(b)(2)(C) ("[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."), *with id.* 37(d)(3) ("[T]he court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").  Accordingly, it is clear that, with respect to both subsection (b)(2)(C) and subsection (d)(3), the drafters of Rule 37 intended to place "the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37, advisory committee notes.

Dated: April 24, 2012

Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
       Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

-and-

ROPES & GRAY LLP

By: /s/ Justin J. Wolosz
       Justin J. Wolosz
       BBO # 643543

Prudential Tower
800 Boylston Street
Boston, MA 02110
Tel: (617) 951-7000
Email: justin.wolosz@ropesgray.com

*Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on April 24, 2012.

/s/ Justin J. Wolosz
Justin J. Wolosz

4