UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------------------------x
                                                          :   MDL Docket No. 1629
In re:   NEURONTIN MARKETING,                             :
         SALES PRACTICES AND                              :   Master File No. 04-10981
         PRODUCTS LIABILITY LITIGATION                    :
                                                          :   Judge Patti B. Saris
----------------------------------------------------------x
                                                          :   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                                 :
                                                          :
   *Irene Barlow v. Pfizer*                               :
   Case No. 1:05-cv-l1501-PBS                             :
----------------------------------------------------------x

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
ADDITIONAL DESIGNATION OF CONTENTS OF THE RECORD**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") respectfully submit this response to Plaintiff Barlow's Additional Designation of Contents of the Record [Docket No. 3845] (the "Additional Designation").

While the parties reached agreement on the items listed in the Agreed Designation of the Contents of the Record [Docket No. 3844], Defendants do not believe that the items detailed on the Additional Designation are, or should be considered, part of the record of this case. The items included on the Additional Designation are as follows: 1) a list of the Track One cases in the MDL [Docket No. 1128]; 2) this Court's July 24, 2009, pretrial rulings on certain motions *in limine* and other issues in the *Bulger* case; 3) this Court's August 14, 2009, *Daubert* ruling on the case-specific expert opinions in the *Smith* case [Docket No. 2059]; 4) this Court's November 18, 2009, ruling on Defendants' objections to a Report and Recommendation denying their motion in the *Shearer* case related to Dr. Egilman's contact with certain treating physicians in that case [Docket No. 2175]; 5) the *Shearer* Plaintiff's unsolicited submission of prior case-specific pre-

trial, *Daubert* and summary judgment rulings and transcripts (and a summary of the same) from the *Bulger* and *Smith* cases to the trial court in the *Shearer* case [Docket Nos. 2747, 2747-1, 2747-2, 2747-3, 2747-4, 2747-5]; and 6) this Court's Findings of Fact and Conclusions of Law in the *Kaiser* consumer fraud case [Docket No. 3120].

These entirely case-specific rulings and materials from other MDL cases are not even arguably part of the record in the *Barlow* case, and should not be treated as such.[1]  While Plaintiff Barlow would be free to cite and reference these rulings and materials when prosecuting her case in the transferor court, it would be improper to include them within the *Barlow* case record, since they do not apply to the facts of her case and were not intended to be applicable to or binding on all cases pending in the MDL proceedings.  In fact, no other case that has been remanded from this MDL has included these types of case-specific materials from other cases pending in the MDL in its record.

Moreover, transferor courts should be entitled to decide these issues on their own, based on an evaluation of the facts and law in each case.  *See, e.g., In re Light Cigarettes Mktg. Sales Practices Litig.*, No. 1:09-md-02068-JAW, 2011 U.S. Dist. LEXIS 142432, at *11-12 (D. Me. Dec. 12, 2011) (MDL court declining to apply its ruling on class certification issues in one case to four other cases that would be remanded, noting that "as judicial authority is about to be re-conferred on the transferor courts, their ability to properly administer their own cases should not be circumscribed.").  That has been the case in each of the Track One cases that has gone to trial thus far.  For example, the *Bulger* case was the first Track One case to go to trial, and was tried before Judge Saris in this Court.  The other judges later presiding over the *Shearer* and *Smith* cases (with *Smith* having been remanded to its original transferor court), however, both heard

---

[1] For example, item 5 above would include, among other things, rulings as to whether evidence regarding the use of other drugs by the decedent, and certain prior bad acts by the plaintiff and her family, in the *Bulger* case were excluded from evidence at trial.

2

and ruled upon these types of motions independently, versus merely adopting the rulings from the *Bulger* case. The same should be true here.[2]

| | |
|---|---|
| Dated: May 1, 2012. | Respectfully submitted, |
| | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | By:  /s/ Mark S. Cheffo<br>       Mark S. Cheffo |
| | Four Times Square<br>New York, NY 10036<br>Tel: (212) 735-3000<br>Email: Mark.Cheffo@skadden.com |
| | -and- |
| | ROPES & GRAY LLP |
| | By: /s/ Justin J. Wolosz<br>     Justin J. Wolosz<br>     BBO # 643543 |
| | Prudential Tower<br>800 Boylston Street<br>Boston, MA 02110<br>Tel: (617) 951-7000<br>Email: justin.wolosz@ropesgray.com |
| | *Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC* |

---

[2] To the extent the Court allows Plaintiff Barlow's Additional Designation to be included in the Contents of the Record for this case, Pfizer reserves the right to supplement the record with additional materials.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on May 1, 2012.

/s/ Justin J. Wolosz
Justin J. Wolosz
