UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------------------X
In re:  NEURONTIN MARKETING,                    :   MDL Docket No. 1629
        SALES PRACTICES, AND                    :
        PRODUCTS LIABILITY LITIGATION           :   Master File No. 04-10981
                                                :
-------------------------------------------------------------------X   Judge Patti B. Saris
                                                :
THIS DOCUMENT RELATES TO:                       :   Magistrate Judge Leo T. Sorokin
                                                :
IRENE BARLOW                                    :
1:05-175 SS Western District of Texas           :
1:05-cv-11501 PBS   District of Massachusetts   :
-------------------------------------------------------------------X
```

PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE (ECF 3853) TO PLAINTIFF'S
ADDITIONAL DESIGNATION OF CONTENTS OF THE RECORD (ECF 3845)

To the Honorable Court:

     Plaintiff Irene Barlow respectfully would show as follows:

I.

     Defendants have objected to the inclusion in the contents of the record to be furnished to

the Western District of Texas, the transferor court, certain orders and related documents

requested by Plaintiff Irene Barlow.  Defendant refers to those items as 'case specific' rulings.

However, with one exception, each of the items is an order or document from one of the Track

One plaintiffs products liability cases.

II.

     Defendants' objection impliedly suggests that designating and litigating the Track One

cases had nothing to do with the non-Track One cases except to abate them for almost six years.

In fact, one purpose was for orders in those bellwether cases to assist the transferor courts in the

rest of the cases.  In Discovery Order No. 8, Docket Number 609, (the order in which the Court

decided to proceed with bellwether cases), the Court rejected defendants' contention that the rulings in the Track One cases would be limited to whether the general causation expert evidence would survive summary judgment and *Daubert* motions. The Court said: "It is, however, relevant to other issues including whether in a particular case Neurontin was in fact the cause of the Plaintiff's harm or whether the Plaintiff's prescription was the result of the fraudulent marketing alleged in the complaints." The designations Plaintiff Barlow has made are of that nature. Such orders are particularly appropriate to include in the record.

Defendant's footnoted comment, that one of Judge Saris's rulings in the *Bulger* pre-trial was irrelevant to Barlow, ignores that Judge Saris included *all* her rulings in a single order and incorporated the transcript in it by reference. Those rulings in that order include the admissibility of fraudulent marketing that led to the prescriptions, as well as rulings on the admissibility of the criminal conviction and other related items, which were the reasons to litigate the Track One cases as set out in Discovery Order Number 8.

III.

Defendants' position is not supported by authority. *In Re Light Cigarettes Marketing Sales Practices Litigation*, No. 1:09 – MD- 02068-JAW, 2011 WL 6151510, D. Me. (2011), cited by defendants, found that the orders in question were not applicable to the four remanded cases because they did not have common questions of fact that were present in the class cases. That is the opposite of the orders requested to be included here.

Moreover, the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation do not support Defendants' position. Rule 10.4(a) provides "(a) Designating the Record. Upon receipt of an order to remand from the Clerk of the Panel, the parties shall furnish forthwith to the transferee district clerk a stipulation or designation of the contents of the record

or part thereof to be remanded." Reading the rule literally, by the use of 'or' it is clear that the Panel intended that a party may designate the contents of the record without agreement. Conversely, there is no rule that contemplates blocking records from being included in the designation by objecting to them as defendants' have done.

Finally, the value or weight to be assigned to such orders on remand should be for the determination of the transferor court. The transferor court should not be kept in the dark about this Court's rulings.

Wherefore, Plaintiff Irene Barlow prays that Defendants' objections be denied.


Dated:  May 7, 2012                    LAW OFFICES OF JACK W. LONDON

                                        3701Bee Cave Rd., Suite 200
                                        Austin, TX  78746
                                        512-478-5858 9telephone
                                        512-479-5934 (facsimile)

                                        By:_____

                                          Jack W. London
                                          State Bar No. 12512500

                                        WRIGHT & GREENHILL, P.C.
                                        221 West 6th Street, Suite 1800
                                        Austin, TX 78701
                                        512-476-4600 (telephone)
                                        512-476-5382 (facsimile)
                                        Archie Carl Pierce
                                        State Bar No. 15991500

                                        Attorneys for Irene Barlow

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served as required by Case Management Order Number 3 on May 7, 2012.

Dated: May 7, 2012

LAW OFFICES OF JACK W LONDON
3701 Bee Cave Rd., Suite 200
Austin, TX 78746
512-478-5858 (telephone)
512-479-5934 (facsimile)

By: _____
Jack W. London, Esq.