UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------ x
:
In re:  NEURONTIN MARKETING, SALES        : MDL Docket No. 1629
         PRACTICES AND PRODUCTS              :
         LIABILITY LITIGATION                      : Master File No. 04-10981
------------------------------------------------ x
:
                                                           : Judge Patti B. Saris
THIS DOCUMENT RELATES TO:               :
                                                           : Magistrate Judge Leo T.
*Briggs v. Pfizer Inc.*,                                : Sorokin
No. 1:07-cv-10327-PBS                           :
                                                           :
------------------------------------------------ x

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
LETTER REQUESTING APPOINTMENT OF COUNSEL**

Defendants Pfizer Inc and Warner-Lambert Company LLC ("Defendants," or "Pfizer") submit this memorandum in opposition to the request of Plaintiff Robin Briggs for appointment of counsel in her letter to this Court dated April 26, 2012. [Dkt. No. 3855.] Defendants request that the Court deny Ms. Briggs's request for counsel.

After representing Plaintiffs for several years in these MDL proceedings, Ms. Briggs's former counsel withdrew from representation. In its Order allowing her counsel to withdraw, the Court gave Ms. Briggs until February 1, 2012 to obtain new counsel. [Dkt. No. 3729.] The Court twice extended her deadline to find counsel, first to March 2, 2012 and then again to April 30, 2012, [Dkt. Nos. 3778, 3809], and advised that it "anticipates no further extensions of this deadline." [Dkt. No. 3809.] On May 1, 2012, the Court received a letter from Ms. Briggs dated April 26, 2012, which requests "the court to assign [her] case to a lawyer who still has cases alive in this MDL, or any lawyer who wants to hold Pfizer accountable . . . ." [Dkt. No. 3855.] Defendants respectfully submit that Plaintiff's request should be denied, since Plaintiff has had

1

ample time, including six months after this Court's Order, and opportunity to locate counsel. Plaintiff should not be allowed yet another method by which to delay resolution of her case.

Additionally, as the First Circuit has explained, "[t]here is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). In exceptional circumstances, 28 U.S.C. § 1915 affords district courts "discretion to appoint counsel to an indigent litigant in appropriate circumstances." *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986). That statute authorizes courts to appoint counsel for "any person unable to afford counsel" where the case involves proceedings *in forma pauperis*. 28 U.S.C. § 1915(e)(1).

As the language of the statute indicates, however, an applicant must first establish financial hardship in order for a court to even consider whether appointment of counsel is warranted. *Id.* Only after a plaintiff has demonstrated that she is "indigent" may a court then consider whether "exceptional circumstances" have been shown that may give the court discretion to appoint *pro bono* counsel.[1] *DesRosiers*, 949 F.2d at 23. "When a litigant asserts [her] indigency, [she] must carry the devoir of persuasion." *Id.*

In this case, Ms. Briggs has not and cannot satisfy the requirements for appointment of counsel. Not only has she presented no evidence to establish her indigency, she has not even asserted indigency under § 1915. Ms. Briggs has provided no information whatsoever with respect to her financial status. Further, Defendants are unaware of Ms. Briggs having included, or previously filed, a Request to Proceed *In Forma Pauperis*. For this and other reasons, Ms. Briggs's letter fails to set forth a sufficient basis for the appointment of *pro bono* counsel, and her request must be denied.

---

[1] Consistent with this rule, this Court's website explains that, in order to file a "Motion for Appointment of Counsel," an applicant must "provide the court with [her] financial status, [her] attempts, if any, to find a lawyer,
*(cont'd)*

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny Ms. Briggs's request for *pro bono* counsel.

Dated:  May 7, 2012                    Respectfully submitted,

                                          SKADDEN, ARPS, SLATE,
                                            MEAGHER & FLOM LLP

                                          By: /s/ Mark S. Cheffo
                                                 Mark S. Cheffo

                                          Four Times Square
                                          New York, New York 10036-6522
                                          Tel:  (212) 735-3000
                                          Facsimile:  (212) 735-2000
                                          Email: Mark.Cheffo@skadden.com

                                          -and-

                                          ROPES & GRAY LLP

                                          By: /s/ Justin J. Wolosz
                                                 Justin J. Wolosz
                                                 BBO # 643543

                                          Prudential Tower
                                          800 Boylston Street
                                          Boston, MA  02110
                                          Tel:  (617) 951-7000
                                          Email:  justin.wolosz@ropesgray.com

                                          *Attorneys for Defendants Pfizer Inc and Warner-*
                                          *Lambert  Company LLC*

---

*(cont'd from previous page)*
and any other information which would be helpful to the court in determining whether a lawyer should be appointed for you." *See* http://www.mad.uscourts.gov/general/prose-litigants.htm.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been served on Plaintiff pursuant to overnight delivery service to her address on record on May 7, 2012.

/s/ Mark S. Cheffo
Mark S. Cheffo
