UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: NEURONTIN MARKETING, SALES : MDL Docket No. 1629
      PRACTICES AND PRODUCTS :
      LIABILITY LITIGATION : Master File No. 04-10981
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: Judge Patti B. Saris
:
THIS DOCUMENT RELATES TO: :
: Magistrate Judge Leo T.
*Briggs v. Pfizer Inc.*, : Sorokin
No. 1:07-cv-10327-PBS :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

Defendants Pfizer Inc and Warner-Lambert Company LLC ("Defendants," or "Pfizer") respectfully submit this memorandum in support of their Motion to Dismiss for Failure to Prosecute.

**PRELIMINARY STATEMENT**

This case should be dismissed for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, because Plaintiff Robin Stern Briggs has failed to obtain successor counsel by the deadlines set by this Court. Ms. Briggs does not have an individual cause of action under North Carolina's wrongful death statute, which provides that claims under that statute must be brought by the personal representative or collector of the decedent. *See* N.C. Gen. Stat. Ann. § 28A-18-2(a) (West Supp. 2011). According to the Local Rules of this Court and the law of all relevant jurisdictions, a non-lawyer *pro se* litigant – like Ms. Briggs – may only appear and practice in court on her own behalf. She cannot appear and practice before this Court in a representative capacity with respect to claims that are not her own, and the claims at

1

issue in this case – which have been pending for more than six years – should be dismissed for failure to prosecute.

## BACKGROUND

On December 28, 2006, Plaintiff's former counsel filed the Complaint in this action on behalf of Ms. Briggs "as Administratrix of the Estate of DOUGLAS MERRILL BRIGGS, deceased." (Am. Compl. ¶ 2(a) [Dkt. No. 2199].) Plaintiff seeks recovery from Pfizer under North Carolina's wrongful death statute due to the suicide of Mr. Briggs, which the Complaint alleges was the result of his use of Pfizer's prescription medicine Neurontin.

On August 15, 2011, Plaintiff's former counsel, Finkelstein and Partners, LLP, (the "Finkelstein firm"), filed a motion to withdraw as attorneys in this case. [Dkt. No. 3574.] Ms. Briggs contested the motion to withdraw, and the Court held a hearing on December 1, 2011. [Dkt. No. 3700.] After that hearing, at which the Court "spoke at length, ex parte, with Briggs and her counsel," the Court granted the Finkelstein firm's motion to withdraw based on "an irreconcilable breakdown in the attorney client relationship" and ordered as follows:

> [T]he Plaintiff's case is STAYED until February 1, 2012, to allow the Plaintiff a reasonable additional period of time in which to obtain successor counsel. The Court notifies Briggs that she may not be able to appear for the estate of her deceased husband and that if that is the case, then (absent successor counsel appearing on her behalf and prosecuting the case), the case could become subject to dismissal.

[Dkt. No. 3729.] In response to requests by Ms. Briggs, the Court twice extended her deadline to find counsel, first to March 2, 2012 and then again to April 30, 2012. [Dkt. Nos. 3778, 3809.] In granting the most recent extension, the Court advised Ms. Briggs that it "anticipates no further extensions of this deadline." [Dkt. No. 3809.] The deadline for Ms. Briggs to find counsel has now passed, but Ms. Briggs still has not retained an attorney.

## **ARGUMENT**

The Local Rules of this Court prohibit a person not licensed to practice law from appearing in a representative capacity on behalf of anyone other than herself. *See* D. Mass. Local R. 83.5.3(c) ("A person who is not a member of the bar of this court, and to whom sections (a) and (b) are not applicable, will be allowed to appear and practice before the court only in his own behalf."). Further, in Massachusetts, a non-attorney may not appear and practice in court as a representative of another party. *See Azubuko v. Cabral*, No. 10-10479-GAO, 2010 WL 1257983, at *2 n.4 (D. Mass. Mar. 25, 2010) ("'While an individual may represent themselves *pro se*, that is, without the benefit of counsel, all states have laws prohibiting a person who is not a lawyer from representing another person in a legal proceeding.'" (citation omitted)); *Edelkind v. Fairmont Funding, Ltd.*, No. 06-12275-JLT, 2007 WL 5688308, at *5 n.8 (D. Mass. Jan. 11, 2007) ("Were the Court to permit Plaintiff to appear in this action on behalf of his wife (or his children for that matter), it effectively would be sanctioning the unauthorized practice of law."); *Feliciano v. DuBois*, 846 F. Supp. 1033, 1039 (D. Mass. 1994) ("[A]n individual who is not an attorney admitted to practice in this court cannot be allowed to represent any other person, any class, or other legal entity."); *see also Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982); *Matthews v. Cordeiro*, 144 F. Supp. 2d 37, 38 (D. Mass. 2001); *Clauson v. Town of W. Springfield*, No. Civ.A. 99-30134MAP, 2000 WL 251740, at *2-3 (D. Mass. Feb. 3, 2000).

The federal courts in New York, where this case was filed, have a similar prohibition. *See Pridgen v. Andersen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]ppearance pro se denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity."). Likewise, North Carolina, Ms. Briggs's home state, bars *pro se* representation of another party. *See Hewett v. Shapiro & Ingle LLP*, No. 1:11CV278,

3

2011 WL 4550139, at *1 n.1 (M.D.N.C. Sept. 29, 2011) ) (noting that, under federal and North Carolina law, "[w]hile individuals have a right to represent their own interests in a court of law without the assistance of counsel, they have no right to represent the interest of any other person or legal entity"); *State v. Sullivan*, 687 S.E.2d 504, 511 (N.C. Ct. App. 2009) (noting that the right to be represented by a non-attorney has been rejected).

As this Court correctly recognized, this "case could become subject to dismissal" if Ms. Briggs failed to obtain successor counsel to litigate in court the claims allegedly arising from her husband's death. [Dkt. No. 3729.] Ms. Briggs has been afforded multiple extensions of the relevant deadlines and ample opportunity and time (over six months) to obtain successor counsel. Those deadlines have now expired, and Ms. Briggs has neither obtained successor counsel, nor made a showing that she may appear before this Court to litigate claims that are not her own.[1] Accordingly, this case should be dismissed for failure to prosecute. *See Huertas v. City of N.Y.*, No. 05 Civ. 6236 (DLC) (MHD), 2006 WL 3420828, at *1 (S.D.N.Y. Nov. 27, 2006) (adopting magistrate judge's recommendation that "the complaint be dismissed without prejudice for failure to prosecute" where no attorney represented the estate and it was held that "an administrator of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant").

Ms. Briggs does not assert individual claims and, therefore, cannot proceed in this action as a *pro se* litigant. This is due to the fact that Ms. Briggs does not have an individual cause of action under North Carolina's wrongful death statute. *See Graves v. Welborn*, 133 S.E.2d 761,

---

[1] The laws of North Carolina indicate that Ms. Briggs would not be the sole beneficiary under that state's wrongful death statute, particularly because Ms. Briggs admits that she is bringing claims on behalf of her children. *See* N.C. Gen. Stat. Ann. § 28A-18-2(a) (West Supp. 2011) (explaining that the amount recovered "shall be disposed of as provided in the Intestate Succession Act"); *see also* N.C. Gen. Stat. Ann. § 29-14 (West Supp. 2011) (explaining how shares are divided through intestate succession where there are both a surviving spouse and surviving children).

762 (N.C. 1963) (holding that the widow of the deceased "has no right of action for the death of her husband"); *Boulton v. Onslow Cnty. Bd. of Educ.*, 295 S.E.2d 246, 247 (N.C. Ct. App. 1982) (holding that a plaintiff does not have an individual claim arising from the alleged wrongful death of his child). Rather, a claim under that statute may only be brought by the personal representative or collector of the decedent. *See* N.C. Gen. Stat. Ann. § 28A-18-2(a); *see also Merchs. Distribs., Inc. v. Hutchinson*, 193 S.E.2d 436, 439 (N.C. Ct. App. 1972) ("'If an action for wrongful death is instituted by one other than the personal representative of a decedent, duly appointed in this State, it should be dismissed.'" (citations omitted)). The named plaintiff in an action brought under North Carolina's wrongful death statute "must both allege and prove that [she] has the capacity to sue." *Burcl v. N.C. Baptist Hosp., Inc.*, 293 S.E.2d 85, 88 (N.C. 1982).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant Pfizer's motion to dismiss this case for failure to prosecute.

Dated: May 7, 2012                                  Respectfully submitted,

                                                      SKADDEN, ARPS, SLATE,
                                                        MEAGHER & FLOM LLP

                                                      By: /s/ Mark S. Cheffo
                                                           Mark S. Cheffo

                                                      Four Times Square
                                                      New York, NY 10036
                                                       Tel: (212) 735-3000
                                                       Email: Mark.Cheffo@skadden.com

                                                      -and-

ROPES & GRAY LLP

By: /s/ Justin J. Wolosz
    Justin J. Wolosz
    BBO # 643543

Prudential Tower
800 Boylston Street
Boston, MA  02110
Tel:  (617) 951-7000
Email:  justin.wolosz@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of this document has been served on Plaintiff pursuant to overnight delivery service to her address on record on May 7, 2012.

    /s/ Mark S. Cheffo
    Mark S. Cheffo