UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:   NEURONTIN MARKETING, SALES         :   MDL Docket No. 1629
         PRACTICES AND PRODUCTS             :
         LIABILITY LITIGATION               :   Master File No. 04-10981
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:   Judge Patti B. Saris
:
THIS DOCUMENT RELATES TO:                   :
:   Magistrate Judge Leo T.
*Alsberge v. Pfizer Inc.*,                  :   Sorokin
Nos. 05-cv-11699-PBS & 06-cv-10957-PBS      :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

Defendants Pfizer Inc and Warner-Lambert Company LLC ("Defendants," or "Pfizer") respectfully submit this memorandum in support of their Motion to Dismiss for Failure to Prosecute.

**PRELIMINARY STATEMENT**

This case should be dismissed for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, because Plaintiff Debra Alsberge has failed to obtain successor counsel by the deadlines set by this Court. Ms. Alsberge does not have an individual cause of action under Washington's wrongful death or survival statutes, which provide that claims must be brought by the personal representative of the decedent on behalf of the beneficiaries identified in those statutes. Wash. Rev. Code § 4.20.010 (2005); *id.* § 4.20.020; *id.* § 4.20.046; *id.* § 4.20.060. While Ms. Alsberge is the administratrix of the estate of Mr. Alsberge, she cannot bring a lawsuit *pro se* in that capacity because, according to the Local Rules of this Court and the law of all relevant jurisdictions, a non-lawyer *pro se* litigant – like Ms. Alsberge – may only appear and practice in court on her own behalf. She cannot appear and practice before this Court

1

in a representative capacity with respect to claims that are not her own, and the claims at issue in this case – which have been pending for more than six years – should be dismissed for failure to prosecute.

## **BACKGROUND**

On June 22, 2005, Plaintiff's former counsel filed the Complaint in this action on behalf of Ms. Alsberge "as Administratrix of the RICHARD ALSBERGE, deceased." (Compl. ¶ 2(a).) Plaintiff seeks recovery from Pfizer under Washington's wrongful death statute due to the suicide of her estranged husband Mr. Alsberge, which the Complaint alleges was the result of his use of Pfizer's prescription medicine Neurontin.[1]

On April 14, 2011, Plaintiff's former counsel, Finkelstein and Partners, LLP, (the "Finkelstein firm"), filed a motion to withdraw as attorneys in this case. [Dkt. No. 3409.] Ms. Alsberge contested the motion to withdraw, and the Court held a hearing on December 1, 2011. [Dkt. No. 3700.] After that hearing, at which the Court "spoke at length, ex parte, with Alsberge and her counsel," the Court granted the Finkelstein firm's motion to withdraw based on "an irreconcilable breakdown in the attorney client relationship" and ordered as follows:

> [T]he Plaintiff's case is STAYED until February 1, 2012, to allow the Plaintiff a reasonable additional period of time in which to obtain successor counsel. The Court notifies Alsberge that she may not be able to appear for the estate of her deceased husband and that if that is the case, then (absent successor counsel appearing on her behalf and prosecuting the case), the case could become subject to dismissal.

[Dkt. No. 3730.] In response to requests by Ms. Alsberge, the Court twice extended her deadline to find counsel, first to March 2, 2012 and then again to April 30, 2012. [Dkt. Nos. 3777, 3808.]

---

[1] At her deposition, Ms. Alsberge testified that she and her husband had filed for divorce prior to his death. (Ex. A, Alsberge Dep. at 51:9-12, attached to the Declaration of Catherine B. Stevens.) The evidence in the case on whether the divorce was finalized is unclear at this point.

In granting the most recent extension, the Court advised Ms. Alsberge that it "anticipates no further extensions of this deadline." [Dkt. No. 3808.]  The deadline for Ms. Alsberge to find counsel has now passed and Ms. Alsberge has not retained an attorney.

## ARGUMENT

The Local Rules of this Court prohibit a person not licensed to practice law from appearing in a representative capacity on behalf of anyone other than herself.  *See* D. Mass. Local R. 83.5.3(c) ("A person who is not a member of the bar of this court, and to whom sections (a) and (b) are not applicable, will be allowed to appear and practice before the court only in his own behalf.").  Further, in Massachusetts, a non-attorney may not appear and practice in court as a representative of another party.  *See Azubuko v. Cabral*, No. 10-10479-GAO, 2010 WL 1257983, at *2 n.4 (D. Mass. Mar. 25, 2010) ("'While an individual may represent themselves *pro se*, that is, without the benefit of counsel, all states have laws prohibiting a person who is not a lawyer from representing another person in a legal proceeding.'") (citation omitted); *Edelkind v. Fairmont Funding, Ltd.*, No. 06-12275-JLT, 2007 WL 5688308, at *5 n.8 (D. Mass. Jan. 11, 2007) ("'Were the Court to permit Plaintiff to appear in this action on behalf of his wife (or his children for that matter), it effectively would be sanctioning the unauthorized practice of law.'") (citation omitted); *Feliciano v. DuBois*, 846 F. Supp. 1033, 1039 (D. Mass. 1994) ("[A]n individual who is not an attorney admitted to practice in this court cannot be allowed to represent any other person, any class, or other legal entity."); *accord Matthews v. Cordeiro*, 144 F. Supp. 2d 37, 38 (D. Mass. 2001); *Clauson v. Town of W. Springfield*, No. Civ.A. 99-30134MAP, 2000 WL 251740, at *2-3 (D. Mass. Feb. 3, 2000); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982).

The federal courts in New York, where this case was filed, have a similar prohibition. *See Pridgen v. Andersen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]ppearance pro se denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity."). Likewise, Ms. Alsberge's home state of Washington bars the *pro se* representation of another party. *Thomas v. Thomas*, No. C11–1418 MJP, 2012 WL 628777, at *1 (W.D. Wash. Feb. 27, 2012) ("While a non-attorney may appear pro se on their own behalf, a non-attorney litigant has no authority to represent another person other than themselves.") (citing *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997)); *Jensen v. State*, 119 Wash. App. 1018, 2003 WL 22701420, at *2 (2003) ("A pro se litigant may only represent his own interests.") (citing Bennion, Van Camp, Hagen & Ruhl *v. Kassler Escrow, Inc.*, 635 P.2d 730, 734-35 (Wash. 1981); *State v. Hunt*, 880 P.2d 96, 101 (Wash. Ct. App. (1994).

As this Court correctly recognized, this "case could become subject to dismissal" if Ms. Alsberge failed to obtain successor counsel to litigate the claims allegedly arising from her estranged husband's death. [Dkt. No. 3730.] Ms. Alsberge has been afforded multiple extensions of the relevant deadlines and ample opportunity and time (over six months) to obtain successor counsel. Those deadlines have now expired, and Ms. Alsberge has neither obtained successor counsel, nor made a showing that she may appear before this Court to litigate claims that are not her own.[2] Accordingly, this case should be dismissed for failure to prosecute. *Huertas v. City of N.Y.*, No. 05Civ.6236(DLC)(MHD), 2006 WL 3420828, at *1 (S.D.N.Y. Nov.

---

[2] The laws of Washington indicate that Ms. Alsberge would not be the sole beneficiary under that state's wrongful death statute, particularly because Ms. Alsberge admits that she is bringing claims on behalf of her children. (Ex. A, Alsberge Dep. at 13:9-11.) *See* Wash. Rev. Code § 4.20.020 (2005) ("Every such [wrongful death] action shall be for the benefit of the wife, husband, child, or children, including stepchildren, of the person whose death shall have been so caused."); *id.* § 4.20.046(1) (stating that the personal representative can recover on behalf of the decedent's wife, husband, child, or children); *id.* § 4.20.060 (Supp. 2012) (stating that a claim under the statute may be brought "in favor of the surviving spouse or state registered domestic partner and such children").

27, 2006) (adopting magistrate judge's recommendation that "the complaint be dismissed without prejudice for failure to prosecute" where no attorney represented the estate and it was held that "an administrator of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant").

Ms. Alsberge does not assert individual claims and, therefore, cannot proceed in this action as a *pro se* litigant. This is due to the fact that Ms. Alsberge does not have an individual cause of action under Washington's wrongful death or survival statutes. *See Mills v. Inter Island Tel. Co.*, 416 P.2d 115, 122 (Wash. 1966) ("[The named plaintiff] could not sue as widow, but only as executrix."); *Reutenik v. Gibson Packing Co.*, 231 P. 773, 777 (Wash. 1924) ("The cause of action is not vested in the widow, but in the personal representative of the deceased . . . ."). Rather, a claim under those statutes may only be brought by the personal representative or collector of the decedent. Wash. Rev. Code § 4.20.010 (2005); *see also Atchison v. Great W. Malting Co.*, 166 P.3d 662, 664 (Wash. 2007) ("*only* a personal representative may bring an action for wrongful death"); *Horst v. Bishop*, 147 Wash. App. 1017, 2008 WL 4789230, at *8 (2008) (unpublished decision) (explaining that both wrongful death and survival actions must be brought by the personal representative of the estate in a representative capacity); *Kommavongsa v. Haskell*, 314, 67 P.3d 1068, 1081 (Wash. 2003) ("A wrongful death action must be brought by the personal representative of the decedent's estate, and cannot be maintained by the decedent's children or other survivors.").

## **CONCLUSION**

For the foregoing reasons, the Defendants respectfully request that this Court grant Pfizer's motion to dismiss this case for failure to prosecute.

Dated: May 7, 2012                    Respectfully submitted,

                                        SKADDEN, ARPS, SLATE,
                                          MEAGHER & FLOM LLP

                                        By: /s/ Mark S. Cheffo
                                              Mark S. Cheffo

                                        Four Times Square
                                        New York, New York 10036-6522
                                        Tel:  (212) 735-3000
                                        Facsimile:  (212) 735-2000
                                        Email:  Mark.Cheffo@skadden.com

                                        -and-

                                        ROPES & GRAY LLP

                                        By: /s/ Justin J. Wolosz
                                              Justin J. Wolosz
                                              BBO # 643543

                                        Prudential Tower
                                        800 Boylston Street
                                        Boston, MA  02110
                                        Tel:  (617) 951-7000
                                        Email:  justin.wolosz@ropesgray.com

                                        *Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of this document has been served on Plaintiff pursuant to overnight delivery service to her address on record on May 7, 2012.

                                          /s/ Mark S. Cheffo
                                          Mark S. Cheffo