UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL Docket No. 1629 |
| THIS ORDER RELATES TO: BRIGGS v. PFIZER INC., ET AL. Individual Case No. 07-10327 | ) ) ) ) ) ) ) ) ) | Master File No. 04-10981-PBS |

REPORT AND RECOMMENDATION ON DEFENDANT PFIZER'S
MOTION TO DISMISS FOR FAILURE TO PROSECUTE

May 29, 2012

SOROKIN, C.M.J.

Two individual cases within this MDL, presently in nearly-identical procedural postures, are the subject of pending Motions to Dismiss for Failure to Prosecute by Defendant Pfizer. See Docket Nos. 3864-65. Because the cases arise under the laws of different states and have different courts of origin, these two motions are the subject of separate, but substantially-similar, Reports and Recommendations issued on this date.[1]

On December 28, 2006, Finkelstein & Partners, LLP (former counsel for Plaintiff Robin Stern Briggs) filed a Complaint in the Southern District of New York (06-cv-15451-JSR) on

---

[1] The second case is Alsberge v. Pfizer, Inc. et al., Individual Case Nos. 05-cv-11699 and 06-cv-10957.

behalf of Briggs "as Administratrix of the Estate of Douglas Merrill Briggs, deceased." 07-cv-10327, Docket #7-2 at 1; Docket # 2199 at ¶ 2(a). Briggs seeks recovery from Pfizer under North Carolina's wrongful death statute due to the suicide of Mr. Briggs, which the Complaint alleges was the result of his use of Pfizer's prescription medicine Neurontin.

On August 15, 2011, Finkelstein & Partners, LLP sought permission to withdraw from representing Briggs on the grounds that irreconcilable differences had arisen between it and Briggs. Docket # 3574. The Court initially allowed its motion on August 16, 2011, but subsequently allowed Briggs's Motion to Reconsider. See Electronic Order of September 8, 2011. On December 1, 2011, the Court held a hearing at which it spoke at length, ex parte, with Briggs and her counsel. Based upon that ex parte hearing, the Court found that there was an irreconcilable breakdown in the attorney client relationship. Docket # 3729. The Court allowed Finkelstein & Partners's Motion to Withdraw and stayed Briggs's case until February 1, 2012, in order to provide Briggs with a reasonable additional period of time in which to obtain successor counsel. Id. at 2. In addition, the Court notified Briggs that "she may not be able to appear for the estate of her deceased husband and that if that is the case, then (absent successor counsel appearing on her behalf and prosecuting the case), the case could become subject to dismissal." Id.

On January 30, 2012, Briggs sought additional time to locate successor counsel. Docket # 3774. On February 2, 2012, the Court extended the stay until March 2, 2012. Docket # 3773. On March 2, 2012, Briggs again sought an extension of time to locate successor counsel (Docket # 3796) and on March 14, 2012, the Court again extended the deadline, to April 30, 2012, but notified Briggs that it anticipated no further extensions. Docket # 3809.

On May 1, 2012, Briggs indicated that she had been unable to locate successor counsel,

and moved the Court to "assign my case to a lawyer who still has cases alive in this MDL, or any lawyer who wants to hold Pfizer accountable." Docket # 3855. Briggs did not file any financial affidavit or otherwise allege indigence – rather, her argument was confined to her inability to locate counsel willing to accept her case. Pfizer opposed Briggs's request for appointment of counsel, and moved to dismiss Briggs's case for failure to prosecute (noting that Briggs has not obtained successor counsel and that she does not have an individual cause of action under North Carolina's wrongful death statute, which must be brought by the personal representative of the decedent, and that a non-lawyer, pro-se litigant may appear in court only on her own behalf). Docket #s 3858, 3866.[2] Briggs has not filed any opposition to Pfizer's motion.

I RECOMMEND that the Court deny Briggs's request for appointment of counsel. The Court may in its discretion appoint counsel for an indigent litigant in a civil case. 28 U.S.C. § 1915(e)(1). "There is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir.1991) (citations omitted). To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent herself. Id. Briggs has not demonstrated that she qualifies as indigent. A litigant asserting indigence bears the burden of persuasion. DesRosiers, 949 F.2d at 23. Moreover, she was represented by retained competent counsel for several years. Given the totality of these circumstances, she has not established that the Court should appoint counsel.

---

[2] On May 8, 2012, Defendant Teva Pharmaceuticals USA, Inc. joined in Pfizer's Motion to Dismiss for Failure to Prosecute and in all of the arguments stated therein. Docket # 3869.

I further RECOMMEND that the Court ALLOW Pfizer's Motion to Dismiss.[3] Briggs's claims under North Carolina's wrongful death statute must be brought by the personal representative or collector of the decedent. N.C. Gen. Stat. Ch. 28A-18-2(a) reads in relevant part:

> When the death of a person is caused by a wrongful act, neglect or default of another, such as would, if the injured person had lived, have entitled the injured person to an action for damages therefor, the person or corporation that would have been so liable . . . shall be liable to an action for damages, to be brought by the personal representative or collector of the decedent.

N.C. Gen. Stat. Ch. 28A-18-2

Briggs is not a licensed attorney. She may not represent a person or entity other than herself. See L.R. 83.5.3(c) ("[a] person who is not a member of the bar of this court, and to whom sections (a) and (b) are not applicable, will be allowed to appear and practice before the court only in [her] own behalf"); Cohen v. Attorney General of Massachusetts, 2011 WL 50008088 (D.Mass.) (Gorton, J.) (plaintiff asserting claim as administratrix of estate who is not a duly licensed attorney may not appear in this Court and prosecute claims on behalf of an estate). Accordingly, Briggs's claim is not viable in the absence of legal representation. She has been unable to secure representation after a substantial period of time has been allowed for that purpose, and it appears that there is no reasonable likelihood that she will obtain representation in the future.

For the foregoing reasons, I RECOMMEND that the Court ALLOW the Defendants'

---

[3] In the event that the Court concludes that the issues presented by the motion to dismiss are best addressed by the trial judge in the court of origin, I RECOMMEND that the Court REMAND this matter to the Southern District of New York for further proceedings. I FURTHER RECOMMEND in this case that the Court ORDER that in the event that Pfizer (or Teva) renews its Motion to Dismiss, or in the event that Briggs renews her request for appointment of counsel, that the party seeking such relief provide the Court of origin both with a copy of the District Judge's Order(s) on the pending motions.

Motion to Dismiss (Docket # 3865).[4]

/s/ Leo T. Sorokin
Leo T. Sorokin
Chief United States Magistrate Judge

---

[4] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).