UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: NEURONTIN<br>MARKETING, SALES PRACTICES<br>AND PRODUCTS LIABILITY<br>LITIGATION | )<br>)<br>)<br>)<br>)<br>)<br>) | MDL Docket No. 1629 |
| THIS ORDER RELATES TO:<br><br>ALSBERGE. v.<br>PFIZER INC.<br><br>Individual Case Nos. 06-10957 and<br>05-11699 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Master File No. 04-10981-PBS |

REPORT AND RECOMMENDATION ON DEFENDANT PFIZER'S
MOTION TO DISMISS FOR FAILURE TO PROSECUTE

May 29, 2012

SOROKIN, C.M.J.

Two individual cases within this MDL, presently in nearly-identical procedural postures, are the subject of pending Motions to Dismiss for Failure to Prosecute by Defendant Pfizer. See Docket Nos. 3864-65. Because the cases arise under the laws of different states and have different courts of origin, these two motions are the subject of separate, but substantially-similar, Reports and Recommendations issued this date.[1]

On June 25, 2005, Finkelstein & Partners, LLP (former counsel for Plaintiff Debra Alsberge) filed a Complaint in the Southern District of New York (05-cv-05809-JSR) on behalf

---

[1] The second case is Briggs v. Pfizer, Inc., Individual Case No. 07-cv-10327.

of Alsberge "as Administratrix of the Estate of Richard Alsberge, deceased." 05-cv-11699, Docket #12 at 2; Docket # 2199 at ¶ 2(a).[2] Alsberge seeks recovery from Pfizer under Washington's wrongful death statute due to the suicide of her estranged husband Mr. Alsberge,[3] which the Complaint alleges was the result of his use of Pfizer's prescription medicine Neurontin.

On April 14, 2011, Finkelstein & Partners, LLP sought permission to withdraw from representing Alsberge on the grounds that irreconcilable differences had arisen between it and Alsberge. Docket # 3409. The Court initially allowed its motion on May 9, 2011, but subsequently allowed Alsberge's Motion to Reconsider. See Electronic Order of October 18, 2011; Docket # 3455; Docket # 3662. On December 1, 2011, the Court held a hearing at which it spoke at length, ex parte, with Alsberge and her counsel. Based upon that ex parte hearing, the Court found that there was an irreconcilable breakdown in the attorney client relationship. Docket # 3730. The Court allowed Finkelstein & Partners's Motion to Withdraw and stayed Alsberge's case until February 1, 2012, in order to provide Alsberge with a reasonable additional period of time in which to obtain successor counsel. Id. at 2. In addition, the Court notified Alsberge that "she may not be able to appear for the estate of her deceased husband and that if that is the case, then (absent successor counsel appearing on her behalf and prosecuting the case), the case could become subject to dismissal." Id.

---

[2] Alsberge also filed a Complaint (06-cv-05197-RJB) in the Western District of Washington on April 12, 2006, also in her capacity as Personal Representative of the Estate of Richard Alsberge, deceased. See 06-10957-PBS Docket # 9-2 at 1. These two cases have been consolidated within this MDL and have been treated as one both with respect to discovery and with respect to the Finklestein firm's representation. The Defendants' motion does not make separate reference to this case.

[3] One disputed issue in the case is whether or not the Alsberges were divorced at the time of his death.

On February 1, 2012, Alsberge sought additional time to locate successor counsel. Docket # 377. On February 2, 2012, the Court extended the stay until March 2, 2012. Docket # 3777. On March 1, 2012, Alsberge again sought an extension of time to locate successor counsel (Docket # 3795) and on March 14, 2012, the Court again extended the deadline, to April 30, 2012, but notified Alsberge that it anticipated no further extensions. Docket # 3808. On May 1, 2012, Alsberge informed the Court that she has not obtained representation and moved the Court to appoint counsel on her behalf. Docket # 3969.

On May 7, 2012, Pfizer moved to dismiss Alsberge's case for failure to prosecute (noting that Alsberge has not obtained successor counsel and that she does not have an individual cause of action under Washington's wrongful death statute, which must be brought by the personal representative of the decedent, and that a non-lawyer, pro-se litigant may appear in court only on her own behalf). Docket # 3867. Although Alsberge made a filing with respect to the sealing of certain exhibits, she did not oppose the motion substantively.

I RECOMMEND that the Court deny Alsberge's request for appointment of counsel. The Court may in its discretion appoint counsel for an indigent litigant in a civil case. 28 U.S.C. § 1915(e)(1). "There is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir.1991) (citations omitted). To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent herself. Id. Although Alsberge claims in passing that she cannot afford counsel, she has not demonstrated that she qualifies as indigent. A litigant asserting indigence bears the burden of persuasion. DesRosiers, 949 F.2d at 23. Moreover, she was represented by competent retained counsel for several years. Given the

totality of these circumstances, she has not established that the Court should appoint counsel.

I further RECOMMEND that the Court ALLOW Pfizer's Motion to Dismiss.[4] Washington's wrongful death statute provides that "[w]hen the death of a person is caused by the wrongful act, neglect, or default of another his or her personal representative may maintain an action for damages against the person causing the death." Wash. Rev. Code § 4.20.010; See also Kommavongsa v. Haskell, 149 Wash.2d 288, 314 (2003) ("A wrongful death action must be brought by the personal representative of the decedent's estate, and cannot be maintained by the decedent's children or other survivors").

Alsberge is not a licensed attorney. She may not represent a person or entity other than herself. See L.R. 83.5.3(c) ("[a] person who is not a member of the bar of this court, and to whom sections (a) and (b) are not applicable, will be allowed to appear and practice before the court only in [her] own behalf"); Cohen v. Attorney General of Massachusetts, 2011 WL 50008088 (D.Mass.) (Gorton, J.) (plaintiff asserting claim as administratrix of estate who is not a duly licensed attorney may not appear in this Court and prosecute claims on behalf of an estate). Accordingly, Alsberge's claim is not viable in the absence of legal representation. She has been unable to secure representation after a substantial period of time has been allowed for that purpose, and it appears that there is no reasonable likelihood that she will obtain representation in the future.

For the foregoing reasons, I RECOMMEND that the Court ALLOW the Defendants'

---

[4] In the event that the Court concludes that the issues presented by the motion to dismiss are best addressed by the trial judge in the court of origin, I RECOMMEND that the Court REMAND these matters to the Southern District of New York and Western District of Washington for further proceedings. I FURTHER RECOMMEND in this case that the Court ORDER that in the event that Pfizer renews its Motion to Dismiss, or in the event that Alsberge renews her request for appointment of counsel, that the party seeking such relief provide the Court of origin both with a copy of the District Judge's Order(s) on the pending motions.

Motion to Dismiss with respect to both 05-cv-11699 and 06-cv-10957 (Docket # 3864).[5]

                                                                         /s/ Leo T. Sorokin
                                                                         Leo T. Sorokin
                                                                         Chief United States Magistrate Judge

---

[5] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).