UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 Master File No. 04-10981 |
| THIS ORDER RELATES TO: SCHWARTZ LAW FIRM CASES | Judge Patti B. Saris Mag. Judge Leo T. Sorokin |

FURTHER ORDER ON DEFENDANT PFIZER'S MOTION FOR SANCTIONS

May 29, 2012

SOROKIN, C.M.J.

It is ORDERED that on June 28, 2012 at 3:00 p.m. in Courtroom 24, the Court shall hold a further hearing on Defendant Pfizer's Motion for Sanctions (Docket # 3779). The motion is HELD IN ABEYANCE in the interim.

It is FURTHER ORDERED that Mr. Harang shall appear at the further hearing in person, and that by the close of business on June 21, 2012, he shall file a Status Report concerning the progress of his review of the cases listed in Docket # 3848 (i.e., those cases which the Schwartz Firm had previously identified as cases it wished to litigate) and notifying the Court of any decisions he has made with respect to his potential representation of those plaintiffs in the event that the Court permits the Schwartz Firm to withdraw from its representation of them, a process which will occur (if at all) only after Mr. Harang decides how he wishes to proceed.

1

With respect to any cases in which Mr. Harang appears, the Court anticipates that it will adopt the following schedule which the Parties and counsel SHALL FOLLOW, as described at the hearing on May 23, 2012.

1. Beginning in July, 2012, the Parties shall conduct and complete fifteen (15) depositions each month.

2. The depositions will proceed case-by-case, taking the cases in alphabetical order from among the cases for which Mr. Harang has assumed responsibility.

3. Absent advance permission of the Court, the Parties may only take the depositions of persons listed in Docket # 3848-1 and then only pertaining to the case (or cases) with respect to which the person's name appears.

4. Each party shall arrange those depositions it wishes to take.  The Parties shall work out a procedure for coordinating the scheduling and for arranging the depositions of those persons whom both sides wish to depose.

5. Once the month for taking a particular deposition has passed, the opportunity to depose that person has passed as well.  With respect to deponents who are unavailable or whose deposition cannot reasonably be scheduled for the designated month, the Parties may agree to defer, provided that: (a) the Parties substitute another deposition in its place; and (b) the depositions deferred are completed within sixty days from the end of the originally-scheduled month for the deposition.  The failure to comply with both requirements will result in the forfeiting of the deposition.

6. If a Party decides not to take the deposition of a person listed in Docket #3848-1, then it shall bear the reasonable costs (including fees) incurred by the other party in preparing for the deposition (to the extent incurred after the June 28, 2012 hearing) unless the Party provides written notice of its decision not to take the deposition at least sixty days before the calendar month in which the deposition would have occurred.

7. On the third of each month, beginning on August 3, 2012, the Parties shall file a joint report confirming the depositions that occurred during the prior month and listing the cases that are ready to remand. The report shall note specifically any substitutions or deposition changes that occurred pursuant to paragraph 5. Approximately one week later, the Court will hold a status conference to review the progress of these cases and the compliance with the schedule herein established.  The first such status conference shall occur on August 8, 2012 at 2:00 p.m.  Each party shall have an attorney appear personally at these conferences.  The attorney appearing shall be capable of answering for and representing the status of each of the then-pending cases.  If the discovery is proceeding according to the schedule and neither the status report nor any other pleading reveals a need for the monthly in-person status conference, then the Court will cancel the conference.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
Chief United States Magistrate Judge