UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
IN RE NEURONTIN MARKETING, SALES            )
PRACTICES, AND PRODUCTS LIABILITY           )
LITIGATION                                  )   MDL Docket No. 1629
_____)    Master File No. 04-10981
                                            )
THIS ORDER RELATES TO:                      )   Judge Patti B. Saris
                                            )   Mag. Judge Leo T. Sorokin
PLAINTIFFS' PRODUCTS LIABILITY GROUP        )
                                            )
_____)


ORDER ON JOINT APPLICATION OF ATTORNEYS LONDON, BROOKS AND PIERCE
FOR REIMBURSEMENT FROM THE COMMON BENEFIT FUND

May 29, 2012

SOROKIN, C.M.J.

On January 25, 2012, Jack W. London, Eugene Brooks and Archie Carl Piece applied to the Court for an award of expenses to be paid from the Common Benefit Fund for sums incurred and paid on behalf of the products liability plaintiffs in taking depositions. Docket # 3762. The expenses for which reimbursement was sought included: $67,506.36 to Mr. London for witness fees, court reporters, videographers and exhibits; $8,017.55 to Mr. London for travel and related expenses; $5,016.53 to Mr. Brooks for travel and related expenses; and $1,382.84 to Mr. Pierce for travel and related expenses.  Docket #s 3762; 3768 at 6.[1]

On March 12, 2012, the Court requested further information concerning the basis for a $13,281 expense relating to airfare for an expert, Professor Trimble. See Electronic Order of March 12, 2012. Trimble was an expert witness in neurological and biological chemistry.

---

[1] Although filed under seal, these materials have since been unsealed.

Docket # 3811.  He lives in England and traveled to the United States first class from London's Heathrow Airport to New York's John F. Kennedy Airport for his preservation deposition.  Id. It was a negotiated term of his engagement as a witness that he travel to the United States first class.  Id.  The amount of the airfare was also affected inter alia by the fact that counsel agreed to purchase a flexible/exchangeable airfare because of the risk that the deposition would not occur as scheduled.  Id.

The Defendants have objected not only to the amount of Dr. Trimble's airfare, but also inter alia to the fact that even though his deposition consumed just one day (August 4, 2011), Dr. Trimble's hotel and other expenses were incurred over a period of five days.  Docket # 3814. For example, the application notes reimbursement of Dr. Trimble for "5 days court deposition 1-5 August 2011 @ $5,000/day" and his hotel and meal expenses were for five days.  Id. (citing Docket # 3813-4).[2]   None of the plaintiffs, or their counsel, have objected to the application in any respect.

The Application is ALLOWED IN PART and DENIED IN PART.  Notwithstanding Mr. London's submission regarding the airfare, the Court will not authorize, out of the Common Benefit Fund, a first class ticket.  Mr. London may apply for reimbursement for an unrestricted coach fare.  Thus, the request for the $13,281 for Dr. Trimble's airfare is DENIED.

The request for reimbursement for five days for the preservation deposition of Dr. Trimble is ALLOWED IN PART and DENIED IN PART, WITHOUT PREJUDICE.  Dr. Trimble was deposed on August 4, 2011, for which he billed for five days of deposition.  The Court will  ALLOW reimbursement of $15,000.00 for one day of deposition and two days of

---

[2]  Whether or not the Defendants have standing to contest the application (See Docket # 3818 at 2) is moot, since the Court raised the issue of Dr. Trimble's expenses sua sponte prior to the Defendants' filing.

travel (one day for each direction of the London-to-New York travel).  The request for the remaining two days (amounting to $10,000.00) is DENIED, WITHOUT PREJUDICE.  Nothing in the narrative of Dr. Trimble's invoice suggests two days of preparation time during the period between August 1 and August 5.  See Docket # 3768-2 at 2.  The invoice contains separate charges for preparation meetings with counsel in June.  Counsel's own reimbursement submissions contain no indication that counsel met with Dr. Trimble during the period of August 1-5, other than on the day of the deposition.   Although the Court does not require "exquisite detail," on the present record, more evidence is required.  The motion is otherwise ALLOWED.

It is ORDERED that the Common Benefit Fund shall issue checks: (1) to Mr. London in the amount of $52,242.91; (2) to Mr. Brooks, in the amount of $5,016.53; and, (3) to Mr. Pierce in the amount of  $1,382.84.

SO ORDERED.

/s / Leo T. Sorokin
Leo T. Sorokin
Chief United States Magistrate Judge