UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------------------x
:
In re: NEURONTIN MARKETING, SALES  : MDL Docket No. 1629
PRACTICES AND PRODUCTS :
LIABILITY LITIGATION : Master File No. 04-10981
----------------------------------------------------x
: Judge Patti B. Saris
:
THIS DOCUMENT RELATES TO: :
: Magistrate Judge Leo T.
*Eaddy v. Pfizer Inc.*, *et al.*, 1:06-cv-11385-PBS. : Sorokin
:
----------------------------------------------------x

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS CLAIMS OF PLAINTIFF LEISA EADDY

In accordance with Federal Rules of Civil Procedure 41(b) and the inherent power of this Court, Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this memorandum in support of their Motion to Dismiss the Claims of Plaintiff Leisa Eaddy for failure to prosecute and violation of Court orders. In particular, dismissal is appropriate because Plaintiff has failed to respond to this Court's Order to file a notice of intent to proceed *pro se* and has made no effort to proceed with her claims against Pfizer since her counsel withdrew about nine months ago. As a result, this case remains in the initial stages of discovery even though it has been pending in this Court for approximately six years.

BACKGROUND

Plaintiff Eaddy was one of a dozen plaintiffs represented by the law firm Heninger Garrison Davis, LLC ("the Garrison firm") alleging injury from use of Pfizer's prescription medicine Neurontin. Plaintiff's case was transferred to this multidistrict litigation on August 9, 2006.

On September 9, 2011, the Garrison firm moved to withdraw as counsel for Plaintiff. (*See* Mot. To Withdraw [3617].) On September 14, 2011, this Court ordered Plaintiff to file any

1

objections to the motion to withdraw by September 23, 2011, and then to either arrange for successor counsel or file a notice of intent to proceed *pro se* with the Court by October 7, 2011. (*See* Sept. 14, 2011 Order Regarding Discovery Matters [3631].)  Plaintiff filed no objection to the Garrison firm's motion to withdraw, and the Court later granted the motion and ordered the Garrison firm to serve a copy of the order on Plaintiff.  (*See* May 22, 2012 Order [3920].) Despite this Court's order requiring her to do so, Plaintiff neither identified successor counsel nor filed a notice of intent to proceed *pro se* prior to the expiration of the Court's October 7, 2011 deadline.  In fact, even though more than eight months have passed since the Court's deadline, Plaintiff has yet to provide this Court with notice of whether she intends to proceed with her claims.

Further, since her counsel withdrew, Plaintiff has made no efforts to prosecute her case. Indeed, even though this case has been pending for approximately six years, it remains in the initial stages of discovery.  Ms. Eaddy's written discovery responses are substantially deficient, despite the fact Pfizer sent her former counsel a letter outlining significant deficiencies in Plaintiff's responses over a year ago on April 5, 2011.[1] (*See* C. Stevens letter dated 4/5/2011 [3508-2].)  Recently, this Court dismissed the claims of several other plaintiffs, who were formally represented by the Garrison firm, because they had failed to comply with an order to

---

[1] Plaintiff's discovery noncompliance predates withdrawal of her counsel.  In fact, as of early 2011, Plaintiff Eaddy still had not provided Pfizer with basic authorizations for medical records, despite the fact that this Court had ordered all plaintiffs in this MDL to produce such discovery more than four years prior.  Accordingly, Pfizer moved to dismiss her claims.  (*See* Mot. To Dismiss [3507].)  Only after Pfizer brought that motion did she finally produce the required authorizations.  Accordingly, this Court awarded Pfizer attorneys' fees.  (*See* Aug. 1, 2011 Order [3507].)

provide discovery responses similar to the discovery Plaintiff Eaddy still has not provided.[2] (*See* May 22, 2012 Rep. & Recommendations [3938].)

Because Plaintiff has given no indication as to whether she intends to proceed with her claims on a *pro se* basis, Pfizer's counsel recently obtained Ms. Eaddy's last known address from her former counsel. On June 11, 2012, Pfizer's counsel sent a letter to her last known address asking whether she was willing to voluntarily dismiss her claims, informing her that Pfizer would seek involuntary dismissal if she did not agree to dismiss, and requesting that she respond by June 15, 2012. As of the filing of this motion, Pfizer's counsel has received no response to its letter.

## ARGUMENT

Plaintiff's claims should be dismissed for violating this Court's order – particularly in light of her substantial discovery deficiencies and overall lack of diligence in pursuing her claims. Not only did she fail to file the required notice of intent to proceed *pro se*, she has taken no action in this litigation since her former counsel withdrew from representation nine months ago. Indeed, even though this case has been pending in this MDL for six years, it remains in the initial stages of discovery.

First, Plaintiff's violation of the Court's September 14, 2011 Order warrants dismissal under Rule 41(b) and the inherent authority of this Court. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). This Court has long recognized that the "[o]rderly management" of this multidistrict litigation "requires the parties to heed the Court's

---

[2] Plaintiffs Eaddy and Agee were not included in the motion to compel discovery against other plaintiffs represented by the Garrison firm because a separate motion to dismiss – related to their failure to provide medical authorizations – was pending at the time that motion to compel was filed.

Orders and to pursue their claims in a diligent and timely fashion." (Discovery Order No. 25 [1335], at 5).  As this Court has cautioned, "[i]n order for these Plaintiffs' cases to proceed they must participate in the discovery process and do so according to the deadlines established by the Court." (Aug. 11, 2010 R&R [3025], at 2.)  Otherwise, "[d]ismissal is an available sanction." (*Id.*)[3]  Indeed, as the First Circuit has observed, even a single violation of a court Order "constitutes extreme misconduct" and may warrant dismissal.  *See Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002).

Moreover, dismissal is a particularly appropriate sanction in the multidistrict litigation context "because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions."  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1222 (9th Cir. 2006) (citing 28 U.S.C. § 1407).  "MDL courts must be given greater discretion to organize, coordinate and adjudicate [their] proceedings, including the dismissal of cases for failure to comply with [their] Orders."  *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007).  These unique considerations "may tip the balance" in favor of dismissal in the MDL context.[4]  *In re PPA*, 460 F.3d at 1222.

---

[3] *See also, e.g.*, *Santiago-Díaz v. Laboratorio Clinico Y De Referencia Del Este*, 456 F.3d 272, 277 (1st Cir. 2006) (recognizing that "the district court has an interest in the efficient management of its docket"); *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003) ("[C]ourts cannot effectively administer justice unless they are accorded the right to establish Orderly processes and manage their own affairs[, and t]he sanction of dismissal is an important part of the armamentarium that the law makes available to trial courts."); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("[D]isobedience of court Orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)."); *Abdullah v. Acands, Inc.*, 30 F.3d 264 (1st Cir. 1994) (finding that failure of a plaintiff to comply with any court Order is grounds for dismissal with prejudice).

[4] MDL courts frequently dismiss plaintiffs' claims based on noncompliance with court Orders.  *See, e.g.*, *In re Yasmin & Yaz (Drospirenone) Mktg. Sales Practice & Prods. Liab. Litig.*, 2011 U.S. Dist. LEXIS 87023 (S.D. Ill. Aug. 4, 2011); *In re Prempro Prods. Liab. Litig.*, 423 Fed. Appx. 659 (8th Cir. 2011).

In this case, Plaintiff has no excuse for her violations of the Court's September 14, 2011 Order, not to mention her failure to provide complete responses to template discovery and her overall lack of diligence in pursuing her claims. This delay gives rise to a presumption of prejudice – especially in the MDL where many different interests have been affected. *See In re PPA*, 460 F.3d at 1227-28. Indeed, Plaintiff has taken basically no action in her case since her counsel moved to withdraw. Further, Plaintiff has not even responded to a recent letter sent by Pfizer asking whether she intends to proceed with her claims or would be willing to dismiss them voluntarily. Together, these factors warrant dismissal. In fact, this Court has repeatedly found that similar acts of noncompliance justify dismissal. (*See* May 22, 2012 Rep. & Recommendations [3938] (recommending dismissal of the claims of five plaintiffs as a sanction for discovery noncompliance and for failure to prosecute); *see also* May 29, 2012 Rep. & Recommendations [3971] (recommending dismissal of plaintiffs' claims for failure to obtain successor counsel by deadline set by the Court); Jan. 3, 2011 Order [3202] (dismissing thirty-nine cases for failure to produce template discovery); Feb. 4, 2011 Rep. & Recommendations [3276] (recommending dismissal of claims for failure to comply with template discovery orders); Aug. 11, 2010 Rep. & Recommendations [3025] (same).) The lack of progress in Plaintiff's case is due entirely to her failure comply with orders of this Court. Thus, her claims should be dismissed with prejudice.

Second, Plaintiff's ongoing noncompliance with this Court's discovery orders and her discovery obligations further support dismissal for failure to prosecute. "Under a district court's inherent power to manage its own docket and prevent undue delay, the court has discretion to dismiss a case for a party's failure to prosecute or comply with court orders." *Blaisdell v. City of Rochester*, No. 07-cv-390-JL, 2010 U.S. Dist. LEXIS 135081, at *2-3 (D.N.H. Aug. 10, 2010).

5

As the First Circuit has recognized, "courts – especially trial courts – 'must be given considerable leeway in exercising their admitted authority to punish laggardly or noncompliant litigants.'" *Cintrón-Lorenzo v. Departmento de Asuntos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citation omitted). "'[T]his power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of a defendant.'" *Colokathis v. Wentworth-Douglass Hosp.*, 693 F.2d 7, 9 (1st Cir. 1982) (citation omitted); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).

Ms. Eaddy has taken no action to move her claims forward since providing Pfizer with medical authorizations about a year ago in response to its motion to dismiss. This long period of inaction demonstrates a failure to diligently prosecute her claims, and therefore involuntary dismissal under Rule 41(b) is appropriate at this time.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court dismiss the claims of Plaintiff with prejudice.

Dated: June 28, 2012                Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
    Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Email: Mark.Cheffo@skadden.com

-and-

ROPES & GRAY LLP

By: /s/ Justin J. Wolosz
 Justin J. Wolosz
 BBO # 643543

Prudential Tower
800 Boylston Street
Boston, MA  02199
Tel:  (617) 951-7000
Email:  justin.wolosz@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on June 28, 2012.

/s/ Justin J. Wolosz
Justin J. Wolosz