UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

****************************

HARDEN MANUFACTURING CORP.,
Plaintiff

vs. Case No. 1:04-cv-10981-PBS

PFIZER, INC. Et al,
Defendant

****************************

TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE LEO T. SOROKIN
AT BOSTON, MASSACHUSETTS
ON AUGUST 8, 2012

APPEARANCES:

For the Plaintiff:
Jack W. Harang, Esquire *(Telephonically)*
Jack W. Harang, APLC
228 St. Charles Avenue
New Orleans, Louisiana 70130
504-810-4734

For the Defendants:
Catherine B. Stevens, Esquire
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY 10036
212-735-3353

Transcriber: Karen M. Aveyard,
Approved Federal Court Transcriber

---

**TRANSCRIPTION PLUS**
**1334 ELM STREET**
**LEOMINSTER, MASSACHUSETTS 01453**
**(978) 466-9383**
**www.transcriptionplus.com**

P R O C E E D I N G S

THE CLERK: Today is August 8th. The case of In Re: Neurontin, Civil Action 04-10981, will now be heard before this Court.

Will counsel please identify themselves for the record.

MS. STEVENS: Good afternoon, your Honor. Catherine Stevens from Skadden Arps for Pfizer.

THE COURT: Good afternoon.

MR. HARANG: Good afternoon, your Honor. Jack Harang for the plaintiff, Harden.

THE COURT: Good afternoon.

So Mr. Harang, have you decided?

MR. HARANG: Yes, sir. I'm going to go forward with the Pastine and the Taggart case.

THE COURT: So fair to say there are two cases you're going to go forward with: Pastine, and what was the other one?

MR. HARANG: And Taggart.

THE COURT: Taggart.

All right. And all other cases you are passing on?

MR. HARANG: Yes, your Honor.

THE COURT: Okay. So first, what remains to do in Pastine and Taggart?

MR. HARANG: Your Honor, I can't answer that quite

this second.

THE COURT: I'm sorry?

MR. HARANG: I said I can't answer that. I know that we -- I'm actually out of the office. I just finished moving my office, part of my office, and I didn't do a note on that. I apologize. I didn't know we were going to have this conference today.

THE COURT: Oh, I see.

Do you know, Ms. Stevens?

MS. STEVENS: I know that in Taggart, the plaintiff and the prescriber deps are complete, and in Pastine I believe the plaintiff and the prescribers have been taken as well.

MR. HARANG: I believe that's correct, and I think -- I know the plaintiffs have been taken. I believe that all the prescribers --

THE COURT: So I'll tell you what, here's what I'll do. Why don't the two of you confer with each other and file a joint report no later than August 30th as to what, if any, further discovery (inaudible) the discovery that we've been doing in these cases remains to be done. If you're done with the prescribers and you're done with the plaintiff, that leaves just the sales representatives.

What I want to do is do whatever depositions remain in these two cases. If there's only two, maybe I'll be a little bit more relaxed about the pace. But I think you at least

ought to do five depositions a month, unless that is really burdensome, Mr. Harang, and I would think we could be done with this in a month or two. It sounds like there's just going to be a handful of depositions.

So why don't you propose by August 30th together who needs to be deposed and how many depositions there are and whether you get them all done and when you're going to get them all done by, but something like at that pace. If there are a lot of depositions, I reserve my right to increase the pace.

That leaves then the question of all of the other Schwartz cases which fall into two categories: Those cases which Mr. Schwartz served the notices on people a while ago and those about 20 cases in which he didn't, because we weren't sure whether Mr. Harang was going to take them or not. So now we know that he's not.

I think what we discussed, and it will probably make sense, is a universal notice to everybody, both the 20 and all the other people, that in some cases there's a pending motion by Mr. Schwartz, Mr. Harang is not taking the cases, seeking to withdraw to the extent that he's in, and if anybody wants to object they can object. I think those notices should come out. We should have a deadline for people filing letters of objection.

Some people have written in to the court -- I don't know if either of you have seen those -- if you have, all

right -- some objections. I have not reviewed them carefully because I haven't been planning on ruling on any of this until the whole process is done. I think we should tell them if they've already objected, they don't have to object again, and then I'll decide what to do about those cases in which there are objections.

I think, Mr. Harang, that the burden falls to you to send the notices.

(Pause.)

THE COURT: Hello? Mr. Harang?

MR. HARANG: Can you hear me?

THE COURT: Yes. Now I can.

I think the burden of sending those notices falls to you or you and Mr. Schwartz.

MR. HARANG: Yes, your Honor. I think that's correct.

THE COURT: All right. So why don't you do this: What is the deadline you've established for sending the notices out?

MR. HARANG: Well, what I'd like to do, your Honor, since it's kind of a joint effort, is to draw up something similar to probably what he did before --

(There was a break in the audio.)

MR. HARANG: -- and get a copy to the court, let's say, by the end of next week and see if that satisfies your Honor.

THE COURT: Fine. So why don't you propose a notice. Talk to Ms. Stevens. It seems to me the notice should essentially say you are represented -- you filed a complaint in Neurontin or with respect to Neurontin. Schwartz law firm had been representing you. They've moved. They're moving to withdraw from all of their cases. Mr. Harang, whose name is on the complaint, he's moving to withdraw from all of these cases, all of these Neurontin cases except two. I don't know if you want to tell them that or not. I leave that to you to decide. But in any event, you're not taking any of these people's cases.

If anybody wants to object, then the deadline -- it seems to me we should give people 30 days, at least 30 days from the time of the notice, to send the objection. They should mail the objection to the court, attention Ms. Simeone. I think you have her address.

The notice should say that they might have already received a notice; some people receiving a second notice and some people just the first notice. If they have already objected, they don't need to file a new objection, though they can. If they have not received a notice or have not had a notice but didn't object, they still have a chance to do so. But the deadline is 30 days from -- and you people set that date, but it will be -- you'll give me -- you get it to me by the end of next week, I should be able to get it out. If you

send a courtesy copy to chambers of that notice, I should be able to get it out. Whatever needs to be addressed, if anything (inaudible) on Wednesday the 22nd. Then you could send it out.

So depending on how long you think it will take, it seems to me that it should take -- it ought to be done by -- well, let's just say if I get it out to you by the 22nd, any reason the notices can't be done and all issued out by September 15th?

MR. HARANG: Well, I can't imagine it would take that long, your Honor, but that's fine.

THE COURT: All right. So that will leave me a little wiggle room because I'm going on vacation, just in case I don't see it or get to it. But I should be able to do it on the 22nd. So we'll say September 15th you'll have it all issued and served on everybody, so we'll give people until October 15th deadline for filing their objections and then review them.

(Pause.)

THE COURT: And I think you should tell them they could also get another lawyer if they want, I suppose.

MS. STEVENS: Your Honor, we discussed at the last status conference a procedure in place to deal with the pro ses.

THE COURT: Yes.

MS. STEVENS: I assume that you want a proposal for

that after October 15th, or would you like that earlier?

THE COURT: Well, do you know what it is pretty much?

MS. STEVENS: I think we talked last time about some sort of certification or some sort of reliance on an expert, something to sort speed the process along with pro ses.

THE COURT: I think --

MR. HARANG: We talked about that, but part of that, Catherine, as you recall, was I think that the idea of an expert is difficult because most of these people don't know that there are three, I guess -- what is it, three now general causation experts that (inaudible) and that's all that's required in Federal Court.

MS. STEVENS: Well, your Honor, I think that a case-specific expert is required too. They're going to have to establish specific causation and that's where we're --

THE COURT: Right.

MR. HARANG: Well, they will, but I don't --

MS. STEVENS: You know, we've had problems with pro ses.

THE COURT: All right. So we don't have to resolve that at the moment.

MS. STEVENS: Okay.

(Pause.)

MS. STEVENS: Your Honor, we will prepare something to submit to you.

THE COURT: Right.

MS. STEVENS: I was just trying to figure out the timing of when you wanted to see it.

THE COURT: The deadline. No, I know. I'm just thinking about the notice, whether there's anything else we should tell people.

(Pause.)

THE COURT: I guess that suffices.

Why don't you...

(Pause.)

THE COURT: I suppose October 15th is fine because then -- as I see it, this is what's left: Resolve this notice. Then there will be whatever objections need to be resolved and I'll rule on the objections --

(There was a break in the audio.)

THE COURT: -- and the motions to withdraw and address all of that. That will come sometime after October 15th once it's ripe.

Then there is an existing pool of pro se cases which there's a reasonable possibility it will be enlarged by this whole process. If it is enlarged, either way the question is should I leave the pro se process what it is, which is we just send them on their way, which I require something else of them, which is what you're going to be asking me on October 15th, and then I'll resolve that. We'll do whatever we do with those

cases or they'll just go on their way. And then that leaves the Pastine and Taggart cases, which certainly by then we'll be done with discovery and will be sent on their way to where they're going.

And then what else is left (inaudible) nothing?

MS. STEVENS: There are four other cases that are just miscellaneous cases. They're still pending. I believe initial depositions are done in two of them. The other two are not really suicidality kind of cases, they're --

THE COURT: Who are the lawyers?

MS. STEVENS: Napoli Burn has one case. That was the case we filed the summary judgment motion, and Judge Saris said that there was an issue of state law and that the State Courts would be better. I mean, it was in --

THE COURT: Okay. The other court?

MS. STEVENS: -- state specific. The other court would be better to deal with the motion. So I think that that case is probably ready to be remanded as well.

THE COURT: So I should make a motion to remand and talk to the other lawyers?

MS. STEVENS: Right.

And then we have one case called the Telles and the lawyers are Miranda & Boyaki, and it's a manufacturing defect case. It's some prescription pills that were allegedly halfway filled with medication. But it's an ineffective drug case, not

a suicide case.

THE COURT: And so why don't you -- I don't even know that the standard discovery would apply to them.

MS. STEVENS: I --

THE COURT: I mean, maybe it would, but --

MS. STEVENS: I believe we're missing some pharmacy records in that case and we have not had a real open dialogue on that one, but I'll see what's going on on that front.

THE COURT: So why don't you do this by October 15th: The case that summary judgment Saris said should be in the originating court, talk to their lawyers and make a motion to remand no later than October 15th.

MS. STEVENS: Okay.

THE COURT: As to the other three -- there's three other cases?

MS. STEVENS: That's correct, your Honor.

THE COURT: So contact counsel and either -- if you get the discovery done and they're ready to remand by October 15th, file motions to remand. If they can't get it all done or there's some other thing that should happen or whatever, then if nothing else, you file on October 15th what you propose as to each of those three specific cases. Make sure you confer with the other lawyers so they know it's coming, and then I'll look at it and I'll have a hearing. I'll issue an order or do something. And then we'll be done with those or have them on

track.

And then is that it or is there anything else?

MS. STEVENS: I believe that's it. We've got a few -- the Levi Boone cases that we're still resolving some settlement issues, but --

THE COURT: So they're sort of on that they've been reported settlement, but the deadline is getting extended because you're resolving some issues?

MS. STEVENS: That's correct, your Honor.

THE COURT: All right. So that's fine. You can do that.

And anything other than that?

MS. STEVENS: I think that's it, your Honor.

THE COURT: So then once we're done that -- so it's the four cases, the two cases, the existing pro se cases and the pool of Schwartz/Harang cases that the motions to withdraw are pending in and then we're done.

MS. STEVENS: I believe that's correct, your Honor.

THE COURT: Well then, all right. I will miss all of you.

MS. STEVENS: We'll miss the trips to Boston.

THE COURT: I'm sure you will. I don't think Mr. Schwartz is missing those trips.

Mr. Harang, you tell Mr. Schwartz I said hello and hope he's doing well.

MR. HARANG: Thank you, sir.

I appreciate you allowing me to be here by phone, your Honor. I apologize, I just did not get that notice. Got Catherine's e-mail yesterday, but I was busy moving and I didn't open it until today, and I apologize.

THE COURT: That's quite all right.

All right. Well, I bid you all a good day. I don't know if I'll be seeing either of you or talking to either of you again. If not, it's been a pleasure, and if not in this case, then I hope to see you all in some other case. Tell Mr. Scheve I said hello and we're adjourned.

Thank you.

MS. STEVENS: Thank you, your Honor. I appreciate it.

MR. HARANG: Thank you, your Honor.

(The hearing was concluded.)

C E R T I F I C A T I O N

I, Karen M. Aveyard, Approved Federal Court Transcriber, do hereby certify that the foregoing transcript, consisting of 13 pages, is a correct transcript prepared to the best of my skill, knowledge and ability from the official digital sound recording of the proceedings in the above-entitled matter.

/s/ Karen M. Aveyard

Karen M. Aveyard

August 9, 2012

Date