**EXHIBIT G**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
:
ROSALIA SUMAIT, EVA POTTS, ADAM :
SUMAIT, MANUEL SUMAIT, JR., MERCELINO :   04 Civ. 8719 (JSR)
SUMAIT, :
:                                         ORDER
           Plaintiffs, :
:
      -v- :
:
PFIZER, INC., PARKE-DAVIS, WARNER- :
LAMBERT COMPANY, WARNER-LAMBERT :
COMPANY, L.L.C., :
:
           Defendants, :
:
------------------------------------- x



JED S. RAKOFF, U.S.D.J.

On April 10, 2012 the Honorable Gabriel W. Gorenstein, United States Magistrate Judge, issued a Report and Recommendation ("Report") in the above-captioned matter recommending that the Court grant the defendants' motion for summary judgment. Neither party has filed any objection to the Report, and, for that reason alone, the parties have waived any right to further appellate review. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010). Accordingly, the Court hereby adopts the Report, and, for the reasons stated therein, grants the defendants' motion for summary judgment. Clerk to enter judgment.

    SO ORDERED.

Dated: New York, NY
May 6, 2012                          _____
                                     JED S. RAKOFF, U.S.D.J.

Case 1:04-cv-10981-PBS Document 3834-3 Filed 10/15/12 Page 3 of 11

# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street
NEW YORK, NEW YORK 10007

GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE

TELEPHONE:
(212) 805-4260

## MEMORANDUM

To: Hon. Jed S. Rakoff
United States District Judge

From: Hon. Gabriel W. Gorenstein
United States Magistrate Judge

Re: Sumait v. Pfizer

No.: 04 Civ.8719 (JSR) (GWG)

Date: April 11, 2012

---

Enclosed is a Report and Recommendation pursuant to the Order of Reference on this case.

Please let me know if you need anything further.

G.W.G.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROSALIA SUMAIT, et al.,                                    :

            Plaintiff,                      : 04 Civ. 8719 (JSR) (GWG)

   -v.-                                                    : REPORT AND RECOMMENDATION

PFIZER INC., et al.,                                       :

            Defendant.                      :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Rosalia Sumait; Eva Potts; Adam Sumait; Matthew Sumait; Manuel Sumait, Jr.; Ramona Sumait; Marcelino Sumait and Eliza Sumait (collectively "plaintiffs") bring suit individually and as successors in interest to the estate of Manuel Sumait against defendants Pfizer Inc., Parke-Davis, Warner-Lambert Company, and Warner-Lambert Company LLC (collectively "defendants") for negligence, breach of warranty, strict product liability, fraudulent misrepresentation and mental anguish. Plaintiffs allege that Manuel's death was a result of his usage of the prescription drug Neurontin. Defendants have moved for summary judgment.

I.    BACKGROUND

    A.    Procedural History

Plaintiffs commenced this action through a complaint dated September 27, 2004, filed in the Supreme Court of the State of New York, County of New York. See Verified Complaint, dated Sept. 27, 2004 (annexed to Notice of Removal, filed Nov. 4, 2004 (Docket # 1) ("Notice of Removal")) ("Complaint"). On November 4, 2004, defendants removed the case to the United States District Court for the Southern District of New York. See Notice of Removal. Pursuant to 28 U.S.C. § 1407, the case was transferred to the United States District Court for the District of Massachusetts for pretrial proceedings. On May 6, 2011, a conditional remand order was

issued stating that pretrial proceedings had concluded and that remand to the Southern District was appropriate under 28 U.S.C. § 1407(a). See Conditional Remand Order, filed May 24, 2011 (Docket # 7).

On September 21, 2011, plaintiffs' former counsel filed notice that it had previously moved for, and been granted, leave to withdraw as counsel for plaintiffs. See Notice that Finkelstein & Partners, LLP Has Been Granted Leave to Withdraw as Counsel for Plaintiffs Rosalita Sumait, Eva Potts, Adam Sumait, Matthew Sumait, Manuel Sumait, Jr., Romana Sumait, Marcelino Sumait, and Eliza Sumait, Individually and as Successors in Interest to Estate of Manuel Sumait, filed Sept. 21, 2011 (Docket # 11). Accordingly, the plaintiffs are proceeding pro se.

On December 8, 2011, this Court issued a scheduling order. See Order, filed Dec. 8, 2011 (Docket # 16) ("Dec. 8 Order"). The Order gave plaintiffs until January 2, 2012, to disclose the identities and reports of experts as required by Federal Rule of Civil Procedure 26(a)(2)(A). Id. ¶ 2. Discovery closed on February 29, 2012. Id. ¶ 3.

Defendants now move for summary judgment. See Defendants' Notice of Motion for Summary Judgment, filed Jan. 25, 2012 (Docket # 23); Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment, filed Jan. 25, 2012 (Docket # 24) ("Mem. of Law"); Defendants' Statement of Material Facts in Support of Their Motion for Summary Judgment, filed Jan. 25, 2012 (Docket # 25) ("Def. 56.1 Stat."); Declaration of Catherine B. Stevens in Support of Defendants' Motion for Summary Judgment, filed Jan. 25, 2012 (Docket # 26) ("Stevens Decl."); Notice to Pro Se Litigant who Opposes Summary Judgment, filed Feb. 27, 2012 (Docket # 30). Defendants' papers were filed under seal in accordance with a protective order that was put in place in the multidistrict litigation and adopted by this Court.

See Endorsed Letter, filed Jan. 13, 2012 (Docket # 20). Pursuant to the briefing schedule agreed on by the parties and submitted to the Court, plaintiffs' opposition papers were to be filed by February 8, 2012. See Defendants' Reply Memorandum in Support of Their Motion for Summary Judgment, filed Feb. 21, 2012 (Docket # 29). Plaintiffs failed to respond to defendants' summary judgment motion and did not seek an extension. After plaintiffs' time to respond elapsed, defendants submitted a reply. See id.

B. Facts

As plaintiffs have failed to dispute the facts set forth in defendants' Rule 56.1 statement, those facts are deemed admitted. See Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.") (citations omitted).

Manuel was prescribed Neurontin beginning in July 1996 for neuropathy and a seizure disorder. See Del Norte Clincs, Inc.: Progress Notes, dated July 3 & 11, 1996 (annexed as Ex. E to Stevens Decl.). Manuel had been "on Social Security disability since 1988." See Plaintiff's Response to Defendant's First Set of Interrogatories, dated Oct. 12, 2006 (annexed as Ex. A to Stevens Decl.) at Resp. to Interrogatory No. 3. Prior to taking Neurontin, Manuel was treated for anxiety, see Del Norte Clinics, Inc.: Progress Notes, dated Jan. 21, 1995 (annexed as Ex. H to Stevens Decl.), and diagnosed as having anxiety depressive disorder, see Medical Records, dated Feb. 8, 1996 (annexed as Ex. G to Stevens Decl.).

In March 2000, Manuel overdosed on his medication. See History & Physical, dated Mar. 18, 2000 (annexed as Ex. D to Stevens Decl.). The medical records noted that Manuel had told "his wife on several occasions that he does not want to live with this severe pain in his legs," although he had "not mentioned in the past that he would consider suicide, [and] if this

3

was a suicide attempt this was his first attempt." See id. at 2. On September 7, 2001, Manuel's doctor referred him to the emergency room because he was concerned that Manuel might have taken too much of his medication. See Emergency Room Report, dated Sept. 7, 2001 (annexed as Ex. I to Stevens Decl.). In June 2002, Manuel attempted suicide by overdosing on OxyContin. See Discharge Summary, dated June 28, 2002 (annexed as Ex. K to Stevens Decl.). At that time, it was reported that he was distressed about the death of his brother. See id. at 2.

On September 30, 2002, Manuel committed suicide by overdosing on his medication. See Autopsy Report, dated Oct. 2, 2002 & Toxicology Report, dated Dec. 5, 2002 (annexed as Ex. N to Stevens Decl.). As late as September 6, 2002, Manuel was taking Paxil, see Medical Records, dated Sept. 6, 2002 (annexed as Ex. P to Stevens Decl.), which contains a warning about a potential increase of suicide behaviors, see Prescribing Information: Paxil (paroxetine hydrchloride) Tablets and Oral Suspension (annexed as Ex. Q to Stevens Decl.).

Plaintiffs claim that defendants in this case had responsibility for "designing, developing, manufacturing, distributing, labeling, advertising, marketing, promoting, and selling" Neurotonin. Complaint ¶ 1. They allege in their various claims for relief that Neurotonin caused or contributed to Manuel's death. See id. ¶¶ 131-32, 140-41, 147, 190-91, 194.

II.   APPLICABLE LAW

   A.   Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure states that summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact "may reasonably be resolved in favor of either party" and thus should be left to the finder of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

When determining whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the nonmoving party. See id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)). Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial,'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original), and "may not rely on conclusory allegations or unsubstantiated speculation." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation marks and citations omitted). In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor . . . ." Anderson, 477 U.S. at 256. Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case." Nebraska v. Wyoming, 507 U.S. 584, 590 (1993) (internal quotation marks, citation, and brackets omitted). Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996); accord Parker v. Sony Pictures Entm't, Inc., 260 F.3d 100, 111 (2d Cir. 2001) ("A defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial. It need only point to an absence of proof on plaintiff's part, and, at that point, plaintiff must designate specific facts showing that there is a genuine issue for trial.") (internal quotation marks and citation omitted); Feurtado v. City of New York, 337 F. Supp. 2d 593, 599-600 (S.D.N.Y. 2004).

5

B.  California Law Concerning Causation

Defendants have cited California law in their brief, and the plaintiff has not disputed the application of California law to this action. In light of the parties' implicit agreement to apply California law, the Court will do so as well. See, e.g., Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 138 (2d Cir. 2000).

As already noted, each of plaintiffs' claims in this case requires a showing that Neurotonin had a role in causing Manuel's death. Under California law, "[c]ausation in toxic tort or pharmaceutical personal injury cases 'is typically discussed in terms of generic and specific causation.'" In re Bextra and Celebrx Mktg. Sales Practices and Prod. Liab. Litig., 524 F. Supp. 2d 1166, 1171-72 (N.D. Cal. 2007) (quoting In re Hanford Nuclear Reservation Litig., 292 F.3d 1124, 1133 (9th Cir. 2002)). Generic causation is "whether the substance at issue had the capacity to cause the harm alleged, while individual causation refers to whether a particular individual suffers from a particular ailment as a result of exposure to a substance. Hanford, 292 F.3d at 1133 (internal quotation marks and citations omitted).

"[I]n a personal injury action causation must be proven within a reasonable medical probability based upon competent expert testimony." Jones v. Ortho Pharm. Corp., 163 Cal. App. 3d 396, 402 (Ca. Ct. App. 1985); accord Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 836 (9th Cir.), cert denied 132 S. Ct. 120 (2011). Expert testimony is generally necessary in medical cases because the issue of causation is too complex for a jury to be able "to use their own common sense and experience." Espinosa v. Little Co. of Mary Hosp., 31 Cal. App. 4th 1304, 1316, n.6 (Cal. Ct. App. 1995) (internal quotation marks and citations omitted); accord Jones, 163 Cal. App. 3d at 403. "Increased risk alone is not actionable." Whiteley v. Phillip Morris Inc., 117 Cal. App. 4th 635, 701 (Cal. Ct. App. 2004).

## III. DISCUSSION

Defendants argue that they are entitled to summary judgment because plaintiffs have failed to identify any medical expert who will testify at trial as to causation. See Mem. of Law at 1-2. Defendants also note the other risk factors present in Manuel's medical history that could have contributed to his suicide. See id. at 7.

Plaintiffs had until January 2, 2012 to identify any experts and to produce any expert reports. See Dec. 8 Order. They have failed to do so. They also failed to respond to defendants' papers and offered no indication as to what proof, if any, they have concerning causation. Without an expert, plaintiffs cannot prove causation "within a reasonable medical probability" as required. Avila, 633 F.3d at 836. Because plaintiffs have failed to identify an expert to establish causation, defendants are entitled to summary judgment. See, e.g., Robinson v. G.D. Searle & Co., 286 F. Supp. 2d 1216, 1221 (N.D. Cal. 2003); Jones, 163 Cal. App. 3d at 403.

## IV. CONCLUSION

For the foregoing reasons, the motion for summary judgment (Docket # 23) should be granted.[1]

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a),

---

[1] The Court will stay the public filing of this Report and Recommendation in the event any party seeks to have portions redacted (that is, blacked out) or sealed. If so, the party should send a letter to the Court within 10 days indicating their views on this point. In the absence of any request for sealing, the Report and Recommendation will be filed without redactions.

Case 1:04-cv-08799-JSR-GWG Document 433 Filed 10/15/12 Page 11 of 11

(b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Jed S. Rakoff, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Rakoff. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: April 10, 2012
      New York, New York

                                                                 GABRIEL W. GORENSTEIN
                                                                 United States Magistrate Judge

Copies mailed to:

Eva Potts
1068 Grand Ave., Apt. A
Olivehurst, CA 95961

Catherine Brand Stevens
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036