# EXHIBIT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
JAMIE FENELON,

        Plaintiff,

        -v-

PFIZER, INC., PARKE-DAVIS, WARNER-
LAMBERT COMPANY, WARNER-LAMBERT
COMPANY, L.L.C.,

        Defendants,
------------------------------------- x

06 Civ. 4136 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.

On April 10, 2012 the Honorable Gabriel W. Gorenstein, United States Magistrate Judge, issued a Report and Recommendation ("Report") in the above-captioned matter recommending that the Court grant the defendants' motion for summary judgment. Neither party has filed any objection to the Report, and, for that reason alone, the parties have waived any right to further appellate review. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010). Accordingly, the Court hereby adopts the Report, and, for the reasons stated therein, grants the defendants' motion for summary judgment. Clerk to enter judgment.  SO ORDERED.

Dated: New York, NY
May 6, 2012

                                    JED S. RAKOFF, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMIE FENELON,                                              :

              Plaintiff,                : 06 Civ. 4136 (JSR) (GWG)

    -v.-                                                   : REPORT AND RECOMMENDATION

PFIZER, INC. et al.,                                        :

              Defendants.               :
------------------------------------------------------------X
**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff, Jamie Fenelon, brings suit as proposed administratrix of the estate of her mother, Beth Moore, under the Pennsylvania Wrongful Death and Survival Act, 42 Pa. C.S.A. §§ 8301 & 8302, against defendants Pfizer Inc., Parke-Davis, Warner-Lambert Company, and Warner-Lambert Company LLC ("the defendants"). Fenelon alleges that Moore's death was a result of her use of the prescription drug Neurontin. Defendants have moved for summary judgment.

I.    BACKGROUND

    A.    Procedural History

Fenelon commenced this action against the defendants through a complaint filed May 31, 2006. See Complaint, filed May 31, 2006 (Docket # 1) ("Compl."). On September 11, 2006, this action was transferred to the United States District Court for the District of Massachusetts for pretrial proceedings pursuant to 28 U.S.C. § 1407. On May 6, 2011, a Conditional Remand Order was issued stating that the pretrial proceedings had concluded and that remand to the Southern District was appropriate under 28 U.S.C. § 1407(a). See Conditional Remand Order, filed May 24, 2011 (Docket # 7).

On September 21, 2011, Fenelon's former counsel filed notice that it had previously moved for, and been granted, leave to withdraw as counsel for Fenelon. See Notice that Finkelstein & Partners, LLP Has Been Granted Leave to Withdraw as Counsel for Plaintiff Jamie Fenelon, filed Sept. 21, 2011 (Docket # 11). According, Fenelon is proceeding pro se.

On December 8, 2011, this Court issued a scheduling order. See Order, filed Dec. 8, 2011 (Docket # 17) ("Dec. 8 Order"). The Order gave Fenelon until January 2, 2012 to disclose the identities and reports of experts, as required by Federal Rule of Civil Procedure 26(a)(2)(A) and (B). Id. ¶ 2. Discovery closed on February 29, 2012. Id. ¶ 3.

Defendants now move for summary judgment. See Defendants' Notice of Motion for Summary Judgment or, Alternatively, to Dismiss for Failure to Prosecute, filed Jan. 26, 2012 (Docket # 24); Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment or, Alternatively, to Dismiss for Failure to Prosecute, filed Jan. 26, 2012 (Docket # 25) ("Def. Mem. of Law"); Defendants' Statement of Material Facts in Support of Their Motion for Summary Judgment or, Alternatively, to Dismiss for Failure to Prosecute, filed Jan. 26, 2012 (Docket # 26); Declaration of Catherine B. Stevens in Support of Defendants' Motion for Summary Judgment or, Alternatively, to Dismiss for Failure to Prosecute, filed Jan. 26, 2012 (Docket # 27) ("Stevens Decl."); Notice to Pro Se Litigant Who Opposes Summary Judgment, filed Feb. 27, 2012 (Docket # 30). Defendants' papers were filed under seal in accordance with a protective order that was put in place in the multidistrict litigation and adopted by this Court. See Endorsed Letter, filed Jan. 13, 2012 (Docket # 19). Fenelon submitted an affirmation in response to defendants' motion. See Plaintiff's Affirmation in Opposition to Defendant's Motion for Summary Judgment, filed Feb. 17, 2012 (Docket # 29) ("Pl. Affirm.").

B.  Facts

2

The Court notes that the document Fenelon filed in opposition to the defendants' summary judgment motion did not conform to Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1). Local Rule 56.1 requires a party opposing summary judgment to respond to the movant's statement of undisputed facts by submitting responses that cite to admissible evidence. Local Rule 56.1(b), (d). Here, Fenelon submitted a sworn statement but did not respond to much of defendants' Rule 56.1 statement. Therefore, all uncontested facts asserted in defendants' 56.1 statement are deemed admitted pursuant to Local Civil Rule 56.1(c). See Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.") (citations omitted).

Moore was prescribed Neurontin beginning in August 1998 for pain treatment. See Medical Records: Beth Moore, dated Aug. 28, 1998 (annexed as Ex. B to Stevens Decl.). Prior to taking Neurontin, Moore's physicians indicated that she suffered from chronic depression. See Medical Records: Beth Moore, dated May 19, 1994 (annexed as Ex. I to Stevens Decl.). Her medical records also show a history of various social problems. See Friends Hospital Records, dated Nov. 25, 2003 (annexed as Ex. L to Stevens Decl.) at 5, 7-9.

In June 1995, Moore was hospitalized for a suicide attempt that involved an overdose of pills. See Deposition of George L. Danielewski, M.D., dated July 19, 2007 (annexed as Ex. C to Stevens Decl.) at 75-76. A 2002 record said that Moore had a "history of multiple high lethality suicide attempts." See Friends Hospital Records, dated Apr. 6, 2002 (annexed as Ex. P to Stevens Decl.). On June 3 or 4, 2004, Moore committed suicide by shooting herself. See City of Philadelphia: Office of the Medical Examiner: Investigation Report, dated June 5, 2004

3

(annexed as Ex. U to Stevens Decl.). A toxicology report was conducted which found the presence of several drugs in Moore's urine. See Toxicology Report, dated July 23, 2004 (annexed as Ex. V to Stevens Decl.). Among the drugs found in Moore's urine were doxepin, mirtazapine, and topiramate. Id. All of these drugs contain warnings about a potential increase of suicidal behaviors. See Product Labels for Remeron (mirtazapine) Tablets; Sinequan (doxepin HCI) Capsules Oral Concentrate; Topamax (topiramte) (annexed as Ex. W to Stevens Decl.).

Fenelon claims that defendants in this case had responsibility for "designing, developing, manufacturing, distributing, labeling, advertising, marketing, promoting, and selling" Neurontin. Compl. ¶ 1. She alleges in her various claims for relief that Neurontin caused or contributed to Moore's death and injuries. See id. ¶¶ 131-32, 141, 147, 217, 221, 224.

## II. APPLICABLE LAW

### A. Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure states that summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact "may reasonably be resolved in favor of either party" and thus should be left to the finder of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

When determining whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the nonmoving party. See id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)). Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, the nonmoving party "must come forward with specific

4

facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted) (emphasis in original), and "may not rely on conclusory allegations or unsubstantiated speculation." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation marks and citations omitted). In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor . . . ." Anderson, 477 U.S. at 256. Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case." Nebraska v. Wyoming, 507 U.S. 584, 590 (1993) (internal quotation marks, citation, and brackets omitted). Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996); accord Parker v. Sony Pictures Entm't, Inc., 260 F.3d 100, 111 (2d Cir. 2001) ("A defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial. It need only point to an absence of proof on plaintiff's part, and, at that point, plaintiff must designate specific facts showing that there is a genuine issue for trial.") (internal quotation marks and citation omitted); Feurtado v. City of New York, 337 F. Supp. 2d 593, 599-600 (S.D.N.Y. 2004).

B.  Pennsylvania Law Concerning Causation

Defendants have cited Pennsylvania law in their brief, and the plaintiff has not disputed the application of Pennsylvania law to this action. In light of the parties' implicit agreement to apply Pennsylvania law, the Court will do so as well. See, e.g., Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 138 (2d Cir. 2000).

5

Each of Fenelon's claims in this case requires a showing that Neurontin had a role in causing Moore's death. "Absent a causal relationship between the defendant's product and the plaintiff's injury [a] defendant cannot be held liable on a theory of negligence, strict product liability, or misrepresentation." Soldo v. Sandoz Pharms. Corp., 244 F. Supp. 2d 434, 524 (W.D. Pa. 2003) (citing cases). To meet the causation burden in a tort case involving a drug, a plaintiff must first show that the drug is capable of causing the complained of injury, and also must establish that the drug actually caused the injury in her case. See id. at 524-25; accord In re Toxic Substance Cases, 2006 WL 2404008, at *9 (Pa. Com. Pl. Aug. 17, 2006) ("It is black-letter law in Pennsylvania that causation in a product liability case requires actual causation and injury, not simply the increase of risk of injury to the plaintiff.").

The factual relationship between the act and the injury may be "sufficiently obscure that laymen are unable to make a reasonable determination as to its existence, [and] expert guidance is necessary." Dornon v. Johnston, 421 Pa. 58, 60 (1966); accord Montgomery v. Bazaz-Sehgal, 568 Pa. 574, 587 (2002). "The only exception to the expert witness rule is where the matter under investigation is so simple . . . as to be within the range of ordinary experience and comprehension of even nonprofessional persons." Nagy v. Ostfeld, 1996 WL 46222, at *3 (E.D. Pa. Jan. 29, 1996) (internal quotation marks and citations omitted).

III. DISCUSSION

Defendants argue that they are entitled to summary judgment for three reasons. First, they argue that Fenelon has failed to identify any experts who will testify at trial as to causation. See Def. Mem. of Law at 1. Second, they argue that because the toxicology report did not find Neurontin in Moore's system at the time of her death, Fenelon cannot show that Moore took Neurontin in the time period preceding her death. Id. at 2. Third, they argue that Fenelon cannot

6

proceed pro se on behalf of Moore's estate because she has not been appointed the administrator of the estate. See id. Because we find that the defendants are entitled to summary judgment on their first argument, it is unnecessary to reach the other two arguments.

Fenelon had until January 2, 2012 to identify any experts and to produce any expert reports. See Dec. 8 Order. She has failed to do so. Fenelon does not dispute that she has failed to provide an expert. She merely states that the "physician [she] had contacted to be the expert witness in this case is unable to travel to New York . . . [and she] was unable to find an expert witness in New York who had specialized knowledge with the medication Neurontin." Fenelon Affirm. ¶ 3. She offered no indication as to what proof, if any, she has concerning causation. Without an expert, Fenelon cannot prove that Neurontin was the cause of Moore's death because this is not an issue that is "so simple . . . as to be within the range of ordinary experience and comprehension of even nonprofessional persons." Nagy, 1996 WL 46222, at *3; accord Dornon, 421 Pa. at 60. Because Fenelon has failed to submit expert testimony that establishes causation, defendants are entitled to summary judgment. See, e.g., Kemmerer v. State Farm Ins. Co.'s, 2004 WL 87017, at *3 (E.D. Pa. 2004); Nagy, 1996 WL 46222, at *3.

IV. CONCLUSION

For the foregoing reasons, the motion for summary judgment (Docket # 24) should be granted.[1]

---

[1] The Court will stay the public filing of this Report and Recommendation in the event any party seeks to have portions redacted (that is, blacked out) or sealed. If so, the party should send a letter to the Court within 10 days indicating their views on this point. In the absence of any request for sealing, the Report and Recommendation will be filed without redactions.

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Jed S. Rakoff, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Rakoff. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: April 10, 2012
       New York, New York

                                       GABRIEL W. GORENSTEIN
                                       United States Magistrate Judge

Copies mailed to:

Jamie Meyers-Fenelon
3064 E. Street
Philadelphia, PA 19134

Catherine Brand Stevens
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

8