**EXHIBIT J**



# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| CYNTHIA ULETT LYNCH, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil No. W-07-CA-169 |
| § | |
| PFIZER, INC., et al., § | |
| Defendants. § | |

## ORDER

Plaintiff originally filed this action in the 169th Judicial District Court of Bell County, Texas on April 5, 2007. Defendants removed the case to this Court based upon diversity of citizenship. Plaintiff sues Defendants under a theory of product liability based upon her alleged ingestion of two separate drugs: Bextra and Neurontin. Both drugs became the subject of multi-district litigation and Plaintiff's suit was transferred. The Neurontin claims were sent to the United States District Court for the District of Massachusetts (MDL-1629), and the Bextra claims were sent to the United States District Court for the Northern District of California (MDL-1699). Plaintiff's Bextra claims were eventually dismissed by the California court for failure to cooperate with discovery. Her requests to reinstate her case were denied by the California court and this Court. A subsequent product liability action she filed based upon ingestion of Bextra was dismissed as frivolous. *See Cynthia Ulett Lynch v. Pfizer, Inc., et al.*, W-10-CV-218. Her Neurontin claims have been remanded, and Defendants have now moved for summary judgment.

Plaintiff was advised that failing to respond to the motion for summary judgment would result in judgment being entered in favor of Defendants, and that she should present whatever summary judgment proof exists, such as deposition transcripts or affidavits, which support her allegations and/or refute the Defendants' legal arguments. Plaintiff has responded to Defendants' motion with supporting exhibits. Defendant has filed a reply brief, and Plaintiff has filed an additional reply. Having considered the parties' briefs and summary judgment proof, as well as the applicable legal authority, the Court is persuaded Defendants' motion is meritorious and should be granted.

## II. SUMMARY JUDGMENT

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A disputed material fact is genuine if the evidence is such that a jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). The initial burden to demonstrate the absence of a genuine issue concerning any material fact is on the moving party. *Celotex v. Catrett*, 477 U.S. 317, 325 (1986). This burden can be satisfied by pointing out to the district court that there is an absence of evidence to support an essential element of the non-moving party's case. *Id.* Upon such a showing, the burden shifts to the non-moving party to establish that there is

2

a genuine issue. *Id.* at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

## III. DISCUSSION

In order to establish a claim such as Plaintiff's, that she was injured as a result of a failure to warn of possible side effects of a medication, she must show that the failure to warn caused her injury. *Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 378 (5th Cir. 2010).

> Causation has two levels, general and specific, and a plaintiff must prove both. "General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury." Sequence matters: a plaintiff must establish general causation before moving to specific causation. without the predicate proof of general causation, the tort claim fails.

*Id.*, 378-379 (footnotes omitted). Plaintiff has failed to prove either general or specific causation as she has not designated an expert witness as required in this type of case. Ordinarily in a product liability action, "expert testimony is needed to satisfy the reasonable medical probability standard for establishing a causal link" between the product at issue and the plaintiffs' injuries. *Anderson v. Siemens Corp.*, 335 F.3d 466, 474 (5th Cir. 2003).

3

In the present case, Plaintiff has failed to offer any expert testimony in support of her claims, or to even identify an expert who is willing to testify on her behalf. While she presents some e-mail communications with a Gene DeBlasio, M.D. there is nothing to indicate that Dr. DeBlasio has agreed to act as an expert on her behalf or that he has any opinion whatsoever regarding the link between Neurontin and any alleged injuries. In light of the foregoing, it is

**ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**. It is further

**ORDERED** that any motions not previously ruled upon by the Court are **DENIED**.

**SIGNED** this 14th day of May, 2012.

_____
WALTER S. SMITH, JR.
United States District Judge

4