UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------X
In re: NEURONTIN MARKETING,              : MDL Docket No. 1629
       SALES PRACTICES, AND              :
       PRODUCTS LIABILITY LITIGATION     : Master File No. 04-10981
                                         :
------------------------------------------------------------X Judge Patti B. Saris
                                         :
THIS DOCUMENT RELATES TO:                : Magistrate Judge Leo T. Sorokin
                                         :
UNREPRESENTED PLAINTIFFS                 :
------------------------------------------------------------X

PRODUCT LIABILITY PLAINTIFFS CASE MANAGEMENT PROPOSAL
FOR UNREPRESENTED PLAINTIFFS
PERTAINS TO ECF DOCKET NUMBERS ____, 4033, 4034

To the Honorable Court:

Product Liability Plaintiffs Steering Committee (hereafter "PSC"), respectfully objects to the Proposed Case Management Order submitted by Defendants, ECF Docket Numbers 4033, 4034, as same are not appropriate for resolution of the product liability claims pending by unrepresented plaintiffs herein. In support hereof, the PSC states the following:

1. The PSC does not take on the role of representation of any of the unrepresented plaintiffs; this response is in the nature of *amicus curiae*.

2. The PSC respectfully proposed that the Court either:

   a. Enter a Suggestion of Remand Order for all now *pro-se* plaintiffs as it did with the original *pro se* plaintiffs or
   b. Require as a pre-condition to a Suggestion of Remand Order for each *pro se* plaintiff that she or he certify a renewed intention to proceed on remand after each plaintiff both conducts a review of pertinent medical records and acknowledges that proceeding in the transferor court will require case specific expert evidence in accordance with the law of the transferor court's jurisdictions.

3. In 2007, in this litigation, the Defendants sought a *Lone Pine* Order to compel each plaintiff to produce, *inter alia*, a case-specific expert report. See ECF Docket Number 908. Plaintiffs opposed this motion and it was never granted.

1

4. In lieu of such an order, the Court directed each plaintiff, presumably including those who now are unrepresented plaintiffs, to certify their capacity and intention to proceed. See ECF Docket Number 949, Paragraph 5. Plaintiffs, presumably through then-counsel, complied with this order.

5. On April 19, 2011, the Court entered a Suggestion of Remand Order for all then-unrepresented plaintiffs. See ECF Docket Number 3416. Those *pro se* plaintiffs were not obligated to submit case-specific expert causation reports or to otherwise submit for pre-remand depositions.

6. To order now-*pro se* plaintiffs to produce case-specific expert witness causation reports in the MDL rather than in their transferor courts would impose on them conditions that the Court has previously rejected and would put them in a worse position than the *pro se* plaintiffs who were never represented and whose cases were remanded.

While undoubtedly some summary judgments were granted against certain of the *pro se* plaintiffs whose cases were remanded to transferor courts, at least some of the *pro se* plaintiffs, such as Ms. Teresa Teater, Cause Number 05-12123, District of Oregon, Case Number 3:05-cv-00604-HU obtained counsel on remand and are proceeding.

7. Accordingly, the PSC respectfully submits that disposition of the now-unrepresented plaintiffs in this MDL proceed as set out above.

Dated: October 19, 2012            Respectfully submitted,

*Members of Products Liability*
*Plaintiffs' Steering Committee*

By:    /s/ **Andrew G. Finkelstein**
       Andrew G. Finkelstein, Esquire
       Finkelstein & Partners, LLP
       1279 Route 300, P.O. Box 1111
       Newburgh, NY 12551

By:    /s/ **Jack W. London**
       Jack W. London, Esquire
       Law Offices of Jack W. London
          & Associates
       3701 Bee Cave Rd., Suite 200
       Austin, TX 78746

2