UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES ) | MDL DOCKET NO. 1629 |
| PRACTICES, AND PRODUCTS LIABILITY ) | Master File No. 04-10981 |
| LITIGATION ) | |
| _____ ) | |
| THIS ORDER RELATES TO: ) | Judge Patti B. Saris |
| ) | Mag. Judge Leo T. Sorokin |
| GLORIA TELLES, Individually and as Next ) | |
| Friend of JACOB TELLES, a Minor ) | |

### PLAINTIFFS' RESPONSE TO DEFENDANT'S
### MOTION TO DISMISS

Comes now the Plaintiffs who file this their response to the Defendant's Motion to Dismiss and would show the court as follows:

### FACTS

1.1   The Plaintiffs are part of a multi district litigation that was established and assigned to this Court on October 21, 2004.

1.2   The reason for the transfer was to consolidate commercial class action in which "All actions are purported class actors involving allegations that common defendants have engaged in illegal promotion and sale of the drug. Neurontin for "off label" use."

1.3   Plaintiffs case was transferred by court order from the Western District of Texas to this Honorable Court.

2.1   The Plaintiffs petition attached as Exhibit "A" did not fit the MDL pattern. The case concerns a child with seizures who was prescribed Neurontin in a inadequate dose in a partially filled capsule. It is not a suicide, suicide attempt or a death case. (See attached Exhibit "B").

2.2     Plaintiffs were sent discovery which was timely answered (see attached Exhibit "C").

2.3     Defendants did not complain about the Plaintiffs' discovery answers as they obviously had nothing to do with the MDL.

2.4     Defendants were informed that this case should be transferred back to the Western District of Texas.

## ARGUMENT

3.1     As can be readily seen, the Plaintiffs' case has nothing to do with suicide or attempted suicide and as such, is outside the parameters of the MDL for off label use of Neurontin.

3.2     Pursuant to 28 U.S.C. 1407( c), the Court may transfer this matter as appropriate. The Plaintiffs have filed a motion to remand the case to the Western District of Texas.

3.3     Pursuant to 28 U.S.C. 1407(a), this case must be remanded to the Western District of Texas for trial. *Lexecon Inc. v. Milberg Weiss Bershad Hynes and Lerach*, 523 U.S. 26 (1998).

3.4     This case is the exception to the general litigation involving Neurontin since there are no common questions of law and discovery and did not need to be coordinated or consolidated with the other Neurontin cases. 28 U.S.C. §1407(a), and see In re *Swine Flu. Inmun. Prods. Liab. Litig.*, 446 F.Supp. 244 (JP MDL 1978).

3.5     There is no legal or justiciable reason to dismiss the case of the Plaintiffs. They have complied with all the orders of the Court even if they did not belong in the MDL in the first place.

## PRAYER

The Plaintiffs case does not belong in this MDL. It did not belong in the mediation and needs to be transferred for trial to the Court from which it came.

Respectfully submitted,

**MIRANDA & BOYAKI**
Attorneys at Law
4621 Pershing Drive
El Paso, Texas  79903
Tel.:  (915) 566-8688
Fax :  (915) 566-5906

By:      /s/ Walter L. Boyaki
**WALTER L. BOYAKI**
Attorney for Plaintiffs
State Bar No. 02759500

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served upon counsel of record by using the CM/EFC system on November 16, 2012.

/s/ Walter L. Boyaki
**WALTER L. BOYAKI**