

**IN THE DISTRICT COURT OF EL PASO COUNTY TEXAS.**
**346th JUDICIAL DISTRICT**

| | |
|---|---|
| GLORIA TELLES, Individually and as )( | |
| Next Friend of JACOB TELLES, )( | |
| a minor, )( | |
| )( | |
| Plaintiff, )( | |
| )( | |
| v. )( | No. 2007-1578 |
| )( | |
| PFIZER, INC., )( | |
| )( | |
| Defendant. )( | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, GLORIA TELLES, Individually and as Next Friend of JACOB TELLES,

a minor, complains of Defendant, PFIZER, INC., as follows:

This is a Level II discovery case.

### FIRST CAUSE OF ACTION

For a first cause of action, Plaintiff alleges as follows:

I.

At all times relevant to this action, Plaintiff GLORIA TELLES, Individually and as

Next Friend of JACOB TELLES, a minor, resided in El Paso County, Texas.

Defendant PFIZER, INC., is an out of state foreign corporation lawfully doing business

in the State of Texas. The Defendant manufactures drugs and pharmaceuticals for sale to retail

dealers, in this case Wal-Mart. Defendant PFIZER, INC., can be served by serving its

registered agent CT Corporation Systems, 350 St. Paul Street, Dallas, Texas 75201.

**II.**

On or about March 30, 2005, Plaintiff GLORIA TELLES obtained a prescription from her physician, Dr. Jagdist Patel, of El Paso, Texas, who is duly licensed to practice medicine in the State of Texas. The prescription was for a certain drug known as Neurontin. The prescription was refillable. Plaintiff had filled the prescription at the Wal-Mart pharmacy numerous times in the past.

**III.**

The person who filled the prescription was a licensed pharmacist or based on drugs supplied by one of Defendant corporation's agents, servants, or employees, who was at all times relevant to this action acting within the course and scope of their employment.

**IV.**

The prescription was so negligently and carelessly filled that the container contained a totally wrong dosage of medication from that prescribed.

**V.**

Plaintiff GLORIA TELLES used the medicine on her son JACOB TELLES, a minor, furnished by Defendant according to the instructions given Plaintiff by Jacob Telles' physician. At all times material to this petition, Plaintiff GLORIA TELLES exercised due care in the use of the medication.

**VI.**

As a direct and proximate result of Defendant's actions, the minor Plaintiff JACOB TELLES suffered serious and permanent personal injuries, has incurred and will continue to incur medical and hospital expenses, great pain of body and mind, has and will be unable to

pursue his usual daily activity, impairing his ability.

## VII.

Defendant negligently and carelessly or in a grossly negligent fashion filled Plaintiff's prescription. Defendant was negligent in that it negligently and carelessly, inter alia: (a) shorted the prescription; (b) gave Plaintiff the wrong prescription; ( c ) labeled or failed to properly warn Plaintiff of the harmful side effects of taking the medication that Plaintiff was given. As a direct and proximate result of Defendant's negligence, Plaintiffs have been injured as set forth above.

## VIII.

As a result of the above-described acts of the Defendant, Plaintiffs have suffered damages in an amount within the jurisdictional limits of this court.

### SECOND CAUSE OF ACTION (Breach of Implied Warranty)

For a second cause of action, Plaintiff realleges and incorporates by reference paragraphs I through IX, inclusive, of the First Cause of Action and further alleges:

## IX.

Defendant is regularly engaged in the business of manufacturing, advertising, selling, mixing, compounding, and prescribing prescription medicines.

## X.

By the nature of the prescriptions filled for Plaintiff JACOB TELLES in the past, Defendant and its agents, servants, and employees knew, or in the exercise of due care should have known that Plaintiff JACOB TELLES suffers from seizures and that Plaintiff regularly has a prescription for anti seizure medication filled at a pharmacy.



## XI.

At all time material to this petition, Defendant impliedly warranted to Plaintiffs that the medication which was sold to Plaintiffs was safe, merchantable, would conform to the label, was adequately contained, packaged and labeled, and was fit for the ordinary purposes for which it was intended.

## XII.

Plaintiffs relied upon this implied warranty of merchantability in making the purchase and in taking the drug. Plaintiffs used the product as directed.

## XIII.

Defendant breached this implied warranty of merchantability by delivering to Plaintiff drugs that were not of the type stated on the label to their container.

## XIV.

Written notice of breach the implied warranty was given to Defendant on November 17, 2007.

## XV.

As a direct and proximate result of this breach, Plaintiffs GLORIA TELLES and JACOB TELLES have been damaged as set forth above.

### THIRD CAUSE OF ACTION (Breach of Express Warranty)

For a third cause of action, Plaintiff realleges and incorporates by reference paragraphs I through XIII, inclusive, of the First and Second Causes of Action, and further alleges:

## XVI.

Plaintiff relied upon the skill and judgment of the pharmacist, Wal-Mart, to correctly

fill the prescription of Plaintiff JACOB TELLES' physician.

## XVII.

Immediately before selling the medication to Plaintiff, Defendant and its agents and employees placed a label on the medication indicating that the bottle contained "Neurontin," and that this was the medication prescribed by Plaintiff's physician.

## XVIII.

The label placed on the container, and the oral and written instructions and directions given to Plaintiff by Defendant created an express warranty to Plaintiff that the medication was in fact "Neurontin," that it was the medication prescribed by Plaintiff's physician, and that the medication was safe and fit for the uses prescribed by the physician.

## XIX.

Defendant and its agents and employees breached this warranty by giving to Plaintiff a medication other than the medication prescribed. The medication Plaintiff received did not comply with Defendant's express warranty, was unsafe, unfit for the uses it was intended, not merchantable, or unfit for any use by the Plaintiffs.

## XX.

As a direct and proximate result of this breach of warranty, Plaintiffs have been injured as set forth in this petition.

### FOURTH CAUSE OF ACTION (DTPA Violation)

For a fourth cause of action, Plaintiff realleges and incorporates by reference paragraphs I through XX, inclusive, of the Second, and Third Causes of Action, and further alleges as follows:

### XXI.

Plaintiffs are "consumer" as defined in the DTPA as to Defendants because they sought or acquired goods or services by lease or purchase in the above described transaction on which Plaintiff's claim is based.

### XXII.

More than 60 days before filing this action, Plaintiff delivered to Defendant a demand letter detailing her claim for damages, including the amount of their claim.  All conditions precedent to Plaintiffs' recovery in this action have been performed or have occurred.

### XXIII.

The Defendant failed to tender payment or present an adequate offer to settlement in writing in response to Plaintiffs' demand letter within the 60 day period after the Defendant received demand letter.

### XXIV.

Defendant knowingly breached an express or implied warranty so as to be a producing causes of damages to Plaintiffs.

### XXV.

As a result of Defendant's conduct, Plaintiffs have been injured in that they caused severe seizures to JACOB TELLES' brain which caused severe damage and pain and suffering as set out above.

### XXVI.

To pursue her claim against Defendant, Plaintiffs have had to retain Miranda & Boyaki, as their attorneys and has agreed to pay that law firm reasonable fees for their services in

maintaining Plaintiffs' claim until final judgment on the claim.  Plaintiffs are entitled to recover those fees from Defendant under Business & Commerce Code section 17.50(d).

Plaintiff GLORIA TELLES has complied with the provisions of Section 4.01(a) of Article 4590(I) V.A.C.S. and has sent notice of her claim to Defendant.

## CLAIM FOR RELIEF

Plaintiffs request that Defendant be cited to appear and answer, and that on final hearing, Plaintiffs have:

1.    Actual damages in an amount within the jurisdictional limits of this court.

2.    Automatic doubling of the first $1000 of actual damages.

3.    Trebling of all actual damages in excess of $1000 under Business & Commerce Code section 17.50(b)(1).

4.    Attorney fees through entry of final judgment in this action.

5.    Prejudgment interest at the legal rate on all non-liquidated damages and postjudgment interest at the legal rate after entry of judgment.

6.    Costs of this suit.

7.    Such other relief as the court finds proper.

Respectfully submitted,

**MIRANDA & BOYAKI**
Attorneys at Law
4621 Pershing Drive
El Paso, Texas  79903
Tel.:  (915) 566-8688
Fax :  (915) 566-5906

By: _____

WALTER L. BOYAKI
Attorney for Plaintiff
State Bar No. 02759500



**WAL★MART**
**PHARMACY**

Pharmacy

**702 Southwest 8th Street**
**Bentonville, AR 72716-0911**

Parents/Guardians of:
Jacob Telles                                             March 7, 2005
9169 Morelia Rd
El Paso, TX 79907-3249
|||..||.||.|.||.||..|..|.||..|.||..|.||.||.||.||..||.|..||.|.|        0151

---

Dear Parents/Guardians of Jacob Telles:

**Re: Urgent Drug Recall**

We are writing to inform you that Pfizer Inc. recently announced a recall of Neurontin®
(gabapentin) 100 mg capsules. This recall was based upon a mechanical failure during the
manufacturing process of Neurontin, potentially resulting in partially filled or empty capsules. Serious
adverse health consequences may occur from dose(s) of this medication that may be affected.

Our records indicate that your child is currently taking, or has in the past taken, this medication.
**If your child is currently taking Neurontin 100 mg capsules, or has a supply on hand,
you should contact us immediately at Wal-Mart Pharmacy to return this product to
the pharmacy and to be provided with a replacement product.**

As always, we are here to answer any questions you may have about all your medications.

Thank you for choosing Wal-Mart Pharmacy.

Sincerely,

Edward French, Pharmacist
10727 Gateway Blvd West
El Paso, TX 79935
(915) 593-3164

For more information about this recall, you can also contact Pfizer, Inc. at 1-800-438-1985.

212-573-1911

WMP02.LDE P01

Ex "B"