UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :         MDL Docket No. 1629

In re:  NEURONTIN MARKETING,
SALES PRACTICES AND PRODUCTS            :         Master File No. 04-10981
LIABILITY LITIGATION
                                                    :         Judge Patti B. Saris

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :

THIS DOCUMENT RELATES TO                         Magistrate Judge Leo T.
                                                    :
GLORIA TELLES, Individually and as Next          Sorokin
Friend of JACOB TELLES, a Minor,                 :

                                                    :

                                                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFF'S RESPONSE TO DEFENDANTS'
## FIRST SET OF INTERROGATORIES

Set forth below is Defendants' Template First Interrogatories, Products Liability Plaintiffs' corresponding objections, Magistrate Leo T. Sorokin's directives  set forth in Discovery Order No. 2 dated June 19, 2006, pertaining thereto, and Individual Plaintiff's responses.

**INTERROGATORY NO. 1:**
Please state each Plaintiff's date of birth, present address, social security number, full name and any other names that he/she has used or was known by, including the inclusive dates during which he or she was known by such other names, and if married at any time, for each marriage state the name and address of each Plaintiff's spouse, the date and place of the marriage, the date, place and manner of the termination of the marriage including the name and location of the Court entering the divorce (if applicable), and the name, sex and birth date of each child from the marriage.  If any Plaintiff has a child(ren) outside of marriage or through adoption, please also state the name, sex and birth date of each child(ren).

**RESPONSE:**

Jacob Telles,  DOB: 4-1-97;  SSN: 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
Original Name: Fabian Barraza, name changed 1998
9169 Morelia Rd., El Paso, Texas 79907

Ex "C"

**INTERROGATORY NO. 2:**
    Please list in chronological order all residences at which each Plaintiff lived for a period of more than thirty (30) days, including the date each residency was commenced and terminated and any individuals with whom he or she resided at such address(es) and the relationship to the Plaintiff.

**RESPONSE :**

9169 Morelia Rd., El Paso, Texas 79907

**INTERROGATORY NO. 3:**
Identify the name and address of each of Plaintiff's employers for the twenty years preceding commencement of this suit, the inclusive dates of each, the nature of his or her work with each employer, and the reason for the termination of the employment.  Also identify Plaintiff's supervisors, bosses, co-workers and any other employees that he worked closely with for each of his prior places of employment.

**RESPONSE:**

    None.

**INTERROGATORY NO. 4:**
    Please identify the ten persons that Plaintiff was closest to over the last ten years of his/her life, including but not limited to, siblings, boyfriends/girlfriends, roommates, etc. and include the relevant time period involved and the nature of the relationship with these individuals.

**RESPONSE:**

    His parents, Gloria and David Telles.

**INTERROGATORY NO. 5:**
    Please state what Plaintiff liked to do in his/her spare time and identify, including dates of membership, all social, fraternal, religious, business and/or service organizations to which he/she has ever belonged.

**RESPONSE:**

    The minor Plaintiff is brain damaged. He likes to listen to music.

**INTERROGATORY NO. 6:**
    Please state whether Plaintiff ever consumed alcoholic beverages, and if so the amount, frequency and type of beverage consumed, and state whether Plaintiff ever took any illegal drugs ("street drugs") and/or prescriptions drugs that were not originally prescribed to him/her, and if so, state the name of the prescription or the drug and the dosage and the frequency of his/her use and if Plaintiff ever sought any type of treatment or counseling for any issue related to his

alcohol use or his/her use of prescription or illegal drugs, identify the health-care professional involved, the nature of the treatment, the dates of the treatment, the location of the treatment and the outcome of the treatment.

**RESPONSE :**

N/A.

**INTERROGATORY NO. 7:**
Identify each person known to Plaintiff or Plaintiff's counsel who has knowledge of any facts relevant to this case, specifying as to each person the nature and extent of the personal knowledge that you claim they have concerning the facts of this case.

**RESPONSE:**

Plaintiffs' parents Gloria and David Telles.

Robert C. Woody, M.D.
2900 Hillrise
Las Cruces, NM 88001

Rodolfo Fierro Stevens, M.D.
1400 North El Paso Street
El Paso, Texas 79902

Jagdish Patel, M.D.
11026 Vista Del Sol
El Paso, Texas 79935

**INTERROGATORY NO. 8:**
Identify and list all bank, savings or credit union accounts that were maintained by Plaintiff, or upon which he/she had power to draw, during the five years prior to his/her suicide attempt or death, listing with respect to each such account: the identity of the institution where the account is/was maintained and the account number; the name(s) in which it is/was maintained; the inclusive dates said account was maintained; and the identity of the person who has (or last had) possession of any of the statements and/or canceled checks relating to said account.

**RESPONSE:**

N/A.

**INTERROGATORY NO. 9:**
Please list any and all debts owed by or on behalf of Plaintiff at the time of his suicide attempt or death, and for each such debt, state the amount, date incurred, creditor and identity of any document relating to any such debt.

**RESPONSE:**

N/A.

**INTERROGATORY NO. 10:**
If at any time Plaintiff ever consulted a psychiatrist, psychologist, therapist, counselor, or other mental health professional of any sort, including but not limited to, an individual with a social work degree, school counselors, counselors at work, counselors at church, etc., or if Plaintiff underwent psychiatric or psychological examination or treatment of any kind, please state the name, address and specialty of the person performing the consultation or treatment, the name and location of the facility where it took place, the nature of the therapy received and the dates the therapy was received.

**RESPONSE:**

N/A.

**INTERROGATORY NO. 11:**
Please describe any instances of psychiatric or mental illness, suicide, attempted suicide, homicide or other violent behavior by Plaintiff or any of Plaintiff's family members including, but not limited to, his parents, siblings, grandparents, aunts, uncles, and cousins and, for each such instance, identify the person; the person's relationship to Plaintiff; the nature of the person's illness or behavior and identify the individuals that might have knowledge of these incidents.

**RESPONSE:**

None.

**INTERROGATORY NO. 12:**
Identify every health-care professional or facility that provided any type of consultation or care whatsoever to Plaintiff (whether mental or physical) over the last twenty years and identify the location where such consultation and/or treatment was rendered. Also state whether Plaintiff at any time was treated in any manner or suffered any illness, disease, injury, condition or affliction (either medical or psychiatric). If so, state for each such illness, injury, disease, or affliction, the name of the illness, injury, disease or affliction; the date and circumstances of each such injury, illness, disease, or affliction; the name and address of each physician, surgeon, nurse, or other person who attended or treated him/her; the dates of such treatment; the name and address of each hospital or clinic where he/she was confined, treated or examined; the dates he/she was confined, treated, or examined in each such hospital or clinic; and names and addresses of witnesses with knowledge of any of the above and the treatment rendered.

**RESPONSE:**

> Robert C. Woody, M.D.
> 2900 Hillrise
> Las Cruces, NM 88001
>
> Rodolfo Fierro Stevens, M.D.
> 1400 North El Paso Street
> El Paso, Texas 79902
>
> Jagdish Patel, M.D.
> 11026 Vista Del Sol
> El Paso, Texas 79935

**INTERROGATORY NO. 13:**
State whether Plaintiff was ever charged with, or convicted of committing any violation of any criminal or juvenile law, code, or statute and for each state the nature of each such offense, the name of the court in which each such matter or proceeding was filed or prosecuted, each judgment or plea entered in connection with each such offense, the sentence or other punishment imposed for each such offense, the name and address of each institution in which Plaintiff was confined or referred for treatment or counseling in connection with each such offense, and/or the name and the last known address of any probation, parole, or juvenile officer assigned to any such case.

**RESPONSE:**

> N/A.

**INTERROGATORY NO. 14:**
State the name and addresses of witnesses with knowledge of any and all medications (whether prescription or not) or drugs (whether prescription or not) which Plaintiff took orally, by injection, through ingestion, by suppository or by external application at any time during a twenty-year period prior to his/her death. For each prescription, please also state the name of the prescribing health-care professional, the name of the prescription, the prescription dosage, each date that the prescription was prescribed, where the prescription was filled, the reason for the prescription and whether it was effective at treating the condition for which it was prescribed.

**RESPONSE :**

> Son in law Jesus Lara and my daughter Natalie Lara
> 1301 Thunder Bolt
> El Paso, Texas 79936
>
> They were witnesses to the seizure and the taking of medication. See also attached letters from Walmart.

**INTERROGATORY NO. 15:**

Identify by name, location and dates of attendance, the schools, educational institutions or other learning facilities attended by Plaintiff and for each identify any type of certificate, diploma or degree received and the graduation date from each school.  If Plaintiff did not graduate or otherwise receive a certificate, diploma or degree for a certain educational institution, please state why.

**RESPONSE :**

Ranchland Hills, Middle School
El Paso, Texas
8th grade

**INTERROGATORY NO. 16:**

Please state whether Plaintiff or Plaintiff's counsel has or possesses knowledge of any written or oral statement made by Pfizer Inc. and/or Warner-Lambert Company LLC or their agents concerning this action or the subject matter of this action.  If so, and if the statement is written, identify each statement by date(s) and author, the custodian, and, if oral, state by whom the statement was made, to whom it was made, the date(s) and substance thereof.

**RESPONSE:**

Yes. See attached letter.

**INTERROGATORY NO. 17:**

Please state whether Plaintiff ever had: (1) any communications with any individual at the Food and Drug Administration ("FDA") or (2) any communications with any individual at Pfizer Inc. or Warner-Lambert Company LLC or their affiliates or agents regarding Neurontin, including but limited to online, phone, mailed or faxed communications, and if so, please state the names and addresses of individuals who would have knowledge of the communication and state the substance of the communication.

**RESPONSE:**

Yes. See attached letter.

**INTERROGATORY NO. 18:**

Please identify all individuals, other than your attorney, who was consulted or participated in the preparation of the answers to these Interrogatories, and indicate the numbers of the specific Interrogatories for which each such person participated in preparing answers.

**RESPONSE:**

None.

**INTERROGATORY NO. 19:**
    Provide a computation of any category of damages claimed by Plaintiff.

**RESPONSE:**

    Plaintiffs will supplement.

**INTERROGATORY NO. 20:**
    Identify each person that you expect to testify at the trial of this action as an expert witness and, with respect to each such person, provide all information required by Federal Rule of Civil Procedure 26(a)(2).

**RESPONSE:**

    Robert C. Woody, M.D.
    2900 Hillrise
    Las Cruces, NM 88001

    Jagdish Patel, M.D.
    11026 Vista Del Sol
    El Paso, Texas 79935

    Ms. Sharon C. Brown, M.S., R.Ph.
    1531 Hoveden Drive
    Katy, Texas 77450

**INTERROGATORY NO. 21:**
    Identify every item of tangible and/or documentary evidence which you may use at the time of trial to establish or prove any part of your case and which you may introduce into evidence for any purpose whatsoever at the time of trial. With respect to each item of tangible evidence, identify any person who has custody of such item and the present location where such item may be inspected.

**RESPONSE :**

    Unknown at this time.

**INTERROGATORY NO. 22:**
    Please state the name and address of any individuals who may have had contact with Plaintiff, or would have knowledge of his/her behavior or mental state, in the 72 hours immediately preceding his/her suicide attempt or death.

**RESPONSE :**

    N/A.

**INTERROGATORY NO. 23:**

Please state whether Plaintiff ever posted, filed or reported information on any Internet websites or message boards regarding Neurontin, this litigation, Pfizer Inc., Warner-Lambert Company LLC, or the filing of adverse event reports relating to Neurontin and if so, please state the names and addresses of the individuals who would have knowledge of these postings and whether Plaintiff was ever contacted by anyone regarding adverse events relating to Neurontin and if so, state the name and address of these individuals.

**RESPONSE :**

None.

**INTERROGATORY NO. 24:**

Identify each government payor or private payor (as defined above) that has provided medical, prescription, disability, accidental or life insurance on Plaintiff during the past 20 years, either individually or as a member of an insured family, including the group insurance coverage and coverage under policies of insurance issued to or on behalf of parents and/or spouses. For each such payor identified in response to this Interrogatory, state the name and address of the carrier, the name of the group coverage, the name of the primary insured individual under the policy, including the primary insured's Social Security number and/or membership number and the inclusive dates you were insured under the policy; and identify, if any, which polices provided for prescription benefits and which government payor or private payor policies provided prescription coverage to you at the time you were prescribed, dispensed, distributed or administered Neurontin.

**RESPONSE:**

Medicaid.

**INTERROGATORY NO. 25:**

Identify every person, law enforcement organization, governmental agency, and/or insurance company that was present at the scene of Plaintiff's suicide attempt or death and/or preformed any type of investigation regarding Plaintiff's suicide attempt or death, and state the purpose of the investigation, the type of investigation done, the content of the investigation, who did the investigation and the outcome of the investigation.

**RESPONSE:**

N/A.

Respectfully submitted,

**WALTER L. BOYAKI**
**Miranda & Boyaki**
4621 Pershing Drive
El Paso, Texas 79903-1017
915-566-8688
Fax 915-566-5906
Texas Bar No. 02759500

## CERTIFICATE OF SERVICE

I, **WALTER L. BOYAKI**, do hereby certify that a true and correct copy of the foregoing instrument was forward via Certified Mail Return Receipt Request to MARK CHEFFO, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Time Square, New York, NY 10036, on this ___ day of January, 2010.

**WALTER L. BOYAKI**

I, **GLORIA TELLES,** Individually and as Next Friend of **JACOB TELLES,** a Minor,

state under oath that the foregoing Answers to Interrogatories are true and correct to the best of

my knowledge and belief.

_____

**GLORIA TELLES,** as Next Friend of
**JACOB TELLES,** a Minor

**SWORN AND SUBSCRIBED TO BEFORE ME** this the **6** day of

_January_ , _2011_ .

_____

Notary Public in and for the
State of Texas

LETICIA LEAL
MY COMMISSION EXPIRES
October 10, 2011

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :      MDL Docket No. 1629
In re:  NEURONTIN MARKETING,
SALES PRACTICES AND PRODUCTS              :      Master File No. 04-10981
LIABILITY LITIGATION
                                          :      Judge Patti B. Saris

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
THIS DOCUMENT RELATES TO                         Magistrate Judge Leo T.
                                          :      Sorokin
GLORIA TELLES, Individually and as Next Friend
of  JACOB TELLES, a Minor
                                          :
                                          :

                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST
## REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Set forth below is Defendants' First Request for Production of Documents and Things, as well as Product Plaintiffs' corresponding objections and the above referenced individual Plaintiff's responses that incorporate Magistrate Leo T. Sorokin's  directives  set forth in Discovery Order No. 2 dated June 19, 2006.

### REQUEST NO. 1:

All medical records, surgical records, mental/ emotional health records, x-rays, radiographic films, pathology materials, including but not limited to slides and other tissue samples, or any other records or materials related to any diagnostic or treatment tests or procedures, financial records, bills, invoices, writings, notes or memoranda relating to all of the Plaintiff's physical, medical or mental/emotional conditions, illnesses or disabilities, including but not limited to those of doctors, nurses, practitioners, hospitals, clinics, institutions or other health care providers or third party private or governmental health or accident insurers, without regard to whether it is the Plaintiff's contention that such physical, medical or mental conditions, illnesses, or disabilities were caused in any way by the defendants or any agent or employee of the defendants:

(a)     for a period of 20 years before and up to the date of the first occurrence alleged in the Complaint.

(b)     for a period of time commencing on the date of the first occurrence alleged in the Complaint up to and including the present date.

**RESPONSE:**

See attached.

**REQUEST NO. 2:**
Plaintiff's state and federal tax returns from January 1, 1995 through the date of this notice.

**RESPONSE :**

N/A.

**REQUEST NO. 3:**
Any document relating to any medical or accident insurance which Plaintiff had in effect from January 1, 1995 through the date of this notice.

**RESPONSE:**

See attached.

**REQUEST NO. 4:**
Each bottle and label in Plaintiff's possession, custody or control of any product, drug or device referred to in the Complaint or other drug (whether prescription or otherwise) taken by Plaintiff during the pertinent time of the matters alleged in the Complaint.

**RESPONSE:**

See attached.

**REQUEST NO. 5:**
Each and every prescription or record thereof which shows that Neurontin® ("Neurontin") was prescribed to Plaintiff.

**RESPONSE :**

See attached.

**REQUEST NO 6:**
Any and all calendars or diaries prepared by Plaintiff covering any portion of the pertinent time of the matters alleged in the Complaint.

**RESPONSE:**

None.

**REQUEST NO. 7:**
Copies of all newspaper, magazine or medical journal articles which discuss, refer or relate to the use of Neurontin and the risk of suicide ideation.

**RESPONSE :**

None.

**REQUEST NO. 8:**
Copies of any and all promotional or marketing materials or other documents regarding the use of Neurontin in the treatment of the condition for which Plaintiff was prescribed Neurontin or at higher dosages than recommended on the label, that Plaintiff alleges were improperly provided by defendants to Plaintiff's physician.

**RESPONSE :**

See attached.

**REQUEST NO 9:**
Copies of each and every medical article, treatise, research study, publication, or other document regarding the use of Neurontin for the treatment of Plaintiff's condition that was reviewed or relied upon by Plaintiff's physician in formulating the clinical judgment to prescribe Neurontin to Plaintiff.

**RESPONSE :**

None.

**REQUEST NO. 10:**
All documents relating to any statements obtained by the Plaintiff from any person having, or purporting to have, knowledge or information pertaining to Neurontin.

**RESPONSE:**

See attached.

**REQUEST NO. 11:**
All documents relating to any opinion by any person with an M.D., Ph.D., D.O., M.P.H., D. Sc., M.D., pharmacy degree or by any similarly trained or educated health care professional or scientist concerning Neurontin.

**RESPONSE :**

Plaintiff will supplement.

**REQUEST NO 12:**

All documents relating to any communication by any person, including your attorneys, to or from the Food and Drug Administration ("FDA"), including but not limited to online, phoned, mailed or faxed communications to the FDA's MedWatch program, regarding Neurontin, including the dates of any such communications.

**RESPONSE :**

See attached.

**REQUEST NO. 13:**

All documents relating to any communication posted on any Internet web site or message board, including, but not limited to, www.legalnewswatch.com, concerning Neurontin, Pfizer, Warner-Lambert, or Parke-Davis.

**RESPONSE:**

None.

**REQUEST NO. 14:**

All documents relating to any communication by any person about reporting adverse reactions to Neurontin to the FDA or to Pfizer.

**RESPONSE :**

In addition to the General Objections, the Plaintiff objects to Request No. 14 on the ground that it is overly broad, unduly burdensome and oppressive and not limited in time in seeking "any communication by any person about reporting adverse reactions to Neurontin to the FDA or to Pfizer." Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks materials that are not in the possession of the Plaintiff. The Plaintiff further objects to this Request on the ground that it is not the most efficient discovery method to obtain the information requested. The Plaintiff further objects to this Request on the ground that the information sought is within the purview of the Defendants.

Subject to and without waiving the General Objections and the foregoing specific objections, the Plaintiff will produce responsive documents in her possession, if any, or in the possession of counsel, if any, that do not constitute protected work product or are otherwise protected by privilege. Defendants are referred to the response to Request No. 12.

**REQUEST NO. 15:**
All documents relating to any advertisements, including but not limited to print, television, and radio media, concerning reporting adverse reactions to Neurontin to Pfizer, to the FDA, or to other regulatory bodies, or concerning, bringing a lawsuit relating to Neurontin.

**RESPONSE:**

In addition to the General Objections, the Plaintiff objects to Request No. 15 on the ground that it is overly broad, unduly burdensome, oppressive and not limited in time.   The Plaintiff further objects to the Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. Plaintiff further objects to this Request on the ground that the records requested are within the public domain and equally available to the Defendants.   The Plaintiff further objects to this Request to the extent that it seeks materials that are not in the possession of the Plaintiff.   The Plaintiff further objects to this Request on the ground that it is not the most efficient discovery method to obtain the information requested.
Subject to and without waiving the General Objections and the foregoing specific objections, the Plaintiff will produce responsive documents in her possession, if any, or in the possession of counsel, if any, that do not constitute protected work product or are otherwise protected by privilege.
Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request.   Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 16**
All documents that record, describe, or refer to any incidence, diagnosis, or history of mental illness in any of Plaintiff's natural grandparents, natural parents, natural aunts and uncles, or natural siblings.

**RESPONSE :**

N/A.   The minor Plaintiff is an adopted child.

**REQUEST NO. 17**
All documents that record, describe, or refer to any drug or medication of any kind that was prescribed for, administered to, obtained by, provided to, or made available to Plaintiff at any time during the three years immediately preceding the injurious event alleged in the complaint.

**RESPONSE :**

In addition to the General Objections, the Plaintiff objects to Request No. 17 on the ground that it is duplicative of Request No. 1 in that the documents requested would be

contained in Plaintiff's medical records.  The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request in the manner and protocol set forth in response to Request No. 1.  Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff adopts his answer per FRCP Rule 10(c) and FRCP Rule 33(d).  Plaintiff and Defendant bear substantially the same burden of deriving or ascertaining the answer from the medical and billing records.  Defendant can obtain the answer to interrogatory No. 14 by examining the medical and billing records of Plaintiff already provided to the Defendant.  An authorized Health Insurance Portability and Accountability Act form (HIPAA form) of Plaintiff has also been submitted to the Defendant to obtain Plaintiff's medical and billing records.

**REQUEST NO 18:**
All documents that state, describe, or refer to any benefit, efficacy, physical or chemical property, indication, contraindication, "side effect," adverse reaction, warning, precaution, or recommendation of or for Neurontin that Plaintiff read or viewed before Plaintiff's suicide / suicide attempt.

**RESPONSE :**

Subject to and without waiving the General Objections, Plaintiff will provide any materials responsive to this Request as are in the possession of the Plaintiff.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request.  Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 19:**
All documents that state, describe, discuss, mention, evaluate, determine, or refer to any event, occurrence, effect, substance or condition that any person has suspected, investigated, evaluated, considered, accepted, rejected, or discussed as a hypothetical, potential, possible, probable, contributing, or actual cause of or reason for any suicidal thought, attempt, or act by Plaintiff at any time during his /her life.

**RESPONSE:**

In addition to the General Objections, the Plaintiff objects to Request No. 19 on the ground that it is overly broad, ambiguous, unduly burdensome, oppressive and unlimited in time. Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same.  The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request in the manner and protocol set forth in response to Request No. 1. Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1. In addition, pursuant to Discovery Order No. 2 dated June 19, 2006, responsive documents in the possession of medical providers or third parties shall be handled in the manner as set forth in response to Request No. 1.

**REQUEST NO. 20:**
All documents proposing, recommending, or in anyway suggesting that Pfizer should add to or change the warnings and Definitions provided to physicians or consumers about Neurontin.

**RESPONSE:**

In addition to the General Objections, the Plaintiff objects to Request No. 20 on the ground that it is premature at this stage in the litigation. In addition, to the extent that Defendants are seeking expert opinions, Plaintiff objects to the disclosure of same at this time, as Plaintiff will make her expert disclosures in accordance with the time frames set forth in the Federal Rules and in the scheduling order set by the Court. The Plaintiff further objects to the Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff. To the extent that the requested documents are in the possession of the Defendants, the same are within the purview of the Defendants.

Subject to and without waiving the General Objections and the foregoing specific objections, the Plaintiff will produce responsive documents in her possession, if any, or in the possession of counsel, if any, that do not constitute protected work product or are otherwise protected by privilege.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 21:**
All documents in which Plaintiff or any other person described or referred to Plaintiff's use of Neurontin, described or referred to any adverse event or "side effect" experienced by Plaintiff as a result of ingesting Neurontin, or described or referred to any injury, damage, or harm that resulted from Plaintiff's ingesting Neurontin.

**RESPONSE :**

In addition to the General Objections, the Plaintiff objects to Request No. 21 on the ground that it seeks information that is overly broad, ambiguous, unduly burdensome, oppressive and unlimited in time. Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to

this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections and the foregoing specific objections, Defendants are referred to Plaintiff's records, if any, annexed to Plaintiff's Rule 26(a)(1) Disclosures and Plaintiff's response to Request No. 1. In addition, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and will produce the responsive documents called for by the Request, and, pursuant to Discovery Order No. 2 dated June 19, 2006, responsive documents in the possession of medical providers or third parties shall be handled in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 22:**

All documents in which Plaintiff or any other person described or referred to Plaintiff's use of any medication other than Neurontin, described or referred to any adverse event or "side effect" experienced by Plaintiff as a result of ingesting any medication other than Neurontin, or described or referred to any injury, damage, or harm that resulted from Plaintiff's ingesting any medication other than Neurontin.

**RESPONSE :**

In addition to the General Objections, the Plaintiff objects to Request No. 22 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time. The Plaintiff further objects to the Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request in the manner and protocol set forth in response to Request No. 1. Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 23:**

All documents that describe or refer to any legal proceeding (whether civil, criminal, or administrative, including, but not limited to, any criminal indictment or conviction, petition for protective order, petition for restraining order, commitment proceeding, divorce proceeding, separation proceeding, juvenile court proceeding, or guardianship proceeding) in which Plaintiff

has ever been named a party, a deponent, a testifying witness, an affiant, or a declarant under penalty of perjury.

**RESPONSE :**

In addition to the General Objections, the Plaintiff objects to Request No. 23 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time. The Plaintiff further objects to the Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff. The Plaintiff further objects to the Request on the ground that to the degree that it requests information regarding legal proceedings concerning persons other than the Plaintiff, it is patently irrelevant to this proceeding. Plaintiff further objects to the Request insofar as it seeks documents regarding any criminal indictment and/or juvenile court proceeding.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources, and, pursuant to Discovery Order No. 2 dated June 19, 2006, shall produce all documents responsive to the Request. Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1. In addition, pursuant to Discovery Order No. 2 dated June 19, 2006, documents in the possession of third parties shall be handled in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request.

**REQUEST NO. 24:**
All documents that describe or refer to any counseling, recommendation for counseling, arrest, prosecution, conviction, or treatment of Plaintiff for any use of, possession of, addiction to, intoxication with, or abuse of any form of alcohol, controlled substance, mind-altering substance, illegal drug, or medication.

**RESPONSE :**

None.

**REQUEST NO. 25:**

All documents that describe, refer to, were filed in, or were produced by or provided to you in connection with, any claim or suit for personal injury or disability filed by Plaintiff, including, but not limited to, all documents that identify the court in which each such claim or suit was filed, the nature and extent of the injuries for which damages were sought, the identities of all parties to each such claim or suit, and the disposition of each such claim or suit.

**RESPONSE :**

Plaintiff filed lawsuit in U.S. District Court for the Western District of Texas El Paso Division. Cause No. EP07CA0161.

**REQUEST NO. 26:**

All documents that describe, record, or refer to any misdemeanor, felony, juvenile offense, act of violence, civil assault, civil battery, act of cruelty, spousal abuse, child abuse, fighting, suicide attempt, or disturbance of the peace in which Plaintiff ever has been or was involved, or for which Plaintiff ever has been or was accused, sued, arrested, prosecuted, investigated, convicted, enjoined, or subjected to restraint by court order.

**RESPONSE :**

None.

**REQUEST NO. 27:**

All documents showing that Plaintiff was suspected of, charged with, or convicted of committing any violation of any criminal or juvenile law, code, or statute, including, but not limited to, all records revealing the nature of each such offense, the name of the court in which each such matter or proceeding was filed or prosecuted, each judgment or plea entered in connection with each such offense, the sentence or other punishment imposed for each such offense, the name and address of each institution in which Plaintiff was confined or referred for treatment or counseling in connection with each such offense, or the name and last known address of any probation, parole, or juvenile officer assigned to any such case.

**RESPONSE:**

None.

**REQUEST NO. 28:**

All documents that describe, record, or refer to any investigation, prosecution, claim, charge, report, accusation, disciplinary action, or incident of any kind in which any person asserted that Plaintiff committed, or was injured as a result of, any misdemeanor, felony, act of violence, civil assault, civil battery, act of cruelty, spousal abuse, child abuse, fight, suicide attempt, or disturbance of the peace.

**RESPONSE :**

None.

**REQUEST NO. 29:**

All documents in which you or any other person described or referred in any way to the subject incidents or any aspect of them in any manner or for any purpose.

**RESPONSE:**

In addition to the General Objections, the Plaintiff objects to Request No. 29 on the ground that it is overly broad, unduly burdensome, oppressive and duplicative of other Requests and Interrogatories. Plaintiff further objects to this Request on the ground that it is unlimited in time and scope. The Plaintiff further objects to this Request on the ground that Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to the Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request in the manner and protocol set forth in response to Request No. 1. Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 30:**

All documents in which you or any other person stated or opined that Plaintiff had, or seemed to have, manifested anger, aggressiveness, suicidal expression, suicidal thought, suicidal behavior, violent expression, violent thought, or violent behavior at any time.

**RESPONSE:**

N/A.

**REQUEST NO. 31:**

All documents in which you or any other person described or referred to any behavioral problem, disciplinary problem, social problem, adjustment problem, stress, anger problem, or interpersonal problem that you ever experienced, or that any person ever believed, reported, or suggested you experienced, at any time.

**RESPONSE:**

N/A.

**REQUEST NO. 32:**

All documents constituting, reporting, summarizing, or referring to any medical test, psychological test, psychiatric test, intelligence test, mental health test, or standardized test of any kind ever taken by or administered to Plaintiff.

**RESPONSE:**

In addition to the General Objections, the Plaintiff objects to Request No. 32 on the ground that it is overly broad, unduly burdensome and not limited in time. The Plaintiff further objects to Request No. 32 in that it seeks information that is remote in time and is irrelevant.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff shall exercise reasonable diligence to identify responsive materials or sources and produce the responsive documents called for by the request. Additionally, Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1. Pursuant to Discovery Order No. 2 dated June 19, 2006, documents in the possession of third parties shall be handled in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff adopts her answer per FRCP Rule 10(c) and FRCP Rule 33(d). Plaintiff and Defendant bear substantially the same burden of deriving or ascertaining the answer from the medical and billing records. Defendant can obtain the answer to interrogatory No. 14 by examining the medical and billing records of Plaintiff already provided to the Defendant. An authorized Health Insurance Portability and Accountability Act form (HIPAA form) of Plaintiff has also been submitted to the Defendant to obtain Plaintiff's medical and billing records.

**REQUEST NO. 33:**

All documents that state, record, list, or refer to any fee, expense, cost, or item of pecuniary expense or loss of any kind for which you seek to recover compensatory damages in this action, including medical, legal, counseling, administrative, travel, and other costs, damages, or expenses.

**RESPONSE:**

Subject to and without waiving the General Objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff. Responsive documents shall be produced in the manner as set forth in response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 34:**
All documents, including, but not limited to, correspondence between Plaintiff and any of her family members or friends, that mention or refer in any way to any depression, grief, unhappiness, anxiety, suicidal thought, suicidal expression, hostility, troubled behavior, anger, fear, hyperactivity, agitation, violent act, threat, restlessness, need for help, or helplessness by or on the part of Plaintiff.

**RESPONSE:**

N/A.

**REQUEST NO 35:**
All documents written or prepared by Plaintiff that mention, discuss, or refer to any thought, expression, or act of suicide, including, but not limited to, any suicide note connected with the subject incidents.

**RESPONSE:**

N/A.

**REQUEST NO. 36:**
All documents that refer or pertain to any investigation of any incident or matter referred to in the Complaint, including any investigation of any aspect of the subject incident by any law enforcement organization, governmental agency, or insurance company.

**RESPONSE :**

N/A.

**REQUEST NO. 37:**
  All medical or scientific writings in which any person purports to have found, determined, or confirmed a causal relationship between Neurontin and any specific incident of suicide or attempted suicide.

**RESPONSE:**

  N/A.

**REQUEST NO. 38:**
  All medical or scientific writings in which any person purports to have found, determined, or confirmed a causal relationship between Neurontin and suicidal ideation.

**RESPONSE:**

  N/A.

**REQUEST NO. 39:**
  All medical or scientific writings in which any person purports to have found a causal relationship between Neurontin and any specific incident of suicide or attempted suicide by a person with no prior history of attempted suicide or suicidal ideation.

**RESPONSE:**

  N/A.

**REQUEST NO. 40:**
  All medical or scientific writings in which any person purports to have found a causal relationship between any anti-epileptic drug ("AED") and any specific incident of suicide or attempted suicide.

**RESPONSE :**

  N/A.

**REQUEST NO. 41:**
  All medical or scientific writings in which any person purports to have found a causal relationship between any AED and any specific incident of suicide or attempted suicide by a person with no prior history of attempted suicide or suicidal ideation.

**RESPONSE :**

  N/A.

**REQUEST NO. 42:**

      All notes, reports, recommendations, memoranda, and other documents in which any person, including, but not limited to, school administrators, counselors, providers, friends, relatives, and law enforcement personnel, described, warned about, opined on, or in any way referred to any actual, observed, or possible behavioral problem, deportment problem, psychological or psychiatric problem, mental problem, mental illness, alcohol problem, or substance-abuse problem of or with respect to Plaintiff.

**RESPONSE :**

      N/A.

**REQUEST NO. 43:**

      Please produce complete copies of the following documents:

      a.     Any petition or complaint to compromise any claim against any person or organization, arising out of the allegations that form the basis of this lawsuit, and all supporting papers submitted in conjunction with any such petition or complaint;

      b.     Any release executed by you or any person authorized to act in your behalf in connection with the allegations that form the basis of this lawsuit;

      c.     Any covenant not to sue, stipulation of dismissal or compromise, or similar document executed by you, any attorney representing you or any personal representative or guardian acting on your behalf, in connection with the allegations that form the basis of this lawsuit;

      d.     Any Order authorizing the compromise of any claim against any person, entity or organization arising out of the allegations that form the basis of this lawsuit; and

      e.     Any Order with respect to the distribution of the proceeds of any compromise of any claim against any person or organization, arising out of the allegations that form the basis of this lawsuit.

**RESPONSE :**

      None.

**REQUEST NO. 44:**

      Please produce a copy of each informed consent form or consent to treatment form Plaintiff/Decedent signed in connection with treatment by a health care professional and/or institution who prescribed him/her Neurontin®.

**RESPONSE :**

      See attached.

**REQUEST NO. 45:**

Please produce any and all photographs, X-rays, drawings, slides, movies, videotapes, or other visual reproduction of any type in your possession, the possession of your attorneys, or any other person acting on your behalf, relating to the allegations that form the basis of this lawsuit, alleged injuries, or any other facts associated with any of the claims in this suit, whether or not the item is expected to be introduced into evidence at trial.

**RESPONSE :**

Subject to and without waiving the General Objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff and which do not constitute protected work product or are otherwise protected by privilege.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff adopts her answer per FRCP Rule 10(c) and FRCP Rule 33(d). Plaintiff and Defendant bear substantially the same burden of deriving or ascertaining the answer from the medical and billing records. Defendant can obtain the answer to interrogatory No. 14 by examining the medical and billing records of Plaintiff already provided to the Defendant. An authorized Health Insurance Portability and Accountability Act form (HIPAA form) of Plaintiff has also been submitted to the Defendant to obtain Plaintiff's medical and billing records.

**REQUEST NO. 46:**

Please produce all documents concerning any oral or written communications between Defendants, or their agents, servants, or employees and the health care professional(s) who prescribed Neurontin® for Plaintiff/Decedent.

**RESPONSE:**

In addition to the General Objections, the Plaintiff objects to Request No. 46 on the ground that it is overly broad, unduly burdensome and not limited in time. The Plaintiff further objects to Request No. 46 in that it seeks information that is remote in time. Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff. The Plaintiff further objects to this Request on the ground that Plaintiff would not have personal knowledge of what communications took place between the Defendants and the health care professional(s) who prescribed Neurontin for Plaintiff/Decedent and that this information is within the purview of the Defendants.

Subject to and without waiving the General Objections and the foregoing specific objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff. Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff. Responsive documents shall also be produced in the manner as set forth in response to Request No. 1.

Additionally, Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Plaintiff will endeavor to produce the information sought by the request and if they become available, Plaintiff will supplement the response that corresponds to said request.

**REQUEST NO. 47:**

Please produce all documents that refer or relate to any communication (whether oral or written) between you, or a person acting on your or Plaintiff behalf, and any health care professionals and/or institutions by whom or at which Plaintiff was seen, evaluated, or treated concerning Neurontin®, or any act, omission, or conduct of Defendants, including, without limitation, any notes, correspondence or recordings of such communications.

**RESPONSE :**

See attached supplement.

**REQUEST NO. 48:**

Please produce all reports prepared in whole or in part by each expert retained by you in connection with each of the subject matters about which the expert is expected to testify.

**RESPONSE:**

In addition to General Objections, the Plaintiff objects to Request No. 48 on the ground that it is premature. Plaintiff will make her expert disclosures in accordance with the time frames set forth in the Federal Rules and in the scheduling order set by the Court.

**REQUEST NO. 49:**

Please produce all documents and tangible things, including all tangible reports, draft reports, physical models, compilations of data, and other materials prepared in whole or in part by your expert witness(es) or for your expert witness(es) in anticipation of the experts' trial and deposition testimony in this case.

**RESPONSE :**

In addition to General Objections, the Plaintiff objects to Request No. 49 on the ground that it is premature. Plaintiff will make her expert disclosures in accordance with the time frames set forth in the Federal Rules and in the scheduling order set by the Court.

**REQUEST NO. 50:**

Please produce all records in Plaintiff's possession, custody or control that relate to suicide, suicide attempt, other psychiatric conditions and/or any other alleged condition that is the subject of Plaintiff's lawsuit.

**RESPONSE :**

In addition to the General Objections, the Plaintiff objects to Request No. 50 on the ground that it seeks information that is overly broad, ambiguous, unduly burdensome and oppressive. Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

Subject to and without waiving the General Objections, pursuant to Discovery Order No. 2, Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff. Plaintiff will exercise reasonable diligence to provide any such documents as are in the custody, control or possession of the Plaintiff. Responsive documents shall also be produced in the manner as set forth in response to Request No. 1.

Additionally, Defendants are referred to responsive documents, if any, annexed to Plaintiff's Rule 26(a) Disclosures and Plaintiff's response to Request No. 1.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request.

Subject to and without waiving the General Objections, to the extent not already provided, Plaintiff is not in the possession, custody or control of the document (s) responsive to this request. Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff adopts her answer per FRCP Rule 10(c) and FRCP Rule 33(d). Plaintiff and Defendant bear substantially the same burden of deriving or ascertaining the answer from the medical and billing records. Defendant can obtain the answer to interrogatory No. 14 by examining the medical and billing records of Plaintiff already provided to the Defendant. An authorized Health Insurance Portability and Accountability Act form (HIPAA form) of Plaintiff has also been submitted to the Defendant to obtain Plaintiff's medical and billing records.

**REQUEST NO. 51:**

Please produce signed original HIPAA-compliant authorizations so that defendants may ensure that complete productions have been made. By requesting an authorization, defendants do not intend to relieve Plaintiff of their obligation to produce any documents in your possession, custody or control, including medical records.

**RESPONSE :**

See attached.

Respectfully submitted,

**WALTER L. BOYAKI**
*Miranda & Boyaki*
4621 Pershing Drive
El Paso, Texas 79903-1017
915-566-8688
Fax 915-566-5906
Texas Bar No. 02759500


## CERTIFICATE OF SERVICE

I, **WALTER L. BOYAKI**, do hereby certify that a true and correct copy of the foregoing instrument was forward via Certified Mail Return Receipt Request to MARK CHEFFO, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Time Square, New York, NY 10036, on this ___ day of January, 2010.

**WALTER L. BOYAKI**



**WAL★MART**
**PHARMACY**

Pharmacy

**702 Southwest 8th Street**
**Bentonville, AR 72716-0911**

Parents/Guardians of:
Jacob Telles                                                    March 7, 2005
9169 Morelia Rd
El Paso, TX 79907-3249
||..||.|.|.||.|..|..|..|.||..|.||.|.|.||.|..||.|..|.|.|     0151

Dear Parents/Guardians of Jacob Telles:

**Re: Urgent Drug Recall**

We are writing to inform you that Pfizer Inc. recently announced a recall of Neurontin®
(gabapentin) 100 mg capsules. This recall was based upon a mechanical failure during the
manufacturing process of Neurontin, potentially resulting in partially filled or empty capsules. Serious
adverse health consequences may occur from dose(s) of this medication that may be affected.

Our records indicate that your child is currently taking, or has in the past taken, this medication.
**If your child is currently taking Neurontin 100 mg capsules, or has a supply on hand,
you should contact us immediately at Wal-Mart Pharmacy to return this product to
the pharmacy and to be provided with a replacement product.**

As always, we are here to answer any questions you may have about all your medications.

Thank you for choosing Wal-Mart Pharmacy.

Sincerely,

Edward French, Pharmacist
10727 Gateway Blvd West
El Paso, TX 79935
(915) 593-3164

For more information about this recall, you can also contact Pfizer, Inc. at 1-800-438-1985.

212-573-1911

WMP02.LDE P01