UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:  NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

MDL Docket No. 1629

Master File No. 04-10981

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

*Telles v. Pfizer Inc.*, No. 1:07-cv-11156-PBS.

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

**Leave to File Granted on November 26, 2012**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant Pfizer Inc. ("Defendant" or "Pfizer") respectfully submits this reply in further support of its Motion to Dismiss on the basis of Plaintiffs' failure to comply with this Court's Orders and failure to prosecute.

## ARGUMENT

Although this Court has entered multiple Orders directing Plaintiffs to fulfill their outstanding discovery obligations over the many years this case has been pending and Defendant has sent numerous letters to Plaintiffs outlining their discovery deficiencies, Plaintiffs have yet to provide complete, basic template discovery ordered by this Court years ago. As stated in Defendant's moving brief, this case has been pending for over five years and all template discovery was ordered to have been complete by January 31, 2011 – almost two years ago. (*See* Revised Scheduling Order [3141], at 2.) Plaintiffs' failure to comply with the Court's discovery orders and failure to communicate with counsel is grounds for "dismissal of [their] action as a sanction for non-compliance with the discovery rules and/or for a failure to prosecute this action." (Oct. 17, 2012 Electronic Order [4036].)

Plaintiffs cannot overcome their persistent disregard for this Court's discovery deadlines by arguing that their case was not properly included in this multidistrict litigation ("MDL").

Plaintiffs' case was first transferred to the MDL on May 31, 2007. Yet, Plaintiffs argue now for the first time – almost five and a half years later – that "Plaintiffs' case has nothing to do with suicide or attempted suicide and as such, is outside the parameters of the MDL for off label use of Neurontin." (Resp. [4049], at 3.1.) This argument, which should have been made when this case was initially transferred to the MDL, is untimely and improper at this late stage in the MDL proceedings.

Notably, in their Response, Plaintiffs do not respond – and they cannot respond – to Defendant's arguments regarding their multiple and egregious discovery deficiencies. (*See* Mem. Supp. Mot. to Dismiss [4046], at I.) Instead, they conclusively state that "[t]hey have complied with all the orders of the Court even if they did not belong in the MDL in the first place." (Resp. [4049], at 3.5.) This statement is patently incorrect. While Plaintiffs submitted some medical authorizations and gave basic responses to Defendant's discovery requests, they have failed to provide, among other things, an authorization from Texas Health and Human Services, a complete list of medical providers, and pharmacy and medical records to support their claims. (*See* Mem. Supp. Mot. to Dismiss [4046], at I.) Moreover, Plaintiffs provided only incomplete and inadequate responses to Defendant's Interrogatories. (*See* Mem. Supp. Mot. to Dismiss [4046], at I.B, C.) Regardless of the injury in question, this discovery is critical to Plaintiffs' allegations that Neurontin caused their alleged harm.

Indeed, even if Plaintiffs' claims do not involve a suicide related injury, Plaintiffs are still subject to discovery obligations, including fundamental medical record collection and answers to written discovery, with which they have not complied. Their failure to do so should not be excused. Defendant has not been able to conduct a single deposition in this case due to Plaintiffs' failure to provide complete medical records or written discovery. Plaintiffs have been on notice that their claims could be dismissed for failure to provide complete template discovery since at least mid-October, (Oct. 17, 2012 Electronic Order [4036]), they have had ample opportunity to supplement their discovery responses, and their persistent failure to do so is clear grounds for dismissal, (*see* Mem. Supp. Mot. to Dismiss [4046], at II, III (citing First Circuit

y

z

w

authority)).

## CONCLUSION

For all the foregoing reasons, Pfizer respectfully requests that the Court issue an order dismissing the claims of these Plaintiffs and issuing any other relief the Court deems appropriate.

Dated: November 26, 2012

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
    Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

-and-

ROPES & GRAY LLP

By: /s/ Justin J. Wolosz
    Justin J. Wolosz
    BBO # 643543

Prudential Tower
800 Boylston Street
Boston, MA  02199
Tel:  (617) 951-7000
Email:  justin.wolosz@ropesgray.com

*Attorneys for Defendant Pfizer Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on November 26, 2012.

/s/ Justin J. Wolosz
Justin J. Wolosz