UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
IN RE NEURONTIN MARKETING, SALES            )
PRACTICES, AND PRODUCTS LIABILITY           )
LITIGATION                                  )   MDL Docket No. 1629
_____)   Master File No. 04-10981
                                            )
THIS ORDER RELATES TO:                      )   Judge Patti B. Saris
                                            )   Mag. Judge Leo T. Sorokin
PRODUCTS LIABILITY CASES                    )
                                            )
_____)

ORDER ON NEWTON SCHWARTZ FIRM MOTIONS TO WITHDRAW

December 12, 2012

SOROKIN, C.M.J.

Pending are twenty-six motions by The Law Offices of Newton B. Schwartz, Sr. seeking to withdraw as counsel for each of forty-five Plaintiffs identified within Docket # 4048-2.[1]

The Court conducted a series of hearings with respect to the representation of the Schwartz Firm's clients, on May 23, 2012, June 29, 2012 and August 8, 2012. The Court ordered on May 29, 2012, that the Schwartz Firm serve notice upon affected plaintiffs informing them of the firm's desire to withdraw and that if they wished to object, the objections were to be filed by June 19, 2012. Docket # 3973. The Court received written objections from two Plaintiffs, Jennifer Napoli (litigating on behalf of decedent Sherry Groves) (Docket # 3999) and Caryl Taylor (Docket # 3982). At the August 8, 2012 hearing, the Court noted that Mr. Harang's

---

[1] The pending motions concerning the plaintiffs listed within Docket # 4048-2 are Docket #s 3821, 3887, 3891, 3894, 3897, 3900, 3903, 3906, 3909, 3912, 3915, 3919, 3924, 3927, 3930, 3935, 3939, 3942, 3945, 3948, 3951, 3954, 3958, 3961, 3965 and 3994.

recent decision not to assume representation of a number of Schwartz Firm clients would necessitate additional notices, and ordered that all affected plaintiffs be noticed by September 15, 2012 – not only those whom Harang had recently decided not to accept as clients (who would be receiving their first notice), but all of the plaintiffs affected by the Schwartz Firm's motion (most of whom would thus be receiving a second such notice).  See Docket # 4016 at 4-7.   No additional objections were subsequently received by the Court.

Ms. Napoli was apparently served with notice of the Schwartz Firm's intent to withdraw from its representation of her despite the fact that her claims had been dismissed more than a year prior for her failure to respond to discovery.  See Docket #s 4048, 3202.  In this circumstance, the Court need not consider her objection, which is moot.

The Court has considered Ms. Taylor's objection, but overrules her objection and finds that the attorney-client relationship has broken down and that good cause exists to permit the Schwartz firm to withdraw.  The Court makes the same finding with respect to each of the remaining plaintiffs who has not objected after receiving notice.

Accordingly, the Schwartz Firm's Motions to Withdraw its representation with respect to each of the forty-five plaintiffs delineated in Docket # 4048-2 (see note 1, supra) are ALLOWED.  The Schwartz Firm and Mr. Harang shall serve a copy of this Order upon all affected plaintiffs.

SO ORDERED.

/s/ Leo T. Sorokin
Chief United States Magistrate Judge