UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | : | MDL Docket No. 1629 |
|  | : |  |
|  | : | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | : | Judge Patti B. Saris |
|  | : |  |
|  | : | Magistrate Judge Leo T. Sorokin |
| PRODUCTS LIABILITY CASES | : |  |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PRO SE CASES FOR FAILURE TO COMPLY
WITH DECEMBER 12, 2012 ORDER**

In accordance with Federal Rule of Civil Procedure 41(b) and the inherent power of this

Court, Defendants Pfizer Inc. and Warner-Lambert Company LLC respectfully submit this

memorandum in support of their Motion to Dismiss for Failure to Comply with this Court's

December 12, 2012 Scheduling Order Governing Pro Se Cases (the "December 12 Order") [Doc.

4058].

The December 12 Order required Plaintiffs in the 61 actions set forth in the Schedule of

Plaintiffs accompanying the Order to certify their intent to proceed pro se, acknowledge that

following remand, their cases would require case-specific expert evidence, and provide a current

mailing address.  The Order required that Plaintiffs in each action individually complete and sign

a Certification Form and mail it to the Court by February 6, 2013.  As of February 13, 2013, it is

Defendants' understanding and belief that the Court has received certifications in only two cases,

from Plaintiffs Daniel and Susan Johnson and Plaintiffs Brett and Jodie Young.  It is Defendants'

understanding and belief that none of the Plaintiffs in the 59 actions identified in Exhibit A

hereto have filed Certifications or sought any extension of time to do so.

The December 12 Order clearly states that "[a]ny plaintiff who fails to file a Plaintiff Certification . . . will be subject to having his or her claims dismissed with prejudice." (December 12 Order [Doc. 4058].)  *See also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

Moreover, as this Court previously observed when it recommended in June 2008 that 28 cases be dismissed for "each Plaintiff's failure to prosecute and each Plaintiff's disregard of the Court's Order" requiring certification of intent to proceed,

> The orderly management of this litigation requires the parties to heed the Court's orders and to pursue their claims in a diligent and timely fashion.  A litigant's pro se status . . . does not absolve him or her from compliance with the Court's procedural rules or the Rules of Civil Procedure. *See F.D.I.C. v Anchor Properties*, 13 F.3d 27, 31 (1st Cir. 1994).  The Court is "free to enforce its discovery rules by ordering compliance, sanctions, or any other appropriate remedy." *Samos Imex Corp. v. Nextel Communications, Inc.*, 194 F.3d 301, 305 (1st Cir. 1999).  "Under Fed.R.Civ.P. 41(b), as well as under the inherent power of the court, a complaint may be dismissed with prejudice for want of prosecution." *Richman v. General Motors Corp.*, 437 F.2d 196, 198-199 (1st Cir. 1971) (citation omitted).

(Discovery Order No. 25 [No. 1335] at 5.)  Like the Plaintiffs whose actions were recommended to be dismissed at that time and whose actions were subsequently dismissed on October 17, 2008, Plaintiffs in these 59 actions have failed to pursue their claims in a diligent and timely fashion, including by disregarding and failing to comply with this Court's December 12 Order.

Accordingly, Defendants respectfully request that the Court dismiss each of the 59 actions identified in Exhibit A, with prejudice.

 Dated:  February 13, 2013                    Respectfully submitted,

                                             SKADDEN, ARPS, SLATE, MEAGHER
                                               & FLOM LLP

                                             By:/s/ Mark S. Cheffo
                                                Mark S. Cheffo

2

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000
Mark.Cheffo@skadden.com


-and-


ROPES & GRAY LLP


By: /s/ Justin J. Wolosz
     Justin J. Wolosz
     BBO #643543

Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel:  (617) 951-7000
Justin.Wolosz@ropesgray.com

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company LLC*


## CERTIFICATE OF SERVICE


        I hereby certify that this document filed through the ECF system has been served
pursuant to Case Management Order #3 on February 13, 2013.

                              /s/ Justin J. Wolosz
                              Justin J. Wolosz