UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

—————————————————————————————

| | ) | |
|---|---|---|
| IN RE NEURONTIN MARKETING, SALES | ) | |
| PRACTICES, AND PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | MDL Docket No. 1629 |
| —————————————————————— | ) | Master File No. 04-10981 |
| | ) | |
| THIS ORDER RELATES TO: | ) | Judge Patti B. Saris |
| | ) | Mag. Judge Leo T. Sorokin |
| PRODUCTS LIABILITY CASES | ) | |
| | ) | |
| —————————————————————— | ) | |

REPORT AND RECOMMENDATION ON PENDING MOTIONS

April 1, 2013

SOROKIN, C.M.J.

Three issues remain for resolution before all of the individual products liability cases sent

to this district as part of the Neurontin MDL may be remanded to the districts in which they were

filed.

1. Pro Se Cases

On December 12, 2012, the Court issued an Order requiring the pro se Plaintiffs listed in

Docket #4058 at pages 3-6 (primarily, but not exclusively, former clients of the Schwartz firm)

to file a certification with the Court by February 6, 2013, or to face dismissal with prejudice of

their cases.  Docket # 4058 at 1-2.

The Order further required each pro se Plaintiff's former counsel to serve the Order and a

blank certification form attached thereto upon each of the pro se plaintiffs.  Id. at 2.

Only Plaintiff Daniel L. Johnson (06-11882) and Plaintiff Brent D. Young (06-11446)

have filed the required certification. See Docket #s 4063-4064. Accordingly, I hereby

RECOMMEND that the Court DISMISS WITH PREJUDICE all claims brought by each of the

individual Plaintiffs listed on Docket #4058 at pages 3-6, EXCEPT for those claims brought by

Plaintiffs Brent and Jodie Young (06-11446) and Daniel and Susan Johnson (06-11882).

The Defendants have filed a Motion to Dismiss the claims of those pro se plaintiffs who

failed to file the required certifications.  Docket # 4068.  The Court has received no response to

that Motion from any party or counsel. Accordingly, I RECOMMEND that the Court ALLOW

this Motion (#4068) as well.  The pro se plaintiffs are listed in Exhibit A at #4069-1. This list

duplicates the list referred to in the preceding paragraph.

The Court notes that its Order of December 12, 2012 required former counsel identified

therein to serve a copy of that Order upon the pro se Plaintiffs identified therein and to file a

certification that it had done so.  Docket # 4058 at 2.  Only the Finkelstein Firm has certified

service as ordered.  Docket # 4060.  Both of the pro se Plaintiffs who have filed certifications are

former Finkelstein clients.  Thus, there is a concern that the remaining pro se Plaintiffs

(primarily former clients of the Schwartz Firm) may not have been served with a copy of the

Order requiring certification.[1]  The Defendant's Motion to Dismiss these same plaintiffs' cases

---

[1] As one purpose of the certification process was to acquire the pro se Plaintiff's mailing
addresses in order to permit the Court to interact with the pro se plaintiffs directly (see Docket #
4058 at 7), the Court's docket does not reflect any means of contacting these pro-se Plaintiffs
directly.  Two non-certifying pro se Plaintiffs (Leu and Monsue) are former clients of the
Finkelstein firm, and were served.  Docket # 4060.  Two others (Agee and Eaddy) are former
clients of Henninger Garrison Davis, LLC, who were previously ordered to file certifications of
their intent to proceed pro se by October 7, 2011, but failed to do so.  Docket # 3631.  Agee
appears to be deceased.  Docket # 4001.  Plaintiffs James and Robin Bundoff have not contacted
the Court since their attorney was permitted to withdraw on May 9, 2011.  The Court's CM-ECF

likewise was served only by CM/ECF and not upon the pro se Plaintiffs directly (and no such

service was required under the applicable CMOs).  It is therefore ORDERED that the

Defendants shall make reasonable efforts to serve this Report and Recommendation upon the

non-certifying Plaintiffs who were not Finkelstein clients (listed in Docket # 4058 at 3-6) at the

last address known to them, if any.  In the event that the Court receives an Objection to the

Report and Recommendation from any such plaintiff, I RECOMMEND that it refer that

Plaintiff's case to the undersigned to afford the plaintiff an opportunity to file the certification.

    2.  <u>Telles v. Pfizer</u>, 07-cv-11156

    Pfizer has moved to dismiss the claims of Plaintiff Gloria Telles (as next friend of Jacob

Telles).  Docket # 4045.  This case is an ill-fit, at best, for this MDL.  Telles claims injury arising

from the taking of empty, or partially empty, Neurontin capsules received from a pharmacy.

Telles has answered the discovery in this MDL.  Although her responses to template discovery

are not complete, the template discovery in this case was aimed at the typical fact patterns

presented by cases in this MDL.  Claims such as Telles's present different issues.  While an early

motion to remand filed by Telles would have effectuated the intent of Rule 1 of the Federal

Rules of Civil Procedure, the nature of the case was equally apparent to Pfizer from the

Complaint.

    In these unusual circumstances, dismissal or sanctions for any shortcomings in

compliance with the template discovery (which the Court crafted for different claims raising

---

system reflects that their former counsel received the December 12, 2012 Order electronically,
although he did not file a certification of service upon his former client.  Each of the remaining
non-certifying pro-se Plaintiffs is a former client of the Schwartz Firm.  The CM-ECF system
likewise reflects Mr. Schwartz's receipt of the December 12, 2012 Order directing that he serve
that Order upon them, although he likewise did not certify service as required.

different issues), is not warranted.  Accordingly, I RECOMMEND that the Court DENY the

Defendant's Motion to Dismiss (Docket # 4045), ALLOW the Plaintiff's Motion to Remand

(Docket # 4050) and REMAND this case to the Western District of Texas with the

recommendation, in light of the foregoing, that that Court determine the proper nature and scope

of further written discovery (whether by new discovery, or by supplementation of existing

requests)  as well as provide the Parties with an opportunity to take depositions after the

conclusion of any such written discovery.

     3.  Remand

The proceedings regarding the individual products liability actions in this MDL are now

complete.  Accordingly, I RECOMMEND that the Court REMAND all of the individual

products liability actions at this time, with the exception of those cases reported settled and

awaiting completion of the final settlement papers.  See Docket # 4073; Electronic Order of

March 6, 2013 (extending to June 11, 2013 deadline for completing settlement papers).[2]

/s/ Leo T. Sorokin
Chief United States Magistrate Judge

---

[2] The Parties are hereby advised that any party who objects to these proposed findings
and recommendations must file a written objection thereto within 14 days of receipt of this
Report and Recommendation.  The written objections must identify with specificity the portion
of the proposed findings, recommendations, or report to which objection is made, and the basis
for such objections.  See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b).  The parties are further
advised that the United States Court of Appeals for this Circuit has repeatedly indicated that
failure to comply with Rule 72(b) will preclude further appellate review of the District Court's
order based on this Report and Recommendation.  See Keating v. Secretary of Health and
Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792
F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980);
United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13,
14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).