

**New York**
White Plains Plaza
One North Broadway
White Plains, NY 10601-2310

914-997-0500 Telephone
914-997-0035 Fax

**www.lowey.com**

**Pennsylvania**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428-2977

610-941-2760 Telephone
610-862-9777 Fax

May 28, 2013

**Via ECF**

Honorable Patti B. Saris
Chief United States District Judge
United States District Court
 for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way – Suite 2500
Boston, MA 02210

Re:    *Aetna, Inc. v. Pfizer, Inc., et al.*, No. 1:04-cv-10981-PBS

Dear Chief Judge Saris:

We represent Plaintiff Aetna, Inc. ("Aetna") in the referenced case.

By Opinion and Judgment entered April 3, 2013 (Dkt. Nos. 4083, 4084), the United States Court of Appeals for the First Circuit ("First Circuit"): (1) reversed this Court's April 20, 2011 entry of summary judgment for Defendants Pfizer, Inc. and Warner-Lambert Company, LLC ("Pfizer") as to Aetna's claims under the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*; and (2) vacated summary judgment as to Aetna's claims under the Pennsylvania Insurance Fraud Statute, 18 Pa. C.S.A. § 4117. *In re Neurontin Mktg., Prods. Liab. & Sales Prac. Litig.*, 677 F. Supp. 2d 479 (D. Mass. 2010), *judgment rev'd in part by, vacated in part by In re Neurontin Mktg., Prod. Liab. & Sales Prac. Litig.*, 712 F.3d 51 (1st Cir. 2013)) ("Aetna Appeal"). In related appeals, the First Circuit: (1) affirmed this Court's July 27, 2011 Judgment in favor of Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals, *In re Neurontin Mktg., Prod. Liab. & Sales Prac. Litig.*, 712 F.3d 21 (1st Cir. 2013) ("Kaiser Appeal"); and (2) reversed in part and vacated in part this Court's June 28, 2011 Judgment entered for Pfizer and against plaintiffs Harden Manufacturing Company and others. *In re Neurontin Mktg., Prod. Liab. & Sales Prac. Litig.*, 712 F.3d 60 (1st Cir. 2013) ("Harden Appeal").

Pfizer sought a stay of the First Circuit mandate in all three appeals. On May 7, 2013, the First Circuit denied the applications for failure to meet the required criteria, but granted Pfizer a stay of 14 days to seek a stay from the United States Supreme Court. *E.g., Aetna Order*, annexed as Exhibit "A." Pfizer filed applications for stays of the Kaiser and Harden mandates with Circuit Justice Stephen Breyer, but did not apply for a stay of the mandate in the Aetna Appeal. The First Circuit issued the mandate in Aetna's Appeal today (copy attached as Exhibit "B"), and this case is back before Your Honor on remand.

117665



Honorable Patti B. Saris
May 28, 2013
Page 2

Aetna requests a status conference to schedule the remaining pretrial and trial proceedings in this case. Aetna proposes it first file a motion for issue preclusion to eliminate relitigation of issues that were finally determined in the Kaiser trial, including, *inter alia*, findings concerning defendants' Neurontin publication strategy, *In re Neurontin Mktg. & Sales Practices Litig.*, 04-CV-10739-PBS, 2011 WL 3852254, at * 7 (D. Mass. Aug. 31, 2011), Neurontin's FDA approval history, *id.*, at *10, both the duration and facts of the marketing campaign by indication, *id.* at *12-28, and the standards governing, and facts relating to, efficacy of Neurontin by indication, *id.* at *35-45.

Issue preclusion is appropriate as to facts and issues that were actually litigated, determined by a jury or the Court in a final judgment, and whose determinations were essential to the judgment. *Ríos- Piñeiros v. United States*, No. 12-1618, 2013 WL 1502187, at *2 (Apr. 15, 2013) (citing *Mihos v. Swift*, 358 F.3d 91, 101 (1st Cir. 2004) and quoting *Restatement (Second) of Judgments*, § 27 (1982)); *see also Manganella v. Evanston Ins. Co.*, 700 F.3d 585, 591 (1st Cir. 2012) (outlining issue preclusion standards).

Issue preclusion applies "even where the first, or issue preclusive, judgment is still on appeal . . . ." *In re Kane*, 254 F.3d 325, 328 (1st Cir. 2001) (citing, *inter alia, Ruyle v. Cont'l Oil Co.*, 44 F.3d 837, 846 (10th Cir. 1994), *cert. denied,* 516 U.S. 906 (1994)); *see also Pure Distributors, Inc. v. Baker*, 285 F.3d 150, 157 n.5 ("finality" for issue preclusion is "broadly" understood as "any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded preclusive effect.") (citing *Restatement (Second) of Judgments* § 13 (1982)). The First Circuit's detailed opinion affirming this Court's and the jury's findings following the Kaiser trial is "sufficiently firm" for preclusive effect.

We conferred with counsel for Pfizer concerning a proposed briefing schedule for the issue preclusion motion but have not yet reached agreement.

Thank you in advance for your consideration of Aetna's request for this status conference.

Respectfully submitted,

Peter D. St. Phillip, Jr.

Enclosures

cc:     All Counsel of Record (via email)

117665

# EXHIBIT A

# United States Court of Appeals
## For the First Circuit

No. 11-1595

IN RE: NEURONTIN MARKETING AND SALES PRACTICES LITIGATION,

AETNA, INC.,

v.

PFIZER, INC., ET AL.,

Defendants, Appellees.

ORDER OF COURT

Entered: May 7, 2013

Appellees' motion to stay mandate is denied for failure to meet the applicable criteria; however, we hereby grant a temporary stay of 14 days, until May 21, 2013, to permit appellees the opportunity to seek a stay in the Supreme Court.

By the Court:
/s/ Margaret Carter, Clerk.

cc:
Katherine Anne Armstrong
Mark S. Cheffo
Richard W. Cohen
Gerald Lawrence
Peter Dexter St. Phillip Jr.

# EXHIBIT B

# United States Court of Appeals
## For the First Circuit

No. 11-1595

IN RE: NEURONTIN MARKETING AND SALES PRACTICES LITIGATION

----------------------------------------------------------------------------

AETNA, INC.

Plaintiff - Appellant

v.

PFIZER, INC.; WARNER-LAMBERT COMPANY, LLC

Defendants - Appellees

**MANDATE**

Entered: May 28, 2013

In accordance with the judgment of April 3, 2013, and pursuant to Federal Rule of Appellate Procedure 41(a), this constitutes the formal mandate of this Court.

By the Court:

/s/ Margaret Carter, Clerk

cc:
Katherine Anne Armstrong
Mark S. Cheffo
Richard W. Cohen
James R. Dugan II
Gerald Lawrence
Douglas Robert Plymale
Theodore Populis
Peter Dexter St. Phillip Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| IN RE NEURONTIN MARKETING, ) | MDL Docket No. 1629 |
| SALES PRACTICES AND ) | |
| PRODUCTS LIABILITY LITIGATION ) | |
| ) | |
| _____ ) | Master File No. 04-10981 |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| *Aetna, Inc. v. Pfizer, Inc., et al.,* ) | Judge Patti B. Saris |
| No. 1:04-cv-10981-PBS ) | |
| ) | |
| _____ ) | |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served

pursuant to Local Rule 5.2(b).

Dated: May 28, 2013

/s/ Peter D. St. Phillip, Jr.
Peter D. St. Phillip, Jr.