# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:   NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>*Kaiser Foundation Health Plan, Inc., et al. v. Pfizer, Inc., et al.* (1:04-cv-10739) | Chief Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |

## [PROPOSED] STIPULATED ORDER RE: SATISFACTION OF JUDGMENT SUBJECT TO RESERVATION OF RIGHTS

WHEREAS, on March 25, 2010, the jury entered a verdict in favor of Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively "Kaiser"), as against Pfizer, Inc. and Warner-Lambert Company (collectively "Pfizer"), finding that Pfizer violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 ("RICO"), and awarding Kaiser damages of $47,363,092 ("RICO Damages") (Dkt. 2760);

WHEREAS, on November 3, 2010, and August 31, 2011, the Court issued Findings of Fact and Conclusions of Law, ruling that Pfizer violated the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"), awarding Kaiser $65,418,419 in restitution (Dkts. 3120 & 3602);

WHEREAS, on January 27, 2011, the Court trebled the RICO Damages award to Kaiser to $142,089,276 ("RICO Treble Damages Award"), and the Court awarded pre-judgment interest on the UCL claim, resulting in a total UCL restitution award of $102,967,570 ("UCL Restitution Award") (Dkt. 3268);

WHEREAS, on February 22, 2011, the Court entered Judgment:

       (1) On the RICO Treble Damages Award, plus costs, plus post-judgment interest ("RICO Post-Judgment Interest"), in amounts as yet to be determined, under RICO;

       (2) On the UCL Restitution Award, plus post-judgment interest under the UCL ("UCL Post-Judgment Interest"); and

       (3) Ordered that Kaiser may elect to collect from Pfizer either the RICO Treble Damages Award or UCL Restitution Award, but not both

(items (1), (2), and (3), above, collectively, "Judgment") (Dkt. 3326);

WHEREAS, on February 7, 2011, the Court entered a stay of proceedings relating to Kaiser's forthcoming request for costs, including reasonable attorney's fees, until after resolution of an appeal (Dkt. 3288);

WHEREAS, on August 18, 2011, the Court ordered that a stay on execution of Judgment would remain in place until after the resolution of an appeal (as assented to by the parties) (Dkt. 3586);

WHEREAS, on August 31, 2011, the Court joined as additional plaintiffs Kaiser Foundation Health Plan of Colorado, Kaiser Foundation Health Plan of Georgia, Inc., Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc., Kaiser Foundation Health Plan of Northwest, and Kaiser Foundation Health Plan of Ohio (collectively, the "Kaiser Subsidiaries"), and ruled that Kaiser Foundation Health Plan, Inc., and the Kaiser Subsidiaries "may determine themselves how to divide the amount of restitution among the companies" (Dkt. 3601);

WHEREAS, on September 20, 2011, Pfizer appealed certain Orders of the Court, including the Judgment (Dkt. 3634);

WHEREAS, on April 3, 2013, the United States Court of Appeals for the First Circuit affirmed the Judgment of this Court in its entirety (Dkt. 4082);

WHEREAS, on May 29, 2013, the United States Court of Appeals for the First Circuit issued the mandate of affirmance to this Court (Dkt. 4113);

WHEREAS, Kaiser elects to collect the RICO Treble Damages Award;

WHEREAS, Kaiser and Pfizer (collectively, the "Parties") stipulate that the total amount of RICO Post-Judgment Interest is $961,438.66;

WHEREAS, RICO provides that prevailing plaintiffs "shall recover . . . the cost of the suit, including a reasonable attorney's fee," 18 U.S.C. § 1964(c), and Kaiser shall apply to the Court for an award of such costs under RICO ("Attorney's Fees and Costs");

WHEREAS, Pfizer intends to petition the United States Supreme Court for *certiorari* review and reversal of the Judgment of the First Circuit Court Appeals;

WHEREAS, on June 13, 2013, the Court ordered the parties to file a briefing schedule as to Kaiser's forthcoming application for an award of Attorney's Fees and Costs by July 5, 2013 (Dkts. 4125 & 4126);

WHEREAS, in accord with the Court's Order of June 13, 2013, Pfizer may pay the Judgment and Kaiser may file a Notice of Satisfaction of Judgment on the RICO Treble Damages Award and RICO Post-Judgment Interest prior to: (i) Kaiser's application for an award of Attorney's Fees and Costs; (ii) any award of such Attorney's Fees and Costs by the Court; (iii) entry of an additional, amended, or otherwise supplemental judgment by the Court in favor of Kaiser as against Pfizer on any such award of Attorney's Fees and Costs; and (iv) satisfaction or enforcement of any such judgment on Attorney's Fees and Costs by Kaiser as against Pfizer;

WHEREAS, pursuant to the Court's Order of June 13, 2013, Kaiser's application for an award of Attorney's Fees and Costs shall be briefed, and, any amounts subsequently awarded to Kaiser pursuant to said application, shall be in addition to any amounts paid to Kaiser in satisfaction of the Judgment, as provided herein;

**WHEREFORE, THE PARTIES DO HEREBY AGREE AND STIPULATE:**

1.       Kaiser and the Kaiser Subsidiaries are Judgment Creditors on the Judgment.

2.       Pfizer is Judgment Debtor on the Judgment.

3.       Pfizer shall remit to Kaiser or its agent $143,050,714.66 on June 21, 2013, by wire transfer to such account and in such manner as agreed to by the Parties ("Payment");

4.       With the exception of any Attorney's Fees and Costs as will be applied for and as may be awarded to Kaiser at some future date under RICO, the Payment shall fully satisfy the Judgment with respect to all monies due and payable to Kaiser and the Kaiser Subsidiaries as Judgment Creditors.

5.       Within seven (7) business days after the Payment is made in accordance with Paragraph 3, herein, Kaiser shall file with the Court a Notice of Satisfaction of Judgment, in substantially the form attached hereto as Exhibit A.

6.       Neither the Payment of the RICO Treble Damages Award, nor the Payment of the RICO Post-Judgment Interest, nor the filing of the Notice of Satisfaction of Judgment, shall be construed to waive, prejudice, or otherwise impair the ability of either of the Parties to move to alter, amend, or otherwise supplement the Judgment with respect any subsequent award of Attorney's Fees and Costs under RICO.

7.       Neither the Payment of the RICO Treble Damages Award, nor the Payment of the RICO Post-Judgment Interest, nor the filing of the Notice of Satisfaction of Judgment, shall be

construed to waive, prejudice, or otherwise impair the ability of Pfizer to petition the United States Supreme Court for *certiorari* review and reversal of the Judgment of the First Circuit Court Appeals.

8.     The Parties understand and agree that proceedings on Kaiser's forthcoming application for Attorney's Fees and Costs under RICO shall be conducted pursuant to a briefing schedule to be proposed by the Parties and set by the Court pursuant to the Order of the Court on June 13, 2013, and as otherwise directed by the Court.

9.     The Parties understand and agree that nothing herein shall bar Kaiser from applying for or being awarded Attorney's Fees and Costs under RICO, subsequent to (i) the Payment by Pfizer of the RICO Treble Damages Award and the RICO Post-Judgment Interest to Kaiser; or (ii) the filing of the Notice of Satisfaction of Judgment by Kaiser.  Any Attorney's Fees and Costs awarded to Kaiser shall be in addition to the Payment of the RICO Treble Damages Award and the RICO Post-Judgment Interest, as provided herein.

10.     If the Supreme Court vacates or reverses the judgment of the First Circuit Court of Appeals, then, within thirty (30) days after the Supreme Court's mandate issues, Kaiser shall refund the Payment to Pfizer by wire transfer to such account and in such manner as agreed to by the Parties.

11.     Nothing in this Order shall operate to prevent, prohibit, or otherwise impair the ability of the Parties to settle or otherwise resolve all or part of this matter.

Date: June 18, 2013

Respectfully Submitted.

By: */s/ Mark S. Cheffo*
   Mark S. Cheffo *(pro hac vice)*
   Katherine Armstrong *(pro hac vice)*
   QUINN EMANUEL URUQHART &
   SULLIVAN LLP
   51 Madison Avenue, 22nd Floor
   New York, New York 10010
   Tel. 212-849-7000
   Fax. 212-849-7100
   markcheffo@quinnemanuel.com
   katherinearmstrong@quinnemanuel.com

*Attorneys for Defendants and Judgment Debtors Pfizer Inc. and Warner-Lambert Company LLC*

By: */s/ Linda P. Nussbaum*
   Linda P. Nussbaum *(pro hac vice)*
   GRANT & EISENHOFER P.A.
   485 Lexington Avenue
   New York, NY 10017
   Tel. 646-722-8500
   Fax. 646-722-8501
   lnussbaum@gelaw.com

*Attorney for Plaintiffs and Judgment Creditors Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals*

**IT IS SO ORDERED.**

Date: _____     By: _____

CHIEF JUDGE PATTI B. SARIS
UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused this document to be filed through the Court's

CM/ECF system, the operation of which will electronically transmit the foregoing to the

registered CM/ECF participants in this matter, as identified on the Notice of Electronic Filing

(NEF).

Date:  June 18, 2013.

By: */s/ Linda P. Nussbaum*
Linda P. Nussbaum *(pro hac vice)*
GRANT & EISENHOFER P.A.
485 Lexington Avenue
New York, NY 10017
Tel. 646-722-8500
Fax. 646-722-8501
lnussbaum@gelaw.com

*Attorney for Plaintiffs and Judgment Creditors*