UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>*Harden Manufacturing Corp., et al. v. Pfizer, Inc., et al.* | Chief Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |

**PFIZER'S PROPOSED BRIEFING SCHEDULE REGARDING
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

At the June 13, 2013, status conference in this matter the Court asked the parties to submit proposed briefing schedules regarding three motions, including: (1) Aetna's forthcoming motion for issue preclusion/collateral estoppel; (2) Kaiser's forthcoming application for attorney's fees; and (3) Class Plaintiffs' forthcoming motion for class certification. Counsel for Pfizer and Aetna agreed on a proposed briefing schedule, which was so-ordered yesterday. (*See* Dkt. 4135 & Electronic Order of July 2, 2013.) However, counsel for Pfizer and Class Plaintiffs' have been unable to reach agreement on a briefing schedule for the class certification motion.

Class Plaintiffs filed their proposed schedule earlier today. (*See* Dkt. 4137.) In response, Pfizer submits the following proposed schedule:

| Document | Due Date |
|---|---|
| Plaintiffs' Memorandum in Support | 10/15/13 |
| Pfizer's Memorandum in Opposition | 11/12/13 |
| Plaintiffs' Reply Memorandum | 12/3/13 |
| Pfizer's Surreply Memorandum | 12/24/13 |

Pfizer submits that these dates are reasonable and will allow all parties sufficient time to properly brief the issues before the court.  In contrast, Plaintiffs' proposed dates are needlessly burdensome.  For example, Plaintiffs propose that Pfizer's memorandum in opposition be due on August 30, 2013 – the same day that Pfizer's certiorari petitions are due in the United States Supreme Court.  (*See* Class Plaintiffs' Proposal [4137] at 2.)

Recognizing this, Plaintiffs state that they do not object to a one-month extension of their proposed deadlines.  (*See id.* at 2 & n.1.)  Accordingly, Plaintiffs propose an alternative schedule under which their opening brief would be due September 3, 2013; Pfizer's opposition would be due September 30, 2013; Plaintiffs' reply would be due October 21, 2013; and Pfizer's surreply would be due November 12.  (*See id.*)  Pfizer does not believe these alternative dates allow sufficient time.  However, given Plaintiffs' assent to these dates, the Court should not grant Plaintiffs' initial request for an even earlier briefing schedule.

The parties' principal scheduling dispute concerns discovery.  Pfizer submits that additional discovery is warranted due to significant changes in the law that have occurred since Plaintiffs filed their renewed class certification motion in 2007.  Significantly, the Supreme Court recently held that, to support a motion for class certification, a plaintiff must "establish[] that damages are capable of measurement on a classwide basis." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013).  Pfizer intends to request additional discovery to determine whether Plaintiffs' proposed class can meet this standard.  For example, variations in class members' actuarial practices and premium setting could impact their ability to demonstrate damages on a classwide basis.  As the Eleventh Circuit has held, a third-party payer that pays for allegedly inappropriate prescriptions sustains no cognizable injury if it adjusted its premiums to account for the additional costs.  See *Ironworkers Local Union 68 v. AstraZeneca Pharms.*, LP, 634 F.3d

2

1352, 1368 (11th Cir. 2011).  Further, in the *Kaiser* case, this Court found that "physicians would have almost certainly prescribed alternative medication to their patients had they not prescribed Neurontin." *In re Neurontin Mktg. & Sales Practices Litig.*, 04-CV-10739, 2011 WL 3852254, at *33 (D. Mass. Aug. 31, 2011), *aff'd*, 712 F.3d 21 (1st Cir. 2013).  Pfizer intends to request additional discovery regarding Plaintiffs' coverage and payment for alternative bipolar medications.

Pfizer believes that its proposed briefing schedule would allow sufficient time for this discovery to take place.  However, Plaintiffs have indicated that they object to any further discovery.  (*See* Class Plaintiffs' Proposal [4137] at 2.)  Should the Court require briefing regarding Pfizer's right to conduct further discovery, Pfizer submits that Plaintiffs' class certification motion should be postponed until the discovery issue is resolved.

WHEREFORE, for the reasons set forth above, Pfizer requests that the Court enter the proposed briefing schedule for Plaintiffs' forthcoming motion for class certification.

Dated: July 3, 2013                              Respectfully submitted,

                                                       QUINN EMANUEL URQUHART
                                                          & SULLIVAN, LLP

                                                       By:     /s/ Mark S. Cheffo
                                                                Mark S. Cheffo

                                                         51 Madison Avenue, 22nd Floor
                                                         New York, NY  10010
                                                         (212) 849-7000
                                                         Email:  markcheffo@quinnemanuel.com

                                                         *Attorneys for Defendants Pfizer Inc and*
                                                         *Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I, Mark S. Cheffo, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) on July 3, 2013.

Dated: July 3, 2013                                  /s/ Mark S. Cheffo
                                                     Mark S. Cheffo