# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>*Kaiser Foundation Health Plan, Inc., et al. v. Pfizer, Inc., et al.* (1:04-cv-10739) | Chief Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |

## KAISER'S PROPOSAL RE: SCHEDULE FOR KAISER'S FORTHCOMING MOTION FOR ATTORNEY'S FEES AND COSTS

Pursuant to the Court's Order of June 14, 2013 (Dkt. 4126), Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively "Kaiser"), propose the following schedule on Kaiser's forthcoming motion for attorney's fees and costs:

| | |
|---|---|
| Kaiser's Motion: | August 1, 2013 |
| Pfizer's Response: | August 22, 2013 [+21 days] |
| Kaiser's Reply: | September 12, 2013 [+21 days] |

This schedule would provide enough time for the parties to fully brief the issues, while positioning the matter for referral to a magistrate or mediator in an expeditious manner, consistent with the Court's preferences expressed at the June 13, 2013 status conference. (*See* Hearing Tr. at 21, 27.)

In an effort to stipulate to a schedule, the parties exchanged proposals prior to the filing of this letter. The parties were, however, unable to reach agreement. Pfizer proposed an extended briefing schedule, such as on Aetna's Collateral Estoppel/Issue Preclusion Motion and apparently on Class Plaintiffs' Supplemental Class Certification Motion. Kaiser and Pfizer are, however, at a different juncture in this case than are Pfizer and the parties in the Aetna and Class

cases, and so Kaiser should have its own independent schedule for briefing fees and costs.  (*See* Hearing Tr. at 20.)   The fees motion here is a relatively simple matter; no extended briefing schedule is required or justified.

Briefing the fee application is a different task than the substantive motions in the other cases, making a shorter schedule appropriate in this case.  The trial and appeal are over; all that remains is the ancillary matter of fees and costs.   Indeed, as part of the original judgment affirmed by the First Circuit, the Court already awarded Kaiser costs, (Dkt. 3326), which include reasonable attorney's fees under RICO, as a matter of law.  Section 1964(c) of RICO provides in part, "Any person injured in his business or property by reason of a violation of Section 1962 . . . shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee."  18 U.S.C. § 1964(c).  Deciding the amount of fees and costs to be awarded Kaiser is all that is left to do.

Furthermore, lengthy litigation over fees, such as may be contemplated by Pfizer's proposal, is disfavored.  The Supreme Court has "emphasize[d]" that "the determination of fees should not result in a second major litigation.   The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award.   But trial courts need not, and indeed should not, become green-eyeshade accountants.  The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.  So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."  *Fox v. Vice,* 131 S. Ct. 2205, 2216 (2011).  Consistent with its performance throughout this litigation, Kaiser commits to submit appropriate documentation in support of its forthcoming fees request; no discovery or protracted proceedings will be required.

In addition, briefing fees in August should not interfere with Pfizer's ability to prepare its anticipated petition for *certiorari*, which Pfizer already has had three months to prepare.  In fact, Kaiser's proposal is designed not to coincide with the August 30 due date for Pfizer's petition; Pfizer's brief would be due more than one week prior to the due date for the petition under Kaiser's proposed schedule.  If any party would be burdened by Kaiser's schedule, moreover, it would be Kaiser itself, which would be required to complete its reply brief on fees while it prepares its opposition to the *certiorari* petition in September.  If Kaiser can brief fees and *certiorari* at the same time, then so can Pfizer; it should not be heard to argue otherwise.

A Proposed Order setting forth Kaiser's Proposed Schedule is filed herewith as Exhibit A.

Date: July 3, 2013

Respectfully Submitted.

By: */s/ Linda P. Nussbaum*
   Linda P. Nussbaum *(pro hac vice)*
   GRANT & EISENHOFER P.A.
   485 Lexington Avenue
   New York, NY 10017
   Tel. 646-722-8500
   Fax. 646-722-8501
   lnussbaum@gelaw.com

   *Attorney for Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused this document to be filed through the Court's CM/ECF system, the operation of which will electronically transmit the foregoing to the registered CM/ECF participants in this matter, as identified on the Notice of Electronic Filing (NEF).

Date:  July 3, 2013.

By: */s/ Linda P. Nussbaum*
    Linda P. Nussbaum *(pro hac vice)*
    GRANT & EISENHOFER P.A.
    485 Lexington Avenue
    New York, NY 10017
    Tel. 646-722-8500
    Fax. 646-722-8501
    lnussbaum@gelaw.com

    *Attorney for Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals*