UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>*Kaiser Foundation Health Plan, Inc., et al. v. Pfizer, Inc., et al. (1:04-cv-10739)* | Chief Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |

**PFIZER'S PROPOSED BRIEFING SCHEDULE REGARDING
KAISER'S MOTION FOR ATTORNEY'S FEES**

At the June 13, 2013, status conference in this matter the Court asked the parties to submit proposed briefing schedules regarding three motions, including: (1) Aetna's forthcoming motion for issue preclusion/collateral estoppel; (2) Kaiser's forthcoming application for attorney's fees; and (3) Class Plaintiffs' forthcoming motion for class certification. Counsel for Pfizer and Aetna agreed on a proposed briefing schedule, which was so-ordered yesterday. (*See* Dkt. 4135 & Electronic Order of July 2, 2013.) However, counsel for Pfizer and Kaiser have been unable to reach agreement on a briefing schedule for the attorney's fees motion.

Kaiser filed its proposed schedule earlier today. (*See* Dkt. 4139.) In response, Pfizer submits the following proposed schedule:

| Document | Due Date |
|---|---|
| Kaiser's Memorandum in Support | 9/13/13 |
| Pfizer's Memorandum in Opposition | 10/15/13 |
| Kaiser's Reply Memorandum | 11/7/13 |
| Pfizer's Surreply Memorandum | 11/25/13 |

Pfizer submits that these dates are reasonable and will allow all parties sufficient time to properly brief the issues before the court. In contrast, Kaiser's proposed dates are needlessly burdensome. As Kaiser recognizes, its proposed schedule would require Pfizer to file its opposition to the attorney's fees motion just over one week before the deadline for Pfizer's certiorari petitions to the United States Supreme Court. (*See id.* at 3.) This would distract Pfizer's focus during a critical stage of the drafting process for the certiorari petitions. Counsel for Aetna and Class Plaintiffs have both recognized this issue and agreed to file their motions after the certiorari deadline. (*See* Dkt. 4135 & 4137.) Kaiser's counsel alone refuses to make this accommodation.

Kaiser argues that "[i]f any party would be burdened by Kaiser's schedule, moreover, it would be Kaiser itself, which would be required to complete its reply brief on fees while it prepares its opposition to the certiorari petition in September." (Kaiser's Proposal [4139] at 3.) Even if the premise of this argument were correct, Kaiser fails to explain why Pfizer would not also be prejudiced if forced to simultaneously brief its certiorari petition and its opposition to Kaiser's attorney's fees application. But the premise is not correct. Kaiser's argument omits the fact that its "reply brief on fees" and "opposition to the certiorari petition" will be prepared by *two different law firms*. Kaiser retained separate appellate counsel for the First Circuit appeal and recently acknowledged that this same appellate counsel will continue to represent Kaiser in the Supreme Court.

        THE COURT:        And who's going to handle the appeal on your end?

        MS. NUSSBAUM:    David Frederick.

(6/13/13 Hearing Tr. at 28:15-17.)  By contrast, undersigned counsel's office will be responsible for briefing Pfizer's certiorari petitions and Pfizer's memoranda in opposition to the three forthcoming motions in this Court.

Kaiser also assures the Court that an accelerated briefing schedule is warranted because determining the amount of recoverable attorney's fees is "a relatively simple matter" and "no discovery or protracted proceedings will be required." (Kaiser's Proposal [4139] at 2.)  Yet, at the recent status conference, Kaiser's counsel was unable to respond to the Court's request for even a "[b]allpark" figure, beyond stating that Kaiser will be seeking "millions and millions of dollars." (6/13/13 Hearing Tr. at 11:18-23.)   Plainly, the issue of attorney's fees in this case will be more complex than in the typical case.  Given the enormous figures alluded to by Kaiser's counsel, Pfizer must be permitted sufficient time to thoroughly analyze and respond to Kaiser's submissions, including, if necessary, obtaining discovery.

WHEREFORE, for the reasons set forth above, Pfizer requests that the Court enter the proposed briefing schedule for Kaiser's forthcoming motion for attorney's fees.

Dated: July 3, 2013　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　QUINN EMANUEL URQUHART
　　　　　　　　　　　　　　　　　　　　　  & SULLIVAN, LLP

　　　　　　　　　　　　　　　　　　　　　By:    /s/ Mark S. Cheffo
　　　　　　　　　　　　　　　　　　　　　         Mark S. Cheffo

　　　　　　　　　　　　　　　　　　　　　51 Madison Avenue, 22nd Floor
　　　　　　　　　　　　　　　　　　　　　New York, NY  10010
　　　　　　　　　　　　　　　　　　　　　(212) 849-7000
　　　　　　　　　　　　　　　　　　　　　Email:  markcheffo@quinnemanuel.com

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants Pfizer Inc and*
　　　　　　　　　　　　　　　　　　　　　*Warner-Lambert Company LLC*

## **CERTIFICATE OF SERVICE**

I, Mark S. Cheffo, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) on July 3, 2013.

Dated: July 3, 2013                                         /s/ Mark S. Cheffo
                                                            Mark S. Cheffo