UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 <br><br> Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: <br><br> HARDEN MANUFACTURING CORPORATION; LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, d/b/a BLUE CROSS/BLUE SHIELD OF LOUISIANA; ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST; JAN FRANK WITYK; and GARY VARNAM, on behalf of themselves and all others similarly situated, <br><br>    Plaintiffs, <br><br> v. <br><br> PFIZER INC. and WARNER-LAMBERT COMPANY, <br>    Defendants. | Judge Patti B. Saris <br><br> Mag. Judge Leo T. Sorokin |

**CLASS PLAINTIFFS' POST-MANDATE MOTION FOR CLASS CERTIFICATION**

Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), plaintiffs Louisiana Health Service Indemnity Company d/b/a Blue Cross/Blue Shield of Louisiana ("BCBSLA"), ASEA/AFSCME Local 52 Health Benefits Trust ("ASEA"), and Harden Manufacturing Company ("Harden"), collectively (as "Class Plaintiffs"), hereby move to certify the following class in the action Harden Manufacturing Corp. v. Pfizer, Inc., D. Mass., No. 04-10981:

All private, non-governmental entities in the United States and its territories that paid or reimbursed all or part of the cost of Neurontin prescribed, provided, or administered to natural persons covered by any contract, policy, or plan, for bipolar and other mood disorders from November 1995 through December 2004. Such entities include, but are not limited to, insurance companies, union health and welfare plans, entities with self-funded plans that contract with a health insurance company or other entity to serve as a third-party claims administrator to administer their prescription drug benefits, private entities paid by any governmental entity (including a state Medicaid program), and other organizations.

Excluded from the proposed class are Pfizer, Inc. and Warner-Lambert Company, LLC (together, "Defendants"), and any entity in which any Defendant has a controlling interest, and their legal representatives, officers, directors, assignees and successors and any co-conspirators. Also excluded are any judge or justice to whom this case is assigned, together with any relative of such judge or justice within the third degree of relationship and the spouse of any such person, and any entity in which any such person has a controlling interest, and their legal representatives, officers, directors, assignees and successors.

The Class Plaintiffs also move for the appointment of BCBSLA, ASEA, and Harden as class representatives and that pursuant to Fed. R. Civ. P. 23(g), the following attorneys and their law firms be appointed as Class Counsel: Thomas M. Greene, Greene LLP; Thomas M. Sobol, Hagens Berman Sobol Shapiro LLP; Elizabeth Cabraser, Lieff, Cabraser, Heimann & Bernstein LLP; Don Barrett, Barrett Law Office; Daniel Becnel, Law Offices of Daniel Becnel, Jr.; and James Dugan, The Dugan Law Firm.

In support thereof, the Class Plaintiffs state:

1. The Class Plaintiffs have previously moved for class certification on three occasions. In 2007, the Court denied, without prejudice, the Class Plaintiffs' first motion

for class certification.  In re Neurontin Mktg. and Sales Practices Litig., 244 F.R.D. 89 (D. Mass. 2007).  Later that year, the Class Plaintiffs moved for certification of several indication-specific subclasses (Document 1017, dated December 19, 2007), including subclasses for bipolar and other mood disorders, neuropathic pain, migraine and doses in excess of 1800 mg/day.  The Court denied that second motion in May 2009.  In re Neurontin Mktg., Sales Practices and Prods. Liab. Litig., 257 F.R.D. 315, 332-33 (D. Mass. 2009) ("2nd Class Ruling").  The Class Plaintiffs then moved for reconsideration, limiting their claim to payment for bipolar and other mood disorders prescriptions.  That third motion for class certification was also denied.  In re Neurontin Mktg. and Sales Practices Litig., 2011 WL 1882870 (D. Mass. May 17, 2011) ("Reconsideration Ruling").

2.  The Class Plaintiffs appealed the 2nd Class Ruling and Reconsideration Ruling to the Court of Appeals for the First Circuit, which vacated both decisions. Harden Manufacturing Corp. v. Pfizer, Inc. (In re Neurontin Marketing and Sales Practices Litigation), 712 F. 3d 60 (1st Cir. 2013) ("Harden").  Due to the First Circuit vacating the 2nd Class Ruling in addition to the Reconsideration Motion, the Class Plaintiffs may renew their efforts to certify classes for all indications at issue in this litigation.  At this time, however, the Class Plaintiffs only seek certification of a class which paid for prescriptions for bipolar disorder.

3.  The Class Plaintiffs seek certification in connection with their First and Second Claims for Relief, for violation of the Racketeer Influenced and Corrupt

Organizations Act, 18 U.S.C. § 1962 ("RICO"), and their Third Claim for Relief, for violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. ("NJCFA").

4.  The grounds for this motion are set forth in the accompanying Memorandum of Law in Support of Class Plaintiffs' Post-Mandate Motion for Class Certification. Additionally, the First Circuit's <u>Harden</u> opinion and its judgment vacating the <u>2nd Class Ruling</u> and the <u>Reconsideration Ruling</u>, this Court's Findings of Fact and Conclusions of Law from the <u>Kaiser</u> trial, and the pleadings and papers on file in this action, including all previous briefing on class certification, support the Class Plaintiffs' motion.

WHEREFORE, for the reasons set forth and referenced above, the Class Plaintiffs request certification of a class of third party payors as requested above.

Dated: September 3, 2013             Respectfully Submitted,

                                     By:

                                     */s/ Thomas M. Greene*
                                     Thomas M. Greene, BBO # 210020
                                     Greene LLP
                                     One Liberty Square, 12th Floor
                                     Boston, MA 02109
                                     tgreene@greenellp.com

                                     */s/ Don Barrett*
                                     Don Barrett
                                     Barrett Law Office
                                     404 Court Square North
                                     P.O. Box 987
                                     Lexington, MS 39095
                                     dbarrett@barrettlawgroup.com

>*/s/ Daniel Becnel*
>Daniel Becnel, Jr.
>Law Offices of Daniel Becnel, Jr.
>106 W. Seventh Street
>P.O. Drawer H
>Reserve, LA 70084
>dbecnel@becnellaw.com
>
>*/s/ Elizabeth J. Cabraser*
>Elizabeth J. Cabraser
>Lieff Cabraser Heimann &
>  Bernstein, LLP
>Embarcadero Center West
>275 Battery Street, 30th Floor
>San Francisco, CA 94111-3339
>ecabraser@lchb.com
>
>*/s/ James Dugan*
>James Dugan
>The Dugan Law Firm
>One Canal Street
>365 Canal St., Suite 1000
>New Orleans, LA 70131
>jdugan@dugan-lawfirm.com
>
>*/s/ Thomas M. Sobol*
>Thomas M. Sobol
>Hagens Berman Sobol Shapiro LLP
>55 Cambridge Parkway, Suite 301
>Cambridge, MA  02142
>tom@hbsslaw.com
>
>*Members of the Class Plaintiffs'*
>*Steering Committee*

## **CERTIFICATE OF SERVICE**

I, Thomas M. Greene, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 3, 2013.

Dated: September 3, 2013            */s/ Thomas M. Greene*
                                     Thomas M. Greene

5