# EXHIBIT A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(212) 735-2183
DIRECT FAX
(917) 777-2183
EMAIL ADDRESS
MARK.CHEFFO@SKADDEN.COM

April 1, 2013

BY ECF FILING

Margaret Carter, Clerk of Court
U.S. Court Of Appeals For The First Circuit
John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

      RE:    *Harden Mfg. Co., et al. v. Pfizer, Inc., et al.*, Case No. 11-1806

Dear Ms. Carter:

      Pursuant to Fed. R. App. P. 28(j), Pfizer Inc. and Warner-Lambert Company LLC ("Pfizer") submit to the Court's attention the U.S. Supreme Court's recent decision in *Comcast Corp. v. Behrend*, No. 11-864, 2013 WL 1222646 (Mar. 27, 2013) ("*Comcast*").

      In *Comcast*, the Supreme Court reversed class certification of cable subscribers' antitrust claims against their cable provider, holding that the proffered damages theory did not fit the class. *Id.* at *5. The plaintiffs had alleged that Comcast and its subsidiaries violated federal antitrust laws by entering into "unlawful swap agreements" with competitors, under which they obtained broad market share in particular geographic regions. *Id.* at *2. This strategy allegedly caused antitrust injury by eliminating competition and raising prices. *Id.* The plaintiffs proposed four theories of antitrust impact, each of which supposedly increased rates, but the district court concluded that only one of these theories could be proven on a classwide basis, and it certified a class limited to that theory. *Id.*

Margaret Carter, Clerk of Court
U.S. Court Of Appeals For The First Circuit
April 1, 2013
Page 2

Nevertheless, the plaintiffs' damages model "assumed the validity of all four theories of antitrust impact." *Id.* at *6.

The Supreme Court concluded that the class had been improperly certified. As the Court explained, "any model supporting a 'plaintiff's damages case must be consistent with its liability case.'" *Id.* at 5 (citation omitted). Because the expert's theory "did not attribute damages to any one particular theory of anticompetitive impact," but instead "assumed the validity of all four theories," the model did not fit the class. *Id.* at *6.

*Comcast* confirms that Judge Saris's properly denied class certification because "complex issues related to calculating damages make the class unmanageable." 2011 WL 1882870, at *6. It also undermines plaintiffs' argument that "the existence of individual damages calculations in class actions is rarely determinative." (Pls.' Opening Br. at 69-70.) As Judge Saris correctly recognized, Professor Rosenthal's theory of causation and damages did not fit plaintiffs' class theories because it wrongly "assumed that all off-label promotion was fraudulent." 2011 WL 1882870, at *4-5. Accordingly, as in *Comcast*, plaintiffs' "damages case" was not "consistent with [their] liability case," making class certification improper.

Respectfully submitted,

/s/ Mark S. Cheffo

Mark S. Cheffo

cc: Counsel for Plaintiffs-Appellants Harden Manufacturing Co., et al. (by ECF filing)