**EXHIBIT R**



**Grant & Eisenhofer P.A.**

1201 North Market Street
Wilmington, DE 19801
Tel: 302-622-7000 • Fax: 302-622-7100

485 Lexington Avenue
New York, NY 10017
Tel: 646-722-8500 • Fax: 646-722-8501

www.gelaw.com

1920 L Street, N.W., Suite 400
Washington, DC 20036
Tel: 202-783-6091 • Fax: 202-350-5908

Linda P. Nussbaum
Director
Tel: 646-722-8504
lnussbaum@gelaw.com

**CONFIDENTIAL
ATTORNEY WORK PRODUCT**

October 21, 2013

**VIA EMAIL AND U.S. MAIL**
Mark S. Cheffo
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue
New York, New York 10010
markcheffo@quinnemanuel.com

      Re:    *Kaiser Foundation Health Plan, et al v. Pfizer Inc., et al.* (In re Neurontin Sales & Marketing Practices Litigation, MDL No. 1629)

Dear Mark:

      I write on behalf of Kaiser in the above-referenced litigation concerning issues raised in Pfizer's opposition to Kaiser's motion for attorneys' fees and costs.

      In light of Pfizer's claims that Kaiser's application is unreasonable, because it reflects that Kaiser retained out-of-town counsel, that counsel charged unreasonably high rates, and that counsel submitted grossly overstated bills (including for attending trial with no speaking role), I write to request certain information about Pfizer counsels' office locations, rates, hours, and roles at trial. Such information is relevant to evaluating the reasonableness of the fees sought by Kaiser. *See, e.g., United States ex rel. Liotine v. CDW-Government, Inc.*, 2013 U.S. Dist. LEXIS 54882, at **5-6 (S.D. Ill. Apr. 13, 2013). Out of fairness, Kaiser should be able to review, and, if appropriate, present to the Court, information about the resources Pfizer expended to litigate, try, and appeal the Kaiser case, in order to put in to perspective the many criticisms of Kaiser's requested fees that have been raised by Pfizer.

As Pfizer notes in its opposition brief, Pfizer's lead counsel was "New York-based Skadden Arps—a preeminent international law firm renowned for its expertise, but not for its low rates." (Opp. Br. at 8 n.8.) We note too that chief trial counsel for Pfizer appeared late in the game and was no other than Raoul Kennedy, of San Francisco, California, (Dkt. 2515, Feb. 17, 2010), whose billing rate at the time was more than $1000 per hour. *See Minor v. Christies's, Inc*., 2011 U.S. Dist. LEXIS 9219, at **38-39 (N.D. Cal. Jan. 28, 2011).

In addition, Pfizer retained attorney James Hooper of Wheeler Trigg in Denver, Colorado, for trial work, specifically on expert witness issues. (Dkt. 2791.) This of course is in addition to you and your New York colleagues who, although you and others from New York attended the trial played minor speaking roles. Furthermore, although Pfizer faults Kaiser for hiring new appellate counsel; Pfizer did the same thing, retaining a new firm and lawyer, Kathleen M. Sullivan, of Quinn Emanuel in New York, to argue the appeal. (Dkt. 11-904, Jan. 17, 2013.)

Moreover, no Boston firm played a major role for Pfizer at trial, as contrasted with Kaiser, for which a major part of its trial team was Boston-based. (*See, e.g., id*. at 2) (appearances on record at Day One of Jury Trial for Pfizer consisting only of counsel from New York (Cheffo, Armstrong), San Francisco (Kennedy), and Denver (Hooper), while appearances for Kaiser included two Boston firms (Greene and Hagans Berman)).

Pfizer attacks Kaiser for retaining "out of town" counsel; attacks Kaiser's counsels' rates as those which "vastly exceed" that which is reasonable; and claims that Kaiser's counsels' hours were "grossly excessive," "duplicative," and "likely inflated." (Opp. Br. at 6-7, 14.) Pfizer also faults Kaiser for billing for trial counsel who attended trial, but had no speaking role. (*Id*. at 16.) In evaluating these accusations, Kaiser (and the Court) should have the benefit of reviewing at least some basic information about Pfizer's counsels' office locations, rates, hours, and roles at trial.

Kaiser does not seek from Pfizer detailed billing records at this time, such as have been provided by Kaiser in support of its motion. Rather, Kaiser simply asks Pfizer to identify each attorney who worked on the Kaiser matter, and, for each such attorney, to state the firm, home office, title, standard billing rate, hours worked on the Kaiser matter, and whether such counsel attended trial, and if, so, whether the attorney had a regular speaking role before the jury at trial. We would agree to treat the summary as having the highest level of confidentiality under the protective order.

Page 3

With Kaiser's reply brief due November 7, I look forward to your prompt response.

Sincerely,

Linda P. Nussbaum

cc:

Thomas Sobol
Thomas Green
Don Barrett
Dan Seltz
John Radice

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7073

WRITER'S EMAIL ADDRESS
MarkCheffo@quinnemanuel.com

October 23, 2013

<u>VIA EMAIL AND U.S. MAIL</u>
Linda P. Nussbaum
Grant & Eisenhofer P.A.
485 Lexington Avenue
New York, NY 10017
lnussbaum@gelaw.com

Re:   *Kaiser Foundation Health Plan, et al v. Pfizer Inc., et al.*

Dear Linda:

Pfizer objects to your discovery request in its entirety. Initially, I would remind you of your representation to the Court that "no discovery or protracted proceedings will be required" in connection with your fee petition. (Kaiser's Proposed Briefing Schedule [4139] at 2.) Likewise, your brief references a purported "legion of authority" discouraging such proceedings in connection with requests for attorney's fees. (Kaiser's Mem. of Law [4166] at 7 n.4.) Your brief purports to reserve Kaiser's right to seek discovery only "[i]f Pfizer seeks such discovery" first (*id.*), which Pfizer has not yet done. That Pfizer opposed your motion is not grounds for such an abrupt reversal of your position. It was Kaiser's burden in the first instance to demonstrate the reasonableness of the proffered hours and rates. It can hardly have come as a surprise that Pfizer would challenge the reasonableness of your request for more than $10.9 million in attorney's fees.

As your own brief asserts, there is a "legion of authority" denying discovery requests like yours. *See, e.g., Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 776 F.2d 646, 659 (7th Cir. 1985) (finding no abuse of discretion by district court in denying plaintiff's motion to compel discovery in connection with plaintiff's fee petition of the hours worked by Sealy's attorney). Pfizer objects to your request on the grounds of the attorney-client and attorney-work-product privileges, and because your request is not reasonably calculated to lead to the discovery of admissible evidence. The reasonableness of Pfizer's attorneys' fees is not at issue. Moreover, Pfizer readily conceded that its counsel's rates exceed the rates recoverable in this jurisdiction. (*See* Defs' Mem. of Law [4170-1] at 1, 8-9.) Under the standards applicable in this jurisdiction, Kaiser has the burden of establishing the prevailing rate for Boston-area attorneys. *See Guckenberger v. Boston Univ.*, 8 F. Supp. 2d 91, 103 (D. Mass. 1998) (Saris, J.). The rates charged by Pfizer's counsel in other states have no bearing on

Linda P. Nussbaum
October 23, 2013

this issue. Indeed, in this very litigation, the Court previously awarded Pfizer attorney's fees at the prevailing local rate of "$350 an hour for attorneys and $100 an hour for paralegals," rather than at defense counsel's actual, higher, out-of-state rates. *In re Neurontin Prods. Liab. Litig.*, No. 04-10981-PBS, 2011 WL 1326407, at *7 (D. Mass. Apr. 5, 2011).

Likewise, Pfizer conceded in connection with its prior fee application that its counsel's billing likely encompassed "potential overlapping efforts expended due to the multiple attorneys and legal assistants required" and that the fee award should be discounted accordingly. (Pfizer's Mem. in Supp. of Mot. for Attorneys' Fees & Costs [3217] at 2.) Your discovery request appears designed to prove a point that is not in dispute, namely, that Pfizer staffed the *Kaiser* trial with "multiple attorneys and legal assistants" whose efforts may have "overlapped." (*Id.*) Beyond being undisputed, this point simply does not meet the substance of Pfizer's argument or the applicable legal standards.

Finally, to the extent that any discovery is allowed in connection with Kaiser's pending motion, Pfizer reserves the right to obtain discovery regarding the factual basis for Kaiser's fee submission, including, *inter alia*: (a) how the submitting firms' purported "historical" rates were determined and whether any of these firms ever charged such rates to actual clients; (b) whether the billing entries were prepared contemporaneously or retrospectively; and (c) whether certain billing entries were accurate, e.g., an entry for 16 hours of trial-related work by an attorney who submitted an expense for a guided tour of Boston on that same day.

Sincerely,

Mark S. Cheffo

2



049J820555
$01.32
10/23/201
Mailed From 10
US POSTA

Linda P. Nussbaum
Grant & Eisenhofer P.A.
485 Lexington Avenue
New York, NY 10017

Mark Cheffo
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010



1201 North Market Street
Wilmington, DE 19801
Tel: 302-622-7000 • Fax: 302-622-7100

**Grant & Eisenhofer P.A.**

485 Lexington Avenue
New York, NY 10017
Tel: 646-722-8500 • Fax: 646-722-8501

www.gelaw.com

1920 L Street, N.W., Suite 400
Washington, DC 20036
Tel: 202-783-6091 • Fax: 202-350-5908

Linda P. Nussbaum
Director
Tel: 646-722-8504
lnussbaum@gelaw.com

**CONFIDENTIAL
ATTORNEY WORK PRODUCT v2**

October 24, 2013

**VIA EMAIL AND U.S. MAIL**
Mark S. Cheffo
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue
New York, New York 10010
markcheffo@quinnemanuel.com

    Re:    *Kaiser Foundation Health Plan, et al v. Pfizer Inc., et al.* (In re Neurontin Sales & Marketing Practices Litigation, MDL No. 1629)

Dear Mark:

    I write in reply to your letter of October 23. Kaiser is disappointed with Pfizer's refusal to provide any information with respect to its defense of this action.

    As an initial matter, there is no abrupt change in Kaiser's position. Kaiser did not serve formal discovery requests on Pfizer for documents or detailed information. Kaiser expressly did not seek to discover reams of billing records. Rather, Kaiser sought information that might provide a reasonable and fair context in which to judge Pfizer's critique and attacks on Kaiser's prosecution of this massive RICO litigation. The attacks include:

- Kaiser's counsel not being exclusives local;

- Kaiser's counsel having high rates;

- Kaiser's counsel spending too much time on the case; and

- Some of Kaiser's counsel billing for attending the trial with no speaking role.

    Since Pfizer informed Kaiser months ago that it would oppose any request for fees and costs (prior to even having the ability to ascertain whether the amount ultimately requested



Page 2

would or would not be reasonable), the fact of an opposition came as no surprise. It's the impermissible approach with green eyeshades and the content of the opposition that surprised. In light of multiple claims made by Pfizer that counsels' hours and rates are "manifestly excessive," a "gross over-reach," "grossly excessive," "grossly overstated," and "likely inflated," Kaiser is of the view that the limited amount of information requested would be helpful to provide the Court with the full picture of how this case was litigated, not only by Kaiser, but also by Pfizer.

One does not litigate against oneself; rather, a litigant needs to bring to bear resources on par with its adversary. The standard here is reasonableness. Counsels' reasonable fee cannot and should not be viewed in a vacuum, untethered to reality. This was no everyday contract or tort case. It is entirely reasonable that different resources would have—indeed, should have—been brought to bear in this groundbreaking RICO case against the largest pharmaceutical company in the world, defended by one of the largest law firms in the world. The years-long legally and factually complex case with its massive factual and expert-intensive record, demanded a more vigorous and, yes, expensive, prosecution than the average case.

Sincerely,

Linda P. Nussbaum

cc:

Thomas Sobol
Thomas Green
Don Barrett
Dan Seltz
John Radice