# EXHIBIT U

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>*Kaiser Foundation Health Plan, Inc., et al. v. Pfizer, Inc., et al.* (1:04-cv-10739) | Chief Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |

## DECLARATION OF COHEN MILSTEIN SELLERS & TOLL PLLC IN SUPPORT OF KAISER'S REPLY TO DEFENDANTS' OBJECTIONS TO MOTION FOR ATTORNEYS' FEES AND COSTS

I, Daniel A. Small, declare, under penalty of perjury, that the following is true and correct:

1. I am a partner of the law firm of Cohen Milstein Sellers & Toll PLLC ("CMST" or "my firm"). I submit this declaration in support of the reply memorandum of Plaintiffs Kaiser Foundation Health Plan, Kaiser Foundation Health Plan, Inc., and Kaiser Foundation Hospitals (collectively, "Kaiser") to objections by Defendants Pfizer Inc. and Warner-Lambert Company LLC to Kaiser's motion for attorneys' fees and costs, focusing on the services rendered by CMST. I am fully familiar with the facts set forth herein, and could and would testify to them if called upon to do so.

2. I set out below my firm's responses to Defendants' objections to my firm's time and expense entries filed on September 16, 2013 as Exhibits 1 and 3 to CMST's Declaration in Support of Kaiser's Motion for Attorney's Fees and Costs (Docket No. 4166).

3. As a general matter, CMST challenges Defendants' objections to the extent that they are applied inconsistently and arbitrarily. Defendants use different objection codes and different reductions in billed time to different time entries that describe identical work. For example, two entries by Justine Kaiser on August 22, 2005 and December 9, 2005 both bill for "Kaiser discovery issues." Despite the identical description of work, the December 9, 2005 entry is objected to on grounds that it is "vague" and "non-core" and the 0.50 hours billed are reduced to 0.13 hours, while the August 22, 2005 entry is objected to solely as vague, and the 1.00 hour billed is stricken entirely. Linda Nussbaum's substantively identical October 5, 2006 entry, labeled "Attend to Kaiser discovery issues," is not objected to at all, is labeled "Legitimate Work," and is reduced only by the 20.44% overall reduction applied by Defendants to all hours billed. However, her February 12 and 13, 2007 entries, also labeled "Attend to Kaiser discovery issues," are objected to as "Vague, Non-Core," and each is reduced from 1.00 hour to 0.27 hours.

4. These inconsistencies are not limited to Defendants' vagueness objections. For example, Marlene Gibbons' January 5, 2005 entry describing "Telephone conference with co-counsel re: Amended Complaint; Telephone call and internal email pre-Kaiser call; Telephone conference with Mitch Cohen re: Kaiser allegations; Telephone Conference with D. Seligman and J. Kaiser," is only partially objected to as "Legitimate Work, Conferencing," and the 2.75 hours billed are half-credited as block-billed and reduced to 1.82 hours, including the overall 20.44% reduction. However, other billed entries listed as "Call with co-counsel re: Am. Complaint," are objected to entirely as "Conferencing," and are more substantially reduced by a full one-third prior to the application of the

overall 20.44% reduction (see, e.g., Justine Kaiser's January 5 and 6, 2005 entries, Marlene Gibbons' January 14, 18 and 27, 2005 entries, etc.). Moreover, entries that clearly do not exclusively involve conferring with counsel are objected to entirely as "Conferencing" (see, e.g., Marlene Gibbons' January 21, 2005 entry, "Revise Neurontin AC; Telephone call with JK and D. Seighman re: AC terms" and her January 25, 2005 entry, "Review revisions to AC; Telephone call with J. Kaiser," objected to exclusively on "Conferencing" grounds when it is clear that substantive work on the Amended Complaint was billed). Inconsistently, Defendants object to Marlene Gibbons' January 21, 2005 entry as both "Legitimate Work" and "Conferencing" when that entry stated: "Work on Amended Complaint; discuss with MFG & DAS."

5. Further, Defendants' objections on UCL grounds are overbroad and use objection codes inconsistently. First, a review of CMST time records and the Kaiser case docket reveals that many entries objected to on UCL grounds also involved non-UCL related work. For example, time entries objected to on UCL grounds between February 6 and February 22, 2006 concerned drafting and finalizing briefing for a motion to dismiss all of Plaintiffs' claims, not merely Plaintiffs' UCL claims. Second, Defendants inconsistently object to time entries alternately as "Legitimate Work, UCL" and as exclusively "UCL." For example, the objection to the April 22, 2006 entry – "Read briefs and cases re: argument prep" – carries a UCL objection but is also labeled "Legitimate Work." However, time entries between April 25, 2006 and May 1, 2006 contain a variation of the same narrative – "Prep re: argument of motion," "Prep for argument," "Prepare for argument," and so on – but are objected to exclusively on UCL grounds with no "Legitimate Work" label to limit the reduction.

6. Defendants also improperly label CMST time entries as "non-contemporaneous" without a basis for the objection. Exhibit I to the Cheffo Declaration objects to 6 total entries billed by Justin Cambria as "non-contemporaneous," stating the percentage of his flat- and half-hour entries as "100%." However, Defendants' master spreadsheet in fact contains 7 entries in which Justin Cambria is the biller. Three of the seven entries—nearly half—are billed by the quarter hour (12/29/2004, 12/30/2004, and 12/31/2004). Moreover, all entries offer a detailed narrative of the work billed, strongly suggestive of contemporaneous billing. There thus is no basis for Defendants' claim that Cambria did not bill contemporaneously.

7. Additionally, Defendants' use of their "Conferencing" objection is overbroad. Defendants seek to classify all work done with co-counsel as "Conferencing," when there clearly was work done with co-counsel that was not conferencing. For example, Jason Burns' February 6, 2007 entry, "Assist co-counsel w/preparation of motion to compel brief per LPN" is objected to as "Conferencing," with the 5.75 hours billed reduced to 3.05 hours. However, there is no basis for concluding that the work billed involved conferencing with co-counsel, especially when Burns is a paralegal whose role would not have been to confer with co-counsel on briefing. The far more reasonable conclusion is that Burns assisted through cite-checking, proofing or the like, a standard role for a paralegal with respect to briefing.

8. Defendants also improperly reduce "travel time" without substantiating their claim that billable work was not performed during travel. CMST included "travel time" of certain individuals (e.g., Linda Nussbaum, Justine Kaiser, Steig Olson, and Kanchana Wangkeo Leung) because their practice was to work on the case while in transit. Indeed, based

upon the purpose of the travel (e.g., to attend hearings or status conferences), working while traveling would have been the norm. Accordingly, to the extent that supposed "non-productive" travel time is not compensable, the travel time that CMST is seeking to recover fees for was "productive." In reviewing the time records, CMST has already eliminated from its requested hours the time spent by individuals who were traveling for purposes that would not have required them to work while in transit.

9. Finally, CMST disagrees with Defendants' position that my firm's expense reimbursement should be reduced by $9,546.85 on the basis of my firm's "General Travel Expenses." See Ex. Q. Defendants provide no basis either in their Brief or in their attached spreadsheet for this reduction. Since Defendants' objection is wholly unsubstantiated, it should be rejected.

Dated November 7, 2013

_____
Daniel A. Small (#9516180149)