UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL DOCKET NO. 1629<br>CIVIL ACTION NO. 04-10981 |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | [PROPOSED] CASE MANAGEMENT ORDER NO. __ (ORDER SUPERVISING SETTLEMENT DISCUSSION AND ESTABLISHING COMMON BENEFIT AMOUNT) |

This Order is entered pursuant to this Court's inherent authority; its case management authority as an MDL Transferee Judge; its equitable jurisdiction, as articulated by the Supreme Court in its "common benefit doctrine" line of cases;[1] and, pursuant to Fed. R. Civ. P. 23(d), for the protection and benefit of absent class members on an ongoing basis.

This Order supplements *Case Management Order No. 3* to provide for reports to and supervision by the Court of settlement discussions, and establishes a common benefit account. Defendant is hereby directed and ordered to deposit in this account an amount equivalent to thirty percent (30%) of the total gross proceeds of any and all settlements reached with any third party payor ("TPP") (i) with respect to a case pending in this *Neurontin MDL* court, or (ii) with respect to an unnamed class member whose claim is 30% of any and all settlements reached with any TPP plaintiff or absent class member whose action is before this Court, or who is included within the proposed class definition set forth in the pending motion for class certification filed herein by the Plaintiffs' Steering Committee;[2] or (iii) with respect to any other TPP or consumer

---

[1] *See*, *e.g.*, *Trustees v. Greenough*, 105 U.S. 527 (1881), *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980), *Sprague v. Ticonic National Bank*, 307 U.S. 161, 166 (1939). *See also*, *In re Air Crash Disaster at Florida Everglades*, MDL No. 139, 549 F.2d 1006 (5th Cir. 1977). *See also*, *In re: Thirteen Appeals Arising Out of the San Juan DuPont Plaza Hotel* fire litigation, 56 F.3d 295 (1st Cir. 1995); *Government Employees Hospital Association v. Serono International*, 246 F.R.D. 93 (D. Mass. 2007).

[2] The class definition is as follows:

> All private, non-governmental entities in the United States and its territories that paid or reimbursed all or part of the cost of Neurontin prescribed, provided, or administered to natural persons

with Defendant purports to settle a Neurontin sales and marketing claim.

      In establishing this account, this Court expresses no opinion or prediction regarding an amount, if any, to be awarded as common benefit or class counsel fees or costs in these proceedings.  This Order simply establishes a fund from which common benefit fees and costs, if any, might later be disbursed.  Such common benefit funds are often used by Courts in the MDL context where the Court appoints a Plaintiffs Steering Committee and other lead or liaison plaintiff counsel to organize and spearhead the litigation on behalf of thousands of claimants and hundreds of attorneys.  *See Florida Everglades*, 549 F.2d 1006, 1017-18 (5th Cir. 1977); *In re Nineteen Appeals Arising Out of the San Juan DuPont Plaza Hotel Fire Litigation*, 982 F.2d 603, 607 (1st Cir. 1992); *In re Zyprexa Prods. Liab. Litig.*, 594 F.3d 113, 128-30 (2d Cir. 2010) (Kaplan, J., concurring); *In re Genetically Modified Rice Litig.*, No. 4:06-md-1811, 2010 WL 716190 at *4 & n.2 (E.D. Mo. Feb. 24, 2010); *In re Linerboard Antitrust litigation*, 292 F. Supp. 2d 644, 653-658 (E.D. PA 2003), *Manual for Complex Litigation, Fourth* §§ 14.215, 20.312 (2004).

      **IT IS HEREBY ORDERED** that Defendant shall continue to comply with the provisions of this Court's *Case Management Order No. 3*, specifically, Section III thereof,[3] and

---

      covered by any contract, policy, or plan, for bipolar and other mood disorders from November 1995 through December 2004. Such entities include, but are not limited to, insurance companies, union health and welfare plans, entities with self-funded plans that contract with a health insurance company or other entity to serve as a third-party claims administrator to administer their prescription drug benefits, private entities paid by any governmental entity (including a state Medicaid program), and other organizations.

*See* Dkt. No. 4153, at 2.

[3] Case Management Order No. 3, Section III Provides:  "III. SETTLEMENT DISCUSSIONS: To protect the integrity of the MDL process, counsel for the parties shall notify the Court in writing of any attempts to settle or release any of the claims before this Court in another jurisdiction upon the commencement of such discussion.  Failure to do so may result in injunctive relief, contempt sanctions, and refusal to give any judgment preclusive effect.  SO ORDERED."

shall further report to the Court regarding the existence and status of settlement discussions by and between Defendant or its counsel or other agents, and any of the above-referenced plaintiffs or their counsel.  This Court reserves the right, on its own motion or upon good cause shown, to appoint a settlement master or mediator, and to take further measures as may be appropriate to supervise to ensure the integrity of settlement discussions that relate to the claims asserted in these MDL proceedings.

**IT IS HEREBY ORDERED** that Defendant, or any agent or representative acting on a Defendant's behalf, shall withhold and deposit an amount equivalent to thirty percent (30%) of the gross monetary settlements,[4] judgments or other payments made on or after November 7, 2011, by or on behalf of Defendant to any above-described plaintiff, putative class member or other claimant, into a court-supervised common benefit account, in order to establish a fund from which common benefit litigation fees and expenses may be paid, if and as awarded by the Court, at an appropriate time, pursuant to procedures to be determined by future order of the Court.[5] Defendant shall tender such deposits to the Clerk of the Court, for deposit into the MDL No. 1629 Account and Reserve for Common Benefit Litigation Expenses ("MDL No. 1629 Reserve Account").  [Alternative procedure:  The Court hereby authorizes the establishment of a MDL

---

[4]  The requirement to deposit "an amount equivalent to" the designated percentage is intended to afford the parties flexibility in settlement negotiation.  Presumably the plaintiffs will attempt to negotiate settlement whereby the Defendant might agree to pay common benefit fees (and/or attorneys' fees) *over and above* the settlement corpus, as part of the terms of the negotiated settlement.  In the event, however, that the defendant(s) in question is (are) not willing to voluntarily fund the reserve over and above the settlement amount, the reserve (absent a final judgment or other order requiring Defendants to pay some or all attorneys' fees) would be reserved or "held back" out of the monetary judgment, monetary settlement or other monetary payment to the plaintiff, pending future action by the Court.  While Plaintiffs may reserve the right to seek common benefit and/or other attorneys' fees under some potentially applicable fee-shifting provision, nothing in *this* Order would *require* a defendant to pay the plaintiff's common benefit and/or other attorneys' fees.

[5]  In the event a Defendant does not agree to pay an amount equivalent to the hold-back percentage over and above the settlement corpus, the Court intends that, as to the claimant represented by counsel, the hold-back shall be deducted from the attorney's contingent fee, rather that the client's portion of the recovery.

No. 1629 Account and Reserve for Common Benefit Litigation Expenses (the "Common Benefit Fund") for the purposes and pursuant to the limitations set forth in this Order.  The Court authorizes and directs Lead Counsel to establish this account to receive and disburse funds as provided in this Order.]

This hold back requirement applies to all actions filed in or removed to federal court that have been or become a part of MDL, whether or not a motion to remand has been filed, claimants who settle directly with Defendant, or plaintiffs in other courts represented by counsel who have participated, had access to, or benefitted from discovery and other work product conducted in this MDL.

All deposits to the MDL No. 1629 Reserve Account shall be accompanied by information identifying the party and attorney making the deposit; the Defendant on whose behalf the payment is being made; the gross amount of the settlement, judgment or other payment; and the plaintiff, claimant, or putative class member to whom the settlement, judgment or other payment was made.

Such information shall be kept confidential.  The Clerk shall track such information and prepare periodic reports to the Court and Plaintiffs' Liaison Counsel.  Any further disclosure of such information shall require an order from this Court.

No party or attorney shall have any individual right to any of the deposits made into or funds maintained in this Court-supervised account; nor will such funds constitute the separate property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney; nor shall such funds be allocated, disbursed or distributed except as provided by further order of this Court.

No common benefit fees and/or expenses may be paid out of the Common Benefit Fund except by formal motion, with reasonable notice and an opportunity to be heard.  All rights to seek or oppose an award of common benefit fees and/or expenses with respect to settlements, judgments, or other payments arising out of any Neurontin-related actions that are not subject to this Order's assessment requirement are preserved.

**SO ORDERED.**

Dated: _____, 2014

_____
United States District Judge