UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | ) | MDL DOCKET NO. 1629<br>MASTER CIVIL ACTION NO. 04-10981 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) | HONORABLE PATTI B. SARIS,<br>UNITED STATES DISTRICT JUDGE<br><br>HONORABLE LEO T. SOROKIN,<br>UNITED STATES MAGISTRATE JUDGE |

**MEMORANDUM IN SUPPORT OF MOTION TO UNSEAL MOTION OF KAISER FOUNDATION HEALTH PLAN, INC. AND KAISER FOUNDATION HOSPITAL FOR ATTORNEYS' FEES AND COSTS PURSUANT TO THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT AND ALL SUPPORTING FILINGS**

## I. INTRODUCTION

Plaintiffs Assurant Health, Inc., Blue Cross and Blue Shield of Florida, Inc., Louisiana Health Service & Indemnity Company, Blue Cross Blue Shield of Massachusetts, Blue Cross Blue Shield of Michigan, Blue Cross Blue Shield of Minnesota, CareFirst, Inc., Excellus Health Plan, Inc., Federated Mutual Insurance Company, Group Health of Oklahoma, Health Care Service Corporation, Mutual of Omaha Insurance Company, Trustmark Insurance Company, Wellchoice, Inc. and Wellchoice of New Jersey, Inc. (collectively, "Assurant Plaintiffs") will oppose a motion filed in this matter on January 21, 2014. That motion, which was filed by Plaintiffs' Liaison Counsel and Members of the Class Plaintiffs' Steering Committee (collectively, "PSC"), seeks the entry of a Case Management Order supervising settlement discussions and establishing a common benefit account ("Motion for CMO"). D.I.[1] 4211. In support of its Motion for CMO, the PSC contends that it "has already contributed over $20 million in expenses and lodestar attorney time" to this MDL litigation. Mem. [D.I. 4212] at 11. The PSC contends further that if the common benefit account it seeks is not so established, it "will have expended many millions of dollars in upfront assessments . . . without any system for equitable reimbursement." *Id.* at 10-11.

Nonetheless, the PSC is presently engaged in a separate effort to seek reimbursement and compensation for various of its services and/or expenses in this MDL. On September 16, 2013, Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospital (collectively, "Kaiser") filed, under seal, a Motion for Attorneys' Fees and Costs Pursuant to the Racketeer Influenced and Corrupt Organizations Act, supporting Memorandum, and supporting Declaration of Linda P. Nussbaum (the "Motion for Fees and Costs"). D.I. 4165 - 4167. The Assurant

[1] "D.I." is the abbreviation for Docket Item Number.

Plaintiffs now move to unseal those improperly sealed documents because Kaiser's pending Motion for Fees and Costs encompasses work performed, and/or expenditures made, by the PSC. To prepare their opposition to the PSC's Motion for CMO, the Assurant Plaintiffs require access to the material Kaiser inappropriately placed under seal.

## II. RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In its January 21, 2010, "Standing Procedural Order Re: Sealing Court Documents," (the "Jan. 21, 2010, Order"), the Court informed the parties to this action that it generally "**DENIES** motions to seal memoranda and attachments in their entirety on the ground that a presumption of openness governs court filings." *See* Jan. 21, 2010, Order [D.I. 2512] at 1 (emphasis in original). Further, the Court instructed the parties as follows:

> In the event of dispute, or inability to confer in a meaningful way beforehand, the full memorandum with the confidential information shall be filed under seal pending the preparation of a redacted document to be filed publicly or resolution of the dispute. Any such redacted document shall be filed within seven (7) working days of filing the sealed document. The Court instructs the Clerk to unseal the sealed document if no timely redacted document or motion to resolve dispute is filed.

*Id.* at 1-2.

On September 13, 2013, Kaiser filed a "Motion for Leave to File Under Seal Documents in Support of Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospital's Motion for Attorneys' Fees and Costs Pursuant to the Racketeer Influenced and Corrupt Organizations Act and Supporting Documents" (the "Motion to File Under Seal"). D.I. 4161. Kaiser's Motion to File Under Seal was devoid of any citation to any legal or other authority entitling it to the relief requested. Instead, in describing to the Court its basis for its Motion to File Under Seal, Kaiser argued only as follows:

> In order to provide the Court with detailed information upon which to evaluate the claim for such fees and expenses, counsel has provided detailed

> information concerning the time and expenses incurred on behalf of Kaiser in its motion papers, including records that reflect each attorney's time and expenses.
>
> Detailed time records of individual attorneys ***may evidence privileged communications or work product.*** In some instances, supporting expense records include copies of receipts, checks evidencing bank account numbers, and other items that reflect personal and/or confidential information. These records, as well as references to the time and expenses of counsel set forth in the motion and memorandum, ***are of a sensitive nature to private non-class Plaintiff Kaiser.***

Motion to File Under Seal [D.I. 4161] at 2-3 (emphases added). As of this writing, Kaiser's Motion to File Under Seal remains pending.

On September 16, 2013, Kaiser filed its Motion for for Fees and Costs under seal. D.I. 4165 - 4167. Within seven working days of so filing, Kaiser did not file redacted versions of those documents, nor did it so file at any later time.

On October 15, 2013, Opposition to Kaiser's Motion for Fees and Costs was filed by Defendants Pfizer, Inc. and Warner-Lambert Company LLC (collectively, "Pfizer"). D.I. 4175-4176. Pfizer requested the sealing of its filings. D.I. 4170. On October 21, 2013, the Court denied that request. D.I. 4180.

On November 7, 2013, Kaiser filed its Reply in Further Support of its Motion for Fees and Costs, and a Supplemental Declaration of Linda P. Nussbaum. D.I. 4187-4188. As it had with its moving papers, Kaiser requested that its reply materials be placed under seal. D.I. 4186. The Court denied that request on November 12, 2013. D.I. 4189.

In further opposition to Kaiser's Fees and Costs Motion, Pfizer filed a sur-reply and supplemental declaration on November 25, 2013. D.I. 4194-4195. A motion to seal did not accompany Pfizer's November 25, 2013, filings.

At present, argument before the Court on Kaiser's Fees and Costs Motion is scheduled to occur on February 24, 2014. D.I. 4215.

On January 21, 2014, Plaintiffs' Liaison Counsel and Members of the Class Plaintiffs' Steering Committee (collectively, "PSC") filed a Motion for Order to Enter Case Management Order Supervising Settlement Discussions and Establishing Common Benefit Account ("Motion for CMO"). D.I. 4211. In support of that Motion, the PSC argues, in pertinent part, as follows:

> Class counsel have spent nine years zealously litigating claims on behalf of third party payers and consumers; their efforts have included comprehensive pretrial documentary discovery; creating a document repository; deposing fact and expert witnesses; retaining and cultivating expert witnesses (addressing five different indications, as well as causation and damages); litigating appeals from both summary judgment and class certification decisions to the First Circuit; and **trying a single payer's civil RICO claim**, which culminated in a $142 million jury verdict that may or may not have preclusive effect on all other similar economic claims. Virtually all of this work was done on a contingent basis, with class counsel advancing the substantial expenses necessary to conduct the litigation.

Jan. 21, 2014, Memo. [D.I. 4212] at 1 (emphasis added). The PSC further asserts that "class counsel are entitled to seek and obtain reimbursement and compensation for . . . common benefit expenses and services out of every recovery by the MDL No. 1629 plaintiffs . . ." *Id.* It contends, though, that "the hold back mechanism ensures that no claimant ever pays, directly or indirectly, more than the value of the services rendered." *Id.* at 10. In its Motion for CMO, the PSC has placed its attempts to seek reimbursement and compensation for the value of its services in this MDL directly at issue.

The Assurant Plaintiffs will oppose the PSC's Motion for CMO. To prepare that opposition, they must have access to information concerning separate efforts by the PSC to be reimbursed and compensated for work it performed in this MDL. Information regarding just such an ongoing effort by the PSC lies in the documents Kaiser filed under seal at Docket Items 4165 to 4167. The Assurant Plaintiffs so contend because the filings of October 15, 2013, and

November 7, 2013, that have already been ordered unsealed reveal that Kaiser's Motion for Fees and Costs encompasses, at a minimum, a request for recovery for the PSC's work "trying a single payer's civil RICO claim."[2]

## III. ARGUMENT

Given the Court's refusal to permit sealing of the materials filed in connection with Kaiser's Motion for Fees and Costs on October 15, 2013, and November 7, 2013, it may simply be due to oversight that Kaiser's request for the sealing of its September 16, 2013, filings in support of its Motion for Fees and Costs has not been rejected prior to this point. In this Motion, the Assurant Plaintiffs submit that Kaiser's inappropriate filing of these materials under seal should be remedied by the prompt unsealing of these documents.

This Court has recognized the "well-established common-law presumption of public access to judicial documents." *Dahl v. Bain Cap. Partners, LLC*, 891 F. Supp. 2d 221, 224 (D. Mass. 2012) (citing *Federal Trade Comm'n v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 408 (1st Cir. 1987)). This presumption "'extends, in the first instance, to 'materials on which a court relies in determining the litigants' substantive rights.'" *Id.* (quoting *Standard*, 830 F.2d at 408 (further quotation and citations omitted). In considering a motion to unseal court records, this Court has held that

> [w]here the presumption of access applies, the Court must weigh the presumptively paramount right of the public to know against the competing private interest at stake. . . . Such balancing must take place in light of the relevant facts and circumstance of the particular case. . . . *The burden of persuasion rests with those seeking to keep the datum hidden from view, not with the party seeking access*.

*Id.* (internal citation and quotations omitted) (emphasis added).

[2] In the jury trial of Kaiser's civil RICO claim, members of the PSC assisted counsel for Kaiser.

In a case involving a challenge to a district court's approval of a settlement and disbursement of attorneys' fees, the Fifth Circuit Court of Appeals held that the district court improperly sealed attorney time and expense records. *In re High Sulfur Content Gasoline Products Liab. Litig.*, 517 F.3d 220, 229 (5th Cir. 2008). In reaching that decision, the Court noted that the district court erred "when it sealed the exhibit listing the individual fees and the record entries pertaining to fees" because it "kept the public in the dark about each plaintiffs' attorney's award." *Id.* It further reasoned that, "[f]rom the perspective of class welfare, publicizing the process leading to attorneys' fee allocation may discourage favoritism and unsavory dealings among attorneys even as it enables the court better to conduct oversight of the fees." *Id.* at 230.

Likewise, here, Kaiser has set forth no compelling reason or good cause to disturb the strong presumption in favor of public access to documents providing support for or detailing the amounts of attorneys' fees and expenses. As in *High Sulfer,* sealing these materials "protects no legitimate privacy interest that would overcome the public's right to be informed." *Id.* at 230. Rather, withholding them merely keeps the public, including the Assurant Plaintiffs, "in the dark." *See id.* at 229.

Kaiser has not asserted that any of its materials in support of its Motion for Fees and Costs *in fact* contain information protected from disclosure by the attorney-client privilege or under the work product doctrine. Kaiser's argument that time records "may" contain privileged information is insufficient on its face, and fails to overcome the strong presumption in favor of openness in court filings.

Even were Kaiser to find that its September 16, 2013, filings in support of its Motion for Fees and Costs do include, in point of fact, privileged material, this Court has determined

redaction of privileged information to be an appropriate remedy. *See United States v. Zhen Zhou Wu*, No. Civ.A. 08-10386, 2010 U.S. Dist. LEXIS 18405, at *7 (D. Mass. Mar. 2, 2010) ("As a preliminary matter, the government seeks to file its motion and memorandum under seal. These documents contain legal argument or general background that is unprotected by any privilege. Accordingly, the government shall redact any privileged information and file the rest of the document on the public docket."). As this Court has already provided in its Sealing Order, when good cause for protecting confidential information is present, redaction of a public filing is appropriate.[3]

Notably, this Court has also recognized that "'fee information is generally not privileged.'" *First Choice Armor & Equip., Inc. v. Toyobo Am., Inc.*, 273 F.R.D. 360, 362 (D. Mass. 2011) (quoting *Fed. Sav. & Loan Ins. Corp. v. Ferm*, 909 F.2d 372, 374 (9th Cir. 1990)). "'Indeed, the identity of the client, the amount of the fee, the identification of payment by case file name and the general purpose of the work performed are usually not protected from disclosure.'"[4] The docket of this MDL reflects that on March 14, 2012, this Court entered an electronic order unsealing an application for reimbursement from a common benefit fund but permitting the filing of a version of that application in which material protected by attorney-client privilege or under the work product doctrine was redacted. But the Court observed further "that a substantial portion of the submission appears to be unprotected by such considerations (e.g., bills from court reporters for transcribing depositions, or the fees charged by experts for

---

[3] This Court has also recognized that the "attorney for the party seeking protection for the redacted material shall be subject to Fed. R. Civ. P. 11." Jan. 21, 2010, Order [D.I. 2512] at 1.

[4] *First Choice Armor*, 273 F.R.D. at 362 (quoting *Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999)). To the extent that any of Kaiser's documents contain bank account numbers or other sensitive information, such information could be redacted and the pertinent documents could then be filed on the public docket. In the Sealing Order, the Court specifically advised that "a party may redact a public filing." Jan. 21, 2010, Order [D.I. 2512] at 1.

appearing at depositions)." March 14, 2012, docket entry reflecting electronic order entered by United States Magistrate Judge Leo T. Sorokin. In short, the Court permitted the application to be redacted only as to that material that, in fact, fell within the ambit of privilege or work product doctrine.

In its Motion to File Under Seal, Kaiser failed to carry its burden of persuasion. The well-established presumption in favor of public access was not rebutted. Indeed, the Assurant Plaintiffs now require access to the information at Docket Nos. 4165 to 4167 so that they may adequately prepare their opposition to the PSC's Motion for CMO. The documents in connection with Kaiser's pending Motion for Fees and Costs that currently remain under seal should promptly be unsealed.

## IV. CONCLUSION

For the reasons set forth above, Assurant Plaintiffs respectfully request that the Court unseal the documents at Docket Item Numbers 4165 to 4167.

Respectfully submitted,

Dated: January 29, 2014

**BLANK ROME LLP**

BY: */s/ W. Scott Simmer*
W. Scott Simmer
Watergate 600 New Hampshire Avenue NW
Washington, DC 20037
Phone: 202.772.5967
Fax: 202.572.8412
Email: simmer@blankrome.com

*Counsel for Plaintiffs Assurant Health, Inc., Blue Cross and Blue Shield of Florida, Inc., Louisiana Health Service & Indemnity Company, Blue Cross Blue Shield of Massachusetts, Blue Cross Blue Shield of Michigan, Blue Cross Blue Shield of Minnesota, CareFirst, Inc., Excellus Health Plan, Inc., Federated Mutual Insurance Company, Group Health of Oklahoma, Health Care Service Corporation, Mutual of Omaha Insurance Company, Trustmark Insurance Company, Wellchoice, Inc. and Wellchoice of New Jersey, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2014, I filed the foregoing document via this Court's CM/ECF system, which caused notice of filing to be sent electronically to counsel of record for all ECF-registered parties, in accordance with Case Management Order No. 3 (Mar. 18, 2005).

*/s/ W. Scott Simmer*