UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION ) ) ) | MDL DOCKET NO. 1629 MASTER CIVIL ACTION NO. 04-10981 |
| THIS DOCUMENT RELATES TO:  ALL ACTIONS ) ) ) ) ) ) ) ) | HONORABLE PATTI B. SARIS, UNITED STATES DISTRICT JUDGE HONORABLE LEO T. SOROKIN, UNITED STATES MAGISTRATE JUDGE |

**MEMORANDUM IN SUPPORT OF MOTION FOR TWO-WEEK EXTENSION OF DEADLINE TO OPPOSE MOTION FOR ENTRY OF CASE MANAGEMENT ORDER SUPERVISING SETTLEMENT DISCUSSION AND ESTABLISHING COMMON BENEFIT ACCOUNT**

Plaintiffs Assurant Health, Inc., Blue Cross and Blue Shield of Florida, Inc., Louisiana Health Service & Indemnity Company, Blue Cross Blue Shield of Massachusetts, Blue Cross Blue Shield of Michigan, Blue Cross Blue Shield of Minnesota, CareFirst, Inc., Excellus Health Plan, Inc., Federated Mutual Insurance Company, Group Health of Oklahoma, Health Care Service Corporation, Mutual of Omaha Insurance Company, Trustmark Insurance Company, Wellchoice, Inc. and Wellchoice of New Jersey, Inc. (collectively, "Assurant Plaintiffs"), by counsel, respectfully move for an Order to extend the deadline by which they must oppose the Motion for Entry of a Case Management Order Supervising Settlement Discussions and Establishing Common Benefit Account (the "Motion").

On January 21, 2014, Plaintiffs' Liaison Counsel and Members of the Class Plaintiffs' Steering Committee (collectively, "PSC") filed the Motion, D.I.[1] 4211, and an accompanying supporting memorandum (the "Memorandum"), D.I. 4212.  Local Rule 7.1(b)(2) provides that if

---

[1] "D.I." is the abbreviation for Docket Item Number.

a party is opposed to a motion, it must file its opposition brief within 14 days of service of the motion. D. Mass. Local R. 7.1(b)(2). Consequently, at present, all briefs in opposition to the Motion are due on Tuesday, February 4, 2014.

Assurant Plaintiffs respectfully request a two-week extension of the deadline to file their opposition to the Motion, which, if granted, will require the filing of their opposition brief on February 18, 2014. Counsel for the Assurant Plaintiffs conferred with counsel in the PSC regarding their extension request but were unable to reach agreement.

Assurant Plaintiffs require this additional time to prepare their response to the significant issues raised by the PSC's far-reaching and complex Motion.[2] That Motion requests entry of an Order that will: (1) provide for Court supervision of all settlement activities in this MDL; (2) establish a common benefit account "from which common benefit fees and costs, if any, might later be disbursed;" and (3) require the defendants to deposit

> in this account an amount equivalent to thirty percent (30%) of the total gross proceeds of any and all settlements reached with any third party payor ("TPP") (i) with respect to a case pending in this *Neurontin MDL* court, or (ii) with respect to an unnamed class member whose claim is 30% of any and all settlements reached with any TPP plaintiff or absent class member whose action is before this Court, or who is included within the proposed class definition set forth in the pending motion for class certification filed herein by the Plaintiffs' Steering Committee; or (iii) with respect to any other TPP or consumer with Defendant purports to settle a Neurontin sales and marketing claim.

[Proposed] Case Management Order No. __ (Order Supervising Settlement Discussion and Establishing Common Benefit Amount) [D.I. 4213] at 1-2.

Additionally, because the record on which to prepare their brief in opposition to the PSC's Motion is currently incomplete, the Assurant Plaintiffs filed, on January 29, 2014, a

---

[2] In support of its Motion, the PSC filed Memorandum that is 18 pages long and includes citations to 39 cases; 1 statute; 3 provisions of Federal Rule of Civil Procedure 23; 7 sections of the *Manual for Complex Litigation (Fourth)* (Federal Judicial Center 2004); and 5 "other authorities." *See* D.I. 4212 at ii-v.

Motion to Unseal Motion of Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospital for Attorneys' Fees and Costs Pursuant to the Racketeer Influenced and Corrupt Organizations Act and All Supporting Filings (the "Motion to Unseal").  D.I. 4216.  That Motion to Unseal remains pending as of this writing.

Finally, a 14-day extension of the deadline to oppose the Motion will not result in any prejudice to the PSC.

Given the significance of the issues raised in the Motion, the sweeping nature of the relief requested, and the financial impact if such relief is granted, Assurant Plaintiffs respectfully ask this Court to conclude that, under the circumstances, the short deadline extension requested herein is eminently reasonable.

Respectfully submitted,

Dated:  January 31, 2014                **BLANK ROME LLP**

/s/ W. Scott Simmer
W. Scott Simmer
Watergate 600 New Hampshire Avenue NW
Washington, DC  20037
Phone:  202.772.5967
Fax:     202.572.8412
Email:  simmer@blankrome.com

*Counsel for Plaintiffs Assurant Health, Inc., Blue Cross and Blue Shield of Florida, Inc., Louisiana Health Service & Indemnity Company, Blue Cross Blue Shield of Massachusetts, Blue Cross Blue Shield of Michigan, Blue Cross Blue Shield of Minnesota, CareFirst, Inc., Excellus Health Plan, Inc., Federated Mutual Insurance Company, Group Health of Oklahoma, Health Care Service Corporation, Mutual of Omaha Insurance Company, Trustmark Insurance Company, Wellchoice, Inc. and Wellchoice of New Jersey, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2014, I filed the foregoing document via this Court's CM/ECF system, which caused notice of filing to be sent electronically to counsel of record for all ECF-registered parties, in accordance with Case Management Order No. 3 (Mar. 18, 2005).

/s/ W. Scott Simmer