# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>HARDEN MANUFACTURING CORPORATION; LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, d/b/a BLUECROSS/BLUESHIELD OF LOUISIANA; ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST; JAN FRANK WITYK; and GARY VARNAM, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>PFIZER INC. and WARNER-LAMBERT COMPANY,<br><br>      Defendants. | Chief Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |

## DEFENDANTS' MOTION TO EXTEND THE TIME TO FILE RESPONSE TO PLAINTIFFS' MOTION TO PRECLUDE RELITIGATION OF ISSUES AND FACTS UNTIL MAY 8, 2014

      Defendants Pfizer Inc. and Warner-Lambert Company, LLC ("Pfizer") respectfully move for an Order extending the deadline by which they must respond to the Plaintiffs' Motion to Preclude Relitigation of Issues and Facts [Dkt. 4242] from April 17, 2014 until May 8, 2014. As grounds for this request, Pfizer states as follows:

      1.      On April 3, 2014, Plaintiffs filed their Motion to Preclude Relitigation of Issues and Facts. Pursuant to this Court's Local Rule 7.1(b)(2), Pfizer's response to that motion is due within fourteen days, i.e., on or before April 17, 2014.

      2.      Pfizer requires additional time to respond to the issues raised by Plaintiffs' motion. Accordingly, Pfizer requests a three-week extension of the current deadline.

3. Plaintiffs initially stated that they "agree to the additional three weeks for [Pfizer's] response to the motion for issue preclusion." (Exhibit A, 4/7/14 email from Sobol to Birnbaum.) However, Plaintiffs subsequently advised that there had been a miscommunication among the various Plaintiffs' counsel and that they would collectively agree only to "an additional week on top of the two you have already for a total of three." (Exhibit B, 4/8/14 email from Sobol to Birnbaum.) Plaintiffs reasoned that, "Given that the motion w[as] previously and fully briefed, we think this should be adequate." (*Id.*)

4. Plaintiffs' reasoning is incorrect. An issue preclusion motion was filed in the *Aetna* case (*see Aetna* Motion, [ECF Doc. 4162]), but that case was dismissed before the motion was "fully briefed" (*see Aetna* Stipulation of Dismissal, [ECF Doc. 4209]). In addition, Plaintiffs' motion raises substantially different issues, including, *inter alia*, the use of collateral estoppel in the context of a putative nationwide class action, the exclusive focus on bipolar and other mood disorders, and different website admissions and formulary practices.

5. Moreover, no prejudice will result from the modest three-week extension Pfizer requests because Plaintiffs have asked that their motion for issue preclusion "not be decided until after a class has been certified," an event that has not occurred and may not ever occur. (Motion to Preclude Relitigation of Issues and Facts [Dkt. 4242], at 1.)

6. Plaintiffs could have joined the *Aetna* motion or filed a copy-cat motion months ago. Instead, they took the time to tailor their own motion to the circumstances of this case. Pfizer is entitled to do the same with its response.

WHEREFORE, for the reasons set forth above, Pfizer requests a three-week extension, to and including May 8, 2014, of the deadline for Pfizer's response to the Motion to Preclude Relitigation of Issues and Facts [Dkt. 4242].

Dated:  April 8, 2014            Respectfully submitted,

                                               QUINN EMANUEL URQUHART
                                                  & SULLIVAN, LLP

By: /s/ David Weinraub
      David Weinraub

51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000
Email:  DavidWeinraub@quinnemanuel.com

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I hereby certify that I conferred with Plaintiffs' Liaison Counsel and Members of the Class Plaintiffs' Steering Committee in a good faith attempt to narrow or resolve the issue presented by this motion.  Plaintiffs' counsel initially agreed to the full three-week deadline extension requested by Pfizer, but subsequently indicated that there had been a miscommunication and that they would agree only to a one-week deadline extension.

Dated:  April 8, 2014                          /s/ David Weinraub

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) on April 8, 2014.

Dated: April 8, 2014                          /s/ David Weinraub