# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>HARDEN MANUFACTURING CORPORATION; LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, d/b/a BLUECROSS/BLUESHIELD OF LOUISIANA; ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST; JAN FRANK WITYK; and GARY VARNAM, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>PFIZER INC. and WARNER-LAMBERT COMPANY,<br><br>      Defendants. | Chief Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |

**[PROPOSED] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE, APPROVING PROPOSED ALLOCATION OF SETTLEMENT FUNDS, AND APPROVING CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, REIMBURSEMENT OF <u>LITIGATION EXPENSES AND COMPENSATION FOR CLASS REPRESENTATIVES</u>**

This Court having considered: (a) the Settlement Agreement, dated May 28, 2014, including all Exhibits thereto (the "Settlement Agreement"); (b) the Distribution Plan, Claims Process and Notice Plan for the Settlement as contained in the Court's order, dated **[DATE]**, preliminarily approving the Settlement; and (c) Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and compensation for the Class Representatives; and

having held hearings on **[DATE]** and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed, and good cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. This Final Order and Judgment incorporates herein and makes a part hereof, the Settlement Agreement, including all Exhibits thereto. Unless otherwise provided herein, the terms as defined in the Settlement Agreement shall have the same meanings for purposes of this Final Order and Judgment.

2. The Court has personal jurisdiction over all Class Representatives, Class Members, and Defendants for purposes of this settlement, and has subject matter jurisdiction to approve the Agreement.

3. Based on the record before the Court, including all submissions in support of the Class Settlement set forth in the Agreement ("the Settlement"), objections and responses thereto, as well as the Settlement Agreement itself, the Court hereby certifies the following nationwide class (the "Class") for settlement purposes only:

> All third-party payors ("TPPs") in the United States and its territories who purchased, paid for, administered, and/or reimbursed all or any portion of the price for Neurontin or for gabapentin sold by Greenstone LLC at any time from their first sale in the United States through the Effective Date for purposes other than resale.

The TPPs in the Class include, but are not limited to, insurance companies, healthcare benefit providers, health maintenance organizations, union health and welfare plans, self-funded health and welfare plans, and any other health benefit provider and/or entity that contracts with a health insurance company or other entity to serve as a third-party claims administrator to administer their prescription drug benefits, entities that may provide prescription drug benefits for current or former public employees and/or retirees, and private entities that provide pharmacy benefits for a state Medicaid program or Medicare Part D to the extent such entities are at risk for the payment of the cost of Neurontin prescriptions for their insureds; provided that the following TPPs are excluded from the Class: Kaiser Foundation Health Plan, Inc. and its subsidiaries;

Aetna, Inc.; Blue Cross and Blue Shield of Alabama; Municipal Workers Compensation Fund, Inc.; and Union of Operating Engineers, Local No. 68 Welfare Fund.

The Class does not include (i) the Defendants and their officers, directors, management, employees, predecessors-in-interest, successors-in-interest, assignees or affiliates, and subsidiaries; (ii) the United States and/or State governments and their agencies and department, except to the extent they purchased branded Neurontin or its generic equivalents for their employees or others covered by a government employee health plan; (iii) any judge or special master who has presided over the Actions (as defined in the Settlement Agreement).

4. In addition, the Court hereby certifies the following subclass ("Subclass A") for settlement purposes only:

> All indirect purchasers in the Class who, on or before December 31, 2008, commenced a lawsuit alleging that the Defendants violated state antitrust laws by delaying the entry of generic gabapentin into the marketplace and which was still pending as of May 13, 2014.

Subclass A includes the plaintiffs in *Assurant Health, Inc., et al. v. Pfizer, Inc., et al.*, 04-cv-10981-PBS identified as Assurant Health, Inc.; Blue Cross and Blue Shield of Florida, Inc.; Louisiana Health Service & Indemnity Company; d/b/a Blue Cross Blue Shield of Louisiana; Blue Cross Blue Shield of Massachusetts; Blue Cross Blue Shield of Michigan; Blue Cross Blue Shield of Minnesota; CareFirst, Inc.; Blue Cross Blue Shield of Delaware, Inc.; Excellus Health Plan, Inc.; Federated Mutual Insurance Company; Group Health of Oklahoma, Health Care Service Corporation, Mutual of Omaha Insurance Company, Trustmark Insurance Company, WellChoice, Inc. and WellChoice of New Jersey, Inc. as well as their subsidiaries and affiliates named in the Assurant Action and self-insured customers on whose behalf they had authority to pursue claims in the Assurant Action.

5. In so holding, the Court finds that the proposed Class and Subclass A meet all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3), and hereby certifies the Class and Subclass A for settlement purposes only. The Court hereby finds, in the specific context of this Class Settlement, that:

a. <u>Numerosity</u>: The Class and Subclass A consist of TPPs located throughout the United States, and satisfy the numerosity requirement of Fed. R. Civ. P. 23(a). Joinder of these TPPs into one suit would be impracticable.

b. <u>Commonality</u>: Common questions of law and fact exist with regard to the Defendants' alleged marketing activities. These issues are central to this case and are sufficient to establish commonality.

c. <u>Typicality</u>: Plaintiffs have claimed in this litigation that the Defendants' allegedly unlawful promotion of Neurontin violated RICO and caused physicians to write, and Plaintiffs to pay for, allegedly unwarranted prescriptions of Neurontin for various "off-label" uses not approved by the FDA. Designated Representatives' claims are typical of every Class Member.

d. <u>Adequate Representation</u>: The Designated Representatives' interests do not conflict with, and are co-extensive with, those of absent Class Members. Additionally, this Court recognizes the experience of Class Counsel Hagens Berman Sobol Shapiro LLP; Greene LLP; Barrett Law Office; Lieff Cabraser Heimann & Bernstein, LLP; The Dugan Law Firm, LLC; and Law Offices of Daniel Becnel, Jr.,, as well as Subclass Counsel Blank Rome, LLP, and finds under Fed. R. Civ. P. 23(g) that the requirement of adequate representation has been fully met.

e. <u>Predominance of Common Issues</u>: Plaintiffs commonly assert the Defendants' marketing of Neurontin violated RICO and that this marketing caused physicians to issue allegedly unwarranted Neurontin prescriptions to Plaintiffs' members and insureds. For purposes of this Class Settlement, these issues predominate over any individual questions, favoring class treatment.

f. <u>Superiority of the Class Action Mechanism</u>: For purposes of this Class Settlement, the class action mechanism is superior to individual litigation of each Class Members' claim. Class certification promotes efficiency and uniformity of judgment,

among other reasons, because the many Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

6. The record shows that notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order of **[DATE]**. The Court finds that such notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the terms of the Agreement and Settlement, and Class Members' right to object to or exclude themselves from the Class and appear at settlement fairness hearings held on **[DATE]** (the "Fairness Hearings"), (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and Fed. R. Civ. P. 23.

7. No individuals or entities, other than those listed on Exhibit A hereto, have excluded themselves from the Class. This Order shall have no force or effect on the persons or entities listed on Exhibit A hereto.

8. The Court finds that extensive arm's-length negotiations have taken place in good faith between Class Counsel and Defendants' Counsel resulting in the Agreement.

9. The Court finds that the designated class sand subclass representatives are appropriate representatives for settlement purposes. The Court finds that each of these representatives, or an agent or member thereof, has made a purchase or reimbursement payment for one or more prescriptions of Neurontin for "off-label" uses not approved by the FDA.

10. The Court has considered all of the factors enumerated in Fed. R. Civ. P. 23(g) and finds that Class Counsel have fairly and adequately represented the interests of the Class.

11. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Settlement set forth in the Settlement Agreement and finds that the Settlement, the Settlement Agreement, and the plan of distribution, are, in all respects, fair, reasonable and adequate, and in the best interest of the Class.

12. The Court further approves the establishment of the Settlement Fund as set forth in the Agreement and the Escrow Agreement submitted by the Parties. The Parties are hereby

directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement. Subject to section 20 below, the Effective Date of the Settlement and Settlement Agreement shall be as set forth in section 5 of the Settlement Agreement and shall not occur until the final disposition of all appeals relating to the Settlement, as well as any appeals of this Order. In addition, the Parties are authorized to agree to and adopt such amendments and modifications to the Settlement Agreement that (i) are consistent in all material respects with this Final Order and Judgment, and (ii) do not limit the rights of the Class.

13. The above-captioned Class Action, the Assurant Action, and all other MDL TPP Actions listed on Exhibit B hereto, are hereby dismissed with prejudice and without costs to any party.

14. Upon the Effective Date of the Settlement Agreement, the Releasing Parties (as defined in section 11.1 of the Agreement) shall release and forever discharge the Released Parties (as defined in section 11.3 of the Agreement) from their respective Released Claims (as defined in section 11.4 of the Agreement).

15. The Court finds that the Escrow Account is a "Qualified Settlement Fund" as defined in section 1.468B-1(a) of the Treasury Regulations in that it satisfies each of the following requirements:

   a. The Escrow Account is established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

   b. The Escrow Account is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

   c. The assets of the Escrow Account are segregated from other assets of Pfizer, the transferor of the payment to the Settlement Fund.

16. Nothing in this Final Order and Judgment, the Settlement, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to

be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by any of the Released Parties.

17.  Class Counsel have moved pursuant to Fed. R. Civ. P. 23(h), 54(d) and 52(a) for an award of attorneys' fees and reimbursement of expenses.  Class Counsel's motion will be addressed by a separate order.

18.  Class and Subclass Representatives are hereby compensated in the following amounts for their reasonable time spent on tasks related to their representation of the Class and Subclass A, which shall be paid from the Settlement Fund: Harden Manufacturing Corporation, $_____; Louisiana Health Service Indemnity Company, d/b/a BlueCross/BlueShield of Louisiana, $_____; ASEA/AFSCME Local 52 Health Benefits Trust, $_____; and Blue Cross Blue Shield of Massachusetts, $_____.

19.  Without affecting the finality of this Final Order and Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, to protect and effectuate this Final Order and Judgment, and for any other necessary purpose. The Defendants, Class Representatives, and all Class Members are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including the Exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding. Solely for purposes of such suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

20. In the event that the Settlement does not become effective according to the terms of the Settlement Agreement, this Final Order and Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

21. No Class Member, either directly, representatively, or in any other capacity (other than a Class Member identified on Exhibit A who validly and timely elected to be excluded from the Class), shall commence, continue, or prosecute any action or proceeding against any or all Released Party or Parties in any court or tribunal asserting any of the Released Claims defined in the Settlement Agreement, and each Releasing Party is hereby permanently enjoined from so proceeding.

22. Pursuant to Fed. R. Civ. P. 54(b) this Court expressly finds that there are no remaining claims between Plaintiffs and Defendants in the MDL. There are no subsequent proceedings between the Plaintiffs and any remaining party in the MDL that will affect the Court's decision with respect to Plaintiffs' settlement with the Defendants. No party in the MDL will be prejudiced by the immediate entry of this Final Order and Judgment in accordance with the Agreement. Pursuant to Fed. R. Civ. P. 54(b), this Court expressly determines that there is no just cause for delay and expressly directs that this Final Order and Judgment, upon filing in 04-CV-10981-PBS, be deemed as a final judgment with respect to the Plaintiffs and Class Members, and specifically all such Plaintiffs' and Class Members' Released Claims against the Defendants and all Released Parties.

Date: _____          _____
                                        Patti B. Saris
                                        United States District Judge