UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>HARDEN MANUFACTURING CORPORATION; LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, d/b/a BLUECROSS/BLUESHIELD OF LOUISIANA; ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST; JAN FRANK WITYK; and GARY VARNAM, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PFIZER INC. and WARNER-LAMBERT COMPANY,<br><br>    Defendants. | Chief Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE, DIRECTING NOTICE TO THE CLASS, AND SCHEDULING FAIRNESS HEARING

WHEREAS, this matter has come before the Court pursuant to a Joint Motion for Entry of an Order Granting Preliminary Approval of the Settlement Agreement, dated May 30, 2014, and Approving the Form and Method of Notice to the Class (the "Motion"); and

WHEREAS, the Court finds that it has jurisdiction over these actions and the Parties for purposes of settlement; and

WHEREAS, this Court has conducted a preliminary approval hearing on May 23, 204 and July 7, 2014, has considered all of the submissions related to the Motion, and is otherwise fully advised in the premises;

IT IS HEREBY ORDERED THAT:

I. **PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1. The terms of the Settlement Agreement, dated May 28, 2014, including all Exhibits thereto (the "Settlement Agreement"), attached to the Motion, are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. This Order, incorporates herein, and makes a part hereof, the Settlement Agreement, as well as all Exhibits thereto. Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings herein. The Settlement Agreement was entered into only after years of litigation, full discovery, and extensive arm's-length negotiation by experienced counsel and with the assistance and oversight of Mediator and former United States District Judge Layn R. Phillips. The Court finds that the Class Settlement embodied in the Settlement Agreement (the "Class Settlement") is within the range of reasonableness so that notice of the Class Settlement should be given as provided in paragraphs 10-11 of this Order. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the litigation.

II. **THE CLASS, SUBCLASS, REPRESENTATIVES, AND CLASS COUNSEL**

2. The Class is defined as follows:

> All third-party payors ("TPPs") in the United States and its territories who purchased, paid for, administered, and/or reimbursed all or any portion of the price for Neurontin or for gabapentin sold by Greenstone LLC at any time from their first sale in the United States through the Effective Date for purposes other than resale.

The TPPs in the Class include, but are not limited to, insurance companies, healthcare benefit providers, health maintenance organizations, union health and welfare plans, self-funded health and welfare plans, and any other health benefit provider and/or entity that contracts with a health insurance company or other entity to serve as a third-party claims administrator to administer their prescription drug benefits, entities that may provide prescription drug benefits

for current or former public employees and/or retirees, and private entities that provide pharmacy benefits for a state Medicaid program or Medicare Part D to the extent such entities are at risk for the payment of the cost of Neurontin prescriptions for their insureds; provided that the following TPPs are excluded from the Class: Kaiser Foundation Health Plan, Inc. and its subsidiaries; Aetna, Inc.; Blue Cross and Blue Shield of Alabama; Municipal Workers Compensation Fund, Inc.; and Union of Operating Engineers, Local No. 68 Welfare Fund.

The Class does not include (i) the Defendants and their officers, directors, management, employees, predecessors-in-interest, successors-in-interest, assignees or affiliates, and subsidiaries; (ii) the United States and/or State governments and their agencies and department, except to the extent they purchased branded Neurontin or its generic equivalents for their employees or others covered by a government employee health plan; (iii) any judge or special master who has presided over the Actions (as defined in the Settlement Agreement).

3. Subclass A is defined as follows:

All indirect purchasers in the Class who, on or before December 31, 2008, commenced a lawsuit alleging that the Defendants violated state antitrust laws by delaying the entry of generic gabapentin into the marketplace and which was still pending as of May 13, 2014.

Subclass A includes the plaintiffs in *Assurant Health, Inc., et al. v. Pfizer, Inc., et al.*, 04-cv-10981-PBS identified as Assurant Health, Inc.; Blue Cross and Blue Shield of Florida, Inc.; Louisiana Health Service & Indemnity Company; d/b/a Blue Cross Blue Shield of Louisiana; Blue Cross Blue Shield of Massachusetts; Blue Cross Blue Shield of Michigan; Blue Cross Blue Shield of Minnesota; CareFirst, Inc.; Blue Cross Blue Shield of Delaware, Inc.; Excellus Health Plan, Inc.; Federated Mutual Insurance Company; Group Health of Oklahoma, Health Care Service Corporation, Mutual of Omaha Insurance Company, Trustmark Insurance Company, WellChoice, Inc. and WellChoice of New Jersey, Inc. as well as their subsidiaries and affiliates named in the Assurant Action and self-insured customers on whose behalf they had authority to pursue claims in the Assurant Action.

4.      The Court preliminarily finds that the proposed Class and Subclass A meet all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3), and hereby certifies the Class and Subclass A for settlement purposes only. The Court hereby preliminarily finds, in the specific context of this Class Settlement, that:

   a.   Numerosity: The Class and Subclass A consist of TPPs located throughout the United States, and satisfy the numerosity requirement of Fed. R. Civ. P. 23(a). Joinder of these TPPs into one suit would be impracticable.

   b.   Commonality: Common questions of law and fact exist with regard to the Defendants' alleged marketing activities. These issues are central to this case and are sufficient to establish commonality.

   c.   Typicality: Plaintiffs have claimed in this litigation that the Defendants' allegedly unlawful promotion of Neurontin violated RICO and caused physicians to write, and Plaintiffs to pay for, allegedly unwarranted prescriptions of Neurontin for various "off-label" uses not approved by the FDA. Designated Representatives' claims are typical of every Class Member.

   d.   Adequate Representation: The Designated Representatives' interests do not conflict with, and are co-extensive with, those of absent Class Members. Additionally, this Court recognizes the experience of Class Counsel Hagens Berman Sobol Shapiro LLP; Greene LLP; Barrett Law Office; Lieff Cabraser Heimann & Bernstein, LLP; The Dugan Law Firm, LLC; and Law Offices of Daniel Becnel, Jr., as well as Subclass Counsel Blank Rome, LLP, and finds under Fed. R. Civ. P. 23(g) that the requirement of adequate representation has been fully met.

   e.   Predominance of Common Issues: Plaintiffs commonly assert the Defendants' marketing of Neurontin violated RICO and that this marketing caused physicians to issue allegedly unwarranted Neurontin prescriptions to Plaintiffs' members and insureds. For purposes of this Class Settlement, these issues predominate over any individual questions, favoring class treatment.

4

    f. <u>Superiority of the Class Action Mechanism</u>:  For purposes of this Class Settlement, the class action mechanism is superior to individual litigation of each Class Members' claim.  Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

 5. Designated Representatives for the Class are as follows:

  a. Harden Manufacturing Corporation;

  b. Louisiana Health Service Indemnity Company, d/b/a Blue Cross Blue Shield of Louisiana; and

  c. ASEA/AFSCME Local 52 Health Benefits Trust.

The Designated Representative for Subclass A is Blue Cross Blue Shield of Massachusetts.

Based upon the Court's familiarity with the claims and parties in these and other cases, the Court preliminarily finds that these designated representatives are appropriate representatives for settlement purposes.  The Court finds that each of these representatives made a reimbursement for Neurontin for one or more off-label uses.

 6. The Court further preliminarily finds that the following firms fairly and adequately represent the interests of the Class and hereby appoints them as Class Counsel pursuant to Fed. R. Civ. P. 23(g):

Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

Barrett Law Office
404 Court Square North
PO Box 987
Lexington, MS 39095

The Dugan Law Firm, LLC
One Canal Place – Suite 1000
365 Canal Street
New Orleans, LA 70130

Greene LLP
One Liberty Square, 12th Floor
Boston, MA 02109

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339

Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
PO Drawer H
Reserve, LA 70084

5

7. The Court further preliminarily finds that the following firm fairly and adequately represents the interests of Subclass A and hereby appoints them as Subclass Counsel pursuant to Fed. R. Civ. P. 23(g):

Blank Rome LLP
Watergate 600 New Hampshire Ave., NW.
Washington, DC 20037

8. If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Class and all findings herein shall be void, and Plaintiffs and Defendants shall be deemed to have reserved all of their rights as set forth in the Settlement Agreement, including but not limited to the issues related to all claims, defenses, and issues under Fed. R. Civ. P. 23.

### III. CLASS SETTLEMENT FUND

9. The Court finds that the Escrow Account is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

   a. The Escrow Account is established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

   b. The Escrow Account is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

   c. The assets of the Escrow Account are segregated from other assets of Pfizer, the transferor of the payment to the Settlement Fund.

### IV. NOTICE TO CLASS MEMBERS

10. The Court has considered the proposed notices and Notice Plan attached as Exhibits 1-4 to the Declaration of Daniel Coggeshall in Support of Proposed Settlement Notice Program, Form of Notice, and Appointment of Notice Administrator ("Coggeshall Declaration") attached as Exhibit A to the Settlement Agreement, including the proposed forms of notice,


summary notice, long form notice, and claim form attached thereto, and finds that the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all parties entitled to notice, and satisfy the Constitutional requirements of notice. The Court approves the Notice Plan described in the Coggeshall Declaration in all respects (including the proposed forms of notice, summary notice, long form notice and claim form) and orders that notice be given in substantial conformity therewith. The Notice Program described in the Coggeshall Declaration shall commence within 14 days following entry of this Order. The costs of preparing, printing, publishing, mailing and otherwise disseminating the notice shall be paid from the Settlement Fund in accordance with the Settlement Agreement.

      11.    The Court appoints Rust Consulting, Inc. ("Rust") as Claims Administrator. Responsibilities of the Claims Administrator shall include the following: (a) establishing a post office box and toll-free phone number (to be included in the Long Form Notices and the Summary Notices (together, the "Notices")) for purposes of communicating with Class Members; (b) establishing and maintaining a website for purposes of posting the Settlement Notice, the Settlement Agreement and related documents; (c) accepting and maintaining electronic data and paper documents sent from Class Members, including electronic claims, supporting data and other documents relating to claims administration; and (d) administering claims for the allocation of the settlement funds among Class Members.

## V.    REQUEST FOR EXCLUSION FROM THE CLASS

      12.    Class Members who wish to be excluded from the Class shall mail a written notice of exclusion to the Claims Administrator, so that it is postmarked no later than **September 30, 2014**, and shall clearly state the following: the name, address, taxpayer identification number, telephone number, and fax number (if any) of the TPP who wishes to be excluded from the Class, and provide all such information as may be required by the Settlement Agreement requested by the Claims Administrator. In addition, for purposes of implementing the Settlement

Agreement, each Class Member requesting exclusion shall set forth the amounts paid for Neurontin during the period from January 1, 1994 to the date of this Order, and include a signed certification containing the following language:

> The undersigned individual hereby represents that he/she has authority to sign and submit this notice of exclusion on behalf of the above-named entity falling within the definition of the Class. The undersigned also certifies that he/she has not received any advice from the parties to this litigation or their attorneys concerning his/her or the fiduciary obligations of the entity seeking exclusion from the Class under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1100, et seq., or other laws governing their obligations to any class member. The undersigned understands that by submitting this notice of exclusion, the entity identified above will not be entitled to receive any proceeds of the class Settlement Fund. By affixing my signature below, I certify under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

13.   Valid TPP Opt-Outs shall not be bound by the Settlement Agreement, or the Final Order and Judgment. Upon receipt, the Claims Administrator shall promptly provide copies of each notice of exclusion to Class Counsel and Counsel for Defendants.

14.   Any Class Member who does not properly and timely mail a notice of exclusion as set forth in paragraph 12 above shall be automatically included in the Class, and shall be bound by all the terms and provisions of the Settlement Agreement, the Class Settlement, and the Final Order and Judgment, whether or not such Class Member received actual notice or shall have objected to the Class Settlement and whether or not such Class Member makes a claim upon or participates in the Class Settlement.

VI.   **SUBMITTING CLAIMS**

15.   To effectuate the Settlement Agreement and Class Settlement, and the provisions of the Notice Plan, the Claims Administrator shall be responsible for the receipt of all notices of exclusion and electronic claim information. The Claims Administrator shall preserve (on paper or transferred into electronic format) all notices of exclusion, claim information, and any and all other written communications from Class Members in response to the Notices for a period of five (5) years, or pursuant to further order of the Court. All written communications received by the Claims Administrator from Class Members relating to the Settlement Agreement shall be

available at all reasonable times for inspection and copying by Class Counsel and Counsel for Defendants, including prior to payments being mailed to each Class Member.

16. In order to be entitled to participate in the Class Settlement, if effected in accordance with all of the terms and conditions set forth in the Settlement Agreement, each Class Member shall take the following actions and be subject to the following requirements:

    a. A Class Member who wishes to receive a distribution must submit a Claim Form electronically as set forth in the Notice attached to the Settlement as Exhibit A by **October 15, 2014**. Each Claim Form must include the information set forth in the Notice and the Claim Form attached as Exhibit 4 to the Coggeshall Declaration. A Class Member who wishes to receive a distribution must submit a claim electronically as set forth in the Notice attached as Exhibit 1 to the Coggeshall Declaration by **October 15, 2014**. Each claim must include the information set forth in the Notice.

    b. Each electronic claim shall be submitted to and reviewed by the Claims Administrator, who shall make a recommendation to Class Counsel about which claims should be allowed in whole or in part.

    c. The Claims Administrator will notify each Class Member who filed a claim of any recommendation of disallowance, in whole or in part, of the claim submitted by such Class Member and will set forth the reasons for any such disallowance. Class Members shall be permitted a reasonable period of time to cure any deficiency with respect to their respective Claim Forms that is identified. A copy of such notification shall also be sent by the Claims Administrator to Class Counsel.

    d. All Class Members who do not submit timely claims, or who submit claims that are disallowed and not cured, shall be barred from participating in the Class Settlement (except to the extent that a claim may be partially allowed) but otherwise shall be bound by all of the terms and provisions of the Settlement Agreement; and

    e. Each Class Member who submits a claim shall thereby expressly submit to the jurisdiction of the Court with respect to the claims submitted and shall (subject to

final approval of the Settlement Agreement and Class) be bound by all the terms and provisions of the Settlement Agreement.

   f. Class Members are required to provide data related to insureds as set forth in the Claim Form attached as Exhibit 4 to the Settlement Agreement. All such data shall be submitted no later than the date set forth for filing of claims in paragraph 16(a) above.

## VII. CLAIMS PROCESS

   17. The amount to which each Class Member is entitled will be determined in accordance with the Distribution Plan attached as Exhibit C to the Settlement Agreement.

   18. In recognition of the fact that Subclass A members have filed and litigated claims against Defendants asserting claims not asserted by other Class Members, such claim amounts submitted by any Subclass A member shall receive a multiplier of 1.80 -- *i.e.*, the actual amount of Neurontin purchases by any Subclass A member submitted in accordance with any audited claims administration process and verified by the Claims Administrator, shall be multiplied by 1.80. This figure, if properly supported and accepted by the Claims Administrator, is the Subclass A member's "Recognized Claim" used for purposes of calculating the payment made to each such Subclass A member as set forth in the approved Distribution Plan.

## VIII. CONFIDENTIALITY

   19. Any information received by the Claims Administrator in connection with the Class Settlement that pertains to a particular Class Member, or information submitted in conjunction with a notice of exclusion (other than the identity of the entity requesting exclusion), shall not be disclosed to any person or entity other than Class Counsel, Counsel for Defendants, and the Court, or as otherwise provided in the Settlement Agreement.

## IX. FAIRNESS HEARING

   20. A hearing on final settlement approval (the "Final Fairness Hearing") will be held on [~~on or after October 17,~~ OCTOBER 22, 2014 AT 3PM 2014] before this Court, at the United States District Court for the District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210, to consider, *inter alia,* the following: (a) the adequacy of the Class Representatives and whether the Class and

10

Subclass should be finally certified; (b) the fairness, reasonableness and adequacy of the Class Settlement; (c) the dismissal with prejudice of the Class Action, the Assurant Action, and other MDL TPP Actions; (d) whether Class Counsel's application for attorneys' fees, expenses, and compensation for the Class Representatives ("the Fee Petition") should be granted; (e) whether to approve the proposed plan of allocation and distribution; (f) whether to finally approve the Settlement Agreement; and (g) whether the Court should enter an order expressly determining that there is no just reason for delay and expressly directing that any judgment by the Court approving the Settlement Agreement and the Class should be deemed as a final judgment under Fed. R. Civ. P. 54(b) with respect to all claims by Class Members against the Released Parties.

21. On or before **September 15, 2014,** Class Counsel shall file with the Court: (i) any memoranda or other materials in support of final approval of the Settlement Agreement and Class Settlement; and (ii) any Fee Petition.

22. Any Class Member who has not filed a notice of exclusion in the manner set forth above may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of a Class Settlement, the dismissal with prejudice of Released Claims and dismissal with prejudice of the Class Action, Assurant Action, and other MDL TPP Actions, and/or the Fee Petition; provided, however, that no person shall be heard in opposition to the Class Settlement, dismissal and/or entry of final judgment or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless filed with the Court and served upon counsel listed below in Paragraph 23 on or before **September 30, 2014.** Such person must (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition on or before **September 30, 2014,** and (b) serve copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon all counsel listed below in Paragraph 23 on or before **September 30, 2014.** Class Members who

object in the manner and by the dates provided herein shall be subject to the jurisdiction of this Court. Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

23.     Counsel for the Parties who must be served with all documentation described above in Paragraph 22 are as follows:

>   Counsel for the Class
>
>   Thomas M. Sobol
>   Edward Notargiacomo
>   HAGENS BERMAN SOBOL
>      SHAPIRO LLP
>   55 Cambridge Parkway, Suite 301
>   Cambridge, MA 02142
>   [TO COME]
>
>   Thomas M. Greene
>   GREENE LLP
>   One Liberty Square, 12th Floor
>   Boston, MA 02109
>
>   Counsel for Defendants
>
>   Sheila L. Birnbaum
>   Mark Cheffo
>   Katherine Armstrong
>   David Weinraub
>   QUINN EMANUEL URQUHART & SULLIVAN, LLP
>   51 Madison Avenue, 22nd Floor
>   New York, NY  10010

24.     The date and time of the Fairness Hearing shall be set forth in the Long Form Notice and Summary Notice, but shall be subject to adjournment by the Court without further notice to Class Members other than that which may be posted at the Court, on the Court's website, PACER, and/or the website to be established pursuant to the Notice Plan.

25.     All proceedings in the Neurontin Marketing MDL are hereby stayed and suspended pending the Final Approval of the Class Settlement ("Final Approval"), except such

12

proceedings as are provided for in the Settlement Agreement, or which may be necessary to implement the terms of the Settlement Agreement, the Class Settlement, or this Order.

26. Any Class Member may hire an attorney at his or her or its own expense to appear in the action. Such attorney shall, by **September 30, 2014**, serve a Notice of Appearance on the Counsel listed in Paragraph 23 above and file it with the Court.

27. Except as provided in Subparagraph (a) of this Paragraph, pending Final Approval, no Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Class), shall commence, continue or prosecute against any Released Party any action or proceeding in any court or tribunal asserting any of the Released Claims, and are hereby enjoined from so proceeding. Upon Final Approval, all Class Members who do not file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the Released Claims, and any such Class Member shall be deemed to have forever released all Released Claims.

   a. Notwithstanding the foregoing, this Order shall not enjoin *Travelers Indemnity Insurance Co. v. Pfizer Inc.*, 12-cv-01059-VLB (D. Conn.).

28. Upon Final Approval, all Released Claims shall be dismissed with prejudice, and the Class Action, Assurant Action, and other MDL TPP Actions shall be dismissed with prejudice.

## X. OTHER PROVISIONS

29. Upon Final Approval, each and every term and provision of the Settlement Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

30. In the event the Class Settlement is terminated in accordance with the provisions of the Settlement Agreement, the Class Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Settlement Agreement, and without prejudice to the *status quo ante* rights of the Parties.

31. Neither this Order nor the Settlement Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability by any Released Party. Neither the Settlement Agreement, approved or not approved, nor any exhibit, document or instrument delivered pursuant to the Settlement Agreement, nor any statement, transaction or proceeding in connection with the negotiation, execution or implementation of the Settlement Agreement, shall be admissible in evidence in this or any other proceeding for any purpose, except as follows:

 a. The Settlement Agreement is admissible by any of the Parties or Released Parties for the purpose of obtaining approval of, implementing and/or enforcing the Settlement Agreement.

 b. The Settlement Agreement, and any order granting preliminary or final approval of this Settlement Agreement, any appellate decision affirming Final Judgment, and any proceedings and submissions in connection with this Settlement Agreement are admissible for purposes of determining Class Counsel's application for attorneys' fees and costs or in connection with any appeal of an award of Class Counsel's attorneys' fees and costs in this Action.

 c. Upon the Effective Date, the Settlement Agreement, any order granting preliminary or final approval to the Settlement Agreement and any appellate decision affirming Final Judgment, may be pleaded by Defendants or the Released Parties as a full and complete defense (including any defense based upon release, res judicata, or injunction) to any action, suit or other proceeding that has been or may be instituted, prosecuted or attempted with respect to any of the Released Claims; and the Settlement Agreement, any order granting preliminary or final approval to the Settlement Agreement and any appellate decision affirming Final Judgment, or any other proceedings in connection therewith, may be filed, offered or submitted by Defendants or the Released Parties or otherwise used in support of such defense.

Date: 7/25/14                           _____
                                         Patti B. Saris
                                         United States District Judge