UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris |

**[PROPOSED] ORDER APPROVING ALTERNATIVE PROOF OF CLAIM
BY SOLE OBJECTOR TO THE SETTLEMENT**

WHEREAS, notice of the class settlement has been provided to class members in accordance with this Court's preliminary approval order [Dkt. No. 4277];

WHEREAS, the deadline for objections to the class settlement passed on October 15, 2014;

WHEREAS, one class member objected to the settlement;

WHEREAS, the sole objecting class member, Insurance Claim Consultants ("ICC") objects and attests that it cannot meet the proof of claim criteria for the proxy period;

WHERAS, Dan Martinez, the CEO of ICC, has declared under penalties of perjury that ICC purchased and/or reimbursed more than $150,000 of Neurontin for its clients' health benefit plans, between January 1, 1997 – June 30 1998, which is within the class period, but prior to the January 1, 2003 – June 30, 2004 proxy period for filing proofs of claim.  *See* Declaration of Dan Martinez, CEO of Objector ICC, ¶ 2;

WHEREAS, class counsel has reached a conditional settlement with the objecting class member, ICC, subject to this Court's approval; and

WHEREAS, if the Court approves this conditional settlement with ICC, the ICC objection to the settlement will be withdrawn.

IT IS HEREBY ORDERED THAT:

1. ICC's claim is allowed as if it were for purchases during the proxy period.

2. The Declaration of Dan Martinez attached as Exhibit 3 to Class Plaintiffs' Supplemental Filing In Support Of Final Approval Of Class Settlement And Motion To Approve Alternative Proof Of Claim By Sole Objector To The Settlement is sufficient proof of ICC's purchases.

3. ICC's claim is deemed to be filed *nunc pro tunc* to October 15, 2014.

Date: _____          _____

Patti B. Saris
United States District Judge