# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>HARDEN MANUFACTURING CORPORATION; LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, d/b/a BLUECROSS/BLUESHIELD OF LOUISIANA; ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST; JAN FRANK WITYK; and GARY VARNAM, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PFIZER INC. and WARNER-LAMBERT COMPANY,<br><br>    Defendants. | Chief Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |

**[PROPOSED] ORDER AWARDING CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND COMPENSATION FOR CLASS REPRESENTATIVES**

This Court, has separately issued a Final Order and Judgment approving the class action settlement in the above-referenced matter.

Class Counsel have moved pursuant to Fed. R. Civ. P. 23(h), 54(d) and 52(a) of the Federal Rules of Civil Procedure for an award of attorneys' fees and reimbursement of expenses. Having held a hearing on October 23, 2014 and having considered all of the submissions and arguments with respect Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of

Expenses and Compensation to Class Plaintiffs, the Court now considers Class Plaintiffs' fee request.

1. Pursuant to the factors for assessing the reasonableness of a class action fee request as set forth in *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 79 (D. Mass. 2005) (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n. 1 (3d Cir. 2000) and *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000), this Court makes the following findings of fact and conclusions of law concerning Class Plaintiffs' fee request:

    a) the settlement confers a monetary benefit on the class that is substantial, both in absolute terms and when assessed in light of the risks of establishing liability and damages in this case;

    b) class members were advised in the notice of proposed settlement of class action, which notice was approved by this Court, that class counsel intended to move for an award of attorneys' fees in an amount up to 33-1/3% of the gross settlement fund, in addition to reimbursement of reasonable costs and expenses incurred in the prosecution of this action;

    c) class counsel did, in fact, move for an award of attorneys' fees in the amount of 33-1/3% of the gross settlement fund, inclusive of costs and expenses incurred in the prosecution of this action, which motion has been publicly available since September 15, 2014 through public filing on the docket of this Court and on the settlement website;

    d) there were no objections by class members to the requested fee award;

    e) class counsel have effectively and efficiently prosecuted this difficult and complex action on behalf of the members of the class for 10 years, with no guarantee they would be compensated;

    f) class counsel undertook numerous and significant risks of nonpayment in connection with the prosecution of this action;

    g) class counsel have reasonably expended tens of thousands of hours, and incurred millions of dollars in out-of-pocket expenses, in prosecuting this action, with no guarantee of recovery;

    h) the development of this case depended entirely on the investigation and efforts of class counsel;

    i) the settlement achieved for the benefit of the class was obtained as a direct result of class counsel's skillful advocacy;

    j) the settlement was reached following negotiations held in good-faith and in the absence of collusion;

    k) the "percentage-of-the-fund" method is the proper method for calculating attorneys' fees in common fund class action in this Circuit, *In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295 (1995));

    l) fee awards similar to the fee awarded to class counsel here have been awarded in comparable cases – including cases of comparable duration, level and quality of effort, and of percentage recovery generated for the class;

2. Accordingly, class counsel are hereby awarded attorneys' fees in the amount of _____% of the settlement fund, inclusive of reimbursement of reasonable litigation expenses, plus interest accrued thereon, if any. In light of the factors and findings described above, the awarded _____% fee award is within the applicable range of reasonable percentage fund awards. The Court finds this award to be fair and reasonable.

3. Performance of a lodestar cross-check confirms the reasonableness of the fee awarded by this Court. A lodestar cross-check ensures that application of the percentage method results in a recovery that is sensible. Class counsel's lodestar is in excess of $ 27 million. Based on a _____% fee ($_____ million), the requested fee is _____ times the lodestar. First Circuit courts have often been presented with, and approved, lodestar multipliers in the _____ range;

4. The awarded fees and expenses shall be paid to class counsel from the settlement fund in accordance with the terms of the Settlement Agreement. The Plaintiffs Steering Committee shall allocate the fees and expenses among class counsel.

5. Class and Subclass Representatives are hereby compensated in the following amounts for their reasonable time spent on tasks related to their representation of the Class and Subclass A, which shall be paid from the Settlement Fund: Harden Manufacturing Corporation, $25,000; Louisiana Health Service Indemnity Company, d/b/a BlueCross/BlueShield of Louisiana, $25,000; ASEA/AFSCME Local 52 Health Benefits Trust, $25,000; and Blue Cross Blue Shield of Massachusetts, $25,000. These payments are in recognition of the work these plaintiffs undertook in representing the Class and Subclass A, which amount is in addition to whatever monies these plaintiffs will receive from the settlement fund pursuant to the plan of distribution. The Court finds these awards to be fair and reasonable.

6. The Court retains exclusive jurisdiction over the Settlement Agreement, including over any issues relating to attorneys' fees and expenses.

Date: _____        _____
                                     Patti B. Saris
                                     United States District Judge