## quinn emanuel

51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

November 25, 2014

**VIA FEDEX**

Ms. Janet Hargett
100 Bluff View Drive, 409A
Belleaire Bluffs, FL 33770

Re: Neurontin Marketing, Sales Practices, and Products Liability Litigation- MDL Docket No. 1629- Defendants' Motion for Suggestion of Remand

Dear Ms. Hargett:

Please find enclosed Defendants Pfizer Inc. and Warner-Lambert Company LLC's Motion for Suggestion of Remand, filed November 25, 2014.

Sincerely,

Craig Harrington

CH

Enclosure: Defendants' Motion for Suggestion of Remand

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>*Hargett v. Pfizer Inc.*, No. 06-11023 (*Girard*) | Chief Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |

### DEFENDANTS' MOTION FOR SUGGESTION OF REMAND

Defendants Pfizer Inc. and Warner-Lambert Company LLC ("Pfizer") hereby respectfully move the Court to enter an order suggesting the remand by the United States Judicial Panel on Multi-district Litigation (JPML) pursuant to Panel Rule 10.1 of the claims of the above-captioned plaintiff Janet Hargett to the transferor court in the United States District Court for the Eastern District of Pennsylvania. Pfizer would show as follows:

1. Ms. Hargett's claims were originally part of the *Girard* Complaint, a sixty-two plaintiff action filed in the Eastern District of Pennsylvania and transferred to this Court by the JPML. Plaintiffs' counsel withdrew representation as to the majority of the plaintiffs in this action, and the Court ordered that all pro se Plaintiffs who desired to proceed with their claims file certifications of their intent to proceed. [Dkt. 4077, 4117] The court received certifications from other plaintiffs in this action, but not from Ms. Hargett. On June 18, 2013, the court accordingly dismissed the claims of all pro se plaintiffs in this action other than those that filed certifications, including Ms. Hargett's claims. [Dkt. 4128] On September 10, 2013, the JPML remanded the remaining claims in the *Girard* action to the Eastern District of Pennsylvania. [Dkt. 4156]

2. On July 23, 2013, Ms. Hargett filed a letter with the Court seeking reconsideration of the dismissal of her claims and explaining that she had not received certain correspondence that was

ordered by the Court to be sent to her by her prior counsel. [Dkt. 4149] Pfizer did not oppose this motion, and on October 21, 2013, Judge Sorokin recommended that it be granted [Dkt. 4178], which recommendation this Court adopted on November 12, 2013. [Dkt. 4190] At the time the Court reinstated Ms. Hargett's claims, the *Girard* action of which they were a part had already been remanded to the Eastern District of Pennsylvania.

3. There has been no activity with regard to Ms. Hargett's claims since this Court reinstated them on November 12, 2013.[1] Pfizer submits that, in light of the common discovery taken in this MDL, remand is appropriate with regard to Ms. Hargett's claims. Accordingly, Pfizer respectfully submits that this Court should enter an order suggesting the remand by the JPML of Ms. Hargett's clams to the Eastern District of Pennsylvania.

WHEREFORE, Pfizer respectfully requests that this Court enter an order suggesting the remand by the JPML of Ms. Hargett's claims to the Eastern District of Pennsylvania.

Dated: November 25, 2014

Respectfully submitted,

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

By: /s/ Mark S. Cheffo
Mark S. Cheffo

51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Email: markcheffo@quinnemanuel.com

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC*

---

[1] Counsel for Pfizer recently contacted Ms. Hargett by phone to request her consent to this motion. Although Pfizer understood Ms. Hargett to be proceeding pro se, she stated on that call that she has retained new counsel in this action. In light of ethical rules prohibiting direct contact with represented persons, Pfizer requested that Ms. Hargett identify her new counsel, as no attorney has entered an appearance for her on the docket. Ms. Hargett refused to do so, and counsel for Pfizer accordingly provided contact information to be reached by Ms. Hargett's attorney. Since that time, counsel for Pfizer has not been contacted by any attorney purporting to represent Ms. Hargett.

2

## CERTIFICATE OF SERVICE

I, Mark S. Cheffo, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) on November 25, 2014. I further certify that I have sent a copy of the foregoing to Plaintiff pro se Janet Hargett at her address registered with the Court.

Dated: November 25, 2013         /s/ Mark S. Cheffo
                                 Mark S. Cheffo

PS|Ship - FedEx Label    Page 1 of 2

From: (212) 849-7000  Origin ID: NBPA
Craig Harrington
Quinn Emanuel Trial Lawyers
51 Madison Ave 22nd FLR

New York, NY 10010



J142214092303uv

SHIP TO: (212) 849-7692    BILL SENDER
**Janet Hargett**

**100 BLUFF VIEW DR APT 409A**

**LARGO, FL 33770**

Ship Date: 25NOV14
ActWgt: 0.5 LB
CAD: 103360517/WSXI2750

Delivery Address Bar Code



Ref # 23482.62809-005428
Invoice #
PO #
Dept #

TRK# 7719 8660 1222
0201

FRI - 28 NOV AA
** 2DAY **
DSR RES
33770
FL-US
**SJ PIEA**    TPA





522G1/616C/8AC9

RT **146**   1 10:30   **B**
FZ                    7815
                      12.02

TO **JANET HARGETT**

**5733 W IRLO BRONSON MEM HWY**
**APT 120**
**KISSIMMEE FL 34746**

REF: AB #771986601222



FedEx Express   TRK# 5789 4238 7815

**XH ISMA**

TUE - 02 DEC 10:30
PRIORITY OVERNIGH

3474
FL-US  MC

