# EXHIBIT A

### BERNSTEIN LIEBHARD LLP

ATTORNEYS AT LAW

10 EAST 40TH STREET

NEW YORK, NEW YORK 10016

(212) 779-1414

FAX: (212) 779-3218

www.bernlieb.com

SANDY A. LIEBHARD
liebhard@bernlieb.com

February 23, 2015

**VIA EMAIL**

Thomas M. Greene, Esq.
Greene LLP
One Liberty Square
Suite 1200
Boston, Massachusetts 02109

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway
Suite 301
Cambridge, Massachusetts 02142

Re: *In Re Neurontin Marketing Sales Practices and Products Liability Litigation*
Docket No.: 04-cv-10981 (PBS)

Tom and Tom:

I write to follow up on our conversations last Thursday and Friday with respect to the attorneys' fee and expense allocation in the above-referenced matter. As you know, we have some significant concerns about the proposed allocation to our firm. At the conclusion of our call last Friday, you invited us to provide you with a dollar amount that we thought would be an appropriate allocation for our firm. We have discussed the matter internally, and have concluded that it would be difficult for us to provide you with a specific dollar amount absent further information that is currently exclusively in your possession. Accordingly, we ask that you please provide us with the following set forth below. Once we have the following information, we will be able to promptly provide you with an appropriate allocation for our firm:

1) A copy of the work product supporting paragraphs 18-22 of the affidavit submitted to the Court by Thomas M. Sobol, Esq. dated September 15, 2014 (Docket No. 4286);

2) A copy of the work product generated after the Court's attorneys' fee and expense award that resulted in the current proposed attorney fee and expense allocation to all firms in the case;

3) A copy of the individual proposed attorneys' fee and expense allocation to all firms.

Document Number: 199423



BERNSTEIN LIEBHARD LLP

We look forward to resolving this matter with you expeditiously. If you have any questions about the foregoing, please feel free to contact me.

Very truly yours,

Sandy A. Liebhard

cc: Stanley D. Bernstein, Esq.
    Ronald J. Aranoff, Esq.

Document Number: 199423



# EXHIBIT B

GREENE LLP

One Liberty Square, Suite 1200
Boston, Massachusetts 02109
(617) 261-0040

February 25, 2015

<u>Via E-Mail</u>
Sandy A. Liebhard, Esq.
Stanley D. Bernstein, Esq.
Ronald J. Aranoff, Esq.
Bernstein Liebhard LLP
10 East 40th Street
New York, NY 10016

      Re:    <u>Neurontin Class Action Counsel Allocation</u>

Sandy, Stanley and Ron:

      In response to your letter of February 23, 2015: we agree with you that additional information can assist you in understanding the reasonableness of the allocation that has been made to Bernstein Liebhard LLP for its work on the Neurontin class action. Judge Saris's Memorandum and Order on attorneys' fees from November charged the Plaintiffs Steering Committee with allocating fees and expenses among class counsel "in a reasonable fashion." We believe that we have done so with our efforts to date, weighing the relative merit of counsel's contributions.[1]

      We first address your request for "work product supporting paragraphs 18-22 of the affidavit submitted to the Court by Thomas M. Sobol, Esq." As we explained repeatedly on our phone calls last week, there is little if any "work product" from the review of time undertaken before the fee submission, and in any event the effort at that time did not involve a firm-by-firm determination of precise reductions in stated lodestar. Instead, as paragraph 23 of the Sobol affidavit and Judge Saris's Order indicate, the work referred to in paragraphs 18-22 was the work necessary to arrive at a "conservative estimate" or "bottom line" figure with certainty sufficient to submit the affidavit. The purpose of that estimate was for Judge Saris to have at her disposal a

---

[1] *See In re Volkswagen and Audi Warranty Extension Litigation*, 07-md-01790-WGY (D. Mass. February 10, 2015), Docket No. 430 at 54-55.

www.greenellp.com
www.falseclaimsactattorney.com
{00022897 }

Letter to Bernstein Liebhard LLP
February 25, 2015
Page 2 of 6

number by which she could confidently perform a multiplier "cross check" to the total attorneys' fees and expenses awarded. That was the only purpose of that procedure, and that procedure was not relied on for allocation. We also note that the same Sobol declaration answered some of your other questions, such as the total of the unaudited lodestar, and the fact that all *Kaiser* time was excluded:

> The total unaudited lodestar reported by all class counsel in this process, including counsel for the Assurant Plaintiffs, was $36.8 million. Having reviewed each firm's detailed contemporaneous records, and having reduced the reported time to account for identified instances of inefficiency in billing, duplication of effort, and some instances where the work performed was related to claims by Kaiser rather than the class, the PSC conservatively estimates the lodestar of all class counsel at $27.4 million. This represents a reduction of approximately 26% from the unaudited time reported by all class counsel.

Only *after* the date on which the affidavit of September 15, 2014 was submitted did a review committee and then the Plaintiffs Steering Committee review firm submissions to be confident that the time considered for *allocation* purposes would permit an apples-to-apples comparison. The PSC voted on a list of general principles to be applied uniformly to all firms' lodestars. One issue that your firm's time reports presented (to a degree making it qualitatively different than almost all others) was the extent to which you "block billed" large segments of hours, a practice that hampered us from applying several of the general principles to your firm's time in the manner by which they were applied to other firms.

One of the general principles adopted by the PSC involved the treatment of billing rates, taking into consideration Judge Saris's preference for using Boston rates for work done on cases in her courtroom. Where rates were clearly in excess of Boston rates, adjustments were made. The PSC also determined that the billing rates for lawyers who had departed firms or whose status had changed would be billed at such lawyers' rates at the time of departure. With respect to hours billed, the PSC determined that contract attorneys would be excluded from lodestar and treated as an expense. It also determined that excessive read and review entries would result in an adjustment to lodestar, making the determination that most firms had not been charged by the PSC to provide common benefit work in the form of simply reading docket entries. The PSC also determined that adjustments were appropriate to lodestar if firms 1) failed to regularly submit time pursuant to the Case Management Order, 2) failed to itemize

{00022897 }

Letter to Bernstein Liebhard LLP
February 25, 2015
Page 3 of 6

entries, 3) performed work that was not assigned by the PSC, or 4) submitted
reconstructed or non-contemporaneous time.

Several of these principles were applied by the review committee to adjust
Bernstein Liebhard's lodestar. The review committee removed contract attorney time
from your firm's lodestar, reducing it by approximately $1.1 million to $4,143,067.50. A
review of total time by your firm, as against the benchmark we had of the other co-
discovery chair Cohen & Malad, showed that significant amounts of time were recorded
for unnecessary or undetermined matters. As a result, time from Bernstein Liebhard
partners while Ron Aranoff was completing work on behalf of the PSC was reduced by
50%, because it did not appear to be necessary to work assigned by the PSC and since,
because it was not properly documented, the nature of that work was not possible to
determine. This reduced the firm's lodestar by about $200,000 to $3,959,661. The 120
hours billed by a paralegal who read and summarized Marcia Angell's book was cut,
and the rates billed by Bernstein Liebhard paralegals was reduced to the upper end of
paralegal rates in Boston ($175 an hour), further reducing lodestar to $3,931,000. Ron
Aranoff's billing rate was reduced to a reasonable Boston junior partner's rate—$600
per hour—commensurate with his experience at the time his work on the case was
complete in 2008. This reduced Bernstein Liebhard's lodestar to $3,020,199.

Other reductions to the Bernstein Liebhard lodestar were recommended by the
PSC's review committee which, if adopted, would have driven the reasonable lodestar
down to less than $2.4 million. Three Bernstein Liebhard associates with very limited
experience were billed at hourly rates of $575, $550 and $525. Had your billing rates for
these associates been reduced to $500 (which is still high in the Boston context), the
lodestar would have been reduced to $2,927,474. The review committee also
recommended a 30% reduction to the hours of Bernstein Liebhard associates (including
Ron Aranoff) because much of the work for fees claimed appeared excessive, and yet
could not be verified on a task-per-task basis due to block billing practices. As
previously noted, block billing was in contravention of Judge Saris's Case Management
Order. The PSC considered a somewhat watered-down version of this last
recommendation of the review committee, which would have reduced associate hours
by 20%. That adjustment would have reduced the Bernstein Liebhard lodestar to
$2,384,059.38 – a figure that happens to be very similar to (but still higher than) that of
Cohen & Malad, a firm that shared duties with and performed functions very similar to
Bernstein Liebhard.

{00022897 }

Letter to Bernstein Liebhard LLP
February 25, 2015
Page 4 of 6

**As noted in our phone call on Friday, the PSC ultimately determined that it would be fair and reasonable to class counsel as a whole to adjust the Bernstein Liebhard lodestar to $3 million, over and above the recommendations of the review committee.** This was a difficult determination. In addition to the fact that "block billing" hampered our efforts to review your records in the manner used to review those of other firms, it is also the law in Massachusetts that a reduction of approximately 20% can be appropriate to account for the inflationary tendencies of block billing when a firm has block billed consistently.[2] The PSC also considered, however, the effect that its treatment of contract attorney time had on Bernstein Liebhard. Ultimately, the PSC decided to adopt a higher (by $600,000) reasonable lodestar than recommended by the review committee in order to recognize potentially more work done by your firm than the other co-chair of discovery.

As we explained in our phone calls, after reviewing many different approaches, the current allocation approach (subject to change until our final decision, as we are still considering all fair approaches) has several steps. The funds available to class counsel for fee and expense allocations totaled approximately $72 million after accounting for fees to counsel for the large block of separately represented TPPs (discussed in the Sobol declaration). First, the PSC determined that reimbursements would be made for expenses on a dollar for dollar basis, and that Litigation Fund assessments, including yours, would be paid back doubled. Of the funds remaining, two buckets were created: a lodestar pool (with two-thirds of the remaining available funds) and a bonus pool (with one-third the remaining funds). From the lodestar pool, each of the 40 or so firms in the case received the same multiplier on their adjusted lodestars. This resulted in a 1.468067 multiplier for all firms' adjusted lodestars. From the bonus pool, we have reviewed many different possibilities in an effort to reward efficiency, results, and extraordinary contributions to the litigation, based on criteria including the representation of class representatives, the performance of critical work of extraordinary quality at important junctures, and the performance of substantial work on the case after the point at which the risk associated with the litigation had escalated. While none of our decisions are yet final, we have spent a very significant amount of time on the matter.

---

[2] *See, e.g., In re Volkswagen*, Docket No. 430 at 47, collecting cases with reductions of 15%-33% for block billing. "When confronted with block billing, courts will apply a 'global reduction to lodestar hours,' and this 'reduction is applied after the specific deductions.'" *Id.*, citing *Norkunas v. HPT Cambridge, LLC*, 969 F. Supp. 184, 196-97 (D. Mass. 2013)(emphasis added).

{00022897 }

Letter to Bernstein Liebhard LLP
February 25, 2015
Page 5 of 6

The dollar-for-dollar return on expenses means an $88,367.84 payment to Bernstein Liebhard. The doubled return of Litigation Fund assessments means a $255,000 payment to Bernstein Liebhard. Once lodestars were adjusted, allocation of the proportional two-thirds of the remaining funds resulted in a 1.468067 multiplier on lodestar, and an allocation of $4,404,200.74 to Bernstein Liebhard. Finally, in recognition of the work performed by Bernstein Liebhard, the PSC allocated a $500,000 bonus to your firm. **The resulting total allocation to Bernstein Liebhard was therefore $5,247,568.58.**

The Bernstein Liebhard bonus was intended to acknowledge the risk taken on by your firm early in the litigation. As noted, one factor considered in setting bonus amounts was whether a firm had undertaken work of extraordinary quality. The PSC made no adjustment to the Bernstein Liebhard bonus on quality grounds, although the PSC took notice of deficiencies in the depositions of treating physicians undertaken by Bernstein Liebhard which were relied on heavily by Pfizer in class certification opposition, in its request for summary judgment, and in its appellate briefs. These deficiencies were a problem for class counsel, and were partially relied on by Judge Saris when she granted summary judgment against the class. Overall, however, Bernstein Liebhard made an important contribution to the litigation, and the $500,000 bonus was the largest allocated to a firm not actively involved for the entire duration of the litigation.

We understand that you have, in the past, had an experience where a law firm held up an allocation of fees in a class case in which you took part, that you thought the that firm's objection to their particular allocation was not supported, and that in the end, that firm benefited from doing so. Nonetheless, we know you would not deploy such a tactic here.

We hope that the information in this letter does assist you in understanding the allocation made to your firm and the reasoned process undertaken by the PSC. Your firm was an outlier in terms of billing rates and block billing practices, and the latter frustrated the PSC's efforts to adjust your firm's lodestar pursuant to the principles applied to every firm. We hope you understand that in a litigation of this magnitude, fairness dictated some cross-cutting adjustments to lodestar, and that the allocation was fair both to Bernstein Liebhard and to the other several dozen firms who worked on the case. While we do not believe that these issues should be the subject of horse trading, we recognize the need to explore any reasonable effort to avoid the need for court

Letter to Bernstein Liebhard LLP
February 25, 2015
Page 6 of 6

intervention. Accordingly, if you have a reasonable proposal, please make it before the close of business tomorrow.

Very truly yours,

Thomas M. Greene

cc: Thomas M. Sobol, Esq.

# EXHIBIT C

**BERNSTEIN LIEBHARD LLP**

ATTORNEYS AT LAW

10 EAST 40TH STREET

NEW YORK, NEW YORK 10016

———

(212) 779-1414

FAX: (212) 779-3218

www.bernlieb.com

SANDY A. LIEBHARD
liebhard@bernlieb.com

February 26, 2015

**VIA EMAIL**

Thomas M. Greene, Esq.                    Thomas M. Sobol, Esq.
Greene LLP                                Hagens Berman Sobol Shapiro LLP
One Liberty Square                        55 Cambridge Parkway
Suite 1200                                Suite 301
Boston, Massachusetts 02109               Cambridge, Massachusetts 02142

      Re: *In Re Neurontin Marketing Sales Practices and Products Liability Litigation*
        Docket No.: 04-cv-10981 (PBS)

Tom and Tom:

      We are in receipt of your letter to us dated February 25, 2015. It certainly adds information that you did not tell us on the phone last week. Unfortunately, you did not provide us with the critical pieces of information that we asked for in our February 23, 2015 letter to you. As we indicated, the information we requested is necessary for us to provide you with a reasonable proposal for an attorney's fee and expense allocation for our firm. We therefore reiterate our request that you please provide us with the information set forth below so that we can determine how our firm is being treated relative to the other firms in the case. We note that we have added a request for the Boston hourly rates applied by the PSC to all timekeepers, at all firms, since that seems to be a major principle the PSC used in determining the proposed allocations:

    1)  The total unaudited lodestar, broken down by firm, and reported by all class counsel, that resulted in the $36.8 million number as referenced on page two of your February 25, 2015 letter to us;

    2)  The total adjusted lodestar, broken down by firm, for all firms in the case;

    3)  A list of the Boston hourly rates applied by the PSC for all time keepers, at all firms, in the case; and

Document Number: 200393

BERNSTEIN LIEBHARD LLP

4)  The complete current proposed plan of attorneys' fee and expense allocation, broken
    down by firm, for all firms in the case, including the application of the PSC adopted
    principles outlined in your February 25, 2015 letter.


     We remain committed to resolving this matter with you expeditiously. Towards that end,
we will provide you with a reasonable proposal within two business days of receiving the
aforementioned information. If you have any questions about the foregoing, please feel free to
contact me.


Very truly yours,

Sandy A. Liebhard


cc: Stanley D. Bernstein, Esq.
    Ronald J. Aranoff, Esq.

Document Number: 200393



# EXHIBIT D

T 617.482.3700   F 617.482.3003

**HAGENS BERMAN**

Thomas M. Sobol
**HAGENS BERMAN SOBOL SHAPIRO LLP**
55 CAMBRIDGE PARKWAY, SUITE 301
CAMBRIDGE, MA  02142
www.hbsslaw.com
**Direct (617) 475-1950**
tom@hbsslaw.com

March 3, 2015

Sandy Liebhard
Bernstein Liebhard LLP
10 East 40th Street
New York, New York 10016

RE:   *In Re Neurontin Marketing Sales Practices and Products Liability Litigation*
Docket No.: 04-cv-10981(PBS)

Dear Sandy:

I write in response to your letter of February 26, 2015.  While we believe it appropriate to stop the letter writing campaign, we felt it necessary to provide you with the following responsive information in the hope that we can promptly resolve any issues.

First, Attachment A is a chart of the unadjusted lodestars reported by each firm.  We believe this chart is irrelevant (1) for purposes of the overall fee determination (since a conservative estimate of reasonable lodestar was provided to the Court for the lodestar cross-check; not simply a sum of all reported lodestar); and (2) for purposes of the allocation (both because any allocation will be based on an apples-to-apples comparison of the reasonable lodestar of each firm, and because the allocation does not include counsel for those TPPs that comprise approximately 66% of total TPP class purchases).  Although the information is irrelevant, we are providing it because you asked for it.

Second, Attachment B contains the current hourly rates reported by each firm that were used to calculate their reported lodestar.  Note that in calculating tentative adjusted lodestar amounts, there was no attempt to impose Boston hourly rates across the board; but, the PSC did make adjustments to the reported hourly rates of clear outliers using Boston rates as a touchstone.

Third, Attachment C is a chart, by firm, of, among other items, the current, *tentative* adjusted lodestars.  These adjusted lodestars are tentative because the PSC has not made any final determinations.  There will be some further review and the PSC is still discussing the adjustments with some firms.  By and large, however, most of the PSC's work regarding adjusted lodestars is complete.

Finally, Attachment C also contains the current, *tentative* allocation for expenses, cash assessments, and lodestar made by the PSC from the "lodestar pool."  This is tentative both because of the need to finalize the adjusted lodestars and because the PSC has not reached a final decision as to whether this overall approach is most fair, or whether it should move to another,

March 3, 2015
Page 2

similarly common approach (*e.g.*, varying multipliers for varying firms, a simple larger bonus pool with base recovery of lodestar, etc.).

Please note that Attachment C does not include any bonus awards. Those awards have not yet been voted on by the PSC. You will see from attachment C that after (1) paying all firms' expenses; (2) paying a 2x multiplier on all firms' cash assessments; (3) paying each firm the same multiplier on their adjusted lodestar; and (4) subtracting these amounts from the gross estimated $72 million, there remains a bonus pool of approximately $24.5 million. We anticipate that the vast majority of these funds will go to those firms that provided the most value during the entire 11 year litigation – particularly since those firms brought the case back from the grave over the past seven years – and it was those firms that negotiated the settlement and achieved a favorable outcome for the Class. The excellent result in this case is derived directly from the efforts of these firms in the last seven years. It should be noted that some of the firms who helped achieve this result have some of the most efficient lodestars in the case. Although the bonus pool will be allocated mostly to those firms who were most efficient and drove home the results for the Class, we believe that some modest percentage of funds from the bonus pool should be allocated to firms (such as yours) that, although they neither led the case nor provided a pivotal role in the last 7 years, nevertheless made a significant contribution.

Very truly yours,

**/s/ Thomas M. Sobol**
Thomas M. Sobol
Hagens Berman Sobol Shapiro LLP

# EXHIBIT A

| Affidavit Value Summary | | |
| --- | --- | --- |
| FIRM NAME | TOTAL FIRM HOURS | TOTAL FIRM LODESTAR |
| Barrett Law Office, P.A. | 2,458.07 | $1,449,411.00 |
| Barrett & Associates, P.A. | 1,082.10 | $424,892.50 |
| Beasley Allen Law Firm | 0.00 | $0.00 |
| Charfoos | 152.50 | $78,250.00 |
| Daniel E. Becnel, Jr. | 1,592.35 | $746,932.50 |
| Bernstein Liebhard & Lifshitz | 8,900.00 | $5,273,035.00 |
| Branch Law Firm | 0.00 | $0.00 |
| Bruno & Bruno | 743.25 | $280,987.50 |
| Clifford Law Office | 0.00 | $0.00 |
| Climaco Lefkowitz | 62.75 | $21,836.25 |
| Cohen and Malad | 4,614.92 | $2,589,670.30 |
| Cunard Law Firm | 533.00 | $297,850.00 |
| Dane S. Ciolino | 52.45 | $15,735.00 |
| Dodson & Steadman | 375.30 | $180,540.00 |
| Dugan & Browne | 3,391.50 | $2,026,149.51 |
| Fayard & Honeycutt | 0.00 | $0.00 |
| Foote Meyers | 92.90 | $38,690.00 |
| Friedin & Brown | 0.00 | $0.00 |
| Goldenberg, Heller | 381.60 | $141,289.00 |
| Gray Weiss & White | 0.00 | $0.00 |
| Greene & Hoffman | 18,947.19 | $8,515,720.50 |
| Hagens Berman Sobol | 7,506.24 | $3,160,930.75 |
| Herman, Herman | 0.00 | $0.00 |
| Innelli, LLC | 227.79 | $66,195.00 |
| Robert M. Becnel | 0.00 | $0.00 |
| Ronnie G. Pendton | 0.00 | $0.00 |
| Levin Papantonio | 0.00 | $0.00 |
| Lieff Cabraser | 6,592.00 | $3,361,631.00 |
| Lovelace Law Firm, P.A. | 888.10 | $385,765.00 |
| Lowe Mobley & Lowe | 236.74 | $86,456.00 |
| Minor & Johnston | 0.00 | $0.00 |
| Murray Law Firm | 1,092.75 | $478,028.75 |
| Neblett Beard & Arsenault | 413.50 | $250,681.25 |
| Sadin Law | 13.25 | $9,937.50 |
| Seeger Weiss | 1,009.36 | $372,450.70 |
| Spector Roseman Kodroff | 199.00 | $120,973.75 |
| Taylor Martino | 1,336.10 | $354,817.00 |
| Thompson | 128.55 | $64,278.75 |
| Thrash Law Firm | 568.35 | $368,090.00 |
| Vroon Crongeyer | 40.15 | $16,580.00 |
| Weisman Kennedy | 0.00 | $0.00 |
| Zimmerman Reed | 1,476.20 | $598,935.75 |
| Tousley Brain | 446.50 | $283,949.00 |
| Mary Stoll, PLLC (Trousley Brain) | 76.53 | $58,162.80 |
| TOTALS | 65,630.99 | $32,118,852.06 |

# EXHIBIT B

| Firm | Lawyer/Paralegal | Hourly Rate |
|------|------------------|-------------|
| Bernstein Liebhard LLP | Amanda Figueroa | $250 |
| | Craig Maini | $425 |
| | Dayron Fory | $175 |
| | Felecia Stern | $900 |
| | Francis Karam | $700 |
| | Glenda Nunez | $225 |
| | Gregory Egleson | $550 |
| | Jeffrey Lerner | $575 |
| | Kachina DaCosta | $325 |
| | Keith Fleischman | $695 |
| | Keith Woolley | $425 |
| | Mel Lifshitz | $750 |
| | Richard Giordano | $325 |
| | Robert Berg | $700 |
| | Ronald Aranoff | $900 |
| | Sharon Ceasar | $325 |
| | Stephanie Feinberg | $295 |
| | Susan Collyer | $525 |
| | Tashi Minns | $350 |
| Bruno & Bruno | David Scalia | $400 |
| | Doris Breaux | $50 |
| | Jacon Taylor | $50 |
| | Joe M. Bruno | $500 |
| | Joni Scioneaux | $50 |
| | Najah Shakir | $50 |
| | Penny Riley | $50 |
| | Stephanie May Bruno | $300 |
| | Stephanie Pizani | $50 |
| | Stephen Kreller | $200 |
| Charfoos & Christensen | Jason T. Thompson | $500 |
| | David R. Parker | $500 |
| | Ann K. Mandt | $500 |
| | J. Douglas Peters | $500 |
| Charles Barrett Law Firm | Charles Barrett | $425 |
| | Dawn Garrison | $75 |
| Climaco, Wilcox, Peca, Tarantino | John A. Peca | $525 |
| | Keith T. Vernon | $485 |
| | Lisa A. Gorshe | $175 |
| | Philip W. Lambert | $250 |
| | Terri A. Lightner | $250 |
| | Joseph X. Muska | $75 |
| | Gina M. Bruno | $160 |
| Cohen & Malad | Irwin Levin | $660 |
| | Richard Shevitz | $600 |
| | Richard Bell | $600 |
| | Greg Laker | $600 |
| | Arend Abel | $600 |
| | Donald Levenhagen | $600 |

|  | | |
|---|---|---|
| | David Cutshaw | $600 |
| | Scott Gilchrist | $600 |
| | Eric Pavlack | $600 |
| | Jeff Gibson | $600 |
| | Vess Miller | $600 |
| | Kelly Johnson | $600 |
| | Elizabeth Doepken | $450 |
| | Jennifer Hatchett | $450 |
| | Laura Jeffs | $450 |
| | Leslie Gibson | $450 |
| | Amanda Yonally | $450 |
| | Jere Rosebrock | $140 |
| | Patrick Schmeidt | $140 |
| | Cathy Cox | $90 |
| | Cindy Meadows | $140 |
| | Frank Cox | $20 |
| | Collen Powers | $140 |
| | Dimitry Polyakov | $140 |
| | Steven LeClere | $140 |
| | LaShanda Harrison | $20 |
| | Talia Ravis | $140 |
| | William Saint | $140 |
| **Cunard Law Firm** | Rebecca Cunard | $650 |
| | Christine Reitano | $500 |
| **Dane Ciolino** | Dane S. Ciolino | $300 |
| **Daniel Becnel** | Daniel E. Becnel | $650 |
| | Kevin Klibert | $450 |
| | Salvadore Christina, Jr. | $450 |
| | Rebecca Todd | $450 |
| | Darla Sanderson | $200 |
| | Matthew Moreland | $500 |
| | Darryl Becnel | $500 |
| **Dodson & Steadman** | Charles H. Dodson, Jr. | $550 |
| | Joseph D. Steadman | $400 |
| | Charles A. Graddick | $550 |
| **Don Barrett** | Don Barrett | $800 |
| | Lisa Barrett | $425 |
| | Richard Barrett | $425 |
| | Alfred Davidson | $425 |
| | Charles Barrett | $425 |
| | Glenn Huggins | $425 |
| | Derek Wyatt | $625 |
| | Chris Hammett | $150 |
| | Marie Thomas | $150 |
| | Danny Brett | $150 |
| | Mary Anne Alexander | $150 |
| | Lena Davis | $150 |
| **Dugan Law Firm** | James Dugan | $645 |
| | Douglas Plymale | $595 |

|  |  |  |
|---|---|---|
|  | David Franco | $225 |
|  | Trudy Bryant | $95 |
| Foote, Mielke, Chavez, & O'Neil, LLC | Robert M. Foote | $550 |
|  | Mark Bulgarelli | $375 |
|  | Kathleen Chavez | $300 |
| Goldenberg Heller | Mark C. Goldenberg | $450 |
|  | Elizabeth V. Heller | $450 |
|  | Robert D. Rowland | $365 |
|  | Thomas P. Rosenfeld | $450 |
|  | Stan Faulkner | $325 |
|  | Aaron Dickey | $325 |
|  | Holly Reese | $325 |
|  | Michele Kirkman | $90 |
| Greene and Hoffman | Cristina D'Amore | $75 |
|  | Ilyas Rona | $425 |
|  | Jaime Murray | $75 |
|  | Mauricio Pena | $50 |
|  | Michael Steinberg | $100 |
|  | Michael Tabb | $600 |
|  | Palko Goldman | $325 |
|  | Rachel Bley | $50 |
|  | Rachel Wollet | $50 |
|  | Ryan Morrison | $325 |
|  | Sonya Collins | $85 |
|  | Stephanie Greene | $500 |
|  | Thomas Greene | $700 |
|  | Thomas Hoffman | $500 |
| Hagens Berman | Andrew Vasicek | $345 |
|  | David S. Nalven | $600 |
|  | Erin Flory | $600 |
|  | Ed Notargiacomo | $575 |
|  | Kristen Johnson | $450 |
|  | Linaris Falcon | $150 |
|  | Lauren G. Barnes | $460 |
|  | Larry Kunzler | $170 |
|  | Steve W. Berman | $800 |
|  | Thomas M. Sobol | $700 |
|  | Adam Aramati | $150 |
|  | Allisaon Lukas | $150 |
|  | Andrew Thibedeau | $150 |
|  | Cameron Bruns | $150 |
|  | Corinne Reed | $150 |
|  | Debra Gaw | $315 |
|  | Greg Matthews | $375 |
|  | Heather Miller | $170 |
|  | H. Paul Carroll | $300 |
|  | James Acheson | $265 |
|  | Jenny Cho | $265 |
|  | Jessica Olver | $150 |

|  |  |  |
|---|---|---|
|  | Kimberely Dougherty | $350 |
|  | Lynn Brammeier | $150 |
|  | Michael Kemple | $150 |
|  | Nicole Swiec | $150 |
|  | Sean Hickey | $150 |
|  | Sara Yun | $150 |
|  | Tiffani Sala | $150 |
|  | Wanda Garcia | $185 |
| **John F. Innelli** | John F. Innelli | $500 |
|  | Michael DeSantis | $200 |
| **Lieff Cabraser Heimann & Bernstein, LLP** | Robert Lieff | $750 |
|  | Elizabeth Cabraser | $950 |
|  | William Bernstein | $900 |
|  | Joseph Saveri | $775 |
|  | Donald Arbitblit | $850 |
|  | Steven Fineman | $825 |
|  | Jonathan Selbin | $775 |
|  | Barry Himmelstein | $700 |
|  | Michael Sobol | $825 |
|  | Robert Eisler | $650 |
|  | Eric Fastiff | $700 |
|  | Richard Seymour | $550 |
|  | Kathryn Barnett | $750 |
|  | Daniel Seltz | $555 |
|  | Daniel Chiplock | $625 |
|  | Heather Foster | $585 |
|  | Joseph Forderer | $350 |
|  | Chimene Keitner | $340 |
|  | David Marcus | $320 |
|  | Ed Notargiacomo | $305 |
|  | Rebecca Poate | $360 |
|  | Daniel Seltz | $430 |
|  | Stephen Cassidy | $325 |
|  | Daniel Chiplock | $400 |
|  | Dawn Behrmann | $305 |
|  | Suzanne Hamilton | $254 |
|  | Nicolas Menard | $305 |
|  | Richard Anthony | $305 |
|  | David Bernstein | $295 |
|  | Todd Carnam | $305 |
|  | Christian Chan | $295 |
|  | Florencia Cudos | $305 |
|  | Samuel Deputy | $250 |
|  | John Didday | $225 |
|  | Estella Fangman | $250 |
|  | Peter Hughes | $205 |
|  | Tiffany Jackson | $215 |
|  | Sakina Mcintosh | $170 |
|  | Braulio Munoz | $215 |

| | | |
|---|---|---|
| | Koa Ostrem | $105 |
| | Mikaela B. Palmerton | $215 |
| | Brenda Parker | $180 |
| | Kyle Rolnick | $180 |
| | Jennifer Rudnick | $305 |
| | Alan Ruiz | $180 |
| | Jacon Samuels-Kalow | $305 |
| | Jack Sanford | $265 |
| | Andrew Simmons | $180 |
| | Meagan Sullivan | $225 |
| | Brian Troxel | $180 |
| | Cynthia Willson | $260 |
| | Alexander Zane | $305 |
| | Kirti Dugar | $410 |
| | Juliette Kruse | $320 |
| | Evelyn Rodas | $265 |
| | Scott Alameda | $260 |
| | Robert De Maria | $335 |
| | Wendy Doll | $190 |
| | Adam Elsholz | $180 |
| | Major Mugrage | $320 |
| | Renee Mukherji | $270 |
| | Cyrus Yamat | $320 |
| | Anthony Grant | $320 |
| | Ralph Hugo | $250 |
| | Sat Kriya Khalsa | $285 |
| | Paul Mariveles | $240 |
| Lovelace and Associates | Dewitt M. Lovelace | $650 |
| | Snady L. Rosenthal | $150 |
| Lowe, Mobley, Lowe, & LeDuke | John W. Lowe | $400 |
| | Jonathan Lowe | $400 |
| | Jeffrey Mobley | $400 |
| | Mike Newell | $300 |
| | Michelle Jones | $75 |
| | Christy Frederick | $75 |
| Neblett, Beard, & Arsenault | Richard J. Arsenault | $750 |
| | Paul J. Tellarico | $675 |
| | J.R. Whaley | $675 |
| | Jean Paul Overton | $595 |
| | Jane Oxenhandler | $150 |
| | Rebecca L. Monk | $150 |
| Penton Law Firm | Ronnie G. Penton | $500 |
| Sadin Law Firm | Art Sadin | $750 |
| Seeger Weiss LLP | Leah Beirne | $100 |
| | Todd Drayton | $265 |
| | Cathleye Fajardo | $235 |
| | Matthew J. Maiorana | $300 |
| | Yovanna M. Meyers | $165 |
| | Daniel Mora | $275 |

|  |  |  |
|---|---|---|
|  | Akunna Nwachuku | $125 |
|  | Michael L. Rosenberg | $700 |
|  | Edit Shkreli | $170 |
|  | Denise Stewart | $475 |
|  | Melissa Stewart | $345 |
|  | Michael Wagner | $205 |
|  | Alex Walter | $100 |
|  | David Buchanan | $840 |
|  | Michael Farkas | $345 |
|  | Seth Katz | $400 |
|  | Christopher A. Seeger | $925 |
|  | Stephen A. Weiss | $850 |
| Sommers Schwartz, P.C./J. Thompson & Associates, PLC | Jason T. Thompson | $590 |
|  | Nabell Hamameh | $400 |
|  | Jacqueline R. Sanchez | $125 |
|  | Rebecca L. Taylor | $125 |
| Spector Roseman Kodross & Willis, PC | Jeffrey Kodroff | $730 |
|  | John Macoretta | $645 |
|  | David Felderman | $595 |
|  | Ted Lieverman | $500 |
|  | Julie Walheim | $155 |
| Stoll | Mary L. Stoll | $760 |
| Taylor Martino, P.C. | Steven A. Martino | $400 |
|  | W. Lloyd Copeland | $500 |
|  | Brian N. Cigelske | $175 |
|  | Michael D. Hickman | $125 |
|  | K. Brandon Strickland | $125 |
|  | Joseph A. Zarzaur | $200 |
|  | Richard H. Taylor | $350 |
| Thrash Law Firm | Thomas P. Thrash | $500 |
| Tousley Brain Stephens | Kim D. Stephens | $775 |
|  | Nancy A. Pacharzina | $650 |
|  | Christopher I. Brain | $775 |
|  | Janissa A. Strabuk | $715 |
|  | Michael J. Estow | $535 |
|  | Gayle Neligan | $180 |
|  | Emily J. Johnson | $150 |
|  | Mary Ann Stangland | $250 |
|  | Melissa W. Andrzjewski | $165 |
| Zimmerman Reed | Timothy J. Becker | $475 |
|  | Ronald S. Goldser | $710 |
|  | Barry G. Reed | $600 |
|  | Robert R. Hopper | $495 |
|  | Stacy K. Hauer | $375 |
|  | Contract Attorneys | $250 |
|  | Tim Olson | $175 |
|  | Angela L. Thomas | $125 |
|  | Michael B. Sonsteng | $350 |

| | |
|---|---|
| Carisa A. Vermeersch | $150 |
| Debbie A. Egeland | $150 |
| Kayla M. Hunt | $150 |
| Martha A. Bather | $150 |
| Justin E. Bull | $100 |

# EXHIBIT C

| Firm | Cash Contributions (x2) | Expenses (x1) | Current Tentative Adjusted Loadstar | Tentative Loadstar after mulitplier of 1.468 | Tentative Allocation to each Firm |
|---|---|---|---|---|---|
| **Group 1: Co-Leads** | | | | | |
| Barrett Law Office, P.A. | $1,165,000.00 | $239,006.19 | $1,477,821.00 | $2,169,540.11 | $3,573,546.30 |
| Dugan Law Firm | $0.00 | $15,632.02 | $1,000,000.00 | $1,468,066.91 | $1,483,698.93 |
| Greene LLP | $0.00 | $167,491.80 | $8,513,039.50 | $12,497,711.62 | $12,665,203.42 |
| Hagens Berman Sobol | $720,000.00 | $217,783.52 | $3,160,930.75 | $4,640,457.85 | $5,578,241.37 |
| Lieff Cabraser | $1,155,000.00 | $228,692.00 | $3,361,361.00 | $4,934,702.87 | $6,318,394.87 |
| Daniel E. Becnel, Jr. | $760,000.00 | $27,191.42 | $746,932.50 | $1,096,546.89 | $1,883,738.31 |
| **Group 2: Discovery Chairs** | | | | | |
| Bernstein Liebhard & Lifshitz | $255,000.00 | $88,367.84 | $3,000,000.00 | $4,404,200.74 | $4,747,568.58 |
| Cohen and Malad | $255,000.00 | $105,166.18 | $2,199,584.05 | $3,229,136.57 | $3,589,302.75 |
| **Group 3: Co-Counsel** | | | | | |
| Barrett & Associates, P.A. | $0.00 | $1,053.61 | $245,807.50 | $360,861.86 | $361,915.47 |
| Branch Law Firm | $10,000.00 | $0.00 | $0.00 | $0.00 | $10,000.00 |
| Bruno & Bruno | $20,000.00 | $10,592.99 | $12,893.75 | $18,928.89 | $49,521.88 |
| Charfoos | $20,000.00 | $1,477.12 | $78,250.00 | $114,876.24 | $136,353.36 |
| Climaco Lefkowitz | $20,000.00 | $134.41 | $21,836.25 | $32,057.08 | $52,191.49 |
| Cunard Law Firm | $20,000.00 | $22,102.86 | $297,850.00 | $437,263.73 | $479,366.59 |
| Dane S. Ciolino | $20,000.00 | $638.66 | $15,735.00 | $23,100.03 | $43,738.69 |
| Dodson & Steadman | $20,000.00 | $1,109.00 | $111,290.00 | $163,381.17 | $184,490.17 |
| Finkelstein | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Foote Meyers | $20,000.00 | $15,351.48 | $38,690.00 | $56,799.51 | $92,150.99 |
| Goldenberg, Heller | $20,000.00 | $11,084.12 | $141,289.00 | $207,421.71 | $238,505.83 |
| Herman, Herman | $20,000.00 | $0.00 | $0.00 | $0.00 | $20,000.00 |
| Innelli, LLC | $0.00 | $11,596.52 | $66,195.00 | $97,178.69 | $108,775.21 |
| Lovelace Law Firm, P.A. | $70,000.00 | $16,547.17 | $289,323.75 | $424,746.62 | $511,293.79 |
| Lowe Mobley & Lowe | $10,000.00 | $5,477.01 | $86,456.00 | $126,923.19 | $142,400.20 |
| Mary Stoll, PLLC (Trousley Brain) | $0.00 | $0.00 | $58,162.80 | $85,386.88 | $85,386.88 |
| Murray Law Firm | $740,000.00 | $9,240.50 | $258,141.25 | $378,968.63 | $1,128,209.13 |
| Neblett Beard & Arsenault | $20,000.00 | $16,702.22 | $250,681.25 | $368,016.85 | $404,719.07 |
| Robert M. Becnel | $20,000.00 | $0.00 | $0.00 | $0.00 | $20,000.00 |
| Ronnie G. Pendton | $10,000.00 | $7,266.38 | $86,625.00 | $127,171.30 | $144,437.68 |
| Sacks & Weston | $20,000.00 | $0.00 | $0.00 | $0.00 | $20,000.00 |
| Sadin Law | $0.00 | $0.00 | $9,937.50 | $14,588.91 | $14,588.91 |
| Seeger Weiss | $40,000.00 | $38,254.59 | $326,457.63 | $479,261.65 | $557,516.24 |
| Spector Roseman Kodroff | $0.00 | $2,746.26 | $100,819.52 | $148,009.80 | $150,756.06 |
| Taylor Martino | $20,000.00 | $18,009.64 | $214,788.00 | $315,323.16 | $353,332.80 |
| Thompson | $0.00 | $0.00 | $64,278.75 | $94,365.51 | $94,365.51 |
| Thrash Law Firm | $0.00 | $8,934.37 | $242,125.00 | $355,455.70 | $364,390.07 |
| Tousley Brain | $0.00 | $12,907.53 | $283,949.00 | $416,856.13 | $429,763.66 |
| Vroon Crongeyer | $10,000.00 | $0.00 | $16,580.00 | $24,340.55 | $34,340.55 |
| Weisman Kennedy | $20,000.00 | $6,936.32 | $0.00 | $0.00 | $26,936.32 |
| Zimmerman Reed | $50,000.00 | $20,308.42 | $492,810.75 | $723,479.16 | $793,787.58 |
| Montgomery Firm | $0.00 | $51,471.00 | | $0.00 | $51,471.00 |
| Plymale Escrow | $0.00 | $66,694.97 | $346,650.00 | $508,905.40 | $575,600.37 |
| **TOTALS** | **$5,530,000.00** | **$1,445,968.12** | | **$40,544,031.88** | **$47,520,000.00** |

# EXHIBIT E

# BERNSTEIN LIEBHARD LLP

ATTORNEYS AT LAW

10 EAST 40TH STREET

NEW YORK, NEW YORK 10016

(212) 779-1414

FAX: (212) 779-3218

www.bernlieb.com

SANDY A. LIEBHARD
liebhard@bernlieb.com

March 5, 2015

**VIA EMAIL**

Thomas M. Greene, Esq.                     Thomas M. Sobol, Esq.
Greene LLP                                 Hagens Berman Sobol Shapiro LLP
One Liberty Square                         55 Cambridge Parkway
Suite 1200                                 Suite 301
Boston, Massachusetts 02109                Cambridge, Massachusetts 02142

       Re: *In Re Neurontin Marketing Sales Practices and Products Liability Litigation*
          Docket No.: 04-cv-10981 (PBS)

Tom and Tom:

      We are in receipt of your letter to us dated March 3, 2015. We too would like to end the letter writing campaign. In reviewing your letter and accompanying exhibits, however, we were surprised and disappointed to see the inconsistencies between what you told the Court at the attorneys' fee and expense hearing, and what you told us during our prior phone conversations.

      Nevertheless, in our February 26, 2015 letter to you, we committed to providing you with a dollar amount that we believe would be an appropriate allocation of attorneys' fee and expenses to our firm. Based on what you provided in your March 3rd letter, for settlement purposes only, we would be willing, at this time, to accept a $10.5 million total allocation.

      In the event that you are disinclined to allocate this amount to our firm, please consider the following: After we saw your representation to the Court that you were providing Judge Saris with an estimate of the lodestar and expenses of all class counsel, having already identified and eliminated any potential overcharges due to inefficiency, duplication of effort, excessive hourly rates or record keeping discrepancies[1], and before the hearing, Ron Aranoff spoke to Tom Greene, and was assured that our firm's lodestar and expenses were not reduced at all in conjunction with the petition.

---

[1] Affidavit of Thomas Sobol Esq., dated September 15, 2014 at paragraph 20.

201782v5



BERNSTEIN LIEBHARD LLP

Thomas M. Greene, Esq.
Thomas M. Sobol, Esq.
March 5, 2015
Page 2

Following the attorneys' fee and expense award, however, you claimed, rather emphatically, that it was only *after* the filing of the petition, and after the hearing, that you did the detailed and rigorous analysis described in the Sobol Affidavit only with respect to some firms. It is not lost on us that the rigorous analysis supposedly performed did not affect the lodestar or expenses of any of the PSC firms.[2]

It is now clear that, not only did you not do the rigorous analysis that you originally claimed, but you also unfairly reduced our lodestar notwithstanding your assurance that you did not do so. Indeed, half of the reductions that were made to the entire lodestar in the case were made to our firm's lodestar. This is particularly curious given that the final analysis and dollar amount backs comfortably into the amount submitted to the Court with absolutely no dollars reduced from the PSC. We therefore believe that our firm is being treated uniquely and unfairly.

We also object to the PSCs' intention to distribute a $24 million bonus pool without any objective analysis or criteria, and to your failure to provide us with the tentative allocation of this sum, as we requested

Accordingly, if we are unable to resolve this matter satisfactorily and expeditiously, please promptly provide us with the following information so that we can apply the PSC adopted principles, as set forth in your February 25th letter, uniformly to all firms that made significant contributions to the case:

1)   The underlying time records for all Group 1 (Co-Leads) and Group 2 (Discovery Chair) Firms as listed in Exhibit C of your March 3, 2015 letter;

2)   The underlying time records and claimed expenses for all opt-out counsel that were clearly excluded from the $27.4 million attorney's fee and expense petition (but inexplicably account for $9 mm of the fee distributed);

3)   The names of any and all contract attorneys (other than those employed by our firm), listed in Exhibit B of your March 3, 2015 letter; and

4)   The tentative bonus pool allocation for every firm in the case.

---

[2] Superficially, it appears that an adjustment was made to the lodestar of PSC member, Dugan Law Firm ("Dugan"), but, upon further investigation, it appears that some of Dugan's lodestar was simply applied to the Plymale Escrow as part of a separation agreement, thereby mitigating any optical reduction.

201782v5



BERNSTEIN LIEBHARD LLP

Thomas M. Greene, Esq.
Thomas M. Sobol, Esq.
March 5, 2015
Page 3

     We would sincerely like to resolve this matter with you promptly and amicably. If you have any questions about the foregoing, please feel free to contact me.

Very truly yours,

Sandy A. Liebhard

cc: Stanley D. Bernstein, Esq.
    Ronald J. Aranoff, Esq.

201782v5

# EXHIBIT F

# BERNSTEIN LIEBHARD LLP

ATTORNEYS AT LAW

IO EAST 40TH STREET

NEW YORK, NEW YORK IOOI6

(212) 779-1414

FAX: (212) 779-3218

www.bernlieb.com

SANDY A. LIEBHARD
liebhard@bernlieb.com

March 17, 2015

**VIA EMAIL**

Thomas M. Greene, Esq.
Greene LLP
One Liberty Square
Suite 1200
Boston, Massachusetts 02109

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway
Suite 301
Cambridge, Massachusetts 02142

Re: *In Re Neurontin Marketing Sales Practices and Products Liability Litigation*
Docket No.: 04-cv-10981 (PBS)

Tom and Tom:

We have not received a response from either of you to our last letter dated March 5, 2015 in which we attempted to amicably resolve the attorneys' fee and expense allocation to our firm. We received a letter dated March 6, 2015 from Daniel Becnel, but we are unsure whether that letter constitutes Mr. Becnel's individual response, or whether that response is on behalf of the entire PSC.

Please let us know whether you intend to respond to our letter and, if so, when we can expect that response. If we do not hear from you by the close of business on Thursday, March 19, 2015, we will assume that you no longer wish to resolve this matter amicably, and we will proceed to seek judicial assistance.

Very truly yours,

Sandy A. Liebhard

cc: Stanley D. Bernstein, Esq.
    Ronald J. Aranoff, Esq.

Document Number: 204694

# EXHIBIT G

**BERNSTEIN LIEBHARD LLP**

ATTORNEYS AT LAW

10 EAST 40TH STREET

NEW YORK, NEW YORK 10016

(212) 779-1414

FAX: (212) 779-3218

www.bernlieb.com

SANDY A. LIEBHARD
liebhard@bernlieb.com

March 30, 2015

**VIA EMAIL**

Thomas M. Greene, Esq.
Greene LLP
One Liberty Square
Suite 1200
Boston, Massachusetts 02109

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway
Suite 301
Cambridge, Massachusetts 02142

Re: *In Re Neurontin Marketing Sales Practices and Products Liability Litigation*
Docket No.: 04-cv-10981 (PBS)

Tom and Tom:

We have not received a substantive response to our March 17, 2015 letter with respect to the allocation of fees and expenses to our firm in the above-referenced matter. As such, this is to advise that if we do not get a PSC authorized, substantive response by the close of business on April 6, 2015, we will consider our negotiations complete.

Moreover, you are hereby advised not to distribute any funds related to this matter until this issue is resolved by settlement or via Court determination, as we believe it is likely that, upon hearing our arguments, Judge Saris may well alter the fee and expense allocations to all firms in this case, not just ours.

Furthermore, our willingness to resolve this matter with a $10.5m allocation to our firm was for settlement purposes only. Should we be forced to take this matter to Judge Saris, we intend to seek a substantially higher allocation. We note that our proposed application of the PSC adopted principles will likely effect the allocation amount to all firms whether they object to the current PSC allocation plan or not.

BERNSTEIN LIEBHARD LLP

Thomas M. Greene, Esq.
Thomas M. Sobol, Esq.
March 30, 2015
Page 2

Once again, we sincerely hope that we can resolve this matter promptly absent judicial assistance. If you would like to discuss this matter, please feel free to contact me.

Very truly yours,

Sandy A. Liebhard

cc: Stanley D. Bernstein, Esq.
Ronald J. Aranoff, Esq.
Don Barrett, Esq.
Elizabeth Cabraser, Esq.
Daniel Becnel, Esq.
James Dugan, Esq.

# EXHIBIT H

## Sandy Liebhard

| | |
|---|---|
| **From:** | Thomas Sobol <Tom@hbsslaw.com> |
| **Sent:** | Wednesday, April 01, 2015 8:57 AM |
| **To:** | Sandy Liebhard; tgreene@greenellp.com |
| **Cc:** | Stanley Bernstein; Ronald J. Aranoff; dbarrett@barrettlawgroup.com; jdugan@dugan-lawfirm.com; dbecnel@becnellaw.com; Elizabeth Cabraser; Mike Barker; Don Barrett (donbarrettpa@gmail.com); Michael Tabb (matabb@greenellp.com); Edward Notargiacomo; Seltz, Daniel (dseltz@lchb.com) (dseltz@lchb.com) |
| **Subject:** | RE: Attached Image |
| **Importance:** | High |

Sandy:

Thank you for your letter of 3/20. The PSC, after considerable time and deliberation, voted last week for the final allocation and issued instructions to the escrow agent. If you have not received your allocation (and a letter) you soon will.

We appreciate your efforts in the matter and hope you accept this award.

Thomas Sobol | **Hagens Berman Sobol Shapiro LLP** | Direct: (617) 475-1950

---

**From:** Sandy Liebhard [mailto:Liebhard@bernlieb.com]
**Sent:** Monday, March 30, 2015 5:45 PM
**To:** Thomas Sobol; tgreene@greenellp.com
**Cc:** Stanley Bernstein; Ronald J. Aranoff; dbarrett@barrettlawgroup.com; jdugan@dugan-lawfirm.com; dbecnel@becnellaw.com; Elizabeth Cabraser
**Subject:** FW: Attached Image

Dear Tom and Tom:

Please see the attached letter.

Sandy Liebhard
**Bernstein Liebhard LLP**
10 East 40th Street
New York, NY 10016
Main:  (212) 779-1414
Fax:    (212) 779-3218
Liebhard@bernlieb.com
www.bernlieb.com

This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify sender immediately. Thank you.

# EXHIBIT I

GREENE LLP

One Liberty Square, Suite 1200
Boston, Massachusetts 02109
(617) 261-0040

March 26, 2015

Sandy A. Liebhard, Esq.
Bernstein Liebhard LLP
10 East 40th Street
New York, NY 10016

Re:   Neurontin Class Action Counsel Allocation

Dear Sandy:

The Plaintiffs' Steering Committee has completed its Court-assigned task of allocating the awarded "fees and expenses among Class Counsel in a reasonable fashion." After review of all the materials submitted by all counsel, including your letter of March 5, 2015, it has decided that the reasonable lodestar for the work performed by Bernstein Liebhard LLP is $2,494,102.75,* the reimbursable expenses incurred by Bernstein Liebhard LLP are $88,367.84, and it contributed $127,500 to the common litigation fund. Additionally, the PSC had decided that for its role as a discovery co-chair, Bernstein Liebhard LLP should receive a discretionary bonus of $750,000. Based on the methodology adopted by the PSC for allocating the fee award, the PSC has determined that Bernstein Liebhard LLP should receive $4,882,614 in total payment for work performed in the Neurontin class action case and reimbursement of all expenses.

While you have previously expressed disappointment at the receipt of an award in this vicinity, you should be aware that the award to Bernstein Liebhard LLP is the 5th largest awarded

---

* In my letter of February 25, 2015, I identified the series of adjustments the review committee made to your proposed lodestar which reduced the lodestar to $2,384,059.38. In its final review, the PSC decided to adopt all of those adjustments, except reducing the number of hours billed by Bernstein Liebhard partners (except Ron Aranoff) by 50%. In accordance with Judge Young's recent decision in Volkswagen Oil, the PSC has decided to reduce Bernstein Liebhard partner hours by only 20%.

My February 25, 2015 letter also indicated that the PSC was willing to increase Bernstein Liebhard's lodestar to $3 million in an effort to reach a mutual solution. You have rejected that overture. Nonetheless, as will be described below, the PSC is still willing to offer Bernstein Liebhard compensation based on a $3 million lodestar, if such an offer will resolve the dispute.

Sandy A. Liebhard, Esq,
March 26, 2015
Page 2 of 3

by the PSC, is the highest of any non-PSC firm, and is significantly higher than some of the awards made to PSC members. Each of the firms which received a larger award contributed significantly more financial support to the litigation, worked on the case for many more years and made contributions deemed much more critical to the ultimate outcome of the litigation. Your firm's work, of course, effectively ended in 2008, long before either the work necessary to obtain class certification was done or the expert testimony necessary to win the case was assembled.

In making our award to your firm, we carefully reviewed your letter of March 5, 2015. We reject your demand for $10.5 million. Not only is it unsupported by any rationale, it is clearly excessive compared to other awards that will be paid in this case. Such a payment would be the second highest amount awarded to any class law firm. Ron Aranoff conceded during one of our calls that at least three firms made a larger contribution during the period your firm participated, and, of course, he has no knowledge of the contributions made by the various firms during the additional seven years of litigation.

We also reject your request for still more information regarding the allocation process. The District Court assigned the PSC alone the task of devising a reasonable method of distributing the fee award. We have come up with such a process and provided you with a sufficiently detailed description of how that process worked. At this point, the only question for you is whether the amount you are being allocated by the PSC is reasonable; not whether third parties could have gotten more or less under another distribution scheme. Your letter of March 5 does not identify any reasons why our methodology is not reasonable, or why the adjustments we made to your lodestar were not fair.

The amount of your compensation is also fair in comparison with the other firm in the litigation that performed the same role as your firm. Cohen & Malad was the other discovery co-chair. It too contributed $127,500 to the litigation fund. Its adjusted lodestar is $2,199,584.05, and its out of pocket expenses were $105,166.18. Cohen & Malad's award will be $4,451,955.38, which also includes a $750,000 discretionary bonus from the PSC. The PSC has reviewed the division of the work between the two discovery co-chairs and remains convinced that there is no good reason why one of the co-chairs should be paid significantly more than the other.

Your letter of March 5 states that you would like to resolve this disagreement promptly and amicably. The PSC has the same desire. Accordingly, solely for the purpose of attempting to reach an amicable resolution without incurring the delay and expense of going before the District Court, the PSC is willing to calculate Bernstein Liebhard's compensation based upon an adjusted lodestar of $3 million. Such an adjustment would increase Bernstein Liebhard's total award to $5,651,214.85.

Sandy A. Liebhard, Esq.
March 26, 2015
Page 3 of 3

The purpose of this adjustment is to reach a resolution, not start a negotiation.  A check for that amount is enclosed with this letter.  If Bernstein Liebhard elects to cash the check, such action will evidence your agreement that the amount the PSC has tendered is full and complete payment for all work performed by Bernstein Liebhard LLP in connection with the Neurontin litigation and reimbursement of all expenses in connection with that litigation.  In the event that you reject this tender, the PSC will defend its decision that the reasonable amount of compensation and reimbursement payable to Bernstein Liebhard LLP in connection with the Neurontin litigation is $4,882,614.

Very truly yours,

Thomas M. Greene, on behalf of the
Neurontin Plaintiffs' Steering Committee

TMG/ed

ec: Thomas M. Sobol, Esq.

T 617.482.3700   F 617.482.3003



ATTORNEYS AT LAW
**HAGENS BERMAN SOBOL SHAPIRO LLP**
55 CAMBRIDGE PARKWAY, SUITE 301
CAMBRIDGE, MA 02142
www.hbsslaw.com

**To:**       Class Counsel

**Date:**     March 27, 2015

**Subject:**  Fee Check Enclosed

### PLEASE BE ADVISED

THE ENDORSEMENT OR DEPOSIT OF THE ENCLOSED CHECK CONSTITUTES

ACCEPTANCE OF THE FEE AND EXPENSE ALLOCATION DECISION OF THE

PLAINTIFFS' STEERING COMMITTEE.

**The Huntington National Bank**
7 Easton Oval - EA4E62
Columbus OH 43219

ȗljǀlıȗljǀllȗljȗǀlıdȗlılıɑɑȗlıjjlljǀlllȗljǀllȗljǀlıɑɑȗljɑlıȗȗ

BERNSTEIN LIEBHARD LLP
10 E 40TH ST FL 28
NEW YORK NY 10016-0301

Check No:      1311146
Date:          3 /31/2015

Account Number:   1087204359

Account Name:     NEURONTIN MARKETING PRODUCTS LIABILITY SETTLEMENT
                  ACCOUNT

| REMITTANCE AMOUNT | |
| --- | --- |
| INCOME | PRINCIPAL |

$5,635,484.06

DISP: 50
OFF  664
PAID TO

ITEM # 50700 (Rev. 3/03)

PLEASE DETACH AT PERFORATION

VERIFY THE AUTHENTICITY OF THIS MULTI-TONE SECURITY DOCUMENT.        CHECK BACKGROUND AREA CHANGES COLOR GRADUALLY FROM TOP TO BOTTOM.

The Huntington National Bank
COLUMBUS, OHIO

**Huntington**        25-2/440        CHECK NUMBER:      1311146

1087204359                                         MARCH 31, 2015
NEURONTIN MARKETING PRODUCTS LIABILITY SETTLEMENT

**$5,635,484.06**

PAY EXACTLY:  **FIVE MILLION SIX HUNDRED THIRTY FIVE THOUSAND FOUR**
              **HUNDRED   EIGHTY FOUR DOLLARS 6 CENTS**

PAY TO THE ORDER:   BERNSTEIN LIEBHARD LLP
                    10 E 40TH ST FL 28
                    NEW YORK NY 10016-0301

⑈"000⑈3⑈⑈⑈46⑈"  ⑉:0440000⑈24⑉:  0⑈8925⑈7328⑈"