# EXHIBIT 3



GREENE LLP

One Liberty Square, Suite 1200
Boston, Massachusetts 02109
(617) 261-0040

March 26, 2015

Sandy A. Liebhard, Esq.
Bernstein Liebhard LLP
10 East 40th Street
New York, NY 10016

Re:   Neurontin Class Action Counsel Allocation

Dear Sandy:

The Plaintiffs' Steering Committee has completed its Court-assigned task of allocating the awarded "fees and expenses among Class Counsel in a reasonable fashion." After review of all the materials submitted by all counsel, including your letter of March 5, 2015, it has decided that the reasonable lodestar for the work performed by Bernstein Liebhard LLP is $2,494,102.75,[*] the reimbursable expenses incurred by Bernstein Liebhard LLP are $88,367.84, and it contributed $127,500 to the common litigation fund. Additionally, the PSC had decided that for its role as a discovery co-chair, Bernstein Liebhard LLP should receive a discretionary bonus of $750,000. Based on the methodology adopted by the PSC for allocating the fee award, the PSC has determined that Bernstein Liebhard LLP should receive $4,882,614 in total payment for work performed in the Neurontin class action case and reimbursement of all expenses.

While you have previously expressed disappointment at the receipt of an award in this vicinity, you should be aware that the award to Bernstein Liebhard LLP is the 5th largest awarded

---

[*] In my letter of February 25, 2015, I identified the series of adjustments the review committee made to your proposed lodestar which reduced the lodestar to $2,384,059.38. In its final review, the PSC decided to adopt all of those adjustments, except reducing the number of hours billed by Bernstein Liebhard partners (except Ron Aranoff) by 50%. In accordance with Judge Young's recent decision in Volkswagen Oil, the PSC has decided to reduce Bernstein Liebhard partner hours by only 20%.

My February 25, 2015 letter also indicated that the PSC was willing to increase Bernstein Liebhard's lodestar to $3 million in an effort to reach a mutual solution. You have rejected that overture. Nonetheless, as will be described below, the PSC is still willing to offer Bernstein Liebhard compensation based on a $3 million lodestar, if such an offer will resolve the dispute.

by the PSC, is the highest of any non-PSC firm, and is significantly higher than some of the awards made to PSC members. Each of the firms which received a larger award contributed significantly more financial support to the litigation, worked on the case for many more years and made contributions deemed much more critical to the ultimate outcome of the litigation. Your firm's work, of course, effectively ended in 2008, long before either the work necessary to obtain class certification was done or the expert testimony necessary to win the case was assembled.

In making our award to your firm, we carefully reviewed your letter of March 5, 2015. We reject your demand for $10.5 million. Not only is it unsupported by any rationale, it is clearly excessive compared to other awards that will be paid in this case. Such a payment would be the second highest amount awarded to any class law firm. Ron Aranoff conceded during one of our calls that at least three firms made a larger contribution during the period your firm participated, and, of course, he has no knowledge of the contributions made by the various firms during the additional seven years of litigation.

We also reject your request for still more information regarding the allocation process. The District Court assigned the PSC alone the task of devising a reasonable method of distributing the fee award. We have come up with such a process and provided you with a sufficiently detailed description of how that process worked. At this point, the only question for you is whether the amount you are being allocated by the PSC is reasonable; not whether third parties could have gotten more or less under another distribution scheme. Your letter of March 5 does not identify any reasons why our methodology is not reasonable, or why the adjustments we made to your lodestar were not fair.

The amount of your compensation is also fair in comparison with the other firm in the litigation that performed the same role as your firm. Cohen & Malad was the other discovery co-chair. It too contributed $127,500 to the litigation fund. Its adjusted lodestar is $2,199,584.05, and its out of pocket expenses were $105,166.18. Cohen & Malad's award will be $4,451,955.38, which also includes a $750,000 discretionary bonus from the PSC. The PSC has reviewed the division of the work between the two discovery co-chairs and remains convinced that there is no good reason why one of the co-chairs should be paid significantly more than the other.

Your letter of March 5 states that you would like to resolve this disagreement promptly and amicably. The PSC has the same desire. Accordingly, solely for the purpose of attempting to reach an amicable resolution without incurring the delay and expense of going before the District Court, the PSC is willing to calculate Bernstein Liebhard's compensation based upon an adjusted lodestar of $3 million. Such an adjustment would increase Bernstein Liebhard's total award to $5,651,214.85.

Sandy A. Liebhard, Esq.
March 26, 2015
Page 3 of 3

      The purpose of this adjustment is to reach a resolution, not start a negotiation. A check for that amount is enclosed with this letter. If Bernstein Liebhard elects to cash the check, such action will evidence your agreement that the amount the PSC has tendered is full and complete payment for all work performed by Bernstein Liebhard LLP in connection with the Neurontin litigation and reimbursement of all expenses in connection with that litigation. In the event that you reject this tender, the PSC will defend its decision that the reasonable amount of compensation and reimbursement payable to Bernstein Liebhard LLP in connection with the Neurontin litigation is $4,882,614.

                                        Very truly yours,

                                        Thomas M. Greene, on behalf of the
                                        Neurontin Plaintiffs' Steering Committee

TMG/cd

cc: Thomas M. Sobol, Esq.